ATTEST: A TRUE COPY
CERTIFIED THIS
DATE: 04/12/2023
BY: s/ Vicki R. Kinkade
CHIEF DEPUTY CLERK

FILED
04/12/2023
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
Lynda M. Hill, Clerk of Court

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: REALPAGE, INC., RENTAL SOFTWARE
ANTITRUST LITIGATION (NO. II)  MDL No. 3071

## TRANSFER ORDER

**Before the Panel**:* Defendant RealPage, Inc., and 34 defendant property managers, owners, operators, and/or lessors (the "lessor defendants") move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Texas.[1] Defendants alternatively support centralization in the District of Colorado. This litigation consists of twenty-one actions pending in six districts, as listed on Schedule A.[2] In addition, the parties have informed the Panel of twelve related actions pending in seven districts.[3]

All responding parties support centralization, but differ as to the proposed transferee forum. Two additional lessor defendants join the motion and support centralization in the Northern District of Texas. Plaintiffs in eleven actions on the motion and two potential tag-along actions, all pending in the Western District of Washington, support centralization in that district. Plaintiff in one of these actions (*Navarro*) alternatively requests that the Panel exclude *Navarro* from the MDL if we centralize this litigation in a district other than the Western District of Washington. Plaintiffs in nine actions on the motion and four potential tag-alongs actions (all but one of which are pending outside the Western District of Washington) support centralization in the District of Colorado or, alternatively, in the Middle District of Tennessee. Plaintiffs in another three potential tag-along actions support centralization in the Middle District of Tennessee in the first instance or, alternatively, in the District of Colorado.

---

* One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Counsel for movants, in his Notice of Presentation of Oral Argument, states that he represents 56 defendants for purposes of this motion. Only 35 of these defendants, however, are listed in the motion.

[2] A twenty-second action on the motion, filed in the District of New Mexico, was voluntarily dismissed on January 12, 2023.

[3] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Middle District of Tennessee will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from alleged collusion by RealPage and numerous lessors of multifamily residential real estate across the country to fix, raise, maintain, and stabilize lease prices. Plaintiffs allege that the lessor defendants all employed revenue management software provided by RealPage called AI Revenue Management (formerly known as YieldStar), which gathered real-time pricing and vacancy data from the lessors and made unit-specific pricing and vacancy recommendations—which the lessors allegedly agreed to adhere to, on the understanding that competing lessors would do the same—with the intent and effect of raising lease prices above competitive levels. Plaintiffs allege that this conduct violated federal antitrust law, as well as various state antitrust and consumer protection statutes. Many of the plaintiffs seek to represent nationwide classes of lessees affected by the alleged price fixing scheme, while others seek to represent overlapping city-specific classes. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly as to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

The Middle District of Tennessee is an appropriate transferee district for this litigation. Several plaintiffs propose centralization in this district, either in the first instance or in the alternative. The Middle District of Tennessee presents a geographically central, convenient, and accessible venue for this nationwide litigation. Further, centralization in this district permits the Panel to assign this litigation to a less-utilized transferee forum with an experienced judge who has not yet overseen a multidistrict litigation. Accordingly, we assign this action to the Honorable Waverly D. Crenshaw, Jr., who we are confident will steer this litigation on a prudent and expeditious course.

We deny the request to exclude *Navarro* from the MDL. Plaintiff argues that *Navarro* involves a putative class of lessees of student housing as opposed to the putative classes in the other actions, which involve the multifamily housing market. "Unique legal theories and factual allegations in a particular action, though, are not significant where all the actions arise from a common factual core." *In re Epipen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, 268 F. Supp. 3d 1356, 1359 (J.P.M.L. 2017). *Navarro* will share substantial factual questions with the other actions relating to defendants' alleged price-fixing conspiracy and their use of RealPage's software to facilitate coordination of rental prices. Moreover, *Navarro* already is being coordinated with the other related actions in the Western District of Washington, and plaintiff himself has moved to consolidate those cases. *Navarro* will proceed most efficiently as part of this MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Middle District of Tennessee are transferred to the Middle District of Tennessee and, with the consent of that court, assigned to the Honorable Waverly D. Crenshaw, Jr., for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton  Matthew F. Kennelly
David C. Norton  Roger T. Benitez
Dale A. Kimball  Madeline Cox Arleo

IN RE: REALPAGE, INC., RENTAL SOFTWARE
ANTITRUST LITIGATION (NO. II)    MDL No. 3071

# SCHEDULE A

### District of Colorado

WEAVER v. REALPAGE, INC., ET AL., C.A. No. 1:22−03224
MACKIE v. REALPAGE, INC., ET AL., C.A. No. 1:23−00011

### District of District of Columbia

KRAMER v. REALPAGE, INC., ET AL., C.A. No. 1:22−03835

### District of Massachusetts

WHITE v. REALPAGE, INC., ET AL., C.A. No. 1:22−12134
PRECHT v. REALPAGE, INC., ET AL., C.A. No. 1:22−12230

### Middle District of Tennessee

WATTERS v. REALPAGE, INC., ET AL., C.A. No. 3:22−01082

### Western District of Texas

VINCIN, ET AL. v. REALPAGE, INC., ET AL., C.A. No. 1:22−01329
CARTER v. REALPAGE, INC., ET AL., C.A. No. 1:22−01332

### Western District of Washington

NAVARRO v. REALPAGE, INC., ET AL., C.A. No. 2:22−01552
ALVAREZ, ET AL. v. REALPAGE, INC., ET AL., C.A. No. 2:22−01617
CHERRY, ET AL. v. REALPAGE, INC., ET AL., C.A. No. 2:22−01618
MORGAN, ET AL. v. REALPAGE, INC., ET AL., C.A. No. 2:22−01712
ARMAS, ET AL. v. REALPAGE, INC., ET AL., C.A. No. 2:22−01726
JOHNSON v. REALPAGE, INC., ET AL., C.A. No. 2:22−01734
SILVERMAN, ET AL. v. REALPAGE, INC., ET AL., C.A. No. 2:22−01740
BOHN, ET AL. v. REALPAGE, INC., ET AL., C.A. No. 2:22−01743
PHAM, ET AL. v. REALPAGE, INC., ET AL., C.A. No. 2:22−01744
GODFREY v. REALPAGE, INC., ET AL., C.A. No. 2:22−01759
ZHOVMIRUK v. REALPAGE, INC., ET AL., C.A. No. 2:22−01779
BOELENS v. REALPAGE, INC., ET AL., C.A. No. 2:22−01802
MOORE v. THE IRVINE COMPANY, LLC, ET AL., C.A. No. 2:22−01826