UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | ) Case No. 3:23-md-3071<br>) MDL No. 3071<br>)<br>) This Document Relates to: ALL CASES<br>)<br>) |

## ORDER

The Court held an initial status conference on May 31, 2023, and for the reasons stated on the record, the Court rules as follows:

1. The parties previously confirmed that there are no challenges to venue, (Doc. No. 187 at 4), and did so again at the status conference. By **June 7, 2023,** Jay Srinivasan, Esq., shall report on whether any Defendant contests subject-matter or personal jurisdiction.

2. On or before **June 7, 2023**, Mr. Srinivasan shall also report on whether all counsel for each Defendant will accept service of process on behalf of their respective Defendant and, if not, why not.

3. All cases that have been transferred or conditionally transferred to this District by the Judicial Panel on Multidistrict Litigation ("JPML") or otherwise subject to the JPML's orders (collectively, the "Centralized Actions") are consolidated for pretrial purposes. This includes cases filed in this District, specifically,

- Alexander v. The Irvine Company, LLC et al., No. 3:23-cv-00440 (M.D. Tenn.)
- Blosser v. RealPage, Inc. et al., No. 3:23-cv-00445 (M.D. Tenn.)
- Kempton et al. v. RealPage, Inc., et al., No. 3:23-cv-00419 (M.D. Tenn.)
- Goldman v RealPage, Inc., No. 3:23-cv-00552 (M.D. Tenn.)

1

Any "tag along" action later filed in, removed to, or transferred to this Court, or any related cases filed in this District, will be assigned to the undersigned and consolidated with the Centralized Actions without further action. This consolidation does not constitute a determination that these actions will be consolidated for trial or that a class should be certified, nor does it have the effect of making any entity a party to any action in which it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure. The Court reserves consideration of consolidation for trial purposes.

4. On or before **June 7, 2023**, Mr. Srinivasan shall report on the number of proposed class Plaintiffs that are subject to arbitration agreements or class action or jury trial waivers and he shall specifically report on each named Plaintiff/Class Representative in each of the Centralized Actions.

5. Upon further consideration, the Initial Case Management Conference will convene at 9:00 a.m. on **August 7, 2023**, instead of 1:00 p.m. as stated by the Court.

5. All orders in this action apply to all Centralized Actions unless the Court directs otherwise. This Order, the Court's previous Orders (Doc. Nos. 2 and 3), and any orders hereafter filed on the In re: RealPage, Inc., Rental Software Antitrust Litigation (No. II) docket will apply to related cases later filed in, removed to, or transferred to this Court. Upon transfer to this Court, all preexisting deadlines and orders issued by transferor courts are vacated.

6. Plaintiffs shall file two Consolidated Amended Complaints – a "Multifamily Rental Plaintiffs" and a separate "Student Rental Plaintiffs" on or before **June 16, 2023.** After the filing of the Consolidated Amended Complaints, the Defendants shall, by noon Central Standard Time on **June 21, 2023,** file a notice of the nature and number of anticipated motions

with sufficient description to inform the Court and to justify the proposed motions. Similarly, by noon Central Standard Time on **July 11, 2023**, the Plaintiffs shall file a notice of the nature and number of anticipated responses with sufficient description to inform the Court and to justify the proposed responses. Defendants shall answer or otherwise respond to the Consolidated Amended Complaints applicable to that Defendant on or before **July 7, 2023**; Plaintiffs' response is due on **July 24, 2023** and any reply is due on **July 31, 2023.** The Local Rules apply to any motion filed by any party.

7. Before the in-person Case Management Conference on **August 7, 2023**, the parties shall meet and confer in-person to develop a proposed scheduling order, which shall be filed no later than **July 24, 2023.** As explained by the Court, the proposed scheduling order shall provide deadlines for case progression through disclosure of expert witnesses and include staging of discovery, such as for written discovery, depositions, class and merit discovery. The parties shall include as part of the proposed scheduling order a schedule for periodic status conferences, through December 2024, with specific dates and times that are consistently scheduled (for example, every 60 or 90 days) to the extent possible. The Court will also need status reports filed at least 7 days before any status conference. Consolidation among similarly situated parties is encouraged. The parties for the cases filed in the Middle District shall propose a target trial date.

8. Defendants shall and Plaintiffs may provide a list of acceptable and available mediators ranked in order of preferences, on or before **July 25, 2023**. To the extent possible, the parties may file a joint list of acceptable mediators.

9. Applications for Lead Counsel, Interim Class Counsel and/or Plaintiffs' Steering Committee as well as Plaintiffs' and Defendants' Liaison Counsel shall be filed on or before

**June 6, 2023**. Any objections shall be filed by noon on **June 8, 2023.** The Court reserves consideration of separate leadership counsel for the Student Rental case. Accordingly, Plaintiffs' motion (Doc. No. 82) is **GRANTED IN PART**. The Court previously shared the main criteria for these appointments are (1) demonstrated ability to work cooperatively, professionally and respectfully with others; (2) professional experience in this type of litigation; (3) willingness and ability to commit to a time-consuming process; and (4) access to sufficient resources to advance the litigation in a timely manner. The Court may interview applicants, as necessary.

10. Sam Funk, Esq., shall report on or before **July 24, 2023**, on those Defendants who are in 3 or fewer cases and either desire mediation or encourage the Court to require early mediation.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE