| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>This Document Relates to: ALL CASES |

# DECLARATION OF CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP IN SUPPORT OF THE SCOTT & ROBINS LEADERSHIP APPLICATION AND FOR THE APPOINTMENT OF CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP <u>TO THE PLAINTIFFS' STEERING COMMITTEE</u>

I, Jennifer W. Sprengel, pursuant to 28 U.S.C. §1746, declare that the following is true and correct to the best of my knowledge and belief.

1. I am admitted to practice law in the State of Illinois, as well as the United States Courts of Appeal for the Third, Seventh, and Ninth Circuits and the United States District Court for the Northern District of Illinois.

2. I am a partner of the law firm of Cafferty Clobes Meriwether & Sprengel LLP ("CCMS"), counsel for plaintiffs in the following action that is part of the above-captioned multidistrict litigation (the "MDL"): *Mackie v. RealPage, Inc. et al.*, No. 1:23-cv-00011 (D. Colo.).

3. Pursuant to this Court's April 19, 2023 Order (ECF. No. 3) and the June 1, 2023 Order (ECF No. 119), I submit this declaration in support of the Watters Plaintiffs' Leadership Application submitted by Scott+Scott Attorneys at Law LLP and Robins Kaplan LLP (the "Scott & Robins Leadership Application"), and to seek appointment of CCMS to the Plaintiffs Steering Committee as detailed in the Scott & Robins Leadership Application.

4. As explained below and in the accompanying firm resume attached as **Exhibit A**, I have been a litigator for more than three decades. During that time, either I or CCMS have been appointed to leadership positions in many different complex cases. Based on this experience and my understanding of the circumstances of this MDL, I support the Scott & Robins Leadership Application.

5. I am familiar with the work of Scott + Scott Attorneys at Law LLP ("Scott+Scott") and Robins Kaplan LLP ("Robins"). Among other matters, CCMS is serving as Co-Lead Counsel with Scott+Scott in *In re Cattle and Beef Antitrust Litig.*, No. 22-md-03031 (JRT/JFD) (D. Minn.) ("*Cattle*"), and Robins is serving as Liaison Counsel in the same action. Each firm has litigated this case with the utmost professionalism, dedication and efficiency. They are eminently qualified to lead the Multifamily Plaintiffs in this MDL, and I support the appointment of these two firms as interim co-lead counsel, as set forth in the Scott & Robins Leadership Application.

6. Below I also provide details in support of our appointment to the Watters Plaintiffs' proposed Plaintiffs Steering Committee as chair of the Midwest region.

I. **CCMS Has A Demonstrated Ability to Work Cooperatively, Professionally, and Respectfully with Others.**

7. CCMS's commitment to working cooperatively and to advancing a united approach in this litigation is exemplified by its prior successful work with proposed Co-lead counsel in other large MDLs and class cases. As noted above, CCMS has successfully worked in leadership roles with Scott+Scott and Robins. *See, e.g., In re Cattle and Beef Antitrust Litig.*, No. 22-md-03031 (JRT/JFD). CCMS has likewise successfully served as Co-Lead Counsel with Hagens Berman Sobol Shapiro LLP in other complex class litigation. *See Rudolph v. United Air Holdings, Inc.*, No. 1:20-cv-02142, Dkt. 27 (N.D. Ill. June 16, 2020).

2

8. CCMS regularly receives praise from courts for its professionalism. For example, Federal Judge Herman Weber praised my work as having provided "the highest professional service" to clients. See Exhibit A.

## II. CCMS Has Extensive Experience Litigating Complex Antitrust Class Actions.

9. CCMS is a highly regarded class action firm with more than 30 years' experience in antitrust class action litigation involving complex industries and financial markets.

10. As more fully set forth in Exhibit A, CCMS has assisted class members in recovering billions of dollars and obtaining prophylactic relief through leadership roles in numerous class actions.

11. In addition to *Cattle*, CCMS has been appointed leadership roles in a number of complex antitrust and commodities class actions, including *Budicak, Inc., et al. v. Lansing Trade Group, LLC, et al.*, No. 19 Civ. 2449 (D. Kan.) (Co-Lead Counsel); *In re Disposable Contact Lens Antitrust Litig.* 15-md-2626 (member of Executive Committee); *Kamakahi v. American Society for Reproductive Medicine*, No. 3:11-cv-01781 (N.D. Cal.) (Co-Lead Counsel); *In re Insurance Brokerage Antitrust Litig.*, MDL No. 1663 (D.N.J.) (same); *In re Prandin Direct Purchaser Antitrust Litig.*, Civ. No. 10-12141 (E.D. Mich.) (same); *In re New Motor Vehicles Canadian Export Antitrust Litig.*, MDL No. 1532 (D. Me.) (same); *In re Automotive Parts Antitrust Litig.*, No. 12-MD-2311 (E.D. Mich) (member of Executive Committee); *In re Cardizem CD Antitrust Litig.*, MDL No. 1278 (E.D. Mich.) (same).

## III. CCMS Is Willing to Commit the Attorneys and Resources This Litigation Requires.

12. CCMS has already devoted significant resources to representing the interests of Plaintiff and the class members and will continue to commit the necessary experienced attorneys, professional staff, and substantial resources to effectively and efficiently prosecute this action.

CCMS has lawyers practicing in offices in Chicago and Pennsylvania, and the counsel who will be primarily handling this case for CCMS include partners Ellen Meriwether, Daniel Herrera, and me, as well as associates Alexander Sweatman and Paige Smith. CCMS is aware of the substantial time and financial commitment required to prosecute class actions and complex litigation and are able and willing to commit the time and financial resources to this likely time-consuming and expensive litigation.

13. As set forth in greater detail in Exhibit A, CCMS's core leadership team is supported by a diverse and skilled group of talented attorneys who bring substantial experience in antitrust, commodities, and other complex litigation to this case. I began my legal practice in 1990 with extensive experience litigating complex antitrust and other class action matters, with a focus on eDiscovery matters. Ellen Meriwether concentrates her practice in the area of antitrust litigation and is a Director of the American Antitrust Institute (AAI) and is co-chair of the Editorial Board of ANTITRUST, a publication by the Antitrust Law Section of the American Bar Association. Ms. Meriwether has also been included in US News and World Report Publication of "Best Lawyers in America" in the field of Antitrust since 2010. Daniel Herrera also has broad and comprehensive experience with and has successfully litigated cases ranging from antitrust and commodity class actions, shareholder derivative actions, and product liability, privacy, and data breach suits. Alexander Sweatman's and Paige Smith's practices likewise focus on antitrust matters and other complex class action litigation.

**IV.   CCMS Has the Resources to Advance the Litigation in a Timely Manner.**

14. CCMS is adept at making strategic decisions with the goal of moving these large MDL matters towards a successful conclusion as quickly as possible. One approach we favor is to discuss early discovery with the presiding judge. We have found that letting litigation linger in a

4

discovery stay during dismissal practice wastes valuable time that could instead be devoted to resolving threshold discovery matters—such as negotiating protective and ESI orders, as well as serving and negotiating requests for production—in order to position the case to proceed expeditiously once motion practice has concluded. *See, e.g., In re Deere & Co. Repair Services*, (N.D. IL, 22-501881) and *Budicak v. Lansing Trade Group* (D. Kan, No 19-2449).

15. As explained above, CCMS is willing to dedicate a roster of experienced attorneys to efficiently and expeditiously litigate this case. *See supra* ¶¶ 13–14.

16. Moreover, CCMS's prior successes in many analogous cases means that CCMS is able and willing to devote significant resources to litigating this case to a timely and just resolution. *See, e.g.*, *Budicak v. Lansing Trade Group* (D. Kan, No 19-2449)(reached settlement to compensate those who transacted in wheat futures and options related to allegations of manipulation by defendant); *Kamakahi v. American Society for Reproductive Medicine*, No. 3:11-cv-01781 (N.D. Cal.) (achieving groundbreaking settlement that requires the defendants to eliminate compensation caps for women providing donor services for in-vitro fertilization procedures); *In re Insurance Brokerage Antitrust Litig.*, MDL No. 1663 (D.N.J.) (recovering more than $270 million for class members); *In re Prandin Direct Purchaser Antitrust Litig.*, Civ. No. 10-12141 (E.D. Mich.) (recovering $19 million for class members); *In re TriCor Indirect Purchaser Antitrust Litig.*, No. 05-360 (D. Del.) (recovering more than $65.7 million for class members); *Hershey/Kohen v. Pacific Investment Management Co. LLC*, No 05 C 4681 (N.D. Ill.) (recovering more than $118 million for class members).

17. CCMS has no agreement with a litigation funder for purposes of this case.

## V. CCMS and the Plaintiff We Represent Support The Other Appointments Proposed in the Scott & Robins Leadership Application.

18. We have prior experience working with firms seeking appointment to the Plaintiffs' Steering Committee as part of the Scott & Robins Leadership Application, in addition to working with them in this matter. For example, CCMS is currently serving as co-lead counsel with Lowey Dannenberg in *Budicak v. Lansing Trade Group* (D. Kan, No 19-2449) and as a member of the executive committee in *In re Deutsche Bank Spoofing Litig.*, No. 1:20-cv-03638, Dkt. 26 (N.D. Ill. Sept. 1, 2020). All of the law firms proposed are all highly respected based on their substantial experience litigating complex antitrust class actions and achieving outstanding results for their clients and class members. I support the appointment of these firms to positions on the Plaintiffs' Steering Committee, in addition to seeking the appointment of CCMS to that Committee.

19. Finally, I am familiar with Tricia Herzheld, Esq. of Herzfeld, Suetholz, Gastel, Liniski, and Wall, PLLC through working with her in this matter, and believe she will make an excellent liaison counsel. Based upon this experience and my personal knowledge of what makes a good liaison counsel, I support the appointment of Ms. Herzheld as Plaintiffs' Liaison Counsel, pursuant to the Scott & Robins Leadership Application.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 5th day of June, 2023 in Chicago, Illinois.

/s/ Jennifer W. Sprengel
Jennifer W. Sprengel