UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | **Case No. 3:23-md-3071**<br>**MDL No. 3071**<br><br>**Honorable Waverly D. Crenshaw**<br><br>**Declaration of Christopher M. Burke on Behalf of Korein Tillery in Support of the Scott & Robins Leadership Application and for the Appointment to the Plaintiffs' Steering Committee**<br><br>**This Document Relates to:  ALL CASES** |

**DECLARATION OF CHRISTOPHER M. BURKE ON BEHALF OF KOREIN TILLERY IN SUPPORT OF THE SCOTT & ROBINS LEADERSHIP APPLICATION AND FOR THE APPOINTMENT TO THE PLAINTIFFS' STEERING COMMITTEE**

I, Christopher M. Burke, pursuant to 28 U.S.C. § 1746, declare that the following is true and correct to the best of my knowledge and belief.

1.      I am a member in good standing of the state bars of California, New York, and Wisconsin.

2.      I am a partner of the law firm Korein Tillery, P.C. ("Korein Tillery"), counsel for Plaintiff Mary Bertlshofer in *Bertlshofer v. RealPage Incorporated et al*, No. 3:23-00377 (M.D. Tenn.), which was subject to the transfer order of April 20, 2023, by the Joint Panel on Multi-District Litigation.  (ECF No.4).

3.      Pursuant to this Court's April 19, 2023 Order (ECF No. 3) and the June 1, 2023 Order (ECF No. 243), I submit this declaration in support of the Watters Plaintiffs' Leadership Application submitted by Scott+Scott Attorneys at Law LLP and Robins Kaplan LLP (the "Scott

& Robins Leadership Application"), and to seek appointment of Korein Tillery to the Plaintiffs'

Steering Committee as detailed in the Scott & Robins Leadership Application.

4.      As explained below and in the accompanying resume of Korein Tillery (*see* Exhibit

A), I am in my third decade of practicing class action and antitrust law.  During that time, I and

other attorneys at Korein Tillery have been appointed lead counsel in many of the largest and most

complex antitrust cases.  *See, e.g.*, *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No.

13-cv-7789 (S.D.N.Y.) ("FX Litigation") ($2.3 billion settlement); *In re GSE Bonds Antitrust

Litig.*, No. 19-cv-01704 (S.D.N.Y.) ($386.5 million settlement); *Alaska Elec. Pension Fund v.

Bank of America Corp.*, No. 14-cv-7126 (S.D.N.Y) ($504.5 million settlement); *Dahl v. Bain Cap.

Partners*, No. 07-cv-12388 (D. Mass.) ($590.5 million settlement); *In re Currency Conversion

Antitrust Litig.*, MDL No. 1409 (S.D.N.Y.) ($336 million settlement); *In re Payment Card

Interchange Fee & Merchant Disc. Antitrust Litig.*, MDL No. 1720 (E.D.N.Y.) ($5.25 billion

settlement); and *Sullivan v. DB Investments, Inc.*, No. 2:04-cv-02819 (D. N.J.) ($323 million

settlement).  In addition to recovering, through settlement, over $10 billion for class members in

antitrust and unfair competition matters, I and other Korein Tillery attorneys on our team in this

case have tried antitrust class actions.  Based on this experience and my understanding of the

circumstances of this multi-district litigation (the "MDL"), I support the Scott & Robins

Leadership Application.

5.      I am familiar with the work of Scott+Scott Attorneys at Law LLP ("Scott+Scott")

and Robins Kaplan LLP ("Robins Kaplan").  For example, Korein Tillery originated the *FX

Litigation* with Scott+Scott.  That matter settled for approximately $2.3 billion and class members

who made a claim will receive a substantial portion of their single damages, if not 100%.  While

a partner at Scott+Scott, I worked as co-lead counsel with Robins Kaplan in the leveraged buyout

antitrust litigation (*Dahl, et al. v Bain Capital et al.*, No. 07-cv-12388 (D. Mass.)), which settled for approximately $590 million, and on the executive committee in *In re Payment Card Antitrust Litigation* (MDL No.1720) which settled for over $5.25 billion. Scott+Scott and Robins Kaplan and their lawyers litigated these cases with the utmost professionalism, dedication, and efficiency.

6. I know the lead lawyers on their teams in this matter and have found them to be individuals of high moral character who treat co-counsel and opposing counsel with respect. They have the quality of lawyers and sufficient capital and back-office support necessary to achieve a superlative result for the Multifamily Plaintiffs. Given the firms' track record of success as well as the individual lawyers assigned to this matter, Scott+Scott and Robins Kaplan are eminently qualified to lead the Multifamily Plaintiffs in this MDL and I support the appointment of these two firms as interim co-lead counsel, as set forth in the Scott & Robins Leadership Application.

7. Below I also provide details in support of our appointment to the Plaintiffs' proposed Plaintiffs Steering Committee as chair of the Southwest region.

## I. Korein Tillery Has a Demonstrated Ability to Work Cooperatively, Professionally, and Respectfully with Others

8. Given the complexity, expense, and length of complex litigation, firms must ordinarily partner with other firms and work effectively as a team. In addition, because of the high stakes involved in these matters, it is essential for the successful plaintiffs' firms to establish a professional working relationship with defense counsel so that disputes arise out of the merits and not personalities. When possible, we "break bread" with our adversaries at the start of a case. Cases where Korein Tillery has worked as a co-lead or in a leadership role with other firms include working with another firm as interim co-lead counsel and obtaining a $185 million settlement on behalf of minor league baseball players in *Senne v. Office of the Comm'r of Baseball*, No. 3:14-cv-00608 (N.D. Cal.), playing an instrumental role in the FX litigation together with co-leads

Scott+Scott and Hausfeld LLP through trial and recovering $2.3 billion on behalf of foreign exchange investors, and partnering with another firm to recover over $5 billion on behalf of the National Credit Union Administration ("NCUA") in securities litigations.

9. Korein Tillery believes a diverse background of attorneys benefits its clients. Korein Tillery's team in this matter includes women, persons of color, and individuals who identify as LGBTQIA+. Additionally, Korein Tillery works to give its younger attorneys courtroom experience. Our belief is that the person who did the lion's share of the briefing should also have a chance to argue the motion.

10. Korein Tillery and/or its attorneys working on this case have been recognized for their dogged representation of their clients. Recently, in *Senne v. Office of the Comm'r of Baseball*, No. 3:14-cv-00608 (N.D. Cal.), taking notice of Korein Tillery and its co-lead class counsel's achievement of a ground-breaking settlement on behalf of minor league baseball players for $185 million, Judge Spero, in his final settlement approval order, stated that "Class Counsel has handled this case skillfully and with professionalism, diligently pursuing the interests of the players. The significant relief they have obtained under the Settlement Agreement is, in no small part, due to their expertise and dedication." *Id.*, ECF No. 1190 at 12. In *In FX Litigation*, renowned mediator Kenneth Feinberg characterized the process for recovering $2.3 billion for class members as "representing some of the finest lawyering toward a negotiated resolution that I have witnessed in my career" and described Korein Tillery and its co-counsel as "superlative, sophisticated and determined plaintiff's lawyers." *Id.*, ECF. 926, at 29. In addition, Judge Pauley praised the "extraordinarily high-quality representation" from class counsel, including a current Korein Tillery partner, by stating "[The lead class counsel] were indefatigable. They represented the Class with a high degree of professionalism, and vigorously litigated every issue against some of the ablest

lawyers in the antitrust defense bar." *In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 129 (S.D.N.Y. 2009), *aff'd sub nom. Priceline.com, Inc. v. Silberman*, 405 F. App'x 532 (2d Cir. 2010).

**II.     Korein Tillery and Its Attorneys Have Extensive Experience in Litigating Complex Actions**

11.     Korein Tillery has been lead or co-lead counsel and served on plaintiffs' steering committee in some of the most complex class litigation in the country and has recovered over $18 billion for its clients.  For example, in 2023, Korein Tillery achieved a ground-breaking settlement on behalf of minor league baseball players for $185 million – one of the largest wage-and-hour settlements in history.  Currently, Korein Tillery is serving as a member of the consumer class steering committee in *In re: Google Play Consumer Antitrust Litig.*, No. 3:21-md-02981 (N.D. Cal.), alleging that Google's operation of Google Play Store and Google Play Billing created a wrongful monopoly over the distribution of applications and payment for in-application purchases in the Android ecosystem.  Korein Tillery was also appointed interim co-lead counsel representing a class of online publishers in *In re: Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC) (S.D.N.Y), challenging Google's illegally established monopoly in the markets of key digital advertising technologies.  In addition, Korein Tilley is also representing a class of content owners accusing Google and YouTube of enabling unauthorized use of copyrighted works in *Schneider et al. v. YouTube, LLC et al.*, No. 3:20-cv-04423 (N.D. Cal).

12.     Korein Tillery also has extensive experiences in representing federal or state agencies.  For example, between 2011 and 2016, Korein Tillery and its co-counsel recovered more than $5 billion for the NCUA in sprawling securities litigation spanning three circuits.

13.     Further, Korein Tillery has been at the forefront of environmental cases.  Korein Tillery developed scientific evidence and brought the paraquat and atrazine cases against

Syngenta.  Following successful resolution of the atrazine litigation against Syngenta, Public Justice recognized the KT team as Trial Lawyer of the Year Finalists.  *See City of Greenville v. Syngenta Crop Prot., Inc.*, No. 3:10-CV-188-JPG-PMF (S.D. Ill.) ($105 million settlement).

**III.     Korein Tillery Is Willing to Commit the Attorneys and Resources This Litigation Requires**

14.     As in the many other complex class action litigations in which it has held a leadership role or served on a plaintiffs' steering committee, Korein Tillery will commit the necessary experienced attorneys, professional staff, and substantial resources to effectively and efficiently prosecute the action through trial.

15.     Korein Tillery attorneys have tried numerous class actions, including antitrust cases, to judgment and/or verdict.  In total they have tried more than 100 cases, including a historic $10.1 billion verdict against Philip Morris.  Korein Tillery attorneys have been nominated for numerous regional and national trial lawyer awards and have won many landmark decisions in state and federal appellate courts, including the Supreme Court of the United States.

16.     The experience and qualification of Korein Tillery and the key attorneys working on this action are detailed in Korein Tillery's Firm Resume, attached hereto as Exhibit A.

**IV.     Korein Tillery has the Resources to Advance the Litigation in a Timely Manner**

17.     Korein Tillery has successful track records in some of the largest class actions throughout the country, which establish our ability and willingness to devote significant resources to litigating this case to a timely and just resolution.  As co-lead counsel in *In re GSE Bonds Antitrust Litig.*, No. 19-cv-01704 (S.D.N.Y.) (the "GSE Litigation"), I secured a $386.5 million settlement on behalf of government agency bonds investors within two years from the inception of the case.  The exceptional result of the *GSE* action was a result of my team's dedication and efforts of litigating the action in full speed, including initial investigative and pre-filing work, the

filing of complaints, overcoming two motions to dismiss, engaging in ongoing litigation that proceeded in parallel with settlement negotiations and developing the plan of distribution, conducting extensive fact and expert discovery, and the filing of class certification.

18.     As explained above, Korein Tillery is willing to dedicate a roster of experienced attorneys to efficiently and expeditiously litigate this case.  *See supra* ¶14 and Exhibit A.

19.     Korein Tillery has no agreement with a litigation funder for purposes of this case.

## V.     Korein Tillery and the Plaintiff We Represent Support the Other Appointments Proposed in the Scott & Robins Leadership Application

20.     I am familiar with the other firms who are seeking appointment to the Plaintiffs' Steering Committee as part of the Scott & Robins Leadership Application.  For example, members of the Korein Tillery team in this matter have worked cooperatively and successfully with Cafferty Clobes Meriwether & Sprengel LLP in *In re Cattle and Beef Antitrust Litigation*, No. 0:20-cv-01319 (D. Minn.), and with Lowey Dannenberg PC in the *FX Litigation*, the *GSE Litigation*, and in *In re Bank of Nova Scotia Spoofing Litigation*, No. 20-cv-11059 (D.N.J.).  I respect each of these law firms based on the quality of their lawyering, the integrity the firms and their lawyers bring to the process, and their substantial experience litigating complex antitrust class actions and achieving outstanding results for their clients and class members.  I support the appointment of these firms to positions on the Plaintiffs' Steering Committee, in addition to seeking the appointment of Korein Tillery to that Committee.

21.     Finally, I am familiar with Tricia Herzfeld, Esq. of Herzfeld, Suetholz, Gastel, Liniski, and Wall, PLLC.  I helped Ms. Herzfeld prepare a case for trial and assisted in settling the case with Ms. Herzfeld on the eve of trial.  *American Addiction Centers, Inc. v. Sprout Health, LLC, et al.*, No. 37-2017-00032334-CU-BT CTL (Super. Ct. San Diego County). Ms. Herzfeld struck me as a fearless advocate for her client.  Based upon this experience, I support the

appointment of Ms. Herzfeld as Plaintiffs' Liaison Counsel, pursuant to the Scott & Robins Leadership Application.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: June 6, 2023        s/ Christopher M. Burke

CHRISTOPHER M. BURKE