# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-MD-3071<br>MDL No. 3071<br><br>**This Document Relates to:**<br>**Multifamily Cases**<br><br>3:22-cv-01082<br>3:23-cv-00326<br>3:23-cv-00330<br>3:23-cv-00331<br>3:23-cv-00332<br>3:23-cv-00333<br>3:23-cv-00334<br>3:23-cv-00335<br>3:23-cv-00336<br>3:23-cv-00337<br>3:23-cv-00338<br>3:23-cv-00339<br>3:23-cv-00344<br>3:23-cv-00345<br>3:23-cv-00356<br>3:23-cv-00357<br>3:23-cv-00358<br>3:23-cv-00377<br>3:23-cv-00378<br>3:23-cv-00379<br>3:23-cv-00380<br>3:23-cv-00381<br>3:23-cv-00387<br>3:23-cv-00388<br>3:23-cv-00389<br>3:23-cv-00390<br>3:23-cv-00391<br>3:23-cv-00410<br>3:23-cv-00411<br>3:23-cv-00412<br>3:23-cv-00413<br>3:23-cv-00414<br>3:23-cv-00415<br>3:23-cv-00416<br>3:23-cv-00419<br>3:23-cv-00440<br>3:23-cv-00445<br>3:23-cv-00552<br><br>**Chief Judge Waverly D. Crenshaw, Jr.** |

## PLAINTIFFS' MOTION TO APPOINT INTERIM CO-LEAD COUNSEL FOR THE MULTIFAMILY PLAINTIFF CLASS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND .................................................................................................. 2

III.  LEGAL STANDARD ........................................................................................... 5

IV.  ARGUMENT ....................................................................................................... 5

    A.    The Court Should Appoint Berger, Lieff, and Hausfeld as Interim Co-Lead Class Counsel ......................................................................................... 5

          1.    Proposed Co-Leads Have Extensive Relevant Experience ...................... 6

                a.    Berger ...................................................................................... 6

                b.    Lieff ........................................................................................ 7

                c.    Hausfeld .................................................................................. 9

          2.    Proposed Co-Leads Have Demonstrated Cooperation ........................... 10

          3.    Proposed Co-Leads Are Willing and Able to Devote Significant Time and Resources to this Litigation ..................................................... 11

          4.    Proposed Co-Leads Have Performed Critical Work Investigating and Prosecuting this Case ...................................................................... 11

    B.    The Court Should Appoint Stranch, Jennings & Garvey as Plaintiffs' Liaison Counsel and Hagens Berman, Cotchett Pitre & McCarthy, DiCello Levitt, and Edelson on Plaintiffs' Steering Committee ...................................... 13

V.    CONCLUSION ................................................................................................... 16

# TABLE OF AUTHORITIES

**Page**

**Cases**

*DDMB, Inc. v. Visa, Inc.*,
No. 05-MD-1720, 2021 WL 6221326 (E.D.N.Y. Sept. 27, 2021) .......................................... 6

*Gamboa v. Ford Motor Co.*,
381 F. Supp. 3d 853 (E.D. Mich. 2019).................................................................................. 12

*Harrison v. Gen. Motors, LLC*,
No. 21-12927, 2022 WL 1515535 (E.D. Mich. May 13, 2022) ........................................ 6, 12

*Hiley v. CorrectCare Integrated Health, Inc.*,
No. 5:22-cv-319-DCR, 2023 WL 2167376 (E.D. Ky. Feb. 22, 2023) ................................... 6

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
No. 06-md-01775, 2014 WL 7882100 (E.D.N.Y. Oct. 15, 2014) ......................................... 13

*In re Domestic Drywall Antitrust Litig.*,
322 F.R.D. 188 (E.D. Pa. 2017)............................................................................................. 13

*In re Mercy Health Erisa Litig.*,
No. 1:16-cv-441, 2016 WL 8542891 (S.D. Ohio Dec. 2, 2016)............................................ 12

*In re Nw. Airlines Corp.*,
208 F.R.D. 175 (E.D. Mich. 2002) ........................................................................................ 13

*In re Urethane Antitrust Litig.*,
237 F.R.D. 440 (D. Kan. 2006) ............................................................................................. 13

*In re Valve Antitrust Litig.*,
No. 21-cv-0563, 2022 WL 3346392 (W.D. Wash. Aug. 12, 2022)......................................... 6

*Indiana Pub. Ret. Sys. v. AAC Holdings, Inc.*,
No. 3:19-cv-00407, 2023 WL 2592134 (M.D. Tenn. Feb. 24, 2023) ................................... 12

*Smallman v. MGM Resorts Int'l*,
No. 2:20-cv-00376, 2021 WL 326135 (D. Nev. Feb. 1, 2021) ............................................... 6

*Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*,
337 F.R.D. 405 (S.D. Ohio 2021)............................................................................................ 6

*Winnett v. Caterpillar, Inc.*,
No. 3:06-cv-0235, 2006 WL 8438959 (M.D. Tenn. Sept. 26, 2006) .................................... 12

**Rules**

Fed. R. Civ. P. 23(g)(1)(A) .................................................................................................... 12

Fed. R. Civ. P. 23(g)(1)(A)(iv) .............................................................................................. 11

**Treatises**

5 James Wm. Moore *et al.*, *Moore's Fed. Prac.* § 23.120[3][a] (3d. ed. 2007) .......................... 12

## I. INTRODUCTION

Plaintiffs Lauren Ashley Morgan, Erik Barnes, Sherry Bason, Lois Winn, Georges Emmanuel Njong Diboki, Julia Sims, and Sophia Woodland ("Plaintiffs") respectfully request that this Court appoint the following leadership structure to represent Plaintiffs and the proposed class of multifamily real estate lessees ("Multifamily Class"): (1) as Interim Co-Lead Class Counsel: Berger Montague PC ("Berger"); Hausfeld LLP ("Hausfeld"); and Lieff Cabraser Heimann & Bernstein, LLP ("Lieff") (together, "Proposed Co-Leads"); (2) as Liaison Counsel: Stranch, Jennings & Garvey, PLLC; and (3) as the Plaintiffs' Steering Committee: Hagens Berman Sobol Shapiro LLP (as a representative of the Student Renters Class); DiCello Levitt LLC; Cotchett, Pitre & McCarthy, LLP; and Edelson PC (collectively, the "Proposed Leadership Group"). The Proposed Leadership Group satisfies all criteria under the Court's April 19, 2023 Order and Fed. R. Civ. P. 23(g). This leadership application is supported by counsel in the cases listed in Appendix A, which includes the majority of all plaintiffs and all firms in this MDL.

Proposed Co-Leads filed the first complaint in this MDL. This work began more than a year before *ProPublica* published the article that brought RealPage, Inc. ("RealPage") and its property manager clients to national attention.[1] Well before the *ProPublica* article, Proposed Co-Leads had already hired consulting experts, purchased and analyzed data on multifamily rental housing, interviewed numerous confidential witnesses (including high-level industry insiders), and dedicated over 600 hours to investigating this case.

Plaintiffs supporting this Proposed Leadership Group filed the next 10 cases following Proposed Co-Lead Counsel's leading complaint. Many other cases were filed thereafter, but given the investigatory work reflected in Proposed Co-Lead's complaint, the follow-on complaints relied

---

[1] Vogell, et al., "Rent Going Up? One Company's Algorithm Could Be Why," *ProPublica* (Oct. 15, 2022), https://www.propublica.org/article/yieldstar-rent-increase-realpage-rent.

1

on and incorporated much of Proposed Co-Leads' work, as detailed below.

Proposed Co-Leads have served as lead class counsel in major antitrust class actions around the country, work together routinely, and have obtained some of the largest class action verdicts and settlements in history, with nearly ten billion dollars in aggregate recoveries in antitrust cases in the last fifteen years alone. The Proposed Leadership Group has the resources and experience to prosecute this case successfully no matter the time, cost, and effort required.

## II.     BACKGROUND

This case alleges a conspiracy among RealPage and some of the nation's largest lessors of multifamily housing. RealPage gathered real-time pricing and vacancy data from lessors and then provided unit-specific pricing and vacancy recommendations, with the explicit, joint goal of raising rents above competitive levels.

Berger (with co-counsel) began investigating these allegations over 18 months ago, in August 2021. *See* Declaration of Michaela Wallin ("Wallin Decl.") ¶ 2. The investigation included extensive factual research on the development of algorithmic pricing in the multifamily rental market, RealPage's marketing of its services, property managers' use of RealPage's pricing, and the impact of RealPage on rental prices. *Id.* ¶ 3. In a project led by Berger's Michaela Wallin, the team collected information from 16 confidential informants (CIs) from October 2021 through January 2022, including former employees of the lessors and RealPage. *Id.* ¶ 4. Proposed Co-Leads spoke with additional CIs starting in October 2022 after filing the first complaint. *Id.* The team purchased detailed data on the multifamily rental housing market and hired experts to develop estimates of the scope of adoption of coordinated pricing algorithms, among other information. *Id.* ¶ 5. Over several months, the team worked to assess the alleged cartel's impact on rental prices in dozens of the nation's largest metro areas. *Id.* ¶ 6. In September 2022, realizing the large scope of this case, Berger brought in Lieff and Hausfeld as partners. *Id.* ¶ 7. Berger did not choose these

2

firms at random—all three firms have a long history of combining their expertise and resources to achieve outstanding results in antitrust class actions. The firms planned to file a complaint in short order. *Id.* ¶ 7.

On October 15, 2022, *ProPublica* published an article exposing at a high level the role of RealPage. With over a year of hard work behind them, the Proposed Co-Leads filed the first complaint only three days later, on behalf of Plaintiffs Sherry Bason, Lois Winn, Georges Emmanuel Njong Diboki, Julia Sims, and Sophia Woodland.[2] Proposed Co-Leads filed months before any of the other groups seeking leadership—two months before the Scott+Scott LLP slate and six months before Robbins Geller Rudman & Dowd LLP. The complaint drew directly from their independent investigation and included numerous allegations beyond the *ProPublica* article, including detailed allegations about the operations of the pricing algorithm, the scope of lease data collected by RealPage, RealPage's mechanisms for recommending pricing on a daily basis to its clients through "Pricing Advisors," the onerous process for varying from RealPage's pricing, and the use of the pricing algorithms to "stagger" lease renewals and restrict supply.[3] The complaint included admissions from employees of RealPage and other Lessors, such as quotes from RealPage that it "oversees properties as though we own them ourselves" and from Lessors who explain that they "outsource daily pricing" and that while "we are all technically competitors," RealPage "helps us work together," "to work with a community in pricing strategies, not to work separately."[4] These are only a few examples of facts developed by counsel that did not appear in *ProPublica*.[5]

---

[2] Ex. A (Complaint in *Bason et al. v. RealPage, Inc., et al.*, No. 22-CV-1611, Dkt. 1 (S.D. Ca. Oct. 18, 2022) ("*Bason*")).

[3] *Bason* ¶¶ 6-7, 49-55.

[4] *Bason* ¶¶ 6-7, 57, 70.

[5] *See also Bason* ¶ 3 (quote from former industry executive that "the market structure is 'a classic prisoner's dilemma.'"); *id.* ¶¶ 10, 63 ("RealPage brags that participating Lessors experience '[r]ental rate improvements, year over year, between 5% and 12% in every market.'"); *id.* ¶ 42

3

The initial complaint proposed a nationwide class, as opposed to regional classes, drawing on Proposed Co-Lead's long experience litigating large national class actions.

Other firms (including those supporting this leadership proposal) have since filed dozens of follow-on actions scattered across the country. These pleadings followed the same structure as, and borrowed many of their allegations from, the first complaint filed by the Proposed Co-Leads.[6] For example, the *Weaver* case, first filed by the Scott+Scott LLP group two months after Proposed Co-Leads' original complaint, likewise described RealPage's real-time data collection, mechanisms for provision of daily pricing, and use of the pricing algorithms to "stagger" lease renewals and restrict supply, and it also included many identical admissions[7]—all of which appeared in Proposed Co-Leads' original complaint and did not appear in the *ProPublica* article.

---

("One industry participant described the market before RealPage's arrival, stating that a 'generation' of Lessors 'grew up worshipping the occupancy gods.'"); *id.* ¶ 48 (Lessors "adhere to RealPage's coordinated algorithmic pricing, often referring to such adherence as pricing 'courage' or more frequently, pricing 'discipline.'"); *id.* ¶ 53 (Lessor noting that "RealPage 'maximize[s] rents but you have to be willing to strictly follow it,' and, as a result, 'we rarely make any overrides to the recommendations'"); *id.* ¶ 55 (Lessor quote about how staggering lease renewals allows Lessors to "have 'leveled the lease expirations throughout the year . . . thus positioning us [Lessors] for even higher rent growth.'"); *id.* ¶ 59 (Lessor quote that "RealPage ' has given a substantial boost to economic occupancy'"); *id.* ¶ 60 ("Another Lessor explained that by 'outsourcing' pricing functions to RealPage, prices are set by RealPage's 'multifamily experts,' 'who essentially act like an extension of our team.'"); *id.* ¶¶ 66-68 (Lessors' quotes that pricing algorithms allow them to raise rents to levels that they would not have "courage" to do alone).

[6] *See*, *e.g.*, Complaint, *Weaver v. RealPage, Inc.*, *et al.*, No. 1:22-CV-03224 (D. Colo Dec. 14, 2022) ("*Weaver*").

[7] *Id.* ¶¶ 9, 57, 60; *see also id.* ¶ 5 (used the same quote from a lessor that they are "all technically competitors" but "work with a community in pricing strategies, not to work separately."); *id.* ¶ 61 (incorporated the concept that "[b]efore the introduction of rent-setting software, markets for residential leases were characterized by a prisoner's dilemma."); *id.* ¶ 62 (relying on the same quote from RealPage that lessors "outsource daily pricing and ongoing revenue oversight" to RealPage, allowing RealPage to set prices for client property managers' properties "as if we [RealPage] own them ourselves."); *id.* ¶ 55 (relying on the same quote from a property manager who explained that his generation "grew up worshipping the occupancy gods"); *id.* ¶ 59 (describing pricing "courage" or "discipline" in following the RealPage algorithm).

4

The *Weaver* case, and subsequent cases filed by the Scott+Scott group do not plead a nationwide class, instead limiting their cases to certain metro area classes, and thus abandoning from the start—before any discovery—the claims of likely hundreds of thousands of renters.

Berger, Lieff, and Hausfeld continued working on behalf of the class while the parties sought centralization. They incorporated evidence from CIs into a newer, more extensive complaint filed in the Western District of Washington. *Morgan et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01712 (W.D. Wash, Dec. 2, 2022). They sent over 80 evidence preservation letters to defendants and nonparties likely to have discoverable information and held follow-up meet and confers, including with RealPage. They have purchased additional data and have been working with consulting experts in anticipation of further amending the complaint.

## III.   LEGAL STANDARD

Rule 23(g)(3) of the Federal Rules of Civil Procedure permits the Court to designate interim counsel to act on behalf of a proposed class and provides that a court "must consider: (i) the work counsel has done in identifying or investigating potential claims . . .; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of applicable law; and (iv) the resources that counsel will commit to representing the class." This Court also stated it will consider counsel's "demonstrated ability to work cooperatively, professionally, and respectfully with others[.]" Dkt. 3.

## IV.   ARGUMENT

### A.   The Court Should Appoint Berger, Lieff, and Hausfeld as Interim Co-Lead Class Counsel.

The standards outlined above strongly support the designation of Berger, Lieff, and Hausfeld as interim co-lead class counsel. The Proposed Co-Leads are among the most experienced, well-resourced, and committed antitrust plaintiffs' firms in the nation, and they have

5

already demonstrated in this case their ability to work cooperatively and efficiently with each other and counsel for other plaintiffs. The Proposed Co-Leads have expended significant time and effort investigating and developing these claims, making them best situated to represent the Class.[8]

### 1. Proposed Co-Leads Have Extensive Relevant Experience.

Berger, Lieff, and Hausfeld have prosecuted some of the most significant antitrust class actions in the past two decades, recovering billions of dollars as well as injunctive relief for consumers and businesses. What is more, the lawyers proposed to lead this case have worked together for years. Proposed Co-Leads' firm resumes and attorney bios are Exhibits A-C to the Wallin Declaration.

### a. Berger

Described by *Chambers & Partners* as a "[b]outique firm with deep expertise in complex antitrust litigation," Berger, which has one of the largest antitrust departments of any plaintiffs' class action firm, has been engaged in the practice of complex and class action litigation for 50 years. Since its founding, Berger has been a leading nationwide advocate in many of the most important antitrust cases ever litigated, and the U.S. edition of *The Legal 500* has recommended Berger as a "Tier 1 Firm" for representing plaintiffs in antitrust class action litigation and describes the firm as "excellent."

Berger's recent successes as lead or co-lead counsel in antitrust class actions are numerous and include *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No.

---

[8] Courts regularly appoint multiple co-lead counsel in large nationwide class actions such as this one. *See, e.g.*, *Hiley v. CorrectCare Integrated Health, Inc*., No. 5:22-cv-319-DCR, 2023 WL 2167376 (E.D. Ky. Feb. 22, 2023) (appointing four co-leads); *In re Valve Antitrust Litig.*, No. 21-cv-0563, 2022 WL 3346392 (W.D. Wash. Aug. 12, 2022) (four); *Harrison v. Gen. Motors, LLC*, No. 21-12927, 2022 WL 1515535 (E.D. Mich. May 13, 2022) (four); *Smallman v. MGM Resorts Int'l*, No. 2:20-cv-00376, 2021 WL 326135 (D. Nev. Feb. 1, 2021) (four); *DDMB, Inc. v. Visa, Inc.*, No. 05-MD-1720, 2021 WL 6221326 (E.D.N.Y. Sept. 27, 2021) (four); *Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405 (S.D. Ohio 2021) (three).

6

1:05-md-01720 (E.D.N.Y.) (settlement of approximately $5.6 billion); *In re Namenda Direct Purchaser Antitrust Litigation*, No. 1:15-cv-07488 (S.D.N.Y.) ($750 million class settlement); and *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, No. 2:06-cv-01797 (E.D. Pa.) ($512 million class settlement). Berger is also currently lead or co-lead counsel in more than two dozen of the largest, most complex antitrust class actions around the country, including *In re Google Digital Publisher Advertising Antitrust Litigation*, No. 5:20-cv-03556 (N.D. Ca.) (co-lead counsel for class of publishers impacted by Google's digital advertising products); *Henry, et al. v. Brown University, et al.*, No. 1:22-CV-00125 (N.D. Ill.) (co-lead counsel for class of students of sixteen elite universities alleging a conspiracy to reduce financial aid); *In re Broiler Chicken Grower Antitrust Litigation*, No. 6:20-md-2977 (E.D. Okla.) ("*Broilers*") (co-lead counsel with Hausfeld representing class of chicken farmers alleging illegally suppressed pay); and *In re Mission Health Litig.*, No. 1:22-cv-00114-MR (W.D.N.C.) (co-lead counsel with Lieff representing cities and counties in North Carolina alleging overcharges by dominant hospital system).

The Berger team is led by Eric L. Cramer, Daniel J. Walker, and Michaela L. Wallin.

### b.      Lieff

Founded in 1972, Lieff is one of the nation's largest and most successful firms that represents only plaintiffs. In 2020, the *American Lawyer* selected Lieff as the nation's top "Boutique/Specialty Law Firm," and in 2019 selected Lieff as the only plaintiffs' firm in its list of top 50 litigation departments in the United States. Lieff has played a lead role in obtaining 92 verdicts and settlements valued at over $100 million, including 28 verdicts and settlements valued at over $1 billion, and served as sole lead counsel in the Volkswagen "clean diesel" litigation, resulting in the largest ever consumer settlement, $14.7 billion.[9]

---

[9] *In re Volkswagen 'Clean Diesel' Mktg., Sales Practices, and Prods. Liability Litig.*, MDL No. 2672 (N.D. Cal.) ("*VW 'Clean Diesel'*").

Lieff has a deep connection to the Middle District of Tennessee. Lieff founded its Nashville office, helmed by Mark Chalos, over two decades ago. Mr. Chalos, President of the Tennessee Trial Lawyers Association, oversees an office of over a dozen attorneys and staff—backed by the force of over a hundred more lawyers nationwide. Lieff currently represents Metro Nashville in the opioids litigation, which has brought over $24 million in settlements to Nashville for abatement efforts.[10] Against Microsoft, the firm secured a $64 million settlement for Tennessee businesses and consumers, and the firm represented hundreds of property owners and businesses affected by the 2009 TVA coal ash spill.[11] It also served as lead counsel of a certified class of over 800 pregnant women and their children who were, for research purposes, fed radioactive iron isotopes at Vanderbilt University hospital, resulting in a settlement of $10.3 million and a formal apology.[12]

Most recently, in this District, Lieff served as counsel to Nashville General Hospital in an antitrust class action alleging a conspiracy to delay entry of generics for enoxaparin, a lifesaving medicine depended on by the hospital.[13] After prevailing on the pleadings, Lieff prosecuted the case to the brink of trial less than 12 months after the commencement of merits discovery. After an evidentiary hearing, the Court certified the class, and Lieff defended the order on appeal while simultaneously preparing for trial. Approximately six weeks before jury selection, the case settled for $120 million, one of the largest indirect purchaser pharmaceutical recoveries in history, after the *Cipro* case, also led by Lieff ($399 million).[14]

In addition, Lieff has served as lead or co-lead counsel in major antitrust class actions such

---

[10] *Metro. Gov't of Nashville v. Purdue Pharm.*, No. 3:17-mc-09999 (M.D. Tenn.).

[11] *Sherwood v. Microsoft Corp.*, No. 99-C-3562 (Davidson Cty. Circuit Ct.); *Mays v. Tennessee Valley Authority*, No. 3:09-cv-00006 (E.D. Tenn.).

[12] *Craft v. Vanderbilt Univ.*, No. 3:94-cv-00090 (M.D. Tenn.).

[13] *Nashville Gen. Hospital v. Momenta Pharm.*, No. 3:15-CV-01100 (M.D. Tenn.).

[14] *In re Cipro Cases I & II*, No. S198616 (Cal. Super. Ct.); *Cipro Cases I & II*, JCCP Proceedings Nos. 4154 & 4220 (San Diego Super. Ct.).

as: *In re TFT-LCD Antitrust Litigation*, MDL No. 1827 (N.D. Cal.), recovering over $470 million, including a jury verdict against Toshiba; *In re High-Tech Employee Antitrust Litigation* ("*High-Tech*"), No. 11-cv-2509 (N.D. Cal.), securing a $435 million recovery, the largest recovery ever by an employee class against non-governmental defendants; *Haley Paint Co. v. E.I. Dupont De Nemours & Co. et al.* ("*Titanium Dioxide*"), No. 10-cv-00318 (D. Md.), recovering $163.5 million; *In re Railway Industry Employee No-Poach Antitrust Litigation*, MDL No. 2850 (W.D. Pa.), achieving $48.95 million in settlements; and two antitrust cases against Duke University and the University of North Carolina, *Seaman v. Duke Univ.*, No. 15-cv-462 (M.D.N.C.) and *Binotti v. Duke Univ.*, No. 20-cv-470 (M.D.N.C), challenging an agreement not to compete for each other's faculty, securing $73.5 million in settlements and unprecedented injunctive relief, including an enforcement role for the U.S. Department of Justice.

The Lieff team is led by Brendan Glackin, Dean Harvey, Mark Chalos, and Kenneth Byrd.

### c. Hausfeld

Hausfeld is widely recognized as one of the nation's preeminent plaintiffs' firms. In 2022, Chambers and Partners named Hausfeld to its highest tier, Band 1, for nationwide plaintiffs' antitrust firms—one of just four in the country. The firm and its attorneys have served as lead or co-lead counsel in more than 30 major antitrust class action cases. Hausfeld has been involved in some of the most challenging and complex antitrust cases, winning landmark trials, achieving precedent-setting legal victories, and recovering billions of dollars on behalf of classes they represent. A recent industry report recognized Hausfeld as the #1 plaintiffs' firm in settlement class recovery, having negotiated and finalized over $5.2 billion in settlements since 2009. As the Global Competition Review recently proclaimed, "the lawyers at Hausfeld have established themselves as one of—if not the—top plaintiffs' antitrust firm in the US."

The Hausfeld attorneys working on this litigation have achieved significant litigation

9

victories in major antitrust cases, including: *O'Bannon v. National Collegiate Athletic Association*, No. 09-cv-01967 (N.D. Cal.) (winning a three-week antitrust trial and securing injunctive relief allowing college athletes to receive payments for likeness rights) (Swathi Bojedla); *In re LIBOR-Based Fin. Instruments Antitrust Litigation*, No. 11-md-2262 (S.D.N.Y.) (certifying litigation class of direct purchasers of financial instruments that received suppressed interest rate payments, securing $680 million in settlements with four defendant banks while the litigation continues against the remaining sixteen defendant banks) (Gary I. Smith, Jr.); and *In re Google Play Developer Antitrust Litigation*, No. 3:20-cv-05792 (N.D. Cal.) (achieving $90 million settlement and significant injunctive relief on behalf of a nationwide class of app developers) (Katie R. Beran).

The Hausfeld team is led by Swathi Bojedla, Gary I. Smith Jr., and Katie R. Beran.

## 2. Proposed Co-Leads Have Demonstrated Cooperation.

The lawyers from Berger, Lieff, and Hausfeld who would prosecute this case have worked for years with each other and with the other proposed leadership firms, achieving excellent results. This includes several of the cases mentioned above, such as *Broilers*, *TFT-LCD*, *High-Tech*, *Titanium Dioxide*, and *O'Bannon*.[15] Additionally, since filing the first case in this litigation on October 18, 2022, Proposed Co-Leads have sought to coordinate closely with other plaintiffs' counsel to advance the interests of the class. They continue to cooperate with other participating plaintiffs' counsel, communicating and negotiating with counsel for Defendants on their behalf,

---

[15] *See also In re Dental Supplies Antitrust Litig.*, No. 16-cv-696 (E.D.N.Y.) (Berger and Hausfeld obtained class settlement of $80 million); *Castro v. Sanofi Pasteur, Inc.*, No. 11-7178 (D.N.J.) (Berger and Hausfeld obtained class settlement totaling $61.5 million); *Broilers* (Berger and Hausfeld have so far obtained settlements totaling $69 million); *High-Tech* (Lieff and Berger obtained $435 million recovery); *City of Philadelphia v. Wells Fargo & Co.*, No. 17-cv-2203 (E.D. Pa.) (Berger and Lieff obtained $10 million in programmatic relief in a discrimination action on behalf of Philadelphia minority mortgage borrowers).

and collaborating on additional factual research. Proposed Co-Leads' leadership application is joined by dozens of plaintiffs, represented by the majority of firms in the consolidated cases, a testament to their ability to work constructively with other lawyers. Proposed Co-Leads are committed to drawing on the experience and expertise of all firms that have brought a case to date, where efficient, economical, and beneficial to the class to do so.

### 3. Proposed Co-Leads Are Willing and Able to Devote Significant Time and Resources to this Litigation.

Berger, Lieff, and Hausfeld have *already* devoted extensive time and resources to the prosecution of this action,[16] and they will continue to do so. The Court has set an aggressive case schedule, and Berger, Lieff, and Hausfeld have the tenacity and resources necessary to meet those deadlines while performing the highest-caliber work on behalf of the class. Across their firms, Proposed Co-Leads employ over 250 lawyers nationwide, with offices in many major metropolitan areas including Nashville, New York, Washington, D.C., Philadelphia, San Francisco, Denver, Boston, San Diego, Seattle, and Minneapolis. They regularly prosecute major antitrust actions, such as this one, that involve commitment to lengthy, time-consuming litigation and require them to go toe-to-toe with large, well-funded groups of defendants. They also recognize the importance of mediation and have extensive experience mediating and achieving major settlements in large, multi-defendant cartel cases, including with the same defense firms in this action.[17] Proposed Co-

---

[16] Fed. R. Civ. P. 23(g)(1)(A)(iv); Dkt. 3 at 4.

[17] *E.g.*, *In re BCBS Antitrust Litig.*, No. 13-cv-20000 (N.D. Ala.) (as co-lead counsel, Hausfeld litigated against 36 separate defendants for nine years before final approval of a global settlement); *In re Capacitors Antitrust Direct Purchaser Litig.*, No. 3:14-cv-03264 (N.D. Cal.) (as co-lead counsel, Berger litigated against 27 separate defendants in a case that extended for over six years, until Plaintiffs reached settlements with all defendants); *Broilers* (Berger and Hausfeld are co-lead counsel in a 20 co-conspirator cartel case involving the suppression of broiler chicken farmer pay, which has extended for over six years); *In re Lithium Ion Batteries Antitrust Litig.*, MDL No. 2420 (N.D. Cal.) (Lieff served as interim co-lead class counsel for indirect purchasers recovering over $113 million against eight defendants over ten years).

Leads are committed to engaging in mediation and assigning attorneys to ensure that those efforts are pursued in parallel with the formidable litigation work ahead.

### 4. Proposed Co-Leads Have Performed Critical Work Investigating and Prosecuting this Case.

The Court additionally should consider the work already performed investigating and prosecuting this case. Fed. R. Civ. P. 23(g)(1)(A). The Advisory Committee Notes to Rule 23 emphasize the initial efforts of counsel as an important factor in selecting lead class counsel: "[i]n a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken."[18] Courts in this Circuit weigh this factor "heavily in favor" of appointing counsel who have made "substantial efforts . . . to identify and investigate potential claims."[19] "Designation of interim counsel is particularly appropriate when a number of lawyers have filed related 'copycat' actions." *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 867 (E.D. Mich. 2019); *Winnett*, 2006 WL 8438959, at *1 (declining to appoint counsel that filed a complaint "modelled" on an earlier filed complaint as this was "an indication that . . . counsel did little to no independent legal research on the claims asserted").

As detailed above, Berger, Lieff, and Hausfeld conducted a substantial, independent investigation of the claims and legal theories at issue here before *ProPublica*'s article, ultimately filing the first complaint in this litigation. The Proposed Co-Leads, after considerable research, have filed on behalf of a nationwide class. RealPage is a nationwide business with a stated goal of reducing competition and increasing rents nationwide—not just in this or that city. A nationwide

---

[18] 5 James Wm. Moore *et al.*, *Moore's Fed. Prac.* § 23.120[3][a] (3d. ed. 2007).

[19] *Winnett v. Caterpillar, Inc.*, No. 3:06-cv-0235, 2006 WL 8438959, at *1 (M.D. Tenn. Sept. 26, 2006); *Indiana Pub. Ret. Sys. v. AAC Holdings, Inc.*, No. 3:19-cv-00407, 2023 WL 2592134, at *26 (M.D. Tenn. Feb. 24, 2023); *Harrison*, 2022 WL 1515535, at *2; *In re Mercy Health Erisa Litig.*, No. 1:16-cv-441, 2016 WL 8542891, at *2 (S.D. Ohio Dec. 2, 2016).

class complaint tolls the claims of all affected tenants while discovery proceeds. Deciding at the outset of the case to define a class that would exclude the claims of hundreds of thousands of tenants based on supposed regional differences would therefore be a grave mistake. Indeed, Courts regularly certify nationwide classes where similar anticompetitive conduct permeates diverse regions, products, or markets, because econometric tools exist to take such differences into account. The Proposed Co-Leads themselves have led many such efforts.[20] The Court always retains discretion to limit or modify the class definition as required and as indicated by the evidence.

      **B.    The Court Should Appoint Stranch, Jennings & Garvey as Plaintiffs' Liaison Counsel and Hagens Berman, Cotchett Pitre & McCarthy, DiCello Levitt, and Edelson on Plaintiffs' Steering Committee.**

      Given the scope of this action and the large number of defendants, Plaintiffs request that the Court appoint Stranch, Jennings & Garvey as Liaison Counsel and Hagens Berman, Cotchett Pitre & McCarthy, DiCello Levitt, and Edelson to serve on a Plaintiffs' Steering Committee.

      **Stranch, Jennings & Garvey**, based in Nashville, Tennessee, enjoys a national reputation in the complex litigation arena, both at the trial and appellate levels. Wallin Decl., Ex. D. The team

---

[20] *E.g.*, *In re Air Cargo Shipping Servs. Antitrust Litig.*, 2014 WL 7882100, at *38 (E.D.N.Y. Oct. 15, 2014) (certifying nationwide class for worldwide air cargo conspiracy covering numerous routes around the globe with different defendant configurations and competitive conditions over objection that plaintiffs had only alleged a "collection of individual route-specific conspiracies" unsuitable for nationwide class treatment); *In re Domestic Drywall Antitrust Litig.*, 322 F.R.D. 188, 217-18 (E.D. Pa. 2017) (certifying nationwide class over objection that virtually "all drywall sales were made [locally] within 300 miles of the manufacturing plant" such that the "market is regional"); *In re High-Tech Emp. Antitrust Litig.*, 985 F. Supp. 2d 1167, 1177-78 (N.D. Cal. 2013) (certifying a nationwide class of over 50,000 employees located in many different geographic regions, across seven companies, including hundreds of different job titles and skills); *In re Nw. Airlines Corp.*, 208 F.R.D. 175, 179-80 & n.4 (E.D. Mich. 2002) (certifying antitrust class of "all passengers" who flew on one of "234 'Affected City-Pair Routes' that begin or end at one of the[] hub airports" with varied competitive conditions); *In re Urethane Antitrust Litig.*, 237 F.R.D. 440, 450 (D. Kan. 2006) (certifying nationwide class over objections about "individualized" price structures attributable to class transactions occurring "in different competitive markets").

is led by Managing Partner, J. Gerard Stranch, a third-generation Tennessee lawyer. Mr. Stranch has been appointed to leadership roles in numerous antitrust and other complex class actions.[21] Mr. Stranch also has successfully represented consumers in a number of recent class actions filed in Tennessee.[22] Finally, Mr. Stranch and a team of lawyers jointly received the 2022 Tennessee Trial Lawyer of the Year award for their work in *Staubus v. Purdue Pharm., et al.*, No. 2:17-cv-00122 (E.D. Tenn.) on behalf of Tennessee victims of the opioid epidemic, in which Mr. Stranch served as lead trial counsel.

**Hagens Berman** has significant experience in large antitrust class actions throughout the United States. Wallin Decl. ¶ 13. The team is led by Steve Berman and Rio Pierce. Mr. Berman has served as lead counsel in many significant antitrust (and other) class actions.[23] Hagens Berman also had a significant role in developing the theory of this case, employing unique expert economic analysis and securing statements from its own CIs. Hagens Berman further brought the *Navarro* action on behalf of a proposed class of student housing lessees and was appointed interim lead

---

[21] *Dahl v. Bain Cap. Partners, LLC*, No. 1;07-cv-12388 (D. Mass.) (on Executive Committee in antitrust action against some of the country's largest private equity firms, securing more than $590 million); *In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*, No. 1:13-md-02419 (D. Mass.) (on Steering Committee, coordinated all litigation involving Tennessee plaintiffs); *VW 'Clean Diesel'*, (on Steering Committee in action resulting in settlements providing consumers $17 billion in value).

[22] *Stringer v. Nissan North America*, No.3:21-cv-00099 (M.D. Tenn.); *Gann v. Nissan North America*, No. 3:18-cv-00966 (M.D. Tenn.), *Skeete v. RePublic Schools*, No. 3:16-cv-00043 (M.D. Tenn.) (providing one of the highest per-capita awards for violations of the Telephone Consumer Protection Act).

[23] *In re: Nat'l Collegiate Athletic Ass'n. Athletic Grant-In-Aid Cap Antitrust Litig.*, No. 4:14-md-02541-CW (N.D. Cal.) (securing groundbreaking injunctive relief in antitrust action on behalf of college athletes); *In re EBooks Antitrust Litig.*, No. 11-md-02293 (S.D.N.Y.) (suit on behalf of eBooks purchasers, securing $566 million); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prods. Liability Litig.*, No. 10-md-02151 (C.D. Cal.) (identified *sua sponte* as presumptive co-lead counsel; $1.6 billion settlement).

counsel for that class by Judge Robert Lasnik in the Western District of Washington.[24] Appointment of the leadership slate proposed here, including Hagens Berman, would thus ensure coordinated prosecution between the student housing class action and this larger multifamily class action in this MDL.

**Cotchett, Pitre & McCarthy** has repeatedly served as lead counsel in antitrust class actions both under the Sherman Act and pursuant to various state antitrust statutes. For example, in *Auto Parts*, Cotchett has successfully recovered over $1 billion on behalf of consumers, in a case that the Dept. of Justice has called one of the biggest conspiracies in U.S. history.[25] The American Antitrust Institute recently recognized Cotchett's work in *Auto Parts* as an Outstanding Achievement in Private Litigation. Cotchett has also served in other leadership positions in cases involving anticompetitive conduct, often with the very law firms that are proposed to lead this litigation. The Cotchett team is led by Adam J. Zapala, Karin B. Swope, and Elizabeth Tran Castillo. Wallin Decl., Ex. E.

**DiCello Levitt** is a highly-respected class action law firm, focusing on plaintiff-side litigation. Its attorneys have been appointed to leadership roles in some of the largest federal and state antitrust class action lawsuits in the U.S., often advancing novel theories. Its attorneys have garnered national and international recognition, including by *Chambers & Partners* and *The Legal 500*, and they have helped secure billion-dollar recoveries.[26] The DiCello Levitt team is led by

---

[24] Order Appointing Interim Class Counsel, *Navarro v. RealPage, Inc. et al.*, No. 2:22-cv-01552 (Jan. 13, 2023 W.D. Wash.), Dkt. 78.
[25] *In re Automotive Parts Antitrust Litigation*, No. 2:12-md-02311 (E.D. Mich.) ("*Auto Parts*").
[26] *In re Air Cargo Shipping Services Antitrust Litig.*, No. 06-md-01775 (E.D.N.Y.) (with Hausfeld, over $1.2 billion in recoveries from nearly 30 global airlines); *Alaska Electrical Pension Fund v. Bank of Am., Corp.*, No. 14-cv-7126 (S.D.N.Y.) (over $500 million from several major dealer banks); *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13-cv-07789 (S.D.N.Y.) (with Hausfeld, over $2.3 billion from over a dozen major financial institutions).

15

partners Gregory S. Asciolla and Karin E. Garvey, both of whom have experience litigating in Tennessee federal court. Wallin Decl., Ex. F.

**Edelson** is a nationally recognized law firm concentrating on high stakes plaintiffs' work. The firm is best known for its work in complex technology cases because of its forensics lab of investigators and lawyers with technology backgrounds. This in-house expertise has allowed Edelson and its clients to bring cutting-edge technology cases and recover billions of dollars. The Edelson team is led by Yaman Salahi and Natasha Fernandez-Silber. Wallin Decl., Ex. G.

## V.    CONCLUSION

For the above reasons, Plaintiffs respectfully request that the Court enter the attached Proposed Order appointing leadership for the Multifamily Class.

Dated: June 6, 2023                                  Respectfully submitted,

*/s/ Brendan P. Glackin*

16

Eric L. Cramer
Michaela L. Wallin
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: ecramer@bm.net
Email: mwallin@bm.net

Daniel J. Walker
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
Tel: (202) 559-9745
Email: dwalker@bm.net

Gary I. Smith, Jr.
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Email: gsmith@hausfeld.com

Swathi Bojedla
Mandy Boltax
**HAUSFELD LLP**
888 16th Street, N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Email: sbojedla@hausfeld.com
Email: mboltax@hausfeld.com

Brendan P. Glackin
Dean M. Harvey
Jules Ross *(Pro Hac Vice forthcoming)*
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, Suite 2900
San Francisco, CA 94111
Tel: 415-956-1000
Email: bglackin@lchb.com
Email: dharvey@lchb.com
Email: jross@lchb.com

Mark P. Chalos
Kenneth S. Byrd
Hannah R. Lazarz
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
222 Second Ave. South, Suite 1640
Nashville, TN 37201
Telephone: (615) 313-9000
Facsimile: (615) 313-9965
Email: mchalos@lchb.com
Email: kbyrd@lchb.com
Email: hlazarz@lchb.com

Katie R. Beran
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Tel: 1 215 985 3270
Email: kberan@hausfeld.com

*Counsel for Plaintiffs*

**APPENDIX A**

MDL Cases Supporting Leadership Application

| Transferor Case Caption(s) | M.D. Tenn. Transferee Case Caption(s) | Supporting Plaintiffs | Supporting Firms |
|---|---|---|---|
| *Alvarez et al. v. RealPage, Inc. et al.*, 2:22-cv-01617 (W.D. Wash.) (Nov. 10, 2022) | *Alvarez et al. v. RealPage, Inc., et al.*, No. 3:23-cv-00331 | Matthew Alvarez; Scott Halliwell | Edelson PC |
| *Cherry et al. v. RealPage, Inc. et al.*, 2:22-cv-01618 (W.D. Wash.) (Nov. 11, 2022) | *Cherry et al. v. RealPage, Inc. et al.*, No. 3:23-cv-00332 | Meghan Cherry; Kimen Trochalakis | Hagens Berman Sobol Shapiro LLP |
| *Bohn et al. v. RealPage, Inc. et al.*, 2:22-cv-01743 (W.D. Wash.) (Nov. 14, 2022) | *Bohn et al. v. RealPage, Inc., et al.*, No 3:23-cv-00336 | Christopher Bohn; Cameron Pond; Destinee Sanders | DiCello Levitt, LLC<br><br>Hagens Berman Sobol Shapiro LLP |
| *Morgan et al. v. RealPage, Inc. et al.*, 2:22-cv-01712 (W.D. Wash.) (Dec. 2, 2022) | *Morgan et al. v. RealPage, Inc., et al.*, No. 3:23-cv-00330 | Erik Barnes; Sherry Bason; Georges Emmanuel Njong Diboki; Lauren Ashley Morgan; Julia Sims; Lois Winn; Sophia Woodland | Berger Montague PC<br><br>Lieff Cabraser Heimann & Bernstein, LLP<br><br>Hausfeld LLP<br><br>Hagens Berman Sobol Shapiro LLP |
| *Armas et al. v. RealPage, Inc. et al.*, 2:22-cv-01726 (W.D. Wash.) (Dec. 6, 2022) | *Armas et al. v. RealPage, Inc., et al.*, No. 3:23-cv-00333 | Lena Armas; Andrea Blum | Bursor & Fisher, P.A.<br><br>Hagens Berman Sobol Shapiro LLP |

18

| Transferor Case Caption(s) | M.D. Tenn. Transferee Case Caption(s) | Supporting Plaintiffs | Supporting Firms |
|---|---|---|---|
| *Johnson v. RealPage, Inc. et al.*, 2:22-cv-01734 (W.D. Wash.) (Dec. 7, 2022) | *Johnson v. RealPage, Inc., et al.*, No. 3:23-cv-00334 | Justin Johnson | Lockridge Grindal Nauen P.L.L.P.<br><br>Hagens Berman Sobol Shapiro LLP |
| *Silverman et al. v. RealPage, Inc., et al.*, 2:22-cv-01740 (W.D. Wash.) (Dec. 8, 2022) | *Silverman et al. v. RealPage, Inc., et al.*, No. 3:23-cv-00335 | Tyler Kimbrough | Israel David LLC<br><br>Hagens Berman Sobol Shapiro LLP |
| *Pham et al. v. RealPage, Inc., et al.*, 2 :22-cv-01744 (W.D. Wash.) (Dec. 9, 2022) | *Pham et al. V. RealPage, Inc., et al.*, No. 3 :23-cv-00337 | Valdamitra Anderson; Marco Cuevas; Daniel Flowers; Diana Lazarte; John Pham; Michael Poole | Cotchett, Pitre & McCarthy, LLP<br><br>Gustafson Gluek PLLC<br><br>Wexler Boley & Elgersma LLP<br><br>Taus, Cebulash & Landau, LLP<br><br>Zimmerman Reed LLP |
| *Godfrey v. RealPage, Inc., et al.*, 2:22-cv-01759 (W.D. Wash.) (Dec. 13, 2022) | *Godfrey v. RealPage, Inc., et al.*, No 3:23-cv-00344 | Michelle K. Godfrey | The Van Winkle Law Firm<br><br>Hagens Berman Sobol Shapiro LLP |

19

| Transferor Case Caption(s) | M.D. Tenn. Transferee Case Caption(s) | Supporting Plaintiffs | Supporting Firms |
|---|---|---|---|
| *Zhovmiruk v. RealPage, Inc. et al.*, 2:22-cv-01779 (W.D. Wash.) (Dec. 16, 2022) | *Zhovmiruk v. RealPage, Inc., et al.*, No. 3:23-cv-00345 | Yelizaveta Zhovmiruk | Lite DePalma Greenberg & Afanador, LLC<br><br>Handley Farah & Anderson PLLC<br><br>Hagens Berman Sobol Shapiro LLP |
| *Moore v. The Irvine Company, LLC et al.*, 2:22-cv-01826 (W.D. Wash.) (Dec. 27, 2022) | *Moore v. The Irvine Company, LLC et al.*, No. 3:23-cv-00339 | Marybeth Moore | Garwin Gerstein & Fisher LLP<br><br>Terrell Marshall Law Group PLLC |
| *Crook v. RealPage, Inc., et al.*, 2:23-cv-00054 (W.D. Wash) (Jan. 10, 2023) | *Crook v. RealPage, Inc., et al.*, No. 3:23-cv-00387 | Andrea Crook | Schneider Wallace Cottrell Konecky LLP<br><br>Hagens Berman Sobol Shapiro LLP |
| *Hardie et al. v. RealPage, Inc., et al.*, 2:23-cv-00059 (W.D. Wash.) (Jan. 11, 2023) | *Hardie et al. v. RealPage, Inc., et al.*, No. 3:23-cv-00388 | Kyle O'Brien; Kara Hardie | Levin Sedran & Berman<br><br>Hagens Berman Sobol Shapiro LLP |
| *Kramer v. RealPage, Inc., et al.*, 2:23-cv-00198 (W.D. Wash.) (Feb. 10, 2023) | *Kramer v. RealPage, Inc., et al.*, No. 3:23-cv-00389 | Karen Kramer | Radice Law Firm, P.C.<br><br>Hagens Berman Sobol Shapiro LLP |

Case 3:23-md-03071   Document 258   Filed 06/06/23   Page 23 of 25 PageID #: 1259

| Transferor Case Caption(s) | M.D. Tenn. Transferee Case Caption(s) | Supporting Plaintiffs | Supporting Firms |
|---|---|---|---|
| *Spencer et al. v. RealPage, Inc., et al.*, 2:23-cv-01019 (E.D. Pa.) (Mar. 16, 2023) | *Spencer et al. v. RealPage, Inc., et al.*, No. 3:23-cv-00415 | Elaine Spencer | Barack, Rodos & Bacine |
| *Weller v. RealPage, Inc., et al.*, 2:23-cv-00548 (W.D. Wash.) (Apr. 7, 2023) | *Weller v. RealPage, Inc., et al.*, No. 3:23-cv-00413 | Kevin Weller | Spiro Harrison & Nelson LLC<br><br>Hagens Berman Sobol Shapiro LLP |
| *Bauman v. RealPage, Inc., et al.*, 3:23-cv-00326 (M.D. Tenn.) (Apr. 13, 2023) | *Bauman v. RealPage, Inc., et al.*, No 3:23-cv-00326 | John Bauman | Stranch, Jennings & Garvey, PLLC<br><br>Barrack, Rodos & Bacine |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on June 6, 2023, a true and correct copy of the foregoing

was filed via the Court's CM/ECF system, which sent notice to all counsel of record.

*/s/ Brendan P. Glackin*_____