UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>Judge Waverly D. Crenshaw, Jr.<br><br>This document relates to:<br>*Navarro v. RealPage, Inc., et al.*,<br>No. 3:23-cv-00329 |

# HAGENS BERMANS' APPLICATION FOR APPOINTMENT AS LEAD COUNSEL ON BEHALF OF THE STUDENT RENTAL PLAINTIFFS

**TABLE OF CONTENTS**

|   |   | Page |
|---|---|---|
| 1. | The Student Housing Case Is Distinct From the Multifamily Case | 2 |
| 2. | Separate Representation is Appropriate for Student Rental Plaintiffs | 5 |
| 3. | Hagens Berman Satisfies the Court's Criteria and 23(g) Factors for Leadership | 6 |
|    | a. Hagens Berman will continue to work cooperatively, professionally, and respectfully with other parties. | 7 |
|    | b. Hagens Berman has significant experience in antitrust litigation. | 8 |
|    | c. Hagens Berman is willing and able to commit to a time-consuming process on behalf of the Student Rental Plaintiffs and meets the Rule 23 (g) factors. | 13 |
|    | d. Hagens Berman has the human and financial resources to prosecute these claims. | 15 |
| CONCLUSION | | 16 |

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Graham v. Parker*,
  2017 WL 1737871 (M.D. Tenn. May 4, 2017) .................................................................5

*In re NCAA Athletic Grant-in-Aid Cap Antitrust Litig.*,
  375 F. Supp. 3d 1058 (N.D. Cal. 2019), *aff'd*, 958 F.3d 1239 (9th Cir. 2020) ..................8

*NCAA v. Alston*,
  141 S. Ct. 2141 (2021) ......................................................................................................8

*Smith v. State Farm Mut. Auto. Ins. Co.*,
  301 F.R.D. 284 (N.D. Ill. 2014) ......................................................................................15

*Weiner v. Tivity Health, Inc.*,
  334 F.R.D. 123 (M.D. Tenn. 2020) ...................................................................................1

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ...............................................................................................................14, 15

This Court ordered that Plaintiffs file a Consolidated Amended Complaint on behalf of the Student Rental Plaintiffs. ECF No. 243. The Student Rental Plaintiffs[1] have unique claims based on Defendants' agreement to fix prices in the industry recognized market for student housing. These claims involve a different market, a different scheme, a different class period, and unique defendants. The Student Rental Plaintiffs are entitled to their own lead counsel who will coordinate as appropriate with the leadership for the multifamily class for "as go the claim of the named plaintiff, so go the claims of the class."[2] It is imperative students are adequately represented by class counsel who represent their unique interests.[3] Indeed, all Plaintiffs joined in a case management statement on May 24th that proposed separate leadership for the multifamily and student actions. ECF No. 187. Hagens Berman also understands that Berger Montague, Lieff Cabraser, and Hausfeld as well as Scott & Scott and Robins Kaplan are each respectively applying for leadership in the multifamily cases, while proposing separate leadership for the student and multifamily cases. Once that bridge is crossed and the Court determines separate lead counsel is appropriate and necessary, as is often the case in antitrust cases with claims of differently situated plaintiffs, the choice of lead counsel should be Hagens Berman Sobol Shapiro LLP ("Hagens Berman").[4]

---

[1] In this motion, "Student Rental Plaintiffs" refers to the proposed class of college and university students who leased student housing from the defendants. *See* Compl., ECF No. 1, ¶¶ 1, 73 (filed Nov. 11, 2022).

[2] *Weiner v. Tivity Health, Inc.*, 334 F.R.D. 123, 128 (M.D. Tenn. 2020) (Crenshaw, J.) (quoting *Sprague v. Gen. Motors Corp.,* 133 F.3d 388, 399 (6th Cir. 1998).

[3] *Id.*

[4] *See* Berman Decl., Ex. A (Hagens Berman's Firm Resume). Throughout this application, "Berman Decl." refers to the Declaration of Steve Berman in Support of Hagens Berman Sobol Shapiro's Application for Appointment as Lead Counsel on Behalf of the Student Rental Plaintiffs, filed concurrently.

Hagens Berman is the only firm that has filed a case on behalf of Student Rental Plaintiffs and the only firm that has sought to represent a class of those who are similarly situated.[5] No other counsel in this case represents a named plaintiff with claims that would be typical of the proposed class under Federal Rule of Civil Procedure 23(a)(3). Further, as for the Rule 23(g) factors, Hagens Berman is the only firm that has (1) conducted an investigation into the student housing market (2) retained economic experts and investigators for this case (3) been retained by student housing plaintiffs (4) is hard at work on the amended complaint due on June 16, 2023 and (5) has now been retained by multiple student housing clients who will deepen the class representation in the amended complaint. Therefore, Hagens Berman submits this application for appointment as dedicated lead counsel for the Student Rental Plaintiffs and for Stranch, Jennings, & Garvey ("Stranch, Jennings") to be appointed as liaison counsel on behalf of the Student Rental Plaintiffs.

### 1. The Student Housing Case Is Distinct From the Multifamily Case

In its June 1, 2023 Order, the Court reserved the question of whether the Student Rental Plaintiffs should have specific lead counsel. ECF No. 119. The factual record demonstrates that Student Rental Plaintiffs warrant specific, dedicated representation in this action to protect their unique interests because litigation of the Student Rental Complaint will involve: (1) a separate market with distinct geographic locations; (2) a separate scheme; and (3) distinct sets of parties, including an entirely separate set of plaintiffs and largely unique defendants. Indeed, it is routine in antitrust class actions involving multiple groups of plaintiffs with different sets of claims to appoint separate class counsel, even when they involve the same defendants and the same

---

[5] *Id.*, ¶ 9.

conspiracy.[6] Here, even more so, as the clear distinctions between the multifamily and student cases strengthens the grounds for appointing separate counsel.

First, the student housing market is distinct from the multifamily market. Student housing—termed "purpose built housing" by named defendant Campus Advantage—is linked directly to nearby universities.[7] Market researchers have identified "several unique characteristics that separate [student housing] from market-rate traditional multifamily[.]"[8] This includes leasing patterns that track the academic year, renting beds rather than units, limited rental locations around campuses, fewer renewals, higher turnover costs, lease guarantor requirements, and student-specific accommodations.[9] Indeed, at the May 31 hearing, answering the Court's questioning on this subject, counsel for Greystar acknowledged that the industry considers student housing to be distinct from multifamily, stating that "in the real estate property management area, those are considered different types…of entities to lease to…and they have different focuses."[10] The student housing market is focused on different geographic areas than the multifamily market. For example, leading relevant submarkets for the Student Housing Complaint will include locations such as Auburn, Alabama; Tallahassee, Florida; Columbia, South Carolina; and Eugene, Oregon; each of which are college towns that feature a number of properties operated by the Defendants.[11]

---

[6] *See e.g.*, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill.) (separate classes and separate counsel for direct purchasers, commercial indirect purchasers, consumer indirect purchasers); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420 (N.D. Cal.) (separate classes and separate counsel for direct purchasers and indirect purchasers).

[7] *See e.g.*, https://campusadv.com/purpose-built-student-housing/.

[8] Compl., ¶ 29.

[9] *Id.*, ¶¶ 29-31.

[10] Transcript of Record, at 50: 2-8, *In re: RealPage, Inc., Rental Software Antitrust Litig. (No. II)*, MDL No. 3071 (M.D. Tenn. 2023).

[11] Berman Decl., ¶ 11.

Second, there is a separate scheme related to the student housing market. RealPage designed and implemented a specific revenue management program, YieldStar Student, that was "tailor made" for student housing operators.[12] Further, all defendants named in this action have personnel, webpages, and services dedicated to the student rental market, which one defendant has described as a "specialty niche[.]"[13] As one industry participant put it, "You can't just shoehorn a multifamily solution onto a student housing asset—it won't work."[14] Because student housing is distinct, YieldStar Student and other Real Page programs for the student housing market offer distinct services and tailored analytics.[15] Consistent with this fact, there is different factual conduct that will need to be investigated as part of litigating the Complaint filed on behalf of the Student Rental Plaintiffs. For example, RealPage and other industry experts host "Student Summits" that contain "in-depth presentations" on revenue management and the YieldStar Student revenue management system.[16] Furthermore, based on its continuing investigation, Hagens Berman, in the consolidated Student Rental Complaint, will add detailed allegations regarding direct communications between Student Housing defendants, including regular surveys conducted by defendant employees at student housing properties of competitors' pricing.[17]

Third, the student housing market involves a separate set of parties. Most importantly, the plaintiffs between the two cases are entirely distinct. The Student Rental Plaintiffs are student renters who are specifically injured by Defendants' scheme in the student housing market, in particular, Defendants' usage of Yield Star Student. This does not overlap with multifamily

---

[12] Compl., ¶ 46.
[13] *Id.*, ¶ 28.
[14] *Id.*, ¶ 31.
[15] *See e.g.*, https://www.realpage.com/analytics/student-housing-outlook-for-2023/.
[16] Compl., ¶ 65.
[17] *See* Berman Decl., ¶ 17.

plaintiffs, who are renters specifically injured by Defendants' usage of Yield Star. Furthermore, the student housing market also involves a different set of defendants – 5 of the 10 Defendant Operators named in the *Navarro* complaint were only named in that complaint.[18] There will be undoubtedly distinct discovery responsibilities for these defendants unique to the Student Housing Complaint.[19]

### 2. Separate Representation is Appropriate for Student Rental Plaintiffs

To its knowledge, Hagens Berman is the only firm that has been retained by Student Rental Plaintiffs, who have specifically authorized Hagens Berman to bring claims on behalf of a proposed class of student renters. As this Court has recognized, the typicality requirement of Rule 23(a)(3) means "there must be a nexus between the class representative's claims or defenses and the common questions of law or fact which unite the class."[20] Only the clients represented by Hagens Berman have claims that would be typical of the claims of the class.

Based on these reasons, the student housing and multifamily housing cases have been treated as related and distinct since they were first filed. Before this case was consolidated, Judge Lasnik, who had multifamily actions and student rental cases before him, in the Western District of Washington, appointed Hagens Berman as interim class counsel for the Student Rental Plaintiffs.[21] Since consolidation, the parties have continued to treat the cases as separate.

Separate counsel for multifamily and student rental plaintiffs will also not cause inefficiency or duplication. Hagens Berman has worked cooperatively with both Plaintiff and

---

[18] *See id.*, ¶ 10.

[19] *Id.*, ¶ 13.

[20] *Graham v. Parker*, 2017 WL 1737871, at *4 (M.D. Tenn. May 4, 2017).

[21] Order Appointing Hagens Berman Sobol Shapiro LLP as Interim Class Counsel With Respect to the Student Housing Class, No. 2:22-cv-01552-RSL (W.D. Wash. Jan. 13, 2023), ECF No. 78, *see* attached as Berman Decl., Ex. C.

Defense counsel in coordination between the multifamily and student rental cases, including coordinating the consolidation of a number of cases in Western District of Washington prior to the initiation of the MDL. Hagens Berman also closely understands the nature of the multifamily cases, including bringing the first multifamily case focused on a specific geographic market (Seattle), which will allow it to efficiently coordinate discovery between the two actions. Stranch, Jennings has also applied to serve as liaison counsel for the multifamily Plaintiffs. Appointment of Stranch, Jennings as liaison for both the student and multifamily Plaintiffs will further aid in coordination between the cases.

### 3. Hagens Berman Satisfies the Court's Criteria and 23(g) Factors for Leadership

This Court asked counsel to address four factors in their leadership applications: (1) counsel's ability to work cooperatively, professionally, and respectfully with others; (2) counsel's professional experience in this type of litigation; (3) their willingness and ability to commit to a time-consuming process; and (4) access to sufficient resources to advance the litigation in a timely manner. ECF No. 3. Considering these four factors—which overlap with the factors identified in Rule 23(g)—Hagens Berman is qualified to act as lead counsel for the Student Rental Plaintiffs' complaint. Hagens Berman also satisfies the Rule 23(g) factors for appointment as lead counsel for the Student Rental Plaintiffs. Hagens Berman is the only firm in the MDL that filed a case for a student housing class, has been retained by student housing renters, has hired antitrust economic experts to analyze market and pricing issues and has an investigator working on issues related to student housing.[22] Therefore, Hagens Berman

---

[22] *See e.g.,* Order Appointing Interim Class Counsel and Liaison Counsel at 6, *In re: Crop Prot. Prods. Loyalty Program Antitrust Litig.*, No. 1:23md3061-JEP-TDS (M.D. N.C. June 4, 2023), ECF No. 60; *and see* Berman Decl., Ex. D.

respectfully requests that the Court appoint Hagens Berman as lead counsel and Stranch, Jennings as liaison counsel on behalf of the Student Rental Plaintiffs.

### a. Hagens Berman will continue to work cooperatively, professionally, and respectfully with other parties.

An eighty-lawyer firm—with offices in Seattle, Berkeley, Boston, Chicago, Los Angeles, New York, Phoenix, and San Diego—Hagens Berman is no stranger to litigating exceptional cases rigorously while maintaining professional courtesy and respect. Hagens Berman has worked well with many of the plaintiffs and defense firms that have appeared in this MDL, including in the cases described below.[23] And Hagens Berman has already coordinated with many of the plaintiffs firms here. In support of prior, informal centralization efforts in the Western District of Washington, Hagens Berman acted as local counsel for 13 of the complaints that were filed in that jurisdiction. Hagens Berman took lead in coordinating with defense counsel for the cases that were pending in the Western District of Washington, and prepared and filed several joint status reports on behalf of all parties. And since consolidation, Hagens Berman has continued to coordinate with all plaintiffs. Hagens Berman has also acted on behalf of the Student Rental Plaintiffs in preparing various submissions as part of this MDL proceeding, such as the status report submitted on May 24th. ECF No. 187.

Hagens Berman supports the appointment of Berger Montague, Lieff Cabraser, and Hausfeld as lead counsel on behalf of the multifamily renter plaintiffs and has worked closely with those firms throughout the course of the litigation to date. If appointed as lead counsel for the Student Rental Plaintiffs, Hagens Berman is prepared and able to work cooperatively with whatever leadership structure that the Court chooses to appoint on behalf of the multifamily

---

[23] Berman Decl., ¶ 18.

renter plaintiffs. Hagens Berman has a record of working cooperatively with many firms that are involved in the multifamily case in prior litigation and will be able to do so in this litigation on behalf of the Student Rental Plaintiffs.

### b. Hagens Berman has significant experience in antitrust litigation.

Since its founding in 1993, Hagens Berman has become a leader in the antitrust bar. Just last year, the National Law Journal named the firm as its 2022 Elite Trial Lawyer "Litigation Firm of the Year" in the antitrust category, and Law360 awarded Hagens Berman as both Practice Group of the Year for Competition and Class Action Group of the Year.[24] No other firm has matched Hagens Berman's appetite for investigating and filing new antitrust cases; over the past five years, Hagens Berman filed more than 100 antitrust cases and was second only to the Department of Justice in investigating and filing unique, non-MDL antitrust cases.[25]

In particular, Hagens Berman has successfully represented—and continues to represent—college and university students in class actions across the United States, winning significant and transformative relief on their behalf. For example, Hagens Berman challenged the National Collegiate Athletic Association's anticompetitive restrictions on student athletes, which resulted in class members recovering more than $200 million and an injunction to protect future athletes from anticompetitive misconduct. These results were hard fought: Hagens Berman's founding partner, Steve Berman, led Hagen's Berman's trial team in a ten-day trial in September 2019 and successfully obtained an injunction against the NCAA relating to caps on compensation available

---

[24] *See* Berman Decl., ¶ 19 & Exs. F, G.
[25] Berman Decl., Ex. E.

to college student athletes. The NCAA appealed to the Ninth Circuit and the Supreme Court; the results were unanimously affirmed by the Supreme Court.[26]

Not only has Hagens Berman pursued antitrust claims that changed the lives of student athletes, but the proposed team of lawyers here also has deep experience litigating cases involving information exchanges that cause anticompetitive harm, like the one being challenged here through RealPage. Hagens Berman has been lead counsel in a series of cases that challenge illegal price fixing through information sharing in the chicken, pork, and turkey industries in the United States.[27] Like the current case, plaintiffs in *Broilers*, *Pork*, and *Turkey*, allege that the defendants used a third-party intermediary (called Agri Stats) to exchange information, which caused anticompetitive effects.[28] Hagens Berman understands the complex legal and factual issues these cases raise: plaintiffs in *Broilers*, *Pork*, and *Turkey* have overcome multiple rounds of motions to dismiss and successfully certified large classes in both *Broilers* and *Pork*.

Hagens Berman has also been appointed to lead litigation against poultry and red meat processors for exchanging their wage data to artificially deflate plant workers' wages. *See Jien, et al. v. Perdue Farms, Inc., et al.*, No. 1:19-cv-2521-SAG (D. Md.); *Brown v. JBS USA Food Co.*, No. 1:22-cv-02946-PAB-STV (D. Co.) After Hagens Berman and its co-lead counsel filed the first wage fixing case, the Department of Justice filed its own subsequent case against the poultry processing companies for wage fixing that drew upon the civil plaintiffs' investigation.[29] Several key defendants have already settled with the Department of Justice and have agreed to

---

[26] *See In re NCAA Athletic Grant-in-Aid Cap Antitrust Litig.*, 375 F. Supp. 3d 1058 (N.D. Cal. 2019), *aff'd*, 958 F.3d 1239 (9th Cir. 2020); *NCAA v. Alston*, 141 S. Ct. 2141 (2021).

[27] *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill.); *In re: Pork Antitrust Litig.*, No. 1:18-cv-01776 (D. Minn.); and *In re: Turkey Antitrust Litig.*, No. 1:19-cv-08318 (N.D. Ill.).

[28] Berman Decl., ¶ 5.

[29] *Id.*, ¶ 7.

stop the unlawful exchange of information first challenged in the civil case.[30] Cumulatively, these cases already yielded more than $450 million for class members.[31]

Hagens Berman has the expertise necessary to litigate this case successfully. The team responsible for this litigation—Steve Berman, Rio Pierce, Breanna Van Engelen, Ted Wojcik, and Stephanie Verdoia—bring varied and diverse experience in antitrust and class action cases.

1. **Steve Berman**. Mr. Berman, the founder and managing partner of Hagens Berman, has served as lead or co-lead counsel in antitrust, securities, consumer, product liability, and employment class actions and complex litigation throughout the country. Appointing Mr. Berman in a recent MDL, Judge Shadur remarked:

> But it must be said that the track record of Hagens Berman and its lead partner Steve Berman is even more impressive, having racked up such accomplishments as a $1.6 billion settlement in the Toyota Unintended Acceleration Litigation and a substantial number of really outstanding big ticket results.
>
> It may be worth mentioning that to this Court's recollection it has had no first-hand judicial experience with … the two finalist firms . . . But that is not true of its colleagues in this District of more recent vintage, an email inquiry to whom brought in return some high praise of attorney Berman's skills.[32]

Examples of Mr. Berman's involvement in litigation include:

- *In re NCAA Athletic Grant-In-Aid Cap Antitrust Litig.*, No. 4:14-md-02541-CW (N.D. Cal.): Mr. Berman served as the lead trial lawyer on behalf of college athletes, where the Court granted injunctive relief on behalf of the class following a bench trial. Hagens Berman also recovered settlements totaling $200 million.

- *In re: E-Books Antitrust Litig.*, No. 11-md-02293 (S.D.N.Y.): Mr. Berman acted as co-lead counsel on behalf of a class of purchasers of eBooks who were overcharged for the purchase due to a price-fixing conspiracy between the publishers of eBooks

---

[30] Matthew Perlman, *Another Poultry Co. Cuts Deal With DOJ Over Wage Fixing*, Law360 (May 17, 2023), available at https://www.law360.com/articles/1678746/another-poultry-co-cuts-deal-with-doj-over-wage-fixing.

[31] Berman Decl., ¶ 8.

[32] Memorandum Order at 5, *In re Stericycle, Inc., Sterisafe Contract Litig.*, MDL No. 2455, No. 13-cv-5795 (N.D. Ill. Oct. 11, 2013), ECF No. 56 (footnotes omitted).

and Apple. This case led to recovery by consumers of $566 million—twice the estimated damages.

- *In re: Visa Check/Mastermoney Antitrust Litig.*, No. 96-cv-05238 (E.D.N.Y.): Mr. Berman helped lead this record-breaking antitrust case against credit card giants Visa and MasterCard, which resulted in a $3.05 billion cash settlement and injunctive relief valued at more than $20 billion.

- *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill.): Mr. Berman co-led a team of attorneys appointed lead counsel to represent an End-User Consumer Class against the largest producers of chicken in the country. Mr. Berman led oral argument at the class certification hearing.

2. **Rio Pierce**. Mr. Pierce is a former clerk to Judge Joseph Jerome Farris of the Ninth Circuit and partner in Hagens Berman's Berkeley Office. Mr. Pierce has often represented classes of purchasers in large antitrust class actions. Some prominent examples include:

- *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610 (N.D. Ill.): Mr. Pierce is a central member of the case team challenging anticompetitive conduct by the National Association of Realtors and four large real estate brokerages. In this litigation, Mr. Pierce has taken fact and expert depositions and played a key role in drafting successful class certification briefing.

- *In re: Turkey Antitrust Litig.*, No. 1:19-cv-08318 (N.D. Ill.): Mr. Pierce was a central member of this case team. Mr. Pierce drafted dispositive motions, and took numerous depositions of senior Defendant executives.

- *Snow v. Align Tech*, No. 21-cv-3269 (N.D. Cal.): Mr. Pierce helped lead the case team challenging anticompetitive conduct by Align, the manufacturer of Invisalign. Mr. Pierce led development of one of the claims in the litigation, drafted successful dispositive motions, and took depositions of key senior executives.

3. **Breanna Van Engelen**. Ms. Van Engelen is a senior associate at Hagens Berman's Seattle office with extensive experience in large antitrust cases. Examples include:

- *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill.): Ms. Van Engelen was central to the Hagens Berman team in this litigation. Ms. Van Engelen helped lead drafting of the class certification briefing.

- *In re: Pork Antitrust Litig.*, No. 1:18-cv-01776 (D. Minn.): Ms. Van Engelen was a member of the Hagens Berman team appointed as interim class counsel for the consumer class. Over the past year, she has led questioning at many depositions of

executives and senior employees, including chief officers of large, publicly traded companies.

4. **Ted Wojcik.** Ted Wojcik is a former clerk to Judge Mark Cohen of the Northern District of Georgia, and an associate in Hagens Berman's Seattle Office. Mr. Wojcik has worked on a number of large antitrust class actions, including:

- *Cameron v. Apple Inc.*, No. 19-cv-3074 (N.D. Cal.) and *In Re Google Play Developer Antitrust Litig.*, No. 20-cv-05792-JD (N.D. Cal.): Mr. Wojcik was a key member of the teams challenging anticompetitive conduct by Apple and Google in the operation of their respective app stores. Mr. Wojcik took many fact depositions and collaborated with experts throughout both cases.

- *Snow v. Align Tech*, No. 21-cv-3269 (N.D. Cal.): Mr. Wojcik is a key member of the team challenging anticompetitive conduct in the market for tooth straightening clear aligners. Mr. Wojcik has taken depositions, drafted dispositive motions, and argued in Court.

5. **Stephanie Verdoia**. Ms. Verdoia graduated from the University of Washington School of Law in 2021. In her first few years of experience, she has become a core member of the Hagens Berman team representing thousands of student athletes in *In re College Athlete NIL Litig.*, No. 4:20-cv-03919 CW (N.D. Cal.). Ms. Verdoia has played a substantial role negotiating discovery issues—such as protective orders, privacy rights, and data production—with defendants and over 200 third parties on behalf of student class members.

Hagens Berman also supports the appointment of Stranch, Jennings & Garvey as liaison counsel to the Student Rental class. Stranch, Jennings, & Garvey enjoys a national reputation in the complex litigation arena, both at the trial and appellate levels.[33] Stranch, a third-generation Tennessee lawyer, has been appointed to leadership roles in numerous class actions.[34] Mr. Stranch

---

[33] Berman Decl., Ex. B.

[34] *Dahl v. Bain Capital Partners, LLC* (D. Mass.) (on Executive Committee in antitrust action against some of the country's largest private equity firms, securing more than $590 million); *In re: New England Compounding Pharmacy, Inc. Prods. Liab. Litig.* (on Steering Committee, coordinated all litigation involving Tennessee plaintiffs).

also has successfully represented consumers in a number of recent class actions filed in Tennessee.[35] Finally, Mr. Stranch and a team of lawyers jointly received the 2022 Tennessee Trial Lawyer of the Year award for their work in *Staubus v. Purdue Pharma., et al.*, on behalf of Tennessee victims of the opioid epidemic, in which Mr. Stranch was lead trial counsel. Stranch, Jennings is based in Nashville and has long-standing ties to both Tennessee generally and the Middle District specifically; they are uniquely well-suited to serve as liaison counsel.

        **c.**      **Hagens Berman is willing and able to commit to a time-consuming process on behalf of the Student Rental Plaintiffs and meets the Rule 23 (g) factors.**

This litigation will be time-consuming and complex. Hagens Berman is prepared to commit to the work that this litigation will require on behalf of the Student Rental Plaintiffs. Hagens Berman has a consistent history of successfully committing to time-consuming antitrust litigation and obtaining excellent results for the Plaintiffs it represents. For example, as discussed above, Hagens Berman first brought the *Alston* litigation on behalf of NCAA college athletes in 2014. During seven years of hard-fought litigation, Hagens Berman successfully won a bench trial in 2017 that resulted in sweeping injunctive relief and then defended the verdict through the appellate process, resulting in a 9-0 affirmance of the district court's verdict in the Supreme Court in 2021.[36] Hagens Berman then brought subsequent litigation—still pending—to challenge remaining aspects of NCAA rules related to student athletes.[37] Similarly, in *E-Books*, Hagens Berman first brought the litigation in 2011 based on a conspiracy between Apple and leading book publishers. After Hagens Berman initiated the litigation, the Department of Justice and

---

[35] *Stringer v. Nissan N. Am.* (M.D. Tenn.); *Gann v. Nissan N. Am.* (M.D. Tenn.); *Skeete v. RePublic Schools* (M.D. Tenn.) (providing one of the highest per-capita awards for violations of the Telephone Consumer Protection Act).

[36] Berman Decl., ¶ 3.

[37] *In re College Athlete NIL Litig.*, No. 4:20-cv-03919 CW (N.D. Cal.).

numerous state attorney general then filed related cases.[38] After five years of litigation, Hagens Berman recovered $560 million in settlements for consumers—equivalent to more than twice the amount of losses suffered by the class.[39]

The road ahead is long, but Hagens Berman has already taken, and continues to take, significant steps to identify and investigate the Student Rental Plaintiffs' claims and to advance this litigation on behalf of our clients.[40] Hagens Berman is the only firm that investigated RealPage's impact in this unique student housing market, and filed the first and only case proposing to represent students as their own class.[41] Hagens Berman spent many hours talking to impacted students, accessing pricing information and conducting factual analysis to present the allegations in the *Navarro* plaintiffs' complaint, including the following: (1) **Historical statements by RealPage -** Attorneys at Hagens Berman reviewed the historical statements RealPage made to customers and lessors of student housing after RealPage's success launching its software with market participants;[42] (2) **Industry statements on pricing and supply** - Hagens Berman's attorneys poured over the defendants' reports and earnings call transcripts to identify admissions, including communications between industry participants and coordinated pricing decisions;[43] and (3) **Market structure** - Hagens Berman has also retained expert consultants who analyzed the specifics of the student housing market as a separate and unique market, and the economics of the student housing industry.[44]

---

[38] Berman Decl., ¶ 4.

[39] *Id.*

[40] *See* Fed. R. Civ. P. 23(g)(1)(A)(i). MOORE'S FEDERAL PRACTICE § 23.120[3][a] (2007).

[41] Berman Decl., ¶ 9.

[42] Compl., ¶¶ 5, 41, 60.

[43] *Id.*, ¶¶ 4-6, 60-67.

[44] *Id.*, ¶¶ 29, 54-67.

Since the Court's June 1st order, Hagens Berman has intensified its work on a Consolidated Complaint on behalf of the Student Rental Plaintiffs. Hagens Berman has retained additional clients, performed further investigative work, and conducted additional research related to the unique nature of the Student Housing Market in response to the Court's questions at the hearing on May 31.[45] Hagens Berman has also coordinated with all other parties on behalf of the Student Rental Plaintiffs, including providing a list of proposed mediators.[46]

### d. Hagens Berman has the human and financial resources to prosecute these claims.

This Court must be satisfied that counsel "will commit sufficient attorney time and financial resources to vigorously prosecute the putative class's claims."[47] Hagens Berman meets this standard and stands ready to dedicate the resources necessary to represent and protect the interests of the putative class members through rigorous motion practice, discovery, class certification, and trial.[48] Hagens Berman will bring the same resources and commitment here as it has to the complex cases discussed above.[49] Hagens Berman is well-capitalized and possesses some of the largest and most robust investigatory and litigation teams in their field. The firm consistently advances millions of dollars in litigation costs without third-party funding in matters of comparable size and complexity.[50] The firm will approach litigating against the well-funded defendants here with the same advocacy and commitment.

---

[45] Berman Decl., ¶¶ 16-19.

[46] *Id.*, ¶ 14.

[47] *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 289 (N.D. Ill. 2014).

[48] *See* Fed. R. Civ. P. 23(g)(1)(A)(iv).

[49] Berman Decl., ¶ 21.

[50] *Id.*

## CONCLUSION

For these reasons, all Student Rental Plaintiffs request that the Court appoint Hagens Berman Sobol Shapiro LLP, as interim lead counsel and Stranch, Jennings, & Garvey as liaison counsel to represent the proposed class of student renters.

DATED: June 6, 2023.

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman (*pro hac vice*)
*/s/ Breanna Van Engelen*
Breanna Van Engelen (*pro hac vice*)
Stephanie Verdoia (*pro hac vice forthcoming*)
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com
breannav@hbsslaw.com

Rio S. Pierce (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA 94710
E-mail: riop@hbsslaw.com

*Attorneys for Plaintiff Gabriel Navarro, Individually and on Behalf of All Others Similarly Situated*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of June, 2023, pursuant to paragraph 9 of the Court's Practice and Procedures Notice entered April 19, 2023 (Dkt. No. 2), the foregoing document was electronically filed with the Clerk of Court and served by operation of the Court's electronic filing system upon all parties of record.

*/s/ Steve W. Berman*
Steve W. Berman