UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| In re REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (No II) | ) ) ) | Case No. 3:23-md-03071 MDL No. 3071 |
| | ) ) | MOTION TO APPOINT BARRETT |
| This Document Relates To: | ) ) ) | JOHNSTON MARTIN & GARRISON, LLC AND ROBBINS GELLER RUDMAN & DOWD LLP AS INTERIM LIAISON CLASS |
| ALL ACTIONS. | ) ) ) | COUNSEL AND INTERIM LEAD CLASS COUNSEL |

4893-8631-4596.v2

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ..................................................................................................1

II.    ARGUMENT ........................................................................................................3

     A.     Barrett Johnston and Robbins Geller Are Nationally Recognized Leaders in Complex Civil Litigation Having Achieved Record Results in the Middle District of Tennessee and Nationwide..........................................................3

          1.     Barrett Johnston ....................................................................................4

          2.     Robbins Geller ......................................................................................6

          3.     Meet the Team ......................................................................................8

          4.     Robbins Geller Has Unparalleled Financial Resources to Prosecute This Action for as Long as It Takes........................................................12

     B.     The Firms' Proven Success in This District Demonstrates Not Only Their Ability to Work Cooperatively but Also that They Possess the Substantial Resources and Stamina to Bring This Case to a Successful Conclusion..............14

     C.     Robbins Geller Has Served as Lead Counsel in Obtaining Some of the Nation's Largest Antitrust Recoveries..................................................................15

     D.     No Applicants Can Properly Claim a First-Mover Advantage.............................16

III.    CONCLUSION...................................................................................................17

4893-8631-4596.v2

# TABLE OF AUTHORITIES

**Page**

## CASES

*Alaska Elec. Pension Fund v. Bank of Am.*,
No. 14-cv-07126 (S.D.N.Y.) .......................................................................6, 12, 15

*Arrington v. Burger King Worldwide, Inc.*,
No. 1:18-cv-24128 (S.D. Fla.) .....................................................................11

*Bason v. RealPage, Inc.*,
No. 3:22-cv-01611 (S.D. Cal.) .....................................................................16

*Beach v. Healthways, Inc.*,
No. 3:08-cv-00569 (M.D. Tenn.) ..................................................................4

*Dahl v. Bain Cap. Partners, LLC*,
No. 1:07-cv-12388 (D. Mass.) ......................................................................11, 15

*Franchi v. SmileDirectClub, Inc.*,
No. 3:19-CV-00962 (M.D. Tenn.) ................................................................4

*Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*,
No. 3:09-cv-00882 (M.D. Tenn.) ..................................................................3, 5, 12,

*Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*,
2015 WL 13647397 (M.D. Tenn. Jan. 16, 2015)..........................................14

*Grae v. Corr. Corp. of Am.*,
No. 3:16-cv-02267 (M.D. Tenn.) ..................................................................4, 12

*In re Blackbaud Inc. Customer Data Sec. Breach Litig.*,
No. 3:20-mn-02972 (D.S.C.) ........................................................................10

*In re Bridgestone Sec. Litig.*,
No. 3:01-cv-0017 (M.D. Tenn.) .....................................................................4

*In re Cardinal Health, Inc. Sec. Litig.*,
No. 2:04-cv-00575 (S.D. Ohio) .....................................................................15

*In re Dollar Gen. Corp. Sec. Litig.*,
No. 3:01-cv-0388 (M.D. Tenn.) .....................................................................3

*In re Enron Corp. Sec. Litig.*,
No. 4:01-cv-03624 (S.D. Tex.) ......................................................................15

4893-8631-4596.v2

*In re Envision Healthcare Corp. Sec. Litig.*,
    No. 3:17-cv-01112 (M.D. Tenn.) ................................................................................4

*In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*,
    No. 2:17-md-02785 (D. Kan.) ......................................................................3, 11, 15

*In re Facebook Biometric Info. Privacy Litig.*,
    No. 3:15-cv-03747 (N.D. Cal.) ...............................................................................11

*In re HealthSouth Corp. Sec. Litig.*,
    No. 2:03-cv-01500 (N.D. Ala.) ...............................................................................15

*In re Massey Energy Co. Sec. Litig.*,
    No. 5:10-cv-00689 (D. W. Va.) ...............................................................................12

*In re Medtronic, Inc. Sec. Litig.*,
    No. 13-cv-01686 (D. Minn.) ....................................................................................12

*In re Micron Tech., Inc. Sec. Litig.*,
    No. 1:06-cv-00085 (D. Idaho) .................................................................................12

*In re NASDAQ Market-Makers Antitrust Litig.*,
    MDL No. 1023 (S.D.N.Y.) .......................................................................................15

*In re Nat'l Prescription Opiate Litig.*,
    No. 1:17-md-02804 (N.D. Ohio) .........................................................................2, 11

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
    2019 WL 6888488 (E.D.N.Y. Dec. 16, 2019) .........................................................7

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
    No. 1:05-md-01720 (E.D.N.Y.) ...................................................................2, 7, 11, 15

*In re Prison Realty Sec. Litig.*,
    No. 3:99-cv-0452 (M.D. Tenn.) .................................................................................3

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
    No. 1:01-cv-01451 (D. Colo.) .................................................................................15

*In re UnitedHealth Grp. Inc. Sec. Litig.*,
    No. 0:06-cv-01691 (D. Minn.) .................................................................................15

*In re VeriFone Holdings, Inc. Sec. Litig.*,
    No. C-07-6140 (N.D. Cal.) .......................................................................................12

4893-8631-4596.v2

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
  No. 3:15-cv-02672 (N.D. Cal.) ..............................................................................2, 6

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
  No. 5:16-md-02752 (N.D. Cal.) ..................................................................................11

*Indiana Pub. Ret. Sys. v. Cartwright*,
  No. 3:19-cv-00407 (M.D. Tenn.) .................................................................................4

*Jackson Cnty. Emps.' Ret. Sys. v. Ghosn*,
  No. 3:18-cv-01368 (M.D. Tenn.) ............................................................................4, 12

*Jaffe v. Household Int'l Inc.*,
  No. 1:02-cv-5893 (N.D. Ill.) ..................................................................................7, 15

*Jones v. Pfizer, Inc.*,
  No. 1:10-cv-03864 (S.D.N.Y.) ....................................................................................6

*Luther v. Countrywide Fin. Corp.*,
  No. 2:12-cv-05125 (C.D. Cal.) ..................................................................................10

*Morgan v. Realpage, Inc.*,
  No. 2:22-cv-01712 (W.D. Wash.) ...............................................................................16

*Morse v. McWhorter*,
  No. 3:97-cv-0370 (M.D. Tenn.) ....................................................................................4

*Owens v. FirstEnergy Corp.*,
  2020 WL 6873421 (S.D. Ohio Nov. 23, 2020) ............................................................8

*Plumbers & Pipefitters Nat'l Pension Fund v. Burns*,
  No. 3:05-cv-07393 (N.D. Ohio) ..................................................................................13

*Schuh v. HCA Holdings, Inc.*,
  No. 3:11-cv-01022 (M.D. Tenn.) .........................................................................3, 5, 14

*St. Clair Cnty. Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc.*,
  No. 3:18-cv-00988 (M.D. Tenn.) .................................................................................4

*Strougo v. Tivity Health, Inc.*,
  No. 3:20-cv-00165 (M.D. Tenn.) .................................................................................4

*United States ex rel. Goodman v. Arriva Medical, LLC*,
  No. 3:13-cv-00760 (M.D. Tenn.) .................................................................................9

4893-8631-4596.v2

*Winslow v. BancorpSouth, Inc.*,
    No. 3:10-cv-00463 (M.D. Tenn.)...............................................................................................4

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 23 ............................................................................................................................ 3
    Rule 23(g) .........................................................................................................................3
    Rule 23(g)(1)(A)(i) ...........................................................................................................16
    Rule 23(g)(1)(A)(ii) ..........................................................................................................3
    Rule 23(g)(1)(A)(iii) .........................................................................................................3
    Rule 23(g)(1)(A)(iv) .........................................................................................................12

**SECONDARY AUTHORITIES**

Manual for Complex Litigation (Fourth) (2004)
    §10.224...........................................................................................................................4

Heather Vogell, Rent Going Up? One Company's Algorithm Could Be Why, ProPublica (Oct.
    15, 2022), https://www.propublica.org/article/yieldstar-rent-increase-realpage-rent..............16

# I. INTRODUCTION

Barrett Johnston Martin & Garrison, LLC ("Barrett Johnston"), and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") respectfully move, pursuant to this Court's April 19, 2023 and June 1, 2023 Orders (ECFs 3, 243), for their appointment as Interim Liaison Class Counsel and Interim Lead Class Counsel, respectively. Barrett Johnston and Robbins Geller (collectively, the "Firms") have decades of experience prosecuting some of the largest and most complex class actions in this nation's history, including several in this District. Barrett Johnston and Robbins Geller possess unmatched human, financial, and technological resources that they will bring to bear in this litigation. The Firms are well known to this Court for working cooperatively and successfully with other plaintiffs' counsel, defense counsel, and third parties. To the extent the Court intends to appoint individuals rather than firms, Barrett Johnston partner Jerry E. Martin and Robbins Geller partner David W. Mitchell are fully prepared to commit the time necessary to *personally* prosecute this case, with the able assistance of other experienced attorneys and capable paraprofessionals in their respective firms.

Unlike most of the other applicants who seek to lead this case (whose qualifications the Firms do not challenge), both Barrett Johnston and Robbins Geller maintain offices in Nashville because they practice extensively in the Middle District of Tennessee. The Firms have a track record of successfully prosecuting class actions together in this District for more than 25 years. Working together, their unmatched track record has yielded nearly $1 billion in class action recoveries *in this District alone*. Respectfully, there is no combination of firms seeking leadership in this case that comes close to the Firms' joint track record in this District. The Firms' record of success combined with the substantial human and financial resources the Firms bring to bear, positions the Firms to successfully prosecute this case. In short, by appointing these Firms, the Court can be confident that the putative class will be represented by lawyers of the highest caliber,

- 1 -

who possess the tenacity, skill, and resources, as well as the commitment to prosecute this matter to a successful conclusion.

Barrett Johnston and Robbins Geller submit that this case does not need to be burdened with the increased costs and inefficiencies associated with a bloated leadership structure comprised of multiple tiers of co-lead counsel, "steering" committees, and/or sub-committees. Indeed, this action is not overly complicated, arises from straightforward allegations of anticompetitive conduct that, while involving multiple culpable participants, centers around a single entity, RealPage, Inc. Thus, Barrett Johnston and Robbins Geller welcome the opportunity to serve as Interim Liaison Class Counsel and Interim Lead Class Counsel for the putative class if the Court agrees that class members and the Court would be best served by a streamlined structure helmed by lawyers with a proven track record in this District. And if so appointed, Barrett Johnston and Robbins Geller will work cooperatively – but at all times efficiently – with other law firms that have also filed actions in this MDL.

To the extent the Court believes that a multiple lead counsel structure will better serve the interests of the class without creating undue inefficiencies, Barrett Johnston and Robbins Geller would be honored to serve in those same roles with one or more additional law firm(s) from either or each of the other, larger groupings of counsel seeking appointment. Indeed, Robbins Geller has worked collaboratively with most of the other applicants in some of the largest MDL actions in history, including the following: as co-lead counsel in *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 1:05-md-01720 (E.D.N.Y.) (recovering more than $5.5 billion); *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804 (N.D. Ohio) ("*National Opioids*") (recovering more than $50 billion as a member of plaintiffs' executive committee); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 3:15-cv-02672 (N.D.

4893-8631-4596.v2

Cal.) (recovering $17 billion as a member of plaintiffs' settlement class counsel); and *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 2:17-md-02785 (D. Kan.) (recovering $609 million as co-lead counsel).

Messrs. Martin and Mitchell and their law firms are the best choices to represent the Class' interests in this important case, and are willing (as they have in numerous current and past cases) to work efficiently with any other counsel and/or law firm(s) the Court appoints. The Court should appoint Barrett Johnston as Interim Liaison Class Counsel and Robbins Geller as Interim Lead Class Counsel.

## II.     ARGUMENT

As set forth below, Barrett Johnston and Mr. Martin and Robbins Geller and Mr. Mitchell readily satisfy Rule 23(g) of the Federal Rules of Civil Procedure and meet the requirements for appointment of plaintiffs' liaison and lead counsel as set forth in the Court's Orders. Fed. R. Civ. P. 23(g); ECF 3 at 3-4; ECF 243 at 4. Accordingly, Barrett Johnston and Robbins Geller should be appointed Interim Liaison Class Counsel and Interim Lead Class Counsel, respectively.

### A.     Barrett Johnston and Robbins Geller Are Nationally Recognized Leaders in Complex Civil Litigation Having Achieved Record Results in the Middle District of Tennessee and Nationwide

Barrett Johnston and Robbins Geller have achieved unparalleled results for class members in this District.[1] Together, they have recovered the better part of $1 billion for class members in cases brought in in this District alone.[2] The Firms are local, well known to this Court and have a

---

[1]    For this reason and those discussed more fully herein, the Firms stand alone in satisfying Rule 23. Fed. R. Civ. P. 23(g)(1)(A)(ii) & (iii). Unless otherwise noted, citations are omitted and emphasis is added.

[2]    A list of just some of these cases and recoveries include: *Schuh v. HCA Holdings, Inc.*, No. 3:11-cv-01022 (M.D. Tenn.) ($215 million); *In re Dollar Gen. Corp. Sec. Litig.*, No. 3:01-cv-0388 (M.D. Tenn.) ($172.5 million); *In re Prison Realty Sec. Litig.*, No. 3:99-cv-0452 (M.D. Tenn.) ($107 million); *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, No. 3:09-cv-00882 (M.D.

proven track record and vast experience prosecuting complex cases together in this District. Barrett Johnston has practiced at the pinnacle of the legal profession in Nashville for over 60 years, and Robbins Geller has not only maintained a Nashville office for 10 years, but its attorneys have practiced in this District for more than 2.5 decades. In addition to the Firms' numerous historical successes, they currently have multiple complex class actions now pending in this District.[3] The Firms believe it is important to have local lawyers, such as those at Barrett Johnston and Robbins Geller, heavily involved in this litigation.

### 1. Barrett Johnston

During the past 60 years, Barrett Johnston has achieved extraordinary results in this District and has been at the forefront of litigation that has significantly impacted the Nashville community. Under the leadership of our founding partner, George Barrett, the firm got its start in civil rights litigation in the 1960s, representing students involved in the Nashville sit-ins. Over the next several decades, Barrett Johnston lawyers represented parties with challenging and consequential legal matters. Whether it was representing unions at the bargaining table, death row inmates in last minute stays of execution, or a 30-year battle to desegregate higher education in Tennessee, Barrett Johnston has a rich history of taking on complicated and difficult cases and achieving noteworthy results.

---

Tenn.) ($65 million); *Grae v. Corr. Corp. of Am.*, No. 3:16-cv-02267 ($56 million); *Morse v. McWhorter*, No. 3:97-cv-0370 (M.D. Tenn.) ($51 million); *Jackson Cnty. Emps.' Ret. Sys. v. Ghosn*, No. 3:18-cv-01368 (M.D. Tenn.) ($36 million); *In re Bridgestone Sec. Litig.*, No. 3:01-cv-0017 (M.D. Tenn.) ($30 million); *Winslow v. BancorpSouth, Inc.*, No. 3:10-cv-00463 (M.D. Tenn.) ($29.25 million); and *Beach v. Healthways, Inc.*, No. 3:08-cv-00569 (M.D. Tenn.) ($23.6 million).

[3] *Strougo v. Tivity Health, Inc.*, No. 3:20-cv-00165 (M.D. Tenn.); *In re Envision Healthcare Corp. Sec. Litig.*, No. 3:17-cv-01112 (M.D. Tenn.); *Franchi v. SmileDirectClub, Inc.*, No. 3:19-CV-00962 (M.D. Tenn.); *Indiana Pub. Ret. Sys. v. Cartwright*, No. 3:19-cv-00407 (M.D. Tenn.); and *St. Clair Cnty. Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc.*, No. 3:18-cv-00988 (M.D. Tenn.).

4893-8631-4596.v2

The firm handles a diverse portfolio of cases in this District. In addition to representing plaintiffs in class and collective actions, Barrett Johnston's practice in this District ranges from *qui tam* litigations brought pursuant to the False Claims Act ("FCA") to complex white collar and multi-defendant criminal matters. The attorneys at Barrett Johnston are known for their tenacity and commitment to achieving the best possible results for their clients. For example, Paul J. Bruno, who leads Barrett Johnston's criminal defense practice, has tried approximately 15 criminal jury trials (obtained 4 acquittals) in this District alone. This Court has appointed Mr. Bruno to serve as defendants' lead counsel in two complex multi-defendant matters, wherein he is serving as a liaison between the Court and all the defendants and their counsel.

Barrett Johnston is well versed in the role of liaison counsel and Mr. Martin has successfully served in that role multiple times in class actions in this District. For example, Barrett Johnston served as plaintiffs' liaison counsel in *Schuh*, which recovered $215 million for class members, the District's largest class action recovery, and in *Garden City Emps.' Ret. Sys.*, which settled for $65 million on the eve of trial. As liaison counsel in these and other class actions, Barrett Johnston has played a vital role in coordinating the litigation, managing discovery disputes, and handling other vital functions to keep the litigation on track.

The lawyers at Barrett Johnston take pride in their professionalism and their ability to zealously advocate for their clients while treating their adversaries with respect and civility. The Manual for Complex Litigation (Fourth) (2004) ("Manual") advises courts, when making a leadership determination, to take into consideration the "attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court." Manual, §10.224. Barrett Johnston is a logical choice for appointment as Interim Liaison Class Counsel.

4893-8631-4596.v2

### 2. Robbins Geller

With over 200 attorneys in 9 offices around the country, Robbins Geller is the largest and best resourced firm in the nation dedicated to representing plaintiffs in class action litigation, and regularly represents class members in this District. District courts throughout the country, including the judges of this Court, have noted Robbins Geller's reputation for excellence.

For example, Judge Jesse M. Furman recognized Robbins Geller's achievements as co-lead counsel in *Alaska Elec. Pension Fund v. Bank of Am.*, No. 14-cv-07126 (S.D.N.Y.) ("*ISDAfix*"): "You have in my view done an extraordinary service to the class. . . . I think you have done an extraordinary job and deserve thanks and commendation for [achieving a more than $500 million recovery]." Hr'g Tr. (*ISDAfix*, ECF 743) at 27-28.

In *In re Currency Conversion Fee Antitrust Litig.*, where Robbins Geller served as co-lead counsel, the court lauded the firm for providing "extraordinarily high-quality representation" and for litigating with "enormous attention to detail and unflagging devotion to the cause." 263 F.R.D. 110, 129 (S.D.N.Y. 2009), *aff'd*, *Priceline.com, Inc. v. Silberman*, 405 F. App'x 532 (2d Cir. 2010). Approving a $336 million settlement, Judge William H. Pauley III recognized that Robbins Geller had "represented the Class with a high degree of professionalism, and vigorously litigated every issue against some of the ablest lawyers in the antitrust defense bar." *Id.* Similarly, after obtaining a $400 million settlement on the eve of trial, Judge Alvin K. Hellerstein commended Robbins Geller, recognizing:

> Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems. So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . . You did a really good job. Congratulations.

*Jones v. Pfizer, Inc.*, No. 1:10-cv-03864, Hr'g Tr. (ECF 502) at 42-43 (S.D.N.Y.) ($400 million recovery). In *In re Enron Corp. Sec. Deriv. & "ERISA" Litig.*, the court noted that the firm is

"comprised of probably the most prominent securities class action attorneys in the country." 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006) ($7.2 billion recovery).

Similarly, in December 2019, in the largest antitrust case in history, wherein Mr. Mitchell and other Robbins Geller attorneys served as co-lead class counsel and recovered more than $5.5 billion for the Class, in granting final approval of the settlement Chief Judge Margo K. Brodie noted:

> [Robbins Geller and co-counsel] have also demonstrated the utmost professionalism despite the demands of the extreme perseverance that this case has required, litigating on behalf of a class of over 12 million for over fourteen years, across a changing legal landscape, significant motion practice, and appeal and remand. Class counsel's pedigree and efforts alone speak to the quality of their representation.

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2019 WL 6888488, at * 15 (E.D.N.Y. Dec. 16, 2019).

Robbins Geller's proven track record which reflects its fortitude, stamina, and the financial resources, confirms that it will prosecute this case as long as is required to optimize results for class members – even if it requires considerable expenditures. The previously discussed *Payment Card* action was filed in 2005. As co-lead counsel, Robbins Geller litigated (and continues to litigate) the case for 18 years, including through appeals.

*Jaffe v. Household Int'l Inc.*, No. 1:02-cv-5893 (N.D. Ill.), is another example of Robbins Geller's willingness and ability to commit the full weight of its unmatched human and legal talent and financial resources. There, Robbins Geller expended nearly $35 million in actual, out-of-pocket expenses funded over 14 years – entirely from the firm's own capital. Robbins Geller not only tried the case to a favorable jury verdict once, but fought an appeal that partially reversed the judgment. Robbins Geller then sent a dozen lawyers and support staff back to Chicago for several weeks to prepare for and to try the case a ***second time***. The case settled for $1.575 billion on the

- 7 -

morning the second trial was to commence. Notably, Robbins Geller made that unprecedented investment of human and financial resources without borrowing a dime from any source or resorting to any litigation funding.

Finally, in addition to the numerous accolades bestowed on Robbins Geller by courts for the firm's legal prowess and commitment to litigations it has been appointed as lead counsel, courts also recognize Robbins Geller for its deep commitment to diversity. In the pending securities class action against FirstEnergy Corp., where Robbins Geller is the sole court-appointed lead counsel, Chief Judge Algenon Marbley considered and emphasized the diversity of the firm's trial team in making his appointment, specifically, noting:

> This Court is also impressed by Robbins Geller because its proposed leadership team of five lawyers includes one woman and at least two minority lawyers. The firm's overall composition is also diverse: thirteen percent of its partners are minorities, its management committee is comprised of approximately twenty-five percent minorities, and thirty-five percent of its attorneys are female. The Court looks favorably upon this composition because, whenever possible, the Court strives to "appoint a diverse leadership team that is representative of the diversity of the [p]laintiffs." . . . Lead Counsel in this case will represent a large and heterogeneous group of investors, and the Court finds that the diverse team put forth by Robbins Geller is well-suited to represent the plaintiffs' diversity and to act on their behalf.

*Owens v. FirstEnergy Corp.*, 2020 WL 6873421, at *12 (S.D. Ohio Nov. 23, 2020).

If the Court appoints Robbins Geller as Interim Lead Class Counsel it can rest assured it has appointed counsel with the mettle, tenacity, and talent to see this matter through to a successful conclusion.

### 3. Meet the Team

Below are some of the attorneys that will shoulder the responsibility of this litigation should the Court appoint Barrett Johnston as Interim Liaison Class Counsel and Robbins Geller as Interim Lead Class Counsel.

- 8 -

**Barrett Johnston:  Interim Liaison Class Counsel Applicants**



Paul J. Bruno is well known for taking on high profile and difficult criminal cases.  For example, in 2022, Mr. Bruno represented the defendant at trial in the nationally publicized Waffle House shooting case and then, later in the same year, represented one of the defendants in the Mongols Motorcycle prosecution during a three-and-a-half month jury trial before this Court. Mr. Bruno is highly regarded in this District not only for his diligence and work ethic but also his ability to work well and get along with co-counsel, opposing counsel, and courtroom personnel.



Jerry E. Martin served as U.S. Attorney in this District between 2010-2013.  He has served as liaison counsel in numerous class actions in this District that have recouped hundreds of millions of dollars.  In addition to class action work, Mr. Martin represents relators in *qui tam* litigation, including the relator in the 2021 record setting $160 million FCA recovery in this District in *United States ex rel. Goodman v. Arriva Medical, LLC*, No. 3:13-cv-00760 (M.D. Tenn.).

**Robbins Geller Rudman & Dowd:  Interim Lead Class Counsel Applicants**



Aelish Marie Baig is a partner in Robbins Geller's San Francisco office and has litigated a number of cases through jury trial, resulting in multimillion dollar awards and settlements for her clients, and has successfully prosecuted securities fraud, consumer, and derivative actions against corporations such as Juul, Wells Fargo, and Prudential.  Most recently, Ms. Baig co-led the federal MDL bellwether litigation and trial against the opioid industry on behalf of the City and County of San Francisco which resulted in a successful trial verdict against Walgreens, a recovery of hundreds of millions of dollars for the City and billions of dollars on behalf of local governments nationally.

- 9 -



Desiree Cummings is a partner in Robbins Geller's New York City office and focuses her practice on complex securities litigation, consumer and privacy litigation, and breach of fiduciary duty actions. Recently, Ms. Cummings and other Robbins Geller attorneys, along with co-counsel, recovered a record-setting $1 billion for stockholders in a breach of fiduciary duty class action commenced in the State of Delaware Court of Chancery. Ms. Cummings currently serves on plaintiffs' steering committee appointed in *In re Blackbaud Inc. Customer Data Sec. Breach Litig.*, No. 3:20-mn-02972 (D.S.C.), a data breach multi-district litigation pending in the United States District Court for the District of South Carolina. As a former Assistant Attorney General with the New York State Office of the Attorney General, Ms. Cummings prosecuted securities fraud and conducted numerous multi-state investigations.



Ashley M. Kelly is a partner in Robbins Geller's San Diego office and a member of the firm's antitrust and securities fraud practices. In addition to being an attorney, Ms. Kelly is a Certified Public Accountant, and prior to joining the firm, she worked as an auditor of financial statements of mutual funds, hedge funds, and broker-dealers, and later as an advisory consultant where she focused on post-deal accounting and reporting integration and other significant accounting transactions for clients. Ms. Kelly was an important member of the litigation team that obtained a $500 million recovery on behalf of investors in *Luther v. Countrywide Fin. Corp.*, No. 2:12-cv-05125 (C.D. Cal.) which is the largest residential mortgage-backed securities purchaser class action recovery in history.

4893-8631-4596.v2



Stuart A. Davidson is a partner in Robbins Geller's Boca Raton office. Mr. Davidson has played an integral role in numerous successful antitrust cases, including *EpiPen*, where he, and others in the firm, were honored for Outstanding Antitrust Litigation Achievement in Private Practice at the American Antitrust Institute's Antitrust Enforcement Awards, for their $609 million recovery for EpiPen purchasers. As class counsel in the largest data breach in history, Mr. Davidson recovered $117.5 million for victims of the *Yahoo!* data breach in *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 5:16-md-02752 (N.D. Cal.). He also serves as plaintiffs' liaison counsel in a consolidated "no-poach" antitrust class action, *Arrington v. Burger King Worldwide, Inc.*, No. 1:18-cv-24128 (S.D. Fla.).



Paul J. Geller is a partner in Robbins Geller's Boca Raton office. He has served as lead or co-lead counsel in some of the nation's largest, recent antitrust and consumer cases, including *EpiPen* ($609 million recovery), and *In re Facebook Biometric Info. Privacy Litig.*, No. 3:15-cv-03747 (N.D. Cal.) ($650 million recovery). Mr. Geller is also one of the Court-appointed Settlement Negotiation leaders in the *National Opioids* litigation, in which he has helped negotiate over $50 billion in settlements thus far (in addition to overseeing the Robbins Geller team that served as co-lead trial counsel in a successful opioids bellwether trial in which over $300 million was recovered for the City and County of San Francisco).



David W. Mitchell is a partner in Robbins Geller's San Diego office. He is a former federal prosecutor who has tried nearly 20 cases to a jury. As head of the firm's Antitrust and Competition Law Practice Group, he has served as lead or co-lead counsel in numerous cases. Some of his most notable antitrust cases include *Payment Card*, in which a settlement of more than $5.5 billion was approved in the Eastern District of New York, brought on behalf of millions of U.S. merchants against Visa and Mastercard and various card-issuing banks, challenging the way these companies set and collect tens of billions of dollars annually in merchant fees. Other large settlements where he served as co-lead counsel are *Dahl v. Bain Cap. Partners, LLC*, No. 1:07-cv-12388 (D. Mass.), obtaining more than $590

- 11 -

million for shareholders; and *ISDAfix* (recovering $504 million for class members).



Christopher M. Wood is the partner in charge of Robbins Geller's Nashville office. He focuses his practice on complex securities litigation. He has successfully prosecuted several significant class actions in this District, including *Garden City Emps.' Ret. Sys.* ($65 million recovery); *Grae* ($56 million recovery); and *Jackson Cnty. Emps.' Ret. Sys.* ($36 million recovery), as well as recovering hundreds of millions more in actions around the country, including *In re Massey Energy Co. Sec. Litig.*, No. 5:10-cv-00689 (D. W. Va.) ($265 million recovery); *In re VeriFone Holdings, Inc. Sec. Litig.*, No. C-07-6140 (N.D. Cal.) ($95 million recovery); *In re Medtronic, Inc. Sec. Litig.*, No. 13-cv-01686 (D. Minn.) ($43 million recovery); *In re Micron Tech., Inc. Sec. Litig.*, No. 1:06-cv-00085 (D. Idaho) ($42 million recovery).

4. **Robbins Geller Has Unparalleled Financial Resources to Prosecute This Action for as Long as It Takes**

A law firm's ability to cover substantial litigation expenses is particularly important when prosecuting a complex class action case such as this one against multiple well-capitalized defendants advised by the best law firms in the country. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). Events of the last few years have only underscored the importance to class members of conservative financial management by putative class counsel, as the ability and willingness to invest millions of dollars in a case such as this one is often a fundamental component of maximizing class member recoveries. Yet, district courts often have little or no insight into the willingness of class counsel to invest and risk large amounts of their own capital. Instead, in the context of a settlement, district courts assess the fairness of the ultimate result (the proposed settlement) presented to the Court. Yet, courts are left to do so without ever knowing precisely how the settlement process came to yield the result it did. In selecting lead counsel, the Court should give considerable weight to whether a firm has the financial wherewithal and willingness

4893-8631-4596.v2

to fund the millions of dollars in expenses required to maximize recovery for class members. Doing so will enable the Court to be confident that the ultimate result achieved was not hampered by an unwillingness or inability to properly finance the case.

One consequence of the pandemic is that it provided an objective measure of, and window into, law firm financial management. The overwhelming majority of plaintiffs' law firms serving as lead counsel in MDL actions like this one, certified under penalty of perjury to the Federal Government that they required financial assistance to survive the economic downturn. Robbins Geller was one of just a handful of class action law firms which declined to seek or accept financial assistance to weather the financial challenges associated with the pandemic. Instead, Robbins Geller continued to invest in its clients' cases during the pandemic to the tune of tens of millions of dollars without financial aid of any sort.

Robbins Geller's resources afford it the ability to pursue the best interests of the class when many other firms would be forced to throw in the towel. For example, in *Plumbers & Pipefitters Nat'l Pension Fund v. Burns*, No. 3:05-cv-07393 (N.D. Ohio), Robbins Geller spent more than a decade in hard-fought litigation before securing a $64 million recovery for class members, but not before 2 successful appeals to the Sixth Circuit Court of Appeals. Former Chief Judge James G. Carr was sufficiently impressed with Robbins Geller's prosecution of the case that at the final approval hearing, he stated: "I kept throwing the case out, and you kept coming back. . . . And it's both remarkable and noteworthy and a credit to you and your firm that you did so. . . . [Y]ou persuaded the Sixth Circuit. As we know, that's no mean feat at all. . . . [The class is] a lot better off than if you hadn't been as tenacious and as dedicated." Hr'g. Tr. (*Plumbers & Pipefitters Nat'l Pension Fund*, ECF 306) at 4, 14. If appointed Interim Lead Class Counsel, Robbins Geller will

have an unwavering commitment to devoting both the human and financial resources necessary to properly prosecute this case in the best interests of the Class.

**B.** **The Firms' Proven Success in This District Demonstrates Not Only Their Ability to Work Cooperatively but Also that They Possess the Substantial Resources and Stamina to Bring This Case to a Successful Conclusion**

As previously mentioned, Barrett Johnston and Robbins Geller's joint work has recouped nearly a billion dollars for class members *in this District alone*. While the Firms have been recognized repeatedly by the judges of this Court for the quality of the Firms' superior results in class action lawsuits, two recent cases, and the Court's satisfaction with the caliber of representation by the Firms, deserve special mention.

First, in *Schuh*, former Chief Judge Kevin H. Sharp described the Robbins Geller and Barrett Johnston team as "gladiators" in approving a $215 million recovery for class members. This settlement remains the largest class action recovery in the District. Judge Sharp, after considering "the benefit obtained, the effort that you had to put into it, [and] the complexity in this case," approved the settlement after expressing the Court's "apprecia[tion for] the work that you all have done on this." Hr'g Tr. (*Schuh*, ECF 567) at 12-13. Similarly, in *Garden City Emps.' Ret. Sys.*, the Firms together prepared for trial, including putting a 10-person trial team on the ground ready to try the case before it settled on the "courthouse steps" for $65 million. Former Chief Judge William J. Haynes, Jr. expressly recognized that the Firms' "diligent prosecution" in that case was what yielded a "highly favorable result." *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, 2015 WL 13647397, at *1 (M.D. Tenn. Jan. 16, 2015).

Time and time again, Robbins Geller and Barrett Johnston have teamed up to achieve outsized results in this District. And if given an opportunity to do so again, the Firms will work tirelessly together to achieve the best possible outcome for the class here.

- 14 -

**C.    Robbins Geller Has Served as Lead Counsel in Obtaining Some
of the Nation's Largest Antitrust Recoveries**

In antitrust class actions, Mr. Mitchell and Robbins Geller's antitrust practice group have

compiled an impressive roster of historic recoveries.  As co-lead counsel in the *Payment Card*

case, which spanned over 18 years of litigation and appeals, Mr. Mitchell and other Robbins Geller

lawyers obtained over $5.5 billion on behalf of the class, making it the ***largest antitrust recovery***

***in history***.  The Second Circuit recently upheld final approval of the settlement.

Additionally, as co-lead counsel, Robbins Geller has recovered many of the other largest

recoveries in antitrust history:

- *Dahl* (co-lead counsel recovering $590 million recovery);

- *EpiPen* (co-lead counsel recovering $609 million and achieved weeks prior
to 2 trials in certified class action alleging antitrust claims involving the
illegal reverse payment settlement to delay the generic EpiPen);

- *ISDAfix* (co-lead counsel recovering $504 million); and

- *In re NASDAQ Market-Makers Antitrust Litig.*, MDL No. 1023 (S.D.N.Y.)
(co-lead counsel recovering $1.027 billion, ***largest*** antitrust recovery at the
time).

Outside of the antitrust context, Robbins Geller has obtained the largest securities fraud

class action recovery not only in this Circuit, but also in the Fifth, Sixth, Seventh, Eighth, Tenth,

and Eleventh Circuits.[4]  Thus, the Court can be assured that with Mr. Mitchell of Robbins Geller

---

[4]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.2 billion recovery is
largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal
Health, Inc. Sec. Litig.*, No. 2:04-cv-00575 (S.D. Ohio) ($600 million recovery is the largest
securities class action recovery in the Sixth Circuit); *Jaffe* ($1.575 billion recovery is the largest
securities class action recovery following a trial as well as the largest securities class action
recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691 (D.
Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit);
*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451 (D. Colo.) ($445 million recovery
is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec.*

as Interim Lead Class Counsel and Mr. Martin of Barrett Johnston as Interim Liaison Class Counsel, the putative class members here will receive the highest caliber of representation.

### D. No Applicants Can Properly Claim a First-Mover Advantage

Sometimes a law firm researches and files a novel theory and/or develops a proprietary case. That did not occur here, leaving all potential lead counsel applicants in the same position regarding Rule 23(g)(1)(A)(i). Fed R. Civ. P. 23(g)(1)(A)(i). In fact, no party filed a case *prior* to an October 15, 2022 *ProPublica* article that highlighted Defendants' misconduct.[5] Instead, what followed the publication of the *ProPublica* exposé was the filing, for example, of an action in one jurisdiction (the Southern District of California), and strategic refiling of the same case in another jurisdiction (the Western District of Washington) which, in part, resulted in this MDL proceeding.[6] Additionally, some groups of law firms filed scattershot complaints in numerous jurisdictions within days of one another. Others have filed multiple, substantively identical complaints on behalf of multiple additional consumers. Neither Barrett Johnston nor Robbins Geller joined the rush to file repetitive cases in multiple jurisdictions to jockey for position or to attempt to influence the outcome of the MDL. And had they done so, it would hardly be a meritorious basis for the Firms to assert some sort of primacy in their request to lead the case now.

---

*Litig.*, No. 2:03-cv-01500 (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

[5] Heather Vogell, *Rent Going Up? One Company's Algorithm Could Be Why*, *ProPublica* (Oct. 15, 2022), https://www.propublica.org/article/yieldstar-rent-increase-realpage-rent.

[6] *Bason v. RealPage, Inc.*, No. 3:22-cv-01611 (S.D. Cal.) and then *Morgan v. Realpage, Inc.*, No. 2:22-cv-01712 (W.D. Wash.).

- 16 -

No significant litigation has yet taken place here. What is paramount is that counsel experienced and successful in antitrust and class action litigation with the necessary financial and human resources to best represent the Class here be appointed to lead this action.

## III. CONCLUSION

The Barrett Johnston/Robbins Geller team offers a dedicated local presence and proven record of achieving groundbreaking results in this District and around the country. The Firms' longtime partnership will naturally lead to efficiencies in litigating this matter, and the resources they bring to bear are second to none. The personal commitment of Messrs. Martin and Bruno, together with Messrs. Mitchell, Geller, Wood, and Davidson, and Mses. Cummings, Baig, and Kelly, to this case and their decades of experience prosecuting class actions, coupled with Robbins Geller's historic antitrust achievements nationwide, make the Firms the premier candidates for Interim Liaison Class Counsel and Interim Lead Class Counsel.

The Firms respectfully request that the Court appoint Robbins Geller as Interim Lead Class Counsel and Barrett Johnston as Interim Liaison Class Counsel for the Class.

DATED: June 6, 2023

Respectfully submitted,

BARRETT JOHNSTON MARTIN
 & GARRISON, LLC
JERRY E. MARTIN (BPR # 20193)
PAUL J. BRUNO (BPR # 17275)
DAVID W. GARRISON (BPR # 24968)
NICOLE A. CHANIN (BPR # 40239)


s/ Jerry E. Martin
JERRY E. MARTIN

- 17 -

Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com
pbruno@barrettjohnston.com
dgarrison@barrettjohnston.com
nchanin@barrettjohnston.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DAVID W. MITCHELL (*pro hac vice* pending)
ASHLEY M. KELLY
ARTHUR L. SHINGLER III
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
davidm@rgrdlaw.com
ashleyk@rgrdlaw.com
ashingler@rgrdlaw.com

AELISH M. BAIG
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
aelishb@rgrdlaw.com

CHAD JOHNSON
DESIREE CUMMINGS (*pro hac vice* pending)
420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
chadj@rgrdlaw.com
dcummings@rgrdlaw.com

- 18 -

PAUL J. GELLER
STUART A. DAVIDSON
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com

CHRISTOPHER M. WOOD (BPR # 032977)
HENRY S. BATOR (BPR # 040431)
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com
hbator@rgrdlaw.com

Attorneys for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and exact copy of the foregoing *Motion to Appoint Barrett Johnston Martin & Garrison, LLC and Robbins Geller Rudman & Dowd LLP as Interim Liaison Class Counsel and Interim Lead Class Counsel* was filed electronically and served via the CM/ECF system which will send notification to all attorneys of record.

DATED this 6th day of June, 2023.

s/ Jerry E. Martin
JERRY E. MARTIN

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)

Email:  jmartin@barrettjohnston.com