| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>Judge Waverly D. Crenshaw, Jr.<br><br>This document relates to:<br>*Navarro v. RealPage, Inc., et al.*,<br>No. 3:23-cv-00329 |

# HAGENS BERMANS' REPLY IN SUPPORT OF APPLICATION FOR APPOINTMENT AS LEAD COUNSEL ON BEHALF OF THE STUDENT RENTAL PLAINTIFFS AND STRANCH, JENNINGS, & GARVEY AS LIAISON COUNSEL ON BEHALF OF STUDENT RENTAL PLAINTIFFS

Hagens Berman explains in its application why (1) student renters' claims are distinct from multifamily renters' claims and (2) why student rental plaintiffs therefore require separate representation under Rule 23(a)(3)—most notably, because litigation of students' claims will involve: (a) a separate market with distinct geographic locations; (b) a separate scheme; and (c) distinct sets of parties, including a separate set of plaintiffs and largely unique defendants. *See generally* ECF No. 259 at 5–9. Defense counsel also acknowledged the uniqueness of the student market at the May 31 status conference.[1] Hagens Berman has done—and continues to do—substantial work to investigate and prosecute these claims and has specifically retained student housing renters as clients. *Id.* at 9–10. Consistent with this, of the three competing leadership motions submitted to this Court on behalf of multifamily renter plaintiffs, two recognize students' need for separate representation and support Hagens Bermans' appointment as interim lead counsel for students. *See* ECF No. 258 at 14–15; ECF No. 257 at 6–7 & n.11. No firm has objected to the appointment of Stranch, Jennings, & Garvey ("Stranch, Jennings") as liaison counsel for the student housing case.

By contrast, the leadership motion filed by Barrett Johnston and Robbins Geller appears, though frankly and respectfully it is not entirely clear, to propose that their two firms be appointed as liaison and lead counsel for *both* multifamily and student renter plaintiffs. *See generally* ECF No. 260. Hagens Berman acknowledges Robbins Geller and Barrett Johnston's significant qualifications, as well as their record of successful litigation in this district. Hagens Berman has worked cooperatively with both firms so far on this litigation and would be able to

---

[1] *See* May 31, 2023 Hr'g Tr. at 50:2–8 (counsel for Defendant Greystar: "[I]n the real estate property management area, [students and non-students] are considered different types … of entities to lease to … and they have different focuses.").

continue to do so. Nonetheless, Hagens Berman files this response regarding their proposal to be appointed lead counsel for the student rental plaintiffs.

Specifically, Hagens Berman respectfully submits that this would be improper under Rules 23(a)(3) and (g). Robbins Geller and Barrett Johnston do not represent any student clients, and do not propose a leadership structure that includes any firms that have retained student renter plaintiffs—contrary to Rule 23(a)(3). The application, to the extent it seeks to encompass the student housing case, utterly fails to satisfy any of the Rule 23(g) criteria. The firms do not and cannot identify any work or investigation done on behalf of student renters and their unique claims.

Nor do Robbins Geller and Barrett Johnston indicate that they are in the process of preparing a Consolidated Student Rental Complaint for a June 16 filing. They do not discuss any student-specific work, such as hiring economists, conducting research, using investigators, or retaining student class representatives, that they have done on behalf of the Student Rental Class. Once again, this is contrary to Rule 23(g). Because they performed no pre-filing investigation of the multifamily case, these firms also attempt to diminish the unique, extensive pre-filing investigative work done by Berger Montague, Hausfeld, and Lieff Cabraser, *see* ECF No. 258 at 2–4 (describing Berger Montague's investigation dating to October 2021), instead claiming all firms filed following publication of an October 15, 2022 article in *ProPublica*. *See* ECF No. 260 at 16. But even putting that aside, the *ProPublica* article contains no specific discussion of the student housing market or RealPage's products focused on the student market. It is undisputed that only Hagens Berman performed any pre-filing investigation into the student housing case.

More broadly, and perhaps of even more fundamental importance, Hagens Berman is unaware of any case in which a court has given a leadership role to a firm that does not represent

011127-17/2273161 V1

a client with claims typical of the class that firm proposes to represent. To the contrary, this would appear to squarely run afoul of Rule 23(a)(3)'s requirement that "the claims or defenses of the representative parties are typical of the claims or defenses of the class[.]" For example, assume two bank stocks dropped in value due to concerns regarding their liquidity because of overall market conditions (as recently occurred). No one would suggest that a firm's representation of shareholders in the stock of Bank A would, on its own, make it appropriate class counsel for a separate set of shareholders in a case involving Bank B, but this is precisely what the Robbins Geller/Barrett Johnston application appears to propose. This is an overreach in simple terms.

For the foregoing reasons, to the extent Barrett Johnston and Robbins Geller propose representing both multifamily and student renter plaintiffs, Hagens Berman respectfully objects to their request for appointment as interim liaison class counsel and interim lead class counsel. The overwhelming consensus from the applications is that (1) there should be separate counsel for the student housing case (2) that interim lead counsel should be Hagens Berman and Stranch, Jennings should be interim liaison counsel.

DATED: June 8, 2023.  Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman (*pro hac vice*)
*/s/ Breanna Van Engelen*
Breanna Van Engelen (*pro hac vice*)
Stephanie Verdoia (*pro hac vice forthcoming*)
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com
breannav@hbsslaw.com

Rio S. Pierce (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA 94710
E-mail: riop@hbsslaw.com

*Attorneys for Plaintiff Gabriel Navarro,*
*Individually and on Behalf of All Others*
*Similarly Situated*

*/s/ J. Gerard Stranch IV*
J. Gerard Stranch IV (BPR #23045)
STRANCH, JENNINGS, & GARVEY
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
E-mail: gstranch@stranchlaw.com

*Attorney for Plaintiff Bauman,*
*Individually and on Behalf of All Others*
*Similarly Situated*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of June, 2023, pursuant to paragraph 9 of the Court's Practice and Procedures Notice entered April 19, 2023 (Dkt. No. 2), the foregoing document was electronically filed with the Clerk of Court and served by operation of the Court's electronic filing system upon all parties of record.

*/s/ Steve W. Berman*
Steve W. Berman
