UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>This Document Relates to:<br><br>All cases<br><br>**[PROPOSED] PROTOCOL FOR COMMON BENEFIT WORK AND EXEPENSES** |

By this Order, the following protocol shall govern all work for common benefit and expense, in this action, including, among other issues, the exercise of billing judgment; the maintenance of contemporaneous, detailed time records; the periodic reporting of fees, expenses, and costs; staffing; and attendance at court hearings.[1]

## I. Adoption of Case Management Protocols for Common Benefit Work

The Court hereby adopts the following guidelines for the management of case-staffing, timekeeping, cost reimbursement, and related common benefit issues. The recovery of common benefit attorneys' fees and cost reimbursements will be limited to "Participating Counsel."

"Participating Counsel" shall be defined as Interim Co-Lead Counsel ("Lead Counsel"), Liaison Counsel and members of the Plaintiffs Steering Committee ("PSC") (along with members and staff of their respective firms), any other counsel or law firm authorized by Lead Counsel to perform work that may be considered for common benefit compensation, and counsel

---

[1] Nothing in this Order shall be interpreted to affect any proceedings other than those involving the authorities, duties, responsibilities, guidelines, and rules of and for Plaintiffs' counsel, as discussed herein.

who have been specifically approved by this Court as Participating Counsel prior to incurring any such cost or expense.

Eligibility does not pre-determine payment of fees and costs. If and to the extent that this litigation is certified as a class action under Fed. R. Civ. P. 23 for purposes of resolution or trial, any award of fees and costs for common benefit work will be governed by the standards and procedures set forth in Rule 23, including Rule 23(h). In any event, any award of gross common benefit fees or costs from any common fund settlement will be subject to Court approval.

Participating Counsel shall be eligible to receive common-benefit attorneys' fees and reimbursement of costs and expenses only if the time expended, costs incurred, and activity in question were (a) for the common benefit of Plaintiffs; (b) timely submitted; and (c) reasonable. Costs or expenses that fall within the limitations set forth herein shall not be deemed presumptively reasonable, and Lead Counsel and the Court retain its discretion to evaluate any costs or expenses submitted by counsel for reasonableness.

Participating Counsel, as defined above, shall agree to the terms and conditions herein, including submitting to this Court's jurisdiction and agreeing that this Court has plenary authority regarding the award of common benefit attorneys' fees and expense reimbursements in this matter.

Lead Counsel will be responsible for collecting monthly common benefit time and expense submissions from Participating Counsel, auditing such submissions for compliance with the directives set forth in this Order, and informing Participating Counsel when their submissions do not comply with the directives set forth in this Order. Lead Counsel's auditing responsibility notwithstanding, the ultimate determination of what is compensable common benefit work, and the extent or rate at which it is compensable, is within the purview of the Court. Failure to

adhere to these guidelines—or the spirit animating them—will result in the exclusion of consideration for the relevant fee or cost request.

If Participating Counsel are unsure if the action they are about to undertake is considered common benefit work, they shall ask Lead Counsel in advance as to whether such time may be compensable.

A.  **Compensable Common Work Benefit**

"Common Benefit Work" includes all work done and expenses incurred that inure to the common benefit of Plaintiffs in this MDL.

Examples of compensable and non-compensable work include, but are not limited to:

- **Consolidated Pleadings and Briefs:** (i) factual and legal research and preparation of consolidated class action complaints and related briefing; (ii) responding to inquiries from class members; (iii) communications with clients in response to Lead Counsel's requests regarding proposed class representatives; (iv) comments and suggestions regarding the consolidated class action complaints and briefs; and (v) class-related issues and briefing related thereto are compensable.

- **Depositions:** While it is impracticable to impose inflexible rules to cover every conceivable situation, Lead Counsel shall exercise discretion, judgment, and prudence to designate the appropriate number of attorneys to participate in any given deposition commensurate with the nature of that deposition so as to avoid over-staffing. Time and expenses for Participating Counsel not designated as one of the authorized questioners or otherwise authorized to attend the deposition by Lead Counsel may not be considered Common Benefit Work but, rather, considered as attending on behalf of such counsel's individual clients. Unnecessary attendance by counsel may not be compensated in any fee application to the Court.

- **Periodic MDL Status Conferences:** The Court intends to hold periodic status conferences to ensure that the litigation moves forward efficiently, and that legal issues are resolved through formal rulings or guidance from the Court. Individual attorneys are free to attend any status conference held in open court to stay up-to-date on the status of the litigation, but except for Lead Counsel, Liaison Counsel and members of the PSC or their designees, attending and listening to such conferences is not compensable Common Benefit Work. All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their respective clients. Mere attendance at a status conference

will not be considered common benefit time, and expenses incurred in relation thereto will not be considered common benefit expenses. The attorneys designated by Lead Counsel to address issues that will be raised at a given status conference or requested by Lead Counsel to be present at a status conference are working for the common benefit, and their time will be considered for the common benefit. Similarly, any attorney whose attendance at a status conference is specifically requested by the undersigned (or by any other judge presiding over this matter or Court-appointed Special Master) to address a common issue may submit his or her time and expenses for such attendance for evaluation as Common Benefit Work.

- **Identification and Work-Up of Experts:** If a Participating Counsel retains an expert without the knowledge and approval of Lead Counsel, time and expenses attributable to the same may not be approved as Common Benefit Work. On the other hand, communications with and retention of experts with the knowledge and approval of Lead Counsel will be considered common benefit time, subject to the discretion of the Court.

- **Attendance at Seminars:** Except as approved by Lead Counsel, attendance at seminars (*e.g.*, American Antitrust Institute, Committee to Support the Antitrust Laws, American Bar Association Meetings, American Association for Justice Section Meetings, and similar seminars and Continuing Legal Education programs) shall not qualify as Common Benefit Work, and the expenses pertaining thereto shall not qualify as common benefit expenses.

- **Discovery and Document Analysis:** Only discovery and document analysis authorized by Lead Counsel and assigned to an attorney or law firm will be considered Common Benefit Work. If a firm/attorney elects to analyze documents that have not been assigned to them by Lead Counsel, that review may not be considered Common Benefit Work. Descriptions associated with "document analysis" or "document review" should contain sufficient detail to allow those reviewing the time entry to generally ascertain what was reviewed. The descriptions should include, for example, the custodian of the document, topic of review, and/or number of document folders reviewed.

- **Review of Court Filings and Orders:** All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their respective clients, and review of briefs and filings made and orders entered in this litigation is part of that obligation. Only Participating Counsel, and those attorneys working on assignments therefrom that require them to review, analyze, or summarize those filings or orders in connection with their assignments, are doing so for the common benefit. All other counsel are reviewing those filings and orders

for their own benefit and that of their respective clients and such review will not be considered Common Benefit Work.

- **Emails and Correspondence:** Except for Participating Counsel appointed by the Court and their assigned attorneys and staff, time recorded for reviewing emails and other correspondence is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email or other correspondence and that is for the common benefit of plaintiffs. Thus, for example, review of an email or other correspondence sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable as Common Benefit Work.

B.  **Travel Limitations**

Only reasonable expenses will be reimbursed. Except in unusual circumstances approved by Lead Counsel, all travel reimbursements are subject to the following limitations:

- **Airfare:** For routine domestic flights, only the price of a refundable and convenient coach fare seat or its equivalent will be reimbursed. For international travel or transcontinental flights with a total duration exceeding four hours, business class, or if business class is not available, first class, may be reimbursed at Lead Counsel's discretion. Private or charter travel will not be reimbursed except in unusual circumstances, as approved by Lead Counsel.

- **Hotel:** Hotel room charges for the average available room rate of a reasonable business hotel will be reimbursed. Unusually high hotel charges may be reviewed by Lead Counsel and disallowed.

- **Meals:** Meal expenses must be reasonable. Unusually large meal expenses may be reviewed by Lead Counsel and disallowed.

- **Cash Expenses:** Miscellaneous cash expenses for which receipts generally are not available (e.g., tips, luggage handling) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

- **Taxi and/or Automobile Rental:** Taxi expenses and/or automobile rentals must be reasonable for the date and location of the rental. Unusually high taxi or car rental charges may be reviewed by Lead Counsel and disallowed.

- **Mileage:** Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip. The rate will be the maximum rate allowed by the Internal Revenue Service.

C. **Non - Travel Limitations**

- **Long Distance, Conference Call, and Cellular Telephone Charges:** Common benefit long distance, conference call, and cellular telephone charges are to be reported at actual cost.

- **Shipping, Overnight, Courier, and Delivery Charges:** All claimed Common benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

- **Postage Charges:** Common benefit postage charges are to be reported at actual cost.

- **In- House Photocopy:** The maximum charge for common benefit in-house copies is $0.15 per page.

- **Computerized Research – Lexis, Westlaw, or Bloomberg:** Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services.

No entry should contain more than one category of expense when practical, and no entry should have more than one expense category code assigned to it. If, on the same day, one person incurs two expenses that fall into two different categories, then there should be two separate entries for that person for that date, each with the appropriate expense description and category code.

Similarly, when practical, no listed expense entry should include expenses incurred by more than one person. If multiple people incur the same expense for the same category, then generally there should be a separate entry for each person, unless a single person paid the expense for multiple people.

Every expense entry should be as detailed and specific as reasonably practical. Descriptions such as "Filing and Service Fees," "Service of Process," "Plane Ticket," "Investigation Fees," "Hearing Transcript," and "Deposition Services" are not sufficient. Every entry must describe the task for which the expense was incurred in enough detail to reasonably identify what the expense was, who incurred it, why it was incurred, and how it related to Common Benefit Work. For example: What was filed and on behalf of whom? Who was served with what document and on behalf of whom? What hearing transcript was requested and for what purpose? For whom was the plane ticket purchased, for air travel from where to where, on what dates of travel? (The same goes for hotels, taxis, car services, tips, meals, and any other travel-related expenses.) Expense entries without sufficient detail may be rejected at Lead Counsel's discretion. Attorneys must be able to provide receipts for all expenses.

D. **Common Benefit Timekeeping Protocols**

1. **Recording Requirements**

All time must be accurately and contemporaneously maintained. Participating Counsel shall keep contemporaneous billing records of the time spent in connection with Common Benefit Work on this MDL, indicating with specificity the hours (in tenth-of-an-hour increments) and billing rate, along with a description of the particular activity (such as "conducted deposition of John Doe"). Descriptions must bear sufficient detail to identify the precise task and how it related to Common Benefit Work.

Each time entry must be categorized using one of the following categories in Exhibit A: (1) Lead/Liaison/PSC Counsel Calls/Meetings; (2) Lead/Liaison/PSC Counsel Duties, (3) Class/ Client Communications; (4) Administrative; (5) MDL Status Conf.; (6) Court Hearing/Appearance; (7) Research; (8) Discovery; (9) Doc. Review; (10) Litigation Strategy & Analysis; (11) Dep. Prep./Take/Defend; (12) Pleadings/Briefs/Pre-trial Motions/Legal; (13)

Computer Software Analysis; (14) Experts/Consultants; (15) Mediation/Settlement; (16) Trial Prep; (17) Trial; (18) Appeal; (19) Miscellaneous (describe).

Submitting firms shall direct all questions regarding particular timekeeping categories to Lead Counsel. Block-billing time records are not permitted. Time must instead be recorded by task.

### 2.     Hourly Rates

Counsel shall record their then-present hourly rates for all attorneys and staff. Although counsel may seek an award of fees based on their hourly rate at the time a settlement or judgment is reached to account for the delay in payment,[2] their billing records shall be prepared and recorded at the then-present rates in monthly time reports submitted to Lead Counsel. Use of these rates does not guarantee their payment.

### 3.     Document Hosting, eDiscovery and Court Reporting Services

Lead Counsel will put out for bid any document hosting, eDiscovery, Court Reporting, or similar vendor services and strive to get the best services for the best price without sacrificing quality.

Lead Counsel and members of the PSC may use junior associates, contract attorneys, and staff attorneys for initial document analysis and coding; mid-level associates, contract attorneys, and staff attorneys for higher level analysis and coding; and senior attorneys (including partners, as necessary) for top-tier analysis and quality control. Lawyers who perform initial document analysis and coding will be billed at an hourly rate not higher than $350 per hour.

---

[2] The use of a current hourly rate for all hours billed is a permissible way to account for delay in payment. *See, e.g., Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442 (6th Cir. 2009); *Barnes v. City of Cincinnati*, 401 F.3d 729, 745–46 (6th Cir. 2005); *L.H. v. Hamilton Cnty. Dep't of Educ.*, 356 F. Supp. 3d 713, 720 (E.D. Tenn. 2019); *In re UnumProvident Corp. Derivative Litig.*, No. 1:02-CV-386, 2010 WL 289179, at *6 (E.D. Tenn. Jan. 20, 2010).

### E. Common Benefit Expenses Protocol

#### 1. Shared Costs

"Shared Costs" are costs that will be paid out of the Litigation Fund administered by Lead Counsel. Lead Counsel, Liaison Counsel, and each PSC member shall contribute to the Fund at times and in amounts sufficient to cover Plaintiffs' expenses for the administration of this MDL. The timing and amount of each assessment will be determined by Lead Counsel, in consultation with the PSC, and each assessment will be paid within 14 days as instructed by Lead Counsel. Failure to pay assessments will be grounds for removal from the appointments made in previous Court Orders or other common benefit assignments.

Shared Costs are costs incurred for the common benefit of Plaintiffs in this MDL as a whole. No client-related costs shall be considered Shared Costs, unless exceptional circumstances exist and are approved by later order of this Court. All Shared Costs must be approved by Lead Counsel prior to payment.

All costs that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify for submission and payment directly from the Fund:

- Court, filing, and service costs related to common issues;
- Court reporter and interpreter costs for depositions;
- Document (both electronic and hard copy) depository creation, operation, staffing, equipment, and administration;
- Lead Counsel, Liaison Counsel, or PSC out-of-house or extraordinary administration matters (e.g., expenses for equipment, technology, courier services, long distance, electronic service, photocopy and printing, secretarial/temporary staff, meetings and conference calls, etc.);
- Legal, tax, and accountant fees relating to the Fund;
- Expert witness and consultant fees and expenses for experts, with the approval of Lead Counsel;

- Printing, copying, coding, and scanning related to the above (only out-of-house or extraordinary firm costs);

- Research by outside third-party vendors/consultants/attorneys, approved by Lead Counsel;

- Translation costs related to the above, approved by Lead Counsel;

- Bank or financial institution charges relating to the Fund;

- Investigative services, approved by Lead Counsel; and

- Any assessment paid by Lead Counsel, Liaison Counsel, or any member firm of the PSC, or by a non-PSC firm from whom as assessment was requested by Lead Counsel.

- Lead Counsel shall prepare and be responsible for distributing reimbursement procedures and the forms associated therewith. Requests for payments from the Fund for common benefit expenses shall include sufficient information to permit Lead Counsel and a Certified Public Accountant to account properly for costs and to provide adequate detail to the Court if necessary.

2. **Held Costs**

"Held Costs" are those that will be carried by each attorney in this MDL and reimbursed as and when Lead Counsel determines to do so. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the common benefit of all Plaintiffs in this MDL. No client-specific costs can be considered Held Costs, other than certain common-benefit costs relating to class representatives at the discretion of Lead Counsel, Liaison Counsel, and the PSC. Held Costs shall be subject to the travel and administrative limitations set forth in this order.

F. **Protocols for Submission of Time and Expenses**

1. **Format**

For Lead Counsel to maintain all time submissions in a fully sortable and searchable format, all of the time and expense submissions must be provided by submitting counsel in the following format.

1. Counsel must use the Excel forms provided as Exhibits to this Order. This means that each monthly submission will consist of one Excel file, within which there will be four "sheets" (marked by tabs at the bottom): "Expense Report," "Supplemental Expense Report," "Monthly Time Report," and "Monthly Time Report Totals."

2. In the "Monthly Time Report," the person who performed each task should be identified in the column called "Last Name, First Name" by their complete last name, a comma, and their complete first name (e.g., Smith, John). Please do not use abbreviations or initials in this column.

3. In all reports, the date must be provided in month/day/year format (e.g.,05/31/23).

**2. Deadlines**

Time submissions shall be made to Lead Counsel on a monthly basis, by deadlines and in accordance with the guidelines set forth herein. The first submission is due on July 15, 2023 and should include all time and expense from inception of work on the RealPage litigation through June 30, 2023. After this first submission, each monthly submission should include all common benefit time and expenses incurred from the first to the last day of the preceding month (e.g., the submission due August 15, 2023, should contain all common benefit time and expenses incurred from July 1, 2023, through July 31, 2023.

Although counsel should endeavor to submit all common benefit expenses incurred in a certain month in the submission made on the 15th of the next month, the realities of third-party billing and credit card statement schedules may make such quick expense submission difficult in some circumstances. Thus, submissions of "supplemental" common benefit expense reports will be permitted for those expenses incurred during the previous six months that—because of circumstances outside the submitting counsel's control—could not have been submitted by the deadline. Any common benefit expenses submitted more than six months in arrears may not be

considered or included in any compilation of common benefit expense calculation and may be disallowed, except for good cause shown and with approval of Lead Counsel.

Supplemental submissions of common benefit time will be permitted only for good cause shown and with the approval of Lead Counsel.

IT IS SO ORDERED.

DATED:_____, 2023

_____
The Honorable Waverly D. Crenshaw
United States District Judge

Dated: June 22, 2023                              Respectfully Submitted,


                                                  By: */s/ Stacey P. Slaughter*

                                                  Thomas J. Undlin (*pro hac vice*)
                                                  Stacey Slaughter (*pro hac vice*)
                                                  Geoffrey H. Kozen (*pro hac vice*)
                                                  J. Austin Hurt (*pro hac vice*)
                                                  **ROBINS KAPLAN LLP**
                                                  800 LaSalle Avenue, Suite 2800
                                                  Minneapolis, MN 55402
                                                  Telephone:  (612) 349-8500
                                                  Facsimile:  (612) 339-4181
                                                  tundlin@robinskaplan.com
                                                  sslaughter@robinskaplan.com
                                                  gkozen@robinskaplan.com
                                                  ahurt@robinskaplan.com

                                                  David R. Scott (*pro hac vice*)
                                                  Amanda Lawrence (*pro hac vice*)
                                                  Patrick J. McGahan (*pro hac vice*)
                                                  Michael Srodoski (*pro hac vice*)
                                                  G. Dustin Foster (*pro hac vice*)
                                                  **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
                                                  156 South Main Street
                                                  P.O. Box 192
                                                  Colchester, CT 06145
                                                  Telephone: (860) 537-5537
                                                  Facsimile:  (860) 537-4432
                                                  david.scott@scott-scott.com
                                                  alawrence@scott-scott.com
                                                  pmcgahan@scott-scott.com
                                                  msrodoski@scott-scott.com
                                                  gfoster@scott-scott.com

                                                  Patrick J. Coughlin (*pro hac vice*)
                                                  Carmen A. Medici (*pro hac vice*)
                                                  Fatima Brizuela (*pro hac vice*)
                                                  **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
                                                  600 West Broadway, Suite 3300
                                                  San Diego, CA 92101
                                                  Telephone: (619) 798-5325

Facsimile: (619) 233-0508
pcoughlin@scott-scott.com
cmedici@scott-scott.com
fbrizuela@scott-scott.com

Kristen Anderson (*pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
kanderson@scott-scott.com

***Attorneys for Plaintiffs***