UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>This Document Relates to:<br>3:23-cv-00333 |

**DEFENDANT CH REAL ESTATE SERVICES, LLC'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION**

Plaintiffs' claims against CH Real Estate Services, LLC ("CH Real Estate") should be dismissed for lack of personal jurisdiction. CH Real Estate was named in only one complaint in this sprawling multidistrict litigation. However, that complaint was filed in the Western District of Washington, which does not have personal jurisdiction over CH Real Estate. As such, CH Real Estate is not properly part of this MDL and should be dismissed *with prejudice*.

**FACTUAL BACKGROUND**

CH Real Estate was named in only one complaint out of the more than 50 actions transferred to this jurisdiction: *Armas v. RealPage, Inc. et. al*, No. 22-cv-01726-RSL (W.D. Wash.). The *Armas* action was filed by Plaintiffs Lena Armas and Andrea Blum on December 6, 2022 in the Western District of Washington. *Id.*

The *Armas* complaint does not allege, as it could not, that CH Real Estate is a Washington company or that it owns or manages any properties in the State of Washington. To the contrary, it alleges that CH Real Estate is a Delaware limited liability company with its headquarters in Nashville, Tennessee. *See* Armas Compl. ¶ 19; Carter Decl. at ¶ 2.[1] In fact, Plaintiffs in the *Armas*

---

[1] The declarant electronically executed the attached declaration. If requested, an executed declaration containing a wet signature can be provided.

complaint do not allege any connections between themselves and Washington at all: Plaintiff Armas alleges she is a resident of North Carolina and rented a multifamily residential unit from CH Real Estate in Charlotte, North Carolina, Armas Compl. at ¶ 15, and Plaintiff Blum claims to be a resident of Florida and rented a multifamily residential unit from Greystar Real Estate Partners, LLC in Delray Beach, Florida. *Id.* at ¶ 16. There are no other allegations about CH Real Estate, at all, in the *Armas* complaint.

On June 16, 2023, nine MDL plaintiffs filed a consolidated amended complaint ("CAC") in this MDL. Dkt. 291. Neither Armas nor Blum were among those named as class representatives, and there are no mentions of either Armas or Blum in the CAC. *Id.*

On June 30, 2023, counsel for CH Real Estate met and conferred with the Plaintiffs' counsel in an effort to resolve the instant motion. Plaintiffs declined to remove CH Real Estate from the case and took no actions to attempt to address the jurisdictional defects with their claims against CH Real Estate. On July 5, 2023, Plaintiffs amended the CAC to remove at least one other Defendant from the case, but the claims against CH Real Estate remain. Dkt. 314. Thus, the Court's intervention is necessary to resolve this issue.

**LEGAL STANDARD**

It is axiomatic that in MDL actions, like this one, personal jurisdiction over a defendant must be established for the transferor court—that is, the original court in which the defendant was sued. *Kalama v. Matson Navigation Co.*, 875 F.3d 297, 309 (6th Cir. 2017). When the transferor court lacks personal jurisdiction, dismissal of the defendant is warranted. *Id.* ("[T]he MDL court appropriately dismissed defendant–appellees after deciding that the [transferor court] could not exercise personal jurisdiction over them."); *In re FCA US LLC Monostable Elec. Gearshift Litig.*, No. 16-md-02744, 2017 WL 11552971, at *2, *6 (E.D. Mich. Apr. 19, 2017) (dismissal of defendant from MDL on grounds that transferor court lacked personal jurisdiction "in the first

instance"); *In re Papst Licensing GMBH & Co. KG Litig.*, 602 F. Supp. 2d 10, 14 (D.D.C. 2009) (same).

Here, Plaintiffs bear the burden to establish personal jurisdiction over CH Real Estate in Washington. In order to establish personal jurisdiction, a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subject to personal jurisdiction. *DiscoverOrg Data LLC v. NDivision Servs.*, No. C19-5508RBL, 2019 WL 4858429, at *1 (W.D. Wash. Oct. 2, 2019). Under Washington's long-arm statute, which is the applicable law here, the court must determine whether the exercise of personal jurisdiction in Washington comports with due process. *Shute v. Carnival Cruise Lines*, 113 Wash. 2d 763, 771, 783 P.2d 78 (1989); *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1405 (9th Cir. 1994); *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1329-30 (Fed. Cir. 2008). Here, personal jurisdiction over CH Real Estate in Washington does not do so.

## ARGUMENT

In the *Armas* complaint, Plaintiffs set forth two theories to support their claim for personal jurisdiction over CH Real Estate in the Western District of Washington: (1) Washington's long-arm statute and (2) Section 12 of the Clayton Act, 15 U.S.C. § 22.[2] Armas Compl. at ¶ 42. Both theories fail.

### A. **Washington's long-arm statute does not confer personal jurisdiction over CH Real Estate.**

A defendant may be subject to either general or specific personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 & n. 9 (1984). A defendant is subject to general personal jurisdiction only where the defendant's contacts with a forum are "substantial"

---

[2] The *Armas* Plaintiffs also cite Federal Rule of Civil Procedure 4(h)(1)(A). This rule, however, merely addresses service of process, and does not provide a basis for a forum court's exercise of personal jurisdiction over a foreign defendant. Fed. R. Civ. P. 4(h)(1)(A).

3

or "continuous and systematic." *Easter v. Am. W. Fin.*, 381 F.3d 948, 960-61 (9th Cir. 2004). Specific personal jurisdiction applies if "(1) the defendant has performed some act or consummated some transaction within the forum state or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Id.*

CH Real Estate is not subject to either general or specific personal jurisdiction in Washington.

### 1. The Western District of Washington lacks general personal jurisdiction over CH Real Estate.

To establish general personal jurisdiction, Plaintiffs must show that CH Real Estate is virtually "at home" in the State. A defendant is "at home," and therefore subject to general personal jurisdiction, only where the defendant's contacts with a forum are "substantial" or "continuous and systematic." *Easter*, 381 F.3d at 960. For limited liability companies, like CH Real Estate, "home" is where the company is formed or has its principal place of business. *Dodo Int'l Inc. v. Parker*, No. C20-1116-JCC, 2021 WL 4060402, at *3 (W.D. Wash. Sept. 7, 2021) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)).

Here, there can be no dispute the Western District of Washington lacks general personal jurisdiction over CH Real Estate. CH Real Estate is a Delaware limited liability company with its principal place of business in Nashville, Tennessee. Armas Compl. at ¶ 19; Carter Decl. at ¶ 2. Thus, general personal jurisdiction over CH Real Estate does not exist in Washington.

### 2. The Western District of Washington lacks specific personal jurisdiction over CH Real Estate.

Specific personal jurisdiction exists when the defendant has minimum contacts with the forum and the suit "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Helicopteros*, 466 U.S. at 414, n.8. Courts assessing specific personal jurisdiction under

Washington's long-arm statute have found the following is required to exercise such jurisdiction over a foreign defendant: (1) the defendant *purposefully directed its activities toward Washington* or availed itself of the privilege of conducting activities in Washington; (2) the at-issue claims *arise out of defendant's Washington-related activities*; and (3) the exercise of jurisdiction would be reasonable. *Easter*, 381 F.3d at 960-61 (emphasis added) (citing *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)).

Plaintiffs cannot establish any of these elements. Plaintiffs do not provide any factual allegations in the *Armas* complaint to show either that CH Real Estate purposefully directed its activities at Washington or that the Plaintiffs' claims arise out of any activities by CH Real Estate in Washington. There are no allegations about CH Real Estate having taken any action in Washington. To the contrary, the only allegations in the complaint about CH Real Estate relate to it owning and managing a property in North Carolina—on the other side of the country from Washington. The lack of any such allegations makes sense, of course, given that CH Real Estate has never owned or managed any properties in the state of Washington. Carter Decl. at ¶ 3. Thus, no alleged injury did or could arise out of CH Real Estate's purported renting of properties in Washington. *Bancroft & Masters, Inc.*, 223 F.3d at 1087 (recognizing personal jurisdiction requires "express aiming" at the forum state) (citing *Calder v. Jones*, 465 U.S. 783 (1984)).

Even if Plaintiffs could establish these first two elements, which they cannot, it would be unreasonable to subject CH Real Estate to personal jurisdiction in Washington. In fact, the only connection between CH Real Estate and Washington is that CH Real Estate has one member who works remotely from Washington. This member has no job responsibilities that involve Washington at all, given that CH Real Estate does not, and has not, owned or managed any properties in Washington. Carter Decl. at ¶¶ 4-5. Courts have repeatedly rejected attempts to

establish personal jurisdiction based on the mere presence of a limited liability company member or remote employees in the forum. *See, e.g., Silver Valley Partners., LLC v. De Motte*, 400 F. Supp. 2d 1262, 1268 (W.D. Wash. 2005) ("the mere presence in Washington of a member of an out-of-state limited liability company does not, standing alone, meet the test for either general or specific jurisdiction"); *see also Sunline USA, LLC v. Glove King, LLC*, No. 22-1689, 2022 WL 16696069, at *5 (E.D. Pa. Nov. 3, 2022) (finding no personal jurisdiction over company where managing member lived and worked remotely in the forum state but did not direct acts at that state); *Crosson v. TMF Health Quality Inst.*, No. 20-18800, 2023 U.S. Dist. LEXIS 49371, at *16-17 (D.N.J. Mar. 22, 2023) (finding no personal jurisdiction in New Jersey even though one remote employee lived in New Jersey and defendant "has never had an office in the State of New Jersey and conducts no business in the State of New Jersey") (internal citations omitted); *Walburn v. Rovema Packaging Machs., L.P.*, No. 07-3692, 2008 WL 852443, at *7 (D.N.J. Mar. 28, 2008) (holding remote employee in forum state was "insufficient to establish personal jurisdiction"); *Carpenter v. S. Airways Express*, No. 2:21-cv-568, 2021 WL 5937749, at *5 (S.D. Ohio Dec. 16, 2021) (collecting cases holding the same). Under these circumstances, exercising personal jurisdiction over CH Real Estate in Washington would simply fail to "comport with fair play and substantial justice." *Easter*, 381 F.3d at 961.

### B. CH Real Estate is not subject to the personal jurisdiction in Washington under the Clayton Act.

Plaintiffs' contention that the Western District of Washington has personal jurisdiction over CH Real Estate pursuant to Section 12 of the Clayton Act is also wrong. Armas Compl. at ¶ 42.

Section 12 of the Clayton Act provides that antitrust actions "against *a corporation* may be brought … in any district wherein it may be found or transacts business…." (emphasis added).

However, courts have repeatedly held it only applies to corporations and does not apply to limited liability companies, like CH Real Estate. *San Francisco Comprehensive Tours, LLC v. Tripadvisor, LLC*, No. 2:20-cv-02117-GMN-DJA, 2021 WL 4394253, at *5 (D. Nev. Sept. 24, 2021) ("Multiple district courts and the Third Circuit have strictly construed the statute and excluded limited liability companies from Section 12 of the Clayton Act … Similarly here, Plaintiff is not a corporation, so Section 12 of the Clayton Act does not apply to Plaintiff…The Court sees no reason to depart from the other courts' plain language reading of Section 12 of the Clayton Act") (citing *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 875 (3d Cir. 1944)); *Radio Music License Comm., Inc. v. Global Music Rights, LLC*, No. 16-6076, 2017 U.S. Dist. LEXIS 196980, at *41 (E.D. Pa. Nov. 29, 2017) ("The jurisdictional clause of Section 12 of the Clayton Act simply does not apply here. GMR is neither a foreign-country defendant nor a corporation—it is a domestic limited liability company."); *World Skating Fed'n v. Int'l Skating Union*, 357 F. Supp. 2d 661, 664 (S.D.N.Y. 2005) ("Section 12 as written, and as interpreted, does not apply to entities that simply share common attributes with corporations. It applies only to corporations."); *McManus v. Tato*, 184 F. Supp. 958, 959 (S.D.N.Y. 1959) ("While section 12 of the Clayton Act authorizes such service in antitrust suits, it applies only to corporations.").

Because CH Real Estate is a limited liability company, and not a corporation, Plaintiffs may not invoke Section 12 of the Clayton Act to assert personal jurisdiction over it.

### C. **Dismissal with Prejudice is Warranted.**

Dismissal of the claims against CH Real Estate with prejudice is warranted here. Through at least the meet and confer process, Plaintiffs were given due notice of the jurisdictional defects of their claims against CH Real Estate with an opportunity to attempt to remedy those defects before CH Real Estate had to bring this motion. Despite taking steps to amend their complaint,

which included removing at least one defendant from the case, Plaintiffs declined to take any actions to remedy the jurisdictional defects as to CH Real Estate. Dkt. 314. Because Plaintiffs have already amended the CAC once, and these defects remain, dismissal of CH Real Estate from the MDL *with prejudice* is appropriate. *See FDIC v. Bank of Am. Secs. LLC*, 934 F. Supp.2d 1219, 1238 (C.D. Cal. 2013) (dismissing MDL defendant with prejudice where transferor court lacked personal jurisdiction); *Fend v. Allen-Bradley Co.*, No. 17-cv-01701, 2019 WL 62421119, at *1-2 (E.D. Pa. Nov. 20, 2019) (same).

## CONCLUSION

Plaintiffs have not, and cannot, allege facts to support the Western District of Washington's exercise of personal jurisdiction over CH Real Estate. As such, CH Real Estate respectfully requests that this Court dismiss it *with prejudice* from this litigation.

Dated: July 7, 2023

Respectfully submitted,

*/s/ J. Douglas Baldridge*
J. Douglas Baldridge
jbaldridge@venable.com
Danielle R. Foley
drfoley@venable.com
Andrew B. Dickson
abdickson@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
(202) 344-4703

*Counsel for Defendant
CH Real Estate Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered on the CM/ECF system.

DATED this 7th day of July 2023.

/s/ *J. Douglas Baldridge*