UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-MD-3071<br>MDL No. 3071<br><br>**This Document Relates to:**<br>3:23-cv-00330 (M.D. Tenn.)<br>3:23-cv-00333 (M.D. Tenn.)<br>3:23-cv-00337 (M.D. Tenn.)<br>3:23-cv-00339 (M.D. Tenn.)<br>3:23-cv-00387 (M.D. Tenn.)<br>3:23-cv-00389 (M.D. Tenn.)<br>3:23-cv-00414 (M.D. Tenn.)<br><br>**Chief Judge Waverly D. Crenshaw, Jr.** |

**MEMORANDUM IN SUPPORT OF BH MANAGEMENT SERVICES, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiffs named BH Management Services, LLC ("BH") as a Defendant in seven complaints that were originally filed in the Western District of Washington and which are now consolidated in this Court for pretrial proceedings (the "Washington Actions").[1] The Court should dismiss BH from the Washington Actions because BH is not subject to personal jurisdiction in the Western District of Washington.

---

[1] The actions were originally filed in the Western District of Washington as *Morgan v. RealPage, Inc.*, 2:22-cv-01712 (W.D. Wash.); *Armas v. RealPage, Inc.*, 2:22-cv-01726 (W.D. Wash.); *Pham v. RealPage, Inc.*, 2:22-cv-01744 (W.D. Wash.); *Moore v. RealPage, Inc.*, 2:22-cv-01826 (W.D. Wash.); *Crook v. RealPage, Inc.*, 2:23-cv-00054 (W.D. Wash.); *Kramer v. RealPage, Inc.*, 2:23-cv-00198 (W.D. Wash.); and *Weller v. RealPage, Inc.*, 2:23-cv-00548 (W.D. Wash.). BH was also named in an action originally filed as *Navarro v. RealPage, Inc.*, 2:22-cv-01552 (W.D. Wash.), which was consolidated in this Court under case number 3:23-cv-00329 (M.D. Tenn.). That case has since been voluntarily dismissed. *See* Dkt. 308.

As the transferee court in this multi-district litigation, the Court may exercise jurisdiction in each consolidated action only "if the transferor court . . . has jurisdiction over a defendant in the transferor court's forum." *In re Telectronics Pacing Sys., Inc.*, 953 F. Supp. 909, 913 (S.D. Ohio 1997). Plaintiffs assert that BH is subject to personal jurisdiction in the consolidated actions, including the Washington Actions, under Section 12 of the Clayton Act. *See* Multifamily First Am. Compl. ("MAC") ¶¶ 30-31, Dkt. 314. In a private antitrust suit against a "corporation," Section 12 authorizes a court to exercise jurisdiction over the corporation so long as it has minimum contacts with the United States as a whole. *See* 15 U.S.C. § 22.

Section 12 does not apply to BH because it is a limited liability company ("LLC"), not a corporation. Nor is BH subject to jurisdiction in Washington under traditional principles. BH is not subject to general jurisdiction in Washington because it is not "at home" there: BH is an Iowa LLC headquartered in Iowa. And Plaintiffs' claims against BH do not arise out of or relate to any contacts with Washington—the lynchpin for specific jurisdiction—since BH does not transact any business and has no operations in Washington.

The Court should therefore dismiss BH from the Washington Actions under Federal Rule of Civil Procedure 12(b)(2).

## BACKGROUND

BH is a limited liability company organized under Iowa law, and its headquarters and principal place of business are in Des Moines, Iowa. Declaration of Brandy Daniel ("Daniel Decl.") ¶¶ 5-6; MAC ¶ 50. As part of its multifamily property management business, BH contracts with owners of real property to manage residential rental units. Daniel Decl. ¶ 10. From at least as early as January 1, 2010, BH has not had any presence, owned any assets, or managed any residential rental units in Washington. *Id.* ¶¶ 7-11. In recent years, BH has employed a small handful of employees who worked remotely from Washington; it currently has five remote

employees there. *Id.* ¶ 12. None of these employees have had any responsibilities relating to using RealPage's revenue management software (except to the extent necessary to provide technology maintenance and support) or deciding whether to use RealPage software at any property managed by BH. *Id.* Nor has any of these remote employees been involved in negotiating or setting prices for rental units managed by BH. *Id.*

## LEGAL STANDARD[2]

In multidistrict litigation consolidated for pretrial purposes under 28 U.S.C. § 1407, "a transferee court can exercise personal jurisdiction only to the same extent as the transferor court could." *In re ClassicStar Mare Lease Litig.*, 2008 WL 3077732, at *1-2 (E.D. Ky. 2008); *see Kalama v. Matson Navigation Co.*, 875 F.3d 297, 302 (6th Cir. 2017). To determine whether it has jurisdiction over a defendant, the transferee court "must apply the [state] law of the transferor forum," *ClassicStar Mare*, 2008 WL 3077732, at *1, but issues of federal law are decided according to the law of the Circuit in which the transferee court sits, *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 82 n.4 (2d Cir. 2018). Filing a consolidated amended complaint does not eliminate the individual character of the transferred actions or change the locus of the personal-jurisdiction analysis. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 592 (6th Cir. 2013) ("[W]hen the pretrial phase ends and cases not yet terminated return to their originating courts for trial, the plaintiffs' actions resume their separate identities."); *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 2017 WL 11552971, at *2-3 (E.D. Mich. 2017) (holding that even where plaintiffs file a consolidated amended complaint, "[p]ersonal jurisdiction . . . must be assessed under the rules that apply in the transferor court").

---

[2] Unless otherwise noted, all quotation marks and citations are omitted and emphasis is added.

"The party seeking to establish the existence of personal jurisdiction bears the burden to establish such jurisdiction . . . over each defendant independently." *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014). In the context of a Rule 12(b)(2) motion, the "plaintiff must first make a prima facie case" of jurisdiction by "establish[ing], with reasonable particularity," through allegations or evidence, "sufficient contacts between the defendant and the forum state." *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020). "The burden then shifts to the defendant, whose motion to dismiss must be properly supported with evidence. . . . Once the defendant has met the burden, it returns to the plaintiff, who may no longer stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.* "[B]road, conclusory allegations are insufficient to establish personal jurisdiction," and also do not provide a basis for permitting jurisdictional discovery. *Cabinets to Go, LLC v. Qingdao Haiyan Real Est. Grp. Co.*, 605 F. Supp. 3d 1051, 1061 (M.D. Tenn. 2022) (Crenshaw, J.).

## ARGUMENT

### I. Because BH is Not a Corporation, Plaintiffs Cannot Rely on Section 12 of the Clayton Act to Subject It to Personal Jurisdiction in Washington.

Plaintiffs do not allege a prima facie case that BH is subject to personal jurisdiction in the Washington Actions under Section 12 of the Clayton Act. Section 12 provides that in a private antitrust suit "against a corporation," "all process in such cases may be served in the district of which [the corporation] is an inhabitant, or wherever it may be found." 15 U.S.C. § 22. In practice, this means a court can exercise jurisdiction over a corporation so long as it has "sufficient minimum contacts with the *United States*," rather than with the particular forum state. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012) (emphasis in original).

4

Section 12 does not authorize jurisdiction over BH in the Washington Actions because BH is not a "corporation." MAC ¶ 50; Daniel Decl. ¶ 5. BH is an LLC, and "LLCs are not corporations." *Akno 1010 Mkt. Street St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022); *see* Iowa Code Ann. § 491.140(58)(b) (LLCs are "unincorporated entit[ies]"). For more than 60 years, courts have held that Section 12 does not apply to organizations, associations, and other non-corporate business entities.[3] And "[m]ultiple district courts and the Third Circuit have strictly construed the statute and excluded limited liability companies from Section 12 of the Clayton Act." *S.F. Comprehensive Tours, LLC*, 2021 WL 4394253, at *5. Thus, in *Radio Music License Committee v. Global Music Rights*, the court held that an LLC was not subject to Section 12 because it was "a domestic entity that is not a corporation." 2019 WL 1437981, at *21. So too here: BH is not a corporation, so Section 12 simply does not apply to it.

---

[3] *See, e.g.*, *S.F. Comprehensive Tours, LLC v. Tripadvisor, LLC*, 2021 WL 4394253, at *5 (D. Nev. 2021) (Section 12 did not apply to LLC); *Radio Music License Comm., Inc. v. Glob. Music Rts., LLC*, 2019 WL 1437981, at *21 (E.D. Pa. 2019) (Section 12 did not apply to a "domestic entity that is not a corporation"); *World Skating Fed'n v. Int'l Skating Union*, 357 F. Supp. 2d 661, 664 (S.D.N.Y. 2006) ("[Section 12] does not apply to other entities that simply share common attributes with corporations"; declining to apply Section 12 to an "association formed under the laws of Switzerland"); *Kingsepp v. Wesleyan Univ.*, 763 F. Supp 22, 25-26 (S.D.N.Y. 1991) ("Section 12's nationwide service of process provision applies to corporations, and has been narrowly construed"; Section 12 did not apply to a "trust organized under a charter issued in the name of King George III of Britain"); *Cal. Clippers, Inc. v. U.S. Soccer Football Ass'n*, 314 F. Supp. 1057, 1061 (N.D. Cal. 1970) ("NASL is . . . an unincorporated association, not a corporation, so Clayton Act § 12 is . . . inapplicable by its own terms to provide for service of process against NASL in this action."); *Pac. Seafarers, Inc. v. Pac. Far E. Line*, 48 F.R.D. 347, 349 (D.D.C. 1969) (Section 12 did not apply to "voluntary associations"); *Thill Secs. Corp. v. N.Y. Stock Exch.*, 283 F. Supp. 239, 242 (E.D. Wis. 1968) (Section 12 did not apply to the New York Stock Exchange, which was an "unincorporated association"); *McManus v. Tato*, 184 F. Supp. 958, 959 (S.D.N.Y. 1959) (Section 12 "necessarily excludes individuals and voluntary associations from those amenable to extraterritorial service").

**II.   Because BH Does Not Do Business in Washington, It is Not Subject to Personal Jurisdiction in the Washington Actions.**

Since Section 12 of the Clayton Act does not apply, Plaintiffs cannot assert personal jurisdiction over BH in the Washington Actions unless it comports with both the applicable state long-arm statute and due process. *See AlixPartners, LLP v. Brewington*, 836 F.3d 543, 548-49 (6th Cir. 2016). The relevant long-arm statute is Washington's. *See In re Papst Licensing GMBH & Co. KG Litig.*, 602 F. Supp. 2d 10, 14 (D.D.C. 2009) ("[T]he transferee court must apply the law of the transferor forum to determine personal jurisdiction."). The long-arm and due process analyses are coterminous here, since "Washington's long-arm statute extends jurisdiction over a defendant to the fullest extent permitted by the Due Process Clause." *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012) (citing Wash. Rev. Code § 4.28.185; *Shute v. Carnival Cruise Lines*, 783 P.2d 78, 82 (Wash. 1989)).

There are "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 582 U.S. 255, 262 (2017). Plaintiffs do not allege a prima facie case of either type, and nor could they. The record conclusively establishes that BH is not subject to general or specific jurisdiction in Washington.

**A.   BH is not subject to general personal jurisdiction in Washington because it is not "at home" in that state.**

"General jurisdiction is proper only where a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002). In *Daimler AG v. Bauman*, 571 U.S. 117 (2014), the Supreme Court held that a corporation ordinarily is "at home"—and therefore subject to general personal jurisdiction—only in its state of incorporation and the state in which its principal place

6

of business is located. *Id.* at 137-42. LLCs similarly are "'at home' for purposes of general jurisdiction in the states where they were organized and where they have their principal place of business." *Butler v. Adient US, LLC*, 2021 WL 2856592, at *1 (N.D. Ohio 2021); *see also, e.g.*, *White v. Mow It Right, LLC*, 2019 WL 3859789, at *4 (W.D. Tenn. 2019).

BH is an Iowa LLC with a principal place of business in Des Moines. Daniel Decl. ¶¶ 5-6. As such, BH is not "at home" in Washington. *See Convenience Network, Inc. v. AATAC, LLC*, 2018 WL 10195667, at *2 (E.D. Tenn. 2018) (holding that a Florida LLC with a principal place of business in Florida was not subject to general jurisdiction in Tennessee). Nor does BH have any other "continuous and systematic" contacts with Washington. *See Daimler AG*, 571 U.S. at 139 n.19 (only in an "exceptional case" can court exercise general jurisdiction over out-of-state entity).

*Bird v. Parsons*, 289 F.3d 865 (6th Cir. 2002), is instructive. There, the Sixth Circuit held that a website domain company was not subject to general jurisdiction in Ohio, even though more than 4,000 Ohioans allegedly had registered websites through the company. *Id.* at 873-74. That activity was not sufficiently "continuous and systematic" to confer general jurisdiction because the company had no offices in Ohio, was not licensed to do business in Ohio, had no banks accounts in Ohio, and had no business operations in Ohio. *Id.* This mirrors the situation here: BH does not own, manage, use, or possess any property in Washington; it is not licensed to do business in Washington; it has no bank accounts in Washington; and it has no business operations in Washington. Daniel Decl. ¶¶ 7-11. And the presence of a few remote employees in Washington does not make BH "at home" there. *See Esslinger v. Endlink, LLC*, 2023 WL 3931505, at *6-7 & n.8 (N.D. Ga. 2023) (company's "principal place of business" did not "bec[o]me Georgia" simply because CEO lived and worked remotely from Georgia).

**B. BH is not subject to specific personal jurisdiction in Washington because Plaintiffs' claims do not arise out of or relate to BH's *de minimis* contacts with that state.**

This Court cannot exercise specific jurisdiction over BH in the Washington Actions unless Plaintiffs' claims "arise out of or relate to [BH's] contacts with [Washington]." *See Bristol-Myers*, 582 U.S. at 262 (cleaned up). Plaintiffs have not alleged (and cannot adduce) facts to establish specific jurisdiction in the Washington Actions because BH's scant contacts with Washington have nothing to do with Plaintiffs' claims.

"The Sixth Circuit has identified three criteria for specific jurisdiction: 'First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.'" *Hosp. Auth. of Metro. Gov't of Nashville v. Momenta Pharms., Inc.*, 353 F. Supp. 3d 678, 690 (M.D. Tenn. 2018) (Crenshaw, J.) (quoting *AlixPartners*, 836 F.3d at 549-50). "If any of the three requirements is not met, personal jurisdiction may not be invoked." *Id.* (quoting *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 680 (6th Cir. 2012)). Plaintiffs do not meet any of the three requirements here.

*First*, BH has not purposefully availed itself of the privilege of acting or causing consequences in Washington. It has no meaningful contacts with Washington (*supra* at pp. 2-3, 6-7), and certainly none suggesting it *purposefully* "create[d] a 'substantial connection' to [Washington], such that [it] should reasonably anticipate being haled into court there." *Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.*, 692 F.3d 469, 470-73 (6th Cir. 2012). Plaintiffs have not alleged—and could not adduce evidence proving—that BH hired a few remote employees in Washington *because* they live there. *See Esslinger*, 2023 WL 3931505, at *6 (no specific

8

personal jurisdiction in Georgia where CEO worked remotely from Georgia because defendant employer did not seek "to have work conducted in" Georgia and CEO's "decision to work from Georgia was unilateral and purely incidental to his work as CEO"). As courts widely hold, merely employing individuals in a state is not purposeful availment.[4]

*Second*, Plaintiffs' claims do not arise from BH's contacts with Washington. "Arising from" means the "cause of action must be proximately caused by the defendant's contacts with the forum state." *Beydoun*, 768 F.3d at 507-08. Plaintiffs allege a conspiracy to use RealPage software to fix the price of rental units that Defendants owned or managed in particular regions. MAC ¶ 1. BH does not own or manage *any* property in Washington, Daniel Decl. ¶¶ 10-11, so Plaintiffs' claims against BH could not have been caused by any alleged activity related to property management activities there.[5] BH's *de minimis* contacts with Washington—a few remote employees who had no pricing responsibilities—are "precisely the type of 'random,' 'fortuitous,' and 'attenuated' contacts" that do not support personal jurisdiction. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000); *see Cmty. Tr. Bancorp*, 692 F.3d at 472 (no personal jurisdiction over bank in Kentucky because there was "no substantial connection between three or four Kentucky residents accessing their online banking and the underlying trademark infringement claim").

---

[4] *See, e.g.*, *Serv. Experts, LLC v. Otte*, 609 F. Supp. 3d 1183, 1192 (D. Kan. 2022) (no personal jurisdiction where employee's "work could be performed in any state, meaning it is purely incidental that the work was performed in Kansas"); *Carlson v. Colo. Firearms, Ammunition & Accessories, LLC*, 2022 WL 11398472, at *4 (E.D. Pa. 2022) ("The mere fact that Centennial has a remote employee in Pennsylvania does not mean that it has purposefully availed itself of that employee's home state."); *Diece-Lisa Indus., Inc. v. Disney Store USA, LLC*, 2017 WL 8786932, at *2-3 (E.D. Tex. 2017) (defendant's employment of three remote workers in Texas insufficient to establish personal jurisdiction).

[5] Plaintiffs cannot argue that BH's alleged collusion with any Washington residents gives rise to jurisdiction. *See Hewitt v. Hewitt*, 896 P.2d 1312, 1316 (Wash. Ct. App. 1995) (rejecting "conspiracy/imputation theory" of jurisdiction as "frivolous").

*Third*, exercising jurisdiction over BH in the Washington Actions is not reasonable. To demonstrate reasonableness, Plaintiffs must show that "the consequences of the act or breach caused by the defendant have a substantial enough connection with the forum state." *Calphalon*, 228 F.3d at 724. As explained, Plaintiffs cannot do that here—any alleged conspiratorial activity by BH was not connected to Washington because BH does not own or manage properties in that state. Where, as here, "the facts at issue did not occur in the forum state nor were the consequences of the [claim] substantially connected to the forum state," it is unreasonable to exercise personal jurisdiction. *Id.*

## CONCLUSION

The Court should dismiss BH from the Washington Actions for lack of personal jurisdiction under Rule 12(b)(2).

Dated: July 7, 2023                                          Respectfully submitted,

*/s/ Ian Simmons*
Ian Simmons
isimmons@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300

Stephen J. McIntyre
smcintyre@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071
Telephone: (213) 430-6000

*Counsel for Defendant BH Management Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered on the CM/ECF system.

DATED: July 7, 2023

/s/ *Ian Simmons*
Ian Simmons
isimmons@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300

*Counsel for Defendant BH Management Services, LLC*