**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-MD-3071<br>MDL No. 3071<br><br>This Document Relates to:<br>3:22-cv-01082<br>3:23-cv-00357<br><br>Chief Judge Waverly D. Crenshaw, Jr. |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO ENFORCE CLASS ACTION WAIVERS**

# TABLE OF CONTENTS

**Page**

BACKGROUND ....................................................................................................... 1

ARGUMENT ........................................................................................................... 3

    A.    Mr. Watters and Mr. Weaver Agreed Not to Bring a Class Action Related to Their Lease Agreements. ..................................................................... 4

    B.    The Court Should Enforce the Class Action Waivers. .......................................... 6

    C.    The Class Action Waivers are Not Unconscionable............................................. 9

CONCLUSION ...................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*84 Lumber Co. v. Smith*,
  356 S.W.3d 380 (Tenn. 2011)...................................................................................5

*Allen v. Pacheco*,
  71 P.3d 375 (Colo. 2003)........................................................................................11

*Am. Express Co. v. Italian Colors Rest.*,
  570 U.S. 228 (2013).........................................................................................6, 8, 9

*Anderson v. Amazon.com, Inc.*,
  478 F. Supp. 3d 683 (M.D. Tenn. 2020)...........................................................10, 11

*Archer v. Carnival Corp. & PLC*,
  2020 WL 6260003 (C.D. Cal. Oct. 20, 2020)..........................................................7

*Arthur Andersen LLP v. Carlisle*,
  556 U.S. 624 (2009)..................................................................................................9

*Barnett v. Concentrix Sols. Corp.*,
  2022 WL 17486813 (D. Ariz. Dec. 7, 2022), *appeal dismissed*, 2023 WL
  2596688 (9th Cir. Jan. 31, 2023) .............................................................................7

*Bearden v. Honeywell Int'l Inc.*,
  2010 WL 1223936 (M.D. Tenn. Mar. 24, 2010) ......................................................4

*Bell v. Land Title Guarantee Co.*,
  422 P.3d 613 (Colo. App. 2018).............................................................................5

*Benedict v. Hewlett-Packard Co.*,
  2016 WL 1213985 (N.D. Cal. Mar. 29, 2016)..........................................................7

*Berent v. CMH Homes, Inc.*,
  466 S.W.3d 740 (Tenn. 2015)...................................................................................9

*Bernal v. Burnett*,
  793 F. Supp. 2d 1280 (D. Colo. 2011)....................................................................12

*Birdsong v. AT & T Corp.*,
  2013 WL 1120783 (N.D. Cal. Mar. 18, 2013)..........................................................8

*Blevins v. Teletech Holdings, Inc.*,
  2019 WL 3291575 (W.D. Mo. July 22, 2019).....................................................7, 12

Case 3:23-md-03071    Document 338    Filed 07/07/23    Page 3 of 34 PageID #: 2879

*Bonanno v. Quizno's Franchise Co.*,
  2009 WL 1068744 (D. Colo. Apr. 20, 2009)..........................................................7, 8, 11, 12

*Byrd v. SunTrust Bank*,
  2013 WL 3816714 (W.D. Tenn. July 22, 2013) ....................................................10

*Camilo v. Uber Techs., Inc.*,
  2018 WL 2464507 (S.D.N.Y. May 31, 2018) ...................................................3, 7

*Cohen v. UBS Fin. Servs., Inc.*,
  799 F.3d 174 (2d Cir. 2015)..............................................................................6, 7

*Convergys Corp. v. NLRB*,
  866 F.3d 635 (5th Cir. 2017) ...........................................................................7

*Copello v. Boehringer Ingelheim Pharms. Inc.*,
  812 F. Supp. 2d 886 (N.D. Ill. 2011) ...............................................................8

*Davis v. M.L.G. Corp.*,
  712 P.2d 985 (Colo. 1986)................................................................................11

*Delaney v. FTS Int'l Servs., LLC*,
  2017 WL 264463 (M.D. Pa. Jan. 20, 2017) ......................................................7

*DeLuca v. Royal Caribbean Cruises, Ltd.*,
  244 F. Supp. 3d 1342 (S.D. Fla. 2017) ............................................................7

*Deposit Guar. Nat'l Bank v. Roper*,
  445 U.S. 326 (1980)..........................................................................................7

*Emerson v. Wyndham Vacation Resorts, Inc.*,
  2022 WL 1652307 (M.D. Tenn. May 24, 2022)................................................10

*Epic Sys. Corp. v. Lewis*,
  —— U.S. ——, 138 S.Ct. 1612 (2018)..............................................................8

*Farmer v. Banco Popular of N. Am.*,
  2013 WL 2112428 (D. Co. May 15, 2013)........................................................5

*Feamster v. Compucom Sys., Inc.*,
  2016 WL 722190 (W.D. Va. Feb. 19, 2016) .....................................................7

*Flores-Mendez v. Zoosk, Inc.*,
  2022 WL 2967237 (N.D. Cal. July 27, 2022)....................................................7

*Gaffers v. Kelly Servs., Inc.*,
  900 F.3d 293 (6th Cir. 2018) ...........................................................................8, 9

iii

*Green v. Mission Health Cmtys., LLC*,
  2020 WL 6702866 (M.D. Tenn. Nov. 13, 2020) ....................................................9

*Hancock v. Jackson Hewitt Tax Serv., Inc.*,
  2020 WL 2487562 (W.D. Tex. May 14, 2020) ....................................................7

*Horowitz v. AT&T Inc.*,
  2019 WL 77306 (D.N.J. Jan. 2, 2019) ..............................................................4, 7

*Howard-Hill v. Spence*,
  2017 WL 4544599 (E.D. Tenn. Oct. 11, 2017) ..................................................4, 5

*Indus. Prods. Int'l, Inc. v. Emo Trans, Inc.*,
  962 P.2d 983 (Colo. App. 1998) ..........................................................................5

*Iysheh v. Cellular Sales of Tenn., LLC*,
  2018 WL 2207122 (E.D. Tenn. May 14, 2018)..................................................10

*Jenkins v. First Am. Cash Advance of Ga., LLC*,
  400 F.3d 868 (11th Cir. 2005) ..............................................................................7

*Jones v. Lubrizol Advanced Materials, Inc.*,
  583 F. Supp. 3d 1045 (N.D. Ohio 2022).............................................................4

*Killion v. KeHE Distributors, LLC*,
  761 F.3d 574 (6th Cir. 2014) ............................................................................8, 9

*Korea Week, Inc. v. Got Cap., LLC*,
  2016 WL 3049490 (E.D. Pa. May 27, 2016) .....................................................6, 8

*Kubischta v. Schlumberger Tech Corp*,
  2016 WL 3752917 (W.D. Pa. July 14, 2016) .......................................................8

*Laver v. Credit Suisse Sec. (USA), LLC*,
  976 F.3d 841 (9th Cir. 2020) ................................................................................7

*Lu v. AT & T Servs., Inc.*,
  2011 WL 2470268 (N.D. Cal. June 21, 2011) ......................................................8

*Mark v. Gawker Media LLC*,
  2016 WL 1271064 (S.D.N.Y. Mar. 29, 2016) ......................................................7

*Mazurkiewicz v. Clayton Homes, Inc.*,
  971 F. Supp. 2d 682 (S.D. Tex. 2013) ..................................................................8

*McCray v. Universal Health Servs.*,
  2020 WL 4207648 (M.D. Tenn. July 22, 2020) ...................................................5

*McIntosh v. Royal Caribbean Cruises, Ltd.*,
    2018 WL 1732177 (S.D. Fla. Apr. 10, 2018) ...................................................................3, 7

*Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*,
    473 U.S. 614 (1985)...................................................................................................9

*Naranjo v. Nick's Mgmt., Inc.*,
    2023 WL 416313 (N.D. Tex. 2023)...........................................................................9

*Niiranen v. Carrier One, Inc.*,
    2022 WL 103722 (N.D. Ill. Jan. 11, 2022)............................................................4, 7

*Ordosgoitti v. Werner Enters., Inc.*,
    2022 WL 874600 (D. Neb. Mar. 24, 2022) ...............................................................9

*Palmer v. Convergys Corp.*,
    2012 WL 425256 (M.D. Ga. Feb. 9, 2012).........................................................6, 7, 8

*Parisi v. Goldman, Sachs & Co.*,
    710 F.3d 483 (2d Cir. 2013)......................................................................................7

*Peacock v. First Order Pizza, LLC*,
    2022 WL 17475791 (W.D. Tenn. Dec. 6, 2022) ....................................................11

*Pendergast v. Sprint Nextel Corp.*,
    691 F.3d 1224 (11th Cir. 2012) .................................................................................7

*Pilgrim v. Universal Health Card, LLC*,
    660 F.3d 943 (6th Cir. 2011) .....................................................................................4

*Román v. Spirit Airlines, Inc.*,
    482 F. Supp. 3d 1304 (S.D. Fla. 2020), *aff'd*, 2021 WL 4317318 (11th Cir.
    Oct. 1, 2020) .............................................................................................................7

*Rubio v. Carreca Enters., Inc.*,
    490 F. Supp. 3d 1277 (M.D. Tenn. 2020).............................................................10

*Serrano v. Globe Energy Serv., LLC*,
    2016 WL 7616716 (W.D. Tex. Mar. 3, 2016) ..........................................................7

*Sharp v. Terminix Int'l, Inc.*,
    2018 WL 3520140 (W.D. Tenn. July 20, 2018)..................................................7, 11

*Spann v. Am. Express Travel Related Servs. Co.*,
    224 S.W.3d 698 (Tenn. Ct. App. 2006)....................................................................9

*Stachurski v. DirecTV, Inc.*,
    642 F. Supp. 2d 758 (N.D. Ohio 2009).....................................................................7

*T.R. Mills Contractors, Inc. v. WRH Enters., LLC,*
  93 S.W.3d 861 (Tenn. Ct. App. 2002) ............................................................... 5

*In re Titanium Dioxide Antitrust Litig.,*
  962 F. Supp. 2d 840 (D. Md. 2013) .................................................................. 9

*Vernon v. Qwest Commc'ns Int'l, Inc.,*
  925 F. Supp. 2d 1185 (D. Colo. 2013) ............................................................ 11

*Weiner v. Klais & Co., Inc.,*
  108 F.3d 86 (6th Cir. 1997) ............................................................................. 1

*Winn v. Tenet Healthcare Corp.,*
  2011 WL 294407 (W.D. Tenn. Jan. 27, 2011) ................................................ 11

**Other Authorities**

Federal Rule of Civil Procedure 12 .................................................................... 4

Federal Rule of Civil Procedure 23 ........................................................ 4, 6, 7, 12

When Plaintiff Brandon Watters decided to rent a unit at 2010 West End, a property in Nashville managed by Defendant Lincoln Property Company ("Lincoln"), he did so based on an agreement that he could not bring a class action against Lincoln. The class action waiver was prominently featured in Mr. Watters's lease, and he is bound by its terms, which foreclose his attempt to pursue a class action. The same is true of Plaintiff Jeffrey Weaver.[1] Mr. Weaver agreed to class action waivers in multiple leases with Defendant Camden Property Trust ("Camden") and is bound by their terms. The Court should enforce the terms of these waivers and strike Plaintiffs Watters and Weaver's class allegations.

## **BACKGROUND**

This case involves eight Plaintiffs' decisions to rent apartments. First Amended Consolidated Class Action Complaint ("Multifamily FAC") at ¶ 1 [Dkt. 314]. Plaintiffs allege that Defendants used RealPage's software products to raise multifamily rental prices. *Id.* ¶¶ 1−3. One of the Plaintiffs, Brandon Watters, alleges he rented a residential unit at a property called 2010 West End in Nashville, Tennessee from 2021 through 2022. *Id.* ¶ 38. Plaintiff Watters alleges that Lincoln managed this property. *Id.* Plaintiff Jeffrey Weaver alleges he rented a residential unit at a property called Camden Belleview Station in Denver, Colorado, managed by Camden Property Trust. *Id.* ¶ 35.

**Brandon Watters.** To rent Unit 1902, Mr. Watters was sent an Apartment Lease Contract ("Watters's Lease") on August 12, 2021. *See* Exhibit 1-A to Declaration of Julie Stayton.[2] A copy

---

[1] Defendants' notice regarding potential motions [Dkt. 297] listed the Motion to Enforce Class Action Waiver as to Plaintiff Watters, but not the arguments regarding Plaintiff Weaver. Defendants have met and conferred with Plaintiffs regarding the Plaintiff Weaver arguments and informed them of this additional argument. Defendants respectfully ask the court to consider the additional arguments set forth herein.

[2] The Plaintiffs' leases are incorporated by reference in the First Amended Consolidated Class Action Complaint and thus may properly be considered on this motion. *See Weiner v. Klais & Co.,*

of Mr. Watters's Lease as well as the audit trail is Exhibit 1-A to the Declaration of Julie Stayton ("Decl. of J. Stayton") (Exhibit 1). The audit trail shows that Lincoln's leasing agent, Harrison Young, sent the Lease to Mr. Watters on August 12, 2021, for his review and signature. *See* Watters's Lease (Exhibit 1-A) at p. 50 (audit trail). Mr. Watters viewed the Lease at 17:40:45 UTC and signed 18 minutes later. *Id.* To sign, the electronic platform required Mr. Watters to scroll through the entire agreement. Decl. of J. Stayton (Exhibit 1) ¶ 10.

Mr. Watters's Lease contained a full-page Class Action Waiver Addendum:

You agree that you hereby waive your ability to participate either as a class representative or member of any class action claim(s) against us or our agents. While you are not waiving any right(s) to pursue claims against us related to your tenancy, you hereby agree to file any claim(s) against us in your individual capacity, and you may not be a class action plaintiff, class representative, or member in any purported class action lawsuit ("Class Action"). Accordingly, **you expressly waive any right and/or ability to bring, represent, join, or otherwise maintain a Class Action or similar proceeding against us or our agents in any forum.**

**Any claim that all or any part of this Class Action waiver provision is unenforceable, unconscionable, void, or voidable shall be determined solely by a court of competent jurisdiction.**

**YOU UNDERSTAND THAT, WITHOUT THIS WAIVER, YOU MAY HAVE POSSESSED THE ABILITY TO BE A PARTY TO A CLASS ACTION LAWSUIT. BY SIGNING THIS AGREEMENT, YOU UNDERSTAND AND CHOOSE TO WAIVE SUCH ABILITY AND CHOOSE TO HAVE ANY CLAIMS DECIDED INDIVIDUALLY. THIS CLASS ACTION WAIVER SHALL SURVIVE THE TERMINATION OR EXPIRATION OF THIS LEASE CONTRACT.**

Watters's Lease (Exhibit 1-A) at p. 45 (emphasis and all caps in original).

Contrary to this provision of his Lease, Plaintiff Watters filed suit in this Court asserting claims on behalf of others similarly situated in the Nashville metro area. *See* Complaint in 3:22-

---

*Inc*., 108 F.3d 86, 89 (6th Cir. 1997) (holding documents central to a plaintiff's claim are considered part of the pleadings); *see also* Multifamily FAC at ¶¶ 35, 38 (alleging Plaintiffs' rental as the basis for their claims).

cv-01082 [Dkt. 1]. That case was consolidated into this MDL proceeding. On June 16, 2023, Plaintiffs filed a Consolidated Amended Complaint with Plaintiff Watters as a putative class representative and the only Plaintiff who claims to have rented from Lincoln. Multifamily Consolidated Amended Complaint at ¶ 38 [Dkt. 291]; *see also* Multifamily FAC ¶ 38.

**Jeffrey Weaver**. The First Amended Consolidated Class Action Complaint also names Jeffrey Weaver as a putative class representative, alleging that he rented residential properties in Denver from Defendants Bell Partners, Inc. and Camden. Multifamily FAC at ¶ 35. Mr. Weaver entered into four leases for Camden's property at Camden Belleview Station beginning on March 24, 2017. *See* Declaration of Benjamin Wickert ("Decl. of B. Wickert") (Exhibit 2). A copy of these leases is Exhibit 2-A to the Declaration of Benjamin Wickert. Decl. of B. Wickert (Exhibit 2). For the three leases covering May 29, 2018 through the end of Mr. Weaver's residency at Camden's property, Paragraph 27 concludes with the statement that:

> **To the extent allowed by applicable law, Resident waives any ability or right to serve as a representative party for others similarly situated or participate in a class action suit or claim against the Owner or the Owner's managing agents. Resident acknowledges that this waiver does not, in any way, affect Resident's right to pursue any rights or remedies Resident may have against Owner as a result of Owner's default. This waiver only restricts Resident's ability to serve as a representative party or participate in a class action suit or claim against Owner or Owner's managing agents.**

Weaver's Lease (Exhibit 2-A) at p. 56 (2018 Lease), 98 (2019 Lease), 142 (2020 Lease) (emphasis in original).

## ARGUMENT

The class action waivers bar the class allegations for Plaintiffs Watters and Weaver, which the Court should strike. In similar cases, where there is a class action waiver, courts routinely strike or dismiss class allegations. *See, e.g.*, *Camilo v. Uber Techs., Inc.*, 2018 WL 2464507, at *3 (S.D.N.Y. May 31, 2018) (striking class allegations because of class action waiver); *McIntosh v.*

*Royal Caribbean Cruises, Ltd.*, 2018 WL 1732177, at *1, *3 (S.D. Fla. Apr. 10, 2018) (dismissing

complaint because of enforceable class action waiver).[3]

### A. Mr. Watters and Mr. Weaver Agreed Not to Bring a Class Action Related to Their Lease Agreements. [4]

Mr. Watters and Mr. Weaver agreed to the terms of their leases, including the class action

waivers therein, by signing them. *See* Watters's Lease (Exhibit 1-A) at pp. 49–50; Decl. of J.

Stayton (Exhibit 1) at ¶¶ 17−18; Weaver's Lease (Exhibit 2-A) at p. 61 (2018 Lease), 103 (2019

Lease), 147 (2020 Lease). Plaintiff Watters's Lease is enforceable under Tennessee law: "'It is

well established in Tennessee that, in order [for the terms of a contract or lease] to be enforceable,

a contract must represent mutual assent to its terms, be supported by sufficient consideration, be

free from fraud and undue influence, be sufficiently definite, and must not be contrary to public

policy.'" *Howard-Hill v. Spence*, 2017 WL 4544599, at *7 (E.D. Tenn. Oct. 11, 2017) (quoting

---

[3] The Court has discretion to enforce the class action waivers under either Rule 12 or Rule 23(d)(1)(D). *See Niiranen v. Carrier One, Inc.*, 2022 WL 103722, at *1, *8 (N.D. Ill. Jan. 11, 2022) (dismissing class allegations under 12(b)(6)); *Horowitz v. AT&T Inc.*, 2019 WL 77306, at *1–2 (D.N.J. Jan. 2, 2019) (denying reconsideration of dismissal of collective action allegations); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 945, 949 (6th Cir. 2011) (affirming district court's ruling striking class allegations prior to discovery); *Jones v. Lubrizol Advanced Materials, Inc.*, 583 F. Supp. 3d 1045, 1054 (N.D. Ohio 2022) ("Based on *Pilgrim* and its progeny, the Court agrees with Defendants that Rule 23(d)(1)(D) provides for a pre-certification motion to strike, at least in circumstances like those here and limited to purely legal questions or those resolved with little factual development."); *Bearden v. Honeywell Int'l Inc.*, 2010 WL 1223936, at *9 (M.D. Tenn. Mar. 24, 2010) (explaining that "[u]nder Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained").

[4] As noted in Dkt. 261 and Dkt. 297, other putative class members' lease agreements contained arbitration agreements, class action waivers, and jury trial waivers. Defendants have and continue to reserve their rights to enforce these provisions and intend to assert defenses based on arbitration agreements, class action waivers, and jury trial waivers as to putative class members at the appropriate time. Moreover, should Plaintiffs ever attempt to assert claims on behalf of plaintiffs that were previously named in underlying cases but dropped as named Plaintiffs in the Consolidated Amended Complaint, Defendants reserve their rights to enforce their respective arbitration agreements, class action waivers, and jury trial waivers.

4

*T.R. Mills Contractors, Inc. v. WRH Enters., LLC*, 93 S.W.3d 861, 865–66 (Tenn. Ct. App. 2002)).[5] Under Tennessee law, "[i]t is a bedrock principle of contract law that an individual who signs a contract is presumed to have read the contract and is bound by its contents." *84 Lumber Co. v. Smith*, 356 S.W.3d 380, 383 (Tenn. 2011). And because Mr. Watters made payments under the Lease, he is estopped from denying he is bound. *See T.R. Mills Contractors, Inc.*, 93 S.W.3d at 866 (explaining that when a party to a contract "manifested consent by performing under it and making payments conforming to its terms, that party is estopped from denying that the parties had a meeting of the minds sufficient to bind them to the contract"). Plaintiff Watters acknowledges that he lived at 2010 West End and paid rent. Multifamily FAC at ¶ 38. Accordingly, Plaintiff Watters is bound under the lease for that unit, and its class action waiver.

Plaintiff Weaver's Lease is equally enforceable under Colorado law.[6] Under Colorado law, for a contract's terms to be enforceable "requires mutual assent to an exchange, between competent parties, with regard to a certain subject matter, for legal consideration." *Indus. Prods. Int'l, Inc. v. Emo Trans, Inc.*, 962 P.2d 983, 988 (Colo. App. 1998); *see also Farmer v. Banco Popular of N. Am.*, 2013 WL 2112428, at *5 (D. Co. May 15, 2013) (same). Colorado courts "have repeatedly held that one who signs or accepts a written contract, in the absence of fraud, is conclusively presumed to know its contents and to assent to them." *Bell v. Land Title Guarantee Co.*, 422 P.3d 613, 616 (Colo. App. 2018). Plaintiff Weaver signed his lease for Camden Belleview Station, and

---

[5] Tennessee law does not require the Lease even be signed. "A written contract does not have to signed to be binding on the parties." *Howard-Hill*, 2017 WL 4544599, at *7; *see also McCray v. Universal Health Servs.*, 2020 WL 4207648, at *6 (M.D. Tenn. July 22, 2020) ("[U]nder Tennessee law . . . a party's intent to be bound by a written contract need not necessarily be manifested by a signature.").

[6] *See, e.g.*, Weaver's Lease (Exhibit 2-A) p. 59, ¶ 38 (applicable law is state in which the unit is located).

he acknowledges that he lived there and paid rent. *Id.* at ¶ 35. Accordingly, Plaintiff Weaver is bound under the lease for that unit, and its class action waiver.

**B.      The Court Should Enforce the Class Action Waivers.**

The class action waivers could not be clearer. Plaintiff Watters agreed to "waive [his] ability to participate either as a class representative or member of any class action claim(s) against us or our agents." Watters's Lease (Exhibit 1-A) at p. 45. Mr. Watters also "**expressly waive[d] any right and/or ability to bring, represent, join, or otherwise maintain a Class Action or similar proceeding against us or our agents in any forum.**" *Id.* (emphasis in original). Mr. Weaver agreed to "<u>**waive[] any ability or right to serve as a representative party for others similarly situated or participate in a class action suit or claim against the Owner or the Owner's managing agents.**</u>" Weaver's Lease (Exhibit 2-A) p. 56 (2018 Lease), 98 (2019 Lease), 142 (2020 Lease) (emphasis in original). "A class or collective action waiver is a promise to forgo certain procedural mechanisms in court." *Cohen v. UBS Fin. Servs., Inc.*, 799 F.3d 174, 179 (2d Cir. 2015). These types of waivers are enforceable, *see Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 231, 239 (2013), with courts across the country enforcing them. *See, e.g.*, *Korea Week, Inc. v. Got Cap., LLC*, 2016 WL 3049490, at *9–10 (E.D. Pa. May 27, 2016).

The rationale for enforcement is straightforward: "class action waivers are upheld because they are contractual provisions that do not affect any substantive rights." *Palmer v. Convergys Corp.*, 2012 WL 425256, at *2 (M.D. Ga. Feb. 9, 2012). As the Supreme Court has held, Rule 23 did not "establish an entitlement to class proceedings for the vindication of statutory rights." *Italian Colors*, 570 U.S. at 234. Class action waivers merely limit litigation "to the two contracting parties. It no more eliminates those parties' right to pursue their statutory remedy than did federal law before its adoption of the class action for legal relief[.]" *Id.*

6

In other words, class actions are simply "a litigation device," and "waivers are proper tools to be used by parties in contracting and bargaining." *Palmer*, 2012 WL 45256, at *3; *Bonanno v. Quizno's Franchise Co.*, 2009 WL 1068744, at *11 (D. Colo. Apr. 20, 2009) ("Federal Rule 23 clearly remains a procedural tool, not a substantive or jurisdictional right."); *see also Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 332 (1980) ("[T]he right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims."); *Jenkins v. First Am. Cash Advance of Ga., LLC*, 400 F.3d 868, 878 (11th Cir. 2005) (upholding class action waiver); *Parisi v. Goldman, Sachs & Co.*, 710 F.3d 483, 488 (2d Cir. 2013) (enforcing class action waiver). Thus, courts regularly enforce class action waivers, whether attached to an arbitration agreement,[7] or not.[8]

---

[7] *Sharp v. Terminix Int'l, Inc.*, 2018 WL 3520140, at *8 (W.D. Tenn. July 20, 2018) ("The class action waiver is enforceable."); *Stachurski v. DirecTV, Inc.*, 642 F. Supp. 2d 758, 770 (N.D. Ohio 2009) (upholding class action waiver); *Laver v. Credit Suisse Sec. (USA), LLC*, 976 F.3d 841, 846–49 (9th Cir. 2020) (enforcing class action waiver in FINRA case); *Archer v. Carnival Corp. & PLC*, 2020 WL 6260003, at *7 (C.D. Cal. Oct. 20, 2020) (enforcing class action waiver); *Blevins v. Teletech Holdings, Inc.*, 2019 WL 3291575, at *6 (W.D. Mo. July 22, 2019) (same); *UBS Fin. Servs., Inc.*, 799 F.3d at 179 (enforcing "class or collective action waiver" and distinguishing it from arbitration context); *Camilo*, 2018 WL 2464507, at *3 (enforcing class action waiver and striking class allegations); *Pendergast v. Sprint Nextel Corp.*, 691 F.3d 1224, 1234–36 (11th Cir. 2012) (enforcing class action waiver and arbitration clause).

[8] *Niiranen*, 2022 WL 103722, at *7–9 (enforcing class-action waiver without arbitration provision); *Flores-Mendez v. Zoosk, Inc.*, 2022 WL 2967237, at *2 (N.D. Cal. July 27, 2022) (same); *Barnett v. Concentrix Sols. Corp.*, 2022 WL 17486813, at *5–6 (D. Ariz. Dec. 7, 2022), *appeal dismissed*, 2023 WL 2596688 (9th Cir. Jan. 31, 2023) (same); *Román v. Spirit Airlines, Inc.*, 482 F. Supp. 3d 1304, 1315 (S.D. Fla. 2020), *aff'd*, 2021 WL 4317318 (11th Cir. Oct. 1, 2020) (same); *Hancock v. Jackson Hewitt Tax Serv., Inc.*, 2020 WL 2487562, at *3 (W.D. Tex. May 14, 2020) (same); *Horowitz*, 2019 WL 77306, at *3–4 (same); *McIntosh*, 2018 WL 1732177, at *3 (same); *DeLuca v. Royal Caribbean Cruises, Ltd.*, 244 F. Supp. 3d 1342, 1348–49 (S.D. Fla. 2017) (same); *Convergys Corp. v. NLRB*, 866 F.3d 635, 638 (5th Cir. 2017) (class-action waiver "must be enforced according to its terms" and is not limited to arbitration); *Delaney v. FTS Int'l Servs., LLC*, 2017 WL 264463, at *7–9 (M.D. Pa. Jan. 20, 2017) (enforcing class action waiver without arbitration provision); *Feamster v. Compucom Sys., Inc.*, 2016 WL 722190, at *3–4 (W.D. Va. Feb. 19, 2016) (same); *Serrano v. Globe Energy Serv., LLC*, 2016 WL 7616716, at *5 (W.D. Tex. Mar. 3, 2016) (same); *Mark v. Gawker Media LLC*, 2016 WL 1271064, at *6 (S.D.N.Y. Mar. 29, 2016) (same); *Benedict v. Hewlett-Packard Co.*, 2016 WL 1213985, at *5–6 (N.D. Cal. Mar.

Plaintiffs will point to *Killion v. KeHE Distributors, LLC*, 761 F.3d 574, 590 (6th Cir. 2014), where the court held that a plaintiff could not waive its right to participate in a collective action in Fair Labor Standards Act ("FLSA") cases without an arbitration provision. But the Sixth Circuit has already expressed doubt as to whether that decision survived the Supreme Court's ruling in *Epic Sys. Corp. v. Lewis*, —— U.S. ——, 138 S.Ct. 1612, 1632 (2018). *See Gaffers v. Kelly Servs., Inc.*, 900 F.3d 293, 297 (6th Cir. 2018) (explaining that "*[e]ven if* [plaintiff] is correct about the holdings of those cases," including *Killion*, "*Epic* clearly overrules them because they would 'target arbitration'") (emphasis in original).

Regardless, the *Killion* decision does not apply because this case involves a federal statute that does not include a preference for collective action.[9] In *Killion*, the court relied on language in the FLSA that specifically allowed collective actions. 761 F.3d at 590–92 (explaining that Congress provided that FLSA plaintiffs "should have the opportunity to proceed collectively" and that collective proceedings are "the policy articulated in the FLSA"). But as the Supreme Court has noted, the Sherman Act has no such provision: "[n]o contrary congressional command requires us to reject the waiver of class arbitration here . . . . [T]he antitrust laws do not guarantee an affordable procedural path to the vindication of every claim." *Italian Colors*, 570 U.S. at 233. As

29, 2016) (same); *Korea Week*, 2016 WL 3049490, at *9 ("We turn, then, to whether a class action waiver independent and outside of an arbitration agreement is unenforceable. We find the Supreme Court's decision in *American Express Co. v. Italian Colors Restaurant* supports our conclusion class action waivers outside of arbitration are enforceable."); *Mazurkiewicz v. Clayton Homes, Inc.*, 971 F. Supp. 2d 682, 691–92 (S.D. Tex. 2013) (enforcing class action waiver without arbitration provision); *Kubischta v. Schlumberger Tech Corp*, 2016 WL 3752917, at *7 (W.D. Pa. July 14, 2016) (same); *Birdsong v. AT & T Corp.*, 2013 WL 1120783, at *6 (N.D. Cal. Mar. 18, 2013); *Palmer*, 2012 WL 425256, at *3–6 (same); *Lu v. AT & T Servs., Inc.*, 2011 WL 2470268, at *3 (N.D. Cal. June 21, 2011) (same); *Copello v. Boehringer Ingelheim Pharms. Inc.*, 812 F. Supp. 2d 886, 897 (N.D. Ill. 2011) (same); *Bonanno*, 2009 WL 1068744, at *12, *24 (same).

[9] Accordingly, the result is the same whether analyzed under Sixth Circuit or Tenth Circuit case law. *See Bonanno*, 2009 WL 1068744, at *12, *24 (enforcing class action waiver).

the Court explained, "[t]he antitrust laws do not 'evinc[e] an intention to preclude a waiver' of class-action procedure" and "[t]he Sherman and Clayton Acts make no mention of class actions." *Id.* at 234 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). In other words, even if *Killion* remains good law, this case does not involve an FLSA claim or any federal policy favoring collective action.[10]

Because class action waivers are enforceable as a matter of law,[11] the Court should enforce the class action waivers signed by Mr. Watters and Mr. Weaver and strike their class allegations.

## C. The Class Action Waivers are Not Unconscionable.

Neither Mr. Watters nor Mr. Weaver can avoid the class action waiver on unconscionability grounds either. The "vast majority of state and federal courts" have found that class action waivers are not per se unconscionable. *Spann v. Am. Express Travel Related Servs. Co.*, 224 S.W.3d 698, 714 (Tenn. Ct. App. 2006). Rather, unconscionability depends on the "facts and circumstances of a particular case," *Berent v. CMH Homes, Inc.*, 466 S.W.3d 740, 750 (Tenn. 2015), and here neither Plaintiff can show unconscionability.

---

[10] *See also Gaffers*, 900 F.3d at 297 (describing *Killion* as "this circuit's FLSA precedent" and not applying it to an NLRB case).

[11] All Defendants are entitled to enforce the class action waivers in Plaintiff Watters's and Weaver's leases under equitable estoppel principles. *See Green v. Mission Health Cmtys., LLC*, 2020 WL 6702866, at *9 (M.D. Tenn. Nov. 13, 2020) (holding that the plaintiff was "estopped from avoiding arbitration" when plaintiff alleged that defendants "jointly engaged in the alleged wrongdoing"); *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009) (recognizing that "'traditional principles' of state law allow a contract to be enforced by or against nonparties to the contract through 'assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel'" and that such principles apply to arbitration agreements); *see also Naranjo v. Nick's Mgmt., Inc*., 2023 WL 416313, at *10–11 (N.D. Tex. 2023) (allowing non-signatory to enforce class action waiver under equitable estoppel principles); *Ordosgoitti v. Werner Enters., Inc*., 2022 WL 874600, at *8–10 (D. Neb. Mar. 24, 2022) (same); *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 851 (D. Md. 2013) (same).

**Plaintiff Watters.** To evade the class action waiver, Mr. Watters must establish both procedural and substantive unconscionability. *See, e.g.*, *Rubio v. Carreca Enters., Inc.*, 490 F. Supp. 3d 1277, 1289 (M.D. Tenn. 2020) ("It is not enough for the moving party to establish procedural or substantive unconscionability alone. Both must be established."). Tennessee courts only find unconscionability "when the inequality of the bargain is so manifest as to shock the judgment of a person with common sense, and where the terms are so oppressive that no reasonable person would make them on one hand, and no honest and fair person would accept them on the other." *Anderson v. Amazon.com, Inc.*, 478 F. Supp. 3d 683, 696 (M.D. Tenn. 2020).

Mr. Watters cannot prove procedural or substantive unconscionability. "Procedural unconscionability is usually some impropriety during the process of forming the contract that deprives a party of a meaningful choice." *Byrd v. SunTrust Bank*, 2013 WL 3816714, at *7 (W.D. Tenn. July 22, 2013). No such impropriety occurred here. Mr. Watters took 18 minutes to review the Lease and had the opportunity to scroll through the Lease before signing. *See Iysheh v. Cellular Sales of Tenn., LLC*, 2018 WL 2207122, at *2, *6 (E.D. Tenn. May 14, 2018) (enforcing arbitration agreement when the party reviewed the online form "by scrolling to the bottom of each document" and "electronically sign[ing] the document"); Decl. of J. Stayton (Exhibit 1) ¶ 10. The class waiver was in prominent and conspicuous language on a separate page, with a heading in bold, all-capital lettering: "**CLASS ACTION WAIVER ADDENDUM**." *See* Watters's Lease (Exhibit 1-A) at p. 45; *see also Emerson v. Wyndham Vacation Resorts, Inc.*, 2022 WL 1652307, at *2–3 (M.D. Tenn. May 24, 2022) (enforcing arbitration agreement that was "featured prominently," had a conspicuous bold heading, and contained "bold and capital lettering"); *Byrd*, 2013 WL 3816714, at *8 (finding an agreement conspicuous, and not unconscionable, where the heading used "bold, all-capital letters"). The terms explain the scope of the waiver, and again use bold and all-capital

lettering to emphasize that Mr. Watters was "**CHOOS[ING] TO WAIVE . . . THE ABILITY TO BE A PARTY TO A CLASS ACTION LAWSUIT**." *See* Watters's Lease (Exhibit 1-A) at p. 45.

Nor is the waiver substantively unconscionable. Substantive unconscionability may arise from "unreasonably harsh" contract terms. *Amazon.com, Inc.*, 478 F. Supp. 3d at 696. The class waiver here contains no unreasonably harsh terms. It simply limits Mr. Watters's procedural rights to pursue claims on behalf of others, while "not waiving any right(s) to pursue claims against us related to [his] tenancy" in an "individual capacity." *See* Watters's Lease (Exhibit 1-A) at 45; *see also, e.g.*, *Peacock v. First Order Pizza, LLC*, 2022 WL 17475791, at *6–7 (W.D. Tenn. Dec. 6, 2022) (rejecting argument that waiver of appellate review and class/collective litigation was substantively unconscionable and stating it did not even "present[] a close call"); *Sharp*, 2018 WL 3520140, at *6 (finding arbitration agreement with a class action waiver not substantively unconscionable); *Winn v. Tenet Healthcare Corp.*, 2011 WL 294407, at *8 n.6 (W.D. Tenn. Jan. 27, 2011) ("Even under Tennessee law, an arbitration provision is not unconscionable merely because it waives an employee's right to bring a collective action[.]").

**Plaintiff Weaver**. Colorado law is clear: "[w]e will enforce the agreement as written unless there is an ambiguity in the language; courts should neither rewrite the agreement nor limit its effect by a strained construction." *Allen v. Pacheco*, 71 P.3d 375, 378 (Colo. 2003). Against this backdrop, "[a]s the part[y] seeking to escape application of an unambiguous contractual provision, the burden rests on [Mr. Weaver] to show that the Court should not enforce the class action bar provision." *Bonanno*, 2009 WL 1068744, at *12 (enforcing class action waiver). "In Colorado, for a contract to be unconscionable, it must be both substantively and procedurally unconscionable." *Vernon v. Qwest Commc'ns Int'l, Inc.*, 925 F. Supp. 2d 1185, 1194 (D. Colo. 2013) (citing *Davis*

*v. M.L.G. Corp*., 712 P.2d 985, 991 (Colo. 1986)). Colorado law considers several factors in determining whether a contractual provision is unconscionable. *Bernal v. Burnett*, 793 F. Supp. 2d 1280, 1286–89 (D. Colo. 2011) (listing factors). Under this framework, Mr. Weaver cannot show either procedural or substantive unconscionability. Mr. Weaver's class waiver was in prominent and conspicuous language, in bold and underlined to call Mr. Weaver's attention to it. *See* Weaver's Lease (Exhibit 2-A to Decl. of B. Wickert) at p. 56 (2018 Lease), 98 (2019 Lease), 142 (2020 Lease) (emphasis in original). Mr. Weaver's class action waiver does not contain unreasonably harsh terms. It simply limits Mr. Weaver's procedural rights to pursue claims on behalf of others, while not "affect[ing] [Mr. Weaver's] right to pursue any rights or remedies [he] may have," it "only restricts [Mr. Weaver's] ability to serve as a representative party or participate in a class action suit." *Id.*; *see also Blevins v. Teletech Holdings, Inc*., 2019 WL 3291575, at *5 (W.D. Mo. July 22, 2019) (explaining class action waiver does not render contract substantively unconscionable under Colorado law); *Bonanno*, 2009 WL 1068744, at *23 (explaining Rule 23 is a procedural mechanism, not a substantive right). Mr. Weaver was given the opportunity to review and sign his lease, and as a result, he is bound by the terms therein.

<u>**CONCLUSION**</u>

For these reasons, Defendants ask the Court to enforce the terms of Plaintiff Brandon Watters and Jeffrey Weaver's leases and the class action waivers therein and strike their class allegations.

DATED: July 7, 2023

Respectfully submitted,

*/s/ Gregory J. Casas*
Gregory J. Casas (admitted *pro hac vice*)
Emily W. Collins (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
300 West 6th Street, Suite 2050
Austin, TX 78701-4052
Telephone: (512) 320-7200
casasg@gtlaw.com
emily.collins@gtlaw.com

Robert J. Herrington (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Robert.Herrington@gtlaw.com

Becky L. Caruso (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Telephone: (973) 443-3252
Becky.Caruso@gtlaw.com

*/s/ Ryan T. Holt*
Ryan T. Holt (No. 30191)
Mark Alexander Carver (No. 36754)
SHERRARD ROE VOIGT & HARBISON, PLC
150 Third Avenue South, Suite 1100
Nashville, Tennessee 37201
Telephone: (615) 742-4200
rholt@srvhlaw.com
acarver@srvhlaw.com

*Counsel for Defendant Lincoln Property Company*

13

/s/ Jay Srinivasan
Jay Srinivasan (admitted *pro hac vice*)
jsrinivasan@gibsondunn.com
Daniel G. Swanson (admitted *pro hac vice*)
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7430

Stephen Weissman (admitted *pro hac vice*)
sweissman@gibsondunn.com
Michael J. Perry (admitted *pro hac vice*)
mjperry@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 955-8678

Stephen C. Whittaker (admitted *pro hac vice*)
cwhittaker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1361 Michelson Drive
Irvine, CA 92612
Telephone: (212) 351-2671

Ben A. Sherwood (admitted *pro hac vice*)
bsherwood@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-2671

*Counsel for Defendant RealPage, Inc.*

/s/ Edwin Buffmire
Edwin Buffmire
ebuffmire@jw.com
Michael Moran
mmoran@jw.com
JACKSON WALKER LLP
2323 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (214) 953-6000

Kevin Fulton
kevin@fultonlg.com
THE FULTON LAW GROUP PLLC
7676 Hillmont St., Suite 191
Houston, TX 77040
Telephone: (713) 589-6964

*Counsel for Defendant Allied Orion Group,
LLC*

/s/ Katie A. Reilly
Katie A. Reilly
reilly@wtotrial.com
Michael T. Williams
williams@wtotrial.com
Judith P. Youngman
youngman@wtotrial.com
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: (303) 244-1800

Mark Bell
Mark.Bell@hklaw.com
HOLLAND & KNIGHT LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 850-8850

*Counsel for Defendant Apartment Income REIT
Corp., d/b/a AIR Communities*

/s/ Danny David
Danny David
danny.david@bakerbotts.com
BAKER BOTTS LLP
910 Louisiana Street
Houston, TX 77002
Telephone: (713) 229-4055

James Kress (*pro hac* forthcoming)
james.kress@bakerbotts.com
Paul Cuomo (*pro hac* forthcoming)
paul.cuomo@bakerbotts.com
BAKER BOTTS LLP
700 K. Street, NW
Washington, DC 20001
Telephone: (202) 639-7884

*Counsel for Defendant Avenue5 Residential, LLC*

/s/ Matt T. Adamson
Matt T. Adamson
madamson@jpclaw.com
JAMESON PEPPLE CANTU PLLC
801 Second Avenue, Suite 700
Seattle, WA 98104
Telephone: (206) 292-1994

*Counsel for Defendant B/T Washington, LLC d/b/a Blanton Turner*

/s/ Marguerite Willis
Marguerite Willis (admitted *pro hac vice*)
mwillis@maynardnexsen.com
MAYNARD NEXSEN PC
104 South Main Street
Greenville, SC 29601
Telephone: (864) 370-2211

Michael A. Parente (admitted *pro hac vice*)
mparente@maynardnexsen.com
MAYNARD NEXSEN PC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: (803) 771-8900

Margaret M. Siller (BPR No. 039058)
msiller@maynardnexsen.com
MAYNARD NEXSEN PC
1201 Villa Place, Suite 103
Nashville, Tennessee 37212
Telephone: (629) 258-2253

*Counsel for Defendant Bell Partners, Inc.*

/s/ Ian Simmons
Ian Simmons
isimmons@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5196

Stephen McIntyre
smcintyre@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

*Counsel for Defendant BH Management Services, LLC*

15

/s/ James D. Bragdon
James D. Bragdon
jbragdon@gejlaw.com
Sam Cowin
scowin@gejlaw.com
GALLAGHER EVELIUS & JONES LLP
218 N. Charles St., Suite 400
Baltimore, MD 21201
Telephone: (410) 727-7702

Philip A. Giordano (admitted *pro hac vice*)
philip.giordano@hugheshubbard.com
HUGHES HUBBARD & REED LLP
1775 I Street NW
Washington, DC 20007
Telephone: (202) 721-4776

Charles E. Elder, BPR # 038250
celder@bradley.com
BRADLEY ARANTBOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.252.3597

*Counsel for Defendant*
*Bozzuto Management Company*

/s/ Yehudah L. Buchweitz
Yehudah L. Buchweitz
yehudah.buchweitz@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8256

Jeff L. White
Jeff.white@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW
Washington, DC 20036
Telephone: (202) 682-7059

R. Dale Grimes, BPR #006223
dgrimes@bassberry.com
BASS, BARRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6244

*Counsel for Defendant Brookfield Properties*
*Multifamily LLC*

/s/ *J. Douglas Baldridge*
J. Douglas Baldridge
jbaldridge@venable.com
Danielle R. Foley
drfoley@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
(202) 344-4703

*Counsel for Defendant CH Real Estate*
*Services, LLC*

/s/ *Benjamin R. Nagin*
Benjamin R. Nagin
bnagin@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300

*Counsel for Defendant ConAm Management*
*Corporation*

/s/ *Lynn H. Murray*
Lynn H. Murray
lhmurray@shb.com
Maveric Ray Searle
msearle@shb.com
SHOOK, HARDY & BACON L.L.P.
111 S. Wacker Dr., Suite 4700
Chicago, IL 60606
Telephone: (312) 704-7766

Ryan Sandrock
rsandrock@shb.com
Shook, Hardy & Bacon L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 544-1944

Laurie A. Novion
lnovion@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 559-2352

*Counsel for Defendant Camden Property Trust*

17

/s/ Ronald W. Breaux
Ronald W. Breaux
Ron.Breaux@haynesboone.com
Bradley W. Foster
Brad.Foster@haynesboone.com
HAYNES AND BOONE LLP
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Fax: (214) 200-0376

Counsel for Defendant Conti Capital

/s/ Kenneth Reinker
Kenneth Reinker
kreinker@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1522

Joseph M. Kay
jkay@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2745

Counsel for Defendant Pinnacle Property
Management Services, LLC

/s/ Todd R. Seelman
Todd R. Seelman
todd.seelman@lewisbrisbois.com
Thomas L. Dyer
thomas.dyer@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, CO 80203
Telephone: (720) 292-2002

Counsel for Defendant Cortland Management,
LLC

/s/ Ann MacDonald
Ann MacDonald
Ann.macdonald@afslaw.com
Barry Hyman
Barry.hyman@afslaw.com
ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500

Counsel for Defendant CWS Apartment Homes,
LLC

/s/ Bradley C. Weber
Bradley C. Weber (admitted *pro hac vice*)
bweber@lockelord.com
Locke Lord LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone: (214) 740-8497

Counsel for Defendant Dayrise Residential,
LLC

/s/ Charles H. Samel
Charles H. Samel
charles.samel@stoel.com
Edward C. Duckers
ed.duckers@stoel.com
STOEL RIVES LLP
1 Montgomery Street, Suite 3230
San Francisco, CA 94104
Telephone: (415) 617-8900

George A. Guthrie
gguthrie@wilkefleury.com
WILKE FLEURY LLP
621 Capitol Mall, Suite 900
Sacramento, CA 95814
Telephone: (916) 441-2430

*Counsel for Defendant FPI Management, Inc.*

/s/ Carl W. Hittinger
Carl W. Hittinger
chittinger@bakerlaw.com
Alyse F. Stach
astach@bakerlaw.com
Tyson Y. Herrold
therrold@bakerlaw.com
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501
Telephone: (215) 568-3100

Stephen J. Zralek, BPR #018971
szralek@spencerfane.com
S. Chase Fann, BPR #036794
cfann@spencerfane.com
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
Telephone: (615) 238-6300

*Counsel for Defendant Equity Residential*

/s/ Leo D. Caseria
Leo D. Caseria
lcaseria@sheppardmullin.com
Helen C. Eckert
heckert@sheppardmullin.com
Sheppard Mullin Richter & Hampton LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC, 20006
Telephone: (202) 747-1925

/s/ Arman Oruc
Arman Oruc
aoruc@goodwinlaw.com
Goodwin Procter, LLP
1900 N Street, NW
Washington, DC 20036
Telephone: (202) 346-4000

*Counsel for Defendant Essex Property Trust, Inc.*

/s/ Michael D. Bonanno
Michael D. Bonanno (admitted *pro hac vice*)
mikebonanno@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I St. NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8225

Christopher Daniel Kercher (admitted *pro hac vice*)
christopherkercher@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor,
New York, New York 10010
Telephone: (212) 849-7000

Andrew Gardella, Esq. (TN Bar #027247)
agardella@martintate.com
MARTIN, TATE, MORROW & MARSTON P.C.
315 Deaderick Street, Suite 1550
Nashville, TN 37238
Telephone: (615) 627-0668

*Counsel for Defendant Highmark Residential, LLC*

/s/ Cliff A. Wade
Cliff A. Wade
cliff.wade@bakerlopez.com
Chelsea L. Futrell
chelsea.futrell@bakerlopez.com
BAKER LOPEZ PLLC
5728 LBJ Freeway, Suite 150
Dallas, Texas 75240
Telephone: (469) 206-9384

*Counsel for Defendant Knightvest Residential*

/s/ *Michael M. Maddigan*
Michael M. Maddigan
michael.maddigan@hoganlovells.com
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4727

William L. Monts, III
william.monts@hoganlovells.com
Benjamin F. Holt
benjamin.holt@hoganlovells.com
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-6440

Joshua C. Cumby (BPR No. 37949)
joshua.cumby@arlaw.com
F. Laurens Brock (BPR No. 17666)
larry.brock@arlaw.com
Rocklan W. King, III (BPR No. 30643)
rocky.king@arlaw.com
ADAMS AND REESE LLP
1600 West End Avenue, Suite 1400
Nashville, Tennessee 37203
Telephone: (615) 259-1450

*Counsel for Defendant Greystar Real Estate Partners, LLC (formerly Greystar Management Services, LP)*

*/s/ John J. Sullivan*
John J. Sullivan
jsullivan@cozen.com
COZEN O'CONNOR P.C.
3 WTC, 175 Greenwich St., 55th Floor
New York, NY 10007
Telephone: (212) 453-3729

*Counsel for Defendant Independence Realty Trust, Inc.*

*/s/ Eliot Turner*
Eliot Turner
eliot.turner@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100,
Houston, Texas 77010
Telephone: (713) 651-5151

*Counsel for Defendant Kairoi Management LLC*

21

/s/ Michael W. Scarborough
Michael W. Scarborough (admitted *pro hac vice*)
mscarborough@velaw.com
Dylan I. Ballard (admitted *pro hac vice*)
dballard@velaw.com
VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900

*Counsel for Defendant Lantower Luxury Living LLC*

/s/ Britt M. Miller
Britt M. Miller (admitted *pro hac vice*)
bmiller@mayerbrown.com
Daniel T. Fenske (admitted *pro hac vice*)
dfenske@mayerbrown.com
Matthew D. Provance (admitted *pro hac vice*)
mprovance@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 6006
Telephone: (312) 701-8663

Scott D. Carey (#15406)
scarey@bakerdonelson.com
Ryan P. Loofbourrow (#33414)
rloofbourrow@bakerdonelson.com
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Telephone: (615) 726-5600

*Counsel for Defendant Mid-America Apartment Communities, Inc.*

/s/ Karen H. Safran
Karen H. Safran
ksafran@goodspeedmerrill.com
Robert S. Hunger
rhunger@goodspeedmerrill.com
GOODSPEED MERRILL
9605 South Kingston Court, Suite 200
Englewood, CO 80112
Telephone: (720) 473-7644

*Counsel for Defendant Lyon Management Group, Inc.*

/s/ Jeffrey C. Bank

Jeffrey C. Bank
jbank@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
1700 K Street NW, Fifth Floor
Washington, DC 20006
Telephone: (202) 973-8800

*Counsel for Defendant Morgan Properties
Management Company, LLC*

/s/ Richard P. Sybert

Richard P. Sybert (WSBA No. 8357)
rsybert@grsm.com
GORDON REES SCULLY MANSUKHANI
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 321-5222

*Counsel for Defendant Rose Associates Inc.*

/s/ Judith A. Zahid

Judith A. Zahid (admitted *pro hac vice*)
jzahid@zellelaw.com
Heather T. Rankie (admitted *pro hac vice*)
hrankie@zellelaw.com
ZELLE LLP
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone: (415) 633-1916

*Counsel for Defendant Prometheus Real Estate
Group, Inc.*

23

/s/ Valentine Hoy
Valentine Hoy
vhoy@allenmatkins.com
Scott Perlin
sperlin@allenmatkins.com
ALLEN MATKINS LECK GAMBLE MALLORY &
NATSIS
600 West Broadway, 27th Floor
San Diego, CA 92101
Telephone: (619) 233-1155

Patrick E. Breen
pbreen@allenmatkins.com
ALLEN MATKINS LECK GAMBLE MALLORY &
NATSIS
865 South Figueroa Street, Suite 2800
Los Angeles, CA 90017
Telephone: (213) 622-5555

*Counsel for Defendant Sares Regis Group
Commercial, Inc.*

/s/ Jose Dino Vasquez
Jose Dino Vasquez
dvasquez@karrtuttle.com
Jason Hoeft
jhoeft@karrtuttle.com
KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 223-1313

*Counsel for Defendant Security Properties, Inc.*

/s/ David A. Walton
David A. Walton
dwalton@bellnunnally.com
Troy Lee (T.J.) Hales
thales@bellnunnally.com
BELL NUNNALLY & MARTIN, LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201

*Counsel for Defendant RPM Living, LLC*

/s/ Diane R. Hazel
Diane R. Hazel
dhazel@foley.com
FOLEY & LARDNER LLP
1400 16th Street, Suite 200
Denver, CO 80202
Telephone: (720) 437-2000

Elizabeth A. N. Haas (admitted *pro hac vice*)
ehaas@foley.com
Ian Hampton (admitted *pro hac vice*)
ihampton@foley.com
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 271-2400

Tara L. Swafford, BPR #17577
tara@swaffordlawfirm.com
Dylan Harper, BPR #36820
dylan@swaffordlawfirm.com
THE SWAFFORD LAW FIRM, PLLC
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406

*Counsel for Defendant Sherman Associates,
Inc.*

*/s/ Brent Justus*
Brent Justus
bjustus@mcguirewoods.com
Nick Giles
ngiles@mcguirewoods.com
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1000

*Counsel for Defendant Simpson Property Group, LLC*

*/s/ Andrew Harris*
Andrew Harris
Andrew.Harris@Levittboccio.com
LEVITT & BOCCIO, LLP
423 West 55th Street
New York, NY 10019
Telephone: (212) 801-1104

*/s/ Nicholas A. Gravante, Jr.*
Nicholas A. Gravante, Jr. (admission *pro hac vice* pending)
nicholas.gravante@cwt.com
Philip J. Iovieno (admission *pro hac vice* pending)
philp.iovieno@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6000

*Counsel for The Related Companies, L.P. and Related Management Company, L.P.*

*/s/ Yonaton Rosenzweig*
Yonaton Rosenzweig
yonirosenzweig@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017

Fred B. Burnside
fredburnside@dwt.com
MaryAnn T. Almeida
maryannalmeida@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 757-8016

*Counsel for Defendant Mission Rock Residential, LLC*

*/s/ Benjamin I. VandenBerghe*
Benjamin I. VandenBerghe
biv@montgomerypurdue.com
Kaya R. Lurie
klurie@montgomerypurdue.com
MONTGOMERY PURDUE PLLC
701 Fifth Avenue, Suite 5500
Seattle, Washington 98104-7096

*Counsel for Defendant Thrive Communities Management, LLC*

25

/s/ David D. Cross

David D. Cross (admitted *pro hac vice*)
dcross@mofo.com
Jeffrey A. Jaeckel (admitted *pro hac vice*)
jjaeckel@mofo.com
Robert W. Manoso (admitted *pro hac vice*)
rmanoso@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C., 20037
Telephone: (202) 887-1500

Eliot A. Adelson (admitted *pro hac vice*)
eadelson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000

/s/ Joshua L. Burgener

Joshua L. Burgener
jburgener@dickinsonwright.com
DICKINSON WRIGHT PLLC
424 Church Street, Suite 800
Nashville, TN 37219
Telephone: (615) 620-1757

*Counsel for Defendant UDR, Inc.*

/s/ Evan Fray-Witzer

Evan Fray-Witzer
Evan@CFWLegal.com
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: 617-426-0000

*Counsel for Defendants WinnCompanies LLC,*
*and WinnResidential Manager Corp.*

/s/ Craig Seebald

Jessalyn H. Zeigler
jzeigler@bassberry.com
BASS, BERRY & SIMS, PLC
150 Third Avenue South
Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200

Craig P. Seebald (admitted *pro hac vice*)
cseebald@velaw.com
Stephen M. Medlock (admitted *pro hac vice*)
smedlock@velaw.com
VINSON & ELKINS LLP
2200 Pennsylvania Ave., N.W.
Suite 500 West
Washington, D.C. 20037
Telephone: (202) 639-6500

Christopher W. James (admitted *pro hac vice*)
cjames@velaw.com
VINSON & ELKINS LLP
555 Mission Street
Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900

*Counsel for Defendant Windsor Property*
*Management Company*

/s/ Ferdose al-Taie

Ferdose al-Taie (admitted *pro hac vice*)
faltaie@bakerdonelson.com
BAKER, DONELSON, BEARMAN CALDWELL &
BERKOWITZ, P.C.
956 Sherry Lane, 20th Floor
Dallas, TX 75225
Telephone: (214) 391-7210

Christopher E. Thorsen (BPR # 21049)
cthorsen@bakerdonelson.com
BAKER, DONELSON, BEARMAN CALDWELL &
BERKOWITZ, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, TN 37201
Telephone: (615) 726-5600

*Counsel for Defendant ZRS Management, LLC*

/s/ James H. Mutchnik

James H. Mutchnik
james.mutchnik@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

*Counsel for Defendant Thoma Bravo L.P.*

27