UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case no. 3:23-md-3071<br>MDL No. 3071<br><br>Judge Waverly D. Crenshaw, Jr.<br><br><br>This Document Relates to:<br><br>3:23-cv-00335 |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS AGAINST ROSE ASSOCIATES INC.**

## I. INTRODUCTION

This lawsuit against Rose Associates, Inc. ("Rose"), which does business only in New York and New Jersey, was brought by Shaina Silverman and Tyler Kimbrough ("Plaintiffs"), both residents of New York on behalf of themselves and a class of all persons in the New York City metropolitan area who have leased multifamily residential real estate units and/or "rental units" in that market. (*See* ECF No. 1 at 4–5, 7; W.D. Wash. Case.) Plaintiffs allege a broad antitrust conspiracy to use RealPage software in the apartment listings in the relevant product market "in and around New York City," defined by Plaintiffs to include "Manhattan, Queens, Brooklyn, the Bronx, Staten Island, and the immediate surrounding area (for example, Hoboken, New Jersey)." (*Id.* at 10.) Despite the allegations of the Complaint being limited purely to this New York City market, and despite the fact that Rose does business in only New York and New Jersey, Plaintiffs filed their Complaint in Seattle, in the Western District of Washington, three time zones and thousands of miles away on the other side of the country.

This defeats the entire purpose of venue and personal jurisdiction, as venue was created to "protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial" and personal jurisdiction requires presence or certain minimum contacts with the forum so "that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 64 (2013); *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). It is entirely unclear why Plaintiffs claim this case belongs in the Western

District of Washington—other than perhaps that Plaintiffs' counsel may be located there--when the Complaint alleges conduct that occurred only in New York and the surrounding areas. In fact, the state of Washington is only mentioned twice, once in the caption and once in the address located under Plaintiff's counsel's signature.

As noted, this Western District of Washington action was eventually transferred by the Panel for Multidistrict Litigation to the Middle District of Tennessee for "pretrial proceedings" only, pursuant to 28 U.S.C. § 1407(a). (*See* ECF No. 1.) Section 1407(a) provides, in relevant part, that "[e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated."

Rose respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiffs' claims originally filed against Rose in the Western District of Washington ("Transferor Court" or "W.D.Wash.") due to improper venue and lack of personal jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3).

As demonstrated below, venue is not proper in the Western District of Washington because Rose is not an inhabitant, cannot be found, and does not transact business in the state, and there is otherwise no basis for requiring Rose to defend the alleged claims brought in the Transferor Court – especially because Plaintiffs themselves do not allege that they reside, lease apartments, or have even *looked* at apartments anywhere near Washington.

The Transferor Court also does not have personal jurisdiction over Rose because Rose is not an inhabitant of the district, may not be found in the district, and does not transact business in the district. Further, the Western District of Washington may not exercise jurisdiction over Rose pursuant to the Clayton Act or state long-arm law consistent with due process.[1]

Accordingly, Rose should be dismissed from the Western District of Washington case pursuant to Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(3) for improper venue. Therefore, Rose respectfully requests that the Court dismisses Plaintiffs' claims at this juncture.

///
///
///
///

---

[1] For clarification, Rose is not challenging personal jurisdiction or venue in the Middle District of Tennessee for pretrial proceedings pursuant to 28 U.S.C. § 1407(a).

## II. BACKGROUND

### A. Relevant Parties

#### 1. Plaintiffs

On December 8, 2022, Plaintiffs filed their Class Action Complaint in the Western District of Washington on behalf of themselves and a class of all persons in the New York City metro area who have leased multifamily residential real estate units (or, "rental units") directly from Rose, as well as other alleged co-conspirators, from as early as November 18, 2018, through the present. (*See* ECF No. 1 at 4–8, W.D.Wash. Case.) Nowhere in the complaint do Plaintiffs represent that they are residents of the state of Washington. (*See id.*) The complaint makes no connection between Plaintiffs and Washington at all.

#### 2. Defendant Rose

Defendant Rose is a privately held corporation incorporated in New York with a principal place of business of 777 Third, 6th Floor, New York, NY 10017. (*See* Declaration of J. Brian Peters ("Peters Decl."), ¶ 2.) Rose manages apartment units in New York and New Jersey, but no other states. (*Id.* ¶ 3.) Rose does not own, manage, or lease any property in Washington, conducts no business in Washington, and is not licensed to do business there. (*Id.* ¶ 4.) Rose also has no bank accounts, employees, affiliates, parent companies, subsidiaries, offices, or agents in Washington. (*Id.* ¶ 5.) Rose is a corporation, and its officers and directors do not live in or conduct Rose's business in Washington. (*Id.* ¶ 6.) In short, there is simply no connection between Rose and Washington and the lawsuit against it there was entirely random.

### B. Complaint and Procedural History

The Western District of Washington Complaint alleges that venue against Rose and others is based on Section 12 of the Clayton Act (15 U.S.C. § 22), and the federal venue statute (28 U.S.C. § 1391), stating that "one or more Defendants maintain business facilities, have agents, transact business, and are otherwise found within this District and certain unlawful acts alleged herein were performed and had effects within this District." (ECF No. 1 at 7, W.D.Wash. Case.) The Western District of Washington Complaint alleges that the Court has personal jurisdiction over Rose, as well as the other named defendants, under Section 12 of the Clayton Act (15 U.S.C. § 22) and Federal Rule of Civil Procedure 4(h)(1)(A) because defendants "may be found in and transact business in the forum state, including the sale of multifamily residential real estate leases" directly or through their divisions, subsidiaries, predecessors, agents, or affiliates and "engage[d] in interstate commerce in the sale of multifamily residential real estate leases"

directly or through their divisions, subsidiaries, predecessors, agents, or affiliates. (*Id.* at ¶¶ 9–11.)

As noted above, this Complaint, along with many others, were transferred and consolidated in this Court. (ECF No. 1, W.D.Wash. Case; *see also* 3:23-cv-00335 (M.D.Tenn.).) In this consolidated matter, Plaintiffs filed a Consolidated Amended Complaint, and Plaintiffs Silverman and Kimbough are no longer listed as plaintiffs at all. (ECF No. 314.)[2] By this Motion, Rose moves the Court to dismiss Plaintiffs' claims asserted against Rose on the basis of improper venue and lack of personal jurisdiction.

## III. LEGAL STANDARD

### A. Venue and Personal Jurisdiction

Generally, a plaintiff bears the burden of demonstrating that it has alleged sufficient facts to establish personal jurisdiction over all defendants and that venue is proper. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (personal jurisdiction); *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979) (venue); *see also, Campbell v. MOD Super Fast Pizza, LLC*, No. 2:22-CV-00864-RSL, 2022 WL 16553033, at *1 (W.D.Wash. Oct. 2022) ("Plaintiff has the burden of showing that her chosen venue is permissible under the governing statute"). The court may look beyond the pleadings to assess a motion to dismiss for lack of personal jurisdiction and improper venue. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (personal jurisdiction); *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (improper venue).

Regarding personal jurisdiction, when a district court does not conduct an evidentiary hearing before making its jurisdictional ruling, parties asserting jurisdiction need only make a *prima facie* showing. *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002). However, the plaintiff cannot simply "rest on the bare allegations of its complaint" if an allegation is challenged by the defendant, but uncontroverted allegations in the complaint must be taken as true. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

///

///

---

[2] Rose is not named in the student housing complaint. (ECF No. 290.)

B. **Applicable Law to This Motion**

Venue and jurisdiction must be assessed separately for each case transferred for multidistrict litigation purposes according to the law and standards applicable in the transferor district. *See*, *e.g.*, *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 699 (9th Cir. 2011) ("A corollary to this principle is that the MDL transferee court is generally bound by the same substantive legal standards, if not always the same interpretation of them, as would have applied in the transferor court."); *In re Volkswagen & Audi Warranty Extension Litig.*, 692 F.3d 4, 17–18 (1st Cir. 2012) ("Where a suit is consolidated and transferred under § 1407, courts typically apply the choice of law rules of each of the transferor courts."); *In re Community Health Sys., Inc. Customer Security Data Breach Litig.*, 2016 WL 4732630, * 1 (N.D.Al. Sep. 2016) (holding that it was necessary to apply a "local contacts" test for personal jurisdiction to each of dozens of cases consolidated as part of a MDL, assessing in each case the defendants' contacts with the state of the transferor court); *In re Anthem, Inc. Data Breach Litig.*, 162 F.Supp.3d 953, 976 (N.D.Cal. 2016) ("[A]s an MDL court, 'must apply the law of the transferor forum, that is, the law of the state in which the action was filed.'"); *In re Aluminum Warehousing Antitrust Litig.*, 90 F.Supp.3d 219, 222 (S.D.N.Y. 2015) (applying "local contacts" test and assessing personal jurisdiction of the transferor court in a multidistrict antitrust litigation). V

Here, each of venue and personal jurisdiction is improper in the Western District of Washington under applicable Ninth Circuit law.

IV. **ANALYSIS**

A. **The Transferor District Does Not Have Personal Jurisdiction Over Rose**

Plaintiffs claim that this Court has personal jurisdiction over Rose under Section 12 of the Clayton Act (15 U.S.C. § 22) and Federal Rule of Civil Procedure 4(h)(1)(A). (ECF No. 1 at ¶ 8, W.D. Wash. Case.) This is untrue. The reach of this Court's jurisdiction over Rose is limited by the Due Process Clause, which does not authorize the Western District of Washington's personal jurisdiction over Rose for the reasons set forth below. *See In re Vitamin C Antitrust Litig.*, No. 05-CV-453 BMC JO, 2012 WL 2930109, at *8 (E.D.N.Y. July 18, 2012) (citing *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174 (9th Cir. 2004)).

1. Personal Jurisdiction Over Rose in Washington Would be Unreasonable

Section 12 of the Clayton Act provides:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such

5

cases may be served in the district of which it is an inhabitant, or wherever it may be found.

15 U.S.C. § 22.

Rose understands that the Ninth Circuit has held the relevant forum with which a defendant must have "minimum contacts" in a suit brought under Section 12 of the Clayton Act is the entire United States. *Go-Video, Inc. v. Akai Elec. Co.*, 885 F.2d 1406, 1407 (9th Cir. 1989) ("[W]hen a statute authorizes nationwide service of process, national contacts analysis is appropriate. In such cases, 'due process demands [a showing of minimum contacts with the United States] with respect to foreign defendants before a court can assert personal jurisdiction.'").[3] However, Ninth Circuit law is also clear that, "[e]ven assuming that [defendant] had the requisite minimum contacts to support the exercise of […] jurisdiction, this Court must analyze whether the assertion of jurisdiction is reasonable." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1125 (9th Cir. 2002) (emphasis added). This is true even if the Court is using nationwide minimum contacts to support minimum contacts. *Id.* n.7; *Pebble Beach Co. v. Caddy*, No. C 03-4550 PJH, 2004 WL 5573646, at *4 (N.D.Cal. Mar. 1, 2004), *aff'd*, 453 F.3d 1151 (9th Cir. 2006) ("Even if [defendant's] citizenship is a sufficient national contact to confer personal jurisdiction the court's exercise of jurisdiction must still be reasonable").

To assess the reasonableness of exercising jurisdiction, the Court considers seven factors:

(1) the extent of a defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's home state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's

---

[3] It is worth noting that there have been inconsistent outcomes that have arisen from differing interpretations of the nationwide service of process provision of § 12 of the Clayton Act. *See Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159, 2000 WL 1909678 *3 (7th Cir. 2000) (recognizing circuit split regarding § 12 of the Clayton Act). Some courts have held that the nationwide service of process provision maybe invoked only after venue is satisfied, while others have held that personal jurisdiction and venue are not dependent on each other. *Compare Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 424–25 (2d Cir. 2005) ("[T]he extraterritorial service provision of Clayton Act Section 12 may be invoked to establish personal jurisdiction only when the requirements of the section's venue provision are satisfied.") (citing *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000) (holding that the statute's service clause rests on satisfaction of its venue provision)); *with Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1179–80 (9th Cir. 2004) ("[U]nder Section 12 of the Clayton Act, the existence of personal jurisdiction over an antitrust defendant does not depend upon there being proper venue in that court[.]").

interests in convenient and effective relief; and (7) the existence of an alternative forum.

*See Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001).

Here, all of these factors show that exercise of jurisdiction over Rose in the Western District of Washington would be unreasonable. Allowing the case to proceed there for trial would force Rose to litigate a complex and protracted multi-district antitrust suit from a state across the country, when it has no connection to the state, and when Plaintiffs themselves also have no connection to the state. Rose, Plaintiffs, and the State of Washington have no interest in adjudicating the suit in a state where no underlying actions pertinent to the Complaint took place. Instead, New York is an adequate and alternative forum, with connections to both Rose and Plaintiffs. It would be unreasonable to compel Rose to litigate this case in the Western District of Washington. Accordingly, Rose requests dismissal of the claims asserted against Rose in the Western District of Washington for lack of personal jurisdiction.

### B. The Case Should Be Dismissed for Improper Venue

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, Rose also moves to dismiss the action that was originally filed in the Western District of Washington, the Transferor Court, for improper venue because Plaintiffs have not met their burden to establish venue.

In alleging that venue is proper, Plaintiffs rely on the venue provisions of Section 12 of the Clayton Act (15 U.S.C. § 22) and the general federal venue provision (28 U.S.C. § 1391). But they provide no specifics as to Rose's connection to the district. (ECF No. 1 at ¶ 11, W.D.Wash. Case.) The facts show that these provisions do not authorize venue against Rose.

#### 1. Venue Is Not Established by §12 of the Clayton Act

Section 12 of the Clayton Act authorizes venue in a judicial district where a corporate defendant (1) is an inhabitant, (2) is found, or (3) transacts business. 15 U.S.C. § 22. Inhabitant means "incorporated under the laws of that jurisdiction." *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 293 n.6 (3d Cir. 2004) (quoting *Gen. Elec. Co. v. Bucyrus–Erie Co.*, 550 F. Supp. 1037, 1041 n.5 (S.D.N.Y. 1982)). "Being 'found' in a district is generally equated with 'doing business' there, and requires greater contacts than does 'transacting business.'" *Id.* Corporations are found "where [they have] 'presence' and 'continuous local activities' in the district." *Id.*; *see Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, 401 F. Supp. 2d 415, 424 (E.D. Pa. 2005); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 507 F. Supp. 1128 (D. Nev. 1980).

7

As discussed above, Rose, a corporate defendant, is not an inhabitant of the Western District of Washington. Rose is not incorporated under the laws of Washington. Rose is a New York corporation with its principal place of business in New York, New York. (Peters Decl. ¶ 2)[4]; *see also In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d at 293 n.6. Nor can Rose be found in Washington because Rose only manages apartment units in New York and New Jersey. (*Id.* ¶ 3.) Importantly, Rose also does not own, manage, or lease any property in Washington, conducts no business in Washington, and is not licensed to do business there. (*Id.* ¶ 4.) Further, Rose has no bank accounts, employees, affiliates, parent companies, subsidiaries, offices, or agents in Washington. (*Id.* ¶ 5.) Rose's officers and directors also do not live in or conduct Rose's business in Washington. (*Id.* ¶ 6.)

Rose transacts no business in the State of Washington. Transacting business within a district means conducting business there in the ordinary and usual sense of any substantial character. *See Eastman Kodak Co. v. Southern Photo Materials Co.*, 273 U.S. 359, 373 (1927); *United States v. Scophony Corp.*, 333 U.S. 795, 807 (1948); *see also Daniel v. Am. Board of Emergency Medicine*, 428 F.3d 408, 428 (2d Cir. 2005) ("The Supreme Court has construed the phrase 'transacts business,' as used in the venue provision of Clayton Act Section 12, to refer to 'the practical, everyday business or commercial concept of doing business or carrying on business of any substantial character.'") (quoting *United States v. Scophony Corp.*, 333 U.S. at 807). Because Rose does not conduct <u>any</u> business in Washington, Plaintiffs simply cannot establish that Rose conducted "everyday business" or carried on a "substantial" business in the state. (Peters Decl. ¶ 4); *see Daniel*, 428 F.3d at 430 (recognizing that business activities within a state are insufficient, as the Clayton Act only authorizes suit in the district where the corporation transacts business). The facts show that Rose cannot be found in Washington, as it has no agents there, has no properties there, and does not transact business there. (Peters Decl. ¶¶ 4–6); *see Daniel*, 428 F.3d at 429–30 (denying venue under the Clayton Act where the defendant certified physicians and accepted fees from physicians in the state, but did not own or

---

[4] Courts can consider outside evidence in evaluating a motion to dismiss under Rule 12(b)(2) or 12(b)(3). *See Addaday, Inc. v. Artist Int'l Co.*, No. 221CV05525ABPLAX, 2022 WL 1516053, at *3 (C.D.Cal. Feb. 2022) ("When adjudicating a motion to dismiss brought pursuant to Rule 12(b)(2), a district court may consider evidence outside of the pleadings, including affidavits submitted by the parties, and may order discovery on jurisdictional issues."); *Best W. Int'l Inc. v. Paradise Hosp. Inc.*, No. CV-14-00337-PHX-DGC, 2014 WL 4209246, at *2 (D.Ariz. Aug. 2014) ("When deciding a motion to dismiss under Rule 12(b)(3), the Court need not accept the pleadings as true and may consider facts outside the pleadings.").

lease real estate; maintain an office, telephone, bank account or mailing address; employ an agent; or advertise in the district).

Moreover, Plaintiffs' bare and conclusory allegation that certain unlawful acts alleged in the original complaint were performed and had effects within the Western District of Washington are controverted by the facts. A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). In fact, Plaintiffs do not even claim to be residents of Washington. (ECF No. 1 at ¶¶ 1, 12, 16; W.D.Wash. Case.) It is simply untrue and impossible that any portion of the allegations in this Complaint took place in Washington. In fact, the name "Washington" is not mentioned once in the body of the entire Complaint.

Therefore, Plaintiffs' allegations are not enough to establish that venue in the Western District of Washington is appropriate under the Clayton Act.

2. Venue Is Not Proper Under § 1391

Venue is also not proper under the general venue statute, 28 U.S.C. § 1391. Subsection (b) of this statute provides:

> A civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Venue in Washington is improper under any of these general venue alternatives.

(b)(1): The first clause of § 1391(b) authorizes venue in a judicial district where any defendant resides, if all defendants reside in the same state. Plaintiffs do not allege that any of the defendants reside in Washington. (ECF No. 1 at ¶ 20-34, W.D.Wash. Case.) Interpreting (b)(1), subsection (c)(2) provides that corporate defendants reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." In states with multiple judicial districts, a "corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d). As demonstrated above, however, because personal jurisdiction over Rose does not exist in Washington and because Rose has no contacts with the state as a whole, venue is not proper under 28 U.S.C. § 1391(b)(1).

Moreover, even if the Court were to find personal jurisdiction is appropriate in Washington, it would be improper to shoehorn that finding into also finding venue to be appropriate under § 1391(c)(2). Under § 1391(c)(2), venue is proper in every federal judicial district in which the corporate defendant is subject to personal jurisdiction. Reading this together with Section 12's nationwide service of process—and therefore, nationwide personal jurisdiction under *Go-Video*—would allow venue to be satisfied anywhere in the United States in any antitrust case. "This runs contrary to Congress's apparent intent in passing Sections 12 and 1391 that there be some limits on venue, in antitrust cases specifically and in general." *KM Enterprises, Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 729 (7th Cir. 2013). "Congress meant to make venue appropriate against a corporate defendant only if personal jurisdiction is based on the corporation's minimum contacts with the district." Wright & Miller, Fed. Prac. & Proc. Juris. § 3818 (4th ed.)

Allowing Plaintiffs to mix and match § 12's provision regarding nationwide service of process with § 1391's venue provision nullifies any true venue analysis. According to leading scholars, such "circularity might be avoided." *Id.* It would result in the absurd situation that any defendant in any antitrust case is subject to suit in every single district in the United States. *KM Enterprises, Inc.*, 725 F.3d at 731 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982)) ("[I]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available."). That is clearly not what Congress intended.[5]

Since allowing § 12's two provisions regarding nationwide service and venue to be read independently renders half of its language superfluous and provides for illogical outcomes, this

---

[5] Section 1391(d) was amended in 2011 by the Federal Courts Jurisdiction and Venue Clarification Act. *See*, *e.g.*, *Sterling Int'l, Inc. v. Sorensen Rsch. & Dev. Tr.*, No. CV 13-938-GW(JEMX), 2013 WL 12324207, at *3 (C.D.Cal. June 2013). In particular, "the amendments altered the language of § 1391(c)(2) concerning personal jurisdiction for purposes of determining corporate residency" and "[p]rior to the 2011 amendments, § 1391(c)(2) referred to personal jurisdiction 'at the time the action is commenced.'" *Powell v. Monarch Recovery Mgmt., Inc.*, No. 15-CV-2162 (MKB), 2016 WL 8711210, at *3 (E.D.N.Y. Jan. 22, 2016) (citing 28 U.S.C. § 1391(c)(2)). "After the 2011 amendments, 1391(c)(2) was amended to refer generally to whether the corporation is 'subject to personal jurisdiction with respect to the civil action in question.'" *Id.* (citing 28 U.S.C. § 1391(c)(2) and Wright & Miller, Fed. Prac. & Proc. Juris. § 3811.1). "Critically, despite the changes to the language of section 1391(c)(2) for assessing personal jurisdiction over a corporate defendant, section 1391(d), which addresses assessing corporate residency in states with multiple judicial districts, continues to require courts to assess personal jurisdiction over a corporate defendant 'at the time the action is commenced.'" *Id.*

Court should hold that the clauses are integrated. *See*, *e.g.*, *Datacell EHF v. Visa, Inc.*, 2015 WL 4624714, *4 (E.D. Va. July 30, 2015) ("As the Fourth Circuit has yet to rule on the issue, the Court will adopt the majority view that Congress intended that '[a] party seeking to take advantage of Section 12's liberalized service provisions must follow the dictates of both of its clauses.' To hold otherwise would be to hold that Congress intended no restrictions on personal jurisdiction in antitrust cases, a puzzling and inequitable interpretation.") (citations omitted). As such, if Plaintiff cannot satisfy § 12's venue provision, then Plaintiff cannot rely on § 12's nationwide service of process provision and must resort to the more traditional analysis of personal jurisdiction, which, when done, does not support a finding of personal jurisdiction in this Court.

(b)(2): In order to establish venue under the second clause of section 1391, Plaintiffs have the burden of showing that a "substantial part of the events or omissions giving rise to the claim occurred" in Washington. 28 U.S.C. § 1391(b)(2). But it is clear and undisputed that the claim as alleged did not occur in Washington. Plaintiffs claim to be residents of New York and rented property in New York. (ECF No. 1 at ¶¶ 12, 13, 16, 17; W.D.Wash. Case.) The relevant product market is alleged to be the New York metro area. (*Id.* ¶ 36.) Plaintiffs do not contend that they were present in, nor residents of, the Western District of Washington, the Transferor Court, and Plaintiffs fail to allege that any substantial events occurred in the Transferor Court. Plaintiffs do not even assert that these Rose took <u>any</u> action within the Transferor Court, let alone any "substantial" activity that forms their claim. Venue has not been established over any defendant under 28 U.S.C. § 1391(b)(2).

(b)(3): The third provision of section 1391 provides that venue is proper in "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b)(3). There are other judicial districts in which the action can be brought, such as in New York where Rose is incorporated. Accordingly, because venue could be established in another district, Plaintiffs cannot rely on 28 U.S.C. § 1391(b)(3) to establish venue.

Accordingly, neither the Clayton Act nor the general federal venue provision authorize venue in the Western District of Washington. Accordingly, this Court should dismiss the claims asserted in the Western District of Washington against Rose.

### C. This Court Should Dismiss, Not Transfer, the Claims Asserted Against Rose in the Western District of Washington

A "district court's jurisdiction as an MDL transferee court is generally coextensive with pretrial proceedings." *In re Korean Air Lines Co., Ltd.*, 642 F.3d at 699–700. Yet Transferee

11

Courts have handled motions to dismiss and enforced venue requirements in other MDL cases. *See id.* at 699; *see also, In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1532–33 (9th Cir. 1996) ("[T]he transferee court is empowered to dispose of the cases transferred to it by means of summary judgment or dismissal"), *rev'd on other grounds sub nom. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). However, "the statutory language of [28 U.S.C.] § 1407 precludes a transferee court from granting any § 1404(a) motion." *Lexecon Inc.*, 523 U.S. at 41 n.4. A district court does not have authority to transfer a case nor may it consolidate actions for all purposes, as might be proper in other circumstances pursuant to the Federal Rules of Civil Procedure. *See id.* at 700 (citing *Lexecon Inc.*, 523 U.S. at 28).

While Plaintiffs may ask the Court to remedy these venue and personal jurisdiction defects by transferring the cases to a district in which they could have been brought, either before or after the completion of the MDL proceedings, the Supreme Court has expressly held that an MDL transferee court lacks the power to transfer cases. *See Lexecon Inc.*, 523 U.S. at 34–36. Rose is unaware of any cases in which a MDL transferee court took note of *Lexecon* and then engaged in such a transfer.

Accordingly, since the authority to transfer to another venue is limited in multidistrict litigation, Rose requests the Court should dismiss the claims asserted in the Western District of Washington.

## V. CONCLUSION

For all of the foregoing reasons, Rose respectfully requests the Court grant Rose's Motion to Dismiss pursuant to Rule 12(b)(2) and/or (b)(3) with respect to the specific transferor jurisdiction by Western District of Washington addressed above.

Respectfully submitted,

Dated: July 7, 2023

GORDON REES SCULLY MANSUKHANI

By: */s/ Richard P. Sybert*
Richard P. Sybert
Hannah E. Brown *(pro hac vice)*
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 321-5222
rsybert@grsm.com
hbrown@grsm.com

*Counsel for Rose Associates, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2023, pursuant to Paragraph 9 of the Court's Practice and Procedures Notice entered April 19, 2023 (Dkt 2), a copy of the foregoing document was electronically filed with the Clerk of Court of the United States District Court for the Middle District of Tennessee and served electronically to all parties of record through the court's CM/ECF system.

*/s/ Richard P. Sybert*
Richard P. Sybert
Hannah E. Brown