# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |
|---|---|
| **In re: RealPage, Inc., Rental Software Antitrust Litigation (No. II)** | **Case No. 3:23-md-03071**<br>**MDL No. 3071**<br><br>**Judge Waverly D. Crenshaw, Jr.**<br><br>**This Document Relates to:**<br><br>**All Cases** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY ALL DISCOVERY PENDING RULING ON MOTIONS TO DISMISS

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................... 1

II.    RELEVANT BACKGROUND ...................................................................... 2

III.   LEGAL STANDARD..................................................................................... 5

IV.    ARGUMENT .................................................................................................. 6

      A.     Discovery Should Be Stayed Because Resolving Defendants' Motions
           Will Determine the Need For, or Extent of, Discovery ........................................ 7

      B.     Defendants and Nonparties Will Be Prejudiced by Costly, Burdensome
           Discovery Prior to the Court's Resolution of the Motions to Dismiss ................. 9

      C.     A Discovery Stay Would Not Prejudice Plaintiffs ............................................. 11

V.     CONCLUSION.............................................................................................. 12

# TABLE OF AUTHORITIES

**CASES**

*Anderson v. Catalina Structured Funding, Inc.*,
  No. 1:21-CV-197, 2021 WL 9000112 (W.D. Mich. July 1, 2021) ........................................ 5, 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................ 6, 9

*Bertsch v. Discover Fin. Servs.*,
  No. 2:18-cv-00290-GMN-GWF, 2018 WL 11442871 (D. Nev. June 12, 2018) ...................... 6

*Bolletino v. Cellular Sales of Knoxville, Inc.*,
  No. 3:12-CV-138, 2012 WL 3263941 (E.D. Tenn. Aug. 9, 2012) ........................................ 5, 7

*Cal. Crane School, Inc. v. Google LLC*,
  No. 21-cv-10001-HSG, 2022 WL 1271010 (N.D. Cal. Apr. 28, 2022) ................................... 6

*Cochran v. United Parcel Serv., Inc.*,
  137 F. App'x 768 (6th Cir. 2005) ........................................................................................ 12

*Crowder v. LinkedIn Corp.*,
  No. 22-cv-00237-HSG, 2023 WL 2405335 (N.D. Cal. Mar. 8, 2023) ................................... 6

*Cubicle Enters., LLC v. Rubik's Brand Ltd*,
  No. 18-cv-963 (JPO), 2018 WL 11224256 (S.D.N.Y. July 19, 2018) ................................... 6

*Ema Fin., LLC v. Vystar Corp.*,
  336 F.R.D. 75 (S.D.N.Y. 2020) ............................................................................................ 10

*Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*,
  349 F.3d 300 (6th Cir. 2003) ............................................................................................... 8, 9

*Hahn v. Star Bank*,
  190 F.3d 708 (6th Cir. 1999) ................................................................................................... 5

*Harmer v. Cannata*,
  No. 3:22-cv-00976, 2023 WL 2228985 (M.D. Tenn. Feb. 24, 2023) ...................................... 7

*In re Ins. Brokerage Antitrust Litig.*,
  618 F.3d 300 (3d Cir. 2010) ..................................................................................................... 7

*In re Travel Agent Comm'n Antitrust Litig.*,
  No. 1:03-cv-30000, 2007 WL 3171675,  (N.D. Ohio 2007) ..................................................... 8

*In re Travel Agent Comm'n Antitrust Litig.*,
  583 F.3d 896 (6th Cir. 2009) ............................................................................................... 6, 8

ii

*Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.,*
  No. 09 CV 5874 (RPP), 2009 WL 2777076 (S.D.N.Y. Sept. 1, 2009) ................................... 6

*Kendall v. Visa U.S.A., Inc.,*
  518 F.3d 1042 (9th Cir. 2008) ................................................................................................. 8

*Muzquiz v. W.A. Foote Mem'l Hosp., Inc.,*
  70 F.3d 422 (6th Cir. 1995) ..................................................................................................... 8

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.,*
  650 F.3d 1046 (6th Cir. 2011) ................................................................................................. 8

*Prison Legal News v. Bezotte,*
  No. 11-cv-13460, 2012 WL 5417457 (E.D. Mich. Nov. 6, 2012) .......................................... 11

*Robinson v. Liberty Mut. Ins. Co.,*
  No. 5:19-cv-00049-TBR, 2019 WL 5566532 (W.D. Ky. Oct. 28, 2019) ............................... 11

*Sobczak v. Corr. Med. Servs., Inc.,*
  No. 1:09-ccv-57, 2010 WL 597239 (W.D. Mich. Feb. 17, 2010) .......................................... 11

*Stone v. Vail Resorts Dev. Co.,*
  No. 09-cv-02081-WYD-KLM, 2010 WL 148278 (D. Colo. Jan. 7, 2010) ............................ 11

*Yuhasz v. Brush Wellman, Inc.,*
  341 F.3d 559 (6th Cir. 2003) ................................................................................................... 5

## RULES

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 5, 9

Fed. R. Civ. P. 26(c)(1) ................................................................................................................. 5

iii

## I.    INTRODUCTION

Defendants seek a stay of discovery pending resolution of their Motions to Dismiss. Courts routinely stay discovery in antitrust cases like this to assess the viability of the claims before requiring parties to undertake the huge burden and expense of discovery.  Even when such cases survive dismissal, narrowing the scope of antitrust claims and the defendants facing those claims can avoid extremely costly and burdensome discovery, particularly for the defendants that ultimately are dismissed.  This litigation especially warrants a stay given the many significant deficiencies with Plaintiffs' claims, including naming Defendants that do not use RealPage's revenue management software.  Plaintiffs' claims do not plausibly allege any anticompetitive agreement among Defendants (much less a price-fixing conspiracy) or any cognizable harm to competition in any purported relevant market.  Defendants' Motions to Dismiss should obviate discovery altogether or significantly limit its scope and nature.[1]

Plaintiffs allege a nationwide conspiracy to fix rental and vacancy rates since 2016 for multifamily housing.  Plaintiffs seek to represent putative classes of potentially millions of tenants who rented from one of 48 Multifamily Lessor Defendants across the country, including in more than 50 "submarkets" around the country.  Data discovery alone from dozens of Defendants will be a colossal undertaking given the extraordinary scope and volume of rental and vacancy rates at issue and the corresponding individual decisions of each Lessor Defendant regarding each of those rates.  And discovery will require extensive examination of competitive

---

[1] Certain Defendants are filing motions to dismiss that challenge personal jurisdiction and other deficiencies in the Complaint.  Those Defendants join this Motion without waiver of their motions to dismiss.  This Motion is warranted as to those Defendants so that they do not expend significant resources on discovery for claims that lack merit or personal jurisdiction.  In addition, Defendant Trammell Crow Company, LLC does not join this Motion for the reasons set forth in Defendants' Joint Motion to Dismiss.  (Defs. Mot. to Dismiss at 7 n.6.)

1

conditions in dozens of so-called "submarkets," which do not even constitute proper antitrust relevant markets.

In short, opening discovery before the Court decides the Motions to Dismiss would waste judicial resources and impose a substantial burden on Defendants as well as nonparties, such as competing lessors that are not part of the alleged conspiracy. The Court should decide the sufficiency of Plaintiffs' claims before discovery begins. Plaintiffs will not be prejudiced by staying discovery while the Court decides the Motions to Dismiss and cannot demonstrate any reason for discovery to proceed now.

## II.    RELEVANT BACKGROUND

On October 15, 2022, ProPublica published an article concerning RealPage Inc.'s ("RealPage") YieldStar software.[2] Focusing on the use of YieldStar *in Seattle*, the article simply considers whether the use of YieldStar might play a role in increasing rents. (*Id.*) The article emphasizes that "[w]hat role RealPage's software has played in soaring rents—which in the decade before the pandemic nearly doubled in some cities—is hard to discern. Inadequate new construction and the tight market for homebuyers have exacerbated an existing housing shortage." (*Id.*) On October 18, 2022—three days after the article's publication—Plaintiff Sherry Bason and four other named plaintiffs sued RealPage and nine property management companies on behalf of a putative nationwide class in the U.S. District Court for the Southern District of California regarding the use of RealPage software to set rental rates. Compl., *Bason v. RealPage*, No. 3:22-cv-01611 (S.D. Cal. Oct. 18, 2022), Dkt. 1. Following *Bason*, 37 additional putative class actions against RealPage and dozens of other Defendants were filed across the country.

---

[2] Heather Vogel, *Rent Going Up? One Company's Algorithm Could Be Why.*, ProPublica (Oct. 15, 2022), https://www.propublica.org/article/yieldstar-rent-increase-realpage-rent.

On April 10, 2023, the U.S. Judicial Panel on Multidistrict Litigation transferred the actions to the U.S. District Court for the Middle District of Tennessee and assigned them to Chief Judge Crenshaw.  (Dkt. 1 at 2.)  On July 5, 2023, Plaintiffs filed a First Amended Consolidated Multifamily Class Action Complaint naming RealPage and nearly 50 Lessor Defendants (Dkt. 314 ¶¶ 41-91), implicating dozens of distinct and very different commercial areas across the country (*id.* ¶¶ 245-393).  Plaintiffs allege a relevant time period dating back to 2016 (*id.* ¶ 1) and a class period dating back to 2018 (*id.* ¶ 402).  Plaintiffs also filed a Student Housing Class Action Complaint (Dkt. 290), which was voluntarily dismissed on July 3, 2023 (Dkt. 308).

Since initiating this litigation and filing the current Class Action Complaint—which Plaintiffs already have amended once—the parties involved in these actions have been in flux. Plaintiffs have dismissed 23 defendants and dropped 50 plaintiffs previously named in earlier complaints.  Additionally, certain plaintiffs may be subject to arbitration agreements, class action waivers, and jury trial waivers as Defendants have previously noted.  And it is now unclear whether there will be a student housing component to this litigation—and if so, when and what exactly that will entail.  This Motion concerns discovery for only the Multifamily Complaint (Dkt. 314) as there is no other complaint currently before this Court.  Concurrent with this Motion to Stay, Defendants are moving to dismiss the Multifamily Complaint.

The tremendous amount of variation among Defendants demonstrates the particular complexity, burden, and expense of discovery here.  To start, Defendants differ in size and the number of tenants and customers they serve.  For instance, Plaintiffs allege that Defendant Greystar Management Services, LP manages over 698,000 units (*id.* ¶ 64) while Defendant B/T Washington, LLC manages only around 5,300 units (*id.* ¶ 86).  Defendants also operate units in

different areas of the country, and Plaintiffs have not specified which Defendants allegedly conspired in which alleged "submarkets," leaving Defendants to guess at the scope of the allegations against them. Some Defendants focus primarily on one locality or region, such as Defendant Prometheus Real Estate Group, Inc., which operates in only certain markets in three states on the west coast (*id.* ¶ 76), while others operate more broadly. And Defendants have a variety of business models. Some, such as Defendant Avenue5 Residential, LLC, manage but do not own properties; others own and manage properties; and still others own but do not manage properties, instead relying on property managers that are not alleged to be part of the conspiracy pled here. As a result, some Defendants do not even decide rental or vacancy rates for the properties they own or manage, some do not decide whether or how to use revenue management software, and some do not have any direct interest in rental or vacancy rates. In fact, Defendants employ a variety of pricing strategies for their different properties. As explained on RealPage's Frequently Asked Questions page, which Plaintiffs cite in their Complaint:

> Each apartment provider has its own unique strategy for managing a particular property. Some providers may execute a strategy to quickly lease-up or minimize vacancies at a particular property, and thus configure their software to align with that strategy by establishing lower rents to quickly reach or consistently maintain very high or full occupancy. Others may tolerate more or longer vacancies in order to obtain higher rents and thus configure their software to support that strategy.[3]

Relatedly, Defendants vary in their use of RealPage's revenue management software, including the type of revenue management software used and how they use it. RealPage offers three different revenue management products for multifamily housing: YieldStar, AI Revenue Management, and Lease Rent Options. (Dkt. 314 ¶¶ 2, 106.) Plaintiffs admit that Defendants

---

[3] RealPage, Inc., *Frequently Asked Questions About Revenue Management Software*1 (Oct. 16, 2022), https://www.realpage.com/storage/files/pages/faqs/pdfs/2022/10/revenue-management-faqs.pdf.

use these products to very different degrees, conceding that some Defendants have "low acceptance rate[s] of RealPage's pricing recommendations" (*id.* ¶ 170), and all Defendants reject RealPage pricing recommendations ***at least*** *10-20% of the time*. (*Id.* ¶¶ 5, 129 (alleging Lessor Defendants adopt the software's pricing recommendations "***up to*** 80%-90% of the time" (emphasis added).) These and many other important aspects of how these diverse and differently-situated Defendants operate, including use of the RealPage software at issue, will be the subject of significant, costly discovery.

The Court's decision on Defendants' Motions to Dismiss should significantly reduce the burden and expense by narrowing discovery or avoiding it altogether.

## III.    LEGAL STANDARD

"[T]here is no general right to discovery upon filing of the complaint," as the "very purpose of Fed. R. Civ. P. 12(b)(6) 'is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). In exercising that discretion, courts "weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bolletino v. Cellular Sales of Knoxville, Inc.*, No. 3:12-CV-138, 2012 WL 3263941, at *1 (E.D. Tenn. Aug. 9, 2012) (citation omitted); *see also* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). "At bottom, 'a motion to stay discovery involves a pragmatic decision whether the possibility of saving the time and expense of discovery justifies a delay in proceedings.'" *Anderson v. Catalina Structured Funding, Inc.*, No. 1:21-CV-197, 2021 WL 9000112, at *2 (W.D. Mich. July 1, 2021)

5

(citation omitted).

A stay is especially warranted in an antitrust case like this. The Supreme Court and the Sixth Circuit have warned against imposing costly and burdensome discovery in complex antitrust cases before the court determines that the plaintiffs have plausibly alleged a conspiracy. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (recognizing the "unusually high cost of discovery in antitrust cases"); *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 908-09 (6th Cir. 2009) ("Pursuant to *Twombly*, district courts must assess the plausibility of an alleged illegal agreement *before* parties are forced to engaged in protracted litigation and bear excessive discovery costs." (emphasis in original)). Thus, courts routinely stay discovery in antitrust actions like this to avoid imposing unnecessary time and expense on parties and non-parties while dispositive motions are pending. *See, e.g.*, *Crowder v. LinkedIn Corp.*, No. 22-cv-00237-HSG, 2023 WL 2405335, at *8 (N.D. Cal. Mar. 8, 2023) (finding that "'[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery'"); *Cal. Crane School, Inc. v. Google LLC*, No. 21-cv-10001-HSG, 2022 WL 1271010, at *1 (N.D. Cal. Apr. 28, 2022) (granting stay of discovery in part because "forcing Defendants to spend time and resources on [discovery] . . . before the Court has an opportunity to assess whether Plaintiff has pled any plausible claims against them may subject Defendants to undue burden and expense"); *Cubicle Enters., LLC v. Rubik's Brand Ltd,* No. 18-cv-963 (JPO), 2018 WL 11224256, at *1 (S.D.N.Y. July 19, 2018); *Bertsch v. Discover Fin. Servs.,* No. 2:18-cv-00290-GMN-GWF, 2018 WL 11442871, at *1 (D. Nev. June 12, 2018); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.,* No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009).

## IV.    ARGUMENT

This litigation should be stayed for several reasons. *First*, resolving Defendants' Motions

6

to Dismiss will determine the need for or extent of discovery, as well as the parties subject to discovery. *Second*, Defendants and nonparties will be prejudiced by beginning costly and burdensome discovery before that determination is made. The burden of discovery will be particularly acute here given the nature of Plaintiffs' expansive claims, the numerous alleged markets, the number of Defendants involved, and the lengthy time period. The Court also would be burdened by expending resources on discovery-related issues later mooted by a decision on Defendants' Motions to Dismiss. *Third*, Plaintiffs will suffer no prejudice from a stay of discovery while the Court reaches that decision.

### A. Discovery Should Be Stayed Because Resolving Defendants' Motions Will Determine the Need For, or Extent of, Discovery

Discovery should be stayed unless the Court first rules that Plaintiffs have a viable claim, and if so, the scope of that claim and which Defendants remain in the litigation. *See, e.g., Anderson*, 2021 WL 9000112, at *2 (staying all discovery pending a decision on defendant's motion to dismiss); *Bolletino*, 2012 WL 3263941, at *1 (same); *Harmer v. Cannata*, No. 3:22-cv-00976, 2023 WL 2228985, at *2 (M.D. Tenn. Feb. 24, 2023) (staying discovery pending a motion to dismiss, in part, because the motion raised issues of whether some defendants were properly named, which would bear on the scope of discovery). The continued uncertainty around the parties in this litigation and whether (and if so, when) the student housing aspect of the litigation will be revived, which would impact the parties involved and the claims at issue, makes this a particularly pertinent point here. Defendants' Motions to Dismiss, if granted, would eliminate the need for discovery entirely. This is an especially compelling factor here given that many cases similarly premised on pricing "recommendations" or a "rimless hub-and-spoke conspiracy" have failed. *See, e.g., In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 329 (3d Cir. 2010) (allegations that insurance-broker "hub" shared competitive information with insurer

"spokes" did not permit inference of conspiracy absent allegations of "horizontal" sharing between insurers; affirming dismissal); *In re Travel Agent Comm'n Antitrust Litig.*, 2007 WL 3171675, at *11 (N.D. Ohio 2007) ("availability of Defendants' commission rates" is not "evidence of a conspiracy"; dismissing complaint), *aff'd*, 583 F.3d 896 (6th Cir. 2009).

If the Court grants Defendants' Motions in whole or in part, discovery will be significantly narrowed when compared to the current scope of the Complaint. For example, if discovery proceeds while the Motions are pending, because Plaintiffs' current Complaint fails to specifically allege "who, did what, to whom (or with whom), where, and when," Defendants may be unfairly subject to broad, burdensome discovery in geographic areas in which they are not alleged to have conspired or had any impact. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008).

Additionally, Plaintiffs are not permitted to engage in post-filing discovery to remedy deficiencies in their complaints. *See New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011). The Complaint is legally deficient for multiple, independent reasons, as explained in Defendants' Motions to Dismiss. But Plaintiffs may not use discovery to try to cure those deficiencies.

Further, Defendants' Motions to Dismiss raise purely legal issues for the Court to decide without the need for discovery. The Sixth Circuit has explained that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citation omitted); *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995) (limitations on pretrial discovery are appropriate where claims may be dismissed "based on legal determinations that could not have

8

been altered by any further discovery"). Because Plaintiffs' allegations are taken as true under Rule 12(b)(6) (notwithstanding the demonstrable inaccuracy of many of the allegations), no discovery is required or appropriate at this stage. *See Gettings*, 349 F.3d at 304 (affirming a motion to stay, in part, because there were claims that could be decided as a matter of law).

### B. Defendants and Nonparties Will Be Prejudiced by Costly, Burdensome Discovery Prior to the Court's Resolution of the Motions to Dismiss

A discovery stay while the Court decides the Motions to Dismiss would prevent unnecessary waste of the parties' and nonparties' resources if the claims are dismissed or narrowed, as they should be. The Supreme Court has emphasized that "antitrust discovery can be expensive" and has cautioned courts that they "must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. 554 at 558 (When "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court.'" (citation omitted)).

The scope of Plaintiffs' antitrust claims and the facts necessary to rebut them emphasize the significant burden that discovery would impose. Plaintiffs assert claims of "massive collusion" (Dkt. 314 ¶ 16) allegedly involving "vast amounts of [] non-public proprietary data" (*id.* ¶ 5) against nearly 50 Lessor Defendants operating in dozens of so-called "submarkets" (*id.* ¶¶ 245-393). One group of Plaintiffs states that even before filing suit, they "hired consulting experts, purchased and analyzed data on multifamily rental housing, interviewed numerous confidential witnesses (including high-level industry insiders), and dedicated over 600 hours to investigating this case." (Dkt. 258 at 1.) As detailed in Defendants' Motions to Dismiss, *none* of those witnesses or data indicate a *horizontal* agreement among any of the Defendants to fix prices, but nevertheless the effort Plaintiffs claim to have made just to file this litigation

9

highlights how burdensome and costly discovery will be if it survives dismissal.

The variation among Defendants further highlights this fact. For example, they vary widely in terms of the number and characteristics of units they manage, the tenants they serve, and their revenues, rental rates, and organization size; they operate units in different commercial areas of the country and do not all compete with one another; they price those units in different ways, to the extent they make pricing decisions, including the extent and nature of any use of revenue management software; and they utilize different revenue and inventory management tools from RealPage (where they use those tools at all). Understanding the many facts involved in each of these issues and how those facts changed over time will require very costly discovery. This includes burdensome discovery into the specific commercial dynamics of each alleged "submarket," such as the impact of inflation, the global pandemic, the number of available housing units, and other circumstances affecting those dynamics. Significant discovery will be needed from nonparties competing with one or more Defendants in each of the "submarkets" and more broadly, such as regarding their respective market shares, property characteristics, rental and vacancy rates, revenue management software usage, and pricing and vacancy decisions. This nonparty discovery will be important for establishing that the alleged conspiracy could not have artificially increased rental rates because of fierce competition from countless other lessors in each purported "submarket" and across the country. A discovery stay would avoid this potentially unnecessary burden and cost on nonparties. *See Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 84 (S.D.N.Y. 2020) (granting stay of discovery, in part, because potential discovery would impose a significant burden on third parties).

Discovery also will be needed for each named Plaintiff and potentially many other tenants given that Plaintiffs allege injury for potentially millions of putative class members,

adding another layer of complexity to the discovery process. *See, e.g., Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *2 (D. Colo. Jan. 7, 2010) (granting motion to stay discovery as to plaintiffs' class action claims because, in part, "[d]iscovery as to those claims is likely to be significant" as they involve "up to sixty-six" putative class members). And discovery will be needed from the "confidential witnesses" who are allegedly former employees of a handful of Defendants and nonparties and upon whom Plaintiffs rely for their claims. (*See, e.g.*, Dkt. 314 ¶¶ 1, 7-9.)

Lastly, litigating discovery-related issues later mooted by a decision on Defendants' Motions to Dismiss would be an unnecessary waste of judicial resources. *See Robinson v. Liberty Mut. Ins. Co.*, No. 5:19-cv-00049-TBR, 2019 WL 5566532, at *1 (W.D. Ky. Oct. 28, 2019) (Courts generally stay discovery pending resolution of the underlying claim when it would "prevent prejudice, eliminate potentially unnecessary litigation expenses, and promote the interest of judicial economy."); *Prison Legal News v. Bezotte,* No. 11-cv-13460, 2012 WL 5417457, at *1 (E.D. Mich. Nov. 6, 2012) (noting that a stay of discovery until resolution of the pending motions would prevent wasting judicial resources); *Sobczak v. Corr. Med. Servs., Inc.*, No. 1:09-ccv-57, 2010 WL 597239, at * 1 (W.D. Mich. Feb. 17, 2010) (finding that "a stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources" (citation omitted)). A stay properly preserves party and judicial resources.[4]

### C.    A Discovery Stay Would Not Prejudice Plaintiffs

In contrast to the significant burden and expense that premature discovery would impose

---

[4] Even if the Court permits Plaintiffs leave to amend their Complaint, staying discovery will prevent the parties and Court from expending resources until Plaintiffs file a complaint that can withstand Rule 12 challenges.

upon Defendants and nonparties, Plaintiffs will not be prejudiced at all by a stay. *See, e.g.*, *Cochran v. United Parcel Serv., Inc.*, 137 F. App'x 768, 773 (6th Cir. 2005) (affirming the district court's stay of discovery because the plaintiff could not prove substantial prejudice). That Plaintiffs do not seek injunctive relief highlights the lack of prejudice from a stay. Additionally, discovery would be stayed only until the Court decides whether Plaintiffs have a viable claim. Briefing on the Motions will be complete by July 31, 2023. Until that ruling, the parties can make progress in the case without launching into discovery, including by negotiating a protective order and an electronically-stored information order, so that they can be prepared for discovery should Plaintiffs' claims survive in some scope as to some Defendants. The parties also do not need discovery to preserve potentially relevant evidence. The Court has reiterated the parties' preservation obligations under the Federal Rules. Defendants have taken appropriate steps to comply with their obligations, and Plaintiffs have sent preservation notices to nonparties, such as the National Apartment Association.

In short, a stay would not affect Plaintiffs' ability to prosecute their claims if the Motions to Dismiss are denied and would preserve the parties' resources if the Motions are granted.

## V. CONCLUSION

A stay of discovery pending resolution of Defendants' Motions to Dismiss is warranted given that the Court's decision on the Motions likely will fundamentally alter the scope of discovery, potentially obviating or at least reducing the burden and expense on the Court, nonparties, and the parties, especially for any Defendants dismissed entirely. Defendants respectfully request that the Court grant Defendants' Motion to Stay.

12

DATED:  July 7, 2023

Respectfully submitted,

*/s/ David D. Cross*
David D. Cross (admitted *pro hac vice*)
dcross@mofo.com
Jeffrey A. Jaeckel (admitted *pro hac vice*)
jjaeckel@mofo.com
Robert W. Manoso (admitted *pro hac vice*)
rmanoso@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C., 20037
Telephone: (202) 887-1500

Eliot A. Adelson (admitted *pro hac vice*)
eadelson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000

*/s/ Joshua L. Burgener*
Joshua L. Burgener
jburgener@dickinsonwright.com
DICKINSON WRIGHT PLLC
424 Church Street, Suite 800
Nashville, TN 37219
Telephone: (615) 620-1757

*Counsel for Defendant UDR, Inc.*

13

/s/ Jay Srinivasan

Jay Srinivasan (admitted *pro hac vice*)
jsrinivasan@gibsondunn.com
Daniel G. Swanson (admitted *pro hac vice*)
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7430

Stephen Weissman (admitted *pro hac vice*)
sweissman@gibsondunn.com
Michael J. Perry (admitted *pro hac vice*)
mjperry@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 955-8678

Stephen C. Whittaker (admitted *pro hac vice*)
cwhittaker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1361 Michelson Drive
Irvine, CA 92612
Telephone: (212) 351-2671

Ben A. Sherwood (admitted *pro hac vice*)
bsherwood@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-2671

*Counsel for Defendant RealPage, Inc.*

/s/ Edwin Buffmire

Edwin Buffmire
ebuffmire@jw.com
Michael Moran
mmoran@jw.com
JACKSON WALKER LLP
2323 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (214) 953-6000

Kevin Fulton
kevin@fultonlg.com
THE FULTON LAW GROUP PLLC
7676 Hillmont St., Suite 191
Houston, TX 77040
Telephone: (713) 589-6964

*Counsel for Defendant Allied Orion Group, LLC*

/s/ Katie A. Reilly

Katie A. Reilly
reilly@wtotrial.com
Michael T. Williams
williams@wtotrial.com
Judith P. Youngman
youngman@wtotrial.com
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: (303) 244-1800

Mark Bell
Mark.Bell@hklaw.com
HOLLAND & KNIGHT LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 850-8850

*Counsel for Defendant Apartment Income REIT Corp., d/b/a AIR Communities*

/s/ Danny David
Danny David
danny.david@bakerbotts.com
BAKER BOTTS LLP
910 Louisiana Street
Houston, TX 77002
Telephone: (713) 229-4055

James Kress (*pro hac vice* forthcoming)
james.kress@bakerbotts.com
Paul Cuomo (*pro hac vice* forthcoming)
paul.cuomo@bakerbotts.com
BAKER BOTTS LLP
700 K. Street, NW
Washington, DC 20001
Telephone: (202) 639-7884

*Counsel for Defendant Avenue5 Residential, LLC*

/s/ Matt T. Adamson
Matt T. Adamson
madamson@jpclaw.com
JAMESON PEPPLE CANTU PLLC
801 Second Avenue, Suite 700
Seattle, WA 98104
Telephone: (206) 292-1994

*Counsel for Defendant B/T Washington, LLC d/b/a Blanton Turner*

/s/ Marguerite Willis
Marguerite Willis (admitted *pro hac vice*)
mwillis@maynardnexsen.com
MAYNARD NEXSEN PC
104 South Main Street
Greenville, SC 29601
Telephone: (864) 370-2211

Michael A. Parente (admitted *pro hac vice*)
mparente@maynardnexsen.com
MAYNARD NEXSEN PC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: (803) 771-8900

Margaret M. Siller (BPR No. 039058)
msiller@maynardnexsen.com
MAYNARD NEXSEN PC
1201 Villa Place, Suite 103
Nashville, Tennessee 37212
Telephone: (629) 258-2253

*Counsel for Defendant Bell Partners, Inc.*

/s/ Ian Simmons
Ian Simmons
isimmons@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5196

Stephen McIntyre
smcintyre@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

*Counsel for Defendant BH Management Services, LLC*

15

/s/ James D. Bragdon
James D. Bragdon
jbragdon@gejlaw.com
Sam Cowin
scowin@gejlaw.com
GALLAGHER EVELIUS & JONES LLP
218 N. Charles St., Suite 400
Baltimore, MD 21201
Telephone: (410) 727-7702

Philip A. Giordano (admitted *pro hac vice*)
philip.giordano@hugheshubbard.com
HUGHES HUBBARD & REED LLP
1775 I Street NW
Washington, DC 20007
Telephone: (202) 721-4776

Charles E. Elder, BPR # 038250
celder@bradley.com
BRADLEY ARANTBOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.252.3597

*Counsel for Defendant*
*Bozzuto Management Company*

/s/ Yehudah L. Buchweitz
Yehudah L. Buchweitz
yehudah.buchweitz@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8256

Jeff L. White
Jeff.white@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW
Washington, DC 20036
Telephone: (202) 682-7059

R. Dale Grimes, BPR #006223
dgrimes@bassberry.com
BASS, BARRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6244

*Counsel for Defendant Brookfield Properties*
*Multifamily LLC*

16

_/s/ J. Douglas Baldridge_
J. Douglas Baldridge
jbaldridge@venable.com
Danielle R. Foley (admitted *pro hac vice*)
drfoley@venable.com
Andrew B. Dickson (admitted *pro hac vice*)
abdickson@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
(202) 344-4703

*Counsel for Defendant CH Real Estate Services, LLC*

_/s/ Benjamin R. Nagin_
Benjamin R. Nagin
bnagin@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300

*Counsel for Defendant ConAm Management Corporation*

_/s/ Lynn H. Murray_
Lynn H. Murray
lhmurray@shb.com
Maveric Ray Searle
msearle@shb.com
SHOOK, HARDY & BACON L.L.P.
111 S. Wacker Dr., Suite 4700
Chicago, IL 60606
Telephone: (312) 704-7766

Ryan Sandrock
rsandrock@shb.com
Shook, Hardy & Bacon L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 544-1944

Laurie A. Novion
lnovion@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 559-2352

*Counsel for Defendant Camden Property Trust*

17

/s/ Ronald W. Breaux
Ronald W. Breaux
Ron.Breaux@haynesboone.com
Bradley W. Foster
Brad.Foster@haynesboone.com
HAYNES AND BOONE LLP
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Fax: (214) 200-0376

*Counsel for Defendant Conti Capital*

/s/ Kenneth Reinker
Kenneth Reinker
kreinker@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1522

Joseph M. Kay
jkay@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2745

*Counsel for Defendant Pinnacle Property Management Services, LLC*

/s/ Todd R. Seelman
Todd R. Seelman
todd.seelman@lewisbrisbois.com
Thomas L. Dyer
thomas.dyer@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, CO 80203
Telephone: (720) 292-2002

*Counsel for Defendant Cortland Management, LLC*

/s/ Ann MacDonald
Ann MacDonald
Ann.macdonald@afslaw.com
Barry Hyman
Barry.hyman@afslaw.com
ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500

*Counsel for Defendant CWS Apartment Homes, LLC*

/s/ Bradley C. Weber
Bradley C. Weber (admitted *pro hac vice*)
bweber@lockelord.com
Locke Lord LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone:  (214) 740-8497

*Counsel for Defendant Dayrise Residential, LLC*

18

/s/ Charles H. Samel
Charles H. Samel
charles.samel@stoel.com
Edward C. Duckers
ed.duckers@stoel.com
STOEL RIVES LLP
1 Montgomery Street, Suite 3230
San Francisco, CA 94104
Telephone:  (415) 617-8900

George A. Guthrie
gguthrie@wilkefleury.com
WILKE FLEURY LLP
621 Capitol Mall, Suite 900
Sacramento, CA 95814
Telephone: (916) 441-2430

*Counsel for Defendant FPI Management, Inc.*

.

/s/ Carl W. Hittinger
Carl W. Hittinger
chittinger@bakerlaw.com
Alyse F. Stach
astach@bakerlaw.com
Tyson Y. Herrold
therrold@bakerlaw.com
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501
Telephone: (215) 568-3100

Stephen J. Zralek, BPR #018971
szralek@spencerfane.com
S. Chase Fann, BPR #036794
cfann@spencerfane.com
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
Telephone: (615) 238-6300

*Counsel for Defendant Equity Residential*

/s/ Leo D. Caseria
Leo D. Caseria
lcaseria@sheppardmullin.com
Helen C. Eckert
heckert@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC, 20006
Telephone: (202) 747-1925

Arman Oruc
aoruc@goodwinlaw.com
GOODWIN PROCTER, LLP
1900 N Street, NW
Washington, DC 20036
Telephone:  (202) 346-4000

*Counsel for Defendant Essex Property Trust, Inc.*

19

*/s/ Michael D. Bonanno*
Michael D. Bonanno
mikebonanno@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I St. NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8225

Christopher Daniel Kercher (admitted *pro hac vice*)
christopherkercher@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor,
New York, New York 10010
Telephone: (212) 849-7000

Andrew Gardella, Esq. (TN Bar #027247)
agardella@martintate.com
MARTIN, TATE, MORROW & MARSTON P.C.
315 Deaderick Street, Suite 1550
Nashville, TN 37238
Telephone: (615) 627-0668

*Counsel for Defendant Highmark Residential, LLC*

*/s/ Cliff A. Wade*
Cliff A. Wade
cliff.wade@bakerlopez.com
Chelsea L. Futrell
chelsea.futrell@bakerlopez.com
BAKER LOPEZ PLLC
5728 LBJ Freeway, Suite 150
Dallas, Texas 75240
Telephone: (469) 206-9384

*Counsel for Defendant Knightvest Residential*

*/s/ Michael M. Maddigan*
Michael M. Maddigan
michael.maddigan@hoganlovells.com
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4727

William L. Monts, III
william.monts@hoganlovells.com
Benjamin F. Holt
benjamin.holt@hoganlovells.com
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-6440

Joshua C. Cumby (BPR No. 37949)
joshua.cumby@arlaw.com
F. Laurens Brock (BPR No. 17666)
larry.brock@arlaw.com
Rocklan W. King, III (BPR No. 30643)
rocky.king@arlaw.com
ADAMS AND REESE LLP
1600 West End Avenue, Suite 1400
Nashville, Tennessee 37203
Telephone: (615) 259-1450

*Counsel for Defendant Greystar Management Services, LLC (formerly Greystar Management Services, LP)*

20

/s/ Gregory J. Casas
Gregory J. Casas (admitted *pro hac vice*)
casasg@gtlaw.com
Emily W. Collins (admitted *pro hac vice*)
Emily.Collins@gtlaw.com
GREENBERG TRAURIG, LLP
300 West 6th Street, Suite 2050
Austin, TX 78701-4052
Telephone: (512) 320-7200

Robert J. Herrington (admitted *pro hac vice*)
HerringtonR@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700

Becky L. Caruso (admitted *pro hac vice*)
carusob@gtlaw.com
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Telephone: (973) 443-3252

/s/ Ryan T. Holt
Ryan T. Holt (No. 30191)
rholt@srvhlaw.com
Mark Alexander Carver (No. 36754)
acarver@srvhlaw.com
SHERRARD ROE VOIGT & HARBISON, PLC
150 Third Avenue South, Suite 1100
Nashville, Tennessee 37201
Tel. (615) 742-4200

*Counsel for Defendant Lincoln Property
Company*

/s/ John J. Sullivan
John J. Sullivan
jsullivan@cozen.com
COZEN O'CONNOR P.C.
3 WTC, 175 Greenwich St., 55th Floor
New York, NY 10007
Telephone: (212) 453-3729

*Counsel for Defendant Independence Realty
Trust, Inc.*

/s/ Eliot Turner
Eliot Turner
eliot.turner@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100,
Houston, Texas 77010
Telephone: (713) 651-5151

*Counsel for Defendant Kairoi Management
LLC*

21

/s/ Michael W. Scarborough
Michael W. Scarborough (admitted *pro hac vice*)
mscarborough@velaw.com
Dylan I. Ballard (admitted *pro hac vice*)
dballard@velaw.com
VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900

*Counsel for Defendant Lantower Luxury Living LLC*

/s/ Britt M. Miller
Britt M. Miller (admitted *pro hac vice*)
bmiller@mayerbrown.com
Daniel T. Fenske (admitted *pro hac vice*)
dfenske@mayerbrown.com
Matthew D. Provance (admitted *pro hac vice*)
mprovance@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 6006
Telephone: (312) 701-8663

Scott D. Carey (#15406)
scarey@bakerdonelson.com
Ryan P. Loofbourrow (#33414)
rloofbourrow@bakerdonelson.com
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Telephone: (615) 726-5600

*Counsel for Defendant Mid-America Apartment Communities, Inc.*

/s/ Karen H. Safran
Karen H. Safran
ksafran@goodspeedmerrill.com
Robert S. Hunger
rhunger@goodspeedmerrill.com
GOODSPEED MERRILL
9605 South Kingston Court, Suite 200
Englewood, CO 80112
Telephone: (720) 473-7644

*Counsel for Defendant Lyon Management Group, Inc.*

/s/ Jeffrey C. Bank
Jeffrey C. Bank
jbank@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
1700 K Street NW, Fifth Floor
Washington, DC 20006
Telephone: (202) 973-8800

*Counsel for Defendant Morgan Properties
Management Company, LLC*


/s/ Richard P. Sybert
Richard P. Sybert (WSBA No. 8357)
rsybert@grsm.com
GORDON REES SCULLY MANSUKHANI
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 321-5222

*Counsel for Defendant Rose Associates Inc.*

/s/ Judith A. Zahid
Judith A. Zahid (admitted *pro hac vice*)
jzahid@zellelaw.com
Heather T. Rankie (admitted *pro hac vice*)
hrankie@zellelaw.com
ZELLE LLP
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone: (415) 633-1916

*Counsel for Defendant Prometheus Real Estate
Group, Inc.*

23

/s/ Valentine Hoy
Valentine Hoy
vhoy@allenmatkins.com
Scott Perlin
sperlin@allenmatkins.com
ALLEN MATKINS LECK GAMBLE MALLORY &
NATSIS
600 West Broadway, 27th Floor
San Diego, CA 92101
Telephone: (619) 233-1155

Patrick E. Breen
pbreen@allenmatkins.com
ALLEN MATKINS LECK GAMBLE MALLORY &
NATSIS
865 South Figueroa Street, Suite 2800
Los Angeles, CA 90017
Telephone: (213) 622-5555

*Counsel for Defendant Sares Regis Group Commercial, Inc.*

/s/ Jose Dino Vasquez
Jose Dino Vasquez
dvasquez@karrtuttle.com
Jason Hoeft
jhoeft@karrtuttle.com
KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 223-1313

*Counsel for Defendant Security Properties, Inc.*

/s/ David A. Walton
David A. Walton
dwalton@bellnunnally.com
Troy Lee (T.J.) Hales
thales@bellnunnally.com
BELL NUNNALLY & MARTIN, LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201

*Counsel for Defendant RPM Living, LLC*

/s/ Diane R. Hazel
Diane R. Hazel
dhazel@foley.com
FOLEY & LARDNER LLP
1400 16th Street, Suite 200
Denver, CO 80202
Telephone: (720) 437-2000

Elizabeth A. N. Haas (admitted *pro hac vice*)
ehaas@foley.com
Ian Hampton (admitted *pro hac vice*)
ihampton@foley.com
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 271-2400

Tara L. Swafford, BPR #17577
tara@swaffordlawfirm.com
Dylan Harper, BPR #36820
dylan@swaffordlawfirm.com
THE SWAFFORD LAW FIRM, PLLC
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406

*Counsel for Defendant Sherman Associates, Inc.*

/s/ Brent Justus

Brent Justus
bjustus@mcguirewoods.com
Nick Giles
ngiles@mcguirewoods.com
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1000

*Counsel for Defendant Simpson Property Group, LLC*

/s/ Andrew Harris

Andrew Harris
Andrew.Harris@Levittboccio.com
LEVITT & BOCCIO, LLP
423 West 55th Street
New York, NY 10019
Telephone: (212) 801-1104

/s/ Nicholas A. Gravante, Jr.

Nicholas A. Gravante, Jr. (admitted *pro hac vice*)
nicholas.gravante@cwt.com
Philip J. Iovieno (admitted *pro hac vice*)
philp.iovieno@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6000

*Counsel for Defendants The Related Companies, L.P. and Related Management Company, L.P.*

/s/ Yonaton Rosenzweig

Yonaton Rosenzweig
yonirosenzweig@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017

Fred B. Burnside
fredburnside@dwt.com
MaryAnn T. Almeida
maryannalmeida@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 757-8016

*Counsel for Defendant Mission Rock Residential, LLC*

/s/ Benjamin I. VandenBerghe

Benjamin I. VandenBerghe
biv@montgomerypurdue.com
Kaya R. Lurie
klurie@montgomerypurdue.com
MONTGOMERY PURDUE PLLC
701 Fifth Avenue, Suite 5500
Seattle, Washington 98104-7096

*Counsel for Defendant Thrive Communities Management, LLC*

25

/s/ Evan Fray-Witzer
Evan Fray-Witzer
Evan@CFWLegal.com
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: 617-426-0000

*Counsel for Defendants WinnCompanies LLC,
and WinnResidential Manager Corp.*

/s/ Craig Seebald
Jessalyn H. Zeigler
jzeigler@bassberry.com
BASS, BERRY & SIMS, PLC
150 Third Avenue South
Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200

Craig P. Seebald (admitted *pro hac vice*)
cseebald@velaw.com
Stephen M. Medlock (admitted *pro hac vice*)
smedlock@velaw.com
VINSON & ELKINS LLP
2200 Pennsylvania Ave., N.W.
Suite 500 West
Washington, D.C. 20037
Telephone: (202) 639-6500

Christopher W. James (admitted *pro hac vice*)
cjames@velaw.com
VINSON & ELKINS LLP
555 Mission Street
Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900

*Counsel for Defendant Windsor Property
Management Company*

/s/ Ferdose al-Taie
Ferdose al-Taie (admitted *pro hac vice*)
faltaie@bakerdonelson.com
BAKER, DONELSON, BEARMAN CALDWELL &
BERKOWITZ, P.C.
956 Sherry Lane, 20th Floor
Dallas, TX 75225
Telephone: (214) 391-7210

Christopher E. Thorsen (BPR # 21049)
cthorsen@bakerdonelson.com
BAKER, DONELSON, BEARMAN CALDWELL &
BERKOWITZ, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, TN 37201
Telephone: (615) 726-5600

*Counsel for Defendant ZRS Management, LLC*

/s/ James H. Mutchnik
James H. Mutchnik
james.mutchnik@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

*Counsel for Defendants Thoma Bravo Fund XIII, L.P., Thoma Bravo Fund XIV, L.P., and Thoma Bravo, L.P.*

27

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2023, I electronically filed the foregoing document with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to all

attorneys of record registered on the CM/ECF system.

DATED this 7th day of July, 2023.

/s/ *David D. Cross*
David D. Cross