**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 3:23-md-3071**<br>**MDL No. 3071**<br><br>**Judge Waverly D.**<br>**Crenshaw, Jr.**<br><br>**JURY DEMAND**<br><br>**This Document Relates to:**<br>**ALL CASES** |

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY

## I.  INTRODUCTION

Defendants' Motion to Stay is meritless. As the parties seeking the stay, Defendants bear the burden to show that a stay is justified. They have failed to do so. Defendants' motion ignores critical governing precedents, misstates the legal standard, and improperly tries to shift Defendants' burden onto Plaintiffs. The Court should deny their Motion.

## II.  LEGAL STANDARD[1]

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). However, "a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envt'l. Council v. USDC S.D. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977). A stay of discovery "is the exception, not the rule, even when a dispositive motion is pending." *United States ex rel. Cutler v. Cigna Corp.*, 2023 WL 2552340, at *2 (M.D. Tenn. Mar. 3, 2023) (citing LR 16.01(g));[2] *Collabera, Inc. v. Liggett*, 2021 WL 6496801, at *2 (M.D. Tenn. June 21, 2021).

"[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envt'l. Council,* 565 F.2d at 396; *see also Int'l Bhd. of Elec. Workers, Loc. Union No. 2020, AFL-CIO v. AT&T Network Sys. (Columbia Works)*, 879 F.2d 864 (6th Cir. 1989) ("The most important consideration is the balance of hardships; the moving party has the burden of proving that it will suffer irreparable injury if the case moves forward, and that the non-moving party will not be

---

[1] To spare the Court duplicative briefing, Plaintiffs respectfully refer the Court to Plaintiffs' forthcoming Memorandum of Law in Opposition to Defendants' Motion to Dismiss for germane factual and procedural background.

[2] Unless otherwise indicated, emphasis is added and internal citations are omitted.

injured by a stay.") To meet its burden, "the moving party must articulate specific facts that show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient." *CHS/Cmty. Health Sys., Inc. v. Med. Univ. Hosp. Auth.*, 2021 WL 5863598, at *2 (M.D. Tenn. Jan. 4, 2021) (citing *In re: Skelaxin Metaxalone Antitrust Lit.*, 292 F.R.D. 544, 549 (E. D. Tenn. 2013)). A movant who shows "merely [that] the disputed discovery may be inconvenient or expensive" likewise fails to carry this burden. *Id*. (citing *Isaac v. Shell Oil Co.*, 83 F. R. D. 428, 431 (E.D. Mich. 1979)).

Generally, "the mere filing of a dispositive motion, such as a motion for judgment on the pleadings or motion to dismiss, is insufficient to support a stay of discovery." *SNMP Rsch., Inc. v. Broadcom Inc.*, 2021 WL 2636011, at *5 (E.D. Tenn. June 25, 2021) (citing *Baker v. Swift Pork Co.*, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015)). Indeed, there is a "presumption that discovery is not stayed pending dispositive motion in the Local Rules of Court." *Collabera*, 2021 WL 6496801, at *2. Where a dispositive motion raises issues that "reasonably can be characterized as fairly debatable, the court has *routinely* declined to grant a stay." *Id*. at *1. Unless a motion concerns an issue "such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms*, LLC, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010).

## III. ARGUMENT

### A. Defendants have not met their burden to show a pressing need for delay.

Defendants do not argue a pressing need for delay, or that they will suffer irreparable harm if discovery proceeds. Much less do Defendants articulate "specific facts that show a clearly defined and serious injury resulting from the discovery sought." *CHS/Cmty. Health Sys., Inc.*, 2021 WL 5863598, at *2. Unable to make this showing, Defendants instead devote much of their brief

lodging various facts about Defendants that are irrelevant to the present inquiry. Stay Mem. At 3 (noting that some Defendants are large and some are small); *id.* at 4 (some Defendants operate nationwide and some are localized); *id.* (Defendants have different pricing strategies). They conclude that "[t]he tremendous amount of variation among Defendants demonstrates the particular complexity, burden, and expense of discovery here." *Id.* at 3. But they do not explain why variation in size and geographic locations among Defendants creates any specific burden or injury to any specific Defendant, nor the import of their vacuous observation that some, larger Defendants likely face relatively higher discovery costs when dozens of Defendants are engaged in, and subsequently sued for, alleged widespread rent-fixing.

As the party who seeks a stay, Defendants bear the burden to make these showings, yet they do not even attempt to. Instead, Defendants recapitulate the general themes of their 12(b)(6) motion, peppering in conclusory and speculative statements about the expense and inconvenience of antitrust discovery intermittently along the way. *See, e.g.*, Stay Mem. at 8 ("if discovery proceeds while the Motions are pending, because Plaintiffs' current Complaint fails to specifically allege 'who, did what, to whom (or with whom), where, and when,' Defendants may be unfairly subject to broad, burdensome discovery in geographic areas in which they are not alleged to have conspired or had any impact"); 9 ("The Supreme Court has emphasized that 'antitrust discovery can be expensive'"); 9-10 ("As detailed in Defendants' Motions to Dismiss, none of those witnesses or data indicate a horizontal agreement among any of the Defendants to fix prices, but nevertheless the effort Plaintiffs claim to have made just to file this litigation highlights how burdensome and costly discovery will be if it survives dismissal.").

Such generalized grievances are insufficient to support a motion to stay. *See, e.g.*, *Cigna Corp.*, 2023 WL 2552340, at *4-5 ("significant—and potentially needless—costs to collect,

review, and produce additional discovery . . . are no more than the ordinary burdens attendant to discovery," not "a pressing need for delay"); *Amos v. Lampo Grp., LLC*, 2023 WL 3590676, at *2 (M.D. Tenn. May 22, 2023) (feeling "frustrated by having to conduct discovery while the possibility still exists that discovery will prove immaterial based on the granting of a still-pending motion to dismiss" is not sufficient to support a stay of discovery); *CHS/Cmty. Health Sys., Inc.*, 2021 WL 5863598, at *2 ("Good cause will not be shown merely because the disputed discovery may be inconvenient or expensive.").

Moreover, Defendants' reliance on *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *In re Travel Agent Commission Antitrust Litig.*, 583 F.3d 896 (6th Circ. 2009) to argue the contrary is misplaced. Stay Mem. at 6. Defendants argue that "[p]ursuant to *Twombly*, district courts must assess the plausibility of an alleged illegal agreement *before* parties are forced to engaged in protracted litigation and bear excessive discovery costs." *Id*. Defendants are incorrect, as this Court made clear just two months ago:

> *Twombly* expounding on the costs of discovery does not amount to holding that discovery must be stayed prior to resolution of motions to dismiss. *Twombly* was primarily concerned with unnecessary discovery that occurs in meritless cases, too many of which were surviving motions to dismiss (according to the Supreme Court). . . . That is why *Twombly* effectively raised the pleading standard for plaintiffs and lowered the bar for defendants to succeed on a motion to dismiss. The effect of *Twombly* was to make it easier for courts to identify those meritless cases and subsequently halt litigation. But *Twombly* did not say that discovery is precluded prior to any merits determination.

*Amos*, 2023 WL 3590676, at *1.

Further, as explained by the court in *Acad. of Allergy & Asthma in Primary Care v. Amerigroup Tennessee, Inc.*, the 6th Circuit's *In re Travel Agent* opinion does not mean what Defendants say it does:

> [Defendants] are incorrect in stating that *Travel Agent* requires district courts to stay discovery in antitrust cases while dismissal motions are pending. In that case, the Sixth Circuit did not speak to a stay of discovery, but instead analyzed whether an antitrust claim

should be dismissed. More specifically, that court held that if a district court finds that a plaintiff's compliant [sic] is insufficient, then the parties may not be forced to "engage in protracted litigation and bear excessive discovery costs." *Id.* at 908-909 (quoting *Twombly*, 550 U.S. at 558-59). … Here, this Court finds applicable the general rule that the mere filing of a dispositive motion, such as a motion to dismiss, is insufficient to support a stay of discovery.

2020 WL 8254263, at *2-3 (E.D. Tenn. Aug. 12, 2020).

Finally, Defendants' factual assertions about the expense and burden of discovery are conclusory. As shown by Defendants' inability to articulate any "clearly defined and serious injury resulting from the discovery sought," *CHS/Cmty. Health Sys., Inc.*, 2021 WL 5863598, at *2, denying the stay request and allowing the case to proceed as envisioned by the Court's May 31 Order will cause no harm to Defendants above and beyond the ordinary costs attendant to discovery. Indeed, "to appropriately utilize judicial resources and maintain the case deadlines and schedule set by the Court, including trial dates, generally parties must continue to pursue their case so that they are prepared for trial if a dispositive motion fails. Additionally, discovery gives both sides a better understanding of their own position and that of their adversary, such that settlement may be more likely." *Cigna Corp.*, 2023 WL 2552340, at *4. Further, Defendants will of course retain the right to bring a motion for a protective order, should they perceive that one is warranted, in response to any specific requests that may be issued in the future. *See* Fed. R. Civ. P. 26(c); *Cigna Corp.*, 2023 WL 2552340, at *4 (recourse to Fed. R. Civ. P. 26(c) undermines support for stay).

The supplemental authority of which Defendants provided notice two days ago (Dkt. 371) changes nothing. *Gibson v. MGM Resorts Int'l* is now the *tenth* out-of-circuit authority on which Defendants rely. No. 2:23-cv-00140-MMD-DJA (D. Nev. July 11, 2023). They cite only one decision by *this* Court, and as explained above, their framing of the legal standard is divorced from the jurisprudence of this Court and Circuit. The Court should decline Defendants' invitation to

discard the robust corpus of directly relevant precedent that has developed in this Circuit in favor of Ninth Circuit law. In any event, *Gibson* ultimately underscores why Defendants' present motion should be denied. Unlike the Defendants here, the defendants in *Gibson* had been served with discovery requests (more than one hundred document requests, and sixteen interrogatories, to be precise). *See id.* Dkt 114, 114–1-114–6 (Certain Defendants' Motion to Partially Stay and declaration/exhibits regarding same). And as Defendants note, the movants in that case had in fact agreed to and were undertaking discovery in response to some of the issued document requests. Such conditions are absent here.

### B. <u>Defendants have not met their burden to show that neither Plaintiffs nor the public will suffer harm from a stay.</u>

Defendants likewise fail to carry their burden to show that Plaintiffs or the public will not suffer harm from a stay. Indeed, they try to foist this burden on Plaintiffs, arguing that Plaintiffs "cannot demonstrate any reason for discovery to proceed now" and suggesting that Plaintiffs must "prove substantial prejudice." Stay Mem. at 2, 12. This is obviously improper. *See Cigna Corp.*, 2023 WL 2552340, at *4 ("[I]t is not the Government's burden to demonstrate that a stay would cause harm; rather, it is Cigna's burden as the movant to show that a stay would not cause harm."); *see also Cunningham v. Trans Union*, 2015 WL 4629092, at *1 (M.D. Tenn. Aug. 3, 2015) ("The party seeking a stay of proceedings has the burden of establishing *both* the 'pressing need for delay' *and* 'that neither the other party nor the public will suffer harm from entry of the order.'").

Despite Defendants' suggestion to the contrary, *Cochran v. United Parcel Serv., Inc.* does not hold that plaintiffs must prove substantial prejudice in order to defeat Defendants' motion for a stay. 137 F. App'x 768, 773 (6th Cir. 2005). *Cochran* involved an employment law claim brought under the Michigan Persons with Disabilities Civil Rights Act (PDCRA), and the facts and analysis in that case are highly distinguishable from the instant action. The stay in the *Cochran* case, for

example, was entered after discovery had already been conducted, along with a summary judgment order in the defendant's favor, the Court having determined the claim to be time-barred. *Id*. at 771. In any event, the full sentence, which Defendants only partially quote, is illuminating: "Plaintiffs cannot prove substantial prejudice *if the further discovery they seek would not aid them in proving their claim*." *Id*. at 773. In the instant case, it is evident that further discovery (which is to say, *any* discovery) would aid Plaintiffs in proving their claim.

Equally unavailing is Defendants' suggestion—offered without citation—that a stay would only be harmful in the event Plaintiffs were seeking injunctive relief. Stay Mem. at 12. The court in *Valassis Commc'ns, Inc. v. News Corp*. addressed this mistaken theory:

> Defendant argues that Plaintiff would not be prejudiced by a stay because it has not moved for a preliminary injunction. This argument conflates the standard Plaintiff would have to satisfy to obtain a preliminary injunction—in part, Plaintiff's strong likelihood of success on the merits and irreparable injury—with the standard Defendant has to satisfy to obtain a stay—in part, a lack of any harm to Plaintiff that would be caused by the stay. As noted *supra*, **if Defendants are violating anti-trust laws, then Plaintiff would be severely prejudiced by a stay** . . . .

*Valassis Commc'ns, Inc. v. News Corp.*, 2016 WL 1237660, at *4 (E.D. Mich. Mar. 30, 2016).

The same holds true here: if Defendants are violating the antitrust laws, then Plaintiffs would indeed be *severely* prejudiced by a stay regardless of whether injunctive relief is sought.

## IV.  <u>CONCLUSION</u>

For the reasons discussed above, Defendants have failed to demonstrate that a stay is warranted in this case. Defendants have the burden to show that (1) there is pressing need for delay, and (2) that neither Plaintiffs nor the public will suffer harm from entry of the order. Defendants have shown neither. The Court should deny this Motion.


Dated:  July 21, 2023                    */s/ Tricia R. Herzfeld*
                                          Tricia R. Herzfeld (#26014)
                                          Anthony A. Orlandi (#33988)

**HERZFELD SUETHOLZ GASTEL LENISKI
AND WALL, PLLC**
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37203
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com

*Liaison Counsel*

Patrick J. Coughlin
Carmen A. Medici
Fatima Brizuela
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 798-5325
Facsimile: (619) 233-0508
pcoughlin@scott-scott.com
cmedici@scott-scott.com
fbrizuela@scott-scott.com

Patrick McGahan
Michael Srodoski
G. Dustin Foster
Amanda F. Lawrence
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06145
Telephone: (860) 537-5537
Facsimile:  (860) 537-4432
pmcgahan@scott-scott.com
msrodoski@scott-scott.com
gfoster@scott-scott.com
alawrence@scott-scott.com

Stacey Slaughter
Thomas J. Undlin
Geoffrey H. Kozen
Stephanie A. Chen
J. Austin Hurt
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone:  (612) 349-8500

Facsimile: (612) 339-4181
sslaughter@robinskaplan.com
tundlin@robinskaplan.com
gkozen@robinskaplan.com
schen@robinskaplan.com
ahurt@robinskaplan.com

Swathi Bojedla
Mandy Boltax
**HAUSFELD LLP**
888 16th Street, N.W., Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
sbojedla@hausfeld.com
mboltax@hausfeld.com

Gary I. Smith, Jr.
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
gsmith@hausfeld.com

Katie R. Beran
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: 1 215 985 3270
kberan@hausfeld.com

*Interim Co-Lead Counsel*

9

Eric L. Cramer
Michaela L. Wallin
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
ecramer@bm.net
mwallin@bm.net

Daniel J. Walker
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
Telephone: (202) 559-9745
dwalker@bm.net

Brendan P. Glackin
Dean M. Harvey
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, Suite 2900
San Francisco, CA 94111
Telephone: 415-956-1000
bglackin@lchb.com
dharvey@lchb.com

Mark P. Chalos
Hannah R. Lazarz
Kenneth S. Byrd
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue South, Ste. 1640
Nashville, TN 37201
(615) 313-9000
mchalos@lchb.com
hlazarz@lchb.com
kbyrd@lchb.com

Steve W. Berman
Breanna Van Engelen
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292

Christian P. Levis
Vincent Briganti
Peter Demato
Radhika Gupta
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
pdemato@lowey.com
rgupta@lowey.com

Christopher M. Burke
Walter W. Noss
Yifan (Kate) Lv
**KOREIN TILLERY P.C.**
707 Broadway, Suite 1410
San Diego, CA 92101
Telephone: (619) 625-5621
Facsimile (314) 241-3525
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri
Steven N. Williams
Cadio Zirpoli
Kevin E. Rayhill
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
czirpoli@saverilawfirm.com
krayhill@saverilawfirm.com

Jennifer W. Sprengel
Daniel O. Herrera
Alexander Sweatman
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, IL 60603

Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

Benjamin J. Widlanski
Javier A. Lopez
**KOZYAK TROPIN &
THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
bwidlanski@kttlaw.com
jal@kttlaw.com

Telephone: 312-782-4880
Facsimile: 312-782-4485
jsprengel@caffertyclobes.com
dherrera@caffertyclobes.com
asweatman@caffertyclobes.com

*Plaintiffs' Steering Committee Counsel for Plaintiffs*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Tricia R. Herzfeld*
Tricia R. Herzfeld