# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br><br>**JURY DEMAND**<br><br>This Document Relates to:<br> ALL CASES |

### DEFENDANTS' PROPOSED SCHEDULING ORDER FOR MULTI-FAMILY CASE

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's June 1 Order (ECF No. 243), and to secure the just, speedy, and inexpensive determination of this action, the Court orders that the following schedule shall govern proceedings.

### PLEADINGS

1. Defendants must file their answer to the Multifamily Consolidated Amended Complaint ("CAC") within **30 days** of the Court's decision on the anticipated motions to dismiss (should the motion be denied in full or substantially denied). If the Court grants a motion to dismiss with leave to amend, the parties will meet and confer regarding a new proposed case management order after the amended complaint is filed.

2. Plaintiffs must file a Student Consolidated Second Amended Complaint by **August 8, 2023.** Defendants must file any motion(s) to dismiss the Student Consolidated Second Amended Complaint no later than **21 days** after the filing of the complaint. Plaintiffs must file any opposition to the motions not later than **14 days** after the motions are filed, and any replies are no later than **7 days** after oppositions.

3. Any motion that seeks the Court's permission to amend or supplement the pleadings or to add Parties, together with supporting documents, must be filed and served no later than 45 days after the Court's ruling on Defendants' motion to dismiss.

1

4. Any motion that seeks to amend or supplement the pleadings with the Court's permission must include a redlined version reflecting the changes contained in the proposed pleading. Such motions must also comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion(s).

## MEDIATION AND ALTERNATIVE DISPUTE RESOLUTION

1. Pursuant to the Court's Order (Doc. 243), the Parties shall file notice of their preferred mediators on or before **July 25, 2023**. To the extent possible, the Parties should file a joint list of acceptable mediators.

2. The Parties shall develop a plan for resolution of the case that includes at least two independent substantive attempts to resolve the case. The first attempt shall occur on or before **November 17, 2023**, subject to mediator availability. The second attempt shall occur within 14 days after the Parties' briefing on Plaintiffs' anticipated motion for class certification is complete. Within 10 days after each mediation attempt, the parties shall submit a joint report to advise the Court that the Parties made a good faith effort to resolve the case.

3. Nothing in this Order shall prevent the Parties, or a subset of the Parties, from engaging in additional mediation or settlement conferences with the aim of resolving the claims in this case.

4. The Court may *sua sponte* schedule status conferences or settlement conferences to explore options for alternative dispute resolution.

## DISCOVERY

1. Except as set forth below, all discovery shall be stayed until the Court resolves Defendants' Motion to Stay All Discovery Pending Ruling on Motions to Dismiss (Doc. 348). If the Court grants Defendants' motion to stay, then discovery shall be stayed until seven calendar days after the Court's ruling on Defendants' motion to dismiss. Discovery requests may be transmitted at any time during the discovery stay but will deemed to be served only (i) upon the Court's issuance of an Order lifting the stay, or (ii) seven calendar days after the Court resolves Defendants' motions to dismiss.

2. Notwithstanding the discovery stay, the Parties shall negotiate (i) a protective order, (ii) an order for the production of electronically stored information ("ESI"), (iii) a deposition protocol, and (iv) a proposed protocol governing expert discovery, with the first meeting to negotiate such orders and protocols to take place on or before August 17, 2023. Agreed upon or competing proposed orders for all of the above shall be submitted to the Court on or before **September 8, 2023**. If the Parties submit competing orders, then the Parties may submit a brief of no more than 10 pages in support of each competing order, on or before **September 22, 2023**.

3. The Parties shall serve their Rule 26(a)(1) initial disclosures on or before **August 31, 2023**.

4. In all subsequently consolidated actions, the newly added parties shall serve initial disclosures within **30 days** of consolidation.

5. The Parties shall complete all written discovery and depose all fact witnesses on or before **February 28, 2025**. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). All discovery-related motions shall be filed by no later than **February 28, 2025**.

6. In order to assist the Parties in completing discovery before the **February 28, 2025** fact discovery cut-off, the Court also is including the following intermediate discovery deadlines in this Order. These deadlines may be adjusted by agreement of the parties without leave of Court:

    a. The Parties shall identify, within **45 days** after service of discovery requests, up to five custodians per party whose documents shall be prioritized for document production;

    b. The Parties shall begin a rolling production of documents **60 days** after service of discovery requests;

    c. Defendants shall produce data samples **120 days** after service of discovery requests seeking data production;

    d. The Parties shall complete production of documents from the custodians identified as priority custodians pursuant to paragraph 6(a) **180 days** after service of discovery requests; and

    e. The Parties shall substantially complete document production **300 days** after service of discovery requests;

7. Expanded Interrogatories: Interrogatories will be counted in accordance with Fed. R. Civ. P. 33(a)(1). Local Rule 33.01(b) is expanded to allow (i) Plaintiffs to serve 25 joint interrogatories on each Defendant, plus 5 additional interrogatories for the multi-family housing class for a total of 30 interrogatories per Defendant; and (ii) Defendants to serve 25 joint interrogatories on each Plaintiff, with each Defendant also being permitted to serve up to 5 additional interrogatories on Plaintiffs.

8. Requests for Admission: (i) Plaintiffs are allowed to serve 30 joint requests per Defendant, and an additional 20 joint requests per class on each Defendant; (ii) Defendants entitled to serve 30 joint requests for each named Plaintiff, and each Defendant is also entitled to serve up to 10 individual requests on plaintiffs. The deadline for service of requests for admission is 90 days before the fact discovery cut-off.

3

Case 3:23-md-03071    Document 387-2    Filed 07/24/23    Page 4 of 8 PageID #: 3498

9. Third party subpoenas: Parties may not serve third party subpoenas until the stay of discovery is lifted.

    a. Absent good cause to the contrary, all third-party subpoenas must be served in sufficient time, taking into account the nature and volume of the material requested, to allow for resolution of reasonably anticipated disputes and production of the material requested no later than the deadline for the completion of all fact discovery. In no event shall third-party subpoenas be served less than **45 days** prior to the deadline for completion of fact discovery.

    b. Plaintiffs and Defendants must give each side notice of the issuance of a third-party subpoena. Such notice must be given at least two (2) business days in advance per Local Rule 45.01(d). Plaintiffs and Defendants must exchange all third-party productions within **7 days** of receipt of the productions or at least **3 days** before the deposition of the producing third party, whichever is earlier.

## **CLASS CERTIFICATION MOTION**

1. Plaintiffs must file and serve their motions for class certification, together with supporting documents and related expert reports, on or before **August 13, 2024.**

2. Defendants must file and serve their memoranda in opposition to class certification, together with supporting documents and related expert reports, on or before **October 31, 2024**.

3. No additional expert reports on class certification may be served without leave of Court.

4. Plaintiffs must file and serve their reply memoranda on or before **December 9, 2024.**

5. Class expert disclosures must be made as set out in the protocol governing expert discovery.

6. The briefing schedule for any Daubert motion filed in connection with class certification shall be as follows: (i) Plaintiffs' Experts: Defendants' motions shall be filed by **November 1, 2024**, Plaintiffs' oppositions shall be filed by **November 27, 2024**, and Defendants' reply brief shall be due by **December 9, 2024**; and (ii) Defendants' Experts: Plaintiffs' motions shall be filed by **December 9, 2024**, Defendants' oppositions shall be filed by **January 8, 2025**, and Plaintiffs' reply briefs hall be filed by **January 17, 2025**.

## **MERITS EXPERTS**

Disclosure of the identities of merits expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26(a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), must be made as set out in the protocol governing expert discovery, and pursuant to the following schedule:

1. The Parties shall serve their Rule 26(a)(2)(B) and 26(a)(2)(C) opening expert disclosures no later than **March 7, 2025**.

2. The Parties shall serve their Rule 26(a)(2)(B) and 26(a)(2)(C) rebuttal expert disclosures no later than **May 6, 2025**.

3. No additional expert reports on merits issues may be served without leave of Court.

4. Expert discovery (including depositions of expert witnesses) shall be completed no later than **May 29, 2025.**

5. Any *Daubert* motion seeking to exclude a merits expert's opinions shall be due on or before **June 17, 2025**.

## **DISPOSITIVE MOTIONS**

Before filing or responding to a summary judgment motion, attorneys are required to read and follow Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp. 3d (M.D. Tenn. 2021), regarding what should (or should not) be included in the movant's "statement of undisputed material facts." Counsel must carefully draft the statement of undisputed material facts and responses to ensure that it is a narrow statement of facts (not opinions, argument, or legal conclusions) that are material to the outcome of the case and are undisputed as supported by the record. Motions for Summary Judgment under Rule 56(a) shall be made in accordance with the following schedule.

1. The Parties shall file any Motions for Summary Judgment under Rule 56 on or before **July 25, 2025**.

2. Parties must file and serve their memoranda in opposition to any Summary Judgment motions on or before **August 22, 2025**.

3. Parties must file and serve their replies in support of any Summary Judgment motions on or before **September 12, 2025**.

4. Argument on the Parties' Summary Judgment motions, if requested by the Parties and Ordered by the Court, will be held in **early October 2025** (*see* Local Rule 78.01).

**<u>PROPOSED TRIAL DATE</u>**

For cases filed in the Middle District of Tennessee, the Court will set a trial date no earlier than 45 days after the Court rules on any summary judgment motion. The Court will set a trial for six (6) weeks.

**CASE MANAGEMENT CONFERENCES**

1. The Parties shall conduct status conferences before Judge Crenshaw approximately **every 60 days** following the Court's ruling on the Defendants' motion to dismiss through the filing of any summary judgment motion. The Parties will provide their availability for these conferences within five days of entry of this Order.

2. The Parties will submit a joint status report **five (5) days** before each status conference.

**IT IS SO ORDERED.**


Date: _____, 2023


                                                              Hon. Waverly Crenshaw, Jr.
                                                              Chief Judge, U.S. District Court