# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **In re: RealPage, Inc., Rental Software Antitrust Litigation (No. II)** | **Case No. 3:23-md-03071**<br>**MDL No. 3071**<br><br>**Judge Waverly D. Crenshaw, Jr.**<br><br>**This Document Relates to:**<br><br>**All Cases** |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY
## <u>ALL DISCOVERY PENDING RULING ON MOTIONS TO DISMISS</u>

# I.    INTRODUCTION

The Court should stay discovery pending resolution of Defendants' Motions to Dismiss because the Court's decision on those Motions should significantly reduce the burden and expense on Defendants and non-parties by narrowing discovery or avoiding it altogether for some or all Defendants.  Plaintiffs identify no prejudice from any stay.  The Court should grant this Motion.

# II.   ARGUMENT

## A.    Plaintiffs Misstate Defendants' Burden

Plaintiffs wrongly argue that Defendants must show "irreparable injury" or a "pressing need for delay." (Opp. 2.)  Their cited cases for these heightened standards do not address a stay of discovery—instead, they concern motions to stay *all proceedings*.[1]  Defendants stated the correct standard in their opening brief.  This Court need only "weigh the burden of proceeding with discovery" on Defendants "against the hardship which would be worked by a denial of discovery."  *Bolletino v. Cellular Sales of Knoxville, Inc*., No. 3:12-CV-138, 2012 WL 3263941, at *1 (E.D. Tenn. Aug. 9, 2012).  That balancing test weighs decidedly in Defendants' favor.

## B.    Defendants Have Met Their Burden to Establish Prejudice in the Absence of a Stay of Discovery

Plaintiffs' argument that Defendants will suffer no prejudice absent the stay of discovery they seek is meritless.  Plaintiffs claim "Defendants . . . devote much of their brief lodging various facts about Defendants that are irrelevant to the present inquiry." (Opp. 3-4.)  But these are—per Plaintiffs' own cited authority—the "specific facts that show a clearly defined and serious injury resulting from the discovery sought."  (*Id.* at 3 (citation omitted).)  Plaintiffs neither refute nor

---

[1] *See Int'l Bd. of Elec. Workers, Loc. Union No. 2020, AFL-CIO v. AT&T Network Sys. (Columbia Works)*, 879 F.2d 864 (6th Cir. 1989) (evaluating a motion to stay all proceedings pending the resolution of another lawsuit); *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977) (evaluating the district court's entry of an order staying all proceedings).

1

dispute the broad, complex scope of discovery Defendants described or the substantial expense and burden it will inflict on Defendants. Plaintiffs' recent proposed case schedule highlights this reality and confirms the need for a stay. For example, they want to frontload structured data productions, which they do not dispute is substantial, complex, and very costly to collect, process, and produce. (*See* Dkt. 387-1 at 3.) Plaintiffs want *no* limits on document requests, and even their proposal for initial disclosures is far broader than what Rule 26 requires. This Court's impending decision on Defendants' dispositive motions may obviate much or all of the discovery Plaintiffs seek for some or all Defendants—and Defendants will not recoup any discovery costs if the Court dismisses this case or individual Defendants from the case.

Plaintiffs dismiss the unrefuted prejudice to Defendants as "generalized grievances." (Opp. 4.) It is unclear what that means or why it matters here. Plaintiffs cannot refute Defendants' point that a discovery stay avoids the prejudice to Defendants and that courts regularly grant stays like this, especially in antitrust cases which the courts recognize involve far broader and more costly discovery than the types of cases Plaintiffs cite.[2] The discovery Plaintiffs seek—including enormous data productions and no limits on document requests—goes well beyond the much narrower discovery at issue in their cited cases. For example, Plaintiffs rely heavily on *Amos v. Lampo Grp., LLC*, No. 3:21-cv-00923, 2023 WL 3590676 (M.D. Tenn. May 22, 2023). But that was a civil rights case brought by a single plaintiff against a single company and its president; and

---

[2] *See, e.g.*, *Crowder v. LinkedIn Corp.*, No. 22-cv-00237-HSG, 2023 WL 2405335, at *8 (N.D. Cal. Mar. 8, 2023) (finding that "'[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery'" (citation omitted)); *Cal. Crane Sch., Inc. v. Google LLC*, No. 21-cv-10001-HSG, 2022 WL 1271010, at *1 (N.D. Cal. Apr. 28, 2022) (granting stay of discovery in part because "forcing Defendants to spend time and resources on [discovery] . . . before the Court has an opportunity to assess whether Plaintiff has pled any plausible claims against them may subject Defendants to undue burden and expense").

there, the court merely affirmed a magistrate judge's ruling, under an abuse of discretion standard, allowing a single deposition of the individual defendant to occur while a motion to dismiss was pending. *Id.* at *2. Plaintiffs cite inapposite cases[3] and do not respond to the numerous antitrust cases Defendants cite where courts often grant discovery stays.

Plaintiffs instead misstate the law. They claim that "Defendants argue that '[p]ursuant to *Twombly*, district courts must assess the plausibility of an alleged illegal agreement *before* parties are forced to engaged in protracted litigation and bear excessive discovery costs.' Defendants are incorrect[.]" (Opp. 5.) But this is not simply Defendants' argument—this is a *verbatim quote* from the Sixth Circuit in *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 908-09 (6th Cir. 2009) (emphasis in original)). Plaintiffs betray the frailty of their position in dismissing the Sixth Circuit's own words as an "incorrect" statement of the law. It is indeed the law, and it controls. And while it is of course true that a pending motion to dismiss does not "require" a stay in all cases, that is not Defendants' argument; nor does the lack of any such "requirement" bear on the compelling reasons for why a stay is warranted on the facts here. In short, "[a] plaintiff is not entitled to discovery before a motion to dismiss, and dismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery for cases that will not survive summary judgment." *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013).

The recent decision in *Gibson v. MGM Resorts* highlights the weakness of Plaintiffs' Response. Brought by some of the same counsel representing Plaintiffs here, *Gibson* involves at a high level a similar antitrust theory, alleging that "certain Las Vegas hotels used a common third-

---

[3] *See, e.g., United States ex rel. Cutler v. Cigna Corp.*, No. 3:21-cv-00748, 2023 WL 2552340 (M.D. Tenn. Mar. 3, 2023) (False Claims Act case); *Collabera, Inc. v. Liggett*, No. 3:21-cv-00123, 2021 WL 6496801 (M.D. Tenn. June 21, 2021) (breach of contract case); *CHS/Cmty. Health Sys., Inc. v. Med. Univ. Hosp. Auth.*, No. 3:20-cv-00163, 2021 WL 5863598 (M.D. Tenn. Jan. 4, 2021) (same).

3

party algorithm to artificially inflate hotel prices." (Dkt. 371-1 at 1.) In *Gibson*, defendants agreed to certain limited discovery[4] and moved to stay all other discovery pending the resolution of their motions to dismiss. The court held that a stay of discovery was "appropriate" because (1) "the dispositive motions—because they are on the pleadings—can be decided without further discovery" and (2) "[d]efendants . . . established good cause by pointing to the burden and expense of discovery." *Id.* at 7. The court found that the second factor "is particularly poignant given the Supreme Court and Ninth Circuit's discussions cautioning district courts to remain cognizant of the burdens that anti-trust discovery can cause." *Id.* This rationale applies with equal force here, given the similar theory and procedural posture of the two cases. Plaintiffs dismiss *Gibson* as an out-of-circuit decision, but that in no way undermines its reasoning in a similar posture. Plaintiffs attempt to distinguish it by noting that the *Gibson* defendants had been served with discovery requests and agreed to provide very limited discovery (i.e., respond to two narrow interrogatories, provide organizational charts, and negotiate ESI and protective orders) while the motions were pending. But Defendants here are already negotiating ESI and protective orders and have offered to negotiate deposition and expert discovery protocols and produce initial disclosures under Rule 26(a). The Court should stay all other discovery much like the *Gibson* court did.

### C.    Plaintiffs Do Not Establish Any Harm from a Stay of Discovery

In contrast to the substantial burden and expense Defendants will (perhaps needlessly) incur from the expansive discovery Plaintiffs seek, Plaintiffs fail to show any countervailing harm from the stay Defendants seek. The closest Plaintiffs even come to articulating any sort of harm is their argument that, "if Defendants are violating the antitrust laws, then Plaintiffs would indeed

---

[4] One defendant had not previously agreed to any discovery and the court required that defendant to provide the same limited discovery as the other defendants.

4

be *severely* prejudiced by a stay regardless of whether injunctive relief is sought."[5]   (Opp. 8 (emphasis in original).)  But this "if" goes to the critical question before the Court—on the pending dispositive motions—of whether Plaintiffs have even alleged a plausible antitrust violation.  They are not entitled to any presumption that Defendants are violating the antitrust laws.  Rather, the Court "must assess the plausibility of an alleged illegal agreement *before* [the] parties are forced to engage in protracted litigation and bear excessive discovery costs."  *Travel Agent*, 583 F.3d at 908-09 (emphasis in original).  This is particularly true here, where the claims suffer from many serious deficiencies and are based on a novel theory about the use of different software solutions in different ways by dozens of differently-situated Defendants, many of whom do not compete with each other in the same markets.  If the mere possibility of an antitrust violation were enough to defeat a discovery stay as Plaintiffs wrongly argue, courts would never stay discovery in antitrust cases.  But the reality is the opposite, as reflected in the antitrust cases Defendants cited, including *Gibson*, that found no prejudice to the plaintiffs.  *See, e.g.*, Dkt. 371-1 at 7; Stay Mem. 6 (citing cases).  Plaintiffs ignore these cases and their findings on reasoning that holds equally, or more, true here.

## III.    CONCLUSION

Defendants respectfully ask that the Court grant Defendants' Motion to Stay Discovery.

---

[5] Plaintiffs claim that Defendants suggest that "a stay would only be harmful in the event Plaintiffs were seeking injunctive relief."  (Opp. 8.)  Defendants made no such argument.  They merely explained that the lack of a request for injunctive relief here means there is no claim of irreparable harm to Plaintiffs which highlights that a discovery stay will not prejudice Plaintiffs.  This fact refutes their argument that a stay will harm them "if Defendants are violating the antitrust laws" since Plaintiffs could recover money damages for any such harm (putting aside that Defendants have not actually violated any antitrust laws).

DATED: July 28, 2023

Respectfully submitted,

/s/ David D. Cross
David D. Cross (admitted *pro hac vice*)
dcross@mofo.com
Jeffrey A. Jaeckel (admitted *pro hac vice*)
jjaeckel@mofo.com
Robert W. Manoso (admitted *pro hac vice*)
rmanoso@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C., 20037
Telephone: (202) 887-1500

Eliot A. Adelson (admitted *pro hac vice*)
eadelson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000

Mika M. Fitzgerald (admitted *pro hac vice*)
mfitzgerald@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000

/s/ Joshua L. Burgener
Joshua L. Burgener
jburgener@dickinsonwright.com
DICKINSON WRIGHT PLLC
424 Church Street, Suite 800
Nashville, TN 37219
Telephone: (615) 620-1757

*Counsel for Defendant UDR, Inc.*

6

/s/ Jay Srinivasan
Jay Srinivasan (admitted *pro hac vice*)
jsrinivasan@gibsondunn.com
Daniel G. Swanson (admitted *pro hac vice*)
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7430

Stephen Weissman (admitted *pro hac vice*)
sweissman@gibsondunn.com
Michael J. Perry (admitted *pro hac vice*)
mjperry@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 955-8678

Stephen C. Whittaker (admitted *pro hac vice*)
cwhittaker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1361 Michelson Drive
Irvine, CA 92612
Telephone: (212) 351-2671

Ben A. Sherwood (admitted *pro hac vice*)
bsherwood@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-2671

*Counsel for Defendant RealPage, Inc.*

/s/ Edwin Buffmire
Edwin Buffmire
ebuffmire@jw.com
Michael Moran
mmoran@jw.com
JACKSON WALKER LLP
2323 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (214) 953-6000

Kevin Fulton
kevin@fultonlg.com
THE FULTON LAW GROUP PLLC
7676 Hillmont St., Suite 191
Houston, TX 77040
Telephone: (713) 589-6964

*Counsel for Defendant Allied Orion Group, LLC*

/s/ Katie A. Reilly
Katie A. Reilly
reilly@wtotrial.com
Michael T. Williams
williams@wtotrial.com
Judith P. Youngman
youngman@wtotrial.com
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: (303) 244-1800

Mark Bell
Mark.Bell@hklaw.com
HOLLAND & KNIGHT LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 850-8850

*Counsel for Defendant Apartment Income REIT Corp., d/b/a AIR Communities*

/s/ Danny David
Danny David
danny.david@bakerbotts.com
BAKER BOTTS LLP
910 Louisiana Street
Houston, TX 77002
Telephone: (713) 229-4055

James Kress (*pro hac vice* forthcoming)
james.kress@bakerbotts.com
Paul Cuomo (*pro hac vice* forthcoming)
paul.cuomo@bakerbotts.com
BAKER BOTTS LLP
700 K. Street, NW
Washington, DC 20001
Telephone: (202) 639-7884

*Counsel for Defendant Avenue5 Residential, LLC*

/s/ Matt T. Adamson
Matt T. Adamson
madamson@jpclaw.com
JAMESON PEPPLE CANTU PLLC
801 Second Avenue, Suite 700
Seattle, WA 98104
Telephone: (206) 292-1994

*Counsel for Defendant B/T Washington, LLC d/b/a Blanton Turner*

/s/ Marguerite Willis
Marguerite Willis (admitted *pro hac vice*)
mwillis@maynardnexsen.com
MAYNARD NEXSEN PC
104 South Main Street
Greenville, SC 29601
Telephone: (864) 370-2211

Michael A. Parente (admitted *pro hac vice*)
mparente@maynardnexsen.com
MAYNARD NEXSEN PC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: (803) 771-8900

Margaret M. Siller (BPR No. 039058)
msiller@maynardnexsen.com
MAYNARD NEXSEN PC
1201 Villa Place, Suite 103
Nashville, Tennessee 37212
Telephone: (629) 258-2253

*Counsel for Defendant Bell Partners, Inc.*

/s/ Ian Simmons
Ian Simmons
isimmons@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5196

Stephen McIntyre
smcintyre@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

*Counsel for Defendant BH Management Services, LLC*

/s/ James D. Bragdon
James D. Bragdon
jbragdon@gejlaw.com
Sam Cowin
scowin@gejlaw.com
GALLAGHER EVELIUS & JONES LLP
218 N. Charles St., Suite 400
Baltimore, MD 21201
Telephone: (410) 727-7702

Philip A. Giordano (admitted *pro hac vice*)
philip.giordano@hugheshubbard.com
HUGHES HUBBARD & REED LLP
1775 I Street NW
Washington, DC 20007
Telephone: (202) 721-4776

Charles E. Elder, BPR # 038250
celder@bradley.com
BRADLEY ARANTBOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.252.3597

*Counsel for Defendant*
*Bozzuto Management Company*

/s/ Yehudah L. Buchweitz
Yehudah L. Buchweitz
yehudah.buchweitz@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8256

Jeff L. White
Jeff.white@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW
Washington, DC 20036
Telephone: (202) 682-7059

R. Dale Grimes, BPR #006223
dgrimes@bassberry.com
BASS, BARRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6244

*Counsel for Defendant Brookfield Properties*
*Multifamily LLC*

9

/s/ J. Douglas Baldridge
J. Douglas Baldridge
jbaldridge@venable.com
Danielle R. Foley (admitted *pro hac vice*)
drfoley@venable.com
Andrew B. Dickson (admitted *pro hac vice*)
abdickson@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
(202) 344-4703

*Counsel for Defendant CH Real Estate Services, LLC*

/s/ Benjamin R. Nagin
Benjamin R. Nagin
bnagin@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300

*Counsel for Defendant ConAm Management Corporation*

/s/ Lynn H. Murray
Lynn H. Murray
lhmurray@shb.com
Maveric Ray Searle
msearle@shb.com
SHOOK, HARDY & BACON L.L.P.
111 S. Wacker Dr., Suite 4700
Chicago, IL 60606
Telephone: (312) 704-7766

Ryan Sandrock
rsandrock@shb.com
Shook, Hardy & Bacon L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 544-1944

Laurie A. Novion
lnovion@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 559-2352

*Counsel for Defendant Camden Property Trust*

/s/ Ronald W. Breaux

Ronald W. Breaux
Ron.Breaux@haynesboone.com
Bradley W. Foster
Brad.Foster@haynesboone.com
HAYNES AND BOONE LLP
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Fax: (214) 200-0376

*Counsel for Defendant Conti Capital*

/s/ Kenneth Reinker

Kenneth Reinker
kreinker@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1522

Joseph M. Kay
jkay@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2745

*Counsel for Defendant Pinnacle Property Management Services, LLC*

/s/ Todd R. Seelman

Todd R. Seelman
todd.seelman@lewisbrisbois.com
Thomas L. Dyer
thomas.dyer@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, CO 80203
Telephone: (720) 292-2002

*Counsel for Defendant Cortland Management, LLC*

/s/ Ann MacDonald

Ann MacDonald
Ann.macdonald@afslaw.com
Barry Hyman
Barry.hyman@afslaw.com
ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500

*Counsel for Defendant CWS Apartment Homes, LLC*

/s/ Bradley C. Weber

Bradley C. Weber (admitted *pro hac vice*)
bweber@lockelord.com
Locke Lord LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone:  (214) 740-8497

*Counsel for Defendant Dayrise Residential, LLC*

11

/s/ Charles H. Samel
Charles H. Samel
charles.samel@stoel.com
Edward C. Duckers
ed.duckers@stoel.com
STOEL RIVES LLP
1 Montgomery Street, Suite 3230
San Francisco, CA 94104
Telephone: (415) 617-8900

George A. Guthrie
gguthrie@wilkefleury.com
WILKE FLEURY LLP
621 Capitol Mall, Suite 900
Sacramento, CA 95814
Telephone: (916) 441-2430

*Counsel for Defendant FPI Management, Inc.*

.

/s/ Carl W. Hittinger
Carl W. Hittinger
chittinger@bakerlaw.com
Alyse F. Stach
astach@bakerlaw.com
Tyson Y. Herrold
therrold@bakerlaw.com
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501
Telephone: (215) 568-3100

Stephen J. Zralek, BPR #018971
szralek@spencerfane.com
S. Chase Fann, BPR #036794
cfann@spencerfane.com
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
Telephone: (615) 238-6300

*Counsel for Defendant Equity Residential*

/s/ Leo D. Caseria
Leo D. Caseria
lcaseria@sheppardmullin.com
Helen C. Eckert
heckert@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC, 20006
Telephone: (202) 747-1925

Arman Oruc
aoruc@goodwinlaw.com
GOODWIN PROCTER, LLP
1900 N Street, NW
Washington, DC 20036
Telephone: (202) 346-4000

*Counsel for Defendant Essex Property Trust, Inc.*

12

/s/ *Michael D. Bonanno*

Michael D. Bonanno
mikebonanno@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I St. NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8225

Christopher Daniel Kercher (admitted *pro hac vice*)
christopherkercher@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor,
New York, New York 10010
Telephone: (212) 849-7000

Andrew Gardella, Esq. (TN Bar #027247)
agardella@martintate.com
MARTIN, TATE, MORROW & MARSTON P.C.
315 Deaderick Street, Suite 1550
Nashville, TN 37238
Telephone: (615) 627-0668

*Counsel for Defendant Highmark Residential, LLC*

/s/ *Cliff A. Wade*

Cliff A. Wade
cliff.wade@bakerlopez.com
Chelsea L. Futrell
chelsea.futrell@bakerlopez.com
BAKER LOPEZ PLLC
5728 LBJ Freeway, Suite 150
Dallas, Texas 75240
Telephone: (469) 206-9384

*Counsel for Defendant Knightvest Residential*

/s/ *Michael M. Maddigan*

Michael M. Maddigan
michael.maddigan@hoganlovells.com
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4727

William L. Monts, III
william.monts@hoganlovells.com
Benjamin F. Holt
benjamin.holt@hoganlovells.com
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-6440

Joshua C. Cumby (BPR No. 37949)
joshua.cumby@arlaw.com
F. Laurens Brock (BPR No. 17666)
larry.brock@arlaw.com
Rocklan W. King, III (BPR No. 30643)
rocky.king@arlaw.com
ADAMS AND REESE LLP
1600 West End Avenue, Suite 1400
Nashville, Tennessee 37203
Telephone: (615) 259-1450

*Counsel for Defendant Greystar Management Services, LLC (formerly Greystar Management Services, LP)*

13

/s/ Gregory J. Casas
Gregory J. Casas (admitted *pro hac vice*)
casasg@gtlaw.com
Emily W. Collins (admitted *pro hac vice*)
Emily.Collins@gtlaw.com
GREENBERG TRAURIG, LLP
300 West 6th Street, Suite 2050
Austin, TX 78701-4052
Telephone: (512) 320-7200

Robert J. Herrington (admitted *pro hac vice*)
HerringtonR@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700

Becky L. Caruso (admitted *pro hac vice*)
carusob@gtlaw.com
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Telephone: (973) 443-3252

/s/ Ryan T. Holt
Ryan T. Holt (No. 30191)
rholt@srvhlaw.com
Mark Alexander Carver (No. 36754)
acarver@srvhlaw.com
SHERRARD ROE VOIGT & HARBISON, PLC
150 Third Avenue South, Suite 1100
Nashville, Tennessee 37201
Tel. (615) 742-4200

*Counsel for Defendant Lincoln Property
Company*

/s/ John J. Sullivan
John J. Sullivan
jsullivan@cozen.com
COZEN O'CONNOR P.C.
3 WTC, 175 Greenwich St., 55th Floor
New York, NY 10007
Telephone: (212) 453-3729

*Counsel for Defendant Independence Realty
Trust, Inc.*

/s/ Eliot Turner
Eliot Turner
eliot.turner@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100,
Houston, Texas 77010
Telephone: (713) 651-5151

*Counsel for Defendant Kairoi Management
LLC*

14

/s/ Michael W. Scarborough

Michael W. Scarborough (admitted *pro hac vice*)
mscarborough@velaw.com
Dylan I. Ballard (admitted *pro hac vice*)
dballard@velaw.com
VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900

*Counsel for Defendant Lantower Luxury Living LLC*

/s/ Britt M. Miller

Britt M. Miller (admitted *pro hac vice*)
bmiller@mayerbrown.com
Daniel T. Fenske (admitted *pro hac vice*)
dfenske@mayerbrown.com
Matthew D. Provance (admitted *pro hac vice*)
mprovance@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 6006
Telephone: (312) 701-8663

Scott D. Carey (#15406)
scarey@bakerdonelson.com
Ryan P. Loofbourrow (#33414)
rloofbourrow@bakerdonelson.com
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Telephone: (615) 726-5600

*Counsel for Defendant Mid-America Apartment Communities, Inc.*

/s/ Karen H. Safran

Karen H. Safran
ksafran@goodspeedmerrill.com
Robert S. Hunger
rhunger@goodspeedmerrill.com
GOODSPEED MERRILL
9605 South Kingston Court, Suite 200
Englewood, CO 80112
Telephone: (720) 473-7644

*Counsel for Defendant Lyon Management Group, Inc.*

15

/s/ Jeffrey C. Bank
Jeffrey C. Bank
jbank@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
1700 K Street NW, Fifth Floor
Washington, DC 20006
Telephone: (202) 973-8800

*Counsel for Defendant Morgan Properties
Management Company, LLC*

/s/ Richard P. Sybert
Richard P. Sybert (WSBA No. 8357)
rsybert@grsm.com
GORDON REES SCULLY MANSUKHANI
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 321-5222

*Counsel for Defendant Rose Associates Inc.*

/s/ Judith A. Zahid
Judith A. Zahid (admitted *pro hac vice*)
jzahid@zellelaw.com
Heather T. Rankie (admitted *pro hac vice*)
hrankie@zellelaw.com
ZELLE LLP
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone: (415) 633-1916

*Counsel for Defendant Prometheus Real Estate
Group, Inc.*

16

/s/ Valentine Hoy
Valentine Hoy
vhoy@allenmatkins.com
Scott Perlin
sperlin@allenmatkins.com
ALLEN MATKINS LECK GAMBLE MALLORY &
NATSIS
600 West Broadway, 27th Floor
San Diego, CA 92101
Telephone: (619) 233-1155

Patrick E. Breen
pbreen@allenmatkins.com
ALLEN MATKINS LECK GAMBLE MALLORY &
NATSIS
865 South Figueroa Street, Suite 2800
Los Angeles, CA 90017
Telephone: (213) 622-5555

*Counsel for Defendant Sares Regis Group Commercial, Inc.*

/s/ Jose Dino Vasquez
Jose Dino Vasquez
dvasquez@karrtuttle.com
Jason Hoeft
jhoeft@karrtuttle.com
KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 223-1313

*Counsel for Defendant Security Properties, Inc.*

/s/ David A. Walton
David A. Walton
dwalton@bellnunnally.com
Troy Lee (T.J.) Hales
thales@bellnunnally.com
BELL NUNNALLY & MARTIN, LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201

*Counsel for Defendant RPM Living, LLC*

/s/ Diane R. Hazel
Diane R. Hazel
dhazel@foley.com
FOLEY & LARDNER LLP
1400 16th Street, Suite 200
Denver, CO 80202
Telephone: (720) 437-2000

Elizabeth A. N. Haas (admitted *pro hac vice*)
ehaas@foley.com
Ian Hampton (admitted *pro hac vice*)
ihampton@foley.com
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 271-2400

Tara L. Swafford, BPR #17577
tara@swaffordlawfirm.com
Dylan Harper, BPR #36820
dylan@swaffordlawfirm.com
THE SWAFFORD LAW FIRM, PLLC
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406

*Counsel for Defendant Sherman Associates, Inc.*

/s/ Brent Justus
Brent Justus
bjustus@mcguirewoods.com
Nick Giles
ngiles@mcguirewoods.com
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1000

*Counsel for Defendant Simpson Property Group, LLC*

/s/ Yonaton Rosenzweig
Yonaton Rosenzweig
yonirosenzweig@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017

Fred B. Burnside
fredburnside@dwt.com
MaryAnn T. Almeida
maryannalmeida@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 757-8016

*Counsel for Defendant Mission Rock Residential, LLC*

/s/ Andrew Harris
Andrew Harris
Andrew.Harris@Levittboccio.com
LEVITT & BOCCIO, LLP
423 West 55th Street
New York, NY 10019
Telephone: (212) 801-1104

/s/ Nicholas A. Gravante, Jr.
Nicholas A. Gravante, Jr. (admitted *pro hac vice*)
nicholas.gravante@cwt.com
Philip J. Iovieno (admitted *pro hac vice*)
philp.iovieno@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6000

*Counsel for Defendants The Related Companies, L.P. and Related Management Company, L.P.*

/s/ Benjamin I. VandenBerghe
Benjamin I. VandenBerghe
biv@montgomerypurdue.com
Kaya R. Lurie
klurie@montgomerypurdue.com
MONTGOMERY PURDUE PLLC
701 Fifth Avenue, Suite 5500
Seattle, Washington 98104-7096

*Counsel for Defendant Thrive Communities Management, LLC*

18

/s/ Evan Fray-Witzer

Evan Fray-Witzer
Evan@CFWLegal.com
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: 617-426-0000

*Counsel for Defendants WinnCompanies LLC,*
*and WinnResidential Manager Corp.*

/s/ Craig Seebald

Jessalyn H. Zeigler
jzeigler@bassberry.com
BASS, BERRY & SIMS, PLC
150 Third Avenue South
Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200

Craig P. Seebald (admitted *pro hac vice*)
cseebald@velaw.com
Stephen M. Medlock (admitted *pro hac vice*)
smedlock@velaw.com
VINSON & ELKINS LLP
2200 Pennsylvania Ave., N.W.
Suite 500 West
Washington, D.C. 20037
Telephone: (202) 639-6500

Christopher W. James (admitted *pro hac vice*)
cjames@velaw.com
VINSON & ELKINS LLP
555 Mission Street
Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900

*Counsel for Defendant Windsor Property*
*Management Company*

/s/ Ferdose al-Taie
Ferdose al-Taie (admitted *pro hac vice*)
faltaie@bakerdonelson.com
BAKER, DONELSON, BEARMAN CALDWELL &
BERKOWITZ, P.C.
956 Sherry Lane, 20th Floor
Dallas, TX 75225
Telephone: (214) 391-7210

Christopher E. Thorsen (BPR # 21049)
cthorsen@bakerdonelson.com
BAKER, DONELSON, BEARMAN CALDWELL &
BERKOWITZ, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, TN 37201
Telephone: (615) 726-5600

*Counsel for Defendant ZRS Management, LLC*

/s/ James H. Mutchnik
James H. Mutchnik
james.mutchnik@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

*Counsel for Defendants Thoma Bravo Fund
XIII, L.P., Thoma Bravo Fund XIV, L.P., and
Thoma Bravo, L.P.*

20

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered on the CM/ECF system.

DATED this 28th day of July, 2023.

/s/ *David D. Cross*
David D. Cross