# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-MD-3071<br>MDL No. 3071<br><br>**This Document Relates to:**<br>3:22-cv-01082<br>3:23-cv-00357<br><br>**Chief Judge Waverly D. Crenshaw, Jr.** |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
## <u>ENFORCE CLASS ACTION WAIVERS</u>

None of Plaintiffs' arguments avoid the fact that Plaintiffs Brandon Watters and Jeffrey Weaver agreed in their leases that they would not file a class action. Watters and Weaver provide no good reason the Court should not enforce their lease agreements as written, including the class waivers. The Court should grant this motion and strike these Plaintiffs' class allegations.

## I.      Plaintiffs Provide No Valid Reason to Delay Addressing This Issue.

Plaintiffs' primary argument is that there are fact issues, and the Court should delay ruling until class certification.[1] But this is a strawman. Plaintiffs are no doubt correct that there are complex, individualized fact issues as to unnamed putative class members who signed their own class waivers in different states under a variety of circumstances. Mem. at 4 n.4 [Dkt. 338]. But Plaintiffs identify no fact disputes *as to Weaver and Watters* preventing enforcement of the waivers. These Plaintiffs allege they rented units from Lincoln and Camden. Their leases are undisputed and incorporated into the Multifamily FAC. *See* Mem. at 1 n.2. Weaver and Watters agreed not to file class actions; therefore, they should not be allowed to pursue class allegations and class discovery. *See* Mem. at 4 n.3.[2] The Court should enforce the terms of the waivers and reject Plaintiffs' delay request.

## II.     Federal Courts Regularly Enforce Class Action Waivers.

Plaintiffs gloss over the twenty-some-odd cases from around the country enforcing class waivers like those here. Mem. at 7 n.8 (collecting cases enforcing standalone class action

---

[1] Plaintiffs cite the Court's decision *Lammert v. Auto-Owners (Mut.) Ins. Co*., 415 F. Supp. 3d 807, 811 (M.D. Tenn. 2019), but that case is distinguishable. There, defendants moved to strike plaintiffs' class allegations to the extent they were based on a six-year limitations period. The Court denied the motion because this limitations period was not referenced in the Complaint. Here, Watters and Weaver incorporate their leases in the Multifamily FAC, and their leases state they will not file class actions.

[2] Many courts, including a court in this District, have exercised this discretion to strike class action allegations early in cases prior to discovery. *Bearden v. Honeywell Int'l Inc*., 2010 WL 1223936, at *9 (M.D. Tenn. Mar. 24, 2010); *see also* Mem. at 4, n.3 (collecting cases).

1

waivers).[3] Ignoring these authorities, Plaintiffs argue that there is "no federal statute or policy in favor of enforcing naked class action waiver clauses." Opp'n at 9. But plaintiffs have no federal right to file class litigation. *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 234 (2013) (explaining Rule 23 did not "establish an entitlement to class proceedings for the vindication of statutory rights"). The Supreme Court has made clear that neither the Sherman nor Clayton Acts mention class actions or suggest an intention to preclude class waivers. *Id.* at 234. Enforceability is governed by state law, and these waivers are enforceable under Tennessee and Colorado law. Mem. at 4–5.

### III. Plaintiff Watters's Lease Is Enforceable Under Tennessee Law.

Plaintiffs' only contract argument is that Watters's class waiver supposedly is unconscionable. But Watters spent 18 minutes reviewing his lease and scrolled through it before signing. Ex. 1-A to Decl. of J. Stayton [Dkt. 337-1]. Watters also manifested consent by paying rent and occupying the unit according to the terms of the lease. Under Tennessee law, his lease is valid and enforceable.[4] And Plaintiffs have not shown and cannot show any procedural or substantive unconscionability under Tennessee law. *See Rubio v. Carreca Enters., Inc.*, 490 F. Supp. 3d 1277, 1289 (M.D. Tenn. 2020).[5]

---

[3] Plaintiffs have no counter to Defendants' authorities other than *Martrano v. Quizno's Franchise Co.*, 2009 WL 1704469, at *21 (W.D. Pa. June 15, 2009). But the Court should disregard this outlier; a court in *Bonanno v. Quizno's Franchise Co.*, 2009 WL 1068744, at *12 (D. Colo. Apr. 20, 2009) addressed this same class waiver under Colorado law and upheld it. And at least one other court has declined to follow *Martrano*. *See In re May*, 595 B.R. 894, 903 (Bankr. E.D. Ark. 2019).

[4] *See Howard-Hill v. Spence*, 2017 WL 4544599, at *7–8 (E.D. Tenn. Oct. 11, 2017) (holding unsigned leases enforceable when plaintiff manifested consent by performing and making payments conforming to their terms).

[5] Plaintiffs allege no facts evidencing unconscionability, and Tennessee law does not require fact discovery before a court can determine whether an agreement is unconscionable. *See Berent v. CMH Homes, Inc.*, 466 S.W.3d 740, 746–47 (Tenn. 2015).

2

Plaintiffs seek to distract the Court from applicable Tennessee law with unalleged speculation[6] about a supposed conspiracy to use the Texas Apartment Association ("TAA") and National Apartment Association ("NAA") form leases.[7] Plaintiffs cite *In re Currency Conversion Fee Antitrust Litig.*, 2012 WL 401113, at *1 (S.D.N.Y. Feb. 8, 2012), which involved an alleged conspiracy to add class waivers in arbitration agreements to consumer contracts. *But see Ross v. Citigroup, Inc.*, 630 F. App'x 79, 81 (2d Cir. 2015), as corrected (Nov. 24, 2015) (no conspiracy found). Plaintiffs allege nothing similar here, and their unpled conspiracy theory provides no basis to evade the class waivers.

## IV. Plaintiff Weaver's Class Action Waiver Is Enforceable Under Colorado Law.

Plaintiffs insist that Plaintiff Weaver's class waiver is not enforceable, but they ignore the basic principle of Colorado law that contracts are enforceable as written. *Allen v. Pacheco*, 71 P.3d 375, 378 (Colo. 2003); *Bonanno*, 2009 WL 1068744, at *12 (enforcing class action waiver). Plaintiffs argue that Camden's waiver does not cover the dispute at issue. But the waiver is not limited to any particular type of action. The language states that the "Resident waives any ability or right to serve as a representative party for others similarly situated or participate in a class action suit or claim against the Owner or the Owner's managing agents." *See, e.g.*, Ex. 2-A at 56 [Dkt. 337-2]. And the paragraph broadly covers all instances of "default" by owner.[8] *Id.*

Plaintiffs also argue that Camden's class waiver is unenforceable because Weaver's initial

---

[6] Plaintiffs, via the Dingman Declaration [Dkt. 378-1], seek to bring in facts outside of the Multifamily FAC; the Court should not consider the declaration and its attachments.

[7] Plaintiffs do not allege that the supposed conspiracy in this case included using TAA/NAA leases. Plaintiffs also ignore that Camden did *not* use the NAA lease and the language of the two waivers is different.

[8] Plaintiffs' authority confirms that the effect of a contract should "be determined primarily from the language of the agreement itself." *Draper v. DeFrenchi-Gordineer*, 282 P.3d 489, 494 (Colo. App. 2011). The broad language of the class waiver shows it is not limited to repair claims.

3

lease with Camden did not contain a waiver. But there is no dispute that the waiver was in Weaver's second lease with Camden, to which Weaver agreed. And no Colorado law bars a landlord from updating lease terms.[9] Plaintiffs also argue that Camden's lease is unenforceable as a contract of adhesion. Under Colorado law, the use of a standardized form among parties with unequal bargaining power does not necessarily create an unconscionable contract of adhesion. *Turner v. Chipotle Mexican Grill, Inc.*, 2018 WL 11314701, at *3 (D. Colo. Aug. 3, 2018).[10] Plaintiffs also do not—and cannot—show that Weaver could not have sought similar services elsewhere, which defeats claims of procedural unconscionability. *See Bernal v. Burnett*, 793 F. Supp. 2d 1280, 1288 (D. Colo. 2011) (school enrollment contracts were not unconscionable contracts of adhesion, in part, because "Plaintiffs could have chosen to pursue their education elsewhere").[11]

## V.    Plaintiffs' Other Leases with Other Defendants are Immaterial.

Plaintiffs also try to evade their class waivers by arguing that Watters and Weaver have other leases for some part of the class period that do not contain class action waivers. Opp'n at 2–3. But this is irrelevant. Watters and Weaver are asserting claims for the entire class period—

---

[9] Plaintiffs also point to a June 2023 Colorado law barring class action waivers (Opp'n at 10 n.10), but that law clearly states that it is not retroactive.

[10] Plaintiffs also argue that, under Colorado law, unconscionable contracts of adhesion are all contracts that are "not bargained for, but imposed on the public for a necessary service on a take it or leave it basis." Opp'n at 10 n. 9 (citing *Bauer v. Aspen Highlands Skiing Corp.*, 788 F. Supp. 472, 474 (D. Colo. 1992)). But *Bauer* acknowledges "form contracts offered on a take it or leave it basis, alone, do not render the agreement an adhesion contract." *Bauer*, 788 F. Supp. at 474–75.

[11] The *Allstate* decision Plaintiffs cite is not instructive. In *Allstate*, the Colorado Supreme Court interpreted an insurance contract that was divided into a number of delineated coverage "Parts" with an additional section devoted exclusively to "General Provisions." *See Allstate Ins. Co. v. Huizar*, 52 P.3d 816, 819 (Colo. 2002). Here, the lease at issue is in a single part, with numbered paragraphs addressing specific issues. The class waiver is found within the *only* provision of the lease addressing the tenant's rights in the event of a default by the owner. *Allstate's* analysis of a complicated, multi-part insurance contract is irrelevant.

4

October 18, 2018 to the present—based on all their leases with any defendant. Multifamily FAC ¶¶ 35, 38, 394 [Dkt. 314]. Plaintiffs provide no authority that would allow them to ignore their class waivers with Lincoln and Camden, simply because they entered into leases with others.

## VI. Equitable Estoppel Allows All Defendants to Enforce the Class Waivers.

Contrary to Plaintiffs' unsupported argument, all Defendants can enforce the class waivers.[12] Plaintiffs insist that "[n]on-signatories under Tennessee law can only invoke equitable estoppel in situations where a signatory to the contract 'attempts to hold the nonsignatory liable pursuant to the underlying agreement.'" Opp'n at 5 (quoting *Blue Water Bay at Ctr. Hill, LLC v. Hasty*, 2017 WL 5665410, at *14 (Tenn. Ct. App. Nov. 27, 2017)). But *Blue Water Bay* only highlights why estoppel applies. The court there held estoppel applies when a signatory like Watters "raises allegations of concerted misconduct by both the nonsignatory and one or more signatories to the contract." 2017 WL 5665410, at *9. Watters alleges concerted misconduct among all Defendants. Thus, estoppel applies and all Defendants can enforce his class waiver.[13]

## CONCLUSION

Defendants ask the Court to enforce the terms of Plaintiffs' leases and the class action waivers therein and strike their class allegations.

---

[12] As to Weaver's lease, at this time, only Camden seeks to enforce the class action waiver. Specifically, Camden moves to bar Weaver from serving as a class representative or participating in a class action against Camden, per the terms of Weaver's lease. Other Defendants reserve the right to argue a class action bar based on the Camden lease at any class certification hearing. *Santich v. VCG Holding Corp.*, 443 P.3d 62, 65 (Colo. 2019), recognized that nonsignatories to a contract may be able to enforce its terms in certain circumstances.

[13] Because "Tennessee courts, to date, still have not addressed the 'second scenario' recognized in *Blue Water Bay*," later decisions have looked to "other courts around the country," which "have almost uniformly concluded that the plaintiff in this situation, particularly when the plaintiff alleges joint employment, is estopped from avoiding arbitration with the non-signatory." *Green v. Mission Health Communities, LLC*, 2020 WL 6702866, at *8 (M.D. Tenn. Nov. 13, 2020) (collecting cases); *see also In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 851 (D. Md. 2013); *Ordosgoitti v. Werner Enters., Inc.*, 2022 WL 874600 (D. Neb. Mar. 24, 2022).

5

DATED: July 31, 2023

Respectfully submitted,

*/s/ Gregory J. Casas*
Gregory J. Casas (admitted *pro hac vice*)
Emily W. Collins (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
300 West 6th Street, Suite 2050
Austin, TX 78701-4052
Telephone: (512) 320-7200
casasg@gtlaw.com
emily.collins@gtlaw.com

Robert J. Herrington (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Robert.Herrington@gtlaw.com

Becky L. Caruso (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Telephone: (973) 443-3252
Becky.Caruso@gtlaw.com

*/s/ Ryan T. Holt*
Ryan T. Holt (No. 30191)
Mark Alexander Carver (No. 36754)
SHERRARD ROE VOIGT & HARBISON, PLC
150 Third Avenue South, Suite 1100
Nashville, Tennessee 37201
Telephone: (615) 742-4200
rholt@srvhlaw.com
acarver@srvhlaw.com

*Counsel for Defendant Lincoln Property Company*

/s/ Jay Srinivasan

Jay Srinivasan (admitted *pro hac vice*)
jsrinivasan@gibsondunn.com
Daniel G. Swanson (admitted *pro hac vice*)
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7430

Stephen Weissman (admitted *pro hac vice*)
sweissman@gibsondunn.com
Michael J. Perry (admitted *pro hac vice*)
mjperry@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 955-8678

Stephen C. Whittaker (admitted *pro hac vice*)
cwhittaker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1361 Michelson Drive
Irvine, CA 92612
Telephone: (212) 351-2671

Ben A. Sherwood (admitted *pro hac vice*)
bsherwood@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-2671

*Counsel for Defendant RealPage, Inc.*

/s/ Edwin Buffmire

Edwin Buffmire
ebuffmire@jw.com
Michael Moran
mmoran@jw.com
JACKSON WALKER LLP
2323 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (214) 953-6000

Kevin Fulton
kevin@fultonlg.com
THE FULTON LAW GROUP PLLC
7676 Hillmont St., Suite 191
Houston, TX 77040
Telephone: (713) 589-6964

*Counsel for Defendant Allied Orion Group, LLC*

/s/ Katie A. Reilly

Katie A. Reilly
reilly@wtotrial.com
Michael T. Williams
williams@wtotrial.com
Judith P. Youngman
youngman@wtotrial.com
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: (303) 244-1800

Mark Bell
Mark.Bell@hklaw.com
HOLLAND & KNIGHT LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 850-8850

*Counsel for Defendant Apartment Income REIT Corp., d/b/a AIR Communities*

*/s/ Danny David*
Danny David
danny.david@bakerbotts.com
BAKER BOTTS LLP
910 Louisiana Street
Houston, TX 77002
Telephone: (713) 229-4055

James Kress (*pro hac* forthcoming)
james.kress@bakerbotts.com
Paul Cuomo (*pro hac* forthcoming)
paul.cuomo@bakerbotts.com
BAKER BOTTS LLP
700 K. Street, NW
Washington, DC 20001
Telephone: (202) 639-7884

*Counsel for Defendant Avenue5 Residential, LLC*

*/s/ Matt T. Adamson*
Matt T. Adamson
madamson@jpclaw.com
JAMESON PEPPLE CANTU PLLC
801 Second Avenue, Suite 700
Seattle, WA 98104
Telephone: (206) 292-1994

*Counsel for Defendant B/T Washington, LLC d/b/a Blanton Turner*

*/s/ Marguerite Willis*
Marguerite Willis (admitted *pro hac vice*)
mwillis@maynardnexsen.com
MAYNARD NEXSEN PC
104 South Main Street
Greenville, SC 29601
Telephone: (864) 370-2211

Michael A. Parente (admitted *pro hac vice*)
mparente@maynardnexsen.com
MAYNARD NEXSEN PC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: (803) 771-8900

Margaret M. Siller (BPR No. 039058)
msiller@maynardnexsen.com
MAYNARD NEXSEN PC
1201 Villa Place, Suite 103
Nashville, Tennessee 37212
Telephone: (629) 258-2253

*Counsel for Defendant Bell Partners, Inc.*

*/s/ Ian Simmons*
Ian Simmons
isimmons@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5196

Stephen McIntyre
smcintyre@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

*Counsel for Defendant BH Management Services, LLC*

_/s/ James D. Bragdon_
James D. Bragdon
jbragdon@gejlaw.com
Sam Cowin
scowin@gejlaw.com
GALLAGHER EVELIUS & JONES LLP
218 N. Charles St., Suite 400
Baltimore, MD 21201
Telephone: (410) 727-7702

Philip A. Giordano (admitted _pro hac vice_)
philip.giordano@hugheshubbard.com
HUGHES HUBBARD & REED LLP
1775 I Street NW
Washington, DC 20007
Telephone: (202) 721-4776

Charles E. Elder, BPR # 038250
celder@bradley.com
BRADLEY ARANTBOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.252.3597

_Counsel for Defendant_
_Bozzuto Management Company_

_/s/ Yehudah L. Buchweitz_
Yehudah L. Buchweitz
yehudah.buchweitz@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8256

Jeff L. White
Jeff.white@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW
Washington, DC 20036
Telephone: (202) 682-7059

R. Dale Grimes, BPR #006223
dgrimes@bassberry.com
BASS, BARRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6244

_Counsel for Defendant Brookfield Properties_
_Multifamily LLC_

/s/ J. Douglas Baldridge

J. Douglas Baldridge
jbaldridge@venable.com
Danielle R. Foley
drfoley@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
(202) 344-4703

*Counsel for Defendant CH Real Estate Services, LLC*

/s/ Benjamin R. Nagin

Benjamin R. Nagin
bnagin@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300

*Counsel for Defendant ConAm Management Corporation*

/s/ Lynn H. Murray

Lynn H. Murray
lhmurray@shb.com
Maveric Ray Searle
msearle@shb.com
SHOOK, HARDY & BACON L.L.P.
111 S. Wacker Dr., Suite 4700
Chicago, IL 60606
Telephone: (312) 704-7766

Ryan Sandrock
rsandrock@shb.com
Shook, Hardy & Bacon L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 544-1944

Laurie A. Novion
lnovion@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 559-2352

*Counsel for Defendant Camden Property Trust*

/s/ Ronald W. Breaux

Ronald W. Breaux
Ron.Breaux@haynesboone.com
Bradley W. Foster
Brad.Foster@haynesboone.com
HAYNES AND BOONE LLP
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Fax: (214) 200-0376

*Counsel for Defendant Conti Capital*

/s/ Kenneth Reinker

Kenneth Reinker
kreinker@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1522

Joseph M. Kay
jkay@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2745

*Counsel for Defendant Pinnacle Property Management Services, LLC*

/s/ Todd R. Seelman

Todd R. Seelman
todd.seelman@lewisbrisbois.com
Thomas L. Dyer
thomas.dyer@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, CO 80203
Telephone: (720) 292-2002

*Counsel for Defendant Cortland Management, LLC*

/s/ Ann MacDonald

Ann MacDonald
Ann.macdonald@afslaw.com
Barry Hyman
Barry.hyman@afslaw.com
ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500

*Counsel for Defendant CWS Apartment Homes, LLC*

/s/ Bradley C. Weber

Bradley C. Weber (admitted *pro hac vice*)
bweber@lockelord.com
Locke Lord LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone: (214) 740-8497

*Counsel for Defendant Dayrise Residential, LLC*

11

/s/ Charles H. Samel
Charles H. Samel
charles.samel@stoel.com
Edward C. Duckers
ed.duckers@stoel.com
STOEL RIVES LLP
1 Montgomery Street, Suite 3230
San Francisco, CA 94104
Telephone: (415) 617-8900

George A. Guthrie
gguthrie@wilkefleury.com
WILKE FLEURY LLP
621 Capitol Mall, Suite 900
Sacramento, CA 95814
Telephone: (916) 441-2430

*Counsel for Defendant FPI Management, Inc.*

.

/s/ Carl W. Hittinger
Carl W. Hittinger
chittinger@bakerlaw.com
Alyse F. Stach
astach@bakerlaw.com
Tyson Y. Herrold
therrold@bakerlaw.com
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501
Telephone: (215) 568-3100

Stephen J. Zralek, BPR #018971
szralek@spencerfane.com
S. Chase Fann, BPR #036794
cfann@spencerfane.com
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
Telephone: (615) 238-6300

*Counsel for Defendant Equity Residential*

/s/ Leo D. Caseria
Leo D. Caseria
lcaseria@sheppardmullin.com
Helen C. Eckert
heckert@sheppardmullin.com
Sheppard Mullin Richter & Hampton LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC, 20006
Telephone: (202) 747-1925

/s/ Arman Oruc
Arman Oruc
aoruc@goodwinlaw.com
Goodwin Procter, LLP
1900 N Street, NW
Washington, DC 20036
Telephone: (202) 346-4000

*Counsel for Defendant Essex Property Trust, Inc.*

/s/ *Michael D. Bonanno*
Michael D. Bonanno (admitted *pro hac vice*)
mikebonanno@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I St. NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8225

Christopher Daniel Kercher (admitted *pro hac vice*)
christopherkercher@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor,
New York, New York 10010
Telephone: (212) 849-7000

Andrew Gardella, Esq. (TN Bar #027247)
agardella@martintate.com
MARTIN, TATE, MORROW & MARSTON P.C.
315 Deaderick Street, Suite 1550
Nashville, TN 37238
Telephone: (615) 627-0668

*Counsel for Defendant Highmark Residential, LLC*

/s/ *Cliff A. Wade*
Cliff A. Wade
cliff.wade@bakerlopez.com
Chelsea L. Futrell
chelsea.futrell@bakerlopez.com
BAKER LOPEZ PLLC
5728 LBJ Freeway, Suite 150
Dallas, Texas 75240
Telephone: (469) 206-9384

*Counsel for Defendant Knightvest Residential*

/s/ *Michael M. Maddigan*
Michael M. Maddigan
michael.maddigan@hoganlovells.com
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4727

William L. Monts, III
william.monts@hoganlovells.com
Benjamin F. Holt
benjamin.holt@hoganlovells.com
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-6440

Joshua C. Cumby (BPR No. 37949)
joshua.cumby@arlaw.com
F. Laurens Brock (BPR No. 17666)
larry.brock@arlaw.com
Rocklan W. King, III (BPR No. 30643)
rocky.king@arlaw.com
ADAMS AND REESE LLP
1600 West End Avenue, Suite 1400
Nashville, Tennessee 37203
Telephone: (615) 259-1450

*Counsel for Defendant Greystar Real Estate Partners, LLC (formerly Greystar Management Services, LP)*

13

*/s/ John J. Sullivan*

John J. Sullivan
jsullivan@cozen.com
COZEN O'CONNOR P.C.
3 WTC, 175 Greenwich St., 55th Floor
New York, NY 10007
Telephone: (212) 453-3729

*Counsel for Defendant Independence Realty Trust, Inc.*

*/s/ Eliot Turner*

Eliot Turner
eliot.turner@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100,
Houston, Texas 77010
Telephone: (713) 651-5151

*Counsel for Defendant Kairoi Management LLC*

14

/s/ Michael W. Scarborough
Michael W. Scarborough (admitted *pro hac vice*)
mscarborough@velaw.com
Dylan I. Ballard (admitted *pro hac vice*)
dballard@velaw.com
VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900

*Counsel for Defendant Lantower Luxury Living LLC*

/s/ Britt M. Miller
Britt M. Miller (admitted *pro hac vice*)
bmiller@mayerbrown.com
Daniel T. Fenske (admitted *pro hac vice*)
dfenske@mayerbrown.com
Matthew D. Provance (admitted *pro hac vice*)
mprovance@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 6006
Telephone: (312) 701-8663

Scott D. Carey (#15406)
scarey@bakerdonelson.com
Ryan P. Loofbourrow (#33414)
rloofbourrow@bakerdonelson.com
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Telephone: (615) 726-5600

*Counsel for Defendant Mid-America Apartment Communities, Inc.*

/s/ Karen H. Safran
Karen H. Safran
ksafran@goodspeedmerrill.com
Robert S. Hunger
rhunger@goodspeedmerrill.com
GOODSPEED MERRILL
9605 South Kingston Court, Suite 200
Englewood, CO 80112
Telephone: (720) 473-7644

*Counsel for Defendant Lyon Management Group, Inc.*

/s/ Jeffrey C. Bank
Jeffrey C. Bank
jbank@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
1700 K Street NW, Fifth Floor
Washington, DC 20006
Telephone: (202) 973-8800

*Counsel for Defendant Morgan Properties Management Company, LLC*


/s/ Richard P. Sybert
Richard P. Sybert (WSBA No. 8357)
rsybert@grsm.com
GORDON REES SCULLY MANSUKHANI
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 321-5222

*Counsel for Defendant Rose Associates Inc.*

/s/ Judith A. Zahid
Judith A. Zahid (admitted *pro hac vice*)
jzahid@zellelaw.com
Heather T. Rankie (admitted *pro hac vice*)
hrankie@zellelaw.com
ZELLE LLP
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone: (415) 633-1916

*Counsel for Defendant Prometheus Real Estate Group, Inc.*

16

_/s/ Valentine Hoy_

Valentine Hoy
vhoy@allenmatkins.com
Scott Perlin
sperlin@allenmatkins.com
ALLEN MATKINS LECK GAMBLE MALLORY &
NATSIS
600 West Broadway, 27th Floor
San Diego, CA 92101
Telephone: (619) 233-1155

Patrick E. Breen
pbreen@allenmatkins.com
ALLEN MATKINS LECK GAMBLE MALLORY &
NATSIS
865 South Figueroa Street, Suite 2800
Los Angeles, CA 90017
Telephone: (213) 622-5555

_Counsel for Defendant Sares Regis Group
Commercial, Inc._

_/s/ Jose Dino Vasquez_

Jose Dino Vasquez
dvasquez@karrtuttle.com
Jason Hoeft
jhoeft@karrtuttle.com
KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 223-1313

_Counsel for Defendant Security Properties, Inc._

_/s/ David A. Walton_

David A. Walton
dwalton@bellnunnally.com
Troy Lee (T.J.) Hales
thales@bellnunnally.com
BELL NUNNALLY & MARTIN, LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201

_Counsel for Defendant RPM Living, LLC_

_/s/ Diane R. Hazel_

Diane R. Hazel
dhazel@foley.com
FOLEY & LARDNER LLP
1400 16th Street, Suite 200
Denver, CO 80202
Telephone: (720) 437-2000

Elizabeth A. N. Haas (admitted _pro hac vice_)
ehaas@foley.com
Ian Hampton (admitted _pro hac vice_)
ihampton@foley.com
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 271-2400

Tara L. Swafford, BPR #17577
tara@swaffordlawfirm.com
Dylan Harper, BPR #36820
dylan@swaffordlawfirm.com
THE SWAFFORD LAW FIRM, PLLC
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406

_Counsel for Defendant Sherman Associates,
Inc._

/s/ Brent Justus

Brent Justus
bjustus@mcguirewoods.com
Nick Giles
ngiles@mcguirewoods.com
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1000

*Counsel for Defendant Simpson Property
Group, LLC*


/s/ Yonaton Rosenzweig

Yonaton Rosenzweig
yonirosenzweig@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017

Fred B. Burnside
fredburnside@dwt.com
MaryAnn T. Almeida
maryannalmeida@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 757-8016

*Counsel for Defendant Mission Rock
Residential, LLC*


/s/ Andrew Harris

Andrew Harris
Andrew.Harris@Levittboccio.com
LEVITT & BOCCIO, LLP
423 West 55th Street
New York, NY 10019
Telephone: (212) 801-1104

/s/ Nicholas A. Gravante, Jr.

Nicholas A. Gravante, Jr. (admission *pro hac
vice* pending)
nicholas.gravante@cwt.com
Philip J. Iovieno (admission *pro hac vice*
pending)
philp.iovieno@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6000

*Counsel for The Related Companies, L.P. and
Related Management Company, L.P.*


/s/ Benjamin I. VandenBerghe

Benjamin I. VandenBerghe
biv@montgomerypurdue.com
Kaya R. Lurie
klurie@montgomerypurdue.com
MONTGOMERY PURDUE PLLC
701 Fifth Avenue, Suite 5500
Seattle, Washington 98104-7096

*Counsel for Defendant Thrive Communities
Management, LLC*

18

/s/ David D. Cross

David D. Cross (admitted *pro hac vice*)
dcross@mofo.com
Jeffrey A. Jaeckel (admitted *pro hac vice*)
jjaeckel@mofo.com
Robert W. Manoso (admitted *pro hac vice*)
rmanoso@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C., 20037
Telephone: (202) 887-1500

Eliot A. Adelson (admitted *pro hac vice*)
eadelson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000

/s/ Joshua L. Burgener

Joshua L. Burgener
jburgener@dickinsonwright.com
DICKINSON WRIGHT PLLC
424 Church Street, Suite 800
Nashville, TN 37219
Telephone: (615) 620-1757

*Counsel for Defendant UDR, Inc.*

/s/ Evan Fray-Witzer

Evan Fray-Witzer
Evan@CFWLegal.com
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: 617-426-0000

*Counsel for Defendants WinnCompanies LLC,*
*and WinnResidential Manager Corp.*

/s/ Craig Seebald

Jessalyn H. Zeigler
jzeigler@bassberry.com
BASS, BERRY & SIMS, PLC
150 Third Avenue South
Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200

Craig P. Seebald (admitted *pro hac vice*)
cseebald@velaw.com
Stephen M. Medlock (admitted *pro hac vice*)
smedlock@velaw.com
VINSON & ELKINS LLP
2200 Pennsylvania Ave., N.W.
Suite 500 West
Washington, D.C. 20037
Telephone: (202) 639-6500

Christopher W. James (admitted *pro hac vice*)
cjames@velaw.com
VINSON & ELKINS LLP
555 Mission Street
Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900

*Counsel for Defendant Windsor Property*
*Management Company*

/s/ Ferdose al-Taie
Ferdose al-Taie (admitted *pro hac vice*)
faltaie@bakerdonelson.com
BAKER, DONELSON, BEARMAN CALDWELL &
BERKOWITZ, P.C.
956 Sherry Lane, 20th Floor
Dallas, TX 75225
Telephone: (214) 391-7210

Christopher E. Thorsen (BPR # 21049)
cthorsen@bakerdonelson.com
BAKER, DONELSON, BEARMAN CALDWELL &
BERKOWITZ, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, TN 37201
Telephone: (615) 726-5600

*Counsel for Defendant ZRS Management, LLC*

/s/ James H. Mutchnik
James H. Mutchnik
james.mutchnik@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

*Counsel for Defendant Thoma Bravo L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered on the CM/ECF system.

DATED this 31st day of July, 2023.

/s/ *Ryan Holt*
Ryan Holt