| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>This Document Relates to:<br>3:23-cv-00333 |

**DEFENDANT CH REAL ESTATE SERVICES, LLC'S REPLY IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiffs' Opposition and procedural maneuvers fail to cure the fatal defect of the *Armas* action: the Western District of Washington lacks personal jurisdiction over Defendant CH Real Estate Services, LLC ("CH Real Estate"), and CH Real Estate should be dismissed from *Armas v. RealPage, Inc. et. al*, No. 22-cv-01726-RSL (W.D. Wash.).

First, Plaintiffs have waived any argument that the Court has personal jurisdiction over CH Real Estate in the Western District of Washington. It is axiomatic that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. Tenn.*, 878 F.2d 382 (6th Cir. 1989); *see also Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (finding that plaintiff's opposition was waived for failure to oppose arguments raised in the defendants' motion to dismiss). Rather than address the substance of CH Real Estate's Motion, Plaintiffs' Opposition merely notifies the Court of yet another complaint filed, *Kabisch v. RealPage, Inc., et al.*, 3:23-cv-00742 (M.D. Tenn.).[1] As such, the Court should find Plaintiffs waived any opposition and dismiss CH Real Estate from the *Armas* action.

---

[1] CH Real Estate reserves all rights and defenses as to the *Kabisch* action. It will respond to that complaint in due course, pursuant to the Federal Rules, the Local Rules, and this Court's orders.

Second, contrary to Plaintiffs' representation, CH Real Estate's requested relief is not moot. (Opp. at 2.) As of this filing, Plaintiffs have not dismissed CH Real Estate from the *Armas* action, and CH Real Estate remains a defendant in a case where the transferor court lacks personal jurisdiction. (Mot. at 3-7.) Any intentions Plaintiffs may have do not remedy this defect. Until Plaintiffs actually dismiss CH Real Estate from the *Armas* action, CH Real Estate's Motion is still ripe for the Court's review.

Finally, the Motion should be granted because of the unnecessary resources CH Real Estate had to expend on this matter. Before filing its Motion, counsel for CH Real Estate informed Plaintiffs' counsel of the lack of jurisdiction over it. Nonetheless, Plaintiffs declined to dismiss CH Real Estate. Then, even after CH Real Estate filed its Motion, Plaintiffs' counsel notified the Court of their intent to oppose the Motion. (ECF 355 at 5.) Nevertheless, at the eleventh hour, and in lieu of the opposition they repeatedly represented was warranted, Plaintiffs declined to oppose CH Real Estate's Motion and instead chose to file a new complaint.

Because Plaintiffs have not, and cannot, allege facts to support the Western District of Washington's exercise of personal jurisdiction over CH Real Estate, CH Real Estate respectfully requests that the Court dismiss it from the *Armas* action.

Dated: July 31, 2023

                                        Respectfully submitted,

                                        */s/ J. Douglas Baldridge*
                                        J. Douglas Baldridge
                                        jbaldridge@venable.com
                                        Danielle R. Foley (admitted *pro hac vice*)
                                        drfoley@venable.com
                                        Andrew B. Dickson (admitted *pro hac vice*)
                                        abdickson@venable.com
                                        VENABLE LLP
                                        600 Massachusetts Avenue, NW
                                        Washington, D.C. 20001
                                        (202) 344-4300

                                        *Counsel for Defendant*
                                        *CH Real Estate Services, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered on the CM/ECF system.

DATED this 31st day of July 2023.

/s/ *J. Douglas Baldridge*
J. Douglas Baldridge