# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br><br>JURY DEMAND<br><br>This Document Relates to:<br>ALL CASES |

## PLAINTIFFS' STATUS REPORT REGARDING PROCEDURAL, JURISDICTIONAL, AND SCHEDULING ISSUES

On August 1, 2023, the Court raised certain procedural, jurisdictional, and scheduling issues on a teleconference with the parties. To address the Court's questions and provide additional clarity, Plaintiffs provide this status report.

### I. HISTORY

There are currently 39 member cases in the MDL, with the first case filed on November 2, 2022. Of these, three active cases currently relate to Student Housing, while the remainder relate to Multifamily Housing.

On June 16, 2023, Plaintiffs filed amended complaints in the Multifamily Housing and Student Housing matters. Dkts. 290, 291. Pursuant to Your Honor's June 22, 2023 Order (Dkt. 298), Plaintiffs met and conferred with Defendants to narrow the scope of any forthcoming Rule 12 motions. Many Defendants raised jurisdictional issues, which Plaintiffs sought to cure by dismissing certain actions and filing additional cases in certain jurisdictions that would be tagged into the MDL. To that end, the Plaintiffs did the following:

- Filed a notice of voluntary dismissal of the Consolidated Student Housing Complaint, Dkt. 308, and filed new Student Housing complaints in the U.S. District Courts for the Districts

1

of Oregon and Colorado in order to address jurisdictional issues.[1] There are 12 Defendants named in these two Student Housing Complaints. On July 26, 2023, the JPML entered CTO-3 transferring *Lauder* to this MDL. Dkt. 407. On August 2, 2023, the JPML entered CTO-4, transferring *Dempsey*. Dkt. 457. Plaintiffs will seek leave to file a new, operative consolidated Student Housing complaint. Plaintiffs believe this will solve any jurisdictional issues with respect to Defendants named only in Student Housing cases.

- Entered into stipulations with several Defendants delaying jurisdictional motion practice until either resolution of Plaintiffs' claims against those Defendants or filing of additional complaints to resolve those Defendants' jurisdictional issues. Dkt. 353.

- Entered tolling agreements with those Defendants (five to date) that were able to attest to Plaintiffs that they did not use any RealPage software to set prices, voluntarily dismissed those Defendants, and did not name them again in later-filed complaints.[2]

- Filed a motion for leave to file the First Amended Consolidated Class Action Complaint (FACCAC), which was granted. Dkt. 310, Dkt. 313.

- Filed an additional case in M.D. Tenn. *Kabisch v. RealPage, Inc., et al.*, Case No. 3:23-cv-00742 (filed July 24, 2023, after the FACCAC). The purpose and effect of filing this complaint was to solve jurisdictional issues that were raised by Defendants during motion practice and to correct certain parties' names.

- Given the complicated ownership structure of Defendants in the real estate industry, and because some Defendants reached out and asked for corrections to Defendant entity names, filed motions to substitute and terminate parties. Dkts. 392, 458, 459. Plaintiffs expect to file more of these motions in the coming days.

## II. PATH FORWARD

Plaintiffs propose the most efficient way forward is to:

- File a new operative and superseding complaint for the Multifamily Housing Cases in the Multifamily case (the "MC"). This complaint would be substantively identical to the FACCAC, but would correct certain entity names, as well as include additional plaintiffs whose cases were either: 1) a part of the MDL but who were not previously named in the FACCAC (Plaintiffs Meghan Cherry and Selena Vincin); or 2) filed in Nashville after the FACCAC was filed (Plaintiff Joshua Kabisch). The MC will include 11 Plaintiffs. It is

---

[1] *Lauder, et al. v. RealPage, Inc., et al.*, No. 6:23-cv-1025 (D. Or.) (assigned Case No. 3:23-cv-00757 in this Court) and *Dempsey, et al. v. RealPage, Inc., et al.*, No. 1:23-cv-01832 (D.Co.) (No M.D. Tenn. Case No. assigned yet).

[2] Plaintiffs have reserved all related rights should discovery show any of these tolled Defendants to have used RealPage RMS despite contrary representations.

Plaintiffs' view that this would resolve personal jurisdiction issues as to all remaining Defendants.[3]

- File a new operative and superseding complaint for the Student Housing cases ("SC").

- After the MC and SC are filed, move the Court to dismiss without prejudice all constituent cases,[4] except those cases brought by a Plaintiff that is named in an operative complaint, and substitute the correct entities in the underlying cases that are not dismissed.[5] At that point, the remaining Multifamily cases in the MDL would be the following:

| CASE | REMAINING PLAINTIFF(S) | ORIGIN COURT |
|---|---|---|
| 3:22-cv-01082 *Watters v. RealPage, Inc. et al* | Brandon Watters | M.D. Tennessee |
| 3:23-cv-00332 *Cherry et al v. RealPage Inc et al* | Meghan Cherry | W.D. Washington |
| 3:23-cv-00357 *Weaver v. Realpage, Inc. et al* | Jeffrey Weaver | D. Colorado |
| 3:23-cv-00378 *Parker et al v. RealPage Inc et al* | Priscilla and Patrick Parker, Barry Amar-Hoover | S.D. Florida |
| 3:23-cv-00410 *Vincin et al v. RealPage, Inc. et al* | Selena Vincin | W.D. Texas |
| 3:23-cv-00413 *White v. RealPage, Inc. et al* | Billie Jo White | D. Massachusetts |
| 3:23-cv-00440 *Alexander v. The Irvine Company, LLC et al* | Nancy Alexander | M.D. Tennessee |
| 3:23-cv-00552 *Goldman v. RealPage, Inc. et al* | Jason Goldman | M.D. Tennessee |
| 3:23-cv-00742 *Kabisch v. RealPage, Inc. et al* | Joshua Kabisch | M.D. Tennessee |

---

[3] As discussed below, though Plaintiffs believe this solves most issues, this would be without prejudice to Defendants' rights to bring a new motion relating to only new issues (*e.g.*, motions to compel arbitration, enforce waivers, or challenging personal jurisdiction).

[4] Exhibit A, Plaintiffs to be Dismissed without Prejudice. *See In re: General Motors LLC Ignition Switch Litig.*, 2015 WL 3619584 (S.D.N.Y. June 10, 2015) (where the court entered an order "'all dismissals are, unless the Court orders otherwise, without prejudice'" and "in order 'to protect the due process rights of economic loss plaintiffs,' it expressly provides that 'dismissal of their individual complaints in order to streamline these proceedings does not preclude such plaintiffs from (a) recovering as a member of any class that might be certified, or (b) pursuing claims, should a plaintiff choose to do so, if no class is certified or if the plaintiff opts out of a class that is certified'").

[5] If the Court wishes, Plaintiffs can prepare an order to this effect.

- Re-file the prior motion to dismiss briefs without substantive changes beyond updating prior citations to the FACCAC to the corresponding paragraphs of the MC; and providing a short period of time for Defendants to bring additional motions directed to unique issues raised by the SC and the additional Multifamily plaintiffs included in the MC but not the FACCAC.

The MC and SC would govern the litigation. *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589-590 (6th Cir. 2013). Dismissing the constituent MDL cases without prejudice where no named Plaintiff appears on an operative complaint will streamline this MDL while preserving unnamed Plaintiffs' rights. This procedure would allow all orders and rulings taken on the main docket to control all live member cases. Once the substitutions and dismissals are entered, 57 Defendants will remain.[6]

## III. SCHEDULE

The parties have met and conferred on the immediate schedule. The parties have agreed upon a schedule for the MC and related motions, subject to the Court's approval:[7]

**Multifamily Housing Complaint**

- August 15: MC filed (with no substantive changes beyond changing parties)
- August 22: Defendants file revised versions of <u>previously filed motions</u> that adjust cites to new complaint but make no other changes
- August 25: Plaintiffs file revised versions of <u>previously filed oppositions</u> that adjust cites but make no other changes
- August 29: Defendants file revised versions of <u>previously filed replies</u> that adjust cites but make no other changes
- September 1: Any <u>new motions</u> based on changes in parties named in amended complaint due (*e.g.*, motions to compel arbitration, enforce waivers, or challenging personal jurisdiction)
- September 15: Oppositions to new motions due
- September 22: replies to new motions due

---

[6] Exhibit B lists the remaining Defendants.

[7] Exhibit C lists pending motions and related docket entries.

The parties have also agreed on a schedule for the SC and related motions, subject to the Court's approval:

**Student Housing Complaint**

- August 8: SC filed
- August 29: Motions to dismiss due
- September 14: Oppositions due
- September 21: Replies due

The parties are discussing proposed page limits for any new briefing and will be prepared to discuss at the Status Conference.

Plaintiffs suggest the briefing related to Defendants' previously filed motions to stay (Dkt. 349) and Defendants' motion to enforce class waiver as to Plaintiffs Watters and Weaver (Dkt. 338) need not be updated and refiled, but that the Court can consider those motions as pending and ripe for consideration.

The parties have also continued to meet and confer on a schedule to bring the parties to trial readiness (*see* Dkt. 460), and Plaintiffs hope to reach agreement on an overall schedule. Plaintiffs propose the Court order the parties to submit a schedule, or competing proposals, 14 days before the next in-person hearing following the August 7 hearing.

Plaintiffs further propose the Court order the parties to meet and confer on an ESI Order, Protective Order, Deposition Protocol and 502(b)(d) Order and submit agreed-upon versions, or competing proposals, of these documents for the Court's approval 14 days before the next in-person hearing.

IV. **MEDIATION**

Defendants named in four or fewer cases (or in some cases Defendants that wish to participate in early mediation) have suggested Clay Cogman of Phillips ADR as the mediator. Dkt. 467; *see also* Exhibit B. Plaintiffs have no objection to using Mr. Cogman for that group of

Defendants, as noted in these Defendants' filing, *id.*, and the Court has appointed Mr. Cogman as mediator. Dkt. 475. The Court previously appointed the Honorable Layn R. Phillips to mediate Plaintiffs' claims against the remaining Defendants. Dkt. 434.

In preparation for mediation, the parties who wish to mediate exchanged informal FRE 408 information requests.

Dated: August 4, 2023

/s/ *Tricia R. Herzfeld*
Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
**HERZFELD SUETHOLZ GASTEL LENISKI AND WALL, PLLC**
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37203
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com

*Liaison Counsel*

Patrick J. Coughlin
Carmen A. Medici
Fatima Brizuela
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 798-5325
Facsimile: (619) 233-0508
pcoughlin@scott-scott.com
cmedici@scott-scott.com
fbrizuela@scott-scott.com

Patrick McGahan
Amanda F. Lawrence
Michael Srodoski
G. Dustin Foster
Isabella De Lisi
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06145
Telephone: (860) 537-5537

Facsimile: (860) 537-4432
pmcgahan@scott-scott.com
alawrence@scott-scott.com
msrodoski@scott-scott.com
gfoster@scott-scott.com
idelisi@scott-scott.com

Stacey Slaughter
Thomas J. Undlin
Geoffrey H. Kozen
Stephanie A. Chen
J. Austin Hurt
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
sslaughter@robinskaplan.com
tundlin@robinskaplan.com
gkozen@robinskaplan.com
schen@robinskaplan.com
ahurt@robinskaplan.com

Swathi Bojedla
Mandy Boltax
**HAUSFELD LLP**
888 16th Street, N.W., Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
sbojedla@hausfeld.com
mboltax@hausfeld.com

Gary I. Smith, Jr.
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
gsmith@hausfeld.com

Katie R. Beran
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: 1 215 985 3270
kberan@hausfeld.com

| | |
|---|---|
| Eric L. Cramer<br>Michaela L. Wallin<br>**BERGER MONTAGUE PC**<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>Telephone: (215) 875-3000<br>ecramer@bm.net<br>mwallin@bm.net | Christian P. Levis<br>Vincent Briganti<br>Peter Demato<br>Radhika Gupta<br>**LOWEY DANNENBERG, P.C.**<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>Telephone: (914) 997-0500<br>Facsimile: (914) 997-0035<br>vbriganti@lowey.com<br>clevis@lowey.com<br>pdemato@lowey.com<br>rgupta@lowey.com |
| Daniel J. Walker<br>**BERGER MONTAGUE PC**<br>2001 Pennsylvania Avenue, NW, Suite 300<br>Washington, DC 20006<br>Telephone: (202) 559-9745<br>dwalker@bm.net | Christopher M. Burke<br>Walter W. Noss<br>Yifan (Kate) Lv<br>**KOREIN TILLERY P.C**.<br>707 Broadway, Suite 1410<br>San Diego, CA 92101<br>Telephone: (619) 625-5621<br>Facsimile (314) 241-3525<br>cburke@koreintillery.com<br>wnoss@koreintillery.com<br>klv@koreintillery.com |
| Brendan P. Glackin<br>Dean M. Harvey<br>**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**<br>275 Battery Street, Suite 2900<br>San Francisco, CA 94111<br>Telephone: 415-956-1000<br>bglackin@lchb.com<br>dharvey@lchb.com | |
| Mark P. Chalos<br>Hannah R. Lazarz<br>Kenneth S. Byrd<br>**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**<br>222 2nd Avenue South, Ste. 1640<br>Nashville, TN 37201<br>(615) 313-9000<br>mchalos@lchb.com<br>hlazarz@lchb.com<br>kbyrd@lchb.com | Joseph R. Saveri<br>Steven N. Williams<br>Cadio Zirpoli<br>Kevin E. Rayhill<br>**JOSEPH SAVERI LAW FIRM, LLP**<br>601 California Street, Suite 1000<br>San Francisco, CA 94108<br>Telephone: (415) 500-6800<br>jsaveri@saverilawfirm.com<br>swilliams@saverilawfirm.com<br>czirpoli@saverilawfirm.com<br>krayhill@saverilawfirm.com |
| Steve W. Berman<br>Breanna Van Engelen | Jennifer W. Sprengel<br>Daniel O. Herrera<br>Alexander Sweatman |

| | |
|---|---|
| **HAGENS BERMAN SOBOL SHAPIRO LLP**<br>1301 Second Avenue, Suite 2000<br>Seattle, Washington 98101<br>Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594<br>steve@hbsslaw.com<br>breannav@hbsslaw.com<br><br>Benjamin J. Widlanski<br>Javier A. Lopez<br>**KOZYAK TROPIN & THROCKMORTON LLP**<br>2525 Ponce de Leon Blvd., 9th Floor<br>Coral Gables, Florida 33134<br>Telephone: (305) 372-1800<br>bwidlanski@kttlaw.com<br>jal@kttlaw.com | **CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**<br>135 S. LaSalle, Suite 3210<br>Chicago, IL 60603<br>Telephone: 312-782-4880<br>Facsimile: 312-782-4485<br>jsprengel@caffertyclobes.com<br>dherrera@caffertyclobes.com<br>asweatman@caffertyclobes.com<br><br>*Plaintiffs' Steering Committee Counsel for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Tricia R. Herzfeld*
Tricia R. Herzfeld
