```
 1              IN THE UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
 2                     NASHVILLE DIVISION

 3     IN RE:  REALPAGE, INC.,        )
       RENTAL SOFTWARE ANTITRUST      ) Case No.
 4     LITIGATION (NO. II),           ) Case No. 3:23-md-3071
                                      ) MDL No. 3071
 5                                    ) This Document Relates to:
                                      ) ALL CASES
 6                                    )
                                      ) CHIEF JUDGE CRENSHAW
 7                                    )
       - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
 8
                       BEFORE THE HONORABLE
 9
            CHIEF DISTRICT JUDGE WAVERLY D. CRENSHAW, JR.
10
                   TRANSCRIPT OF PROCEEDINGS
11
                        August 7, 2023
12     - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

13

14

15

16

17

18

19

20

21

22
       PREPARED BY:
23
               LISE S. MATTHEWS, RMR, CRR, CRC
24             Official Court Reporter
               719 Church Street, Suite 2300
25             Nashville, TN 37203
               lise_matthews@tnmd.uscourts.gov
```

```
1   FOR PLAINTIFFS:

2   Tricia R. Herzfeld
    Herzfeld Suetholz Gastel
3
    Anthony A. Orlandi
4   Leniski and Wall, PLLC

5   Patrick J. Coughlin
    Carmen A. Medici
6   Patrick McGahan
    Fatima Brizuela
7   Scott+Scott Attorneys at Law LLP

8   Stacey P. Slaughter
    Robins Kaplan LLP
9
    Swathi Bojedla
10  Hausfeld LLP

11  T. Roe Frazier
    Frazier PLC
12
    Issac Conner
13  Manson Johnson Conner PLC

14
    FOR DEFENDANTS:
15
    For Defendant Allied Orion Group, LLC:
16  Edwin Buffmire (Jackson Walker LLP)

17  For Defendant Apartment Income REIT Corp. (D/b/a AIR
    Communities):
18
    Katie Reilly (Wheeler Trigg O'Donnell LLP)
19  Mark Bell (Holland &amp; Knight LLP)

20  For Defendant Avenue5 Residential LLC?
    Danny David (Baker Botts L.L.P.)
21

22  For Defendant Bell Partners, Inc.:
    Michael Parente (Maynard Nexsen PC)
23

24  For Defendants BH Management Services, LLC and B.HOM Student
    Living LLC:
25  Ian Simmons (O'Melveny & Myers LLP)
    Steve McIntyre (O'Melveny & Myers LLP)
```

```
 1   For Defendant Bozzuto Management Company:

 2   Sam Cowin (Gallagher Evelius & Jones LLP)
     Philip Giordano (Hughes Hubbard & Reed LLP)
 3   Chad Elder (Bradley Arant Boult Cummings LLP)

 4   For Defendant Brookfield Properties Multifamily LLC:
     Yehudah Buchweitz (Weil Gotshal & Manges LLP)
 5   Dale Grimes (Bass, Berry & Sims PLC)

 6   For Defendant CA Ventures Global Services, LLC
     Michael Murray (Paul Hastings LLP)
 7   Sam Funk (Sims Funk, PLC)

 8   For Defendant Camden Property Trust:
     Lynn Murray (Shook, Hardy & Bacon L.L.P.)
 9   Ryan Sandrock (Shook, Hardy & Bacon L.L.P.)

10   For Defendant Campus Advantage, Inc.:
     Jason Powers (Vinson & Elkins LLP)
11   Sam Funk (Sims Funk, PLC)

12   For Defendant Cardinal Group Holdings, LLC:
     Sam Funk (Sims Funk, PLC)
13
14   For Defendant CH Real Estate Services, LLC:
     Danielle R. Foley (Venable LLP)
     Andrew B. Dickson (Venable LLP)
15
     For Defendant ConAm Management Corporation:
16   Benjamin R. Nagin (Sidley Austin LLP)

17   For Defendant Conti Capital:
     Ronald W. Breaux (Haynes Boone LLP)
18
     For Defendant Cortland Management, LLC:
19   Todd Seelman (Lewis Brisbois Bisgaard & Smith LLP)
     Thomas Dyer (Lewis Brisbois Bisgaard & Smith LLP)
20
     For Defendant Cushman & Wakefield, Inc. And Pinnacle Property
21   Management Services, LLC:
     Kenneth Reinker (Cleary Gottlieb Steen & Hamilton)
22
     For Defendant CWS Apartment Homes, LLC:
23   Ann H. MacDonald (ArentFox Schiff LLP)

24   For Defendant Dayrise Residential, LLC:
     Brad Weber (Locke Lord LLP)
25
```

```
 1   For Defendant Equity Residential:
     Carl Hittinger (BakerHostetler)
 2   Stephen Zralek (Spencer Fane LLP)

 3   For Defendant Essex Property Trust, Inc.:
     Leo Caseria (Sheppard, Mullin, Richter & Hampton LLP)
 4   Scott Sveslosky (Sheppard, Mullin, Richter & Hampton LLP)

 5   For Defendant FPI Management, Inc.:
     Ed Duckers (Stoel Rives LLP)
 6
     For Defendant Greystar Management Services, LLC:
 7   Michael Maddigan (Hogan Lovells US LLP)
     Joshua Counts Cumby (Adams & Reese LLP)
 8
     For Defendant Highmark Residential, LLC:
 9   Michael Bonanno (Quinn Emanuel Urquhart & Sullivan, LLP)
     Andrew Gardella (Martin, Tate, Morrow & Marston, P.C.)
10
     For Defendant Independence Realty Trust, Inc.:
11   John Sullivan (Cozen O'Connor P.C.)

12   For Defendant Kairoi Management LLC:
     Eliot Turner (Norton Rose Fulbright US LLP)
13
     For Defendant Knightvest Residential:
14   Chelsea Futrell (Baker Lopez, PLLC)

15   For Defendant Lantower Luxury Living, LLC:
     Dylan Ballard (Vinson & Elkins LLP)
16
     For Defendant Lincoln Property Co.:
17   Gregory Casas (Greenberg Traurig, LLP)

18   For Defendant Mid-America Apartment Communities, Inc.:
     Britt Miller (Mayer Brown LLP)
19   Dan Fenske (Mayer Brown LLP)
     Scott Carey (Baker Donelson PC)
20   Robert DelPriore (General Counsel, Mid-America Apartment
     Communities, Inc.)
21
     For Defendant Mission Rock Residential, LLC
22   Yonaton Rosenzweig (Davis Wright Tremaine LLP)

23   For Defendant Morgan Properties Managemnet Company, LLC:
     Daphne Rosehill (Wilson Sonsini Goodrich & Rosati)
24
     For Defendant Prometheus Real Estate Group:
25   Heather Rankie (Zelle LLP)
```

```
 1   For Defendant RealPage, Inc.:
     Steve Weissman (Gibson, Dunn & Crutcher LLP)
 2   Chris Whittaker (Gibson, Dunn & Crutcher LLP)
     Thomas H. Dundon (Neal & Harwell, PLC)
 3
     For Defendant RPM Living, LLC:
 4   Troy L. Hales (Bell Nunnally & Martin LLP)

 5   Rose Associates, Inc.:
     Jacquelyne Fiala (Gordon & Rees)
 6
     For Defendant Security Properties, Inc.:
 7   Jason Hoeft (Karr Tuttle Campbell)

 8   For Defendant Sherman Associates, Inc.:
     Diane Hazel (Foley & Lardner LLP)
 9   Tara Swafford (Swafford Law)

10   For Defendant Simpson Property Group, LLC:
     Nick Giles (McGuire Woods LLP)
11
     For Defendant The Related Companies, L.P. and Related
12   Management Company, L.P.:
     Jennifer Rusie (Jackson Lewis P.C.)
13
     For Defendant Thoma Bravo Fund, XIII, L.P.; Thoma Bravo Fund
14   XIV, L.P.; and Thoma Bravo, L.P.:
     Alistair Blacklock (Kirkland & Ellis LLP)
15   Savannah Malnar (Kirkland & Ellis LLP)

16   For Defendant Thrive Communities Management, LLC:
     Kaya Lurie (Montgomery Purdue PLLC)
17
     For Defendant Timberline Real Estate Ventures, LLC:
18   Lee A. Peifer (Eversheds Sutherland (US) LLP)

19   For Defendant UDR, Inc.:
     David Cross (Morrison & Foerster LLP)
20   Eliot Adelson (Morrison & Foerster LLP)
     Robert Manoso (Morrison & Foerster LLP)
21   Joshua Burgener (Dickinson Wright PLLC)

22   For Defendant Windsor Property Management Company:
     Jessalyn H. Zeigler (Bass, Berry & Sims LLP)
23   Stephen M. Medlock (Vinson & Elkins LLP)

24   For Defendant WinnCompanies LLC and WinnResidential Manger
     Corp.:
25   Evan Fray-Witzer (Ciampa Fray-Witzer, LLP)
```

1    For Defendant ZRS Management, LLC:
     **Chris Thorsen** (Baker, Donelson, Bearman Caldwell &
2    Berkowitz, P.C.)

3    **Ferdose al-Taie** (Baker, Donelson, Bearman Caldwell &
     Berkowitz, P.C.)
4
     **Alyse Stach** (Baker & Hostetler LLP) (Philadelphia)
5
     **Tyson Y. Herrold** (Baker & Hostetler LLP) (Philadelphia)
6
     **Scott Fenster**
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          The above-styled cause came on to be heard on

2    August 7, 2023, before the Honorable Waverly D.

3    Crenshaw, Jr., Chief District Judge, when the following

4    proceedings were had, to-wit:

5          THE COURT:  All right.  Be seated.

6          We're here on In Re: RealPage, Inc., Rental

7    Software Antitrust Litigation II, Case Number 23-3071.

8          So I want to make sure that all defendants are on

9    the record.  So the clerk's going to call out your name.  And

10   if you'll respond "present," we'll know who is here.

11         COURT DEPUTY:  Edwin Buffmire.

12         MR. BUFFMIRE:  Present.

13         COURT DEPUTY:  Katie Reilly.

14         MS. REILLY:  Present.

15         COURT DEPUTY:  Mark Bell.

16         MR. BELL:  Present.

17         COURT DEPUTY:  Danny David.

18         MR. DAVID:  Present.

19         COURT DEPUTY:  Michael Parente.

20         MR. PARENTE:  Present.

21         COURT DEPUTY:  Ian Simmons.

22         MR. SIMMONS:  Present.

23         COURT DEPUTY:  Steve McIntyre.

24         MR. MCINTYRE:  Present.

25         COURT DEPUTY:  Sam Cowin.

```
 1            MR. COWIN:  Present.

 2            COURT DEPUTY:  Philip Giordano.

 3            MR. GIORDANO:  Present.

 4            COURT DEPUTY:  Chad Elder.

 5            MR. ELDER:  Present.

 6            COURT DEPUTY:  Yehudah Buchweitz.

 7            MR. BUCHWEITZ:  Present.

 8            COURT DEPUTY:  Dale Grimes.

 9            MR. GRIMES:  Present.

10            COURT DEPUTY:  Michael Murray.

11            MR. MURRAY:  Present.

12            COURT DEPUTY:  Sam Funk.

13            MR. FUNK:  Present.

14            COURT DEPUTY:  Lynn Murray.

15            MS. MURRAY:  Present.

16            COURT DEPUTY:  Ryan Sandrock.

17            MR. SANDROCK:  Present.

18            COURT DEPUTY:  Jason Powers.

19            MR. POWERS:  Present.

20            COURT DEPUTY:  Danielle Foley.

21            MS. FOLEY:  Present.

22            COURT DEPUTY:  Andrew Dickson.

23            MR. DICKSON:  Present.

24            COURT DEPUTY:  Benjamin Nagin.

25            MR. NAGIN:  Present.
```

```
1          COURT DEPUTY:  Ronald Breaux.

2          MR. BREAUX:  Present.

3          COURT DEPUTY:  Todd Seelman.

4          MR. SEELMAN:  Present.

5          COURT DEPUTY:  Thomas Dyer.

6          MR. DYER:  Present.

7          COURT DEPUTY:  Kenneth Reinker.

8          MR. REINKER:  Present.

9          COURT DEPUTY:  Ann MacDonald.

10         MS. MACDONALD:  Present.

11         COURT DEPUTY:  Brad Weber.

12         MR. WEBER:  Present.

13         COURT DEPUTY:  Carl Hittinger.

14         MR. HITTINGER:  Present.

15         COURT DEPUTY:  Stephen Zralek.

16         MR. ZRALEK:  Present.

17         COURT DEPUTY:  Leo Caseria.

18         MR. CASERIA:  Present.

19         COURT DEPUTY:  Scott Sveslosky.

20         MR. SVESLOSKY:  Present.

21         COURT DEPUTY:  Ed Duckers.

22         MR. DUCKERS:  Present.

23         COURT DEPUTY:  Michael Maddigan.

24         MR. MADDIGAN:  Present.

25         COURT DEPUTY:  Joshua Cumby.
```

```
 1          MR. COUNTS:  Present.

 2          COURT DEPUTY:  Mike Bonanno.

 3          MR. BONANNO:  Present.

 4          COURT DEPUTY:  Andrew Gardella.

 5          MR. GARDELLA:  Present.

 6          COURT DEPUTY:  John Sullivan.

 7          MR. SULLIVAN:  Present.

 8          COURT DEPUTY:  Eliot Turner.

 9          MR. TURNER:  Present.

10          COURT DEPUTY:  Chelsea Futrell.

11          MS. FUTRELL:  Present.

12          COURT DEPUTY:  Dylan Ballard.

13          MR. BALLARD:  Present.

14          COURT DEPUTY:  Britt Miller.

15          MR. MILLER:  Present.

16          COURT DEPUTY:  Dan Fenske.

17          MR. FENSKE:  Present.

18          COURT DEPUTY:  Scott Carey.

19          MR. CAREY:  Present.

20          COURT DEPUTY:  Robert DelGiorno.

21          MR. DELGIORNO:  Present.

22          COURT DEPUTY:  Yonaton Rosenzweig.

23          MR. ROSENZWEIG:  Present.

24          COURT DEPUTY:  Daphne Rosehill.

25          MS. ROSEHILL:  Present.
```

```
 1          COURT DEPUTY:  Heather Rankie.
 2          MS. RANKIE:  Present.
 3          COURT DEPUTY:  Steve Weissman.
 4          MR. WEISSMAN:  Present.
 5          COURT DEPUTY:  Chris Whittaker.
 6          MR. WHITTAKER:  Present.
 7          COURT DEPUTY:  Thomas Dundon.
 8          MR. DUNDON:  Present.
 9          COURT DEPUTY:  Troy Hales.
10          MR. HALES:  Present.
11          COURT DEPUTY:  Jacquelyne Fiala.
12          MS. FIALA:  Present.
13          COURT DEPUTY:  Jason Hoeft.
14          MR. HOEFT:  Present.
15          COURT DEPUTY:  Diane Hazel.
16          MS. HAZEL:  Present.
17          COURT DEPUTY:  Tara Swafford.
18          MS. SWAFFORD:  Present.
19          COURT DEPUTY:  Nick Giles.
20          MR. GILES:  Present.
21          COURT DEPUTY:  Jennifer Rusie.
22          MS. RUSIE:  Present.
23          COURT DEPUTY:  Alistair Blacklock.
24          MS. BLACKLOCK:  Present.
25          COURT DEPUTY:  Savanah Malnar.
```

```
1              MS. MALNAR:  Present.

2              COURT DEPUTY:  Kaya Lurie.

3              MS. LURIE:  Present.

4              COURT DEPUTY:  Lee Peifer.

5              MR. PEIFER:  Present.

6              COURT DEPUTY:  David Cross.

7              MR. CROSS:  Present.

8              COURT DEPUTY:  Eliot Adelson.

9              MR. ADELSON:  Present.

10             COURT DEPUTY:  Robert Manoso.

11             MR. MANOSO:  Present.

12             COURT DEPUTY:  Joshua Burgener.

13             MR. BURGENER:  Present.

14             COURT DEPUTY:  Jessalyn Zeigler.

15             MS. ZEIGLER:  Present.

16             COURT DEPUTY:  Stephen Medlock.

17             MR. MEDLOCK:  Present.

18             COURT DEPUTY:  Evan Fray-Witzer.

19             MR. FRAY-WITZER:  Present.

20             COURT DEPUTY:  Chris Thorsen.

21             MR. THORSEN:  Present.

22             COURT DEPUTY:  Ferdose al-Taie.

23             MR. AL-TAIE:  Present.

24             COURT DEPUTY:  Alyse Stach.

25             MS. STACH:  Present.
```

```
 1            COURT DEPUTY:  Tyson Harold.
 2            MR. HAROLD:  Present.
 3            COURT DEPUTY:  Scott Fenster.
 4            MR. FENSTER:  Present.
 5            COURT DEPUTY:  Tricia Herzfeld.
 6            MS. HERZFELD:  Present.
 7            COURT DEPUTY:  Anthony Orlandi.
 8            MR. ORLANDI:  Present.
 9            COURT DEPUTY:  Patrick Coughlin.
10            MR. COUGHLIN:  Present.
11            COURT DEPUTY:  Carmen Medici.
12            MR. MEDICI:  Present.
13            COURT DEPUTY:  Patrick McGahan.
14            MR. MCGAHAN:  Present.
15            COURT DEPUTY:  Fatima Brizeula.
16            MS. BRIZEULA:  Present.
17            COURT DEPUTY:  Stacey Slaughter.
18            MS. SLAUGHTER:  Present.
19            COURT DEPUTY:  Swathi Bojedla.
20            MS. BOJEDLA:  Present.
21            COURT DEPUTY:  Isaac Conner.
22            MR. CONNER:  Present.
23            MR. CASAS:  Pardon me, Your Honor.  Greg Casas
24   here for Lincoln Property.  I wasn't called.
25            THE COURT:  Where are you?
```

1          MR. CASAS:  Greg Casas.

2          THE COURT:  Okay.

3          Anyone else whose name was not called that's

4 present?

5          All right.  And there's a lot of you in here.

6          Where is Mr. Cogman?

7          MR. COGMAN:  Right here, Judge.

8          THE COURT:  There you are.

9          So thanks for being here.  And I think it's good

10 that you're all here, and appreciate -- and anyone who wants

11 to bring anything to the Court's attention, after I sort of

12 set forth how I want to proceed, you're welcome to do so,

13 especially if you disagree with that.

14          So based on the filings from the plaintiffs, and

15 the new information that's come to their attention, primarily

16 through conferrals with one or more defendants, which the

17 Court appreciates and wants to continue to encourage, it

18 appears that what we really need to do here today is what I

19 call hit the restart button.

20          And toward that goal, the Court's going to give

21 the plaintiffs their last and forever opportunity to amend

22 their complaints.  And those will be filed on or before

23 September the 7th.  This will be the second Multifamily

24 amended consolidated complaint and the first Student Housing

25 amended consolidated complaint.

1          Then 15 days after their filing, which I'm

2   anticipating will be on or before September 21, if the

3   defendants in the Multifamily complaint have new motions that

4   they have not previously filed, and the Court approved, then

5   give me notice of those like we did before.  I think that

6   worked quite well.  Based on the second amended Multifamily

7   complaint, if you've got additional new motions, then you'll

8   file that with the Court as you did before; I will approve it

9   or not, page limitations on the briefs.  And you can go

10  forward to file your motions 30 days after they file the

11  complaint.

12          For the Student Housing complaint, this is going

13  to be new for everybody.  As you saw before, I asked

14  defendants to give me a short synopsis of the anticipated

15  motions, page needs, and that worked quite well.  I think I

16  granted all of those except one.  So if there is going to be

17  motions to dismiss in the second -- if the first Student

18  Housing consolidated complaint, file that on or before

19  September 21.  I'll rule on it quickly, page limits, which

20  ones are allowed, which ones aren't.  And I'm going to be

21  looking to -- you all should continue to have your

22  conferrals, and where we can consolidate issues, then you're

23  strongly encouraged to do that.

24          So then by September 21 you'll already have the

25  amended complaints.  You'll have an outline of what motions

the defendants want to file. You'll have the Court's approval of those motions. And those motions can be filed before the Court. Plaintiffs' response will be due 30 days after they file their motions. And then defendants can have a reply 14 days thereafter, with a presumptive page limit of 15, which seemed to work well in the past.

The current motions to dismiss are all going to be denied without prejudice, just to clean up the docket. And we've hit the restart button now. You've got a final and forever amended complaint. We've got the motions filed. They'll be responded to brief.

And then I'm going to set September 29th at 10 a.m. for either oral argument on the motions, on all, or probably some of the motions, or we may not -- the Court may not need oral argument, and we'll get together for a status/scheduling conference.

Go ahead, Mr. Weissman.

MR. WEISSMAN: Your Honor, sorry to interrupt. I just want to -- you're setting -- you said the September 29th oral argument on some --

THE COURT: Oh, I'm sorry. That's not September. That's -- September 29th, we're going to get together -- we'll get to oral argument in a minute. Thanks.

So on September 29th at 10:00 we're going to have a status conference. I might cancel that if everything is in

order. But I rather be on your calendar. And everybody's
invited to come. But toward that end, I have identified
Mr. Srinivasan, who is not here, but his partner is here,
Mr. Weissman. You can contact any -- any defendant can
contact him, file anything with the Court. You're not
limited in that. But because of the number of people here
and defendants, and because of the overlapping interests, I
have asked Mr. Srinivasan to be sort of a conduit for the
Court. He can't -- he and his team can't reach out to
everyone. But you all should feel free to reach out to him
and use that as another way of communicating with the Court.
But, of course, you're always welcome to just communicate
directly. But September 29th will be the day probably for a
status conference. And then I'm going to -- at 10 a.m. And
then on September the 27th, I'll ask all -- any party to file
a status report of any issues that you think we need to take
up at the status conference. So by that way, by the end of
September everybody's engaged in their briefing or getting
ready to do their briefing. The Court will make sure this
schedule is actually working.

So the first track of the case is going to be
getting the pleadings cleaned up, getting the motions briefed
and ripe for the Court's decision. And that should be
everybody's primary focus. Simultaneous to that, though,
Mr. Phillips -- Judge Phillips and Mr. Cogman with Phillips

ADR is going to be available for those defendants who want to simultaneously pursue early case resolution. At the same time -- and this shouldn't engage a lot of work -- and it can be delayed until we get together on the 29th. But in the Defendants' response to the motion -- in Defendants' reply to the motion to stay discovery, the Court notes and appreciates you all are already talking about ESI, discovery protocols and -- I want those discussions, to the extent everyone wants to engage in those, to continue. And it seems like you were doing that on your own anyway.

In other respects, regarding discovery, or the scheduling, I think once I rule on the motions, then it looks like y'all are pretty close to a scheduling order anyway. So I don't see that as being an issue, once we get down the road.

Now, the one date that we do need to determine here is a date for oral argument or /status conference, once all the briefing is done. What about Monday, December the 11th at 9 a.m.? I shouldn't ask this question, but I will. Does anyone have a problem with that date and time? Amazing. Wow. Okay. So we've got Monday --

MR. WEISSMAN: Your Honor, may I? I don't have a problem with that date. But to the extent Your Honor's able to accommodate an afternoon time because there are -- some people like to come in the day before. Some, it's easier to

1   come in the same day.  If that's possible, I think that would

2   be a preference for the defense.

3           THE COURT:  1:00?

4           MR. WEISSMAN:  That's fine with the defense.

5           THE COURT:  Okay.  Is that good for everybody

6   else?  Okay.  So December the 11th at 1:00.

7           MR. COUGHLIN:  And, Your Honor, if I could just go

8   over these dates so we know exactly when we're filing.

9           As I understand it, we're going to file the

10  final/forever amended complaint in Multifamily on September

11  7th.

12          THE COURT:  September 7th.

13          MR. COUGHLIN:  And that --

14          THE COURT:  And just as a clarification, because I

15  noted it in your filings Friday, and before that, which I

16  really appreciate, I'm putting no -- there are no

17  restrictions on what you can add to your complaint.

18          MR. COUGHLIN:  I understand, Your Honor.

19          THE COURT:  Okay.

20          MR. COUGHLIN:  And so -- then we're going to have

21  that -- some -- the defense is going to file on the 21st

22  about what their motions are going to be --

23          THE COURT:  Well, everybody is.  The Student

24  complaint case, they'll be telling me for the first time,

25  here are the motions to dismiss that we think are necessary

1   in the Student complaint.  I understand there may be some
2   desire for individual defendants to brief separately.  That
3   can all be set out.  I can agree with you, modify it, or just
4   disagree.  But then in the Multifamily case, any new motions
5   from the defendants, based on the new second amended
6   consolidated complaint, those will be filed with me by
7   September the 21st.
8          MR. COUGHLIN:  And what I want to make sure I
9   understand is new motions -- I mean, they may make the same
10  arguments that they made before, but if we've added new
11  allegations and they have to change their -- that's a new
12  motion; is that -- or no?
13         THE COURT:  Well, I don't know what you're going
14  to change.  It may or may not be.
15         MR. COUGHLIN:  If we don't change any of the
16  allegations that -- my question -- we had an agreement that
17  we were going to try to stick with what we filed so they
18  didn't have to duplicate and file everything new.  And my
19  question to you is if we stick to that agreement, then we
20  would stick to our agreement about how we handle --
21         THE COURT:  That's totally up to you all.
22         MR. COUGHLIN:  Okay.
23         THE COURT:  But I would encourage you -- and I'll
24  say on the record, I have not made a decision about anything.
25  But I have looked at the motions.  Some are going to be,

1  quite frankly, easy to resolve.  But I do think the
2  defendants' motion to dismiss, which is the broadside attack
3  on the existing Multifamily first amended complaint,
4  plaintiffs would do well to give that a long and hard study
5  and be responsive as you see fit.
6          MR. COUGHLIN:  We understand, Your Honor.
7          THE COURT:  Okay.
8          MR. COUGHLIN:  And so then -- those motions would
9  be filed on October -- we would have the status conference on
10  September 29th.  The new motions to dismiss will be filed on
11  October 6th, as I look at the calendar, then our response
12  would be 30 days -- approximately 30 days after that, or
13  November 3rd, 2023.  And then it's anticipated that we would
14  have argument --
15          THE COURT:  Then the reply briefs will be due 14
16  days after that.  And then we've got our date set for
17  December 11th.  All the motions will be ripe.
18          MR. COUGHLIN:  Okay.
19          Thank you, Your Honor.
20          MR. WEISSMAN:  And, Your Honor, one other point of
21  clarification, if I can.  When you said that 15 days, or
22  September 21st, anticipated new motions, with page proposals
23  for the Multifamily complaint, my understanding of that -- I
24  just want to make sure for the record -- is to the extent we
25  file, and are going to refile motions to dismiss, those are

1  deemed approved by the Court, so we can refile those?

2          THE COURT:  And you can just put that in your

3  status report:  Defendants anticipate filing the following

4  motions which were filed earlier, again.

5          MR. WEISSMAN:  Thank you, Your Honor.

6          THE COURT:  But just to be clear, again.  I'm not

7  putting any limitations on the plaintiff or the defense.

8  This is a complete restart now that all the parties are

9  better informed.

10         All right.  So I've heard from lead counsel.  But

11 I'm going to open it up to anyone else need clarification or

12 have a suggestion as a better way to proceed?  If you want to

13 come to the podium -- and do state your name so it's on the

14 record.  Do you have a microphone?  Okay.  Or you can just

15 stand up and talk from the -- anyone else -- any -- any

16 concerns, suggestions, ideas, on what the Court has set forth

17 now?

18         And then simultaneous to this, those defendants --

19 at least most of the defendants in four cases or less, are

20 going to be working with Phillips ADR.  Toward that end,

21 Mr. Cogman is here.  Judge Phillips could not be here because

22 of a personal issue.  But what I would propose that when I'm

23 done here you -- that I ask Mr. Cogman to introduce himself.

24 Let's take this as an opportunity.  You all are all here.

25 Use this as an opportunity to -- for him to share what he and

1    Judge Phillips anticipate.  We might be able to get Judge
2    Phillips on the phone.  I don't know.  But at least you all
3    can talk about what's anticipated there.  We did have, as
4    you've seen on the record, a couple of conference calls with
5    certain lawyers, but everyone was invited, where Judge
6    Phillips on one of those calls I thought did a really good
7    job sort of summarizing how he would like to take advantage
8    of this opportunity for those who want to do so.

9            So any concerns by any defendant or the plaintiffs
10   regarding the early mediation resolution that Phillips ADR is
11   going to -- and if so, feel free to share that now.

12           I think at some point we discussed -- I guess,
13   Mr. -- I don't see him -- Weissman?

14           MR. WEISSMAN:  Yeah.  I'm here, Your Honor.

15           THE COURT:  Mr. Weissman -- no.  Mr.?

16           MR. BUCHWEITZ:  Buchweitz.

17           THE COURT:  Buchweitz.  You're going to give me a
18   notice -- and Mr. Grimes and Mr. Funk -- you all are going to
19   give me a notice of what defendants, if it's different from
20   your footnote in your presently filed documents.

21           MR. BUCHWEITZ:  Will do, Your Honor.

22           THE COURT:  And when do you want to provide that?

23           MR. BUCHWEITZ:  Friday.

24           THE COURT:  Okay.  Any other questions about
25   mediation?  I think it's clear.  Judge -- everyone had agreed

1  upon Chancellor Ellen Lyle.  And, quite frankly, she said she

2  just really did not have the availability to handle something

3  of this scope.  But Phillips will come in, and Mr. Cogman

4  when I'm done, can introduce himself and talk.

5          All right.  Let me go to -- so the Court did the

6  best it could based on the filings from the plaintiffs and my

7  ability to decipher to try to clean up the docket with who's

8  in and who's out.  To the extent the Court made a mistake or

9  to the extent that -- you know, it looks like there may be

10  some additional -- I would ask at some point that the

11  plaintiffs and the defendants meet and confer and see if you

12  all can't give me a joint statement about who's in and who's

13  not.  And you ought to be able to do that, especially as

14  you're working on your amended complaints.

15          So, what I would ask, if it makes sense to

16  everybody, is that when you file your September 7th amended

17  pleadings, get with Mr. Weissman, and all the defendants, and

18  see if you all can't file a joint statement of you all's

19  agreed who's in and who's out on the plaintiffs' side and

20  who's in and who's out.  I did express in chambers -- and I

21  want to put it on the record -- some concern that -- now, I'm

22  here for a limited purpose:  To get you all ready to return

23  back to your home districts and resolve the case.  And at

24  this stage, you certainly can term- -- we can terminate

25  parties and we can terminate claims, which would be on the

1 merits.  But at some point, bear in mind as you're doing

2 that, some of these cases are going to go back to Washington

3 and all -- and wherever you came from.  The Court still

4 envisions that occurring.

5          All right.  So let me go to the plaintiffs.  We'll

6 start, and then I'll open it up to anyone else for any other

7 issues that you want to discuss.

8          Ms. Herzfeld?  Mr. Coughlin?

9          MR. COUGHLIN:  No, Your Honor.  I think that's it.

10 We gave notice to the -- what we'll call the dismissed

11 plaintiffs without prejudice, and we haven't heard from any

12 counsel that there's a problem with that.  But we'll keep on

13 that.  And we'll keep discussing that with -- with the

14 defendants, but we think that's the proper procedure.

15          THE COURT:  Okay.  Ms. Herzfeld, anything to add?

16          MS. HERZFELD:  Nothing, Your Honor.  Thank you.

17          THE COURT:  Ms. Slaughter?

18          MS. SLAUGHTER:  No, Your Honor.

19          THE COURT:  Ms. --

20          MS. BOJEDLA:  Bojedla.  Nothing.  Thank you.

21          THE COURT:  All right.  Mr. Weissman?

22          MR. WEISSMAN:  Nothing, Your Honor.

23          The one point of emphasis I would like to make, is

24 Your Honor talked about how you appointed Mr. Srinivasan as

25 liaison counsel.  That is an administrative role.  And as I

mentioned to Your Honor back in chambers, to the extent
decisions are going to be requested on certain dates or
during certain calls and so forth, it would be really
appreciated if we had a chance to vet those things with the
defense.

        THE COURT:  Sure.

        MR. WEISSMAN:  I know you're doing the best you
can, Your Honor.  But to the extent you can keep that in mind
going forward, I think that will make our lives easier, and
everyone's lives easier with their clients.

        THE COURT:  Right.  And I did envision when I made
the appointments -- you've got -- you've got a pretty big
committee.  Britt Miller?

        MS. MILLER:  Present, Your Honor.

        THE COURT:  Is here.  And then Mr. Funk is here.
And Casas is here.  We almost forgot you, but you're here.
And Mr. Hittinger --

        MR. HITTINGER:  Yes, sir.

        THE COURT:  -- is here.  And Mr. Maddigan.

        MR. MADDIGAN:  Good morning, Your Honor.

        THE COURT:  Good morning.

        So you've got a few full team there to help in any
way you all see fit.

        MR. WEISSMAN:  Thank you, Your Honor.

        MS. HERZFELD:  Your Honor, to the that point, if I

1  may, just for a moment.  We would, if Your Honor would be so

2  kind, like a local person, perhaps, that's part of that

3  group.  I know originally Mr. Funk was appointed within that

4  group.  But his role has changed pretty significantly.  He's

5  now representing just a few of the defendants, I believe, in

6  the Student Housing complaints.  So I don't know if there's

7  someone local other than Mr. Funk or -- I just think it makes

8  it a little bit easier if there's someone who is familiar

9  with the Court and practices, for certain questions.

10         THE COURT:  I'll -- I'll kind of leave that up to

11  you.  In this day of emails and texts, we all live in one

12  community.

13         I did get your motion, Mr. Weissman -- and I don't

14  see him here, but I'm sure he's here somewhere.

15  Mr. Srinivasan wanted to relieve your local counsel.  I don't

16  want you and Mr. Srinivasan to get crossways with the Court,

17  so I did want you to keep your local counsel.  I think it's

18  Mr. Dundon.  He may not be here.

19         MR. WEISSMAN:  He's here.

20         THE COURT:  Oh, he's here.  I just think to make

21  sure we keep things smooth.

22         MR. WEISSMAN:  Will do, Your Honor.

23         THE COURT:  He's a good adviser to you all.

24         All right.  Anyone else at defense counsel table

25  want to bring up anything?

1          All right.  Let's get him a microphone.  And tell
2   us your name.
3          MR. MCINTYRE:  Yes, thank you, Your Honor.
4          THE COURT:  Turn it on.
5          COURT DEPUTY:  It's on.
6          MR. MCINTYRE:  Is it on?
7          THE COURT:  No.  Is the red light on?
8          MR. MCINTYRE:  Yes, Your Honor.  Stephen McIntyre
9   O'Melveny & Myers.
10         THE COURT:  It's not on.  Why don't you just come
11  to the podium.  It will be okay.
12         Good morning.
13         MR. MCINTYRE:  Yes.  Stephen McIntyre with
14  O'Melveny & Myers.  I apologize, Your Honor.  I just wanted
15  to raise one issue.
16         A couple of defendants have been served with
17  process in a couple of newly filed actions.  And I have
18  pending answer deadlines.  Is it fair to assume that those
19  deadlines will be suspended?
20         THE COURT:  Right.  I think the initial order I
21  entered before we had the first status conference suspended
22  any need to file any answer or motions.  So, yes --
23         MR. MCINTYRE:  These are newly --
24         THE COURT:  Yeah.  Get with the plaintiffs and get
25  me an agreed order.  But no -- any new defendant it's not

1　necessary to file an answer.  Your responsive pleading,

2　presumably, will be your motion to dismiss.

3　　　　　MR. MCINTYRE:  Okay.  Understood.  Thank you, Your

4　Honor.

5　　　　　THE COURT:  Okay.

6　　　　　Sure.  Thanks for raising it.  Good point.

7　　　　　So we sort of talked about this.  What I would

8　propose is to let you all, in the courtroom, off the record,

9　let Mr. Cogman introduce himself.  For those of you who

10　weren't on the conference call, he can give you sort of the

11　big picture of what he anticipates and Judge Phillips

12　anticipates in terms of early resolution.  And you can ask

13　him questions.  I think there has been an informal exchange

14　of information, just to make that more productive in the

15　planning.  And unless Mr. Cogman and Mr. Weissman think

16　otherwise, I'll let you all do that.  Let the courtroom

17　deputy know when you're done, and then we can decide do I

18　need to come back out.  I'm glad to do so if you like.  Does

19　that -- works for both sides?

20　　　　　MR. WEISSMAN:  Yes, Your Honor.

21　　　　　MR. COUGHLIN:  Yes, Your Honor.

22　　　　　THE COURT:  All right.  Thanks.

23　　　　　(Court adjourned.)

24

25

1   REPORTER'S CERTIFICATE

2

3           I, Lise S. Matthews, Official Court Reporter for

4   the United States District Court for the Middle District of

5   Tennessee, with offices at Nashville, do hereby certify:

6           That I reported on the Stenograph machine the

7   proceedings held in open court on August 7, 2023, in the

8   matter of IN RE:  REALPAGE, INC., RENTAL SOFTWARE ANTITRUST

9   LITIGATION (NO. II), Case No. 3:23-md-3071; that said

10  proceedings in connection with the hearing were reduced to

11  typewritten form by me; and that the foregoing transcript

12  (pages 1 through 29) is a true and accurate record of said

13  proceedings.

14          This the 9th day of August, 2023.

15

16                          /s/ Lise S. Matthews
                            LISE S. MATTHEWS, RMR, CRR, CRC
17                          Official Court Reporter

18

19

20

21

22

23

24

25