# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II)** | **Case No. 3:23-md-3071**<br>**MDL No. 3071**<br><br>**THIS DOCUMENT RELATES TO:**<br>3:23-CV-00440<br>3:23-CV-00742<br><br>**Chief Judge Waverly D. Crenshaw, Jr.** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS TENNESSEE ACTIONS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................ 2

III. ARGUMENT.................................................................................................................. 3

    A. Plaintiffs Have Failed To Allege Sufficient Grounds For Personal Jurisdiction Over The Moving Defendants In Tennessee ......................................................... 3

        i. Plaintiffs Do Not Allege That General Jurisdiction Exists Over The Moving Defendants In Tennessee................................................................ 4

        ii. Plaintiffs Fail To Allege That Tennessee Has Specific Jurisdiction Over The Moving Defendants ........................................................................ 5

        iii. Plaintiffs Cannot Use Section 12 Of The Clayton Act To Establish Personal Jurisdiction Over The Moving Defendants................................................. 7

    B. The Middle District Of Tennessee Is An Improper Venue................................... 10

IV. CONCLUSION............................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**                                                                                     **Page(s)**

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*,
    368 F.3d 1174 (9th Cir. 2004) ...................................................................................8

*AlixPartners, LLP v. Brewington*,
    836 F.3d 543 (6th Cir. 2016) .....................................................................................5

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
    571 U.S. 49 (2013)..................................................................................................8, 9

*In re Auto. Refin. Paint Antitrust Litig.*,
    358 F.3d 288 (3d Cir. 2004).......................................................................................9

*Bridgeport Music, Inc. v. Still N The Water Publ'g.*,
    327 F.3d 472 (6th Cir. 2003) .....................................................................................7

*Cabinets to Go, LLC v. Qingdao Haiyan Real Est. Grp. Co.*,
    605 F. Supp. 3d 1051 (M.D. Tenn. 2022)..................................................................4

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)...................................................................................................4

*Daniel v. Am. Bd. of Emergency Med.*,
    428 F.3d 408 (2d Cir. 2005).......................................................................................8

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
    141 S. Ct. 1017 (2021)............................................................................................4, 5

*Glob. Force Ent., Inc. v. Anthem Sports & Ent. Corp.*,
    385 F. Supp. 3d 576 (M.D. Tenn. 2019), *appeal denied, decision amended*,
    2019 WL 3288474 (M.D. Tenn. July 22, 2019) ........................................................5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)...................................................................................................4

*GTE New Media Servs., Inc. v. BellSouth Corp.*,
    199 F.3d 1343 (D.C. Cir. 2000)..................................................................................8

*Hosp. Auth. of Metro. Gov't of Nashville v. Momenta Pharms., Inc.*,
    No. 3:15-1100, 2016 WL 5724306 (M.D. Tenn. Sept. 29, 2016) ............................10

*Hosp. Auth. of Metro. Gov't of Nashville v. Momenta Pharms., Inc.*,
    244 F. Supp. 3d 705 (M.D. Tenn. 2017)..............................................................9, 10

*Hyland v. Homeservices of Am., Inc.*,
  2007 WL 1959158 (W.D. Ky. June 28, 2007)................................................................9

*Ingram Barge Co. v. Bunge N. Am., Inc.*,
  455 F. Supp. 3d 558 (M.D. Tenn. 2020)....................................................................10

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945).....................................................................................................4

*Johnson v. UMG Recs., Inc. by MCA Recs., Inc.*,
  2018 WL 4111912 (M.D. Tenn. Aug. 29, 2018) .......................................................11

*KM Enters., Inc. v. Glob. Traffic Techs., Inc.*,
  725 F.3d 718 (7th Cir. 2013) ......................................................................................8

*LAK Inc. v. Deer Creek Enters.*,
  885 F.2d 1293 (6th Cir. 1989) ....................................................................................5

*Malone v. Stanley Black & Decker, Inc.*,
  965 F.3d 499 (6th Cir. 2020) .................................................................................3, 4

*Martin v. Stokes*,
  623 F.2d 469 (6th Cir. 1980) ....................................................................................12

*Means v. United States Conf. of Cath. Bishops*,
  836 F.3d 643 (6th Cir. 2016) ....................................................................................12

*Mfrs. Buyers Corp. v. El Dorado Tire Co.*,
  324 F. Supp. 225 (S.D. Fla. 1971) ..............................................................................8

*Miller v. AXA Winterthur Ins. Co.*,
  694 F.3d 675 (6th Cir. 2012) ......................................................................................3

*Phillip Gall & Son v. Garcia Corp.*,
  340 F. Supp. 1255 (E.D. Ky. 1972) ............................................................................9

*Receiver of the Assets of Mid–Am. Energy, Inc. v. Coffman*,
  719 F.Supp.2d 884 (M.D. Tenn. 2010)....................................................................10

*Rodgers v. La. Bd. of Nursing*,
  2015 WL 5307806 (W.D. La. Sept. 10, 2015)............................................................8

*Sullivan v. LG Chem, Ltd.*,
  79 F.4th 651 (6th Cir. 2023) .......................................................................................3

*United States v. Scophony Corp. of Am.*,
  333 U.S. 795 (1948).....................................................................................................9

*World-Wide Volkswagon Corp. v. Woodson*,
    444 U.S. 286 (1980) ...........................................................................................................6

*Youn v. Track, Inc.*,
    324 F.3d 409 (6th Cir. 2003) ............................................................................................6

*Zeavision, LLC v. Bausch & Lomb Inc.*,
    2022 WL 17092453 (E.D. Mo. Nov. 21, 2022) ................................................................8

**Statutes**

15 U.S.C. § 22 ............................................................................................................... *passim*

28 U.S.C. § 1391 ..............................................................................................................1, 8, 9, 11

28 U.S.C. § 1391(a) ..............................................................................................................8

28 U.S.C. § 1391(b) ..............................................................................................................11

28 U.S.C. § 1391(b)(1) ..........................................................................................................11, 12

28 U.S.C. § 1391(b)(2) ..........................................................................................................10, 12

28 U.S.C. § 1391(b)(3) ..........................................................................................................11

28 U.S.C. § 1391(c)(2) ..........................................................................................................11

28 U.S.C. § 1406(a) ..............................................................................................................1, 10

**Rules**

Fed. R. Civ. P. 12(b)(2) ..........................................................................................................1, 3

Fed. R. Vic. P. 12(b)(3) ..........................................................................................................1, 10

**Other Authorities**

14D Charles Alan Wright, et al., Federal Practice and Procedure, § 3826 (4th ed.
    2023) ................................................................................................................................10

# I. INTRODUCTION

Defendants ConAm Management Corporation ("ConAm"), CONTI Texas Organization Inc., d/b/a CONTI Capital ("CONTI"), Essex Property Trust, Inc. ("Essex"), Prometheus Real Estate Group, Inc. ("Prometheus"), Rose Associates, Inc. ("Rose"), Sares Regis Group Commercial, Inc. ("Sares Regis"), Sherman Associates, Inc. ("Sherman"), and Windsor Property Management Company ("Windsor"), (together, the "Moving Defendants"), through undersigned counsel, respectfully submit this memorandum in support of their motion to dismiss the claims asserted against them in the Actions originally filed in the Middle District of Tennessee (together, the "Original Tennessee Actions") that are now consolidated in this Court for pretrial proceedings[1] for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure ("FRCP") and improper venue under 28 U.S.C. § 1406(a) and FRCP 12(b)(3).

Like the SAC, the Original Tennessee Actions broadly allege that Defendants' conduct in Tennessee and throughout the United States, and Section 12 of the Clayton Act, 15 U.S.C. § 22, confer personal jurisdiction over Defendants and that venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391, as well as Section 12 of the Clayton Act. *See* Second Amended Consolidated Class Action Complaint ("SAC") ¶ 47; *Alexander* Compl. ¶¶ 47–50;[2] *Kabisch* Compl. ¶¶ 30–33.

---

[1] The actions were originally filed in the Middle District of Tennessee as *Alexander v. RealPage, Inc.*, No. 3:23-cv-00440 (M.D. Tenn.) ("*Alexander*") and *Kabisch v. RealPage, Inc.*, No. 3:23-cv-00742 (M.D. Tenn.) ("*Kabisch*"). Although referred to as the "Original Tennessee Actions," the named plaintiffs bringing such actions are not residents of Tennessee. *Compare Alexander* Compl. ¶ 16 ("Nancy Alexander is a citizen and resident of the State of North Carolina"), *with* SAC ¶ 53 ("Nancy Alexander is a resident of Vienna, Austria"), *and Kabisch* Compl. ¶ 34 ("Joshua Kabisch is a resident of Brookline, Massachusetts").

[2] The *Alexander* Complaint—which was filed in the Middle District of Tennessee—also awkwardly alleges that this Court has personal jurisdiction over Defendants under "California's long-arm statute." *Alexander* Compl. ¶ 47.

But the Original Tennessee Actions fail to allege any facts regarding any Moving Defendant's actual presence in Tennessee. And for good reason. As set forth in the accompanying declarations, the Moving Defendants: (i) are *not* incorporated or registered to do business in Tennessee; (ii) do *not* lease apartment units or otherwise have operations in Tennessee; and (iii) do *not* have employees in Tennessee. *See* M. Cato (ConAm) Decl.; J. Harrison (CONTI) Decl.; J. Anderson (Essex) Decl.; T. McFarland (Prometheus) Decl.; J.B. Peters (Rose) Decl.; J. Bailey (Sares Regis) Decl.; G. Sherman (Sherman) Decl.; K. Audet (Windsor) Decl.[3] Plaintiffs allege no specific facts to the contrary and did not in the pre-motion meet and confer process identify any contrary facts. Thus, Plaintiffs' allegations are insufficient to establish personal jurisdiction under the necessary due process minimum contacts analysis. Nor can Plaintiffs' expansive interpretation of Section 12 of the Clayton Act confer this Court with personal jurisdiction over the Moving Defendants. For the same reasons, Plaintiffs have also failed to establish proper venue in this District. Accordingly, the Court should dismiss the Moving Defendants from the Original Tennessee Actions for lack of personal jurisdiction and improper venue.

## II. BACKGROUND

On July 6, 2023, numerous Defendants including the Moving Defendants entered into a stipulation with Plaintiffs to defer litigating challenges to personal jurisdiction and venue without waiver of any arguments or objections. ECF No. 317. The stipulating Defendants believed that such issues may be resolved through further discussions, obviating the need for motion practice and furthering the interests of judicial economy and conservation of resources. *Id.* On July 10, this Court entered an Order on the stipulation deferring the issues for 180 days, by which time the stipulating parties must either resolve the issues or propose a briefing schedule. ECF No. 353.

---

[3] The supporting declarations are appended as exhibits to the accompanying Declaration of Benjamin R. Nagin.

Numerous Defendants, including the Moving Defendants, met and conferred with Plaintiffs regarding Defendants' views that certain actions did not satisfy personal jurisdiction and venue requirements. While Plaintiffs did not dispute that the Moving Defendants lack contacts with Tennessee, they have refused to dismiss the Moving Defendants from the Original Tennessee Actions and have failed to otherwise cure these issues in their Second Amended Complaint—when given a "last and forever opportunity to amend" (ECF No. 499 at 14:20-22). As a consequence, the Moving Defendants now bring this Motion to Dismiss them from the Original Tennessee Actions for lack of personal jurisdiction and improper venue.[4]

### III. ARGUMENT

#### A. Plaintiffs Have Failed To Allege Sufficient Grounds For Personal Jurisdiction Over The Moving Defendants In Tennessee

In the context of a Rule 12(b)(2) motion, Plaintiffs bear the burden of establishing a *prima facie* case for personal jurisdiction. *Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 660 (6th Cir. 2023). This requires Plaintiffs "to establish, with reasonable particularity, sufficient contacts between the defendant and the forum state to satisfy the relevant long-arm statute and the Due Process Clause." *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020); *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012) ("In response to a motion to dismiss, the plaintiff may not stand on his pleadings, but must show the specific facts demonstrating that the court has jurisdiction."). To do this, Plaintiffs must establish that the Moving Defendants' contacts with the forum are sufficient to support either: (1) general jurisdiction based on "continuous and

---

[4] All but two out of the eight Moving Defendants are named as a defendant in another, non-Tennessee action centralized in this MDL. Accordingly, dismissing those six Moving Defendants would not remove them from coordinated pretrial proceedings in the MDL, only from the two Original Tennessee Actions. Since the Court entered an order on the parties' stipulation to dismiss certain actions without prejudice, ECF No. 563, Prometheus (which is named only in *Alexander* and *Kabisch*) and Rose (which is named only in *Kabsich*), remain Defendants only in the Original Tennessee Actions.

systematic" affiliations with the forum so as to render the Moving Defendants "essentially at home" there; or (2) specific jurisdiction based on "affiliation between the forum and the underlying controversy." *Malone*, 965 F.3d at 501–02 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–18 (1945). "[B]road, conclusory allegations are insufficient to establish personal jurisdiction." *Cabinets to Go, LLC v. Qingdao Haiyan Real Est. Grp. Co.*, 605 F. Supp. 3d 1051, 1061 (M.D. Tenn. 2022).

Plaintiffs do not allege any specific facts connecting the Moving Defendants to Tennessee. Instead, Plaintiffs' SAC broadly alleges:

> This Court has personal jurisdiction over each Defendant to the same extent that the transferor court had personal jurisdiction in each Related Action, pre-transfer. Because each Defendant leased residential units to individuals in the transferor District, and also: (a) transacted business throughout the United States; and (b) engaged in an antitrust conspiracy that was directed at and had a direct, foreseeable, and intended effect of causing injury to the business or property of persons residing in, located in, or doing business throughout the United States; this Court has personal jurisdiction over all Defendants. Moreover, this Court also has personal jurisdiction over all incorporated Defendants pursuant to the Clayton Act, 15 U.S.C. § 22.

SAC ¶ 47.

As set forth below, Plaintiffs have failed to establish a *prima facie* case that the Moving Defendants have sufficient contacts with Tennessee to give rise to either general or specific jurisdiction. And Section 12 of the Clayton Act cannot be used to bypass the constitutional due process analysis.

### i. Plaintiffs Do Not Allege That General Jurisdiction Exists Over The Moving Defendants In Tennessee

A court may exercise general jurisdiction only when a defendant is "essentially at home" in the State. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quoting *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919). Only a select "set of affiliations with a forum" will expose a defendant to "such sweeping jurisdiction." *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). A corporation is subject to general jurisdiction in the forum

4

where it is incorporated or has its principal place of business.  *Id.*; *Glob. Force Ent., Inc. v. Anthem Sports & Ent. Corp.*, 385 F. Supp. 3d 576, 581–83 (M.D. Tenn. 2019), *appeal denied, decision amended*, 2019 WL 3288474 (M.D. Tenn. July 22, 2019).

It is undisputed that the Moving Defendants are not "at home" in Tennessee.  Indeed, Plaintiffs correctly allege that each of the Moving Defendants are incorporated and headquartered in California and other states (but not Tennessee). *See* SAC ¶¶ 93 (ConAm), 96 (CONTI), 114 (Essex), 156 (Prometheus), 162 (Rose), 168 (Sares Regis), 174 (Sherman), 187 (Windsor); M. Cato (ConAm) Decl. ¶ 2; J. Harrison (CONTI) Decl. ¶ 5; J. Anderson (Essex) Decl. ¶ 2; T. McFarland (Prometheus) Decl. ¶ 2; J.B. Peters (Rose) Decl. ¶ 2; J. Bailey (Sares Regis) Decl. ¶ 2; G. Sherman (Sherman) Decl. ¶ 2; K. Audet (Windsor) Decl. ¶ 3.  As such, Plaintiffs cannot establish that Tennessee has general personal jurisdiction over the Moving Defendants.

### ii. Plaintiffs Fail To Allege That Tennessee Has Specific Jurisdiction Over The Moving Defendants

The Sixth Circuit has identified a three-part test to determine whether exercise of personal jurisdiction comports with constitutional due process:

> First, the defendant must *purposefully avail* himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549–50 (6th Cir. 2016).  "[E]ach criterion represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction does not exist."  *Glob. Force Ent., Inc.*, 385 F. Supp. at 586 (quoting *LAK Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303 (6th Cir. 1989)).  Plaintiffs cannot even meet the first criterion.

Plaintiffs concede that the Moving Defendants are incorporated and headquartered in States other than Tennessee and there are no specific allegations that any of the Moving Defendants have

5

any presence in Tennessee, let alone own or operate multifamily units using RealPage RMS in Nashville—the only purported relevant multifamily housing market in Tennessee identified in the SAC. Nor can there be any such allegations. *See* M. Cato (ConAm) Decl. ¶ 4; ; J. Harrison (CONTI) Decl. ¶ 7; J. Anderson (Essex) Decl. ¶ 4; T. McFarland (Prometheus) Decl. ¶ 4; J.B. Peters (Rose) Decl. ¶ 4; J. Bailey (Sares Regis) Decl. ¶ 4; G. Sherman (Sherman) Decl. ¶ 4; K. Audet (Windsor) Decl. ¶ 4. Moreover, the Moving Defendants do not have any employees in Tennessee and are not registered to do business in Tennessee. *See* M. Cato (ConAm) Decl. ¶¶ 3, 5; J. Harrison (CONTI) Decl. ¶¶ 6, 8; J. Anderson (Essex) Decl. ¶¶ 3, 5; T. McFarland (Prometheus) Decl. ¶¶ 3, 5; J.B. Peters (Rose) Decl. ¶¶ 3, 5; J. Bailey (Sares Regis) Decl. ¶¶ 3, 5; G. Sherman (Sherman) Decl. ¶ 3, 5; K. Audet (Windsor) Decl. ¶¶ 6, 8.[5] Accordingly, Plaintiffs have not (and cannot) plead facts showing that the Moving Defendants purposefully availed themselves of the privilege of conducting activities in Tennessee. *See Youn v. Track, Inc.*, 324 F.3d 409, 418 (6th Cir. 2003) ("A defendant has 'purposefully availed' himself of a forum by engaging in activity that should provide 'fair warning' that he may have to defend a lawsuit there." (quoting *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980))).

Nor have Plaintiffs otherwise pleaded any specific acts by the Moving Defendants or consequences caused by the Moving Defendants that have a substantial connection with Tennessee

---

[5] While Plaintiffs generally allege that "each Defendant leased residential units to individuals in the transferor District," (SAC ¶ 47), there are no specific allegations tying any of the Moving Defendants to Tennessee. In fact, allegations specific to each Moving Defendant explicitly contradict this general, conclusory allegation regarding all defendants. *E.g.*, SAC ¶ 93 (ConAm alleged to lease residential units in regional submarkets outside of Tennessee); *id.* ¶ 114 (Essex alleged to lease residential units in regional submarkets outside of Tennessee); *id.* ¶ 413 ("Within the Nashville Submarket, the following Defendants own or operate multifamily units priced with RealPage RMS: AIR, BH, Bozzuto, Brookfield, Camden, Carter-Haston, Cortland, CWS, ECI, First Communities, Greystar, Highmark, IRT, Lincoln, MAA, Mission Rock, Morgan, Pinnacle, Related, RPM, Security, Simpson, Trammell Crow, UDR, and ZRS.").

to make the exercise of jurisdiction comport with Due Process. To the contrary, Plaintiffs allege that the relevant geographic "housing markets are regional," SAC ¶ 406, that Defendants' scheme harmed competition in certain MSAs, "each of which comprises a separate and distinct relevant regional geographic market," *id.* ¶ 409, and Defendants do not "own or operate multifamily units priced with RealPage RMS" in the Nashville submarket, *e.g.*, *id.* ¶ 413—the only market Plaintiffs alleged as relevant to the conspiracy allegations in Tennessee. *See Bridgeport Music, Inc. v. Still N The Water Publ'g.*, 327 F.3d 472, 478 (6th Cir. 2003) ("The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." (cleaned up)). Plaintiffs have thus failed to meet their burden to establish personal jurisdiction over the Moving Defendants in Tennessee.[6]

### iii. Plaintiffs Cannot Use Section 12 Of The Clayton Act To Establish Personal Jurisdiction Over The Moving Defendants

The SAC alleges that personal jurisdiction is also proper pursuant to Section 12 of the Clayton Act, 15 U.S.C. § 22. Section 12 provides:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process *in such cases* may be served in the district of which it is an inhabitant, or wherever it may be found.

15 U.S.C. § 22 (emphasis added). The plain meaning of Section 12 sets forth two dependent clauses: the first clause of Section 12, before the semicolon, pertains to venue; the second clause provides for nationwide service of process (and, consequently, nationwide personal jurisdiction)

---

[6] Because the due process analysis shows that personal jurisdiction over the Moving Defendants would be improper, for the sake of judicial efficiency, the Moving Defendants do not separately address the Tennessee long-arm statute. *Cf. Bridgeport Music, Inc.*, 477, (6th Cir. 2003) (Tennessee's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the Constitution).

7

only "***in such cases***" where venue is established under the first clause. *See KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 728–30 (7th Cir. 2013).

Although neither the Supreme Court nor the Sixth Circuit has addressed the question of how to interpret the dependent clauses in Section 12, the majority of circuits to address the issue have ruled that "Section 12 must be read as a package deal," such that a plaintiff cannot "mix and match" it with 28 U.S.C. § 1391 (the general federal venue statute). In other words, "[t]o avail oneself of the privilege of nationwide service of process, a plaintiff must satisfy the venue provisions of Section 12's first clause. If she wishes to establish venue exclusively through Section 1391, she must establish personal jurisdiction some other way." *See KM Enters., Inc.*, 725 F.3d at 730; *see also Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 424–25, 427 (2d Cir. 2005) ("[T]he extraterritorial service provision of Clayton Act Section 12 may be invoked to establish personal jurisdiction only when the requirements of the section's venue provisions are satisfied. . . . But if 28 U.S.C. § 1391 is the basis for venue, an antitrust plaintiff cannot employ Section 12's service of process provision to secure personal jurisdiction."); *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1350 (D.C. Cir. 2000) ("[I]nvocation of the nationwide service clause rests on satisfying the venue provision."); *see also Zeavision, LLC v. Bausch & Lomb Inc.*, 2022 WL 17092453, at *2 (E.D. Mo. Nov. 21, 2022) ("a plaintiff cannot rely on the standard federal venue provision, 28 U.S.C. § 1391, while claiming nationwide personal jurisdiction under the Clayton Act").[7] *But see Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174,

---

[7] Moreover, some courts have found that the Clayton Act's venue clause preempts the general federal venue statute altogether. 28 U.S.C. § 1391(a) (§1391 applies "[e]xcept as otherwise provided by law"); *Mfrs. Buyers Corp. v. El Dorado Tire Co.*, 324 F. Supp. 225, 226 (S.D. Fla. 1971) (finding preemption); *see Rodgers v. La. Bd. of Nursing*, 2015 WL 5307806, at *3 (W.D. La. Sept. 10, 2015) ("If applicable, the special venue provisions under Section 4 of the Clayton Act 'trump' the general venue provisions of § 1391."). *See also Atl. Marine Const. Co. v. U.S.*

1177–80 (9th Cir. 2004); *In re Auto. Refin. Paint Antitrust Litig.*, 358 F.3d 288, 296 n.10, 297 (3d Cir. 2004). A leading antitrust treatise agrees with the majority view. Phillip E. Areeda (late) & Herbert Hovenkamp, Antitrust Law: An Analysis of Antitrust Principles and Their Application ¶ 271d2 (4th and 5th eds., 2023 Cum. Supp. 2018–2023) ("generally accepted canons of statutory construction would appear to favor the narrower construction").

This District is not a proper venue under the Clayton Act's venue clause because Plaintiffs do not allege—nor could they—that the Moving Defendants transact any business, let alone business "of any substantial character," in this District. M. Cato (ConAm) Decl. ¶¶ 3–5; J. Harrison (CONTI) Decl. ¶¶ 6–8; J. Anderson (Essex) Decl. ¶¶ 3–5; T. McFarland (Prometheus) Decl. ¶¶ 3–5; J.B. Peters (Rose) Decl. ¶¶ 3–5; J. Bailey (Sares Regis) Decl. ¶¶ 3–5; G. Sherman (Sherman) Decl. ¶¶ 3–5; K. Audet (Windsor) Decl. ¶¶ 5–7; *see United States v. Scophony Corp. of Am.*, 333 U.S. 795, 807 (1948) (a corporation "transacts business" under the Clayton Act when it engages in "any substantial business operations"); *Phillip Gall & Son v. Garcia Corp.*, 340 F. Supp. 1255, 1258 (E.D. Ky. 1972) ("in order to come within the purview of the 'transacts business' clause, the corporation's activities within the district must be substantial" and "sales to two customers in the state" is "no evidence"). Accordingly, Plaintiffs may not benefit from Section 12's nationwide personal jurisdiction clause without first having met the statute's venue clause (which they cannot do given the absence of contacts by the Moving Defendants in Tennessee). *See also Hyland v. Homeservices of Am., Inc.*, 2007 WL 1959158, at *3 (W.D. Ky. June 28, 2007) ("proper venue is still required in order to confer personal jurisdiction" under the Clayton Act).[8]

---

*Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 n.2 (2013) ("Section 1391 governs 'venue generally,' that is, in cases where a more specific venue provision does not apply.").
[8] This Court's decision in *Hospital Authority of Metropolitan Government of Nashville v. Momenta Pharmaceuticals, Inc.*, 244 F. Supp. 3d 705, 710 (M.D. Tenn. 2017), is not to the contrary. There, the defendant arguing venue was improper in the Middle District of Tennessee was part of a

\* \* \*

For all of these reasons, Plaintiffs have failed to allege personal jurisdiction over the Moving Defendants in Tennessee. Accordingly, the Court should dismiss the Moving Defendants from the Original Tennessee Actions.

B. **The Middle District Of Tennessee Is An Improper Venue**

Even if Plaintiffs could establish personal jurisdiction under Section 12 of the Clayton Act, venue would continue to be improper. Plaintiffs bear the burden of proving that venue is proper. *Ingram Barge Co. v. Bunge N. Am., Inc.*, 455 F. Supp. 3d 558, 569 (M.D. Tenn. 2020); 14D Charles Alan Wright, et al., Federal Practice and Procedure, § 3826 (4th ed. 2023) ("the weight of judicial authority appears to be that when the defendant has made a proper objection, the burden is on the plaintiff to establish that the chosen district is a proper venue"). In reviewing a motion under FRCP 12(b)(3), "the court may examine facts outside the complaint." *Receiver of the Assets of Mid–Am. Energy, Inc. v. Coffman*, 719 F.Supp.2d 884, 890–91 (M.D. Tenn. 2010). Where venue is not proper, the court must dismiss the case entirely or, "if it be in the interest of justice," transfer the proceedings to an appropriate court. 28 U.S.C. § 1406(a).

---

"corporate structure that provide[d] pharmaceutical drugs" through a wholesaler to the plaintiff hospital in this District. *See Hosp. Auth. of Metro. Gov't of Nashville v. Momenta Pharms., Inc.*, No. 3:15-1100, 2016 WL 5724306, at \*1, \*21 (M.D. Tenn. Sept. 29, 2016), *report and recommendation adopted in part, rejected in part*, 244 F. Supp. 3d 705 (M.D. Tenn. 2017). The Court ultimately found that this transactional history was sufficient to establish venue under 28 U.S.C. § 1391(b)(2), which supports venue in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* at \*21. Here, in contrast, Plaintiffs do not allege that any of the Moving Defendants leased apartments to Plaintiffs or other renters in this District. Nor could Plaintiffs make any such allegation given that none of the Moving Defendants owns or manages properties here. M. Cato (ConAm) Decl. ¶ 4; J. Harrison (CONTI) Decl. ¶ 7; J. Anderson (Essex) Decl. ¶ 4; T. McFarland (Prometheus) Decl. ¶ 4; J. B. Peters (Rose) Decl. ¶ 4; J. Bailey (Sares Regis) Decl. ¶ 4; G. Sherman (Sherman) Decl. ¶ 4; K. Audet (Windsor) Decl. ¶ 4.

10

The propriety of venue is generally governed by 28 U.S.C. § 1391, which was designed "to ensure that the plaintiff does not select a venue that is unfair or inconvenient to the defendant." *Johnson v. UMG Recs., Inc. by MCA Recs., Inc.*, 2018 WL 4111912, at *3 (M.D. Tenn. Aug. 29, 2018) (internal quotations omitted). The statute provides that, in a civil action, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b).

The Supreme Court has held that "the first two paragraphs of § 1391(b) define the preferred judicial districts for venue in a typical case, but the third paragraph provides a fallback option: ***If no other venue is proper***, then venue will lie in 'any judicial district in which any defendant is subject to the court's personal jurisdiction.'" *Atl. Marine Constr. Co.*, 571 U.S. at 56–57 (emphasis added).[9]

### i. Venue Is Improper Under § 1391(b)(1)

For the same reasons Tennessee lacks personal jurisdiction over the Moving Defendants, this District is an improper venue for the Original Tennessee Actions under § 1391(b)(1). A corporation "resides" in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Because Plaintiffs have failed to meet their burden to establish that Tennessee has personal jurisdiction over

---

[9] The Moving Defendants do not address Section 1391(b)(3) because their position is not that "no other venue is proper," but rather that venue is not proper in the Middle District of Tennessee.

11

the Moving Defendants, all Defendants are not residents of Tennessee and venue in this District is not proper under § 1391(b)(1).

### ii. Venue Is Improper Under § 1391(b)(2)

Venue is also improper under § 1391(b)(2). The Original Tennessee Actions do not allege that a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in Tennessee. Indeed, the SAC does not even allege a single transaction in Tennessee between Plaintiffs and any of the Moving Defendants. Moreover, although referred to as the "Original Tennessee Actions," the named plaintiffs bringing such actions are not even residents of Tennessee. *Means v. United States Conf. of Cath. Bishops*, 836 F.3d 643, 651 (6th Cir. 2016) ("where the plaintiff does not reside in the chosen forum, courts assign less weight to the plaintiff's choice"). Plaintiffs thus fail to establish that venue is proper in this District under § 1391(d)(2).

## IV. CONCLUSION

For all of these reasons, the Moving Defendants respectfully request that this Court dismiss them from the Original Tennessee Actions for lack of personal jurisdiction and improper venue. As the Moving Defendants are not the only Defendants named in the Original Tennessee Actions, dismissing the Moving Defendants will not cause "an obstacle to adjudication on the merits in the district court where the action was originally brought." *See Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980).

12

Case 3:23-md-03071    Document 585    Filed 10/09/23    Page 17 of 20 PageID #: 5858

Dated: October 9, 2023

Respectfully submitted,

*/s/ Diane R. Hazel*

Diane R. Hazel
dhazel@foley.com
FOLEY & LARDNER LLP
1400 16th Street, Suite 200
Denver, CO 80202
Telephone: (720) 437-2000

Elizabeth A. N. Haas (admitted *pro hac vice*)
ehaas@foley.com
Ian Hampton (admitted *pro hac vice*)
ihampton@foley.com
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 271-2400

Tara L. Swafford, BPR #17577
tara@swaffordlawfirm.com
Dylan Harper, BPR #36820
dylan@swaffordlawfirm.com
THE SWAFFORD LAW FIRM, PLLC
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406

*Counsel for Defendant Sherman Associates, Inc.*

*/s/ Benjamin R. Nagin*

Benjamin R. Nagin (admitted pro hac vice)
bnagin@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300

*Counsel for Defendant ConAm Management Corporation*

*/s/ Craig Seebald*

Jessalyn H. Zeigler
jzeigler@bassberry.com
BASS, BERRY & SIMS, PLC
150 Third Avenue South
Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200

Craig P. Seebald (admitted *pro hac vice*)
cseebald@velaw.com
Stephen M. Medlock (admitted *pro hac vice*)
smedlock@velaw.com
VINSON & ELKINS LLP
2200 Pennsylvania Ave., N.W.
Suite 500 West
Washington, D.C. 20037
Telephone: (202) 639-6500

Christopher W. James (admitted *pro hac vice*)
cjames@velaw.com
VINSON & ELKINS LLP
555 Mission Street
Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900

*Counsel for Defendant Windsor Property Management Company*

*/s/ Richard P. Sybert*

Richard P. Sybert (WSBA No. 8357)
rsybert@grsm.com
GORDON REES SCULLY MANSUKHANI
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 321-5222

*Counsel for Defendant Rose Associates Inc.*

*/s/ Judith A. Zahid*
Judith A. Zahid (admitted *pro hac vice*)
jzahid@zellelaw.com
Heather T. Rankie (admitted *pro hac vice*)
hrankie@zellelaw.com
ZELLE LLP 555 12th Street, Suite 1230
Oakland, CA 94607
Telephone: (415) 633-1916

*Counsel for Defendant Prometheus Real Estate Group, Inc.*

/s/ *Ronald W. Breaux*
Ronald W. Breaux
Ron.Breaux@haynesboone.com
Bradley W. Foster
Brad.Foster@haynesboone.com
HAYNES AND BOONE LLP
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Fax: (214) 200-0376

*Counsel for Defendant CONTI Texas Organization Inc., d/b/a CONTI Capital*

*/s/ Valentine Hoy*
Valentine Hoy
vhoy@allenmatkins.com
Scott Perlin
sperlin@allenmatkins.com
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS
600 West Broadway, 27th Floor
San Diego, CA 92101
Telephone: (619) 233-1155

Patrick E. Breen
pbreen@allenmatkins.com
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS
865 South Figueroa Street, Suite 2800
Los Angeles, CA 90017
Telephone: (213) 622-5555

*Counsel for Defendant Sares Regis Group Commercial, Inc.*

*/s/ Leo D. Caseria*
Leo D. Caseria
lcaseria@sheppardmullin.com
Helen C. Eckert
heckert@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC, 20006
Telephone: (202) 747-1925

Arman Oruc
aoruc@goodwinlaw.com
GOODWIN PROCTER, LLP 1900 N Street, NW
Washington, DC 20036
Telephone: (202) 346-4000

*Counsel for Defendant Essex Property Trust, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2023, I caused the foregoing document to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

Dated: October 9, 2023

/s/ *Benjamin R. Nagin*
Benjamin R. Nagin