# UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br><br>JURY DEMAND<br><br>This Document Relates to:<br>3:23-cv-00792 |

## OPPOSITION TO TREV MANAGEMENT II LLC'S MOTION TO DISMISS STUDENT-HOUSING PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

011127-17/2360307 V1

## I.  INTRODUCTION

TREV Management II LLC ("TREV") argues that it should escape liability because Plaintiffs allege nothing more than "mere ownership in another codefendant[.]" *See* Dkt. 579 ("TREV Mem.") at 3. But TREV was not merely a passive investor in Defendant B.HOM and Plaintiffs correctly allege that TREV integrated operations with its subsidiary. *See* First Amended Consolidated Class Action Complaint, Dkt. 527 ("Student Housing Compl.") at ¶ 30. As such, Defendants TREV and B.HOM constitute a single economic unit for antitrust purposes under *Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752 (1984).[1] TREV cannot hide behind its separate legal status to avoid liability for the antitrust misconduct alleged by Plaintiffs. *See Nobody in Particular Presents, Inc. v. Clear Channel Commc'ns, Inc.*, 311 F. Supp. 2d 1048, 1069 (D. Colo. 2004); *see also Jones v. Varsity Brands, LLC*, 618 F. Supp. 3d 713, 722 (W.D. Tenn. 2022).

When two related entities act as one economic entity, the law allows plaintiffs to plead their antitrust claims based on the enterprise's "aggregate conduct." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1242 (10th Cir. 2017). TREV holds itself out as operating as a "vertically-integrated student housing and multifamily operator delivering strong results for its investors and partners through a hands-on approach and utilization of its fully integrated property management team through its owned affiliate B.HOM Student Living and partner BH Management Services[.]"[2] TREV celebrated its "hands-on approach" to management of this

---

[1] This opposition brief uses shorthand to refer to certain parties. "TREV" refers to defendant TREV Management II LLC. "BH Management" refers to defendant BH Management Services, LLC. "B.HOM" means defendant B.HOM Student Living, LLC. The "B.HOM Defendants" means TREV, BH Management, and B.HOM together as an economic unit.

[2] *See About Us,* Timberline Real Estate Ventures, https://www.timberlinerev.com/about-us/ (last accessed November 1, 2023), *cited by* Student Housing Compl., at ¶ 30 and n.39. The Complaint partially quotes and cites TREV's website in paragraph 30 and provides the source of the quote in footnote 39. The full quote from TREV's website is as follows: "TREV is a vertically-integrated student housing and multifamily operator delivering strong results for its investors and partners

enterprise.[3] In other words, TREV claims to maintain a strong guiding presence in managing its subsidiary B.HOM.

In such instances, Plaintiffs do not need to prove that a parent and subsidiary both independently joined the cartel. Rather, Plaintiffs' allegations are properly viewed as allegations of anticompetitive conduct against a single economic unit—here, the B.HOM Defendants—and each constituent entity that actively participated in the anticompetitive conduct is properly included as a defendant. Because Plaintiffs have sufficiently alleged that the B.HOM Defendants are a single economic entity, and that TREV actively participated in (by guiding) B.HOM Defendants' anticompetitive conduct, TREV's motion to dismiss should be denied.

## II.   LEGAL STANDARD

To overcome a motion to dismiss, plaintiffs who bring claims under Section 1 of the Sherman Act must allege enough facts to "raise a reasonable expectation that discovery will reveal evidence of an illegal agreement." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 902 (6th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Specifically, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In applying this standard, courts should "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

---

through a hands-on approach and utilization of its fully integrated property management team through its owned affiliate B.HOM Student Living with partner, BH Management Services (8th largest multifamily manager and 11th largest owner of multifamily in the US)."

[3] *Id.*

Section 1 of the Sherman Act provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce . . . is declared to be illegal." Sherman Act, 15 U.S.C. § 1. As the Supreme Court has explained, the law prohibits "unreasonable restraints of trade effected by a 'contract, combination . . . or conspiracy' between *separate* entities." *Copperweld*, 467 U.S. at 768 (1984) (citation omitted, emphasis added). But when two entities are related—such as a parent and its subsidiary—"economic reality, not corporate form, should control the decision of whether related entities can conspire." *Mt. Pleasant v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 274-75 (8th Cir. 1988). When a parent owns and actively manages a subsidiary that violates the antitrust laws, courts must view the two entities as "that of a single enterprise for purposes of § 1 of the Sherman Act." *Copperweld*, 467 U.S. at 751. In such instances, it is the enterprise's "aggregated conduct which must be scrutinized" to determine whether there is an adequate claim for relief. *Lenox MacLaren*, 847 F.3d at 1236 (as applied in a Section 2 claim).

## III.    ARGUMENT

The parties agree that the Court must view TREV and B.HOM as a single economic unit for the purpose of evaluating antitrust claims.[4] The law does not require Plaintiffs to allege that each corporate entity participated in each and every element of every Sherman Act violation. *Lenox MacLaren*, 847 F.3d at 1236 ("it is the enterprise which must be shown to satisfy the elements" of a Sherman Act violation). Instead, the Court must consider pleadings holistically and determine whether there are sufficient allegations that the economic unit participated in the anticompetitive conduct. If the allegations are well-pled as to the single unit, then each corporate entity in the unit that actively participated in the unit's anticompetitive conduct is properly included as a defendant.

---

[4] *See* TREV Mem. at 4-5 (arguing that TREV could not have conspired with B.HOM as a matter of law because TREV and B.HOM are a single economic entity under *Copperweld*).

Here, Plaintiffs have adequately alleged that the B.HOM Defendants joined the conspiracy and that TREV as an active member of that unit, participated in the unit's management. And so the motion should be denied.

### A. Defendants TREV and B.HOM Are a Single Economic Unit Under the *Copperweld* Doctrine.

The Supreme Court held in *Copperweld* that a parent company and its subsidiary cannot conspire to violate the Sherman Act because "a parent company and wholly-owned subsidiary have already-converged goals and thus their actions 'must be viewed as that of a single enterprise for purposes of § 1 of the Sherman Act.'" *Varsity Brands*, 618 F. Supp. 3d at 722 (citation omitted). That principle—affiliates should be evaluated as a single enterprise under antitrust law—applies equally when determining an enterprise's liability for antitrust violations. *See Mt. Pleasant*, 838 F.2d at 274-75 (observing that "the logic of *Copperweld* reaches beyond its bare result" and "economic reality, not corporate form, should control the decision of whether related entities can conspire").

Plaintiffs allege that Defendant B.HOM used RealPage's revenue management services to ratchet up prices in violation of Section 1 the Sherman Act. Student Housing Compl., ¶¶ 31, 157. Defendant B.HOM is the fourteenth largest student housing lessor in the United States. *Id.* at ¶ 26. It manages more than 30,000 beds across 40-plus universities. *Id.* The Senior Revenue Manager for BH Management Services (another named defendant and the co-owner of Defendant B.HOM) confirmed that RealPage helped the enterprise "yield[] a better performance." *Id.* at ¶ 57. Plaintiffs also provided screenshots from a special website RealPage created for defendant B.HOM to help train them on how to use the pricing system. *Id.*

Defendant B.HOM is jointly owned by TREV and BH Management Services and both are named Defendants in the Complaint. *Id.* (naming TREV, BH Management, and B.HOM and

describing them as one economic unit); *see also* Dkt. 490 (B.HOM's corporate disclosures). But only TREV brings an individual motion to dismiss. In its motion, TREV argues that its participation in the cartel should not be viewed under the single enterprise doctrine because it was "one of two members" that own Defendant B.HOM and claims it does not have the controlling interest. *See* TREV Mot. at 7, n.4.

However, Plaintiffs have alleged control: TREV held itself out as a "fully integrated property management team" that operated "through its owned affiliate B.HOM Student Living[.]" Student Housing Compl., ¶ 30. Under the *Copperweld* doctrine, these two entities must be treated as a single economic unit—a conclusion that TREV admits.[5] TREV cannot now "have the *Copperweld* doctrine both ways. It would be inconsistent to insist both (1) that two affiliates are incapable of conspiring with each other for purposes of Section 1 of the Sherman Act . . . and (2) that one affiliate may escape liability for its own conduct . . . even where the two acted together." *Arandell Corp. v. Centerpoint Energy Servs., Inc.*, 900 F.3d 623, 631 (9th Cir. 2018).

Nor should it matter that TREV is a co-owner of its subsidiary. *See* TREV Mem. at 7. As the Supreme Court noted more recently, related entities can conspire under § 1 of the Sherman Act only if their competitive actions are determined by "'independent centers of decision-making'"— otherwise, they must be viewed as a single enterprise. *Am. Needle, Inc. v. NFL*, 560 U.S. 183, 196 (2010) (citation omitted). Here, Plaintiffs have alleged that TREV's and B.HOM's centers of

---

[5] *See* TREV Mot. at 4 ("[I]t it is blackletter law that the coordinated activity of a parent company and its wholly owned subsidiary cannot constitute a conspiracy under Section 1 of the Sherman Act. . . .Thus, even if Plaintiffs' allegations are taken at face value, TREV cannot be held liable just for conspiring with or 'utilizing' B.HOM.").

decision making were not independent: TREV used a "hands-on approach" and held itself out as being "fully integrated" with its subsidiary.[6]

TREV's argument that it could not have participated in the conspiracy because of the Sixth Circuit's alter ego doctrine is also inapposite. *See* TREV Mem. at 5. The theories "operate independently" of the single enterprise doctrine: "Rather than render the affiliated corporation a part of an anticompetitive enterprise, a veil-piercing, alter ego, or respondeat superior theory would hold the affiliated corporation separately and individually liable for its related corporations' conduct." *Lenox MacLaren*, 847 F.3d at 1237.

## B. Plaintiffs Have Adequately Alleged TREV's Independent Participation in This Scheme.

TREV correctly points out that the Sixth Circuit has not directly addressed how far the single-enterprise doctrine applies for determining liability. *See* TREV Mem. at 6. There is no bright-line pleading test for "what must be shown in order to hold a particular affiliated corporation liable as part of an inter-corporate scheme." *Lenox MacLaren*, 847 F.3d at 1239 (leaving that question "for another day"). But district courts in this circuit that have addressed this doctrine agree that plaintiffs must allege involvement that is "more than mere ownership" for the single-enterprise doctrine to apply to a parent company. *See Varsity Brands*, 618 F. Supp. 3d at 723; *see also Cupp v. Alberto-Culver USA, Inc.*, 310 F. Supp. 2d 963, 973 (W.D. Tenn. 2004) (declining to hold a parent liable where no independent acts were alleged).

Plaintiffs allege TREV created a "fully integrated property management team through its owned affiliate B.HOM Student Living[.]" B.HOM's managers—which were "fully integrated" with TREV—were trained by RealPage. Student Housing Compl., ¶¶ 30, 57. This is more than

---

[6] *See About Us,* Timberline Real Estate Ventures, https://www.timberlinerev.com/about-us/ (last accessed Nov. 1, 2023), *cited by* Student Housing Compl., at ¶ 30 and n.39.

mere ownership: drawing all inferences in Plaintiffs' favor, TREV and B.HOM shared "common objectives and their actions were 'guided or determined not by two separate corporate consciousnesses, but one.'" *In re Aluminum Warehousing Antitrust Litig.*, 2015 WL 6472656, at *9 (S.D.N.Y. Oct. 23, 2015) (citation omitted). For the motion to dismiss stage, no more is needed; "[d]iscovery may elucidate further facts as to [each entity's] direct participation in the scheme" and liability can be revisited at summary judgment. *Varsity Brands*, 618 F. Supp. 3d at 725; *see also In re Lantus Direct Purchaser Antitrust Litig.*, 2021 WL 8016913, at *5 (D. Mass. June 11, 2021) (leaving exact role each corporate entity played in furtherance of anticompetitive scheme to be "resolved following development of the evidence").

## IV. CONCLUSION

For these reasons, TREV's individual motion to dismiss should be denied.

Dated: November 8, 2023

*/s/ Steve W. Berman*
Steve W. Berman
Breanna Van Engelen
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
breannav@hbsslaw.com

Rio S. Pierce
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
(510) 725-3000
riop@hbsslaw.com

8

Elaine T. Byszewski
**HAGENS BERMAN SOBOL SHAPIRO LLP**
301 N. Lake Avenue, Suite 920
Pasadena, CA 91101
(213) 330-7150
elaine@hbsslaw.com

*Member of Plaintiffs' Steering Committee and
Counsel for Plaintiffs Rachel Meredith, Benjamin
Dempsey, and Ivonne Arriola Mendieta*

Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
**HERZFELD SUETHOLZ GASTEL LENISKI
AND WALL, PLLC**
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37203
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com

*Liaison Counsel*
Patrick J. Coughlin
Carmen A. Medici
Fatima Brizuela
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 798-5325
Facsimile: (619) 233-0508
pcoughlin@scott-scott.com
cmedici@scott-scott.com
fbrizuela@scott-scott.com

9

Patrick McGahan
Amanda F. Lawrence
Michael Srodoski
G. Dustin Foster
Isabella De Lisi
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06145
Telephone: (860) 537-5537
Facsimile:  (860) 537-4432
pmcgahan@scott-scott.com
alawrence@scott-scott.com
msrodoski@scott-scott.com
gfoster@scott-scott.com
idelisi@scott-scott.com

Stacey Slaughter
Thomas J. Undlin
Geoffrey H. Kozen
Stephanie A. Chen
J. Austin Hurt
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone:  (612) 349-8500
Facsimile:  (612) 339-4181
sslaughter@robinskaplan.com
tundlin@robinskaplan.com
gkozen@robinskaplan.com
schen@robinskaplan.com
ahurt@robinskaplan.com

Swathi Bojedla
Mandy Boltax
**HAUSFELD LLP**
888 16th Street, N.W., Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
sbojedla@hausfeld.com
mboltax@hausfeld.com

Gary I. Smith, Jr.
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
gsmith@hausfeld.com

Katie R. Beran
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: 1 215 985 3270
kberan@hausfeld.com

*Interim Co-Lead Counsel*

11

Eric L. Cramer
Michaela L. Wallin
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
ecramer@bm.net
mwallin@bm.net

Daniel J. Walker
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
Telephone: (202) 559-9745
dwalker@bm.net

Brendan P. Glackin
Dean M. Harvey
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, Suite 2900
San Francisco, CA 94111
Telephone: 415-956-1000
bglackin@lchb.com
dharvey@lchb.com

Mark P. Chalos
Hannah R. Lazarz
Kenneth S. Byrd
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue South, Ste. 1640
Nashville, TN 37201
(615) 313-9000
mchalos@lchb.com
hlazarz@lchb.com
kbyrd@lchb.com

Christian P. Levis
Vincent Briganti
Peter Demato
Radhika Gupta
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
pdemato@lowey.com
rgupta@lowey.com

Christopher M. Burke
Walter W. Noss
Yifan (Kate) Lv
**KOREIN TILLERY P.C.**
707 Broadway, Suite 1410
San Diego, CA  92101
Telephone: (619) 625-5621
Facsimile (314) 241-3525
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

Joseph R. Saveri
Steven N. Williams
Cadio Zirpoli
Kevin E. Rayhill
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
czirpoli@saverilawfirm.com
krayhill@saverilawfirm.com

12

Benjamin J. Widlanski
Javier A. Lopez
**KOZYAK TROPIN &
THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
bwidlanski@kttlaw.com
jal@kttlaw.com

Jennifer W. Sprengel
Daniel O. Herrera
Alexander Sweatman
**CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, IL 60603
Telephone:  312-782-4880
Facsimile: 312-782-4485
jsprengel@caffertyclobes.com
dherrera@caffertyclobes.com
asweatman@caffertyclobes.com

*Plaintiffs' Steering Committee Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Steve W. Berman*
Steve W. Berman