# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>JURY DEMAND<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br><br>This Document Relates to:<br>3:23-cv-00440<br>3:23-cv-00742 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS TENNESSEE ACTIONS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

## I. INTRODUCTION

In this nationwide class action, Plaintiffs allege that Defendant RealPage, Inc., along with some of the largest Owners, Owner-Operators, and Managers of multifamily housing in the United States (collectively, "Defendants") have engaged in a nationwide cartel to fix and inflate the price of multifamily rental housing across the country. Plaintiffs' Second Amended Consolidated Class Action Complaint, Dkt. 530 ("AC" or "Complaint"), ¶ 1.[1] There are currently 41 actions consolidated into this MDL, which were originally filed in 13 jurisdictions. Two of these cases—*Alexander v. The Irvine Company*, *et al.*, No. 3:23-cv-00440 (M.D. Tenn.) ("*Alexander*") and *Kabisch v. RealPage, Inc.*, No. 3:23-cv-00742 (M.D. Tenn.) ("*Kabisch*")—were originally filed in this District and ultimately consolidated into the MDL.

Eight Defendants[2] seek dismissal of Plaintiffs' claims against them in these two constituent actions of this MDL. Moving Defendants ask that the Court dismiss two Defendants who were named only in *Alexander* and *Kabisch* from this MDL outright, and ask that the other six Defendants be dismissed just from the two Tennessee member cases.[3] These Defendants' arguments fail to disclose to the Court binding Sixth Circuit authority that compels denial of their motions to dimiss the complaints against them under Federal Rule of Civil Procedure 12(b)(2).

## II. FACTUAL BACKGROUND

As Moving Defendants acknowledge, the *Alexander* and *Kabisch* Complaints, as well as the operative Complaint, allege that "Section 12 of the Clayton Act, 15 U.S.C. § 22, confer[s]

---

[1] Unless otherwise defined herein, all terms are used as defined in the Complaint.
[2] Those eight Defendants are: ConAm Management Corporation; CONTI Texas Organization Inc., d/b/a CONTI Capital; Essex Property Trust, Inc.; Prometheus Real Estate Group, Inc.; Rose Associates, Inc.; Sares Regis Group Commercial, Inc.; Sherman Associates, Inc.; and Windsor Property Management Company (together, the "Moving Defendants"). *See* Dkt. 585 ("PJ MTD") at 1.
[3] PJ MTD at 3, n.4.

1

personal jurisdiction over Defendants and that venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391, as well as Section 12 of the Clayton Act." PJ MTD at 1. *See also Alexander*, Dkt. 1 ("Alexander Compl.") ¶¶ 47-50; *Kabisch*, Dkt. 1 ("Kabisch Compl.") ¶¶ 30-33; Compl. ¶ 47.

On July 6, 2023, Plaintiffs entered into a stipulation with numerous Defendants, including Moving Defendants, to defer litigating personal jurisdiction and venue issues. Since then, Plaintiffs have worked diligently to meet and confer with Defendants, hear arguments relating to personal jurisdiction and venue, and review the relevant case law to determine whether dismissal was warranted. As a result of that effort, on September 7, 2023, Plaintiffs filed their Unopposed Omnibus Motion to Dismiss Certain Defendants and Substitute Corrected Defendants. Dkt. 528. There, Plaintiffs requested the dismissal of 17 Defendants across 19 cases in order to address any legitimate personal jurisdiction and venue issues raised by Defendants and streamline motion practice. As Plaintiffs previously explained to the Moving Defendants, because personal jurisdiction and venue are appropriate in this District, Plaintiffs declined Moving Defendants' dismissal requests.

### III.  ARGUMENT

#### A.  Each Moving Defendant is Subject to Nationwide Personal Jurisdiction.

Plaintiffs are required to demonstrate either general or specific jurisdiction over the Moving Defendants in the Middle District of Tennessee to maintain the underlying *Alexander* and *Kabisch* actions against those Defendants. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012). Defendants argue that Plaintiffs cannot plausibly allege either general or specific jurisdiction. PJ MTD at 3-4. In doing so, they completely (and inexplicably) ignore the dispositive case on this issue: the Sixth Circuit's decision in *Carrier Corp.*, which interprets the Clayton Act's jurisdiction provision, and which controls the outcome here.

In *Carrier Corp.*, the defendant argued that the plaintiff had not established personal jurisdiction in an antitrust action. There, the Sixth Circuit looked to Section 12 of the Clayton Act and noted that it authorizes service of process over an antitrust defendant whererever it may be found. 673 F.3d at 449. The Sixth Circuit then found that, where "Congress has enacted such nationwide service of process statutes, personal jurisdiction exists whenever the defendant has sufficient minimum contacts with the *United States* to satisfy the due process requirements under the Fifth Amendment." *Id*. (emphasis in original).[4] Thus, the *Carrier Corp.* court found that the plaintiff had plausibly alleged specific jurisdiction over the defendant based on its nationwide contacts. *Id.* at 450.

Therefore, under Sixth Circuit precedent, where a federal statute like the Clayton Act authorizes nationwide service of process, a defendant's minimum contacts with the United States as a whole confers personal jurisdiction in any district court in the United States. *In re Auto. Parts Antitrust Litig.*, 2015 WL 897857, at *3 (E.D. Mich. Mar. 2, 2015) (in antitrust case, finding that question is "whether Defendants have sufficient minimum contacts with the United States, not Michigan, for this [E.D. Michigan] Court's exercise of personal jurisdiction"). Here, Plaintiffs plausibly allege that each Defendant had minimum contacts with the United States. *See* Alexander Compl. ¶¶ 32, 36, 41-42; Kabisch Compl. ¶¶ 49-50, 56, 70, 72, 74, 76, 82.

---

[4] *See also Med. Mut. of Ohio v. deSoto*, 245 F.3d 561, 567–68 (6th Cir. 2001) ("[W]hen a federal court exercises jurisdiction pursuant to a national service of process provision, it is exercising jurisdiction for the territory of the United States and the individual liberty concern is whether the individual over which the court is exercising jurisdiction has sufficient minimum contacts with the United States."); *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1330 (6th Cir. 1993) (nationwide service of process provision of securities laws "confers personal jurisdiction in any federal district court over any defendant with minimum contacts to the United States"); *Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 826 n.10 (6th Cir. 1981) (where "Congress has provided for nationwide service of process," the traditional "minimum contacts test" as to the forum state does not apply).

3

None of the Moving Defendants can, or do, argue that they lack sufficient minimum contacts with the United States. Failing there, Moving Defendants fall back on an argument that Plaintiffs cannot rely on nationwide personal jurisdiction under the Clayton Act unless they can also meet the venue requirements of that statute. PJ MTD at 7-8. But Defendants acknowledge that their position is unsupported by any Sixth Circuit authority. *Id.* at 8 (admitting that "neither the Supreme Court nor the Sixth Circuit has addressed the question"). Instead, Defendants rely entirely on numerous out-of-circuit authorities advocating an interpretation of 15 U.S.C. § 22 that is patently inconsistent with binding Sixth Circuit precedent. *Id.*

To be sure, and consistent with the Sixth Circuit's decision in *Carrier Corp.*, no district court in this Circuit has ever imposed Defendants' requested venue requirement, and every district court in this Circuit to consider the issue has rejected the exact argument that Defendants raise here. *See e.g.*, *In re Auto. Parts Antitrust Litig.*, 2015 WL 897857, at *3 (rejecting argument "that proper venue is a condition precedent to exercising nationwide service of process on a defendant" under 15 U.S.C. § 22 as holding so would require the court to "ignore the Sixth Circuit's analysis in *Carrier Corp.*"); *Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cnty., Tenn. v. Momenta Pharms., Inc.*, 2017 WL 6381434, at *4 (M.D. Tenn. Dec. 14, 2017) (Holmes, M.J.) ("The Court has previously determined that Section 12 of the Clayton Act, the antitrust statute at issue in the instant matter, provides for nationwide personal jurisdiction in the case of corporate defendants"); *Am. Copper & Brass, Inc. v. Boliden AB*, 2006 WL 8434908, at *3 (W.D. Tenn. Mar. 28, 2006) ("In the consideration of jurisdiction pursuant to a federal statute that provides for nationwide service of process, as does the Clayton Act, see 15 U.S.C. § 22, the relevant forum to assess the defendant's contacts is the United States as a whole."); *FERC v. Coaltrain Energy, L.P.*, 2018 WL

4

7892222, at *5 (S.D. Ohio Mar. 30, 2018) (same for nationwide service of process provision in federal securities statutes).

This Court should reach the same conclusion and find that it has personal jurisdiction over the Moving Defendants pursuant to 15 U.S.C. § 22.

**B.    Venue is Appropriate in the Middle District of Tennessee.**

Moving Defendants fare no better with their venue argument. As Defendants acknowledge, venue is appropriate under 28 U.S.C. § 1391(b)(1) where a corporation "resides" in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2); PJ MTD at 11. Here, venue is appropriate in the Middle District of Tennessee because Moving Defendants are subject to personal jurisdiction in this District, and thus, under 28 U.S.C. § 1391(b)(1), they are considered to reside in this District for venue purposes. *In re Auto. Parts Antitrust Litig.*, 2015 WL 897857, at *3.

Moving Defendants' contrary argument that Plaintiffs "cannot rely on the standard federal venue provision, 28 U.S.C. § 1391, while claiming nationwide personal jurisdiction under the Clayton Act" (PJ MTD at 8), is entirely predicated on out-of-circuit cases that fundamentally disagree with *Carrier Corp.*'s holding regarding the broad scope of nationwide service of process provisions in federal statutes. In *Hosp. Auth. of Metro. Gov't of Nashville v. Momenta Pharms., Inc.*, this Court adopted Magistrate Holmes' "well-reasoned analysis" and "concluded that the Clayton Act's grant of nationwide jurisdiction in antitrust cases, 15 U.S.C. § 22 ('Section 12'), may be read in concert with the general civil venue statute's provision establishing that a corporate defendant is considered to 'reside' in any district in which it is subject to personal jurisdiction, 28 U.S.C. § 1391(c)(2)." 244 F. Supp. 3d 705, 710 (M.D. Tenn. 2017) (Crenshaw, J.). In doing so, this Court applied the appropriate binding Sixth Circuit authority and explicitly rejected the outcome that Moving Defendants propose here. Other courts in the Sixth Circuit have similarly

5

rejected Moving Defendants' proposed interpretation of 15 U.S.C. § 22 as contrary to Sixth Circuit law. *See e.g.*, *In re Auto. Parts Antitrust Litig.*, 2015 WL 897857, at *3; *In re Auto. Parts Antitrust Litig.*, 2019 WL 11005450, at *2 (E.D. Mich. Mar. 7, 2019) (noting that "the Clayton Act's special venue provision supplements rather than supplants the general venue statute"). As has every circuit court that agrees with *Carrier Corp.*'s broad reading of nationwide service of process provisions in federal statutes.[5]

While Moving Defendants at least acknowledge *Hosp. Auth. of Nashville* by citing it in a footnote of their brief, they suggest this Court did not explicitly reject the exact argument and result they are advocating here. *See* PJ MTD at 9, n.8 (characterizing *Hosp. Auth. of Nashville* as "not to the contrary" to the statement "Plaintiffs may not benefit from Section 12's nationwide personal jurisdiction clause without first having met the statute's venue clause"). They do not articulate why this follows; having considered and rejected the exact arguments that Moving Defendants press here, *Hosp. Auth. of Nashville* is plainly contrary to their position.

## IV. CONCLUSION

In sum, the Clayton Act's nationwide personal jurisdiction clause, 15 U.S.C. § 22, indisputably applies to the Moving Defendants, and under binding Sixth Circuit law, this Court has specific personal jurisdiction as to all eight Defendants based on each Defendant's minimum contacts with the United States. Further, Sixth Circuit law provides that venue is proper "in any district in which [a defendant] is subject to personal jurisdiction," *Hosp. Auth. of Nashville*, 244 F.

---

[5] *E.g.*, *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Assn. of Kan.*, 891 F.2d 1473, 1477 (10th Cir. 1989) ("special venue statutes in general, and section 12 of the Clayton Act in particular, are supplemented by the *venue* provisions applicable to all civil cases") (emphasis added); *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 294-97 (3d Cir. 2004) (where statute authorizes nationwide service of process and thus personal jurisdiction, venue is satisfied in all federal district courts); *Go-Video, Inc. v. Akai Elec. Co.*, 885 F.2d 1406, 1408-13 (9th Cir. 1989) (same).

6

Supp. 3d at 710, which includes the Tennessee district courts under 15 U.S.C. § 22. Accordingly, Plaintiffs respectfully request that this Court deny Defendants' Motion in its entirety.

Dated: November 8, 2023

/s/ Tricia R. Herzfeld
Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
**HERZFELD SUETHOLZ GASTEL LENISKI AND WALL, PLLC**
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37203
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com

*Liaison Counsel*

Patrick J. Coughlin
Carmen A. Medici
Fatima Brizuela
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 798-5325
Facsimile: (619) 233-0508
pcoughlin@scott-scott.com
cmedici@scott-scott.com
fbrizuela@scott-scott.com

Patrick McGahan
Amanda F. Lawrence
Michael Srodoski
G. Dustin Foster
Isabella De Lisi
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06145
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
pmcgahan@scott-scott.com
alawrence@scott-scott.com
msrodoski@scott-scott.com
gfoster@scott-scott.com

idelisi@scott-scott.com

Stacey Slaughter
Thomas J. Undlin
Geoffrey H. Kozen
Stephanie A. Chen
J. Austin Hurt
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
sslaughter@robinskaplan.com
tundlin@robinskaplan.com
gkozen@robinskaplan.com
schen@robinskaplan.com
ahurt@robinskaplan.com

Swathi Bojedla
Mandy Boltax
**HAUSFELD LLP**
888 16th Street, N.W., Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
sbojedla@hausfeld.com
mboltax@hausfeld.com

Gary I. Smith, Jr.
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
gsmith@hausfeld.com

Katie R. Beran
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: 1 215 985 3270
kberan@hausfeld.com

*Interim Co-Lead Counsel*

8

Eric L. Cramer
Michaela L. Wallin
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
ecramer@bm.net
mwallin@bm.net

Daniel J. Walker
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
Telephone: (202) 559-9745
dwalker@bm.net

Brendan P. Glackin
Dean M. Harvey
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, Suite 2900
San Francisco, CA 94111
Telephone: 415-956-1000
bglackin@lchb.com
dharvey@lchb.com

Mark P. Chalos
Hannah R. Lazarz
Kenneth S. Byrd
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue South, Ste. 1640
Nashville, TN 37201
(615) 313-9000
mchalos@lchb.com
hlazarz@lchb.com
kbyrd@lchb.com

Steve W. Berman
Breanna Van Engelen
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292

Christian P. Levis
Vincent Briganti
Peter Demato
Radhika Gupta
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
pdemato@lowey.com
rgupta@lowey.com

Christopher M. Burke
Walter W. Noss
Yifan (Kate) Lv
**KOREIN TILLERY P.C.**
707 Broadway, Suite 1410
San Diego, CA 92101
Telephone: (619) 625-5621
Facsimile (314) 241-3525
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri
Steven N. Williams
Cadio Zirpoli
Kevin E. Rayhill
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
czirpoli@saverilawfirm.com
krayhill@saverilawfirm.com

Jennifer W. Sprengel
Daniel O. Herrera
Alexander Sweatman
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, IL 60603

9

Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

Benjamin J. Widlanski
Javier A. Lopez
**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
bwidlanski@kttlaw.com
jal@kttlaw.com

Telephone: 312-782-4880
Facsimile: 312-782-4485
jsprengel@caffertyclobes.com
dherrera@caffertyclobes.com
asweatman@caffertyclobes.com

*Plaintiffs' Steering Committee Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

/s/ *Tricia R. Herzfeld*
Tricia R. Herzfeld