UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **IN RE: REALPAGE, RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II)** | Case No. 3:23-MD-3071<br><br>This Document Relates to:<br>ALL CASES<br><br>Chief Judge Waverly D. Crenshaw, Jr. |

## STATEMENT OF INTEREST OF THE UNITED STATES

The United States submits this statement and the accompanying Memorandum of Law in Support pursuant to Doc. No. 602 (Order on United States' Notice of Potential Participation) and 28 U.S.C. § 517, which permits the Department of Justice "to attend to the interests of the United States" in any case pending in federal court. The United States enforces the federal antitrust laws, including the Sherman Act, 15 U.S.C. §§ 1 *et seq.*, and has a strong interest in their correct application.

Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy" that unreasonably restrains trade. 15 U.S.C. § 1; *NCAA v. Bd. of Regents of Univ. of Oklahoma*, 468 U.S. 85, 98 (1984). Under the statute, it is per se unlawful for competitors to join together their independent decision-making power to raise, depress, fix, peg, or stabilize prices. *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 223-24 & n.59 (1940). And the Supreme Court has made clear that "the machinery employed by a combination for price-fixing is immaterial." *Id.* at 223.

This case involves the use of algorithms by competitors in allegedly fixing prices. Judicial treatment of these types of allegations has tremendous practical importance. As technology has developed in the 133 years since the Sherman Act created a federal prohibition

on price fixing, firms have evolved the mechanisms they use for reaching unlawful price-fixing agreements. In-person handshakes gave way to phone and fax, and later to email. Algorithms are the new frontier. And, given the amount of information an algorithm can access and digest, this new frontier poses an even greater anticompetitive threat than the last.

As with other actions taken in concert, competitors' joint use of common algorithms can remove independent decision making. Algorithmic price fixing must therefore be subject to the same condemnation as other price-fixing schemes. It makes no difference that prices are fixed through joint use of an algorithm instead of by a person, just as sharing information through an algorithmic service should be treated the same as sharing information through email, fax machine, or face-to-face conversation. Put another way, whether firms effectuate a price-fixing scheme through a software algorithm or through human-to-human interaction should be of no legal significance. Automating an anticompetitive scheme does not make it less anticompetitive.

The question in this case is whether the defendants have violated Section 1 of the Sherman Act by allegedly knowingly combining their sensitive, nonpublic pricing and supply information in an algorithm that they rely upon in making pricing decisions, with the knowledge and expectation that other competitors will do the same. Although not every use of an algorithm to set price qualifies as a per se violation of Section 1, taking the allegations set forth in the complaints as true, the alleged scheme meets the legal criteria for per se unlawful price fixing.

For the reasons set forth in the accompanying Memorandum of Law in Support, the pending motions to dismiss should be denied.

Respectfully submitted,

| | |
|---|---|
| JONATHAN S. KANTER<br>*Assistant Attorney General*<br><br>DOHA G. MEKKI<br>*Principal Deputy Assistant Attorney General*<br><br>MAGGIE GOODLANDER<br>*Deputy Assistant Attorney General*<br><br>ANDREW J. FORMAN<br>*Deputy Assistant Attorney General*<br><br>DAVID B. LAWRENCE<br>*Policy Director*<br><br>JACOBUS VAN DER VEN<br>*Counsel to the Assistant Attorney General*<br><br>DANIEL E. HAAR<br>NICKOLAI G. LEVIN<br>STRATTON C. STRAND<br><br>YIXI (CECILIA) CHENG<br>*Attorneys*<br><br>*/s/ Yixi (Cecilia) Cheng*<br>U.S. Department of Justice<br>Antitrust Division<br>950 Pennsylvania Ave NW, #3224<br>Washington, DC 20530<br>Telephone: 202-705-8342<br>Email: yixi.cheng@usdoj.gov | HENRY C. LEVENTIS<br>*United States Attorney*<br>Middle District of Tennessee<br><br>*/s/ Michael C. Tackeff*<br>Michael C. Tackeff<br>MICHAEL C. TACKEFF, B.P.R. #036953<br>*Assistant United States Attorney*<br>719 Church Street, Suite 3300<br>Nashville, TN 37203<br>Telephone: (615) 736-5151<br>Email: Michael.Tackeff@usdoj.gov |

*Counsel for the United States of America*

Dated: November 15, 2023

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants.

Dated: November 15, 2023                         */s/ Yixi (Cecilia) Cheng*
                                                                                      YIXI (CECILIA) CHENG