UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>THIS DOCUMENT RELATES TO:<br>3:23-CV-00440<br>3:23-CV-00742<br><br>Chief Judge Waverly D. Crenshaw, Jr. |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS TENNESSEE ACTIONS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT .................................................................................................................. 2

    A. Plaintiffs Have Abandoned Any Argument Concerning Personal Jurisdiction Other Than Section 12 Of The Clayton Act ..................................................... 2

        i. Tennessee Lacks General and Specific Jurisdiction Over Defendants ........... 2

        ii. Plaintiffs Cannot Use Section 12 Of The Clayton Act To Establish Personal Jurisdiction Over Defendants ............................................................................ 3

    B. The Middle District Of Tennessee Is An Improper Venue ............................. 7

III. CONCLUSION .............................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**                                                                                                                      **Page(s)**

*Am. Copper & Brass, Inc. v. Boliden AB*,
  2006 WL 8434908 (W.D. Tenn. Mar. 28, 2006) ................................................................. 6, 7

*In re Auto. Parts Antitrust Litig.*,
  2015 WL 897857 (E.D. Mich. Mar. 2, 2015) ..................................................................... 6, 7

*In re Blue Cross Blue Shield Antitrust Litig.*,
  26 F. Supp. 3d 1172 (N.D. Ala. 2014) .................................................................................. 5

*Bridgeport Music, Inc. v. Still N The Water Pub.*,
  327 F.3d 472 (6th Cir. 2003) ................................................................................................. 2

*Budicak, Inc. v. Lansing Trade Grp., LLC*,
  2020 WL 758801 (D. Kan. Feb. 14, 2020) ........................................................................... 5

*Carrier Corp. v. Outokumpu Oyj*,
  673 F.3d 430 (6th Cir. 2012) ............................................................................................ 4, 5

*Daniel v. Am. Bd. of Emergency Med.*,
  428 F.3d 408 (2d Cir. 2005) .............................................................................................. 3, 8

*DataCell ehf. v. Visa, Inc.*,
  2015 WL 4624714 (E.D. Va. July 30, 2015) ....................................................................... 5

*Doe v. Bredesen*,
  507 F.3d 998 (6th Cir. 2007) ................................................................................................. 3

*Evans v. Vanderbilt Univ. Sch. Of Med.*,
  589 F. Supp. 3d 870 (M.D. Tenn. 2022) ............................................................................... 3

*GTE New Media Servs., Inc. v. BellSouth Corp.*,
  199 F.3d 1343 (D.C. Cir. 2000) ............................................................................................ 3

*Hosp. Auth. of Metro. Gov't of Nashville v. Momenta Pharms., Inc.*,
  2016 WL 5724306 (M.D. Tenn. Sept. 29, 2016), *report and recommendation
  adopted in relevant part*, 244 F. Supp. 3d 705 (M.D. Tenn. 2017) ................................... 4, 6

*Humphrey v. United States Att'y Gen.'s Office*,
  279 F. App'x 328, 331 (6th Cir. 2008) ................................................................................. 2

*Kentucky v. Marathon Petroleum Co.*,
  464 F. Supp. 3d 880 (W.D. Ky. 2020) ............................................................................... 4, 5

*KM Enters., Inc. v. Glob. Traffic Techs., Inc.*,
  725 F.3d 718 (7th Cir. 2013) ............................................................................................ 3, 5

*Kremer v. Walmart Inc.*,
   2023 WL 4771171 (M.D. Tenn. July 26, 2023) ............................................................2, 3, 8

*Mgmt. Insights, Inc. v. CIC Enters., Inc.*,
   194 F. Supp. 2d 520 (N.D. Tex. 2001) ..................................................................................8

*Miller v. AXA Winterthur Ins. Co.*,
   694 F.3d 675 (6th Cir. 2012) ................................................................................................2

*MNG 2005, Inc. v. Paymentech, LLC*,
   2020 WL 6582660 (E.D. Mo. Nov. 9, 2020) .........................................................................7

*Prakash v. Altadis U.S.A. Inc.*,
   2012 WL 1109918 (N.D. Ohio Mar. 30, 2012) ..................................................................4, 6

*Pure Oil Co. v. Suarez*,
   384 U.S. 202 (1966) ..............................................................................................................8

*Ramzan v. GDS Holdings Ltd.*,
   2019 WL 4748001 (E.D. Tex. Sept. 30, 2019) ...................................................................5, 7

*United States v. Scophony Corp. of Am.*,
   333 U.S. 795 (1948) ..............................................................................................................7

*Willis Elec. Co. v. Polygroup Macau Ltd. (BVI)*,
   437 F. Supp. 3d 693 (D. Minn. 2020) .................................................................................6, 7

*Zeavision, LLC v. Bausch & Lomb Inc.*,
   2022 WL 17092453 (E.D. Mo. Nov. 21, 2022), *appeal voluntary dismissed
   with prejudice by* No. 22-3620 (8th Cir. Aug. 21, 2023) ...............................................4, 5, 7

**Statutes**

15 U.S.C. § 22 ............................................................................................................. *passim*

28 U.S.C. § 1391 .................................................................................................................6, 7

28 U.S.C. § 1391(b) ...............................................................................................................8

28 U.S.C. § 1391(b)(1) ..........................................................................................................8

28 U.S.C. § 1391(b)(2) .......................................................................................................6, 8

28 U.S.C. § 1391(c)(3) ...........................................................................................................6

**Rules**

Rule 12(b)(2) .........................................................................................................................2

Rule 12(b)(3)......................................................................................................................8

**Other Authorities**

Phillip E. Areeda & Herbert Hovenkamp, Antitrust Law ¶ 271d (5th ed. 2023) ............................4

# I. INTRODUCTION

Plaintiffs' Opposition to Defendants' Motion to Dismiss Tennessee Actions for Lack of Personal Jurisdiction and Improper Venue ("Opposition" or "Opp."), ECF No. 616,[1] has significantly narrowed the dispute over personal jurisdiction and venue. Defendants submitted evidence in their Motion that they have no properties, operations, or employees in Tennessee. ECF No. 583. Plaintiffs do not argue otherwise in their Opposition. Nor do they argue that there is a basis on which the Court might find that either general or specific personal jurisdiction exists in Tennessee over any of the Moving Defendants.

Instead, the sole basis on which Plaintiffs ask this Court to find personal jurisdiction is Section 12 of the Clayton Act, 15 U.S.C. § 22. But rather than engage in a textual reading of Section 12 and acknowledge the majority and growing body of case law disagreeing with Plaintiffs' theory, Plaintiffs simply declare that the Sixth Circuit has decided the issue in their favor. Not so. The Sixth Circuit case (*Carrier Corp.*) on which Plaintiffs rely, involving *foreign* defendants located *outside* of the United States, did not analyze, much less rule on, the question presented here—whether a plaintiff may rely upon Section 12 for nationwide service of process (and thus personal jurisdiction) without satisfying Section 12's venue requirements for *domestic* defendants with no connection whatsoever to the forum. A growing number of cases and even the antitrust treatise cited by Plaintiffs confirm that the question remains undecided in the Sixth Circuit *and* that Defendants' reading is the right one. Because Plaintiffs have failed to meet their burden to establish personal jurisdiction over the Moving Defendants in Tennessee, the Court should dismiss the Moving Defendants from *Alexander* and *Kabisch* (the "Original Tennessee Actions").

---

[1] Plaintiffs' assertion that "[t]here are currently 41 actions consolidated into this MDL" is incorrect. Opp. 1. On October 4, 2023, the Court dismissed forty-five so-called "Ghost Plaintiffs" because they were not named in the MDL. ECF No. 563. Accordingly, there are currently 12 total actions consolidated into this MDL (including the Original Tennessee Actions).

## II.     ARGUMENT

### A.   Plaintiffs Have Abandoned Any Argument Concerning Personal Jurisdiction Other Than Section 12 Of The Clayton Act

#### i.   Tennessee Lacks General and Specific Jurisdiction Over Defendants

Plaintiffs have failed to establish a *prima facie* case that Moving Defendants have sufficient contacts with Tennessee to give rise to either general or specific jurisdiction. *See Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 478 (6th Cir. 2003). Despite a factually inaccurate boilerplate allegation that "each Defendant leased residential units to individuals in the transferor District," SAC ¶ 47, Plaintiffs allege not a single fact connecting the Moving Defendants to Tennessee and even concede that Defendants *do not* "own or operate multifamily units priced with RealPage RMS" in either of the two alleged Tennessee submarkets, *see id.* ¶¶ 413, 501, Appendix C.

Nor do Plaintiffs contest the evidence submitted by Moving Defendants that they: (i) are *not* incorporated, headquartered, or registered to do business in Tennessee; (ii) do *not* lease apartment units or otherwise have operations in Tennessee; and (iii) do *not* have employees in Tennessee, ECF No. 586, as required to defeat a motion to dismiss under Rule 12(b)(2). *See Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012) ("In response to a motion to dismiss, the plaintiff may not stand on his pleadings, but must show the specific facts demonstrating that the court has jurisdiction."). It is therefore undisputed that Moving Defendants have no presence *whatsoever* in Tennessee and Plaintiffs have waived any argument to the contrary. *See Kremer v. Walmart Inc.*, 2023 WL 4771171, at *2 (M.D. Tenn. July 26, 2023) ("When a plaintiff fails to respond to arguments in a motion, he waives any opposition to that argument." (citing *Humphrey v. United States Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008))). In short, Plaintiffs

make no argument in favor of either general or specific personal jurisdiction.[2] And, as the Moving Defendants demonstrated, there is no basis for such a finding.

> ii. Plaintiffs Cannot Use Section 12 Of The Clayton Act To Establish Personal Jurisdiction Over Defendants

The *only* remaining question is whether this Court can use Section 12 of the Clayton Act to establish personal jurisdiction over Defendants. The majority of Courts of Appeal, various District Courts within and outside the Sixth Circuit, and a prominent antitrust treatise (on which Plaintiffs themselves rely) all agree that Plaintiffs cannot use Section 12 to establish personal jurisdiction over Defendants.

Although neither the Supreme Court nor the Sixth Circuit has weighed in on the circuit split, a majority of Courts of Appeal to address the issue have ruled that "Section 12 must be read as a package deal"—"[t]o avail oneself of the privilege of nationwide service of process, a plaintiff must satisfy the venue provisions of Section 12's first clause." *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 730 (7th Cir. 2013); *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 422–27 (2d Cir. 2005); *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1350–51 (D.C. Cir. 2000). A prominent antitrust treatise—on which Plaintiffs themselves rely in their responsive briefings, *see, e.g.*, ECF No. 623 at 6, 8, 23, agrees with the majority's interpretation. Phillip E. Areeda & Herbert Hovenkamp, Antitrust Law ¶ 271d2 (5th ed. 2023) ("generally accepted canons of statutory construction would appear to favor the narrower construction").

Rather than address decisions that relate to Section 12's application to the circumstances present in this action, Plaintiffs incorrectly declare that the Sixth Circuit resolved the issue in

---

[2] Given the total absence of any connection between the Moving Defendants and the State of Tennessee, Plaintiffs did not even argue the so-called conspiracy theory of personal jurisdiction in their Opposition, *see* ECF No. 585 at 6–7; SAC ¶ 47, thereby abandoning this claim, *see Evans v. Vanderbilt Univ. Sch. of Med.*, 589 F. Supp. 3d 870, 897 (M.D. Tenn. 2022); *Doe v. Bredesen*, 507 F.3d 998, 1007–08 (6th Cir. 2007).

*Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430 (6th Cir. 2012).  Yet *Carrier* did not consider (and the underlying parties did not brief for the Sixth Circuit to consider) the issue before the Court here: whether the venue clause of Section 12 must be satisfied before an antitrust plaintiff may benefit from the nationwide personal jurisdiction afforded by the statute's nationwide service of process clause against *domestic* defendants.  Neither this Court in 2017 nor any other in this Circuit has interpreted the *Carrier* decision from 2012 to resolve the relevant issue here.  *See, e.g.*, *Kentucky v. Marathon Petroleum Co.*, 464 F. Supp. 3d 880, 886 (W.D. Ky. 2020) ("The Sixth Circuit has not yet considered this discrete question."); *Hosp. Auth. of Metro. Gov't of Nashville v. Momenta Pharms., Inc.*, 2016 WL 5724306, at *20 (M.D. Tenn. Sept. 29, 2016) ("Although *the Sixth Circuit has not weighed in on this issue*, decisions of other circuits provide guidance." (emphasis added)), *report and recommendation adopted in relevant part*, 244 F. Supp. 3d 705 (M.D. Tenn. 2017); *Prakash v. Altadis U.S.A. Inc.*, 2012 WL 1109918, at *17 & n.14 (N.D. Ohio Mar. 30, 2012) ("Notwithstanding the provisions of 15 U.S.C. § 22, [Defendant] cannot be sued in Ohio because it cannot be found in Ohio" and "[a]lthough this statute provides for nationwide service process, proper venue is still required in order to confer personal jurisdiction.").

Nor has any other federal court found that the Sixth Circuit has addressed this issue.  *See, e.g.*, *Zeavision, LLC v. Bausch & Lomb Inc.*, 2022 WL 17092453, at *2 (E.D. Mo. Nov. 21, 2022) (five federal circuits have addressed this issue), *appeal voluntary dismissed with prejudice by* No. 22-3620 (8th Cir. Aug. 21, 2023); *Budicak, Inc. v. Lansing Trade Grp., LLC*, 2020 WL 758801, at *3 n.20 (D. Kan. Feb. 14, 2020) (same); *Ramzan v. GDS Holdings Ltd.*, 2019 WL 4748001, at *4–5 (E.D. Tex. Sept. 30, 2019) (same); *In re Blue Cross Blue Shield Antitrust Litig.*, 26 F. Supp. 3d 1172, 1194–95 (N.D. Ala. 2014) (same).  And for good reason—*Carrier* did not deal with venue at all.  *Carrier* simply applied the nationwide service of process clause to find sufficient contacts

existed between European defendants and the United States. In this way, *Carrier* is consistent with virtually all interpretations of the nationwide service of process clause. *See, e.g.*, *KM Enters., Inc.*, 725 F.3d at 724 (citing *Carrier* for the proposition that the "second clause provides for nationwide (indeed, worldwide) service of process and therefore nationwide personal jurisdiction"). Moreover, the European defendants in *Carrier* did not argue that exercise of personal jurisdiction based on their contacts would be unreasonable, *Carrier*, 673 F.3d at 451—a point the domestic Moving Defendants, having undisputedly no contacts whatsoever with the relevant forum, obviously contend.

Plaintiffs also mischaracterize the decisions that have grappled with the scope of Section 12. Plaintiffs assert that "no district court in this Circuit has ever imposed . . . [the] venue requirement, and *every district court in this Circuit* to consider the issue has rejected the exact argument that Defendants raise here." Opp. at 4 (emphasis added). Plaintiffs are wrong. *See Kentucky*, 464 F. Supp. 3d at 886 ("district courts in the circuit are, as noted by the parties, divided on the issue" (collecting cases)). Plaintiffs also ignore the plethora of district courts sitting in circuits that have not weighed in on the split (like the Sixth Circuit) and that chose to adopt the majority's view because "[t]o hold otherwise would be to hold that Congress intended no restrictions on personal jurisdiction in antitrust cases, a puzzling and inequitable interpretation." *DataCell ehf. v. Visa, Inc.*, 2015 WL 4624714, at *4 (E.D. Va. July 30, 2015); *see, e.g.*, *Zeavision*, 2022 WL 17092453, at *2 ("[A] plaintiff cannot rely on the standard federal venue provision, 28 U.S.C. § 1391, while claiming nationwide personal jurisdiction under the Clayton Act[.]"); *Willis Elec. Co. v. Polygroup Macau Ltd. (BVI)*, 437 F. Supp. 3d 693, 703 (D. Minn. 2020) ("[T]he Clayton Act provides for personal jurisdiction over a corporate defendant so long as venue is established under 15 U.S.C. § 22[.]"); *Prakash*, 2012 WL 1109918, at *17 ("Although this statute

5

provides for nationwide service process, proper venue is still required in order to confer personal jurisdiction[.]" (internal quotations omitted)); *In re Blue Cross Blue Shield Antitrust Litig.*, 26 F. Supp. at 1196 ("[T]he minority viewpoint, which understands Section 12 to provide nationwide venue, not only renders Section 12's venue provision superfluous, but also eviscerates Section 1391's limits on venue" creating a "statutory Frankenstein"); *see also* Areeda & Hovenkamp, *supra*, ¶ 271d (any issue posed by the majority's view regarding alien corporations, over which jurisdiction is based on "aggregate contacts with the United States as a whole[,] is addressed by the special service provision of [FRCP] 4(k)(2)" and the alien venue statute, 28 U.S.C. § 1391(c)(3), that "allows venue anywhere").

Instead, Plaintiffs cite to three decisions by district courts in this Circuit, including one by this Court, that came out the other way. But each of those cases involved entirely different factual and procedural circumstances. *See Hospital Authority*, 2016 WL 5724306, at *21; *In re Auto. Parts Antitrust Litig.*, 2015 WL 897857, at *4 (E.D. Mich. Mar. 2, 2015); *Am. Copper & Brass, Inc. v. Boliden AB*, 2006 WL 8434908, at *7 (W.D. Tenn. Mar. 28, 2006). As Defendants explained in their opening brief, *Hospital* involved a corporate defendant that—unlike the Moving Defendants—had direct business contacts with this District. *See Hospital Authority*, 2016 WL 5724306, at *21. Moreover, *Hospital* ultimately found venue proper under 28 U.S.C. § 1391(b)(2), *see id.* at *21, an argument that Plaintiffs here did not brief, *see infra* at 8, and thereby have waived. Since this Court's decision in *Hospital*, many district courts sitting in circuits that have not weighed in on the issue (like the Sixth Circuit) have endorsed the majority view. *E.g.*, *Zeavision*, 2022 WL 17092453, at *2; *MNG 2005, Inc. v. Paymentech, LLC*, 2020 WL 6582660, at *3 n.3 (E.D. Mo. Nov. 9, 2020); *Ramzan*, 2019 WL 4748001, at *4–5; *Willis*, 437 F. Supp. 3d at 703.

6

Plaintiffs' reliance on *In re Auto. Parts* fares no better. The defendants in *In re Auto. Parts* were challenging the personal jurisdiction of *the MDL court*, not that of any transferor court. *See* 2015 WL 897857, at *4. This procedural point was "[m]ore important[]" than analyses underlying the circuit split over Section 12 (which the court found to be not "on point") because "it is well-settled that in multidistrict cases the United States serves as the appropriate forum for analyzing jurisdictional contacts." *Id.* In this context, the majority's analysis of Section 12 "fail[ed] to persuade the Court." *Id.* at *3.[3] And *Am. Copper & Brass, Inc.*, which involved an alien corporate defendant, is similarly unpersuasive. *See* 2006 WL 8434908, at *7 ("[T]he Alien Venue Statute, which provides that an alien may be sued in any district, makes venue proper in this Court notwithstanding whether or not personal jurisdiction may be proper under Section 12.").

Plaintiffs do not contest that under the majority view—which Plaintiffs' own authorities endorse—this District is not a proper venue. Regardless, Plaintiffs concede that Moving Defendants have no presence *whatsoever*, let alone do not transact business "of any substantial character," in Tennessee. *United States v. Scophony Corp. of Am.*, 333 U.S. 795, 807 (1948). Because Plaintiffs cannot mix and match Section 12's nationwide service of process clause with 28 U.S.C. § 1391 (the general federal venue statute), Plaintiffs "cannot employ Section 12's service of process provision to secure personal jurisdiction over Defendants," *Daniel*, 428 F.3d at 427, and the Court should dismiss the Moving Defendants from the Original Tennessee Actions.

B.  **The Middle District Of Tennessee Is An Improper Venue**

Even if Plaintiffs had not conceded that venue is improper under Section 12 and could, in theory, establish personal jurisdiction under Section 12, Plaintiffs still fail to establish venue under

---

[3] Moving Defendants do not challenge this Court's jurisdiction as an MDL court for purposes of pretrial proceedings.

28 U.S.C. § 1391(b). Plaintiffs argue that venue is proper under § 1391(b)(1)[4] only, thereby waiving any opposition to the argument that venue is improper under § 1391(b)(2). *Kremer*, 2023 WL 4771171, at *2. But since Plaintiffs have already waived any argument as to general, specific, and the so-called conspiracy theory of personal jurisdiction, Plaintiffs' only remaining argument for applying § 1391(b)(1) is that personal jurisdiction exists under Section 12's interaction with § 1391(c)(2). This logic "requires a court's inquiry into venue and jurisdiction in antitrust cases to become indisputably circular and monolithic," *Mgmt. Insights, Inc. v. CIC Enters., Inc.*, 194 F. Supp. 2d 520, 532 (N.D. Tex. 2001), and runs afoul of the Supreme Court's conclusion that § 1391(c) was only intended to allow for proper venue in "any judicial district in which the corporate defendant 'is doing business'," not in any district regardless of whether the corporation has any connection to it whatsoever, *Pure Oil Co. v. Suarez*, 384 U.S. 202, 204 (1966). Because Plaintiffs' argument under § 1391(b)(1) must fail, and Plaintiffs have waived all others under § 1391(b), the Court should dismiss the Original Tennessee Actions for improper venue under Rule 12(b)(3).

### III. CONCLUSION

For all of these reasons, the Moving Defendants respectfully request that this Court dismiss them from the Original Tennessee Actions for lack of personal jurisdiction and improper venue.

---

[4] 28 U.S.C. § 1391(b)(1) provides that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."

Dated: November 22, 2023

/s/ Diane R. Hazel
Diane R. Hazel
dhazel@foley.com
FOLEY & LARDNER LLP
1400 16th Street, Suite 200
Denver, CO 80202
Telephone: (720) 437-2000

Elizabeth A. N. Haas (admitted *pro hac vice*)
ehaas@foley.com
Ian Hampton (admitted *pro hac vice*)
ihampton@foley.com
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 271-2400

Tara L. Swafford, BPR #17577
tara@swaffordlawfirm.com
Dylan Harper, BPR #36820
dylan@swaffordlawfirm.com
THE SWAFFORD LAW FIRM, PLLC
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406

*Counsel for Defendant Sherman Associates, Inc.*

/s/ Benjamin R. Nagin
Benjamin R. Nagin (admitted *pro hac vice*)
bnagin@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300

*Counsel for Defendant ConAm Management Corporation*

Respectfully submitted,

/s/ Craig Seebald
Jessalyn H. Zeigler
jzeigler@bassberry.com
BASS, BERRY & SIMS, PLC
150 Third Avenue South
Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200

Craig P. Seebald (admitted *pro hac vice*)
cseebald@velaw.com
Stephen M. Medlock (admitted *pro hac vice*)
smedlock@velaw.com
VINSON & ELKINS LLP
2200 Pennsylvania Ave., N.W.
Suite 500 West
Washington, D.C. 20037
Telephone: (202) 639-6500

Christopher W. James (admitted *pro hac vice*)
cjames@velaw.com
VINSON & ELKINS LLP
555 Mission Street
Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900

*Counsel for Defendant Windsor Property Management Company*

/s/ Richard P. Sybert
Richard P. Sybert (WSBA No. 8357)
rsybert@grsm.com
GORDON REES SCULLY MANSUKHANI
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 321-5222

*Counsel for Defendant Rose Associates Inc.*

| | |
|---|---|
| */s/ Judith A. Zahid* | */s/ Valentine Hoy* |

Judith A. Zahid (admitted *pro hac vice*)
jzahid@zellelaw.com
Heather T. Rankie (admitted *pro hac vice*)
hrankie@zellelaw.com
ZELLE LLP 555 12th Street, Suite 1230
Oakland, CA 94607
Telephone: (415) 633-1916

*Counsel for Defendant Prometheus Real Estate Group, Inc.*

/s/ *Ronald W. Breaux*

Ronald W. Breaux
Ron.Breaux@haynesboone.com
Bradley W. Foster
Brad.Foster@haynesboone.com
HAYNES AND BOONE LLP
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Fax: (214) 200-0376

*Counsel for Defendant CONTI Texas Organization Inc., d/b/a CONTI Capital*

Valentine Hoy
vhoy@allenmatkins.com
Scott Perlin
sperlin@allenmatkins.com
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS
600 West Broadway, 27th Floor
San Diego, CA 92101
Telephone: (619) 233-1155

Patrick E. Breen
pbreen@allenmatkins.com
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS
865 South Figueroa Street, Suite 2800
Los Angeles, CA 90017
Telephone: (213) 622-5555

*Counsel for Defendant Sares Regis Group Commercial, Inc.*

*/s/ Leo D. Caseria*

Leo D. Caseria
lcaseria@sheppardmullin.com
Helen C. Eckert
heckert@sheppardmullin.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC, 20006
Telephone: (202) 747-1925

Arman Oruc
aoruc@goodwinlaw.com
GOODWIN PROCTER, LLP
1900 N Street, NW
Washington, DC 20036
Telephone: (202) 346-4000

*Counsel for Defendant Essex Property Trust, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2023, I caused the foregoing document to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

Dated: November 22, 2023

/s/ *Benjamin R. Nagin*
Benjamin R. Nagin