UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) ) ) ) ) ) ) ) | Case No. 3:23-md-03071<br>MDL No. 3071<br><br>THIS DOCUMENT RELATES TO:<br>3:23-cv-00440 |

# ORDER

Defendant Bell Partners Inc. ("Bell Partners") filed a Motion to Dismiss Plaintiff Nancy Alexander and Related Claims (Doc. No. 577) in Case No. 3:23-cv-3071 and Case No. 3:23-cv-440. The record reflects that Bell Partners is not a defendant in Case No. 3:23-cv-440. Ms. Alexander filed a Response opposing the motion, (Doc. No. 612), yet despite her opposition, she promised to do exactly what it asked and dismiss her claims against Bell Partners. (Id. at 2). She did so on November 21, 2023 by filing a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), which dismissed her claims against Bell Partners without prejudice effective upon filing. (Doc. No. 634). See Purdy v. Purdy, 208 F.3d 214, 214 (6th Cir. 2000). The Court cannot rule upon Bell Partners' motion because Ms. Alexander has voluntarily dismissed her claims against Bell Partners. Bell Partners' Motion is therefore **DENIED AS MOOT**.

The confusion starts when the other Multifamily Defendants filed a Notice of Joinder to Bell Partners' Motion, insisting that "[t]he standing argument raised in the Motion applies to all defendants in Ms. Alexander's complaint, and thus the Motion sought dismissal of Ms. Alexander's complaint in its entirety." (Doc. No. 647). They did so because only Bell Partners filed the initial motion, and, recognizing this, the Multifamily Defendants tried to join Bell Partners' motion after the deadline to file motions had passed. They filed the Notice of Joinder

without offering the Court any good cause for its lateness. If the Multifamily Defendants sought to dismiss Ms. Alexander's claims in their entirety, they should have joined Bell Partners' motion on November 8, 2023, but they did not do so.

Notwithstanding the Multifamily Defendants' slight-of-hand, the Court is obligated to confirm its subject matter jurisdiction and now *sua sponte* raises the issue of Ms. Alexander's standing to bring her claims in <u>Alexander v. The Irvine Co. LLC</u>, 3:23-cv-00440 (M.D. Tenn.) and as a Named Plaintiff in the Second Amended Consolidated Class Action Complaint (Doc. No. 530) in Case No. 3:23-md-3071. The Court orders the Parties to meet-and-confer prior to **December 18, 2023** concerning Ms. Alexander's standing. The Court then gives the Multifamily Defendants leave to file a motion by **December 18, 2023**. Ms. Alexander shall respond by **January 2, 2024**, the Defendants may file a reply by **January 8, 2024**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE