UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|   |   |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071 <br> MDL No. 3071 <br><br> JURY DEMAND <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br><br> This Document Relates to: <br> ALL CASES |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY [DKT. 663]**

On December 7, 2023, Defendants filed a Notice of Supplemental Authority concerning the Fourth Circuit's decision in *United States v. Brewbaker*, Case No. 22-4544 (4th Cir. Dec. 1, 2023). Dkt. 663. Despite Defendants' attempts to characterize that decision as favorable to its various motions to dismiss, *Brewbaker* underscores why Defendants' conduct is properly viewed as a horizontal restraint subject to *per se* scrutiny.[1]

In *Brewbaker*, the government challenged a bid-rigging scheme involving an alleged conspiracy of just two entities who were both horizontally and vertically related. Dkt. 663-1, *Brewbaker* at 15-16. That hybrid relationship within a conspiracy of those two actors with concurrent horizontal and vertical relationships was the crux of the Fourth Circuit's decision. The

---

[1] Gibson Dunn, counsel for RealPage and a signatory to the supplemental authority submission, have published work noting that caselaw supports the finding of a horizontal conspiracy where defendants enter into agreements with a central facilitator knowing that the other defendants are doing the same, which is contrary to what they suggested in their submission. Rachel S. Brass & Caeli A. Higney, *Practical Advice for Avoiding Hub-and-Spoke Liability*, THE ANTITRUST SOURCE, Oct. 2016 at 5, *available at* https://www.gibsondunn.com/wp-content/uploads/documents/publications/Brass-Higney-Practical-Advice-for-Avoiding-Hub-and-Spoke-Liability-The-Antitrust-Source-Oct-2016.pdf (last visited Dec. 8, 2023).

1

entities had a vertical relationship, as a supplier and distributor, and also a horizontal relationship, as competitors bidding for the same projects. *Id.* However, the entities' vertical relationship was central to the analysis of the specific conspiracy at issue; if either entity won the bid-rigged contract, both entities would benefit since the Defendant who 'won' the bid would hire its co-conspirator on the project as a sub-contractor. *Id.* at 2-3. Since both entities benefited from the conspiracy through their vertical (but not because of their horizontal) relationship, the Fourth Circuit overturned the defendant's conviction which had been based on the application of the *per se* standard.[2] *Id.* at 19-20.

This case involves horizontal competitors' efforts to suppress competition at the horizontal level, using RealPage (which sits neither above nor below the other Defendants in a vertical chain of distribution for multifamily residential leases) as a facilitator of their horizontal restraint. Defendants conveniently ignore language in *Brewbaker* that is directly on point.

> The only restraints that the Supreme Court has held to be *per se* unreasonable are purely horizontal, or, in other words, are agreements between entities who are *only* related as competitors. *See, e.g.*, *Arizona v. Maricopa Med. Soc'y*, 457 U.S. 332 (1982) (holding that price fixing between medical organizations is *per se* unreasonable); *Catalano, Inc. v. Target Sales, Inc.*, 446 U.S. 364 (1980) (same for beer wholesalers); *United States v. Topco Assocs.*, 405 U.S. 596, 608–10 (1972) (same for supermarket chains); *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 166 (1940) (same for oil companies); *Palmer v. BRG of Ga., Inc.*, 498 U.S. 46 (1990) (same for market division between bar-review companies). **These include restraints between competitors and nominally vertically related entities that are, in reality, instrumentalities the competitors use to facilitate the restraint among them.** *See Topco*, 405 U.S. at 602–05, 608–09; *United States v. Sealy*, 388 U.S. 350, 352–56 (1967).

Dkt. 663-1, *Brewbaker* at 16 n.9 (emphasis added).

Unlike the vertical manufacturer and distributor relationship in *Brewbaker*, RealPage

---

[2] It is also worth noting that *Brewbaker* is the only decision on record subjecting bid-rigging allegations to anything other then *per se* condemnation.

occupies no vertical relationship to its lessor clients. And *even if* it could be characterized as "nominally vertical," *Brewbaker* confirms the restraint would not escape *per se* condemnation. *Id.* Thus, even *Brewbaker* agrees that the Supreme Court *has* spoken on exactly the restraint alleged here. RealPage is, at most, a "nominally vertically related entit[y]" that is, in reality, an "instrumentalit[y] the competitors use to facilitate the restraint among them." Defendants' conduct is *per se* unlawful and *Brewbaker* does nothing to alter that conclusion.

| | |
|---|---|
| Dated: December 8, 2023 | */s/ Tricia R. Herzfeld*<br>Tricia R. Herzfeld (#26014)<br>Anthony A. Orlandi (#33988)<br>**HERZFELD SUETHOLZ GASTEL LENISKI AND WALL, PLLC**<br>223 Rosa L. Parks Avenue, Suite 300<br>Nashville, TN 37203<br>Telephone: (615) 800-6225<br>tricia@hsglawgroup.com<br>tony@hsglawgroup.com<br><br>*Liaison Counsel*<br><br>Patrick J. Coughlin<br>Carmen A. Medici<br>Fatima Brizuela<br>**SCOTT+SCOTT ATTORNEYS AT LAW LLP**<br>600 West Broadway, Suite 3300<br>San Diego, CA 92101<br>Telephone: (619) 798-5325<br>Facsimile: (619) 233-0508<br>pcoughlin@scott-scott.com<br>cmedici@scott-scott.com<br>fbrizuela@scott-scott.com<br><br>Patrick McGahan<br>Amanda F. Lawrence<br>Michael Srodoski<br>G. Dustin Foster<br>Isabella De Lisi<br>**SCOTT+SCOTT ATTORNEYS AT LAW LLP**<br>156 South Main Street |

P.O. Box 192
Colchester, CT 06145
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
pmcgahan@scott-scott.com
alawrence@scott-scott.com
msrodoski@scott-scott.com
gfoster@scott-scott.com
idelisi@scott-scott.com

Stacey Slaughter
Thomas J. Undlin
Geoffrey H. Kozen
Stephanie A. Chen
J. Austin Hurt
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
sslaughter@robinskaplan.com
tundlin@robinskaplan.com
gkozen@robinskaplan.com
schen@robinskaplan.com
ahurt@robinskaplan.com

Swathi Bojedla
Mandy Boltax
**HAUSFELD LLP**
888 16th Street, N.W., Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
sbojedla@hausfeld.com
mboltax@hausfeld.com

Gary I. Smith, Jr.
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
gsmith@hausfeld.com

Katie R. Beran
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106

4

Telephone: 1 215 985 3270
kberan@hausfeld.com

*Interim Co-Lead Counsel*

Eric L. Cramer
Michaela L. Wallin
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
ecramer@bm.net
mwallin@bm.net

Daniel J. Walker
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
Telephone: (202) 559-9745
dwalker@bm.net

Brendan P. Glackin
Dean M. Harvey
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, Suite 2900
San Francisco, CA 94111
Telephone: 415-956-1000
bglackin@lchb.com
dharvey@lchb.com

Mark P. Chalos
Hannah R. Lazarz
Kenneth S. Byrd
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue South, Ste. 1640
Nashville, TN 37201
(615) 313-9000
mchalos@lchb.com
hlazarz@lchb.com
kbyrd@lchb.com

Steve W. Berman
Breanna Van Engelen
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292

Christian P. Levis
Vincent Briganti
Peter Demato
Radhika Gupta
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
pdemato@lowey.com
rgupta@lowey.com

Christopher M. Burke
Walter W. Noss
Yifan (Kate) Lv
**KOREIN TILLERY P.C.**
707 Broadway, Suite 1410
San Diego, CA 92101
Telephone: (619) 625-5621
Facsimile (314) 241-3525
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

Joseph R. Saveri
Steven N. Williams
Cadio Zirpoli
Kevin E. Rayhill
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
czirpoli@saverilawfirm.com
krayhill@saverilawfirm.com

Jennifer W. Sprengel
Daniel O. Herrera
Alexander Sweatman
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, IL 60603

6

Facsimile: (206) 623-0594
steve@hbsslaw.com
breannav@hbsslaw.com

Benjamin J. Widlanski
Javier A. Lopez
**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
bwidlanski@kttlaw.com
jal@kttlaw.com

Telephone: 312-782-4880
Facsimile: 312-782-4485
jsprengel@caffertyclobes.com
dherrera@caffertyclobes.com
asweatman@caffertyclobes.com

*Plaintiffs' Steering Committee Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Tricia R. Herzfeld*
Tricia R. Herzfeld
