**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II)** | **Case No. 3:23-md-3071**<br>**MDL No. 3071**<br><br>**Chief Judge Waverly D. Crenshaw, Jr.**<br><br>**JURY DEMAND**<br><br>**This Document Relates to: 3:23-cv-00742** |

**JOINT STATUS REPORT CONCERNING PERSONAL JURISDICTION**

On October 9, 2023, certain Defendants[1] filed a Motion to Dismiss Tennessee Actions for Lack of Personal Jurisdiction and Improper Venue. Dkt. 583 ("Motion"). Defendants' Motion sought to dismiss two actions originally filed in Tennessee, as against those Defendants who do not have operations in Tennessee. *Id.* at 2. Plaintiffs timely opposed, and Defendants replied. Dkt. 616, 645. In December 2023, Plaintiffs voluntarily dismissed one of the actions subject to the Motion—*Alexander v. RealPage, Inc.,* No. 3:23-cv-00440 (M.D. Tenn.)—mooting Defendants' motion as to that case. Dkt. 676, 682. The remaining Tennessee action that is subject to Defendants' Motion is *Kabisch v. RealPage, Inc.*, No. 3:23-cv-00742 (M.D. Tenn.) ("*Kabisch*"), which was filed directly in M.D. Tenn., identified at the time of filing as related to this MDL, and subsequently

[1] ConAm Management Corporation ("ConAm"), CONTI Texas Organization Inc., d/b/a CONTI Capital ("CONTI"), Essex Property Trust, Inc. ("Essex"), Prometheus Real Estate Group, Inc. ("Prometheus"), Rose Associates, Inc. ("Rose"), Sares Regis Group Commercial, Inc. ("Sares Regis"), Sherman Associates, Inc. ("Sherman"), and Windsor Property Management Company ("Windsor").

assigned to this Court. Because *Kabisch* was originally filed in M.D. Tenn., it was made part of the MDL proceeding and centralized in front of this Court without a need for transfer by the JPML.

On January 9, 2024, the Court held a telephonic status conference regarding Defendants' pending Motion. The Court indicated, and counsel discussed whether "28 U.S.C. § 1631 permits transfer instead of dismissal, which would more likely than not return the case to this Court." Dkt. 697. On January 10, 2024, the Court ordered the parties to meet and confer "on the preservation of Defendants' jurisdictional arguments in light of the practical implications of transfer in the multidistrict litigation" and further ordered the parties to "jointly file notice on the extent of their agreement" by January 19, 2024. *Id.*

The parties met and conferred as a group on January 11 and January 17, and counsel for Plaintiffs had additional bilateral conversations with counsel for individual Defendants. The parties also exchanged several emails articulating the legal authority for their respective positions. Plaintiffs support deferring resolution of Defendants' Motion and remain willing to stipulate to preserve each party's arguments. Defendants do not agree to defer resolution of their Motion and request the Court rule on the Motion at this time.

To narrow the dispute and minimize the burden on the Court, and reserving all rights and arguments concerning personal jurisdiction, Plaintiffs have agreed to dismiss Defendants ConAm, Essex, Sherman, and Windsor from the *Kabisch* litigation, as each of these Defendants is named in another constituent class case in which it does not contest personal jurisdiction. Thus, the instant dispute is non-dispositive for those Defendants, and they will remain in this MDL. That dismissal without prejudice will be filed in short order. Defendants ConAm, Essex, Sherman, and Windsor agree that the dismissal will resolve the Motion (Dkt. 583) as it relates to them.

The remaining Defendants—Prometheus, Sares Regis, Rose, and CONTI[2]—continue to maintain their Motion. The parties' respective positions as to those Defendants are laid out below.

**Plaintiffs' Position as to Prometheus, Sares Regis, Rose, and CONTI**

Plaintiffs agree with the Court "that 28 U.S.C. § 1631 permits transfer instead of dismissal, which would more likely than not return the case to this Court." Dkt. 697. Plaintiffs further agree with the Court that, under any plausible scenario, each Defendant will remain in the MDL for pretrial proceedings, and neither the parties nor the Court are served by the delay that will result if Defendants have their way. While the best path forward is for the parties to stipulate to defer resolution of Defendants' Motion on personal jurisdiction until the conclusion of the MDL, at which point this Court can decide the Motion if it remains necessary to do so, Defendants remain unwilling to do so. As such, Plaintiffs have four alternative proposals, each discussed below.

First, Plaintiffs respectfully submit that the Court can, on its own volition, defer ruling on Defendants' Motion under Fed. R. Civ. P. 12(i). Second, the Court can order additional briefing and decide the Motion on the merits. Third, if Defendants maintain their refusal to stipulate, then the Court can exercise its discretion to deny the motions to dismiss and otherwise sever the remaining four moving Defendants from the *Kabisch* case and transfer them to districts in which personal jurisdiction is not disputed—Washington for Prometheus and Sares Regis, New York for Rose, and Texas for CONTI. Fourth and finally, Plaintiffs are also amenable to filing new member cases (with no changes to the substantive allegations in the operative Complaint) against

[2] CONTI is currently named as a defendant in member case *Vincin v. RealPage, Inc.*, No. 3:23-cv-00410 (M.D. Tenn.), which was originally filed in the Western District of Texas and transferred to this MDL. Given that the *Vincin* case is currently proceeding as an individual action, and out of an abundance of caution to preserve the rights of the putative class, Plaintiffs have not elected to dismiss CONTI from *Kabisch* at this time.

Prometheus and Sares Regis in Washington and against Rose in New York.[3] While this path will not avoid delay, it allows Plaintiffs to preserve their claims, and once tagged and transferred into the MDL, Defendants' Motion could be denied as moot.

First, Fed. R. Civ. P. 12(i) states that "[i]f a party so moves, [a defense of lack of personal jurisdiction and improper venue,] whether made in a pleading or by motion … must be heard and decided before trial unless the Court orders a deferral until trial." This Court retains the discretion to defer deciding on Defendants' Motion, given that the outcome will remain the same regardless of the Court's decision—either the Court will deny the Motion on its merits, and Defendants will remain in the MDL, or else it would transfer the *Kabisch* action as to those Defendants under 28 U.S.C. § 1631, with the same ultimate result. As such, there is no prejudice to any party if the Court exercises its discretion to defer ruling.

Second, if the Court is inclined to decide Defendants' Motion on the merits, given Defendants' lack of agreement to stipulate, Plaintiffs request the opportunity to provide limited additional briefing concerning the policy reasons for Plaintiffs' legal position on personal jurisdiction as well as alternative bases for personal jurisdiction in M.D. Tenn., including conspiracy jurisdiction. The Court may benefit from reopening the briefing record before rendering its decision.

Third, Plaintiffs agree that this Court can, under 28 U.S.C. § 1631, sever Plaintiff Joshua Kabisch's claims against Prometheus, Sares Regis, Rose, and CONTI and transfer them to districts in which those Defendants do not contest personal jurisdiction. Both Prometheus and Sares Regis have operations in Washington state, Rose operates in New York, and CONTI operates in Texas.

[3] Given that CONTI is currently subject to personal jurisdiction in the *Vincin* action, there would not be a need to file an additional complaint against CONTI at this time.

Thus, in lieu of dismissing Plaintiff Kabisch's claims against those Defendants, this Court could sever and transfer the claims as to Prometheus and Sares Regis to the Western District of Washington, those as to Rose to the Southern District of New York, and those as to CONTI to the Western District of Texas. Ultimately, those claims would be tagged as related and be rerouted through the JPML back to this MDL.

Without any citation to case law, Defendants dispute that this Court has the authority to make such transfers. They have argued in meet and confers that, under 28 U.S.C. § 1631, the entire case must be transferred to a jurisdiction in which personal jurisdiction exists for every single Defendant. That is contrary to law. Indeed, in *Does 1-144 v. Chiquita Brands Int'l, Inc.*, 285 F. Supp. 3d 228 (D.D.C. 2018), Judge Friedman in D.D.C. undertook exactly the process that the Court has outlined here. There, the plaintiffs had filed suit in D.D.C. against defendants who contested personal jurisdiction. Judge Friedman found that personal jurisdiction was not pled in that district. Rather than dismissing, Judge Friedman concluded that "the interest of justice will be served by transferring the claims rather than dismissing them" and that "individual defendants would not be prejudiced by transfer to districts where they reside, where they conducted their business, or where the acts giving rise to the liability occurred." *Id.* at 236.

Judge Friedman also noted that "[i]n this case, where no single court has personal jurisdiction over all of the individual defendants, the parties do not dispute that the claims must be severed before they can be transferred to the proper jurisdiction." *Id.* at 239. Citing Fed. R. Civ. P. 21, and over defendants' objections, Judge Friedman severed the claims such that plaintiffs had three separate actions against defendants pending in three different courts—against two defendants in D.C., against four defendants in Ohio, and against two defendants in Florida. *Id.* Judge Friedman overruled defendants' complaints about proceeding against the same plaintiffs on the same conduct

in multiple forums, noting that "the prospect of multiple suits in different jurisdictions is unavoidable here—and not unusual in multidistrict litigation…." *Id.*

Despite repeated requests, Defendants cite no authority supporting their position that such a transfer would be improper. Instead, they rely on *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) and its progeny to argue that this Court, as the MDL transferee court, cannot directly transfer cases to other jurisdictions. But in the *Kabisch* case, this Court is not the transferee court under 28 U.S.C. § 1407; it is the forum court. Unlike other member cases in this MDL, the JPML never transferred the *Kabisch* action to this Court under § 1407. While the process might be different if the member case at issue was transferred to this Court under § 1407, that is not the case here.[4] None of the cases cited by Defendants prohibit the process outlined by the Court and followed by Judge Friedman in *Chiquita*.

Defendants' attempts to distinguish *Chiquita* are equally unavailing. They argue that the interests of justice are not served by transferring the claims, because the claims would not otherwise be time-barred as they would have been in *Chiquita*. But courts have found that

---

[4] Even for cases transferred and consolidated under § 1407, Defendants' own cited case demonstrates that an MDL court still has the discretion to remand a member case through the JPML to the transferor court, with instructions to transfer the case to a jurisdiction where personal jurisdiction can be found, and then back through the JPML to the MDL court. *Kalama v. Matson Navigation Co., Inc.*, 875 F.3d 297 (6th Cir. 2017) (noting that alternative to dismissal of requesting remand to transferor court with instructions to transfer case to appropriate venue is within MDL court's discretion). Indeed, that is the exact process that led to the *Chiquita* case, discussed above, returning to Judge Friedman for transfer. *See In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*, 190 F. Supp. 3d 1100, 1123 (S.D. Fla. 2016) ("Rather than dismiss the complaints . . . the Court has determined, in the interest of justice, to enter an order suggesting that the MDL remand the matters to the originating courts, pursuant to MDL Panel Rule 7.6(c), for the limited purpose of allowing Plaintiffs to attempt to cure the jurisdictional defects presented as to the Individual Defendants by transfer to the district court(s) having jurisdiction over these Defendants. In doing so, the Court recognizes that these cases will benefit from further coordinated proceedings as part of this MDL proceeding, and, in the event the jurisdictional defects may be remedied on remand, remains amenable to a transfer of the cases back to this District for consolidation with the pending MDL proceedings.").

"allowing Plaintiff's claim to be heard in an appropriate forum" serves the interests of justice for a § 1631 transfer. *In-Flight Crew Connections, LLC v. Flight Crews Unlimited, Inc.*, 2018 WL 2703260, at *4 (W.D.N.C. June 5, 2018). Additionally, transfer will serve the interests of justice by avoiding delay, duplicative briefing, and the inefficiencies of filing and serving a new complaint instead of transferring an existing case. *Estell v. Trate*, 023 WL 2088282, at *4 (E.D. Cal. Feb. 17, 2023) ("Transfer of this case serves the interests of justice by preventing an unnecessary delay caused by requiring Petitioner to re-file in the Northern District of Illinois. Thus, transfer of the petition satisfies 28 U.S.C. § 1631."); *In-Flight Crew Connections*, 2018 WL 2703260, at *4 ("[I]t is preferable, if permitted, to transfer a case rather than dismiss it, so as to avoid delay in reaching the merits of an otherwise facially valid claim."). Nor do Defendants cite any authority for their proposition that a single plaintiff cannot maintain actions against different defendants in different jurisdictions. Indeed, each of the plaintiffs in *Chiquita*, upon transfer, was doing so.

As a last option, Plaintiffs are amenable to filing new complaints (with no changes to the substantive allegations from the operative complaint) against Defendants Prometheus and Sares Regis in the Western District of Washington, and against Rose in the Southern District of New York. Those new complaints would then be tagged and transferred to the MDL, at which point Plaintiffs could dismiss those Defendants from the *Kabisch* case and moot Defendants' Motion entirely. However, some of the remaining Defendants will not stipulate to simply answering the new complaints, and instead wish to reserve the right to file additional motions to dismiss. Absent Defendants' stipulation that they will not seek to use these procedural filings to bring additional Rule 12(b)(6) motions, this option has the potential to delay the proceedings and create inefficiencies.

**Defendants Prometheus, Sares Regis, Rose, and CONTI's Position**

Defendants CONTI, Prometheus, Rose, and Sares Regis (collectively "Defendants") respectfully request that the Court rule on Defendants' Motion to Dismiss Tennessee Actions for Lack of Personal Jurisdiction and Improper Venue ("Motion"). Defendants have thoroughly considered whether 28 U.S. Code § 1631 could cure the jurisdictional infirmities raised in their Motion, as raised by the Court during the January 9, 2024 teleconference. While perhaps appropriate in other circumstances outside of an MDL context and not involving a single-plaintiff action filed against multiple defendants from different parts of the country, Defendants are unaware of any procedural basis for the Court to cure all four Defendants' jurisdictional challenges within the current framework.

As a transferee court for an MDL,[5] this Court is precluded from simply transferring a case to any other district, whether under 28 U.S.C. § 1404(a), § 1406(a) or § 1631, without adhering to the rules and authority afforded to it under 28 U.S.C. § 1407 and *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). *See, e.g.*, *In Re Zostavax (Zostavax Vaccine Live) Products Liability Litigation*, 358 F. Supp. 3d 418, 424-425 (E.D. Pa. 2019); *In re Abbott Lab'ys, et al., Preterm Infant Nutrition Prod. Liab. Litig.*, No. 22C2011, 2023 WL 8527415, at *10 (N.D. Ill. Dec. 8, 2023) ("while a district court could normally transfer a case to cure venue defects under 28 U.S.C. § 1404(a), transferee courts in MDLs lack this power."); *In re Nat'l Collegiate Athletic*

[5] Plaintiffs improperly challenge whether this Court is the "transferee court" for *Kabisch*, simply because it was filed directly into this jurisdiction. As the JPML's Civil Docket for MDL No. 3071 clearly states, this MDL proceeding has been "Assigned to: Waverly D. Crenshaw, Jr." and the "Transferee District: Tennessee Middle". The numerous member cases listed below this assignment show that they either required transfer or were assigned the acronym "NTN," meaning No Transfer Necessary—as is shown beside the *Kabisch* matter, along with several others filed directly into the Transferee District. The fact that such cases were filed here does not remove them from the centralized MDL proceeding, nor does it change the JPML assignment of this Court as the "Transferee" court under 28 U.S.C. § 1407.

*Assoc. Student-Athlete Concussion Injury Litig.*, No. 16 CV 8727, MDL No. 2492, 2023 WL 6461232, at *6–7 (N.D. Ill. Oct. 4, 2023) (finding that § 1407(a), as interpreted in *Lexecon*, precludes the transferee court from ordering a transfer); *In re Camp Lejeune North Carolina Water Contamination Litig*., 263 F. Supp. 3d 1318, 1334–35 (N.D. Ga. 2016) (same). The Sixth Circuit explained that, under *Lexecon*, MDL transferee courts "are foreclosed from directly transferring cases to themselves or to other districts" and affirmed the MDL court's order dismissing defendants for lack of personal jurisdiction. *Matthews v. Chas. Kurz & Co*., 791 F. App'x 556, 567 (6th Cir. 2019); *Kalama v. Matson Navigation Co., Inc*., 875 F.3d 297, 308 (6th Cir. 2017) (holding that "[u]nder *Lexecon*, the MDL court had no power to directly transfer plaintiff–appellants' cases to a venue with personal jurisdiction over defendant–appellees."). As the MDL transferee court, this Court has two possible options for rectifying *Kabisch*'s jurisdictional defects: (1) it can deny the Motion and ask the JPML to remand the matter (in this case, to its own court) to try to cure the jurisdictional defects via subsequent transfer; or (2) it can grant the Motion, dismissing the action under 28 U.S.C. § 1406, and presumably Plaintiffs could try to keep Defendants in this case by filing new matters in each of the appropriate courts, while withstanding any subsequent pleading challenges. *See, e.g., In re Abbott Lab'ys*, 2023 WL 8527415, at *10-11. It may be that Plaintiffs can do so, but that is by no means a given.[6]

Assuming the Court denies the Motion and seeks the appropriate authority from the JPML to essentially remand *Kabisch* to its own court (outside of the MDL) to seek to address these jurisdictional defects, the Court must confront the clear problem of how it can transfer a *single-*

[6] While Plaintiffs may state that they will refrain from changes to substantive allegations in new complaints, there still remains legitimate bases for new pre-answer briefing, including enforcement of arbitration clauses or class action waivers, or personal jurisdiction challenges if other defendants are named.

plaintiff matter to at least *three* separate jurisdictions. In the parties' meet and confer efforts, Plaintiffs relied on one, starkly distinguishable decision from outside this Circuit to insist that this Court can simply sever the claims against each of the four Defendants under Fed. R. Civ. P. 21 and send each severed claim to the appropriate jurisdiction pursuant to 28 U.S. Code § 1631. *See Does 1–144 v. Chiquita Brands International, Inc.*, 285 F. Supp. 3d 228 (D.D.C. 2018). This proposal, however, cannot work with Plaintiffs' *single* class representative (Mr. Kabisch) and should not be allowed because it does not meet the requirements of either rule (FRCP 21 or § 1631) that such decisions be made only "if in the interest of justice." 28 U.S.C. § 1631; *Chiquita*, 285 F. Supp. 3d at 239. Further, *Chiquita* on its face is clearly limited to its extraordinary facts. Unlike the *Chiquita* matter, brought by *144 individual* Jane/John DOES (family members of victims tortured and killed by terrorists in Columbia allegedly funded by the defendants) and facing a likely prospect of being time-barred if the jurisdictional issues were not cured (285 F. Supp. 3d at 231, 236), here the case was brought by *one* named plaintiff, Mr. Kabisch, with no remotely comparable interest of justice[7] and no authorized process for allowing him to splinter off multiple separate claims from his one complaint, serve as the only plaintiff in each action, and avoid any subsequent pleading challenges that might arise out of these new matters. Both FRCP 21 and § 1631's requirement that severing a claim and transferring an action be done only "if in the interest of justice" favors Defendants here, for all the same estoppel and fairness reasons stated below.

Without a procedural remedy to cure these dispositive issues, Defendants would be severely prejudiced if a ruling on their motion were deferred. Should the Court dismiss Kabisch's

[7] Transfer is "in the interest of justice" when "[t]he possibility that these claims, which have already survived dismissal . . . , could be permanently time-barred if dismissed," *Chiquita*, 285 F. Supp. 3d at 236, or when "the original action was misfiled by a pro se plaintiff or by a plaintiff who, in good faith, misinterpreted a complex or novel jurisdictional provision." *Janvey v. Proskauer Rose, LLP*, 59 F. Supp. 3d 1, 7–9 (D.D.C. 2014). Neither is the case here.

claims as to Defendants, Prometheus, Rose, and Sares Regis will be fully dismissed from the MDL, and CONTI will remain only as a defendant in Vincin's individual action.[8] If the decision on this dispositive issue is deferred, these Defendants—four of the smallest and just 1-3% the size of the largest defendant in the MDL, as alleged—will be required to undergo costly, burdensome, and unnecessary discovery, despite a pending meritorious Rule 12(b) motion, forcing them to litigate a matter when no personal jurisdiction exists over them. *Boulger v. Woods*, 306 F. Supp. 3d 985, 996 (S.D. Ohio 2018), *aff'd*, 917 F.3d 471 (6th Cir. 2019) ("the Court has no power to render a merits decision if it lacks personal jurisdiction over the defendant"). Defendants therefore request the Court rule on the pending motion at this time, without further briefing and attendant delay.

Moreover, should the Court grant Defendants' Motion, then estoppel and fairness principles preclude Plaintiffs from filing new actions at this late stage. The parties met and conferred on these jurisdictional deficiencies in June 2023, and while Plaintiffs elected to file new actions after that time, they failed to cure these fatal deficiencies. Indeed, Mr. Kabisch and Ms. Haynes both filed cases following the parties' June meet and confer, but these Plaintiffs elected to file those actions in jurisdictions that did not cure the personal jurisdiction and venue deficiencies as to CONTI, Prometheus, Rose, and Sares Regis. Plaintiffs should be held to the Court's instruction that their September 7, 2023 second amended consolidated complaint be Plaintiffs' "last and

---

[8] As Plaintiffs point out, the *Vincin* case is currently proceeding as an individual action following the Court's order enforcing Ms. Vincin's class action waiver. CONTI has subject matter jurisdiction defenses to Ms. Vincin's individual claims. As explained on multiple occasions to Plaintiffs, Ms. Vincin never resided at a CONTI-owned property that utilized RealPage's revenue management services. She therefore lacks standing to pursue any individual claims against CONTI. Mr. Kabisch also lacks standing to pursue class action claims against CONTI, since the court has enforced the class action waiver in his Greystar lease, and Mr. Kabisch's remaining leases preceded the time period in which CONTI used RealPage's RMS software. Despite the fact that no plaintiff has standing to pursue claims against CONTI, plaintiffs insist that CONTI defer its defenses and participate willingly in the consolidated class action. CONTI will not agree to do so, nor should it.

forever opportunity to amend their complaints." Aug. 9, 2023 Hrg. Tr. at 14:20-25; *accord* 16:7-11; 19:7-17. Defendants, therefore, respectfully request that their motion to dismiss be granted and Plaintiffs be held to their representation that: "we're going to file the final/forever amended complaint in Multifamily on September 7th." *Id*. 19:9-11.

Dated: January 19, 2024


*/s/ Tricia R. Herzfeld*
Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
**HERZFELD SUETHOLZ GASTEL LENISKI AND WALL, PLLC**
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37203
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com

*Plaintiffs' Liaison Counsel*

Patrick J. Coughlin
Carmen A. Medici
Fatima Brizuela
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 798-5325
Facsimile: (619) 233-0508
pcoughlin@scott-scott.com
cmedici@scott-scott.com
fbrizuela@scott-scott.com

Patrick McGahan
Amanda F. Lawrence
Michael Srodoski
G. Dustin Foster
Isabella De Lisi
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06145
Telephone: (860) 537-5537
Facsimile: (860) 537-4432

pmcgahan@scott-scott.com
alawrence@scott-scott.com
msrodoski@scott-scott.com
gfoster@scott-scott.com
idelisi@scott-scott.com

Stacey Slaughter
Thomas J. Undlin
Geoffrey H. Kozen
Stephanie A. Chen
J. Austin Hurt
Caitlin E. Kepier
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
sslaughter@robinskaplan.com
tundlin@robinskaplan.com
gkozen@robinskaplan.com
schen@robinskaplan.com
ahurt@robinskaplan.com
ckeiper@robinskaplan.com

Swathi Bojedla
Mandy Boltax
**HAUSFELD LLP**
888 16th Street, N.W., Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
sbojedla@hausfeld.com
mboltax@hausfeld.com

Gary I. Smith, Jr.
Joey Bui
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
gsmith@hausfeld.com

Katie R. Beran
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: 1 215 985 3270

kberan@hausfeld.com

*Interim Co-Lead Counsel*

Eric L. Cramer
Michaela L. Wallin
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
ecramer@bm.net
mwallin@bm.net

Daniel J. Walker
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
Telephone: (202) 559-9745
dwalker@bm.net

Brendan P. Glackin
Dean M. Harvey
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, Suite 2900
San Francisco, CA 94111
Telephone: 415-956-1000
bglackin@lchb.com
dharvey@lchb.com

Mark P. Chalos
Hannah R. Lazarz
Kenneth S. Byrd
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue South, Ste. 1640
Nashville, TN 37201
(615) 313-9000
mchalos@lchb.com
hlazarz@lchb.com
kbyrd@lchb.com

Benjamin J. Widlanski
Javier A. Lopez
**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
bwidlanski@kttlaw.com

Christian P. Levis
Vincent Briganti
Peter Demato
Radhika Gupta
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
pdemato@lowey.com
rgupta@lowey.com

Christopher M. Burke
Walter W. Noss
Yifan (Kate) Lv
**KOREIN TILLERY P.C.**
707 Broadway, Suite 1410
San Diego, CA 92101
Telephone: (619) 625-5621
Facsimile (314) 241-3525
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

Joseph R. Saveri
Cadio Zirpoli
Kevin E. Rayhill
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
krayhill@saverilawfirm.com

Jennifer W. Sprengel
Daniel O. Herrera
Alexander Sweatman
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, IL 60603
Telephone: 312-782-4880
Facsimile: 312-782-4485

jal@kttlaw.com

jsprengel@caffertyclobes.com
dherrera@caffertyclobes.com
asweatman@caffertyclobes.com

*Plaintiffs' Steering Committee Counsel for Plaintiffs*

*/s/ Judith A. Zahid*
Judith A. Zahid (admitted *pro hac vice*)
jzahid@zellelaw.com
Heather T. Rankie (admitted *pro hac vice*)
hrankie@zellelaw.com
ZELLE LLP
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone: (415) 633-1916

*Counsel for Defendant Prometheus Real Estate Group, Inc.*

/s/ *Ronald W. Breaux*
Ronald W. Breaux
Ron.Breaux@haynesboone.com
Bradley W. Foster
Brad.Foster@haynesboone.com
HAYNES AND BOONE LLP
2801 N. Harwood St. Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Fax: (214) 200-0376

*Counsel for Defendant CONTI Texas Organization, Inc. d/b/a CONTI Capital*

*/s/ Richard P. Sybert*
Richard P. Sybert (WSBA No. 8357)
rsybert@grsm.com
GORDON REES SCULLY MANSUKHANI
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 321-5222

*Counsel for Defendant Rose Associates Inc.*

*/s/ Valentine Hoy*
Valentine Hoy
vhoy@allenmatkins.com
Scott Perlin
sperlin@allenmatkins.com
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS
600 West Broadway, 27th Floor
San Diego, CA 92101
Telephone: (619) 233-1155

Patrick E. Breen
pbreen@allenmatkins.com
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS
865 South Figueroa Street, Suite 2800
Los Angeles, CA 90017
Telephone: (213) 622-5555

*Counsel for Defendant Sares Regis Group Commercial, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Tricia R. Herzfeld*
Tricia R. Herzfeld