UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | ) NO. 3:23-md-03071<br>) MDL No. 3071<br>)<br>) **THIS DOCUMENT RELATES TO**:<br>)       3:23-cv-00742<br>) |

# ORDER

Pending before the Court is Defendants ConAm Management Corporation, Conti Texas Organization Inc., d/b/a CONTI Capital, Essex Property Trust, Inc., Prometheus Real Estate Group, Inc., Rose Associates, Inc., Sares Regis Group Commercial, Inc., Sherman Associates, Inc., and Windsor Property Management Company's ("Moving Defendants") Motion to Dismiss Tennessee Actions for Lack of Personal Jurisdiction and Improper Venue. (Doc. No. 583).[1] The Motion originally concerned two actions filed in the Middle District of Tennessee: Alexander v. RealPage, Inc., No. 3:23-cv-00440 (M.D. Tenn.) ("Alexander") and Kabisch v. RealPage, Inc., No. 3:23-cv-00742 (M.D. Tenn.) ("Kabisch"). However, in December 2023, Plaintiffs voluntarily dismissed Alexander, (Doc. Nos. 676, 682), so, the Motion now only pertains to Kabisch.

When the Motion became ripe, the Court held a telephonic status conference during which the Court indicated, and counsel discussed, that 28 U.S.C. § 1631 permits transfer instead of dismissal. (Doc. No. 697 at 1; see also Doc. No. 583). The Court further indicated that any transferred case would likely return to this Court by the Judicial Panel on Multidistrict Litigation ("JPML"). The Court then requested that the parties meet and confer on this issue to avoid delay

---

[1] The Court understands that Plaintiffs have agreed to dismiss Defendants ConAm Management Corporation, Essex Property Trust, Inc., Sherman Associates, Inc., and Windsor Property Management Company from Kabisch. (Doc. No. 706 at 2). However, Plaintiffs have not yet done so. The Court requests that this be done immediately.

and expense to the parties. Plaintiffs and certain Moving Defendants subsequently submitted a Joint Status Report Concerning Personal Jurisdiction (Doc. No. 706) on January 19, 2024.

The Joint Status Report reflects that the parties disagree about whether this Court is the transferee court for Kabisch. Defendants rely on their interpretation of information on the docket of the JPML that Kabisch was assigned to this Court as the "Transferee District: Tennessee Middle." (Doc. No. 706 at 8 n.5). The Defendants then reason that the acronym "NTN" means No Transfer Necessary because Kabisch was filed directly in the Middle District of Tennessee. Id. The Defendants then conclude: "The fact that such cases were filed here (the Middle District of Tennessee) does not remove them from the centralized MDL proceeding, nor does it change the JPML assignment of this Court as the "Transferee" court under 28 U.S.C. § 1407." Id. This distinction is important to the Motion challenging personal jurisdiction and especially to whether this Court can exercise its discretion and transfer Kabisch to resolve the motion.

The Court has made inquiry with the JPML and confirmed that it is not the transferee court for Kabisch and the JPML has not treated it as such. After Kabisch was filed in the Middle District of Tennessee, the JPML entered two Conditional Transfer Orders and neither transferred Kabisch to this Court pursuant to 28 U.S.C. § 1407. On August 1, 2023, the following docket entry was entered: "XYZ CASES ENTERED - - 1 related action(s) originating in the transferee district. JPML notified on July 27, 2023 Tennessee Middle District Court (3:23-cv-00742)(LH)(Entered: 8/01/2023)." The "XYZ" designation is an internal CM/ECF code used by the JPML Clerk's office to designate cases that are directly filed in the transferee district. This internal designation is used for statistical purposes so that the JPML can keep track of related cases filed directly in the transferee court. The reference to the "XYZ" code is in the Ten Steps Guide for MDL Transferee Court Clerks, which is a pamphlet published by the Federal Judicial Center. U.S. Judicial Panel

on Multidistrict Litig. & Fed. Judicial Ctr., Ten Steps to Better Case Management: A Guide for Multidistrict Litigation Transferee Court Clerks (2d ed. 2014), available at https://www.govinfo.gov/content/pkg/GOVPUB-JU13-PURL-gpo57108/pdf/GOVPUB-JU13-PURL-gpo57108.pdf. Page 4 of the Guide states: "Cases filed in the transferee district that properly are part of an MDL (the Panel refers to these actions as *xyz* cases) should be reassigned to the transferee judge, if necessary, and associated with the master docket. This reassignment is made locally, without action on the part of the Panel." Id. at 4.

The Court appreciates that 28 U.S.C. § 1407 limits the Court's ability to manage the transfer of cases sent to it by the JPML. Specifically, it requires that each action transferred pursuant to § 1407 "be remanded by the [JPML] at or before the conclusion of . . . pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a). For this reason, the Supreme Court held in Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach that transfer to another court from a Transferee Court may be improper. 523 U.S. 26, 40 (1998). The JPML never transferred Kabisch pursuant to § 1407. (MDL No. 3071, Doc. Nos. 228, 233). Accordingly, Lexecon is not implicated and this Court may transfer Kabisch pursuant to 28 U.S.C. § 1631.

Given that transfer may be more appropriate than dismissal, the Court directs all counsel in the pending Motion to meet and confer on the likelihood of transfer by no later than **February 5, 2024**. If the parties cannot reach an agreement, then by **February 9, 2024**, the parties shall file briefs no more than seven pages on whether transfer or dismissal is most appropriate.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE