**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESEEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II)** | **Case No. 3:23-md-03071**<br>**MDL No. 3071**<br><br>**Chief Judge Waverly D. Crenshaw, Jr.**<br><br>**This Document Relates to:**<br>**3:23-cv-00377**<br>**3:23-cv-00413**<br>**3:23-cv-00742**<br>**3:23-cv-00979** |

**DEFENDANT SIMPSON PROPERTY GROUP LLC'S ANSWER TO**
**PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant Simpson Property Group, LLC, ("Simpson") now answers Plaintiffs' Second Amended Consolidated Class Action Complaint as follows. As an initial matter, Simpson denies any and all allegations in the SACC that allege, suggest, or intimate in any way that Simpson conspired with RealPage or any other competitor in violation of the federal antitrust laws. Pursuant to Fed. R. Civ. P. 8(b)(3), Simpson denies each and every allegation in the SACC except as expressly admitted or qualified hereafter.

Plaintiffs have included a large number of Figures in their Second Amended Consolidated Class Action Complaint. With respect to each, Simpson lacks knowledge of or access to either the data or source material underlying the Figure. On that basis, Simpson admits only that Plaintiffs have included Figures and denies that they accurately convey the information they purport to contain. For the same reason, Simpson denies any allegations in which Plaintiffs purport to characterize, summarize, or extrapolate from the data purportedly represented in the Figures. Plaintiffs have also included more than 200 footnotes, many of which simply cite to an

external source or cross-reference another Paragraph. No response is required to such footnotes as the sources cited to speak for themselves. Where a footnote contains a factual allegation, Simpson has responded to that allegation in its response to the Paragraph containing the footnote. To the extent that the headings and subheadings used throughout the SACC contain substantive or factual allegations that necessitate a response, Simpson expressly denies each of them.

## I.     INTRODUCTION

1.      Simpson denies the allegations in the first and second sentences of Paragraph 1. The second sentence of Paragraph 1 of allegations concerning a conspiracy to limit supply and raise multifamily rent housing prices constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations of third sentence of Paragraph 1. Moreover, no response is required to the references to "public investigations" because those media reports are publicly available records that speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

2.      The allegations in Paragraph 2 are not factual allegations, but rather statements characterizing the instant action, to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

3.      In response to the first sentence of Paragraph 3, Simpson admits only that it owns and operates multifamily residential properties but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

4.      Simpson denies the allegations in the first two sentences of Paragraph 4. The remaining allegations in this paragraph selectively quote or purport to characterize the contents of

2

RealPage marketing materials and other public statements, Simpson avers that no response is required because such marketing materials and other public statements speak for themselves. To the extent a response is required, Simpson denies such allegations.

5.      Simpson denies the allegations in Paragraph 5. Moreover, Simpson avers that no response is required to third sentence of this Paragraph because the source referenced speaks for itself. To the extent a response is deemed required, Simpson denies such allegations.

6.      Simpson denies the allegations in Paragraph 6.

7.      Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies them. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from RealPage or Camden, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

8.      The allegations in first and second sentences of Paragraph 8 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations. Simpson denies the remaining allegations in this Paragraph.

**II.      BACKGROUND**

9.      Simpson denies the allegations in first sentence of Paragraph 9. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore denies them. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from RealPage, ECI, and BH, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

3

10. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from BH, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

11. Simpson denies the allegations in first sentence of Paragraph 11. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies them. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from Cortland and Pinnacle, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

12. Simpson denies the allegations in Paragraph 12.

13. Simpson denies the allegations in Paragraph 13 as to Simpson. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 and therefore, denies the same. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from RealPage, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

14. The allegations in the first sentence of Paragraph 14 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. To the extent a response is deemed required, Simpson denies such allegations. Simpson admits that it pays a licensing fee to RealPage, and denies the remaining allegations in the second sentence of Paragraph 14. With respect to the remaining allegations in this Paragraph, Simpson lacks information or

4

knowledge sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.

15.    Simpson denies the allegations in the first two sentences of Paragraph 15 as to Simpson. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and therefore denies them.  Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from IRT, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

16.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 16. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from RealPage, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations. Simpson denies the remaining allegations in this Paragraph.

17.    Simpson denies the allegations in the first sentence of Paragraph 17. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and therefore denies them.  Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from RealPage, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

18.    Simpson denies the allegations in Paragraph 18 as to Simpson. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and therefore denies them.

19.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies them.

20.     Simpson denies the allegations in the first sentence of Paragraph 20. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 and therefore denies them. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from employees or former employees of Lincoln, Cushman & Wakefield, Pinnacle, and First Pointe, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

21.     Simpson denies the allegations in Paragraph 21. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from RealPage, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

22.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 22 and therefore, denies the same. Simpson denies the allegations in the second sentence of this Paragraph.

23.     Simpson denies the allegations in the first sentence of Paragraph 23. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore denies them. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from RealPage, Pinnacle, Greystar, and other unnamed entities, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

24.     The allegations in the first sentence of Paragraph 24 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and therefore denies them.  Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from RealPage and Trammell Crow, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

25.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies them. To the extent a response is deemed required, Simpson denies such allegations.

26.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 26. Moreover, the allegations in the second through fourth sentences characterize the contents of RealPage's 2017 Annual 10-k report, and no response is required because that report speaks for itself. Simpson further denies any allegations in Paragraph 26 that are inconsistent with the content of the report referenced.

27.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 27.  Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from Rainmaker and RealPage, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

28.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 28.  Moreover, to the extent the allegations in this paragraph

7

selectively quote or purport to characterize statements from RealPage, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

29.     Simpson denies any allegation in this Paragraph that suggests that it participated in any "collusion." Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore denies them. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from an unnamed individual, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

30.     Simpson denies the allegations in Paragraph 30.

31.     Simpson denies the allegations in the first sentence of Paragraph 31. The allegations in the second sentence of Paragraph 31 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and therefore denies them.

32.     In response to the allegations in the first sentence of Paragraph 32, Simpson admits that it set prices independently before adopting revenue management software but denies that it stopped doing so. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32. The allegations in Paragraph 32 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

33.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 33.  Moreover, to the extent the allegations in this paragraph

selectively quote or purport to characterize statements from RealPage, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

34. The allegations in Paragraph 34 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. Moreover, to the extent the allegations in this paragraph purport to characterize undisclosed data in graphs, Simpson avers that no response is required because such graphs speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

35. Simpson denies the allegations in the first sentence of Paragraph 35. With respect to the remaining allegations in Paragraph 35, Simpson avers that no response is required, because the sources referenced are publicly available records that speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

36. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 36. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from Pinnacle and RealPage, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

37. Simpson denies the allegations in the first sentence of Paragraph 37. Simpson admits that RealPage hosts online forums and organizes events, but denies the characterization of those forums and events. With respect to the remaining allegations in this Paragraph, Simpson avers that the no response is required because the sources referenced speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

38.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 38 and therefore denies them. With respect to the remaining allegations, Simpson avers that no response is required because the sources referenced are publicly available records that speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

39.     Simpson denies the allegations in the first sentence of Paragraph 39. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations of the final sentence in this Paragraph. With respect to the remaining allegations, Simpson avers that no response is required because the document referenced is a publicly available record that speaks for itself. To the extent a response is deemed required, Simpson denies such allegations.

40.     Simpson denies the allegations in the first sentence of Paragraph 40 as to Simpson. With respect to the remaining allegations, Simpson avers that no response is required because the document speaks for itself. To the extent a response is deemed required, Simpson denies such allegations.

41.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies them. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from an unnamed individual, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

42.     In response to the allegations in the first sentence of Paragraph 42, Simpson admits that some members of Congress have made statements regarding RealPage. In response to the allegations in the second sentence of Paragraph 42, Simpson lacks a basis to know what Plaintiffs have been informed. With respect to the remaining allegations in Paragraph 42 Simpson avers that

10

no response is required because the sources referenced speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

43. Simpson denies the allegations in the first sentence of Paragraph 43. The allegations in the last sentence of Paragraph 43 are not factual allegations, but rather statements characterizing the instant action, to which no response is required. The remaining allegations in Paragraph 43 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

## III. JURISDICTION AND VENUE

44. The allegations Paragraph 44 are not factual allegations, but rather statements characterizing the instant action, to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

45. The allegations in Paragraph 45 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson notes that it is not contesting subject matter jurisdiction at this time.

46. The allegations in Paragraph 46 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson notes that it is not contesting venue at this time.

47. The allegations in Paragraph 47 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson notes that it is not at this time contesting personal jurisdiction in any of the Related Actions in which it is named as a Defendant.

48. The allegations in Paragraph 48 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson notes that it is not contesting the elements related to interstate commerce at this time.

11

49.     The allegations in Paragraph 49 constitute legal conclusions to which no response is required.  To the extent a response is deemed required, Simpson notes that it is not challenging forum.

## IV.  THE PARTIES

50.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them.

51.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies them.

52.     Simpson admits the allegations in the first and second sentences of Paragraph 52. With respect to the third sentence of Paragraph 52, Simpson admits that it owns the referenced property and manages it using the LRO system. Simpson denies the remaining allegations in this Paragraph.

53.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

54.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

55.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

56.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

57.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

58.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

59.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

60.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies them.

61.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from RealPage press releases or annual reports, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

62.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from a YouTube video, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

63.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from a YouTube video, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

64.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from a

13

YouTube video, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

65. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies them. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from RealPage press releases and Thoma Bravo executives, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

66. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore denies them. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from a YouTube video and RealPage press releases, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

67. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies them.

68. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies them.

69. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies them.

70. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore denies them.

14

71.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies them.

72.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies them.

73.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them.

74.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies them.

75.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies them.

76.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies them.

77.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies them.

78.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

79.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

80.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore denies them.

81.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore denies them.

82.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 82 and therefore denies them.

83.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore denies them.

84.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 84 and therefore denies them.

85.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore denies them.

86.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 86 and therefore denies them.

87.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore denies them.

88.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 88 and therefore denies them.

89.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore denies them.

90.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies them.

91.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies them.

92.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 92 and therefore denies them.

93.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 93 and therefore denies them.

94.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 94 and therefore denies them.

95.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 95 and therefore denies them.

96.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 96 and therefore denies them.

97.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 97 and therefore denies them.

98.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore denies them.

99.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 99 and therefore denies them.

100.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 100 and therefore denies them.

101.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore denies them.

102.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 102 and therefore denies them.

103.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 103 and therefore denies them.

104.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 104 and therefore denies them.

105.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 105 and therefore denies them.

106.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 106 and therefore denies them.

107.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore denies them.

108.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 108 and therefore denies them.

109.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 109 and therefore denies them.

110.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 110 and therefore denies them.

111.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 111 and therefore denies them.

112.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 112 and therefore denies them.

113.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 113 and therefore denies them.

114.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 114 and therefore denies them.

115.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 115 and therefore denies them.

116.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 116 and therefore denies them.

117.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 117 and therefore denies them.

118.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 118 and therefore denies them.

119.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 119 and therefore denies them.

120.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 120 and therefore denies them.

121.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 121 and therefore denies them.

122.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 122 and therefore denies them.

123.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 123 and therefore denies them.

124.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 124 and therefore denies them.

125.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 125 and therefore denies them.

126.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 126 and therefore denies them.

127.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 127 and therefore denies them.

128.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 128 and therefore denies them.

129.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 129 and therefore denies them.

130.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 130 and therefore denies them.

131.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 131 and therefore denies them.

132.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 132 and therefore denies them.

133.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 133 and therefore denies them.

134.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 134 and therefore denies them.

135.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 135 and therefore denies them.

136.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 136 and therefore denies them.

137.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 137 and therefore denies them.

138.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 138 and therefore denies them.

139.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 139 and therefore denies them.

140.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 140 and therefore denies them.

141.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 141 and therefore denies them.

142.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 142 and therefore denies them.

143.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 143 and therefore denies them.

144.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 144 and therefore denies them.

145.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 145 and therefore denies them.

146.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 146 and therefore denies them.

147.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 147 and therefore denies them.

148. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 148 and therefore denies them.

149. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 149 and therefore denies them.

150. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 150 and therefore denies them.

151. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 151 and therefore denies them.

152. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 152 and therefore denies them.

153. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 153 and therefore denies them.

154. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 154 and therefore denies them.

155. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 155 and therefore denies them.

156. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 156 and therefore denies them.

157. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 157 and therefore denies them.

158. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 158 and therefore denies them.

159.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 159 and therefore denies them.

160.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 160 and therefore denies them.

161.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 161 and therefore denies them.

162.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 162 and therefore denies them.

163.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 163 and therefore denies them.

164.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 164 and therefore denies them.

165.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 165 and therefore denies them.

166.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 166 and therefore denies them.

167.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 167 and therefore denies them.

168.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 168 and therefore denies them.

169.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 169 and therefore denies them.

170.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 170 and therefore denies them.

171.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 171 and therefore denies them.

172.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 172 and therefore denies them.

173.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 173 and therefore denies them.

174.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 174 and therefore denies them.

175.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 175 and therefore denies them.

176.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 176 and therefore denies them.

177.    Simpson admits that it is a limited liability company organized under Delaware law and headquartered in Denver, Colorado and that it operates or has operated in the MSA's listed. Simpson denies all other allegations in Paragraph 177. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

178.    Simpson admits the allegations in the first sentence of Paragraph 178 except that it denies the existence of any "conspiracy." Simpson denies the allegations in the second sentence of this Paragraph. In response to the allegations in the third sentence of Paragraph 178, Simpson

24

admits that Wendy Woltman and Julia Sharp are Simpson employees whose responsibilities include managing the LRO system. Simpson denies any other allegations in this Paragraph.

179.     Simpson denies the allegations in Paragraph 179.

180.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 180 and therefore denies them.

181.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 181 and therefore denies them.

182.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 182 and therefore denies them.

183.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 183 and therefore denies them.

184.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 184 and therefore denies them.

185.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 185 and therefore denies them.

186.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 186 and therefore denies them.

187.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 187 and therefore denies them.

188.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 188 and therefore denies them.

189.      Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 189 and therefore denies them.

190.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 190 and therefore denies them.

191.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 191 and therefore denies them.

192.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 192 and therefore denies them.

193.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 193 and therefore denies them.

194.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 194 and therefore denies them.

195.    Simpson denies the allegations in Paragraph 195.

196.    The allegations in Paragraph 196 are not factual allegations, but rather statements seeking to characterize other allegations, to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

197.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 197 and therefore denies them.

198.    In response to Paragraph 198, Simpson admits only that it both owns and manages certain multifamily rental properties. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 198 as to other Defendants and therefore denies them.

199.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 199 and therefore denies them.  To the extent a response is deemed required, Simpson denies such allegations as they relate to Simpson.

26

200.     The allegations in Paragraph 200 constitute a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

201.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "conspiracy."

## V. FACTUAL ALLEGATIONS

### A.  Historical Competition Among Residential Property Managers.

202.     The allegations in Paragraph 202 are not factual allegations, but rather subjective opinion, to which no response is required. Simpson further avers that the allegations in Paragraph 202 selectively quote and purport to characterize a cited source and that response is required because the source referenced is a publicly available document that speaks for itself. To the extent that a response is deemed required, Simpson denies such allegations.

203.     The allegations in Paragraph 203 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

204.     With respect to the allegations in first sentence of Paragraph 204, Simpson avers that no response is required because the source referenced is a publicly available document that speaks for itself. The remaining allegations in Paragraph 204 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

205.     The allegations in Paragraph 205 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

206. The allegations in first sentence of Paragraph 206 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. To the extent a response is required, Simpson denies such allegations. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "conspiracy." With respect to the remaining allegations in this Paragraph, Simpson avers that no response is required because the source referenced is a publicly available document that speaks for itself. To the extent a response is deemed required, Simpson denies such allegations.

207. The allegations in the first and second sentence of Paragraph 207 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. To the extent a response is required, Simpson denies such allegations. The remaining allegations in this Paragraph seek to characterize statements from RealPage reported in a news article, and no response is required because that article speaks for itself. To the extent a response is deemed required, Simpson denies such allegations.

**B. Evolution of RealPage's Revenue Management Solutions.**

208. The allegations in the first sentence of Paragraph 208 selectively quote and purport to characterize one of RealPage's publicly available annual reports, and no response is required thereto because that report speaks for itself. To the extent a response is deemed required, Simpson denies such allegations. Simpson further denies any allegations in Paragraph 208 that are inconsistent with the publicly available annual report referenced. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 208 and therefore denies them. Simpson further denies any allegation in this Paragraph that suggests that Simpson participated in any "anticompetitive scheme."

28

209. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 209 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of a RealPage press release, Simpson avers that no response is required because such documents speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

210. The allegations in Paragraph 210 are not factual allegations, but rather statements that characterize a prior DOJ proceeding or action not involving Simpson, to which no response is required because such proceedings and actions speak for themselves. To the extent a response is deemed required, Simpson denies such allegations. Simpson further denies any allegations in Paragraph 210 that are inconsistent with the record of the referenced proceeding.

211. Simpson denies the allegations in the first sentence of Paragraph 211. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 211 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of RealPage marketing materials, Simpson avers that no response is required because such documents speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

212. Simpson denies the allegations in Paragraph 212.

213. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 213. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 213 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of a publicly available RealPage annual report, Simpson

29

avers that no response is required because such documents speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

214.    The allegations in the first sentence of Paragraph 214 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. To the extent a response is deemed required, Simpson denies such allegations. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 214 and therefore denies them.

215.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 215. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of a publicly available press release, Simpson avers that no response is required because the document speaks for itself. To the extent a response is deemed required, Simpson denies such allegations.

216.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 216. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from RealPage's website or publicly available quarterly reports, Simpson avers that no response is required because the website and reports speak for themselves. To the extent a response is deemed required, Simpson denies such allegation.

217.    The allegations in Paragraph 217 are not factual allegations, but rather statements that characterize a prior DOJ proceeding or action not involving Simpson, to which no response is required because such proceedings and actions speak for themselves. To the extent a response is deemed required, Simpson denies such allegations. Simpson further denies any allegations in Paragraph 217 that are inconsistent with the record of the referenced proceeding.

218. Simpson avers that the allegations in the first sentence of Paragraph 218 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations. The remaining allegations in Paragraph 218 are not factual allegations, but rather statements that characterize publicly available correspondence or communications by RealPage, to which no response is required because the statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

219. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 219 and therefore denies them. To the extent the remaining allegations selectively quote from or purport to characterize an AvalonBay contract, the contract speaks for itself. Simpson denies all other allegations in Paragraph 219.

220. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 220 and therefore denies them. To the extent the remaining allegations selectively quote from or purport to characterize an AvalonBay contract, the contract speaks for itself. Simpson denies all other allegations in Paragraph 220.

221. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 221 and therefore denies them. Moreover, the allegations in Paragraph 221 selectively quote from and purport to characterize the contents of news articles, earnings call transcripts, and blog posts, to which no response is required because the documents speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

222. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 222 and therefore denies them. To the extent a response is deemed required, Simpson denies such allegations.

223.    The allegations in the first sentence of Paragraph 223 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. The remaining allegations in Paragraph 223 selectively quote from and purport to characterize the contents of publicly available terms of service and social media profiles. No response is required because those documents speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

224.    Simpson denies the allegations in the first sentence of Paragraph 224. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 224 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from RealPage's website or publicly available annual reports, Simpson avers that no response is required because the website and reports speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

225.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 225 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from a RealPage video, Simpson avers that no response is required because the video speaks for itself. To the extent a response is deemed required, Simpson denies such allegations.

226.    The allegations in Paragraph 226 are not factual allegations, but rather statements that characterize the contents of RealPage's website, to which no response is required because the website speaks for itself. To the extent a response is deemed required, Simpson denies such allegations.

**C. Property Management Companies Effectively Outsourced Pricing and Supply Decisions to RealPage, Eliminating Competition.**

227.    Simpson admits only that its use of LRO entails granting access to RealPage of certain pricing, inventory, and availability data, but Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 227.

228.    The allegations in Paragraph 228 are not factual allegations, but rather statements that characterize the contents of a Department of Justice document, to which no response is required because the document speaks for itself.  To the extent a response is deemed required, Simpson denies such allegations.

229.    The allegations in Paragraph 229 are not factual allegations, but rather statements that characterize the contents of a statement by a former government official, to which no response is required because the statement speaks for itself. To the extent a response is deemed required, Simpson denies such allegations.

230.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 230 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from RealPage's website, Simpson avers that no response is required because the website speaks for itself. To the extent a response is deemed required, Simpson denies such allegations.

231.    Simpson denies the allegations in Paragraph 231.

232.    Simpson denies the allegations in the first sentence of Paragraph 232. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 232 and therefore denies them. To the extent a response is deemed required, Simpson denies such allegations as they relate to Simpson. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from an

33

unnamed individual, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

233. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 233 and therefore denies them. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from an unnamed individual and Equity executive, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

234. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 234 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from news articles and RealPage's website, Simpson avers that no response is required because the articles and website speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

235. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 235 and therefore denies them. Moreover, to the extent the allegations in this paragraph selectively quote or purport to characterize statements from Morgan Group and Bell Partners executives, Simpson avers that no response is required because such statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

236. Simpson denies the allegations in the first sentence of Paragraph 236. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 236 and therefore denies them. Simpson further denies any allegation in

34

this Paragraph that suggests that it participated in any "cartel." Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from a RealPage earnings call, Simpson avers that no response is required because the statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

237. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 237 and therefore denies them.

238. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 238 and therefore denies them.

239. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 239 and therefore denies them.

240. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 240 and therefore denies them.

241. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 241 and therefore denies them.

242. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 242 and therefore denies them.

243. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 243 and therefore denies them.

244. Simpson denies the allegations in the first sentence of Paragraph 244. The remaining allegations in Paragraph 244 constitute subjective opinion and/or argument to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

35

245.    Simpson avers that the allegations in the first sentence of Paragraph 245 constitute subjective opinion and/or argument to which no response is required. To the extent a response is deemed required, Simpson denies such allegations. Further, Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

246.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 246 and therefore denies them.

247.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 247 and therefore denies them.

248.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 248 and therefore denies them.

249.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 249 and therefore denies them.

250.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 250 and therefore denies them.

251.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 251 and therefore denies them.

252.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 252 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from Camden, Simpson avers that no response is required because the statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

253. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 253 and therefore denies them. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "conspiracy." Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from IRET, Simpson avers that no response is required because the statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

254. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 254 and therefore denies them. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "conspiracy."

**D. Defendants Collectively Monitor Compliance with the Scheme.**

255. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 255 and therefore denies them. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "price-fixing scheme" or "conspiracy." Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from RealPage training materials, Simpson avers that no response is required because the statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

256. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 256 and therefore denies them. Furthermore, Simpson avers that no response is required because the Figure referenced speaks for itself. To the extent a response is deemed required, Simpson denies such allegations.

257. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 257 and therefore denies them.

258. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 258 and therefore denies them. Furthermore, Simpson avers that no response is required because the Figure referenced speaks for itself. To the extent a response is deemed required, Simpson denies such allegations.

259. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 259 and therefore denies them. Furthermore, Simpson avers that no response is required because the Figure referenced speaks for itself. To the extent a response is deemed required, Simpson denies such allegations.

260. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 260 and therefore denies them.

261. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 261 and therefore denies them.

262. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 262 and therefore denies them.

263. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 263 and therefore denies them.

264. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 264 and therefore denies them.

265. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 265 and therefore denies them.

266. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 266 and therefore denies them.

267. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 267 and therefore denies them.

268. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 268 and therefore denies them.

269. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 269 and therefore denies them.

270. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 270 and therefore denies them.

271. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 271 and therefore denies them.

272. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 272 and therefore denies them.

273. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 273 and therefore denies them. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel."

274. The allegations in Paragraph 274 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel" or engaged in any "price fixing."

275. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 275 and therefore denies them.

276. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 276 and therefore denies them. Simpson further denies any

39

allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from a RealPage annual report, Simpson avers that no response is required because the report speaks for itself. To the extent a response is deemed required, Simpson denies such allegations.

277. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 277 and therefore denies them. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "conspiracy."

278. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 278 and therefore denies them.

279. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 279 and therefore denies them.

280. Simpson denies the allegations in the first sentence of Paragraph 280 as to Simpson. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 280 and therefore denies them. The remaining allegations in Paragraph 280 constitute legal conclusions to which no response is required. To the extent that a response is deemed required, Simpson denies such allegations.

281. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 281 and therefore denies them.

282. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 282 and therefore denies them.

283. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 283 and therefore denies them.

40

284.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 284 and therefore denies them.

285.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 285 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from a RealPage presentation, Simpson avers that no response is required because the presentation speaks for itself. To the extent a response is deemed required, Simpson denies such allegations.

286.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 286 and therefore denies them.

>      **E.      Property Owners and Managers Who Adopted RealPage's Pricing Recommendations Did So With the Common Goal of Raising Rent Prices Which Caused Inflated Rental Prices and Reduced Occupancy Levels in Their Respective Metro Areas.**

287.     Simpson denies the allegations in Paragraph 287. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel."

288.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 288 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from RealPage marketing materials, Simpson avers that no response is required because the materials speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

289.     Simpson denies the allegations in the first and last sentences of Paragraph 289 as to Simpson. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 289 and therefore denies them.

41

290.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 290 and therefore denies them. With respect to the allegations in the last sentence of Paragraph 290, Simpson admits that its use of LRO is governed by various terms of service but avers that those documents speak for themselves. Simpson denies any allegations inconsistent with the written terms of service.

291.     Simpson avers that the allegations in the third and fourth sentences of Paragraph 291 constitute subjective opinion and/or argument to which no response is required. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 291 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from presentations by RealPage and others, Simpson avers that no response is required because the statements speak for themselves. To the extent that a response is deemed required, Simpson denies such allegations. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel."

292.     Simpson denies the allegations in the first sentence of Paragraph 292. Moreover, to the extent the allegations in this sentence selectively quote or purport to characterize statements made by a Simpson executive, Simpson avers that no response is required because the statements speak for themselves. To the extent that a response is deemed required, Simpson denies such allegations. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "conspiracy." Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 292 and therefore denies them.

293.     Simpson denies the allegations in Paragraph 293.

294. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 294 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from an Equity executive, Simpson avers that no response is required because the statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

295. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 295 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from a Camden executive, Simpson avers that no response is required because the statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

296. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 296 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from a CONAM executive, Simpson avers that no response is required because the statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

297. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 297 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from a Pinnacle executive and RealPage marketing materials, Simpson avers that no response is required because the statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

298.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 298 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from news articles, Simpson avers that no response is required because the articles speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

299.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 299 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from RealPage marketing materials, Simpson avers that no response is required because the materials speak for themselves. To the extent a response is deemed required, Simpson denies such allegations. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "conspiracy."

300.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 300 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from RealPage marketing materials, Simpson avers that no response is required because the materials speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

301.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 301 and therefore denies them.

302.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 302 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements

44

from RealPage marketing materials, Simpson avers that no response is required because the materials speak for themselves. To the extent a response is deemed required, Simpson denies such allegations. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "conspiracy."

303.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 303 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from RealPage marketing materials, Simpson avers that no response is required because the materials speak for themselves. To the extent a response is deemed required, Simpson denies such allegations. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel."

304.    Simpson denies the allegations in the first sentence of Paragraph 304 as to Simpson. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 304 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from a Bella executive, Simpson avers that no response is required because the statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel" or "conspiracy."

305.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 305 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from RealPage marketing materials, Simpson avers that no response is required because the

statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel."

306.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 306 and therefore denies them.

307.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 307 and therefore denies them.

308.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 308 and therefore denies them.

309.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 309 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from RealPage marketing materials, Simpson avers that no response is required because the statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

310.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 310 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from a Post Properties executive, Simpson avers that no response is required because the statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "conspiracy."

46

311.    Simpson denies the allegations in Paragraph 311. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "conspiracy."

312.    Simpson denies the allegations in Paragraph 312. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "conspiracy."

**F. Property Owners and Managers Conspired Through Trade Associations to Standardize Lease Terms Unfavorable to Plaintiffs and Members of the Class.**

313.    The allegations in Paragraph 313 constitute legal conclusions to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

314.    Simpson admits that it has paid for its employees to attend certain TAA events. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 314 and therefore denies them.

315.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 315 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of testimony in another case, Simpson avers that no response is required because the testimony speaks for itself. To the extent a response is deemed required, Simpson denies such allegations.

316.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 316 and therefore denies them. Simpson further denies it engaged in any "collusion."

317.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 317 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from a TAA attorney, Simpson avers that no response is required because the statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

47

318.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 318 and therefore denies them.

319.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 319 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from the TAA, Simpson avers that no response is required because the statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

320.     Simpson admits that it has paid for its employees to attend certain NAA events. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 320 and therefore denies them.

321.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 321 and therefore denies them.

322.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 322 and therefore denies them.

323.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 323 and therefore denies them.

324.     The allegations in Paragraph 324 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

325.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 325 and therefore denies them.

326.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 326 and therefore denies them.

48

327.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 327 and therefore denies them.

328.     The allegations in Paragraph 328 constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

329.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 329 and therefore denies them.

330.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 330 and therefore denies them.

331.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 331 and therefore denies them.

**G.   Preliminary Economic Analysis Confirms the Impact of RealPage's Revenue Management on Multifamily Rental Markets Nationwide.**

332.     Simpson denies the allegations in Paragraph 332.

**i.     Defendants' Increased Revenues Resulted from Proportionally Higher, Artificially Inflated Rent Increases.**

333.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 333 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from RealPage marketing materials, Simpson avers that no response is required because the statements speak for themselves.

334.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 334 and therefore denies them.

335.     The allegations in Paragraph 335 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required.  Moreover, to the extent the allegations in this paragraph and the accompanying figure purport to characterize undisclosed data, Simpson

49

avers that no response is required because such data speaks for itself. To the extent a response is deemed required, Simpson denies such allegations.

336. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 336 and therefore denies them. To the extent a response is deemed required, Simpson denies such allegations. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

ii. **Owners, Owner-Operators, and Managing Defendants Engaged in Tacit Collusion to Artificially Increase Multifamily Rental Prices.**

337. In response to the allegations in the first sentence of Paragraph 337, Simpson avers it lacks knowledge of what Plaintiffs have reviewed but denies the characterization of what the "economic evidence" presented demonstrates. Simpson denies the allegations in the second sentence of Paragraph 337. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 337 and therefore denies them. Moreover, to the extent the allegations in this paragraph purport to characterize the appendices to Plaintiffs' Complaint, Simpson avers that no response is required because the appendices speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

338. The allegations in Paragraph 338 characterize figures throughout the Complaint, which speak for themselves. To the extent a response is deemed required, Simpson denies such allegations. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

339. Simpson admits that it operates multifamily rental units within the Nashville MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining

50

allegations in Paragraph 339 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

340. Simpson admits that it operates multifamily rental units within the Atlanta MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 340 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

341. Simpson admits that it operates multifamily rental units within the Boston MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 341 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

342. Simpson admits that it operates multifamily rental units within the Dallas MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 342 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

343.    Simpson admits that it operates multifamily rental units within the Denver MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 343 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

344.    Simpson denies that it operates multifamily rental units in the District of Columbia and lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 344 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

345.    Simpson admits that it operates multifamily rental units within the Miami MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 345 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

346.    Simpson admits that it operates multifamily rental units in the Portland MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 346 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to

52

which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

347. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 347 and therefore denies them. To the extent a response is deemed required, Simpson denies such allegations. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

348. The allegations in Paragraph 348 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

349. Simpson denies the allegations in the first sentence of Paragraph 349. The remaining allegations in Paragraph 349 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

350. Simpson denies the allegations in Paragraph 350.

### iii. Supply and Demand Factors Do Not Explain Inflated Rental Prices.

351. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 351 and therefore denies them.

352. Simpson denies the allegations in the first sentence of Paragraph 352. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 352 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

353.    The allegations in Paragraph 353 are not factual allegations, but rather statements that characterize a graph of undisclosed data, to which no response is required because the data speaks for itself. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

354.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 354 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

iv.    **Atlanta Submarket**

355.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 355 and therefore denies them. Simpson denies the allegations in the second sentence of Paragraph 355. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

356.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 356 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

54

357. The allegations in Paragraph 357 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. To the extent a response is deemed required, Simpson denies such allegations. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

358. The allegations in Paragraph 358 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. To the extent a response is deemed required, Simpson denies such allegations. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

359. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 359 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

360. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 360 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

v. **Orlando Submarket**

361. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 361 and therefore denies them. Moreover, any allegation in this

55

Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

### vi. Phoenix Submarket

362. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 362 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

### vii. Fort Worth Submarket

363. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 363 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

364. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 364 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

365. The allegations in Paragraph 365 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. To the extent a response is deemed required, Simpson denies such allegations. Moreover, any allegation in this Paragraph concerning

or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations. Finally, Simpson denies any allegation in this Paragraph that suggests that it participated in any "conspiracy."

**H. "Plus Factors" in the Multifamily Rental Housing Market Provide Additional Evidence of a Price Fixing Conspiracy.**

366. The allegations in Paragraph 366 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

367. The allegations in Paragraph 367 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "conspiracy."

**i.    The Multifamily Rental Market is Highly Concentrated.**

368. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 368 and therefore denies them. Moreover, to the extent the remaining allegations in this Paragraph selectively quote or purport to characterize the content of statements from a RealPage annual report, Simpson avers that no response is required because the report speaks for itself. To the extent a response is deemed required, Simpson denies such allegations.

**ii.    High Barriers to Entry.**

369. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 369 and therefore denies them.

370. The allegations in Paragraph 370 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel."

57

371.     The allegations in Paragraph 370 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel."

### iii.     High Switching Costs for Renters.

372.     Simpson denies the allegations in Paragraph 372.

373.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 373 and therefore denies them.

374.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of Paragraph 374 and therefore denies them. The allegations in the second and third sentences of Paragraph 374 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel."

### iv.     Inelasticity of Demand

375.     The allegations in Paragraph 375 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

376.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 376 and therefore denies them.

### v.     Multifamily Rental Housing Units Are a Fungible Product.

377.     Simpson denies the allegations in Paragraph 377.

378.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 378 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements

from RealPage marketing materials, Simpson avers that no response is required because the materials speak for themselves. To the extent a response is deemed required, Simpson denies such allegations. Furthermore, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

379. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 379 and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of statements from RealPage marketing materials, Simpson avers that no response is required because the materials speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

### vi. Defendants Exchange Competitively Sensitive Information

380. Simpson denies the allegations in Paragraph 380.

### vii. Motive, Opportunities, and Invitations to Collude

381. The allegations in Paragraph 381 constitute subjective opinion and/or argument to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

382. The allegations in the first sentence of Paragraph 382 constitute subjective opinion and/or argument to which no response is required. To the extent a response is deemed required, Simpson denies such allegations. Simpson denies the allegations in the second sentence of Paragraph 382.

383. The allegations in the first sentence of Paragraph 383 constitute subjective opinion and/or argument to which no response is required. To the extent a response is deemed required,

59

Simpson denies such allegations. Moreover, to the extent the remaining allegations in this Paragraph selectively quote or purport to characterize the content of statements from RealPage marketing materials, Simpson avers that no response is required because the materials speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

384. Simpson denies the allegations in Paragraph 384.

385. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 385 and therefore denies them. Furthermore, Simpson avers that the allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

386. The allegations in the first sentence of Paragraph 386 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 386 and therefore denies them.

387. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 387 and therefore denies them. To the extent a response is deemed required, Simpson denies such allegations. Moreover, to the extent the remaining allegations in this Paragraph selectively quote or purport to characterize the content of statements from TAA presentations and events, Simpson avers that no response is required because the statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

388. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 388 and therefore denies them. To the extent a response is deemed required, Simpson denies such allegations. Moreover, to the extent the remaining allegations in this Paragraph selectively quote or purport to characterize the content of statements from NAA

60

presentations, Simpson avers that no response is required because the statements speak for themselves. To the extent a response is deemed required, Simpson denies such allegations.

389. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 389 and therefore denies them. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel."

390. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 390 and therefore denies them. To the extent a response is deemed required, Simpson denies such allegations.

391. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 391 and therefore denies them. To the extent a response is deemed required, Simpson denies such allegations.

## VI.  RELEVANT MARKET

392. The allegations in Paragraph 392, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "conspiracy."

393. The allegations in Paragraph 393 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

### A.  The Relevant Product Market is Multifamily Residential Real Estate Leases

394. The allegations in Paragraph 394, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

395.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 395 and therefore denies them.

396.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 396 and therefore denies them.

397.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 397, and therefore denies them.

398.     The allegations in Paragraph 398, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

399.     The allegations in Paragraph 399 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**B.  Defendants' Market Power in the Multifamily Residential Real Estate Market**

400.     Simpson denies the allegations in Paragraph 400. Furthermore, the allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

401.     The allegations in the first sentence of Paragraph 401 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 401, and therefore denies them.

402.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 402, and therefore denies them. Moreover, to the extent the allegations in this Paragraph selectively quote or purport to characterize the content of U.S.

62

government data, Simpson avers that no response is required because the data speaks for itself. To the extent a response is deemed required, Simpson denies such allegations.

403. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 403, and therefore denies them. Furthermore, the allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

404. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 404, and therefore denies them. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel."

## C. Regional Submarkets

405. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 405, and therefore denies them. Simpson denies the allegations in the last sentence of Paragraph 405. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "conspiracy."

406. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 406 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

407. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 407 and therefore denies them.

408. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 408 and therefore denies them. Simpson

denies the allegations in the last sentence of Paragraph 408. Furthermore, the allegations in this Paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

409.     The allegations in Paragraph 409, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**i.      Nashville, Tennessee**

410.     The allegations in Paragraph 410, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

411.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 411 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

412.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 412 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

413.     Simpson admits that it owns and operates multifamily rental units in the Nashville MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

414.     Simpson denies the allegations in Paragraph 414.

415.     Simpson denies the allegations in Paragraph 415. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

**ii.     Atlanta, Georgia**

416.     The allegations in Paragraph 416, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

417.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 417 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

418.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 418 and therefore denies them. Moreover, any allegation in this

Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

419. Simpson admits that it owns and operates multifamily rental units in the Atlanta MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

420. Simpson denies the allegations in Paragraph 420.

421. Simpson denies the allegations in Paragraph 421. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**iii.    Austin, Texas**

422. The allegations in Paragraph 422, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

423. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 423 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal

66

conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

424. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 424 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

425. Simpson admits that it owns and operates multifamily rental units in the Austin MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

426. Simpson denies the allegations in Paragraph 426.

427. Simpson denies the allegations in Paragraph 427. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**iv.    Baltimore, Maryland**

428. The allegations in Paragraph 428, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

429. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 429 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

430. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 430 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

431. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 431 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

432. Simpson denies the allegations in Paragraph 432.

433. Simpson denies the allegations in Paragraph 433. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

434. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 434 and therefore denies them. Moreover, any allegation in this

Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

### v. Boston, Massachusetts

435.    The allegations in Paragraph 435, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

436.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 436 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

437.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 437 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

438.    Simpson admits that it owns and operates multifamily rental units in the Boston MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

439. Simpson denies the allegations in Paragraph 439.

440. Simpson denies the allegations in Paragraph 440. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

441. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 441 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

### vi. Charlotte, North Carolina

442. The allegations in Paragraph 442, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

443. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 443 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

444. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 444 and therefore denies them. Moreover, any allegation in this

70

Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

445. Simpson admits that it owns and operates multifamily rental units in the Charlotte MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

446. Simpson denies the allegations in Paragraph 446.

447. Simpson denies the allegations in Paragraph 447. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**vii.    Chicago, Illinois**

448. The allegations in Paragraph 448, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

449. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 449 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal

71

conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

450. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 450 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

451. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 451 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

452. Simpson denies the allegations in Paragraph 452.

453. Simpson denies the allegations in Paragraph 453. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**viii. Dallas, Texas**

454. The allegations in Paragraph 454, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

455.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 455 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

456.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 456 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

457.     Simpson admits that it owns and operates multifamily rental units in the Dallas MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

458.     Simpson denies the allegations in Paragraph 458.

459.     Simpson denies the allegations in Paragraph 459. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

73

### ix. Denver, Colorado

460.     The allegations in Paragraph 460, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

461.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 461 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

462.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 462 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

463.     Simpson admits that it owns and operates multifamily rental units in the Denver MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.   To the extent a response is deemed required, Simpson denies such allegations.

464.     Simpson denies the allegations in Paragraph 464.

74

465.     Simpson denies the allegations in Paragraph 465. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

466.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 466 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

**x.     Detroit, Michigan**

467.     The allegations in Paragraph 467, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

468.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 468 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

469.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 469 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal

conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

470. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 470 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

471. Simpson denies the allegations in Paragraph 471.

472. Simpson denies the allegations in Paragraph 472. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**xi.    Houston, Texas**

473. The allegations in Paragraph 473, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

474. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 474 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

76

475.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 475 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

476.     Simpson admits that it owns and operates multifamily rental units in the Houston MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

477.     Simpson denies the allegations in Paragraph 477.

478.     Simpson denies the allegations in Paragraph 478. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**xii.     Jacksonville, Florida**

479.     The allegations in Paragraph 479, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

480.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 480 and therefore denies them. Moreover, any allegation in this

Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

481. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 481 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

482. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 482 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

483. Simpson denies the allegations in Paragraph 483.

484. Simpson denies the allegations in Paragraph 484. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**xiii.    Las Vegas, Nevada**

485. The allegations in Paragraph 485, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to

which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

486.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 486 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

487.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 487 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

488.     Simpson admits that it owns and operates multifamily rental units in the Las Vegas MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

489.     Simpson denies the allegations in Paragraph 489.

490.     Simpson denies the allegations in Paragraph 490. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket"

constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

### xiv. Los Angeles, California

491. The allegations in Paragraph 491, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

492. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 492 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

493. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 493 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

494. Simpson admits that it owns and operates multifamily rental units in the Los Angeles MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

495.     Simpson denies the allegations in Paragraph 495.

496.     Simpson denies the allegations in Paragraph 496. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

497.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 497 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

### xv.     Memphis, Tennessee

498.     The allegations in Paragraph 498, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

499.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 499 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

500.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 500 and therefore denies them. Moreover, any allegation in this

Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

501. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 501 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

502. Simpson denies the allegations in Paragraph 502.

503. Simpson denies the allegations in Paragraph 503. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**xvi. Miami, Florida**

504. The allegations in Paragraph 504, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

505. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 505 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal

conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

506. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 506 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

507. Simpson admits that it owns and operates multifamily rental units in the Miami MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

508. Simpson denies the allegations in Paragraph 508.

509. Simpson denies the allegations in Paragraph 509. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**xvii.    Milwaukee, Wisconsin**

510. The allegations in Paragraph 510, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to

which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

511. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 511 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

512. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 512 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

513. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 513 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

514. Simpson denies the allegations in Paragraph 514.

515. Simpson denies the allegations in Paragraph 515. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

### xviii. Minneapolis, Minnesota

516. The allegations in Paragraph 516, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

517. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 517 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

518. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 518 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

519. Simpson admits that it owned and operated multifamily rental units in the Minneapolis MSA but denies that it still does. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 519 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

520. Simpson denies the allegations in Paragraph 520.

521.    Simpson denies the allegations in Paragraph 521. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

### xix.    New York, New York

522.    The allegations in Paragraph 522, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

523.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 523 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

524.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 524 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

525.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 525 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal

conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

526. Simpson denies the allegations in Paragraph 526.

527. Simpson denies the allegations in Paragraph 527. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

528. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 528 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**xx.    Orlando, Florida**

529. The allegations in Paragraph 529, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

530. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 530 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

531.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 531 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

532.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 532 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

533.     Simpson denies the allegations in Paragraph 533.

534.     Simpson denies the allegations in Paragraph 534. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

**xxi.    Philadelphia, Pennsylvania**

535.     The allegations in Paragraph 535, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

536.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 536 and therefore denies them. Moreover, any allegation in this

88

Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

537.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 537 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

538.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 538 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

539.    Simpson denies the allegations in Paragraph 539. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**xxii.    Phoenix, Arizona**

540.    The allegations in Paragraph 540, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

541. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 541 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

542. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 542 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

543. Simpson admits that it owns and operates multifamily rental units in the Phoenix MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

544. Simpson denies the allegations in Paragraph 544.

545. Simpson denies the allegations in Paragraph 545. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

546. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 546 and therefore denies them. Moreover, any allegation in this

90

Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

### xxiii. Pittsburgh, Pennsylvania

547. The allegations in Paragraph 547, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

548. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 548 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

549. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 549 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

550. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 550 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

91

551. Simpson denies the allegations in Paragraph 551.

552. Simpson denies the allegations in Paragraph 552. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**xxiv. Portland, Oregon**

553. The allegations in Paragraph 553, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

554. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 554 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

555. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 555 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

556. Simpson admits that it owns and operates multifamily rental units in the Portland MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining

allegations and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

557. Simpson denies the allegations in Paragraph 557.

558. Simpson denies the allegations in Paragraph 558. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

559. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 559 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**xxv. San Diego, California**

560. The allegations in Paragraph 560, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

561. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 561 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal

conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

562.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 562 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

563.     Simpson admits that it owns and operates multifamily rental units in the San Diego MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

564.     Simpson denies the allegations in Paragraph 564.

565.     Simpson denies the allegations in Paragraph 565. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

566.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 566 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**xxvi.  San Francisco, California**

567.   The allegations in Paragraph 567, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

568.   Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 568 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

569.   Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 569 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

570.   Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 570 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

571.   Simpson denies the allegations in Paragraph 571.

572.   Simpson denies the allegations in Paragraph 572. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any

95

allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

573. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 573 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**xxvii. San Jose, California**

574. The allegations in Paragraph 574, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

575. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 575 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

576. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 576 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

96

577.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 577 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

578.    Simpson denies the allegations in Paragraph 578.

579.    Simpson denies the allegations in Paragraph 579. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

580.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 580 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

**xxviii. Seattle, Washington**

581.    The allegations in Paragraph 581, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

582.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 582 and therefore denies them. Moreover, any allegation in this

97

Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

583. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 583 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

584. Simpson admits that it owns and operates multifamily rental units in the Seattle MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

585. Simpson denies the allegations in Paragraph 585.

586. Simpson denies the allegations in Paragraph 586. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

587. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 587 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal

conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**xxix. St. Louis, Missouri**

588. The allegations in Paragraph 588, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

589. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 589 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

590. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 590 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

591. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 591 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

592. Simpson denies the allegations in Paragraph 592.

593.     Simpson denies the allegations in Paragraph 593. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

**xxx.    Tampa, Florida**

594.     The allegations in Paragraph 594, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

595.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 595 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

596.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 596 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

597.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 597 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal

conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

598. Simpson denies the allegations in Paragraph 598.

599. Simpson denies the allegations in Paragraph 599. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**xxxi. Tucson, Arizona**

600. The allegations in Paragraph 600, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

601. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 601 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

602. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 602 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

603.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 603 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

604.    Simpson denies the allegations in Paragraph 604.

605.    Simpson denies the allegations in Paragraph 605. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

**xxxii.  Washington, District of Columbia**

606.    The allegations in Paragraph 606, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

607.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 607 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

608.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 608 and therefore denies them. Moreover, any allegation in this

Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

609. Simpson admits that it owns and operates multifamily rental units in the Washington, D.C. MSA but lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

610. Simpson denies the allegations in Paragraph 610.

611. Simpson denies the allegations in Paragraph 611. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

612. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 612 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**xxxiii. Wilmington, North Carolina**

613. The allegations in Paragraph 613, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to

which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

614.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 614 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

615.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 615 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

616.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 616 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

617.    Simpson denies the allegations in Paragraph 617.

618.    Simpson denies the allegations in Paragraph 618. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

104

619.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 619 and therefore denies them. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "conspiracy." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

### xxxiv.  Birmingham – Hoover, AL MSA

620.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 620 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

621.     The allegations in Paragraph 621 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

622.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 622 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

623.     Simpson denies the allegations in Paragraph 623.

624.    Simpson denies the allegations in Paragraph 624. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

### xxxv.  Buffalo. New York

625.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 625 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

626.    The allegations in Paragraph 626 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

627.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 627 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

628.    Simpson denies the allegations in Paragraph 628.

106

629. Simpson denies the allegations in Paragraph 629. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

### xxxvi. Cincinnati, Ohio

630. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 630 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

631. The allegations in Paragraph 631 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

632. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 632 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

633. Simpson denies the allegations in Paragraph 633.

634.     Simpson denies the allegations in Paragraph 634. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

### xxxvii. Cleveland, Ohio

635.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 635 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

636.     The allegations in Paragraph 636 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

637.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 637 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

638.     Simpson denies the allegations in Paragraph 638.

639.     Simpson denies the allegations in Paragraph 639. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

### xxxviii.        Columbus, Ohio

640.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 640 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

641.     The allegations in Paragraph 641 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

642.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 642 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

643.     Simpson denies the allegations in Paragraph 643.

644. Simpson denies the allegations in Paragraph 644. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

### xxxix. Hartford, Connecticut

645. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 645 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

646. The allegations in Paragraph 646 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

647. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 647 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

648. Simpson denies the allegations in Paragraph 648.

649. Simpson denies the allegations in Paragraph 649. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

**xl.    Riverside, California**

650. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 650 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

651. The allegations in Paragraph 651 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

652. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 652 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

653. Simpson denies the allegations in Paragraph 653.

654.    Simpson denies the allegations in Paragraph 654. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

### xli.    Sacramento, California

655.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 655 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

656.    The allegations in Paragraph 656 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

657.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 657 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

658.    Simpson denies the allegations in Paragraph 658.

659. Simpson denies the allegations in Paragraph 659. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

### xlii.    Salt Lake City, Utah

660. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 660 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

661. The allegations in Paragraph 661 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

662. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 662 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

663. Simpson denies the allegations in Paragraph 663.

113

664.     Simpson denies the allegations in Paragraph 664. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

**xliii.   San Antonio, Texas**

665.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 665 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

666.     The allegations in Paragraph 666 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

667.     Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 667 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Simpson denies such allegations.

668.     Simpson denies the allegations in Paragraph 668.

669. Simpson denies the allegations in Paragraph 669. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

### xliv.  San Juan, Puerto Rico

670. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 670 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

671. The allegations in Paragraph 671 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

672. Simpson denies the allegations in Paragraph 672.

### xlv.  Virginia Beach, Virginia

673. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 673 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

115

674. The allegations in Paragraph 674 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

675. Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 675 and therefore denies them. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

676. Simpson denies the allegations in Paragraph 676.

677. Simpson denies the allegations in Paragraph 677. Simpson further denies any allegation in this Paragraph that suggests that it participated in any "cartel." Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

678. The allegations in Paragraph 678, including any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket," constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

679. The allegations in Paragraph 679 are not factual allegations, but rather subjective opinion and/or argument, to which no response is required. Moreover, any allegation in this Paragraph concerning or suggesting a purported "market" or "submarket" constitutes a legal

conclusion to which no response is required. To the extent a response is deemed required, Simpson denies such allegations.

680.    Simpson denies the allegations in Paragraph 680.

## VII.  CLASS ACTION ALLEGATIONS

681.    Simpson denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23 and denies the remaining allegations in Paragraph 681.

682.    Simpson denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23 and denies the remaining allegations in Paragraph 682.

683.    Simpson denies the allegations in Paragraph 683.

684.    Simpson denies the allegations in Paragraph 684.

685.    Simpson denies the allegations in Paragraph 685.

686.    Simpson denies the allegations in Paragraph 686.

687.    Simpson lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 687 and therefore denies them.

688.    Simpson denies the allegations in Paragraph 688.

689.    Simpson denies the allegations in Paragraph 689.

690.    Simpson denies the allegations in Paragraph 690.

## VIII.  ANTITRUST INJURY

691.    Simpson denies the allegations in Paragraph 691.

692.    Simpson denies the allegations in Paragraph 692.

693.    Simpson denies the allegations in Paragraph 693.

## IX. CONTINUING VIOLATION

694.     The allegations in Paragraph 694 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies the allegations in Paragraph 694.

695.     The allegations in Paragraph 695 are not factual allegations but rather statements that characterize this instant action, to which no response is required because this action speaks for itself. To the extent that a response is deemed required, Simpson denies such allegations.

696.     Simpson denies the allegations in Paragraph 696.

697.     Simpson denies the allegations in Paragraph 697.

698.     The allegations in Paragraph 698 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies the allegations in Paragraph 698.

699.     The allegations in Paragraph 699 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Simpson denies the allegations in Paragraph 699.

700.     Simpson denies the allegations in Paragraph 700.

## X. CLAIMS FOR RELIEF

### COUNT I
### Price Fixing in Violation of
### Section 1 of the Sherman Act (15 U.S.C. § 1)

701.     Simpson repeats each and every response contained in the paragraphs above and incorporates by reference each preceding paragraph as though fully set forth at length herein.

702.     Simpson denies the allegations in Paragraph 702.

703.     Simpson denies the allegations in Paragraph 703.

704.     Simpson denies the allegations in Paragraph 704.

118

705. Simpson denies the allegations in Paragraph 705.

706. Simpson denies the allegations in Paragraph 706.

707. Simpson denies the allegations in Paragraph 707.

**COUNT II**
**Violation of State Antitrust Statutes**
**(On behalf of Plaintiffs and the Class)**

708. Simpson repeats each and every response contained in the paragraphs above and incorporates by reference each preceding paragraph as though fully set forth at length herein.

709. Simpson denies the allegations in Paragraph 709.

710. Simpson denies the allegations in Paragraph 710.

711. Simpson denies the allegations in Paragraph 711.

712. Simpson denies the allegations in Paragraph 712.

713. Simpson denies the allegations in Paragraph 713.

714. Simpson denies the allegations in Paragraph 714.

715. Simpson denies the allegations in Paragraph 715.

716. Simpson denies the allegations in Paragraph 716.

717. Simpson denies the allegations in Paragraph 717.

718. Simpson denies the allegations in Paragraph 718.

719. Simpson denies the allegations in Paragraph 719.

720. Simpson denies the allegations in Paragraph 720.

721. Simpson denies the allegations in Paragraph 721.

722. Simpson denies the allegations in Paragraph 722.

723. Simpson denies the allegations in Paragraph 723.

724. Simpson denies the allegations in Paragraph 724.

725.     Simpson denies the allegations in Paragraph 725.

726.     Simpson denies the allegations in Paragraph 726.

727.     Simpson denies the allegations in Paragraph 727.

728.     Simpson denies the allegations in Paragraph 728.

729.     Simpson denies the allegations in Paragraph 729.

730.     Simpson denies the allegations in Paragraph 730.

731.     Simpson denies the allegations in Paragraph 731.

732.     Simpson denies the allegations in Paragraph 732.

733.     Simpson denies the allegations in Paragraph 733.

734.     Simpson denies the allegations in Paragraph 734.

735.     Simpson denies the allegations in Paragraph 735.

736.     Simpson denies the allegations in Paragraph 736.

737.     Simpson denies the allegations in Paragraph 737.

738.     Simpson denies the allegations in Paragraph 738.

739.     Simpson denies the allegations in Paragraph 739.

740.     Simpson denies the allegations in Paragraph 740.

741.     Simpson denies the allegations in Paragraph 741.

742.     Simpson denies the allegations in Paragraph 742.

743.     Simpson denies the allegations in Paragraph 743.

744.     Simpson denies the allegations in Paragraph 744.

745.     Simpson denies the allegations in Paragraph 745.

746.     Simpson denies the allegations in Paragraph 746.

747.     Simpson denies the allegations in Paragraph 747.

748. Simpson denies the allegations in Paragraph 748.

749. Simpson denies the allegations in Paragraph 749.

750. Simpson denies the allegations in Paragraph 750.

751. Simpson denies the allegations in Paragraph 751.

752. Simpson denies the allegations in Paragraph 752.

753. Simpson denies the allegations in Paragraph 753.

754. Simpson denies the allegations in Paragraph 754.

755. Simpson denies the allegations in Paragraph 755.

756. Simpson denies the allegations in Paragraph 756.

757. Simpson denies the allegations in Paragraph 757.

## XI. PRAYER FOR RELIEF

Simpson denies that Plaintiffs are entitled to any of the relief sought under the heading "Prayer for Relief."

## JURY TRIAL DEMANDED

Simpson admits that Plaintiffs have sought a jury trial in this action. However, such a trial is unnecessary as Plaintiffs' claims should be rejected as a matter of law. In addition, Simpson denies that Plaintiffs are entitled to a trial by jury to the extent a contractual agreement to arbitrate, to waive a jury trial, or to waive a class action entered into by Plaintiffs or any purported class member precludes such trial by jury.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Simpson asserts the following avoidances and defenses to Plaintiffs' claims.

Federal Rule of Civil Procedure 8 sets forth the avoidances and defenses that must be affirmatively stated in a pleading. *See* Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party

121

must affirmatively state any avoidance or affirmative defense, including: [identified affirmative defenses].").

To the extent necessary, Simpson alleges Plaintiffs' claims are barred because the acts Plaintiffs allege Simpson undertook in furtherance of the alleged conspiracy were in Simpson's unilateral business interest. Simpson reserves the right to assert additional avoidances and defenses as they become known during discovery and based on the record as it develops, up to and including the time of trial.

## FIRST DEFENSE

### (Failure To State A Claim)

1.  Plaintiffs' claims are barred in whole or in part because Plaintiffs' Second Amended Consolidated Class Action Complaint fails to state facts upon which relief can be granted.

## SECOND DEFENSE

### (Statute of Limitations)

2.  Plaintiffs' claims are barred, in whole or in part, by the applicable state and federal statutes of limitations.

3.  To the extent Plaintiffs seek to bring claims outside the applicable statute of limitations, Plaintiffs' Complaint is time-barred.

4.  To the extent that Plaintiffs' Complaint relies on information made public more than four years ago, Plaintiff's Complaint is time-barred.

## **THIRD DEFENSE**

### **(No injury)**

5.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any injury in fact or any injury cognizable under the antitrust laws.

6.     Plaintiffs' alleged harm lies in their speculation that many companies colluded seamlessly through a conspiracy, resulting in their harm.  In essence, Plaintiffs complain about the impact of naturally unpredictable changes in the market conditions that exist in the global, national, and local economy.

7.     To the extent that Plaintiffs maintain that they were injured by these events, such an injury is not cognizable under the antitrust laws.

## **FOURTH DEFENSE**

### **(Failure To Mitigate)**

8.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exercise reasonable care to mitigate any damages they may have suffered.

9.     To the extent Plaintiffs believed that Simpson agreed to use RealPage Revenue Management software and that such agreement had the effect of raising rental prices above competitive levels, Plaintiffs had an obligation to mitigate their damages by seeking other sources of supply, including from other property managers or owners.  Plaintiffs' failure to exercise reasonable care to mitigate damages was the complete or partial cause of any damages Plaintiffs may have suffered.

123

## FIFTH DEFENSE

### (Lack of Proximate Cause & Intervening/Superseding Conduct)

10.    Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and damages either were not legally or proximately caused by any acts or omissions of Simpson or were caused, if at all, solely and proximately by Plaintiffs' conduct or by the conduct of third parties including, without limitation, the prior, intervening, or superseding conduct of Plaintiffs or such third parties.

## SIXTH DEFENSE

### (Waiver)

11.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

12.    Plaintiffs' continued rental leases at what they now allege are prices above the competitive level manifest an intention to waive any right to bring this suit and are inconsistent with any other intention.

13.    Plaintiffs, by their actions, accepted the benefits of an ongoing relationship with Defendants and relinquished their rights to bring suit.

## SEVENTH DEFENSE

### (Laches)

14.    Plaintiffs' claims are barred by the equitable doctrine of laches.

15.    Plaintiffs demonstrated an unreasonable lack of diligence in bringing their claims.

16.    Plaintiffs' unreasonable lack of diligence in bringing their claims now bars them.

## EIGHTH DEFENSE

### (Consent)

17.     Plaintiffs' claims are barred, in whole or in part, due to their ratification of, and consent to, the conduct of Simpson.

18.     Plaintiffs' Complaint demonstrates its long-standing ratification of and consent to the complained-of conduct.

19.     Accordingly, because Plaintiffs have been aware for years of the very same conduct they now challenge—and because some of that conduct provided Plaintiffs a direct benefit—Plaintiffs' claims are barred by the doctrine of ratification.

## NINTH DEFENSE

### (Arbitration Agreements, Class Action Waivers, or Other Contractual Terms)

20.     Plaintiffs' claims are barred, in whole or in part, to the extent the rental lease agreements pursuant to which Plaintiffs' rented their apartments contain arbitration clauses, clauses providing a different forum for the resolution of their claims, or provisions waiving a Plaintiff's ability to bring a representative or class action claim.

## TENTH DEFENSE

### (Right to Set Off Amounts Paid)

21.     Without admitting the existence of any contract, combination, or conspiracy in restraint of trade, and expressly denying same, Plaintiffs' claims are barred, in whole or in part, by non-settling Defendants' right to set off any amounts paid to Plaintiffs by any Defendants who have settled, or do settle, Plaintiffs' claims against them in this action.

125

## ELEVENTH DEFENSE

### (Contracts Without Any Purported Overcharge)

22.     Without admitting the existence of any contract, combination, or conspiracy in restraint of trade, and expressly denying same, Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs entered into contracts that do not include any purported overcharge.

## TWELFTH DEFENSE

### (Improper Damages)

23.     Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution and of the Eighth Amendment of the United States Constitution.

## THIRTEENTH DEFENSE

### (Acquiescence)

24.     Plaintiffs' claims are barred, in whole or in part, by the Plaintiffs' knowing acquiescence to the restraints of trade alleged in the Complaint.

## FOURTEENTH DEFENSE

### (Damages Reduced by Plaintiffs' Conduct)

25.     Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by Defendants' right to set off any amount paid to Plaintiffs by damages attributable to Plaintiffs' conduct to the extent Plaintiffs unlawfully shared information found to be competitively sensitive regarding their rental lease agreements or potential alternative rental lease agreements.

126

## FIFTEENTH DEFENSE

### (Lack of Standing)

26.     Some or all of Plaintiffs' state-law claims cannot be brought against Simpson for a lack of jurisdiction.  For instance, the laws of the states cited in Count II of the Complaint are not intended to, and do not, apply to conduct occurring outside of those states, and Plaintiffs' Complaint does not include any Plaintiff from the States of Alaska, Arizona, District of Columbia, Hawaii, Idaho, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Utah, Vermont, Virginia, West Virginia, Wisconsin, and Wyoming.

27.     Many of the state laws allegedly giving rise to Plaintiffs' claims do not apply because the alleged conduct did not occur within or substantially affect the citizens or commerce of the respective states, or because Simpson had no specific intent to impact the commerce of those states. As a result, the application of those state laws to Simpson's conduct would violate the Due Process Clauses and Commerce Clause of the U.S. Constitution, the principle of federalism, and the constitutions and laws of the respective states at issue.

28.     To the extent that the Complaint seeks to assert claims or obtain relief on behalf of multifamily renters located outside of the jurisdictions governed by those laws, those claims are barred as improper assertions of extraterritorial jurisdiction and any effort to enforce those laws as to residents of other states would violate the Due Process Clause and the Commerce Clause of the U.S. Constitution and various state laws and constitutions.

## SIXTEENTH DEFENSE

### (No Private Right of Action)

29.     Some of Plaintiffs' state-law claims are barred, in whole or in part, to the extent Plaintiffs seek damages under state laws that do not permit recovery of damages by private plaintiffs.

## SEVENTEENTH DEFENSE

### (Failure to Comply with State Law Notice)

30.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to comply with the notice requirements under various state laws.

## EIGHTEENTH DEFENSE

### (Justified & Pro-Competitive Conduct)

31.     Some or all of Plaintiffs' claims, including those brought under state law, are barred because all of Simpson's conduct challenged by Plaintiffs was lawful, fair, non-deceptive, expressly authorized by law, justified, and pro-competitive; it constituted a bona fide business practice consistent with industry practices and was carried out in furtherance of legitimate business interests; and it was an essential part of Simpson's lawful business operations.

## NINETEENTH DEFENSE

### (State Law Class Action Limitations)

32.     Some or all of the respective state-law claims at issue cannot be, and were not intended to be, applied in the class-action context.

## TWENTIETH DEFENSE

### (Incorporating Other Defendants' Defenses)

33.    Simpson adopts and incorporates by reference any and all other defenses asserted by any other Defendant to the extent that the defense would apply to Simpson.

## TWENTY-FIRST DEFENSE

### (Right to Assert Other Defenses)

34.    Simpson reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

## TWENTY-SECOND DEFENSE

### (Adequate Remedy is Available)

35.    Plaintiffs' requests for injunctive, equitable, and/or declaratory relief (on behalf of themselves and the purported class) are barred because an adequate remedy is available at law.

## TWENTY-THIRD DEFENSE

### (Unmanageable Class Action)

36.    This action is not properly maintainable as a class action under the Federal Rules of Civil Procedure. Among other things, common issues of fact and law do not predominate over individual issues; a class action is not a superior method for adjudicating the purported claims set forth in the Complaint; adjudication on a class basis would be unmanageable; the interests of the purported class members are in conflict with each other; Plaintiffs are not proper class representatives and their claims are not sufficiently typical of the purported class; and Plaintiffs and/or their counsel will not fairly and adequately represent the purported class.

Dated: February 5, 2024

Respectfully submitted,

/s/ *Nicholas J. Giles*

J. Brent Justus (*admitted pro hac vice*)
bjustus@mcguirewoods.com
Nicholas J. Giles (*admitted pro hac vice*)
ngiles@mcguirewoods.com
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-1000

*Counsel for Defendant Simpson Property Group, LLC*

130

## CERTIFICATE OF SERVICE

Pursuant to paragraph 9 of the Court's Practice and Procedures Noticed entered April 19, 2023 (ECF No. 2), I certify that counsel of record who are registered for CM/ECF filing will be served electronically with this filing on February 5, 2024.

/s/ *Nicholas J. Giles*
Nicholas J. Giles