**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

|  |  |
|---|---|
| In re: RealPage, Inc., Rental Software Antitrust Litigation (No. II) | **Case No. 3:23-md-03071**<br><br>**MDL No. 3071**<br><br>**Judge Waverly D. Crenshaw, Jr.**<br><br>**This Document Relates to:**<br>**3:23-cv-00979** |

**DEFENDANT ECI MANAGEMENT, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED**
<u>**CONSOLIDATED CLASS ACTION COMPLAINT**</u>

Defendant ECI Management, LLC ("ECI") files the following Answer and Affirmative Defenses to the Second Amended Class Action Complaint ("Complaint") filed by Plaintiffs.

The preamble to the Complaint asserts legal conclusions and Plaintiffs' description of their claims and allegations to which no response is required. To the extent the introductory paragraph contains factual allegations, ECI denies those allegations.

Except to any extent expressly admitted herein, ECI denies all allegations in the headings, footnotes, figures, and appendices that appear in the Complaint. By noting or admitting that the Complaint purports to characterize, reference, or quote particular documents or statements, ECI does not admit the truth of any assertion in the referenced document or statement. Moreover, any factual averment that is admitted below is admitted only as to ECI and only as to the specific facts stated therein and not as to any conclusions, legal or otherwise, characterizations, implications, or speculation in the averment or the Complaint as a whole.

<u>**ANSWER**</u>

## I.    INTRODUCTION

1.    ECI denies the allegations in Paragraph 1.

2. ECI admits that it owns and manages certain multifamily residential apartment buildings. ECI further admits that, at certain times and for certain properties, it has used Lease Rent Options ("LRO") as one part of its multi-faceted revenue management process. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies that "RealPage's Revenue Management Solutions [were or are used] to coordinate and agree upon rental housing pricing and supply." ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 as to any other Defendant and denies them on that basis. ECI denies any remaining allegations in Paragraph 2.

3. ECI admits that it owns and manages certain multifamily residential apartment buildings. ECI further admits that, at certain times and for certain properties, it has used LRO as one part of its multi-faceted revenue management process. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI also denies that "RMS [was or is used] to coordinate and agree upon rental housing and supply." ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 as to any other Defendant and denies them on that basis. ECI denies any remaining allegations in Paragraph 3.

4. The allegations in the last sentence of Paragraph 4 purport to quote a document that speaks for itself. ECI denies the allegations in Paragraph 4 to the extent they mischaracterize or are inconsistent with that document. ECI denies the remaining allegations in Paragraph 4.

5. The allegations in Paragraph 5 purport to quote a document that speaks for itself. ECI denies the allegations in Paragraph 5 to the extent they mischaracterize or are inconsistent with that document. ECI denies the remaining allegations in Paragraph 5.

6. ECI denies the allegations in Paragraph 6.

7.     The allegations in Paragraph 7 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 7 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the allegations in Paragraph 7 to the extent they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 as they relate to any other Defendant and denies them on that basis.

8.     The allegations in the first two sentences of Paragraph 8 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 8 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 8.

## II.     BACKGROUND

9.     ECI denies the allegations in the first sentence in Paragraph 9. ECI denies the remaining allegations to the extent they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the remaining allegations as they relate to any other Defendant and denies them on that basis.

10.     The allegations in Paragraph 10 purport to quote a document that speaks for itself. ECI denies the allegations in Paragraph 10 to the extent they mischaracterize or are inconsistent with that document. ECI denies the allegations in Paragraph 10 to the extent they relate to ECI. ECI denies the allegations in the last sentence in Paragraph 10. ECI lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 10 and denies them on that basis.

11.     The allegations in Paragraph 11 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 11 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 11.

12.     ECI denies the allegations in Paragraph 12.

13. The allegations in Paragraph 13 purport to quote a document that speaks for itself. ECI denies the allegations in Paragraph 13 to the extent they mischaracterize or are inconsistent with that document. ECI denies the remaining allegations in Paragraph 13.

14. ECI admits that it has paid a fee to RealPage related to the use of LRO. ECI further admits that it has contracted with RealPage related to the use of LRO. ECI denies the remaining allegations in Paragraph 14 to the extent they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 as they relate to any other Defendant and denies them on that basis.

15. The allegations in Paragraph 15 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 15 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the allegations in Paragraph 15 to the extent they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 as they relate to any other Defendant and denies them on that basis.

16. The allegations in Paragraph 16 purport to quote a document that speaks for itself. ECI denies the allegations in Paragraph 16 to the extent they mischaracterize or are inconsistent with that document. ECI denies the remaining allegations in Paragraph 16.

17. The allegations in Paragraph 17 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 17 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the allegations in Paragraph 17 to the extent they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 as they relate to any other Defendant and denies them on that basis.

18. The allegations in Paragraph 18 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 18 to the extent they mischaracterize

or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 18 to the extent they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 as they relate to any other Defendant and denies them on that basis.

19. The allegations in Paragraph 19 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 19 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 19 to the extent they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 as they relate to any other Defendant and denies them on that basis.

20. The allegations in Paragraph 20 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 20 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 20 to the extent they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 as they relate to any other Defendant and denies them on that basis.

21. The allegations in Paragraph 21 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 21 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 21.

22. ECI denies the allegations in Paragraph 22.

23. The allegations in Paragraph 23 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 23 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in

Paragraph 23.

24.     The allegations in Paragraph 24 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 24 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 24.

25.     The allegations in Paragraph 25 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 25 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 25.

26.     The allegations in Paragraph 26 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 26 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 26.

27.     The allegations in Paragraph 27 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 27 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 27.

28.     The allegations in Paragraph 28 purport to quote a document that speaks for itself. ECI denies the allegations in Paragraph 28 to the extent they mischaracterize or are inconsistent with that document. ECI denies the remaining allegations in Paragraph 28.

29.     The allegations in Paragraph 29 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 29 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 29.

30.     ECI denies the allegations in Paragraph 30.

31.     The allegations in Paragraph 31 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 31 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 31.

32.     ECI admits that it has considered, and continues to consider, occupancy as one part of its multi-faceted revenue management process. ECI denies the remaining allegations in Paragraph 32.

33.     The allegations in Paragraph 33 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 33 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 33.

34.     ECI denies the allegations in Paragraph 34.

35.     The allegations in Paragraph 35 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 35 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 35.

36.     The allegations in Paragraph 36 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 36 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 36.

37.     The allegations in Paragraph 37 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 37 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 37.

38.     The allegations in Paragraph 38 purport to quote documents or statements that

speak for themselves. ECI denies the allegations in Paragraph 38 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 38.

39.     The allegations in Paragraph 39 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 39 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 39.

40.     The allegations in Paragraph 40 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 40 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 40.

41.     The allegations in Paragraph 41 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 41 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 41 to the extent they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 as they relate to any other Defendant and denies them on that basis.

42.     The allegations in Paragraph 42 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 42 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies that it has engaged in any "misconduct," "collusion," or "anticompetitive conduct" as alleged in Paragraph 42 and in the Complaint. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and denies them on that basis.

43.     ECI denies the allegations in Paragraph 43.

### III. JURISDICTION AND VENUE

44.     ECI admits that Plaintiffs purport to bring a putative class action lawsuit against Defendants named in this action under the Clayton Act and the Sherman Act. ECI denies that it has committed any torts, wrongs, or wrongful activities and denies that Plaintiffs suffered any damages, losses, or impairments of their rights. ECI denies the remaining allegations in Paragraph 44.

45.     ECI admits that Plaintiffs purport to allege claims over which this Court has jurisdiction. ECI denies that it has committed any torts, wrongs, or wrongful activities and denies that Plaintiffs suffered any damages, losses, or impairments of their rights. ECI denies the remaining allegations in Paragraph 45.

46.     The allegations in Paragraph 46 purport to reference documents that speak for themselves. ECI denies the allegations in Paragraph 46 to the extent they mischaracterize or are inconsistent with those documents. ECI denies any remaining allegations in Paragraph 46.

47.     ECI admits that it transacts business in this District and in the District of the transferor court, the United States District Court for the Northern District of Georgia. ECI denies that it has committed any torts, wrongs, or wrongful activities and denies that Plaintiffs suffered any damages, losses, or impairments of their rights. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 regarding any other Defendant, and on that basis denies them. ECI denies the remaining allegations in Paragraph 47.

48.     ECI denies the allegations in Paragraph 48.

49.     ECI denies the allegations in Paragraph 49.

### IV. THE PARTIES

50.     ECI denies the allegations in the last sentence of Paragraph 50. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

Paragraph 50, and on that basis denies them.

51.     ECI denies the allegations in the last sentence of Paragraph 51. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51, and on that basis denies them.

52.     ECI denies the allegations in the last sentence of Paragraph 52. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52, and on that basis denies them.

53.     ECI denies the allegations in the last sentence of Paragraph 53. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53, and on that basis denies them.

54.     ECI denies the allegations in the last sentence of Paragraph 54. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54, and on that basis denies them.

55.     ECI denies the allegations in the last sentence of Paragraph 55. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55, and on that basis denies them.

56.     ECI denies the allegations in the last sentence of Paragraph 56. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56, and on that basis denies them.

57.     ECI denies the allegations in the last sentence of Paragraph 57. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57, and on that basis denies them.

58.     ECI denies the allegations in the last sentence of Paragraph 58. ECI lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58, and on that basis denies them.

59.    ECI denies the allegations in the last sentence of Paragraph 59. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59, and on that basis denies them.

60.    ECI denies the allegations in the last sentence of Paragraph 60. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60, and on that basis denies them.

61.    The allegations in Paragraph 61 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 61 to the extent they mischaracterize or are inconsistent with those documents. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61, and on that basis denies them.

62.    The allegations in Paragraph 62 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 62 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the allegations in Paragraph 62 as to "anticompetitive activities" and "cartel profits." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62, and on that basis denies them.

63.    The allegations in Paragraph 63 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 63 to the extent they mischaracterize or are inconsistent with those documents. ECI lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in Paragraph 63, and on that basis denies them.

64.     The allegations in Paragraph 64 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 64 to the extent they mischaracterize or are inconsistent with those documents. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64, and on that basis denies them.

65.     The allegations in Paragraph 65 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 65 to the extent they mischaracterize or are inconsistent with those documents. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65, and on that basis denies them.

66.     The allegations in Paragraph 66 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 66 to the extent they mischaracterize or are inconsistent with those documents. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66, and on that basis denies them.

67.     ECI denies the allegations in the last sentence of Paragraph 67. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67, and on that basis denies them.

68.     ECI denies the allegations in Paragraph 68.

69.     ECI denies the allegations in the last sentence of Paragraph 69. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69, and on that basis denies them.

70.     ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 70, and on that basis denies them. ECI denies the remaining allegations in Paragraph 70.

71.     ECI denies the allegations in the last sentence of Paragraph 71 ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71, and on that basis denies them.

72.     ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 72, and on that basis denies them. ECI denies the remaining allegations in Paragraph 72.

73.     ECI denies the allegations in the last sentence of Paragraph 73. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73, and on that basis denies them.

74.     ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 74, and on that basis denies them. ECI denies the remaining allegations in Paragraph 74.

75.     ECI denies the allegations in Paragraph 75.

76.     ECI denies the allegations in the last sentence of Paragraph 76. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76, and on that basis denies them.

77.     ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 77, and on that basis denies them. ECI denies the remaining allegations in Paragraph 77.

78.     ECI denies the allegations in Paragraph 78.

79.     ECI denies the allegations in the last sentence of Paragraph 79. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79, and on that basis denies them.

80.     ECI denies the existence of a "Conspiracy Period." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first and last sentences in Paragraph 80, and on that basis denies them. ECI denies the remaining allegations in Paragraph 80.

81.     ECI denies the allegations in Paragraph 81.

82.     ECI denies the allegations in the last sentence of Paragraph 82. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82, and on that basis denies them.

83.     ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 83, and on that basis denies them. ECI denies the remaining allegations in Paragraph 83.

84.     ECI denies the allegations in the last sentence of Paragraph 84. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84, and on that basis denies them.

85.     ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 85, and on that basis denies them. ECI denies the remaining allegations in Paragraph 85.

86.     ECI denies the allegations in Paragraph 86.

87.     ECI denies the allegations in the last sentence of Paragraph 87. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87, and on that basis denies them.

88.     ECI denies the existence of a "Conspiracy Period." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first and

last sentences in Paragraph 88, and on that basis denies them. ECI denies the remaining allegations in Paragraph 88.

89.     ECI denies the allegations in Paragraph 89.

90.     ECI denies the allegations in the last sentence of Paragraph 90. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90, and on that basis denies them.

91.     ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 91, and on that basis denies them. ECI denies the remaining allegations in Paragraph 91.

92.     ECI denies the allegations in Paragraph 92.

93.     ECI denies the allegations in the last sentence of Paragraph 93. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93, and on that basis denies them.

94.     ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 94, and on that basis denies them. ECI denies the remaining allegations in Paragraph 94.

95.     ECI denies the allegations in Paragraph 95.

96.     ECI denies the allegations in the last sentence of Paragraph 96. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96, and on that basis denies them.

97.     ECI denies the allegations in Paragraph 97.

98.     ECI denies the allegations in Paragraph 98.

99.     ECI denies the allegations in the last sentence of Paragraph 99. ECI lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99, and on that basis denies them.

100. ECI denies the existence of a "Conspiracy Period." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first and last sentences in Paragraph 100, and on that basis denies them. ECI denies the remaining allegations in Paragraph 100.

101. ECI denies the allegations in Paragraph 101.

102. ECI denies the allegations in the last sentence of Paragraph 102. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102, and on that basis denies them.

103. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 103, and on that basis denies them. ECI denies the remaining allegations in Paragraph 103.

104. ECI denies the allegations in Paragraph 104.

105. ECI denies the allegations in the last sentence of Paragraph 105. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105, and on that basis denies them.

106. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 106, and on that basis denies them. ECI denies the remaining allegations in Paragraph 106.

107. ECI denies the allegations in Paragraph 107.

108. On October 31, 2023, ECI Management, LLC was substituted for ECI Group, Inc. in this action. All references in the Complaint to "ECI Group, Inc." will be considered to be

references to "ECI Management, LLC." ECI Management, LLC (referred to as ECI herein) is a Georgia limited liability company with its principal place of business in Atlanta, Georgia. ECI admits that it owns or manages certain multifamily residential apartment buildings in the greater Atlanta, Houston, Nashville, Orlando, and Tampa areas. ECI admits that it currently manages over 5,000 multifamily rental units in various states in the United States. ECI denies Plaintiffs' allegation that Atlanta, Houston, Nashville, Orlando, and Tampa are "regional submarkets." ECI denies the remaining allegations in Paragraph 108, including the allegations in the last sentence in Paragraph 108.

109. ECI admits that it has entered into a contract with RealPage related to the use of LRO. ECI admits that, at certain times and for certain properties, it has used LRO as one part of its multi-faceted revenue management process. ECI further admits that it has paid a fee to RealPage related to the use of LRO. ECI admits that, at certain times and for certain properties, Emily Mask, Associate Vice President of Revenue Management and Systems Support, has been involved in ECI's use of LRO. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the remaining allegations in Paragraph 109.

110. ECI denies the allegations in Paragraph 110.

111. ECI denies the allegations in the last sentence of Paragraph 111. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111, and on that basis denies them.

112. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 112, and on that basis denies them. ECI denies the remaining allegations in Paragraph 112.

113. ECI denies the allegations in Paragraph 113.

114.     ECI denies the allegations in the last sentence of Paragraph 114. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 114, and on that basis denies them.

115.     ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 115, and on that basis denies them. ECI denies the remaining allegations in Paragraph 115.

116.     ECI denies the allegations in Paragraph 116.

117.     ECI denies the allegations in the last sentence of Paragraph 117. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117, and on that basis denies them.

118.     ECI denies the allegations in Paragraph 118.

119.     ECI denies the allegations in Paragraph 119.

120.     ECI denies the allegations in the last sentence of Paragraph 120. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 120, and on that basis denies them.

121.     ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 121, and on that basis denies them. ECI denies the remaining allegations in Paragraph 121.

122.     ECI denies the allegations in Paragraph 122.

123.     ECI denies the allegations in the last sentence of Paragraph 123. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 123, and on that basis denies them.

124. ECI denies the existence of a "Conspiracy Period." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first and last sentences of Paragraph 124, and on that basis denies them. ECI denies the remaining allegations in Paragraph 124.

125. ECI denies the allegations in Paragraph 125.

126. ECI denies the allegations in the last sentence of Paragraph 126. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126, and on that basis denies them.

127. ECI denies the existence of a "Conspiracy Period." ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and last sentences of Paragraph 127, and on that basis denies them. ECI denies the remaining allegations in Paragraph 127.

128. ECI denies the allegations in Paragraph 128.

129. ECI denies the allegations in the last sentence of Paragraph 129. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 129, and on that basis denies them.

130. ECI denies the existence of a "Conspiracy Period." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first and last sentences in Paragraph 130, and on that basis denies them. ECI denies the remaining allegations in Paragraph 130.

131. ECI denies the allegations in Paragraph 131.

132.     ECI denies the allegations in the last sentence of Paragraph 132. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132, and on that basis denies them.

133.     ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 133, and on that basis denies them. ECI denies the remaining allegations in Paragraph 133.

134.     ECI denies the allegations in Paragraph 134.

135.     ECI denies the allegations in the last sentence of Paragraph 135. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135, and on that basis denies them.

136.     ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 136, and on that basis denies them. ECI denies the remaining allegations in Paragraph 136.

137.     ECI denies the allegations in Paragraph 137.

138.     ECI denies the allegations in the last sentence of Paragraph 138. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138, and on that basis denies them.

139.     ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 139, and on that basis denies them. ECI denies the remaining allegations in Paragraph 139.

140.     ECI denies the allegations in Paragraph 140.

141.     ECI denies the allegations in the last sentence of Paragraph 141. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 141, and on that basis denies them.

142.     ECI denies the existence of a "Conspiracy Period." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first and last sentences in Paragraph 142, and on that basis denies them. ECI denies the remaining allegations in Paragraph 142.

143.     ECI denies the allegations in Paragraph 143.

144.     ECI denies the existence of the conspiracy alleged in Paragraph 144. The third sentence in Paragraph 144 is a conclusion of law to which no response is required. To the extent a response is required, that sentence is denied. ECI denies the allegations in the last sentence of Paragraph 144. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144, and on that basis denies them.

145.     ECI denies the existence of a "Conspiracy Period." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first and last sentences of Paragraph 145, and on that basis denies them. ECI denies the remaining allegations in Paragraph 145.

146.     ECI denies the allegations in Paragraph 146.

147.     ECI denies the allegations in the last sentence of Paragraph 147. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 147, and on that basis denies them.

148.    ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 148, and on that basis denies them. ECI denies the remaining allegations in Paragraph 148.

149.    ECI denies the allegations in Paragraph 149.

150.    ECI denies the allegations in the last sentence of Paragraph 150. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 150, and on that basis denies them.

151.    ECI denies the existence of a "Conspiracy Period." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first and last sentences in Paragraph 151, and on that basis denies them. ECI denies the remaining allegations in Paragraph 151.

152.    ECI denies the allegations in Paragraph 152.

153.    ECI denies the allegations in the last sentence of Paragraph 153. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 153, and on that basis denies them.

154.    ECI denies the existence of a "Conspiracy Period." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first and last sentences in Paragraph 154, and on that basis denies them. ECI denies the remaining allegations in Paragraph 154.

155.    ECI denies the allegations in Paragraph 155.

156.    ECI denies the allegations in the last sentence of Paragraph 156. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 156, and on that basis denies them.

157.     ECI denies the existence of a "Conspiracy Period." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first and last sentences in Paragraph 157, and on that basis denies them. ECI denies the remaining allegations in Paragraph 157.

158.     ECI denies the allegations in Paragraph 158.

159.     ECI denies the allegations in the last sentence of Paragraph 159. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159, and on that basis denies them.

160.     ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 160, and on that basis denies them. ECI denies the remaining allegations in Paragraph 160.

161.     ECI denies the allegations in Paragraph 161.

162.     ECI denies the allegations in the last sentence of Paragraph 162. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 162, and on that basis denies them.

163.     ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 163, and on that basis denies them. ECI denies the remaining allegations in Paragraph 163.

164.     ECI denies the allegations in Paragraph 164.

165.     ECI denies the allegations in the last sentence of Paragraph 165. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 165, and on that basis denies them.

166. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 166, and on that basis denies them. ECI denies the remaining allegations in Paragraph 166.

167. ECI denies the allegations in Paragraph 167.

168. ECI denies the allegations in the last sentence of Paragraph 168. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 168, and on that basis denies them.

169. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 169, and on that basis denies them. ECI denies the remaining allegations in Paragraph 169.

170. ECI denies the allegations in Paragraph 170.

171. ECI denies the allegations in the last sentence of Paragraph 171. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 171, and on that basis denies them.

172. ECI denies the existence of a "Conspiracy Period." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence in Paragraph 172, and on that basis denies them. ECI denies the remaining allegations in Paragraph 172.

173. ECI denies the allegations in Paragraph 173.

174. ECI denies the allegations in the last sentence of Paragraph 174. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 174, and on that basis denies them.

175. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 175, and on that basis denies them. ECI denies the remaining allegations in Paragraph 175.

176. ECI denies the allegations in Paragraph 176.

177. ECI denies the allegations in the last sentence of Paragraph 177. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 177, and on that basis denies them.

178. ECI denies the existence of a "Conspiracy Period." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first and last sentences in Paragraph 178, and on that basis denies them. ECI denies the remaining allegations in Paragraph 178.

179. ECI denies the allegations in Paragraph 179.

180. ECI denies the allegations in the last sentence of Paragraph 180. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 180, and on that basis denies them.

181. ECI denies the allegations in Paragraph 181.

182. ECI denies the allegations in the last sentence of Paragraph 182. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 182, and on that basis denies them.

183. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 183, and on that basis denies them. ECI denies the remaining allegations in Paragraph 183.

184. ECI denies the allegations in Paragraph 184.

185. ECI denies the allegations in the last sentence of Paragraph 185. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 185, and on that basis denies them.

186. ECI denies the existence of a "Conspiracy Period." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence in Paragraph 186, and on that basis denies them. ECI denies the remaining allegations in Paragraph 186.

187. ECI denies the allegations in the last sentence of Paragraph 187. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 187, and on that basis denies them.

188. ECI denies the allegations in Paragraph 188.

189. ECI denies the allegations in the last sentence of Paragraph 189. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 189, and on that basis denies them.

190. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence in Paragraph 190, and on that basis denies them. ECI denies the remaining allegations in Paragraph 190.

191. ECI denies the allegations in Paragraph 191.

192. ECI denies the allegations in the last sentence of Paragraph 192. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 192, and on that basis denies them.

193. ECI denies the allegations in Paragraph 193.

194.     ECI denies the allegations in Paragraph 194 to the extent they imply that ECI "would retaliate" or that ECI threatened to "retaliate." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 194, and on that basis denies them.

195.     ECI denies the allegations in Paragraph 195.

196.     ECI denies the allegations in Paragraph 196.

197.     "ECI denies the allegations in the last sentence of Paragraph 197. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 197, and on that basis denies them.

198.     The allegations in Paragraph 198 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 198 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI admits that it owns and manages certain multifamily residential apartment buildings and that, at certain times and for certain properties, it has used LRO as one part of its multi-faceted revenue management process. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the remaining allegations in Paragraph 198 to the extent they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 as they relate to any other Defendant, and on that basis denies them.

199.     ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the allegations in Paragraph 199 to the extent they relate to ECI. ECI lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 as they relate to any other Defendant, and on that basis denies them.

200.    ECI denies the allegations in Paragraph 200.

201.    ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the allegations in the last sentence in Paragraph 201. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 201, and on that basis denies them.

## V.    FACTUAL ALLEGATIONS

### A.    Historical Competition Among Residential Property Managers.

202.    The allegations in Paragraph 202 purport to quote a document that speaks for itself. ECI denies the allegations in Paragraph 202 to the extent they mischaracterize or are inconsistent with that document. ECI admits that it has considered, and continues to consider, both occupancy and turnover rates as parts of its multi-faceted revenue management process. ECI denies the remaining allegations in Paragraph 202.

203.    ECI denies the allegations in Paragraph 203.

204.    The allegations in Paragraph 204 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 204 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 204.

205.    ECI denies the allegations in Paragraph 205.

206.    The allegations in Paragraph 206 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 206 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 206.

207.    The allegations in Paragraph 207 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 207 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 207.

**B.    Evolution of RealPage's Revenue Management Solutions.**

208.    The allegations in Paragraph 208 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 208 to the extent they mischaracterize or are inconsistent with those documents. ECI admits that it owns and manages certain multifamily residential apartment buildings and that it has, at certain times and for certain properties, used LRO as one part of its multi-faceted revenue management process. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 208 as to any other Defendant and denies them on that basis. ECI denies the remaining allegations in Paragraph 208.

209.    The allegations in Paragraph 209 cite documents that speak for themselves. ECI denies the allegations in Paragraph 209 to the extent they mischaracterize or are inconsistent with those documents. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the allegations in the fifth sentence in Paragraph 209. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 209 and denies them on that basis.

210.    The allegations in Paragraph 210 purport to quote from and cite documents that speak for themselves. ECI denies the allegations in Paragraph 210 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the second and last sentences in Paragraph 210. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 210 and denies them on that basis.

211.    The allegations in Paragraph 211 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 211 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 211.

212.    ECI denies the allegations in Paragraph 212.

213.    The allegations in Paragraph 213 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 213 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the allegations in the first sentence in Paragraph 213. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 213 and denies them on that basis.

214.    The allegations in Paragraph 214 purport to cite documents that speak for themselves. ECI denies the allegations in Paragraph 214 to the extent they mischaracterize or are inconsistent with those documents. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 214 and denies them on that basis.

215.    The allegations in Paragraph 215 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 215 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the allegations in the first sentence in Paragraph 215. ECI denies that it has committed any torts, wrongs, or wrongful activities. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 215 and denies them on that basis.

216.    The allegations in Paragraph 216 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 216 to the extent they mischaracterize or are inconsistent with those documents. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the remaining allegations in Paragraph 216.

217.     The allegations in Paragraph 217 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 217 to the extent they mischaracterize or are inconsistent with those documents. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 217 and denies them on that basis.

218.     The allegations in Paragraph 218 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 218 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the allegations in the first sentence in Paragraph 218. ECI denies any alleged "anticompetitive practices." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 218 and denies them on that basis.

219.     The allegations in Paragraph 219 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 219 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the allegations in the first sentence of Paragraph 219. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 219 and denies them on that basis.

220.     The allegations in Paragraph 220 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 220 to the extent they mischaracterize or are inconsistent with those documents. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 220 and denies them on that basis.

221.     The allegations in Paragraph 221 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 221 to the extent they mischaracterize or are

inconsistent with those documents. ECI denies the allegations in the first and second sentences in Paragraph 221. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 221 and denies them on that basis.

222.    ECI denies the allegations in Paragraph 222.

223.    The allegations in Paragraph 223 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 223 to the extent they mischaracterize or are inconsistent with those documents. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the remaining allegations in Paragraph 223.

224.    The allegations in Paragraph 224 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 224 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the allegations in the first two sentences in Paragraph 224. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 224 and denies them on that basis.

225.    The allegations in Paragraph 225 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 225 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 225.

226.    The allegations in Paragraph 226 purport to excerpt and cite a document that speaks for itself. ECI denies the allegations in Paragraph 226 to the extent they mischaracterize or are inconsistent with that document. ECI denies the remaining allegations in Paragraph 226.

**C.    Property Management Companies Effectively Outsourced Pricing and Supply Decisions to RealPage, Eliminating Competition.**

227.    ECI denies the allegations in the second and third sentences in Paragraph 227. ECI denies the allegations in the first sentence in Paragraph 227 as they relate to ECI. ECI lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 227 as to any other Defendant and denies them on that basis.

228. The allegations in Paragraph 228 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 228 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 228.

229. The allegations in Paragraph 229 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 229 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 229.

230. The allegations in Paragraph 230 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 230 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 230.

231. ECI denies the allegations in Paragraph 231.

232. The allegations in Paragraph 232 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 232 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 232.

233. The allegations in Paragraph 233 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 233 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 233 and denies them on that basis.

234. The allegations in Paragraph 234 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 234 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the allegations in the last sentence of Paragraph 234. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 234 and denies them on that basis.

235. The allegations in Paragraph 235 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 235 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the allegations in the first sentence in Paragraph 235 as they relate to ECI. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 235 and denies them on that basis.

236. The allegations in Paragraph 236 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 236 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 236.

237. The allegations in Paragraph 237 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 237 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 237 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 as they relate to any other Defendant and denies them on that basis.

238. The allegations in Paragraph 238 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 238 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations

in Paragraph 238 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238 as they relate to any other Defendant and denies them on that basis.

239. The allegations in Paragraph 239 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 239 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 239 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 as they relate to any other Defendant and denies them on that basis.

240. The allegations in Paragraph 240 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 240 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 240 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 as they relate to any other Defendant and denies them on that basis.

241. The allegations in Paragraph 241 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 241 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 241 as they relate to ECI. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 as they relate to any other Defendant and denies them on that basis.

242.    The allegations in Paragraph 242 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 242 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 242 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242 as they relate to any other Defendant and denies them on that basis.

243.    The allegations in Paragraph 243 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 243 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 243 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 as they relate to any other Defendant and denies them on that basis.

244.    ECI denies the allegations in Paragraph 244.

245.    The allegations in Paragraph 245 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 245 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 245.

246.    The allegations in Paragraph 246 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 246 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 246 as they relate to ECI. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 246 as they relate to any other Defendant and denies them on that basis.

247.    The allegations in Paragraph 247 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 247 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 247 as they relate to ECI. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247 as they relate to any other Defendant and denies them on that basis.

248.    The allegations in Paragraph 248 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 248 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 248 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248 as they relate to any other Defendant and denies them on that basis.

249.    The allegations in Paragraph 249 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 249 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 249 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249 as they relate to any other Defendant and denies them on that basis.

250.    The allegations in Paragraph 250 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 250 to the extent they

mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 250 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 250 as they relate to any other Defendant and denies them on that basis.

251. The allegations in Paragraph 251 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 251 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in the last sentence in Paragraph 251. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the remaining allegations in Paragraph 251 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 251 as they relate to any other Defendant and denies them on that basis.

252. The allegations in Paragraph 252 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 252 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 252 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252 as they relate to any other Defendant and denies them on that basis.

253. The allegations in Paragraph 253 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 253 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 253 as they relate to ECI. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 253 as they relate to any other Defendant and denies them on that basis.

254.     The allegations in Paragraph 254 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 254 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the existence of the alleged conspiracy and of any "co-conspirator[s]." ECI denies the allegations in Paragraph 254 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 254 as they relate to any other Defendant and denies them on that basis.

**D.     Defendants Collectively Monitor Compliance with the Scheme.**

255.     The allegations in Paragraph 255 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 255 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 255 as they relate to ECI.  ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255 as they relate to any other Defendant and denies them on that basis.

256.     The allegations in Paragraph 256 purport to excerpt and/or quote documents that speak for themselves. ECI denies the allegations in Paragraph 256 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the allegations in Paragraph 256 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256 as they relate to any other Defendant and denies them on that basis.

257.    The allegations in Paragraph 257 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 257 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 257 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257 as they relate to any other Defendant and denies them on that basis.

258.    The allegations in Paragraph 258 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 258 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 258 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258 as they relate to any other Defendant and denies them on that basis.

259.    The allegations in Paragraph 259 purport to excerpt and/or quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 259 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 259 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259 as they relate to any other Defendant and denies them on that basis.

260.    The allegations in Paragraph 260 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 260 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 260 as they relate to ECI. ECI lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 260 as they relate to any other Defendant and denies them on that basis.

261.   The allegations in Paragraph 261 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 261 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 261 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261 as they relate to any other Defendant and denies them on that basis.

262.   The allegations in Paragraph 262 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 262 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 262 as they relate to ECI. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262 as they relate to any other Defendant and denies them on that basis.

263.   The allegations in Paragraph 263 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 263 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 263 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263 as they relate to any other Defendant and denies them on that basis.

264.   The allegations in Paragraph 264 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 264 to the extent they

mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 264 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264 as they relate to any other Defendant and denies them on that basis.

265.    The allegations in Paragraph 265 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 265 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 265 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265 as they relate to any other Defendant and denies them on that basis.

266.    The allegations in Paragraph 266 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 266 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 266 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266 as they relate to any other Defendant and denies them on that basis.

267.    The allegations in Paragraph 267 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 267 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 267 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267 as they relate to any other Defendant and denies them on that basis.

268.     The allegations in Paragraph 268 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 268 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 268 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268 as they relate to any other Defendant and denies them on that basis.

269.     The allegations in Paragraph 269 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 269 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 269 as they relate to ECI. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 269 as they relate to any other Defendant and denies them on that basis.

270.     The allegations in Paragraph 270 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 270 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 270 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 270 as they relate to any other Defendant and denies them on that basis.

271.     The allegations in Paragraph 271 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 271 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 271 as they relate to ECI. ECI denies that different RealPage products can

appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271 as they relate to any other Defendant and denies them on that basis.

272.    The allegations in Paragraph 272 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 272 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 272 as they relate to ECI. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 272 as they relate to any other Defendant and denies them on that basis.

273.    The allegations in Paragraph 273 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 273 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in the second sentence in Paragraph 273. ECI denies the remaining allegations in Paragraph 273 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 273 as they relate to any other Defendant and denies them on that basis.

274.    ECI denies the allegations in Paragraph 274.

275.    The allegations in Paragraph 275 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 275 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 275 as they relate to ECI. ECI lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 275 as they relate to any other Defendant and denies them on that basis.

276. ECI denies the allegations in Paragraph 276.

277. The allegations in Paragraph 277 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 277 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the existence of the alleged conspiracy and of any "co-conspirator[s]." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the remaining allegations in Paragraph 277 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 277 as they relate to any other Defendant and denies them on that basis.

278. The allegations in Paragraph 278 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 278 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the existence of the alleged "scheme." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the remaining allegations in Paragraph 278 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 278 as they relate to any other Defendant and denies them on that basis.

279. The allegations in Paragraph 279 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 279 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the allegations in Paragraph 279 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 279 as they relate to any other Defendant and denies them on that basis.

280.    ECI denies the allegations in Paragraph 280.

281.    ECI denies the allegations in Paragraph 281.

282.    The allegations in Paragraph 282 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 282 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 282 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282 as they relate to any other Defendant and denies them on that basis.

283.    The allegations in Paragraph 283 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 283 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the allegations in Paragraph 283 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283 as they relate to any other Defendant and denies them on that basis.

284.    The allegations in Paragraph 284 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 284 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the allegations in Paragraph 284 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 284 as they relate to any other Defendant and denies them on that basis.

285.    The allegations in Paragraph 285 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 285 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the allegations in Paragraph 285 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285 as they relate to any other Defendant and denies them on that basis.

286.    The allegations in Paragraph 286 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 286 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 286 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286 as they relate to any other Defendant and denies them on that basis.

**E.    Property Owners and Managers Who Adopted RealPage's Pricing Recommendations Did So With the Common Goal of Raising Rent Prices Which Caused Inflated Rental Prices and Reduced Occupancy Levels in Their Respective Metro Areas.**

287.    ECI denies the allegations in Paragraph 287.

288.    The allegations in Paragraph 288 purport to reference documents that speak for themselves. ECI denies the allegations in Paragraph 288 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 288.

289.    The allegations in Paragraph 289 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 289 to the extent they

mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 289.

290.    The allegations in Paragraph 290 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 290 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the allegations in Paragraph 290 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 290 as they relate to any other Defendant and denies them on that basis.

291.    The allegations in Paragraph 291 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 291 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 291.

292.    The allegations in Paragraph 292 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 292 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 292.

293.    ECI denies the allegations in Paragraph 293.

294.    The allegations in Paragraph 294 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 294 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the allegations in Paragraph 294 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 294 as they relate to any other Defendant and denies them on that basis.

295.    The allegations in Paragraph 295 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 295 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the allegations in Paragraph 295 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295 as they relate to any other Defendant and denies them on that basis.

296.    The allegations in Paragraph 296 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 296 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the allegations in Paragraph 296 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296 as they relate to any other Defendant and denies them on that basis.

297.    The allegations in Paragraph 297 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 297 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the allegations in Paragraph 297 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297 as they relate to any other Defendant and denies them on that basis.

298.    The allegations in Paragraph 298 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 298 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 298.

299.    The allegations in Paragraph 299 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 299 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the existence of the alleged conspiracy and of any "co-conspirator[s]." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the allegations in Paragraph 299 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 299 as they relate to any other Defendant and denies them on that basis.

300.    The allegations in Paragraph 300 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 300 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the allegations in Paragraph 300 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300 as they relate to any other Defendant and denies them on that basis.

301.    The allegations in Paragraph 301 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 301 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the allegations in Paragraph 301 as they relate to ECI. ECI lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 301 as they relate to any other Defendant and denies them on that basis.

302.    The allegations in Paragraph 302 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 302 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the existence of the alleged conspiracy and of any "co-conspirator[s]." ECI denies the allegations in Paragraph 302 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302 as they relate to any other Defendant and denies them on that basis.

303.    The allegations in Paragraph 303 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 303 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 303.

304.    The allegations in Paragraph 304 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 304 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 304.

305.    The allegations in Paragraph 305 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 305 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 305.

306.    The allegations in Paragraph 306 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 306 to the extent they

mischaracterize or are inconsistent with those documents or statements. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the allegations in Paragraph 306 as they relate to ECI. ECI denies that any rental prices are "artificially inflated." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 306 as they relate to any other Defendant and denies them on that basis.

307.    The allegations in Paragraph 307 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 307 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the allegations in Paragraph 307 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 307 as they relate to any other Defendant and denies them on that basis.

308.    The allegations in Paragraph 308 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 308 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI denies the allegations in Paragraph 308 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308 as they relate to any other Defendant and denies them on that basis.

309.    The allegations in Paragraph 309 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 309 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 309.

310.    The allegations in Paragraph 310 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 310 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the existence of the alleged conspiracy and of any "co-conspirators." ECI denies the allegations in Paragraph 310 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310 as they relate to any other Defendant and denies them on that basis.

311.    ECI denies the allegations in Paragraph 311.

312.    ECI denies the allegations in Paragraph 312.

F.    **Property Owners and Managers Conspired Through Trade Associations to Standardize Lease Terms Unfavorable to Plaintiffs and Members of the Class.**

313.    ECI denies the allegations in Paragraph 313.

314.    The allegations in Paragraph 314 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 314 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 314 and denies them on that basis.

315.    The allegations in Paragraph 315 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 315 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 315 and denies them on that basis.

316.    The allegations in Paragraph 316 purport to cite documents that speak for themselves. ECI denies the allegations in Paragraph 316 to the extent they mischaracterize or are

inconsistent with those documents. ECI denies the allegations in the last sentence in Paragraph 316. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 316 and denies them on that basis.

317. The allegations in Paragraph 317 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 317 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the allegations in the last sentence of Paragraph 317. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 317 and denies them on that basis.

318. The allegations in Paragraph 318 purport to cite documents that speak for themselves. ECI denies the allegations in Paragraph 318 to the extent they mischaracterize or are inconsistent with those documents. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 318 and denies them on that basis.

319. The allegations in Paragraph 319 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 319 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 319 and denies them on that basis.

320. The allegations in Paragraph 320 purport to cite documents or statements that speak for themselves. ECI denies the allegations in Paragraph 320 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 320 and denies them on that basis.

321. The allegations in Paragraph 321 purport to cite documents that speak for themselves. ECI denies the allegations in Paragraph 321 to the extent they mischaracterize or are inconsistent with those documents. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 321 and denies them on that basis.

322. The allegations in Paragraph 322 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 322 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 322 and denies them on that basis.

323. The allegations in Paragraph 323 purport to cite documents that speak for themselves. ECI denies the allegations in Paragraph 323 to the extent they mischaracterize or are inconsistent with those documents. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 323 and denies them on that basis.

324. ECI denies the allegations in Paragraph 324 as they relate to ECI. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 324 as to any other Defendant and denies them on that basis.

325. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 325 and denies them on that basis.

326. The allegations in Paragraph 326 purport to reference documents that speak for themselves. ECI denies the allegations in Paragraph 326 to the extent they mischaracterize or are inconsistent with those documents. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 326 and denies them on that basis.

327.    The allegations in Paragraph 327 purport to reference documents that speak for themselves. ECI denies the allegations in Paragraph 327 to the extent they mischaracterize or are inconsistent with those documents. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 327 and denies them on that basis.

328.    The allegations in Paragraph 328 purport to quote a document that speaks for itself. ECI denies the allegations in Paragraph 328 to the extent they mischaracterize or are inconsistent with that document. Paragraph 328 involves legal conclusions to which no response is required. To the extent a response is required, ECI denies the allegations in Paragraph 328.

329.    The allegations in Paragraph 329 purport to reference documents that speak for themselves. ECI denies the allegations in Paragraph 329 to the extent they mischaracterize or are inconsistent with those documents. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329 and denies them on that basis.

330.    The allegations in Paragraph 330 purport to reference a document that speaks for itself. ECI denies the allegations in Paragraph 330 to the extent they mischaracterize or are inconsistent with that document. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 330 and denies them on that basis.

331.    The allegations in Paragraph 331 purport to reference documents that speak for themselves. ECI denies the allegations in Paragraph 331 to the extent they mischaracterize or are inconsistent with those documents. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 331 and denies them on that basis. ECI denies the remaining allegations in Paragraph 331.

G.    **Preliminary Economic Analysis Confirms the Impact of RealPage's Revenue Management on Multifamily Rental Markets Nationwide.**

332.    ECI denies the allegations in Paragraph 332.

### i. Defendants' Increased Revenues Resulted from Proportionally Higher, Artificially Inflated Rent Increases.

333. The allegations in Paragraph 333 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 333 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 333.

334. The allegations in Paragraph 334 purport to reference documents and/or data that speak for themselves. ECI denies the allegations in Paragraph 334 to the extent they mischaracterize or are inconsistent with those documents and/or data and to the extent the data is flawed or inaccurate. ECI denies the remaining allegations in Paragraph 334.

335. The allegations in Paragraph 335 purport to reference documents and/or data that speak for themselves. ECI denies the allegations in Paragraph 335 to the extent they mischaracterize or are inconsistent with those documents and/or data and to the extent the data is flawed or inaccurate. ECI denies the remaining allegations in Paragraph 335.

336. The allegations in Paragraph 336 purport to quote documents or statements that speak for themselves. ECI denies the allegations in Paragraph 336 to the extent they mischaracterize or are inconsistent with those documents or statements. ECI denies the remaining allegations in Paragraph 336.

### ii. Owners, Owner-Operators, and Managing Defendants Engaged in Tacit Collusion to Artificially Increase Multifamily Rental Prices.

337. ECI denies the allegations in Paragraph 337.

338. ECI denies the allegations in Paragraph 338.

339. ECI denies the characterization of Nashville as a "submarket." ECI admits that it owns or manages a multifamily residential apartment building in the greater Nashville area. ECI

lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 339 as to any other Defendant and denies them on that basis.

340. ECI denies the characterization of Atlanta as a "submarket." ECI admits that it owns or manages certain multifamily residential apartment buildings in the greater Atlanta area. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 340 as to any other Defendant and denies them on that basis.

341. ECI denies the characterization of Boston as a "submarket." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 341 and denies them on that basis.

342. ECI denies the characterization of Dallas as a "submarket." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 342 denies them on that basis.

343. ECI denies the characterization of Denver as a "submarket." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 343 and denies them on that basis.

344. ECI denies the characterization of the District of Columbia as a "submarket." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 344 and denies them on that basis.

345. ECI denies the characterization of Miami as a "submarket." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 345 and denies them on that basis.

346.     ECI denies the characterization of Portland as a "submarket." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 346 and denies them on that basis.

347.     ECI denies the characterization of New York as a "submarket." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 347 and denies them on that basis.

348.     ECI denies the allegations in Paragraph 348.

349.     ECI denies the allegations in Paragraph 349.

350.     ECI denies the allegations in Paragraph 350.

### iii.     Supply and Demand Factors Do Not Explain Inflated Rental Prices.

351.     ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 351 and denies them on that basis.

352.     ECI denies the allegations in Paragraph 352.

353.     ECI denies the allegations in Paragraph 353.

354.     ECI denies the allegations in Paragraph 354.

### iv.     Atlanta Submarket.

355.     ECI denies the allegations in Paragraph 355.

356.     ECI denies the allegations in Paragraph 356.

357.     ECI denies the allegations in Paragraph 357.

358.     ECI denies the allegations in Paragraph 358.

359.     ECI denies the allegations in Paragraph 359.

360.     ECI denies the allegations in Paragraph 360.

### v.     Orlando Submarket.

361.     ECI denies the allegations in Paragraph 361.

### vi. Phoenix Submarket.

362.　ECI denies the allegations in Paragraph 362.

### vii. Fort Worth (Dallas Submarket).

363.　ECI denies the allegations in Paragraph 363.

364.　ECI denies the allegations in Paragraph 364.

365.　ECI denies the allegations in Paragraph 365.

**H. "Plus Factors" in the Multifamily Rental Housing Market Provide Additional Evidence of a Price Fixing Conspiracy.**

366.　The allegations in Paragraph 366 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 366 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 366.

367.　ECI denies the allegations in Paragraph 367.

### i. The Multifamily Rental Market Is Highly Concentrated.

368.　The allegations in Paragraph 368 purport to cite documents that speak for themselves. ECI denies the allegations in Paragraph 368 to the extent they mischaracterize or are inconsistent with those documents. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 368, and on that basis denies them. ECI denies the remaining allegations in Paragraph 368.

### ii. High Barriers to Entry.

369.　ECI denies the allegations in Paragraph 369.

370.　ECI denies the allegations in Paragraph 370.

371.　ECI denies the allegations in Paragraph 371.

### iii. High Switching Costs for Renters.

372.　ECI denies the allegations in Paragraph 372.

373.     ECI denies the allegations in the first sentence of Paragraph 373. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 373 and denies them on that basis.

374.     ECI denies the allegations in Paragraph 374.

**iv.     Inelasticity of Demand.**

375.     ECI denies the allegations in Paragraph 375.

376.     ECI denies the allegations in Paragraph 376.

**v.     Multifamily Rental Housing Units Are a Fungible Product.**

377.     ECI denies the allegations in Paragraph 377.

378.     The allegations in Paragraph 378 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 378 to the extent they mischaracterize or are inconsistent with those documents. ECI denies the remaining allegations in Paragraph 378.

379.     ECI denies the allegations in Paragraph 379.

**vi.     Defendants Exchange Competitively Sensitive Information.**

380.     ECI denies the allegations in Paragraph 380.

**vii.     Motive, Opportunities, and Invitations to Collude.**

381.     The allegations in Paragraph 381 purport to reference a document that speaks for itself. ECI denies the allegations in Paragraph 381 to the extent they mischaracterize or are inconsistent with that document. ECI denies the remaining allegations in Paragraph 381.

382.     ECI denies the allegations in Paragraph 382.

383.     ECI denies the existence of the alleged conspiracy. The allegations in Paragraph 383 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 383 to the extent they mischaracterize or are inconsistent with those documents. ECI lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 383 and denies them on that basis.

384.    ECI denies the existence of the alleged conspiracy and of any "cartel members." ECI denies the allegations in the first sentence of Paragraph 384. The allegations in Paragraph 384 purport to reference documents that speak for themselves. ECI denies the allegations in Paragraph 384 to the extent they mischaracterize or are inconsistent with those documents. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 384 and denies them on that basis.

385.    ECI denies the existence of the alleged conspiracy. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 385 and denies them on that basis.

386.    ECI denies the allegations in the first sentence in Paragraph 386. ECI further denies that any of the listed associations "serve as conduits of the cartel and facilitate opportunities to conspire and exchange information through meetings, webinars, and information portals, all of which are accessible only to trade association members." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the last sentence in Paragraph 386 and denies them on that basis.

387.    ECI denies the existence of the alleged conspiracy and of the claimed "opportunities for collusion amongst a large group of landlords who have shared economic goals." The allegations in Paragraph 387 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 387 to the extent they mischaracterize or are inconsistent with those documents. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 387 and denies them on that basis.

388.     ECI denies the existence of the alleged conspiracy and of the claimed "opportunities for collusion amongst landlords who have shared economic goals." The allegations in Paragraph 388 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 388 to the extent they mischaracterize or are inconsistent with those documents. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 388 and denies them on that basis.

389.     ECI denies the allegations in Paragraph 389.

390.     ECI denies the existence of the alleged conspiracy and denies that the listed associations "serve as conduits of the cartel . . . by providing venues for Defendant RealPage and its participating Owner-Operators and Managing Defendants to further their cartel's goals" as alleged. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 390 and denies them on that basis.

391.     ECI denies the existence of the alleged conspiracy and denies that the listed associations "serve as conduits of the cartel . . . by providing venues for Defendant RealPage and its participating Owner-Operators and Managing Defendants to further their cartel's goals" as alleged. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 391 and denies them on that basis.

VI.     **RELEVANT MARKET**

392.     ECI denies the allegations in Paragraph 392.

393.     ECI denies the allegations in Paragraph 393.

**B.     The Relevant Product Market Is Multifamily Residential Real Estate Leases.**

394.     ECI denies the allegations in Paragraph 394.

395.     ECI denies the allegations in Paragraph 395.

396.     ECI denies the allegations in Paragraph 396.

63

397.    The allegations in Paragraph 397 purport to quote a website that speaks for itself. ECI denies the allegations in Paragraph 397 to the extent they mischaracterize or are inconsistent with that website. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 397 and denies them on that basis.

398.    ECI denies the allegations in Paragraph 398.

399.    ECI denies the allegations in Paragraph 399.

**C.    Defendants' Market Power in the Multifamily Residential Real Estate Market.**

400.    ECI denies the allegations in Paragraph 400.

401.    ECI denies the allegations in Paragraph 401.

402.    The allegations in Paragraph 402 purport to quote documents and/or data that speak for themselves. ECI denies the allegations in Paragraph 402 to the extent they mischaracterize or are inconsistent with those documents and/or data and to the extent the data is flawed or inaccurate. ECI denies the remaining allegations in Paragraph 402.

403.    ECI denies the allegations in Paragraph 403.

404.    ECI denies the allegations in Paragraph 404.

**D.    Regional Submarkets**

405.    ECI denies the allegations in the second and last sentences in Paragraph 405. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 405 and denies them on that basis.

406.    ECI admits that it owns or manages multifamily residential apartment buildings in more than one area in the United States. ECI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 406 as to any other Defendant and denies them on that basis. ECI denies the remaining allegations in Paragraph 406.

407.    ECI denies that MSAs are relevant markets for purposes of this litigation. The allegations in Paragraph 407 purport to quote documents that speak for themselves. ECI denies the allegations in Paragraph 407 to the extent they mischaracterize or are inconsistent with those documents. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 407 and denies them on that basis.

408.    ECI denies the allegations in Paragraph 408.

409.    ECI admits that Plaintiffs have made such allegations but denies that those allegations have any merit.

### i.    Nashville, Tennessee

410.    ECI denies that Nashville is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 410 and denies them on that basis.

411.    The allegations in Paragraph 411 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 411 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 411.

412.    ECI denies the allegations in Paragraph 412.

413.    ECI denies that Nashville is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI admits that it owns or manages a multifamily residential apartment building in the greater Nashville area. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 413 and denies them on that basis.

414.    ECI denies the allegations in Paragraph 414.

415.     ECI denies the allegations in Paragraph 415.

## ii.     Atlanta, Georgia

416.     ECI denies that Atlanta is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 416 and denies them on that basis.

417.     The allegations in Paragraph 417 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 417 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 417.

418.     ECI denies the allegations in Paragraph 418.

419.     ECI denies that Atlanta is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI admits that it owns or manages certain multifamily residential apartment buildings in the greater Atlanta area. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 419 and denies them on that basis.

420.     ECI denies the allegations in Paragraph 420.

421.     ECI denies the allegations in Paragraph 421.

## iii.     Austin, Texas

422.     ECI denies that Austin is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 422 and denies them on that basis.

423.     The allegations in Paragraph 423 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 423 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 423.

424.     ECI denies the allegations in Paragraph 424.

66

425.     ECI denies that Austin is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 425 and denies them on that basis.

426.     ECI denies the allegations in Paragraph 426.

427.     ECI denies the allegations in Paragraph 427.

### iv.     Baltimore, Maryland

428.     ECI denies that Baltimore is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 428 and denies them on that basis.

429.     The allegations in Paragraph 429 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 429 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 429.

430.     ECI denies the allegations in Paragraph 430.

431.     ECI denies that Baltimore is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 431 and denies them on that basis.

432.     ECI denies the allegations in Paragraph 432.

433.     ECI denies the allegations in Paragraph 433.

434.     ECI denies the allegations in Paragraph 434.

### v.     Boston, Massachusetts

435.    ECI denies that Boston is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 435 and denies them on that basis.

436.    The allegations in Paragraph 436 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 436 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 436.

437.    ECI denies the allegations in Paragraph 437.

438.    ECI denies that Boston is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 438 and denies them on that basis.

439.    ECI denies the allegations in Paragraph 439.

440.    ECI denies the allegations in Paragraph 440.

441.    ECI denies the allegations in Paragraph 441.

### vi.     Charlotte, North Carolina

442.    ECI denies that Charlotte is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 442 and denies them on that basis.

443.    The allegations in Paragraph 443 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 443 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 443.

444. ECI denies the allegations in Paragraph 444.

445. ECI denies that Charlotte is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 445 and denies them on that basis.

446. ECI denies the allegations in Paragraph 446.

447. ECI denies the allegations in Paragraph 447.

### vii.    Chicago, Illinois

448. ECI denies that Chicago is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 448 and denies them on that basis.

449. The allegations in Paragraph 449 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 449 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 449.

450. ECI denies the allegations in Paragraph 450.

451. ECI denies that Chicago is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 451 and denies them on that basis.

452. ECI denies the allegations in Paragraph 452.

453. ECI denies the allegations in Paragraph 453.

### viii. Dallas, Texas

454. ECI denies that Dallas is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 454 and denies them on that basis.

455. The allegations in Paragraph 455 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 455 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 455.

456. ECI denies the allegations in Paragraph 456.

457. ECI denies that Dallas is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 457 and denies them on that basis.

458. ECI denies the allegations in Paragraph 458.

459. ECI denies the allegations in Paragraph 459.

### ix. Denver, Colorado

460. ECI denies that Denver is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 460 and denies them on that basis.

461. The allegations in Paragraph 461 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 461 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 461.

462. ECI denies the allegations in Paragraph 462.

463. ECI denies that Denver is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 463 and denies them on that basis.

464. ECI denies the allegations in Paragraph 464.

465. ECI denies the allegations in Paragraph 465.

466. ECI denies the allegations in Paragraph 466.

x. **Detroit, Michigan**

467. ECI denies that Detroit is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 467 and denies them on that basis.

468. The allegations in Paragraph 468 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 468 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 468.

469. ECI denies the allegations in Paragraph 469.

470. ECI denies that Detroit is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 470 and denies them on that basis.

471. ECI denies the allegations in Paragraph 471.

472. ECI denies the allegations in Paragraph 472.

### xi. Houston, Texas

473. ECI denies that Houston is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 473 and denies them on that basis.

474. The allegations in Paragraph 474 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 474 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 474.

475. ECI denies the allegations in Paragraph 475.

476. ECI admits that it owns or manages a multifamily residential apartment building in the greater Houston area. ECI denies that Houston is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 476 and denies them on that basis.

477. ECI denies the allegations in Paragraph 477.

478. ECI denies the allegations in Paragraph 478.

### xii. Jacksonville, Florida

479. ECI denies that Jacksonville is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 479 and denies them on that basis.

480. The allegations in Paragraph 480 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 480 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 480.

481. ECI denies the allegations in Paragraph 481.

482. ECI denies that Jacksonville is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 482 and denies them on that basis.

483. ECI denies the allegations in Paragraph 483.

484. ECI denies the allegations in Paragraph 484.

### xiii. Las Vegas, Nevada

485. ECI denies that Las Vegas is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 485 and denies them on that basis.

486. The allegations in Paragraph 486 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 486 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 486.

487. ECI denies the allegations in Paragraph 487.

488. ECI denies that Las Vegas is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 488 and denies them on that basis.

489.    ECI denies the allegations in Paragraph 489.

490.    ECI denies the allegations in Paragraph 490.

### xiv.    Los Angeles, California

491.    ECI denies that Los Angeles is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 491 and denies them on that basis.

492.    The allegations in Paragraph 492 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 492 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 492.

493.    ECI denies the allegations in Paragraph 493.

494.    ECI denies that Los Angeles is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 494 and denies them on that basis.

495.    ECI denies the allegations in Paragraph 495.

496.    ECI denies the allegations in Paragraph 496.

497.    ECI denies the allegations in Paragraph 497.

### xv.    Memphis, Tennessee

498.    ECI denies that Memphis is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to

74

form a belief as to the truth of the remaining allegations in Paragraph 498 and denies them on that basis.

499.     The allegations in Paragraph 499 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 499 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 499.

500.     ECI denies the allegations in Paragraph 500.

501.     ECI denies that Memphis is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 501 and denies them on that basis.

502.     ECI denies the allegations in Paragraph 502.

503.     ECI denies the allegations in Paragraph 503.

        **xvi.     Miami, Florida**

504.     ECI denies that Miami is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 504 and denies them on that basis.

505.     The allegations in Paragraph 505 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 505 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 505.

506.     ECI denies the allegations in Paragraph 506.

507.     ECI denies that Miami is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 507 and denies them on that basis.

508.    ECI denies the allegations in Paragraph 508.

509.    ECI denies the allegations in Paragraph 509.

### xvii.    Milwaukee, Wisconsin

510.    ECI denies that Milwaukee is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 510 and denies them on that basis.

511.    The allegations in Paragraph 511 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 511 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 511.

512.    ECI denies the allegations in Paragraph 512.

513.    ECI denies that Milwaukee is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 513 and denies them on that basis.

514.    ECI denies the allegations in Paragraph 514.

515.    ECI denies the allegations in Paragraph 515.

### xviii.    Minneapolis, Minnesota

516.    ECI denies that Minneapolis is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 516 and denies them on that basis.

517.    The allegations in Paragraph 517 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 517 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 517.

518.    ECI denies the allegations in Paragraph 518.

519.    ECI denies that Minneapolis is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 519 and denies them on that basis.

520.    ECI denies the allegations in Paragraph 520.

521.    ECI denies the allegations in Paragraph 521.

### xix.    New York, New York

522.    ECI denies that New York is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 522 and denies them on that basis.

523.    The allegations in Paragraph 523 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 523 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 523.

524.    ECI denies the allegations in Paragraph 524.

525.    ECI denies that New York is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different

RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 525 and denies them on that basis.

526. ECI denies the allegations in Paragraph 526.

527. ECI denies the allegations in Paragraph 527.

528. ECI denies the allegations in Paragraph 528.

xx. **Orlando, Florida**

529. ECI denies that Orlando is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 529 and denies them on that basis.

530. The allegations in Paragraph 530 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 530 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 530.

531. ECI denies the allegations in Paragraph 531.

532. ECI admits that it owns or manages a multifamily residential apartment building in the greater Orlando area. ECI denies that Orlando is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 532 and denies them on that basis.

533. ECI denies the allegations in Paragraph 533.

534. ECI denies the allegations in Paragraph 534.

78

### xxi. Philadelphia, Pennsylvania

535. ECI denies that Philadelphia is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 535 and denies them on that basis.

536. The allegations in Paragraph 536 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 536 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 536.

537. ECI denies the allegations in Paragraph 537.

538. ECI denies that Philadelphia is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 538 and denies them on that basis.

539. ECI denies the allegations in Paragraph 539.

### xxii. Phoenix, Arizona

540. ECI denies that Phoenix is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 540 and denies them on that basis.

541. The allegations in Paragraph 541 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 541 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 541.

542. ECI denies the allegations in Paragraph 542.

543. ECI denies that Phoenix is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 543 and denies them on that basis.

544. ECI denies the allegations in Paragraph 544.

545. ECI denies the allegations in Paragraph 545.

546. ECI denies the allegations in Paragraph 546.

   **xxiii.   Pittsburgh, Pennsylvania**

547. ECI denies that Pittsburgh is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 547 and denies them on that basis.

548. The allegations in Paragraph 548 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 548 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 548.

549. ECI denies the allegations in Paragraph 549.

550. ECI denies that Pittsburgh is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 550 and denies them on that basis.

551. ECI denies the allegations in Paragraph 551.

552. ECI denies the allegations in Paragraph 552.

### xxiv. Portland, Oregon

553.    ECI denies that Portland is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 553 and denies them on that basis.

554.    The allegations in Paragraph 554 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 554 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 554.

555.    ECI denies the allegations in Paragraph 555.

556.    ECI denies that Portland is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 556 and denies them on that basis.

557.    ECI denies the allegations in Paragraph 557.

558.    ECI denies the allegations in Paragraph 558.

559.    ECI denies the allegations in Paragraph 559.

### xxv. San Diego, California

560.    ECI denies that San Diego is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 560 and denies them on that basis.

561.   The allegations in Paragraph 561 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 561 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 561.

562.   ECI denies the allegations in Paragraph 562.

563.   ECI denies that San Diego is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 563 and denies them on that basis.

564.   ECI denies the allegations in Paragraph 564.

565.   ECI denies the allegations in Paragraph 565.

566.   ECI denies the allegations in Paragraph 566.

### xxvi.   San Francisco, California

567.   ECI denies that San Francisco is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 567 and denies them on that basis.

568.   The allegations in Paragraph 568 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 568 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 568.

569.   ECI denies the allegations in Paragraph 569.

570.   ECI denies that San Francisco is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 570 and denies them on that basis.

571.    ECI denies the allegations in Paragraph 571.

572.    ECI denies the allegations in Paragraph 572.

573.    ECI denies the allegations in Paragraph 573.

### xxvii.   San Jose, California

574.    ECI denies that San Jose is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 574 and denies them on that basis.

575.    The allegations in Paragraph 575 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 575 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 575.

576.    ECI denies the allegations in Paragraph 576.

577.    ECI denies that San Jose is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 577 and denies them on that basis.

578.    ECI denies the allegations in Paragraph 578.

579.    ECI denies the allegations in Paragraph 579.

580.    ECI denies the allegations in Paragraph 580.

### xxviii. Seattle, Washington

581. ECI denies that Seattle is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 581 and denies them on that basis.

582. The allegations in Paragraph 582 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 582 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 582.

583. ECI denies the allegations in Paragraph 583.

584. ECI denies that Seattle is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 584 and denies them on that basis.

585. ECI denies the allegations in Paragraph 585.

586. ECI denies the allegations in Paragraph 586.

587. ECI denies the allegations in Paragraph 587.

### xxix. St. Louis, Missouri

588. ECI denies that St. Louis is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 588 and denies them on that basis.

589. The allegations in Paragraph 589 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 589 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 589.

590. ECI denies the allegations in Paragraph 590.

591. ECI denies that St. Louis is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 591 and denies them on that basis.

592. ECI denies the allegations in Paragraph 592.

593. ECI denies the allegations in Paragraph 593.

### xxx. Tampa, Florida

594. ECI denies that Tampa is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 594 and denies them on that basis.

595. The allegations in Paragraph 595 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 595 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 595.

596. ECI denies the allegations in Paragraph 596.

597. ECI admits that it owns or manages certain multifamily residential apartment buildings in the greater Tampa area. ECI denies that Tampa is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 597 and denies them on that basis.

598. ECI denies the allegations in Paragraph 598.

599. ECI denies the allegations in Paragraph 599.

### xxxi. Tucson, Arizona

600.  ECI denies that Tucson is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 600 and denies them on that basis.

601.  The allegations in Paragraph 601 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 601 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 601.

602.  ECI denies the allegations in Paragraph 602.

603.  ECI denies that Tucson is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 603 and denies them on that basis.

604.  ECI denies the allegations in Paragraph 604.

605.  ECI denies the allegations in Paragraph 605.

### xxxii. Washington, District of Columbia

606.  ECI denies that Washington D.C. is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 606 and denies them on that basis.

607.  The allegations in Paragraph 607 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 607 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 607.

608.  ECI denies the allegations in Paragraph 608.

609.    ECI denies that Washington D.C. is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 609 and denies them on that basis.

610.    ECI denies the allegations in Paragraph 610.

611.    ECI denies the allegations in Paragraph 611.

612.    ECI denies the allegations in Paragraph 612.

### xxxiii.  Wilmington, North Carolina

613.    ECI denies that Wilmington is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 613 and denies them on that basis.

614.    The allegations in Paragraph 614 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 614 to the extent they mischaracterize or are inconsistent with that website. ECI denies the remaining allegations in Paragraph 614.

615.    ECI denies the allegations in Paragraph 615.

616.    ECI denies that Wilmington is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 616 and denies them on that basis.

617.    ECI denies the allegations in Paragraph 617.

618.    ECI denies the allegations in Paragraph 618.

87

619.    ECI denies the allegations in Paragraph 619.

### xxxiv.  Birmingham-Hoover, AL MSA

620.    The allegations in Paragraph 620 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 620 to the extent they mischaracterize or are inconsistent with that website. ECI denies that Birmingham is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI denies the remaining allegations in Paragraph 620.

621.    ECI denies the allegations in Paragraph 621.

622.    ECI denies that Birmingham is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 622 and denies them on that basis.

623.    ECI denies the allegations in Paragraph 623.

624.    ECI denies the allegations in Paragraph 624.

### xxxv.  Buffalo, New York

625.    The allegations in Paragraph 625 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 625 to the extent they mischaracterize or are inconsistent with that website. ECI denies that Buffalo is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI denies the remaining allegations in Paragraph 625.

626.    ECI denies the allegations in Paragraph 626.

627.    ECI denies that Buffalo is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage

products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 627 and denies them on that basis.

628.    ECI denies the allegations in Paragraph 628.

629.    ECI denies the allegations in Paragraph 629.

**xxxvi.  Cincinnati, Ohio**

630.    The allegations in Paragraph 630 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 630 to the extent they mischaracterize or are inconsistent with that website. ECI denies that Cincinnati is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI denies the remaining allegations in Paragraph 630.

631.    ECI denies the allegations in Paragraph 631.

632.    ECI denies that Cincinnati is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 632 and denies them on that basis.

633.    ECI denies the allegations in Paragraph 633.

634.    ECI denies the allegations in Paragraph 634.

**xxxvii. Cleveland, Ohio**

635.    The allegations in Paragraph 635 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 635 to the extent they mischaracterize or are inconsistent with that website. ECI denies that Cleveland is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI denies the remaining allegations in

Paragraph 635.

636.    ECI denies the allegations in Paragraph 636.

637.    ECI denies that Cleveland is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 637 and denies them on that basis.

638.    ECI denies the allegations in Paragraph 638.

639.    ECI denies the allegations in Paragraph 639.

### xxxviii.    Columbus, Ohio

640.    The allegations in Paragraph 640 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 640 to the extent they mischaracterize or are inconsistent with that website. ECI denies that Columbus is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI denies the remaining allegations in Paragraph 640.

641.    ECI denies the allegations in Paragraph 641.

642.    ECI denies that Columbus is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 642 and denies them on that basis.

643.    ECI denies the allegations in Paragraph 643.

644.    ECI denies the allegations in Paragraph 644.

### xxxix. Hartford, Connecticut

645.    The allegations in Paragraph 645 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 645 to the extent they mischaracterize or are inconsistent with that website. ECI denies that Hartford is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI denies the remaining allegations in Paragraph 645.

646.    ECI denies the allegations in Paragraph 646.

647.    ECI denies that Hartford is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 647 and denies them on that basis.

648.    ECI denies the allegations in Paragraph 648.

649.    ECI denies the allegations in Paragraph 649.

### xl.    Riverside, California

650.    The allegations in Paragraph 650 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 650 to the extent they mischaracterize or are inconsistent with that website. ECI denies that Riverside is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI denies the remaining allegations in Paragraph 650.

651.    ECI denies the allegations in Paragraph 651.

652.    ECI denies that Riverside is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 652 and denies them on that basis.

653.    ECI denies the allegations in Paragraph 653.

654.    ECI denies the allegations in Paragraph 654.

### xli.    Sacramento, California

655.    The allegations in Paragraph 655 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 655 to the extent they mischaracterize or are inconsistent with that website. ECI denies that Sacramento is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI denies the remaining allegations in Paragraph 655.

656.    ECI denies the allegations in Paragraph 656.

657.    ECI denies that Sacramento is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 657 and denies them on that basis.

658.    ECI denies the allegations in Paragraph 658.

659.    ECI denies the allegations in Paragraph 659.

### xlii.    Salt Lake City, Utah

660.    The allegations in Paragraph 660 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 660 to the extent they mischaracterize or are inconsistent with that website. ECI denies that Salt Lake City is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI denies the remaining allegations in Paragraph 660.

661.    ECI denies the allegations in Paragraph 661.

662.    ECI denies that Salt Lake City is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 662 and denies them on that basis.

663.    ECI denies the allegations in Paragraph 663.

664.    ECI denies the allegations in Paragraph 664.

665.    The allegations in Paragraph 665 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 665 to the extent they mischaracterize or are inconsistent with that website. ECI denies that San Antonio is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI denies the remaining allegations in Paragraph 665.

666.    ECI denies the allegations in Paragraph 666.

667.    ECI denies that San Antonio is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 667 and denies them on that basis.

668.    ECI denies the allegations in Paragraph 668.

669.    ECI denies the allegations in Paragraph 669.

670.    ECI denies that San Juan is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI denies the allegations in the last sentence in

Paragraph 670. ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 670 and denies them on that basis.

671.    ECI denies the allegations in Paragraph 671.

672.    ECI denies the allegations in Paragraph 672.

   **xliii. Virginia Beach, Virginia**

673.    The allegations in Paragraph 673 purport to reference a website that speaks for itself. ECI denies the allegations in Paragraph 673 to the extent they mischaracterize or are inconsistent with that website. ECI denies that Virginia Beach is a relevant "submarket" and denies that MSAs are relevant markets for purposes of this litigation. ECI denies the remaining allegations in Paragraph 673.

674.    ECI denies the allegations in Paragraph 674.

675.    ECI denies that Virginia Beach is a relevant "submarket." ECI further denies the allegation that "multifamily units [are] priced with RealPage RMS." ECI denies that different RealPage products can appropriately be grouped together as "RMS." ECI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 675 and denies them on that basis.

676.    ECI denies the allegations in Paragraph 676.

677.    ECI denies the allegations in Paragraph 677.

678.    ECI denies the allegations in Paragraph 678.

679.    ECI denies the allegations in Paragraph 679.

680.    ECI denies the allegations in Paragraph 680.

**VII. CLASS ACTION ALLEGATIONS**

681.    ECI admits only that Plaintiffs purport to bring a class action on behalf of a class of persons described in Paragraph 681 against Defendants named in this action. ECI denies that

the Complaint has any merit or that class treatment is appropriate. ECI denies the remaining allegations in Paragraph 681.

682. ECI admits only that Plaintiffs purport to exclude the individuals listed in Paragraph 682 from their class defined in Paragraph 681. ECI denies that class treatment is appropriate. ECI denies the remaining allegations in Paragraph 682.

683. ECI denies that class treatment is appropriate. ECI denies the remaining allegations in Paragraph 683.

684. ECI denies that class treatment is appropriate. ECI denies the remaining allegations in Paragraph 684.

685. ECI denies that class treatment is appropriate. ECI denies the remaining allegations in Paragraph 685.

686. ECI denies that class treatment is appropriate. ECI denies the remaining allegations in Paragraph 686.

687. ECI denies that class treatment is appropriate. ECI denies the remaining allegations in Paragraph 687.

688. ECI denies that class treatment is appropriate. ECI denies the remaining allegations in Paragraph 688.

689. ECI denies that class treatment is appropriate. ECI denies the remaining allegations in Paragraph 689.

690. ECI denies that class treatment is appropriate. ECI denies the remaining allegations in Paragraph 690.

**VIII. ANTITRUST INJURY**

691. ECI denies the allegations in Paragraph 691.

692. ECI denies the allegations in Paragraph 692.

693.    ECI denies the allegations in Paragraph 693.

## IX.    CONTINUING VIOLATION

694.    ECI denies the allegations in Paragraph 694.

695.    ECI admits that the allegations in Paragraph 695 purport to describe the allegations in the Complaint but denies that those allegations have any merit.

696.    ECI denies the allegations in Paragraph 696.

697.    ECI denies the allegations in Paragraph 697.

698.    ECI denies the allegations in Paragraph 698.

699.    ECI denies the allegations in Paragraph 699 and denies that Plaintiffs are entitled to any relief as described in Paragraph 699.

700.    ECI denies the allegations in Paragraph 700.

## X.    CLAIMS FOR RELIEF

701.    In response to the allegations in Paragraph 701, ECI incorporates by reference and reasserts its responses to the allegations in the preceding and succeeding paragraphs.

702.    ECI denies the allegations in Paragraph 702.

703.    ECI denies the allegations in Paragraph 703.

704.    ECI denies the allegations in Paragraph 704.

705.    ECI denies the allegations in Paragraph 705.

706.    ECI denies the allegations in Paragraph 706.

707.    ECI denies the allegations in Paragraph 707 and denies that Plaintiffs are entitled to any relief as described in Paragraph 707.

708.    In response to the allegations in Paragraph 708, ECI incorporates by reference and reasserts its responses to the allegations in the preceding and succeeding paragraphs.

709.    ECI denies the allegations in Paragraph 709.

710.     ECI denies the allegations in Paragraph 710.

711.     ECI denies the allegations in Paragraph 711.

712.     ECI denies the allegations in Paragraph 712.

713.     ECI denies the allegations in Paragraph 713 and denies that Plaintiffs are entitled to any relief as described in Paragraph 713.

714.     ECI denies the allegations in Paragraph 714.

715.     ECI denies the allegations in Paragraph 715.

716.     ECI denies the allegations in Paragraph 716.

717.     ECI denies the allegations in Paragraph 717.

718.     ECI denies the allegations in Paragraph 718.

719.     ECI denies the allegations in Paragraph 719.

720.     ECI denies the allegations in Paragraph 720.

721.     ECI denies the allegations in Paragraph 721.

722.     ECI denies the allegations in Paragraph 722.

723.     ECI denies the allegations in Paragraph 723.

724.     ECI denies the allegations in Paragraph 724.

725.     ECI denies the allegations in Paragraph 725.

726.     ECI denies the allegations in Paragraph 726.

727.     ECI denies the allegations in Paragraph 727.

728.     ECI denies the allegations in Paragraph 728.

729.     ECI denies the allegations in Paragraph 729.

730.     ECI denies the allegations in Paragraph 730.

731.     ECI denies the allegations in Paragraph 731.

732.    ECI denies the allegations in Paragraph 732.

733.    ECI denies the allegations in Paragraph 733.

734.    ECI denies the allegations in Paragraph 734.

735.    ECI denies the allegations in Paragraph 735.

736.    ECI denies the allegations in Paragraph 736.

737.    ECI denies the allegations in Paragraph 737.

738.    ECI denies the allegations in Paragraph 738.

739.    ECI denies the allegations in Paragraph 739.

740.    ECI denies the allegations in Paragraph 740.

741.    ECI denies the allegations in Paragraph 741.

742.    ECI denies the allegations in Paragraph 742.

743.    ECI denies the allegations in Paragraph 743.

744.    ECI denies the allegations in Paragraph 744.

745.    ECI denies the allegations in Paragraph 745.

746.    ECI denies the allegations in Paragraph 746.

747.    ECI denies the allegations in Paragraph 747.

748.    ECI denies the allegations in Paragraph 748.

749.    ECI denies the allegations in Paragraph 749.

750.    ECI denies the allegations in Paragraph 750.

751.    ECI denies the allegations in Paragraph 751.

752.    ECI denies the allegations in Paragraph 752.

753.    ECI denies the allegations in Paragraph 753.

754.    ECI denies the allegations in Paragraph 754.

755. ECI denies the allegations in Paragraph 755.

756. ECI denies the allegations in Paragraph 756.

757. ECI denies the allegations in Paragraph 757.

## XI. PRAYER FOR RELIEF

To the extent that a response is required to Plaintiffs' Prayer for Relief, ECI denies that Plaintiffs are entitled to any relief. ECI respectfully requests that the Court enter judgment dismissing Plaintiffs' Complaint with prejudice, awarding costs and attorneys' fees to ECI, as may be allowed by law, and granting such other relief as the Court deems appropriate.

## JURY TRIAL DEMANDED

ECI admits that Plaintiffs demand a trial by jury for all of the issues pled that are so triable. However, such a trial is unnecessary as Plaintiffs' claims should be rejected as a matter of law. In addition, ECI denies that Plaintiffs are entitled to a trial by jury to the extent a contractual agreement to arbitrate, to waive a jury trial, or to waive a class action entered into by Plaintiffs or any purported class member precludes such trial by jury. Certain named Plaintiffs and unnamed class members have signed valid and enforceable jury waivers, which ECI intends to enforce.

\*     \*     \*

ECI denies any allegations in the Complaint that it has not expressly admitted in this Answer, including all allegations in the footnotes, headings, figures, and appendices.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, ECI asserts the following affirmative defenses to the Complaint. ECI does not concede that it has the burden of proof on such defenses that would otherwise rest on Plaintiffs.

To the extent necessary, ECI asserts that Plaintiffs' claims are barred because any acts

Plaintiffs allege ECI undertook in furtherance of the alleged conspiracy were in ECI's unilateral business interest. ECI reserves the right to assert additional avoidances and defenses as they become known during discovery and based on the record as it develops, up to and including the time of trial.

## First Defense

Plaintiffs' claims and the claims of any putative class members are barred for failure to state a claim against ECI upon which relief can be granted.

## Second Defense

Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by the applicable federal and state statute(s) of limitations. To the extent Plaintiffs seek to bring claims outside the applicable statute of limitations, the Complaint is time-barred. To the extent that the Complaint relies on information made public more than four years ago, Plaintiffs' Complaint is time-barred.

## Third Defense

Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by the doctrines of laches, estoppel, and waiver.

Plaintiffs have failed to diligently pursue their federal and state antitrust claims, which are based on information that has long been publicly available, and ECI has been prejudiced by this lack of diligence. Accordingly, the equitable principles embodied in the laches doctrine bar Plaintiffs from seeking relief at this delayed juncture.

Plaintiffs' continued rental leases at what they now allege are prices above the competitive level manifest an intention to waive any right to bring this suit and are inconsistent with any other

intention. Plaintiffs, by their actions, accepted the benefits of an ongoing relationship with Defendants and relinquished their rights to bring suit.

### Fourth Defense

Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by lack of standing.

### Fifth Defense

Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because they have not suffered an injury in fact or antitrust injury and do not face threatened injury in fact or antitrust injury.

### Sixth Defense

ECI is entitled to set off from any recovery Plaintiffs and the putative class members may obtain against ECI, including but not limited to any amount paid to Plaintiffs and the putative class members by any other Defendants who have settled, or do settle, Plaintiffs' claims and the claims of any putative class members in this matter.

### Seventh Defense

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution and of the Eighth Amendment of the United States Constitution.

### Eighth Defense

Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, due to the ratification of, and consent to, the conduct of ECI. Plaintiffs' Complaint

101

demonstrates long-standing ratification of and consent to the complained-of conduct. Accordingly, because Plaintiffs have been aware for years of the very same conduct they now challenge—and because some of that conduct provided Plaintiffs a direct benefit—Plaintiffs' claims are barred by the doctrine of ratification.

## Ninth Defense

Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by the applicable limitations period set out in contracts and/or agreements executed by Plaintiffs and the putative class members.

## Tenth Defense

Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, to the extent they seek to impose liability on ECI based on the exercise of any person or entity's right to petition federal, state and local legislative bodies, because such conduct was immune under the Noerr-Pennington doctrine and privileged under the First Amendment to the U.S. Constitution.

## Eleventh Defense

Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, to the extent that they entered into a contract that requires arbitration of the claims at issue, requires suit in a different forum, precludes a jury trial, or precludes a class or other representative proceeding.

## Twelfth Defense

Plaintiffs' claims and the claims of any putative class members are barred, in whole or in

part, by the doctrine of unclean hands.

## Thirteenth Defense

Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by the doctrine of accord and satisfaction.

## Fourteenth Defense

Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because they failed to exercise reasonable care to mitigate any damages they may have suffered by, among other things, renewing their leases and neglecting to consider alternative housing options. Plaintiffs' failure to exercise reasonable care to mitigate damages was the complete or partial cause of any damages Plaintiffs may have suffered.

## Fifteenth Defense

Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because any alleged injuries and damages either were not legally or proximately caused by any acts or omissions of ECI or were caused, if at all, solely and proximately by Plaintiffs' and the putative class members' conduct or by the conduct of third parties including, without limitation, the prior, intervening, or superseding conduct of Plaintiffs, the putative class members, or such third parties.

## Sixteenth Defense

Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by their knowing acquiescence to any restraints of trade alleged in the Complaint.

## Seventeenth Defense

Without admitting the existence of any contract, combination, or conspiracy in restraint of trade, and expressly denying same, Plaintiffs' claims and the claims of any putative class members

are barred, in whole or in part, to the extent that they entered into contracts that do not include any purported overcharge.

## Eighteenth Defense

Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by ECI's right to set off any amount paid to Plaintiffs or the putative class members by damages attributable to the conduct of Plaintiffs or the putative class members.

## Nineteenth Defense

Some or all of Plaintiffs' and the putative class members' state-law claims cannot be brought against ECI due to a lack of jurisdiction. For instance, the laws of the states cited in Count II of the Complaint are not intended to, and do not, apply to conduct occurring outside of those states, and Plaintiffs' Complaint does not include any Plaintiff from the States of Alaska, Arizona, District of Columbia, Hawaii, Idaho, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Utah, Vermont, Virginia, West Virginia, Wisconsin, and Wyoming.

Many of the state laws allegedly giving rise to Plaintiffs' and the putative class members' claims do not apply because the alleged conduct did not occur within or substantially affect the citizens or commerce of the respective states, or because ECI had no specific intent to impact the commerce of those states. As a result, the application of those state laws to ECI's conduct would violate the Due Process Clauses and Commerce Clause of the U.S. Constitution, the principle of federalism, and the constitutions and laws of the respective states at issue.

To the extent that the Complaint seeks to assert claims or obtain relief on behalf of multifamily renters located outside of the jurisdictions governed by those laws, those claims are

barred as improper assertions of extraterritorial jurisdiction and any effort to enforce those laws as to residents of other states would violate the Due Process Clause and the Commerce Clause of the U.S. Constitution and various state laws and constitutions.

## Twentieth Defense

Plaintiffs' and the putative class members' state-law claims are barred, in whole or in part, to the extent they seek damages under state laws that do not permit recovery of damages by private plaintiffs.

## Twenty-first Defense

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, to the extent that they failed to comply with the notice requirements under various state laws.

## Twenty-second Defense

Some or all of Plaintiffs' and the putative class members' claims are barred because all of ECI's conduct challenged by Plaintiffs was lawful, fair, non-deceptive, expressly authorized by law, justified, and pro-competitive; it constituted a bona fide business practice consistent with industry practices and was carried out in furtherance of legitimate business interests; and it was an essential part of ECI's lawful business operations.

## Twenty-third Defense

Some or all of Plaintiffs' and the putative class members' state-law claims cannot be, and were not intended to be, applied in the class-action context.

## Twenty-fourth Defense

Plaintiffs' claims and those of the putative class are barred to the extent that any conduct was committed by any individual acting ultra vires or beyond the scope of any individual's express or implied authority as an agent or employee of ECI.

**Twenty-fifth Defense**

ECI hereby incorporates and reserves the right to assert any other defense set forth by any other Defendant to this action. ECI further reserves the right to supplement its defenses as appropriate under applicable law up to and including at the time of trial.

**ECI'S PRAYER FOR RELIEF**

WHEREFORE, ECI prays that the Court determine and adjudge:

(a) That the Plaintiffs' Complaint be dismissed with prejudice;

(b) That judgment be entered in favor of ECI and against Plaintiffs with respect to all causes of action in the Complaint;

(c) That ECI be awarded its costs, disbursements, and attorneys' fees and expenses herein; and

(d) That ECI be awarded such other and further relief as the Court may deem proper.

Respectfully submitted this 5th day of February, 2024.

*/s/ Jeffrey S. Cashdan*
Jeffrey S. Cashdan*
Emily S. Newton*
Lohr A. Beck*
Carley H. Thompson*
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
jcashdan@kslaw.com
enewton@kslaw.com
lohr.beck@kslaw.com
chthompson@kslaw.com

**Attorneys for Defendant**
**ECI Management, LLC**

* admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of February, 2024, I electronically filed the above and foregoing with the Clerk using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

*/s/ Jeffrey S. Cashdan*
Jeffrey S. Cashdan