# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| JASON GOLDMAN; JEFFREY WEAVER; BILLIE JO WHITE; NANCY ALEXANDER; BRANDON WATTERS; PRISCILLA PARKER and PATRICK PARKER; BARRY AMAR-HOOVER; JOSHUA KABISCH; MEGHAN CHERRY; SELENA VINCIN; and MAYA HAYNES, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiffs,<br><br>v.<br><br>REALPAGE, INC.; THOMA BRAVO FUND XIII, L.P.; THOMA BRAVO FUND XIV, L.P.; THOMA BRAVO L.P.; APARTMENT INCOME REIT CORP., d/b/a AIR COMMUNITIES; ALLIED ORION GROUP, LLC; APARTMENT MANAGEMENT CONSULTANTS, LLC; AVENUES RESIDENTIAL, LLC; BELL PARTNERS, INC.; BH MANAGEMENT SERVICES, LLC; BOZZUTO MANAGEMENT COMPANY; BROOKFIELD PROPERTIES MULTIFAMILY LLC; CAMDEN PROPERTY TRUST; CH REAL ESTATE SERVICES, LLC; CONAM MANAGEMENT CORPORATION; CONTI TEXAS ORGANIZATION, INC. D/B/A CONTI CAPITAL; CORTLAND MANAGEMENT, LLC; CWS APARTMENT HOMES LLC; DAYRISE RESIDENTIAL, LLC; ECI GROUP, INC.; EQUITY RESIDENTIAL; ESSEX PROPERTY TRUST, INC.; FIRST COMMUNITIES MANAGEMENT, INC.; FPI MANAGEMENT, INC.; GREYSTAR MANAGEMENT SERVICES, LLC; HIGHMARK RESIDENTIAL, LLC; INDEPENDENCE REALTY TRUST, INC.; KAIROI MANAGEMENT, LLC; | Case No. 3:23-md-03071<br>MDL No. 3071<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br><br>JURY TRIAL DEMANDED<br><br>This Document Relates to:<br><br>*Vincin*, 3:23-cv-00410<br>*Haynes*, 3:23-cv-00979 |

KNIGHTVEST RESIDENTIAL;
LANTOWER LUXURY LIVING, LLC;
LINCOLN PROPERTY COMPANY;
MID-AMERICA COMMUNITIES, INC.;
MID-AMERICA APARTMENTS, L.P.;
MISSION ROCK RESIDENTIAL, LLC;
MORGAN PROPERTIES MANAGEMENT
COMPANY, LLC; PINNACLE PROPERTY
MANAGEMENT SERVICES, LLC;
PROMETHEUS REAL ESTATE GROUP,
INC.; THE RELATED COMPANIES, L.P.;
RELATED MANAGEMENT COMPANY
L.P.; ROSE ASSOCIATES, INC.; RPM
LIVING, LLC; SARES REGIS GROUP
COMMERCIAL, INC.; SECURITY
PROPERTIES RESIDENTIAL, LLC;
SHERMAN ASSOCIATES, INC.; SIMPSON
PROPERTY GROUP, LLC; THRIVE
COMMUNITIES MANAGEMENT, LLC;
CROW HOLDINGS, LP; TRAMMELL
CROW RESIDENTIAL COMPANY; UDR,
INC.; WINDSOR PROPERTY
MANAGEMENT COMPANY;
WINNCOMPANIES LLC;
WINNRESIDENTIAL MANAGER CORP.;
AND ZRS MANAGEMENT, LLC.

        Defendants.

## DAYRISE RESIDENTIAL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendant Dayrise Residential, LLC ("Dayrise") respectfully files its Answer and Affirmative Defenses to Plaintiffs' Second Amended Consolidated Class Action Complaint ("Complaint").

## PREFATORY STATEMENT

Except as specifically admitted, Dayrise denies the allegations in the Complaint. Any allegation that is admitted below is admitted only as to Dayrise and only as to the specific facts stated therein and not as to any conclusions (legal or otherwise), characterizations, implications,

or speculation in the allegations or the Complaint as a whole. Where the Complaint make allegations against all Defendants or a group of Defendants, Dayrise answers only for itself, unless otherwise noted.

The introductory paragraph in the Complaint contains legal conclusions to which no response is required. To the extent the introductory paragraph contains factual allegations, Dayrise denies those allegations.

Dayrise makes no admission as to the accuracy or validity of the headings in the Complaint and, where the Dayrise repeats those headings, it is only for the convenience of the Court and not an admission of any allegation in the Complaint.

## I. INTRODUCTION

1. Dayrise denies Paragraph 1.

2. Dayrise admits that it has used RealPage's revenue management software and that Dayrise is a multifamily property management company. Dayrise denies the remaining allegations in Paragraph 2.

3. Paragraph 3 contains legal conclusions to which no response is required. Dayrise admits that it does not have ownership interests in the properties for which Dayrise provides property management services. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first and second sentences of Paragraph 3 and, therefore, denies them. Dayrise denies the third sentence of Paragraph 3.

4. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 and, therefore, denies them.

5. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and, therefore, denies them.

6.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and, therefore, denies them.

7.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and, therefore, denies them.

8.     Paragraph 8 contains legal conclusions to which no response is required. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and, therefore, denies them.

## II.     BACKGROUND

9.     Dayrise denies the first sentence of Paragraph 9. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 and, therefore, denies them.

10.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and, therefore, denies them.

11.     Dayrise denies the first sentence of Paragraph 11. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11 and, therefore, denies them.

12.     Dayrise denies the first sentence of Paragraph 12. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12 and, therefore, denies them.

13.     Paragraph 13 contains legal conclusions to which no response is required. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and, therefore, denies them.

14.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and, therefore, denies them.

15. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and, therefore, denies them.

16. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and, therefore, denies them.

17. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and, therefore, denies them.

18. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and, therefore, denies them.

19. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and, therefore, denies them.

20. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and, therefore, denies them.

21. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and Figure 1, and, therefore, denies them.

22. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and Figure 2, and, therefore, denies them.

23. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and, therefore, denies them.

24. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and, therefore, denies them.

25. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and, therefore, denies them.

26.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and, therefore, denies them.

27.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and, therefore, denies them.

28.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and, therefore, denies them.

29.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and, therefore, denies them.

30.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and, therefore, denies them.

31.    Paragraph 31 contains legal conclusions to which no response is required. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and, therefore, denies them.

32.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and, therefore, denies them.

33.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and, therefore, denies them.

34.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, Figure 3, and Figure 4, and, therefore, denies them.

35.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and, therefore, denies them.

36.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 and, therefore, denies them.

37.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 and, therefore, denies them.

38.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 and, therefore, denies them.

39.     Paragraph 39 contains legal conclusions to which no response is required. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and, therefore, denies them.

40.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and Figure 5, and, therefore, denies them.

41.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 and, therefore, denies them.

42.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and, therefore, denies them.

43.     Paragraph 43 contains legal conclusions to which no response is required. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and, therefore, denies them.

### III.     JURISDICTION AND VENUE

44.     Paragraph 44 contains legal conclusions to which no response is required. Dayrise admits Plaintiffs have alleged antitrust claims but denies all allegations of unlawful conduct and denies Plaintiffs' is entitled to any relief.

45.     Paragraph 45 contains legal conclusions to which no response is required.

46.     Paragraph 46 contains legal conclusions to which no response is required.

47. Paragraph 47 contains legal conclusions to which no response is required. Dayrise admits that it acted as a property manager in leasing residential units to individuals in certain states, but otherwise denies the allegations in Paragraph 47.

48. Paragraph 48 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 48.

49. Paragraph 49 contains legal conclusions to which no response is required.

## IV.    THE PARTIES

50. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 and, therefore, denies them.

51. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and, therefore, denies them.

52. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 and, therefore, denies them.

53. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 and, therefore, denies them.

54. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 and, therefore, denies them.

55. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 and, therefore, denies them.

56. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 and, therefore, denies them.

57. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 and, therefore, denies them.

58.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 and, therefore, denies them.

59.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 and, therefore, denies them.

60.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 and, therefore, denies them.

61.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 and, therefore, denies them.

62.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 and, therefore, denies them.

63.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 and, therefore, denies them.

64.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 and, therefore, denies them.

65.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 and, therefore, denies them.

66.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 and, therefore, denies them.

67.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 and, therefore, denies them.

68.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 and, therefore, denies them.

69. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 and, therefore, denies them.

70. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 and, therefore, denies them.

71. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 and, therefore, denies them.

72. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 and, therefore, denies them.

73. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 and, therefore, denies them.

74. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 and, therefore, denies them.

75. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 and, therefore, denies them.

76. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 and, therefore, denies them.

77. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 and, therefore, denies them.

78. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 and, therefore, denies them.

79. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 and, therefore, denies them.

80.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 and, therefore, denies them.

81.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 and, therefore, denies them.

82.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 and, therefore, denies them.

83.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 and, therefore, denies them.

84.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 and, therefore, denies them.

85.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 and, therefore, denies them.

86.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 and, therefore, denies them.

87.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 and, therefore, denies them.

88.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 and, therefore, denies them.

89.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 and, therefore, denies them.

90.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 and, therefore, denies them.

91.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 and, therefore, denies them.

92.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 and, therefore, denies them.

93.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 and, therefore, denies them.

94.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 and, therefore, denies them.

95.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 and, therefore, denies them.

96.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96 and, therefore, denies them.

97.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97 and, therefore, denies them.

98.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 and, therefore, denies them.

99.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 and, therefore, denies them.

100.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 and, therefore, denies them.

101.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 and, therefore, denies them.

102.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 and, therefore, denies them.

103.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103 and, therefore, denies them.

104.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104 and, therefore, denies them.

105.    Dayrise denies that it is an "Owner-Operator" as that term is defined in the Complaint. Dayrise admits that Dayrise Residential, LLC is a Texas limited liability company headquartered in Houston, Texas. Dayrise admits that it manages properties in the Metropolitan Statistical Areas ("MSAs") that include the cities of: Atlanta, Austin, Chicago, Dallas-Fort Worth, Houston, San Antonio, and Tucson, but denies that any such geographic areas are relevant markets for purposes of the antitrust laws. Dayrise denies that it manages properties in the MSA that includes Charlotte and also denies the remaining allegations in Paragraph 105.

106.    Dayrise admits that Courtney Bastian is an employee of Dayrise but denies that she has worked directly with RealPage's revenue management software while at Dayrise. Dayrise denies the remaining allegations in Paragraph 106.

107.    Dayrise denies the allegations in Paragraph 107.

108.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108 and, therefore, denies them.

109.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109 and, therefore, denies them.

110.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 and, therefore, denies them.

111.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 and, therefore, denies them.

112.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112 and, therefore, denies them.

113.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113 and, therefore, denies them.

114.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114 and, therefore, denies them.

115.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115 and, therefore, denies them.

116.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116 and, therefore, denies them.

117.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117 and, therefore, denies them.

118.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118 and, therefore, denies them.

119.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119 and, therefore, denies them.

120.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 120 and, therefore, denies them.

121.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 121 and, therefore, denies them.

122. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 122 and, therefore, denies them.

123. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 123 and, therefore, denies them.

124. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 124 and, therefore, denies them.

125. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 125 and, therefore, denies them.

126. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 126 and, therefore, denies them.

127. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 127 and, therefore, denies them.

128. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 128 and, therefore, denies them.

129. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 129 and, therefore, denies them.

130. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 130 and, therefore, denies them.

131. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 131 and, therefore, denies them.

132. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 132 and, therefore, denies them.

133.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 133 and, therefore, denies them.

134.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 134 and, therefore, denies them.

135.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 135 and, therefore, denies them.

136.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 136 and, therefore, denies them.

137.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 137 and, therefore, denies them.

138.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 138 and, therefore, denies them.

139.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 139 and, therefore, denies them.

140.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 140 and, therefore, denies them.

141.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 141 and, therefore, denies them.

142.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 142 and, therefore, denies them.

143.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 143 and, therefore, denies them.

144.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 144 and, therefore, denies them.

145.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 145 and, therefore, denies them.

146.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 146 and, therefore, denies them.

147.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 147 and, therefore, denies them.

148.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 148 and, therefore, denies them.

149.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 149 and, therefore, denies them.

150.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 150 and, therefore, denies them.

151.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 151 and, therefore, denies them.

152.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 152 and, therefore, denies them.

153.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 153 and, therefore, denies them.

154.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 154 and, therefore, denies them.

155.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 155 and, therefore, denies them.

156.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 156 and, therefore, denies them.

157.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 157 and, therefore, denies them.

158.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 158 and, therefore, denies them.

159.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 159 and, therefore, denies them.

160.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 160 and, therefore, denies them.

161.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 161 and, therefore, denies them.

162.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 162 and, therefore, denies them.

163.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 163 and, therefore, denies them.

164.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 164 and, therefore, denies them.

165.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 165 and, therefore, denies them.

166.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 166 and, therefore, denies them.

167.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 167 and, therefore, denies them.

168.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 168 and, therefore, denies them.

169.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 169 and, therefore, denies them.

170.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 170 and, therefore, denies them.

171.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 171 and, therefore, denies them.

172.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 172 and, therefore, denies them.

173.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 173 and, therefore, denies them.

174.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 174 and, therefore, denies them.

175.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 175 and, therefore, denies them.

176.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 176 and, therefore, denies them.

177.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 177 and, therefore, denies them.

178.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 178 and, therefore, denies them.

179.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 179 and, therefore, denies them.

180.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 180 and, therefore, denies them.

181.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 181 and, therefore, denies them.

182.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 182 and, therefore, denies them.

183.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 183 and, therefore, denies them.

184.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 184 and, therefore, denies them.

185.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 185 and, therefore, denies them.

186.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 186 and, therefore, denies them.

187.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 187 and, therefore, denies them.

188.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 188 and, therefore, denies them.

189.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 189 and, therefore, denies them.

190.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 190 and, therefore, denies them.

191.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 191 and, therefore, denies them.

192.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 192 and, therefore, denies them.

193.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 193 and, therefore, denies them.

194.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 194 and, therefore, denies them.

195.     Dayrise denies Paragraph 195.

196.      Paragraph 196 is a statement clarifying other allegations in the Complaint and contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 196.

197.     Dayrise admits that Plaintiffs purport to refer to "Managing Defendants" as that term is defined in Paragraph 197. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 197 and, therefore, denies them.

198.     Dayrise admits that Plaintiffs purport to refer to "Owner-Operator" Defendants as that term is defined in Paragraph 198. Dayrise denies that it is an "Owner-Operator" as that term

is defined in Paragraph 198, and also denies that it has any ownership interests in the properties for which Dayrise provides property management services. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 198 and, therefore, denies them.

199.    Dayrise admits that Plaintiffs purport to refer to "Owner" Defendants as that term is defined in Paragraph 199. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 199 and, therefore, denies them.

200.    Dayrise denies Paragraph 200.

201.    Dayrise specifically denies that it participated in any supposed "conspiracy." Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 201 and, therefore, denies them.

## V.    FACTUAL ALLEGATIONS

### A.    *Historical Competition Among Residential Property Managers.*

202.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 202 and, therefore, denies them.

203.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 203 and, therefore, denies them.

204.    The fourth and fifth sentences of Paragraph 204 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations in the fourth and fifth sentences of Paragraph 204. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 204 and, therefore, denies them.

205.    The first sentence of Paragraph 205 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations in the first sentence

of Paragraph 205. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 205 and, therefore, denies them.

206.     Dayrise denies the allegations in the first sentence of Paragraph 206. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 206 and, therefore, denies them.

207.     The first and second sentences of Paragraph 207 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations in the first and second sentences of Paragraph 207. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 207 and, therefore, denies them.

**B.     Evolution of RealPage's Revenue Management Solutions.**

208.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 208 and, therefore, denies them.

209.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 209 and, therefore, denies them.

210.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 210 and, therefore, denies them.

211.     Dayrise denies the allegations in the first sentence of Paragraph 211. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 211 and, therefore, denies them.

212.     Dayrise denies the allegations in the first sentence of Paragraph 212. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 212 and, therefore, denies them.

213. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 213 and, therefore, denies them.

214. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 214 and, therefore, denies them.

215. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 215 and, therefore, denies them.

216. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 216 and, therefore, denies them.

217. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 217 and, therefore, denies them.

218. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 218 and, therefore, denies them.

219. The first sentence of Paragraph 219 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations in the first sentence of Paragraph 219. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 219 and, therefore, denies them.

220. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 220 and, therefore, denies them.

221. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 221 and, therefore, denies them.

222. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 222 and, therefore, denies them.

223.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 223 and, therefore, denies them.

224.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 224 and, therefore, denies them.

225.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 225 and, therefore, denies them.

226.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 226 and Figure 6, and, therefore, denies them.

### C.    Property Management Companies Effectively Outsourced Pricing and Supply Decisions to RealPage, Eliminating Competition.

227.    Paragraph 227 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 227.

228.    Paragraph 228 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 228.

229.    Paragraph 229 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 229.

230.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 230 and, therefore, denies them.

231.    Paragraph 231 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 231.

232.    Dayrise denies the first sentence of Paragraph 232. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 232 and, therefore, denies them.

233.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 233 and, therefore, denies them.

234.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 234 and, therefore, denies them.

235.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 235 and, therefore, denies them.

236.     The first sentence of Paragraph 236 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations in the first sentence of Paragraph 236. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 236 and, therefore, denies them

237.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 237 and, therefore, denies them.

238.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 238 and, therefore, denies them.

239.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 239 and, therefore, denies them.

240.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 240 and, therefore, denies them.

241.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 241 and, therefore, denies them.

242.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 242 and, therefore, denies them.

243.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 243 and, therefore, denies them.

244.     Paragraph 244 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 244.

245.     The first sentence of Paragraph 245 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations in the first sentence of Paragraph 245. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 245 and, therefore, denies them.

246.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 246 and, therefore, denies them.

247.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 247 and, therefore, denies them.

248.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 248 and, therefore, denies them.

249.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 249 and, therefore, denies them.

250.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 250 and, therefore, denies them.

251.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 251 and, therefore, denies them.

252.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 252 and, therefore, denies them.

253.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 253 and, therefore, denies them.

254.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 254 and, therefore, denies them.

**D.     Defendants Collectively Monitor Compliance with the Scheme.**

255.     Dayrise denies the third sentence of Paragraph 255. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 255 and, therefore, denies them.

256.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 256 and Figure 7, and, therefore, denies them.

257.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 257 and, therefore, denies them.

258.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 258 and, therefore, denies them.

259.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 259 and Figure 8, and, therefore, denies them.

260.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 260 and, therefore, denies them.

261.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 261 and, therefore, denies them.

262.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 262 and, therefore, denies them.

263.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 263 and, therefore, denies them.

264.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 264 and, therefore, denies them.

265.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 265 and, therefore, denies them.

266.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 266 and, therefore, denies them.

267.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 267 and, therefore, denies them.

268.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 268 and, therefore, denies them.

269.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 269 and, therefore, denies them.

270.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 270 and, therefore, denies them.

271.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 271 and, therefore, denies them.

272.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 272 and, therefore, denies them.

273.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 273 and, therefore, denies them.

274.     Paragraph 274 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegation of its participation in a "price-fixing

cartel." Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 274 and, therefore, denies them.

275.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 275 and, therefore, denies them.

276.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 276 and, therefore, denies them.

277.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 277 and, therefore, denies them.

278.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 278 and, therefore, denies them.

279.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 279 and, therefore, denies them.

280.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 280 and, therefore, denies them.

281.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 281 and, therefore, denies them.

282.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 282 and, therefore, denies them.

283.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 283 and, therefore, denies them.

284.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 284 and, therefore, denies them.

285.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 285 and, therefore, denies them.

286.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 286 and, therefore, denies them.

### E.     *Property Owners and Managers Who Adopted RealPage's Pricing Recommendations Did So With the Common Goal of Raising Rent Prices Which Caused Inflated Rental Prices and Reduced Occupancy Levels in Their Respective Metro Areas.*

287.     Paragraph 287 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 287.

288.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 288 and, therefore, denies them.

289.     Dayrise denies the first and sixth sentences of Paragraph 289. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 289 and, therefore, denies them.

290.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 290 and, therefore, denies them.

291.     The third and fourth sentences of Paragraph 291 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the third and fourth sentences of Paragraph 291. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 291 and, therefore, denies them.

292.     The first sentences of Paragraph 292 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the first the first sentence of Paragraph 292 up to the semicolon. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 292 and, therefore, denies them.

293.     Paragraph 292 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 293.

294.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 294 and, therefore, denies them.

295.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 295 and, therefore, denies them.

296.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 296 and, therefore, denies them.

297.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 297 and, therefore, denies them.

298.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 298 and, therefore, denies them.

299.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 299 and, therefore, denies them.

300.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 300 and, therefore, denies them.

301.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 301 and, therefore, denies them.

302.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 302 and, therefore, denies them.

303.     The first, second, and third sentences of Paragraph 303 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the first, second, and third sentences of Paragraph 303. Dayrise lacks knowledge or information sufficient

to form a belief about the truth of the remaining allegations in Paragraph 303 and, therefore, denies them.

304.    Dayrise denies the first sentence of Paragraph 304. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 304 and, therefore, denies them.

305.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 305 and, therefore, denies them.

306.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 306 and, therefore, denies them.

307.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 307 and, therefore, denies them.

308.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 308 and, therefore, denies them.

309.    The second sentence of Paragraph 309 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the second sentence of Paragraph 309. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 309 and, therefore, denies them.

310.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 310 and, therefore, denies them.

311.    Paragraph 311 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations of conspiracy in Paragraph 311. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 311 and, therefore, denies them.

312.   Paragraph 312 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 312.

### F.   *Property Owners and Managers Conspired Through Trade Associations to Standardize Lease Terms Unfavorable to Plaintiffs and Members of the Class.*

313.   Paragraph 313 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 313.

314.   Dayrise admits it is a member of the Texas Apartment Association. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 314 and, therefore, denies them.

315.   Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 315 and, therefore, denies them.

316.   The second sentence of Paragraph 316 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the second sentence of Paragraph 316. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 316 and, therefore, denies them.

317.   The fourth sentence of Paragraph 317 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations of coordination in the fourth sentence of Paragraph 317. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 317 and, therefore, denies them.

318.   Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 318 and, therefore, denies them.

319.   The first sentence of Paragraph 319 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the first sentence of Paragraph

319. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 319 and, therefore, denies them.

320.    Dayrise admits it is a member of the National Apartment Association. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 320 and, therefore, denies them.

321.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 321 and, therefore, denies them.

322.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 322 and, therefore, denies them.

323.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 323 and, therefore, denies them.

324.    Paragraph 324 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations of intent for class action waivers in Paragraph 324. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 324 and, therefore, denies them.

325.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 325 and, therefore, denies them.

326.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 326 and, therefore, denies them.

327.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 327 and, therefore, denies them.

328.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 328 and, therefore, denies them.

329.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 329 and, therefore, denies them.

330.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 330 and, therefore, denies them.

331.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 331 and, therefore, denies them.

**G.     *Preliminary Economic Analysis Confirms the Impact of RealPage's Revenue Management on Multifamily Rental Markets Nationwide.***

332.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 332 and, therefore, denies them.

**i.     *Defendants' Increased Revenues Resulted from Proportionally Higher, Artificially Inflated Rent Increases.***

333.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 333 and, therefore, denies them.

334.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 334 and Figure 9, and, therefore, denies them.

335.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 335 and Figure 10, and, therefore, denies them.

336.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 336 and, therefore, denies them.

**ii.     *Owners, Owner-Operators, and Managing Defendants Engaged in Tacit Collusion to Artificially Increase Multifamily Rental Prices.***

337.     The first and second sentences of Paragraph 337 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations of conspiracy in the first and second sentences of Paragraph 337. Dayrise lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in Paragraph 337 and, therefore, denies them.

338. Paragraph 338 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations of conspiracy in Paragraph 338. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 338 and, therefore, denies them.

339. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 339 and Figure 11, and, therefore, denies them.

340. Dayrise admits that it manages properties in the MSA that includes Atlanta, but denies that this geographic area is a relevant market for purposes of the antitrust laws. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 340 and Figure 12, and, therefore, denies them.

341. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 341 and Figure 13, and, therefore, denies them.

342. Dayrise admits that it manages properties in the MSA that includes Dallas, but denies that this geographic area is a relevant market for purposes of the antitrust laws. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 342 and Figure 14, and, therefore, denies them.

343. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 343 and Figure 15, and, therefore, denies them.

344. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 344 and Figure 16, and, therefore, denies them.

345. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 345 and Figure 17, and, therefore, denies them.

346. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 346 and Figure 18, and, therefore, denies them.

347. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 347 and Figure 19, and, therefore, denies them.

348. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 348 and Figures 20-28, and, therefore, denies them.

349. Paragraph 349 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 349.

350. Paragraph 350 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 350.

### iii. Supply and Demand Factors Do Not Explain Inflated Rental Prices.

351. Dayrise admits that a regression analysis is a statistical method that describes the relationship between two or more variables. To the extent a response is required, lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 351, and, therefore, denies them.

352. The first sentence of Paragraph 352 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations of conspiracy in the first sentence of Paragraph 352. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 352, and, therefore, denies them.

353. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 353 and Figure 29, and, therefore, denies them.

354.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 354, and, therefore, denies them.

### iv.     *Atlanta Submarket.*

355.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 355, and, therefore, denies them.

356.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 356, and, therefore, denies them.

357.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 357 and Figure 30, and, therefore, denies them.

358.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 358, and, therefore, denies them.

359.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 359, and, therefore, denies them.

360.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 360 and Figure 31, and, therefore, denies them.

### v.     *Orlando Submarket.*

361.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 361 and Figure 32, and, therefore, denies them.

### vi.     *Phoenix Submarket.*

362.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 362 and Figure 33, and, therefore, denies them.

### vii.     *Fort Worth (Dallas Submarket).*

363.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 363 and, therefore, denies them.

364.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 364 and Figure 34, and, therefore, denies them.

365.    Dayrise denies Paragraph 365.

**H.    "Plus Factors" in the Multifamily Rental Housing Market Provide Additional Evidence of a Price Fixing Conspiracy.**

366.    Dayrise denies the first sentence of Paragraph 366. The second and third sentences of Paragraph 366 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of Paragraph 366, and, therefore, denies them.

367.    Paragraph 367 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 367.

**i.    The Multifamily Rental Market Is Highly Concentrated.**

368.    The first and second sentences of Paragraph 368 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the first and second sentences of Paragraph 368. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 368, and, therefore, denies them.

**ii.    High Barriers to Entry.**

369.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 369 and, therefore, denies them.

370.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 370 and, therefore, denies them.

371.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 371 and, therefore, denies them.

### iii. High Switching Costs for Renters.

372. The second sentence of Paragraph 372 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the second sentence of Paragraph 372. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 372, and, therefore, denies them.

373. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 373, and, therefore, denies them.

374. The second and third sentences of Paragraph 374 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations of collusion and participation in a pricing cartel in the second and third sentences of Paragraph 374. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 374, and, therefore, denies them.

### iv. Inelasticity of Demand.

375. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 375, and, therefore, denies them.

376. The second sentence of Paragraph 376 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations in the second sentence of Paragraph 376. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 376, and, therefore, denies them.

### v. Multifamily Rental Housing Units Are a Fungible Product.

377. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 377, and, therefore, denies them.

378. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 378, and, therefore, denies them.

379.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 379, and, therefore, denies them.

###### vi.     *Defendants Exchange Competitively Sensitive Information.*

380.     The first sentence of Paragraph 380 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations of active collusion in the first sentence of Paragraph 380. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 380, and, therefore, denies them.

###### vii.     *Motive, Opportunities, and Invitations to Collude.*

381.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 381, and, therefore, denies them.

382.     Paragraph 382 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 382.

383.     The first sentence of Paragraph 383 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations of conspiracy in the first sentence of Paragraph 383. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 383, and, therefore, denies them.

384.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 384, and, therefore, denies them.

385.     Paragraph 385 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations of conspiracy in Paragraph 385. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 385, and, therefore, denies them.

386.     The first sentence of Paragraph 386 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations of cartel activity

and conspiracy in the first sentence of Paragraph 386. Dayrise admits that Dayrise employees have attended a MNHC event. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 386, and, therefore, denies them.

387.    The second sentence of Paragraph 387 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations of collusion in the second sentence of Paragraph 387. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 387, and, therefore, denies them.

388.    The first sentence of Paragraph 388 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the allegations of collusion in the first sentence of Paragraph 388. Dayrise admits that it is a member of the NAA. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 388, and, therefore, denies them.

389.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 389, and, therefore, denies them.

390.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 390, and, therefore, denies them.

391.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 391, and, therefore, denies them.

## VI.    RELEVANT MARKET

392.    Paragraph 392 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 392.

393.    Paragraph 393 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 393.

## A. The Relevant Product Market Is Multifamily Residential Real Estate Leases.

394. Paragraph 394 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 394.

395. Dayrise denies Paragraph 395.

396. Dayrise denies Paragraph 396.

397. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 397, and, therefore, denies them.

398. Dayrise admits Paragraph 398 purports to define the SSNIP test. Paragraph 398 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 398.

399. Paragraph 399 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 399.

## B. Defendants' Market Power in the Multifamily Residential Real Estate Market.

400. Paragraph 400 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 400.

401. Paragraph 401 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 401, and, therefore, denies them.

402. Dayrise admits Paragraph 402 purports to cite to U.S. Census Bureau data. Paragraph 402 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 402.

403. Paragraph 403 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 403.

404.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 404, and, therefore, denies them.

### C.     Regional Submarkets

405.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 405, and, therefore, denies them.

406.     Dayrise admits that it manages properties in the MSAs that include the cities of: Atlanta, Austin, Chicago, Dallas-Fort Worth, Houston, San Antonio, and Tucson, but denies that any such geographic areas are relevant markets for purposes of the antitrust laws. Dayrise denies that it manages properties in the MSA that includes Charlotte. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 406, and, therefore, denies them.

407.     Dayrise admits that Paragraph 407 purports to cite to U.S. Census Bureau data and the definition of a Metropolitan Statistical Area. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 407, and, therefore, denies them.

408.     Dayrise denies Paragraph 408.

409.     Paragraph 409 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 409.

### i.     Nashville, Tennessee

410.     Paragraph 410 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 410.

411.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 411, and, therefore, denies them.

412.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 412, and, therefore, denies them.

413.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 413, and, therefore, denies them.

414.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 414, and, therefore, denies them.

415.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 415, and, therefore, denies them.

### ii.     *Atlanta, Georgia*

416.     Paragraph 416 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 416.

417.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 417, and, therefore, denies them.

418.     Paragraph 418 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 418.

419.     Dayrise admits that it manages properties in the Census Bureau's Atlanta–Sandy Springs–Alpharetta MSA, but denies that this geographic area is a relevant market for purposes of the antitrust laws. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 419 and, therefore, denies them.

420.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 420, and, therefore, denies them.

421.     Paragraph 421 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 421.

### iii. *Austin, Texas*

422. Paragraph 422 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 422.

423. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 423, and, therefore, denies them.

424. Paragraph 424 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 424.

425. Dayrise admits that it manages *one* property in the Census Bureau's Austin-Round Rock-Georgetown MSA, but denies that this geographic area is a relevant market for purposes of the antitrust laws. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 425 and, therefore, denies them.

426. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 426, and, therefore, denies them.

427. Paragraph 427 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 427.

### iv. *Baltimore, Maryland*

428. Paragraph 428 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 428.

429. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 429, and, therefore, denies them.

430. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 430, and, therefore, denies them.

431. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 431, and, therefore, denies them.

432.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 432, and, therefore, denies them.

433.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 433, and, therefore, denies them.

434.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 434, and, therefore, denies them.

### v.     *Boston, Massachusetts*

435.     Paragraph 435 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 435.

436.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 436, and, therefore, denies them.

437.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 437, and, therefore, denies them.

438.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 438, and, therefore, denies them.

439.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 439, and, therefore, denies them.

440.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 440, and, therefore, denies them.

441.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 441, and, therefore, denies them.

### vi.     *Charlotte, North Carolina*

442.     Paragraph 442 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 442.

443.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 443, and, therefore, denies them.

444.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 444, and, therefore, denies them.

445.     Dayrise denies that it manages any properties in the Census Bureau's Charlotte-Gastonia-Concord MSA. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 445, and, therefore, denies them.

446.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 446, and, therefore, denies them.

447.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 447, and, therefore, denies them.

### vii.     Chicago, Illinois

448.     Paragraph 448 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 448.

449.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 449, and, therefore, denies them.

450.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 450, and, therefore, denies them.

451.     Dayrise admits it manages *one* property in the Census Bureau's Chicago-Naperville-Elgin MSA, but denies that this geographic area is a relevant market for purposes of the antitrust laws. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 451, and, therefore, denies them.

452.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 452, and, therefore, denies them.

453.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 453, and, therefore, denies them.

### viii.    *Dallas, Texas*

454.    Paragraph 454 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 454.

455.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 455, and, therefore, denies them.

456.    Paragraph 456 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 456.

457.    Dayrise admits it manages properties in the Census Bureau's Dallas-Fort Worth-Arlington MSA, but denies that this geographic area is a relevant market for purposes of the antitrust laws. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 457 and, therefore, denies them.

458.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 458 and, therefore, denies them.

459.    Paragraph 459 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 459.

### ix.    *Denver, Colorado*

460.    Paragraph 460 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 460.

461.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 461, and, therefore, denies them.

462.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 462, and, therefore, denies them.

463. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 463, and, therefore, denies them.

464. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 464, and, therefore, denies them.

465. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 465, and, therefore, denies them.

466. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 466, and, therefore, denies them.

### x. *Detroit, Michigan*

467. Paragraph 467 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 467.

468. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 468, and, therefore, denies them.

469. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 469, and, therefore, denies them.

470. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 470, and, therefore, denies them.

471. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 471, and, therefore, denies them.

472. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 472, and, therefore, denies them.

### xi. *Houston, Texas*

473. Paragraph 473 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 473

474.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 474, and, therefore, denies them.

475.    Paragraph 475 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 475.

476.    Dayrise admits that it manages *two* properties in the Census Bureau's Houston-The Woodlands-Sugarland MSA, but denies that this geographic area is a relevant market for purposes of the antitrust laws. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 476 and, therefore, denies them.

477.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 477 and, therefore, denies them.

478.    Paragraph 478 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 478.

*xii.    Jacksonville, Florida*

479.    Paragraph 479 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 479.

480.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 480 and, therefore, denies them.

481.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 481 and, therefore, denies them.

482.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 482 and, therefore, denies them.

483.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 483 and, therefore, denies them.

484.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 484 and, therefore, denies them.

### xiii.     Las Vegas, Nevada

485.     Paragraph 485 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 485.

486.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 486 and, therefore, denies them.

487.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 487 and, therefore, denies them.

488.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 488 and, therefore, denies them.

489.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 489 and, therefore, denies them.

490.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 490 and, therefore, denies them.

### xiv.     Los Angeles, California

491.     Paragraph 491 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 491.

492.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 492 and, therefore, denies them.

493.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 493 and, therefore, denies them.

494.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 494 and, therefore, denies them.

495.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 495 and, therefore, denies them.

496.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 496 and, therefore, denies them.

497.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 497 and, therefore, denies them.

*xv.*     ***Memphis, Tennessee***

498.     Paragraph 498 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 498.

499.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 499 and, therefore, denies them.

500.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 500 and, therefore, denies them.

501.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 501 and, therefore, denies them.

502.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 502 and, therefore, denies them.

503.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 503 and, therefore, denies them.

*xvi.*     ***Miami, Florida***

504.     Paragraph 504 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 504

505.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 505 and, therefore, denies them.

506.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 506 and, therefore, denies them.

507.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 507 and, therefore, denies them.

508.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 508 and, therefore, denies them.

509.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 509 and, therefore, denies them.

        *xvii.    Milwaukee, Wisconsin*

510.    Paragraph 510 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 510.

511.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 511 and, therefore, denies them.

512.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 512 and, therefore, denies them.

513.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 513 and, therefore, denies them.

514.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 514 and, therefore, denies them.

515.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 515 and, therefore, denies them.

        *xviii.    Minneapolis, Minnesota*

516.    Paragraph 516 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 516.

517.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 517 and, therefore, denies them.

518.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 518 and, therefore, denies them.

519.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 519 and, therefore, denies them.

520.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 520 and, therefore, denies them.

521.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 521 and, therefore, denies them.

### xix. New York, New York

522.     Paragraph 522 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 522.

523.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 523 and, therefore, denies them.

524.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 524 and, therefore, denies them.

525.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 525 and, therefore, denies them.

526.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 526 and, therefore, denies them.

527.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 527 and, therefore, denies them.

528.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 528 and, therefore, denies them.

### xx.    *Orlando, Florida*

529.    Paragraph 529 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 529.

530.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 530 and, therefore, denies them.

531.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 531 and, therefore, denies them.

532.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 532 and, therefore, denies them.

533.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 533 and, therefore, denies them.

534.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 534 and, therefore, denies them.

### xxi.    *Philadelphia, Pennsylvania*

535.    Paragraph 535 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 535.

536.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 536 and, therefore, denies them.

537.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 537 and, therefore, denies them.

538.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 538 and, therefore, denies them.

539.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 539 and, therefore, denies them.

### xxii.    *Phoenix, Arizona*

540.     Paragraph 540 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 540.

541.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 541 and, therefore, denies them.

542.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 542 and, therefore, denies them.

543.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 543 and, therefore, denies them.

544.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 544 and, therefore, denies them.

545.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 545 and, therefore, denies them.

546.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 546 and, therefore, denies them.

### xxiii.    *Pittsburgh, Pennsylvania*

547.     Paragraph 547 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 547.

548.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 548 and, therefore, denies them.

549.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 549 and, therefore, denies them.

550. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 550 and, therefore, denies them.

551. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 551 and, therefore, denies them.

552. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 552 and, therefore, denies them.

### xxiv. *Portland, Oregon*

553. Paragraph 553 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 553.

554. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 554 and, therefore, denies them.

555. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 555 and, therefore, denies them.

556. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 556 and, therefore, denies them.

557. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 556 and, therefore, denies them.

558. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 558 and, therefore, denies them.

559. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 559 and, therefore, denies them.

### xxv. *San Diego, California*

560. Paragraph 560 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 560.

561.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 561 and, therefore, denies them.

562.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 562 and, therefore, denies them.

563.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 563 and, therefore, denies them.

564.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 564 and, therefore, denies them.

565.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 565 and, therefore, denies them.

566.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 566 and, therefore, denies them.

### xxvi.    San Francisco, California

567.    Paragraph 567 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 567.

568.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 568 and, therefore, denies them.

569.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 569 and, therefore, denies them.

570.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 570 and, therefore, denies them.

571.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 571 and, therefore, denies them.

572. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 572 and, therefore, denies them.

573. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 573 and, therefore, denies them.

### *xxvii. San Jose, California*

574. Paragraph 574 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 574.

575. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 575 and, therefore, denies them.

576. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 576 and, therefore, denies them.

577. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 577 and, therefore, denies them.

578. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 578 and, therefore, denies them.

579. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 579 and, therefore, denies them.

580. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 580 and, therefore, denies them.

### *xxviii. Seattle, Washington*

581. Paragraph 581 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 581.

582. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 582 and, therefore, denies them.

583. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 583 and, therefore, denies them.

584. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 584 and, therefore, denies them.

585. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 585 and, therefore, denies them.

586. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 586 and, therefore, denies them.

587. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 587 and, therefore, denies them.

### xxix. *St. Louis, Missouri*

588. Paragraph 588 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 588.

589. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 589 and, therefore, denies them.

590. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 590 and, therefore, denies them.

591. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 591 and, therefore, denies them.

592. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 592 and, therefore, denies them.

593. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 593 and, therefore, denies them.

*xxx.*     ***Tampa, Florida***

594.     Paragraph 594 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 594.

595.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 595 and, therefore, denies them.

596.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 596 and, therefore, denies them.

597.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 597 and, therefore, denies them.

598.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 598 and, therefore, denies them.

599.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 599 and, therefore, denies them.

*xxxi.*     ***Tucson, Arizona***

600.     Paragraph 600 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 600.

601.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 601 and, therefore, denies them.

602.     Paragraph 602 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 602

603.     Dayrise admits it manages ***one*** property in the Census Bureau's Tucson MSA, but denies that this geographic area is a relevant market for purposes of the antitrust laws. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 603 and, therefore, denies them.

604. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 604 and, therefore, denies them.

605. Paragraph 605 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 605.

### xxxii.   Washington, District of Columbia

606. Paragraph 606 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 606.

607. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 607 and, therefore, denies them.

608. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 608 and, therefore, denies them.

609. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 609 and, therefore, denies them.

610. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 610 and, therefore, denies them.

611. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 611 and, therefore, denies them.

612. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 612 and, therefore, denies them.

### xxxiii.   Wilmington, North Carolina

613. Paragraph 613 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 613.

614. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 614 and, therefore, denies them.

615.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 615 and, therefore, denies them.

616.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 616 and, therefore, denies them.

617.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 617 and, therefore, denies them.

618.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 618 and, therefore, denies them.

619.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 619 and, therefore, denies them.

### xxxiv. Birmingham-Hoover, AL MSA

620.     The first sentence of Paragraph 620 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the first sentence of Paragraph 620. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 620 and, therefore, denies them.

621.     Paragraph 621 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 621.

622.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 622 and, therefore, denies them.

623.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 623 and, therefore, denies them.

624.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 624 and, therefore, denies them.

### xxxv. *Buffalo, New York*

625. The first sentence of Paragraph 625 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the first sentence of Paragraph 625. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 625 and, therefore, denies them.

626. Paragraph 626 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 626.

627. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 627 and, therefore, denies them.

628. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 628 and, therefore, denies them.

629. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 629 and, therefore, denies them.

### xxxvi. *Cincinnati, Ohio*

630. The first sentence of Paragraph 630 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the first sentence of Paragraph 630. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 630 and, therefore, denies them.

631. Paragraph 631 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 631.

632. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 632 and, therefore, denies them.

633. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 633 and, therefore, denies them.

634. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 634 and, therefore, denies them.

### xxxvii. Cleveland, Ohio

635. The first sentence of Paragraph 635 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the first sentence of Paragraph 635. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 635 and, therefore, denies them.

636. Paragraph 636 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 636.

637. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 637 and, therefore, denies them.

638. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 638 and, therefore, denies them.

639. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 639 and, therefore, denies them.

### xxxviii. Columbus, Ohio

640. The first sentence of Paragraph 640 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the first sentence of Paragraph 640. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 640 and, therefore, denies them.

641. Paragraph 641 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 641.

642. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 642 and, therefore, denies them.

643. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 643 and, therefore, denies them.

644. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 644 and, therefore, denies them.

### xxxix. Hartford, Connecticut

645. The first sentence of Paragraph 645 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the first sentence of Paragraph 645. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 645 and, therefore, denies them.

646. Paragraph 646 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 646.

647. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 647 and, therefore, denies them.

648. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 648 and, therefore, denies them.

649. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 649 and, therefore, denies them.

### xl.    Riverside, California

650. The first sentence of Paragraph 650 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the first sentence of Paragraph 650. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 650 and, therefore, denies them.

651. Paragraph 651 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 651.

652. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 652 and, therefore, denies them.

653. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 653 and, therefore, denies them.

654. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 654 and, therefore, denies them.

### xli. Sacramento, California

655. The first sentence of Paragraph 655 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the first sentence of Paragraph 655. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 655 and, therefore, denies them.

656. Paragraph 656 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 656.

657. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 657 and, therefore, denies them.

658. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 658 and, therefore, denies them.

659. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 659 and, therefore, denies them.

### xlii. Salt Lake City, Utah

660. The first sentence of Paragraph 660 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the first sentence of Paragraph 660. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 660 and, therefore, denies them.

661.     Paragraph 661 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 661.

662.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 662 and, therefore, denies them.

663.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 663 and, therefore, denies them.

664.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 663 and, therefore, denies them.

### xliii.     *San Antonio, Texas*

665.     The first sentence of Paragraph 665 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the first sentence of Paragraph 665. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 665 and, therefore, denies them.

666.     Paragraph 666 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 666.

667.     Dayrise admits that it manages **three** properties in the Census Bureau's San Antonio-New Braunfels, Texas MSA, but denies that this geographic area is a relevant market for purposes of the antitrust laws. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 667 and, therefore, denies them.

668.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 668 and, therefore, denies them.

669.      Paragraph 669 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 669.

### xliv.    San Juan, Puerto Rico

670.    The first sentence of Paragraph 670 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the first sentence of Paragraph 670. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 670 and, therefore, denies them.

671.    Paragraph 671 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 671.

672.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 672 and, therefore, denies them.

### xlv.    Virginia Beach, Virginia

673.    The first sentence of Paragraph 673 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the first sentence of Paragraph 673. Dayrise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 673 and, therefore, denies them.

674.    Paragraph 674 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 674.

675.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 675 and, therefore, denies them.

676.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 676 and, therefore, denies them.

677.    Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 677 and, therefore, denies them.

678.    Paragraph 678 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 678.

679.     Paragraph 679 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 679.

680.     Dayrise denies Paragraph 680.

## VII.     CLASS ACTION ALLEGATIONS

681.     Dayrise admits that Plaintiffs seek relief on behalf of themselves and a putative class described in Paragraph 681. Dayrise denies the remaining allegations in Paragraph 681.

682.     Dayrise admits that Plaintiffs purport to exclude certain persons and entities from Plaintiffs' putative class. Dayrise denies the remaining allegations in Paragraph 682.

683.     Dayrise denies the first sentence of Paragraph 683. The second and third sentences of Paragraph 683 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the second and third sentences of Paragraph 683.

684.     Dayrise denies the first sentence of Paragraph 684. The remaining allegations in Paragraph 684 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the remaining allegations in Paragraph 684.

685.     Dayrise denies the first sentence of Paragraph 685. The remaining allegations in Paragraph 685 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the remaining allegations in Paragraph 685.

686.     Dayrise denies the first sentence of Paragraph 686. The remaining allegations in Paragraph 686 contain legal conclusions to which no response is required. To the extent a response is required, Dayrise denies the remaining allegations in Paragraph 686.

687.     Dayrise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 687 and, therefore, denies them.

688.     Paragraph 688 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 688.

689.    Paragraph 689 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 689.

690.    Paragraph 690 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 690.

## VIII.    ANTITRUST INJURY

691.    Paragraph 691 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 691.

692.    Paragraph 692 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 692.

693.    Paragraph 693 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 693.

## IX.    CONTINUING VIOLATION

694.    Paragraph 694 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 694.

695.    Dayrise admits the Complaint includes the described allegations but denies the allegations described in Paragraph 695. Paragraph 695 contains legal conclusions regarding the limitations period to which no response is required. To the extent a response is required, Dayrise denies Paragraph 695

696.    Dayrise denies Paragraph 696.

697.    Dayrise denies Paragraph 697.

698.    Paragraph 698 contains legal conclusions regarding the limitations period to which no response is required. To the extent a response is required, Dayrise denies Paragraph 698.

699.    Dayrise denies Paragraph 699.

700.    Dayrise denies Paragraph 700.

## X. CLAIMS FOR RELIEF

### COUNT I
### Price Fixing in Violation of
### Section 1 of the Sherman Act (15 U.S.C. § 1)

1. **Plaintiffs repeat the allegations set forth above as if fully set forth herein.**

701. Dayrise admits that Paragraph 701 purports to incorporate preceding allegations. Dayrise incorporates its prior responses to those preceding allegations.

702. Paragraph 702 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 702.

703. Paragraph 703 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 703.

704. Paragraph 704 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 704.

705. Paragraph 705 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 705.

706. Paragraph 706 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 706.

707. Dayrise denies Paragraph 707.

### COUNT II
### Violation of State Antitrust Statutes
### (On behalf of Plaintiffs and the Class)

2. **Plaintiffs repeat and reiterate the allegations set forth above as if fully set forth herein, and each of the state-specific causes of action described below incorporates the allegations as if fully set forth therein.**

708. Dayrise admits that Paragraph 708 purports to incorporate preceding allegations. Dayrise incorporates its prior responses to those preceding allegations.

709.    Paragraph 709 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 709.

710.    Paragraph 710 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 710.

711.    Paragraph 711 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 711.

712.    Paragraph 712 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 712.

713.    Dayrise admits Plaintiffs seek damages, costs, and attorneys' fees but denies that Plaintiffs are entitled to damages or any other relief.

714.    Paragraph 714 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 714.

715.    Paragraph 715 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 715.

716.    Paragraph 716 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 716.

717.    Paragraph 717 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 717.

718.    Paragraph 718 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 718.

719.    Paragraph 719 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 719.

720.     Paragraph 720 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 720.

721.     Paragraph 721 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 721.

722.     Paragraph 722 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 722.

723.     Paragraph 723 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 723.

724.     Paragraph 724 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 724.

725.     Paragraph 725 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 725.

726.     Paragraph 726 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 726.

727.     Paragraph 727 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 727.

728.     Paragraph 728 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 728.

729.     Paragraph 729 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 729.

730.     Paragraph 730 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 730.

731.    Paragraph 731 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 731.

732.    Paragraph 732 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 732.

733.    Paragraph 733 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 733.

734.    Paragraph 734 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 734.

735.    Paragraph 735 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 735.

736.    Paragraph 736 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 736.

737.    Paragraph 737 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 737.

738.    Paragraph 738 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 738.

739.    Paragraph 739 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 739.

740.    Paragraph 740 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 740.

741.    Paragraph 741 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 741.

742.    Paragraph 742 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 742

743.    Paragraph 743 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 743.

744.    Paragraph 744 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 744.

745.    Paragraph 745 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 745.

746.    Paragraph 746 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 746.

747.    Paragraph 747 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 747.

748.    Paragraph 748 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 748.

749.    Paragraph 749 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 749.

750.    Paragraph 750 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 750.

751.    Paragraph 751 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 751.

752.    Paragraph 752 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 752.

753.     Paragraph 753 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 753.

754.     Paragraph 754 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 754.

755.     Paragraph 755 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 755.

756.     Paragraph 756 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 756.

757.     Paragraph 757 contains legal conclusions to which no response is required. To the extent a response is required, Dayrise denies Paragraph 757.

## XI.     PRAYER FOR RELIEF

Dayrise admits that Plaintiffs ask the Court for relief. Dayrise denies the allegations contained in Paragraphs A-E of Plaintiffs' Prayer for Relief and denies that Plaintiffs are entitled to any relief. Dayrise requests that Plaintiffs take nothing and this suit be dismissed with prejudice.

### JURY TRIAL DEMANDED

Dayrise admits that Plaintiffs demand a jury trial. Dayrise denies a trial is necessary as Plaintiffs' claims should be dismissed as a matter of law. In addition, Dayrise denies that Plaintiffs are entitled to a trial by jury to the extent that Plaintiffs or any purported class member entered into a contractual agreement to arbitrate, waive a jury trial, or waive a class action, which precludes such trial by jury.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Dayrise pleads the following affirmative defenses to the Complaint:

1.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by the applicable statute of limitations. The statute of limitations for Plaintiffs' federal antitrust claims is four years. 15 U.S.C. § 15(b). Thus, their claims must be dismissed unless Plaintiffs can sufficiently allege that they could not have discovered the claimed offense within the limitations period exercising reasonable diligence. Plaintiffs cannot satisfy this burden. Plaintiffs' attempt to justify their delay by claiming continuing violation fails—it simply recycles their underlying allegations and conclusively asserts continuing violation. Accordingly, Plaintiffs' Complaint is time-barred.

3.      Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because Plaintiffs have not suffered any injury in fact and/or any injury cognizable under the antitrust laws. Plaintiffs' alleged harm lies in their speculation that many companies colluded seamlessly through a conspiracy, resulting in their harm.  In essence, Plaintiffs complain about the impact of naturally unpredictable changes in the market conditions that exist in the global, national, and local economy. To the extent Plaintiffs maintain they were injured by these events, such an injury is not cognizable under the antitrust laws and any alleged injury is too remote.

4.      Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because Plaintiffs and any putative class members lack antitrust standing and have not suffered any injury in fact and/or any injury cognizable under the antitrust laws, to the extent that their losses were contingent upon their rent being paid in full or in part by others such as employers, family members, co-tenants, and government benefits.

5.      Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because Plaintiffs failed to exercise reasonable care to mitigate any damages they may have suffered. To the extent Plaintiffs believed that Dayrise agreed to use RealPage Revenue

Management software and that such agreement had the effect of raising rental prices above competitive levels, Plaintiffs had an obligation to mitigate their damages by seeking other sources of supply, including from other property managers or owners. Plaintiffs' failure to exercise reasonable care to mitigate damages was the complete or partial cause of any damages Plaintiffs may have suffered.

6. Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because any alleged injuries and damages either were not legally or proximately caused by any acts or omissions of Dayrise or were caused, if at all, solely and proximately by Plaintiffs' conduct or by the conduct of third parties including, without limitation, the prior, intervening, or superseding conduct of Plaintiffs or such third parties.

7. Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by the doctrine of waiver and estoppel. Plaintiffs' continued rental leases at what they now allege are prices above the competitive level manifest an intention to waive any right to bring this suit and are inconsistent with any other intention. Plaintiffs, by their actions, accepted the benefits of an ongoing relationship with Defendants and relinquished their rights to bring suit.

8. Plaintiffs' claims and the claims of any putative class members are barred by the equitable doctrine of laches. Plaintiffs demonstrated an unreasonable lack of diligence in bringing their claims. Plaintiffs' unreasonable lack of diligence in bringing their claims now bars them.

9. Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, due to their ratification of, and consent to, the conduct of Dayrise. Plaintiffs' Complaint demonstrates their long-standing ratification of and consent to the complained-of conduct. Accordingly, because Plaintiffs have been aware for years of the very same conduct they now

challenge—and because some of that conduct provided Plaintiffs a direct benefit—Plaintiffs' claims are barred by the doctrine of ratification.

10. Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, to the extent the rental lease agreements pursuant to which Plaintiffs rented their apartments or other agreements that Plaintiffs entered into with a Defendant contain arbitration clauses, clauses providing a different forum for the resolution of their claims, or provisions waiving a Plaintiff's ability to bring a representative or class action claim.

11. Without admitting the existence of any contract, combination, or conspiracy in restraint of trade, and expressly denying same, Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by Dayrise's right to set off any amounts paid to Plaintiffs by any Defendants that have settled, or do settle, Plaintiffs' claims against them in this action or any related actions.

12. Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by Dayrise's right to set off any amount paid to Plaintiffs by damages attributable to Plaintiffs' conduct, including to the extent Plaintiffs shared information found to be competitively sensitive regarding their rental lease agreements or potential alternative rental lease agreements.

13. Without admitting the existence of any contract, combination, or conspiracy in restraint of trade, and expressly denying same, Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, to the extent that Plaintiffs entered into contracts that do not include any purported overcharge.

14. Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, to the extent they seek improper multiple damage awards or damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and

Fourteenth Amendments of the United States Constitution and of the Eighth Amendment of the United States Constitution.

15.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by Plaintiffs' knowing acquiescence to the restraints of trade alleged in the Complaint.

16.     Some or all of Plaintiffs' state-law claims are barred due to lack of jurisdiction.  For instance, the laws of the states cited in Count II of the Complaint are not intended to, and do not, apply to conduct occurring outside of those states, and Plaintiffs' Complaint does not include any Plaintiff from the States of Alaska, Arizona, District of Columbia, Hawaii, Idaho, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Utah, Vermont, Virginia, West Virginia, Wisconsin, and Wyoming. Further, many of the state laws allegedly giving rise to Plaintiffs' claims do not apply because the alleged conduct did not occur within or substantially affect the citizens or commerce of the respective states, or because Dayrise had no specific intent to impact the commerce of those states. As a result, the application of those state laws to Dayrise's alleged conduct would violate the Due Process Clauses and Commerce Clause of the U.S. Constitution, the principle of federalism, and the constitutions and laws of the respective states at issue. To the extent the Complaint seeks to assert claims or obtain relief on behalf of multifamily renters located outside of the jurisdictions governed by those laws, those claims are barred as improper assertions of extraterritorial jurisdiction, and any effort to enforce those laws as to residents of other states would violate the Due Process Clause and the Commerce Clause of the U.S. Constitution and various state laws and constitutions.

17.     Plaintiffs' state-law claims and the claims of any putative class members are barred, in whole or in part, to the extent Plaintiffs seek damages under state laws that do not permit recovery of damages by private plaintiffs.

18.     Plaintiffs' state law claims and the claims of any putative class members are barred, in whole or in part, to the extent that Plaintiffs failed to comply with applicable notice requirements, including, without limitation, any claim brought under the laws of Massachusetts.

19.     Some or all of the respective state-law claims at issue cannot be, and were not intended to be, applied in the class action context.

20.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because Dayrise's alleged conduct was unilateral, lawful, justified, and pro-competitive, constituted bona fide business practices, and was carried out in furtherance of Dayrise's independent and legitimate business interests.

21.     To the extent that any actionable conduct occurred, Plaintiffs' claims and those of the putative class are barred to the extent that such conduct was committed by any individual acting *ultra vires* or beyond the scope of any individual's express or implied authority as an agent or employee of Dayrise.

22.     This action may not be maintained as a class action pursuant to Federal Rules of Civil Procedure 23(a) or 23(b)(3) because, without waiving any other arguments, Plaintiffs have not defined a cognizable class or class period, common questions of law or fact common to members of the putative class do not predominate over any questions affecting only individual members, and a class action is not superior to other available methods for fairly and efficiently adjudicating this controversy.

23.     Plaintiffs' putative class should be stricken or dismissed because the Plaintiffs are not proper or adequate class representatives and their claims are not representative of the putative class.

24.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seeks to impose liability on Dayrise based on the exercise of any person or entity's right to petition federal, state, and local governmental bodies, including through public statements, because such conduct was immune under the *Noerr-Pennington* doctrine and privileged under the First Amendment to the U.S. Constitution.

25.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because Dayrise's actions were not *per se* unlawful.

26.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because Dayrise and other Defendants do not possess market power, individually or collectively, in any relevant market, including the MSAs where Plaintiffs allege Dayrise owns and/or operates multifamily housing properties (the "Dayrise MSAs").

27.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because there are no anticompetitive effects in any relevant geographic market, including the Dayrise MSAs.

28.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because Plaintiffs have not defined a proper relevant market for purposes of this action.

29.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because Plaintiffs cannot demonstrate the relevant product market should be limited to "the market for the lease of multifamily residential real estate."

30.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because Plaintiffs failed to allege a properly defined geographic market.

31.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because there is no contract, combination, or conspiracy that unreasonably restrains trade.

32.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because Dayrise has not formed an agreement or exchanged competitively sensitive information in any relevant market, including the Dayrise MSAs.

33.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because none of Dayrise's alleged actions or omissions that Plaintiffs challenge substantially lessened or otherwise harmed competition within any relevant market, including the Dayrise MSAs.

34.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, under *Illinois Brick v. Illinois*, 431 U.S. 720 (1977).

35.     Plaintiffs' claim and the claims of any putative class members for damages is barred because their alleged damages, if any, are speculative and uncertain, and because of the impossibility of ascertaining and allocating their alleged damages.

36.     Plaintiffs and any putative class members are not entitled to injunctive relief because they have an adequate remedy at law.

37.     Plaintiffs fail to allege facts sufficient to support any granting of injunctive relief. Plaintiffs' request for injunctive relief lacks the specificity required by the Federal Rule of Civil Procedure 65.

38.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because the injuries alleged by Plaintiffs, to the extent any exist, were caused, in whole or in part, by the conduct of third parties for whom Dayrise was not responsible, through forces in the marketplace over which Dayrise has no control, and/or through acts or omissions on the part of one or more of the Plaintiffs.

39.     Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because Dayrise is not liable for the acts of any other Defendant.

40.     Dayrise adopts and incorporates by reference any defense, not otherwise expressly set forth herein, that is or will be pleaded by any other Defendant in this action to the extent that the defense would apply to Dayrise.

41.     Dayrise has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. Dayrise reserves the right to amend or seek to amend its Answer and Affirmative Defenses as this action proceeds up to and including the time of trial.


Dated:  February 5, 2024                    Respectfully submitted,

                                            /s/ *Bradley C. Weber*
                                            **Bradley C. Weber** - *Attorney-in-Charge*
                                            Texas Bar No. 21042470
                                            bweber@lockelord.com
                                            **M. Taylor Levesque** (*pro hac vice* pending)
                                            Texas Bar No. 24107296
                                            taylor.levesque@lockelord.com
                                            **LOCKE LORD LLP**
                                            2200 Ross Avenue, Suite 2800
                                            Dallas, Texas 75201-2750
                                            T: (214) 740-8497
                                            F: (214) 756-8497

                                            ***COUNSEL FOR DEFENDANT DAYRISE***
                                            ***RESIDENTIAL, LLC***

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document was filed electronically on February 5, 2024, and notice of this filing was served via the Court's CM/ECF system to all parties and counsel of record registered for CM/ECF filing.

/s/ *Bradley C. Weber*
Bradley C. Weber