# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |
|---|---|
| ) | |
| ) | **Case No. 3:23-md-03071** |
| ) | |
| ) | **MDL No. 3071** |
| ) | |
| ) | **Chief Judge Waverly D. Crenshaw, Jr.** |
| **IN RE: REALPAGE, INC., RENTAL** ) | |
| **SOFTWARE ANTITRUST LITIGATION** ) | **JURY TRIAL DEMANDED** |
| **(NO. II)** ) | |
| ) | **This Document Relates to:** |
| ) | **3:23-cv-00378** |
| ) | **3:23-cv-00742** |
| ) | **3:23-cv-00979** |
| ) | |

---

## THE THOMA BRAVO DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendants Thoma Bravo, L.P., Thoma Bravo Fund XIII, L.P. and Thoma Bravo XIV, L.P. (collectively, the "Thoma Bravo Defendants"), by and through counsel, hereby answer the Multifamily Plaintiffs' Second Amended Consolidated Class Action Complaint (the "Complaint"). Any allegation not explicitly admitted is denied. By noting or admitting that the Complaint purports to characterize or quote particular documents, the Thoma Bravo Defendants do not admit the truth of any assertion in the referenced document. Moreover, headings and footnotes contained within the Complaint are not substantive allegations to which an answer is required. To the extent headings are deemed substantive allegations to which an answer is required, the Thoma Bravo Defendants deny the allegations. To the extent footnotes in the Complaint are deemed to be substantive allegations, then the response to the paragraph in which the footnote is found is the Thoma Bravo Defendants' response to the footnote as well. In answering the Complaint, the Thoma Bravo Defendants state as follows:

## I. INTRODUCTION

1. To the extent the allegations in Paragraph 1 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 1.

2. The Thoma Bravo Defendants admit that Defendant RealPage, Inc. ("RealPage") provides software solutions, including revenue management products Lease Rent Options ("LRO"), YieldStar, and AI Revenue Management ("AIRM") (collectively RealPage "RMS"). Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 2.

3. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint related to the operations and ownership status of "Owner Defendants," "Owner-Operators," and "Managing Defendants," and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 3.

4. The Thoma Bravo Defendants admit that Paragraph 4 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 4.

5. The Thoma Bravo Defendants admit that Paragraph 5 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "witness[es]" said to Plaintiffs' counsel, and on that basis deny the allegations related to "witness interviews." Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 5.

6. The Thoma Bravo Defendants deny the allegations in Paragraph 6.

7. The Thoma Bravo Defendants admit that Paragraph 7 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 7.

8.     To the extent the allegations in Paragraph 8 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 8.

## II.     BACKGROUND

9.     The Thoma Bravo Defendants admit that Paragraph 9 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 9.

10.     The Thoma Bravo Defendants admit that Paragraph 10 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 10.

11.     The Thoma Bravo Defendants admit that Paragraph 11 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 11.

12.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "[w]itness[es]" said to Plaintiffs' counsel, and on that basis deny the allegations related to "[w]itness interviews."  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 12.

13.     The Thoma Bravo Defendants admit that Paragraph 13 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 13.

14.     The Thoma Bravo Defendants admit that RealPage charges its customers various types of fees and enters into individual agreements with each customer, which vary based on the customer's individual situation.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 14.

15.     The Thoma Bravo Defendants admit that Paragraph 15 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 15.

16.     The Thoma Bravo Defendants admit that Paragraph 16 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 16.

17.     The Thoma Bravo Defendants admit that Paragraph 17 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 17.

18.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "witness[es]" said to plaintiffs' counsel, and on that basis deny the allegations related to "witnesses."  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 18.

19.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 4" said to plaintiffs' counsel, and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 19.

20.     The Thoma Bravo Defendants admit that Paragraph 20 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations regarding Defendant Lincoln Property Company's internal policies, and on that basis deny the allegations.  The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 5," "Witness 6," or "Witness 7" told Plaintiffs' counsel, and on that basis deny allegations relating to Witness 5, Witness 6, or Witness 7.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 20.

21.     The Thoma Bravo Defendants admit that Paragraph 21 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  The Thoma Bravo Defendants lack information or knowledge regarding how "Figure 1" was created sufficient to form a belief as to the truth of the allegations regarding Figure 1, and on that basis deny them. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 21.

22.     The Thoma Bravo Defendants lack information or knowledge regarding the substance or assumptions contained in "Figure 2" sufficient to form a belief as to the truth of the allegations regarding Figure 2, and on that basis deny them.  The Thoma Bravo Defendants also lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 regarding Plaintiffs' review of pricing data, and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 22.

23.     The Thoma Bravo Defendants admit that Paragraph 23 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "witnesses" said to Plaintiffs' counsel, and on that basis deny the allegations related to such "witnesses."  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 23.

24.     The Thoma Bravo Defendants admit that Paragraph 24 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 24.

25.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 4" said to plaintiffs' counsel, and on that basis deny the allegations related to Witness 4.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 25.

26.     The Thoma Bravo Defendants admit that RealPage acquired Lease Rent Options revenue management software from the Rainmaker Group in 2017.   The Thoma Bravo Defendants admit that Paragraph 26 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 26.

27.     The Thoma Bravo Defendants admit that Paragraph 27 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 27.

28.     The Thoma Bravo Defendants admit that Paragraph 28 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 28.

29.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 4" and "Witness 9" said to Plaintiffs' counsel, and on that basis deny the allegations related to Witness 4 and Witness 9.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 29.

30.     The Thoma Bravo Defendants deny the allegations in Paragraph 30.

31.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 6" said to Plaintiffs' counsel, and on that basis deny the allegations related to Witness 6.  The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations concerning "peer lists" in Paragraph 31, and on that basis deny those allegations.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 31.

32.     The Thoma Bravo Defendants deny the allegations in Paragraph 32.

33.     The Thoma Bravo Defendants admit that Paragraph 33 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 33.

34.     The Thoma Bravo Defendants lack information or knowledge regarding the creation of "Figure 3" and "Figure 4" sufficient to form a belief as to the truth of the allegations regarding those Figures, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 34.

35.     The Thoma Bravo Defendants admit that Paragraph 35 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 35.

36.     The Thoma Bravo Defendants admit that Paragraph 36 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 6" and

"Witness 8" said to Plaintiffs' counsel, and on that basis deny the allegations related to Witness 6 and Witness 8. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 36.

37. The Thoma Bravo Defendants admit that RealPage hosts events and meetings for users of its software, and that it interacts with a RealPage User Group. The Thoma Bravo Defendants admit that Paragraph 37 purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 37.

38. The Thoma Bravo Defendants admit that Paragraph 38 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 38.

39. The Thoma Bravo Defendants admit that Paragraph 39 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 10" said to Plaintiffs' counsel, and on that basis deny the allegations related to Witness 10. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 39.

40. The Thoma Bravo Defendants admit that Paragraph 40 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 40.

41. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 11" said to Plaintiffs' counsel, and on that basis deny the allegations related to Witness 11. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 41.

42. The Thoma Bravo Defendants admit that Paragraph 42 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what Plaintiffs were

7

"informed and believe," and on that basis deny the second sentence of Paragraph 42. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 42.

43.     To the extent the allegations in Paragraph 43 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 43, including because the Court has held that "application of the per se standard is not appropriate based on the allegations in the Multifamily Complaint." Dkt. 690 at 47.

## III.    JURISDICTION AND VENUE

44.     To the extent the allegations in Paragraph 44 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as an answer is required, the Thoma Bravo Defendants admit that Plaintiffs purport to bring their claims under 15 U.S.C. §§ 15, 26 based on alleged violations of 15 U.S.C. § 1.

45.     To the extent the allegations in Paragraph 45 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as an answer is required, the Thoma Bravo Defendants admit that Plaintiffs purport to plead jurisdiction pursuant to 15 U.S.C. §§ 15, 26, and 28 U.S.C. §§ 1331, 1337.

46.     To the extent the allegations in Paragraph 46 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as an answer is required, the Thoma Bravo Defendants admit that the Judicial Panel on Multidistrict Litigation transferred related actions to this District for pretrial proceedings and do not contest venue for those purposes only.

47.     To the extent the allegations in Paragraph 47 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as an answer is required, the Thoma Bravo Defendants admit for purposes of this action only that this Court has personal jurisdiction over the Thoma Bravo Defendants for purposes of pretrial proceedings, to the same extent that the transferor court had personal jurisdiction over the Thoma Bravo Defendants pre-transfer. The Thoma Bravo Defendants lack information or knowledge sufficient

to form a belief as to the operations of other Defendants, and on that basis deny the allegations related to other Defendants in Paragraph 47. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 47 of the Complaint.

48. To the extent the allegations in Paragraph 48 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 48.

49. To the extent the allegations in Paragraph 49 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as an answer is required, the Thoma Bravo Defendants admit that the Judicial Panel on Multidistrict Litigation transferred related actions to this District for pretrial proceedings.

## IV. THE PARTIES

50. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff Jason Goldman, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 50.

51. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff Jeffrey Weaver, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 51.

52. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff Billie Jo White, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 52.

53. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff Nancy Alexander, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 53.

54. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff Brandon Watters, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 54.

55.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiffs Priscilla Parker and Patrick Parker, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 55.

56.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff Barry Amar-Hoover, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 56.

57.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff Joshua Kabisch, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 57.

58.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff Meghan Cherry, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 58.

59.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff Selena Vincin, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 59.

60.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff Maya Haynes, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 60.

61.     The Thoma Bravo Defendants admit that RealPage is a corporation headquartered in Richardson, Texas, organized under the laws of Delaware.  The Thoma Bravo Defendants admit that RealPage provides software and services, including RMS software, to managers of residential rental apartments.  The Thoma Bravo Defendants admit that RealPage was a public company beginning in 2010 and that its acquisition was announced in December 2020.  The Thoma Bravo Defendants admit that RealPage was acquired through a merger agreement involving private investment funds sponsored by Thoma Bravo, L.P. in a transaction that valued RealPage at approximately $10.2 billion, including net debt.  The Thoma Bravo Defendants admit that

Paragraph 61 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 61.

62. The Thoma Bravo Defendants admit that Thoma Bravo, L.P., Thoma Bravo Fund XIII, L.P. and Thoma Bravo Fund XIV, L.P. are Delaware limited partnerships. The Thoma Bravo Defendants admit that Paragraph 62 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 62.

63. The Thoma Bravo Defendants admit that Paragraph 63 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 63.

64. The Thoma Bravo Defendants admit that the RealPage acquisition was announced in December 2020 and closed in April 2021. The Thoma Bravo Defendants admit that Paragraph 64 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 64.

65. The Thoma Bravo Defendants admit that Paragraph 65 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 65.

66. The Thoma Bravo Defendants admit that Charles Goodman is an Operating Partner with Thoma Bravo. The Thoma Bravo Defendants admit that Charles Goodman serves as a director on RealPage's board of directors. The Thoma Bravo Defendants admit that Paragraph 66 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 66.

67. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 67, and on that basis deny them.

68.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 68, and on that basis deny them.

69.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 69, and on that basis deny them.

70.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 70, and on that basis deny them.

71.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 71, and on that basis deny them.

72.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 72, and on that basis deny them.

73.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis deny them.

74.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 74, and on that basis deny them.

75.     The Thoma Bravo Defendants deny the allegations in Paragraph 75.

76.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 76, and on that basis deny them.

77.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 77, and on that basis deny them.

78.     The Thoma Bravo Defendants deny the allegations in Paragraph 78.

79.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 79, and on that basis deny them.

80.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 80, and on that basis deny them.

81.     The Thoma Bravo Defendants deny the allegations in Paragraph 81.

82.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 82, and on that basis deny them.

83.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 83, and on that basis deny them.

84.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 84, and on that basis deny them.

85.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 85, and on that basis deny them.

86.     The Thoma Bravo Defendants deny the allegations in Paragraph 86.

87.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 87, and on that basis deny them.

88.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 88, and on that basis deny them.

89.     The Thoma Bravo Defendants deny the allegations in Paragraph 89.

90.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 90, and on that basis deny them.

91.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 91, and on that basis deny them.

92.     The Thoma Bravo Defendants deny the allegations in Paragraph 92.

93.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 93, and on that basis deny them.

94.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 94, and on that basis deny them.

95.     The Thoma Bravo Defendants deny the allegations in Paragraph 95.

96.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 96, and on that basis deny them.

97.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 97, and on that basis deny them.

98.     The Thoma Bravo Defendants deny the allegations in Paragraph 98.

99. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 99, and on that basis deny them.

100. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 100, and on that basis deny them.

101. The Thoma Bravo Defendants deny the allegations in Paragraph 101.

102. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 102, and on that basis deny them.

103. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 103, and on that basis deny them.

104. The Thoma Bravo Defendants deny the allegations in Paragraph 104.

105. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 105, and on that basis deny them.

106. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 106, and on that basis deny them.

107. The Thoma Bravo Defendants deny the allegations in Paragraph 107.

108. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 108, and on that basis deny them.

109. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 109, and on that basis deny them.

110. The Thoma Bravo Defendants deny the allegations in Paragraph 110.

111. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 111, and on that basis deny them.

112. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 112, and on that basis deny them.

113. The Thoma Bravo Defendants deny the allegations in Paragraph 113.

114. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 114, and on that basis deny them.

115. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 115, and on that basis deny them.

116. The Thoma Bravo Defendants deny the allegations in Paragraph 116.

117. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 117, and on that basis deny them.

118. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 118, and on that basis deny them.

119. The Thoma Bravo Defendants deny the allegations in Paragraph 119.

120. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 120, and on that basis deny them.

121. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 121, and on that basis deny them.

122. The Thoma Bravo Defendants deny the allegations in Paragraph 122.

123. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 123, and on that basis deny them.

124. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 124, and on that basis deny them.

125. The Thoma Bravo Defendants deny the allegations in Paragraph 125.

126. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 126, and on that basis deny them.

127. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 127, and on that basis deny them.

128. The Thoma Bravo Defendants deny the allegations in Paragraph 128.

129. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 129, and on that basis deny them.

130. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 130, and on that basis deny them.

131.     The Thoma Bravo Defendants deny the allegations in Paragraph 131.

132.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 132, and on that basis deny them.

133.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 133, and on that basis deny them.

134.     The Thoma Bravo Defendants deny the allegations in Paragraph 134.

135.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 135, and on that basis deny them.

136.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 136, and on that basis deny them.

137.     The Thoma Bravo Defendants deny the allegations in Paragraph 137.

138.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 138, and on that basis deny them.

139.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 139, and on that basis deny them.

140.     The Thoma Bravo Defendants deny the allegations in Paragraph 140.

141.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 141, and on that basis deny them.

142.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 142, and on that basis deny them.

143.     The Thoma Bravo Defendants deny the allegations in Paragraph 143.

144.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 144, and on that basis deny them.

145.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 145, and on that basis deny them.

146.     The Thoma Bravo Defendants deny the allegations in Paragraph 146.

147.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 147, and on that basis deny them.

148.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 148, and on that basis deny them.

149.    The Thoma Bravo Defendants deny the allegations in Paragraph 149.

150.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 150, and on that basis deny them.

151.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 151, and on that basis deny them.

152.    The Thoma Bravo Defendants deny the allegations in Paragraph 152.

153.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 153, and on that basis deny them.

154.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 154, and on that basis deny them.

155.    The Thoma Bravo Defendants deny the allegations in Paragraph 155.

156.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 156, and on that basis deny them.

157.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 157, and on that basis deny them.

158.    The Thoma Bravo Defendants deny the allegations in Paragraph 158.

159.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 159, and on that basis deny them.

160.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 160, and on that basis deny them.

161.    The Thoma Bravo Defendants deny the allegations in Paragraph 161.

162.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 162, and on that basis deny them.

163.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 163, and on that basis deny them.

164.    The Thoma Bravo Defendants deny the allegations in Paragraph 164.

165.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 165, and on that basis deny them.

166.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 166, and on that basis deny them.

167.    The Thoma Bravo Defendants deny the allegations in Paragraph 167.

168.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 168, and on that basis deny them.

169.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 169, and on that basis deny them.

170.    The Thoma Bravo Defendants deny the allegations in Paragraph 170.

171.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 171, and on that basis deny them.

172.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 172, and on that basis deny them.

173.    The Thoma Bravo Defendants deny the allegations in Paragraph 173.

174.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 174, and on that basis deny them.

175.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 175, and on that basis deny them.

176.    The Thoma Bravo Defendants deny the allegations in Paragraph 176.

177.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 177, and on that basis deny them.

178.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 178, and on that basis deny them.

179. The Thoma Bravo Defendants deny the allegations in Paragraph 179.

180. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 180, and on that basis deny them.

181. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 181, and on that basis deny them.

182. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 182, and on that basis deny them.

183. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 183, and on that basis deny them.

184. The Thoma Bravo Defendants deny the allegations in Paragraph 184.

185. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 185, and on that basis deny them.

186. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 186, and on that basis deny them.

187. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 187, and on that basis deny them.

188. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 188, and on that basis deny them.

189. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 189, and on that basis deny them.

190. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 190, and on that basis deny them.

191. The Thoma Bravo Defendants deny the allegations in Paragraph 191.

192. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 192, and on that basis deny them.

193. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 193, and on that basis deny them.

194. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 194, and on that basis deny them.

195. The Thoma Bravo Defendants deny the allegations in Paragraph 195.

196. To the extent the allegations in Paragraph 196 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 196, and on that basis deny them.

197. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 197 regarding the actions and ownership interests of "Managing Defendants," and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 197.

198. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 198 regarding the actions and ownership interests of "Owner-Operator Defendants," and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 198.

199. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 199 regarding the actions and ownership interests of "Owner Defendants," and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 199.

200. The Thoma Bravo Defendants deny the allegations in Paragraph 200.

201. The Thoma Bravo Defendants admit that Plaintiffs represented that they dismissed those defendants who had confirmed to Plaintiffs that they did not use RealPage RMS. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 201.

V.    **FACTUAL ALLEGATIONS**

A.    **Historical Competition Among Residential Property Managers.**

202.    The Thoma Bravo Defendants admit that Paragraph 202 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 202.

203.    To the extent the allegations in Paragraph 203 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 203, and on that basis deny them.

204.    The Thoma Bravo Defendants admit that Paragraph 204 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 204.

205.    To the extent the allegations in Paragraph 205 are legal conclusions and characterizations of plaintiffs' claims, no responsive pleading is required. To the extent a response is required, the Thoma Bravo Defendants deny the allegations.

206.    The Thoma Bravo Defendants admit that Paragraph 206 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 206.

207.    The Thoma Bravo Defendants admit that Paragraph 207 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 207.

B.    **Evolution of RealPage's Revenue Management Solutions.**

208.    The Thoma Bravo Defendants admit that Paragraph 208 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 208.

209.    The Thoma Bravo Defendants admit that RealPage was founded in 1998 and that RealPage acquired the rights to a revenue management software system from Camden in 2002.

The Thoma Bravo Defendants admit that RealPage collects data from its users, some of which is used in RMS software. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 209.

210. To the extent the allegations in Paragraph 210 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants admit that Paragraph 210 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 210.

211. The Thoma Bravo Defendants admit that Paragraph 211 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 211.

212. To the extent the allegations in Paragraph 212 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent a response is required, the Thoma Bravo Defendants deny the allegations in Paragraph 212.

213. The Thoma Bravo Defendants admit that Paragraph 213 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 213.

214. The Thoma Bravo Defendants admit that Paragraph 214 purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 214.

215. The Thoma Bravo Defendants admit that Paragraph 215 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 215.

216. The Thoma Bravo Defendants admit that Paragraph 216 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 216.

217.    The Thoma Bravo Defendants admit that Paragraph 217 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 217.

218.    To the extent the allegations in Paragraph 218 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants admit that Paragraph 218 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 218.

219.    The Thoma Bravo Defendants admit that Paragraph 219 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 219.

220.    The Thoma Bravo Defendants admit that Paragraph 220 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 220.

221.    The Thoma Bravo Defendants admit that Paragraph 221 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 221.

222.    The Thoma Bravo Defendants admit that Paragraph 222 selectively quotes from and purports to characterize materials cited in Paragraph 222, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 222.

223.    The Thoma Bravo Defendants admit that Paragraph 223 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 223.

224.    The Thoma Bravo Defendants admit that Paragraph 224 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 224.

225.    The Thoma Bravo Defendants admit that Paragraph 225 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 225.

226.    The Thoma Bravo Defendants admit that Paragraph 226 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 226.

C.    **Property Management Companies Effectively Outsourced Pricing and Supply Decisions to RealPage, Eliminating Competition.**

227.    The Thoma Bravo Defendants admit that RealPage's customers provide RealPage with various categories of data that may be used to provide recommendations.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 227.

228.    The Thoma Bravo Defendants admit that Paragraph 228 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 228.

229.    The Thoma Bravo Defendants admit that Paragraph 229 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 229.

230.    The Thoma Bravo Defendants admit that Paragraph 230 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 230.

231.    The Thoma Bravo Defendants deny the allegations in Paragraph 231.

232.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 9" said to Plaintiffs' counsel, and on that basis deny the allegations related to Witness 9 in Paragraph 232.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 232.

233.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 5" said to Plaintiffs' counsel, and on that basis deny the allegations

related to Witness 5 in Paragraph 233. The Thoma Bravo Defendants admit that Paragraph 233 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 233.

234. The Thoma Bravo Defendants admit that Paragraph 234 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 234.

235. The Thoma Bravo Defendants admit that Paragraph 235 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 235.

236. The Thoma Bravo Defendants admit that Paragraph 236 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 236.

237. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 237 that "Witness 7" "disclosed" the information alleged in Paragraph 237, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 237.

238. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 238, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 238.

239. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 239, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 239.

240.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations concerning "Witness 7" in Paragraph 240, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 240.

241.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 241, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 241.

242.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 242, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 242.

243.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 243, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 243.

244.     The Thoma Bravo Defendants deny the allegations of Paragraph 244.

245.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 10" made the assertions alleged in Paragraph 245, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 245.

246.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 6" made the assertions alleged in Paragraph 246, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 246.

247.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph

247, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 247.

248. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 248, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 248.

249. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 249, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 249.

250. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 250, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 250.

251. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 251, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 251.

252. The Thoma Bravo Defendants admit that Paragraph 252 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 252.

253. The Thoma Bravo Defendants admit that Paragraph 253 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 253.

254. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 2" made the assertions alleged in Paragraph

254, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 254.

D.     **Defendants Collectively Monitor Compliance with the Scheme.**

255.     The Thoma Bravo Defendants deny the allegations in Paragraph 255.

256.     The Thoma Bravo Defendants admit that Paragraph 256 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 256.

257.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 257, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 257.

258.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 258, and on that basis deny them. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 258.

259.     The Thoma Bravo Defendants admit that Paragraph 259 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 259, and on that basis deny them. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 259.

260.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 260, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 260.

261.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph

261, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 261.

262. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 262, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 262.

263. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 2" made the assertions alleged in Paragraph 263, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 263.

264. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 2" made the assertions alleged in Paragraph 264, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 264.

265. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 2" made the assertions alleged in Paragraph 265, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 265.

266. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 5" made the assertions alleged in Paragraph 266, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 266.

267. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 5" made the assertions alleged in Paragraph 267, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 267.

268.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 268, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 268.

269.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 269, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 269.

270.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 270, and on that basis deny them.

271.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 271, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 271.

272.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 272, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 272.

273.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 273, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 273.

274.     The Thoma Bravo Defendants deny the allegations in Paragraph 274.

275.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 275, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 275.

276.     The Thoma Bravo Defendants admit that Paragraph 276 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 276.

277.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis deny the allegations related to Witness 7.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 277.

278.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis deny the allegations related to Witness 7.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 278.

279.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 2" said to Plaintiffs' counsel, and on that basis deny the allegations related to Witness 2.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 279.

280.     The Thoma Bravo Defendants deny the allegations in Paragraph 280.

281.     The Thoma Bravo Defendants deny the allegations in Paragraph 281.

282.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 4" said to Plaintiffs' counsel, and on that basis deny the allegations related to Witness 4.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 282.

283.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 12" said to Plaintiffs' counsel, and on that basis deny the allegations related to Witness 12.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 283.

284.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 7" and "Witness 12" may have said to Plaintiffs' counsel, and on that

basis deny the allegations relating to Witness 7 and Witness 12. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 284.

285. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 12" said to Plaintiffs' counsel, and on that basis deny the allegations related to Witness 12 in Paragraph 285. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to Defendants BH, RPM, and Essex's internal policies, and on that basis deny the allegations related to those Defendants in Paragraph 285. The Thoma Bravo Defendants admit that Paragraph 285 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 285.

286. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 12" said to Plaintiffs' counsel, and on that basis deny the allegations related to Witness 12. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 286.

**E.    Property Owners and Managers Who Adopted RealPage's Pricing Recommendations Did So With the Common Goal of Raising Rent Prices Which Caused Inflated Rental Prices and Reduced Occupancy Levels in Their Respective Metro Areas.**

287. The Thoma Bravo Defendants deny the allegations in Paragraph 287.

288. The Thoma Bravo Defendants admit that Paragraph 288 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 288.

289. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 289, and on that basis deny them.

290. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 6" and "Witness 7" said to Plaintiffs' counsel, and on that basis deny the allegations related to "Witness 6" and "Witness 7" in Paragraph 290. The Thoma Bravo Defendants admit that Paragraph 290 purports to characterize the Terms of Service for LRO, which

speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 290.

291. The Thoma Bravo Defendants admit that Paragraph 291 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 291.

292. The Thoma Bravo Defendants admit that Paragraph 292 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 292.

293. The Thoma Bravo Defendants deny the allegations in Paragraph 293.

294. The Thoma Bravo Defendants admit that Paragraph 294 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 294.

295. The Thoma Bravo Defendants admit that Paragraph 295 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 295.

296. The Thoma Bravo Defendants admit that Paragraph 296 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 296.

297. The Thoma Bravo Defendants admit that Paragraph 297 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 297.

298. The Thoma Bravo Defendants admit that Paragraph 298 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 298.

299. The Thoma Bravo Defendants admit that Paragraph 299 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 299.

300. The Thoma Bravo Defendants admit that Paragraph 300 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 300.

301. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis deny the allegations related to Witness 7. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 301.

302. The Thoma Bravo Defendants admit that Paragraph 302 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 302.

303. The Thoma Bravo Defendants admit that Paragraph 303 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 303.

304. The Thoma Bravo Defendants admit that Paragraph 304 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 304.

305. The Thoma Bravo Defendants admit that Paragraph 305 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 305.

306. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 2" made the assertions alleged in Paragraph 306, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 306.

307. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 307, and on that basis deny them. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 307.

308.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 7" made the assertions alleged in Paragraph 308, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 308.

309.     The Thoma Bravo Defendants admit that Paragraph 309 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 309.

310.     The Thoma Bravo Defendants admit that Paragraph 310 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 310.

311.     The Thoma Bravo Defendants deny the allegations in Paragraph 311.

312.     The Thoma Bravo Defendants deny the allegations in Paragraph 312.

**F.      Property Owners and Managers Conspired Through Trade Associations to Standardize Lease Terms Unfavorable to Plaintiffs and Members of the Class.**

313.     To the extent the allegations in Paragraph 313 are legal conclusions and characterizations, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 313.

314.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 314 of the Complaint related to certain Defendants' affiliation with the Texas Apartment Association, and on that basis deny the allegations.  The Thoma Bravo Defendants admit that Paragraph 314 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 314.

315.     The Thoma Bravo Defendants admit that Paragraph 315 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 315 regarding the Texas Apartment Association, and on that basis deny

the allegations. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 315.

316. The Thoma Bravo Defendants admit that Paragraph 316 purports to characterize materials cited therein, which speak for themselves. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 316 regarding the Texas Apartment Association, and on that basis deny the allegations. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 316.

317. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 317 regarding the Texas Apartment Association, and on that basis deny the allegations. The Thoma Bravo Defendants deny the remaining allegations of Paragraph 317.

318. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 318 regarding the Texas Apartment Association or its form lease, and on that basis deny the allegations. The Thoma Bravo Defendants deny the remaining allegations of Paragraph 318.

319. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 319 regarding the Texas Apartment Association or its form lease, and on that basis deny the allegations. The Thoma Bravo Defendants deny the remaining allegations of Paragraph 319.

320. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 320 regarding the Texas Apartment Association or the National Apartment Association, and on that basis deny the allegations. The Thoma Bravo Defendants deny the remaining allegations of Paragraph 320.

321. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 321 regarding the Texas Apartment Association or the National Apartment Association, and on that basis deny the allegations. The Thoma Bravo Defendants deny the remaining allegations of Paragraph 321.

322. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 322 regarding the Texas Apartment Association or the National Apartment Association, and on that basis deny the allegations. The Thoma Bravo Defendants deny the remaining allegations of Paragraph 322.

323. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 323 regarding the National Apartment Association or other unspecified "state associations," and on that basis deny the allegations. The Thoma Bravo Defendants deny the remaining allegations of Paragraph 323.

324. The Thoma Bravo Defendants deny the allegations of Paragraph 324.

325. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 325 regarding Plaintiff Weaver's two leases, and on that basis deny the allegations. The Thoma Bravo Defendants deny the remaining allegations of Paragraph 325.

326. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 326 regarding Plaintiff Weaver's lease, and on that basis deny the allegations. The Thoma Bravo Defendants deny the remaining allegations of Paragraph 326.

327. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 327 regarding Plaintiff Weaver's lease, and on that basis deny the allegations. The Thoma Bravo Defendants deny the remaining allegations of Paragraph 327.

328. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 328 regarding Plaintiff Weaver's lease, and on that basis deny the allegations. The Thoma Bravo Defendants deny the remaining allegations of Paragraph 328.

329. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 329 regarding Plaintiff Watters' lease, and on

that basis deny the allegations. The Thoma Bravo Defendants deny the remaining allegations of Paragraph 329.

330. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 330 regarding Plaintiff Watters' lease, and on that basis deny the allegations. The Thoma Bravo Defendants deny the remaining allegations of Paragraph 330.

331. The Thoma Bravo Defendants deny the allegations of Paragraph 331.

**G. Preliminary Economic Analysis Confirms the Impact of RealPage's Revenue Management on Multifamily Rental Markets Nationwide.**

332. To the extent the allegations in Paragraph 332 are legal conclusions and characterizations, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 332, and on that basis deny them.

**i. Defendants' Increased Revenues Resulted from Proportionally Higher, Artificially Inflated Rent Increases.**

333. The Thoma Bravo Defendants admit that Paragraph 333 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 333.

334. The Thoma Bravo Defendants admit that Paragraph 334 purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 334.

335. To the extent the allegations in Paragraph 335 are characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, the Thoma Bravo Defendants lack information or knowledge sufficient to form a belief regarding the accuracy of the data cited by Plaintiffs in Paragraph 335, and on that basis deny the related allegations. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 335.

336.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that "Witness 2" made the assertions alleged in Paragraph 336, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 336.

### ii. Owners, Owner-Operators, and Managing Defendants Engaged in Tacit Collusion to Artificially Increase Multifamily Rental Prices.

337.    To the extent the allegations in Paragraph 337 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants lack information or knowledge sufficient to form a belief regarding the "economic evidence" or data referenced by Plaintiffs in Paragraph 337, and on that basis deny the related allegations.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 337.

338.    To the extent the allegations in Paragraph 338 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants lack information or knowledge sufficient to form a belief regarding the figures or data referenced by Plaintiffs in Paragraph 338, and on that basis deny the related allegations.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 338.

339.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief regarding the allegation that certain Defendants "operate" in the "Nashville submarket," and on that basis deny the allegations in Paragraph 339.

340.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief regarding the allegation that certain Defendants "operate" in the "Atlanta submarket," and on that basis deny the allegations in Paragraph 340.

341.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief regarding the allegation that certain Defendants "operate" in the "Boston submarket," and on that basis deny the allegations in Paragraph 341.

342.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief regarding the allegation that certain Defendants "own and/or manage multifamily rental properties in the Dallas submarket," and on that basis deny the allegations in Paragraph 342.

343.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief regarding the allegation that certain Defendants "own and/or manage multifamily rental properties in the Denver submarket," and on that basis deny the allegations in Paragraph 343.

344.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief regarding the allegation that certain Defendants "own and/or manage multifamily rental properties in the District of Columbia submarket," and on that basis deny the allegations in Paragraph 344.

345.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief regarding the allegation that certain Defendants "own and/or manage multifamily rental properties in the Miami submarket," and on that basis deny the allegations in Paragraph 345.

346.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief regarding the allegation that certain Defendants "own and/or manage multifamily rental properties in the Portland submarket," and on that basis deny the allegations in Paragraph 346.

347.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief regarding the allegation that certain Defendants "own and/or manage multifamily rental properties in the New York submarket," and on that basis deny the allegations in Paragraph 347.

348.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief regarding the accuracy of the data in the figures referenced in Paragraph 348, or the characterizations thereof, and on that basis deny the allegations in Paragraph 348.

349.    To the extent the allegations in Paragraph 349 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent a response is required, the Thoma Bravo Defendants deny the allegations in Paragraph 349.

350.   To the extent the allegations in Paragraph 350 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent a response is required, the Thoma Bravo Defendants deny the allegations in Paragraph 350.

### iii. Supply and Demand Factors Do Not Explain Inflated Rental Prices.

351.   The allegations in Paragraph 351 purport to define certain terms related to statistical analysis, to which no response is required.

352.   To the extent the allegations in Paragraph 352 are characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 352.

353.   The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to how Plaintiffs created Figure 29, and on that basis deny the allegations in Paragraph 353.

354.   The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to how Plaintiffs created Figure 29, and on that basis deny the allegations in Paragraph 354.

### iv. Atlanta Submarket.

355.   The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 355 regarding what percentage of lessors "use revenue management software" in Atlanta, Georgia, and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 355.

356.   The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to how Plaintiffs created Figure 30, and on that basis deny the allegations in Paragraph 356.

357.   The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to how Plaintiffs created Figure 30, and on that basis deny the allegations in Paragraph 357.

358.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to how Plaintiffs created Figure 30, and on that basis deny the allegations in Paragraph 358.

359.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to how Plaintiffs created Figure 31, and on that basis deny the allegations in Paragraph 359.

360.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to how Plaintiffs created Figure 31, and on that basis deny the allegations in Paragraph 360.

### v. Orlando Submarket.

361.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 361 regarding what percentage of lessors "use revenue management software" in "the Orlando Submarket," and on that basis deny the allegation.  The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to how Plaintiffs created Figure 32, and on that basis deny the allegations in Paragraph 361 regarding Figure 32.  The Thoma Bravo Defendants deny any remaining allegations in Paragraph 361.

### vi. Phoenix Submarket.

362.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 362 regarding what percentage of lessors "use revenue management software" in "the Phoenix Submarket," and on that basis deny the allegation.  The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to how Plaintiffs created Figure 33, and on that basis deny the allegations in Paragraph 362 regarding Figure 33.  The Thoma Bravo Defendants deny any remaining allegations in Paragraph 362.

### vii. Fort Worth (Dallas Submarket).

363.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 363 regarding what percentage of lessors "use revenue

management software" in "the Dallas-Fort Worth Submarket," and on that basis deny the allegation. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to how Plaintiffs created Figure 34 or Figure 4, and on that basis deny the allegations in Paragraph 363 regarding Figure 34 or Figure 4. The Thoma Bravo Defendants deny any remaining allegations in Paragraph 363.

364. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to how Plaintiffs created Figure 34, and on that basis deny the allegations in Paragraph 364. The Thoma Bravo Defendants deny any remaining allegations in Paragraph 364.

365. The Thoma Bravo Defendants deny the allegations in Paragraph 365.

**H.**     **"Plus Factors" in the Multifamily Rental Housing Market Provide Additional Evidence of a Price Fixing Conspiracy.**

366. To the extent the allegations in Paragraph 366 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 366.

367. To the extent the allegations in Paragraph 367 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 367, including because the Court has held that "application of the per se standard is not appropriate based on the allegations in the Multifamily Complaint." Dkt 690 at 47.

**i.**     **The Multifamily Rental Market Is Highly Concentrated.**

368. The Thoma Bravo Defendants admit that Paragraph 368 purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 368.

**ii.**     **High Barriers to Entry.**

369. To the extent the allegations in Paragraph 369 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any

responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 369.

370.    To the extent the allegations in Paragraph 370 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 370.

371.    To the extent the allegations in Paragraph 371 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 371.

### iii.    High Switching Costs for Renters.

372.    To the extent the allegations in Paragraph 372 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 372.

373.    To the extent the allegations in Paragraph 373 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 373.

374.    To the extent the allegations in Paragraph 374 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 374.

### iv.    Inelasticity of Demand.

375.    To the extent the allegations in Paragraph 375 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any

responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 375.

376.    To the extent the allegations in Paragraph 376 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 376.

v.    **Multifamily Rental Housing Units Are a Fungible Product.**

377.    To the extent the allegations in Paragraph 377 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 377.

378.    To the extent the allegations in Paragraph 378 are legal conclusions and characterizations of plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants admit that Paragraph 378 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 378.

379.    The Thoma Bravo Defendants admit that Paragraph 379 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 379.

vi.    **Defendants Exchange Competitively Sensitive Information.**

380.    To the extent the allegations in Paragraph 380 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 380.

vii.    **Motive, Opportunities, and Invitations to Collude.**

381.    To the extent the allegations in Paragraph 381 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 381.

382.    To the extent the allegations in Paragraph 382 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 382.

383.    To the extent the allegations in Paragraph 383 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants admit that Paragraph 383 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 383.

384.    To the extent the allegations in Paragraph 384 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants admit that Paragraph 384 purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 384.

385.    To the extent the allegations in Paragraph 385 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 385.

386.    To the extent the allegations in Paragraph 386 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 386.

387.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 387 regarding other Defendants' membership in the TAA, and on that basis deny them.  The Thoma Bravo Defendants admit that Paragraph 387 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 387.

388.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 388 regarding other Defendants' membership in the NAA, and on that basis deny them.  The Thoma Bravo Defendants admit that Paragraph 388 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 388.

389.     To the extent the allegations in Paragraph 389 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 389.

390.     To the extent the allegations in Paragraph 390 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 390.

391.     To the extent the allegations in Paragraph 391 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 391.

## VI.   RELEVANT MARKET

392.     To the extent the allegations in Paragraph 392 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any

responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 392, including because the Court has held that "application of the per se standard is not appropriate based on the allegations in the Multifamily Complaint." Dkt 690 at 47.

393.    To the extent the allegations in Paragraph 393 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.    Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 393.

**A.    The Relevant Product Market Is Multifamily Residential Real Estate Leases.**

394.    To the extent the allegations in Paragraph 394 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.    Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 394.

395.    To the extent the allegations in Paragraph 395 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.    Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 395.

396.    To the extent the allegations in Paragraph 396 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.    Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 396.

397.    The Thoma Bravo Defendants admit that Paragraph 397 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.    Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 397.

398.    To the extent the allegations in Paragraph 398 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.    Insofar as any

responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 398.

399.    To the extent the allegations in Paragraph 399 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 399.

**B.    Defendants' Market Power in the Multifamily Residential Real Estate Market.**

400.    To the extent the allegations in Paragraph 400 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 400.

401.    To the extent the allegations in Paragraph 401 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 401.

402.    To the extent the allegations in Paragraph 402 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants admit that Paragraph 402 purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 402.

403.    To the extent the allegations in Paragraph 403 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 403.

404.    To the extent the allegations in Paragraph 404 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 404.

C.      **Regional Submarkets**

405.    The Thoma Bravo Defendants admit that RealPage has offices in various locations in the United States.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 405.

406.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 406 regarding other Defendants' operations, and on that basis deny the allegations.  To the extent the remaining allegations in Paragraph 406 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny those allegations.

407.    The Thoma Bravo Defendants admit that Paragraph 407 purports to characterize materials cited therein, which speak for themselves.

408.    To the extent the allegations in Paragraph 408 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 408.

409.    To the extent the allegations in Paragraph 409 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, the Thoma Bravo Defendants deny the allegations in Paragraph 409.

i.      **Nashville, Tennessee**

410.    The Thoma Bravo Defendants admit that Paragraph 410 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 410.

411.    The Thoma Bravo Defendants admit that Paragraph 411 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 411.

412.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 412 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 412.

413.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 413 regarding other Defendants' operations, and on that basis deny the allegations.

414.    The Thoma Bravo Defendants deny the allegations in Paragraph 414.

415.    The Thoma Bravo Defendants deny the allegations in Paragraph 415.

### ii.    Atlanta, Georgia

416.    The Thoma Bravo Defendants admit that Paragraph 416 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 416.

417.    The Thoma Bravo Defendants admit that Paragraph 417 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 417.

418.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 418 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 418.

419.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 419 regarding other Defendants' operations, and on that basis deny the allegations.

420.    The Thoma Bravo Defendants deny the allegations in Paragraph 420.

421.    The Thoma Bravo Defendants deny the allegations in Paragraph 421.

### iii.    Austin, Texas

422.    The Thoma Bravo Defendants admit that Paragraph 422 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 422.

423.    The Thoma Bravo Defendants admit that Paragraph 423 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 423.

424.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 424 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 424.

425.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 425 regarding other Defendants' operations, and on that basis deny the allegations.

426.    The Thoma Bravo Defendants deny the allegations in Paragraph 426.

427.    The Thoma Bravo Defendants deny the allegations in Paragraph 427.

### iv.    Baltimore, Maryland

428.    The Thoma Bravo Defendants admit that Paragraph 428 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 428.

429.    The Thoma Bravo Defendants admit that Paragraph 429 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 429.

430.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 430 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 430.

431.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 431 regarding other Defendants' operations, and on that basis deny the allegations.

432.    The Thoma Bravo Defendants deny the allegations in Paragraph 432.

433.    The Thoma Bravo Defendants deny the allegations in Paragraph 433.

434.    The Thoma Bravo Defendants deny the allegations in Paragraph 434.

**v.      Boston, Massachusetts**

435.    The Thoma Bravo Defendants admit that Paragraph 435 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 435.

436.    The Thoma Bravo Defendants admit that Paragraph 436 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 436.

437.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 437 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 437.

438.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 438 regarding other Defendants' operations, and on that basis deny the allegations.

439.    The Thoma Bravo Defendants deny the allegations in Paragraph 439.

440.    The Thoma Bravo Defendants deny the allegations in Paragraph 440.

441.    The Thoma Bravo Defendants deny the allegations in Paragraph 441.

### vi. Charlotte, North Carolina

442. The Thoma Bravo Defendants admit that Paragraph 442 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 442.

443. The Thoma Bravo Defendants admit that Paragraph 443 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 443.

444. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 444 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 444.

445. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 445 regarding other Defendants' operations, and on that basis deny the allegations.

446. The Thoma Bravo Defendants deny the allegations in Paragraph 446.

447. The Thoma Bravo Defendants deny the allegations in Paragraph 447.

### vii. Chicago, Illinois

448. The Thoma Bravo Defendants admit that Paragraph 448 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 448.

449. The Thoma Bravo Defendants admit that Paragraph 449 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 449.

450. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 450 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 450.

54

451.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 451 regarding other Defendants' operations, and on that basis deny the allegations.

452.    The Thoma Bravo Defendants deny the allegations in Paragraph 452.

453.    The Thoma Bravo Defendants deny the allegations in Paragraph 453.

### viii.    Dallas, Texas

454.    The Thoma Bravo Defendants admit that Paragraph 454 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 454.

455.    The Thoma Bravo Defendants admit that Paragraph 455 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 455.

456.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 456 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 456.

457.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 457 regarding other Defendants' operations, and on that basis deny the allegations.

458.    The Thoma Bravo Defendants deny the allegations in Paragraph 458.

459.    The Thoma Bravo Defendants deny the allegations in Paragraph 459.

### ix.    Denver, Colorado

460.    The Thoma Bravo Defendants admit that Paragraph 460 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 460.

461.    The Thoma Bravo Defendants admit that Paragraph 461 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 461.

462.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 462 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 462.

463.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 463 regarding other Defendants' operations, and on that basis deny the allegations.

464.    The Thoma Bravo Defendants deny the allegations in Paragraph 464.

465.    The Thoma Bravo Defendants deny the allegations in Paragraph 465.

466.    The Thoma Bravo Defendants deny the allegations in Paragraph 466.

**x.    Detroit, Michigan**

467.    The Thoma Bravo Defendants admit that Paragraph 467 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 467.

468.    The Thoma Bravo Defendants admit that Paragraph 468 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 468.

469.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 469 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 469.

470.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 470 regarding other Defendants' operations, and on that basis deny the allegations.

471.    The Thoma Bravo Defendants deny the allegations in Paragraph 471.

472.    The Thoma Bravo Defendants deny the allegations in Paragraph 472.

**xi.      Houston, Texas**

473.    The Thoma Bravo Defendants admit that Paragraph 473 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 473.

474.    The Thoma Bravo Defendants admit that Paragraph 474 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 474.

475.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 475 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 475.

476.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 476 regarding other Defendants' operations, and on that basis deny the allegations.

477.    The Thoma Bravo Defendants deny the allegations in Paragraph 477.

478.    The Thoma Bravo Defendants deny the allegations in Paragraph 478.

**xii.     Jacksonville, Florida**

479.    The Thoma Bravo Defendants admit that Paragraph 479 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 479.

480.     The Thoma Bravo Defendants admit that Paragraph 480 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 480.

481.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 481 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 481.

482.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 482 regarding other Defendants' operations, and on that basis deny the allegations.

483.     The Thoma Bravo Defendants deny the allegations in Paragraph 483.

484.     The Thoma Bravo Defendants deny the allegations in Paragraph 484.

**xiii.     Las Vegas, Nevada**

485.     The Thoma Bravo Defendants admit that Paragraph 485 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 485.

486.     The Thoma Bravo Defendants admit that Paragraph 486 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 486.

487.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 487 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 487.

488.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 488 regarding other Defendants' operations, and on that basis deny the allegations.

489.    The Thoma Bravo Defendants deny the allegations in Paragraph 489.

490.    The Thoma Bravo Defendants deny the allegations in Paragraph 490.

xiv.    **Los Angeles, California**

491.    The Thoma Bravo Defendants admit that Paragraph 491 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 491.

492.    The Thoma Bravo Defendants admit that Paragraph 492 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 492.

493.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 493 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 493.

494.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 494 regarding other Defendants' operations, and on that basis deny the allegations.

495.    The Thoma Bravo Defendants deny the allegations in Paragraph 495.

496.    The Thoma Bravo Defendants deny the allegations in Paragraph 496.

497.    The Thoma Bravo Defendants deny the allegations in Paragraph 497.

xv.    **Memphis, Tennessee**

498.    The Thoma Bravo Defendants admit that Paragraph 498 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 498.

499.    The Thoma Bravo Defendants admit that Paragraph 499 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 499.

500.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 500 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 500.

501.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 501 regarding other Defendants' operations, and on that basis deny the allegations.

502.     The Thoma Bravo Defendants deny the allegations in Paragraph 502.

503.     The Thoma Bravo Defendants deny the allegations in Paragraph 503.

**xvi.     Miami, Florida**

504.     The Thoma Bravo Defendants admit that Paragraph 504 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 504.

505.     The Thoma Bravo Defendants admit that Paragraph 505 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 505.

506.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 506 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 506.

507.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 507 regarding other Defendants' operations, and on that basis deny the allegations.

508.     The Thoma Bravo Defendants deny the allegations in Paragraph 508.

509.     The Thoma Bravo Defendants deny the allegations in Paragraph 509.

**xvii. Milwaukee, Wisconsin**

510. The Thoma Bravo Defendants admit that Paragraph 510 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 510.

511. The Thoma Bravo Defendants admit that Paragraph 511 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 511.

512. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 512 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 512.

513. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 513 regarding other Defendants' operations, and on that basis deny the allegations.

514. The Thoma Bravo Defendants deny the allegations in Paragraph 514.

515. The Thoma Bravo Defendants deny the allegations in Paragraph 515.

**xviii. Minneapolis, Minnesota**

516. The Thoma Bravo Defendants admit that Paragraph 516 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 516.

517. The Thoma Bravo Defendants admit that Paragraph 517 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 517.

518. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 518 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 518.

519. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 519 regarding other Defendants' operations, and on that basis deny the allegations.

520. The Thoma Bravo Defendants deny the allegations in Paragraph 520.

521. The Thoma Bravo Defendants deny the allegations in Paragraph 521.

### xix. New York, New York

522. The Thoma Bravo Defendants admit that Paragraph 522 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 522.

523. The Thoma Bravo Defendants admit that Paragraph 523 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 523.

524. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 524 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 524.

525. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 525 regarding other Defendants' operations, and on that basis deny the allegations.

526. The Thoma Bravo Defendants deny the allegations in Paragraph 526.

527. The Thoma Bravo Defendants deny the allegations in Paragraph 527.

528. The Thoma Bravo Defendants deny the allegations in Paragraph 528.

### xx. Orlando, Florida

529. The Thoma Bravo Defendants admit that Paragraph 529 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 529.

530.    The Thoma Bravo Defendants admit that Paragraph 530 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 530.

531.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 531 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 531.

532.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 532 regarding other Defendants' operations, and on that basis deny the allegations.

533.    The Thoma Bravo Defendants deny the allegations in Paragraph 533.

534.    The Thoma Bravo Defendants deny the allegations in Paragraph 534.

**xxi.     Philadelphia, Pennsylvania**

535.    The Thoma Bravo Defendants admit that Paragraph 535 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 535.

536.    The Thoma Bravo Defendants admit that Paragraph 536 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 536.

537.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 537 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 537.

538.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 538 regarding other Defendants' operations, and on that basis deny the allegations.

539.     The Thoma Bravo Defendants deny the allegations in Paragraph 539.

xxii.     **Phoenix, Arizona**

540.     The Thoma Bravo Defendants admit that Paragraph 540 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 540.

541.     The Thoma Bravo Defendants admit that Paragraph 541 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 541.

542.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 542 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 542.

543.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 543 regarding other Defendants' operations, and on that basis deny the allegations.

544.     The Thoma Bravo Defendants deny the allegations in Paragraph 544.

545.     The Thoma Bravo Defendants deny the allegations in Paragraph 545.

546.     The Thoma Bravo Defendants deny the allegations in Paragraph 546.

xxiii.     **Pittsburgh, Pennsylvania**

547.     The Thoma Bravo Defendants admit that Paragraph 547 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 547.

548.     The Thoma Bravo Defendants admit that Paragraph 548 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 548.

549.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 549 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 549.

550.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 550 regarding other Defendants' operations, and on that basis deny the allegations.

551.    The Thoma Bravo Defendants deny the allegations in Paragraph 551.

552.    The Thoma Bravo Defendants deny the allegations in Paragraph 552.

**xxiv.    Portland, Oregon**

553.    The Thoma Bravo Defendants admit that Paragraph 553 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 553.

554.    The Thoma Bravo Defendants admit that Paragraph 554 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 554.

555.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 555 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 555.

556.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 556 regarding other Defendants' operations, and on that basis deny the allegations.

557.    The Thoma Bravo Defendants deny the allegations in Paragraph 557.

558.    The Thoma Bravo Defendants deny the allegations in Paragraph 558.

559.    The Thoma Bravo Defendants deny the allegations in Paragraph 559.

### xxv.    San Diego, California

560.    The Thoma Bravo Defendants admit that Paragraph 560 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 560.

561.    The Thoma Bravo Defendants admit that Paragraph 561 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 561.

562.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 562 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 562.

563.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 563 regarding other Defendants' operations, and on that basis deny the allegations.

564.    The Thoma Bravo Defendants deny the allegations in Paragraph 564.

565.    The Thoma Bravo Defendants deny the allegations in Paragraph 565.

566.    The Thoma Bravo Defendants deny the allegations in Paragraph 566.

### xxvi.    San Francisco, California

567.    The Thoma Bravo Defendants admit that Paragraph 567 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 567.

568.    The Thoma Bravo Defendants admit that Paragraph 568 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 568.

569.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 569 regarding what percentage of lessors "use revenue

management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 569.

570.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 570 regarding other Defendants' operations, and on that basis deny the allegations.

571.    The Thoma Bravo Defendants deny the allegations in Paragraph 571.

572.    The Thoma Bravo Defendants deny the allegations in Paragraph 572.

573.    The Thoma Bravo Defendants deny the allegations in Paragraph 573.

### xxvii.    San Jose, California

574.    The Thoma Bravo Defendants admit that Paragraph 574 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 574.

575.    The Thoma Bravo Defendants admit that Paragraph 575 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 575.

576.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 576 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 576.

577.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 577 regarding other Defendants' operations, and on that basis deny the allegations.

578.    The Thoma Bravo Defendants deny the allegations in Paragraph 578.

579.    The Thoma Bravo Defendants deny the allegations in Paragraph 579.

580.    The Thoma Bravo Defendants deny the allegations in Paragraph 580.

xxviii.     **Seattle, Washington**

581.     The Thoma Bravo Defendants admit that Paragraph 581 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 581.

582.     The Thoma Bravo Defendants admit that Paragraph 582 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 582.

583.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 583 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 583.

584.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 584 regarding other Defendants' operations, and on that basis deny the allegations.

585.     The Thoma Bravo Defendants deny the allegations in Paragraph 585.

586.     The Thoma Bravo Defendants deny the allegations in Paragraph 586.

587.     The Thoma Bravo Defendants deny the allegations in Paragraph 587.

xxix.     **St. Louis, Missouri**

588.     The Thoma Bravo Defendants admit that Paragraph 588 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 588.

589.     The Thoma Bravo Defendants admit that Paragraph 589 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 589.

590.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 590 regarding what percentage of lessors "use revenue

management software," and on that basis deny the allegation. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 590.

591.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 591 regarding other Defendants' operations, and on that basis deny the allegations.

592.    The Thoma Bravo Defendants deny the allegations in Paragraph 592.

593.    The Thoma Bravo Defendants deny the allegations in Paragraph 593.

**xxx.    Tampa, Florida**

594.    The Thoma Bravo Defendants admit that Paragraph 594 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 594.

595.    The Thoma Bravo Defendants admit that Paragraph 595 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 595.

596.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 596 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 596.

597.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 597 regarding other Defendants' operations, and on that basis deny the allegations.

598.    The Thoma Bravo Defendants deny the allegations in Paragraph 598.

599.    The Thoma Bravo Defendants deny the allegations in Paragraph 599.

### xxxi.      Tucson, Arizona

600.     The Thoma Bravo Defendants admit that Paragraph 600 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 600.

601.     The Thoma Bravo Defendants admit that Paragraph 601 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 601.

602.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 602 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 602.

603.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 603 regarding other Defendants' operations, and on that basis deny the allegations.

604.     The Thoma Bravo Defendants deny the allegations in Paragraph 604.

605.     The Thoma Bravo Defendants deny the allegations in Paragraph 605.

### xxxii.      Washington, District of Columbia

606.     The Thoma Bravo Defendants admit that Paragraph 606 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 606.

607.     The Thoma Bravo Defendants admit that Paragraph 607 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 607.

608.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 608 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation. The Thoma Bravo Defendants deny the remaining allegations in Paragraph 608.

609.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 609 regarding other Defendants' operations, and on that basis deny the allegations.

610.    The Thoma Bravo Defendants deny the allegations in Paragraph 610.

611.    The Thoma Bravo Defendants deny the allegations in Paragraph 611.

612.    The Thoma Bravo Defendants deny the allegations in Paragraph 612.

**xxxiii.    Wilmington, North Carolina**

613.    The Thoma Bravo Defendants admit that Paragraph 613 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 613.

614.    The Thoma Bravo Defendants admit that Paragraph 614 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 614.

615.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegation in Paragraph 615 regarding what percentage of lessors "use revenue management software," and on that basis deny the allegation.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 615.

616.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 616 regarding other Defendants' operations, and on that basis deny the allegations.

617.    The Thoma Bravo Defendants deny the allegations in Paragraph 617.

618.    The Thoma Bravo Defendants deny the allegations in Paragraph 618.

619.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 619 regarding Plaintiffs' attempt to purchase RMS data, and on that basis deny them.  The Thoma Bravo Defendants deny the remaining allegations in Paragraph 619.

xxxiv.    **Birmingham-Hoover, AL MSA**

620.    The Thoma Bravo Defendants admit that Paragraph 620 purports to cite the Census Bureau's MSA definition, which speaks for itself. The Thoma Bravo Defendants admit that Paragraph 620 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 620.

621.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 621, and on that basis deny them.

622.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 622 regarding other Defendants' operations, and on that basis deny the allegations.

623.    The Thoma Bravo Defendants deny the allegations in Paragraph 623.

624.    The Thoma Bravo Defendants deny the allegations in Paragraph 624.

xxxv.    **Buffalo, New York**

625.    The Thoma Bravo Defendants admit that Paragraph 625 purports to cite the Census Bureau's MSA definition, which speaks for itself. The Thoma Bravo Defendants admit that Paragraph 625 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 625.

626.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 626, and on that basis deny them.

627.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 627 regarding other Defendants' operations, and on that basis deny the allegations.

628.    The Thoma Bravo Defendants deny the allegations in Paragraph 628.

629.    The Thoma Bravo Defendants deny the allegations in Paragraph 629.

### xxxvi. Cincinnati, Ohio

630. The Thoma Bravo Defendants admit that Paragraph 630 purports to cite the Census Bureau's MSA definition, which speaks for itself. The Thoma Bravo Defendants admit that Paragraph 630 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 630.

631. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 631, and on that basis deny them.

632. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 632 regarding other Defendants' operations, and on that basis deny the allegations.

633. The Thoma Bravo Defendants deny the allegations in Paragraph 633.

634. The Thoma Bravo Defendants deny the allegations in Paragraph 634.

### xxxvii. Cleveland, Ohio

635. The Thoma Bravo Defendants admit that Paragraph 635 purports to cite the Census Bureau's MSA definition, which speaks for itself. The Thoma Bravo Defendants admit that Paragraph 635 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 635.

636. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 636, and on that basis deny them.

637. The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 637 regarding other Defendants' operations, and on that basis deny the allegations in Paragraph 637.

638. The Thoma Bravo Defendants deny the allegations in Paragraph 638.

639. The Thoma Bravo Defendants deny the allegations in Paragraph 639.

xxxviii.     **Columbus, Ohio**

640.     The Thoma Bravo Defendants admit that Paragraph 640 purports to cite the Census Bureau's MSA definition, which speaks for itself. The Thoma Bravo Defendants admit that Paragraph 640 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 640.

641.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 641, and on that basis deny them.

642.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 642 regarding other Defendants' operations, and on that basis deny the allegations in Paragraph 642.

643.     The Thoma Bravo Defendants deny the allegations in Paragraph 643.

644.     The Thoma Bravo Defendants deny the allegations in Paragraph 644.

xxxix.     **Hartford, Connecticut**

645.     The Thoma Bravo Defendants admit that Paragraph 645 purports to cite the Census Bureau's MSA definition, which speaks for itself. The Thoma Bravo Defendants admit that Paragraph 645 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 645.

646.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 646, and on that basis deny the allegations in Paragraph 646.

647.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 647 regarding other Defendants' operations, and on that basis deny the allegations in Paragraph 647.

648.     The Thoma Bravo Defendants deny the allegations in Paragraph 648.

649.     The Thoma Bravo Defendants deny the allegations in Paragraph 649.

**Riverside, California**

650.    The Thoma Bravo Defendants admit that Paragraph 650 purports to cite the Census Bureau's MSA definition, which speaks for itself.  The Thoma Bravo Defendants admit that Paragraph 650 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 650.

651.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 651, and on that basis deny the allegations in Paragraph 651.

652.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 652 regarding other Defendants' operations, and on that basis deny the allegations in Paragraph 652.

653.    The Thoma Bravo Defendants deny the allegations in Paragraph 653.

654.    The Thoma Bravo Defendants deny the allegations in Paragraph 654.

**xli.**    **Sacramento, California**

655.    The Thoma Bravo Defendants admit that Paragraph 655 purports to cite the Census Bureau's MSA definition, which speaks for itself.  The Thoma Bravo Defendants admit that Paragraph 655 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 655.

656.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 656, and on that basis deny the allegations in Paragraph 656.

657.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 657 regarding other Defendants' operations, and on that basis deny the allegations in Paragraph 657.

658.    The Thoma Bravo Defendants deny the allegations in Paragraph 658.

659.    The Thoma Bravo Defendants deny the allegations in Paragraph 659.

xlii.    **Salt Lake City, Utah**

660.    The Thoma Bravo Defendants admit that Paragraph 660 purports to cite the Census Bureau's MSA definition, which speaks for itself.  The Thoma Bravo Defendants admit that Paragraph 660 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 660.

661.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 661, and on that basis deny the allegations in Paragraph 661.

662.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 662 regarding other Defendants' operations, and on that basis deny the allegations in Paragraph 662.

663.    The Thoma Bravo Defendants deny the allegations in Paragraph 663.

664.    The Thoma Bravo Defendants deny the allegations in Paragraph 664.

xliii.    **San Antonio, Texas**

665.    The Thoma Bravo Defendants admit that Paragraph 665 purports to cite the Census Bureau's MSA definition, which speaks for itself.  The Thoma Bravo Defendants admit that Paragraph 665 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 665.

666.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 666, and on that basis deny the allegations in Paragraph 666.

667.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 667 regarding other Defendants' operations, and on that basis deny the allegations in Paragraph 667.

668.     The Thoma Bravo Defendants deny the allegations in Paragraph 668.

669.     The Thoma Bravo Defendants deny the allegations in Paragraph 669.

xliv.     **San Juan, Puerto Rico**

670.     The Thoma Bravo Defendants admit that Paragraph 670 purports to cite the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 670.

671.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 671, and on that basis deny the allegations in Paragraph 671.

672.     The Thoma Bravo Defendants deny the allegations in Paragraph 672.

xlv.     **Virginia Beach, Virginia**

673.     The Thoma Bravo Defendants admit that Paragraph 673 purports to cite the Census Bureau's MSA definition, which speaks for itself.  The Thoma Bravo Defendants admit that Paragraph 673 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, the Thoma Bravo Defendants deny the allegations of Paragraph 673.

674.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 674, and on that basis deny the allegations in Paragraph 674.

675.     The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 675 regarding other Defendants' operations, and on that basis deny the allegations in Paragraph 675.

676.     The Thoma Bravo Defendants deny the allegations in Paragraph 676.

677. The Thoma Bravo Defendants deny the allegations in Paragraph 677.

678. To the extent the allegations in Paragraph 678 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 678.

679. To the extent the allegations in Paragraph 679 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 679.

680. To the extent the allegations in Paragraph 680 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 680.

## VII. CLASS ACTION ALLEGATIONS

681. To the extent the allegations in Paragraph 681 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants admit that Plaintiffs purport to bring this action under Federal Rules of Civil Procedure 23(a) and 23(b)(3), seeking damages and equitable and injunctive relief on behalf of themselves and a putative class as defined in Paragraph 43 of the Complaint. Except as expressly admitted, the Thoma Bravo Defendants deny the allegations in Paragraph 681.

682. To the extent the allegations in Paragraph 682 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 682, and on that basis deny them.

683. To the extent the allegations in Paragraph 683 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 683.

684. To the extent the allegations in Paragraph 684 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 684.

685.    To the extent the allegations in Paragraph 685 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 685.

686.    To the extent the allegations in Paragraph 686 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 686.

687.    The Thoma Bravo Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 687, and on that basis deny them.

688.    To the extent the allegations in Paragraph 688 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 688.

689.    To the extent the allegations in Paragraph 689 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 689.

690.    To the extent the allegations in Paragraph 690 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 690.

## VIII.  ANTITRUST INJURY

691.    To the extent the allegations in Paragraph 691 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 691.

692.    To the extent the allegations in Paragraph 692 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 692.

693.    To the extent the allegations in Paragraph 693 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 693.

## IX. CONTINUING VIOLATION

694. To the extent the allegations in Paragraph 694 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 694.

695. To the extent the allegations in Paragraph 695 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 695.

696. To the extent the allegations in Paragraph 696 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 696.

697. To the extent the allegations in Paragraph 697 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 697.

698. To the extent the allegations in Paragraph 698 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 698.

699. To the extent the allegations in Paragraph 699 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 699.

700. To the extent the allegations in Paragraph 700 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 700.

**X.     CLAIMS FOR RELIEF**

**<u>COUNT I</u>**

**Price Fixing in Violation of
Section 1 of the Sherman Act (15 U.S.C. § 1)**

701.     The Thoma Bravo Defendants reassert and hereby incorporate by reference their responses to each Paragraph of Plaintiffs' Complaint, as though fully set forth herein.

702.     To the extent the allegations in Paragraph 702 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 702.

703.     To the extent the allegations in Paragraph 703 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 703.

704.     To the extent the allegations in Paragraph 704 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 704.

705.     To the extent the allegations in Paragraph 705 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 705.

706.     To the extent the allegations in Paragraph 706 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 706, including because the Court has held that "application of the per se standard is not appropriate based on the allegations in the Multifamily Complaint." Dkt 690 at 47.

707.     To the extent the allegations in Paragraph 707 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 707.

# COUNT II
## Violation of State Antitrust Statutes
### (On behalf of Plaintiffs and the Class)

708.    The Thoma Bravo Defendants reassert and hereby incorporate by reference their responses to each Paragraph of Plaintiffs' Complaint, as though fully set forth herein.

709.    To the extent the allegations in Paragraph 709 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 709.

710.    To the extent the allegations in Paragraph 710 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 710.

711.    To the extent the allegations in Paragraph 711 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 711.

712.    To the extent the allegations in Paragraph 712 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 712.

713.    To the extent the allegations in Paragraph 713 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 713.

714.    To the extent the allegations in Paragraph 714 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 714.

715.    To the extent the allegations in Paragraph 715 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 715.

716. To the extent the allegations in Paragraph 716 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 716.

717. To the extent the allegations in Paragraph 717 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 717.

718. To the extent the allegations in Paragraph 718 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 718.

719. To the extent the allegations in Paragraph 719 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 719.

720. To the extent the allegations in Paragraph 720 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 720.

721. To the extent the allegations in Paragraph 721 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 721.

722. To the extent the allegations in Paragraph 722 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 722.

723. To the extent the allegations in Paragraph 723 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 723.

724. To the extent the allegations in Paragraph 724 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required. To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 724.

725.    To the extent the allegations in Paragraph 725 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 725.

726.    To the extent the allegations in Paragraph 726 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 726.

727.    To the extent the allegations in Paragraph 727 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 727.

728.    To the extent the allegations in Paragraph 728 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 728.

729.    To the extent the allegations in Paragraph 729 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 729.

730.    To the extent the allegations in Paragraph 730 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 730.

731.    To the extent the allegations in Paragraph 731 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 731.

732.    To the extent the allegations in Paragraph 732 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 732.

733.    To the extent the allegations in Paragraph 733 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 733.

734.    To the extent the allegations in Paragraph 734 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 734.

735.    To the extent the allegations in Paragraph 735 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 735.

736.    To the extent the allegations in Paragraph 736 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 736.

737.    To the extent the allegations in Paragraph 737 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 737.

738.    To the extent the allegations in Paragraph 738 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 738.

739.    To the extent the allegations in Paragraph 739 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 739.

740.    To the extent the allegations in Paragraph 740 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 740.

741.    To the extent the allegations in Paragraph 741 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 741.

742.    To the extent the allegations in Paragraph 742 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 742.

743.    To the extent the allegations in Paragraph 743 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 743.

744.    To the extent the allegations in Paragraph 744 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 744.

745.    To the extent the allegations in Paragraph 745 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 745.

746.    To the extent the allegations in Paragraph 746 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 746.

747.    To the extent the allegations in Paragraph 747 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 747.

748.    To the extent the allegations in Paragraph 748 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 748.

749.    To the extent the allegations in Paragraph 749 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 749.

750.    To the extent the allegations in Paragraph 750 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 750.

751.    To the extent the allegations in Paragraph 751 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 751.

752.     To the extent the allegations in Paragraph 752 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 752.

753.     To the extent the allegations in Paragraph 753 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 753.

754.     To the extent the allegations in Paragraph 754 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 754.

755.     To the extent the allegations in Paragraph 755 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 755.

756.     To the extent the allegations in Paragraph 756 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 756.

757.     To the extent the allegations in Paragraph 757 are legal conclusions and characterizations of Plaintiffs' claims, no responsive pleading is required.  To the extent an answer is required, the Thoma Bravo Defendants deny the allegations in Paragraph 757.

## XI. PRAYER FOR RELIEF

The Thoma Bravo Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraphs A through E of the Prayer for Relief contained in the Complaint or to any relief whatsoever.

All allegations of the Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

## JURY TRIAL DEMANDED

The Thoma Bravo Defendants admit that Plaintiffs purport to demand a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.  The Thoma Bravo Defendants

state that certain named Plaintiffs and unnamed class members have signed valid and enforceable jury waivers, which the Thoma Bravo Defendants intend to enforce.

## I.  THE THOMA BRAVO DEFENDANTS' AFFIRMATIVE DEFENSES

Without assuming any burden that they would not otherwise bear, the Thoma Bravo Defendants assert the following avoidances and defenses to Plaintiffs' claims.

Federal Rule of Civil Procedure 8 sets forth the avoidances and defenses that must be affirmatively stated in a pleading. *See* Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: [estoppel; laches; release; statute of limitations; waiver; and other enumerated affirmative defenses.]").

To the extent necessary, the Thoma Bravo Defendants allege Plaintiffs' claims are barred because Plaintiffs do not allege any actions undertaken by the Thoma Bravo Defendants in furtherance of the alleged conspiracy. Furthermore, the Thoma Bravo Defendants allege that Plaintiffs' claims are barred because the acts Plaintiffs allege RealPage undertook in furtherance of the alleged conspiracy were in RealPage's unilateral business interest. The Thoma Bravo Defendants reserve the right to assert additional avoidances and defenses as they become known during discovery and based on the record as it develops, up to and including the time of trial.

## FIRST DEFENSE

### (Statute of Limitations)

1. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

2. To the extent Plaintiffs seek to bring claims outside the applicable statute of limitations, Plaintiffs' Complaint is time-barred.

3. To the extent that Plaintiffs' Complaint relies on information made public more than four years ago, Plaintiffs' Complaint is time-barred.

## SECOND DEFENSE

### (Failure To Mitigate)

4.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exercise reasonable care to mitigate any damages they may have suffered.

5.      To the extent Plaintiffs believed Defendants agreed to use RealPage Revenue Management software and that such agreement had the effect of raising rental prices above competitive levels, Plaintiffs had an obligation to mitigate their damages by seeking other sources of supply, including from other property managers or owners.  Plaintiffs' failure to exercise reasonable care to mitigate damages was the complete or partial cause of any damages Plaintiffs may have suffered.

## THIRD DEFENSE

### (Lack of Proximate Cause & Intervening/Superseding Conduct)

10.      Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and damages either were not legally or proximately caused by any acts or omissions of the Thoma Bravo Defendants or were caused, if at all, solely and proximately by the conduct of parties other than the Thoma Bravo Defendants.

## FOURTH DEFENSE

### (Waiver)

11.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

12.      Plaintiffs' continued rental leases at what they now allege are prices above the competitive level manifest an intention to waive any right to bring this suit and are inconsistent with any other intention.

13.      Plaintiffs, by their actions, accepted the benefits of an ongoing relationship with Defendants and relinquished their rights to bring suit.

## FIFTH DEFENSE

### (Laches)

14.      Plaintiffs' claims are barred by the equitable doctrine of laches.

15. Plaintiffs demonstrated an unreasonable lack of diligence in bringing their claims.

16. Plaintiffs' unreasonable lack of diligence in bringing their claims now bars them.

## SIXTH DEFENSE

### (Consent)

17. Plaintiffs' claims are barred, in whole or in part, due to their ratification of, and consent to, the conduct of RealPage or other Defendants.

18. Plaintiffs' Complaint demonstrates its long-standing ratification of and consent to the complained-of conduct.

19. Accordingly, because Plaintiffs have been aware for years of the very same conduct they now challenge—and because some of that conduct provided Plaintiffs a direct benefit—Plaintiffs' claims are barred by the doctrine of ratification.

## SEVENTH DEFENSE

### (*Noerr-Pennington* & Free Speech)

20. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seeks to impose liability on the Thoma Bravo Defendants based on the exercise of any person or entity's right to petition federal, state, and local governmental bodies, including through public statements, because such conduct was immune under the *Noerr-Pennington* doctrine and privileged under the First Amendment to the U.S. Constitution.

## EIGHTH DEFENSE

### (Arbitration Agreements, Class Action Waivers, or Other Contractual Terms)

21. Plaintiffs' claims are barred, in whole or in part, to the extent the rental lease agreements pursuant to which Plaintiffs rented their apartments or other agreements a Plaintiff entered into with a Defendant contain arbitration clauses, clauses providing a different forum for the resolution of their claims, or provisions waiving a Plaintiffs' ability to bring a representative or class action claim.

## NINTH DEFENSE

### (Right to Set Off Amounts Paid)

22.     Without admitting the existence of any contract, combination, or conspiracy in restraint of trade, and expressly denying same, Plaintiffs' claims are barred, in whole or in part, by non-settling Defendants' right to set off any amounts paid to Plaintiffs by any Defendants who have settled, or do settle, Plaintiffs' claims against them in this action.

## TENTH DEFENSE

### (Improper Damages)

23.     Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution and of the Eighth Amendment of the United States Constitution.

## ELEVENTH DEFENSE

### (Acquiescence)

24.     Plaintiffs' claims are barred, in whole or in part, by the Plaintiffs' knowing acquiescence to the restraints of trade alleged in the Complaint.

## TWELFTH DEFENSE

### (Lack of Standing)

25.     Plaintiffs' claims are barred, in whole or in part, insofar as Plaintiffs lack standing to assert any or all of the claims alleged in the Complaint.

## THIRTEENTH DEFENSE

### (Lack of Standing for State Law Claims)

26.     Some or all of Plaintiffs' state-law claims cannot be brought against the Thoma Bravo Defendants for a lack of standing.  For instance, the laws of the states cited in Count II of the Complaint are not intended to, and do not, apply to conduct occurring outside of those states, and Plaintiffs' Complaint does not include any Plaintiff from the States of Alaska, Arizona, District of Columbia, Hawaii, Idaho, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Michigan,

Minnesota, Mississippi, Missouri, Montana, Nebraska, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Utah, Vermont, Virginia, West Virginia, Wisconsin, and Wyoming.

27.     Many of the state laws allegedly giving rise to Plaintiffs' claims do not apply because the alleged conduct did not occur within or substantially affect the citizens or commerce of the respective states, or because the Thoma Bravo Defendants had no specific intent to impact the commerce of those states.  As a result, the application of those state laws to the Thoma Bravo Defendants' conduct would violate the Due Process Clauses and Commerce Clause of the U.S. Constitution, the principle of federalism, and the constitutions and laws of the respective states at issue.

28.     To the extent that the Complaint seeks to assert claims or obtain relief on behalf of multifamily renters located outside of the jurisdictions governed by those laws, those claims are barred due to Plaintiffs' lack of standing and any effort to enforce those laws as to residents of other states would violate the Due Process Clause and the Commerce Clause of the U.S. Constitution and various state laws and constitutions.

## FOURTEENTH DEFENSE

### (No Private Right of Action)

29.     Some of Plaintiffs' state-law claims are barred, in whole or in part, to the extent Plaintiffs seek damages under state laws that do not permit recovery of damages by private plaintiffs.

## FIFTEENTH DEFENSE

### (Failure to Comply with State Law Notice)

30.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to comply with the notice requirements under various state laws.

## SIXTEENTH DEFENSE

### (Justified & Pro-Competitive Conduct)

31. Some or all of Plaintiffs' claims are barred because all of the Thoma Bravo Defendants' conduct challenged by Plaintiffs was lawful, fair, non-deceptive, expressly authorized by law, justified, and pro-competitive; it constituted a bona fide business practice consistent with industry practices and was carried out in furtherance of legitimate business interests; and it was an essential part of the Thoma Bravo Defendants' lawful business operations.

## SEVENTEENTH DEFENSE

### (State Law Class Action Limitations)

32. Some or all of the respective state-law claims at issue cannot be, and were not intended to be, applied in the class-action context.

## EIGHTEENTH DEFENSE

### (No Conspiracy with RealPage)

33. The Complaint and the relief sought therein are barred because the Thoma Bravo Defendants and their officers, directors, members, or employees are legally incapable of conspiring with RealPage and its officers, directors, or employees.

## NINETEENTH DEFENSE

### (Incorporating Other Defendants' Defenses)

34. The Thoma Bravo Defendants adopt and incorporate by reference any and all other defenses asserted by any other Defendant to the extent that the defense would apply to the Thoma Bravo Defendants.

## TWENTIETH DEFENSE

### (Right to Assert Oher Defenses)

35. The Thoma Bravo Defendants reserve the right to assert other defenses as this action proceeds up to and including the time of trial.

Dated:  February 5, 2024                          Respectfully submitted,


By:   /s/ Mark McKane, P.C.
      James Mutchnik, P.C. (*pro hac vice*)
      jmutchnik@kirkland.com
      KIRKLAND & ELLIS LLP
      300 N. LaSalle
      Chicago, IL 60654
      Telephone: (312) 862-2000
      Facsimile: (312) 862-2200

      Mark McKane, P.C. (*pro hac vice*)
      mark.mckane@kirkland.com
      Alistair Blacklock (*pro hac vice*)
      alistair.blacklock@kirkland.com
      KIRKLAND & ELLIS LLP
      555 California Street
      San Francisco, California 94104
      Telephone: (415) 439-1400
      Facsimile: (415) 439-1500

      *Counsel for Defendants*
      *Thoma Bravo Fund XIII, L.P.; Thoma Bravo Fund*
      *XIV L.P.; and Thoma Bravo, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2024, a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Mark McKane, P.C.
Mark McKane, P.C.