**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II)** | **Case No. 3:23-md-3071**<br>**MDL No. 3071**<br><br>**This Document Relates to:**<br>**22-cv-01082**<br>**23-cv-00378**<br>**23-cv-00552**<br>**23-cv-00742**<br>**23-cv-00979** |

**<u>HIGHMARK'S ANSWER AND AFFIRMATIVE DEFENSES TO THE MULTIFAMILY
PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT</u>**

Defendant Highmark Residential, LLC ("Highmark") hereby sets forth the following Answer to the Second Amended Consolidated Class Action Complaint ("Complaint"). Except as otherwise expressly set forth below, Highmark denies knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the Complaint, and denies all allegations contained within the headings, Footnotes, and Figures in the Complaint and the Appendices to the Complaint. Any allegation, averment, contention, or statement in the Complaint not specifically and unequivocally admitted is denied. Highmark responds to each of the paragraphs of the Complaint as follows:

## RESPONSE TO INTRODUCTION

1.      Paragraph 1 and Footnote 1 state legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 1 and Footnote 1 as to Highmark. Highmark denies the remaining allegations in Paragraph 1 and Footnote 1 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

2.      Highmark denies the allegations in Paragraph 2 as to Highmark. Highmark denies the remaining allegations in Paragraph 2 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

3.      Highmark denies the allegations in Paragraph 3 as to Highmark. Highmark denies the remaining allegations in Paragraph 3 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

4.      Highmark denies the allegations in Paragraph 4 as to Highmark. Highmark denies the remaining allegations in Paragraph 4 because Highmark lacks knowledge or information

1

sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

5.      Highmark denies the allegations in Paragraph 5 as to Highmark. Highmark denies the remaining allegations in Paragraph 5 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

6.      Paragraph 6 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 6 as to Highmark. Highmark denies the remaining allegations in Paragraph 6 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

7.      Highmark denies the allegations in Paragraph 7 as to Highmark. Highmark denies the remaining allegations in Paragraph 7 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Plaintiffs quote the cited secondary source cited in Footnote 7. The document speaks for itself.

8.      Paragraph 8 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 8 as to Highmark. Highmark denies the remaining allegations in Paragraph 8 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

**RESPONSE TO BACKGROUND**

9.      Paragraph 9 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 9 as to Highmark. Highmark denies the remaining allegations in Paragraph 9 and Footnote 10 because

Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

10.     Highmark denies the allegations in Paragraph 10 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

11.     Highmark denies the allegations in Paragraph 11 as to Highmark. Highmark denies the remaining allegations in Paragraph 11 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

12.     Highmark denies the allegations in Paragraph 12 as to Highmark. Highmark denies the remaining allegations in Paragraph 12 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

13.     Highmark denies the allegations in Paragraph 13 as to Highmark. Highmark denies the remaining allegations in Paragraph 13 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

14.     Highmark denies the allegations in Paragraph 14 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

15.     Highmark denies the allegations in Paragraph 15 as to Highmark. Highmark denies the remaining allegations in Paragraph 15 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

16.     Highmark denies the allegations in Paragraph 16 as to Highmark. Highmark denies the remaining allegations in Paragraph 16 because Highmark lacks knowledge or information

sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

17.     Highmark denies the allegations in Paragraph 17 as to Highmark. Highmark denies the remaining allegations in Paragraph 17 and Footnotes 18 and 21 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the first secondary source cited in Footnote 18. The document speaks for itself.

18.     Highmark denies the allegations in Paragraph 18 as to Highmark. Highmark denies the remaining allegations in Paragraph 18 and Footnotes 22–25 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

19.     Highmark denies the allegations in Paragraph 19 and Footnote 26 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

20.     Highmark denies the allegations in Paragraph 20 as to Highmark. Highmark denies the remaining allegations in Paragraph 20 and Footnote 27 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the secondary source cited in Footnote 28. The document speaks for itself.

21.     Paragraph 21 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 21 and Figure 1 as to Highmark. Highmark denies the remaining allegations in Paragraph 21 and Figure 1 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the secondary source cited in Footnote 30. The document speaks for itself.

22.      Highmark denies the allegations in Paragraph 22 and Figure 2 as to Highmark. Highmark denies the remaining allegations in Paragraph 22 and Figure 2 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

23.      Highmark denies the allegations in Paragraph 23 as to Highmark. Highmark denies the remaining allegations in Paragraph 23 and Footnote 32 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the secondary source cited in Footnote 31. The document speaks for itself.

24.      Highmark denies the allegations in Paragraph 24 as to Highmark. Highmark denies the remaining allegations in Paragraph 24 and Footnote 35 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

25.      Highmark denies the allegations in Paragraph 25 as to Highmark. Highmark denies the remaining allegations in Paragraph 25 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

26.      Highmark denies the allegations in Paragraph 26 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

27.      Highmark denies the allegations in Paragraph 27 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary sources. The documents speak for themselves.

28.      Highmark denies the allegations in Paragraph 28 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

29.     Highmark denies the allegations in Paragraph 29 as to Highmark. Highmark denies the remaining allegations in Paragraph 29 and Footnotes 43–44 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

30.     Highmark denies the allegations in Paragraph 30 as to Highmark. Highmark denies the remaining allegations in Paragraph 30 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

31.     Highmark denies the allegations in Paragraph 31 as to Highmark. Highmark denies the remaining allegations in Paragraph 31 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

32.     Highmark denies the allegations in Paragraph 32 as to Highmark, except that Highmark admits that Highmark independently sets its prices. Highmark denies the remaining allegations in Paragraph 32 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

33.     Highmark denies the allegations in Paragraph 33 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the secondary source in Footnote 45. The document speaks for itself.

34.     Highmark denies the allegations in Paragraph 34 and Figures 3 and 4 as to Highmark. Highmark denies the remaining allegations in Paragraph 34 and Figures 3 and 4 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

35.     Highmark denies the allegations in Paragraph 35 as to Highmark. Highmark denies the remaining allegations in Paragraph 35 because Highmark lacks knowledge or information

6

sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the secondary source cited in Footnote 49. The document speaks for itself.

36.     Highmark denies the allegations in Paragraph 36 as to Highmark. Highmark denies the remaining allegations in Paragraph 36 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

37.     Highmark denies the allegations in Paragraph 37 as to Highmark. Highmark denies the remaining allegations in Paragraph 37 and Footnote 54 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

38.     Highmark denies the allegations in Paragraph 38 as to Highmark. Highmark denies the remaining allegations in Paragraph 38 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the secondary source cited in Footnote 57. The document speaks for itself.

39.     Highmark denies the allegations in Paragraph 39 as to Highmark. Highmark denies the remaining allegations in Paragraph 39 and Footnote 59 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the secondary source cited in Footnote 58. The document speaks for itself.

40.     Highmark denies the allegations in Paragraph 40 and Figure 5 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

41.     Highmark denies the allegations in Paragraph 41 and Footnote 60 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

42.     Highmark denies the allegations in Paragraph 42 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

43.     Paragraph 43 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 43 as to Highmark, including because the Court has held that "application of the *per se* standard is not appropriate based on the allegations in the Multifamily Complaint." ECF No. 690 at 47. Highmark denies the remaining allegations in Paragraph 43 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

## RESPONSE TO JURISDICTION AND VENUE

44.     Paragraph 44 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark admits that Plaintiffs purport to bring their claims under 15 U.S.C. §§ 15, 26 based on alleged violations of 15 U.S.C. § 1.

45.     Paragraph 45 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark admits that Plaintiffs purport to plead jurisdiction pursuant to 15 U.S.C. §§ 15, 26, and 28 U.S.C. §§ 1331, 1337.

46.     Paragraph 46 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark admits that the Judicial Panel on Multidistrict Litigation transferred related actions to this District for pretrial proceedings.

47.     Paragraph 47 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 47 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits for purposes of this action only that this Court has personal jurisdiction over Highmark.

48.     Paragraph 48 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 48 as to

Highmark. Highmark denies the remaining allegations in Paragraph 48 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

49.      Paragraph 49 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark admits that the Judicial Panel on Multidistrict Litigation transferred related actions to this District for pretrial proceedings.

### RESPONSE TO THE PARTIES

50.      Paragraph 50 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 50 as to Highmark. Highmark denies the remaining allegations in Paragraph 50 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

51.      Paragraph 51 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 51 as to Highmark. Highmark denies the remaining allegations in Paragraph 51 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

52.      Paragraph 52 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 52 as to Highmark. Highmark denies the remaining allegations in Paragraph 52 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

53.      Paragraph 53 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 53 as to Highmark. Highmark denies the remaining allegations in Paragraph 53 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

9

54.     Paragraph 54 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 54 as to Highmark. Highmark denies the remaining allegations in Paragraph 54 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

55.     Paragraph 55 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 55 as to Highmark. Highmark denies the remaining allegations in Paragraph 55 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

56.     Paragraph 56 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 56 as to Highmark. Highmark denies the remaining allegations in Paragraph 56 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

57.     Paragraph 57 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 57 as to Highmark. Highmark denies the remaining allegations in Paragraph 57 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

58.     Paragraph 58 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 58 as to Highmark. Highmark denies the remaining allegations in Paragraph 58 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

59.     Paragraph 59 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 59 as to

Highmark. Highmark denies the remaining allegations in Paragraph 59 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

60. Paragraph 60 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 60 as to Highmark. Highmark denies the remaining allegations in Paragraph 60 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

61. Highmark denies the allegations in Paragraph 61 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that RealPage provides software to managers of residential rental apartments and that Plaintiffs quote the secondary source cited in Footnote 63. The document speaks for itself.

62. Highmark denies the allegations in Paragraph 62 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

63. Highmark denies the allegations in Paragraph 63 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

64. Highmark denies the allegations in Paragraph 64 and Footnote 71 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

65. Highmark denies the allegations in Paragraph 65 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except

Highmark admits that Plaintiffs quote the cited secondary sources. The documents speak for themselves.

66.     Highmark denies the allegations in Paragraph 66 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

67.     Paragraph 67 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 67 as to Highmark. Highmark denies the remaining allegations in Paragraph 67 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

68.     Paragraph 68 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 68 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

69.     Paragraph 69 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 69 as to Highmark. Highmark denies the remaining allegations in Paragraph 69 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

70.     Paragraph 70 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 70 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

71.     Paragraph 71 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 71 as to

Highmark. Highmark denies the remaining allegations in Paragraph 71 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

72. Paragraph 72 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 72 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

73. Paragraph 73 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 73 as to Highmark. Highmark denies the remaining allegations in Paragraph 73 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

74. Paragraph 74 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 74 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

75. Paragraph 75 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 75 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

76. Paragraph 76 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 76 as to Highmark. Highmark denies the remaining allegations in Paragraph 76 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

77.     Paragraph 77 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 77 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

78.     Paragraph 78 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 78 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

79.     Paragraph 79 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 79 as to Highmark. Highmark denies the remaining allegations in Paragraph 79 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

80.     Paragraph 80 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 80 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

81.     Paragraph 81 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 81 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

82.     Paragraph 82 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 82 as to

Highmark. Highmark denies the remaining allegations in Paragraph 82 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

83.     Paragraph 83 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 83 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

84.     Paragraph 84 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 84 as to Highmark. Highmark denies the remaining allegations in Paragraph 84 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

85.     Paragraph 85 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 85 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

86.     Paragraph 86 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 86 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

87.     Paragraph 87 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 87 as to Highmark. Highmark denies the remaining allegations in Paragraph 87 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

88. Paragraph 88 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 88 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

89. Paragraph 89 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 89 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

90. Paragraph 90 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 90 as to Highmark. Highmark denies the remaining allegations in Paragraph 90 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

91. Paragraph 91 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 91 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

92. Paragraph 92 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 92 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

93. Paragraph 93 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 93 as to

16

Highmark. Highmark denies the remaining allegations in Paragraph 93 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

94.     Paragraph 94 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 94 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

95.     Paragraph 95 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 95 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

96.     Paragraph 96 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 96 as to Highmark. Highmark denies the remaining allegations in Paragraph 96 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

97.     Paragraph 97 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 97 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

98.     Paragraph 98 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 98 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

99.     Paragraph 99 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 99 as to Highmark. Highmark denies the remaining allegations in Paragraph 99 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

100.     Paragraph 100 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 100 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

101.     Paragraph 101 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 101 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

102.     Paragraph 102 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 102 as to Highmark. Highmark denies remaining the allegations in Paragraph 102 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

103.     Paragraph 103 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 103 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

104.     Paragraph 104 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph

104 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

105. Paragraph 105 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 105 as to Highmark. Highmark denies the remaining allegations in Paragraph 105 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

106. Paragraph 106 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 106 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

107. Paragraph 107 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 107 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

108. Paragraph 108 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 108 as to Highmark. Highmark denies the remaining allegations in Paragraph 108 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

109. Paragraph 109 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph

109 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

110. Paragraph 110 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 110 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

111. Paragraph 111 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 111 as to Highmark. Highmark denies the remaining allegations in Paragraph 111 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

112. Paragraph 112 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 112 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

113. Paragraph 113 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 113 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

114. Paragraph 114 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 114 as to Highmark. Highmark denies the remaining allegations in Paragraph 114 because

Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

115.    Paragraph 115 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 115 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

116.    Paragraph 116 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 116 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

117.    Paragraph 117 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 117 as to Highmark. Highmark denies the remaining allegations in Paragraph 117 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

118.    Paragraph 118 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 118 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

119.    Paragraph 119 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 119 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

120.    Paragraph 120 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 120 as to Highmark. Highmark denies the remaining allegations in Paragraph 120 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

121.    Paragraph 121 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 121 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

122.    Paragraph 122 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 122 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

123.    Paragraph 123 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 123 as to Highmark. Highmark denies the remaining allegations in Paragraph 123 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

124.    Paragraph 124 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 124 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

125.    Paragraph 125 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 125 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

126.    Paragraph 126 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 126 as to Highmark, except Highmark admits that it is a limited liability company organized and existing under the laws of Delaware and that Highmark's corporate office is in Dallas, Texas. Highmark denies the remaining allegations in Paragraph 126 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

127.    Paragraph 127 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 127.

128.    Paragraph 128 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 128 as to Highmark. Highmark denies the remaining allegations in Paragraph 128 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

129.    Paragraph 129 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 129 as to Highmark. Highmark denies the remaining allegations in Paragraph 129 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

130.    Paragraph 130 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 130 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

131.    Paragraph 131 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 131 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

132.    Paragraph 132 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 132 as to Highmark. Highmark denies the remaining allegations in Paragraph 132 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

133.    Paragraph 133 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 133 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

134.    Paragraph 134 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 134 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

135.    Paragraph 135 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph

135 as to Highmark. Highmark denies the remaining allegations in Paragraph 135 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

136.     Paragraph 136 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 136 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

137.     Paragraph 137 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 137 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

138.     Paragraph 138 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 138 as to Highmark. Highmark denies the remaining allegations in Paragraph 138 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

139.     Paragraph 139 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 139 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

140.     Paragraph 140 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph

140 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

141.     Paragraph 141 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 141 as to Highmark. Highmark denies the remaining allegations in Paragraph 141 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

142.     Paragraph 142 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 142 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

143.     Paragraph 143 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 143 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

144.     Paragraph 144 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 144 as to Highmark. Highmark denies the remaining allegations in Paragraph 144 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

145.     Paragraph 145 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph

145 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

146. Paragraph 146 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 146 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

147. Paragraph 147 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 147 as to Highmark. Highmark denies the remaining allegations in Paragraph 147 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

148. Paragraph 148 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 148 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

149. Paragraph 149 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 149 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

150. Paragraph 150 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 150 as to Highmark. Highmark denies the remaining allegations in Paragraph 150 because

Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

151. Paragraph 151 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 151 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

152. Paragraph 152 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 152 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

153. Paragraph 153 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 153 as to Highmark. Highmark denies the remaining allegations in Paragraph 153 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

154. Paragraph 154 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 154 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

155. Paragraph 155 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 155 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

156.    Paragraph 156 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 156 as to Highmark. Highmark denies the remaining allegations in Paragraph 156 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

157.    Paragraph 157 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 157 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

158.    Paragraph 158 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 158 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

159.    Paragraph 159 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 159 as to Highmark. Highmark denies the remaining allegations in Paragraph 159 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

160.    Paragraph 160 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 160 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

161.    Paragraph 161 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 161 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

162.    Paragraph 162 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 163 as to Highmark. Highmark denies the remaining allegations in Paragraph 162 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

163.    Paragraph 163 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 163 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

164.    Paragraph 164 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 164 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

165.    Paragraph 165 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 165 as to Highmark. Highmark denies the remaining allegations in Paragraph 165 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

166.     Paragraph 166 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 166 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

167.     Paragraph 167 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 167 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

168.     Paragraph 168 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 168 as to Highmark. Highmark denies the remaining allegations in Paragraph 168 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

169.     Paragraph 169 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 169 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

170.     Paragraph 170 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 170 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

171.     Paragraph 171 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph

171 as to Highmark. Highmark denies the remaining allegations in Paragraph 171 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

172.     Paragraph 172 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 172 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

173.     Paragraph 173 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 173 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

174.     Paragraph 174 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 174 as to Highmark. Highmark denies the remaining allegations in Paragraph 174 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

175.     Paragraph 175 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 175 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

176.     Paragraph 176 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph

176 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

177.     Paragraph 177 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 177 as to Highmark. Highmark denies the remaining allegations in Paragraph 177 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

178.     Paragraph 178 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 178 and Footnote 79 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

179.     Paragraph 179 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 179 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

180.     Paragraph 180 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 180 as to Highmark. Highmark denies the remaining allegations in Paragraph 180 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

181.     Paragraph 181 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph

181 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

182. Paragraph 182 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 182 as to Highmark. Highmark denies the remaining allegations in Paragraph 182 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

183. Paragraph 183 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 183 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

184. Paragraph 184 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 184 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

185. Paragraph 185 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 185 as to Highmark. Highmark denies the remaining allegations in Paragraph 185 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

186. Paragraph 186 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph

186 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

187.    Paragraph 187 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 187 as to Highmark. Highmark denies the remaining allegations in Paragraph 187 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

188.    Paragraph 188 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 188 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

189.    Paragraph 189 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 189 as to Highmark. Highmark denies the remaining allegations in Paragraph 189 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

190.    Paragraph 190 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 190 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

191.    Paragraph 191 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph

191 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

192.    Paragraph 192 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 192 as to Highmark. Highmark denies the remaining allegations in Paragraph 192 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

193.    Paragraph 193 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 193 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

194.    Highmark denies the allegations in Paragraph 194 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

195.    Paragraph 195 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 195 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

196.    Paragraph 196 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 196 as to Highmark. Highmark denies the remaining allegations in Paragraph 196 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

197.    Paragraph 197 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 197 as to Highmark. Highmark denies the remaining allegations in Paragraph 197 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

198.    Highmark denies the allegations in Paragraph 198 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

199.    Highmark denies the allegations in Paragraph 199 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

200.    Highmark denies the allegations in Paragraph 200 as to Highmark. Highmark denies the remaining allegations in Paragraph 200 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

201.    Paragraph 201 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 201 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

## RESPONSE TO FACTUAL ALLEGATIONS

202.    Paragraph 202 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 202 as to Highmark. Highmark denies the remaining allegations in Paragraph 202 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

203.     Highmark denies the allegations in Paragraph 203 as to Highmark. Highmark denies the remaining allegations in Paragraph 203 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

204.     Highmark denies the allegations in Paragraph 204 as to Highmark. Highmark denies the remaining allegations in Paragraph 204 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

205.     Paragraph 205 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 205 as to Highmark. Highmark denies the remaining allegations in Paragraph 205 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

206.     Highmark denies the allegations in Paragraph 206 as to Highmark. Highmark denies the remaining allegations in Paragraph 206 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary sources. The documents speak for themselves.

207.     Highmark denies the allegations in Paragraph 207 as to Highmark. Highmark denies the remaining allegations in Paragraph 207 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

208.     Highmark denies the allegations in Paragraph 208 as to Highmark. Highmark denies the remaining allegations in Paragraph 208 because Highmark lacks knowledge or

information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

209.     Highmark denies the allegations in Paragraph 209 as to Highmark. Highmark denies the remaining allegations in Paragraph 209 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

210.     Highmark denies the allegations in Paragraph 210 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

211.     Paragraph 211 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 211 as to Highmark. Highmark denies the remaining allegations in Paragraph 211 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

212.     Paragraph 212 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 212 as to Highmark. Highmark denies the remaining allegations in Paragraph 212 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

213.     Highmark denies the allegations in Paragraph 213 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the secondary source cited in Footnote 103. The document speaks for itself.

214. Highmark denies the allegations in Paragraph 214 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

215. Highmark denies the allegations in Paragraph 215 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

216. Highmark denies the allegations in Paragraph 216 and Footnote 107 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary sources. The documents speak for themselves.

217. Highmark denies the allegations in Paragraph 217 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

218. Paragraph 218 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 218 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

219. Highmark denies the allegations in Paragraph 219 as to Highmark. Highmark denies the remaining allegations in Paragraph 219 and Footnote 114 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

220. Highmark denies the allegations in Paragraph 220 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

221. Highmark denies the allegations in Paragraph 221 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except

Highmark admits that Plaintiffs quote the secondary source cited in Footnote 120. The document speaks for itself.

222. Highmark denies the allegations in Paragraph 222 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

223. Highmark denies the allegations in Paragraph 223 and Footnote 123 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

224. Highmark denies the allegations in Paragraph 224 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

225. Paragraph 225 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 225 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

226. Highmark denies the allegations in Paragraph 226 and Figure 6 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

227. Highmark denies the allegations in Paragraph 227 as to Highmark. Highmark denies the remaining allegations in Paragraph 227 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

228. Highmark denies the allegations in Paragraph 228 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

41

229.    Highmark denies the allegations in Paragraph 229 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

230.    Highmark denies the allegations in Paragraph 230 as to Highmark. Highmark denies the remaining allegations in Paragraph 230 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the secondary source cited in Footnote 130. The document speaks for itself.

231.    Paragraph 231 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 231 as to Highmark. Highmark denies the remaining allegations in Paragraph 231 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

232.    Highmark denies the allegations in Paragraph 232 as to Highmark. Highmark denies the remaining allegations in Paragraph 232 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

233.    Highmark denies the allegations in Paragraph 233 as to Highmark. Highmark denies the remaining allegations in Paragraph 233 and Footnote 132 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the secondary source cited in Footnote 133. The document speaks for itself.

234.    Highmark denies the allegations in Paragraph 234 as to Highmark. Highmark denies the remaining allegations in Paragraph 234 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the secondary source cited in Footnote 134. The document speaks for itself.

235.    Highmark denies the allegations in Paragraph 235 as to Highmark. Highmark denies the remaining allegations in Paragraph 235 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary sources. The documents speak for themselves.

236.    Highmark denies the allegations in Paragraph 236 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

237.    Highmark denies the allegations in Paragraph 237 as to Highmark. Highmark denies the remaining allegations in Paragraph 237 and Footnote 140 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

238.    Highmark denies the allegations in Paragraph 238 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

239.    Highmark denies the allegations in Paragraph 239 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

240.    Highmark denies the allegations in Paragraph 240 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

241.    Highmark denies the allegations in Paragraph 241 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

242.    Highmark denies the allegations in Paragraph 242 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

243.    Highmark denies the allegations in Paragraph 243 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

244.     Paragraph 244 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 244 as to Highmark. Highmark denies the remaining allegations in Paragraph 244 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

245.     Highmark denies the allegations in Paragraph 245 as to Highmark. Highmark denies the remaining allegations in Paragraph 245 and Footnote 141 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

246.     Highmark denies the allegations in Paragraph 246 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

247.     Highmark denies the allegations in Paragraph 247 and Footnotes 142–143 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

248.     Highmark denies the allegations in Paragraph 248 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

249.     Highmark denies the allegations in Paragraph 249 and Footnote 144 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

250.     Highmark denies the allegations in Paragraph 250 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

251.     Highmark denies the allegations in Paragraph 251 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

44

252.    Highmark denies the allegations in Paragraph 252 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

253.    Highmark denies the allegations in Paragraph 253 as to Highmark. Highmark denies the remaining allegations in Paragraph 253 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

254.    Highmark denies the allegations in Paragraph 254 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

255.    Paragraph 255 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 255 as to Highmark. Highmark denies the remaining allegations in Paragraph 255 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

256.    Highmark denies the allegations in Paragraph 256, Figure 7, and Footnote 149 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

257.    Highmark denies the allegations in Paragraph 257 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

258.    Highmark denies the allegations in Paragraph 258 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

259.    Highmark denies the allegations in Paragraph 259 and Figure 8 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

260.     Highmark denies the allegations in Paragraph 260 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

261.     Highmark denies the allegations in Paragraph 261 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

262.     Highmark denies the allegations in Paragraph 262 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

263.     Highmark denies the allegations in Paragraph 263 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

264.     Highmark denies the allegations in Paragraph 264 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

265.     Highmark denies the allegations in Paragraph 265 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

266.     Highmark denies the allegations in Paragraph 266 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

267.     Highmark denies the allegations in Paragraph 267 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

268.     Highmark denies the allegations in Paragraph 268 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

269.     Highmark denies the allegations in Paragraph 269 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

270.     Highmark denies the allegations in Paragraph 270 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

271.     Highmark denies the allegations in Paragraph 271 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

272.     Highmark denies the allegations in Paragraph 272 and Footnote 150 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

273.     Highmark denies the allegations in Paragraph 273 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

274.     Paragraph 274 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, denies the allegations in Paragraph 274 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

275.     Highmark denies the allegations in Paragraph 275 as to Highmark. Highmark denies the remaining allegations in Paragraph 275 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

276.     Highmark denies the allegations in Paragraph 276 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

277.     Highmark denies the allegations in Paragraph 277 as to Highmark. Highmark denies the remaining allegations in Paragraph 277 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

278.     Highmark denies the allegations in Paragraph 278 and Footnote 152 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

47

279. Highmark denies the remaining allegations in Paragraph 279 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

280. Paragraph 280 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 280 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

281. Highmark denies the allegations in Paragraph 281 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

282. Highmark denies the allegations in Paragraph 282 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

283. Highmark denies the allegations in Paragraph 283 and Footnote 153 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

284. Highmark denies the allegations in Paragraph 284 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

285. Highmark denies the allegations in Paragraph 285 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

286. Highmark denies the allegations in Paragraph 286 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

287. Highmark denies the allegations in Paragraph 287 as to Highmark. Highmark denies the remaining allegations in Paragraph 287 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

288. Highmark denies the allegations in Paragraph 288 as to Highmark. Highmark denies the remaining allegations in Paragraph 288 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

289. Highmark denies the allegations in Paragraph 289 as to Highmark. Highmark denies the remaining allegations in Paragraph 289 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

290. Highmark denies the allegations in Paragraph 290 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

291. Highmark denies the allegations in Paragraph 291 as to Highmark. Highmark denies the remaining allegations in Paragraph 291 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits Plaintiffs quoted the secondary source cited in Footnote 158. The document speaks for itself.

292. Highmark denies the allegations in Paragraph 292 as to Highmark. Highmark denies the remaining allegations in Paragraph 292 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits Plaintiffs quoted the secondary source cited in Footnotes 160–161. The document speaks for itself.

293. Highmark denies the allegations in Paragraph 293 as to Highmark. Highmark denies the remaining allegations in Paragraph 293 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

294. Highmark denies the allegations in Paragraph 294 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

295. Highmark denies the allegations in Paragraph 295 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

296.     Highmark denies the allegations in Paragraph 296 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

297.     Highmark denies the allegations in Paragraph 297 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

298.     Highmark denies the allegations in Paragraph 298 as to Highmark. Highmark denies the remaining allegations in Paragraph 298 and Footnote 171 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source in Footnote 171. The document speaks for itself.

299.     Highmark denies the allegations in Paragraph 299 as to Highmark. Highmark denies the remaining allegations in Paragraph 299 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary sources. The documents speak for themselves.

300.     Highmark denies the allegations in Paragraph 300 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

301.     Highmark denies the allegations in Paragraph 301 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

302.     Highmark denies the allegations in Paragraph 302 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

303.     Highmark denies the allegations in Paragraph 303 as to Highmark. Highmark denies the remaining allegations in Paragraph 303 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

50

304. Highmark denies the allegations in Paragraph 304 as to Highmark. Highmark denies the remaining allegations in Paragraph 304 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

305. Highmark denies the allegations in Paragraph 305 as to Highmark. Highmark denies the remaining allegations in Paragraph 305 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary sources. The documents speak for themselves.

306. Highmark denies the allegations in Paragraph 306 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

307. Highmark denies the allegations in Paragraph 307 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

308. Highmark denies the allegations in Paragraph 308 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

309. Highmark denies the allegations in Paragraph 309 as to Highmark. Highmark denies the remaining allegations in Paragraph 309 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

310. Highmark denies the allegations in Paragraph 310 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

311. Highmark denies the allegations in Paragraph 311 as to Highmark. Highmark denies the remaining allegations in Paragraph 311 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

51

312. Highmark denies the allegations in Paragraph 312 as to Highmark. Highmark denies the remaining allegations in Paragraph 312 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

313. Paragraph 313 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 313 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

314. Highmark denies the allegations in Paragraph 314 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that it is a member of the Texas Apartment Association.

315. Highmark denies the allegations in Paragraph 315 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

316. Paragraph 316 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 316 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

317. Highmark denies the allegations in Paragraph 317 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

318. Highmark denies the allegations in Paragraph 318 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

319. Highmark denies the allegations in Paragraph 319 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except

Highmark admits that Plaintiffs quote the secondary source cited in Footnote 193. The document speaks for itself.

320.     Highmark denies the allegations in Paragraph 320 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that it is a member of the National Apartment Association.

321.     Highmark denies the allegations in Paragraph 321 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

322.     Highmark denies the allegations in Paragraph 322 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

323.     Highmark denies the allegations in Paragraph 323 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

324.     Paragraph 324 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the remaining allegations in Paragraph 324 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

325.     Highmark denies the allegations in Paragraph 325 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

326.     Highmark denies the allegations in Paragraph 326 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

327.     Highmark denies the allegations in Paragraph 327 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

328.     Paragraph 328 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the remaining allegations in

Paragraph 328 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

329.   Highmark denies the allegations in Paragraph 329 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

330.   Highmark denies the allegations in Paragraph 330 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

331.   Highmark denies the allegations in Paragraph 331 as to Highmark. Highmark denies the remaining allegations in Paragraph 331 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

332.   Paragraph 332 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 332 as to Highmark. Highmark denies the remaining allegations in Paragraph 332 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

333.   Paragraph 333 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 333 as to Highmark. Highmark denies the remaining allegations in Paragraph 333 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quoted the cited secondary source. The document speaks for itself.

334.   Paragraph 334 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph

334, Figure 9, and Footnote 202 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

335. Highmark denies the allegations in Paragraph 335 and Figure 10 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

336. Highmark denies the allegations in Paragraph 336 as to Highmark. Highmark denies the remaining allegations in Paragraph 336 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

337. Paragraph 337 and Appendix B state legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 337 and Appendix B as to Highmark. Highmark denies the remaining allegations in Paragraph 337 and Appendix B because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

338. Paragraph 338 states legal conclusions to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 338 as to Highmark. Highmark denies the remaining allegations in Paragraph 338 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

339. Paragraph 339 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 339 as to Highmark. Highmark denies the remaining allegations in Paragraph 339 and Figure 11 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

340. Paragraph 340 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 340 as to Highmark. Highmark denies the remaining allegations in Paragraph 340 and Figure 12 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

341. Paragraph 341 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 341 and Figure 13 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

342. Paragraph 342 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 342 as to Highmark. Highmark denies the remaining allegations in Paragraph 342 and Figure 14 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

343. Paragraph 343 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 343 as to Highmark. Highmark denies the remaining allegations in Paragraph 343 and Figure 15 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

344. Paragraph 344 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 344 as to Highmark. Highmark denies the remaining allegations in Paragraph 344 and Figure 16

56

because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

345. Paragraph 345 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 345 as to Highmark. Highmark denies the remaining allegations in Paragraph 345 and Figure 17 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

346. Paragraph 346 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 346 and Figure 18 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

347. Paragraph 347 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 347 and Figure 19 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

348. Highmark denies the allegations in Paragraph 348 and Figures 20–28 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

349. Paragraph 349 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 349 as to Highmark. Highmark denies the remaining allegations in Paragraph 349 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

350.   Paragraph 350 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 350 as to Highmark. Highmark denies the remaining allegations in Paragraph 350 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

351.   Highmark denies the allegations in Paragraph 351 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

352.   Paragraph 352 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 352 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

353.   Paragraph 353 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 353 and Figure 29 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

354.   Paragraph 354 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 354 as to Highmark. Highmark denies the remaining allegations in Paragraph 354 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

355.   Paragraph 355 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 355 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

356. Paragraph 356 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 356 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

357. Highmark denies the allegations in Paragraph 357 as to Highmark. Highmark denies the remaining allegations in Paragraph 357 and Figure 30 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

358. Highmark denies the allegations in Paragraph 358 as to Highmark. Highmark denies the remaining allegations in Paragraph 358 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

359. Paragraph 359 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 359 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

360. Highmark denies the allegations in Paragraph 360 and Figure 31 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

361. Paragraph 361 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 361 and Figure 32 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

362. Paragraph 362 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 362

and Figure 33 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

363. Paragraph 363 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 363 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

364. Highmark denies the allegations in Paragraph 364 and Figure 34 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

365. Paragraph 365 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 365 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

366. Paragraph 366 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 366 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that Plaintiffs quote the cited secondary source. The document speaks for itself.

367. Paragraph 367 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 367 as to Highmark. Highmark denies the remaining allegations in Paragraph 367 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

60

368.    Highmark denies the allegations in Paragraph 368 as to Highmark. Highmark denies the remaining allegations in Paragraph 368 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

369.    Paragraph 369 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 369 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

370.    Paragraph 370 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 370 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

371.    Paragraph 371 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 371 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

372.    Paragraph 372 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 372 as to Highmark. Highmark denies the remaining allegations in Paragraph 372 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

373.    Highmark denies the remaining allegations in Paragraph 373 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

374.    Paragraph 374 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 374

because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

375.     Paragraph 375 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 375 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

376.     Paragraph 376 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 376 as to Highmark. Highmark denies the remaining allegations in Paragraph 376 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

377.     Paragraph 377 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 377 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

378.     Paragraph 378 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 378 as to Highmark. Highmark denies the remaining allegations in Paragraph 378 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

379.     Highmark denies the allegations in Paragraph 379 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

380.     Paragraph 380 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 380

as to Highmark. Highmark denies the remaining allegations in Paragraph 380 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

381. Paragraph 381 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 381 as to Highmark. Highmark denies the remaining allegations in Paragraph 381 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

382. Paragraph 382 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 382 as to Highmark. Highmark denies the remaining allegations in Paragraph 382 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

383. Paragraph 383 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 383 as to Highmark. Highmark denies the remaining allegations in Paragraph 383 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except Highmark admits that for the first quote Plaintiffs quote the cited secondary source. The document speaks for itself.

384. Paragraph 384 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 384 as to Highmark. Highmark denies the remaining allegations in Paragraph 384 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

385. Paragraph 385 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 385

as to Highmark. Highmark denies the remaining allegations in Paragraph 385 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

386. Paragraph 386 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 386 as to Highmark, except that Highmark admits that it has attended events hosted by the National Multifamily Housing Council. Highmark denies the remaining allegations in Paragraph 386 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

387. Paragraph 387 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 387 as to Highmark. Highmark denies the remaining allegations in Paragraph 387 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

388. Paragraph 388 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 388 as to Highmark. Highmark denies the remaining allegations in Paragraph 388 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

389. Paragraph 389 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 389 as to Highmark. Highmark denies the remaining allegations in Paragraph 389 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

390. Highmark denies the allegations in Paragraph 390 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

391.    Highmark denies the allegations in Paragraph 391 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

## RESPONSE TO RELEVANT MARKET

392.    Paragraph 392 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 392 as to Highmark. Highmark denies the remaining allegations in Paragraph 392 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

393.    Paragraph 393 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 393 as to Highmark. Highmark denies the remaining allegations in Paragraph 393 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

394.    Paragraph 394 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 394 as to Highmark. Highmark denies the remaining allegations in Paragraph 394 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

395.    Paragraph 395 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 395 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

396.    Paragraph 396 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 396 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

397. Paragraph 397 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 397 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

398. Paragraph 398 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 398 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

399. Paragraph 399 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 399 as to Highmark. Highmark denies the remaining allegations in Paragraph 399 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

400. Paragraph 400 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 400 as to Highmark. Highmark denies the remaining allegations in Paragraph 400 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

401. Paragraph 401 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 401 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

402. Paragraph 402 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 402 as to Highmark. Highmark denies the remaining allegations in Paragraph 402 and Figure 35

because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

403. Paragraph 403 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 403 as to Highmark. Highmark denies the remaining allegations in Paragraph 403 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

404. Paragraph 404 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 404 as to Highmark. Highmark denies the remaining allegations in Paragraph 404 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

405. Paragraph 405 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 405 as to Highmark. Highmark denies the remaining allegations in Paragraph 405 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

406. Paragraph 406 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 406 as to Highmark. Highmark denies the remaining allegations in Paragraph 406 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

407. Highmark denies the allegations in Paragraph 407 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

408. Paragraph 408 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 408

as to Highmark. Highmark denies the remaining allegations in Paragraph 408 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

409.    Paragraph 409 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 409 as to Highmark. Highmark denies the remaining allegations in Paragraph 409 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

410.    Paragraph 410 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 410 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 410 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

411.    Paragraph 411 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 411 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

412.    Paragraph 412 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 412 as to Highmark. Highmark denies the remaining allegations in Paragraph 412 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

413.    Paragraph 413 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 413 as to Highmark. Highmark denies the remaining allegations in Paragraph 413 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

68

414.    Highmark denies the allegations in Paragraph 414 as to Highmark. Highmark denies the remaining allegations in Paragraph 414 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

415.    Paragraph 415 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 415 as to Highmark. Highmark denies the remaining allegations in Paragraph 415 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

416.    Paragraph 416 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 416 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 416 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

417.    Paragraph 417 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 417 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

418.    Paragraph 418 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 418 as to Highmark. Highmark denies the remaining allegations in Paragraph 418 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

419.    Paragraph 419 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 419

69

as to Highmark. Highmark denies the remaining allegations in Paragraph 419 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

420. Highmark denies the allegations in Paragraph 420 as to Highmark. Highmark denies the remaining allegations in Paragraph 420 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

421. Paragraph 421 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 421 as to Highmark. Highmark denies the remaining allegations in Paragraph 421 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

422. Paragraph 422 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 422 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 422 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

423. Paragraph 423 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 423 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

424. Paragraph 424 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 424 as to Highmark. Highmark denies the remaining allegations in Paragraph 424 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

70

425.    Paragraph 425 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 425 as to Highmark. Highmark denies the remaining allegations in Paragraph 425 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

426.    Highmark denies the allegations in Paragraph 426 as to Highmark. Highmark denies the remaining allegations in Paragraph 426 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

427.    Paragraph 427 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 427 as to Highmark. Highmark denies the remaining allegations in Paragraph 427 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

428.    Paragraph 428 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 428 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 428 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

429.    Paragraph 429 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 429 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

430.    Paragraph 430 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 430

as to Highmark. Highmark denies the remaining allegations in Paragraph 430 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

431.    Paragraph 431 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 431 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

432.    Highmark denies the allegations in Paragraph 432 as to Highmark. Highmark denies the remaining allegations in Paragraph 432 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

433.    Paragraph 433 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 433 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

434.    Paragraph 434 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 434 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

435.    Paragraph 435 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 435 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 435 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

436.     Paragraph 436 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 436 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

437.     Paragraph 437 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 437 as to Highmark. Highmark denies the remaining allegations in Paragraph 437 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

438.     Paragraph 438 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 438 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

439.     Highmark denies the allegations in Paragraph 439 as to Highmark. Highmark denies the remaining allegations in Paragraph 439 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

440.     Paragraph 440 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 440 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

441.     Paragraph 441 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 441 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

442.     Paragraph 442 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 442 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 442 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

443.     Paragraph 443 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 443 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

444.     Paragraph 444 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 444 as to Highmark. Highmark denies the remaining allegations in Paragraph 444 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

445.     Paragraph 445 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 445 as to Highmark. Highmark denies the remaining allegations in Paragraph 445 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

446.     Paragraph 446 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 446 as to Highmark. Highmark denies the remaining allegations in Paragraph 446 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

447.     Paragraph 447 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 447

as to Highmark. Highmark denies the remaining allegations in Paragraph 447 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

448.    Paragraph 448 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 448 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 448 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

449.    Paragraph 449 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 449 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

450.    Paragraph 450 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 450 as to Highmark. Highmark denies the remaining allegations in Paragraph 450 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

451.    Paragraph 451 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 451 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

452.    Highmark denies the allegations in Paragraph 452 as to Highmark. Highmark denies the remaining allegations in Paragraph 452 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

453.    Paragraph 453 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 453 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

454.    Paragraph 454 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 454 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 454 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

455.    Paragraph 455 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 455 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

456.    Paragraph 456 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 456 as to Highmark. Highmark denies the remaining allegations in Paragraph 456 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

457.    Paragraph 457 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 457 as to Highmark. Highmark denies the remaining allegations in Paragraph 457 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

76

458.    Highmark denies the allegations in Paragraph 458 as to Highmark. Highmark denies the remaining allegations in Paragraph 458 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

459.    Paragraph 459 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 459 as to Highmark. Highmark denies the remaining allegations in Paragraph 459 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

460.    Paragraph 460 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 460 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 460 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

461.    Paragraph 461 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 461 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

462.    Paragraph 462 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 462 as to Highmark. Highmark denies the remaining allegations in Paragraph 462 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

463.    Paragraph 463 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 463

as to Highmark. Highmark denies the remaining allegations in Paragraph 463 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

464. Highmark denies the allegations in Paragraph 464 as to Highmark. Highmark denies the remaining allegations in Paragraph 464 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

465. Paragraph 465 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 465 as to Highmark. Highmark denies the remaining allegations in Paragraph 465 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

466. Paragraph 466 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 466 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

467. Paragraph 467 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 467 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 467 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

468. Paragraph 468 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 468 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

469. Paragraph 469 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 469 as to Highmark. Highmark denies the remaining allegations in Paragraph 469 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

470. Paragraph 470 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 470 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

471. Highmark denies the allegations in Paragraph 471 as to Highmark. Highmark denies the remaining allegations in Paragraph 471 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

472. Paragraph 472 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 472 as to Highmark. Highmark denies the remaining allegations in Paragraph 472 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

473. Paragraph 473 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 473 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 473 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

474. Paragraph 474 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 474

because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

475. Paragraph 475 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 475 as to Highmark. Highmark denies the remaining allegations in Paragraph 475 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

476. Paragraph 476 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 476 as to Highmark. Highmark denies the remaining allegations in Paragraph 476 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

477. Highmark denies the allegations in Paragraph 477 as to Highmark. Highmark denies the remaining allegations in Paragraph 477 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

478. Paragraph 478 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 478 as to Highmark. Highmark denies the remaining allegations in Paragraph 478 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

479. Paragraph 479 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 479 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 479 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

80

480.     Paragraph 480 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 480 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

481.     Paragraph 481 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 481 as to Highmark. Highmark denies the remaining allegations in Paragraph 481 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

482.     Paragraph 482 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 482 as to Highmark. Highmark denies the remaining allegations in Paragraph 482 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

483.     Highmark denies the allegations in Paragraph 483 as to Highmark. Highmark denies the remaining allegations in Paragraph 483 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

484.     Paragraph 484 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 484 as to Highmark. Highmark denies the remaining allegations in Paragraph 484 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

485.     Paragraph 485 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 485 because Highmark lacks knowledge or information sufficient to form a belief about the truth of

those allegations, except that Highmark admits that Paragraph 485 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

486.    Paragraph 486 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 486 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

487.    Paragraph 487 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 487 as to Highmark. Highmark denies the remaining allegations in Paragraph 487 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

488.    Paragraph 488 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 488 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

489.    Highmark denies the allegations in Paragraph 489 as to Highmark. Highmark denies the remaining allegations in Paragraph 489 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

490.    Paragraph 490 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 490 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

491.    Paragraph 491 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 491

because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 491 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

492.    Paragraph 492 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 492 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

493.    Paragraph 493 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 493 as to Highmark. Highmark denies the remaining allegations in Paragraph 493 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

494.    Paragraph 494 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 494 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

495.    Highmark denies the allegations in Paragraph 495 as to Highmark. Highmark denies the remaining allegations in Paragraph 495 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

496.    Paragraph 496 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 496 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

497. Paragraph 497 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 497 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

498. Paragraph 498 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 498 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 498 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

499. Paragraph 499 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 499 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

500. Paragraph 500 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 500 as to Highmark. Highmark denies the remaining allegations in Paragraph 500 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

501. Paragraph 501 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 501 as to Highmark. Highmark denies the remaining allegations in Paragraph 501 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

84

502. Highmark denies the allegations in Paragraph 502 as to Highmark. Highmark denies the remaining allegations in Paragraph 502 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

503. Paragraph 503 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 503 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

504. Paragraph 504 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 504 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 504 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

505. Paragraph 505 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 505 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

506. Paragraph 506 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 506 as to Highmark. Highmark denies the remaining allegations in Paragraph 506 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

507. Paragraph 507 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 507

as to Highmark. Highmark denies the remaining allegations in Paragraph 507 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

508.    Highmark denies the allegations in Paragraph 508 as to Highmark. Highmark denies the remaining allegations in Paragraph 508 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

509.    Paragraph 509 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 509 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

510.    Paragraph 510 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 510 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 510 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

511.    Paragraph 511 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 511 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

512.    Paragraph 512 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 512 as to Highmark. Highmark denies the remaining allegations in Paragraph 512 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

513.     Paragraph 513 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 513 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

514.     Highmark denies the allegations in Paragraph 514 as to Highmark. Highmark denies the remaining allegations in Paragraph 514 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

515.     Paragraph 515 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 515 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

516.     Paragraph 516 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 516 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 516 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

517.     Paragraph 517 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 517 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

518.     Paragraph 518 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 518

as to Highmark. Highmark denies the remaining allegations in Paragraph 518 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

519. Paragraph 519 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 519 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

520. Highmark denies the allegations in Paragraph 520 as to Highmark. Highmark denies the remaining allegations in Paragraph 520 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

521. Paragraph 521 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 521 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

522. Paragraph 522 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 522 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 522 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

523. Paragraph 523 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 523 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

524. Paragraph 524 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 524 as to Highmark. Highmark denies the remaining allegations in Paragraph 524 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

525. Paragraph 525 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 525 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

526. Highmark denies the allegations in Paragraph 526 as to Highmark. Highmark denies the remaining allegations in Paragraph 526 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

527. Paragraph 527 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 527 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

528. Paragraph 528 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 528 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

529. Paragraph 529 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 529 because Highmark lacks knowledge or information sufficient to form a belief about the truth of

those allegations, except that Highmark admits that Paragraph 529 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

530. Paragraph 530 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 530 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

531. Paragraph 531 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 531 as to Highmark. Highmark denies the remaining allegations in Paragraph 531 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

532. Paragraph 532 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 532 as to Highmark. Highmark denies the remaining allegations in Paragraph 532 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

533. Highmark denies the allegations in Paragraph 533 as to Highmark. Highmark denies the remaining allegations in Paragraph 533 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

534. Paragraph 534 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 534 as to Highmark. Highmark denies the remaining allegations in Paragraph 534 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

535. Paragraph 535 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 535

90

because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 535 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

536.     Paragraph 536 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 536 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

537.     Paragraph 537 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 537 as to Highmark. Highmark denies the remaining allegations in Paragraph 537 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

538.     Paragraph 538 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 538 as to Highmark. Highmark denies the remaining allegations in Paragraph 538 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

539.     Paragraph 539 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 539 as to Highmark. Highmark denies the remaining allegations in Paragraph 539 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

540.     Paragraph 540 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 540 because Highmark lacks knowledge or information sufficient to form a belief about the truth of

those allegations, except that Highmark admits that Paragraph 540 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

541.    Paragraph 541 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 541 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

542.    Paragraph 542 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 542 as to Highmark. Highmark denies the remaining allegations in Paragraph 542 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

543.    Paragraph 543 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 543 as to Highmark. Highmark denies the remaining allegations in Paragraph 543 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

544.    Highmark denies the allegations in Paragraph 544 as to Highmark. Highmark denies the remaining allegations in Paragraph 544 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

545.    Paragraph 545 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 545 as to Highmark. Highmark denies the remaining allegations in Paragraph 545 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

546.    Paragraph 546 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 546

92

as to Highmark. Highmark denies the remaining allegations in Paragraph 546 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

547. Paragraph 547 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 547 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 547 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

548. Paragraph 548 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 548 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

549. Paragraph 549 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 549 as to Highmark. Highmark denies the remaining allegations in Paragraph 549 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

550. Paragraph 550 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 550 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

551. Highmark denies the allegations in Paragraph 551 as to Highmark. Highmark denies the remaining allegations in Paragraph 551 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

552. Paragraph 552 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 552 as to Highmark. Highmark denies the remaining allegations in Paragraph 552 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

553. Paragraph 553 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 553 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 553 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

554. Paragraph 554 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 554 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

555. Paragraph 555 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 555 as to Highmark. Highmark denies the remaining allegations in Paragraph 555 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

556. Paragraph 556 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 556 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

557.     Highmark denies the allegations in Paragraph 557 as to Highmark. Highmark denies the remaining allegations in Paragraph 557 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

558.     Paragraph 558 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 558 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

559.     Paragraph 559 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 559 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

560.     Paragraph 560 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 560 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 560 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

561.     Paragraph 561 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 561 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

562.     Paragraph 562 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 562

as to Highmark. Highmark denies the remaining allegations in Paragraph 562 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

563.    Paragraph 563 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 563 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

564.    Highmark denies the allegations in Paragraph 564 as to Highmark. Highmark denies the remaining allegations in Paragraph 564 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

565.    Paragraph 565 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 565 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

566.    Paragraph 566 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 566 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

567.    Paragraph 567 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 567 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 567 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

568.    Paragraph 568 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 568 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

569.    Paragraph 569 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 569 as to Highmark. Highmark denies the remaining allegations in Paragraph 569 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

570.    Paragraph 570 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 570 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

571.    Highmark denies the allegations in Paragraph 571 as to Highmark. Highmark denies the remaining allegations in Paragraph 571 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

572.    Paragraph 572 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 572 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

573.    Paragraph 573 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 573 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

574. Paragraph 574 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 574 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 574 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

575. Paragraph 575 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 575 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

576. Paragraph 576 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 576 as to Highmark. Highmark denies the remaining allegations in Paragraph 576 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

577. Paragraph 577 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 577 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

578. Highmark denies the allegations in Paragraph 578 as to Highmark. Highmark denies the remaining allegations in Paragraph 578 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

579. Paragraph 579 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 579

because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

580.     Paragraph 580 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 580 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

581.     Paragraph 581 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 581 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 581 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

582.     Paragraph 582 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 582 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

583.     Paragraph 583 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 583 as to Highmark. Highmark denies the remaining allegations in Paragraph 583 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

584.     Paragraph 584 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 584 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

585.    Highmark denies the allegations in Paragraph 585 as to Highmark. Highmark denies the remaining allegations in Paragraph 585 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

586.    Paragraph 586 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 586 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

587.    Paragraph 587 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 587 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

588.    Paragraph 588 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 588 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 588 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

589.    Paragraph 589 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 589 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

590.    Paragraph 590 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 590

as to Highmark. Highmark denies the remaining allegations in Paragraph 590 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

591. Paragraph 591 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 591 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

592. Highmark denies the allegations in Paragraph 592 as to Highmark. Highmark denies the remaining allegations in Paragraph 592 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

593. Paragraph 593 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 593 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

594. Paragraph 594 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 594 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 594 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

595. Paragraph 595 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 595 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

596. Paragraph 596 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 596 as to Highmark. Highmark denies the remaining allegations in Paragraph 596 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

597. Paragraph 597 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 597 as to Highmark. Highmark denies the remaining allegations in Paragraph 597 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

598. Highmark denies the allegations in Paragraph 598 as to Highmark. Highmark denies the remaining allegations in Paragraph 598 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

599. Paragraph 599 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 599 as to Highmark. Highmark denies the remaining allegations in Paragraph 599 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

600. Paragraph 600 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 600 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 600 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

601. Paragraph 601 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 601

102

because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

602. Paragraph 602 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 602 as to Highmark. Highmark denies the remaining allegations in Paragraph 602 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

603. Paragraph 603 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 603 as to Highmark. Highmark denies the remaining allegations in Paragraph 603 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

604. Highmark denies the allegations in Paragraph 604 as to Highmark. Highmark denies the remaining allegations in Paragraph 604 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

605. Paragraph 605 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 605 as to Highmark. Highmark denies the remaining allegations in Paragraph 605 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

606. Paragraph 606 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 606 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 606 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

607.     Paragraph 607 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 607 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

608.     Paragraph 608 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 608 as to Highmark. Highmark denies the remaining allegations in Paragraph 608 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

609.     Paragraph 609 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 609 as to Highmark. Highmark denies the remaining allegations in Paragraph 609 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

610.     Highmark denies the allegations in Paragraph 610 as to Highmark. Highmark denies the remaining allegations in Paragraph 610 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

611.     Paragraph 611 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 611 as to Highmark. Highmark denies the remaining allegations in Paragraph 611 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

612.     Paragraph 612 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 612 as to Highmark. Highmark denies the remaining allegations in Paragraph 612 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

613.     Paragraph 613 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 613 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 613 purports to characterize the Census Bureau's MSA definition, which speaks for itself.

614.     Paragraph 614 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 614 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

615.     Paragraph 615 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 615 as to Highmark. Highmark denies the remaining allegations in Paragraph 615 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

616.     Paragraph 616 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 616 as to Highmark. Highmark denies the remaining allegations in Paragraph 616 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

617.     Highmark denies the allegations in Paragraph 617 as to Highmark. Highmark denies the remaining allegations in Paragraph 617 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

618.     Paragraph 618 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 618

as to Highmark. Highmark denies the remaining allegations in Paragraph 618 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

619.     Paragraph 619 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 619 as to Highmark. Highmark denies the remaining allegations in Paragraph 619 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

620.     Paragraph 620 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 620 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 620 purports to cite the Census Bureau's MSA definition, which speaks for itself.

621.     Paragraph 621 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 621 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

622.     Paragraph 622 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 622 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

623.     Highmark denies the allegations in Paragraph 623 as to Highmark. Highmark denies the remaining allegations in Paragraph 623 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

106

624. Paragraph 624 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 624 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

625. Paragraph 625 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 625 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 625 purports to cite the Census Bureau's MSA definition, which speaks for itself.

626. Paragraph 626 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 626 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

627. Paragraph 627 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 627 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

628. Highmark denies the allegations in Paragraph 628 as to Highmark. Highmark denies the remaining allegations in Paragraph 628 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

629. Paragraph 629 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 629

because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

630. Paragraph 630 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 630 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 630 purports to cite the Census Bureau's MSA definition, which speaks for itself.

631. Paragraph 631 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 631 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

632. Paragraph 632 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 632 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

633. Highmark denies the allegations in Paragraph 633 as to Highmark. Highmark denies the remaining allegations in Paragraph 633 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

634. Paragraph 634 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 634 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

635. Paragraph 635 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 635 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 635 purports to cite the Census Bureau's MSA definition, which speaks for itself.

636. Paragraph 636 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 636 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

637. Paragraph 637 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 637 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

638. Highmark denies the allegations in Paragraph 638 as to Highmark. Highmark denies the remaining allegations in Paragraph 638 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

639. Paragraph 639 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 639 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

640. Paragraph 640 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 640 because Highmark lacks knowledge or information sufficient to form a belief about the truth of

those allegations, except that Highmark admits that Paragraph 640 purports to cite the Census Bureau's MSA definition, which speaks for itself.

641. Paragraph 641 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 641 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

642. Paragraph 642 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 642 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

643. Highmark denies the allegations in Paragraph 643 as to Highmark. Highmark denies the remaining allegations in Paragraph 643 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

644. Paragraph 644 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 644 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

645. Paragraph 645 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 645 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 645 purports to cite the Census Bureau's MSA definition, which speaks for itself.

646.     Paragraph 646 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 646 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

647.     Paragraph 647 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 647 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

648.     Highmark denies the allegations in Paragraph 648 as to Highmark. Highmark denies the remaining allegations in Paragraph 648 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

649.     Paragraph 649 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 649 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

650.     Paragraph 650 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 650 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 650 purports to cite the Census Bureau's MSA definition, which speaks for itself.

651.     Paragraph 651 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 651

because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

652.    Paragraph 652 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 652 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

653.    Highmark denies the allegations in Paragraph 653 as to Highmark. Highmark denies the remaining allegations in Paragraph 653 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

654.    Paragraph 654 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 654 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

655.    Paragraph 655 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 655 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 655 purports to cite the Census Bureau's MSA definition, which speaks for itself.

656.    Paragraph 656 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 656 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

657. Paragraph 657 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 657 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

658. Highmark denies the allegations in Paragraph 658 as to Highmark. Highmark denies the remaining allegations in Paragraph 658 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

659. Paragraph 659 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 659 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

660. Paragraph 660 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 660 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 660 purports to cite the Census Bureau's MSA definition, which speaks for itself.

661. Paragraph 661 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 661 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

662. Paragraph 662 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 662

as to Highmark. Highmark denies the remaining allegations in Paragraph 662 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

663. Highmark denies the allegations in Paragraph 663 as to Highmark. Highmark denies the remaining allegations in Paragraph 663 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

664. Paragraph 664 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 664 as to Highmark. Highmark denies the remaining allegations in Paragraph 664 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

665. Paragraph 665 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 665 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 665 purports to cite the Census Bureau's MSA definition, which speaks for itself.

666. Paragraph 666 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 666 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

667. Paragraph 667 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 667 as to Highmark. Highmark denies the remaining allegations in Paragraph 667 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

668. Highmark denies the allegations in Paragraph 668 as to Highmark. Highmark denies the remaining allegations in Paragraph 668 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

669. Paragraph 669 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 669 as to Highmark. Highmark denies the remaining allegations in Paragraph 669 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

670. Paragraph 670 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 670 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that Highmark admits that Paragraph 670 purports to cite the Census Bureau's MSA definition, which speaks for itself.

671. Paragraph 671 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 671 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

672. Highmark denies the allegations in Paragraph 672 as to Highmark. Highmark denies the remaining allegations in Paragraph 672 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

673. Paragraph 673 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 673 because Highmark lacks knowledge or information sufficient to form a belief about the truth of

those allegations, except that Highmark admits that Paragraph 673 purports to cite the Census Bureau's MSA definition, which speaks for itself.

674. Paragraph 674 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 674 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

675. Paragraph 675 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 675 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

676. Highmark denies the allegations in Paragraph 676 as to Highmark. Highmark denies the remaining allegations in Paragraph 676 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

677. Paragraph 677 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 677 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

678. Paragraph 678 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 678 as to Highmark. Highmark denies the remaining allegations in Paragraph 678 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

679. Paragraph 679 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 679

as to Highmark. Highmark denies the remaining allegations in Paragraph 679 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

680.     Paragraph 680 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 680 as to Highmark. Highmark denies the remaining allegations in Paragraph 680 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

## RESPONSE TO CLASS ACTION ALLEGATIONS

681.     Paragraph 681 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 681, except that Highmark admits that Plaintiffs purport to bring this action under Federal Rule of Civil Procedure 23(a) and (b)(3) seeking damages and equitable and injunctive relief on behalf of themselves and a putative class as defined in paragraph 43 of the Complaint.

682.     Paragraph 682 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 682 as to Highmark. Highmark denies the remaining allegations in Paragraph 682 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

683.     Paragraph 683 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 683 as to Highmark. Highmark denies the remaining allegations in Paragraph 683 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

684.     Paragraph 684 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 684

as to Highmark. Highmark denies the remaining allegations in Paragraph 684 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

685.     Paragraph 685 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 685 as to Highmark. Highmark denies the remaining allegations in Paragraph 685 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

686.     Paragraph 686 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 686 as to Highmark. Highmark denies the remaining allegations in Paragraph 686 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

687.     Paragraph 687 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 687 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

688.     Paragraph 688 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 688 as to Highmark. Highmark denies the remaining allegations in Paragraph 688 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

689.     Paragraph 689 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 689 as to Highmark. Highmark denies the remaining allegations in Paragraph 689 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

690.    Highmark denies the allegations in Paragraph 690 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

## RESPONSE TO ANTITRUST INJURY

691.    Paragraph 691 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 691 as to Highmark. Highmark denies the remaining allegations in Paragraph 691 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

692.    Paragraph 692 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 692 as to Highmark. Highmark denies the remaining allegations in Paragraph 692 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

693.    Paragraph 693 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 693 as to Highmark. Highmark denies the remaining allegations in Paragraph 693 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

## RESPONSE TO CONTINUING VIOLATION

694.    Paragraph 694 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 694 as to Highmark. Highmark denies the remaining allegations in Paragraph 694 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

695.    Paragraph 695 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 695

119

as to Highmark. Highmark denies the remaining allegations in Paragraph 695 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

696. Paragraph 696 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 696 as to Highmark. Highmark denies the remaining allegations in Paragraph 696 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

697. Paragraph 697 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 697 as to Highmark. Highmark denies the remaining allegations in Paragraph 697 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

698. Paragraph 698 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 698 as to Highmark. Highmark denies the remaining allegations in Paragraph 698 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

699. Paragraph 699 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 699 as to Highmark. Highmark denies the remaining allegations in Paragraph 699 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

700. Paragraph 700 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 700 as to Highmark. Highmark denies the remaining allegations in Paragraph 700 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

## RESPONSE TO CLAIMS FOR RELIEF

701.    Highmark repeats its responses to the allegations as set forth above as if fully set forth herein.

702.    Paragraph 702 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 702 as to Highmark. Highmark denies the remaining allegations in Paragraph 702 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

703.    Paragraph 703 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 703 as to Highmark. Highmark denies the remaining allegations in Paragraph 703 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

704.    Paragraph 704 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 704 as to Highmark. Highmark denies the remaining allegations in Paragraph 704 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

705.    Paragraph 705 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 705 as to Highmark. Highmark denies the remaining allegations in Paragraph 705 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

706.    Paragraph 706 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 706 as to Highmark, including because the Court has held that "application of the *per se* standard is not appropriate based on the allegations in the Multifamily Complaint." ECF No. 690 at 47.

Highmark denies the remaining allegations in Paragraph 706 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

707. Paragraph 707 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 707 as to Highmark. Highmark denies the remaining allegations in Paragraph 707 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

708. Highmark repeats its responses to the allegations as set forth above as if fully set forth herein, and Highmark incorporates its responses to the allegations as to each of the state-specific causes of action as if fully set forth herein.

709. Paragraph 709 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 709 as to Highmark. Highmark denies the remaining allegations in Paragraph 709 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

710. Paragraph 710 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 710 as to Highmark. Highmark denies the remaining allegations in Paragraph 710 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

711. Paragraph 711 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 711 as to Highmark. Highmark denies the remaining allegations in Paragraph 711 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

712. Paragraph 712 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 712

as to Highmark. Highmark denies the remaining allegations in Paragraph 712 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

713. Paragraph 713 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 713 as to Highmark. Highmark denies the remaining allegations in Paragraph 713 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

714. Paragraph 714 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 714 as to Highmark. Highmark denies the remaining allegations in Paragraph 714 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

715. Paragraph 715 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 715 as to Highmark. Highmark denies the remaining allegations in Paragraph 715 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

716. Paragraph 716 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 716 as to Highmark. Highmark denies the remaining allegations in Paragraph 716 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

717. Paragraph 717 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 717 as to Highmark. Highmark denies the remaining allegations in Paragraph 717 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

123

718.    Paragraph 718 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 718 as to Highmark. Highmark denies the remaining allegations in Paragraph 718 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

719.    Paragraph 719 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 719 as to Highmark. Highmark denies the remaining allegations in Paragraph 719 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

720.    Paragraph 720 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 720 as to Highmark. Highmark denies the remaining allegations in Paragraph 720 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

721.    Paragraph 721 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 721 as to Highmark. Highmark denies the remaining allegations in Paragraph 721 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

722.    Paragraph 722 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 722 as to Highmark. Highmark denies the remaining allegations in Paragraph 722 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

723.    Paragraph 723 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 723

as to Highmark. Highmark denies the remaining allegations in Paragraph 723 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

724. Paragraph 724 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 724 as to Highmark. Highmark denies the remaining allegations in Paragraph 724 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

725. Paragraph 725 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 725 as to Highmark. Highmark denies the remaining allegations in Paragraph 725 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

726. Paragraph 726 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 726 as to Highmark. Highmark denies the remaining allegations in Paragraph 726 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

727. Paragraph 727 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 727 as to Highmark. Highmark denies the remaining allegations in Paragraph 727 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

728. Paragraph 728 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 728 as to Highmark. Highmark denies the remaining allegations in Paragraph 728 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

125

729. Paragraph 729 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 729 as to Highmark. Highmark denies the remaining allegations in Paragraph 729 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

730. Paragraph 730 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 730 as to Highmark. Highmark denies the remaining allegations in Paragraph 730 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

731. Paragraph 731 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 731 as to Highmark. Highmark denies the remaining allegations in Paragraph 731 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

732. Paragraph 732 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 732 as to Highmark. Highmark denies the remaining allegations in Paragraph 732 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

733. Paragraph 733 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 733 as to Highmark. Highmark denies the remaining allegations in Paragraph 733 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

734. Paragraph 734 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 734

as to Highmark. Highmark denies the remaining allegations in Paragraph 734 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

735. Paragraph 735 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 735 as to Highmark. Highmark denies the remaining allegations in Paragraph 735 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

736. Paragraph 736 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 736 as to Highmark. Highmark denies the remaining allegations in Paragraph 736 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

737. Paragraph 737 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 737 as to Highmark. Highmark denies the remaining allegations in Paragraph 737 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

738. Paragraph 738 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 738 as to Highmark. Highmark denies the remaining allegations in Paragraph 738 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

739. Paragraph 739 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 739 as to Highmark. Highmark denies the remaining allegations in Paragraph 739 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

740.    Paragraph 740 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 740 as to Highmark. Highmark denies the remaining allegations in Paragraph 740 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

741.    Paragraph 741 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 741 as to Highmark. Highmark denies the remaining allegations in Paragraph 741 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

742.    Paragraph 742 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 742 as to Highmark. Highmark denies the remaining allegations in Paragraph 742 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

743.    Paragraph 743 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 743 as to Highmark. Highmark denies the remaining allegations in Paragraph 743 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

744.    Paragraph 744 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 744 as to Highmark. Highmark denies the remaining allegations in Paragraph 744 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

745.    Paragraph 745 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 745

as to Highmark. Highmark denies the remaining allegations in Paragraph 745 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

746.     Paragraph 746 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 746 as to Highmark. Highmark denies the remaining allegations in Paragraph 746 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

747.     Paragraph 747 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 747 as to Highmark. Highmark denies the remaining allegations in Paragraph 747 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

748.     Paragraph 748 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 748 as to Highmark. Highmark denies the remaining allegations in Paragraph 748 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

749.     Paragraph 749 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 749 as to Highmark. Highmark denies the remaining allegations in Paragraph 749 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

750.     Paragraph 750 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 750 as to Highmark. Highmark denies the remaining allegations in Paragraph 750 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

751.     Paragraph 751 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 751 as to Highmark. Highmark denies the remaining allegations in Paragraph 751 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

752.     Paragraph 752 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 752 as to Highmark. Highmark denies the remaining allegations in Paragraph 752 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

753.     Paragraph 753 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 753 as to Highmark. Highmark denies the remaining allegations in Paragraph 753 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

754.     Paragraph 754 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 754 as to Highmark. Highmark denies the remaining allegations in Paragraph 754 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

755.     Paragraph 755 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 755 as to Highmark. Highmark denies the remaining allegations in Paragraph 755 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

756.     Paragraph 756 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 756

as to Highmark. Highmark denies the remaining allegations in Paragraph 756 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

757.    Paragraph 757 states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in Paragraph 757 as to Highmark. Highmark denies the remaining allegations in Paragraph 757 because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

## RESPONSE TO PRAYER FOR RELIEF

The "PRAYER FOR RELIEF" states a legal conclusion to which no responsive pleading is necessary. To the extent a response is necessary, Highmark denies the allegations in the "PRAYER FOR RELIEF" as to Highmark. Highmark denies the remaining allegations in the "PRAYER FOR RELIEF" because Highmark lacks knowledge or information sufficient to form a belief about the truth of those allegations.

## RESPONSE TO JURY TRIAL DEMANDED

Highmark admits that Plaintiffs demand a trial by jury for all of the issues pled that are so triable. However, such a trial is unnecessary as Plaintiffs' claims should be rejected as a matter of law. In addition, Highmark denies that Plaintiffs are entitled to a trial by jury to the extent a contractual agreement to arbitrate, to waive a jury trial, or to waive a class action entered into by Plaintiffs or any purported class member precludes such trial by jury.

131

## HIGHMARK'S AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Highmark asserts the following avoidances and defenses to Plaintiffs' claims.

Federal Rule of Civil Procedure 8 sets forth the avoidances and defenses that must be affirmatively stated in a pleading. *See* Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: [identified affirmative defenses].").

To the extent necessary, Highmark alleges Plaintiffs' claims are barred because Highmark acted unilaterally in setting rents and managing properties, based on its own independent interests. Highmark reserves the right to assert additional avoidances and defenses as they become known during discovery and based on the record as it develops, up to and including the time of trial.

### FIRST DEFENSE
#### (Failure To State a Claim)

1.     Plaintiffs' claims are barred in whole or in part because Plaintiffs' Second Amended Consolidated Class Action Complaint fails to state facts upon which relief can be granted.

### SECOND DEFENSE
#### (Statute of Limitations)

2.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

3.     To the extent Plaintiffs seek to bring claims outside the applicable statute of limitations, Plaintiffs' Complaint is time-barred.

4.     To the extent that Plaintiffs' Complaint relies on information made public more than four years ago, Plaintiff's Complaint is time-barred.

## THIRD DEFENSE
### (No Injury)

5.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any injury in fact or any injury cognizable under the antitrust laws.

6.      Plaintiffs' alleged harm lies in their speculation that many companies colluded seamlessly through a conspiracy, resulting in their harm. In essence, Plaintiffs complain about the impact of naturally unpredictable changes in the market conditions that exist in the global, national, and local economy.

7.      To the extent that Plaintiffs maintain that they were injured by these events, such an injury is not cognizable under the antitrust laws.

## FOURTH DEFENSE
### (Failure to Mitigate)

8.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exercise reasonable care to mitigate any damages they may have suffered.

9.      To the extent Plaintiffs believed that Highmark agreed to use RealPage Revenue Management software and that such agreement had the effect of raising rental prices above competitive levels, Plaintiffs had an obligation to mitigate their damages by seeking other sources of supply, including from other property managers or owners. Plaintiffs' failure to exercise reasonable care to mitigate damages was the complete or partial cause of any damages Plaintiffs may have suffered.

## FIFTH DEFENSE
### (Lack of Proximate Cause & Intervening/Superseding Conduct)

10.      Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and damages either were not legally or proximately caused by any acts or omissions of Highmark or were caused, if at all, solely and proximately by Plaintiffs' conduct or by the conduct of third

parties including, without limitation, the prior, intervening, or superseding conduct of Plaintiffs or such third parties.

11.     Plaintiffs' claims are barred, in whole and/or in part, because Highmark is not liable for the acts of any other Defendant.

**SIXTH DEFENSE**
**(Waiver)**

12.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

13.     Plaintiffs continued rental leases at what they now allege are prices above the competitive level manifest an intention to waive any right to bring this suit and are inconsistent with any other intention.

14.     Plaintiffs, by their actions, accepted the benefits of an ongoing relationship with Defendants and relinquished their rights to bring suit.

**SEVENTH DEFENSE**
**(Laches)**

15.     Plaintiffs' claims are barred by the equitable doctrine of laches.

16.     Plaintiffs demonstrated an unreasonable lack of diligence in bringing their claims.

17.     Plaintiffs' unreasonable lack of diligence in bringing their claims now bars them.

**EIGHTH DEFENSE**
**(Consent)**

18.     Plaintiffs' claims are barred, in whole or in part, due to their ratification of, and consent to, the conduct of Highmark.

19.     Plaintiffs' Complaint demonstrates their long-standing ratification of and consent to the complained-of conduct.

134

20.     Accordingly, because Plaintiffs have been aware for years of the very same conduct they now challenge—and because some of that conduct provided Plaintiffs a direct benefit—Plaintiffs' claims are barred by the doctrine of ratification.

## NINTH DEFENSE
### (*Noerr-Pennington* & Free Speech)

21.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seeks to impose liability on Highmark based on the exercise of any person or entity's right to petition federal, state, and local governmental bodies, including through public statements, because such conduct was immune under the *Noerr-Pennington* doctrine and privileged under the First Amendment to the U.S. Constitution.

## TENTH DEFENSE
### (Arbitration Agreements, Class Action Waivers, or Other Contractual Terms)

22.     Plaintiffs' claims are barred, in whole or in part, to the extent the rental lease agreements pursuant to which Plaintiffs rented their apartments or other agreements a Plaintiff entered into with a Defendant contain arbitration clauses, clauses providing a different forum for the resolution of their claims, or provisions waiving a Plaintiff's ability to bring a representative or class action claim.

## ELEVENTH DEFENSE
### (Right to Set Off Amounts Paid)

23.     Without admitting the existence of any contract, combination, or conspiracy in restraint of trade, and expressly denying same, Plaintiffs' claims are barred, in whole or in part, by non-settling Defendants' right to set off any amounts paid to Plaintiffs by any Defendants who have settled, or do settle, Plaintiffs' claims against them in this action.

135

## TWELFTH DEFENSE
### (Contracts Without Any Purported Overcharge)

24.     Without admitting the existence of any contract, combination, or conspiracy in restraint of trade, and expressly denying same, Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs entered into contracts that do not include any purported overcharge.

25.     Plaintiffs' claims are barred, in whole and/or in part, by Defendants' right to set off any amount paid to Plaintiffs by damages attributable to Plaintiffs' conduct, including to the extent Plaintiffs shared information found to be competitively sensitive regarding their rental lease agreements or potential alternative rental lease agreements.

## THIRTEENTH DEFENSE
### (Improper Damages)

26.     Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards, including treble damages awards, duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution and of the Eighth Amendment of the United States Constitution.

## FOURTEENTH DEFENSE
### (Acquiescence)

27.     Plaintiffs' claims are barred, in whole or in part, by the Plaintiffs' knowing acquiescence to the restraints of trade alleged in the Complaint.

## FIFTEENTH DEFENSE
### (Damages Reduced by Plaintiffs' Conduct)

28.     Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by Defendants' right to set off any amount paid to Plaintiffs by damages attributable to Plaintiffs'

conduct to the extent Plaintiffs unlawfully shared information found to be competitively sensitive regarding their rental lease agreements or potential alternative rental lease agreements.

## SIXTEENTH DEFENSE
### (Lack of Standing for State Law Claims)

29.     Some or all of Plaintiffs' state-law claims cannot be brought against Highmark for a lack of jurisdiction. For instance, the laws of the states cited in Count II of the Complaint are not intended to, and do not, apply to conduct occurring outside of those states, and Plaintiffs' Complaint does not include any Plaintiff from the States of Alaska, Arizona, District of Columbia, Hawaii, Idaho, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Utah, Vermont, Virginia, West Virginia, Wisconsin, and Wyoming.

30.     Many of the state laws allegedly giving rise to Plaintiffs' claims do not apply because the alleged conduct did not occur within or substantially affect the citizens or commerce of the respective states, or because Highmark had no specific intent to impact the commerce of those states. As a result, the application of those state laws to Highmark's conduct would violate the Due Process Clauses and Commerce Clause of the U.S. Constitution, the principle of federalism, and the constitutions and laws of the respective states at issue.

31.     To the extent that the Complaint seeks to assert claims or obtain relief on behalf of multifamily renters located outside of the jurisdictions governed by those laws, those claims are barred as improper assertions of extraterritorial jurisdiction and any effort to enforce those laws as to residents of other states would violate the Due Process Clause and the Commerce Clause of the U.S. Constitution and various state laws and constitutions.

## SEVENTEENTH DEFENSE
### (No Private Right of Action)

32.     Some of Plaintiffs' state-law claims are barred, in whole or in part, to the extent Plaintiffs seek damages under state laws that do not permit recovery of damages by private plaintiffs.

## EIGHTEENTH DEFENSE
### (Failure to Comply with State Law Notice)

33.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to comply with the notice requirements under various state laws.

## NINETEENTH DEFENSE
### (Justified & Pro-Competitive Conduct)

34.     Some or all of Plaintiffs' claims, including, without limitation, those state-law claims brought under the laws of states that permit private antitrust claims, are barred because all of Highmark's conduct challenged by Plaintiffs has not unreasonably restrained trade and was lawful, fair, non-deceptive, expressly authorized by law, justified, and pro-competitive; it constituted a bona fide business practice consistent with industry practices and was carried out in furtherance of legitimate business interests; and it was an essential part of Highmark's lawful business operations.

## TWENTIETH DEFENSE
### (State Law Class Action Limitations)

35.     Some or all of the respective state-law claims at issue cannot be, and were not intended to be, applied in the class-action context.

## TWENTY-FIRST DEFENSE
### (Filed Rate Doctrine)

36.     To the extent that the rate paid for a multifamily residential rental unit by any Plaintiff or putative class member was subject to or influenced by rates filed with any applicable

federal, state, or local regulator, whether under rent-control laws or otherwise, Plaintiffs' and putative class members' claims are barred by the immunities and exemptions conferred by the filed rate doctrine.

## TWENTY-SECOND DEFENSE
**(Conduct Not *Per Se* Unlawful)**

37.     Plaintiffs' claims are barred, in whole and/or in part, because Highmark's actions were not *per se* unlawful.

## TWENTY-THIRD DEFENSE
**(No Market Power)**

38.     Plaintiffs' claims are barred, in whole and/or in part, because Highmark and other Defendants do not possess market power, individually or collectively, in any relevant market, including the metropolitan statistical areas ("MSAs") where Plaintiffs allege Highmark manages and/or operates multifamily housing properties.

## TWENTY-FOURTH DEFENSE
**(No Agreement or Harm in MSAs)**

39.     Plaintiffs' claims are barred, in whole and/or in part, because Highmark has not formed an agreement or exchanged competitively sensitive information in any relevant market, including the MSAs where Plaintiffs allege Highmark manages and/or operates multifamily housing properties.

40.     Plaintiffs' claims are barred, in whole and/or in part, because none of Highmark's alleged actions or omissions that Plaintiffs challenge substantially lessened or otherwise harmed competition within any relevant market, including the MSAs where Plaintiffs allege Highmark manages and/or operates multifamily housing properties.

139

## TWENTY-FIFTH DEFENSE
### (Improper Market Definition)

41.     Plaintiffs' claims are barred, in whole and/or in part, because Plaintiffs have not defined a proper relevant market for purposes of this action.

42.     Plaintiffs' claims are barred, in whole and/or in part, because Plaintiffs cannot demonstrate the relevant product market should be limited to "the market for the lease of multifamily residential real estate."

43.     Plaintiffs' claims are barred, in whole and/or in part, because Plaintiffs failed to allege a properly defined geographic market.

## TWENTY-SIXTH DEFENSE
### (Lack of Subject Matter Jurisdiction)

44.     Plaintiffs' and putative class members' claims are barred due to lack of subject matter jurisdiction as to MSAs in which no named Plaintiff suffered any injury because no named Plaintiff rented a residential multifamily rental unit in that MSA.

## TWENTY-SEVENTH DEFENSES
### (No Standing)

45.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing, including antitrust standing, to assert their claims.

## TWENTY-EIGHTH DEFENSE
### (Speculative, Uncertain, Unascertainable Damages)

46.     Plaintiffs' claim for damages is barred because their alleged damages, if any, are speculative and uncertain, and because of the impossibility of ascertaining and allocating their alleged damages.

## TWENTY-NINTH DEFENSE
### (Inability to Maintain Action as a Class Action)

47.     Plaintiffs' claims are barred, in whole and/or in part, because Plaintiffs cannot satisfy the prerequisites set forth in Rules 23(a), 23(b)(2), and/or 23(b)(3) of the Federal Rules of Civil Procedure to maintain this action as a class action.

## THIRTIETH DEFENSE
### (Injunctive Relief)

48.     Plaintiffs are not entitled to injunctive relief because they have an adequate remedy at law.

49.     Plaintiffs fail to allege facts sufficient to support any granting of injunctive relief. Plaintiffs' request for injunctive relief lacks the specificity required by the Federal Rule of Civil Procedure 65.

50.     Plaintiffs' claims are barred, in whole and/or in part, because Plaintiffs are neither typical nor adequate representatives of the class seeking injunctive relief.

## THIRTY-FIRST DEFENSE
### (*Illinois Brick*)

51.     Plaintiffs' claims are barred, in whole and/or in part, under *Illinois Brick v. Illinois*, 431 U.S. 720 (1977).

## THIRTY-SECOND DEFENSE
### (*Ultra Vires*)

52.     To the extent that any actionable conduct occurred, Plaintiffs' claims and those of the putative class are barred to the extent that such conduct was committed by any individual acting *ultra vires* or beyond the scope of any individual's express or implied authority as an agent or employee of Highmark.

141

## THIRTY-THIRD DEFENSE
### (Incorporating Other Defendants' Defenses)

53.     Highmark adopts and incorporates by reference any and all other defenses asserted by any other Defendant to the extent that the defense would apply to Highmark.

## THIRTY-FOURTH DEFENSE
### (Right to Assert Other Defenses)

54.     Highmark reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Highmark respectfully prays that this Court:

A.      Deny Plaintiffs' prayer for relief in its entirety;

B.      Dismiss the Complaint with prejudice and enter judgment in favor of Highmark;

C.      Award Highmark its attorneys' fees and costs incurred in this action, and any other amounts recoverable under law; and

D.      Award Highmark such other and further relief as the Court deems just and equitable.


Dated: February 5, 2024

/s/ *Michael D. Bonanno*
Michael D. Bonanno (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8225
mikebonanno@quinnemanuel.com

Christopher Daniel Kercher (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor,

142

New York, New York 10010
Telephone: (212) 849-7000
christopherkercher@quinnemanuel.com

Andrew Gardella, Esq. (TN Bar #027247)
MARTIN, TATE, MORROW & MARSTON P.C.
315 Deaderick Street, Suite 1550
Nashville, TN 37238
Telephone: (615) 627-0668
agardella@martintate.com

*Counsel for Defendant Highmark Residential, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered on the CM/ECF system.

Dated: February 5, 2024

/s/ *Michael D. Bonanno*
Michael D. Bonanno