**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | **Case No. 3:23-MD-3071**<br>**MDL No. 3071**<br><br>**Chief Judge Waverly D. Crenshaw, Jr.**<br><br>**This Document Relates to:**<br><br>    **3:23-cv-00332**<br>    **3:23-cv-00357**<br>    **3:23-cv-00378**<br>    **3:22-cv-01082**<br>    **3:23-cv-00979**<br>    **3:23-cv-00410**<br>    **3:23-cv-00413**<br>    **3:23-cv-00552**<br>    **3:23-cv-00742** |

**DEFENDANTS' ANSWER TO MULTIFAMILY PLAINTIFFS'**
**SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant RealPage, Inc. ("RealPage") hereby answers the Multifamily Plaintiffs' Second Amended Consolidated Class Action Complaint ("Complaint"). Any allegation not explicitly admitted is denied. RealPage does not by noting or admitting that the Complaint purports to characterize or quote particular documents admit the truth of any assertion in the referenced document. Moreover, headings, footnotes, and figures contained within the Complaint are not substantive allegations to which an answer is required. Any allegations contained therein do not comply with Federal Rule of Civil Procedure 10(b), providing that allegations be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To the extent headings are substantive allegations to which an answer is required, RealPage denies the

allegations. To the extent footnotes or figures in the Complaint are deemed to be substantive allegations, then the response to the paragraph in which the footnote or figure is found is RealPage's response to the footnote or figure as well. In answer to the Complaint, RealPage states as follows:

## I.    INTRODUCTION

1.    To the extent the allegations in Paragraph 1 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 1.

2.    RealPage admits that it provides software solutions for the multifamily rental housing market, including revenue management products Lease Rent Options ("LRO"), YieldStar, and AI Revenue Management ("AIRM") (collectively RealPage "RMS"). Except as expressly admitted, RealPage denies the allegations in Paragraph 2.

3.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint related to the operations and ownership status of "Owner Defendants," "Owner-Operators," and "Managing Defendants," and on that basis denies them. RealPage denies the remaining allegations in Paragraph 3.

4.    RealPage admits that Paragraph 4 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 4.

5.    RealPage admits that Paragraph 5 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. RealPage lacks information or knowledge sufficient to form a belief as to what "witness[es]" said to Plaintiffs' counsel, and on

that basis denies the allegations related to "witness interviews."  Except as expressly admitted, RealPage denies the allegations in Paragraph 5.

6. RealPage denies the allegations in Paragraph 6.

7. RealPage admits that Paragraph 7 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 7.

8. To the extent the allegations in Paragraph 8 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 8.

## II. BACKGROUND

9. RealPage admits that Paragraph 9 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 9.

10. RealPage admits that Paragraph 10 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 10.

11. RealPage admits that Paragraph 11 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 11.

12. RealPage lacks information or knowledge sufficient to form a belief as to what "witness[es]" said to Plaintiffs' counsel, and on that basis denies the allegations related to "witness interviews."  RealPage denies the remaining allegations in Paragraph 12.

13.     RealPage admits that Paragraph 13 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 13.

14.     RealPage admits that it charges its customers various types of fees and enters into individual agreements with each customer, which vary based on the customer's individual situation.  Except as expressly admitted, RealPage denies the allegations in Paragraph 14.

15.     RealPage admits that Paragraph 15 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 15.

16.     RealPage admits that Paragraph 16 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 16.

17.     RealPage admits that Paragraph 17 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 17.

18.     RealPage lacks information or knowledge sufficient to form a belief as to what "witness[es]" said to Plaintiffs' counsel, and on that basis denies the allegations related to "witnesses."  RealPage denies the remaining allegations in Paragraph 18.

19.     RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 4" said to Plaintiffs' counsel, and on that basis denies the allegation related to "Witness 4."  Except as expressly admitted, RealPage denies the allegations in Paragraph 19.

20.     RealPage admits that Paragraph 20 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  RealPage lacks information or

knowledge sufficient to form a belief as to the truth of the allegations regarding Defendant Lincoln Property Company's internal policies, and on that basis denies the allegations. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 5," "Witness 6," and "Witness 7" told Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 5," "Witness 6," and "Witness 7." Except as expressly admitted, RealPage denies the allegations in Paragraph 20.

21. RealPage admits that Paragraph 21 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. RealPage lacks information or knowledge regarding how "Figure 1" was created sufficient to form a belief as to the truth of the allegations regarding "Figure 1," and on that basis denies the allegations related to "Figure 1." Except as expressly admitted, RealPage denies the allegations in Paragraph 21.

22. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 regarding Plaintiffs' review of pricing data, and on that basis denies the allegation. RealPage lacks information or knowledge regarding how "Figure 2" was created sufficient to form a belief as to the truth of the allegations regarding "Figure 2," and on that basis denies the allegations related to "Figure 2." RealPage denies the remaining allegations of Paragraph 22.

23. RealPage admits that Paragraph 23 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 2" and "Witness 8" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 2" and "Witness 8." Except as expressly admitted, RealPage denies the allegations in Paragraph 23.

24.    RealPage admits that Paragraph 24 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 24.

25.    RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 4" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 4." RealPage denies the remaining allegations in Paragraph 25.

26.    RealPage admits that it acquired Lease Rent Options revenue management software from the Rainmaker Group in 2017. RealPage admits that Paragraph 26 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 26

27.    RealPage admits that Paragraph 27 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 27.

28.    RealPage admits that Paragraph 28 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 28.

29.    RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 4" and "Witness 9" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 4" and "Witness 9." RealPage denies the remaining allegations in Paragraph 29.

30.    RealPage denies the allegations in Paragraph 30.

31.    RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 6" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness

6."  RealPage admits that Paragraph 31 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 31.

32.     RealPage denies the allegations in Paragraph 32.

33.     RealPage admits that Paragraph 33 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 33.

34.     RealPage lacks information or knowledge regarding how "Figure 3" and "Figure 4" were created sufficient to form a belief as to the truth of the allegations regarding "Figure 3" and "Figure 4," and on that basis denies the allegations related to "Figure 3" and "Figure 4."  RealPage denies the remaining allegations in Paragraph 34.

35.     RealPage admits that Paragraph 35 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 35.

36.     RealPage admits that Paragraph 36 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 8" and "Witness 6" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 8" and "Witness 6."  Except as expressly admitted, RealPage denies the allegations in Paragraph 36.

37.     RealPage admits that it hosts events and meetings for users of its software, and that it interacts with a RealPage User Group.  RealPage admits that Paragraph 37 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 37.

38. RealPage admits that Paragraph 38 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 38.

39. RealPage admits that Paragraph 39 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 10" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 10." Except as expressly admitted, RealPage denies the allegations in Paragraph 39.

40. RealPage admits that Paragraph 40 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 40.

41. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 11" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 11." RealPage denies the remaining allegations in Paragraph 41.

42. RealPage admits that Paragraph 42 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. RealPage lacks information or knowledge sufficient to form a belief as to what Plaintiffs were "informed and believe," and on that basis denies the second sentence of Paragraph 42. Except as expressly admitted, RealPage denies the allegations in Paragraph 42.

43. To the extent the allegations in Paragraph 43 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 43, including

because the Court has held that "application of the *per se* standard is not appropriate based on the allegations in the Multifamily Complaint." Dkt. 690 at 47.

## III. JURISDICTION AND VENUE

44. To the extent the allegations in Paragraph 44 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage admits that Plaintiffs purport to bring their claims under 15 U.S.C. §§ 15, 26 based on alleged violations of 15 U.S.C. § 1.

45. To the extent the allegations in Paragraph 45 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage admits that Plaintiffs purport to plead jurisdiction pursuant to 15 U.S.C. §§ 15(a), 26, and 28 U.S.C. §§ 1331, 1337.

46. To the extent the allegations in Paragraph 46 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage admits that the Judicial Panel on Multidistrict Litigation transferred related actions to this District for pretrial proceedings.

47. To the extent the allegations in Paragraph 47 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage admits for purposes of this action only that this Court has personal jurisdiction over RealPage. RealPage lacks information or knowledge sufficient to form a belief as to the operations of other Defendants, and on that basis denies the allegations related to other Defendants in Paragraph 47. Except as expressly admitted, RealPage denies the allegations in Paragraph 47.

48. To the extent the allegations in Paragraph 48 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 48.

49. To the extent the allegations in Paragraph 49 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage admits that the Judicial Panel on Multidistrict Litigation transferred related actions to this District for pretrial proceedings.

## IV. THE PARTIES

50. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff Jason Goldman, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 50.

51. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff Jeffrey Weaver, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 51.

52. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff Billie Jo White, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 52.

53. Plaintiff Nancy Alexander dismissed all her claims in this action, Dkts. 677 & 682, and therefore no response is required. Insofar as any responsive pleading is required, RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding former Plaintiff Nancy Alexander, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 53.

54.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff Brandon Watters, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 54.

55.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiffs Priscilla Parker and Patrick Parker, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 55.

56.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff Barry Amar-Hoover, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 56.

57.      RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff Joshua Kabisch, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 57.

58.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff Meghan Cherry, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 58.

59.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff Selena Vincin, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 59.

60.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff Maya Haynes, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 60.

61.     RealPage admits that it is a corporation headquartered in Richardson, Texas, organized under the laws of Delaware.  RealPage admits that it provides software and services,

including RMS, to managers of residential rental apartments. RealPage admits that it was a public company beginning in 2010 and that its acquisition was announced in December 2020. RealPage admits that it was acquired through a merger agreement involving private investment funds sponsored by Thoma Bravo, L.P. in a transaction that valued RealPage at approximately $10.2 billion, including net debt. RealPage admits that Paragraph 61 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 61.

62.    RealPage admits that Thoma Bravo Fund XIII, L.P. and Thoma Bravo Fund XIV, L.P. are Delaware limited partnerships and that Defendant Thoma Bravo L.P. ("Thoma Bravo") is a Delaware limited partnership. RealPage admits that Paragraph 62 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 62.

63.    RealPage admits that Paragraph 63 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 63.

64.    RealPage admits that Paragraph 64 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. RealPage admits that its acquisition was announced in December 2020 and closed in April 2021. Except as expressly admitted, RealPage denies the allegations in Paragraph 64.

65.    RealPage admits that Paragraph 65 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 65.

66. RealPage admits that Paragraph 66 purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 66.

67. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 67, and on that basis denies them.

68. RealPage denies the allegations of Paragraph 68.

69. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 69, and on that basis denies them.

70. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 70 regarding which Allied Orion personnel were involved in implementing RealPage RMS, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 70.

71. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 71, and on that basis denies them.

72. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 72 regarding which AMC personnel were involved in implementing RealPage RMS, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 72.

73. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis denies them.

74. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 74 regarding which Avenue5 personnel were involved in

implementing RealPage RMS, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 74.

75.     RealPage denies the allegations of Paragraph 75.

76.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 76, and on that basis denies them.

77.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 77 regarding which Bell Partners personnel were involved in implementing RealPage RMS, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 77.

78.     RealPage denies the allegations in Paragraph 78.

79.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 79, and on that basis denies them.

80.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 80 regarding which BH personnel were involved in implementing RealPage RMS, and on that basis denies them. RealPage denies the allegations in Paragraph 80.

81.     RealPage denies the allegations in Paragraph 81.

82.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 82, and on that basis denies them.

83.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 83 regarding which Bozzuto personnel were involved in implementing RealPage RMS, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 83.

84.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 84, and on that basis denies them.

85.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 85 regarding which Brookfield personnel were involved in implementing RealPage RMS, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 85.

86.     RealPage denies the allegations in Paragraph 86.

87.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 87, and on that basis denies them.

88.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 88 regarding which Camden personnel were involved in implementing RealPage RMS, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 88.

89.     RealPage denies the allegations of Paragraph 89.

90.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 90, and on that basis denies them.

91.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 91 regarding which Carter-Haston personnel were involved in implementing RealPage RMS, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 91.

92.     RealPage denies the allegations in Paragraph 92.

93.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 93, and on that basis denies them.

94.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 94 regarding which CONAM personnel were involved in implementing RealPage RMS, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 68.

95.     RealPage denies the allegations in Paragraph 95.

96.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 96, and on that basis denies them.

97.     RealPage denies the allegations in Paragraph 97.

98.      RealPage denies the allegations in Paragraph 98.

99.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 99, and on that basis denies them.

100.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 100 regarding which Cortland personnel were involved in implementing RealPage RMS, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 100.

101.     RealPage denies the allegations in Paragraph 101.

102.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 102, and on that basis denies them.

103.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 103 regarding which CWS personnel were involved in implementing RealPage RMS, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 103.

104.     RealPage denies the allegations in Paragraph 104.

105.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 105, and on that basis denies them.

106.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 106 regarding which Dayrise personnel were involved in implementing RealPage RMS, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 106.

107.    RealPage denies the allegations in Paragraph 107.

108.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 108, and on that basis denies them.

109.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 109 regarding which ECI personnel were involved in implementing RealPage RMS, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 109.

110.    RealPage denies the allegations in Paragraph 110.

111.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 111, and on that basis denies them.

112.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 112 regarding which Equity personnel were involved in implementing RealPage RMS, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 112.

113.    RealPage denies the allegations in Paragraph 113.

114.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 114, and on that basis denies them.

115. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 115 regarding which Essex personnel were involved in implementing RealPage RMS, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 115.

116. RealPage denies the allegations in Paragraph 116.

117. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 117, and on that basis denies them.

118. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 118 regarding which First Communities personnel were involved in implementing RealPage RMS, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 118.

119. RealPage denies the allegations in Paragraph 118.

120. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 120, and on that basis denies them.

121. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 121 regarding which FPI Management personnel were involved in implementing RealPage RMS, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 121.

122. RealPage denies the allegations in Paragraph 122.

123. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 123 and on that basis denies them.

124. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 124 regarding which Greystar personnel were involved in

Case 3:23-md-03071    Document 752    Filed 02/05/24    Page 18 of 108 PageID #: 12653

implementing RealPage RMS, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 124.

125. RealPage denies the allegations in Paragraph 125.

126. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 126, and on that basis denies them.

127. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 127 regarding which Highmark personnel were involved in implementing RealPage RMS, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 127.

128. RealPage denies the allegations in Paragraph 128.

129. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 129, and on that basis denies them.

130. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 130 regarding which IRT personnel were involved in implementing RealPage RMS, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 130.

131. RealPage denies the allegations in Paragraph 131.

132. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 132, and on that basis denies them.

133. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 133 regarding which Kairoi personnel were involved in implementing RealPage RMS, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 133.

Case 3:23-md-03071     Document 752     Filed 02/05/24     Page 19 of 108 PageID #: 12654

134.     RealPage denies the allegations in Paragraph 134.

135.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 135, and on that basis denies them.

136.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 136 regarding which Knightvest personnel were involved in implementing RealPage RMS, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 136.

137.     RealPage denies the allegations in Paragraph 137.

138.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 138, and on that basis denies them.

139.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 139 regarding which Lantower personnel were involved in implementing RealPage RMS, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 139.

140.     RealPage denies the allegations in Paragraph 140.

141.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 141, and on that basis denies them.

142.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 142 regarding which Lincoln personnel were involved in implementing RealPage RMS, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 142.

143.     RealPage denies the allegations in Paragraph 143.

144. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 144, and on that basis denies them.

145. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 144 regarding which MAA personnel were involved in implementing RealPage RMS, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 145.

146. RealPage denies the allegations in Paragraph 146.

147. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 147, and on that basis denies them.

148. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 148 regarding which Mission Rock personnel were involved in implementing RealPage RMS, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 148.

149. RealPage denies the allegations in Paragraph 149.

150. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 150, and on that basis denies them.

151. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 151 regarding which Morgan personnel were involved in implementing RealPage RMS, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 151.

152. RealPage denies the allegations in Paragraph 152.

153. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 68, and on that basis denies them.

Case 3:23-md-03071    Document 752    Filed 02/05/24    Page 21 of 108 PageID #: 12656

154.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 154 regarding which Pinnacle personnel were involved in implementing RealPage RMS, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 154.

155.     RealPage denies the allegations in Paragraph 155.

156.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 156, and on that basis denies them.

157.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 157 regarding which Prometheus personnel were involved in implementing RealPage RMS, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 157.

158.     RealPage denies the allegations in Paragraph 158.

159.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 159, and on that basis denies them.

160.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 160 regarding which Related personnel were involved in implementing RealPage RMS, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 160.

161.     RealPage denies the allegations in Paragraph 161.

162.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 162, and on that basis denies them.

163.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 163 regarding which Rose Associates personnel were involved in

implementing RealPage RMS, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 163.

164. RealPage denies the allegations in Paragraph 164.

165. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 165, and on that basis denies them.

166. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 166 regarding which RPM personnel were involved in implementing RealPage RMS, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 166.

167. RealPage denies the allegations in Paragraph 167.

168. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 168, and on that basis denies them.

169. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 169 regarding which Sares Regis personnel were involved in implementing RealPage RMS, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 169.

170. RealPage denies the allegations in Paragraph 170.

171. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 171, and on that basis denies them.

172. RealPage denies the allegations of Paragraph 172.

173. RealPage denies the allegations in Paragraph 173.

174. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 174, and on that basis denies them.

175.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 175 regarding which Sherman personnel were involved in implementing RealPage RMS, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 175.

176.     RealPage denies the allegations in Paragraph 176.

177.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 177, and on that basis denies them.

178.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 178 regarding which Simpson personnel were involved in implementing RealPage RMS, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 178.

179.     RealPage denies the allegations in Paragraph 179.

180.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 180, and on that basis denies them.

181.     RealPage denies the allegations in Paragraph 181.

182.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 182, and on that basis denies them.

183.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 183 regarding which Trammel Crow personnel were involved in implementing RealPage RMS, and on that basis denies them.  RealPage denies the remaining allegations in Paragraph 183.

184.     RealPage denies the allegations in Paragraph 184.

185. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 185, and on that basis denies them.

186. RealPage denies the allegations in Paragraph 186.

187. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 187, and on that basis denies them.

188. RealPage denies the allegations in Paragraph 188.

189. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 189, and on that basis denies them.

190. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 190 regarding which Winn personnel were involved in implementing RealPage RMS, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 190.

191. RealPage denies the allegations in Paragraph 191.

192. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 192, and on that basis denies them.

193. RealPage denies the allegations in Paragraph 193.

194. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 194, and on that basis denies them.

195. RealPage denies the allegations in Paragraph 195.

196. To the extent the allegations in Paragraph 196 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 196.

197.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 197 regarding the actions and ownership interests of "Managing Defendants," and on that basis denies them.    RealPage denies the remaining allegations in Paragraph 197.

198.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 198 regarding the actions and ownership interests of "Owner-Operator Defendants," and on that basis denies them.    RealPage denies the remaining allegations in Paragraph 198.

199.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 199 regarding the actions and ownership interests of "Owner Defendants," and on that basis denies them.    RealPage denies the remaining allegations in Paragraph 198.

200.    RealPage denies the allegations in Paragraph 200.

201.    RealPage admits that Plaintiffs represented that they dismissed defendants who confirmed to Plaintiffs they did not use RealPage RMS.  Except as expressly admitted, RealPage denies the allegations in Paragraph 201.

## V.    FACTUAL ALLEGATIONS

### A.    Historical Competition Among Residential Property Managers.

202.    RealPage admits that Paragraph 202 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 202.

203.    To the extent the allegations in Paragraph 203 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 203.

204.     RealPage admits that Paragraph 204 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 204.

205.     To the extent the allegations in Paragraph 205 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 205.

206.     RealPage admits that Paragraph 206 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 206.

207.     RealPage admits that Paragraph 207 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 207.

**B.     Evolution of RealPage's Revenue Management Solutions.**

208.     RealPage admits that Paragraph 208 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 208.

209.     RealPage admits that it was founded in 1998 and that it acquired the rights to a revenue management software system from Camden in 2002.  RealPage admits that it collects data from its users, some of which may be used in certain RMS.  RealPage admits that Paragraph 209 purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 209.

210.     To the extent the allegations in Paragraph 210 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  RealPage admits that Paragraph 210 selectively quotes from and purports to characterize materials cited therein, which

speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 210.

211.  RealPage admits that Paragraph 211 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 211.

212.  To the extent the allegations in Paragraph 212 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 212.

213.  RealPage admits that Paragraph 213 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 213.

214.  RealPage admits that Paragraph 214 purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 214.

215.  RealPage admits that Paragraph 215 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 215.

216.  RealPage admits that Paragraph 216 selectively quotes from and purports to characterize materials cited therein.  Except as expressly admitted, RealPage denies the allegations in Paragraph 216.

217.  RealPage admits that Paragraph 217 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 217.

218.    To the extent the allegations in Paragraph 218 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  RealPage admits that Paragraph 218 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 218.

219.    RealPage admits that Paragraph 219 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 219.

220.    RealPage admits that Paragraph 220 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 220.

221.    RealPage admits that Paragraph 221 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 221.

222.    RealPage admits that Paragraph 222 purports to characterize materials cited in Paragraph 221, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 222.

223.    RealPage admits that Paragraph 223 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 223.

224.    RealPage admits that Paragraph 224 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 224.

225.    RealPage admits that Paragraph 225 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 225.

226.    RealPage admits that Paragraph 226 purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 226.

### C.    Property Management Companies Effectively Outsourced Pricing and Supply Decisions to RealPage, Eliminating Competition.

227.    RealPage admits that its customers provide RealPage with data that may be used to provide recommendations. Except as expressly admitted, RealPage denies the allegations in Paragraph 227.

228.    RealPage admits that Paragraph 228 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 228.

229.    RealPage admits that Paragraph 229 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 229.

230.    RealPage admits that Paragraph 230 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 230.

231.    RealPage denies the allegations in Paragraph 231.

232.    RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 9" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 9." RealPage denies the remaining allegations in Paragraph 232.

233.     RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 5" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 5."   RealPage admits that Paragraph 233 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.   Except as expressly admitted, RealPage denies the allegations in Paragraph 233.

234.     RealPage admits that Paragraph 234 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.   Except as expressly admitted, RealPage denies the allegations in Paragraph 234.

235.     RealPage admits that Paragraph 235 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.   Except as expressly admitted, RealPage denies the allegations in Paragraph 235.

236.     RealPage admits that Paragraph 236 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.   Except as expressly admitted, RealPage denies the allegations in Paragraph 236.

237.     RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7."  Except as expressly admitted, RealPage denies the allegations in Paragraph 237.

238.     RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7."  RealPage denies the remaining allegations in Paragraph 238.

239.     RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7."  RealPage denies the remaining allegations in Paragraph 239.

240.    RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7." RealPage denies the remaining allegations in Paragraph 240.

241.    RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7." RealPage denies the remaining allegations in Paragraph 241.

242.    RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7." RealPage denies the remaining allegations in Paragraph 242.

243.    RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7." RealPage denies the remaining allegations in Paragraph 243.

244.    RealPage denies the allegations in Paragraph 244.

245.    RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 10" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 10." RealPage denies the remaining allegations in Paragraph 245.

246.    RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 6" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 6." RealPage denies the remaining allegations in Paragraph 246.

247.    RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7." RealPage denies the remaining allegations in Paragraph 247.

248.     RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7."  RealPage denies the remaining allegations in Paragraph 248.

249.     RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7."  RealPage denies the remaining allegations in Paragraph 249.

250.     RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 2."  RealPage denies the remaining allegations in Paragraph 250.

251.     RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7."  RealPage denies the remaining allegations in Paragraph 251.

252.     RealPage admits that Paragraph 252 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 252.

253.     RealPage admits that Paragraph 253 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 253.

254.     RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 2" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 2."  RealPage denies the remaining allegations in Paragraph 254.

**D.     Defendants Collectively Monitor Compliance with the Scheme.**

255.     RealPage denies the allegations in Paragraph 255.

256. RealPage admits that Paragraph 256 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 256.

257. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7." RealPage denies the remaining allegations in Paragraph 257.

258. RealPage admits that Paragraph 258 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7." Except as expressly admitted, RealPage denies the allegations in Paragraph 258.

259. RealPage admits that Paragraph 259 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7." Except as expressly admitted, RealPage denies the allegations in Paragraph 259.

260. RealPage lacks information or knowledge sufficient to form a belief as what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7." RealPage denies the remaining allegations in Paragraph 260.

261. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7." RealPage denies the remaining allegations in Paragraph 261.

262. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" and "Witness 1" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7" and "Witness 1." RealPage denies the remaining allegations in Paragraph 262.

263. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 2" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 2." RealPage denies the remaining allegations in Paragraph 263.

264. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 2" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 2." RealPage denies the remaining allegations in Paragraph 264.

265. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 2" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 2." RealPage denies the remaining allegations in Paragraph 265.

266. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 5" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 5." RealPage denies the remaining allegations in Paragraph 266.

267. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 5" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 5." RealPage denies the remaining allegations in Paragraph 267.

268. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7." RealPage denies the remaining allegations in Paragraph 268.

269.     RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7." RealPage denies the remaining allegations in Paragraph 269.

270.     RealPage admits that it generates reports that include data related to a customer's use of RMS, which reports are shared in certain contexts with some customers. Except as expressly admitted, RealPage denies the allegations in Paragraph 270.

271.     RealPage admits that it generates Lease Compliance Reports for some customers, which include data regarding the variance between the price a customer decided to implement for a particular unit compared to the price ultimately charged to a renter for that unit. Except as expressly admitted, RealPage denies the allegations in Paragraph 271.

272.     RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7." RealPage denies the remaining allegations in Paragraph 272.

273.     RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7." RealPage denies the remaining allegations in Paragraph 273.

274.     RealPage denies the allegations in Paragraph 274.

275.     RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7." RealPage denies the remaining allegations in Paragraph 275.

276.     RealPage admits that Paragraph 276 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 276.

277. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7." RealPage denies the remaining allegations in Paragraph 277.

278. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7." RealPage denies the remaining allegations in Paragraph 278.

279. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 2" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 2." RealPage denies the remaining allegations in Paragraph 279.

280. RealPage denies the allegations in Paragraph 280.

281. RealPage denies the allegations in Paragraph 281.

282. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 4" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 4." RealPage denies the remaining allegations in Paragraph 282.

283. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 12" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 12." RealPage denies the remaining allegations in Paragraph 283.

284. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" and "Witness 12" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7" and "Witness 12." RealPage denies the remaining allegations in Paragraph 284.

285. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 12" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness

12." RealPage lacks information or knowledge sufficient to form a belief as to Defendants BH, RPM, and Essex's internal policies, and on that basis denies the allegations related to those Defendants. RealPage admits that Paragraph 285 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 285.

286. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 12" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 12." RealPage denies the remaining allegations in Paragraph 286.

### E. Property Owners and Managers Who Adopted RealPage's Pricing Recommendations Did So With the Common Goal of Raising Rent Prices Which Caused Inflated Rental Prices and Reduced Occupancy Levels in Their Respective Metro Areas.

287. RealPage denies the allegations in Paragraph 287.

288. RealPage admits that Paragraph 288 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 288.

289. RealPage admits that Paragraph 289 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 289.

290. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 6" and "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 6" and "Witness 7." RealPage admits that Paragraph 290 purports to characterize the "Terms of Service" for LRO, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 290.

38

291.     RealPage admits that Paragraph 291 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 291.

292.     RealPage admits that Paragraph 292 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 292.

293.     RealPage denies the allegations in Paragraph 293.

294.     RealPage admits that Paragraph 294 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 294.

295.     RealPage admits that Paragraph 295 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 295.

296.     RealPage admits that Paragraph 296 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 296.

297.     RealPage admits that Paragraph 297 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 297.

298.     RealPage admits that Paragraph 298 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 298.

Case 3:23-md-03071    Document 752    Filed 02/05/24    Page 39 of 108 PageID #: 12674

299. RealPage admits that Paragraph 299 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 299.

300. RealPage admits that Paragraph 300 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.

301. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7." RealPage denies the remaining allegations in Paragraph 301.

302. RealPage admits that Paragraph 302 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 302.

303. RealPage admits that Paragraph 303 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 303.

304. RealPage admits that Paragraph 304 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 304.

305. RealPage admits that Paragraph 305 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 305.

306. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 2" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 2." RealPage denies the remaining allegations in Paragraph 306.

307.    RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7."  RealPage denies the remaining allegations in Paragraph 307.

308.    RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 7" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 7."  RealPage denies the remaining allegations in Paragraph 308.

309.    RealPage admits that Paragraph 309 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 309.

310.    RealPage admits that Paragraph 310 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 310.

311.    RealPage denies the allegations in Paragraph 311.

312.    RealPage denies the allegations in Paragraph 312.

**F.    Property Owners and Managers Conspired Through Trade Associations to Standardize Lease Terms Unfavorable to Plaintiffs and Members of the Class.**

313.    To the extent the allegations in Paragraph 313 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 313.

314.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 314 related to certain Defendants' affiliation with the Texas Apartment Association, and on that basis denies the allegations.  RealPage admits that Paragraph 314 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 314.

41

315.    RealPage admits that Paragraph 315 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.   RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 315 regarding the Texas Apartment Association, and on that basis denies the allegations.  Except as expressly admitted, RealPage denies the allegations in Paragraph 315.

316.    RealPage admits that Paragraph 316 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.   RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 316 regarding the Texas Apartment Association, and on that basis denies the allegations.  Except as expressly admitted, RealPage denies the allegations in Paragraph 316.

317.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 317 regarding the Texas Apartment Association, and on that basis denies the allegations.  RealPage denies the remaining allegations in Paragraph 317.

318.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 318 regarding the Texas Apartment Association's form lease, and on that basis denies the allegations in Paragraph 318.

319.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 319 regarding the Texas Apartment Association's form lease, and on that basis denies the allegations in Paragraph 319.

320.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 320 regarding the Texas Apartment Association and the National Apartment Association, and on that basis denies the allegations in Paragraph 320.

321.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 321 regarding the Texas Apartment Association and the National Apartment Association, and on that basis denies the allegations in Paragraph 321.

322.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 322 regarding the National Apartment Association, and on that basis denies the allegations in Paragraph 322.

323.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 323 regarding the National Apartment Association and other unspecified "state associations," and on that basis denies the allegations in Paragraph 323.

324.     RealPage denies the allegations in Paragraph 324.

325.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 325 regarding Plaintiff Weaver's lease agreement, and on that basis denies the allegations in Paragraph 325.

326.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 326 regarding Plaintiff Weaver's lease agreement, and on that basis denies the allegations in Paragraph 326.

327.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 327 regarding Plaintiff Weaver's lease agreement, and on that basis denies the allegations in Paragraph 327.

328.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 328 regarding Plaintiff Weaver's lease agreement, and on that basis denies the allegations in Paragraph 328.

329. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 329 regarding Plaintiff Watters's lease agreement, and on that basis denies the allegations in Paragraph 329.

330. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 329 regarding Plaintiff Watters's lease agreement, and on that basis denies the allegations in Paragraph 330.

331. RealPage denies the allegations in Paragraph 331.

**G. Preliminary Economic Analysis Confirms the Impact of RealPage's Revenue Management on Multifamily Rental Markets Nationwide.**

332. To the extent the allegations in Paragraph 332 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 332.

**i. Defendants' Increased Revenues Resulted from Proportionally Higher, Artificially Inflated Rent Increases.**

333. RealPage admits that Paragraph 333 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 333.

334. RealPage admits that Paragraph 334 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. RealPage lacks information or knowledge regarding how "Figure 9" was created sufficient to form a belief as to the truth of the allegations regarding "Figure 9," and on that basis denies the allegations related to "Figure 9." To the extent the allegations in Paragraph 334 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage lacks information or knowledge sufficient to form a belief regarding the accuracy of the data cited by Plaintiffs in Paragraph 334, and on that basis denies the allegations in Paragraph 334.

335. RealPage lacks information or knowledge regarding how "Figure 10" was created sufficient to form a belief as to the truth of the allegations regarding "Figure 10," and on that basis denies the allegations related to "Figure 10." To the extent the allegations in Paragraph 335 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage lacks information or knowledge sufficient to form a belief regarding the accuracy of the data cited by Plaintiffs in Paragraph 335, and on that basis denies the allegations in Paragraph 335.

336. RealPage lacks information or knowledge sufficient to form a belief as to what "Witness 2" said to Plaintiffs' counsel, and on that basis denies the allegations related to "Witness 2." RealPage denies the remaining allegations in Paragraph 336.

### ii. Owners, Owner-Operators, and Managing Defendants Engaged in Tacit Collusion to Artificially Increase Multifamily Rental Prices.

337. To the extent the allegations in Paragraph 337 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 337.

338. RealPage lacks information or knowledge regarding how "Figures 11 through 19" were created sufficient to form a belief as to the truth of the allegations regarding "Figure 11 through 19," and on that basis denies the allegations related to "Figure 11 through 19." To the extent the allegations in Paragraph 338 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 338.

339. RealPage lacks information or knowledge sufficient to form a belief as to the allegation that certain Defendants "operate" in the "Nashville submarket," and on that basis denies the allegations in Paragraph 339.

340. RealPage lacks information or knowledge sufficient to form a belief as to the allegation that certain Defendants "operate" in the "Atlanta submarket," and on that basis denies the allegations in Paragraph 340.

341. RealPage lacks information or knowledge sufficient to form a belief as to the allegation that certain Defendants "operate" in the "Boston submarket," and on that basis denies the allegations in Paragraph 341.

342. RealPage lacks information or knowledge sufficient to form a belief as to the allegation that certain Defendants "own and/or manage multifamily rental properties in the Dallas submarket," and on that basis denies the allegations in Paragraph 342.

343. RealPage lacks information or knowledge sufficient to form a belief as to the allegation that certain Defendants "own and/or manage multifamily rental properties in the Denver submarket," and on that basis denies the allegations in Paragraph 343.

344. RealPage lacks information or knowledge sufficient to form a belief as to the allegation that certain Defendants "own and/or manage multifamily rental properties in the District of Columbia submarket," and on that basis denies the allegations in Paragraph 344.

345. RealPage lacks information or knowledge sufficient to form a belief as to the allegation that certain Defendants "own and/or manage multifamily rental properties in the Miami submarket," and on that basis denies the allegations in Paragraph 345.

346. RealPage lacks information or knowledge sufficient to form a belief as to the allegation that certain Defendants "own and/or manage multifamily rental properties in the Portland submarket," and on that basis denies the allegations in Paragraph 346.

347. RealPage lacks information or knowledge sufficient to form a belief as to the allegation that certain Defendants "own and/or manage multifamily rental properties in the New York submarket," and on that basis denies the allegations in Paragraph 347.

348. RealPage lacks information or knowledge regarding how "Figures 20-28" were created sufficient to form a belief as to the truth of the allegations regarding "Figures 20-28," and on that basis denies the allegations related to "Figures 20-28." RealPage denies the remaining allegations in Paragraph 348.

349. To the extent the allegations in Paragraph 349 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 349.

350. To the extent the allegations in Paragraph 350 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 350.

### iii. Supply and Demand Factors Do Not Explain Inflated Rental Prices.

351. The allegations in Paragraph 351 purport to define certain terms related to statistical analysis, to which no response is required.

352. To the extent the allegations in Paragraph 352 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 352.

353. RealPage lacks information or knowledge regarding how "Figure 29" was created sufficient to form a belief as to the truth of the allegations regarding "Figure 29," and on that basis denies the allegations in Paragraph 353.

354.    RealPage lacks information or knowledge regarding how "Figure 29" and "Figures 30, 32-36" were created sufficient to form a belief as to the truth of the allegations regarding "Figure 29" and "Figures 30, 32-26," and on that basis denies the allegations in Paragraph 354.

### iv.    Atlanta Submarket.

355.    RealPage lacks information or knowledge regarding how "Figure 30" was created sufficient to form a belief as to the truth of the allegations regarding "Figure 30," and on that basis denies the allegations regarding "Figure 30." RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 355 regarding what percentage of lessors "use revenue management software" in Atlanta, Georgia, and on that basis denies the allegation. RealPage denies the remaining allegations in Paragraph 355.

356.    RealPage lacks information or knowledge regarding how "Figure 30" was created sufficient to form a belief as to the truth of the allegations regarding "Figure 30," and on that basis denies the allegations in Paragraph 356.

357.    RealPage lacks information or knowledge regarding how "Figure 30" was created sufficient to form a belief as to the truth of the allegations regarding  "Figure 30,"  and on that basis denies the allegations in Paragraph 357.

358.    RealPage lacks information or knowledge regarding how "Figure 30" was created sufficient to form a belief as to the truth of the allegations regarding "Figure 30," and on that basis denies the allegations in Paragraph 358.

359.    RealPage lacks information or knowledge regarding how "Figure 31" was created sufficient to form a belief as to the truth of the allegations regarding "Figure 31," and on that basis denies the allegations in Paragraph 359.

360.     RealPage lacks information or knowledge regarding how "Figure 31" was created sufficient to form a belief as to the truth of the allegations regarding "Figure 31," and on that basis denies the allegations in Paragraph 360.

### v.     Orlando Submarket.

361.     RealPage lacks information or knowledge regarding how "Figure 32" was created sufficient to form a belief as to the truth of the allegations regarding "Figure 32," and on that basis denies the allegations regarding "Figure 32." RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 361 regarding what percentage of lessors "use revenue management software" in "the Orlando Submarket," and on that basis denies the allegation. RealPage denies the remaining allegations in Paragraph 361.

### vi.     Phoenix Submarket.

362.     RealPage lacks information or knowledge regarding how "Figure 33" was created sufficient to form a belief as to the truth of the allegations regarding "Figure 33," and on that basis denies the allegations regarding "Figure 33." RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 362 regarding what percentage of lessors "use revenue management software" in "the Phoenix Submarket," and on that basis denies the allegation. RealPage denies the remaining allegations in Paragraph 362.

### vii.     Fort Worth (Dallas Submarket).

363.     RealPage lacks information or knowledge regarding how "Figure 34" was created sufficient to form a belief as to the truth of the allegations regarding "Figure 34," and on that basis denies the allegations regarding "Figure 34." RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 363 regarding what percentage of lessors "use revenue management software" in "the Dallas-Fort Worth Submarket," and on that basis denies the allegation. RealPage denies the remaining allegations in Paragraph 363.

49

364.    RealPage lacks information or knowledge regarding how "Figure 34" was created sufficient to form a belief as to the truth of the allegations regarding "Figure 34," and on that basis denies the allegations in Paragraph 364.

365.    RealPage denies the allegations in Paragraph 365.

**H.    "Plus Factors" in the Multifamily Rental Housing Market Provide Additional Evidence of a Price Fixing Conspiracy.**

366.    To the extent the allegations in Paragraph 366 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 366.

367.    To the extent the allegations in Paragraph 367 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 367, including because the Court has held that "application of the *per se* standard is not appropriate based on the allegations in the Multifamily Complaint."  Dkt. 690 at 47.

**i.    The Multifamily Rental Market Is Highly Concentrated.**

368.    RealPage admits that Paragraph 368 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 368.

**ii.    High Barriers to Entry.**

369.    To the extent the allegations in Paragraph 369 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 369.

370. To the extent the allegations in Paragraph 370 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 370.

371. To the extent the allegations in Paragraph 371 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 371.

### iii. High Switching Costs for Renters.

372. To the extent the allegations in Paragraph 372 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 372.

373. To the extent the allegations in Paragraph 373 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 373.

374. To the extent the allegations in Paragraph 374 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 374.

### iv. Inelasticity of Demand.

375. To the extent the allegations in Paragraph 375 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 375.

376. To the extent the allegations in Paragraph 376 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 376.

### v. Multifamily Rental Housing Units Are a Fungible Product.

377. To the extent the allegations in Paragraph 377 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 377.

378. To the extent the allegations in Paragraph 378 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage admits that Paragraph 378 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 378.

379. RealPage admits that Paragraph 379 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 379.

### vi. Defendants Exchange Competitively Sensitive Information.

380. To the extent the allegations in Paragraph 380 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 380.

### vii. Motive, Opportunities, and Invitations to Collude.

381. To the extent the allegations in Paragraph 381 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegation in Paragraph 381.

382. To the extent the allegations in Paragraph 382 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegation in Paragraph 382.

383. To the extent the allegations in Paragraph 383 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage admits that Paragraph 383 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 383.

384. To the extent the allegations in Paragraph 384 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage admits that Paragraph 384 purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 384.

385. To the extent the allegations in Paragraph 385 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 385.

386. To the extent the allegations in Paragraph 386 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 386.

387. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 387 regarding other Defendants' membership in the TAA, and on that basis denies them. RealPage admits that Paragraph 387 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 387.

388. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 387 regarding other Defendants' membership in the NAA, and on

that basis denies them. RealPage admits that Paragraph 388 selectively quotes from and purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 388.

389. To the extent the allegations in Paragraph 389 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 389.

390. To the extent the allegations in Paragraph 390 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 390.

391. To the extent the allegations in Paragraph 391 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 391.

## VI. RELEVANT MARKET

392. To the extent the allegations in Paragraph 392 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 392, including because the Court has held that "application of the *per se* standard is not appropriate based on the allegations in the Multifamily Complaint." Dkt. 690 at 47.

393. To the extent the allegations in Paragraph 393 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 393.

**A.    The Relevant Product Market Is Multifamily Residential Real Estate Leases.**

394.    To the extent the allegations in Paragraph 394 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 394.

395.    To the extent the allegations in Paragraph 395 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 395.

396.    To the extent the allegations in Paragraph 396 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 396.

397.    RealPage admits that Paragraph 397 selectively quotes from and purports to characterize materials cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 397.

398.    To the extent the allegations in Paragraph 398 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 398.

399.    RealPage lacks information or knowledge regarding how "Figures 9-10" were created sufficient to form a belief as to the truth of the allegations regarding "Figures 9-10," and on that basis denies the allegations regarding "Figure 9-10."  To the extent the allegations in Paragraph 399 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 399.

### B.    Defendants' Market Power in the Multifamily Residential Real Estate Market.

400.    To the extent the allegations in Paragraph 400 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 400.

401.    To the extent the allegations in Paragraph 401 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 401.

402.    To the extent the allegations in Paragraph 402 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  RealPage admits that Paragraph 402 purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 402.

403.    To the extent the allegations in Paragraph 403 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 403.

404.    To the extent the allegations in Paragraph 404 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 404.

### C.    Regional Submarkets

405.    RealPage admits that it has offices in various locations in the United States.  Except as expressly admitted, RealPage denies the allegations in Paragraph 405.

406.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 406 regarding other Defendants' operations, and on that basis denies the allegations.  To the extent the remaining allegations in Paragraph 406 are legal

conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 406.

407. RealPage admits that Paragraph 407 purports to characterize materials cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 407.

408. To the extent the allegations in Paragraph 408 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 408.

409. To the extent the allegations in Paragraph 409 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 409.

### i. Nashville, Tennessee

410. RealPage admits that Paragraph 410 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 410.

411. RealPage admits that Paragraph 411 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 411.

412. RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 412 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation. RealPage denies the remaining allegations in Paragraph 412.

413.	RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 413 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 413.

414.	RealPage denies the allegations in Paragraph 414.

415.	RealPage denies the allegations in Paragraph 415.

### ii.	Atlanta, Georgia

416.	RealPage admits that Paragraph 416 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, RealPage denies the allegations in Paragraph 416.

417.	RealPage admits that Paragraph 417 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 417.

418.	RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 418 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 418.

419.	RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 419 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 419.

420.	RealPage denies the allegations in Paragraph 420.

421.	RealPage denies the allegations in Paragraph 421.

### iii. Austin, Texas

422. RealPage admits that Paragraph 422 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 422.

423. RealPage admits that Paragraph 423 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 423.

424. RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 424 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation. RealPage denies the remaining allegations in Paragraph 424.

425. RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 425 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 425.

426. RealPage denies the allegations in Paragraph 426.

427. RealPage denies the allegations in Paragraph 427.

### iv. Baltimore, Maryland

428. RealPage admits that Paragraph 428 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 428.

429. RealPage admits that Paragraph 429 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 429.

430.    RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 430 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 430.

431.    RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 431 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 431.

432.    RealPage denies the allegations in Paragraph 432.

433.    RealPage denies the allegations in Paragraph 433.

434.    RealPage denies the allegations in Paragraph 434.

### v.    Boston, Massachusetts

435.    RealPage admits that Paragraph 435 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, RealPage denies the allegations in Paragraph 435.

436.    RealPage admits that Paragraph 436 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 436.

437.    RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 437 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 437.

438.    RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 438 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 438.

439.    RealPage denies the allegations in Paragraph 439.

440.    RealPage denies the allegations in Paragraph 440.

441.    RealPage denies the allegation in Paragraph 441.

### vi.    Charlotte, North Carolina

442.    RealPage admits that Paragraph 442 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, RealPage denies the allegations in Paragraph 442.

443.    RealPage admits that Paragraph 443 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 443.

444.    RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 444 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 444.

445.     RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 445 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 445.

446.    RealPage denies the allegations in Paragraph 446.

447.    RealPage denies the allegations in Paragraph 447.

### vii.    Chicago, Illinois

448.    RealPage admits that Paragraph 448 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, RealPage denies the allegations in Paragraph 448.

449.     RealPage admits that Paragraph 449 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 449.

450.     RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 450 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 450.

451.      RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 451 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 451.

452.     RealPage denies the allegations in Paragraph 452.

453.     RealPage denies the allegations in Paragraph 453.

### viii.    Dallas, Texas

454.     RealPage admits that Paragraph 454 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, RealPage denies the allegations in Paragraph 454.

455.     RealPage admits that Paragraph 455 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 455.

456.     RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 456 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 456.

457.    RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 457 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 457.

458.    RealPage denies the allegations in Paragraph 458.

459.    RealPage denies the allegations in Paragraph 459.

### ix.    Denver, Colorado

460.    RealPage admits that Paragraph 460 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, RealPage denies the allegations in Paragraph 460.

461.    RealPage admits that Paragraph 461 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 461.

462.    RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 462 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 462.

463.    RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 463 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 463.

464.    RealPage denies the allegations in Paragraph 464.

465.    RealPage denies the allegations in Paragraph 465.

466.    RealPage denies the allegations in Paragraph 466.

### x. Detroit, Michigan

467. RealPage admits that Paragraph 467 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 467.

468. RealPage admits that Paragraph 468 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 468.

469. RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 469 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation. RealPage denies the remaining allegations in Paragraph 469.

470. RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 470 regarding other Defendants' operations, and on that basis denies the allegations.

471. RealPage denies the allegations in Paragraph 471.

472. RealPage denies the allegations in Paragraph 472.

### xi. Houston, Texas

473. RealPage admits that Paragraph 473 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 473.

474. RealPage admits that Paragraph 474 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 474.

475.    RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 475 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 475.

476.    RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 476 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 476.

477.    RealPage denies the allegations in Paragraph 477.

478.    RealPage denies the allegations in Paragraph 478.

### xii.    Jacksonville, Florida

479.    RealPage admits that Paragraph 479 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, RealPage denies the allegations in Paragraph 479.

480.    RealPage admits that Paragraph 480 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 480.

481.    RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 481 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 481.

482.    RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 482 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 482.

483.    RealPage denies the allegations in Paragraph 483.

484.    RealPage denies the allegations in Paragraph 484.

### xiii.    Las Vegas, Nevada

485.    RealPage admits that Paragraph 485 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, RealPage denies the allegations in Paragraph 485.

486.    RealPage admits that Paragraph 486 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 486.

487.    RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 487 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 487.

488.     RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 488 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 488.

489.    RealPage denies the allegations in Paragraph 489.

490.    RealPage denies the allegations in Paragraph 490.

### xiv.    Los Angeles, California

491.    RealPage admits that Paragraph 491 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, RealPage denies the allegations in Paragraph 491.

492.    RealPage admits that Paragraph 492 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 492.

493. RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 493 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation. RealPage denies the remaining allegations in Paragraph 493.

494. RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 494 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 494.

495. RealPage denies the allegations in Paragraph 495.

496. RealPage denies the allegations in Paragraph 496.

497. RealPage denies the allegations in Paragraph 497.

### xv. Memphis, Tennessee

498. RealPage admits that Paragraph 498 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 498.

499. RealPage admits that Paragraph 499 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 499.

500. RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 500 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation. RealPage denies the remaining allegations in Paragraph 500.

501. RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 501 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 501.

502.     RealPage denies the allegations in Paragraph 502.

503.     RealPage denies the allegations in Paragraph 503.

####      xvi.     Miami, Florida

504.     RealPage admits that Paragraph 504 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, RealPage denies the allegations in Paragraph 504.

505.     RealPage admits that Paragraph 505 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 505.

506.     RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 506 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 506.

507.      RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 507 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 507.

508.     RealPage denies the allegations in Paragraph 508.

509.     RealPage denies the allegations in Paragraph 509.

####      xvii.    Milwaukee, Wisconsin

510.     RealPage admits that Paragraph 510 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, RealPage denies the allegations in Paragraph 510.

511.     RealPage admits that Paragraph 511 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 511.

512.     RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 512 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 512.

513.     RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 513 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 513.

514.     RealPage denies the allegations in Paragraph 514.

515.     RealPage denies the allegations in Paragraph 515.

             **xviii.   Minneapolis, Minnesota**

516.     RealPage admits that Paragraph 516 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, RealPage denies the allegations in Paragraph 516.

517.     RealPage admits that Paragraph 517 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 517.

518.     RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 518 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 518.

519.     RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 519 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 519.

520.     RealPage denies the allegations in Paragraph 520.

521.     RealPage denies the allegations in Paragraph 521.

### xix.     New York, New York

522.     RealPage admits that Paragraph 522 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, RealPage denies the allegations in Paragraph 522.

523.     RealPage admits that Paragraph 523 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 523.

524.     RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 524 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 524.

525.     RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 525 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 525.

526.     RealPage denies the allegations in Paragraph 526.

527.     RealPage denies the allegations in Paragraph 527.

528.     RealPage denies the allegations in Paragraph 528.

### xx. Orlando, Florida

529. RealPage admits that Paragraph 529 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 529.

530. RealPage admits that Paragraph 530 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 530.

531. RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 531 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation. RealPage denies the remaining allegations in Paragraph 531.

532. RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 532 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 532.

533. RealPage denies the allegations in Paragraph 533.

534. RealPage denies the allegations in Paragraph 534.

### xxi. Philadelphia, Pennsylvania

535. RealPage admits that Paragraph 535 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 535.

536. RealPage admits that Paragraph 536 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 536.

537.    RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 537 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 537.

538.    RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 538 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 538.

539.    RealPage denies the allegations in Paragraph 539.

        **xxii.    Phoenix, Arizona**

540.    RealPage admits that Paragraph 540 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, RealPage denies the allegations in Paragraph 540.

541.    RealPage admits that Paragraph 541 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 541.

542.    RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 542 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 542.

543.    RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 543 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 543.

544.    RealPage denies the allegations in Paragraph 544.

545.    RealPage denies the allegations in Paragraph 545.

546. RealPage denies the allegations in Paragraph 546.

**xxiii. Pittsburgh, Pennsylvania**

547. RealPage admits that Paragraph 547 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 547.

548. RealPage admits that Paragraph 548 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 548.

549. RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 549 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation. RealPage denies the remaining allegations in Paragraph 549.

550. RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 550 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 550.

551. RealPage denies the allegations in Paragraph 551.

552. RealPage denies the allegations in Paragraph 552.

**xxiv. Portland, Oregon**

553. RealPage admits that Paragraph 553 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 553.

554. RealPage admits that Paragraph 554 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 554.

555.     RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 555 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 555.

556.     RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 556 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 556.

557.     RealPage denies the allegations in Paragraph 557.

558.     RealPage denies the allegations in Paragraph 558.

559.     RealPage denies the allegations in Paragraph 559.

**xxv.     San Diego, California**

560.     RealPage admits that Paragraph 560 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, RealPage denies the allegations in Paragraph 560.

561.     RealPage admits that Paragraph 561 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 561.

562.     RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 562 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 562.

563.     RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 563 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 563.

564. RealPage denies the allegations in Paragraph 564.

565. RealPage denies the allegations in Paragraph 565.

566. RealPage denies the allegations in Paragraph 566.

### xxvi. San Francisco, California

567. RealPage admits that Paragraph 567 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 567.

568. RealPage admits that Paragraph 568 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 568.

569. RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 569 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation. RealPage denies the remaining allegations in Paragraph 569.

570. RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 570 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 570.

571. RealPage denies the allegations in Paragraph 571.

572. RealPage denies the allegations in Paragraph 572.

573. RealPage denies the allegations in Paragraph 573.

### xxvii. San Jose, California

574. RealPage admits that Paragraph 574 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 574.

575.    RealPage admits that Paragraph 575 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 575.

576.    RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 576 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 576.

577.    RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 575 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 575.

578.    RealPage denies the allegations in Paragraph 578.

579.    RealPage denies the allegations in Paragraph 579.

580.    RealPage denies the allegations in Paragraph 580.

**xxviii.  Seattle, Washington**

581.    RealPage admits that Paragraph 581 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, RealPage denies the allegations in Paragraph 581.

582.    RealPage admits that Paragraph 582 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 582.

583.    RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 583 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 583.

584.    RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 584 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 584.

585.    RealPage denies the allegations in Paragraph 585.

586.    RealPage denies the allegations in Paragraph 586.

587.    RealPage denies the allegations in Paragraph 587.

**xxix.   St. Louis, Missouri**

588.    RealPage admits that Paragraph 588 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, RealPage denies the allegations in Paragraph 588.

589.    RealPage admits that Paragraph 589 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 589.

590.    RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 590 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 590.

591.    RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 591 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 591.

592.    RealPage denies the allegations in Paragraph 592.

593.    RealPage denies the allegations in Paragraph 593.

### xxx. Tampa, Florida

594. RealPage admits that Paragraph 594 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 594.

595. RealPage admits that Paragraph 595 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 595.

596. RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 596 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation. RealPage denies the remaining allegations in Paragraph 596.

597. RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 596 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 596.

598. RealPage denies the allegations in Paragraph 598.

599. RealPage denies the allegations in Paragraph 599.

### xxxi. Tucson, Arizona

600. RealPage admits that Paragraph 600 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 600.

601. RealPage admits that Paragraph 601 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 601.

602.    RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 602 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 602.

603.    RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 603 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 603.

604.    RealPage denies the allegations in Paragraph 604.

605.    RealPage denies the allegations in Paragraph 605.

### xxxii.   Washington, District of Columbia

606.    RealPage admits that Paragraph 606 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, RealPage denies the allegations in Paragraph 606.

607.    RealPage admits that Paragraph 607 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves.  Except as expressly admitted, RealPage denies the allegations in Paragraph 607.

608.    RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 608 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation.  RealPage denies the remaining allegations in Paragraph 608.

609.    RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 609 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 609.

610.    RealPage denies the allegations in Paragraph 610.

611. RealPage denies the allegations in Paragraph 611.

612. RealPage denies the allegations in Paragraph 612.

### xxxiii. Wilmington, North Carolina

613. RealPage admits that Paragraph 613 purports to characterize the Census Bureau's MSA definition, which speaks for itself. Except as expressly admitted, RealPage denies the allegations in Paragraph 613.

614. RealPage admits that Paragraph 614 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 614.

615. RealPage lacks information or knowledge sufficient to form a belief as to the allegation in Paragraph 615 regarding what percentage of lessors "use revenue management software," and on that basis denies the allegation. RealPage denies the remaining allegations in Paragraph 615.

616. RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 616 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 616.

617. RealPage denies the allegations in Paragraph 617.

618. RealPage denies the allegations in Paragraph 618.

619. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 619 regarding Plaintiffs' attempt to purchase RMS data, and on that basis denies them. RealPage denies the remaining allegations in Paragraph 619.

### xxxiv. Birmingham-Hoover, AL MSA

620. RealPage admits that Paragraph 620 purports to characterize the Census Bureau's MSA definition, which speaks for itself. RealPage admits that Paragraph 620 purports to

characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 620.

621.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 621, and on that basis denies the allegations in Paragraph 621.

622.    RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 622 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 622.

623.    RealPage denies the allegations in Paragraph 623.

624.    RealPage denies the allegations in Paragraph 624.

### xxxv.  Buffalo, New York

625.    RealPage admits that Paragraph 625 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  RealPage admits that Paragraph 625 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 625.

626.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 626, and on that basis denies the allegations in Paragraph 626.

627.    RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 627 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 627.

628.    RealPage denies the allegations in Paragraph 628.

629.    RealPage denies the allegations in Paragraph 629.

### xxxvi.  Cincinnati, Ohio

630.    RealPage admits that Paragraph 630 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  RealPage admits that Paragraph 630 purports to

characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 630.

631. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 631, and on that basis denies the allegations in Paragraph 631.

632. RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 632 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 632.

633. RealPage denies the allegations in Paragraph 633.

634. RealPage denies the allegations in Paragraph 634.

### xxxvii. Cleveland, Ohio

635. RealPage admits that Paragraph 635 purports to characterize the Census Bureau's MSA definition, which speaks for itself. RealPage admits that Paragraph 635 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 635.

636. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 636, and on that basis denies the allegations in Paragraph 636.

637. RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 637 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 637.

638. RealPage denies the allegations in Paragraph 638.

639. RealPage denies the allegations in Paragraph 639.

### xxxviii. Columbus, Ohio

640. RealPage admits that Paragraph 640 purports to characterize the Census Bureau's MSA definition, which speaks for itself. RealPage admits that Paragraph 640 purports to

characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 640.

641.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 641, and on that basis denies the allegations in Paragraph 641.

642.    RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 642 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 642.

643.    RealPage denies the allegations in Paragraph 643.

644.    RealPage denies the allegations in Paragraph 644.

### xxxix.  Hartford, Connecticut

645.    RealPage admits that Paragraph 645 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  RealPage admits that Paragraph 645 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 645.

646.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 646, and on that basis denies the allegations in Paragraph 646.

647.    RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 647 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 647.

648.    RealPage denies the allegations in Paragraph 648.

649.    RealPage denies the allegations in Paragraph 649.

### xl.    Riverside, California

650.    RealPage admits that Paragraph 650 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  RealPage admits that Paragraph 650 purports to

characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 650.

651.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 651, and on that basis denies the allegations in Paragraph 651.

652.     RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 652 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 652.

653.     RealPage denies the allegations in Paragraph 653.

654.     RealPage denies the allegations in Paragraph 654.

### xli.     Sacramento, California

655.     RealPage admits that Paragraph 655 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  RealPage admits that Paragraph 655 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 655.

656.     RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 656, and on that basis denies the allegations in Paragraph 656.

657.     RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 657 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 657.

658.     RealPage denies the allegations in Paragraph 658.

659.     RealPage denies the allegations in Paragraph 659.

### xlii.     Salt Lake City, Utah

660.     RealPage admits that Paragraph 660 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  RealPage admits that Paragraph 660 purports to

characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 660.

661.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 661, and on that basis denies the allegations in Paragraph 661.

662.    RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 662 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 662.

663.    RealPage denies the allegations in Paragraph 663.

664.    RealPage denies the allegations in Paragraph 664.

### xliii.    San Antonio, Texas

665.    RealPage admits that Paragraph 665 purports to characterize the Census Bureau's MSA definition, which speaks for itself. RealPage admits that Paragraph 665 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations in Paragraph 665.

666.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 666, and on that basis denies the allegations in Paragraph 666.

667.    RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 667 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 667.

668.    RealPage denies the allegations in Paragraph 668.

669.    RealPage denies the allegations in Paragraph 669.

### xliv.    San Juan, Puerto Rico

670.    RealPage admits that Paragraph 670 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  Except as expressly admitted, RealPage denies the allegations in Paragraph 670.

671.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 671, and on that basis denies the allegations in Paragraph 670.

672.     RealPage denies the allegations in Paragraph 672.

### xlv.    Virginia Beach, Virginia

673.    RealPage admits that Paragraph 673 purports to characterize the Census Bureau's MSA definition, which speaks for itself.  RealPage admits that Paragraph 673 purports to characterize and provide a screenshot from sources cited therein, which speak for themselves. Except as expressly admitted, RealPage denies the allegations of Paragraph 673.

674.    RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 674, and on that basis denies the allegations in Paragraph 674.

675.     RealPage lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 675 regarding other Defendants' operations, and on that basis denies the allegations in Paragraph 675.

676.    RealPage denies the allegations in Paragraph 676.

677.    RealPage denies the allegations in Paragraph 677.

678.    To the extent the allegations in Paragraph 678 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.  Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 678.

679. To the extent the allegations in Paragraph 679 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 679.

680. To the extent the allegations in Paragraph 680 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 680.

## VII. CLASS ACTION ALLEGATIONS

681. To the extent the allegations in Paragraph 681 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage admits that Plaintiffs purport to bring this action under Federal Rule of Civil Procedure 23(a) and 23(b)(3) seeking damages and equitable and injunctive relief on behalf of themselves and a putative class as defined in Paragraph 681 of the Complaint. Except as expressly admitted, RealPage denies the allegations of Paragraph 681.

682. To the extent the allegations in Paragraph 682 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 682, and on that basis denies the allegations in Paragraph 682.

683. To the extent the allegations in Paragraph 683 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 683.

684. To the extent the allegations in Paragraph 684 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 684.

685. To the extent the allegations in Paragraph 685 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 685.

686. To the extent the allegations in Paragraph 686 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 686.

687. RealPage lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 687, and on that basis denies the allegations in Paragraph 687.

688. To the extent the allegations in Paragraph 688 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 688.

689. To the extent the allegations in Paragraph 689 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 689.

690. To the extent the allegations in Paragraph 690 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 690.

## VIII.   ANTITRUST INJURY

691.   To the extent the allegations in Paragraph 691 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 691.

692.   To the extent the allegations in Paragraph 692 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 692.

693.   To the extent the allegations in Paragraph 693 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 693.

## IX.   CONTINUING VIOLATION

694.   To the extent the allegations in Paragraph 694 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 694.

695.   To the extent the allegations in Paragraph 695 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 695.

696.   To the extent the allegations in Paragraph 696 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 696.

697.   To the extent the allegations in Paragraph 697 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 697.

698.     To the extent the allegations in Paragraph 698 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 698.

699.     To the extent the allegations in Paragraph 699 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 699.

700.     To the extent the allegations in Paragraph 700 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 700.

## X.     CLAIMS FOR RELIEF

### COUNT I
### Price Fixing in Violation of
### Section 1 of the Sherman Act (15 U.S.C. § 1)

701.     RealPage reasserts and hereby incorporates by reference its responses to each Paragraph of the Complaint, as though fully set forth herein.

702.     To the extent the allegations in Paragraph 702 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 702.

703.     To the extent the allegations in Paragraph 703 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 703.

704.     To the extent the allegations in Paragraph 704 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 704.

705. To the extent the allegations in Paragraph 705 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 705.

706. To the extent the allegations in Paragraph 706 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 706, including because the Court has held that "application of the *per se* standard is not appropriate based on the allegations in the Multifamily Complaint." Dkt. 690 at 47.

707. To the extent the allegations in Paragraph 707 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 707.

### COUNT II
### Violation of State Antitrust Statutes
### (On behalf of Plaintiffs and the Class)

708. RealPage reasserts and hereby incorporates by reference its responses to each Paragraph of the Complaint, as though fully set forth herein.

709. To the extent the allegations in Paragraph 709 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 709.

710. To the extent the allegations in Paragraph 710 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 710.

711. To the extent the allegations in Paragraph 711 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 711.

712.    To the extent the allegations in Paragraph 712 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.    Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 712.

713.    To the extent the allegations in Paragraph 713 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.    Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 713.

714.    To the extent the allegations in Paragraph 714 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.    Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 714.

715.    To the extent the allegations in Paragraph 715 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.    Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 715.

716.    To the extent the allegations in Paragraph 716 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.    Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 716.

717.    To the extent the allegations in Paragraph 717 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.    Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 717.

718.    To the extent the allegations in Paragraph 718 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.    Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 718.

719.    To the extent the allegations in Paragraph 719 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 719.

720.    To the extent the allegations in Paragraph 720 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 720.

721.    To the extent the allegations in Paragraph 721 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 721.

722.    To the extent the allegations in Paragraph 722 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 722.

723.    To the extent the allegations in Paragraph 723 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 723.

724.    To the extent the allegations in Paragraph 724 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 724.

725.    To the extent the allegations in Paragraph 725 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 725.

726.    To the extent the allegations in Paragraph 726 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 726.

727.    To the extent the allegations in Paragraph 727 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 727.

728.    To the extent the allegations in Paragraph 728 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 728.

729.    To the extent the allegations in Paragraph 729 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 729.

730.    To the extent the allegations in Paragraph 730 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 730.

731.    To the extent the allegations in Paragraph 731 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 731.

732.    To the extent the allegations in Paragraph 732 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 732.

733.     To the extent the allegations in Paragraph 733 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 733.

734.     To the extent the allegations in Paragraph 734 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 734.

735.     To the extent the allegations in Paragraph 735 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 735.

736.     To the extent the allegations in Paragraph 736 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 736.

737.     To the extent the allegations in Paragraph 737 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 737.

738.     To the extent the allegations in Paragraph 738 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 738.

739.     To the extent the allegations in Paragraph 739 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.   Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 739.

740. To the extent the allegations in Paragraph 740 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 740.

741. To the extent the allegations in Paragraph 741 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 741.

742. To the extent the allegations in Paragraph 742 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 742.

743. To the extent the allegations in Paragraph 743 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 743.

744. To the extent the allegations in Paragraph 744 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 745.

745. To the extent the allegations in Paragraph 745 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 745.

746. To the extent the allegations in Paragraph 746 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 746.

747.    To the extent the allegations in Paragraph 747 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.    Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 747.

748.    To the extent the allegations in Paragraph 748 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.    Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 748.

749.    To the extent the allegations in Paragraph 749 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.    Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 749.

750.    To the extent the allegations in Paragraph 750 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.    Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 750.

751.    To the extent the allegations in Paragraph 751 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.    Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 751.

752.    To the extent the allegations in Paragraph 752 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.    Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 752.

753.    To the extent the allegations in Paragraph 753 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required.    Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 753.

754. To the extent the allegations in Paragraph 754 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 754.

755. To the extent the allegations in Paragraph 755 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 755.

756. To the extent the allegations in Paragraph 756 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 756.

757. To the extent the allegations in Paragraph 757 are legal conclusions or characterizations of Plaintiffs' claims, no responsive pleading is required. Insofar as any responsive pleading is required, RealPage denies the allegations in Paragraph 757.

## XI. PRAYER FOR RELIEF

RealPage denies that Plaintiffs are entitled to any of the relief requested in paragraphs A through E of the Prayer for Relief contained in the Complaint or to any relief whatsoever.

All allegations of the Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

## XII. JURY TRIAL DEMANDED

RealPage admits that Plaintiffs purport to demand a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure. RealPage states that certain named Plaintiffs and unnamed putative class members have signed valid and enforceable jury waivers, which RealPage intends to enforce.

## XIII. REALPAGE'S AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, RealPage asserts the following avoidances and defenses to Plaintiffs' claims.

Federal Rule of Civil Procedure 8 sets forth the avoidances and defenses that must be affirmatively stated in a pleading. *See* Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: [identified affirmative defenses].").

To the extent necessary, RealPage alleges Plaintiffs' claims are barred because the acts Plaintiffs allege RealPage undertook in furtherance of the alleged conspiracy were in RealPage's unilateral business interest. RealPage reserves the right to assert additional avoidances and defenses as they become known during discovery and based on the record as it develops, up to and including the time of trial.

### **FIRST DEFENSE**

### **(Statute of Limitations)**

1.     Plaintiffs' claims are barred, in whole or in part, by the applicable federal or state statute of limitations:  15 U.S.C. §15b; ALA. CODE § 6-2-38(l); ALASKA STAT. § 45.50.588; ARIZ. REV. STAT. § 44-1410; CAL. BUS. & PROF. CODE § 16750.1; D.C. CODE § 28-4511; FLA. STAT. § 542.26; GA. CODE ANN. § 9-3-26; §; HAW. REV. STAT. § 480-24; IDAHO CODE § 48-115; 740 ILL. COMP. STAT. 10/7(2); IND. CODE § 34-11-2-7; IOWA CODE § 553.16; KAN. STAT. ANN. § 60-512(2); LA. CIV. CODE ANN. art. 3492; 14 ME. REV. STAT. ANN. tit. 14, § 752; MD. CODE ANN., COM. LAW § 11-209; MASS. GEN. LAWS ch. 260, § 5A; MICH. COMP. LAWS § 445.781; MINN. STAT. § 325D.64; MISS. CODE ANN. § 15-1-49; MO. REV. STAT. § 416.131; MONT. CODE ANN. § 27-2-211; NEB. REV. STAT. § 25-212; N.H. REV. STAT. ANN. § 356:12; N.J. REV. STAT. § 56:9-14; N.M.

STAT. ANN. § 57-1-12; N.Y. GEN. BUS. LAW § 340(5); N.C. GEN. STAT. § 75-16.2; N.D. CENT. CODE § 51-08.1-10; OHIO REV. CODE § 1331.12; OKLA. STAT. tit. 79, § 205; OR. REV. STAT. § 646.800; 42 PA. CONS. STAT. § 5527; S.C. CODE ANN. § 15-3-530; S.D. CODIFIED LAWS § 37-1-14.4; TENN. CODE ANN. § 28-3-105; UTAH CODE ANN. § 76-10-3117; 12 VT. STAT. ANN. tit. 12, § 511; VA. CODE ANN. § 59.1-9.14; WASH. REV. CODE ANN. § 19.86.120; W. VA. CODE § 47-18-11; WIS. STAT. § 133.18; WY. STAT. ANN. § 1-3-109.

2.    To the extent Plaintiffs seek to bring claims outside the applicable federal or state statute of limitations, Plaintiffs' Complaint is time-barred.

3.    To the extent that Plaintiffs' Complaint relies on information made public before the applicable federal or state statute of limitations period, Plaintiffs' Complaint is time-barred.

## SECOND DEFENSE

### (Failure To Mitigate)

4.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exercise reasonable care to mitigate any damages they may have suffered.

5.    To the extent Plaintiffs believed Defendants agreed to use RealPage RMS and that such agreement had the effect of raising rental prices above competitive levels, Plaintiffs had an obligation to mitigate their damages by seeking other sources of supply, including from other property managers or owners.  Plaintiffs' failure to exercise reasonable care to mitigate damages was the complete or partial cause of any damages Plaintiffs may have suffered.

## THIRD DEFENSE

### (Lack of Proximate Cause & Intervening/Superseding Conduct)

6. Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and damages either were not legally or proximately caused by any acts or omissions of RealPage or were caused, if at all, solely and proximately or by the conduct of parties other than RealPage.

## FOURTH DEFENSE

### (Waiver)

7. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

8. Plaintiffs' continued rental leases at what they now allege are prices above the competitive level manifest an intention to waive any right to bring this suit and are inconsistent with any other intention.

9. Plaintiffs, by their actions, accepted the benefits of an ongoing relationship with Defendants and relinquished their rights to bring suit.

## FIFTH DEFENSE

### (Laches)

10. Plaintiffs' claims are barred by the equitable doctrine of laches.

11. Plaintiffs demonstrated an unreasonable lack of diligence in bringing their claims.

12. Plaintiffs' unreasonable lack of diligence in bringing their claims now bars them.

## SIXTH DEFENSE

### (Consent)

13. Plaintiffs' claims are barred, in whole or in part, due to their ratification of, and consent to, the conduct of RealPage.

14. Plaintiffs' Complaint demonstrates their long-standing ratification of and consent to the complained-of conduct.

15.     Accordingly, because Plaintiffs have been aware for years of the very same conduct they now challenge—and because some of that conduct provided Plaintiffs a direct benefit—Plaintiffs' claims are barred by the doctrine of ratification.

## SEVENTH DEFENSE

### (*Noerr-Pennington* & Free Speech)

16.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seeks to impose liability on RealPage based on the exercise of any person or entity's right to petition federal, state, and local governmental bodies, including through public statements, because such conduct was immune under the *Noerr-Pennington* doctrine and privileged under the First Amendment to the U.S. Constitution.

## EIGHTH DEFENSE

### (Arbitration Agreements, Class Action Waivers, or Other Contractual Terms)

17.     Plaintiffs' claims are barred, in whole or in part, to the extent the rental lease agreements pursuant to which Plaintiffs' rented their apartments or other agreements a Plaintiff entered into with a Defendant contain arbitration clauses, clauses providing a different forum for the resolution of their claims, or provisions waiving a Plaintiff's ability to bring a representative or class action claim.

## NINTH DEFENSE

### (Right to Set Off Amounts Paid)

18.     Without admitting the existence of any contract, combination, or conspiracy in restraint of trade, and expressly denying same, Plaintiffs' claims are barred, in whole or in part, by non-settling Defendants' right to set off any amounts paid to Plaintiffs by any Defendants who have settled, or do settle, Plaintiffs' claims against them in this action.

## TENTH DEFENSE

### (Improper Damages)

19.     Plaintiffs' claims are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution and of the Eighth Amendment of the United States Constitution.

## ELEVENTH DEFENSE

### (Acquiescence)

20.     Plaintiffs' claims are barred, in whole or in part, by the Plaintiffs' knowing acquiescence to the restraints of trade alleged in the Complaint.

## TWELFTH DEFENSE

### (Lack of Standing)

21.     Plaintiffs' claims are barred, in whole or in part, insofar as Plaintiffs lack standing to assert any or all of the claims alleged in the Complaint.

## THIRTEENTH DEFENSE

### (Lack of Standing for State Law Claims)

22.     Some or all of Plaintiffs' state-law claims cannot be brought against RealPage for a lack of standing.  For instance, the laws of the states cited in Count II of the Complaint are not intended to, and do not, apply to conduct occurring outside of those states, and Plaintiffs' Complaint does not include any Plaintiff alleging injury in the States of Alaska, Arizona, District of Columbia, Hawaii, Idaho, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania,

South Carolina, South Dakota, Utah, Vermont, Virginia, West Virginia, Wisconsin, and Wyoming.

23.     Many of the state laws allegedly giving rise to Plaintiffs' claims do not apply because the alleged conduct did not occur within or substantially affect the citizens or commerce of the respective states, or because RealPage had no specific intent to impact the commerce of those states.  As a result, the application of those state laws to RealPage's conduct would violate the Due Process Clauses and Commerce Clause of the U.S. Constitution, the principle of federalism, and the constitutions and laws of the respective states at issue.

24.     To the extent that the Complaint seeks to assert claims or obtain relief on behalf of multifamily renters located outside of the jurisdictions governed by those laws, those claims are barred due to Plaintiffs' lack of standing and any effort to enforce those laws as to residents of other states would violate the Due Process Clause and the Commerce Clause of the U.S. Constitution and various state laws and constitutions.

## FOURTEENTH DEFENSE

### (No Private Right of Action)

25.     Some of Plaintiffs' state-law claims are barred, in whole or in part, to the extent Plaintiffs seek damages under state laws that do not permit recovery of damages by private plaintiffs.

## FIFTEENTH DEFENSE

### (Failure to Comply with State Law Notice)

26.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to comply with the notice requirements under various state laws.

## SIXTEENTH DEFENSE

### (Justified & Pro-Competitive Conduct)

27.     Some or all of Plaintiffs' claims are barred because all of RealPage's conduct challenged by Plaintiffs was lawful, fair, non-deceptive, expressly authorized by law, justified, and pro-competitive; it constituted a bona fide business practice consistent with industry practices and was carried out in furtherance of legitimate business interests; and it was a part of RealPage's lawful business operations.

## SEVENTEENTH DEFENSE

### (State Law Class Action Limitations)

28.     Some or all of the respective state-law claims at issue cannot be, and were not intended to be, applied in the class-action context.

## EIGHTEENTH DEFENSE

### (Incorporating Other Defendants' Defenses)

29.     RealPage adopts and incorporates by reference any and all other defenses asserted by any other Defendant to the extent that the defense would apply to RealPage.

## NINETEENTH DEFENSE

### (Right to Assert Other Defenses)

30.     RealPage reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

## PRAYER FOR RELIEF

WHEREFOR, RealPage prays:

31.     That the Complaint be dismissed as to RealPage, with prejudice;

32. To the extent available under applicable statutes or contracts, costs of suit and reasonable attorneys' fees incurred herein; and

33. For such other relief as the Court deems just and proper.


DATED: February 5, 2024

Respectfully submitted,


*/s/ Jay Srinivasan*
Jay Srinivasan (admitted *pro hac vice*)
jsrinivasan@gibsondunn.com
Daniel G. Swanson (admitted *pro hac vice*)
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7430

Stephen Weissman (admitted *pro hac vice*)
sweissman@gibsondunn.com
Michael J. Perry (admitted *pro hac vice*)
mjperry@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 955-8678

Stephen C. Whittaker (admitted *pro hac vice*)
cwhittaker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1361 Michelson Drive
Irvine, CA 92612
Telephone: (212) 351-2671

106

Ben A. Sherwood (admitted *pro hac vice*)
bsherwood@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-2671

Thomas H. Dundon (SBN: 004539)
tdundon@nealharwell.com
NEAL & HARWELL, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Telephone: (615) 244-1713

*Counsel for Defendant RealPage, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered on the CM/ECF system.

DATED this 5th day of February, 2024.

_/s/ Jay Srinivasan_____
Jay Srinivasan