UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-MD-3071<br>MDL No. 3071<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br><br>This document relates to: 3:23-cv-00742 |

**DEFENDANTS PROMETHEUS REAL ESTATE GROUP, INC., ROSE ASSOCIATES, INC., SARES REGIS GROUP COMMERCIAL, INC. AND CONTI TEXAS ORGANIZATION INC., D/B/A CONTI CAPITAL'S RESPONSE IN SUPPORT OF MOTION TO DISMISS TENNESSEE ACTIONS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

Defendants Prometheus Real Estate Group, Inc., Rose Associates, Inc., Sares Regis Group Commercial, Inc. and CONTI Texas Organization Inc., d/b/a CONTI Capital's (together "Moving Defendants") pending motion to dismiss the *Kabisch* matter should be granted, because Plaintiffs—represented by several sophisticated and experienced class action law firms—have had multiple opportunities to attempt to cure the jurisdictional deficiencies and have failed and refused to do so. Plaintiffs chose to sue the Moving Defendants in a venue that unquestionably lacks personal jurisdiction because none of the Moving Defendants have any presence in Tennessee, as Plaintiffs admit in their operative complaint (*see infra* footnote 3). Moreover, the plain language of 28 U.S.C. § 1631 does not allow transfer of the *Kabisch* action to multiple alternative jurisdictions in an attempt to cure the jurisdictional defects because: (1) there is no "**other such court in which the action [*Kabisch*]**" could have been brought against **all four** Moving Defendants; and (2) any transfer here is not "***in the interest of justice***." 28 U.S.C. § 1631 (emphasis added).[1] Therefore, it would be impossible for this Court to transfer *Kabisch* to any other one venue appropriate for all Moving Defendants, and improper to do so based on the circumstances.

I.  **Transfer Is Neither Possible nor Appropriate Under 28 U.S.C. § 1631.**

Plaintiffs admit that there is no one court in which *Kabisch* could have been filed against all four Moving Defendants. ECF No. 706, at 3 (Plaintiffs referring to "districts in which personal jurisdiction is not disputed—Washington for Prometheus and Sares Regis, New York for Rose, and Texas for CONTI.").

---

[1] "The plain meaning of the statute controls [the court's] interpretation [of the statute], 'except in the "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters,'" … or when the statutory language is ambiguous[.]" *United States v. Steele*, 933 F.2d 1313, 1317 (6th Cir. 1991).

To transfer *Kabisch*, the Court would have to split the case into at least three different districts. However, case law has found that section 1631 does not permit such fragmented division and transfer. In *Shrader v. Biddinger*, 633 F.3d 1235, 1249–50 (10th Cir. 2011), the plaintiff argued that the district court erred in dismissing an action in which it found a lack of personal jurisdiction, and "should have transferred the case to another court where the action could have been brought." The Tenth Circuit disagreed, finding:

> We have recognized such transfers as a discretionary option under 28 U.S.C. § 1631 that should be considered to cure deficiencies relating to personal jurisdiction. *See Trujillo v. Williams*, 465 F.3d 1210, 1222–23 & n. 15 (10th Cir. 2006). But ***in this case there was a patent impediment to such a course: the three sets of defendants reside in different states, so there was no single court to which the action could be transferred with any assurance that jurisdiction would have been proper. We are aware of no authority even permitting, much less requiring, a district court to unilaterally split up an action and transfer the resultant components to diverse jurisdictions under the auspices of § 1631***.

*Id.* (emphasis added). District courts within the Tenth Circuit consistently have applied *Shrader* to find that dismissal, rather than transfer, is appropriate where the lawsuit "features multiple defendants residing in different states, 'so there [is] no single court to which the action could be transferred with any assurance that jurisdiction would have been proper.'" *Murray v. Jewell Cty.*, No. 11-CV-00596-DME-KMT, 2011 WL 2601528, at *3 (D. Colo. June 30, 2011) (quoting *Shrader*, 633 F.3d at 1249); *see also Skillings v. Crowder*, No. 17-CV-572-JED-JFJ, 2019 WL 1371137, at *6 (N.D. Okla. Mar. 26, 2019) ("interpret[ing] *Shrader* as instructing against unilaterally splitting up the . . . action to transfer one part to Virginia in an attempt to cure a want of jurisdiction"); *Tenorio v. High Hawk*, 350 F. Supp. 3d 960, 966 (D. Colo. 2018) (applying *Shrader* to dismiss rather than transfer where respondents to habeas petition resided in two separate states); *Smalls v. Stermer*, No. 10-3025-JTM, 2011 WL 1234781, at *6 (D. Kan. Mar. 31, 2011) (applying *Shrader* where defendants "reside in different jurisdictions [and], thus, there

[wa]s no single jurisdiction in which to transfer the action"), *aff'd*, 457 F. App'x 715 (10th Cir. 2012); *Kennedy v. Mountainside Pizza, Inc.*, No. 19-CV-01199-CMA-STV, 2020 WL 4454897, at *8 (D. Colo. May 14, 2020), *report and recommendation adopted*, No. 19-CV-01199-CMA-STV, 2020 WL 4448771 (D. Colo. Aug. 3, 2020) (same).

Of course, this Court is not in the Tenth Circuit, but *Schrader*'s reasoning is sound and persuasive. We are aware of no Sixth Circuit authority on this point. Section 1631 allows for transfer of an "action." "An action, unlike a claim, encompasses all the parties and claims presently and properly before this Court." *McCaskey v. Continental Airlines, Inc.*, 133 F. Supp. 2d 514, 526 (S.D. Tex. 2001) (citing Black's Law Dictionary 28 (7th ed.1999) (defining "action" as "a civil . . . proceeding.")). In *Hill v. U.S. Air Force*, 795 F.2d 1067, 1070–71 (D.C. Cir. 1986), the court affirmed dismissal, concluding that the court did not err in failing to transfer part of a case under section 1631, finding, "[s]ection 1631 directs a court to transfer an 'action' over which it lacks jurisdiction, rather than an individual claim." The same is true here; if a court cannot transfer an "action" to a court where the entire "action" could have been brought, then a 1631 transfer is inappropriate.

*Schrader*'s reasoning is also consistent with other courts' application and understanding of other transfer statutes. For example, interpreting 28 U.S.C. § 1391(a)(3), the court in *McCaskey* found: "Section (a)(3) requires that another district exist in which Plaintiff can establish both personal jurisdiction and venue over each party and each claim in the *entire* 'action,' not just over a single claim versus [one defendant]. . . . [I]n order for [defendant] to persuade the Court that venue is not proper under the fallback, it must show not just that it could have been sued in Arizona, but that the whole action, involving multiple properly joined parties and claims could have been brought in its entirety in another district court." 133 F. Supp. 2d at

3

526 (emphasis in original). Further, in interpreting 28 U.S.C. § 1404(a), the court in *Companhia Brasileira Carbureto de Calcio-CBCC v. Applied Indus. Materials Corp.*, 698 F. Supp. 2d 109, 121 (D.D.C. 2010), *vacated on other grounds*, 464 F. App'x 1 (D.C. Cir. 2012) found: "Before a case involving multiple defendants can be transferred, it must be determined that all defendants would have been subject to personal jurisdiction in the transferee court at the time the case was originally filed." There, the court found: "Plaintiffs have not pointed to any common place where all Defendants had offices or agents or did business, nor have they indicated any one location (other than this District) where the alleged fraudulent conduct occurred. Because Plaintiffs have not identified any proper forum to which this case could be transferred, their request for transfer will be denied." *Id.* Similarly, because Plaintiffs here cannot point to a proper forum where this "action" may be transferred, transfer is not appropriate.

Finally, the *Schrader* holding makes logical and practical sense. If this Court disagrees with *Schrader* and determines it can transfer *Kabisch* to multiple locations, who would be the defendants in those actions? Would it be only *Kabisch v. Rose* (in one suit); *Kabisch v. CONTI* (in another); *Kabisch v. Prometheus* and *Sares Regis* (in a third)? Would the approximately 35 other defendants also named in *Kabisch* remain in this District (in yet a fourth suit by Plaintiff Kabisch), or would they also be transferred to one or multiple other venues, and if so, would any have personal jurisdiction challenges in the new venues? It is also unclear whether a lawsuit alleging conspiracy within specific submarkets can be maintained if only one defendant (or a subset) is named in each lawsuit within that submarket. If a conspiracy is alleged with only one

4

Case 3:23-md-03071    Document 774    Filed 02/09/24    Page 5 of 11 PageID #: 14093

alleged conspirator, particularly in a hub-and-spoke scenario, would further dispositive briefing be necessary?[2] For these reasons, a section 1631 transfer is improper in the present case.

## II. The Interest of Justice Requires Dismissal, Not Transfer.

Section 1631's "interest of justice" requirement is not met when a complaint is filed "deliberately or carelessly" in the wrong district as Mr. Kabisch has done here. *See Stanifer v. Brannan*, 564 F.3d 455, 458 (6th Cir. 2009). Indeed, counsel for the putative class was on notice that Plaintiffs lacked personal jurisdiction over certain Defendants in this District before Mr. Kabisch filed his complaint. On June 30, 2023, Prometheus met and conferred with Plaintiffs regarding the lack of personal jurisdiction over Prometheus by then-Plaintiff Alexander, who sued in the Middle District of Tennessee because Prometheus had no connection to the forum.[3] On that same day, Rose met and conferred with Plaintiffs regarding lack of personal jurisdiction over Rose in *Silverman*, a suit pending in the Western District of Washington, as Rose had no connection to that forum.[4] These conferences occurred after Plaintiffs filed their consolidated complaint (ECF No. 291), but notably before Plaintiffs filed their first *and* second consolidated amended complaints (ECF Nos. 314, 530). Counsel for Plaintiffs then elected to file Mr. Kabisch's action in the *same* contested District—inexplicably naming the Moving Defendants despite being on notice of the jurisdictional defects.[5]

---

[2] At a minimum, CONTI would intend to file a motion to dismiss Mr. Kabisch's claims based on lack of subject matter jurisdiction. As previously noted, Mr. Kabisch's claims precede the time period in which CONTI used RealPage's RMS software. *See* ECF No. 706 at 11 n.8. Therefore, Mr. Kabisch lacks standing to pursue class action claims against CONTI.
[3] Plaintiffs dismissed *Alexander v. RealPage, Inc.*, No. 3:23-cv-00440 (M.D. Tenn.), in December 2023. ECF Nos. 676, 682. All Moving Defendants were not involved in that meet and confer because Ms. Alexander only named a subset.
[4] *Silverman v. RealPage, Inc.*, No. 3:23-cv-00335 (W.D. Wash.), has since been dismissed.
[5] *Kabisch v. RealPage, Inc.*, No. 3:23-cv-00742 (M.D. Tenn.), was filed on July 24, 2023 and Plaintiffs' Second Consolidated Amended Complaint was filed on September 7, 2023 (ECF No.

Mr. Kabisch and the other plaintiffs who filed cases after the parties' conferral on personal jurisdiction must be held to their strategic choices of venue and which defendants to name, and the necessary consequence is dismissal of the Moving Defendants. This is not the extreme situation of "uncertainties of proper venue" or where plaintiffs "had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn" that might warrant transfer in the interest of justice. *Stanifer*, 564 F.3d at 459 (*citing Goldlawr v. Heiman*, 369 U.S. 463 (1962)); *accord Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (affirming dismissal for lack of personal jurisdiction rather than transferring where "[e]lementary prudence would have indicated to [Plaintiff's] lawyer" that the suit should be filed elsewhere). The instant scenario is also starkly distinguishable from that in *Does 1–144 v. Chiquita Brands Int'l, Inc.*, 285 F. Supp. 3d 228 (D.D.C. 2018), which involved 144 family members of victims tortured and killed by terrorists in Colombia allegedly funded by the defendants who faced being time-barred if the jurisdictional issues were not cured, rather than a putative class action with no remotely comparable interests of justice or authorized process for splitting claims. Here, Plaintiffs' own factual allegations concerning where Moving Defendants are headquartered and operate rental properties belie any suggestion that Plaintiffs were uncertain of the necessary facts to determine proper venue.[6]

Dismissal without leave to refile is particularly appropriate here and in the interests of justice for two reasons. First, following the parties' June 2023 meet and confer on jurisdictional

---

530). Plaintiffs also elected to file a new case by Ms. Haynes, *Haynes v. RealPage, Inc.*, in another jurisdiction, which action was also folded into their operative complaint.

[6] *See* SAC (ECF No. 530) ¶ 96 (alleging CONTI is headquartered in Texas and operates in Texas, Colorado, and Florida); ¶ 156 (alleging Prometheus is headquartered in California and operates in Oregon, California, and Washington); ¶ 162 (alleging Rose's principal place of business and operations are in New York); ¶ 168 (alleging Sares Regis is headquartered in California and operates in Texas, Colorado, Nevada, California, Arizona, and Washington).

deficiencies in other underlying cases, Plaintiffs' counsel could and did take the opportunity to file additional cases.[7] Perhaps Plaintiffs made the strategic choice to focus on larger Defendants, rather than the four Moving Defendants which as alleged are relatively tiny at only 1-3% the size of the largest Defendant in the MDL. Regardless, Plaintiffs could have filed Mr. Kabisch's case in a different district with personal jurisdiction over at least one of the Moving Defendants, and filed other actions in venues appropriate for the others. Yet Plaintiffs chose not to and instead ask this Court to "fix" their intentional decisions now. Second, Plaintiffs should be held to the Court's unambiguous instruction that their September 7, 2023 second amended consolidated complaint be Plaintiffs' "last and forever opportunity to amend their complaints" (Aug. 9, 2023 Hrg. Tr. at 14:20-25; *accord* 16:7-11; 19:7-17), and to Plaintiffs' representation that: "we're going to file the final/forever amended complaint in Multifamily on September 7th." *Id.* 19:9-11. Justice therefore requires dismissal without leave to refile. *See Cote*, 796 F.2d at 985 ("litigants and the public will benefit substantially in the long run from better compliance with the rules limiting personal jurisdiction"); *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2nd Cir. 1992) ("a transfer in this case would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice.").

## III. Conclusion.

While the Court has already determined that it may theoretically transfer *Kabisch*, pursuant to 28 U.S.C. § 1631 (ECF No. 712), this does not mean that such transfer is permitted or appropriate under the statute here. Because the statute does not allow for transfer under these specific circumstances, Moving Defendants' motion should be granted.

---

[7] *See* ECF No. 486 at 1 ("Plaintiffs met and conferred with Defendants . . . . Many Defendants raised jurisdictional issues, which Plaintiffs sought to cure by dismissing certain actions and filing additional cases in certain jurisdictions that would be tagged into the MDL.").

7

Case 3:23-md-03071   Document 774   Filed 02/09/24   Page 8 of 11 PageID #: 14096

DATED: February 9, 2024

Respectfully submitted,

*/s/ Judith A. Zahid*
Judith A. Zahid (admitted *pro hac vice*)
jzahid@zellelaw.com
Heather T. Rankie (admitted *pro hac vice*)
hrankie@zellelaw.com
ZELLE LLP
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone: (415) 633-1916

*Counsel for Defendant Prometheus Real Estate Group, Inc.*

*/s/ Richard P. Sybert*
Richard P. Sybert (WSBA No. 8357)
rsybert@grsm.com
GORDON REES SCULLY MANSUKHANI
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 321-5222

*Counsel for Defendant Rose Associates Inc.*

/s/ *Ronald W. Breaux*
Ronald W. Breaux
Ron.Breaux@haynesboone.com
Bradley W. Foster
Brad.Foster@haynesboone.com
HAYNES AND BOONE LLP
2801 N. Harwood St. Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Fax: (214) 200-0376

*Counsel for Defendant CONTI Texas Organization, Inc. d/b/a CONTI Capital*

8

/s/ Valentine Hoy
Valentine Hoy
vhoy@allenmatkins.com
Scott Perlin
sperlin@allenmatkins.com
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS
600 West Broadway, 27th Floor
San Diego, CA 92101
Telephone: (619) 233-1155

Patrick E. Breen
pbreen@allenmatkins.com
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS
865 South Figueroa Street, Suite 2800
Los Angeles, CA 90017
Telephone: (213) 622-5555

*Counsel for Defendant Sares Regis Group Commercial, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2024 I caused the foregoing document to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

Dated: February 9, 2024

/s/ Judith A. Zahid
Judith A. Zahid