UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br><br>JURY DEMAND<br><br>This Document Relates to:<br>3:23-cv-00742 |

# PLAINTIFFS' BRIEF CONCERNING PERSONAL JURISDICTION

I.  **INTRODUCTION**

On January 19, 2024, Plaintiffs and Defendants Conti Texas Organization Inc., d/b/a CONTI Capital ("CONTI"), Prometheus Real Estate Group, Inc. ("Prometheus"), Rose Associates, Inc. ("Rose"), and Sares Regis Group Commercial, Inc. ("Sares Regis") (together, "Moving Defendants") filed competing statements concerning the Court's authority to transfer *Kabisch v. RealPage, Inc.*, No. 3:23-cv-00742 (M.D. Tenn.) ("*Kabisch*"), which was filed directly in the United States District Court for the Middle District of Tennessee, under 28 U.S.C. § 1631. Dkt. 706 ("PJ Joint Statement"). Plaintiffs took the position that, given this Court's status as the forum court and not the MDL transferee court in the *Kabisch* action, the Court had full authority to sever and transfer the *Kabisch* action under § 1631. Defendants argued that under *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), the Court had no such authority.

On January 31, 2024, the Court issued an Order aligned with Plaintiffs' position—that the Court retains discretion to transfer the *Kabisch* action under § 1631—and further ordered the parties to meet and confer on the likelihood of transfer given the Court's legal findings. Dkt. 712. During the February 5 meet and confer, Defendants maintained their position that it would be improper for the Court to sever and transfer the *Kabisch* case to multiple jurisdictions, despite the authority cited by Plaintiffs in the PJ Joint Statement allowing exactly that. For the reasons outlined below, should the Court find that personal jurisdiction is not proper over the Moving Defendants in this district, the Court should sever and transfer the claims in the *Kabisch* action as to Prometheus and Sares Regis to the Western District of Washington, those as to Rose to the Southern District of New York, and those as to CONTI to the Western District of Texas. Ultimately, those claims would be tagged as related and be rerouted through the JPML back to this MDL.

## II. ARGUMENT

Under 28 U.S.C. § 1631, if a court finds that jurisdiction is lacking in the forum court in which the litigation was filed, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . ." But the Court need not reach this question. First, as Plaintiffs have previously argued, this Court retains personal jurisdiction over the Moving Defendants under Section 12 of the Clayton Act, 15 U.S.C. § 22. Dkt. 616. Alternatively, the Court has personal jurisdiction over the Moving Defendants under "conspiracy jurisdiction." This doctrine is "based on the time-honored notion that the acts of a conspirator in furtherance of a conspiracy may be attributed to the other members of the conspiracy" and holds that "one conspirator's minimum contacts allow for personal jurisdiction over a co-conspirator, even when the co-conspirator lacks such contacts itself." *In re Platinum & Palladium Antitrust Litig.*, 61 F. 4th 242, 269-70 (2d Cir. 2023), *cert. denied sub nom. BASF Metals Ltd. v. KPFF Inv., Inc.*, 2024 WL 156472 (U.S. Jan. 16, 2024) (internal citations and quotations omitted).

But even if the Court declines to find personal jurisdiction over the Moving Defendants in the Middle District of Tennessee, the Court has correctly noted that it retains discretion to transfer the *Kabisch* litigation under § 1631. Dkt. 697 ("§ 1631 permits transfer instead of dismissal, which would more likely than not return the case to this Court."); Dkt. 712 at 3 ("Accordingly, Lexecon is not implicated and this Court may transfer Kabisch pursuant to 28 U.S.C. § 1631."). The remaining question is whether: (1) this case meets the elements of § 1631; and (2) whether the Court can sever and transfer some, but not all, of the claims. On both matters, the answer is yes.

### A. If Personal Jurisdiction Cannot be Found in M.D. Tenn, the Interests of Justice Permit Transfer.

To transfer the *Kabisch* action, the Court must find that doing so "is in the interest of justice . . . ." 28 U.S.C. § 1631. This is not a high standard to meet; courts have found that "allowing Plaintiff's claim to be heard in an appropriate forum" serves the interests of justice for a § 1631 transfer. *In-Flight Crew Connections, LLC v. Flight Crews Unlimited, Inc.*, 2018 WL 2703260, at *4 (W.D.N.C. June 5, 2018). Additionally, transfer will serve the interests of justice by avoiding delay, duplicative briefing, and the inefficiencies of filing and serving a new complaint instead of transferring an existing case. *Estell v. Trate*, 2023 WL 2088282, at *4 (E.D. Cal. Feb. 17, 2023) ("Transfer of this case serves the interests of justice by preventing an unnecessary delay caused by requiring Petitioner to re-file in the Northern District of Illinois. Thus, transfer of the petition satisfies 28 U.S.C. § 1631."); *In-Flight Crew Connections*, 2018 WL 2703260, at *4 ("[I]t is preferable, if permitted, to transfer a case rather than dismiss it, so as to avoid delay in reaching the merits of an otherwise facially valid claim."). Here, the Court has already found that Plaintiffs' antitrust claims, at least at the pleading stage, are facially valid. Dismissing on personal jurisdiction grounds would only introduce unnecessary delay, when personal jurisdiction is undisputed elsewhere and where the ultimate result (bringing any newly filed case back into the MDL) would be the same.

Moving Defendants have argued that the interests of justice requires something more stringent, such as a situation where dismissal and refiling would cause a plaintiff's claim to be time-barred. Dkt. 706 at 10 n.7. But as the cases cited above demonstrate, there is no such requirement. Additionally, Plaintiffs neither knowingly, nor for any bad faith reason, brought suit against Moving Defendants in a forum where personal jurisdiction cannot be found. As the Court has recognized, the issue is arguably unsettled in the Sixth Circuit, and every district court to

3

address the issue within the circuit has found in favor of Plaintiffs' position. Dkt. 616, at 5-6. The Court may appropriately exercise its discretion to find that transfer is in the interest of justice.

> **B.     The Court Can Sever and Transfer Claims Against Moving Defendants to Separate Jurisdictions.**

To transfer Plaintiffs' claims against Moving Defendants, the Court may sever those Defendants under Fed. R. Civ. P. 21, which provides that a court may, on a motion or on its own, "sever any claim against a party." "The permissive language of Rule 21 permits the district court broad discretion in determining whether or not actions should be severed." *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) (citation omitted). Here, Plaintiffs respectfully submit that, as Judge Friedman found in the *Chiquita* case discussed below, "severance of the claims for purposes of transfer to the proper jurisdictions is appropriate." *Does 1–144 v. Chiquita Brands Int'l, Inc.*, 285 F. Supp. 3d 228, 239 (D.D.C. 2018).

Moving Defendants argue that it is impossible for this Court to sever Moving Defendants from the *Kabisch* case and transfer them to multiple jurisdictions. That argument cannot be squared with the fact that Judge Friedman in D.D.C. did exactly that in *Chiquita*. To repeat what Plaintiffs have explained to Moving Defendants and previously briefed in front of this Court, there, the plaintiffs had filed suit in D.D.C. against defendants who contested personal jurisdiction. Judge Friedman found that personal jurisdiction was not pled in that district. Rather than dismissing, Judge Friedman concluded that "the interest of justice will be served by transferring the claims rather than dismissing them" and that "individual defendants would not be prejudiced by transfer to districts where they reside, where they conducted their business, or where the acts giving rise to the liability occurred." *Id.* at 236.

Judge Friedman also noted that "[i]n this case, where no single court has personal jurisdiction over all of the individual defendants, the parties do not dispute that the claims must be

4

severed before they can be transferred to the proper jurisdiction." *Id.* at 239. Citing Fed. R. Civ. P. 21, and over defendants' objections, Judge Friedman severed the claims such that plaintiffs had three separate actions against defendants pending in three different courts—against two defendants in D.C., against four defendants in Ohio, and against two defendants in Florida. *Id.* Judge Friedman overruled defendants' complaints about proceeding against the same plaintiffs on the same conduct in multiple forums, noting that "the prospect of multiple suits in different jurisdictions is unavoidable here—and not unusual in multidistrict litigation . . . ." *Id.*

Moving Defendants attempt to distinguish *Chiquita* by arguing that there were compelling interests of justice there that are not present here—namely, the statute of limitation implications of dismissing rather than transferring. But, as noted above, the test for interests of justice is much more flexible than Moving Defendants contend. Nor do Defendants cite any authority for their proposition that a single plaintiff cannot maintain actions against different defendants in different jurisdictions. Indeed, each of the plaintiffs in *Chiquita*, upon transfer, was doing so.

Failing to distinguish *Chiquita*, Defendants ignore its import and continue to argue that under § 1631, an entire case must be transferred to a venue where jurisdiction can be found over every defendant. In support of their argument, on February 5, 2024, Moving Defendants sent Plaintiffs a citation to a case from the District of Colorado, based on Tenth Circuit precedent, finding that dismissal, rather than transfer, is appropriate where defendants reside in multiple states so there is no single court where the action could be transferred. *Kennedy v. Mountainside Pizza, Inc.*, 2020 WL 4454897, at *7 (D. Colo. May 14, 2020), *report and recommendation adopted,* 2020 WL 4448771 (D. Colo. Aug. 3, 2020) (citing *Shrader v. Biddinger*, 633 F.3d 1235, 1249 (10th Cir. 2011)). Putting aside that neither *Kennedy* nor *Schrader* are binding precedent here, Defendants' reliance on the Tenth Circuit's decision in *Schrader* is misplaced.

5

In *Schrader*, the district court dismissed an action based on lack of personal jurisdiction, with no reference to § 1631. The plaintiff appealed, arguing that the district court should have transferred the case to another court where the action could have been brought in lieu of dismissal. *Schrader*, 633 F.3d at 1249. The Tenth Circuit found that the district court had not abused its discretion, because there was no single court to which the action could be transferred where jurisdiction would be proper, and the court was "aware of no authority even permitting, much less requiring, a district court to unilaterally split up an action and transfer the resultant components to diverse jurisdictions under the auspices of § 1631." *Id.* at 1249-50.

There are two issues with Moving Defendants' reliance on *Shrader*. First, and somewhat inexplicably, the *Schrader* court cites to another 10th Circuit precedent *recognizing the exact authority to sever and transfer under § 1631* that the *Schrader* court claimed was without precedent. *Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006) (where plaintiff brought claims against New Mexico and Virginia defendants, remanding to district court to assess whether plaintiffs' claims against Virginia defendants only should be transferred under § 1631 for want of personal jurisdiction); *see also Johnson v. Mitchell*, 2012 WL 1594203, at *4 (E.D. Cal. May 4, 2012), *report and recommendation adopted,* 2012 WL 1979227 (E.D. Cal. June 1, 2012) ("However, *Schrader* curiously cited to an earlier Tenth Circuit decision, *Trujillo v. Williams,* 465 F.3d 1210 (10th Cir. 2006), which actually held that the district court had discretion to sever and transfer a plaintiff's claims against Virginia-based defendants from his claims against New Mexico-based defendants, or to dismiss the claims against the Virginia-based defendants, to cure jurisdictional defects."). So, at a minimum, there is conflicting Tenth Circuit authority that further supports this Court's discretion to sever and transfer claims.

6

Second, both before and after the *Shrader* decision in 2011 and in addition to *Chiquita*, numerous cases have recognized the court's authority to sever and transfer under § 1631. *Pettaway v. Equifax Info. Servs., LLC,* 2020 WL 10229077, at *11 (N.D. Ga. Aug. 7, 2020), *report and recommendation adopted,* 2020 WL 10229093, at *1 (N.D. Ga. Aug. 24, 2020) (same); *Edwards v. Leach Intern.*, 2015 WL 1781835, at *2-*6 (M.D. Fla. Apr. 20, 2015) (same); *In re Milo's Dog Treats Consol. Cases*, 2013 WL 6058461, at *6 (W.D. Pa. Nov. 18, 2013) (same); *Johnson*, 2012 WL 1594203, at *5-*7 (same); *Crouch v. Honeywell Int'l, Inc.*, 2010 WL 11545750, at *1 (W.D. Ky. Feb. 17, 2010) (same.); *D'Jamoos v. Pilatus Aircraft Ltd.*, 2009 WL 3152188, at *4 (E.D. Pa. Oct. 1, 2009) (same).

### III. CONCLUSION

There is nothing unusual or unprecedented about the approach the parties discussed with the Court at the January 9, 2024, telephonic status conference. While Moving Defendants may prefer the delay and second bite at the apple that comes with refiling cases, they are not entitled to dismissal. As this Court has recognized, should it conclude that personal jurisdiction cannot be found in M.D. Tenn., it is well within its discretion to sever Moving Defendants from the *Kabisch* case under Fed. R. Civ. P. 21 and transfer the claims as to Prometheus and Sares Regis to the Western District of Washington, those as to Rose to the Southern District of New York, and those as to CONTI to the Western District of Texas.

Dated: February 9, 2024        */s/ Tricia R. Herzfeld*
Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
**HERZFELD SUETHOLZ GASTEL LENISKI AND WALL, PLLC**
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37203
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com

*Plaintiffs' Liaison Counsel*

Patrick J. Coughlin
Carmen A. Medici
Fatima Brizuela
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 798-5325
Facsimile: (619) 233-0508
pcoughlin@scott-scott.com
cmedici@scott-scott.com
fbrizuela@scott-scott.com

Patrick McGahan
Amanda F. Lawrence
Michael Srodoski
G. Dustin Foster
Isabella De Lisi
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06145
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
pmcgahan@scott-scott.com
alawrence@scott-scott.com
msrodoski@scott-scott.com
gfoster@scott-scott.com
idelisi@scott-scott.com

8

Stacey Slaughter
Thomas J. Undlin
Geoffrey H. Kozen
Stephanie A. Chen
J. Austin Hurt
Caitlin E. Keiper
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
sslaughter@robinskaplan.com
tundlin@robinskaplan.com
gkozen@robinskaplan.com
schen@robinskaplan.com
ahurt@robinskaplan.com
ckeiper@robinskaplan.com

Swathi Bojedla
Mandy Boltax
**HAUSFELD LLP**
888 16th Street, N.W., Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
sbojedla@hausfeld.com
mboltax@hausfeld.com

Gary I. Smith, Jr.
Joey Bui
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
gsmith@hausfeld.com

Katie R. Beran
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: 1 215 985 3270
kberan@hausfeld.com

*Interim Co-Lead Counsel*

9

Eric L. Cramer
Michaela L. Wallin
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
ecramer@bm.net
mwallin@bm.net

Daniel J. Walker
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
Telephone: (202) 559-9745
dwalker@bm.net

Brendan P. Glackin
Dean M. Harvey
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, Suite 2900
San Francisco, CA 94111
Telephone: 415-956-1000
bglackin@lchb.com
dharvey@lchb.com

Mark P. Chalos
Hannah R. Lazarz
Kenneth S. Byrd
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue South, Ste. 1640
Nashville, TN 37201
(615) 313-9000
mchalos@lchb.com
hlazarz@lchb.com
kbyrd@lchb.com

Benjamin J. Widlanski
Javier A. Lopez
**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
bwidlanski@kttlaw.com

Christian P. Levis
Vincent Briganti
Peter Demato
Radhika Gupta
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
pdemato@lowey.com
rgupta@lowey.com

Christopher M. Burke
Walter W. Noss
Yifan (Kate) Lv
**KOREIN TILLERY P.C.**
707 Broadway, Suite 1410
San Diego, CA 92101
Telephone: (619) 625-5621
Facsimile (314) 241-3525
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

Joseph R. Saveri
Cadio Zirpoli
Kevin E. Rayhill
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
krayhill@saverilawfirm.com

Jennifer W. Sprengel
Daniel O. Herrera
Alexander Sweatman
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, IL 60603
Telephone: 312-782-4880
Facsimile: 312-782-4485

jal@kttlaw.com

jsprengel@caffertyclobes.com
dherrera@caffertyclobes.com
asweatman@caffertyclobes.com

*Plaintiffs' Steering Committee Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Tricia R. Herzfeld*
Tricia R. Herzfeld

12

Case 3:23-md-03071    Document 775    Filed 02/09/24    Page 13 of 13 PageID #: 14112