# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>**Chief Judge Waverly D. Crenshaw, Jr.**<br><br>**JURY DEMAND**<br><br>**This document relates to:**<br>**ALL CASES** |

## [PROPOSED] CASE MANAGEMENT ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's January 5, 2024, Order (ECF No. 693), and to secure the just, speedy, and inexpensive determination of this action, the Court orders that the following schedule shall govern these proceedings.

Any motion to modify the case management order or any case management deadline shall be filed at least seven calendar days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification should include a statement confirming that counsel for the moving Party has met and conferred with opposing counsel about the requested modification(s) or extension(s), and whether there is any objection. The motion for modification should also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be

1

later than 90 days in advance of the trial date. Motions for extensions should also demonstrate good cause as required by Fed. R. Civ. P. 16(b)(4). Counsel must promptly notify the Court of developments in the case that could significantly affect the case management schedule.

The Court expects the Parties and their counsel to work cooperatively throughout this litigation to narrow the issues in dispute, and to use reasonable, good faith, and proportional efforts to preserve, request, identify, and produce relevant information and resolve discovery disputes.

**DISCOVERY DEADLINES AND LIMITS**

1. Opening of Discovery: For purposes of Rule 26(d)(1), discovery requests may be served on or after **February 16, 2024**.

2. Initial Disclosures: The Parties shall serve their initial disclosures required by Rule 26(a)(1) on or before **February 26, 2024**. In any subsequently consolidated actions, all newly added Parties shall serve initial disclosures within **21 days** of consolidation. If the newly-added Parties disclose documents by category and location pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), they will produce copies of the documents themselves in response to discovery requests.

3. Fact Discovery Cut-off: Fact discovery must be commenced in time to be completed on or before **November 21, 2025**. Privilege log procedures shall be governed by the ESI Order.

4. Interim Deadlines for Production Of Documents And Data: To facilitate the scheduling and taking of depositions and the briefing of class certification, the Court also establishes the following interim deadlines for the production of documents and data:

    a. Meet and Confer About Custodians: The Parties shall begin meet and conferring about custodians no later than **March 11, 2024**.

    b. Commencement of Non-Custodial Productions: A responding Party shall begin production of responsive, non-privileged non-custodial documents that the Party has agreed to produce by **April 26, 2024** or within **60 days** of receiving the opposing party's written requests for production, whichever is later.

    c. Commencement of Custodial Productions: A responding Party shall begin rolling productions of documents **60 days** after reaching agreement on selection of all custodians, however, if the Parties have a dispute on any specific custodians, the 60 days will start for that custodian from the date of resolution of the impasse.

2

d. Substantial Completion of Document Production: The Parties shall substantially complete their document productions by **March 28, 2025**.

e. Data Production: The production of structured data responsive to Plaintiffs' First Set of Structured Data Requests ("Structured Data") shall be completed by **October 25, 2024.** Defendants shall each produce a sample of their Structured Data no later than **May 1, 2024.** If Plaintiffs have questions about the Structured Data sample, they shall raise those questions by **June 5, 2024**. Defendants shall respond to Plaintiffs' questions about the Structured Data sample by **July 10, 2024**, in order to facilitate the timely production of an agreed upon scope of Structured Data by **October 25, 2024**.

5. Limitations on Written Discovery:

   a. Interrogatories: Interrogatories will be counted in accordance with Fed. R. Civ. P. 33(a)(1). The Parties must coordinate efforts and each side must avoid serving duplicative or unduly burdensome interrogatories. Local Rule 33.01(b) is expanded to allow:

      i. *Plaintiffs*: Plaintiffs may jointly serve 30 interrogatories on each Defendant.

      ii. *Defendants*: Defendants may jointly serve 30 interrogatories on each of the individual named Plaintiffs and each Defendant is also entitled to serve up to 10 individual interrogatories on Plaintiffs.

   b. Requests for Admission:

      i. *Plaintiffs*: Plaintiffs may serve 30 joint Requests for Admission per Defendant, and an additional 20 joint requests on each Defendant.

      ii. *Defendants*: Defendants may jointly serve 30 Requests for Admission on each named Plaintiff, and each Defendant is also entitled to serve up to 10 individual requests on Plaintiffs.

      iii. Requests for Admission, other than those concerning authenticity or admissibility, must be served no later than **90 days** before the close of fact discovery, or by **August 21, 2025**, whichever is later.

   c. Depositions: Depositions shall be governed by the Order for Deposition Protocol.

   d. Third Party Subpoenas:

      i. Absent good cause to the contrary, all third-party subpoenas must be served in sufficient time, taking into account the nature and volume of the material requested, to allow for resolution of

       reasonably anticipated disputes and production of the material requested no later than the deadline for the completion of all fact discovery. Third-party subpoenas should be served at least **45 days** prior to the deadline for completion of fact discovery.

    ii. Plaintiffs and Defendants must give each side notice of the issuance of a third-party subpoena. Such notice must be given at least two (2) business days in advance per Local Rule 45.01(d). Plaintiffs and Defendants must exchange all third-party productions within **7 days** of receipt of the productions or at least **14 days** before the deposition of the producing third party, whichever is earlier.

## ADDITIONAL DISCOVERY ORDERS

1. The Protective Order, Deposition Protocol, Rule 502(d) Order, Expert Discovery Order, and ESI Protocol entered by the Court shall automatically apply to Parties in all subsequently consolidated actions, unless modified by the Court in response to a motion filed by such newly added party within **14 days** of their consolidation.

## CLASS CERTIFICATION AND EXPERT DISCOVERY

1. Plaintiffs must file and serve their opening motion for class certification together with supporting documents and related expert reports, on or before **August 15, 2025**.

2. Defendants must file and serve their memoranda in opposition to class certification, together with supporting documents and related expert reports, on or before **November 21, 2025**

3. No additional expert reports on class certification may be served without leave of Court.

4. Plaintiffs must file and serve their reply brief in support of their motion for class certification on or before **January 16, 2026.**

5. Class expert disclosures must be made as set out in the protocol governing expert discovery.

6. The briefing schedule for any *Daubert* motion filed in connection with class certification shall be as follows:

    a. Plaintiffs' Experts: Defendants' motions shall be filed by **November 21, 2025**, Plaintiffs' oppositions shall be filed by **January 16, 2026**, and Defendants' reply brief shall be filed by **February 20, 2026**; and

    b. Defendants' Experts: Plaintiffs' motions shall be filed by **January 16, 2026**, Defendants' oppositions shall be filed by **February 20, 2026**, and Plaintiffs' reply briefs hall be filed by **March 23, 2026**.

7. A hearing on class certification and *Daubert* class reports will be held in **April 2026**.

**MERITS EXPERTS**

1. Plaintiffs shall serve their Rule 26(a)(2)(B) and 26(a)(2)(C) expert merits reports on or before **June 19, 2026**.

2. Defendants shall serve their Rule 26(a)(2)(B) and 26(a)(2)(C) expert merits reports on or before **August 14, 2026.**

3. Expert merits reply reports shall be due no later than **September 18, 2026**.

4. No additional expert reports on merits issues may be served without leave of Court.

5. The briefing schedule for any *Daubert* motion filed in connection with class certification shall be as follows: Parties' *Daubert* motions shall be filed by **October 23, 2026**, Parties' oppositions shall be filed by **December 18, 2026**, and Parties' reply brief shall be filed by **January 22, 2027**.

6. A hearing on *Daubert* merits reports will be held at the convenience of the Court.

**DISPOSITIVE MOTIONS AND TRIAL READY DATE**

Motions for summary judgment under Rule 56(a) shall be made in accordance with the following schedule. Before filing or responding to a summary judgment motion, attorneys are required to read and follow Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021), regarding what should (or should not) be included in the movant's "statement of undisputed material facts." Counsel must carefully draft the statement of undisputed material facts and responses to ensure that it is a narrow statement of facts (not opinions, argument, or legal conclusions) that are material to the outcome of the case and are undisputed as supported by the record.

1. The Parties shall file any motions for summary judgment on or before **April 16, 2027**.

2. Parties must file and serve their memoranda in response to any summary judgment motions on or before **May 28, 2027**.

3. Parties must file and serve their replies in support of any summary judgment motions on or before **June 25, 2027**.

4. Argument on the Parties' summary judgment motions, if requested by the Parties and Ordered by the Court, will be held in at the convenience of the court (if necessary, *see* Local Rule 78.01).

5. For cases filed in the Middle District of Tennessee, the Parties shall be trial ready no later than **75-100 days** after the Court's ruling on the motions for summary judgment. The Court will set a trial for six (6) weeks starting on a convenient date.

## MEDIATION AND ALTERNATIVE DISPUTE RESOLUTION

1. The Parties are engaged in ongoing mediation efforts, including plans for Parties to participate in at least two independent substantive attempts to resolve the case. For the first attempt, certain Defendants have already engaged in mediation. Other Defendants will engage on either **March 15, 2024** and/or **April 8, 2024**.

2. In the event the Parties have not resolved the claims, they shall engage in at least one additional good-faith mediation effort no later than **August 13, 2027**.

3. Nothing in this Order shall prevent the Parties, or a subset of the Parties, from engaging in additional mediation or settlement conferences with the aim of resolving the claims in this case.

4. The Court may *sua sponte* schedule status conferences or settlement conferences to explore options for alternative dispute resolution.

## CASE MANAGEMENT CONFERENCES

1. The Parties shall conduct status conferences before Judge Crenshaw approximately **every 30 days** from **February 16, 2024** to **August 1, 2026**. The Parties will provide their availability for these conferences through March 2025 within ten days of entry of this Order.

2. The Parties will submit a joint status report **seven days** before each status conference. To the extent that the Parties have a small number of agenda items for a status conference, the Court may elect to conduct the status conference telephonically. If there are no agenda items for a status conference, the Court may cancel the conference.

**IT IS SO ORDERED.**

Date: _____, 2024

_____
Hon. Waverly Crenshaw, Jr.