# Appendix B
# Disputes Related to Proposed ESI Protocol

I. **Privilege Log Requirements**

| Plaintiffs' Proposal | Defendants' Proposal |
|---|---|
| A privilege log must include an entry for each email and each attachment within a thread for which the producing Party is claiming privilege, to allow the receiving Party to adequately assess the claim of privilege for each email and attachment in the document family. | 14(c) Emails containing privileged information may be included in a privilege log as the most inclusive version of the email thread that is available. If the receiving Party believes that all portions of an email thread should be logged individuals, the receiving Party shall make such a request in writing noting the privilege log ID number of the thread and the reasons why the receiving Party believes that the emails should be individually listed in the privilege log. The producing Party retains the right to object to such requests on the grounds of undue burden and disproportionality. The Parties agree to meet and confer in good faith regarding any such objections. |
| No such provision – parties must log attachments separately from emails. | 14(f) A Party shall only be required to include one entry on the privilege log to identify each family of documents that are withheld in their entirety for privilege (parent and child[ren]) taken together ("Family"); provided, however, that the privilege log entry for any Family shall identify that the documents are part of a family (e.g., "Email and attachments…") and provide the names of the attachments in a separate field. If the receiving Party believes that an email and its attachment(s) should be logged separately, the receiving Party shall make such a request in writing noting the privilege log ID number of the thread and the reasons why the receiving Party believes that constituent parts of the email Family should be individually listed in the privilege log. The producing Party retains the right to object to such requests on the grounds of undue burden and disproportionality. The Parties agree to meet and confer in good faith regarding any such |

1

| Plaintiffs' Proposal | Defendants' Proposal |
|---|---|
| | objections. |

**PLAINTIFFS' POSITION:**

Defendants' proposals for privilege logging are simply inadequate to provide Plaintiffs with enough information under Fed. R. Civ. P. 26(b)(5) to "assess the claim" of privilege.

Under Defendants' first proposal, if Defendants withhold an email chain consisting of 20 emails under a claim of privilege, they would only have to log the top email in the chain. If an email lower down in the chain was, for example, sent to a third party, or included a large number of non-attorneys, Plaintiffs would have no way to know that information—information required to properly assess a claim of privilege. *In re Bystolic Antitrust Litig.*, No. 20-CV-5735 (LJL), 2021 WL 878568, at *4 (S.D.N.Y. Mar. 9, 2021) ("Requiring privilege logs to include only one entry for each email thread containing withheld emails would limit the ability of the parties and the Court to effectively evaluate the basis of the privilege asserted."). Nor would Plaintiffs have any way of ascertaining how many individual emails are being withheld. Defendants argue that Plaintiffs can simply ask for log entries for the rest of the email chain, but without knowing what other emails may be further down the chain, that option is illusory; Plaintiffs will be blindly requesting additional log entries, potentially creating satellite litigation over "undue burden and proportionality". For this reason, "[t]he emerging majority view appears to be that individual emails within a string should be separately logged in some fashion." *United States v. Davita, Inc.*, 301 F.R.D. 676, 685 (N.D. Ga. 2014) (collecting cases); *Breathablebaby, LLC v. Crown Crafts, Inc.*, No. 12-cv-94, 2013 WL 33550594, at *10 (D. Minn. 2013) ("[R]equiring individual entries for each e-mail in a chain helps to ensure that parties do not bury non-privileged communications in e-mail chains that were forwarded to counsel for legal advice.").

2

Similarly, if a producing Party withholds an email with several attachments, the privilege log will include only an entry for the cover email, and no metadata or any of the other information required for attachments under Fed. R. Civ. P. 26(b)(5) (beyond the name of the document) to assess the propriety of the privilege claim. If a document was created by a third party (like a co-Defendant), and then claimed as privileged because it was forwarded to an attorney, that information would be crucial to assessing and challenging a claim of privilege, but under Defendants' proposal it would be hidden from Plaintiffs. This is why "federal courts generally 'expect that attachments, like earlier strings in e-mail correspondence, need to be treated separately and logged as such[.]'" *In re Application of Chevron Corp.*, No. 10-371, 2013 WL 11241413, at *5 (D.D.C. Apr. 22, 2013) (quoting *Abu Dhabi Commercial Bank v. Morgan Stanley & Co., Inc.*, No. 08-7508, 2011 WL 3738979, *4 (S.D.N.Y. Aug. 18, 2011) (citations omitted)).

Defendants' main argument for excluding this information appears to be burden. But this makes no sense; Defendants' proposal assumes the claim of privilege is identical for every email in a thread or for every member of a family, and so there is minimal additional burden to adding metadata log entries and copying the explanation of privilege to each additional line of a log, to the extent each member of the document family is privileged. Any burden claimed by Defendants is clearly outweighed by the relevance of the additional log entries to Plaintiffs' ability to assess a claim of privilege and, if necessary, challenge it.

**DEFENDANTS' POSITION:**

A Party shall only be required to include one entry on the privilege log to identify each family of documents that are withheld in their entirety for privilege (parent and child[ren]) taken together ("Family"); provided, however, that the privilege log entry for any Family shall identify that the documents are part of a family (e.g., "Email and attachments…") and provide the names of the attachments in a separate field. If the receiving Party believes that an email and its

3

attachment(s) should be logged separately, the receiving Party shall make such a request in writing noting the privilege log ID number of the thread and the reasons why the receiving Party believes that constituent parts of the email Family should be individually listed in the privilege log. The producing Party retains the right to object to such requests on the grounds of undue burden and disproportionality. The Parties agree to meet and confer in good faith regarding any such objections.

Plaintiffs' proposal shares many of the flaws of their approach to email threads. Logging emails and attachments separately will dramatically increase the size of each Defendant's privilege log and the time spent ensuring that privilege log entries are correct. As with the prior disputed provision, Plaintiffs have not articulated a practical basis for Defendants to log every attachment individually from and email. There will be no loss of information for Plaintiffs. If an attachment is responsive to their requests and not privileged, it will be produced. If Plaintiffs have more questions about an email attachment on a privilege log, they can ask for the entry to be relogged separately. This Court should follow the lead of other courts in taking a two-step approach to privilege logs that is both efficient and practical. *See, e.g.*, *In re Delta Dental Antitrust Litig.*, No. 1:19-cv-06734, ECF No. 348, §G.2 (N.D. Ill. 2020); *In re Diisocyanates Antitrust Litig.*, No. 2:18-mc-01001, ECF No. 313, §10(a) (W.D. Pa. 2020).

## II. Authenticity: Paragraph 15(c)

| Plaintiffs' Proposal | Defendants' Proposal |
|---|---|
| **Presumption of Authenticity.** All Documents produced in this Action by either Party or by non-parties from the nonparties' files shall be presumed to be authentic within the meaning of Federal Rules of Evidence 901. If a Party serves a specific good faith written objection to the authenticity of a particular document, including the reasons for such a challenge, | [This section should be omitted from the ESI Protocol.] |

4

| Plaintiffs' Proposal | Defendants' Proposal |
|---|---|
| the presumption of authenticity will no longer apply to that document. Any objection to a document's authenticity must be provided with (or prior to) the exchange of objections to trial exhibits. The Parties will promptly meet and confer to attempt to resolve any such objection. | |

**PLAINTIFFS' POSITION:**

The Parties agree that it benefits all to stipulate to authenticity to avoid taking extensive and unnecessary discovery for the purpose of authenticating documents as business records that were produced by the Parties in this litigation. The Parties differ in the appropriate timing for such a stipulation. Plaintiffs submit that, by including this language at the outset of the case, the Parties can streamline, for example, service of requests for admission and reduce the need for deposition testimony for authentication purposes. Plaintiffs' approach also reserves the right of any producing party to object to authenticity up until trial exhibit lists are exchanged, so there is no prejudice to either side.

**DEFENDANTS' POSITION:**

Now is not the time to be addressing the authenticity of documents. Document productions are months away. Defendants do not know what documents they will be producing—the parties have not negotiated the scope of discovery, who document custodians will be, or search methodologies that they will use. Moreover, summary judgment and trial—where evidentiary foundation will matter—will not occur for years. There is no reason to address authenticity before a single document is produced.

The issue of authenticity foundation is better addressed at the close of discovery when the parties will know what documents matter. That is exactly the approach that other courts have

5

taken in antitrust litigation. *See, e.g.*, *In re Pork Antitrust Litig.*, No. 18-cv-01776, Dkt. 1651 (D. Minn. 2022) (ordering parties to address objections to authenticity and admissibility after motions for summary judgment are filed); *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637, Dkt. 5422 (N.D. Ill. 2022) (stipulations concerning authenticity negotiated during expert discovery); *In re High-Tech Employee Antitrust Litig.*, 5:11-cv-02509, Dkt. 371 (N.D. Cal. 2013) (stipulation entered into after production of documents); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 3:07-md-01827, Dkt. 2910 (N.D. Cal. 2011) (stipulation concerning authenticity and admissibility protocols entered after close of discovery). This Court should follow the same approach.