# Appendix C
# Disputes Related to Proposed Protective Order

**I. Use of Confidential Information:**

| Plaintiffs' Proposed Language: | Defendants' Proposed Language: |
|---|---|
| (6)(c) Subject to the requirements in Subparagraphs 6(a)-(b), the following categories of persons may be allowed to review Confidential Information:<br>. . .<br>(7) Witnesses at Hearings and Depositions. During depositions or testimony at any hearing, or in preparation for the same, witnesses in this Action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has or should have knowledge; and provided that the witness has completed the certification contained in Attachment A. Disclosure to such person is limited to the portion of the document relevant to events, transactions, discussions, communications, or data about which the person has or should have knowledge. To the extent a document otherwise subject to this section also contains irrelevant information, counsel for the party intending to disclose the information will use best efforts to redact the irrelevant portion of the document before presenting it to the witness. | (6)(c)(7) Witnesses at Hearings and Depositions. During depositions or testimony at any hearing, or in preparation for the same, witnesses in this Action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge; and provided that the witness has completed the certification contained in Attachment A. Disclosure to such person is limited (1) to the portion of the document of which the person has knowledge; or (2) to the portion of the document in which the person's conduct or knowledge is identified or referenced; or (3) counsel for the Producing Party expressly authorizes in writing disclosure of the information to the witness prior to its disclosure. |
| (6)(d) Subject to the requirements in Subparagraphs 6(a)-(b), the following categories of persons may be allowed to review Highly Confidential Information:<br>. . .<br>(6) Witnesses at Hearings and Depositions. During depositions or testimony at any hearing, or in preparation for the same, witnesses in this Action to whom disclosure is reasonably necessary, provided that counsel | (6)(d)(6) Paragraph 6(d)(6): Witnesses at Hearings and Depositions. During depositions or testimony any hearing, or in preparation for the same, witnesses in this Action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about |

| for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications , or data about which the person has or should have knowledge; and provided that the witness has completed the certification contained in Attachment A. Disclosure to such person is limited to the portion of the document relevant to events, transactions, discussions, communications, or data about which the person has or should have knowledge. To the extent a document otherwise subject to this section also contains irrelevant information, counsel for the party intending to disclose the information will use best efforts to redact the irrelevant portion of the document before presenting it to the witness. | which the person has knowledge; and provided that the witness has completed the certification contained in Attachment A. Disclosure to such person is limited (1) to the portion of the document of which the person has knowledge; or (2) to the portion of the document in which the person's conduct or knowledge is identified or referenced; or (3) counsel for the Producing Party expressly authorizes in writing disclosure of the information to the witness prior to its disclosure. |
|---|---|

**PLAINTIFFS' POSITION:**

It has become routine that in large cases, such as this one, Parties frequently over-designate documents as confidential, which all-too-often leads to unnecessary litigation within litigation. Challenging confidentiality designations, unless done wholesale, forces the party making the challenge (almost always the plaintiff in large class actions) into a no-win proposition: either reveal opinion work product (by informing the over-designating party which handful of the thousands or millions of over-designated documents plaintiffs care about), or not use those documents in non-party depositions at all. Plaintiffs propose a solution where second-party confidential or highly-confidential documents can be shown without advance notice to witnesses associated with the producing party, while building in three separate safeguards to prevent actual competitively-sensitive information from being shared inappropriately: 1) a deponent must sign Attachment A and agree to be bound by the Protective Order governing this case at the time of signing; 2) applicable documents will only be shown to a deponent if "counsel for the party intending to

2

disclose the information has a good-faith basis for believing such [Highly] Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has or should have knowledge"; and 3) if an applicable document contains both relevant and irrelevant information, "counsel for the party intending to disclose the information will use best efforts to redact the irrelevant portion of the document before presenting it to the witness." These protections are sufficiently robust to address Defendants' concerns regarding the potential disclosure of confidential information.

**DEFENDANTS' POSITION:**

It is Defendants' position that in order to use a document at a hearing or deposition that a party designated Confidential or Highly Confidential, that the witness was not previously authorized to see, counsel should be required to give advance written notice to the Producing Party and the Producing Party must expressly authorize such disclosure in writing. Given the subject matter of this case and the fact that many of the Defendants in this case are competitors, it is particularly important for Defendants that their competitively sensitive material be kept confidential, and that the Producing Party be given notice before it is used with someone who is not already entitled to see the document. Given the number of Defendants, it is also a possibility that not every party's counsel will be able to attend every deposition or hearing, making advance notice and authorization even more important. To that end, Defendants provide two scenarios wherein advanced notice is not required: (1) if the witness already has knowledge of the material in the document because the witness sent or received the document, or someone from the witness's employer sent or received the document or (2) the witness's knowledge or conduct is referenced in the document. Only if the prior conditions are not met must the party seeking to use the Protected Material get advance written authorization from the Producing Party. Requiring advance notice is

consistent with many protective orders entered in other antitrust cases involving competitors[1] and cases in the Middle District of Tennessee,[2] dealing with highly sensitive information. Moreover, there are sufficient safeguards in the Protective Order already to alleviate Plaintiffs' concerns regarding over-designation. Paragraph 12 of the Protective Order allows parties to challenge designation of any document as Confidential or Highly Confidential via a meet and confer process prior to filing a motion with the Court. Accordingly, this notice provision will only apply to documents that are properly designated Confidential or Highly Confidential. Plaintiffs' proposal in no way alleviates Defendants' concern that a Producing Party's Protected Material could be used in a deposition or hearing when the Producing Party's counsel is not present.

---

[1] *Persian Gulf, Inc. v. BP West Coast Products LLC, et al.*, Case No 3:15-cv-01749, (S.D. Cal. Feb. 4, 2019) [Dkt. 184] (requiring identical language re: advance written authorization from Producing Party); *In re Local TV Advertising Antitrust Litigation*, MDL No 2867, Case No 1:18-cv-06785 (N.D. Ill. Feb. 15, 2019) [Dkt. 194] (requiring five business days advance notice); *see also Pope v. Blue Ridge Elec. Membership Corp.*, Civil No: 5:11-CV-185 (W.D.N.C. Aug. 31, 2012) [Dkts. 13 & 15] (requiring twenty-four-hour advance notice in employment case).

[2] *Glenda Shipman, et al. v. American Medical Systems, Inc., et al.*, Case No. 3:19-cv-0820 (M.D. Tenn. December 9, 2020) [Dkt. 93] (requiring five days' notice in advance of deposition); *see also Top Tobacco. L.P., et al. v. Vassem Abdelshahed*, Civ. Action No. 3:19-cv-0356. (M.D. Tenn. June 1, 2020) [Dkt. 56] (requiring three business days' notice before a designated document can be used in a filing or hearing).