# EXHIBIT A3

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE PORK ANTITRUST LITIGATION | Civil No. 18-1776 (JRT/HB) |
| This Document Relates to: All Actions | **ORDER REGARDING DISCLOSURE OF INFORMATION** |

In addition to disclosures that will be made pursuant to Rule 26(a)(1),[1] and other disclosures agreed to between the parties or ordered by the Court, the parties will disclose the following documents and/or information for the period from January 1, 2007 to June 30, 2018 to the extent such documents exist and are readily available. The parties will disclose the documents and/or information described below no later than March 1, 2019 unless a different deadline for disclosure has been established by agreement of the parties.

As part of these initial, limited disclosures, the parties need not disclose every document falling within items (a)-(b) or (e)-(f), but will disclose at least one document sufficient to show the requested information for each year at issue to the extent such documents exist and are readily available. Such disclosures will be subject to the parties' ability to supplement or amend these disclosures once

---

[1] In making the disclosures pursuant to this Order, a disclosing party is not making any representations regarding whether it may use any documents, people, or information in support of its claims or defenses and is not agreeing that the persons disclosed possess information relevant to the claims or defenses. The parties will make required disclosures under Rule 26(a)(1) consistent with the deadline for such disclosures established under the federal and local rules and/or an order of this Court.

discovery commences, and further subject to modification by any party upon a showing that complying with such disclosure would be unduly burdensome.

By providing information pursuant to these disclosures, the parties do not agree that any documents are discoverable or relevant and do not waive or limit their respective rights to object to, or oppose, any request for further disclosure or discovery.

The omission of any particular category of documents from this Order does not preclude the parties from seeking such documents in discovery once discovery commences.  Finally, this Order is intended to supplement, not supersede, the agreements of the parties and other orders of this Court concerning the parties' preliminary discovery activities pending determination of the Defendants' motions to dismiss.

    a.    **Organizational Charts:**

        i.    **Defendants:**  Organizational charts sufficient to show the names and titles of individuals with the following positions or responsibilities relating to pork:

            1.    member of the board of directors;

            2.    all executives with the title of Director, Vice President, or higher (such as SVP, CEO, COO, CFO, etc.), as well as their administrative assistants or secretaries;

            3.    investor and/or creditor relations;

            4.    the person or persons (if any, and excluding any clerical-level or administrative-level personnel) who:

      a.    have primary responsibility for managing or overseeing the reporting and transmitting of data directly to and from Agri Stats, Express Markets, Inc., Urner Barry, or USDA relating to pork pricing, supply, slaughter, inventory, export, or production levels;

      b.    regularly receive the Agri Stats report entitled the "Bottom Line Report";

      c.    have primary responsibility for analyzing data received from Agri Stats to identify data pertaining to specific competitors;[2] and/or

      d.    receive any other survey of pork producers that concerns the profitability, supply, or pricing of pork products.

5.    the person or persons who supervise the department responsible for pork sales to, purchases from, trades with, or co-packing transactions with other pork producers;

6.    all executives with the title of Director, Vice President, or higher, as well as certain limited executives with the title of Manager,[3] whose primary responsibilities include

---

[2] Defendants do not concede, and inclusion of this subparagraph does not constitute a finding by the Court, that the data described in this subparagraph is transmitted to or received from any of the identified entities, or that it is possible to analyze Agri Stats data to identify data pertaining to specific competitors.

[3] "Manager," as used in this subparagraph and in subparagraph 7 below, includes only

3

determining or setting pork pricing, supply, slaughter, inventory, export, or production levels, and who were an officer or board member of, or otherwise formally-designated participant (such as the member of a relevant committee) in any of the following:

    a. National Pork Board

    b. National Pork Producers Council

    c. National Pork Industry Conference

    d. North American Meat Institute

    e. American Meat Institute

    f. American Meat Institute Foundation

    g. Minnesota Pork Producers Association

    h. North Carolina Pork Council

    i. South Carolina Pork Board

7. all executives with the title of Director, Vice President, or higher, as well as certain limited executives with the title of Manager, whose primary responsibilities include determining or approving a Defendant's own pork pricing, supply, slaughter, inventory, export, or production levels.[4]

---

individuals whose position makes them the highest level executive overseeing a specific pork complex, but not individuals with the position of "manager" who report to such individuals.

[4] Defendants do not concede, and inclusion of this subparagraph does not constitute a finding by the Court, that any determinations or approvals described in this subparagraph are ever made or provided.

4

>> Defendants may create a list of individuals with the job responsibilities listed above in lieu of producing a formal organizational chart, so long as such a list provides, to the extent the information is readily available, the individual's name, title, the time period during which they held that title, and for item (a)(i)(6) above, the name of the trade association of which they were an officer, board member, or formally-designated participant and any committee memberships held. With respect to (a)(i)(4) through (a)(i)(7), to the extent that a particular position at a Defendant's pork facilities typically fulfills the particular job responsibility at issue, a Defendant may simply identify that position and the estimated number of individuals who have held that position during the relevant period.
>
> ii. **Direct Purchaser Plaintiffs:** Organizational charts sufficient to show the names and titles of individuals with the following positions or responsibilities relating to the purchase of pork:
>
>> 1. Plaintiffs' claims and allegations in the August 17, 2018, Amended Complaints; and
>>
>> 2. Plaintiffs' purchase of pork, including executives with the title of Director, Vice President, or higher.
>
> Plaintiffs may create a list of individuals with the job responsibilities listed above in lieu of a formal organizational

5

>> chart, so long as such a list provides, to the extent the information is readily available, the individual's name, title, and the time period during which they held that title. With respect to (a)(ii)(1) and (2), to the extent that a particular position at a Plaintiff typically fulfills the particular job responsibility at issue, a Plaintiff may simply identify that position and the estimated number of individuals who have held that position during the relevant period.
>
> iii. **Indirect Purchaser Plaintiffs:** Commercial Indirect Purchaser Plaintiffs that are businesses will disclose organizational charts sufficient to show the names and titles of individuals with the following positions or responsibilities relating to the purchase of pork:
>
> 1. have primary responsibility for analyzing the prices, supply levels, or availability of pork;
> 2. have primary responsibility for determining or approving the sale price of pork;
> 3. purchasing pork, including executives with the title of Director, Vice President, or higher; and
> 4. Plaintiffs' claims and allegations in the Commercial IPPs' Amended Complaint.
>
> Plaintiffs may create a list of individuals with the job responsibilities listed above in lieu of a formal organizational

6

        chart, so long as such a list provides, to the extent the information is readily available, the individual's name, title, and the time period during which they held that title.

b. **Email Systems:** Identification of the email system used, including the name of the email system, version number (including applicable dates for different versions, if readily available), and time period or number of days for which email is retained on the system.

c. **Non-custodial Data Sources:** A list of known non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI. These lists will identify the databases that are likely to contain discoverable "structured data."

d. **Document Retention Policies:** Document retention and/or destruction policies, including policies or systems that automatically deleted certain types of documents or data (e.g., email) after a certain period, that applied to documents and data likely to be relevant to the claims or defenses in these case and that were in effect at any time during the period from January 1, 2007 to June 30, 2018.

e. **Employee Technology Use Policies:** Employee Technology Use Policies in effect during the period of January 1, 2007 to June 30, 2018, including (if they exist) policies concerning use by employees of cellphones, notebook computers, and tablets for business purposes. Without intending to limit, such policies may go by the following names: bring-your-own device (BYOD) policies, choose-your-own-

7

      device (CYOD) policies, corporate-liable-employee-owned (CLEO) policies, corporate-owned/personally enabled (COPE) policies, mobile-device-management (MDM) policies, and dual-use device policies. Plaintiffs and Defendants will disclose if they had no such policies during the identified time period.

  f.    **Inaccessible Data:** A list of known data sources, if any, likely to contain discoverable ESI and that the party asserts are not reasonably accessible under Rule 26(b)(B) or Rule 26(b)(2)(C)(i).

**IT IS SO ORDERED.**

Dated: February 7, 2019           s/ *Hildy Bowbeer*
                                             HILDY BOWBEER
                                             United States Magistrate Judge