# EXHIBIT A7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TEAM SCHIERL COMPANIES and
HEARTLAND FARMS, INC., on behalf of
themselves and all others similarly situated,

        Plaintiffs,

v.

ASPIRUS, INC. and ASPIRUS
NETWORK, INC.,

        Defendants.

PRELIMINARY PRETRIAL
CONFERENCE ORDER

22-cv-580-jdp

---

This court held a telephonic preliminary pretrial conference on February 8, 2023. The court set the schedule for this case and advised the parties that their conduct throughout this case is governed by this pretrial conference order and attachments.

The parties and their attorneys must at all times treat everyone involved in this lawsuit with courtesy and consideration. The parties must attend diligently to their obligations in this lawsuit and must reasonably accommodate each other in all matters so as to secure the just, speedy and inexpensive resolution of each proceeding in this matter as required by Fed. R. Civ. Pro. 1. Failure to do so shall have consequences.

1. **Deadline to Serve Initial Disclosures: June 19, 2023**

2. **Deadline for Completion of Non-Expert Depositions: April 5, 2024**

3. **Discovery Cutoff**: May 7, 2024

  **Discovery is stayed until June 5, 2023**. Absent written agreement of the parties or a court order to the contrary, all discovery must conform with the requirements of Rules 26 through 37.

Rule 26(a)(1) governs initial disclosures unless the parties agree in writing to the contrary.

The following discovery materials *shall not* be filed with the court unless they concern a motion or other matter under consideration by the court: interrogatories; responses to interrogatories; requests for documents; responses to requests for documents; requests for admission; and responses to requests for admission.

A party need not file a deposition transcript with the court until that party is using the deposition in support of some other submission, at which time the entire deposition must be filed. All deposition transcripts must be in compressed format. The court will not accept duplicate transcripts. The parties must determine who will file each transcript.

A party may not file a motion regarding discovery until that party has made a good faith attempt to resolve the dispute. All efforts to resolve the dispute must be set forth in any subsequent discovery motion filed with this court. By this order, the court requires all parties to a discovery dispute to attempt to resolve it quickly and in good faith. Failure to do so could result in cost shifting and sanctions under Rule 37.

This court also expects the parties to file discovery motions promptly if self-help fails. Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order.

All discovery-related motions must be accompanied by a supporting brief, affidavit, or other document showing a *prima facie* entitlement to the relief requested. Any response to a discovery motion must be served and filed within seven calendar days of service of the motion. Replies may not be filed unless requested by the court.

4.      **Deadline to Serve Opening Expert Reports: June 7, 2024**

5.      **Deadline to Serve Opposing Expert Reports: July 19, 2024**

6.      **Deadline to Serve Rebuttal Expert Reports: August 30, 2024**

7.      **Deadline for Expert Witness Depositions: October 18, 2024**

8.      **Motions & Briefs To Certify/Decertify Classes**: November 15, 2024

This is the deadline for plaintiffs to seek certification of a Rule 23 class or for defendant to seek decertification of a conditional FLSA class.

>       Responses: December 13, 2024
>
>       Replies: January 10, 2025

9.      **Deadline for filing dispositive motions**: June 16, 2025

Dispositive motions may be filed and served by any party on any date up to the deadline set above. All dispositive motions must be accompanied by supporting briefs. All responses to any dispositive motion must be filed and served within 28 calendar days of service of the motion. Any reply by the movant must be filed and served within 21 calendar days of service of the response.  The parties may not modify this schedule without leave of court.

If any party files a motion for summary judgment, all parties must follow this court's procedure governing such motions, a copy of which is attached to this order. The court will not consider any document that does not comply with its summary judgment procedure. A party may not file more than one motion for summary judgment in this case without leave of court.

Parties are to undertake discovery in a manner that allows them to make or respond to dispositive motions within the scheduled deadlines. The fact that the general discovery deadline cutoff, set forth below, occurs after the deadlines for filing and briefing dispositive motions is not a ground for requesting an extension of the motion and briefing deadlines.

3

10.     **Settlement Letters**: November 7, 2025

Not later than this date, each party must submit a confidential settlement letter to the clerk of court at clerkofcourt@wiwd.uscourts.gov. The letter should set forth the terms and conditions upon which that party would settle this case. These letters will not become part of the record in this case and will not be shared with the presiding judge or opposing counsel.

The clerk of court may independently initiate settlement discussions with counsel based upon the settlement letters. A party can also request mediation at any time, before or after settlement letters are filed, by contacting the clerk of court via e-mail or telephone at 608-261-5795.

11.     **Rule 26(a)(3) Disclosures *and* all motions in limine**: November 14, 2025

                                              Objections: December 15, 2025

The first date is the deadline to file and serve all Rule 26(a)(3) disclosures, as well as all motions in limine, proposed voir dire questions, proposed jury instructions, and proposed verdict forms. All responses in opposition are due by the second date. The format for submitting proposed voir dire questions, jury instructions and verdict forms is set forth in the Procedures Governing Final Pretrial Submissions, which is attached.

*The parties should **not** submit courtesy copies of all these submissions to chambers.*

12.     **Final Pretrial Conference: January 7, 2026 at 2:30 p.m.**

Lead counsel for each party must appear in person. Any deposition that has not been filed with the Clerk of Court by the date of the final pretrial conference shall not be used by any party for any purpose at trial.

13.     **Trial: January 26, 2026 at 9:00 a.m.**

Trial shall be to a jury of eight. The parties estimate that this case will take four weeks to try. Absent further order of this court, the issues to be tried shall be limited to those identified by the parties in their pretrial conference report to the court.

This case will be tried in an electronically equipped courtroom and the parties shall present their evidence using this equipment. Counsel must ensure the compatibility of any of their personal equipment with the court's system prior to the final pretrial conference.

14.     **Reporting Obligation of Corporate Parties**

All parties that are required to file a disclosure of corporate affiliations and financial interest form have a continuing obligation throughout this case promptly to amend that form to reflect any changes in the answers.

Entered this 9th day of February, 2023.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge