# EXHIBIT A15

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE DOMESTIC AIRLINE TRAVEL ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL Docket No. 2656<br>Misc. No. 15-1404 (CKK) |

**SCHEDULING ORDER REGARDING DISCOVERY AND
BRIEFING ON MOTION FOR CLASS CERTIFICATION**
(January 30, 2017)

Pursuant to the Court's [125] Order of November 15, 2016, the parties filed a [144] Joint Status Report outlining the parties' positions as to a proposed Case Management Plan and providing the Court with proposed Scheduling Orders. The Court held an on-the-record Initial Scheduling and Case Management Conference on January 26, 2017, during which the Court discussed the parties' positions. The Court now issues this Order governing discovery and briefing on the issue of the class certification. The Court shall first discuss the uncontested issues and then shall render its rulings with respect to the contested issues.

It is this 30th day of January, 2017, hereby ORDERED as follows:

**Uncontested Issues**

1.  <u>Lift of discovery stay</u>. Pursuant to this Court's [4] Order of October 30, 2015, all discovery in this matter was stayed until further order of the Court. The stay of discovery is hereby lifted.

2.  <u>Settlement</u>. The Court shall not refer this matter to a magistrate judge to conduct a settlement conference at this time as the parties believe there is not a realistic possibility of settling this matter without further judicial action. To the extent that the parties believe such action would

be useful in the future, they are instructed to promptly notify the Court.

3. <u>Special Master</u>.  As agreed to by the parties, the Court shall, by separate order, appoint the Honorable Richard A. Levie as Special Master in this matter pursuant to Federal Rule of Civil Procedure 53 for the purposes of managing discovery and resolving discovery disputes.[1]

4. <u>Initial Disclosures</u>.  As agreed to by the parties, the parties shall continue discussing whether there is a more effective alternative to initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1).  As discussed at the hearing, the parties shall notify the Court as to whether they plan to produce initial disclosures pursuant to Rule 26(a)(1) or whether they agree on an alternative plan by the date specified in this Order.  If an agreement is not reached, the parties shall set forth their respective positions by the date specified in this Order.

5. <u>Expert Disclosures</u>.  As agreed to by the parties, expert disclosures shall be governed by Federal Rule of Civil Procedure 26, except as modified by expert stipulation agreed to by the parties and ordered by the Court.  The parties shall adhere to dates specified in this Order.

6. <u>Protective Order</u>. The parties agree to negotiate a protective order, and propose the protective order to the Court by the date specified in this Order.

7. <u>Government Production</u>. As agreed to by the parties, Plaintiffs are entitled to any or all documents produced by Defendants to the Department of Justice ("DOJ") in response to the civil investigative demands ("CIDs") issued in July 2015 ("government production").  In addition to providing all materials produced,  Defendants agree to provide Plaintiffs with lists of search

---

[1] Plaintiffs indicated in the Joint Status Report that they opposed the referral of this matter to a Special Master.  However, at the hearing, Plaintiffs indicated that they have no reservations about the appointment of Judge Levie as Special Master in this matter.

terms employed which may have narrowed the demands, privilege logs provided, custodians designated, and written agreements between DOJ and Defendants, if any, as to the scope of the Defendants' production. Defendants shall serve the government production and other documents outlined in this section on Plaintiffs by no later than **February 13, 2017**.

As agreed to by the parties, the producing party may designate any or all documents in the government production as "Confidential" without attorney review in order to expedite production. This designation only applies to the exchange of the documents between the parties during the discovery and does not apply to documents filed with the Court.[2] The presumption is that all documents and pleadings will be filed on the public docket. To the extent that either party seeks to file documents with the Court under seal, sealed documents may be filed in paper form with the Clerk's Office if they are accompanied by a motion to seal in accordance with Local Civil Rule 5.1(h). Motions to seal should explain why sealing is appropriate with reference to the factors identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). The Court then shall render a ruling on the request to seal. Failure to file a proper motion to seal may result in the document being placed in the public record.

8. <u>Document Production</u>. As agreed to by the parties, the documents to which the

---

[2] The Court notes that counsel on behalf of one Plaintiff in this action filed a [150] *Request to Include in the Scheduling Order an Opportunity to Object to the Proposed Protective Order*, requesting that the Court set a time period by which Plaintiffs may object to the proposed protective order. As the Court noted during the hearing, such issues should be raised to and through Plaintiffs' Interim Class Co-Counsel and not directly to the Court by individual Plaintiffs in this matter. Further, as discussed on the record during the hearing, the designation of the government production as "confidential" does not obviate the need for any party wanting to file documents under seal in this Court to make an appropriate showing that such action is necessary. Otherwise, the presumption is that documents and pleadings be filed on the public docket. This clarification appears to address the concern raised by the Plaintiff in her request.

parties have not raised an objection shall be produced on a rolling basis. The parties shall continue to meet and confer regarding the specific transactional data to be retained as well as produced, format for the production of data, sharing of costs of collecting and producing data and documents, and a schedule for the orderly and prompt production of different categories of documents.

9. <u>Principal Designees</u>. Plaintiffs shall select a Principal Designee from each of the lead counsel class firms on which all discovery-related requests, productions, or correspondence shall be directed. The Plaintiffs' Principal Designees shall be responsible for distributing these materials to all plaintiffs. Defendants also shall select one Principal Designee for each Defendant to whom all discovery-related requests, productions, or correspondence shall be directed.

10. <u>Electronic Service</u>. As agreed to by the parties, service of all correspondence and formal papers filed, whether under seal or otherwise, shall be completed by electronic mail to counsel of record in lieu of service of documents pursuant to Federal Rule of Civil Procedure 5. In the event any document is too voluminous for electronic mail, the parties shall serve on each Principal Designee an electronic disk, hard drive, secure download, or other electronic means agreed upon by the parties.[3]

As agreed to by the parties, if service is made by physical mail, the serving party will e-mail the other side's Principal Designee when the materials are sent to alert them that the materials are being served. Electronic delivery shall be treated the same as hand delivery for purposes of calculating response times under the Federal Rules. Service on Plaintiffs' Primary Designee shall be deemed service on all Plaintiffs. Plaintiffs' Primary Designee shall provide copies to all

---

[3] The Court adopts the agreed-upon electronic means of service for each Principal Designee listed in the parties' Joint Status Report. Jt. Status Report at 7-8, ECF No. [144].

4

Plaintiffs of any papers or documents served by Defendants.

11. <u>Nationwide Service</u>.  As agreed to by the parties, the parties will be allowed nationwide service of discovery subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from the Court.

**Contested Issues**

12. <u>Discovery Schedule</u>.  The parties dispute whether discovery should be bifurcated into "class certification" discovery and "merits" discovery.  Defendants' position is that such a delineation is prudent and that Defendants should only be required to produce all discovery necessary to determine whether the proposed class should be certified pursuant to Federal Rule of Civil Procedure 23.  Defendants acknowledge that some of this discovery would touch on the merits of Plaintiffs' claims and outline the discovery they deem relevant to the issue of class certification.[4]  Plaintiffs object, arguing that discovery may be accomplished in phases, but that bifurcation on a "class certification" and "merits" basis is inappropriate in this instance. Rather, Plaintiffs' proposal contemplates filing their motion for class certification prior to the completion of discovery but not bifurcating discovery as Defendants suggest.

---

[4] Specifically, Defendants propose the following discovery be taken prior to resolving the issue of class certification.  For discovery produced to Plaintiffs: (1) "Defendants' capacity data for the period in dispute"; (2) "Defendants' transactional and pricing data regarding flights for the period in dispute"; (3) "Documents from Defendants' network planning departments regarding capacity planning and changes"; (4) "Fact depositions of a limited number of each of Defendant's employees directed at class certification issues"; (5) "Depositions of class certification experts designated by Defendants"; and (6) "All materials produced by Defendants to the Department of Justice pursuant to CIDs issued in July 2015."  Jt. Status Report at 18.  For discovery produced to Defendants: (1) "Discovery from Plaintiffs on the issue of common proof of impact and other class certification issues, including the bases for Plaintiffs' allegations that capacity and pricing diverged from historical patterns in 2009"; (2) "Depositions of class certification experts designated by Plaintiffs"; and (3) "A deposition of each Plaintiff."  *Id.*

5

A class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). As such, Rule 23(a) sets out four specific requirements – numerosity, commonality, typicality, and adequate representation – to "ensure[] that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Id.* at 349, 350. Indeed, Rule 23 is more than a mere pleading standard. Rather, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule," meaning that "he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.* at 350. As such, the Supreme Court of the United States recognized that "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," and must be satisfied that the prerequisites of Rule 23(a) are met after "rigorous analysis." *Id.* (quoting *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160, 161 (1982)). "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim." *Id.* at 351. This is the case because "'[t]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Id.* (quoting *Falcon*, 457 U.S. at 160).

Courts have recognized that discovery on the merits is not required to be completed prior to class certification in some instances. *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 172 (D.D.C. 2009) (citing *Hubbard v. Potter*, No. 03–CV–1062, 2007 WL 604949, at *2 (D.D.C. Feb. 22, 2007)). However, the U.S. Court of Appeals for the District of Columbia Circuit has not set forth a bright line test for determining when circumstances would warrant

bifurcating discovery. "In resolving motions to bifurcate discovery at the pre-certification stage, district courts must 'balance the need to promote effective case management, the need to prevent potential abuse, and the need to protect the rights of all parties.'" *In re Rail Freight*, 258 F.R.D. at 172 (quoting *Hubbard*, 2007 WL 604949, at *2). As one district court summarized, "the prime considerations in whether bifurcation is efficient and fair include whether merits-based discovery is sufficiently intermingled with class-based discovery and whether the litigation is likely to continue absent class certification." *In re Plastics Additives Antitrust Litig.*, No. 03–CV–2038, 2004 WL 2743591, at *2 (E.D. Pa. Nov. 29, 2004). "Although some discovery is necessary to resolve certification issues, 'pre-certification discovery is subject to the limitations which may be imposed by the court, and any such limitations are within the sound discretion of the court.'" *In re Rail Freight*, 258 F.R.D. at 172 (quoting *Hubbard*, 2007 WL 604949, at *2).

Based on the record, the Court shall not bifurcate discovery as requested by Defendants for the following reasons. As an initial matter, the scope of the government production remains unclear at this time.[5] Plaintiffs represented during the hearing that in the last day or two they learned more information about the scope of the productions, the time frame of the productions, and the custodians for the productions. However, Plaintiffs noted that they did not have complete information, including what was negotiated as the ultimate scope of the documents produced. The Court further notes that it denied Plaintiffs' request, which was opposed by Defendants, that Defendants provide Plaintiffs with the government production prior to briefing on Defendants' motion to dismiss. Mem. Op. & Order (Mar. 30, 2016), ECF No. [96].

---

[5] Plaintiffs also represented at the hearing that it is premature to know whether or not this litigation will continue if the class is not certified.

Second, the Court is not as sanguine as Defendants that discovery in this matter can be easily bifurcated into discovery related to class certification and discovery related to the merits. Plaintiffs have the burden of demonstrating that the class should be certified. Indeed, as Plaintiffs argued, the Court sees an issue with permitting Defendants to determine the scope of discovery required for Plaintiffs to meet their burden. Here, as discussed with respect to the motion to dismiss, the parties have differing views about the potential scope of the alleged conspiracy. *See* Mem. Op. (Oct. 28, 2016), at 28, ECF No. [124] ("Defendants . . . contend that Plaintiffs are required to plead specific routes or city-pairs that were affected by the conspiracy. Plaintiffs instead assert that the conspiracy had an industry-wide effect on prices and plead that the conspiracy affected air passenger transportation services within the United States."). As such, it seems difficult to determine at least at this juncture that there is a clear line between the discovery needed to resolve the class certification issue and other discovery to resolve the merits of Plaintiffs' claims.

Third, the Court cites with approval the decision of Magistrate Judge John M. Facciola in *In re Rail Freight Fuel Surcharge Antitrust Litigation*, 258 F.R.D. 167 (D.D.C. 2009). In that case, Judge Facciola denied the defendants' request to bifurcate discovery and instead determined that it was appropriate to allow an initial period of discovery after which the parties briefed the class certification issue. *Id.* at 176. Judge Facciola found bifurcating discovery was inappropriate because: it would require the plaintiffs to accept the defendants' formulation of the class certification question, *id.* at 173; the alleged conspiracy's operation and scope were closely intertwined, *id.* at 174; and bifurcating discovery would likely lead to more disputes, *id.* However, he also found that permitting "untrammeled and unlimited discovery" before determining class

certification was not proper. *Id.* at 176.

Here, as the Plaintiffs suggest, the Court agrees that permitting some discovery prior to class certification without adopting an artificial distinction between class certification and merits discovery strikes the appropriate balance. As such, the Court shall adopt the schedule proposed by Plaintiffs at this juncture. As previously discussed, this schedule will require Defendants to provide discovery that Defendants concede Plaintiffs are entitled to prior to briefing the class certification issue, namely the government production, capacity data for the relevant period, transactional and pricing data regarding flights during the relevant period, documents from Defendants' planning departments regarding capacity planning and changes, fact depositions of a limited number of Defendants' employees, and depositions of Defendants' class certification experts. Jt. Status Report at 18. However, it will permit Plaintiffs to ask for additional information that they deem relevant to the class certification issue.

In light of the uncertainty surrounding the scope of discovery, the Court notes that the dates set are the outside dates by which the Court expects certain tasks to be completed. As further discussed *infra*, the Court shall set regular status hearings in order to monitor the parties' progress and, if prudent, to adjust the schedule to require the earlier completion of some tasks. The Court shall set this hearing schedule in place in part to alleviate Defendants' concerns regarding the scope of pre-class certification discovery.

13.     <u>Schedule for Discovery and Briefing on Motion for Class Certification</u>. For the reasons set forth, the Court shall adopt Plaintiffs' proposal. The Court shall revisit the schedule at the next hearing to determine whether dates should be moved earlier. However, the Court does not anticipate granting extensions beyond the dates outlined. Accordingly, parties shall adhere to

the following schedule:

| | |
|---|---|
| **Fact Discovery Opens** | January 27, 2017 |
| **Deadline for Submission of Agreed Protective Order, Discovery in Lieu of R. 26(a) Disclosures, Protocol for Production of ESI and Documents Expert Stipulation, Privilege Protocol, Deposition Protocol, Preservation Agreement, and/or other agreements that the parties deem necessary**[6] | February 27, 2017 |
| **Substantial Completion of Production of Transactional Data and Documents** | July 27, 2017 |
| **Close of Fact Discovery Prior to Certification** | April 27, 2018 |
| **Class Certification Motion (including motion for appointment of class counsel) and Expert Report(s)** | April 27, 2018 |
| **Deadline for Defendants to Depose Plaintiffs' Expert(s)** | June 11, 2018 |
| **Opposition to Class Certification and Expert Report(s)** | June 27, 2018 |
| **Deadline for Plaintiffs to Depose Defendants' Expert(s)** | July 27, 2018 |
| **Class Certification Reply and Expert Report(s)** | August 13, 2018 |

---

[6] Agreed-upon protocols shall be filed with the Court so that they may be incorporated into the record through Court order.

14. <u>Status Hearing</u>.  This matter is set for a Status Hearing on **May 3, 2017**, at **10:00 a.m.**, in **Courtroom 28A**.  By no later than **April 26, 2017**, the parties shall file a brief joint status report updating the Court as to the progress of discovery and alerting the Court to any other outstanding issues that the parties deem appropriate.  As agreed to by the parties, the Court intends to hold regular status hearings, initially on a quarterly basis and then every three to four months as appropriate.  The Court shall set a schedule for these regular hearings at the May, 3, 2017, hearing.

**IT IS SO ORDERED.**

                                                    */s/*
                                           **COLLEEN KOLLAR-KOTELLY**
                                           UNITED STATES DISTRICT JUDGE