# EXHIBIT A17

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY DALE, BRETT JACKSON, JOHNNA FOX, BENJAMIN BORROWMAN, ANN LAMBERT, ROBERT ANDERSON, and CHAD HOHENBERY on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

DEUTSCHE TELEKOM AG, et al.,

Defendants.

No. 22 C 3189
Chicago, Illinois
February 6, 2024
9:25 a.m.

TRANSCRIPT OF TELEPHONIC PROCEEDINGS

BEFORE THE HONORABLE THOMAS M. DURKIN

APPEARANCES:

For the Plaintiffs:

HAUSFELD
600 Montgomery Street
Suite 3200
San Francisco, California 94111
BY: MR. GARY I. SMITH, JR.

BERGER MONTAGUE, PC
1818 Market Street
Suite 3600
Philadelphia, Pennsylvania 19103
BY: MR. ERIC L. CRAMER

BERGER MONTAGUE, PC
2001 Pennsylvania Avenue, NW
Suite 300
Washington, D.C. 20006
BY: MR. ROBERT E. LITAN

Official Court Reporter:

JENNIFER COSTALES, CRR, RMR, CRC
219 S. Dearborn St., Room 1928
Chicago, Illinois 60604
(312) 435-5895
*jenny.uscra@yahoo.com*

APPEARANCES: (Continued)

For the Plaintiffs:

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street
29th Floor
San Francisco, California 94111
BY: MR. BRENDAN P. GLACKIN
MR. LIN YEE CHAN
MR. NICHOLAS W. LEE

For the Defendants:

K&L GATES LLP
70 West Madison
Suite 3100
Chicago, Illinois 60602
BY: MR. CLIFFORD C. HISTED

GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, California 94111
BY: MS. RACHEL S. BRASS

(Proceedings in open court - parties via teleconference)

THE COURTROOM DEPUTY: 22 CV 3189, Dale versus Deutsche Telekom.

May I please ask the attorney present on behalf of the plaintiff to state their name.

MR. SMITH: This is Gary Smith with Hausfeld LLP on behalf of the plaintiffs. Also on the line are Brendan Glackin, Lin Chan and Nicholas Lee with Lieff Cabraser and Robert Litan with Berger Montague for the plaintiffs.

THE COURTROOM DEPUTY: And on behalf of T-Mobile, please.

MR. HISTED: Good morning, Your Honor. For T-Mobile, this is Cliff Histed with KL gates. And I'm joined this morning by my colleague Rachel Brass from Gibson, Dunn.

MS. BRASS: I'm here, Your Honor.

THE COURT: Good morning.

THE COURTROOM DEPUTY: And on behalf of Softbank Group Corporation?

THE COURT: All right. Well, they're --

MR. SMITH: They were dismissed, Your Honor, so I think they might --

THE COURT: Yeah, I realize they probably won't be attending this for fear they might be dragged back in. So okay.

MR. SMITH: I think that's probably right.

THE COURT: All right. Well, thank you all for coming on and being patient.

You filed a joint status report on January 30th at document 154. It was very comprehensive, and I appreciate all the work that went into it and the cooperation the parties evidenced by going through it.

You largely agreed on many of the key issues. You have one disagreement we'll get to in a minute. But you all agreed on a fact discovery cut-off of November 13, 2025. And that seems reasonable given the fairly complicated and extensive scope of discovery in this case.

At page 3, there was a reference to having a status conference every 60 days. I think that's a good idea.

The parties differ on whether a joint status report should be filed 7 days before each status conference. I'm going to ask you to do that.

T-Mobile's concern that raising any disputes in the status report encourages parties from reaching resolution without Court intervention, I think it does the opposite because no one wants to, I hope, include in status reports things that should have been resolved by the parties without Court intervention.

If it's a problem that is raised in a status report that should have been resolved after a meet and confer, I'll simply tell you to go back and meet and confer before I have

to consider it.

But an updated status report that tells me what is going on and also has a proposed agenda, if there is any reason, things we ought to address in each call I find to be very helpful. I've done that in some other large cases, and it encourages having efficient updates on the case.

So we will do status conference calls every 60 days and a joint status report filed 7 days before that.

If the status report is nothing more than a few lines saying "We're proceeding as planned," that's just fine. And if it turns out the parties believe a status call is unnecessary in light of the fact that you are proceeding as planned and as scheduled, contact my courtroom deputy and say the parties don't believe one is necessary at that 60-day interval and that we ought to set it up for 60 days after. But in the meantime we'll just keep it at a 60-day status.

The biggest disagreement, really only disagreement in this joint status report is whether merits and class expert reports should be separated or proceed on the same track.

This case is already going slowly in my mind. I believe there should only be one expert discovery period. I think bifurcation will cause undue delay. It's going to lead to some inefficiencies and in my experience endless disputes about whether certain discovery is class versus merits, expert discovery is class versus merits.

The schedules that the parties have proposed, expert discovery doesn't begin until December 2025. That's almost two years from now. And if events occur that make this ruling that there will be no bifurcation of expert discovery, if 09:29:44 events occur that make that ruling something that ought to be reconsidered, you can ask for me to reconsider it, and if there is good reason to do so, I'll certainly reconsider.

But at this stage, I just don't see any reason to bake into a schedule something that I think is going to cause 09:30:01 unnecessary delay.

I'm going to ask the parties to by Friday submit a joint expert discovery schedule consistent with my ruling today. And if you can reach agreement on the dates, terrific. It may be what the plaintiffs are already proposing. It may 09:30:22 be something closer, at least in dates, to what T-Mobile is proposing. Hopefully it's something that you all can agree upon, possibly a middle ground or possibly what the plaintiffs are proposing.

If you can't agree on the dates for combined merits 09:30:39 and class expert discovery, note your disagreements in the submission you make Friday, and I'll resolve those without any phone call or further briefing. I'll simply resolve it and give you dates that you can then use when you are retaining experts and scheduling out the various tasks you are going to 09:31:01 have in this case.

Any questions from plaintiff?

MR. SMITH: No, Your Honor. Thank you.

THE COURT: Any questions from defendants?

MS. BRASS: No, Your Honor. Thank you.

09:31:13 THE COURT: Okay, very good. We'll look forward to a submission, a very brief submission on Friday consistent with what I've just talked about, and we'll go from there. And we will set a status date in 60 days.

Emily, do you have a date you can give them right

09:31:29 now?

THE COURTROOM DEPUTY: We can say April 5th at 9:15.

THE COURT: How does that work for plaintiff?

MR. SMITH: We'll make it work, Your Honor.

THE COURT: All right. And for defendant?

09:31:41 MS. BRASS: We will do the same, Your Honor.

THE COURT: Okay. Very good. Anything else we need to discuss, first from plaintiffs?

MR. SMITH: No, Your Honor, nothing else from plaintiffs' perspective.

09:32:01 THE COURT: And from defendants?

MS. BRASS: Your Honor, nothing else here.

THE COURT: Okay. Thank you all for being patient. Sorry we didn't get to you earlier. Take care.

MR. SMITH: Thank you, Your Honor.

MR. HISTED: Have a good day, Judge.

(Proceedings concluded)

C E R T I F I C A T E

I, Jennifer S. Costales, do hereby certify that the foregoing is a complete, true, and accurate transcript of the proceedings had in the above-entitled case before the Honorable THOMAS M. DURKIN, one of the judges of said Court, at Chicago, Illinois, on February 6, 2024.

*/s/ Jennifer Costales, CRR, RMR, CRC*
Official Court Reporter
United States District Court
Northern District of Illinois
Eastern Division