# EXHIBIT A18

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Sky Federal Credit Union, et al.
                        Plaintiff,

v.                                          Case No.: 1:20−cv−02114
                                                  Honorable Edmond E. Chang

Fair Isaac Corporation, et al.
                        Defendant.

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, October 17, 2023:

      MINUTE entry before the Honorable Edmond E. Chang: (1.) On review of the status report, R. 179, first the previously set deadlines remain in place: FICO's answers are due on 10/23/2023; any amended complaints are due on 10/30/2023; and Rule 26(a)(1) disclosures are due on 11/13/2023. The parties also agreed on the following: the first−round of document requests and interrogatories must be served on 11/06/2023; the proposed ESI discovery and confidentiality order is due on 11/06/2023; proposed orders on expert discovery, a deposition protocol, and potential modifications on discovery limits is due on 12/15/2023; document discovery shall be substantially completed by 06/14/2024; the final set of written discovery requests are due on 09/17/2024; fact discovery shall close on 12/20/2024. (2.) On review of the competing positions, the Court orders as follows: discovery, both fact and expert, shall cover the propriety of class certification and the merits of the current Plaintiffs'; claims. In this case, there will likely be substantial overlap between the issues underlying the propriety of certification and those underlying the merits of the current Plaintiffs' claims. It would be artificial to divorce the two for purposes of discovery, so splitting them up would waste more time than gained and would likely lead to disputes over the proper classification of discovery (which in turn would lead to more delay). Yes, if certification is denied, then the merits expert discovery possibly would go to waste (the Plaintiffs insist they would pursue the case even without certification, but the settlement parameters would be significantly affected). But waiting many, many months to start merits expert discovery 100% guarantees delay if certification is granted. So discovery (including expert discovery) shall cover both certification and the merits of the current Plaintiffs' claims. Expert reports are due on 01/30/2025. Response reports are due on 03/13/2025. Rebuttal reports are due on 04/15/2025. Expert depositions shall finish by 05/30/2025 (though it would be understandable if some leeway were given on that deadline). Very soon after the parties identify the experts who will be authoring reports, the parties should start scheduling deposition dates (even before issuance of the reports) in light of busy calendars. (3.) But then briefing shall take place in two rounds, with the **certification motion presented first** and then later, only **after** a decision on certification, will merits briefing begin. The one−way ratchet problem otherwise would arise, and although defendants in putative class actions sometimes are willing to litigate the merits first (if the court permits), the defense refuses to do so here. Plus, the certification decision is likely to shed some light

on the merits motions. The Plaintiffs' motion to certify is due on 07/10/2025. The response brief is due on 08/21/2025. The reply is due on 09/23/2025. ***Note that any Rule 702 expert arguments shall be presented in the certification briefing itself.*** There is no need to file separate motions on expert after expert. Inserting the expert arguments in the certification briefs ensures that the expert issue is concretely and specifically tied to a certification issue, rather than serve as free–floating, early motions in limine. Also, any reasonable page–limit expansions will be granted, so that is not a problem. There is significant disadvantage in multiplying out the number of briefs (in which background and argument is often repeated). (4.) The tracking status hearing of 10/20/2023 is reset to 11/17/2023 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Instead, the parties shall file a joint status report by 11/09/2023. Emailed notice (mw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.