# EXHIBIT B

|  |  |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**Case No. 3:23-md-3071**
**MDL No. 3071**

**Chief Judge Waverly D. Crenshaw, Jr.**

**This Document Relates to:**
**3:22-cv-01082**
**3:23-cv-00332**
**3:23-cv-00357**
**3:23-cv-00378**
**3:23-cv-00410**
**3:23-cv-00413**
**3:23-cv-00552**
**3:23-cv-00742**
**3:23-cv-00979**

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Discovery requests and subpoenas served in *In re: RealPage, Inc. Rental Software Antitrust Litigation (No. II)*, MDL No. 3071, Case No. 3:23-md-3071 (the "Action") may call for the production or disclosure of trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. ("Rule") 26(c)(1)(G), and other private or competitively or otherwise sensitive information for which special safeguarding and protection from public disclosure and from use for any purpose other than prosecuting this Action is warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulation and Proposed Protective Order ("Order"). This Protective Order shall apply to all pretrial proceedings in this Action. Nothing herein shall apply to a member case that is subsequently remanded to its original court for Trial.

**IT IS HEREBY ORDERED** that confidential information shall be disclosed only in the following ways:

1.      **Scope.**  All documents, electronically stored information ("ESI"), items, and other information produced or adduced in the course of discovery, regardless of the medium or manner generated, stored, maintained or revealed (including, among other things, initial disclosures, responses to discovery requests, deposition testimony, and exhibits), and information derived directly therefrom (hereinafter collectively, "documents"), shall be subject to this Order concerning Confidential or Highly Confidential Information as defined below. The protections conferred by this Order shall also cover information copied, extracted, or excerpted from Confidential or Highly Confidential Information produced in this litigation ("Protected Material"), the substance thereof, as well as any testimony by the parties or their counsel that reveal Confidential or Highly Confidential Information and which are identified by counsel as such. This Order shall apply to any named party to this Action (including all of its officers, directors, employees, retained experts, outside counsel (and their support staff)), and any non-parties.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      **Confidential Information.**  As used in this Order, "Confidential Information" means any document(s), or any portion(s) thereof, which contains confidential or proprietary business, commercial, research, personnel, product, or financial content belonging to the producing party or a non-party.  By way of example only, Confidential Information may include, but is not limited to: (a) information that is subject to restrictions on its use or disclosure by regulation, court order, or contractual agreement; (b) research, technical, commercial, or financial information that the party has maintained as confidential; (c) medical information concerning any individual; (d) personally identifiable information; (e) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; (f) personnel or employment records of a

2

person; or (g) any other non-public material that contains or discloses information relating to, referencing, or pertaining to proprietary, or commercially or competitively sensitive information. The parties will make reasonable efforts to ensure that information or documents that are available to the public are not designated as Confidential Information. All copies of, summaries of, and information derived from Confidential Information is Confidential Information.

3. **Highly Confidential Information.** As used in this Order, "Highly Confidential Information" means any information that a producing party or non-party reasonably believes to be sensitive, highly confidential, non-public information, consisting either of trade secrets or other highly confidential documents related to current or future business plans, protocols or strategies, the disclosure of which would be likely to cause competitive or business injury to the producing party. By way of example only, Highly Confidential Information may include, without limitation: (a) current or future business strategies and other strategic planning information; (b) current or future projections or plans regarding performance, budgets, production, output, sales, marketing, or distribution practices; (c) current or future manufacturing know-how or technology; (d) current or future customer lists or information; (e) negotiation strategies; (f) source code and proprietary software, systems, or processes; (g) current or future margin, cost, and pricing information; (h) intellectual property; or (i) board of directors' materials and presentations that contain Highly Confidential Information. If required by applicable privacy laws, Highly Confidential Information may also include personnel files that are designated as such for purposes of this litigation. All copies of, summaries of, and information derived from Highly Confidential Information is Highly Confidential Information. Though a party may designate a document or portion thereof as Highly Confidential because it contains the types of information listed in subparagraphs (a) through (i) under this Paragraph, such designations remain subject to Paragraph 12 below, regarding the

3

process by which the parties can challenge the designations of documents as Confidential or Highly Confidential Information.

4. **Designation.**

(a) A party may designate a document as Confidential or Highly Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. To the extent a document is produced in a form in which placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document is not practicable, the producing party may designate the document as confidential by cover letter or slip sheet, or by affixing a label to the production media containing the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential or Highly Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time that the documents are produced or disclosed. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of documents designated as Confidential or Highly Confidential Information and do not otherwise disclose the substance of the Confidential or Highly Confidential Information are not required to be marked.

4

(b) Mass, indiscriminate, or routinized designation is prohibited. The parties agree that any such Confidential or Highly Confidential Information designation shall be made in good faith at the time of disclosure, production, or tender.

(c)     When a receiving party wishes to challenge a designation, the parties will work together in good faith on an as-needed basis to address any potential over (or under) designation, pursuant to the procedure set forth in Paragraph 12.

5.     **Depositions.** Unless all parties agree otherwise on the record at the time the deposition testimony is taken as set forth in this Paragraph, all deposition testimony taken in this case and the information included in that testimony (including exhibits) shall be treated as Highly Confidential Information for a period of 30 days after the deposition. No later than the 30th day after the party is deposed, a party may serve a Notice of Designation to all parties of record and the court reporter for the deposition in question as to specific pages and lines of the transcript and exhibits that are designated Confidential or Highly Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. Exhibits marked at the deposition and not otherwise designated in a Notice of Designation shall carry their original confidentiality designation. After the receipt of any errata, the party which noticed the deposition shall request the court reporter to provide a revised final copy of the transcript that reflects any designations of pages of the transcript as Confidential or Highly Confidential in the lower left-hand corner of each designate page.

6.     **Protection of Confidential or Highly Confidential Material.**

(a)     **General Protections.** Except as set forth below, Protected Material, as defined in Paragraph 1, shall not be used or disclosed for any purpose whatsoever other than the prosecution or defense of claims in, or the settlement of, this Action, including any appeal thereof,

ACTIVE 693493302v2

and any cases remanded to their original transferor court therefrom. In this proposed class Action, Confidential or Highly Confidential Information may be disclosed only to the named plaintiffs and not to any other member of the proposed class unless and until a class including the proposed member has been certified, subject to this Paragraph 6 and Paragraph 7 below. Nothing in this Order, however, shall prevent or prejudice any party from using its own documents for any purpose, including privately disclosing its own Confidential or Highly Confidential Information to others not mentioned in this Paragraph 6, and such private disclosure shall not waive the protections of this Order.

(b) **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential or Highly Confidential Information to any person or entity except as set forth below in Subparagraphs 6(c)(1)-(12) and 6(d)(1)-(11), respectively. The party taking the deposition of a third party must provide this Order and Attachment A to this Order (Acknowledgement of Understanding and Agreement to Be Bound to This Order) to the third party reasonably in advance of the noticed deposition date for the deponent's review and signature. A third party deposed in this matter who refuses to sign the certification contained in Attachment A to this Order must have a good faith basis for refusing to sign the document and disclose that intention no later than seven days prior to the deposition. Following a reasonable effort to meet and confer with such third-party witness, any unreasonable refusals to sign the certification in Attachment A by a third-party witness may be raised immediately with the Court to permit depositions to remain on schedule. When a third-party witness refuses to sign the certification in Attachment A, the parties may agree, or the Court may order, that a witness otherwise qualifying as an "Identified Person" under Subparagraphs (c)(11)

6

and (d)(8) below may be shown Confidential or Highly Confidential documents, including for review and signature of their deposition transcript.

(c)  Subject to the requirements in Subparagraphs 6(a)-(b), the following categories of persons may be allowed to review Confidential Information:

(1)  Counsel.  Outside or in-house counsel for the parties and employees or support staff of such counsel who have responsibility for the preparation of the Action;

(2)  Parties.  Individual parties, employees, or former employees of a party, but only to the extent that: (a) counsel has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the individual party, employee, or former employee has knowledge; (b) disclosure to such individual party, employee, or former employee is limited to the portion of the document about such events, transactions, discussions, communications, or data; and (c) such party, employee, or former employee has completed and signed the certification contained in Attachment A to this Order;

(3)  The Court and its Personnel;

(4)  Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

(5)  Contractors.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process ESI;

7

(6)     Consultants and Experts.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation of this Action, but only after such persons have completed and signed the certification contained in Attachment A to this Order;

(7)     Witnesses at Hearings and Depositions. [**partially disputed**]

| Plaintiffs' Proposal | Defendants' Proposal |
|---|---|
| During depositions or testimony at any hearing, or in preparation for the same, witnesses in this Action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has or should have knowledge; and provided that the witness has completed the certification contained in Attachment A. Disclosure to such person is limited to the portion of the document relevant to events, transactions, discussions, communications, or data about which the person has or should have knowledge.  To the extent a document otherwise subject to this section also contains irrelevant information, counsel for the party intending to disclose the information will use best efforts to redact the irrelevant portion of the document before presenting it to the witness. | During depositions or testimony at any hearing, or in preparation for the same, witnesses in this Action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge; and provided that the witness has completed the certification contained in Attachment A. Disclosure to such person is limited (1) to the portion of the document of which the person has knowledge; or (2) to the portion of the document in which the person's conduct or knowledge is identified or referenced; or (3) counsel for the Producing Party expressly authorizes in writing disclosure of the information to the witness prior to its disclosure. |

Neither witnesses nor their counsel shall retain a copy of documents containing Confidential Information, except that witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, after which, such witnesses and their counsel shall destroy those copies pursuant to the parties' Deposition Protocol Order. The witness is not permitted to retain the

information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" after the witness is examined or deposed regarding the Protected Material, unless the witness was previously authorized to possess the information prior to the examination, or the witness signs the Attachment A;

(8)     Author or recipient.  The author or recipient of the document (not including a person who received the document solely in the course of litigation);

(9)     Special Masters. Special masters and their direct personnel;

(10)     Mediators.  Mediators and their direct personnel, provided that they are bound by a confidentiality agreement acceptable to all parties;

(11)     Identified Persons.  Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that: (i) counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge; (ii) disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced; and (iii) such person has completed and signed the certification contained in Attachment A to this Order; and

(12)     Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

(d)     Subject to the requirements in Subparagraphs 6(a)-(b), the following categories of persons may be allowed to review Highly Confidential Information:

(1)     Counsel.  Outside counsel or in-house counsel for the parties and employees or support staff of such counsel who have responsibility for the Action, provided that such individuals do not regularly participate in the commercial business activities of the parties other than providing legal advice;

(2)     The Court and its Personnel;

(3)     Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

(4)     Contractors.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(5)     Consultants and Experts.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation of this Action, but only after such persons have completed and signed the certification contained in Attachment A to this Order;

(6)     Witnesses at Hearings and Depositions. [**partially disputed**]

| Plaintiffs' Proposal | Defendants' Proposal |
|---|---|
| During depositions or testimony any hearing, or in preparation for the same, witnesses in this Action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has or should have knowledge; and provided that the witness has completed the certification contained in Attachment A. Disclosure to such person is limited to the portion of the document relevant to events, transactions, discussions, communications, or | During depositions or testimony any hearing, or in preparation for the same, witnesses in this Action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge; and provided that the witness has completed the certification contained in Attachment A. Disclosure to such person is limited (1) to the portion of the document of which the person has knowledge; or (2) to the portion of the document in which the person's conduct or knowledge is identified or |

| Plaintiffs' Proposal | Defendants' Proposal |
|---|---|
| data about which the person has or should have knowledge. To the extent a document otherwise subject to this section also contains irrelevant information, counsel for the party intending to disclose the information will use best efforts to redact the irrelevant portion of the document before presenting it to the witness. | referenced; or (3) counsel for the Producing Party expressly authorizes in writing disclosure of the information to the witness prior to its disclosure. |

Neither witnesses nor their counsel shall retain a copy of documents containing Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, after which, such witnesses and their counsel shall destroy those copies pursuant to the parties' Deposition Protocol Order. The witness is not permitted to retain the information designated "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" after the witness is deposed regarding the Protected Material, unless the witness was previously authorized to possess the information prior to the examination or the witness signs the Attachment A;

(7)     Author or recipient. The author or recipient of the document (not including a person who received the document solely in the course of litigation);

(8)     Identified Persons. Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that: (i) counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge; (ii) disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced; and (iii) such

11

person has completed and signed the certification contained in Attachment A to this Order;

        (9)     Special Masters. Special masters and their direct personnel;

        (10)    Mediators.  Mediators and their direct personnel, provided that they are bound by a confidentiality agreement acceptable to all parties; and

        (11)    Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

        (e)     To the extent any person is required to complete and sign the certification contained in Attachment A to this Order, facsimile signatures or signatures transferred in electronic format (*e.g.*, PDF) shall be treated as original signatures for purposes of this Order.

        (f)     **High Level Summaries**.  Notwithstanding the provisions of Subparagraphs 6(c)-(d), counsel may provide high level summaries or characterizations of the evidence in the case to their respective clients for the purpose of obtaining instructions in conducting this litigation. Nothing in this Order is intended to bar or otherwise prevent any counsel from rendering advice to their client with respect to this litigation and, in the course of rendering such advice, from relying upon his or her examination or knowledge of Confidential or Highly Confidential Information.

        (g)     **Control of Documents.**  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential or Highly Confidential Information.  Counsel shall maintain the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

        7.     **Absent Class Members.**  Confidential or Highly Confidential Information may not be disclosed to absent members of a putative or certified class (each an "Absent Class Member")

who have not intervened or otherwise appeared in this litigation, except under the circumstances described in Subparagraphs 6(c)-(d) of this Order, and in any case, only in the event such Absent Class Member has agreed to be bound by this Order by completing and signing the certification contained in Attachment A to this Order. If, however, Confidential or Highly Confidential Information is contained in a filing with the Court pursuant to Paragraph 9 of this Order, such filing may be disclosed to counsel for the Absent Class Member (or the Absent Class Member if not represented) for purposes of evaluating any settlement affecting the Absent Class Member, provided that such counsel, if any, and the Absent Class Member, have completed and signed the certification contained in Attachment A to this Order.

8. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential or Highly Confidential Information does not waive the right to so designate the document. If a party designates a document as Confidential or Highly Confidential Information after it was initially produced, the receiving party, upon notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material had not been designated Confidential or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential Information.

9. **Filing of Confidential or Highly Confidential Information.** The filing of any document that has been designated as Confidential or Highly Confidential and/or any documents disclosing the contents of Protected Material shall be governed by Rule 5.03 of the Local Rules of Court for the Middle District of Tennessee and nothing in this Order shall require a departure from the requirements set forth therein. Notwithstanding the foregoing, the party intending to use the

Protected Material in a Court filing need not move to seal the Protected Material pursuant to Rule 5.03 if the designating party provides written consent that filing the Protected Material under seal is unnecessary.

10.     A party is not required to file a document under seal if the Confidential or Highly Confidential Information contained or reflected in the document was so designated solely by that party.  The Court's denial of a motion to seal shall not prohibit a party from filing a document or materials that are designated as Confidential or Highly Confidential Information under this Order.

11.     **No Greater Protection of Specific Documents.**  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.  Nothing in this Order shall prevent a party from seeking greater or lesser protection with respect to the use of any Confidential or Highly Confidential Information.

12.     **Challenges by a Party to Designation as Confidential or Highly Confidential Information.**   The designation of any document as Confidential or Highly Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge:

(a)     **Meet and Confer.**  A party challenging the designation of Confidential or Highly Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated document, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within seven business days of the meet and confer.

14

(b)    **Judicial Intervention.**  A party that elects to challenge a confidentiality designation may (1) seek informal dispute resolution with the Court if such process can be mutually agreed upon with the designating party; or (2) file and serve a motion that identifies the challenged document and sets forth in detail the basis for the challenge.  Each such motion and supporting brief, and each response to such motion and supporting brief, may not exceed six pages and must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure outlined above.  Until the Court rules on the challenge, all parties shall continue to treat the document as Confidential or Highly Confidential Information, in accordance with its designation, under the terms of this Order.  As such, any motion challenging a confidentiality designation that contains or would otherwise reveal Confidential or Highly Confidential Information shall be filed under seal.

13.    **Action by the Court.**  Applications to the Court for an order relating to documents designated Confidential or Highly Confidential Information shall be by motion unless otherwise agreed by the parties.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

14.    **Use of Confidential or Highly Confidential Documents at Hearings.**  Nothing in this Order shall be construed to limit the use of any document(s) at any hearing provided that the parties take necessary advanced precautions to avoid the public disclosure of Confidential or Highly Confidential Information.  A party that intends to present, or that anticipates that another party may present, Confidential or Highly Confidential Information at a hearing, shall bring that issue to the Court's and parties' attention by motion or in a memorandum sufficiently in advance of the proceeding without disclosing the Confidential or Highly Confidential Information.  The

15

Court may thereafter make such orders as are necessary to govern the use of such documents at hearings.

15.     **Third Parties.**  In seeking discovery from third parties, the parties shall attach this Order to a copy of any subpoena or other discovery request.  Third parties from whom discovery is requested are subject to this Order and are entitled to the protections of this Order in responding to such requests.

16.     **Confidential or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any document designated in this Action as Confidential or Highly Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform, in writing, the party who caused the subpoena or order to be issued in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to be issued.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential or Highly Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential or Highly Confidential Information, and nothing in these provisions

16

should be construed as authorizing or encouraging a receiving party in this Action to disobey a lawful directive from another court. The obligations set forth in this Paragraph remain in effect while the party has in its possession, custody, or control, Confidential or Highly Confidential Information produced by the designating party in this case.

(d)　　Nothing in this Protective Order prohibits production by a party to this Order of materials designated Confidential or Highly Confidential in response to a valid subpoena or other process by a government agency, so long as the party receiving such a request provides notice to all parties to this matter, and to any affected non-parties, pursuant to Subparagraph 16(a) above.

17.　　**Unauthorized Disclosure or Use.** If a party learns that it or its counsel, officers, directors, employees, consultants, experts, or other agents have disclosed documents designated Confidential or Highly Confidential Information in any circumstance not authorized under this Order, that party must within two business days of learning of such disclosure: (a) notify the designating party of the disclosure and all pertinent facts relating thereto; (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such information; (c) use reasonable best efforts to retrieve all copies of the protected documents disclosed to unauthorized persons; (d) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order; and (e) request that each such person execute the certification contained in Attachment A to this Order.

18.　　**Obligations on Conclusion of Litigation.**

(a)　　**Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)  **Obligations at Conclusion of Litigation.**  Within 90 days after dismissal or entry of final judgment not subject to further appeal, all Confidential and Highly Confidential Information, including copies as defined in Subparagraph 4(a), must either be returned to the producing party's counsel or destroyed.  The receiving party shall decide whether to return or destroy the Confidential or Highly Confidential Information.

(c)  **Retention of Work Product and Filed Documents.**  Notwithstanding the above requirements to return or destroy documents, counsel may retain: (1) email correspondence related to their representation; (2) attorney work product, including an index that refers or relates to designated Confidential or Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential or Highly Confidential Information; and (3) one complete set of: (i) all documents filed with or by the Court, including those filed under seal; (ii) all transcripts of depositions, including exhibits; and (iii) all final expert witness reports and supporting materials disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure.  Any retained Confidential or Highly Confidential Information shall continue to be protected under this Order.  Counsel may use their work product in subsequent litigation provided that its use does not disclose Protected Material, as defined in Paragraph 1.

(d)  **Deletion of Documents Filed Under Seal from Electronic Case Filing (ECF) System**.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

19.  **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.  The deadlines set in Paragraphs 5, 6, and 12 can be modified by written agreement of the parties without further involvement of the Court.

ACTIVE 693493302v2

20. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document designated Confidential or Highly Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

21. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

22. **Future Parties.** The terms of this Order shall be binding upon all current and future parties to this litigation and their counsel; any party appearing in the litigation following entry of this Order shall be deemed to have joined the case subject to its provisions.

23. **Personal Jurisdiction.** Nothing herein shall be construed as a determination by the Court, or as a consent or waiver by any party, or parent or affiliate of any party, that such party, or parent or affiliate of a party, is subject to personal jurisdiction in this Court or that discovery as to such party, or parent or affiliate of a party, shall proceed pursuant to the Federal Rules of Civil Procedure.

24. **Waiver**. Nothing herein shall be construed as a waiver of any pending motion regarding discovery or the right of any party to seek further relief regarding discovery.

SO ORDERED.

Dated: _____

_____
Waverly D. Crenshaw, Jr.
United States District Judge

**SUBMITTED BY:**

[SIGNATURE BLOCK]

ACTIVE 693493302v2

## ATTACHMENT A TO PROTECTIVE ORDER

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II)** | **Case No. 3:23-md-3071**<br>**MDL No. 3071**<br>**Chief Judge Waverly D. Crenshaw, Jr.**<br><br>**PROTECTIVE ORDER ACKNOWLEDGEMENT & AGREEMENT**<br><br>**This Document Relates to: ALL CASES** |

The undersigned hereby acknowledges that he/she has read the Protective Order in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Tennessee in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential or Highly Confidential Information in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential or Highly Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

_____

Business Address: _____

Date: _____    _____
                                   Signature

21

ACTIVE 693493302v2