# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071 <br> MDL No. 3071 <br><br> JURY DEMAND <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br><br> This Document Relates to: <br><br> 3:22-cv-01082 <br> 3:23-cv-00332 <br> 3:23-cv-00357 <br> 3:23-cv-00378 <br> 3:23-cv-00410 <br> 3:23-cv-00413 <br> 3:23-cv-00552 <br> 3:23-cv-00742 <br> 3:23-cv-00979 |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE CONCERNING PRIVILEGE LOG DISPUTES IN DRAFT ESI PROTOCOL

Defendants' Notice Concerning Privilege Log Disputes in the Draft ESI Protocol, Dkt. 797, is notable for what it lacks: any realistic scenario in which a claim of privilege is a close call. The only example Defendants provide consists of an email chain with one individual asking another individual for direct legal advice, from the first email to the last. But what happens in trickier situations, where an attorney is included partway through an email chain, or where there are potential gray areas concerning a claim of privilege? Defendants do not say, likely because they know their proposal does not and cannot adequately address those situations.

Consider the following scenario: a group of RealPage pricing advisors discussing over email how they are sharing pricing information across clients, who compete for renters. After ten emails, one of the employees forwards the email to in-house counsel to ask how much information can be shared. That employee and in-house counsel then exchange five emails on the subject. Those last six emails may be subject to a valid claim of attorney-client privilege. But what happens to the first ten emails in the email chain, which are highly relevant and are clearly not privileged?

In a perfect world, RealPage would produce those first ten emails. But more often than not, in litigation, once an attorney becomes attached to an email chain, the entire chain is withheld for privilege. When each withheld email is logged, Plaintiffs can assess whether the claim of privilege makes sense in the context of the entire email chain. In this hypothetical, if Plaintiffs see that there are a significant number of emails before an attorney is contacted, for example, Plaintiffs would be alerted to the improper privilege designation and able to challenge the withholding of those earlier emails. But under Defendants' approach, that log entry would include only the metadata for the top email, including only the employee who forwarded the email and the in-house counsel. That would, misleadingly, look like a standard request for legal advice. There would be no information about how many other individuals were ever on the chain, how many emails were

exchanged before the attorney became involved, or whether the chain included third parties prior to the attorney being added. Indeed, there would be no information at all about how many emails there were total—whether there were two or sixteen.

As another potential scenario, consider an apartment building manager who has received an escalated tenant dispute about inflexible unit pricing, and reaches out to an executive at the management company (who wears multiple hats, both legal and business). In the correspondence, the manager asks what their employees should tell tenants about the algorithm to satisfy customer complaints. Again, in a perfect world, these emails would never be logged at all, they would be produced. But, again, it is typical practice for defendants to log emails that are sent to attorneys, even where the advice being requested is business advice and not legal advice. Logging all emails in the chain provides the context necessary to meaningfully evaluate the privilege claim. In this example, how the email chain developed (i.e., from a customer-facing employee forwarding a customer complaint), would inform any challenge to the claim of privilege, because it would be unlikely that a customer complaint warranted strictly legal advice, as opposed to business advice.

Other common and more clearly problematic situations also benefit from more detail, like discussions that appear to be purely press/media related (which can be discerned by looking at whether public relations employees are included in early emails), or withholding of emails where legal counsel is copied to ordinary-course business communications. *See e.g.*, *In re Google Play Store Antitrust Litig.*, 664 F. Supp. 3d 981, 984 (N.D. Cal. 2023) (noting Google employees were trained to CC attorneys in emails to prevent future disclosure in litigation). Without information about each withheld document in a chain, Plaintiffs cannot properly assess the claim of privilege.

Nor is Defendants' proposal that Plaintiffs may request additional log entries in certain circumstances workable. First, it improperly shifts both the cost and burden on Plaintiffs, and will

likely create satellite litigation over whether Plaintiffs have good cause to ask for additional entries and whether creating new log entries will be burdensome.[1] Second, as described above, Defendants' proposed logs would deprive Plaintiffs of the very information they would need to decide whether to ask for more information, requiring Plaintiffs to shoot in the dark as to where problems are likely. As Plaintiffs explained on the conference, providing this information up front will decrease the number of disputes over Defendants' privilege logs, particularly if Defendants are *only* logging documents sent to or received from attorneys, as counsel claimed.

Nor are Plaintiffs's concerns merely hypothetical. If every email chain logged in litigation looked like the sample email provided in Defendants' filing, there would be far fewer disputes over privilege logs. But litigation is full of closer calls. There are numerous cartel cases in which defendants significantly over-designated documents as privileged, which was only revealed after months of diligent work by plaintiffs.[2] Plaintiffs cannot just take Defendants' word that only truly privileged documents will be withheld; Plaintiffs are entitled to test those claims, and they need adequate information to decide when to do so. Plaintiffs request that the Court take the standard approach and require Defendants to provide the information required under Fed. R. Civ. P. 26(b)(5) for all emails and all attachments in any chain or family, as is common practice.

---

[1] There should be minimal additional burden in the first instance. A privilege log is created by exporting the metadata for each withheld document into a spreadsheet, and adding a description of the claim of privilege in the last field. If an entire email chain is withheld because it is a privileged discussion of legal advice, then the description should be the same for each document, and there is virtually no burden to extend that description across additional cells for each document.

[2] *E.g.* Ex. A, Mem. Op. and Order, *In re Local TV Advertising Antitrust Litig.*, No. 18 C 6785 (N.D. Ill. January 16, 2024), Dkt. 1100 (de-designating 289 of 304 withheld documents); Ex. B, Pls.' Status Report on Privilege Sampling, *In re Blue Cross Blue Shield Antitrust Litig.*, 2:13-cv-20000 (N.D. Ala. Jan. 14, 2019), Dkt. 2364 (notifying court that Defendants de-designated approximately 450,000 out of 700,000 withheld documents after plaintiffs' challenges); Ex. C, Order Granting in Part Pls.' Mot. for Sanctions, *In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-md-02843 (N.D. Cal. Feb. 9, 2023), Dkt. 1104 at 32-33, 47-50 (sanctioning defendant and its outside counsel for "over-designation of documents as privileged.").

3

Case 3:23-md-03071    Document 805    Filed 02/15/24    Page 4 of 9 PageID #: 14615

Dated: February 15, 2024　　　　　　/s/ Tricia R. Herzfeld
Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
**HERZFELD SUETHOLZ GASTEL LENISKI AND WALL, PLLC**
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37203
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com

*Liaison Counsel*

Patrick J. Coughlin
Carmen A. Medici
Fatima Brizuela
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 798-5325
Facsimile: (619) 233-0508
pcoughlin@scott-scott.com
cmedici@scott-scott.com
fbrizuela@scott-scott.com


Patrick McGahan
Amanda F. Lawrence
Michael Srodoski
G. Dustin Foster
Isabella De Lisi
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06145
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
pmcgahan@scott-scott.com
alawrence@scott-scott.com
msrodoski@scott-scott.com
gfoster@scott-scott.com
idelisi@scott-scott.com

Stacey Slaughter

4

Thomas J. Undlin
Geoffrey H. Kozen
Stephanie A. Chen
J. Austin Hurt
Caitlin E. Keiper
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
sslaughter@robinskaplan.com
tundlin@robinskaplan.com
gkozen@robinskaplan.com
schen@robinskaplan.com
ahurt@robinskaplan.com
ckeiper@robinskaplan.com

Swathi Bojedla
Mandy Boltax
**HAUSFELD LLP**
888 16th Street, N.W., Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
sbojedla@hausfeld.com
mboltax@hausfeld.com

Gary I. Smith, Jr.
Joey Bui
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
gsmith@hausfeld.com
jbui@hausfeld.com

Katie R. Beran
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: 1 215 985 3270
kberan@hausfeld.com

*Interim Co-Lead Counsel*

5

Eric L. Cramer
Michaela L. Wallin
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
ecramer@bm.net
mwallin@bm.net

Daniel J. Walker
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
Telephone: (202) 559-9745
dwalker@bm.net

Brendan P. Glackin
Dean M. Harvey
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, Suite 2900
San Francisco, CA 94111
Telephone: 415-956-1000
bglackin@lchb.com
dharvey@lchb.com

Mark P. Chalos
Hannah R. Lazarz
Kenneth S. Byrd
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue South, Ste. 1640
Nashville, TN 37201
(615) 313-9000
mchalos@lchb.com
hlazarz@lchb.com
kbyrd@lchb.com

Benjamin J. Widlanski
Javier A. Lopez
**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800

Christian P. Levis
Vincent Briganti
Peter Demato
Radhika Gupta
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
pdemato@lowey.com
rgupta@lowey.com

Christopher M. Burke
Walter W. Noss
Yifan (Kate) Lv
**KOREIN TILLERY P.C.**
707 Broadway, Suite 1410
San Diego, CA 92101
Telephone: (619) 625-5621
Facsimile (314) 241-3525
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

Joseph R. Saveri
Cadio Zirpoli
Kevin E. Rayhill
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
krayhill@saverilawfirm.com

Jennifer W. Sprengel
Daniel O. Herrera
Alexander Sweatman
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, IL 60603
Telephone: 312-782-4880
Facsimile: 312-782-4485

6

bwidlanski@kttlaw.com
jal@kttlaw.com

jsprengel@caffertyclobes.com
dherrera@caffertyclobes.com
asweatman@caffertyclobes.com

*Plaintiffs' Steering Committee Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Tricia R. Herzfeld*
Tricia R. Herzfeld
