UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>This Document Relates to:<br><br>ALL CASES |

## STIPULATION AND ORDER ON EXPERT DISCOVERY

Plaintiffs Jason Goldman, Jeffrey Weaver, Billie Jo White, Brandon Watters, Priscilla Parker, Patrick Parker, Barry Amar-Hoover, Joshua Kabisch, Meghan Cherry, and Maya Haynes, and Defendants RealPage, Inc.; Thoma Bravo Fund XIII, L.P.; Thoma Bravo Fund XIV, L.P.; Thoma Bravo L.P.; Allied Orion Group, LLC; Apartment Management Consultants, LLC; Avenue5 Residential, LLC; Bell Partners, Inc.; BH Management Services, LLC; Bozzuto Management Company; Brookfield Properties Multifamily LLC; Camden Property Trust; CH Real Estate Services, LLC; ConAm Management Corporation; Cortland Management, LLC; CWS Apartment Homes LLC; Dayrise Residential, LLC; ECI Management, LLC.; Equity Residential; Essex Property Trust, Inc.; First Communities Management, Inc.; FPI Management, Inc.; Greystar Management Services, LLC; Highmark Residential, LLC; Independence Realty Trust, Inc.; Kairoi Management, LLC; Knightvest Residential; Lantower Luxury Living, LLC; Lincoln Property Company; Mid-America Communities, Inc.; Mid-America Apartments, L.P.; Mission Rock Residential, LLC; Morgan Properties Management Company, LLC; The Related Companies, L.P.; Related Management Company, L.P.; RPM Living, LLC; Security Properties Residential, LLC; Sherman

1

Associates, Inc.; Simpson Property Group, LLC; Thrive Communities Management, LLC; Crow Holdings, LP; Trammell Crow Residential Company; UDR, Inc.; Windsor Property Management Company; WinnCompanies LLC; WinnResidential Manager Corp.; and ZRS Management, LLC, by and through their undersigned counsel, hereby agree to this Stipulation Regarding Expert Discovery ("Stipulation") and discovery in the case captioned above (the "Action"), as follows:

1. To the extent that this Stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure or this Court's standing orders, the parties have agreed to those limitations to increase the efficiency of their dealings with testifying experts and to minimize discovery disputes regarding testifying experts. Neither the terms of this Stipulation, nor the parties' agreement to them, shall be considered an admission by any party that any of the information restricted from discovery by this Stipulation would otherwise be discoverable or admissible.

2. The parties will make all disclosures required by Federal Rule of Civil Procedure 26(a)(2), provided, however, that the term "considered" as used in Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon" for purposes of this Action.

3. Except as set forth in Paragraph 5 below (and subject to sub-paragraphs (a) and (b) below), within three (3) business days of any party serving any expert report and/or expert summary under Rule 26, the party or parties proffering the expert witness shall produce the facts, data or other information relied on by the expert witness in forming the expert witness's opinions.

   a. "Facts, data or other information relied on" should be produced electronically (via email, disc, or FTP site), where feasible. Publicly available documents

need not be produced absent a reasonable request, provided that the documents and their public location are identified and accessible, and documents previously produced during discovery need not be produced if they are identified by Bates number. Data need not be re-produced if the party served with the report already possesses it, or if it is publicly available, identified, and accessible. Deposition transcripts and exhibits from this Action need not be reproduced so long as the names of deponents, dates of transcripts, and exhibit numbers relied upon are identified.

    b. All documents, data, and other information relied on shall be provided in a reasonably usable form, along with any software and instructions required to read them. This requirement shall include, but not be limited to, all underlying electronic data sets and compilations, computerized regression analyses, or other reports and schedules the testifying expert relied on as a basis for his or her opinions Such documents shall be provided in the form or format used by the testifying expert in performing his or her calculations, and shall be sufficient to allow the opposing party to reconstruct the calculations and analysis relied upon by the testifying expert as the basis for his or her opinions.

    c. No party need produce computer software or instructions that are reasonably and commercially available (e.g., Stata, Microsoft Word, Excel). No party need produce databases, programs, and software that (i) are used in the ordinary course of a party's business and (ii) are not practicable to copy, as long as the party offering the expert's opinion provides timely and reasonable access for purposes of replication or analysis of disclosed results.

4. Notwithstanding the discovery obligations in Paragraph 2 and 3 above, the parties will not seek to discover, and may not discover, the following:

    a. drafts of (i) expert reports, (ii) affidavits, (iii) declarations, (iv) work papers, (v) written testimony, or (vi) other written materials prepared in connection with this matter, including preliminary or intermediate calculations, computations, or other data runs, or other types of preliminary work created by, for, or at the direction of a testifying expert by consultants, counsel, other experts, and/or staff;

    b. any written or oral communications between (i) a testifying or non-testifying expert (including his or her assistants, staff, or agents) and a party (including the party's employees, agents, consultants, and counsel, and their employees, staff or agents);
(ii) a testifying or non-testifying expert and his or her staff, assistants, or agents; or
(iii) a testifying or non-testifying expert (including his or her staff, assistants, or agents), and any other testifying or non-testifying expert retained by a party (including his or her staff, assistants, or agents);

3

c. all written or oral communications or other materials relating to interviews of, or the potential retention of, experts or consultants;

d. notes of discussions with experts regarding a draft or final expert report, affidavit, declaration or written testimony;

e. any work performed by non-testifying experts or consultants;

f. any notes, analyses, comments, or other writings prepared by or for a testifying expert in connection with this matter; or

g. any budgets, invoices, bills and related billing records, receipts, or time records of or concerning the testifying or non-testifying expert witnesses or consultants, their staff, assistants, colleagues, or associates, or their companies and/or organizations, except that an expert may be asked reasonable questions about (i) the expert's and their staff's compensation in this matter, (ii) the amount of time an expert or their staff expended in preparing the expert's report, testimony, and associated work, and
(iii) the amount of money billed for the report, testimony, and associated work.

5. The limitations contained in Paragraph 4 shall not apply to any communications, materials, documents, data sets, data runs, calculations, computations, assumptions, or other forms of information or work upon which a testifying expert relies as a basis for any of his or her opinions.

6. None of the materials addressed in Paragraph 4 need to be listed on any privilege log. For the avoidance of doubt, a party's disclosure to an expert of materials (i) that are not addressed in Paragraph 4 and (ii) that a testifying expert does not rely upon as a basis for his or her opinions will not relieve the party of any obligation to list those materials on a privilege log. It is further stipulated that the parties and experts do not have any obligation to retain materials that are not required to be disclosed under Paragraphs 2 and 3.

7. No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report or summary is provided. Instead, the party proffering such expert will (a) make all disclosures required by the Federal Rules of Civil Procedure and (b) make

the expert available for deposition at a time mutually agreed to by the parties and consistent with the Court's scheduling orders.

8. Nothing in this Stipulation shall be construed to permit a party or a testifying expert to withhold any proposition, fact, belief, or other data, information, or material on which the expert relies in support of her or his opinion(s) in this matter, or to prevent substantive deposition questions with respect to any data or other non-privileged information that may be relevant to the substance of the testifying expert's opinions, including but not limited to (i) theories, methodologies, approaches, yardsticks, benchmarks, variables, data, facts or assumptions that the expert relied on in forming his or her opinions; (ii) the assumptions or facts, if any, that the party's counsel provided and that the expert relied upon in forming the opinions to be expressed; or (iii) any other assumptions that the expert may have relied upon in preparing his or her report. However, such questions may not specifically concern the wording or contents of any draft excluded from discovery by Paragraph 4(a) or of any other written materials upon which the expert did not rely in forming his or her opinions.

9. Subject to the duty to correct under Federal Rule of Civil Procedure 26(a)(2)(E) and 26(e)(2), no expert report, summary, or other expert evidence may be supplemented, and no expert evidence may be offered or admitted that has not been timely and properly disclosed, except by leave of Court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE