UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | ) ) ) ) ) ) | NO. 3:23-cv-03071<br>MDL No. 3071<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES |

## ORDER ON DEPOSITION PROTOCOL

This Deposition Protocol Order ("Deposition Protocol") may only be changed by the Court. All parties reserve all rights to seek modification of this Deposition Protocol at any time, or to seek relief from the Court from any provision for good cause.

**I.    DEPOSITION LIMITS PER PARTY**

A. After the parties have identified individuals with relevant information through their 26(a) disclosures, the parties will meet and confer regarding the limits on depositions and submit a supplemental no more than 60 days from entry of this Order.

**II.    ALLOCATION OF DEPOSITION TIME**

A. As to all depositions noticed by Plaintiffs, Plaintiffs' Co-Lead Counsel shall have ultimate responsibility for allocating examination time among any Plaintiffs' counsel intending to participate and ask questions at the deposition.

B. As to all depositions noticed by Defendants, Defendants' counsel shall confer before the deposition to allocate examination time among any Defendants' counsel intending to participate and ask questions at the deposition. Counsel for any Defendant objecting to the allocation of examination time among Defendants shall be required to seek relief from the Court no later than seven (7) business days before the date of the deposition.

1

C. The length of depositions of all Federal Rule of Civil Procedure ("Rule") 30(b)(1) witnesses noticed by any party will be limited as set forth in the forthcoming Deposition Order. If any technical issues are encountered during depositions, the parties may go off the record; such time shall not count against the time limit on depositions. If disputes among counsel arise, the parties may go off the record by mutual agreement of counsel for the witness and noticing counsel. Time spent by counsel for a witness or for any associated party examining the witness at the conclusion of a direct examination[1] shall not count toward the hour limit for the deposition.

D. The parties shall use best efforts to resolve any issues of admissibility and authentication without the need for depositions. However, to the extent agreement cannot be reached, all parties reserve a Rule 30(b)(6) deposition on authentication and admissibility to take place 90 calendar days before trial for any record placed on an Exhibit List. The time limit for such depositions shall not be governed by the limits set forth in the Deposition Order but shall be separately negotiated once Exhibit Lists are propounded and shall consist of time sufficient to address admissibility and authenticity issues.

E. A party may cross-notice a deposition by serving a deposition notice or subpoena noticing the deposition within seven (7) days of the initial deposition notice served by another party. Counsel for a witness may redirect the witness's testimony as normal. If counsel for the witness or the witness's current or past employer (the "defending attorney")

---

[1] A witness associated with a party, or a party associated with a witness means: (i) any current employee of a party; or (ii) any former employee who was employed by a party during the relevant period in any action. If an individual has been employed by more than one Defendant during the relevant time period, then the parties shall meet and confer as to how such individuals shall be counted for purposes of any per-party deposition limits, but in no event shall a single deposition count towards more than one Defendant's per-party deposition limits.

wishes to question the witness outside of the scope of the examination by the noticing party, they may have a reasonable amount of time not to exceed one hour on the record to examine the witness at the conclusion of direct examination without need for a cross-notice, and which shall not count toward the hour limit for the deposition. Noticing counsel will have a reasonably proportional amount of time, not to exceed 30 minutes, to conduct any redirect examination of the witness, which shall not count toward the noticing party's allotted number of depositions or cumulative hours cap. Deposing counsel also may reserve a portion of their total hours with the witness to conduct further redirect examination in excess of 30 minutes. If the defending attorney wishes to question the witness for longer than one hour outside the scope of examination by the noticing party, they must cross-notice the witness as normal. In the event they do so, the deposition shall count toward that party's allotted number of depositions or cumulative hours cap. In the event a party cross-notices the deposition of a current or former employee of that party or a co-party (*e.g.*, a Defendant cross-notices the deposition of an employee of a co-Defendant), the noticing parties and the witness will meet and confer on the appropriate duration of the deposition. The presumption will be that the noticing party shall have the full amount of time set forth in the Deposition Order. The cross-noticing party may have additional time beyond the noticing party's time to depose their co-parties' current or former employee as agreed with their co-parties.

      F.      To the extent Plaintiffs or Defendants cross-notice a non-party for deposition, the parties shall meet and confer regarding the division of time among the parties. Parties may seek leave of Court for additional time for good cause or if they are otherwise unable to agree upon the division of time for a deposition.

### III. SCHEDULING AND LOCATION OF DEPOSITIONS

A. The parties recognize that litigation of the scale and complexity of this case is likely to require structures to formalize the scheduling of depositions, including possibly and non- exhaustively (1) the parties assigning scheduling liaisons; (2) additional procedures regarding the timing of deposition notices and responses; and (3) creation of a centralized digital location where all counsel can access deposition documents. The parties have not yet been able to agree upon the details of such a system, but believe that they will be able to eliminate or narrow their disputes through additional meet and confers. The parties may file a motion to request additional time to negotiate this provision and leave to move the Court to amend the Deposition Protocol Order once either agreement or an impasse is reached.

B. Once depositions may commence under the scheduling order or other relevant order or stipulation, the parties shall work in good faith to schedule depositions that have previously been noticed. Thereafter, at least 45 calendar days before the beginning of the next deposition cycle,[2] the parties will serve notice of those persons Plaintiffs and/or Defendants each propose to depose. Within 10 business days thereafter, the noticed party or their counsel (or a scheduling liaison, if the parties agree to a procedure that utilizes liaisons or the Court subsequently orders such a procedure) will notify the other side of the availability of the proposed deponents. Within 10 business days thereafter, the parties will agree on the witnesses to be deposed and the length of each deposition for that cycle. After commencement of a deposition cycle, deponents who are unavailable shall be deferred to the next cycle. Nothing in this Order shall prevent the parties from noticing and scheduling depositions by mutual agreement on a different schedule than the one described in this paragraph.

---

[2] "Deposition cycle" is defined as one calendar month.

4

Case 3:23-md-03071   Document 816   Filed 02/16/24   Page 4 of 15 PageID #: 14753

C. Notice of each deposition shall propose the date, time, and location of the deposition, as well as whether the deposition will be in person or remote, and whether it will be videotaped. Where the notice includes depositions pursuant to Rule 30(b)(6), the notice shall attach exhibits with schedules detailing the subject matter of the Rule 30(b)(6) deposition. Within 10 calendar days of receiving the notice, the party with which the witness is associated must: (1) confirm whether counsel will represent that witness; and (2) confirm whether counsel is authorized to accept or waive service of a subpoena if a subpoena is necessary to compel the witness's testimony. If counsel for the party or parties with whom the witness is associated does not represent the witness, counsel shall provide to the noticing party the date of departure, last known address and contact information of the former employee, whether counsel can accept service of the notice, and the name of the attorney who represents the former employee, if known, in accordance with Section VI (A), *infra*.

D. A party may serve a deposition subpoena on a third party without consulting any opposing party; however, the serving party will contemporaneously provide the opposing parties with the as-served copy of the subpoena electronically via email. An opposing party will inform the noticing party within seven (7) business days of service on the opposing party whether the opposing party intends to cross-notice the third party's deposition. Regardless of whether an opposing party cross-notices the deposition, the parties shall coordinate with each other and with the witness (or counsel for the witness) on scheduling the deposition. The noticing party shall serve a copy of this Deposition Protocol and the Protective Order along with the subpoena to any third party.

E. Party depositions shall be noticed pursuant to the Federal Rules of Civil Procedure, and all notices and subpoenas shall be served on all parties electronically via email.

Any subpoenas for deposition testimony shall be served on witnesses as required by law, and copies shall be served on all parties electronically via email.

F. Parties and non-parties will use their best efforts to make witnesses available for deposition at mutually agreeable times and locations and without undue delay. Parties will not cancel or postpone depositions absent good cause. However, the parties and non-parties shall make all reasonable efforts to accommodate reasonable requests for continuances of depositions.

G. If any party places a witness who was not previously deposed on a Witness List for trial, they shall make that witness available for deposition by the opposing Party at least 60 calendar days before trial. If documents for that witness have not been produced, documents shall be produced at least 90 calendar days before trial.

H. For planning purposes, not fewer than two business days before the deposition date, parties intending to attend any in-person deposition shall provide via email to all parties notice of intent to attend the deposition.

I. A Master Deposition Schedule shall be compiled and updated by the Parties. It shall be accessible to all parties, and will set forth every deponent's name and affiliation, the deposition site, and the dial-in or remote video participation information for counsel participating remotely.

**IV.  DEPOSITION PROCEDURES**

A. **Noticing Depositions.** A party can notice a deposition to be taken via remote means, in person, or hybrid, at its election. At the time of the issuance of the notice of deposition or subpoena, the noticing party will indicate whether they intend for the deposition to proceed in person or via remote means. The parties recognize that compelling travel of

6

witnesses, attorneys, or court reporters for in-person depositions may not be appropriate in all instances. Accordingly, if a deposition is noticed to be in person, the parties shall meet and confer in good faith in the event the witnesses or defending counsel request the deposition to proceed remotely. Such a request to change the format for the deposition should be provided as soon as reasonably practicable, but no later than seven calendar days in advance of the deposition, absent good cause. If the parties agree to hold the deposition remotely, they will work cooperatively and in a timely manner to arrange for the necessary logistics required for the change in format of the deposition. If a deposition is noticed remotely, before the deposition date is set, if the witness intends for their attorney to be physically present in the room during deposition testimony, that must be disclosed to the noticing attorney. The noticing attorney then has the option of converting the deposition to an in-person deposition. Unless notice is given under this provision, a witness in a remote deposition may not have any other individuals present in the room during his or her deposition testimony. Counsel for any party may participate in any in-person deposition in person or by telephone or videoconference. Examining counsel and counsel intending to participate by telephone or videoconference shall cooperate in good faith to facilitate such participation.

   B.     **Real Time Text and Video Feeds.** For depositions proceeding remotely, counsel for the witness, or the counsel taking the deposition if the witness is unrepresented, will ensure that the witness has access to a computer with a camera, reliable internet connection, and microphone capable of utilizing the videoconference platform and using electronic exhibits. The court reporting service will make available a real-time text feed to participants upon request, at the expense of the requesting party. For any platform hosting a remote deposition, the platform shall be configured such that any private chat feature is

disabled. Breakout room features may be enabled only for breaks and recesses off the record.

    C.  **Identification at Remote Depositions.** At the beginning of the remote deposition, every person logged onto the platform or otherwise viewing or listening to the deposition will be identified on the stenographic record only, except that all examining counsel and counsel for the witness shall identify themselves audibly for the record. The process of identifying additional attendees for the record will not count against the time available to any party to examine the witness.

    D.  **Access to Other Devices.** During the deposition, the witness shall not consult any outside sources of information, including documents, cell phones, smart phones, computers, the Internet, text or instant messaging services, emails, chats, blogs, or websites such as Twitter, Facebook, or LinkedIn, to obtain information in connection with his or her testimony, without the express consent of counsel for all parties participating in the deposition. The witness shall take reasonable steps to disable any notifications and mute any mobile device or place the device in another room during the deposition.

    E.  **Electronic Exhibits.** The parties agree that the default method of marking and using exhibits for a remote deposition is through a digital platform that enables examining counsel to share exhibits with the witness, court reporter, defending counsel, and attending counsel. Nevertheless, when requested by the party or non-party producing a witness for deposition at least ten (10) days in advance of that deposition (along with the address(es) where the hard copies are to be sent), the noticing party shall arrange for two (2) sets of hard copy exhibits to be utilized by the witness and defending counsel during a remote deposition (as provided at the end of this section), and make electronic exhibits available to other participants. If electronic exhibits are used by the witness, the witness must be afforded the

8

Case 3:23-md-03071  Document 816  Filed 02/16/24  Page 8 of 15 PageID #: 14757

independent ability to control manipulation of the document (scrolling, enlarging, etc.) to facilitate their review. Full electronic copies of an exhibit must be accessible by the witness, court reporter, defending counsel, and any attending counsel, before questioning begins on that exhibit. A party may utilize electronic exhibits in connection with a remote deposition so long as the party arranges for the technology to permit presentment of the electronic exhibits at the deposition to the witness and counsel in a manner that enables them to review the exhibits during the course of the deposition.

  F.  **Hard Copy Exhibits.** With respect to any hard copy exhibit used during an in- person deposition, examining counsel shall have sufficient copies available for other counsel in attendance. "Sufficient copies" shall mean five (5) hard copies unless examining counsel knows in advance of the deposition that fewer copies will be needed for those attending. In all events, examining counsel, defending counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each party attending the deposition will have adequate access during the deposition to an exhibit used by examining counsel during the deposition, such as stating the Bates number for each exhibit on the record so counsel may view such documents electronically in their document review software. Hard copy exhibits for use during a remote deposition are to be sent for receipt by 5:00 p.m. local time the business day before a given remote deposition. Noticing counsel shall provide defending counsel with tracking information for the hard copy exhibits. If a remote deposition employs hard copy documents, anyone receiving hard copy exhibits agrees pursuant to this Deposition Protocol that the exhibits must remain unopened and must not be reviewed until the deposition begins and the witness is instructed on the record to refer to a hard copy exhibit (at which time others in possession of such exhibits may refer to the introduced, electronic

exhibit, as well). Deposing counsel may ask the witness and others receiving exhibits to confirm, on the record, that no exhibit was opened or reviewed prior to the deposition and that no unused exhibit will be opened after its conclusion. If hard copy exhibits are used during a remote deposition, any documents that were not used as exhibits shall not be reviewed by the witness or any party at any time. At the conclusion of the deposition, all unused hard copy documents, as well as all documents introduced as exhibits during the deposition shall be immediately destroyed. Nothing in this paragraph prevents noticing counsel from introducing additional exhibits during a remote deposition not previously provided in hard copy, provided that counsel does so in compliance with Paragraph IV(E). However, noticing counsel shall make a good faith effort to provide all hard copies of exhibits when requested pursuant to Paragraph IV(E).

      G.      **Remote Administration of the Oath.** The parties agree that a court reporter may administer the oath to a deponent remotely, even if the court reporter is not in the physical presence of the witness. Further, if a court reporter is not authorized to take oaths in the place of examination pursuant to Federal Rule of Civil Procedure 28, the parties agree that the administration of such oaths remotely and the transcripts may be used by or against all parties in this litigation to the same extent that would otherwise be permissible under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

      H.      **Videoconferencing and Teleconferencing.** For remote depositions, the videoconferencing platform must allow for the deponent, attending counsel, deposing counsel, defending counsel, court reporter, and videographer to participate in a deposition without attending the deposition in person. For in-person and hybrid depositions (*i.e.,* where deposing counsel, the court reporter, and the videographer appear in the room with the
10

witness), the videoconferencing platform must allow counsel who choose to do so to participate without attending the deposition in person. Should technical issues prevent (a) the court reporter from reliably hearing or transcribing the testimony, (b) the witness from hearing questions, or (c) counsel attending the deposition from hearing the witness at any deposition taken remotely pursuant to this Deposition Protocol and such technical issue cannot be remedied in a timely manner, deposing counsel, defending counsel, and attending counsel shall meet, confer, and cooperate with one another to address the problem, including rescheduling the deposition. The videoconferencing platform for remote depositions shall be set up in such a way that attendees can see the witness's face and upper body clearly. In addition, both questioning and defending counsel will appear on a video feed to all participants at all times when the witness is on the record. Instructions for how to access the videoconferencing platform will be made available to all parties at least three calendar days before the deposition.

I. **Video Recording.** For depositions recorded by video, such recording may be accomplished through the remote deposition platform or, in the case of an in-person deposition, by separate video recorded by a certified videographer. Such video, whether from an in-person deposition or a remote deposition, may be used in later proceedings in this case, including trial, where permitted under applicable federal rules and law. The examining attorney, at their election, may make a video recording of their own examination of the witness and the electronic exhibits, in addition to the witness. In that event, a certified video recording of the witness alone made by a certified videographer will be created in addition to any separate video of the examining attorney and the electronic exhibits. The use of such video, whether from an in-person deposition or a remote deposition, shall be governed by the Federal

11

Rules of Evidence, the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Tennessee (or the local rules of any post- remand transfer district), and any applicable Court Order. The noticing party is responsible for ensuring that the remote means utilized for a deposition allow for the court reporter to accurately record the deponent's testimony. Either the noticing party or defending counsel may elect to have a technical specialist attend a deposition taken by remote means, either remotely or in the deponent's presence, to ensure that technical issues are dealt with in a timely manner, the costs of which will be borne solely by the party electing to do so.

V. **CONDUCT OF DEPOSITIONS**

A. The parties agree that an objection by any Plaintiff or Defendant can be relied upon by all Plaintiffs or Defendants respectively.

B. So as to promote efficiency, the parties agree that an "objection to form" shall serve to preserve all objections to form without need for the objecting party to specify the claimed deficiency in form. Any such objection should be limited to an objection 'to form,' unless opposing counsel requests further clarification of the objection.

C. So as to promote efficiency, the parties agree that under Federal Rule of Civil Procedure 30(c)(2), "an objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."

D. The court reporter service shall maintain a total running time for time on the record during the deposition.

E. The parties shall make reasonable efforts to ensure that depositions generally

12

commence no earlier than 8:00 a.m. local time and no later than 10:00 a.m. local time for the witness and questioning by the party noticing the deposition concludes by 8:00 p.m. local time, between Monday through Friday, unless otherwise agreed by counsel with respect to a specific deposition. Nothing in this subsection shall be construed to prejudice the examining parties' right to examine a witness for seven hours, as provided in the Federal Rules of Civil Procedure.

      F.      If disputes arise during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require a rescheduling of the deposition, counsel may attempt to arrange a telephone conference with the Court through the courtroom deputy. The presentation of the issue and the court's ruling will be recorded as part of the deposition.

## VI. FORMER EMPLOYEES

      A.      In response to a request for deposition, if the witness is a former employee of any party, counsel for that party shall within (5) calendar days confirm whether they also represent the former employee, if known. If the former employee will not be represented by counsel for that party, counsel for that party shall within ten (10) calendar days of the deposition notice, provide the name of the attorney who represents the former employee, if known, or the last known address and contact information, if known, if counsel for the party cannot determine whether the former employee is represented. The deposition of an employee who was employed by a party at any point during the relevant time period identified in the forthcoming Deposition Order, shall count as a party deposition pursuant to the limitations set forth therein. To the extent that a deponent was formerly employed by more than one party, that deponent shall only be considered a former employee of the party that most recently

13

employed the deponent.

## VII. COURT REPORTING PROCEDURES

In addition to the provisions of Federal Rule of Civil Procedure 30(e), the parties and court reporter shall abide by the following procedures.

A. If a deposition witness is not represented by counsel, the original transcript of that witness's deposition will be sent to the witness by the court reporter. After review, correction, and signature under penalty of perjury within 30 calendar days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any errata submitted by the witness.

B. The court reporter will provide the original transcript to the first examining attorney. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

## VIII. USE OF DEPOSITIONS

A. Depositions of fact witnesses taken by any party pursuant to this Deposition Protocol may be made available and used in any subsequent cases filed that are deemed by the Court to be consolidated with or related to this matter. The use of expert depositions is presumed to be limited to the particular case where the expert was disclosed, and attendance shall be limited to the parties in that case. Nothing in this paragraph prevents a party from objecting to the use of, or moving to exclude the use of, a deposition in that party's case.

B. The parties agree that the transcript and/or recording of any deposition taken by any party pursuant to this Deposition Protocol by remote means shall be admissible in any proceeding in this matter (or any related or consolidated matter) to the same extent and as if the deposition were taken in-person.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE