# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER<br><br>This Document Relates to:<br><br>ALL CASES |

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Discovery requests and subpoenas served in *In re: RealPage, Inc. Rental Software Antitrust Litigation (No. II)*, MDL No. 3071, Case No. 3:23-md-3071 (the "Action") may call for the production or disclosure of trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. ("Rule") 26(c)(1)(G), and other private or competitively or otherwise sensitive information for which special safeguarding and protection from public disclosure and from use for any purpose other than prosecuting this Action is warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulation and Proposed Protective Order ("Order"). This Protective Order shall apply to all pretrial proceedings in this Action. Nothing herein shall apply to a member case that is subsequently remanded to its original court for Trial.

**IT IS HEREBY ORDERED** that confidential information shall be disclosed only in the following ways:

1. **Scope.** All documents, electronically stored information ("ESI"), items, and other information produced or adduced in the course of discovery, regardless of the medium or manner

generated, stored, maintained or revealed (including, among other things, initial disclosures, responses to discovery requests, deposition testimony, and exhibits), and information derived directly therefrom (hereinafter collectively, "documents"), shall be subject to this Order concerning Confidential or Highly Confidential Information as defined below. The protections conferred by this Order shall also cover information copied, extracted, or excerpted from Confidential or Highly Confidential Information produced in this litigation ("Protected Material"), the substance thereof, as well as any testimony by the parties or their counsel that reveal Confidential or Highly Confidential Information and which are identified by counsel as such. This Order shall apply to any named party to this Action (including all of its officers, directors, employees, retained experts, outside counsel (and their support staff)), and any non-parties. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means any document(s), or any portion(s) thereof, which contains confidential or proprietary business, commercial, research, personnel, product, or financial content belonging to the producing party or a non-party. By way of example only, Confidential Information may include, but is not limited to: (a) information that is subject to restrictions on its use or disclosure by regulation, court order, or contractual agreement; (b) research, technical, commercial, or financial information that the party has maintained as confidential; (c) medical information concerning any individual; (d) personally identifiable information; (e) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; (f) personnel or employment records of a person; or (g) any other non-public material that contains or discloses information relating to, referencing, or pertaining to proprietary, or commercially or competitively sensitive information.

The parties will make reasonable efforts to ensure that information or documents that are available to the public are not designated as Confidential Information. All copies of, summaries of, and information derived from Confidential Information is Confidential Information.

3.    **Highly Confidential Information.**    As used in this Order, "Highly Confidential Information" means any information that a producing party or non-party reasonably believes to be sensitive, highly confidential, non-public information, consisting either of trade secrets or other highly confidential documents related to current or future business plans, protocols or strategies, the disclosure of which would be likely to cause competitive or business injury to the producing party. By way of example only, Highly Confidential Information may include, without limitation: (a) current or future business strategies and other strategic planning information; (b) current or future projections or plans regarding performance, budgets, production, output, sales, marketing, or distribution practices; (c) current or future manufacturing know-how or technology; (d) current or future customer lists or information; (e) negotiation strategies; (f) source code and proprietary software, systems, or processes; (g) current or future margin, cost, and pricing information; (h) intellectual property; or (i) board of directors' materials and presentations that contain Highly Confidential Information. If required by applicable privacy laws, Highly Confidential Information may also include personnel files that are designated as such for purposes of this litigation. All copies of, summaries of, and information derived from Highly Confidential Information is Highly Confidential Information. Though a party may designate a document or portion thereof as Highly Confidential because it contains the types of information listed in subparagraphs (a) through (i) under this Paragraph, such designations remain subject to Paragraph 12 below, regarding the process by which the parties can challenge the designations of documents as Confidential or Highly Confidential Information.

4.    **Designation.**

(a)    A party may designate a document as Confidential or Highly Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. To the extent a document is produced in a form in which placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document is not practicable, the producing party may designate the document as confidential by cover letter or slip sheet, or by affixing a label to the production media containing the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential or Highly Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time that the documents are produced or disclosed. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of documents designated as Confidential or Highly Confidential Information and do not otherwise disclose the substance of the Confidential or Highly Confidential Information are not required to be marked.

(b) Mass, indiscriminate, or routinized designation is prohibited. The parties agree that any such Confidential or Highly Confidential Information designation shall be made in good faith at the time of disclosure, production, or tender.

(c)     When a receiving party wishes to challenge a designation, the parties will work together in good faith on an as-needed basis to address any potential over (or under) designation, pursuant to the procedure set forth in Paragraph 12.

5.     **Depositions.**  Unless all parties agree otherwise on the record at the time the deposition testimony is taken as set forth in this Paragraph, all deposition testimony taken in this case and the information included in that testimony (including exhibits) shall be treated as Highly Confidential Information for a period of 30 days after the deposition.  No later than the 30th day after the party is deposed, a party may serve a Notice of Designation to all parties of record and the court reporter for the deposition in question as to specific pages and lines of the transcript and exhibits that are designated Confidential or Highly Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. Exhibits marked at the deposition and not otherwise designated in a Notice of Designation shall carry their original confidentiality designation.  After the receipt of any errata, the party which noticed the deposition shall request the court reporter to provide a revised final copy of the transcript that reflects any designations of pages of the transcript as Confidential or Highly Confidential in the lower left-hand corner of each designate page.

6.     **Protection of Confidential or Highly Confidential Material.**

(a)     **General Protections.**  Except as set forth below, Protected Material, as defined in Paragraph 1, shall not be used or disclosed for any purpose whatsoever other than the prosecution or defense of claims in, or the settlement of, this Action, including any appeal thereof, and any cases remanded to their original transferor court therefrom.  In this proposed class Action, Confidential or Highly Confidential Information may be disclosed only to the named plaintiffs and not to any other member of the proposed class unless and until a class including the proposed

member has been certified, subject to this Paragraph 6 and Paragraph 7 below. Nothing in this Order, however, shall prevent or prejudice any party from using its own documents for any purpose, including privately disclosing its own Confidential or Highly Confidential Information to others not mentioned in this Paragraph 6, and such private disclosure shall not waive the protections of this Order.

(b)     **Limited Third-Party Disclosures**.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential or Highly Confidential Information to any person or entity except as set forth below in Subparagraphs 6(c)(1)-(12) and 6(d)(1)-(11), respectively.   The party taking the deposition of a third party must provide this Order and Attachment A to this Order (Acknowledgement of Understanding and Agreement to Be Bound to This Order) to the third party reasonably in advance of the noticed deposition date for the deponent's review and signature. A third party deposed in this matter who refuses to sign the certification contained in Attachment A to this Order must have a good faith basis for refusing to sign the document and disclose that intention no later than seven days prior to the deposition. Following a reasonable effort to meet and confer with such third-party witness, any unreasonable refusals to sign the certification in Attachment A by a third-party witness may be raised immediately with the Court to permit depositions to remain on schedule.  When a third-party witness refuses to sign the certification in Attachment A, the parties may agree, or the Court may order, that a witness otherwise qualifying as an "Identified Person" under Subparagraphs (c)(11) and (d)(8) below may be shown Confidential or Highly Confidential documents, including for review and signature of their deposition transcript.

(c)  Subject to the requirements in Subparagraphs 6(a)-(b), the following categories of persons may be allowed to review Confidential Information:

(1)     Counsel.  Outside or in-house counsel for the parties and employees or support staff of such counsel who have responsibility for the preparation of the Action;

(2)     Parties.  Individual parties, employees, or former employees of a party, but only to the extent that: (a) counsel has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the individual party, employee, or former employee has knowledge; (b) disclosure to such individual party, employee, or former employee is limited to the portion of the document about such events, transactions, discussions, communications, or data; and (c) such party, employee, or former employee has completed and signed the certification contained in Attachment A to this Order;

(3)     The Court and its Personnel;

(4)     Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

(5)     Contractors.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process ESI;

(6)     Consultants and Experts.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation of this Action, but only after such persons have completed and signed the certification contained in Attachment A to this Order;

(7)     Witnesses at Hearings and Depositions. During depositions or

testimony at any hearing, or in preparation for the same, witnesses in this Action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has or should have knowledge; and provided that the witness has completed the certification contained in Attachment A. Disclosure to such person is limited to the portion of the document relevant to events, transactions, discussions, communications, or data about which the person has or should have knowledge. To the extent a document otherwise subject to this section also contains irrelevant information, counsel for the party intending to disclose the information will use best efforts to redact the irrelevant portion of the document before presenting it to the witness.

If documents containing Confidential Information are used at a hearing or deposition, and the Producing Party's counsel is not in attendance, the Parties agree that counsel for any Party can object on behalf of the Producing Party on the record and attempt to get in contact with the Producing Party's counsel to work out any objection off the record, during the next break so as not to interrupt the flow of the deposition. If the objection cannot be resolved, the Parties agree to seal the exhibit and the testimony until the Parties resolve the objection or a ruling on the objection is obtained. In the event of repeated use of Protected Material when the Producing Party's counsel is not in attendance that results in the need to seek a ruling from the Court or if this provision causes excessive delay or obstruction during depositions, the Parties specifically reserve the right to revisit this language with the Court and

seek to revise the language of this Protective Order.

Neither witnesses nor their counsel shall retain a copy of documents containing Confidential Information, except that witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, after which, such witnesses and their counsel shall destroy those copies pursuant to the parties' Deposition Protocol Order. The witness is not permitted to retain the information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" after the witness is examined or deposed regarding the Protected Material, unless the witness was previously authorized to possess the information prior to the examination, or the witness signs the Attachment A;

(8)     Author or recipient.  The author or recipient of the document (not including a person who received the document solely in the course of litigation);

(9)     Special Masters. Special masters and their direct personnel;

(10)     Mediators.  Mediators and their direct personnel, provided that they are bound by a confidentiality agreement acceptable to all parties;

(11)     Identified Persons.  Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that: (i) counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge; (ii) disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced; and (iii) such person has

completed and signed the certification contained in Attachment A to this Order; and

(12)    Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

(d)    Subject to the requirements in Subparagraphs 6(a)-(b), the following categories of persons may be allowed to review Highly Confidential Information:

(1)    Counsel.  Outside counsel or in-house counsel for the parties and employees or support staff of such counsel who have responsibility for the Action, provided that such individuals do not regularly participate in the commercial business activities of the parties other than providing legal advice;

(2)    The Court and its Personnel;

(3)    Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

(4)    Contractors.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(5)    Consultants and Experts.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation of this Action, but only after such persons have completed and signed the certification contained in Attachment A to this Order;

(6)    Witnesses at Hearings and Depositions. During Depositions or testimony at any hearing, or in preparation for the same, witnesses in this Action to

whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has or should have knowledge; and provided that the witness has completed the certification contained in Attachment A. Disclosure to such person is limited to the portion of the document relevant to events, transactions, discussions, communications, or data about which the person has or should have knowledge. To the extent a document otherwise subject to this section also contains irrelevant information, counsel for the party intending to disclose the information will use best efforts to redact the irrelevant portion of the document before presenting it to the witness.

If documents containing Highly Confidential Information are used at a hearing or deposition, and the Producing Party's counsel is not in attendance, the Parties agree that counsel for any Party can object on behalf of the Producing Party on the record and attempt to get in contact with the Producing Party's counsel to work out any objection off the record, during the next break so as not to interrupt the flow of the deposition. If the objection cannot be resolved, the Parties agree to seal the exhibit and the testimony until the Parties resolve the objection or a ruling on the objection is obtained. In the event of repeated use of Protected Material when the Producing Party's counsel is not in attendance that results in the need to seek a ruling from the Court or if this provision causes excessive delay or obstruction during depositions, the Parties specifically reserve the right to revisit this language with the Court and seek to revise the language of this Protective Order.Neither

witnesses nor their counsel shall retain a copy of documents containing Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, after which, such witnesses and their counsel shall destroy those copies pursuant to the parties' Deposition Protocol Order. The witness is not permitted to retain the information designated "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" after the witness is deposed regarding the Protected Material, unless the witness was previously authorized to possess the information prior to the examination or the witness signs the Attachment A;

(7)     Author or recipient.  The author or recipient of the document (not including a person who received the document solely in the course of litigation);

(8)     Identified Persons.  Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that: (i) counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge; (ii) disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced; and (iii) such person has completed and signed the certification contained in Attachment A to this Order;

(9)     Special Masters. Special masters and their direct personnel;

(10)     Mediators.  Mediators and their direct personnel, provided that they are bound by a confidentiality agreement acceptable to all parties; and

(11)    Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

(e)    To the extent any person is required to complete and sign the certification contained in Attachment A to this Order, facsimile signatures or signatures transferred in electronic format (*e.g.*, PDF) shall be treated as original signatures for purposes of this Order.

(f)    **High Level Summaries**.  Notwithstanding the provisions of Subparagraphs 6(c)-(d), counsel may provide high level summaries or characterizations of the evidence in the case to their respective clients for the purpose of obtaining instructions in conducting this litigation. Nothing in this Order is intended to bar or otherwise prevent any counsel from rendering advice to their client with respect to this litigation and, in the course of rendering such advice, from relying upon his or her examination or knowledge of Confidential or Highly Confidential Information.

(g)    **Control of Documents.**  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential or Highly Confidential Information.  Counsel shall maintain the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

7.    **Absent Class Members.**  Confidential or Highly Confidential Information may not be disclosed to absent members of a putative or certified class (each an "Absent Class Member") who have not intervened or otherwise appeared in this litigation, except under the circumstances described in Subparagraphs 6(c)-(d) of this Order, and in any case, only in the event such Absent Class Member has agreed to be bound by this Order by completing and signing the certification contained in Attachment A to this Order.  If, however, Confidential or Highly Confidential Information is contained in a filing with the Court pursuant to Paragraph 9 of this Order, such

filing may be disclosed to counsel for the Absent Class Member (or the Absent Class Member if not represented) for purposes of evaluating any settlement affecting the Absent Class Member, provided that such counsel, if any, and the Absent Class Member, have completed and signed the certification contained in Attachment A to this Order.

8. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential or Highly Confidential Information does not waive the right to so designate the document. If a party designates a document as Confidential or Highly Confidential Information after it was initially produced, the receiving party, upon notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material had not been designated Confidential or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential Information.

9. **Filing of Confidential or Highly Confidential Information.** The filing of any document that has been designated as Confidential or Highly Confidential and/or any documents disclosing the contents of Protected Material shall be governed by Rule 5.03 of the Local Rules of Court for the Middle District of Tennessee and nothing in this Order shall require a departure from the requirements set forth therein. Notwithstanding the foregoing, the party intending to use the Protected Material in a Court filing need not move to seal the Protected Material pursuant to Rule 5.03 if the designating party provides written consent that filing the Protected Material under seal is unnecessary.

10. A party is not required to file a document under seal if the Confidential or Highly Confidential Information contained or reflected in the document was so designated solely by that

party.  The Court's denial of a motion to seal shall not prohibit a party from filing a document or materials that are designated as Confidential or Highly Confidential Information under this Order.

11.    **No Greater Protection of Specific Documents.**  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.  Nothing in this Order shall prevent a party from seeking greater or lesser protection with respect to the use of any Confidential or Highly Confidential Information.

12.    **Challenges by a Party to Designation as Confidential or Highly Confidential Information.**    The  designation  of  any  document  as  Confidential  or  Highly  Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge:

(a)    **Meet and Confer.**  A party challenging the designation of Confidential or Highly Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated document, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within seven business days of the meet and confer.

(b)    **Judicial Intervention.**  A party that elects to challenge a confidentiality designation may (1) seek informal dispute resolution with the Court if such process can be mutually agreed upon with the designating party; or (2) file and serve a motion that identifies the challenged document and sets forth in detail the basis for the challenge.  Each such motion and supporting brief, and each response to such motion and supporting brief, may not exceed six pages

and must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure outlined above. Until the Court rules on the challenge, all parties shall continue to treat the document as Confidential or Highly Confidential Information, in accordance with its designation, under the terms of this Order. As such, any motion challenging a confidentiality designation that contains or would otherwise reveal Confidential or Highly Confidential Information shall be filed under seal.

13. **Action by the Court.** Applications to the Court for an order relating to documents designated Confidential or Highly Confidential Information shall be by motion unless otherwise agreed by the parties. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

14. **Use of Confidential or Highly Confidential Documents at Hearings.** Nothing in this Order shall be construed to limit the use of any document(s) at any hearing provided that the parties take necessary advanced precautions to avoid the public disclosure of Confidential or Highly Confidential Information. A party that intends to present, or that anticipates that another party may present, Confidential or Highly Confidential Information at a hearing, shall bring that issue to the Court's and parties' attention by motion or in a memorandum sufficiently in advance of the proceeding without disclosing the Confidential or Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents at hearings.

15. **Third Parties.** In seeking discovery from third parties, the parties shall attach this Order to a copy of any subpoena or other discovery request. Third parties from whom discovery

is requested are subject to this Order and are entitled to the protections of this Order in responding to such requests.

16.     **Confidential or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any document designated in this Action as Confidential or Highly Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform, in writing, the party who caused the subpoena or order to be issued in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to be issued.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential or Highly Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this Action to disobey a lawful directive from another court.  The obligations set forth in this Paragraph remain in effect while the party has in its possession, custody, or control, Confidential or Highly Confidential Information produced by the designating party in this case.

(d)     Nothing in this Protective Order prohibits production by a party to this Order of materials designated Confidential or Highly Confidential in response to a valid subpoena or other process by a government agency, so long as the party receiving such a request provides notice to all parties to this matter, and to any affected non-parties, pursuant to Subparagraph 16(a) above.

17.     **Unauthorized Disclosure or Use.**  If a party learns that it or its counsel, officers, directors, employees, consultants, experts, or other agents have disclosed documents designated Confidential or Highly Confidential Information in any circumstance not authorized under this Order, that party must within two business days of learning of such disclosure: (a) notify the designating party of the disclosure and all pertinent facts relating thereto; (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such information; (c) use reasonable best efforts to retrieve all copies of the protected documents disclosed to unauthorized persons; (d) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order; and (e) request that each such person execute the certification contained in Attachment A to this Order.

18.     **Obligations on Conclusion of Litigation.**

(a)     **Order Continues in Force.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     **Obligations at Conclusion of Litigation.**  Within 90 days after dismissal or entry of final judgment not subject to further appeal, all Confidential and Highly Confidential Information, including copies as defined in Subparagraph 4(a), must either be returned to the producing party's counsel or destroyed.  The receiving party shall decide whether to return or destroy the Confidential or Highly Confidential Information.

(c)     **Retention of Work Product and Filed Documents.**  Notwithstanding the above requirements to return or destroy documents, counsel may retain: (1) email correspondence related to their representation; (2) attorney work product, including an index that refers or relates to designated Confidential or Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential or Highly Confidential Information; and (3) one complete set of: (i) all documents filed with or by the Court, including those filed under seal; (ii) all transcripts of depositions, including exhibits; and (iii) all final expert witness reports and supporting materials disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure.  Any retained Confidential or Highly Confidential Information shall continue to be protected under this Order.  Counsel may use their work product in subsequent litigation provided that its use does not disclose Protected Material, as defined in Paragraph 1.

(d)     **Deletion of Documents Filed Under Seal from Electronic Case Filing (ECF) System**.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

19.     **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.  The deadlines set in Paragraphs 5, 6, and 12 can be modified by written agreement of the parties without further involvement of the Court.

20.     **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document designated Confidential or Highly Confidential Information by counsel or the parties is entitled to protection

under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

21.     **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

22.     **Future Parties.**  The terms of this Order shall be binding upon all current and future parties to this litigation and their counsel; any party appearing in the litigation following entry of this Order shall be deemed to have joined the case subject to its provisions.

23.     **Personal Jurisdiction.**  Nothing herein shall be construed as a determination by the Court, or as a consent or waiver by any party, or parent or affiliate of any party, that such party, or parent or affiliate of a party, is subject to personal jurisdiction in this Court or that discovery as to such party, or parent or affiliate of a party, shall proceed pursuant to the Federal Rules of Civil Procedure.

24.     **Waiver**.  Nothing herein shall be construed as a waiver of any pending motion regarding discovery or the right of any party to seek further relief regarding discovery.

SO ORDERED.

Dated: _____                    _____
                                         Waverly D. Crenshaw, Jr.
                                         Chief United States District Judge

**SUBMITTED BY:**

/s/ Tricia R. Herzfeld
Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
**HERZFELD SUETHOLZ GASTEL LENISKI
AND WALL, PLLC**
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37203
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com

*Liaison Counsel*

Patrick J. Coughlin
Carmen A. Medici
Fatima Brizuela
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 798-5325
Facsimile: (619) 233-0508
pcoughlin@scott-scott.com
cmedici@scott-scott.com
fbrizuela@scott-scott.com

Patrick McGahan
Amanda F. Lawrence
Michael Srodoski
G. Dustin Foster
Isabella De Lisi
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06145
Telephone: (860) 537-5537
Facsimile:  (860) 537-4432
pmcgahan@scott-scott.com
alawrence@scott-scott.com
msrodoski@scott-scott.com
gfoster@scott-scott.com
idelisi@scott-scott.com

Stacey Slaughter
Thomas J. Undlin

Geoffrey H. Kozen
Stephanie A. Chen
J. Austin Hurt
Caitlin E. Keiper
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
sslaughter@robinskaplan.com
tundlin@robinskaplan.com
gkozen@robinskaplan.com
schen@robinskaplan.com
ahurt@robinskaplan.com
ckeiper@robinskaplan.com

Swathi Bojedla
Mandy Boltax
**HAUSFELD LLP**
888 16th Street, N.W., Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
sbojedla@hausfeld.com
mboltax@hausfeld.com

Gary I. Smith, Jr.
Joey Bui
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
gsmith@hausfeld.com
jbui@hausfeld.com

Katie R. Beran
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: 1 215 985 3270
kberan@hausfeld.com

*Interim Co-Lead Counsel*

Eric L. Cramer
Michaela L. Wallin
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
ecramer@bm.net
mwallin@bm.net

Daniel J. Walker
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
Telephone: (202) 559-9745
dwalker@bm.net

Brendan P. Glackin
Dean M. Harvey
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, Suite 2900
San Francisco, CA 94111
Telephone: 415-956-1000
bglackin@lchb.com
dharvey@lchb.com

Mark P. Chalos
Hannah R. Lazarz
Kenneth S. Byrd
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue South, Ste. 1640
Nashville, TN 37201
(615) 313-9000
mchalos@lchb.com
hlazarz@lchb.com
kbyrd@lchb.com

Benjamin J. Widlanski
Javier A. Lopez
**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800

Christian P. Levis
Vincent Briganti
Peter Demato
Radhika Gupta
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
pdemato@lowey.com
rgupta@lowey.com

Christopher M. Burke
Walter W. Noss
Yifan (Kate) Lv
**KOREIN TILLERY P.C.**
707 Broadway, Suite 1410
San Diego, CA 92101
Telephone: (619) 625-5621
Facsimile (314) 241-3525
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

Joseph R. Saveri
Cadio Zirpoli
Kevin E. Rayhill
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
krayhill@saverilawfirm.com

Jennifer W. Sprengel
Daniel O. Herrera
Alexander Sweatman
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, IL 60603
Telephone: 312-782-4880
Facsimile: 312-782-4485

bwidlanski@kttlaw.com          jsprengel@caffertyclobes.com
jal@kttlaw.com                  dherrera@caffertyclobes.com
                                asweatman@caffertyclobes.com

*Plaintiffs' Steering Committee Counsel for Plaintiffs*

/s/ Jay Srinivasan
Jay Srinivasan (admitted *pro hac vice*)
jsrinivasan@gibsondunn.com
Daniel G. Swanson (admitted *pro hac vice*)
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7430

Stephen Weissman (admitted *pro hac vice*)
sweissman@gibsondunn.com
Michael J. Perry (admitted *pro hac vice*)
mjperry@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 955-8678

S. Christopher Whittaker (admitted *pro hac vice*)
cwhittaker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1361 Michelson Drive
Irvine, CA 92612
Telephone: (212) 351-2671

Ben A. Sherwood (admitted *pro hac vice*)
bsherwood@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-2671

Thomas H. Dundon (SBN: 004539)
tdundon@nealharwell.com
Neal & Harwell, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Telephone: (615) 244-1713

*Counsel for Defendant RealPage, Inc.*

/s/ Edwin Buffmire
Edwin Buffmire
ebuffmire@jw.com
Michael Moran
mmoran@jw.com
JACKSON WALKER LLP
2323 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (214) 953-6000

Kevin Fulton
kevin@fultonlg.com
THE FULTON LAW GROUP PLLC
7676 Hillmont St., Suite 191
Houston, TX 77040
Telephone: (713) 589-6964

*Counsel for Defendant Allied Orion Group, LLC*

/s/ Danny David

Danny David
danny.david@bakerbotts.com
BAKER BOTTS LLP
910 Louisiana Street
Houston, TX 77002
Telephone: (713) 229-4055

James Kress (*pro hac vice* forthcoming)
james.kress@bakerbotts.com
Paul Cuomo (*pro hac vice* forthcoming)
paul.cuomo@bakerbotts.com
BAKER BOTTS LLP
700 K. Street, NW
Washington, DC 20001
Telephone: (202) 639-7884

John R. Jacobson (#14365)
jjacobson@rjfirm.com
Milton S. McGee, III (#24150)
tmcgee@rjfirm.com
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700

*Counsel for Defendant Avenue5 Residential,
LLC*

/s/ Ian Simmons

Ian Simmons
isimmons@omm.com
Patrick Jones
pjones@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5196

Stephen McIntyre
smcintyre@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

*Counsel for Defendant BH Management
Services, LLC*

/s/ *Marguerite Willis*
Marguerite Willis (admitted *pro hac vice*)
mwillis@maynardnexsen.com
MAYNARD NEXSEN PC
104 South Main Street
Greenville, SC 29601
Telephone: (864) 370-2211

Michael A. Parente (admitted *pro hac vice*)
mparente@maynardnexsen.com
MAYNARD NEXSEN PC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: (803) 771-8900

Margaret M. Siller (BPR No. 039058)
msiller@maynardnexsen.com
MAYNARD NEXSEN PC
1131 4th Avenue South, Suite 320
Nashville, Tennessee 37210
Telephone: (629) 258-2253

*Counsel for Defendant Bell Partners, Inc.*

/s/ *Edwin Buffmire*
Edwin Buffmire
ebuffmire@jw.com
Michael Moran
mmoran@jw.com
JACKSON WALKER LLP
2323 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (214) 953-6000

*Counsel for Defendants Trammell Crow*
*Residential Company and Crow Holdings, LP*

/s/ James D. Bragdon

James D. Bragdon
jbragdon@gejlaw.com
Sam Cowin
scowin@gejlaw.com
GALLAGHER EVELIUS & JONES LLP
218 N. Charles St., Suite 400
Baltimore, MD 21201
Telephone: (410) 727-7702

Philip A. Giordano (admitted *pro hac vice*)
philip.giordano@hugheshubbard.com
HUGHES HUBBARD & REED LLP
1775 I Street NW
Washington, DC 20007
Telephone: (202) 721-4776

Charles E. Elder, BPR # 038250
celder@bradley.com
BRADLEY ARANTBOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.252.3597

*Counsel for Defendant*
*Bozzuto Management Company*

/s/ Yehudah L. Buchweitz

Yehudah L. Buchweitz
yehudah.buchweitz@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8256

Jeff L. White
jeff.white@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW
Washington, DC 20036
Telephone: (202) 682-7059

/s/ E. Steele Clayton IV

E. Steele Clayton IV (BPR 017298)
sclayton@bassberry.com
Jeremy A. Gunn (BPR 039803)
jeremy.gunn@bassberry.com
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293

*Counsel for Defendant Brookfield Properties*
*Multifamily LLC*

/s/ Danielle R. Foley
Danielle R. Foley (admitted *pro hac vice*)
drfoley@venable.com
Andrew B. Dickson (admitted *pro have vice*)
abdickson@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
(202) 344-4300

*Counsel for Defendant CH Real Estate
Services, LLC*

/s/ Benjamin R. Nagin
Benjamin R. Nagin
bnagin@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300

*Counsel for Defendant ConAm Management
Corporation*

/s/ Lynn H. Murray
Lynn H. Murray
lhmurray@shb.com
Maveric Ray Searle
msearle@shb.com
SHOOK, HARDY & BACON L.L.P.
111 S. Wacker Dr., Suite 4700
Chicago, IL 60606
Telephone: (312) 704-7766

Ryan Sandrock
rsandrock@shb.com
Shook, Hardy & Bacon L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 544-1944

Laurie A. Novion
lnovion@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 559-2352

*Counsel for Defendant Camden Property Trust*

/s/ Bradley C. Weber
Bradley C. Weber (admitted *pro hac vice*)
bweber@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone: (214) 740-8497

*Counsel for Defendant Dayrise Residential,
LLC*

/s/ Todd R. Seelman
Todd R. Seelman
todd.seelman@lewisbrisbois.com
Thomas L. Dyer
thomas.dyer@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, CO 80203
Telephone: (720) 292-2002

*Counsel for Defendant Cortland Management,
LLC*

*/s/ Ann MacDonald*
Ann MacDonald
Ann.macdonald@afslaw.com
Barry Hyman
Barry.hyman@afslaw.com
ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500

*Counsel for Defendant CWS Apartment Homes, LLC*


*/s/ Charles H. Samel*
Charles H. Samel
charles.samel@stoel.com
Edward C. Duckers
ed.duckers@stoel.com
STOEL RIVES LLP
1 Montgomery Street, Suite 3230
San Francisco, CA 94104
Telephone:  (415) 617-8900

George A. Guthrie
gguthrie@wilkefleury.com
WILKE FLEURY LLP
621 Capitol Mall, Suite 900
Sacramento, CA 95814
Telephone: (916) 441-2430

*Counsel for Defendant FPI Management, Inc.*

*/s/ Carl W. Hittinger*
Carl W. Hittinger
chittinger@bakerlaw.com
Alyse F. Stach
astach@bakerlaw.com
Tyson Y. Herrold
therrold@bakerlaw.com
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501
Telephone: (215) 568-3100

Stephen J. Zralek, BPR #018971
szralek@spencerfane.com
S. Chase Fann, BPR #036794
cfann@spencerfane.com
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
Telephone: (615) 238-6300

*Counsel for Defendant Equity Residential*

./s/ Michael D. Bonanno
Michael D. Bonanno (admitted *pro hac vice*)
mikebonanno@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I St. NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8225

Christopher Daniel Kercher (admitted *pro hac vice*)
christopherkercher@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor,
New York, New York 10010
Telephone: (212) 849-7000

Andrew Gardella, Esq. (TN Bar #027247)
agardella@martintate.com
MARTIN, TATE, MORROW & MARSTON P.C.
315 Deaderick Street, Suite 1550
Nashville, TN 37238
Telephone: (615) 627-0668

*Counsel for Defendant Highmark Residential, LLC*

/s/ Cliff A. Wade
Cliff A. Wade
cliff.wade@bakerlopez.com
Chelsea L. Futrell
chelsea.futrell@bakerlopez.com
BAKER LOPEZ PLLC
5728 LBJ Freeway, Suite 150
Dallas, Texas 75240
Telephone: (469) 206-9384

*Counsel for Defendant Knightvest Residential*

/s/ Leo D. Caseria
Leo D. Caseria
lcaseria@sheppardmullin.com
Helen C. Eckert
heckert@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC, 20006
Telephone: (202) 747-1925

Arman Oruc
aoruc@goodwinlaw.com
GOODWIN PROCTER, LLP
1900 N Street, NW
Washington, DC 20036
Telephone: (202) 346-4000

*Counsel for Defendant Essex Property Trust, Inc.*

31

/s/ Gregory J. Casas
Gregory J. Casas (admitted *pro hac vice*)
casasg@gtlaw.com
Emily W. Collins (admitted *pro hac vice*)
Emily.Collins@gtlaw.com
GREENBERG TRAURIG, LLP
300 West 6th Street, Suite 2050
Austin, TX 78701-4052
Telephone: (512) 320-7200

Robert J. Herrington (admitted *pro hac vice*)
Robert.Herrington@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700

Becky L. Caruso (admitted *pro hac vice*)
Becky.Caruso@gtlaw.com
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Telephone: (973) 443-3252

/s/ John J. Sullivan
John J. Sullivan (admitted *pro hac vice*)
jsullivan@cozen.com
COZEN O'CONNOR P.C.
3 WTC, 175 Greenwich St., 55th Floor
New York, NY 10007
Telephone: (212) 453-3729

Molly Rucki (admitted *pro hac vice*)
mrucki@cozen.com
COZEN O'CONNOR P.C.
1200 19th St. NW, Suite 300
Washington, DC 20036
Telephone: (202) 912-4884

*Counsel for Defendant Independence Realty Trust, Inc.*

/s/ Ryan T. Holt
Ryan T. Holt (No. 30191)
rholt@srvhlaw.com
Mark Alexander Carver (No. 36754)
acarver@srvhlaw.com
SHERRARD ROE VOIGT & HARBISON, PLC
150 Third Avenue South, Suite 1100
Nashville, Tennessee 37201
Tel. (615) 742-4200

*Counsel for Defendant Lincoln Property Company*

/s/ Eliot Turner
Eliot Turner
eliot.turner@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100,
Houston, Texas 77010
Telephone: (713) 651-5151

*Counsel for Defendant Kairoi Management, LLC*

/s/ Michael W. Scarborough
Michael W. Scarborough (admitted *pro hac vice*)
mscarborough@velaw.com
Dylan I. Ballard (admitted *pro hac vice*)
dballard@velaw.com
VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900

*Counsel for Defendant Lantower Luxury Living, LLC*

/s/ Michael M. Maddigan
Michael M. Maddigan
michael.maddigan@hoganlovells.com
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4727

William L. Monts, III
william.monts@hoganlovells.com
Benjamin F. Holt
benjamin.holt@hoganlovells.com
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-6440

Joshua C. Cumby (BPR No. 37949)
joshua.cumby@arlaw.com
F. Laurens Brock (BPR No. 17666)
larry.brock@arlaw.com
Rocklan W. King, III (BPR No. 30643)
rocky.king@arlaw.com
ADAMS AND REESE LLP
1600 West End Avenue, Suite 1400
Nashville, TN 37203
Telephone: (615) 259-1450

Karen Hoffman Lent (admitted *pro hac vice*)
Karen.lent@skadden.com
Boris Bershteyn (admitted *pro hac vice*)
Boris.bershtryn@skadden.com
Evan Kreiner (admitted *pro hac vice*)
Evan.Kreiner@skadden.com
Sam Auld (admitted *pro hac vice*)
Sam.Auld@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000

*Counsel for Defendant Greystar Management Services, LLC*

*/s/ Britt M. Miller*
Britt M. Miller (admitted *pro hac vice*)
bmiller@mayerbrown.com
Daniel T. Fenske (admitted *pro hac vice*)
dfenske@mayerbrown.com
Matthew D. Provance (admitted *pro hac vice*)
mprovance@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 6006
Telephone: (312) 701-8663

Scott D. Carey (#15406)
scarey@bakerdonelson.com
Ryan P. Loofbourrow (#33414)
rloofbourrow@bakerdonelson.com
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Telephone: (615) 726-5600

*Counsel for Defendants Mid-America*
*Apartment Communities, Inc. and Mid-America*
*Apartments, L.P.*

*/s/ Jeffrey C. Bank*
Jeffrey C. Bank
jbank@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
1700 K Street NW, Fifth Floor
Washington, DC 20006
Telephone: (202) 973-8800

*Counsel for Defendant Morgan Properties*
*Management Company, LLC*

*/s/ Richard P. Sybert*
Richard P. Sybert (WSBA No. 8357)
rsybert@grsm.com
GORDON REES SCULLY MANSUKHANI
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 321-5222

*Counsel for Defendant First Communities*
*Management, Inc.*

/s/ Jose Dino Vasquez

Jose Dino Vasquez
dvasquez@karrtuttle.com
Jason Hoeft
jhoeft@karrtuttle.com
KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 223-1313

*Counsel for Defendant Security Properties Residential, LLC*

/s/ David A. Walton

David A. Walton
dwalton@bellnunnally.com
Troy Lee (T.J.) Hales
thales@bellnunnally.com
BELL NUNNALLY & MARTIN, LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201

*Counsel for Defendant RPM Living, LLC*


/s/ Diane R. Hazel

Diane R. Hazel
dhazel@foley.com
FOLEY & LARDNER LLP
1400 16th Street, Suite 200
Denver, CO 80202
Telephone: (720) 437-2000

Elizabeth A. N. Haas (admitted *pro hac vice*)
ehaas@foley.com
Ian Hampton (admitted *pro hac vice*)
ihampton@foley.com
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 271-2400

Tara L. Swafford, BPR #17577
tara@swaffordlawfirm.com
Dylan Harper, BPR #36820
dylan@swaffordlawfirm.com
THE SWAFFORD LAW FIRM, PLLC
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406

*Counsel for Defendant Sherman Associates, Inc.*

/s/ Brent Justus
Brent Justus
bjustus@mcguirewoods.com
Nick Giles
ngiles@mcguirewoods.com
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1000

*Counsel for Defendant Simpson Property Group, LLC*

/s/ Yonaton Rosenzweig
Yonaton Rosenzweig
yonirosenzweig@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017

Fred B. Burnside
fredburnside@dwt.com
MaryAnn T. Almeida
maryannalmeida@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 757-8016

*Counsel for Defendant Mission Rock Residential, LLC*

/s/ Andrew Harris
Andrew Harris
Andrew.Harris@Levittboccio.com
LEVITT & BOCCIO, LLP
423 West 55th Street
New York, NY 10019
Telephone: (212) 801-1104

/s/ Nicholas A. Gravante, Jr.
Nicholas A. Gravante, Jr. (admitted *pro hac vice*)
nicholas.gravante@cwt.com
Philip J. Iovieno (admitted *pro hac vice*)
philp.iovieno@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6000

Georgia Winston (admitted *pro hac vice*)
gwinston@wmhlaw.com
JACKSON LEWIS, P.C.
250 Vesey Street, 27th Floor
New York, NY 10281
Telephone: (212) 335-2972

*Counsel for Defendants The Related Companies, L.P. and Related Management Company, L.P.*

/s/ Benjamin I. VandenBerghe
Benjamin I. VandenBerghe
biv@montgomerypurdue.com
Kaya R. Lurie
klurie@montgomerypurdue.com
MONTGOMERY PURDUE PLLC
701 Fifth Avenue, Suite 5500
Seattle, Washington 98104-7096

*Counsel for Defendant Thrive Communities Management, LLC*

37

/s/ David D. Cross
David D. Cross (admitted *pro hac vice*)
dcross@mofo.com
Jeffrey A. Jaeckel (admitted *pro hac vice*)
jjaeckel@mofo.com
Robert W. Manoso (admitted *pro hac vice*)
rmanoso@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C., 20037
Telephone: (202) 887-1500

Eliot A. Adelson (admitted *pro hac vice*)
eadelson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000

Mika M. Fitzgerald (admitted *pro hac vice*)
mfitzgerald@mofo.com
MORRISON & FOERSTER LLP
250 W 55th Street
New York, NY 10019
Telephone: (212) 468-8000

/s/ Joshua L. Burgener
Joshua L. Burgener
jburgener@dickinsonwright.com
DICKINSON WRIGHT PLLC
424 Church Street, Suite 800
Nashville, TN 37219
Telephone: (615) 620-1757

*Counsel for Defendant UDR, Inc.*

/s/ Craig Seebald
Jessalyn H. Zeigler
jzeigler@bassberry.com
BASS, BERRY & SIMS, PLC
150 Third Avenue South
Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200

Craig P. Seebald (admitted *pro hac vice*)
cseebald@velaw.com
Stephen M. Medlock (admitted *pro hac vice*)
smedlock@velaw.com
Michael S. McCambridge (admitted *pro hac vice*)
mmccambridge@velaw.com
VINSON & ELKINS LLP
2200 Pennsylvania Ave., N.W.
Suite 500 West
Washington, D.C. 20037
Telephone: (202) 639-6500

Christopher W. James (admitted *pro hac vice*)
cjames@velaw.com
VINSON & ELKINS LLP
555 Mission Street
Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900

*Counsel for Defendant Windsor Property Management Company*

/s/ Matt T. Adamson
Matt T. Adamson
madamson@jpclaw.com
JAMESON PEPPLE CANTU PLLC
801 Second Avenue, Suite 700
Seattle, WA 98104
Telephone: (206) 292-1994

*Counsel for Defendant B/T Washington, LLC d/b/a Blanton Turner*

/s/ Evan Fray-Witzer
Evan Fray-Witzer
Evan@CFWLegal.com
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: 617-426-0000

*Counsel for Defendants WinnCompanies LLC,
and WinnResidential Manager Corp.*

/s/ Ferdose al-Taie
Ferdose al-Taie (admitted *pro hac vice*)
faltaie@bakerdonelson.com
BAKER, DONELSON, BEARMAN CALDWELL &
BERKOWITZ, P.C.
956 Sherry Lane, 20th Floor
Dallas, TX 75225
Telephone: (214) 391-7210

Christopher E. Thorsen (BPR # 21049)
cthorsen@bakerdonelson.com
BAKER, DONELSON, BEARMAN CALDWELL &
BERKOWITZ, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, TN 37201
Telephone: (615) 726-5600

*Counsel for Defendant ZRS Management, LLC*

/s/ Jeffrey S. Cashdan
Jeffrey S. Cashdan (admitted *pro hac vice*)
jcashdan@kslaw.com
Emily S. Newton (admitted *pro hac vice*)
enewton@kslaw.com
Lohr A. Beck (admitted *pro hac vice*)
lohr.beck@kslaw.com
Carley H. Thompson (admitted *pro hac vice*)
chthompson@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600

*Counsel for Defendant ECI Management, LLC*

/s/ James H. Mutchnik
James H. Mutchnik
james.mutchnik@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

*Counsel for Defendants Thoma Bravo L.P.,
Thoma Bravo Fund XIII, L.P., and Thoma
Bravo Fund XIV, L.P.*

/s/ Sarah B. Miller
Sarah B. Miller (TN#33441)
BASS, BERRY & SIMS PLC
150 Third Ave. South #2800
Nashville, TN 37201
Telephone: (615) 742-6200
smiller@bassberry.com

Amy F. Sorenson (admitted *pro hac vice*)
SNELL & WILMER, L.L.P.
15 West South Temple, Ste. 1200
Salt Lake City, UT 84101
Telephone: (801) 257-1900
asorenson@swlaw.com

Colin P. Ahler (admitted *pro hac vice*)
SNELL & WILMER, L.L.P.
One East Washington St., Ste. 2700
Phoenix, AZ 85004
Telephone: (602) 382-6000
cahler@swlaw.com

*Counsel for Defendant Apartment Management
Consultants, LLC*

## ATTACHMENT A TO PROTECTIVE ORDER

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

|  |  |
|---|---|
| **IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II)** | **Case No. 3:23-md-3071**<br>**MDL No. 3071**<br>**Chief Judge Waverly D. Crenshaw, Jr.**<br><br>**PROTECTIVE ORDER**<br>**ACKNOWLEDGEMENT &**<br>**AGREEMENT**<br><br>**This Document Relates to: ALL CASES** |

The undersigned hereby acknowledges that he/she has read the Protective Order in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Tennessee in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential or Highly Confidential Information in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential or Highly Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

_____

Business Address: _____

Date: _____     _____
                                    Signature