UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | ) ) ) ) ) ) | NO. 3:23-cv-03071<br>MDL No. 3071<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES |

# ORDER

The Court makes the following rulings relating to discovery and status conferences.

1. The parties jointly request changing two dates for status conferences set by the Court. (Doc. No. 835). Accordingly, the status conference previously set on April 12, 2024, is RESET to **April 5, 2024**, at 1:00 p.m. and the status conference on May 10, 2024, is RESET to **May 17, 2024,** at 1:00 p.m.

2. The parties shall use the attached "Joint Status Report" form for all future reports and it must be filed five business days before each status conference. The Court expects the status reports to be cumulative. So, when completing the form, old material should not be removed and new material only shall be in bold font. The parties shall complete each identified category, even if the response is "not applicable at this time." All status reports must be signed and approved by Patrick Coughlin and Jay Srinivasan.

3. <u>Resolution of Discovery Disputes (Discovery Meet-and-Confer)</u> – Before any party can file a discovery-related motion, counsel for each affected party SHALL engage in an in-person (face-to-face) conference to resolve the discovery issue in good faith. Telephone calls or video conference calls are insufficient. If the discovery dispute is not resolved at the in-person

1

conference, those attorneys, and only those attorneys, who participated in the in-person (face-to-face) conference must file the following:

    a.    A certificate of the attorneys who participated and the duration of the in-person meet and confer;

    b.    A motion for a discovery conference; and

    c.    A joint discovery dispute statement that must comply with Local Rule 37.01(b), except that the joint discovery dispute statement is limited to 10 pages.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | ) ) ) ) ) ) | NO. 3:23-cv-03071<br>MDL No. 3071<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES |

**JOINT STATUS REPORT**

I. Settlement

    A.     Each party engaging in any type of settlement discussions shall identify the date or dates of the last settlement or mediation meeting, whether a third-party mediator was present and a joint statement of the progress of settlement discussions.

    B.     The parties shall identify any specific legal issues that require resolution by the Court for settlement discussions to be productive.

    C.     The parties shall identify whether further settlement discussions are planned. If so, the dates for same and if not, explain why.

II. Discovery

    A.     Please provide the status of each of the following, including the date the described discovery was served, the deadline for response and any known or anticipated discovery issues, e.g. preservation of evidence, privilege issues or confidentiality issues. The parties may share any additional information that may be helpful to the Court.

        1.     Requests for Documents

        2.     Depositions

        3.     Request for Admissions

                4.       Interrogatories

      B.       Describe with specificity any issues regarding "structured data discovery."

      C.       Describe with specificity all discovery completed since the last status conference.

      D.       Describe with specificity all discovery anticipated to be served or for which the response deadline will expire before the next status conference.

      E.       Describe with specificity any pending or anticipated discovery related motions.

III.     Does any party anticipate or has any party identified any issues arising from the Stipulation and Order on Federal Rule of Evidence 502 (Doc. No. 822).  If so, please explain in detail.

IV.     Does any party anticipate or has any party identified any issues arising from the Case Management Order (Doc. No. 818).  If so, please explain in detail.

V.      Does any party anticipate or has any party identified any issues arising from the Order on Deposition Protocol (Doc. No. 816).  If so, please explain in detail.

VI.     Does any party anticipate or has any party identified any issues arising from the Joint Electronic Store Information (Doc. No. 815).  If so, please explain in detail.

VII.    Does any party anticipate or has any party identified any issues arising from the Stipulation and Order on Expert Discovery (Doc. No. 814).  If so, please explain in detail.

VIII.   Provide a proposed status conference agenda.

Respectfully submitted and APPROVED by:

_____
Patrick J. Coughlin

_____
Jay P. Srinivasan