```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                        NASHVILLE DIVISION


IN RE: REALPAGE, INC.,        )    Case No. 3:23-md-3071
RENTAL SOFTWARE ANTITRUST     )    MDL No. 3071
LITIGATION (NO. II)           )


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                       BEFORE THE HONORABLE

            CHIEF DISTRICT JUDGE WAVERLY D. CRENSHAW, JR.

                     TRANSCRIPT OF PROCEEDINGS
                       (Telephone Conference)

                          April 10, 2024
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

PREPARED BY:
        LISE S. MATTHEWS, RMR, CRR, CRC
        Official Court Reporter
        719 Church Street, Suite 2300
        Nashville, TN 37203
        lise_matthews@tnmd.uscourts.gov

APPEARANCES:

Swathi Bojedla
Amanda V. Boltax
Stacey Slaughter
Geoffrey H. Kozen
Patrick J. Coughlin
G. Dustin Foster
Tricia R. Herzfeld
Anthony A. Orlandi
Navy A. Thompson
Caitlin E. Keiper
Alexander M. Brauer
Jason R. Marlin
Judith A. Zahid
Heather T. Rankie
Richard P. Sybert
Patrick E. Breen
Valentine S. Hoy
Scott W. Perlin
Gibeault C. Creson

1     THE COURT: All right. This is Waverly Crenshaw.
2 And I'll remind you we have a court reporter also on the
3 line. When you all speak, could you just remind me who -- on
4 who's behalf you're speaking.
5     So I appreciate the joint report by the plaintiff
6 and the defendant Prometheus, Rose, and Sares Regis, Document
7 Number 883. And for whoever's going to be speaking for the
8 plaintiff, I guess can you confirm my reading, is that the
9 defendants I just named, Prometheus, Rose, and Sares Regis,
10 they are all participating in the case including discovery
11 and mediation? Is that correct?
12     MS. BOJEDLA: Your Honor, this is Swathi Bojedla
13 for the plaintiffs. And, yes, that's correct. We got a
14 schedule to get them all up to speed on discovery and they're
15 all planning to participate in mediation going forward.
16     THE COURT: Thank you. That's great. And then on
17 the second page -- I'm sorry. The third page of Document
18 883, the parties there write at the top of that page in the
19 second sentence, These defendants -- Rose, Sares Regis and
20 Conti -- "also did not join the parties' submissions seeking
21 entry of the following orders and stipulations."
22     And I guess, Ms. Bojedla, what are you trying to
23 communicate? Because each of the orders you referenced
24 there, 814, 815, 816 and 818, when I entered those orders, it
25 was for all cases. So I'm not sure I'm understanding what

1  distinction you're trying to communicate in that sentence.
2          MS. BOJEDLA:  Your Honor, we -- we understand that
3  those orders apply to all of the defendants in the MDL.  So
4  it may be you -- the other defendants may have anything
5  additional to add on that.
6          THE COURT:  Say that last part again.
7          MS. BOJEDLA:  So it may be that those defendants
8  may have something additional to add on their understanding.
9          THE COURT:  Okay.  So as it pertains to
10 Prometheus, Rose and Sares Regis, is there some distinction
11 there you wanted to communicate to me?
12         MS. ZAHID:  This is Judith Zahid for Prometheus,
13 Your Honor.  And if you see below the bullet list it says
14 Prometheus agrees to be bound by the above orders.  So we
15 do -- we are adhering to the orders.  I think it was more a
16 timing issue.  We weren't involved in the 26S statement.  And
17 so we just wanted to make it abundantly clear that if we had
18 been not participating in that window but at this point time
19 we are bound.  And it was just explicit for our client
20 that -- that we adhere to all these orders going forward.  So
21 that was more just a clarification on our part.
22         THE COURT:  Okay.  Thank you very much.
23         MS. ZAHID:  Sure.  Thank you.
24         THE COURT:  What about Rose?
25         MR. SYBERT:  Rose would echo what the counsel for

Prometheus just said. This is Richard Sybert.

THE COURT: Okay. Thank you. And then that takes us to Sares Regis.

MR. PERLIN: This is Scott Perlin for Sares Regis. And same thing, Your Honor.

THE COURT: Okay. Well, great. That's good.

So I guess that takes us to Conti. Who is here for Conti?

MR. BRAUER: Your Honor, this is Alex Brauer on behalf of Conti. I have my colleague Jason Marlin on the line as well.

THE COURT: Okay. So am I to conclude that Conti has decided not to participate in the case other than filing your motion (indiscernible).

MR. BRAUER: No. I wouldn't say that, Your Honor. We do -- we have communicated -- counsel for plaintiffs and counsel for Conti have communicated over the past 24 hours. We -- there are two cases that apply to Conti, the Vincin and the Kabisch case. We have filed a motion to dismiss for lack of subject matter jurisdiction in Vincin. We plan to file a similar motion in Kabisch. And the communications between the parties is that nonjurisdictional discovery would be delayed and that the plaintiffs would have 90 days from the filing of the Kabisch motion to dismiss to engage in jurisdictional discovery and file their responses to each

1  motion.  And we believe that would be the appropriate path
2  forward for Conti because we do believe we have subject
3  matter jurisdiction arguments that we would like to flush out
4  and have the Court determine prior to engaging in
5  nonjurisdictional discovery.
6              THE COURT:  Okay.  Well, that -- that -- I'm glad
7  we're having this call, because it's no way I could have
8  gained all this from the status report that you all filed
9  back on March the 29th.
10             So in Kabisch, does Conti -- anybody else going to
11 be joining in those motions with Conti?  To Plaintiff's
12 knowledge.
13             (Overlapping speaking.)
14             THE COURT:  Sorry.  Everybody's talking at one
15 time.
16             Let's go to Ms. Bojedla.  I think was speaking.
17             MS. BOJEDLA:  Okay.  Sure.  Your Honor, we aren't
18 aware of anybody else who would be joining that motion.  We
19 just, you know, heard about this recently.  And we understand
20 Conti wants to file a motion to dismiss in the Kabisch case.
21 We don't know exactly what the basis for it is because it's a
22 different basis than the motion that was filed in the Vincin
23 case.  So we have not heard from any other defendant who
24 wishes to file such a motion.
25             THE COURT:  So Mr. Brauer?

7

1  MR. BRAUER: Brauer, Your Honor.
2  THE COURT: Is your Kabisch motion going to be
3  based on lack of standing?
4  MR. BRAUER: It is going to be based on lack of
5  standing, Your Honor. Because the alleged injury isn't
6  traceable to Conti's conduct.
7  THE COURT: I'm sorry. I can't understand your
8  words.
9  MR. BRAUER: I'm sorry. It will be based on lack
10  of standing because the alleged injury isn't traceable to
11  Conti's conduct.
12  And I can speak briefly as to the arguments we
13  believe that we're flushing out on that front, but I don't
14  need to if the Court doesn't need further information at this
15  point.
16  THE COURT: Well, I guess the next step I would
17  say, it sounds like you all agree there may need to be some
18  jurisdictional discovery before these motions can be
19  considered by the Court?
20  MR. BRAUER: I think plaintiff desire to take some
21  jurisdictional discovery, and we are not opposed to the
22  plaintiffs taking jurisdictional discovery so they can fully
23  flush out their arguments and fully respond to the motion.
24  THE COURT: Okay. So I think the most expedient
25  way to proceed would be for Conti's lawyers and the

1  plaintiffs to meet and confer on the proposed motions and set
2  forth a timetable if you're going to engage in that non --
3  that jurisdictional discovery first, what's the timetable for
4  that to occur, and -- and then set a period for briefing --
5  for the motions to be filed and briefing, responses and
6  replies.  I got your motion in Vincin, but -- I took a quick
7  look at it, saw your affidavit, and kind of thought, too,
8  that might be a desire for discovery.  So wouldn't it make --
9  keep our record straight, maybe I just need to deny without
10 prejudice Document 305; that you all -- Conti and plaintiffs
11 meet and confer, come up with a time period for
12 jurisdictional discovery, a deadline to file your motions,
13 Conti, in both cases, a time period for the plaintiffs to
14 respond, then a reply, and then the motions will be ready for
15 the Court's consideration.  Is -- is that -- does that make
16 -- does that sound like a good use of everybody's time?  I
17 guess I'll start with Conti.
18            MR. BRAUER:  It does, Your Honor.
19            THE COURT:  Okay.  And what about the plaintiffs?
20 Ms. Bojedla?
21            MS. BOJEDLA:  Your Honor -- Your Honor, this is
22 Swathi Bojedla.  That does sound good to us, too.  Thank you
23 very much.
24            THE COURT:  Okay.  So set me a time period for you
25 all to report back to the Court on these deadlines, and I can

```
                                                                9
```

1  make a notation and -- how much time --
2           MS. BOJEDLA:  Your Honor, I think -- apologies for
3  interrupting, Your Honor.  I -- just not having conferred
4  with my team or counsel for Conti I think a week would be
5  fine to put something in to the Court.
6           THE COURT:  Today is April 10th and next week
7  would be the 17th?
8           MS. BOJEDLA:  Correct.
9           THE COURT:  Okay.  So we'll say on or before April
10 the 17th Conti and the plaintiffs will file a proposed
11 scheduling for Conti's two motions to dismiss based on
12 standing.  And go ahead and just give me a joint agreed
13 order.  I can look at it.  That will be for case 23-410, and
14 Kabisch, which is 742, I think.
15          Okay.  Anything else the plaintiffs want to take
16 up on the call?
17          MS. BOJEDLA:  Nothing for the plaintiffs, unless
18 any of my co-counsel have anything.
19          Thank you, Your Honor.
20          THE COURT:  All right.  I don't hear anything from
21 the plaintiffs.  What about on the Conti side?  Anything else
22 we need to take up here?
23          MR. BRAUER:  No.  Thank you, Your Honor.
24          THE COURT:  Same thing for Prometheus, Rose and
25 Sares Regis.  Are we good?

1          MS. ZAHID:  Nothing for Prometheus, Your Honor.

2          MR. SYBERT:  Nothing for Rose, Your Honor.  Thank
3 you.

4          MR. PERLIN:  Nothing for Saris Regis, Your Honor.
5 Thank you.

6          THE COURT:  And just so I can make a notation
7 here.  Conti, did -- I know you participated in the October
8 mediation.  Have you participated in any discussions with
9 Judge Phillips since October?

10         MR. BRAUER:  We have not, Your Honor.  But full
11 disclosure, we just substituted in for Conti March 19th.  So
12 I know that we haven't done anything, you know, since three
13 weeks ago.  Before that I don't believe that Conti has
14 participated in any other mediation.  But we are happy to
15 engage in settlement discussions directly or mediation if
16 that makes sense.

17         THE COURT:  Okay.  And Ms. Bojedla, correct me,
18 but was there not a -- was there not a mediation session with
19 maybe two-thirds of the defendants on April the 8th in
20 Washington D.C. or maybe New York?

21         MS. BOJEDLA:  Yes, Your Honor.  We did spend a
22 lovely day with 90 of the defendants this past Monday.  We
23 were there for about ten hours.

24         THE COURT:  Okay.  And Conti, were you there?
25         SPEAKER:  No, Your Honor, we were not.

1          THE COURT:  Okay.  But you're going to be
2  following up with Judge Phillips, I gather?
3          MR. BRAUER:  Yes, Your Honor.  We haven't been --
4  we've just getting up to speed, and then I -- trying to drink
5  from a fire hose, but I'll reach out to Judge Phillips.
6          THE COURT:  Oh, it's in better shape now than it
7  was when we started.  So I think all the other defendants say
8  you've got it easy.
9          And I guess before we hang up, Conti, as you get
10 up to speed, those orders I referenced at 814, 15, 16, and 18
11 are applicable in all cases and all defendants.  So just --
12 just put that in the calculus as you get up to speed.
13         MR. BRAUER:  Understood.  Thank you, Your Honor.
14         THE COURT:  All right.  Well, thank you all for
15 your time and appreciate you doing this.  Take care.  I'll
16 look for your joint agreed order.
17         MS. BOJEDLA:  Thank you, Your Honor.
18         ALL:  Thank you, Your Honor.

Case 3:23-md-03071    Document 896    Filed 04/22/24    Page 11 of 12 PageID #: 15545

```
1  REPORTER'S CERTIFICATE
2
3            I, Lise S. Matthews, Official Court Reporter for
4  the United States District Court for the Middle District of
5  Tennessee, with offices at Nashville, do hereby certify:
6            That I reported on the Stenograph machine the
7  proceedings held via telephone conference on April 10, 2024,
8  in the matter of In Re: Realpage, Inc., Rental Software
9  Antitrust Litigation (No. II); that said proceedings in
10 connection with the hearing were reduced to typewritten form
11 by me; and that the foregoing transcript (pages 1 through 11)
12 is a true and accurate record of said proceedings.
13           This the 22nd day of April, 2024.
14
15                              /s/ Lise S. Matthews
                                LISE S. MATTHEWS, RMR, CRR, CRC
16                              Official Court Reporter
```