# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071 <br> MDL No. 3071 <br><br> JURY DEMAND <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br><br> This Document Relates to: <br> ALL CASES |

## JOINT STATEMENT OF POSITIONS ON DISPUTED ISSUES

**Plaintiffs' Statement**[1]

**Party Deposition Limits and Exceptions (Proposed Order Part B.1):** The parties have two disputes: (1) whether deposition limits should be measured in hours or by number of depositions, and (2) the overall limits applicable.

Plaintiffs' hours-based proposal promotes efficiency and incentivizes Plaintiffs to assign deposition hours wisely, while also permitting necessary flexibility in allocating deposition time. The court in *Judy Jien v. Perdue Farms, Inc*., another large, multi-party antitrust litigation, applied this reasoning when it ultimately ordered an hours limit *sua sponte*, over the parties' competing numbers-cap proposals. Ex. A, No. 1:19-cv-02521, Dkt. 470 at 1 (D. Md. June 1, 2021) ("The majority of the parties' concerns can be resolved via imposition of a strict overall hours limit on depositions. . . . [A]n hours-based limitation allows the parties to decide for themselves where their time is best spent and incentivizes efficiency, since every hour spent in one deposition means less time to allot to [another].").[2] An hours limit will prove more flexible for Defendants as well.

With respect to overall limits, there are currently 50 individually-named, active Defendants in this case. Plaintiffs originally proposed only the hours cap and no per-Defendant deposition limit. However, to address Defendants' concern, expressed at meet and confers, about having certainty that no one Defendant would bear a disproportionate burden, Plaintiffs added a limit on the number of depositions per Defendant. Defendants did not accept this compromise. Instead,

---

[1] Plaintiffs refer to the corresponding section of the accompanying Proposed Order.

[2] Here, to prevent unreasonably short and excessively high numbers of depositions, Plaintiffs propose that each deposition, regardless of length, count for a minimum of four hours against Plaintiffs' total cap (**C.1 & n.3**). This, along with the per-Defendant deposition cap, is meant to address Defendants' certainty concerns and provide assurance that Plaintiffs will not take numerous one-hour depositions. This position is in line with other antitrust litigation where an hours limit has been adopted. *See, e.g.*, *In re Local TV Advert. Antitrust Litig.*, Ex. B, No. 1:18-cv-06785, Dkt. 870 at 1 (N.D. Ill. Dec. 12, 2022) (stating that a "deposition with a duration of less than four hours shall count as a four-hour deposition").

1

Defendants have insisted on a hard limit of 125 depositions across the board—equating *to just 2.5 depositions* per Defendant (including RealPage), including 30(b)(6) depositions. And under Defendants' proposal, even if Plaintiffs took a three-hour deposition of a witness on a limited issue (a real possibility in this case), it would count as a full deposition towards the cap. This approach is unworkable and does not allow for the flexibility needed in a case of this size and magnitude.

Plaintiffs' proposal is more than reasonable. It is consistent with—and in some cases more generous to Defendants than—deposition limits ordered in most large antitrust litigation. In *In re Local TV Advertising Antitrust Litig.*, for example, the court granted the plaintiffs 1,050 hours of deposition time for 15 defendants, or approximately **ten** seven-hour depositions per defendant. Ex. B at 1. Likewise, the court in *In re Generic Pharmaceuticals Pricing Antitrust Litig.* granted the plaintiffs 3,500 total hours of depositions, with the right to depose *at least* **ten** witnesses from each defendant family. Ex. C, No. 2:16-md-02724, Dkt. 1688 at 12 (E.D. Pa. Feb. 12, 2021). Other courts routinely grant similar limits. *See* Ex. D, *In re Cattle & Beef Antitrust Litig.*, No. 0:20-cv-01319, Dkt. 571 at 6-7 (D. Minn. June 22, 2022) (granting plaintiffs **20** Rule 30(b)(1) seven-hour depositions plus an additional 28 hours of Rule 30(b)(1) depositions per defendant, along with one 14-hour Rule 30(b)(6) deposition per defendant); Ex. E, *In re Broiler Chicken Grower Antitrust Litig. (No. II)*, No. 6:20-md-02977, Dkt. 57 at 4 (E.D. Ok. Feb. 12, 2021) (granting plaintiffs **13** depositions per defendant); Ex. F, *In re FICO Antitrust Litig.*, No. 1:20-cv-02114, Dkt. 234 at 2 (N.D. Ill. Dec. 15, 2023) (granting plaintiffs **nine** depositions per defendant).[3]

---

[3] *See also* Ex. G, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637, Dkt. 1155 at 2 (N.D. Ill. Aug. 28, 2018) (permitting plaintiffs to take **ten** depositions from each of the 18 defendant families, which was expanded to **21** and **20** depositions, respectively, for the two largest defendant families); Ex. H, *In re Packaged Seafood Prods. Antitrust Litig.*, No. 3:15-md-02670, Dkt. 495 at ¶ 4 (S.D. Cal. Sept. 26, 2017) (stipulation granted at Dkt. 496 (Sept. 26, 2017)) (permitting plaintiffs to take **20** depositions for each of the three defendant families); Ex. I, *United States v.*

In contrast, Defendants' proposal—which equates to just **2.5 depositions per Defendant, including 30(b)(6) depositions**—is not tied to the realities of this case and would be severely prejudicial to Plaintiffs if adopted. After depositions of RealPage witnesses, Plaintiffs essentially would be left with just one corporate deposition and one fact witness per Defendant. Even a slip-and-fall case would require more than that. Such strict limitations would force Plaintiffs to seek seriatim leave from the Court to take additional depositions, creating massive judicial inefficiency. In *Carbone v. Brown University*, a simpler antitrust case, defendants sought something similar— proposing about 4.5 depositions per defendant (75 depositions across 17 defendants). *See* Ex. L, No. 1:22-cv-00125, Dkt. 188 at 16 (N.D. Ill. Aug. 26, 2022). The *Carbone* court described that proposal—about **double** what Defendants propose here—as "somewhere between absurd and insane" (*Carbone*, Ex. M, Transcript of Status Conference at 14:25-15:1 (Sept. 2, 2022)), and ultimately ordered 180 depositions (over ten per defendant, but capped at ten) (*Carbone*, Ex. N, Dkt. 273 at 1 (Jan. 12, 2023)).

As for Plaintiffs' proposal of individual deposition caps, those too are reasonable. A cap of 25 depositions for RealPage witnesses aligns with the fact that RealPage has currently identified 27 custodians in connection with its production of documents to the Department of Justice— indicative of the number of RealPage document custodians expected in this litigation. And a cap of 15 depositions on other Defendants provides Plaintiffs flexibility to take appropriate deposition

---

*Anthem, Inc.*, No. 1:16-cv-01493, Dkt. 74 at 11 (D.D.C. Aug. 15, 2016) (authorizing, in antitrust case, "**no limit** on deposition of party witnesses"); Ex. J, *In re Lithium Ion Batteries Antitrust Litig.*, No. 4:13-md-02420, Dkt. 905 at ¶ I(D) (N.D. Cal. Oct. 19, 2015) (permitting plaintiffs to take 120 depositions with no more than **12** depositions per defendant family, but excluding from limit any expert, Rule 30(b)(6), third-party, or evidentiary depositions); Ex. K, *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 3:10-md-02143, Dkt. 606 at ¶ (e) (N.D. Cal. July 17, 2012) (permitting plaintiffs to take **15** depositions from each of the 12 defendant families).

discovery of larger Defendants while still providing Defendants with some overall certainty. For the foregoing reasons, Plaintiffs respectfully urge the Court to adopt Plaintiffs' proposal.

**Non-Party Depositions (Proposed Order Part B.4):** The Federal Rules do not impose a limit on non-party depositions, and no such limit has been warranted in similar antitrust litigation. *See, e.g.*, Ex. C at 17 (no imposition of limit on number of non-party depositions). Defendants' request for a cap on non-party depositions is interrelated with and would diminish the benefits of two key features of the parties' agreed proposal. First, the parties have cooperatively agreed that former employees who are represented by Defendants' counsel and who need not be subpoenaed to appear can be counted against the party deposition limits discussed above. This agreement creates efficiency and provides certainty for all parties. A cap on non-party depositions would undo that work and disincentivize Defendants from producing former employees for deposition, so as to count those former employees against the non-party cap and deplete it. Second, assuming that the overall party deposition limits are reasonable, Plaintiffs have also agreed to count depositions of Settling Defendants towards party deposition limits to avoid the uncertainty attendant with moving parties from one category to another over the course of the litigation (**B.5 & n.2**). Defendants' approach—designating Settling Defendants as non-parties and counting any depositions allowable under settlement agreements against a 40-deposition cap—disincentivizes Plaintiffs by giving them reason to delay settlements to avoid missing out on crucial testimony needed to prosecute their claims against the remaining Defendants. Moreover, Defendants' proposal would tie Plaintiffs' hands with respect to the amount of cooperation that could be negotiated across settlement agreements.

Outside of these concerns, there will be other third parties or unnamed co-conspirators that Plaintiffs want to depose. Plaintiffs do not know, at this time, how many non-parties they will need

to depose, and have not presently served any non-party subpoenas. Further discovery will enlighten Plaintiffs on which non-parties to depose in this matter, and those non-parties have every right under the Federal Rules to move to quash any subpoenas they perceive to be overly broad or unduly burdensome, making any cap superfluous. Defendants' proposed cap is arbitrary and premature.

**Fifth Amendment Depositions (Proposed Order Part B.8):** Because Fifth Amendment depositions do not result in the disclosure of relevant information necessary to the parties' positions, they should not count towards a party's deposition limits. Plaintiffs' proposal that Fifth Amendment depositions do not count towards deposition limits draws support from other antitrust litigation conducted in parallel to criminal investigations. *See*, *e.g., In re Foreign Exchange Benchmark Rates Antitrust Litig.*, Ex. O, No. 1:18-cv-10364, Dkt. 186 at 9 (S.D.N.Y., Mar. 22, 2019) (excluding Fifth Amendment depositions from deposition cap). Plaintiffs' proposal also serves to offset the resulting prejudice caused to Plaintiffs from the improper use of the Fifth Amendment as both a shield and sword in preventing disclosure of relevant information.

**Time Limits for 30(b)(6) Depositions (Proposed Order Part C.3):** A 14-hour cap on 30(b)(6) depositions provides Plaintiffs with the necessary time to thoroughly examine the witness and allows for a single witness to address multiple 30(b)(6) topics, where necessary. Courts routinely grant 14 hours of deposition time for Rule 30(b)(6) depositions in large antitrust litigation. *See, e.g.*, Ex. N at 2 (ordering one Rule 30(b)(6) deposition per defendant up to 14 hours); Ex. D at 7 (allowing plaintiffs one 30(b)(6) deposition of no more than 14 hours for each defendant family); Ex. C at 13 (permitting 14 hours of 30(b)(6) deposition testimony per defendant family); Ex. E at 4 (allowing 14 hours of 30(b)(6) deposition testimony of each party). Further, these deposition hours still fall within the overall limits proposed by Plaintiffs, so there is no prejudice to Defendants in adopting Plaintiffs' proposal.

## Defendants' Statement

### I.    Introduction

Defendants propose deposition limits that afford Plaintiffs 125 party (§B.1) and 40 Non-Party (§B.4) depositions for a total of 165 depositions. Defendants also propose parameters on Settling Defendants (§B.5) and Rule 30(b)(6) depositions (§C.3) that are reasonable under the Federal Rules of Civil Procedure ("Federal Rules") and provide certainty. Defendants' proposal strikes the appropriate balance between the 10 depositions per side allowed by the Federal Rules, and the considerations of this case. Where Plaintiffs have alleged a conspiracy through contract terms carried out through an algorithm, and emphasize the need for burdensome structured data discovery, their position that an excessive number of witness hours is also needed should be based upon the allegations in the Complaint. Instead, all Plaintiffs have claimed is a need for "flexibility," which Defendants met by increasing their proposal from 100 to 125 party depositions.

While the number of Defendants that Plaintiffs brought into this litigation may reasonably require increasing the number of depositions, the Federal Rules and Manual for Complex Litigation ("MCL") require that some reasonable limit be set. Plaintiffs' proposal, which sets forth an excessive and unrealistic number of deposition hours and adds expressly limitless non-party depositions and indefinite exceptions, proscribes no meaningful limit. Rather, Plaintiffs' proposal obscures the number and time limit of depositions, which incentivizes inefficiency, unduly increases burden, makes disputes more likely, and discourages settlement.

### II.    The Federal Rules and MCL require deposition limits to encourage efficiency.

The Federal Rules set the guiding principles for all discovery in federal courts. First, Rule 1 specifies that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Parties are entitled to discovery on any non-privileged matter that

6

is "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). From there, Federal Rule 16(b) directs the court to limit the time for discovery, and Federal Rule 26(b) empowers the court to limit the "frequency or extent of use of the discovery methods" under the rules, including the length of depositions. Federal Rule 30(a) imposes a presumptive limit of ten depositions per side. The Commentary to Rule 30's 1993 Amendment states that "the aim of the revision" limiting the number of depositions "is to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions in a case without agreement of the other parties." "A second objective is to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case." *Id.* The MCL also empowers the Court to control discovery in complex litigation, including setting "time limits, restrictions on scope and quantity, and sequencing" of discovery. MCL § 11.422. "In determining appropriate limits, the court will need to balance efficiency and economy against the parties' need to develop an adequate record for summary judgment or trial." MCL § 11.422.

### III. Plaintiffs' proposal is uncertain, disincentives efficiency, and unfairly prejudices Defendants.

Plaintiffs propose taking "up to 2,905 hours" of party depositions (§B.1), which amounts to somewhere between 415 and 726 depositions, depending on the average duration (§C.1), and propose *no limit* on Non-Party depositions (§B.4). Plaintiffs' additional terms leave the status of Settling Defendants uncertain (§B.5) and adds seven additional hours for each 30(b)(6) deposition that do not counting towards the per-party cap (§C.3). Plaintiffs also propose a superfluous provision discounting depositions where a witness asserts his or her Fifth Amendment right (§B.8) that has little precedent and is unnecessary and premature. Plaintiffs' proposal, aside from being effectively limitless, is vague and uncertain and so does not decrease the potential for disagreement between the parties and court intervention during discovery as a deposition protocol is intended.

7

While Plaintiffs characterize their proposal as giving them latitude in discovery, limitless hours and vague exceptions actually allow Plaintiffs to avoid strategically developing their case and focusing on the allegations in their Complaint. In fact, Plaintiffs' proposal grants them more deposition time than they could feasibly use, as they would need to take in excess of one deposition per day through the November 2025 discovery cutoff period, without allocating any days to Non-Party discovery or depositions of Plaintiffs. That multiple depositions could occur in one day just so Plaintiffs can exhaust their deposition limits granted by their proposed order underscores Defendants' position, and foretells Plaintiffs' seeking more time under the Schedule to complete their depositions.

In addition, Plaintiffs' shifting proposal concerning Settling Defendants (§B.5) fails to place any meaningful guardrails on discovery. Under Defendants' proposal, a Settling Defendant would be treated as a Non-Party under §B.4 and subject to the 40-deposition limit in that category, leaving the overall number of deposition for remaining Defendants intact. Under Plaintiffs' proposal, Settling Defendants (§B.5) would be removed to a Non-Party category (§B.4) that *has no limit.* Thus, if party settles with Plaintiffs, they could be subject to *more* depositions than if they remained a party. Plaintiffs have "agree[d]" in footnote 2 to treat Settling Defendants' depositions towards their party limit, "provided the Court adopts Plaintiffs' overall deposition limits," allowing for at least 15 depositions to use on a Settling Defendant. Plaintiffs alternatively propose that a Settling Defendant "be removed from any such cap" placed on Non-Parties. This proposal gives Plaintiffs no incentive to narrow the number of Defendants to which its claims are directed, nor does it provide any benefit in the form of lessened discovery to Settling Defendants. And Plaintiffs' inability to provide a concrete proposal as to the treatment of Settling Defendants underscores that their proposal is not designed to impose any serious limits on discovery.

Plaintiffs' proposed per-party caps (25 for RealPage, and 15 for each other Defendant: 685 total) are also not designed to impose any meaningful limitation on discovery (§B.1.b). Plaintiffs have not explained the need for these per-party cap proposals in the context of the allegations in their Complaint. Instead, all Plaintiffs have offered is that they need "flexibility" and no lower, reasonable number will suffice. But here, in the context of an alleged conspiracy involving contract terms and an algorithm, the need to vastly expand the limits of witness deposition discovery should be articulated. Further, a majority of the Defendants do not have fifteen witnesses with knowledge of revenue management software sufficient to justify a deposition, and Plaintiffs have not alleged otherwise. Defendants' Proposal, which sets reasonable per-Defendant caps (10 for RealPage and 5 per other Defendant) that would exceed to total number of depositions allowed, incentivizes Plaintiffs to use its allotted depositions for Defendants who Plaintiffs discern may have a greater number of witnesses with relevant knowledge, and avoid excessive depositions of Defendants that do not. Should discovery show a need for additional depositions, Plaintiffs are free to request for additional depositions as Defendants have expressly proposed (§B.1.b).

## IV. Hours-based deposition limits are inherently inefficient and unwarranted here.

Rather than engage on and propose traditional deposition limits, Plaintiffs insist on an hours-based approach that obscures the number of depositions available to the parties. This approach unfairly prejudices Defendants and undermines the parties' ability to assess upcoming discovery burdens. In particular, Plaintiffs' hours-based approach forces Defendants to prepare witnesses for 7-hour depositions when Plaintiffs may unilaterally truncate any deposition and use its remaining hours for an another, yet-to-be-noticed, witness (§C.1). Such a structure not only unfairly prejudices Defendants by wasting resources and creating unnecessary uncertainty, it incentivizes Plaintiffs to be indiscriminate in who it chooses to notice for a deposition.

9

In similar cases, courts have rejected hours-based proposals in favor of deposition limits. *See Brown v. JBS USA Food Co.*, No. 1:22-CV-02946-PAB-STV, Dkt. 245 (Scheduling Order) (D. Colo. Nov. 16, 2023) (adopting Defendants' deposition-based approach, which argued that "Plaintiffs posit that Defendants' proposal does not grapple with the realities of multiparty antitrust litigation, but they never explain why seven depositions per Defendant family is inadequate per se in antitrust conspiracy cases generally or in this antitrust conspiracy case in particular. Courts in multiparty antitrust litigation routinely order deposition-based caps rather than hours caps.") (collecting cases); *see also In re: Diisocyanates Antitrust Litig.*, MDL No. 2862, Dkt. 958 (Deposition Protocol Order) (Oct. 18, 2023, W.D. Pa.) (rejecting request for 550 hours of deposition time in favor of a 65-deposition limit). Even where hours are part of an overall deposition limit order, they are part of a framework that provides concrete, ascertainable limits per party based upon the alleged facts of the case. *See In re Cattle and Beef Antitrust Litig.*, Case No. 20-cv-1319, Dkt. 571 (Pretrial Scheduling Order) (June 22, 2022, D. Minn.) (adopting a per-party deposition limit plus an additional 28 hours of time for each defendant family).

Hours-based approaches, especially those with vague exceptions like the ones Plaintiffs propose here, are inherently inefficient, require more judicial oversight, and lead to more disputes. To the extent Plaintiffs cite to *In re Local TV Advertising Antitrust Litig.*, No. 1:18-cv-06785 (N.D. Ill.) or *Jien v. Perdue Farms, Inc.*, No. 1:19-CV-2521-SAG (D. Md.), as cases where an hours-based approach was adopted, the practical realities in those cases should be instructive here. *In re Local TV* was filed in 2018 is still in active discovery. Such effects of open-ended and uncertain discovery would only be compounded here, in a case that involves substantially more Defendants. Similarly, *Jien* has been pending since 2019 and was just recently referred to a magistrate judge to manage remaining discovery, upending the schedule.

10

Dated: May 8, 2024

*/s/ Tricia R. Herzfeld*
Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
**HERZFELD SUETHOLZ GASTEL LENISKI
AND WALL, PLLC**
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37203
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com

*Liaison Counsel*

Patrick J. Coughlin
Carmen A. Medici
Fatima Brizuela
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 798-5325
Facsimile: (619) 233-0508
pcoughlin@scott-scott.com
cmedici@scott-scott.com
fbrizuela@scott-scott.com

Patrick McGahan
Amanda F. Lawrence
Michael Srodoski
G. Dustin Foster
Isabella De Lisi
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06145
Telephone: (860) 537-5537
Facsimile:  (860) 537-4432
pmcgahan@scott-scott.com
alawrence@scott-scott.com
msrodoski@scott-scott.com
gfoster@scott-scott.com
idelisi@scott-scott.com

Stacey Slaughter
Geoffrey H. Kozen
Navy A. Thompson

11

Caitlin E. Keiper
J. Austin Hurt
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
sslaughter@robinskaplan.com
gkozen@robinskaplan.com
nthompson@robinskaplan.com
ckeiper@robinskaplan.com
ahurt@robinskaplan.com

Swathi Bojedla
Mandy Boltax
**HAUSFELD LLP**
888 16th Street, N.W., Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
sbojedla@hausfeld.com
mboltax@hausfeld.com

Gary I. Smith, Jr.
Joey Bui
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
gsmith@hausfeld.com
jbui@hausfeld.com

Katie R. Beran
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: 1 215 985 3270
kberan@hausfeld.com

*Interim Co-Lead Counsel*

Eric L. Cramer
Michaela L. Wallin
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
ecramer@bm.net
mwallin@bm.net

Daniel J. Walker
**BERGER MONTAGUE PC**
1001 G. Street, NW
Suite 400 East
Washington, DC 20001
Telephone: (202) 559-9745
dwalker@bm.net

Brendan P. Glackin
Dean M. Harvey
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, Suite 2900
San Francisco, CA 94111
Telephone: 415-956-1000
bglackin@lchb.com
dharvey@lchb.com

Mark P. Chalos
Hannah R. Lazarz
Kenneth S. Byrd
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
222 2nd Avenue South, Ste. 1640
Nashville, TN 37201
(615) 313-9000
mchalos@lchb.com
hlazarz@lchb.com
kbyrd@lchb.com

Benjamin J. Widlanski
Javier A. Lopez
**KOZYAK TROPIN &
THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800

Christian P. Levis
Vincent Briganti
Peter Demato
Radhika Gupta
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
pdemato@lowey.com
rgupta@lowey.com

Christopher M. Burke
Walter W. Noss
Yifan (Kate) Lv
**KOREIN TILLERY P.C.**
707 Broadway, Suite 1410
San Diego, CA  92101
Telephone: (619) 625-5621
Facsimile (314) 241-3525
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

Joseph R. Saveri
Cadio Zirpoli
Kevin E. Rayhill
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
krayhill@saverilawfirm.com

Jennifer W. Sprengel
Daniel O. Herrera
Alexander Sweatman
**CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, IL 60603
Telephone:  312-782-4880
Facsimile: 312-782-4485

13

bwidlanski@kttlaw.com
jal@kttlaw.com

jsprengel@caffertyclobes.com
dherrera@caffertyclobes.com
asweatman@caffertyclobes.com

*Plaintiffs' Steering Committee Counsel for Plaintiffs*

/s/ Jay Srinivasan
Jay Srinivasan (admitted *pro hac vice*)
jsrinivasan@gibsondunn.com
Daniel G. Swanson (admitted *pro hac vice*)
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7430

Stephen Weissman (admitted *pro hac vice*)
sweissman@gibsondunn.com
Michael J. Perry (admitted *pro hac vice*)
mjperry@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 955-8678

S. Christopher Whittaker (admitted *pro hac vice*)
cwhittaker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1361 Michelson Drive
Irvine, CA 92612
Telephone: (212) 351-2671

Ben A. Sherwood (admitted *pro hac vice*)
bsherwood@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-2671

Thomas H. Dundon (SBN: 004539)
tdundon@nealharwell.com
Neal & Harwell, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Telephone: (615) 244-1713

*Counsel for Defendant RealPage, Inc.*

/s/ Edwin Buffmire
Edwin Buffmire
ebuffmire@jw.com
Michael Moran
mmoran@jw.com
JACKSON WALKER LLP
2323 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (214) 953-6000

Kevin Fulton
kevin@fultonlg.com
THE FULTON LAW GROUP PLLC
7676 Hillmont St., Suite 191
Houston, TX 77040
Telephone: (713) 589-6964

*Counsel for Defendant Allied Orion Group, LLC*

/s/ Danny David
Danny David
danny.david@bakerbotts.com
BAKER BOTTS LLP
910 Louisiana Street
Houston, TX 77002
Telephone: (713) 229-4055

James Kress (*pro hac vice* forthcoming)
james.kress@bakerbotts.com
Paul Cuomo (*pro hac vice* forthcoming)
paul.cuomo@bakerbotts.com
BAKER BOTTS LLP
700 K. Street, NW
Washington, DC 20001
Telephone: (202) 639-7884

John R. Jacobson (#14365)
jjacobson@rjfirm.com
Milton S. McGee, III (#24150)
tmcgee@rjfirm.com
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700

*Counsel for Defendant Avenue5 Residential, LLC*

/s/ Ian Simmons
Ian Simmons
isimmons@omm.com
Patrick Jones
pjones@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5196

Stephen McIntyre
smcintyre@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

*Counsel for Defendant BH Management Services, LLC*

/s/ *Marguerite Willis*

Marguerite Willis (admitted *pro hac vice*)
mwillis@maynardnexsen.com
MAYNARD NEXSEN PC
104 South Main Street
Greenville, SC 29601
Telephone: (864) 370-2211

Michael A. Parente (admitted *pro hac vice*)
mparente@maynardnexsen.com
MAYNARD NEXSEN PC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: (803) 771-8900

Margaret M. Siller (BPR No. 039058)
msiller@maynardnexsen.com
MAYNARD NEXSEN PC
1131 4th Avenue South, Suite 320
Nashville, Tennessee 37210
Telephone: (629) 258-2253

*Counsel for Defendant Bell Partners, Inc.*

/s/ *Edwin Buffmire*

Edwin Buffmire
ebuffmire@jw.com
Michael Moran
mmoran@jw.com
JACKSON WALKER LLP
2323 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (214) 953-6000

*Counsel for Defendants Trammell Crow*
*Residential Company and Crow Holdings, LP*

17

| | |
|---|---|
| /s/ James D. Bragdon | /s/ Yehudah L. Buchweitz |
| James D. Bragdon | Yehudah L. Buchweitz |
| jbragdon@gejlaw.com | yehudah.buchweitz@weil.com |
| Sam Cowin | WEIL, GOTSHAL & MANGES LLP |
| scowin@gejlaw.com | 767 Fifth Avenue |
| GALLAGHER EVELIUS & JONES LLP | New York, NY 10153 |
| 218 N. Charles St., Suite 400 | Telephone: (212) 310-8256 |
| Baltimore, MD 21201 | |
| Telephone: (410) 727-7702 | Jeff L. White |
| | jeff.white@weil.com |
| Philip A. Giordano (admitted *pro hac vice*) | WEIL, GOTSHAL & MANGES LLP |
| philip.giordano@hugheshubbard.com | 2001 M Street, NW |
| HUGHES HUBBARD & REED LLP | Washington, DC 20036 |
| 1775 I Street NW | Telephone: (202) 682-7059 |
| Washington, DC 20007 | |
| Telephone: (202) 721-4776 | /s/ E. Steele Clayton IV |
| | E. Steele Clayton IV (BPR 017298) |
| Charles E. Elder, BPR # 038250 | sclayton@bassberry.com |
| Caroline D. Spore BPR# 038250 | Jeremy A. Gunn (BPR 039803) |
| celder@bradley.com | jeremy.gunn@bassberry.com |
| cspore@bradley.com | Bass, Berry & Sims PLC |
| BRADLEY ARANTBOULT CUMMINGS LLP | 150 Third Avenue South, Suite 2800 |
| 1600 Division Street, Suite 700 | Nashville, TN 37201 |
| Nashville, Tennessee 37203 | Telephone (615) 742-6200 |
| P: 615.252.3597 | Facsimile (615) 742-6293 |
| | |
| *Counsel for Defendant* | *Counsel for Defendant Brookfield Properties* |
| *Bozzuto Management Company* | *Multifamily LLC* |

/s/ Danielle R. Foley
Danielle R. Foley (admitted *pro hac vice*)
drfoley@venable.com
Andrew B. Dickson (admitted *pro have vice*)
abdickson@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
(202) 344-4300

*Counsel for Defendant CH Real Estate*
*Services, LLC*

/s/ Benjamin R. Nagin
Benjamin R. Nagin
bnagin@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300

*Counsel for Defendant ConAm Management*
*Corporation*

/s/ Lynn H. Murray
Lynn H. Murray
lhmurray@shb.com
Maveric Ray Searle
msearle@shb.com
SHOOK, HARDY & BACON L.L.P.
111 S. Wacker Dr., Suite 4700
Chicago, IL 60606
Telephone: (312) 704-7766

Ryan Sandrock
rsandrock@shb.com
Shook, Hardy & Bacon L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 544-1944

Laurie A. Novion
lnovion@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 559-2352

*Counsel for Defendant Camden Property Trust*

/s/ Bradley C. Weber
Bradley C. Weber (admitted *pro hac vice*)
bweber@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone:  (214) 740-8497

*Counsel for Defendant Dayrise Residential,*
*LLC*

/s/ Todd R. Seelman
Todd R. Seelman
todd.seelman@lewisbrisbois.com
Thomas L. Dyer
thomas.dyer@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, CO 80203
Telephone: (720) 292-2002

*Counsel for Defendant Cortland Management,*
*LLC*

19

/s/ Ann MacDonald
Ann MacDonald
Ann.macdonald@afslaw.com
Barry Hyman
Barry.hyman@afslaw.com
ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500

*Counsel for Defendant CWS Apartment Homes, LLC*

/s/ Alexander M. Brauer
Alexander M. Brauer
abrauer@baileybrauer.com
Jason R. Marlin
jmarlin@baileybrauer.com
Bailey Brauer PLLC
8350 N. Central Expy, Suite 650
Dallas, TX 75206
Telephone: (214) 360-7433

*Counsel for Defendant CONTI Texas Organization, Inc., d/b/a CONTI Capital*

/s/ Charles H. Samel
Charles H. Samel
charles.samel@stoel.com
Edward C. Duckers
ed.duckers@stoel.com
STOEL RIVES LLP
1 Montgomery Street, Suite 3230
San Francisco, CA 94104
Telephone:  (415) 617-8900

George A. Guthrie
gguthrie@wilkefleury.com
WILKE FLEURY LLP
621 Capitol Mall, Suite 900
Sacramento, CA 95814
Telephone: (916) 441-2430

*Counsel for Defendant FPI Management, Inc.*

s/ Carl W. Hittinger
Carl W. Hittinger
chittinger@bakerlaw.com
Alyse F. Stach
astach@bakerlaw.com
Baker & Hostetler LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501
Telephone: (215) 568-3100

Matt Schock
mschock@bakerlaw.com
Baker & Hostetler LLP
1050 Connecticut Ave. N.W., Suite 1100
Washington, D.C. 20236-5403
Telephone: (202) 861-1529

Stephen J. Zralek, BPR #018971
szralek@spencerfane.com
S. Chase Fann, BPR #036794
cfann@spencerfane.com
Spencer Fane LLP
511 Union Street, Suite 1000
Nashville, TN 37219
Telephone: (615) 238-6300

*Counsel for Defendant Equity Residential*

./s/ Michael D. Bonanno

Michael D. Bonanno (admitted *pro hac vice*)
mikebonanno@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I St. NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8225

Christopher Daniel Kercher (admitted *pro hac vice*)
christopherkercher@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor,
New York, New York 10010
Telephone: (212) 849-7000

Andrew Gardella, Esq. (TN Bar #027247)
agardella@martintate.com
MARTIN, TATE, MORROW & MARSTON P.C.
315 Deaderick Street, Suite 1550
Nashville, TN 37238
Telephone: (615) 627-0668

*Counsel for Defendant Highmark Residential,
LLC*

/s/ Cliff A. Wade

Cliff A. Wade
cliff.wade@bakerlopez.com
Chelsea L. Futrell
chelsea.futrell@bakerlopez.com
BAKER LOPEZ PLLC
5728 LBJ Freeway, Suite 150
Dallas, Texas 75240
Telephone: (469) 206-9384

*Counsel for Defendant Knightvest Residential*

/s/ Leo D. Caseria

Leo D. Caseria
lcaseria@sheppardmullin.com
Helen C. Eckert
heckert@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC, 20006
Telephone: (202) 747-1925

Arman Oruc
aoruc@goodwinlaw.com
GOODWIN PROCTER, LLP
1900 N Street, NW
Washington, DC 20036
Telephone:  (202) 346-4000

*Counsel for Defendant Essex Property Trust,
Inc.*

/s/ Gregory J. Casas
Gregory J. Casas (admitted *pro hac vice*)
casasg@gtlaw.com
Emily W. Collins (admitted *pro hac vice*)
Emily.Collins@gtlaw.com
GREENBERG TRAURIG, LLP
300 West 6th Street, Suite 2050
Austin, TX 78701-4052
Telephone: (512) 320-7200

Robert J. Herrington (admitted *pro hac vice*)
Robert.Herrington@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700

Becky L. Caruso (admitted *pro hac vice*)
Becky.Caruso@gtlaw.com
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Telephone: (973) 443-3252

/s/ Ryan T. Holt
Ryan T. Holt (No. 30191)
rholt@srvhlaw.com
Mark Alexander Carver (No. 36754)
acarver@srvhlaw.com
SHERRARD ROE VOIGT & HARBISON, PLC
150 Third Avenue South, Suite 1100
Nashville, Tennessee 37201
Tel. (615) 742-4200

*Counsel for Defendant Lincoln Property Company*

/s/ John J. Sullivan
John J. Sullivan (admitted *pro hac vice*)
jsullivan@cozen.com
COZEN O'CONNOR P.C.
3 WTC, 175 Greenwich St., 55th Floor
New York, NY 10007
Telephone: (212) 453-3729

Thomas Ingalls (admitted *pro hac vice*)
tingalls@cozen.com
COZEN O'CONNOR P.C.
1200 19th St. NW, Suite 300
Washington, DC 20036
Telephone: (202) 912-4884

Robert S. Clark (admitted *pro hac vice*)
robertclark@cozen.com
COZEN O'CONNOR P.C.
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2041

*Counsel for Defendant Independence Realty Trust, Inc. and Sherman Associates, Inc.*

/s/ Eliot Turner
Eliot Turner
eliot.turner@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100,
Houston, Texas 77010
Telephone: (713) 651-5151

*Counsel for Defendant Kairoi Management, LLC*

22

/s/ Michael W. Scarborough
Michael W. Scarborough (admitted *pro hac vice*)
mscarborough@velaw.com
Dylan I. Ballard (admitted *pro hac vice*)
dballard@velaw.com
VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900

*Counsel for Defendant Lantower Luxury Living, LLC*

/s/Karen Hoffman Lent
Karen Hoffman Lent (admitted *pro hac vice*)
Karen.lent@skadden.com
Boris Bershteyn (admitted *pro hac vice*)
Boris.bershtryn@skadden.com
Evan Kreiner (admitted *pro hac vice*)
Evan.Kreiner@skadden.com
Sam Auld (admitted *pro hac vice*)
Sam.Auld@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000

Joshua C. Cumby (BPR No. 37949)
joshua.cumby@arlaw.com
F. Laurens Brock (BPR No. 17666)
larry.brock@arlaw.com
Rocklan W. King, III (BPR No. 30643)
rocky.king@arlaw.com
ADAMS AND REESE LLP
1600 West End Avenue, Suite 1400
Nashville, TN 37203
Telephone: (615) 259-1450

*Counsel for Defendant Greystar Management Services, LLC*

23

/s/ Britt M. Miller
Britt M. Miller (admitted *pro hac vice*)
bmiller@mayerbrown.com
Daniel T. Fenske (admitted *pro hac vice*)
dfenske@mayerbrown.com
Matthew D. Provance (admitted *pro hac vice*)
mprovance@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 6006
Telephone: (312) 701-8663

Scott D. Carey (#15406)
scarey@bakerdonelson.com
Ryan P. Loofbourrow (#33414)
rloofbourrow@bakerdonelson.com
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Telephone: (615) 726-5600

*Counsel for Defendants Mid-America*
*Apartment Communities, Inc. and Mid-America*
*Apartments, L.P.*

| /s/ Jeffrey C. Bank | /s/ Richard P. Sybert |
|---|---|
| Jeffrey C. Bank | Richard P. Sybert (WSBA No. 8357) |
| jbank@wsgr.com | rsybert@grsm.com |
| WILSON SONSINI GOODRICH & ROSATI PC | GORDON REES SCULLY MANSUKHANI |
| 1700 K Street NW, Fifth Floor | 701 Fifth Avenue, Suite 2100 |
| Washington, DC 20006 | Seattle, WA 98104 |
| Telephone: (202) 973-8800 | Telephone: (206) 321-5222 |
| | |
| Rachael Racine | *Counsel for Defendant First Communities* |
| rracine@wsgr.com | *Management, Inc.* |
| WILSON SONSINI GOODRICH & ROSATI PC | |
| 1301 Avenue of the Americas, 40th Floor | |
| New York, NY 10019 | |
| Telephone: (212) 497-7766 | |

*Counsel for Defendant Morgan Properties*
*Management Company, LLC*

*/s/ Jose Dino Vasquez*

 Jose Dino Vasquez
dvasquez@karrtuttle.com
Jason Hoeft
jhoeft@karrtuttle.com
KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 223-1313

*Counsel for Defendant Security Properties
Residential, LLC*

*/s/ David A. Walton*

David A. Walton
dwalton@bellnunnally.com
Troy Lee (T.J.) Hales
thales@bellnunnally.com
BELL NUNNALLY & MARTIN, LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201

*Counsel for Defendant RPM Living, LLC*

25

_/s/ Brent Justus_
Brent Justus
bjustus@mcguirewoods.com
Nick Giles
ngiles@mcguirewoods.com
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1000

_Counsel for Defendant Simpson Property Group, LLC_

_/s/ Yonaton Rosenzweig_
Yonaton Rosenzweig
yonirosenzweig@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017

Fred B. Burnside
fredburnside@dwt.com
MaryAnn T. Almeida
maryannalmeida@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 757-8016

_Counsel for Defendant Mission Rock Residential, LLC_

_/s/ Andrew Harris_
Andrew Harris
Andrew.Harris@Levittboccio.com
LEVITT & BOCCIO, LLP
423 West 55th Street
New York, NY 10019
Telephone: (212) 801-1104

_/s/ Georgia Winston_
Georgia Winston (admitted _pro hac vice_)
JACKSON LEWIS, P.C.
250 Vesey Street, 27th Floor
New York, NY 10281
Telephone: (212) 335-2972
gwinston@wmhlaw.com

Jennifer S. Rusie
Jennifer.rusie@jacksonlewis.com
JACKSON LEWIS, P.C.
611 Commerce Street, Suite 2803
Nashville, TN 37203
Telephone: (615) 656-1664

_Counsel for Defendants The Related Companies, L.P. and Related Management Company, L.P._

_/s/ Benjamin I. VandenBerghe_
Benjamin I. VandenBerghe
biv@montgomerypurdue.com
Kaya R. Lurie
klurie@montgomerypurdue.com
MONTGOMERY PURDUE PLLC
701 Fifth Avenue, Suite 5500
Seattle, Washington 98104-7096

_Counsel for Defendant Thrive Communities Management, LLC_

26

/s/ David D. Cross
David D. Cross (admitted *pro hac vice*)
dcross@mofo.com
Jeffrey A. Jaeckel (admitted *pro hac vice*)
jjaeckel@mofo.com
Robert W. Manoso (admitted *pro hac vice*)
rmanoso@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C., 20037
Telephone: (202) 887-1500

Eliot A. Adelson (admitted *pro hac vice*)
eadelson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000

Mika M. Fitzgerald (admitted *pro hac vice*)
mfitzgerald@mofo.com
MORRISON & FOERSTER LLP
250 W 55th Street
New York, NY 10019
Telephone: (212) 468-8000

/s/ Joshua L. Burgener
Joshua L. Burgener
jburgener@dickinsonwright.com
DICKINSON WRIGHT PLLC
424 Church Street, Suite 800
Nashville, TN 37219
Telephone: (615) 620-1757

Ramsey W. Fisher
Morrison & Foerster LLP
425 Market Street,
San Francisco, CA 94015
ramseyfisher@mofo.com

*Counsel for Defendant UDR, Inc.*

/s/ Craig Seebald
Craig P. Seebald (admitted *pro hac vice*)
cseebald@velaw.com
Stephen M. Medlock (admitted *pro hac vice*)
smedlock@velaw.com
Michael S. McCambridge (admitted *pro hac vice*)
mmccambridge@velaw.com
VINSON & ELKINS LLP
2200 Pennsylvania Ave., N.W.
Suite 500 West
Washington, D.C. 20037
Telephone: (202) 639-6500

Jessalyn H. Zeigler
jzeigler@bassberry.com
BASS, BERRY & SIMS, PLC
150 Third Avenue South
Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200

Christopher W. James (admitted *pro hac vice*)
cjames@velaw.com
VINSON & ELKINS LLP
555 Mission Street
Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900

*Counsel for Defendant Windsor Property*
*Management Company*

/s/ Matt T. Adamson
Matt T. Adamson
madamson@jpclaw.com
JAMESON PEPPLE CANTU PLLC
801 Second Avenue, Suite 700
Seattle, WA 98104
Telephone: (206) 292-1994

*Counsel for Defendant B/T Washington, LLC*
*d/b/a Blanton Turner*

| | |
|---|---|
| /s/ Evan Fray-Witzer | /s/ James H. Mutchnik |
| Evan Fray-Witzer | James H. Mutchnik |
| Evan@CFWLegal.com | james.mutchnik@kirkland.com |
| CIAMPA FRAY-WITZER, LLP | KIRKLAND & ELLIS LLP |
| 20 Park Plaza, Suite 505 | 300 North LaSalle |
| Boston, MA 02116 | Chicago, IL 60654 |
| Telephone: 617-426-0000 | Telephone: (312) 862-2000 |

*Counsel for Defendants WinnCompanies LLC, and WinnResidential Manager Corp.*

Alistair Blacklock (*pro hac vice*)
Mark McKane *(pro hac vice)*
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
alistair.blacklock@kirkland.com
mark.mckane@kirkland.com

*Counsel for Defendants Thoma Bravo L.P., Thoma Bravo Fund XIII, L.P., and Thoma Bravo Fund XIV, L.P.*

| | |
|---|---|
| /s/ Ferdose al-Taie | /s/ Sarah B. Miller |
| Ferdose al-Taie (admitted *pro hac vice*) | Sarah B. Miller (TN#33441) |
| faltaie@bakerdonelson.com | smiller@bassberry.com |
| BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, P.C. | BASS, BERRY & SIMS PLC |
| 956 Sherry Lane, 20th Floor | 150 Third Ave. South #2800 |
| Dallas, TX 75225 | Nashville, TN 37201 |
| Telephone: (214) 391-7210 | Telephone: (615) 742-6200 |

Christopher E. Thorsen (BPR # 21049)
cthorsen@bakerdonelson.com
BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, TN 37201
Telephone: (615) 726-5600

Bethany Carroll (admitted *pro hac vice)*
bcarroll@bakerdonelson.com
BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, P.C
3414 Peachtree Road, Ste. 1500
Atlanta, GA 30326
Telephone: (205) 250-8373

Amy F. Sorenson (admitted *pro hac vice*)
asorenson@swlaw.com
SNELL & WILMER, L.L.P.
15 West South Temple, Ste. 1200
Salt Lake City, UT 84101
Telephone: (801) 257-1900

Colin P. Ahler (admitted *pro hac vice*)
cahler@swlaw.com
SNELL & WILMER, L.L.P.
One East Washington St., Ste. 2700
Phoenix, AZ 85004
Telephone: (602) 382-6000

*Counsel for Defendant Apartment Management*

28

*Counsel for Defendant ZRS Management, LLC*

/s/ Judith A. Zahid
Judith A. Zahid (admitted *pro hac vice*)
jzahid@zellelaw.com
Heather T. Rankie (admitted *pro hac vice*)
hrankie@zellelaw.com
ZELLE LLP
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone: (415) 633-1916

*Counsel for Defendant Prometheus Real Estate Group, Inc.*

/s/ Richard P. Sybert
Richard P. Sybert (WSBA No. 8357)
rsybert@grsm.com
GORDON REES SCULLY MANSUKHANI
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 321-5222

Jacquelyne D. Fiala
jfiala@grsm.com
GORDON REES SCULLY MANSUKHANI
4031 Aspen Grove Drive, Ste. 290
Franklin, TN 37067
Telephone: (615) 364-6251

Shuying Lin
slin@grsm.com
GORDON REES SCULLY MANSUKHANI
315 Pacific Ave.
San Francisco, CA 94111
Telephone: (415) 412-7404

*Counsel for Defendant Rose Associates, Inc.*

*Consultants, LLC*

/s/ *Jeffrey S. Cashdan*
Jeffrey S. Cashdan (admitted *pro hac vice*)
jcashdan@kslaw.com
Emily S. Newton (admitted *pro hac vice*)
enewton@kslaw.com
Lohr A. Beck (admitted *pro hac vice*)
lohr.beck@kslaw.com
Carley H. Thompson (admitted *pro hac vice*)
chthompson@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600

*Counsel for Defendant ECI Management, LLC*

/s/ *Valentine Hoy*
Valentine Hoy (admitted *pro hac vice*)
Scott Perlin (admitted *pro hac vice*)
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS
600 West Broadway, 27th Floor
San Diego, CA 92101
Telephone: (619) 233-1155
vhoy@allenmatkins.com
sperlin@allenmatkins.com

Patrick E. Breen (admitted *pro hac vice*)
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS
865 South Figueroa Street, Suite 2800
Los Angeles, CA 90017
Telephone: (213) 622-5555
pbreen@allenmatkins.com

Gibeault "Beau" C. Creson
SIMS|FUNK, PLC
3102 West End Avenue, Ste. 1100
Nashville, TN 37203
(615) 292-9335
bcreson@simsfunk.com

*Counsel for Defendant Sares Regis Group*

29

*Commercial, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Tricia R. Herzfeld*
Tricia R. Herzfeld