# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

June 1, 2021

LETTER TO COUNSEL:

    RE:    *Judy Jien, et al. v. Perdue Farms, Inc. et al.*,
             Civil No. SAG-19-2521

Dear Counsel:

       The parties submitted a joint letter on May 28, 2021 outlining several points of disagreement related to depositions. ECF 469. Specifically, the parties disagree regarding the total number of depositions Plaintiffs may take of Defendants' employees, the allocation of these depositions across Defendant families, how witnesses will be counted if they worked for multiple Defendants, the handling of third-party depositions, and the notice required for Defendants' depositions of their own employees. The Court has wide discretion in resolving such discovery-related disputes, *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995).

       The majority of the parties' concerns can be resolved via imposition of a strict overall hours limit on depositions. While the parties focus their arguments on numerical caps on the *number* of depositions to be taken, an hours-based limitation allows the parties to decide for themselves where their time is best spent and incentivizes efficiency, since every hour spent in one deposition means less time to allot to other employees or third parties. With this in mind, Plaintiffs will be allowed 1512 hours[1] of total deposition time, with a maximum of 7 hours per witness. Plaintiffs will have discretion as to how to allocate these hours across Defendant families and third parties (cross-noticed and otherwise).[2] Whenever counsel is questioning a witness, no matter who noticed the deposition, counsel's "clock is running" against the total deposition hours.

---

[1] This cap for Plaintiffs was determined by multiplying a total number of Defendant employee depositions in between the two parties' proposals (168), as well as the agreed-upon number of third-party depositions (48), by seven hours per deposition. Defendants' cap, meanwhile, would be at least 336 hours, though this is based solely on the third-party deposition total (48) referenced in the parties' briefing. The Court assumes that the parties have agreed to other deposition limits not presently described to the Court (e.g. some additional number of depositions Defendants may take). That agreement should be converted into a total hour figure using the same general process, multiplying the number of depositions by seven hours, and then adding it to the 336 hours described in this Order. If other adjustments need to be made to Defendants' allotted deposition hours in light of this new framework, the parties are welcome to modify their agreement.

[2] While the Court agrees with Defendants that no one party should be subject to disproportionate deposition hours, it has not yet been presented with any particularized facts or circumstances

*Judy Jien, et al. v. Perdue Farms, Inc. et al.*
Civil No. SAG-19-2521
June 1, 2021
Page 2

    Turning, lastly, to the handling of an examination of a party's own witness at the conclusion of a deposition, or the examination of a third-party witness noticed by the opposing party, the Court agrees with Defendants that there is no obligation for the defending party to provide notice as to the substantive scope of its examination. However, it is also unreasonable to expect counsel, the court reporter, and others involved to operate in the dark as to the length of this additional examination. Thus, where a party anticipates that its examination of its own witness, or a witness it did not formally cross-notice, at the conclusion of a deposition will last longer than thirty minutes, it should provide written notice as to how long it anticipates its examination will last, so that all involved can plan accordingly. To be clear, though, this notice need only encompass the anticipated duration of the examination, not the substance of the topics to be covered.

    Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such. By 5 p.m. on Friday, June 4, 2021, the parties shall jointly calculate the total number of deposition hours each side will have and submit the results to the Court.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge

---

suggesting that any party will be overly burdened. The Court is disinclined to impose additional, preemptive, party-specific deposition limits absent evidence that such limitations are required. Any entity finding itself overburdened once depositions begin will be free, of course, to raise the issue with the Court after appropriate good faith efforts to meet and confer with opposing counsel to resolve the dispute.