# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: LOCAL TV ADVERTISING ANTITRUST LITIGATION** | **Master Docket No. 18-06785** |
| | **MDL No. 2867** |
| **This document applies to all actions.** | |
| | **Hon. Virginia M. Kendall** |

**STIPULATION AND [PROPOSED] ORDER CONCERNING DEPOSITIONS**

This Stipulation and Order Concerning Depositions ("Deposition Protocol Order") may be modified at any time by agreement of the Parties or by order of the Court. All Parties reserve all rights to seek relief from the Court from any provision for good cause.

**I.     NUMBER OF DEPOSITIONS AND PROCEDURES**

Pursuant to the Stipulation and Order Governing Discovery (ECF No. 440) ("Discovery Order"), the following provisions are incorporated into this Deposition Protocol Order:

**A.     Generally**

This Stipulation shall govern all depositions of Party and Non-Party fact witnesses, including, but not limited to, depositions of present and former employees of the Parties, Rule 30(b)(6) witnesses, and fact depositions of Non-Parties taken pursuant to Rule 45 subpoenas or otherwise. It does not apply to expert depositions.

**B.     Fact Depositions**

1.     Plaintiffs shall take up to one thousand and fifty hours of depositions of Defendants' witnesses.  Any such deposition with a duration of less than four hours shall count as a four-hour deposition.  The time allotted to any deposition over four hours shall be determined by the videographer's count of time on the record for that deposition (or, if there is no videographer for a particular deposition, by the court reporter's count of time on the record for

1

that deposition).  Plaintiffs will have sole discretion to allot the number of depositions per Defendant as they deem fit, except that no Defendant family shall be subject to more than 30 depositions.

2.      Defendants shall take up to fifteen (15) depositions of Plaintiffs (not counting their Rule 30(b)(6) depositions).

3.      Any witness placed on a Witness List for trial shall be made available for deposition at least 60 days before trial. If documents for that witness have not been produced, documents shall be produced at least 90 days before trial.

4.      In accordance with Federal Rule of Civil Procedure 30(d), depositions of a witness shall be limited to seven (7) hours on the record conducted in a single day, except upon agreement of the witness or the party producing the witness.

5.      For purposes of this Deposition Protocol Order, any settling Defendant will be treated as a Defendant (and not as a Non-Party), unless and until the settling Defendant is formally dismissed from the case.

6.      If any individuals have been employed by more than one Defendant, they may be deposed only once. If, upon the receipt of a deposition notice, a party becomes aware that a witness currently employed by the receiving party was previously or subsequently (during the period from 2014 to 2020) employed by another party, and the noticing party has not expressed knowledge of this fact, the party receiving the notice shall make this fact known within a reasonable time after learning about the witness's prior or subsequent employment (during the period from 2014 to 2020). In such circumstances, the Parties will confer and agree on how such individuals shall be counted for purposes of the total limit imposed by Paragraph I.B.

2

C.      **30(b)(6) Depositions**

1.      No more than seven (7) hours will be conducted in a single day on the record except upon agreement of the witness and the party producing the witness.

2.      All Parties reserve a Rule 30(b)(6) deposition on authentication and admissibility to take place 60 days before trial for any record placed on an exhibit list. The time limit for such depositions shall not be governed by the limits set forth herein but shall be separately negotiated once Exhibit Lists are propounded and shall consist of time sufficient to address admissibility and authenticity issues.

3.      In the event that any witness who has received a deposition notice also is likely to be designated as a Rule 30(b)(6) representative, or in the event that any Rule 30(b)(6) designee also is likely to be deposed in his or her individual capacity, the Parties will use their best efforts to coordinate so as to avoid multiple depositions of the same witness. The total collective deposition time for said percipient witness will be limited to ten (10) hours.

D.      **Non-Party Depositions**

1.      Absent good cause shown, the maximum number of depositions of Non-Parties shall be thirty (30) depositions per side (excluding former employees of Defendants or Plaintiffs), which shall count as party depositions pursuant to paragraph (I)(A)(1) above.

2.      For avoidance of doubt, putative class members not named as class representatives or plaintiffs in any of the cases consolidated into this MDL shall be counted as Non-Parties, except that, where such plaintiffs have filed notices of voluntary dismissal, they will be considered Non-Parties. Plaintiffs reserve their rights to oppose such depositions, and nothing in this paragraph shall prohibit such opposition.

3.      Depositions of Defendants who have settled with Plaintiffs or otherwise

3

been dismissed from the case ("Settling Defendants") shall be counted as party depositions.

4.      Where a deponent is represented by counsel who does not already represent a party to the above-referenced litigation (*e.g.*, a Non-Party or a present or former employee of a Defendant with separate counsel), then the noticing party shall provide a copy of this deposition protocol to the deponent's counsel along with the deposition subpoena or notice.

## II.    ALLOCATION OF DEPOSITION TIME

### A.    Number of Questioning Attorneys

1.      As to all depositions noticed by Plaintiffs, a single attorney shall lead the questioning for Plaintiffs.

2.      As to all depositions noticed by Defendants, Defendants' counsel shall confer before the deposition to allocate examination time among any Defendants' counsel intending to participate and ask questions at the deposition and shall inform Plaintiffs how many counsel intend to question the witness at least two (2) business days before the deposition.

### B.    Cross-Noticing of Depositions

1.      The Parties need not cross-notice the depositions of their own current employees or former employees who have consented to the deposition. Counsel for a witness or for the party that is the witness's employer will have no more than one (1) hour beyond deposing counsel's seven (7) hours (or longer, if by agreement of Counsel or Court order) to examine the witness at the conclusion of direct examination without need for a cross-notice. Deposing counsel may reserve a portion of their seven (7) hours with the witness to conduct further redirect examination, which can be used if no time is used by counsel for the witness.

2.      In the event a Plaintiff or Defendant cross-notices the deposition of a current employee of a co-Plaintiff or co-Defendant, the noticing Parties and the witness will meet

and confer on the appropriate duration of the cross-noticed portion of the deposition. The presumption will be that the noticing party shall have the full seven (7) hours of time permitted by the Federal Rules of Civil Procedure. The cross-noticing party may have additional time beyond the noticing party's seven (7) hours to depose their co-Parties' current employee as agreed with their co-Parties.

3. For the avoidance of doubt, the Parties shall not use cross-notices to attempt to circumvent the time allocation requirements of Sections II.A. and II.B, above.

4. To the extent Plaintiffs or Defendants cross-notice a Non-Party for deposition, the Parties shall meet and confer in good faith regarding the division of time among the Parties. Absent a specific agreement among the Parties or Court order, the sides will divide evenly the time allotted for the examination of the witness. Parties may seek leave of Court for additional time for good cause or if they are otherwise unable to agree upon the division of time for a deposition. The court-reporter service shall maintain a total running time for the deposition to measure compliance with the time limitations and the time allocation provisions above. If any technical issues are encountered during depositions that affect the recording or transcription of the testimony, then the Parties will go off the record and such time will not count against the allocated time limits.

5. Any notice of deposition or subpoena served on a current or former employee of a co-Defendant or on a Non-Party by any Defendant shall be deemed as notice on behalf of all Defendants, with each Defendant having the opportunity to attend and ask questions at the deposition.

### III.    SCHEDULING AND LOCATION OF DEPOSITIONS

#### A.    Generally

1.      Counsel will consult with one another to coordinate, to the extent practicable, all scheduling, noticing, and taking of depositions.

2.      Counsel shall not unilaterally take steps to schedule and notice a party deposition without consulting in advance with counsel for the witness or any party that is the employer of the witness.

3.      Party depositions shall be noticed pursuant to the Federal Rules of Civil Procedure, and all notices shall be served on all Parties electronically. Any subpoenas for deposition testimony shall be served on witnesses as required by law, but copies may be served electronically on all Parties.

#### B.    Notice Email Addresses

1.      For Plaintiffs, all deposition notices shall be sent to TVAds@hausfeld.com.

2.      For Defendants, all deposition notices shall be sent to external-localtvads-jdg@cooley.com.

#### C.    Notice Timing

1.      The Parties agree that they will work in good faith to provide no fewer than fourteen (14) days' notice to schedule depositions.

2.      The noticed party will respond to the party issuing notice within seven (7) calendar days and, unless otherwise agreed to by the Parties, will accept the requested date or counter-propose alternative dates on which the witness and his or her counsel will be available within twenty-one (21) days of the initial requested date or an otherwise mutually agreed upon

date chosen by the Parties.

3.      The Parties agree that they will work in good faith to accommodate the preferred deposition start and end time of each deposed witness.

4.      All Parties agree to make good faith efforts to respond promptly and to meet and confer in good faith consistent with the local rules and their ethical obligations. Disputes that cannot be resolved through the meet and confer process shall be decided by the Court.

5.      Once a deposition has been scheduled, it shall not be taken off calendar, postponed, or rescheduled, except by agreement of the counsel responsible for scheduling or by other relief obtained from the Court. However, the Parties and non-Parties shall make all reasonable efforts to accommodate reasonable requests for continuances of depositions due to unforeseen circumstances, such as illnesses or dependent care needs of attorneys or deponents.

**D.      <u>Notice of Non-Party Depositions</u>**

1.      A party may serve a deposition subpoena on a Non-Party without consulting any opposing party; however, the serving party will contemporaneously provide the opposing Parties with the as-served copy of the subpoena on the same day it is served.

2.      An opposing party will inform the noticing party within seven (7) calendar days of service on the Non-Party whether the opposing party intends to cross-notice the third party's deposition. Regardless of whether an opposing party cross-notices the deposition, the Parties shall coordinate with each other and with the witness (or counsel for the witness) on scheduling the deposition.

3.      Only the schedules of the attending counsel shall be considered in setting such a date. Deposing counsel shall serve a copy of this order along with the subpoena to any third party.

## IV. <u>IN-PERSON DEPOSITIONS</u>

### A. <u>Generally</u>

1. For in-person depositions, the witness and the attorney questioning the witness shall presumptively be unmasked, and the party first noticing the deposition shall presumptively be able to notice it as either in-person or remote.

2. If any party or witness objects to the manner of taking or the location of the deposition, they must raise that objection at least fourteen (14) days before the scheduled date. The Parties, the witness, and counsel shall then use their best efforts to resolve any such objection, including through use of advance COVID-testing.

3. If they are unable to resolve the objection and a court decision is required, the preference for in-person testimony expressed in Fed. R. Civ. P. 43(a) shall apply.

### B. <u>Exhibits For In-Person Depositions</u>

1. **Video and Real Time Text Feeds**. Counsel noticing the deposition shall make arrangements so that video and audio of the deponent (via Zoom or a similar online video conferencing platform) and a real-time text feed are available during every in-person deposition so that other counsel may attend the deposition remotely. Any party requesting, for example, additional real-time text feeds or equivalent electronic reporting shall be responsible for the cost of any additional services requested. In no event shall the electronic device providing Zoom or a similar online video conferencing platform obstruct the recording of the witness by the videographer, and nor shall any counsel attending via Zoom or a similar online video conferencing platform be visible to the witness.

2. **Electronic Exhibits**. The Parties will provide electronic copies of exhibits used during a deposition via deposition exhibit software (*e.g.*, Veritext Exhibit Share) to ensure

that opposing counsel and attending counsel may participate in the deposition. Deposing counsel shall not begin questioning a witness concerning an electronic exhibit until that exhibit has been loaded to and is viewable on the deposition exhibit software utilized for that deposition. Once the electronic exhibit has been loaded and is viewable to at least one counsel using the deposition exhibit software, deposing counsel shall be permitted to proceed with questioning. The inability of certain counsel(s) to view the electronically loaded exhibit shall not interfere with and/or prohibit the deposition from proceeding.

3. **Hard Copy Exhibits**. If hard copies of certain exhibits are used during a deposition, the Parties will provide sufficient hard copies. For purposes of this provision, "sufficient hard copies" shall mean a copy for the witness, a copy for defending counsel, and if practical, no more than three courtesy copies for attending counsel. In all events, examining counsel, defending counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each party attending the deposition will have adequate access during the deposition to view an exhibit used by examining counsel during the deposition.

## V.    REMOTE DEPOSITION PROTOCOL

### A.    Vendor and Platform

1. The Parties will ensure that the vendor selected for court reporting, videography, and remote video deposition services provides a platform sufficient to permit the deponent, attending counsel, deposing counsel, defending counsel, court reporter, and videographer to participate in a deposition without attending the deposition in person. Details regarding the video conferencing to be used for each deposition will be made available to all Parties at least seven (7) calendar days before the deposition.

9

**B.**     **Remote Administration of Oath and Recording of Video**

1.     The Parties agree and the Court finds that a court reporter may administer the oath to a deponent remotely, even if the court reporter is not in the physical presence of the witness.  Further, if a court reporter is not authorized to take oaths in the place of examination pursuant to Federal Rule of Civil Procedure 28, the Parties agree and the Court finds that extenuating circumstances warrant proceeding with the administration of such oaths remotely and that the transcripts and video recordings may be used by or against all Parties in this litigation to the same extent that would otherwise be permissible under applicable court orders, rules of court, rules of procedure and rules of evidence.

2.     The Parties further stipulate and the Court finds, pursuant to Federal Rule of Civil Procedure 29(a), that the recorded video provided in a digital file by the court reporting service or platform vendor may be used as if it was a recording prepared by a certified videographer, and that each side will waive any objections based on authenticity.

3.     The Parties will cooperate on technical issues regarding the digital file (*e.g.*, assuring audio and video quality, displaying exhibits, removing segments that were off the record, and affixing time stamps).  The individual administering the oath to the witness shall ask the witness to swear that he or she is who he or she claims to be.

**C.**     **Video Conferencing**

1.     Where the witness, defending counsel, and/or deposing counsel appear for a deposition remotely, then a video conferencing service will be utilized and such video may be recorded for later use in proceedings in this case, including trial. The video-conferencing software must have sufficient security features in place to prevent the public disclosure of protected

information designated under the Confidentiality Order in this litigation.[1]

2.     Deposing counsel and defending counsel shall meet, confer, and cooperate to ensure that the deponent has technology sufficient to attend a deposition via remote means. If necessary, this shall include arranging for the witness to participate in a "test run" of the video conferencing software.

3.     The video conferencing service should display the witness, defending counsel, and deposing counsel on the video screen at all times, unless one or more counsel must be taken off screen to display an exhibit; however, the witness should always be on screen (other than during breaks).

4.     In the event any additional individuals are physically present in the room where the remote deposition is proceeding pursuant to Section V.G below, all such individuals will remain on screen at all times during the pendency of the remote deposition (other than during breaks).

5.     There should be no unrecorded or unnoted conversations between the witness and any counsel involved in this case (including defending counsel) during a remote deposition while the witness is on the record, and deposing counsel may ask the witness and his/her counsel to certify, on the record, that no such conversations have taken place.

6.     Furthermore, witnesses in depositions taken pursuant to this Deposition Protocol Order shall not use or consult any means of communications while on the record during the deposition (other than the audio and video communications used to conduct the deposition itself), including without limitation electronic communications (email, text, social media) and

---

[1] For purposes of this protocol, use of Zoom technology with a passcode-protected meeting room shall constitute sufficient security features.

other communications (phone), and all counsel attending the deposition will also stipulate, on the record and at the beginning and end of each deposition, that they (and any individual working with them) will not communicate and have not communicated with the witness (respectively) while the witness is on the record other than in the presence of the court reporter and videographer.

       7.     Nothing in this Deposition Protocol Order prevents a witness from seeking advice regarding the application of a privilege or immunity from testifying during the course of a deposition taken pursuant to this order in accordance with the law.

    **D.**    **Deposition Recording**

       1.     In addition to recording the deposition by stenographic means, the deposing Party may record the deposition by video. The video recording shall be limited to the witness; however, this provision is separate from, and does not supplant, Section V.C as to the individuals that should be displayed (rather than recorded for the official deposition video) during the Deposition.

       2.     Deposing counsel is responsible for ensuring that the remote means utilized for a deposition allow for the court reporter to accurately record the deponent's testimony.

    **E.**    **Technical Issues**

       1.     **Audio or Visual Issues**. Should technical issues, such as audio or video issues, prevent the court reporter, witness, deposing counsel, or defending counsel from reliably seeing one another, hearing one another, or, in the case of the court reporter, transcribing the testimony at any point during a deposition taken pursuant to this Deposition Protocol Order, the deposition shall be recessed until the technical issue is resolved. Should technical issues prevent the court reporter from reliably hearing or transcribing the testimony at any deposition taken

pursuant to this Deposition Protocol Order and such technical issue cannot be remedied in a timely manner, deposing counsel, defending counsel, and attending counsel shall meet, confer, and cooperate with one another to address the problem, including but not limited to rescheduling the deposition. The Parties will also act in good faith to account for any time lost to technical issues to permit deposing counsel to use the full time permitted for the deposition.

2.      **Making Objections**. If a technical issue prevents defending counsel from hearing a question and/or interposing a timely objection on the record, then defending counsel shall notify the deposition attendees as soon as possible (*e.g.*, by using the chat features of the video conference or emailing counsel). Defending counsel's objection to that question is preserved if (i) the objection is asserted promptly on the record after the technical issue is resolved, or (ii) if the technical issue cannot be resolved and the deposition is continued, the objection is in writing to deposing counsel, attending counsel, and the court reporter within three (3) business days of receiving the rough transcript that includes the question at issue.

F.      <u>**Remote Deposition Exhibits**</u>

1.      **Generally**. Deposing counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at the deposition can be shown to the witness and defending counsel in a manner that enables the witness and defending counsel to independently review the exhibits during the course of the deposition. Such means of marking and using exhibits for the deposition may include, by way of example: (a) sending a sealed courtesy copy of pre-marked exhibits to the witness (and/or defending counsel, if requested) via Fed Ex, U.S. Postal Service, or UPS in advance of the deposition; (b) emailing pre-marked exhibits to the witness, defending counsel, attending counsel, and the court reporter in advance of the deposition; (c) using a video conferencing platform or other electronic application for presenting deposition

13

exhibits (e.g., Remote Counsel/Cameo, eDepoze, or Zoom screen-sharing) that enables deposing counsel to share exhibits with the witness, court reporter, defending counsel, and attending counsel; or (d) any other means agreed to by deposing counsel and defending counsel. If the remote means utilized does not permit marking of exhibits remotely, counsel shall either pre-mark exhibits or direct the witness and other attendees as to how exhibits should be marked. In all events, deposing counsel, defending counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each Party attending the deposition will have adequate access during the deposition to exhibits used by examining counsel during the deposition, such as by stating the Bates number for each exhibit on the record so counsel may view such documents electronically.

      2.    **Hard Copy Exhibits**. At the sole discretion of deposing counsel, a remote deposition may be conducted using hard copy exhibits as the official exhibits. Deposing counsel may choose to mail any hard copy potential exhibits such that they are received by the witness and defending counsel at least two calendar days before the deposition (with tracking information available upon request) and may choose to provide a copy of the exhibits to the court reporter. If deposing counsel elects to do so, deposing counsel shall seal such hard copy potential exhibits. Anyone receiving sealed hard copy potential exhibits agrees that the sealed potential exhibits must remain sealed and unopened until the deposition begins and the witness is instructed on the record to open a sealed hard copy exhibit (at which time others in possession of sealed exhibit folders may open the sealed exhibit as well). Deposing counsel may ask the witness and others receiving sealed exhibits to confirm, on the record, that no exhibit was opened prior to the deposition. At the conclusion of a deposition, deposing counsel may ask that the witness and others receiving sealed potential exhibits confirm that any unused potential exhibits have

remained and will remain sealed. Then, any unused hard copy potential exhibits will be returned, unopened, to the counsel who provided those hard copy potential exhibits with a self-addressed return envelope or box, or, if agreed to by deposing counsel, shredded. Nothing in this paragraph is intended to prevent, or in fact prevents, counsel from preparing for the deposition until the time that it occurs, or from introducing during the deposition additional exhibits not previously mailed in hard copy, including by electronic means otherwise provided herein.

3. **Electronic Exhibits**. A Party may utilize electronic exhibits in connection with a deposition so long as the Party arranges for the technology to permit the presentment of the electronic exhibit at the deposition to the witness and counsel. Deposing counsel shall not begin questioning a witness concerning an electronic exhibit until that exhibit has been received by defending counsel. For the avoidance of doubt, the official exhibit will remain the electronic copy presented to the witness and all participants.

4. **Exhibit Specialist**. Deposing counsel may elect to have an exhibit specialist remotely attend a remote deposition to ensure that exhibits are properly displayed during the deposition. If deposing counsel utilizes an exhibit specialist, deposing counsel will act in good faith to make their exhibit specialist available to assist defending counsel or other attending counsel with presenting exhibits to the witness during cross-examination or redirect. For clarity, Confidential or Highly Confidential information may be disclosed to such exhibit specialists during the course of a deposition without violating the Confidentiality Order, and such exhibit specialists shall be bound by the Confidentiality Order.

G. <u>**Physical Attendance of Counsel**</u>

1. Unless otherwise agreed, the following provisions shall govern physical attendance at a Remote Deposition, provided appropriate social distancing and/or other local

health and safety rules or regulations are observed, including any health and safety requirements of the facility where the witness will sit. If the witness elects to have its defending counsel physically present at the remote deposition, the following provisions shall govern physical attendance.

        2.    **Party Depositions**. In the event the witness is a current or former employee of a Defendant and is represented by counsel for that Defendant, then Plaintiffs shall have the right (but not the obligation) to send one (and only one) attorney to the deposition in person and each Non-Settling Defendant shall have the right (but not the obligation) to send one (and only one) attorney to the deposition in person.

        3.    **Non-Party Depositions**. In the event the witness is either (i) a Non-Party, or (ii) a current or former employee of a Defendant who is not represented by counsel for that Defendant, then the Non-Party may have his or her attorney(s) physically present at the deposition as defending counsel, Plaintiffs shall have the right (but not the obligation) to send one (and only one) attorney to the deposition in person, and each Non-Settling Defendant shall have the right (but not the obligation) to send one (and only one) attorney to the deposition in person. For purposes of this Protocol, Settling Defendants will not be deemed Defendants and will be treated as Non-Parties. All attorneys shall wear a face mask and the deponent shall be permitted to wear a clear face shield provided it does not obstruct the witness' face.

    **H.**    **Other Remote Deposition Logistics**

        1.    The time shown on the transcript and video shall be the local time in the place where the deponent is located.

        2.    Witnesses will testify on the record that they do not have any notes or documents available to them while the deposition is on the record, other than any that are

disclosed and provided to all Parties.

3.      Both the court reporter and the deposition vendor or videographer will maintain an official record of the deposition. Accordingly, both will need to agree when proceedings are on or off the record. Once proceedings go on the record, and absent extenuating circumstances, all Parties must agree before the record stops.

4.      All objections to the use and admissibility of the transcript or video of a deposition taken pursuant to this order based solely on the fact that the deposition was taken by remote means are deemed waived.

5.      All participants in a remote deposition shall enable both an audio and video connection at all times during a remote deposition and shall take care to minimize background noise during the conduct of a remote deposition. The audio connection shall be muted except when necessary.

6.      All participants other than the witness, deposing counsel, and defending counsel may turn off their video feed during the remote deposition.

## VI.    <u>CONDUCT OF DEPOSITIONS</u>

### A.    <u>Generally</u>

1.      Regardless of location or whether a deposition is taken in-person or remotely, all depositions shall be conducted in accordance with applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of Illinois, applicable standing orders regarding attorney conduct, ethical rules governing conduct of attorneys, and standard practice and rulings of courts in the United States District Court for the Northern District of Illinois. Counsel shall act in good faith to ensure compliance with these rules and all applicable ethical obligations and may seek appropriate relief

for violations.

**B.    Objections**

1.    The Parties agree that under Federal Rule of Civil Procedure 30(d)(1), objections are to be stated "concisely" and in a "non-argumentative and non-suggestive manner." Although counsel may state the grounds for an objection, an objection to "form" shall preserve every objection to a question that is otherwise available under the Federal Rules of Evidence.

2.    The Parties agree that one objection by plaintiff or defendant can be relied upon by all plaintiffs or defendants respectively.  Speaking objections are prohibited.

3.    Under no circumstances should any counsel interject, "if you know," or otherwise coach a deponent.  When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, and other persons to whom the contents of the statement have been disclosed.

4.    If a dispute arises during a deposition and involves either a persistent obstruction of the deposition or a refusal to answer a material question on a ground other than privilege, counsel may attempt to arrange a telephone conference with the Court through the courtroom deputy.  Any such conference should be attended by the same court reporter recording the deposition.

**VII.    DEPARTING DOCUMENT CUSTODIANS AND FORMER EMPLOYEES**

1.    In response to a request for deposition in accordance with Section III above, if the witness is a former employee of any party and is not currently represented by counsel for that party, counsel for that party shall, within five (5) business days of receiving the deposition notice for that witness, inform noticing counsel of the date of the witness's departure from the

company, the last known address of the witness, whether counsel is authorized to accept service of the subpoena for the witness, and whether counsel will be representing the witness for the deposition.

2.      In response to a request for deposition in accordance with Section III above, if the witness is a departing employee who intends to leave his or her employment before the deposition would occur, the party employing the witness shall, within five (5) days of receipt of the deposition notice, request that the witness appear for deposition at a date, place, and time convenient for the Parties and the witness, consistent with the local rules and this Deposition Protocol Order, without the need for service of a third party subpoena or other formal judicial process on the witness, and shall inform the noticing party of the witness's response to such request.

3.      If a departing employee agrees to appear without the need for service of a subpoena or other formal judicial process, the procedures for scheduling the deposition of a current employee of a party shall apply, and the deposition will be counted as a party deposition for proposes of Section I herein.

## VIII.   **STANDARD STIPULATION**

The following stipulation shall apply to all depositions taken in this action (and any subsequent cases filed that are deemed by the Court to be consolidated with or related to this matter) and shall be included in each transcript by the court reporter:

1.      Transcripts of depositions will be delivered from court reporters to counsel for the witness. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. Absent agreement to the contrary, within 30 days of receiving the transcript from the court reporter, the witness's counsel shall then forward any corrections to

the court reporter, who will promptly notify all counsel of its receipt and any errata.

　　　　2.　　If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature under penalty of perjury within 30 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any errata submitted by the witness.

　　　　3.　　Any witness who submits errata must do so in accordance with Federal Rule of Civil Procedure 30(e).

　　　　4.　　The court reporter will provide the original transcript to the first examining attorney. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

## IX.　　**USE OF DEPOSITIONS**

　　The depositions taken by any party pursuant to this Deposition Protocol Order may be made available and used in any subsequent cases filed that are deemed by the Court to be consolidated with or related to this matter. Nothing in this paragraph prevents a party from objecting to the use of, or moving to exclude use of, a deposition from any subsequently related matter.

IT IS SO ORDERED.

Dated: _____, 2022

　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　HON. VIRGINIA M. KENDALL

20

/s/Megan E. Jones _____
Megan E. Jones
**HAUSFELD LLP**
600 Montgomery St. #3200
San Francisco, CA 94111
(415) 633-1908
(415) 358-4980
mjones@hausfeld.com

Michael D. Hausfeld
Hilary K. Scherrer*
Nathaniel C. Giddings
Farhad Mirzadeh*
Jane Shin*
888 16th Street NW, Suite 300
Washington, DC 20006
(202) 540-7200
mhausfeld@hausfeld.com
hscherrer@hausfeld.com
ngiddings@hausfeld.com
fmirzadeh@hausfeld.com
jshin@hausfeld.com

*Lead Counsel for Plaintiffs*

Robert J. Wozniak
**FREED KANNER LONDON
 & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
(224) 632-4500
rwozniak@fklmlaw.com

*Liaison Counsel for Plaintiffs*

Meegan Hollywood
**ROBINS KAPLAN LLP**
1325 Avenue of the Americas, Suite 2600
New York, NY 10019
(212) 980-740
mhollywood@robinskaplan.com

Kimberly A. Justice
**FREED KANNER LONDON
 & MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428

/s/ Eliot Adelson_____
**MORRISON & FOERSTER LLP**
Eliot Adelson (admitted *pro hac vice*)
Bonnie Lau (admitted *pro hac vice*)
Margaret A. Webb (admitted *pro hac vice*)
425 Market Street
San Francisco, CA 94105
(415) 268-7000
eadelson@mofo.com
blau@mofo.com
mwebb@mofo.com

David D. Cross (admitted *pro hac vice*)
Mary G. Kaiser (admitted *pro hac vice*)
Joseph C. Folio III (admitted *pro hac vice*)
2100 L Street NW
Washington, D.C. 20037
(202) 887-1500
dcross@mofo.com
mkaiser@mofo.com
jfolio@mofo.com

**MOLOLAMKEN LLP**
Megan Cunniff Church (Bar No. 6281234)
Matthew J. Fisher (Bar No. 6326897)
300 N. LaSalle St.
Chicago, IL 60654
(312) 450-6716
mchurch@mololamken.com
mfisher@mololamken.com

*Counsel for Defendants Dreamcatcher Broadcasting LLC, Nexstar Media Group, Inc., Tribune Broadcasting Company, LLC, and Tribune Media Group, Inc.*

/s/ William J. Kolasky_____
**HUGHES HUBBARD & REED LLP**
William J. Kolasky (*pro hac vice*)
Philip A. Giordano (*pro hac vice*)
1775 I Street, N.W.
Washington, DC 20006
(202) 721-4600
william.kolasky@hugheshubbard.com
philip.giordano@hugheshubbard.com

21

(610) 234-6487
kjustice@fklmlaw.com

*Plaintiffs Steering Committee*

/s/ David E. Mills
**COOLEY LLP**
David E. Mills *(pro hac vice)*
(dmills@cooley.com)
Deepti Bansal *(pro hac vice)*
(dbansal@cooley.com)
J. Parker Erkmann *(pro hac vice)*
(perkmann@cooley.com)
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC 20004
Tel.: (202) 842-7800
Fax: (202) 842-7899

Beatriz Mejia *(pro hac vice)*
(mejiab@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Tel.: (415) 693-2000
Fax: (415) 693-2222

Mazda K. Antia *(pro hac vice)*
(mantia@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Tel.: (858) 550-6000
Fax: (858) 550-6420

Alexander G. Galicki *(pro hac vice)*
(agalicki@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Tel.: (310) 883-6400
Fax: (310) 883-6500

Matthew L. Kutcher (SBN: 6275320)
(mkutcher@cooley.com)
444 W. Lake Street, Suite 1700
Chicago, IL 60606
Tel.: (312) 881-6500
Fax: (312) 881-6598

*Counsel for Defendant Gray Media Group, Inc.*

Fara Tabatabai *(pro hac vice)*
One Battery Park Plaza
New York, NY 10004
(212) 837-6000
fara.tabatabai@hugheshubbard.com

**SCANDAGLIA RYAN LLP**
Gregory J. Scandaglia
55 E. Monroe Street, Suite 3440
Chicago, IL 60603
(312) 580-2020
gscandaglia@scandagliaryan.com

*Counsel for Defendant Sinclair Broadcast Group, Inc.*

/s/ Gregory J. Commins, Jr.
**BAKER & HOSTETLER LLP**
Gregory J. Commins, Jr. (admitted *pro hac vice*)
1050 Connecticut Ave., NW Suite 1100
Washington, DC 20036
Telephone: (202) 861-1536
Facsimile: (202) 861-1783
gcommins@bakerlaw.com

Bridget S. McCabe (admitted *pro hac vice*)
Dyanne J. Cho (admitted *pro hac vice*)
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA 90025
Telephone: (310) 820-8800
bmccabe@bakerlaw.com
dcho@bakerlaw.com

John M. Touhy (NDIL 3128400)
191 North Wacker Drive, Suite 3100
Chicago, IL 60606-1901
(312) 416-6200 phone
(312) 416-6201 facsimile
jtouhy@bakerlaw.com

*Counsel for Defendant The E.W. Scripps Company*

*/s/ David A. Ettinger*_____

**HONIGMAN LLP**
David A. Ettinger (admitted pro *hac vice*)
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226
(312)   465-7368
dettinger@honigman.com

**MCAFEE & TAFT**
Mark Richard Mullins (admitted *pro hac vice*)
211 N. Robinson Ave., 10th Floor
Two Leadership Square
Oklahoma City, OK 73102
(405) 552-2263
rick.mullins@mcafeetaft.com

*Counsel for Defendant Griffin Communications, LLC*

*/s/ Ross B. Bricker*_____

**JENNER & BLOCK LLP**
Ross B. Bricker (Ill. Bar No. 3126882)
John F. Ward, Jr. (Ill. Bar No. 6208004)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-5474
(312) 222-9350
rbricker@jenner.com
jward@jenner.com

*Counsel for Defendant TEGNA, Inc.*

23