# EXHIBIT H

| | |
|---|---|
| 1 | Hogan Lovells US LLP |
| 2 | J. Robert Robertson (DC # 501873)<br>Justin W. Bernick (DC # 988245) |
| 3 | Andrew J. Lee (DC # 477781)<br>555 Thirteenth Street NW |
| 4 | Washington, DC 20004<br>Telephone:   (202) 637-5600 |
| 5 | Facsimile:    (202) 637-5910<br>robby.robertson@hoganlovells.com |
| 6 | justin.bernick@hoganlovells.com<br>andrew.j.lee@hoganlovells.com |
| 7 | *Counsel for Defendants* |
| 8 | *StarKist Co. and Dongwon*<br>*Industries Co., Ltd.* |
| 9 | (Additional Counsel on Signature Pages) |

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No. 3:15-md-02670-JLS-MDD<br><br>MDL No. 2670<br><br>Judge: Hon. Janis Sammartino<br>Ctrm: 4D |
| This Document Relates To:<br>ALL ACTIONS | |

**STIPULATION AND ORDER FOR DEPOSITION DISCOVERY**

WHEREAS, these centralized proceedings in 3:15-md-2670-JLS-MDD, *In re: Packaged Seafood Products Antitrust Litigation*, (the "Centralized Actions"), have been centralized in the Southern District of California by the Judicial Panel on Multi-District Litigation and are before Judge Janis L. Sammartino; and

WHEREAS, Judge Sammartino has ordered that "to the extent matters such as discovery and motion practice may be conducted jointly, the parties are directed

to do so" to minimize expense and duplication of discovery proceedings; and

WHEREAS, Judge Sammartino ordered that the Centralized Actions proceed within four tracks: The direct action plaintiffs ("DAPs"); the direct purchaser plaintiffs class actions ("DPPs"); the indirect purchaser end payor plaintiffs class actions ("EPPs"); and the indirect purchaser commercial food preparer plaintiffs class actions ("CFPs");

WHEREAS, the DAPs, DPPs, EPPs, and CFPs shall collectively be referred to herein as "Plaintiffs";

WHEREAS, the Defendants for purposes of this stipulation means: StarKist Co., Dongwon Industries Co., Ltd., Del Monte Corporation, Bumble Bee Foods, LLC; Tri-Union Seafoods LLC, and Thai Union Group PCL;

WHEREAS, the Defendant Groups for purposes of this stipulation are (i) StarKist, consisting of StarKist Co., Dongwon Industries Co., Ltd., Del Monte Corporation, and all of their owners, affiliates and subsidiaries; (ii) COSI, consisting of Tri-Union Seafoods LLC, and Thai Union Group PCL, and all of their owners, affiliates and subsidiaries; and (iii) Bumble Bee, consisting of Bumble Bee Foods, LLC and all of its owners, affiliates and subsidiaries, including Lion Capital;

WHEREAS, the Defendants, DAPs, DPPs, EPPs, and CFPs shall collectively be referred to herein as the "Parties"; and

WHEREAS, the Parties in the Centralized Actions have met and conferred and have agreed, subject to Court approval, to this Stipulation and Proposed Order for Discovery in Coordinated Actions;

IT IS HEREBY STIPULATED AND ORDERED AS FOLLOWS:

1. The Parties shall engage wherever possible in coordinated joint discovery proceedings so as to minimize duplication, encourage efficiency, and avoid unnecessary expense. To that end, the Parties shall in good faith endeavor to minimize any burdens associated with witness depositions, and particularly with

1  respect to non-party depositions.

2      2.    The Parties shall in good faith coordinate depositions among
3  themselves, including the establishment of reasonable deposition dates, locations of
4  depositions, the length of depositions, and the tracking of depositions.  The
5  Plaintiffs and the Defendants shall each coordinate among themselves to, among
6  other things, jointly serve single deposition notices or subpoenas.  The single
7  deposition notice or subpoena for each witness shall collectively be that of all
8  Plaintiffs, or all Defendants, as applicable, and apply to each of the cases in
9  Centralized Actions; cross notices need not be issued by any Party.

10      3.    Unless otherwise agreed by the Parties, each seven hour FRCP
11  30(b)(6) deposition counts as one deposition notwithstanding the number of
12  deponents proffered by the noticed Party in response to the deposition notice.  A
13  Party may notice up to two FRCP 30(b)(6) depositions of another Party, but each
14  noticed deposition counts as a separate deposition for purposes of the limitations in
15  paragraphs 4-6 below.

16      4.    Absent good cause shown, Plaintiffs shall not depose more than
17  a total of 20 witnesses affiliated with any given Defendant Group and may take a
18  collective maximum of 60 depositions of witnesses affiliated with the Defendants.
19  For purposes of the Defendant-specific cap referenced in this paragraph, Plaintiffs
20  shall be entitled to allocate a witness that is or was affiliated with more than one
21  Defendant to the Defendant of their choice.

22      5.    Absent good cause shown, Defendants shall not depose more
23  witnesses from the Plaintiffs than the total number of current and future plaintiffs,
24  with a cap of 4 witnesses from any DAP or DPP, and a cap of 2 from any CFP
25  plaintiff. Defendants shall not depose more than 2 witnesses from any EPP plaintiff
26  (if such plaintiff is not a natural person) or 1 witness from any EPP plaintiff (if such
27  plaintiff is a natural person).

28

STIP. AND ORDER FOR DEPOSITION DISCOVERY     CASE NO. 15-MD-2670-JLS (MDD)

3

1    6.   Other than witnesses that require an interpreter at the deposition, or by agreement of the parties or leave of Court, each deposition shall take place during a single day and last no more than seven hours on the record.

7.   (a) Where it is deemed necessary to have an interpreter for a witness, the Parties shall meet and confer concerning the appointment of a single certified interpreter, to provide interpretation services at the deposition.  The appointment of such an interpreter does not limit in any way the right of any Party to bring another person familiar with the language of the witness to assist that Party during the deposition.  In the event foreign language interpretation is deemed necessary, the witness may be deposed for up to 10 hours on the record.

(b) A noticed Party, or witness, who concludes that an interpreter is necessary shall give notice within ten (10) days of receiving notice of the deposition.

(c) Plaintiffs and Defendants shall split the costs of the interpreter on a 50/50 basis.

8.   In the event any Party concludes that additional time is necessary, the parties shall meet and confer on the subject as promptly as possible to resolve the issue.  All depositions shall continue from day to day until concluded.  Each seven (7) hours of deposition time (or ten (10) hours for witnesses requiring the services of an interpreter) shall count as a separate deposition.

9.   With regard to court reporters, the Parties shall endeavor to agree on one or more court reporting services to conduct all of the depositions in the Coordinated Actions.

10.  Any objection to the form of a question shall be deemed to have been made on behalf of all other Parties on the same side as the counsel raising the objection.  The objection of one counsel to a question need not be repeated by another counsel to preserve that objection on behalf of such other counsel, and

1  counsel shall avoid repeating objections already preserved.  Speaking objections are
2  not permitted and counsel shall not interpose objections such as to disrupt the
3  deposition process.  All objections shall be stated concisely in a non-argumentative
4  and non-suggestive manner.
5         11.    (a) If a former employee of any Party is sought for deposition,
6  counsel for the noticing party shall, in the first instance, ask counsel for the Party
7  that is believed to have employed the prospective deponent ("Employer Party") if
8  such former employee is represented by counsel for the Employer Party.  Counsel
9  for the Employer Party must within 21 days inform counsel for the noticing Party
10 whether counsel for the Employer Party represents the former employee, in which
11 case such deposition will be governed by this protocol.  Depositions of former
12 employees count toward the number of permitted depositions set forth in paragraphs
13 4 and 5 above.
14        (b) If the prospective deponent does not wish to be represented
15 by counsel for the Employer Party, then service must be made in compliance with
16 FRCP 45.  Counsel for the Employer Party shall provide the noticing party's counsel
17 with the last available contact information of the deponent so that appropriate
18 service may be obtained.
19        12.    All depositions shall take place at a mutually convenient
20 geographic location.  However, deference will be given to the preferred location of
21 the witness or the witness' counsel's location. To the extent that depositions of Party
22 witnesses shall take place in a foreign country, the Parties agree that such
23 depositions shall take place pursuant to the Federal Rules of Civil Procedure, except
24 that any such deposition shall proceed before a court reporter authorized to
25 administer oaths under the laws of the United States. No depositions of Party
26 witnesses shall proceed in any jurisdiction where U.S. consular services are required
27 or where the local law of the jurisdiction requires that the deposition proceed
28

STIP. AND ORDER FOR DEPOSITION DISCOVERY        CASE NO. 15-MD-2670-JLS (MDD)

5

pursuant to the laws of that jurisdiction.

13. The Parties may alter or amend this stipulation pursuant to a written agreement amongst themselves, or alternatively, may move the Court for an alteration or amendment of its provisions on good cause shown pursuant to Federal Rules of Civil Procedure 26(b)(1) and (2) and 30(a)(2). This stipulation is without prejudice to the rights of any party to object to any particular deposition.

14. The limitations set forth in paragraphs 4 and 5 above do not apply to any other depositions, except as set forth in paragraph 11 above regarding former employees and except to the extent that a non-party deposition is taken of a member of any Defendant Group as defined above.

IT IS SO STIPULATED.

Dated: September 26, 2017               Respectfully submitted,

                                        HOGAN LOVELLS US LLP


                                        By: s/ Justin W. Bernick

                                        J. Robert Robertson (DC # 501873)
                                        Justin W. Bernick (DC # 988245)
                                        Andrew J. Lee (DC # 477781)
                                        555 Thirteenth Street NW
                                        Washington, DC 20004
                                        Telephone: (202) 637-5600
                                        Facsimile: (202) 637-5910
                                        robby.robertson@hoganlovells.com
                                        justin.bernick@hoganlovells.com
                                        andrew.j.lee@hoganlovells.com

                                        *Counsel for Defendants StarKist Co.
                                        and Dongwon Industries Co., Ltd.*

| | | |
|---|---|---|
| 1 | KENNY NACHWALTER, P.A. | HAUSFELD LLP |
| 2 | By: s/ William J. Blechman | By: s/ Michael P. Lehmann |
| 3 | Richard Alan Arnold, Esquire<br>William J. Blechman, Esquire | Bonny E. Sweeney, Esquire<br>(Cal. Bar No. 176174) |
| 4 | Kevin J. Murray, Esquire<br>Douglas H. Patton, Esquire | Michael P. Lehmann, Esquire<br>(Cal. Bar No. 77152) |
| 5 | Samuel J. Randall, Esquire<br>Jalaine Garcia, Esquire | Christopher L. Lebsock, Esquire<br>(Cal. Bar No. 184546) |
| 6 | 1441 Brickell Avenue<br>Suite 1100 | 600 Montgomery Street<br>Suite 3200 |
| 7 | Miami, Florida 33131<br>Telephone: (305) 373-1000 | San Francisco, CA 94111<br>Telephone: (415) 633-1908 |
| 8 | Facsimile: (305) 372-1861<br>rarnold@knpa.com | Facsimile: (415) 358-4980<br>bsweeney@hausfeld.com |
| 9 | wblechman@knpa.com<br>kmurray@knpa.com | mlehmann@hausfeld.com<br>clebsock@hausfeld.com |
| 10 | dpatton@knpa.com<br>srandall@knpa.com<br>jgarcia@knpa.com | *Interim Lead Counsel for Direct Purchaser Plaintiffs* |
| 11 | | |
| 12 | *Liaison Counsel for Direct Action Plaintiffs* | |

| | | |
|---|---|---|
| 1 | ALLEN & OVERY LLP | CUNEO GILBERT & LADUCA LLP |
| 2 | By: s/ John Roberti | By: s/ Jonathan W. Cuneo |
| 3 | John Roberti, Esquire<br>Erik Raven-Hansen, Esquire | Jonathan W. Cuneo<br>Joel Davidow |
| 4 | ALLEN & OVERY LLP<br>1101 New York Avenue N.W. | Peter Gil-Montllor<br>Blaine Finley |
| 5 | Washington, D.C. 20005<br>Telephone: (202) 683-3800 | CUNEO GILBERT & LADUCA, LLP |
| 6 | Facsimile: (202) 683-3999<br>john.roberti@allenovery.com | 4725 Wisconsin Ave. NW, Suite 200<br>Washington, DC 20002 |
| 7 | erik.raven-hansen@<br>   allenovery.com | Telephone: 202.789.3960<br>Facsimile: 202.589.1813 |
| 8 | *Counsel for Defendants Tri-Union* | jonc@cuneolaw.com<br>joel@cuneolaw.com |
| 9 | *Seafoods LLC and Thai Union Group PCL* | pgil-montllor@cuneolaw.com<br>bfinley@cuneolaw.com |
| 10 | | John H. Donboli (Cal. Bar No. 196266) |
| 11 | | DEL MAR LAW GROUP, LLP<br>12250 El Camino Real, Suite 120 |
| 12 | | San Diego, CA 92130<br>Telephone: 858.793.6244 |
| 13 | | Facsimile: 858.793.6005<br>jdonboli@delmarlawgroup.com |
| 14 | | |
| 15 | | *Interim Lead & Liaison Counsel for Indirect Purchaser Commercial Food Preparer Plaintiffs* |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| **STIP. AND ORDER FOR DEPOSITION DISCOVERY** | CASE NO. 15-MD-2670-JLS (MDD) |

8

| | | |
|---|---|---|
| 1 | PEPPER HAMILTON LLP | WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP |
| 2 | By: s/ Barbara Sicalides | By: s/ Betsy C. Manifold |
| 3 | Barbara Sicalides, Esquire<br>Barak Bassman, Esquire | Betsy C. Manifold<br>Rachele R. Rickert |
| 4 | 18th and Arch Streets<br>3000 Two Logan Square | Marisa C. Livesay<br>Symphony Towers |
| 5 | Philadelphia, PA 19103-2799<br>Telephone: (215) 981-4000 | 750 B Street, Suite 2770<br>San Diego, CA 92101 |
| 6 | Facsimile: (215) 981-4750<br>sicalidesb@pepperlaw.com | Telephone: (619) 239-4599<br>Facsimile: (619) 234-4599 |
| 7 | bassmanb@pepperlaw.com | manifold@whafh.com<br>rickert@whafh.com |
| 8 | *Counsel for Defendant Del Monte Corporation* | livesay@whafh.com |
| 9 | | *Interim Lead Counsel for Indirect Purchaser End Payer Plaintiffs* |
| 10 | PAUL, WEISS, RIFKIND,<br>WHARTON & GARRISON LLP | |
| 11 | | |
| 12 | By: s/ Kenneth A. Gallo | |
| 13 | Kenneth A. Gallo, Esquire<br>2001 K Street, NW | |
| 14 | Washington, DC 20006-1047<br>Telephone: (202) 223-7356 | |
| 15 | Facsimile: (202) 204-7356<br>kgallo@paulweiss.com | |
| 16 | *Counsel for Defendant Bumble Bee Foods, LLC* | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

## ECF CERTIFICATION

I, Justin W. Bernick, hereby certify that the content of the foregoing Stipulation and Order for Deposition Discovery is acceptable to all parties who are required to sign this joint statement. Each party's counsel has authorized me to affix his or her CM/ECF electronic signature to this joint submission.

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2017, I electronically filed the foregoing STIPULATION AND ORDER FOR DEPOSITION DISCOVERY with the Clerk of Court for the United States District Court, Southern District of California by using the Court's CM/ECF system, which will serve electronic notification of this filing to all counsel of record.

s/ Justin W. Bernick

September 26, 2017

*Counsel for Defendants*
*STARKIST CO. and DONGWON*
*INDUSTRIES CO., LTD.*