# EXHIBIT I

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 16-1493 (ABJ) |
| | ) |
| ANTHEM, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## <u>INTERIM CASE MANAGEMENT ORDER</u>

Pursuant to the agreement of the parties after consultation with the Special Master, as set forth in the parties' Joint Proposed Scheduling and Case Management Order [Dkt. # 72-1], the following Interim Case Management Order shall govern the proceedings in this case. The Final Case Management Order, containing any additional instructions, and including provisions governing matters still in dispute, such as the limits on non-party depositions, will be issued at a later date. The parties should be advised that the Court has not yet determined whether it will require that demonstrative exhibits be included in the pre-trial submissions to the Court.

1. **Case Schedule.**

| Event | Dates |
|---|---|
| Referral Order and Protective Order Entered; Fact Discovery Begins | August 12, 2016 |
| Deadline for Amendments to Pleadings, Including Adding Additional Parties | August 15, 2016 |
| Plaintiffs and Defendants Complete Production of Investigation Materials from Third Parties | September 2, 2016 |
| Plaintiffs Complete Production of Investigation Materials from the Parties to the Health Insurance Cases | September 8, 2016 |
| Exchange of Initial Fact Witness Lists | September 9, 2016 |

| Supplemental Exchange of Initial Fact Witness Lists | September 12, 2016 |
|---|---|
| Cigna's Answer to Complaint | September 19, 2016 |
| Each Side Designates All Experts That it May Call in its Respective Case-in-Chief and Defense Case, Along with a Brief Statement of the Subject Matter on Which the Expert May Testify | September 23, 2016 |
| Parties Exchange Expert Reports | October 7, 2016 |
| Exchange of Final Witness Lists | October 7, 2016 |
| Parties Exchange Rebuttal and Supplemental Expert Reports | October 21, 2016 |
| Tentative Date for Close of Fact Discovery | October 21, 2016 |
| Expert Reports Submitted to the Court | October 21, 2016 |
| Exhibits, Stipulations, and Deposition Designations Submitted to the Court | October 28, 2016 |
| Motions in Limine | October 31, 2016 |
| Written Opening Statements (if ordered, and subject to instructions to be provided in a future order) | November 4, 2016 |
| Oppositions to Motions in Limine | November 7, 2016 |
| Tentative Date for Close of Expert Discovery | November 9, 2016 |
| Pre-trial Conference | November 14, 2016; 10:00 a.m. |
| Trial Begins | November 21, 2016; 10:00 a.m. |
| Findings of Fact and Conclusions of Law | January 4, 2017 |

2.    **Service of the Complaint.** Counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and waived formal service of a summons.

3.    **Discovery Conference.** The Parties' prior consultations and submission of this stipulated Order relieve the Parties of their duty under Rule 26(f) of the Federal Rules of Civil Procedure and the Local Civil Rules to confer further generally about scheduling and a discovery plan. The Parties will meet and confer when particular scheduling or discovery issues arise.

4.     **Definitions.** The following definitions apply to this Order:

A.     "**Health Insurance Cases**" means collectively the following actions: the action by the United States and certain Plaintiff states against Anthem, Inc. and Cigna Corp., Case No. 1:16-cv-01493 (ABJ), and the action by the United States and certain Plaintiff states against Aetna Inc. and Humana Inc., Case No. 1:16-cv-01494 (JDB).

B.     "**Investigation**" means the pre-Complaint investigation of the Agreement and Plan of Merger among Anthem and Cigna dated July 23, 2015, and the Agreement and Plan of Merger among Aetna Inc. and Humana Inc. dated July 2, 2015.

C.     "**Investigation Materials**" means non-privileged correspondence, documents, data, written information or statements, transcripts of testimony, declarations (including drafts), affidavits (including drafts), civil investigative demands, informal requests for information, or any other materials that:

(i)     were exchanged between any Defendant, or affiliated person or entity, and any Plaintiff, either voluntarily or under compulsory process, during, and in connection with the Investigation; or

(ii)     were exchanged between any counsel for a Party who provided legal services to the Party in connection with the Investigation and any non-party not having an attorney-client or common-interest relationship with the Party (e.g., experts, consultants, counsel for co-Defendants, and counsel for states' attorneys general), either voluntarily during and in connection with the Investigation or in response to any request issued during and in connection with the Investigation, where such communications were made for the purposes of the Investigation.

5.     **Calculation of Dates.** Unless otherwise specified, dates are calculated according to Rule 6(a) of the Federal Rules of Civil Procedure.

6.     **Completion of Transaction.**  If Defendants intend to consummate or otherwise complete the challenged acquisition prior to the entry of a final and appealable judgment by the District Court, the Defendants will provide the Plaintiffs with 96 hours' notice prior to closing.

7.     **Statements Regarding Local Civil Rules 16.3(c)(1) and (6): Dispositive Motions.** Defendants will not file any Rule 12(b) motions. Defendants consent, for the purposes of this case only, to personal jurisdiction in this Court.

8.     **Production and Use of Discovery Between the Health Insurance Cases**

A.     ***Documents, Interrogatories, and Admissions.*** The Special Master shall coordinate, as necessary and consistent with this Order, discovery between this case and *United States, et al. v. Aetna Inc., et al.*, Case No. 1:16-cv-01494 (JDB) (D.D.C.).

B.     ***Depositions.*** If a non-party is subpoenaed for deposition in both Health Insurance Cases, the Parties will use their best efforts to minimize the burden on the non-party.

C.     ***Experts.*** Expert discovery will not be coordinated across the Health Insurance Cases.

D.     ***Production to Plaintiffs.*** For purposes of this paragraph only, the Defendants may provide one copy of non-party document productions to the United States for the Plaintiff States in this case. The Plaintiff States' rights to those productions are the same as if the documents were produced to the Plaintiff States.

9.     **Initial Disclosures and Investigation Materials.** Parties agree to waive exchange of disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure, except as otherwise provided in this paragraph. The Parties will produce Investigation Materials to each other on a rolling basis. The Parties will conduct good-faith, reasonable, and diligent searches for Investigation Materials; if any Investigation Material is not produced as agreed in this Paragraph, the Parties will meet and confer in good faith to agree on a resolution. Plaintiffs need not produce back to a Defendant documents, data, or other materials originally received from that same Defendant, either voluntarily during the Investigation or in response to any request during the

Investigation. Defendants need not produce back to the United States documents, data, or other materials originally produced to the United States, either voluntarily during the Investigation or in response to the Investigation. The Plaintiff United States' only Rule 26(a)(1) disclosure obligation is to produce non-privileged data it obtained from HHS during the Investigation. The Plaintiff United States will promptly and on a rolling basis produce this data and complete the production no later than September 2, 2016.

10.     **Attorney Work-Product.** The Parties, during this case, will neither request nor seek to compel the production of any interview notes, interview memoranda, or recitation of information contained in such notes or memoranda, except as specified in paragraph 15(c). Nothing in this Order requires the production of any Party's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative-process or any other governmental privilege, except as such production is compelled by paragraph 15(g). Parties will not treat the materials covered by subpart (ii) of the definition of Investigation Materials as attorney work product.

11.     **Timely Service of Fact Discovery.** All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery. For new persons and related entities added to the Parties' final trial witness lists, the Parties must serve objections to the requests for production of documents within three days of service of the requests and responsive productions (subject to any objections or custodian issues that have not been resolved) will be made on a rolling basis with a good-faith effort to be completed no later than ten days after service of the requests for production.

12.     **Discovery**

A.      ***Interrogatories.*** The United States may serve up to 20 interrogatories on the Defendants collectively, and each state may serve up to 3 interrogatories on the Defendants collectively. This limitation does not apply to interrogatories propounded by the Plaintiff States limited to issues of standing, jurisdiction, and volume of commerce in the individual states, in the event such issues are in controversy. Defendants collectively may serve up to 20 interrogatories on the United States, and up to 20 on the Plaintiff States collectively, but no more than 3 on any individual Plaintiff State. Absent contrary agreement, each Defendant will have the ability to serve 10 interrogatories on the United States, and 10 interrogatories collectively on the Plaintiff States. The Parties must respond in writing to interrogatories within 20 days after they are served.

B.      ***Requests for Production.*** There is no limit on the number of requests for production of documents.

C.      ***Requests for Admission.*** The Parties agree not to serve requests for admission, except those relating solely to the authentication or admissibility of documents, data, or other evidence. The Parties must respond in writing to requests for admission within 10 days after they are served.

D.      ***Written Responses to Requests for Production.*** Except as provided in paragraph 11 or as otherwise agreed or ordered, responsive productions will be made on a rolling basis with a good-faith effort to be completed no later than 20 days after service of the request for production. The Parties must serve any objections to requests for production of documents, including a proposal for custodians to search, within five days after the requests are served. For all discovery on any Party served prior to the entry of this Order, the receiving Party shall have 11

– 6 –

days to object from the date served, and 30 days to produce responsive documents from the date served.

Within three days after serving any objections, the Parties will meet and confer to attempt to resolve the conflicts. Responsive productions following resolution of objections and custodians will be completed on a rolling basis with a good-faith effort to be completed no later than 17 days after resolution.

E.     ***Data Compilations.*** In response to any Rule 34 requests for data or data compilations, the Parties will meet and confer in good faith regarding the requests and the timing of any data production and make employees knowledgeable about the content, storage, and production of data available for informal consultations during a meet-and-confer process.

F.     ***Privilege Logs.*** The Parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs:

(a)     any documents or communications sent solely between the following persons:

1.   outside counsel for the Defendants (or persons employed by or acting on behalf of such counsel);

2.   counsel for the Defendants (including in-house counsel) and all persons employed by or acting on behalf of such counsel;

3.   counsel for the United States (i.e., persons acting in the capacity of counsel for the U.S. Department of Justice, U.S. Department of Health and Human Services, the Office of Personnel Management, or any other federal governmental agency) or persons employed by or acting on behalf of such counsel;

4.   counsel for the United States and the counsel for the state attorneys general or all persons employed or acting on behalf of such counsel;

5.   counsel for the state attorneys general or all persons employed or acting on behalf of such counsel;

(b)     documents that were not directly or indirectly furnished to any non-party, such as internal memoranda, and that were authored by the Parties' outside

– 7 –

counsel (or persons acting on behalf of such counsel) or by counsel for the Plaintiffs (or persons employed by the Plaintiffs);

(c)     documents or communications sent solely between outside counsel for the Parties (or persons employed by or acting on behalf of such counsel) and employees or agents of each Party;

(d)     privileged draft contracts;

(e)     draft regulatory filings;

(f)     non-responsive, privileged documents attached to responsive documents; and

(g)     documents or communications solely relating to:

     i.     preparation of state regulatory filings (not including preparation of filings relating to mergers, acquisitions, or sales),

     ii.     ERISA,

     iii.     tax,

     iv.     environmental,

     v.     OSHA,

     vi.     personal injury,

     vii.     employment discrimination or wrongful termination,

     viii.     preparation of securities filings,

     ix.     purchase, sale, or lease of real property, and

     x.     patent or trademark applications.

The Parties also agree to the following guidelines concerning the preparation of privilege logs: (a) a general description of the litigation underlying attorney work-product claims is permitted; (b) identification of the name and the company affiliation for each non-defendant person is sufficient identification; (c) parties need not identify the discovery request(s) to which the privileged document is responsive; (d) for documents redacted for privilege, the privilege log need only provide the Bates number, an indication that the document was produced in redacted form,

information that can be population from the metadata of the document, the type of privilege being asserted, and the basis for the privilege.

        G.     ***Inadvertent Production of Privileged Material.*** Under Federal Rule of Evidence 502(d), the inadvertent production of any documents or data subject to attorney-client privilege, work-product protection, or other applicable legal or evidentiary privilege ("Inadvertently Produced Privileged Material") is not a waiver in the pending case or in any other proceeding. A Party or person claiming privilege or other protections for an Inadvertently Produced Privileged Material must promptly notify any and all Parties or persons that received the Inadvertently Produced Privileged Materials ("Receiving Persons") and provide sufficient information to the Receiving Person regarding the asserted privileges, in the form of a privilege log as outlined in Rule 26(b)(5) of the Federal Rules of Civil Procedure. Alternatively, if a Receiving Person discovers a document or other material that it believes to be an Inadvertently Produced Privileged Material, the Receiving Person will promptly notify the Party or person that designated the material as privileged or protected ("Designating Person") of what it believes to be the Inadvertently Produced Privileged Material (no Receiving Person will be found in violation of this Order for failing to identify Inadvertently Produced Privileged Material). After discovering or being notified of Inadvertently Produced Privileged Material, any Receiving Person may not use or disclose the Inadvertently Produced Privileged Material in any way until the claim is resolved and must take reasonable steps to retrieve the Inadvertently Produced Privileged Material if the Receiving Person disclosed it before being notified of or discovering the inadvertent production. In addition, within five days of discovering or being notified, any Receiving Person must return or destroy the specified Inadvertently Produced Privileged Material and any copies. The Designating Person must retain a copy of the document until the resolution or termination of this Case. A Party

may move the Court for an order compelling production of the Inadvertently Produced Privileged Material, but such Party may not assert as a ground for entering such an order the mere fact of inadvertent production. The Party or person asserting the privilege must file its opposition under seal and submit a copy of the Inadvertently Produced Privileged Material for in camera review.

Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Party or person that produced the materials of such occurrence.

This Order is not intended to impose on a Party a waiver of its rights to review its documents for privilege or any other reason (including to identify non-responsive documents) and the existence of this Order cannot be used to compel a Party to produce documents without review. Moreover, this Order does not mean that the cost of review should not be considered in whether any particular discovery is proportionate (i.e., that the benefit of the discovery is not as great as the cost of said discovery including review).

H.     ***Depositions of Fact Witnesses.*** All depositions of fact witnesses are limited to a maximum of seven hours of examination. For any deposition, the Parties and any affected non-party may stipulate to additional time beyond the seven hours on the record provided by the Federal Rules of Civil Procedure. Absent agreement of the Parties, the length of depositions provided for in this Order may only be modified by an order of the Court for good cause. The Parties will make available in this District its officers or other employees whose depositions are noticed in this action. Party witnesses will be made available for deposition upon seven days' notice. Parties will use their reasonable best efforts to make Party witnesses available on the date the deposition is noticed or on a date within three business days of the date noticed.

There is no limit on depositions of party witnesses.[1]

Either Party may depose witnesses whose depositions were taken during the Investigation, and the fact that the witnesses' depositions were taken during the Investigation may not be used as a basis for either side to object to their deposition during the above-captioned action pending in this Court. All depositions, including the depositions of Defendants' employees taken by Plaintiffs during the Investigation, may be used for all purposes under Rule 32 of the Federal Rules of Civil Procedure or Federal Rule of Evidence 801(d)(2)(D).

Plaintiffs may take one deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure of each Defendant family, and one additional Rule 30(b)(6) deposition of Defendants collectively limited to Defendants' claimed facts and quantification of the merger's cost savings and synergies. The Parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witnesses' schedules.

I.      ***Third Parties.*** If a Party serves on a non-party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the scheduled deposition date must be at least seven business days after the return date for the document subpoena. If extending the date of production for the document subpoena results in fewer than seven business days between the extended production date and the date scheduled for that non-party's deposition, the date scheduled for the deposition must be postponed to be at least seven business days following the extended production date, unless the other Party consents to fewer than seven business days.

---

1      As discussed during the August 14, 2016 conference with Special Master Levie, the hour limit for each side for depositions of non-parties will be addressed in a Report and Recommendation following the submission of this proposed Order.

During non-party depositions, the non-noticing side will receive at least two hours of the seven-hour examination time. Each side will determine the allocation of time among its Parties. If the non-party deposition is noticed by both sides then time will be divided equally. Any time allotted to one side not used by that side in a non-party deposition may be used by the other side up to the seven-hour limit in total.

In addition, if a Party serves on a non-party a subpoena for the production of documents or electronically stored information, within two business days of receipt, the noticing Party must copy and produce in the format that they were received the materials obtained from the non-noticing Party.

13.    **Expert Witness Disclosures and Depositions.** Expert disclosures, including each Party's expert reports, shall be conducted in accordance with Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4), including Rule 26(a)(2)(B)(vi) and Rule 26(b)(4)(C)(i), except that neither the Plaintiffs nor the Defendants must preserve or disclose, including in expert deposition testimony, the following documents or information:

(a)    any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between any Party's counsel and its experts or between any agent or employee of any Party's counsel and the Party's experts, between testifying and non-testifying experts, between non-testifying experts, or between testifying experts;

(b)    any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between experts and any persons working at the direction of and assisting the expert;

(c)    the expert's notes, except for the expert's fact-witness interview notes relied upon by the expert in forming any opinions in the expert's report;

(d)    drafts of expert reports, affidavits, or declarations; and

(e)     data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

The Parties agree that the following materials will be disclosed simultaneously with the exchange of expert reports:

(f)     all final reports;

(g)     a list by Bates number of all documents relied upon (but not documents merely considered but not relied upon) by the testifying expert in the final report; and copies of any materials relied upon by the expert in the final report not previously produced that are not readily available publicly; and

(h)     for any calculations appearing in the final report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files, in standard machine-readable format(s).

Depositions of each side's experts may be conducted only after the disclosure of all expert reports and materials. Each expert deposition is limited to seven hours of examination, and expert witnesses will be made available for deposition upon seven days' notice.

14.     **Changes to the Transaction.** If Defendants intend to offer any remedy proposals to the Court—including any agreements to divest assets, or any commitments to state departments of insurance—Defendants must notify Plaintiffs within 48 hours of reaching any remedy agreement. Any Party may then seek leave of Court or the Special Master to re-open or extend discovery, or otherwise modify the schedule.

15.     **Witness Lists.** Each side is limited to 35 persons on its preliminary trial witness list, and 25 persons on its final trial witness list. Any witness who resides outside the United States on the witness lists of a Party will be produced by that Party for deposition in the United States. The final trial witness lists may identify no more than 10 witnesses that were not identified in the preliminary trial witness list.

Both the preliminary trial witness list and the final trial witness list must be good-faith attempts to identify for the other side the witnesses the Party expects that it may present live at trial other than solely for impeachment. If any new witnesses are added to a final witness list that were not on that side's preliminary witness list, a deposition by the other side of such witness will not count against that side's total deposition time. The final trial witness list must comply with Rule 26(a)(3)(A) of the Federal Rules of Civil Procedure.

16.     **Nationwide Service of Trial Subpoenas.** To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, each side is permitted, as authorized by 15 U.S.C. § 23, to issue trial subpoenas anywhere in the United States, requiring witnesses to appear in this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for the purposes of Rule 32 of the Federal Rules of Civil Procedure and Rule 804 of the Federal Rules of Evidence available under these rules regarding the use at trial of a deposition taken in the above-captioned action pending in this Court.

17.     **Discovery of Confidential Information.** Discovery and production of confidential information is governed by the Protective Order entered by the Court. A copy of the Protective Order will be sent to any non-parties that have been served with discovery requests, notices, or subpoenas.

18.     **Service of Pleadings and Discovery on Other Parties.** Service of all pleadings, discovery requests, including Rule 45 subpoenas for testimony or documents, expert disclosures, and delivery of all correspondence in this matter will be made by ECF or e-mail, except when the volume of attachments requires overnight delivery of the attachments, such attachments will be served by overnight delivery on the following individuals designated by each Party:

For Plaintiff United States of America:

Jon Jacobs (jon.jacobs@usdoj.gov)
Scott Fitzgerald (scott.fitzgerald@usdoj.gov)
Ryan Struve (ryan.struve@usdoj.gov)
Bryson Bachman (bryson.bachman@usdoj.gov)
U.S. Department of Justice
Antitrust Division, Litigation I Section
450 Fifth Street, NW Suite 4100
Washington, DC 20530
Ph. (202) 353-3863 (Mr. Scott Fitzgerald)

For Plaintiff States:

Paula Lauren Gibson (Paula.Gibson@doj.ca.gov)
Deputy Attorney General
State of California
Antitrust Law Section
300 S. Spring Street, Suite 1720
Los Angeles, CA 90013
213-897-0014 phone
213-897-2801 fax

Rachel O. Davis (Rachel.Davis@ct.gov)
Assistant Attorney General
Office of the Attorney General
State of Connecticut
55 Elm Street
P.O. Box 120
Hartford, CT 06106
Phone: 860.808.5041
Fax:    860.808.5391

Devin Laiho (devin.laiho@coag.gov)
Abigail L. Smith (Abigail.smith@coag.gov)
Jennifer H. Hunt (Jennifer.hunt@coag.gov)
Colorado Department of Law
Consumer Protection Section
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 7th Floor
Denver, Colorado 80203
Telephone: +1 720 508 6219
Facsimile: +1 720 508 6040

Elizabeth S. Gere (sally.gere@dc.gov)
Catherine A. Jackson (catherine.jackson@dc.gov)

Office Of The Attorney General Of The District Of Columbia
441 Fourth Street, N.W., Suite 630-South
Washington, DC 20001
Telephone: +1 202 442 9864
Facsimile: +1 202 741 0655

Daniel Walsh (dwalsh@law.ga.gov)
Office of the Attorney General
20 Capitol Square, SW
Atlanta, Georgia 30334-1300
Telephone: +1 404 657 2204
Facsimile: +1 404 656 0677

Layne M. Lindebak (layne.lindebak@iowa.gov)
Iowa Department of Justice
Special Litigation Division
1305 East Walnut Street, 2nd Floor
Des Moines, Iowa 50319
Telephone: +1 515 281 7054
Facsimile: +1 515 281 4902

Christina M. Moylan (christina.moylan@maine.gov)
Office of Maine Attorney General
Consumer Protection Division
6 State House Station
Augusta, Maine 04333-0006
Telephone: +1 207 626 8800
Facsimile: +1 207 624 7730

Ellen S. Cooper (ecooper@oag.state.md.us)
John R. Tennis (jtennis@oag.state.md.us)
Office of the Attorney General
Antitrust Division
200 Saint Paul Place
Baltimore, Maryland 21202
Telephone: +1 410 576 6470
Facsimile: +1 410 576 7830

Ann Rice (ann.rice@doj.nh.gov)
Jennifer Lynne Foley (Jennifer.foley@doj.nh.gov)
New Hampshire Department of Justice
33 Capitol Street
Concord, New Hampshire 03301
Telephone: +1 603 271 1202
Facsimile: +1 603 271 2110

– 16 –

Irina C. Rodriguez (irina.rodriguez@ag.ny.gov)
Office of the New York State Attorney General
Antitrust Bureau
120 Broadway
New York, New York 10271-0332
Telephone: +1 212 416 8288
Facsimile: +1 212 416 6015

Victor J. Domen, Jr. (vic.domen@ag.tn.gov)
Cynthia E. Kinser (Cynthia.kinser@ag.tn.gov)
Tennessee Attorney General's Office
500 Charlotte Avenue
Nashville, Tennessee 37202
Telephone: +1 615 253 3327
Facsimile: +1 615 532 6951

Tyler T. Henry (thenry@oag.state.va.us)
Sarah O. Allen (soallen@oag.state.va.us)
Assistant Attorney General
Antitrust Unit
Consumer Protection Section
202 North 9th Street
Richmond, Virginia 23219
Telephone: +1 804 692 0485
Facsimile: +1 804 786 0122

For Defendant Anthem, Inc.:

Matthew S. Leddicotte (mleddicotte@whitecase.com)
Kathryn J. Mims (kathryn.mims@whitecase.com)
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005
Tel: +1 202 626 3600
Fax: +1 202 639 9355

Danielle M. Garten (Danielle.garten@aporter.com)
Matthew Tabas (matthew.tabas@aporter.com)
Seth Wiener (seth.wiener@aporter.com)
Arnold & Porter LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Tel: +1 202 942 5000
Fax: +1 202 942 5999

– 17 –

For Defendant Cigna Corp.:

Andrew Forman (Andrew.forman@cwt.com)
Daniel J. Howley (Daniel.howley@cwt.com)
Cadwalader, Wickersham & Taft LLP
700 Sixth Street, NW
Washington, DC 20001
Tel: +1 202 862 2200
Fax: +1 202 862 2400

For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery will be treated in the same manner as hand delivery. However, for any service other than service of court filings, e-mail service that is delivered after 6:00 p.m. Eastern Time will be treated as if it was served the following business day.

Materials that must be produced to the defendants in the action against Aetna Inc. and Humana Inc., Case No. 1:16-cv-01494 (JDB), should be produced to the following designated individuals, in addition to the individuals designated by the Parties in this action:

For Defendant Aetna Inc.:

John Majoras (jmmajoras@jonesday.com)
Chris Thatch (cthatch@jonesday.com)
Paula Render (prender@jonesday.com)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
(202) 879-3939

For Defendant Humana Inc.:

Shari Lahlou (slahlou@crowell.com)
David Schnorrenberg (dschnorrenberg@crowell.com)
Astor Heaven (aheaven@crowell.com)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 624-2500

19.     **Authenticity and Admissibility.** The Parties will meet and confer in good faith regarding the authenticity and admissibility of documents, data, or other evidence. Documents produced by Parties and non-parties from their own files are presumed to be authentic within the meaning of Rule 901 of the Federal Rules of Evidence. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the Parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

20.     **Demonstrative Exhibits.** Demonstrative exhibits do not need to be included on exhibit lists, but, unless otherwise agreed or ordered, need to be served on all counsel of record at least 24 hours before any such exhibit may be introduced, or otherwise used, at trial. The following types of demonstrative exhibits need not be pre-disclosed to the opposing Party: demonstrative exhibits used by experts that were disclosed in the experts' report; demonstrative exhibits to be used in cross examination of any witness or to be used in direct examination of a hostile witness; demonstrative exhibits used at any hearing other than trial; and demonstrative exhibits created in court during the witness's examination. Demonstratives representing data must rely only on data that has been produced to the opposing Party by the close of fact discovery or is publicly available.

21.     **Modification of Scheduling and Case Management Order.** Any Party may seek modification of this Order for good cause.

22.     **Motions for Extensions.** The parties may agree to a one day extension of any date governing the exchange of information among themselves as long as they inform the Special Master. Any requests for extensions without consent must be presented to the Special Master by

telephone in a timely fashion, before the date to be extended, subject to any time limitation he chooses to impose. The parties should assume that the Court will not extend the dates for the submissions to it or the date of the pretrial conference given the current trial schedule.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE:  August 15, 2016