UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>JURY DEMAND<br><br>Judge Waverly D. Crenshaw, Jr.<br><br>This Document Relates to:<br>ALL CASES |

**PLAINTIFFS' MOTION FOR DISCOVERY CONFERENCE TO COMPEL CORTLAND TO PARTICIPATE IN AN IN-PERSON DISCOVERY CONFERRAL**

This Motion concerns discovery of Defendant Cortland Management, LLC ("Cortland"). Plaintiffs allege that Cortland manages properties that use or used RealPage Revenue Management Solutions ("RMS") in multifamily housing units across the country.

Plaintiffs request a discovery conference to seek an order compelling Cortland's counsel to participate in an in-person conferral with Plaintiffs in **Nashville on September 4, 2024.** The in-person conference would address at least the following issues, among others:

(1) Whether Cortland will commit to re-producing future government productions within 72 hours without imposing pre-conditions on their production, as it previously attempted to do.

(2) Whether Cortland will produce its correspondence with the Department of Justice ("DOJ") concerning the Civil Investigative Demand ("CID") and the DOJ investigation (including Cortland's responses to the CID itself), which Cortland thus far has not provided.

(3) Whether Cortland will provide the list of custodians used in connection with its DOJ productions (the "DOJ Custodians"), which Cortland committed to, but has yet to provide.

(4) Whether in response to Plaintiffs' 2nd Set of Requests for Production ("2nd RFPs"), Cortland will expand on its DOJ productions and either run search terms or apply the same TAR tool used for its DOJ productions, for the same DOJ Custodians from January 1, 2015 through October 24, 2020 (the latest starting period for certain DOJ CID items requested).

(5) What additional custodians (beyond the DOJ Custodians) and/or additional searches Cortland needs to provide to fully respond to Plaintiffs' 2nd RFPs, from the agreed upon relevant time period for discovery, January 1, 2015 through March 14, 2024.

In the alternative, Plaintiffs ask that the Court exempt Plaintiffs from the in-person conferral requirement as to Cortland so that Plaintiffs can file a Motion for Discovery Conference to raise appropriate issues with the Court in time for the September status conference.

Since March 2024, Plaintiffs (primarily via Scott + Scott associate Fatima Brizuela) have been conferring with Cortland about a variety of topics, including (*inter alia*) Cortland's responses and objections to Plaintiffs' 2nd RFPs and related issues including document custodians, search

methodology, government productions (including associated correspondence), geographic scope of discovery, and relevant time period for productions. Thus far, Cortland has made three productions along with a copy of its DOJ CID.[1] Of the 42 RFPs in Plaintiffs' 2nd RFPs, the CID and the documents produced in connection therewith account for one Request, in part (RFP No. 33); overlap to some degree (with significant limitations) with twenty-five Requests (RFP Nos. 25-29, 31, 32, 35-41, 44, 45, 47, 48, 54-57, 60, 64, and 65); and do not address or cover sixteen Requests at all (RFP Nos. 24, 30, 34, 42, 43, 46, 49-53, 58, 59, and 61-63).[2] They also do not cover the field in terms of the agreed upon time frame for discovery, custodians, and appropriate search methodology as to Plaintiffs' 2nd RFPs. Plaintiffs have engaged in extensive efforts to work through these issues, including eight audiovisual conferrals from March 2024 through August 2024, six letters, and numerous emails. Despite these efforts, numerous issues remain unresolved. In particular, the parties still have not reached agreement concerning Cortland's government

---

[1] On October 24, 2023, Cortland received a CID from the DOJ. On May 22, 2024, the Federal Bureau of Investigation raided Cortland's headquarters in Atlanta, Georgia. Shibu, Sherin, "Is One Company to Blame for Soaring Rental Prices in the U.S.?", Entrepreneur.com (June 4, 2024), available at https://www.entrepreneur.com/business-news/realpage-rent-price-fixing-probe-escalates-with-fbi-raid/475109. Cortland produced some records to the DOJ before April 26, 2024, produced another 1,304 documents to the DOJ on June 10, produced 60,000 more documents to the DOJ between June 10 and June 26; and (as of the date of this filing) has produced over 130,000 documents total to the DOJ. After committing to producing these records subject to Plaintiffs' agreement to accept them using DOJ formatting specifications (which Plaintiffs accepted despite being inconsistent with the ESI Protocol), Cortland then withheld the re-productions unless Plaintiffs agreed that they satisfied Cortland's production obligations in this case. Plaintiffs asked Cortland to provide a copy of the CID, a list of the custodians from whom the DOJ production was derived, clarification about the varying time frames in the DOJ production, and produce Cortland's responses to the DOJ CID and associated correspondence. Cortland provided only the CID itself. After Plaintiffs requested Cortland's position statement on the instant Motion by 10 a.m. CT on August 26, Cortland re-produced its government productions at 7:30 a.m. CT. that same day, provided no statement of its position, and continued to refuse any in-person conferral.

[2] Cortland did not produce the CID as formal discovery. Instead, it produced it for the sole purpose of negotiating the extent to which its DOJ productions satisfy Plaintiffs' 2nd RFPs.

productions, custodians, search methodology (including whether to use search terms or TAR), and what records Cortland needs to provide beyond its DOJ productions.

Plaintiffs asked Cortland multiple times to set an in-person conference to address discovery issues and have offered to travel to Denver (where Cortland's counsel is located). Nevertheless, Cortland refuses to set an in-person conference. This places Plaintiffs in an untenable position. Under the Court's March 8, 2024 Order (Dkt. 854), no party can bring a discovery issue to the Court unless they have met in person about that issue. Here, Cortland's refusal to set an in-person conference makes it impossible for Plaintiffs to bring any discovery issues to the Court's attention in compliance with those procedures. Moreover, as a practical matter, Plaintiffs' counsel has found that in-person conferences have, as the Court envisioned, been highly effective in facilitating agreements to avoid (or at least narrow) issues in dispute and to foster reasonable compromise. These conferrals have been effective with other Defendants. But Cortland's counsel will not even let Plaintiffs meet with them face-to-face to seek to bridge the gaps. This is frustrating both the letter and spirit of the Court's Order. Accordingly, Plaintiffs require Court relief.

In advance of the filing this Motion, Plaintiffs have engaged in the following relevant conferral efforts:

- March 11, 2024: Audiovisual conferral about custodians.

- March 14, 2024: Letter from Plaintiffs concerning custodians.

- March 21, 2024: Audiovisual conferral concerning custodians **and** letter from Cortland concerning custodians.

- March 28, 2024: Letter from Cortland concerning custodians.

- April 22, 2024: Email from Plaintiffs requesting conferral concerning Cortland's Responses and Objections to Plaintiffs' Second Set of Requests for Productions ("RFPs").

3

Case 3:23-md-03071   Document 964   Filed 08/27/24   Page 4 of 11 PageID #: 16358

- April 24, 2024: Audiovisual conferral concerning custodians, government production, search methodology, and relevant time period for discovery.

- April 30, 2024: Letter from Plaintiffs summarizing and following up on topics discussed during April 24 conferral (including custodians, government production, search terms, and time frame); **and** audiovisual conferral concerning government production, custodians, specific RFPs, and search methodology.

- May 24, 2024: Email correspondence from Plaintiffs requesting conferral on the relevant time period for discovery, geographic scope of productions, and Cortland's government productions.

- May 29, 2024: Email correspondence from Plaintiffs confirming conferral for May 30 and requesting that conferral also include discussion of Cortland's Responses and Objections to Plaintiffs' First Set of Requests for Admission ("RFAs") and Interrogatories.

- May 30, 2024: Audiovisual conferral concerning the geographic scope and relevant time period for discovery, Cortland's government production, and circumstances surrounding the FBI raid.

- June 12, 2024: Audiovisual conferral concerning Cortland's Responses and Objections to Plaintiffs' First Set of Interrogatories, Cortland's recent production of documents made to the DOJ, and Cortland's proposal for the production of DOJ documents here.

- June 14, 2024: Email correspondence from Cortland regarding search methodology and production formatting specifications used in connection with DOJ productions.

- June 20, 2024: Email from Plaintiffs concerning DOJ production, agreeing to Cortland's June 12 proposal for production of DOJ documents and timing for production.

- June 26, 2024: Email from Plaintiffs concerning timing of DOJ production; response from Cortland with second proposal concerning governmental production and RFPs; and email from Plaintiffs seeking a conferral with Cortland.

- June 27, 2024: Letter from Plaintiffs regarding Cortland's government productions and the parties' June 20, 2024 agreement concerning same.

- June 28, 2024: Audiovisual conferral concerning Cortland's government productions as they relate to Plaintiffs' Second Set of RFPs.

- August 7, 2024: Audiovisual conferral concerning Cortland's proposal for government production, time frame, and custodians as they relate to Plaintiffs' Second Set of RFPs.

- August 13, 2024: Letter from Plaintiffs rejecting Cortland's June 26 and August 7, 2024, proposals concerning its government production, search methodology, and custodians and offering availability the week of August 19th for an in-person conferral.

- August 20, 2024: Follow-up request to Cortland for in-person conferral concerning government production and related outstanding issues, including offering dates for Plaintiffs' counsel to travel to Denver.

- August 21, 2024: Cortland responds by declining to meet in person because "we are still within the conferral process on these subjects."

- August 22, 2024: Plaintiffs reiterate their request for an in-person conferral and preview the instant Motion if Cortland declines that request; **and** Cortland responds by stating that "[a]n in-person conferral is not warranted."

- August 22, 2024: Cortland sends a letter to Plaintiffs concerning government production, time frame, custodians, and search methodology, stating that it was "happy to discuss" these items, but that "any in-person conferral is premature."

- August 23, 2024: Plaintiffs email Cortland's counsel, stating that Plaintiffs intend to move the Court to compel Cortland to meet in person with Plaintiffs' counsel, and asking Cortland to provide a position statement on that motion by 10 a.m. on August 26.

Plaintiffs had intended to provide the Court with a joint dispute statement setting out each side's position on Plaintiffs' motion for a discovery conference to compel Cortland to meet with Plaintiffs in person. Plaintiffs asked for that statement by 10:00 a.m. CT yesterday (August 26). However, despite Plaintiffs' request, Cortland declined to provide its half of a position statement. Instead, it sent a letter stating that Plaintiffs "have not exercised 'good faith'" in their negotiations with Cortland, "nor is there a need for an in-person conferral under these circumstances." Accordingly, Plaintiffs attach their half of a position statement as **Attachment A** hereto.

Dated: August 27, 2024 /s/ *Tricia R. Herzfeld*
Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
**HERZFELD SUETHOLZ GASTEL LENISKI AND WALL, PLLC**
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37203
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com

*Liaison Counsel*

Patrick J. Coughlin
Carmen A. Medici
Fatima Brizuela
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 798-5325
Facsimile: (619) 233-0508
pcoughlin@scott-scott.com
cmedici@scott-scott.com
fbrizuela@scott-scott.com

Patrick McGahan
Amanda F. Lawrence
Michael Srodoski
G. Dustin Foster
Isabella De Lisi
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06145
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
pmcgahan@scott-scott.com
alawrence@scott-scott.com
msrodoski@scott-scott.com
gfoster@scott-scott.com
idelisi@scott-scott.com

Matthew J. Perez
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Ave., 17th Floor
New York, NY 10169

Telephone: (212) 223-6444
matt.perez@scott-scott.com

Stacey Slaughter
Geoffrey H. Kozen
Navy A. Thompson
Caitlin E. Keiper
J. Austin Hurt
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
sslaughter@robinskaplan.com
gkozen@robinskaplan.com
nthompson@robinskaplan.com
ckeiper@robinskaplan.com
ahurt@robinskaplan.com

Swathi Bojedla
Mandy Boltax
**HAUSFELD LLP**
888 16th Street, N.W., Suite 300
Washington, DC 20006
Telephone: (202) 540-7200
sbojedla@hausfeld.com
mboltax@hausfeld.com

Gary I. Smith, Jr.
Joey Bui
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
gsmith@hausfeld.com
jbui@hausfeld.com

Katie R. Beran
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: 1 215 985 3270
kberan@hausfeld.com

*Interim Co-Lead Counsel*

7

Eric L. Cramer
Michaela L. Wallin
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
ecramer@bm.net
mwallin@bm.net

Daniel J. Walker
**BERGER MONTAGUE PC**
1001 G. Street, NW
Suite 400 East
Washington, DC 20001
Telephone: (202) 559-9745
dwalker@bm.net

Brendan P. Glackin
Dean M. Harvey
Jules A. Ross
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, Suite 2900
San Francisco, CA 94111
Telephone: 415-956-1000
bglackin@lchb.com
dharvey@lchb.com
jross@lchb.com

Mark P. Chalos
Hannah R. Lazarz
Kenneth S. Byrd
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue South, Ste. 1640
Nashville, TN 37201
(615) 313-9000
mchalos@lchb.com
hlazarz@lchb.com
kbyrd@lchb.com

Benjamin J. Widlanski
Javier A. Lopez
Robert J. Neary
**KOZYAK TROPIN & THROCKMORTON LLP**

Christian P. Levis
Vincent Briganti
Peter Demato
Radhika Gupta
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
pdemato@lowey.com
rgupta@lowey.com

Christopher M. Burke
Walter W. Noss
Yifan (Kate) Lv
**KOREIN TILLERY P.C.**
707 Broadway, Suite 1410
San Diego, CA 92101
Telephone: (619) 625-5621
Facsimile (314) 241-3525
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

Joseph R. Saveri
Cadio Zirpoli
Kevin E. Rayhill
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
krayhill@saverilawfirm.com

Jennifer W. Sprengel
Daniel O. Herrera
Alexander Sweatman
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, IL 60603
Telephone: 312-782-4880
Facsimile: 312-782-4485

2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
bwidlanski@kttlaw.com
jal@kttlaw.com
rn@kttlaw.com

jsprengel@caffertyclobes.com
dherrera@caffertyclobes.com
asweatman@caffertyclobes.com

*Plaintiffs' Steering Committee Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Tricia R. Herzfeld*
Tricia R. Herzfeld
