# DISCOVERY DISPUTE STATEMENT

**Plaintiffs' Position**: Cortland Management, LLC ("Cortland") manages multifamily properties in multiple states that used RealPage Revenue Management Solutions ("RMS"). Plaintiffs served a second set of requests for production to Cortland in February 2024 ("2nd RFPs"). Since March 2024, Plaintiffs have been conferring with Cortland about a variety of topics. These include (*inter alia*) Cortland's responses and objections to Plaintiffs' 2nd RFPs and related issues including document custodians, search methodology, government productions (including associated correspondence). the geographic scope of discovery, and relevant time period for productions. Thus far, Cortland has made three productions along with a copy of a Civil Investigative Demand ("CID") from the Department of Justice ("DOJ"). The most recent production was on August 26, 2024, which included records that Cortland had produced to the DOJ months earlier.

Of the 42 RFPs in Plaintiffs' 2nd RFPs, the CID and the documents produced in connection therewith account for one Request, in part (RFP No. 33); overlap to some degree (with significant limitations) with twenty-five Requests (RFP Nos. 25-29, 31, 32, 35-41, 44, 45, 47, 48, 54-57, 60, 64, and 65); and do not address or cover sixteen Requests at all (RFP Nos. 24, 30, 34, 42, 43, 46, 49-53, 58, 59, and 61-63). They also do not cover the field in terms of the agreed upon time frame for discovery, custodians, and appropriate search methodology as to Plaintiffs' 2nd RFPs. Plaintiffs have engaged in extensive efforts to work through these issues, including eight audiovisual conferrals from March 2024 through August 2024, six letters, and numerous emails. Despite these efforts, numerous issues remain unresolved. In particular, the parties still have not reached agreement concerning Cortland's government productions, custodians, search methodology (including whether to use search terms or TAR), and what records Cortland needs to provide beyond its DOJ productions.

Plaintiffs have asked Cortland multiple times to meet in person to discuss outstanding discovery issues. Plaintiffs have even offered to travel to Denver (where Cortland's counsel is located). Nevertheless, Cortland refuses to set an in-person conference.

The Court's March 8, 2024 Order directed that the parties must meet in person before bringing any discovery issues to the Court for resolution. (Dkt. 854.) Plaintiffs have construed the Court's Order as both a requirement and as an effective means of resolving disputes. Plaintiffs have held in-person conferences with certain other Defendants who have been willing to meet. Those conferrals generally have been productive. They have either resolved certain issues or narrowed them. As the Court envisioned, when the lawyers meet face to face, it is more effective than trading letters or emails – or even talking over Zoom. But Cortland's counsel will not even let Plaintiffs meet with them face-to-face to seek to bridge the gaps. This is frustrating both the letter and spirit of the Court's Order.

Accordingly, Plaintiffs require Court relief. Plaintiffs request a discovery conference to seek an order compelling Cortland's counsel to participate in an in-person conferral with Plaintiffs in **Nashville on September 4, 2024.** The in-person conference would address at least the following issues, among others:

(1) Whether Cortland will commit to re-producing future government productions within 72 hours without imposing pre-conditions on their production, as it previously attempted to do.

(2) Whether Cortland will produce all of its correspondence with the DOJ concerning the CID and the DOJ investigation (including Cortland's responses to the CID itself), which Cortland thus far has not provided.

(3) Whether Cortland will provide the list of custodians used in connection with its DOJ productions (the "DOJ Custodians"), which Cortland committed to but has yet to provide.

(4) Whether in response to Plaintiffs' 2nd RFPs, Cortland will expand on its DOJ productions and either run search terms or apply the same TAR tool used for its DOJ

productions, for the same DOJ Custodians from January 1, 2015 through October 24, 2020 (the latest starting period for certain DOJ CID items requested).

(5) What additional custodians (beyond the DOJ Custodians) and/or additional searches Cortland needs to provide to fully respond to Plaintiffs' 2nd RFPs, from the agreed upon relevant time period for discovery, January 1, 2015 through March 14, 2024.

In the alternative, Plaintiffs ask that the Court exempt Plaintiffs from the in-person conferral requirement as to Cortland so that Plaintiffs can file a Motion for Discovery Conference to raise appropriate issues with the Court in time for the September status conference.

**Cortland's Position**: [Plaintiffs asked for Cortland to provide Cortland's portion of the position statement. It has declined to do so.]