UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>JURY DEMAND<br><br>Judge Waverly D. Crenshaw, Jr.<br><br>This Document Relates to:<br>ALL CASES |

### PLAINTIFFS' REPORT CONCERNING COMMON BENEFIT FEES

On June 28, 2023, the Court entered a Protocol for Common Benefit Work and Expenses (Dkt. 302) (the "Protocol"). The Protocol sets out requirements and guidance for all common benefit work and expenses by counsel for Plaintiffs. On June 13, 2024, Plaintiffs filed a Report to the Court Seeking Re-Appointment. (Dkt. 923.) On June 24, 2024, the Court set a telephone conference with Plaintiffs' leadership team. (Dkt. 931.) On the call, the Court asked that Plaintiffs make a further common benefit submission. Plaintiffs submit this Report to comply with the Court's directive. Consistent with the underlying Protocol, this Report also includes information on leadership's efforts to assign substantial work to female attorneys, young attorneys, and attorneys of color.

### RELEVANT REQUIREMENTS OF THE COMMON BENEFIT PROTOCOL

The Protocol directs Lead Counsel to (a) collect submissions for common benefit time and expenses on a monthly basis; (b) audit those submissions for compliance with the Protocol; and (c) inform counsel when a submission is out of compliance. The Protocol sets out non-exhaustive

1

categories of compensable work,[1] limitations on travel and other expenses (along with requirements for how they should be categorized and what details they should include),[2] and timekeeping protocols (including coding them according to one of 19 categories and disallowing block billing).[3] It also requires bidding for document hosting, eDiscovery, and Court Reporting Services.[4] The Protocol further requires Lead Counsel, Liaison Counsel, and members of the PSC to contribute to a fund to pay shared expenses in the case (such as expert fees, document depository costs, and court filing and service costs, among others).[5] It directs that, where possible, Plaintiffs' counsel should assign substantive work to female attorneys, attorneys under 30 years of age, and attorneys of color.[6] Finally, the Protocol directs that Plaintiffs' counsel should exercise "billing judgment" to ensure that work performed or expenses incurred is: (a) for the common benefit of Plaintiffs; (b) timely submitted; and (c) reasonable.[7]

## PLAINTIFFS' COUNSEL HAVE COMPLIED WITH THE PROTOCOL

### I. Auditing

Lead Counsel have collected and audited monthly billing and expense reports from all Participating Counsel[8] to ensure compliance with the Protocol. As the Protocol requires,

---

[1] *See* Dkt. 302 at 3–4 (identifying compensable work on Consolidated Pleadings and Briefs, Depositions, Periodic MDL Status Conferences, Identification and Work-Up of Experts, Discovery and Document Analysis, Review of Court Filings and Orders, and certain Emails and Correspondence).
[2] Dkt. 302 at 5–6.
[3] Dkt. 302 at 7; *see also* Dkt. 302 at 10–11 (setting out formatting and timing requirements for monthly submissions).
[4] Dkt. 302 at 8.
[5] Dkt. 302 at 8–9.
[6] Dkt. 302 at 1.
[7] *Id*.
[8] *See* Dkt. 302 at 1 (defining "Participating Counsel" as "Interim Co-Lead Counsel ('Lead Counsel'), Liaison Counsel and members of the Plaintiffs Steering Committee ('PSC') (along with members and staff of their respective firms), and any other counsel or law firm authorized by Lead Counsel to perform work that may be considered for common benefit compensation, and counsel

Participating Counsel have submitted itemized time entries and itemized expenses in compliance with the Court-ordered format. The auditing process of these entries and expenses is thorough.

***Billing***: Each line is reviewed according to the Court-ordered criteria, including for appropriate formatting, categorization, sufficient descriptions, reasonableness, and to ensure no block billing. For any items flagged by the audit as out of compliance, the Participating Counsel that submitted those items receives a report back to address them. The common benefit hours identified in this Report (*see* Attachment A) have been subject to this process and determined by Lead Counsel to reflect work reasonably performed for the common benefit of Plaintiffs and prospective class members.[9]

***Expenses***: Each line is reviewed according to the Court-ordered criteria, including for appropriate formatting, categorization, sufficient descriptions, compliance with the Court's directives on expenses (such as travel limitations), and reasonableness. The common benefit expenses identified in this Report (*see* VI., below) have been subject to this process and determined by Lead Counsel to reflect work expenses incurred for the common benefit of Plaintiffs and prospective class members. With respect to travel costs, Participating Counsel have adhered to the Court-ordered limitations. For example, no one has used private or charter travel (and counsel have otherwise followed the airfare requirements), hotels have been charged at or below the average available room rates for a reasonable business hotel, and parties have billed only reasonable car expenses (such as rideshare rides to and from the airport).

---

who have been specifically approved by this Court as Participating Counsel prior to incurring any such cost or expense.").

[9] Leadership recognizes that, at an appropriate time, the reasonableness and compensability of these entries ultimately is an issue within the Court's sole discretion. (*See* Dkt. 302 at 2.)

## II. Competitive Bidding

There are currently 41 active Defendant families in this matter.[10] Plaintiffs anticipate that this case will involve an extraordinary amount of document discovery.[11] This expectation required the retention of a qualified eDiscovery vendor capable of handling the volume and pace of productions in the case, and with a suitable hosting and review platform. Plaintiffs accepted bids from multiple highly qualified vendors. Through that bidding process, Lead Counsel selected CS DISCO, Inc. ("DISCO") to serve as its eDiscovery/document hosting vendor. DISCO is a highly qualified company that specializes in providing eDiscovery services in complex cases, including cutting edge analytical and document processing tools. In addition to being exceptionally well-suited to meet the needs of this case, DISCO also submitted the most competitive bid. Accordingly, as the Court directed, Plaintiffs were able to obtain "the best services for the best price without sacrificing quality." (Dkt. 302 at 8)

## III. Reasonable Common Benefit Work Performed by Attorneys

This case has involved significant common benefit work to date. This includes, among other things:

- Conducting significant factual and legal research to benefit the Class in order to build the case and support Plaintiffs' complaint allegations. Chart #1 in Attachment A separates out this work (case inception through June 2023).

---

[10] This total excludes Defendants who have reached settlements in principle or for whom discovery is stayed pending settlement negotiations.

[11] For example, RealPage re-produced its production to the Department of Justice, with the majority of documents only covering 2020 onwards. That production alone includes over 800,000 documents.

- Common benefit work performed by non-appointed firms, as included in the Court's definition of Participating Counsel (set forth in Attachment A, Chart #4). (*See* Dkt. 302 at 1 (defining "Participating Counsel").)

- Preparing consolidated amended complaints, briefing multiple rounds of motions to dismiss, conferring to narrow the issues, and arguing the motions. (Dkt. 314, 378, 384, 385, 388-390, 528, 530, 544, 63, 612-616, 618-19, 621, and 623.)

- Negotiating extensively over relevant orders and protocols, including briefing them where necessary. (*See* Dkt. 814, 815, 816, 818, 822, 828, 908, and 911.)

- Participating in conferences with the Court (Dkt. 243, 486, 495, 847, and 880) and preparing Joint Status Reports to the Court before each conference and in response to specific requests by the Court. (*See* Dkt. 546, 706, 835, 841, 883, 909, 920, 937, 947, 978.)

- Responding to multiple rounds of discovery by Defendants, including requests for production, three sets of interrogatories, and requests for admission. Plaintiffs have engaged in numerous conferrals with Defendants both orally and in writing about discovery of Plaintiffs. Plaintiffs' counsel are also utilizing a large document review team to review documents for responsiveness to Defendants' requests.

- Extensive and continuous settlement and mediation efforts, including participating in (and preparing for) three daylong mediation sessions, engaging in dozens (if not hundreds) of additional settlement discussions through mediators or bilaterally with certain other Defendants, reviewing and responding to information provided under Rule 408, and negotiating settlement terms with particular Defendants.

- Regular meetings and communication among Leadership, Liaison Counsel, and the PSC, in order to ensure coordination and consistency of discovery across multiple Defendants.

5
Case 3:23-md-03071   Document 991-1   Filed 09/20/24   Page 5 of 20 PageID #: 16558

Plaintiffs have reasonably devoted a substantial amount of common benefit work to conducting discovery of Defendants. Plaintiffs served document requests on all Defendants, including requests tailored to RealPage, Thoma Bravo, and the Property Defendants. These included requests for relevant data maintained by the Defendants (the "structured data" requests) and requests for other relevant records maintained by the Defendants (the "unstructured data" requests). Plaintiffs have also served requests for admission and interrogatories on the Defendants.

After Defendants responded to these requests, Plaintiffs have been engaged in extensive conferrals about Defendants' objections and responses. In the interest of efficiency, Plaintiffs originally proposed that the parties could handle the conferrals globally, given that there are numerous common issues, but Defendants declined and instead asked that Plaintiffs handle these conferrals on a defendant-by-defendant basis. Accordingly, Lead Counsel, Liaison Counsel, and the PSC firms were each assigned primary responsibility to confer with particular defendants. Because Defendants served responses with copious general and specific objections, Plaintiffs have spent a substantial amount of time conferring with Defendants individually about what the objections are, what is being withheld based on objections, and what supplementation is warranted. Plaintiffs have also spent significant time negotiating with Defendants about: custodians and search terms; time frame limitations; geographic scope; seeking to obtain Defendants' governmental productions and associated records; and working out protocols for the potential use of Technology Assisted Review with particular Defendants. As of July 31, 2024, Plaintiffs participated in 11 in-person conferrals with particular Defendants—all of which (at Defendants'

request) took place outside Nashville at a location convenient for defense counsel, requiring extensive travel by numerous plaintiffs' counsel.[12]

Plaintiffs' counsel have also had to spend substantial time addressing structured data issues. This includes conferrals with RealPage about its data, and time reviewing, analyzing, and following up about RealPage's data and the way its algorithmic pricing programs function. Plaintiffs had hoped to streamline structured data discovery by relying only (or at least primarily) on RealPage's own data to provide relevant lease transaction data for all Defendants. After review of RealPage's data, however, Plaintiffs ascertained that it was missing key data for each Defendant, and so Plaintiffs could not rely only on RealPage's data for its expert reports. Accordingly, Plaintiffs' counsel have also reasonably spent time conferring with individual Defendants about their structured data (including analyzing and following up about their structured data samples and any Defendant-specific considerations).

Document review has also required a substantial amount of work. RealPage's DOJ production alone contains over 800,000 documents. Plaintiffs anticipate that Defendants' productions will only get larger as negotiations proceed. ██████████████████████████████████████████████████████████████████████████████████████████

## IV. Opportunities for Substantial Work

Per the Protocol, female attorneys, attorneys under 30, and attorneys of color have been assigned substantial work. Of the four appointed leadership and liaison counsel in this case, three are women, one of whom identifies as an attorney of color. Since the case's inception, 35 attorneys

---

[12] The parties did have two in-person conferrals in Nashville, but both were unrelated to discovery of individual Defendants. The first was on July 11, 2023, concerning scheduling. The second was on April 17, 2024, concerning the proposed supplemental order on deposition limits.

who identify as females, 18 attorneys who identify as attorneys of color, and 10 attorneys who are under 30 have contributed substantial work. Plaintiffs also note that substantial work has been assigned to 26 attorneys under 40, and 25 attorneys that have practiced for 10 years or less.[13] The contributions of these attorneys reflect more than just demographic diversity: they reflect a diversity of experiences, thoughts, and viewpoints that have benefited the successful prosecution of this litigation for Plaintiffs and prospective class members. For example:

*Fatima G. Brizuela* **(Scott+Scott – Co-Lead Firm)**: Attorney Fatima Brizuela began practicing law in 2016. Born in Asuncion, Paraguay, Ms. Brizuela came to this country after fleeing a thirty-years long dictatorship in her birth country. That experience helped shape her passion for justice, and for free and fair competition. She is an active member of the American Bar Association's Antitrust Section, the Young Lawyer's Division, the Committee to Support the Antitrust Laws (COSAL), and the American Antitrust Institute (AAI). Ms. Brizuela has participated on various panels, Q&As, and a mock trial—all concerning algorithmic price fixing – as well as Diversity, Equity, and Inclusion efforts in the antitrust bar. She has received numerous recognitions for her outstanding achievements in civil litigation and been honored on the U.S. News & World Report's "Ones to Watch" list since its inaugural edition in 2021 through the most recent 2025 edition, published earlier this month. In 2020, she was named on the "Top 40 under 40" list by the San Diego Daily Transcript. Ms. Brizuela was recognized as a "Woman of Influence in the Law" in 2021 by the San Diego Business Journal, and awarded the 2021 Pro Bono Publico award for her volunteer work in providing pro bono legal services to victims of human rights and civil rights violations by Casa Cornelia Law Center. In this MDL, Ms. Brizuela has been

---

[13] Please note that, in some circumstances, there is overlap among the categories listed in this paragraph.

8

Case 3:23-md-03071    Document 991-1    Filed 09/20/24    Page 8 of 20 PageID #: 16561

instrumental in drafting pleadings, including the operative Second Amended Complaint, and has had primary responsibility for handling discovery negotiations and in-person conferrals with multiple Defendants, including RealPage, Inc., the Thoma Bravo Defendants, Cortland Management, LLC, RPM Living, LLC, and BH Management Services, LLC. Ms. Brizuela has taken the lead in conferring with the LRO Defendants and Defendant Equity about discovery served by the LRO Defendants, handling Plaintiffs' discovery responses—including overseeing a document review team – and providing guidance to members of Plaintiffs' Steering Committee concerning discovery negotiations.

*Joey Bui* **(Hausfeld - Co-Lead Firm)**: Attorney Joey Bui began practicing law in 2021. She is Vietnamese Australian, earned her undergraduate degree at New York University Abu Dhabi in Abu Dhabi, United Arab Emirates, and earned her J.D. from Harvard Law School. While working at the Harvard International Human Rights Clinic, Ms. Bui co-authored the first report to find that recent state-sanctioned massacres in Haiti were crimes against humanity. At law school, she won the Dean's Award for Community Leadership for her work as President of First Class, the organization for first generation college students and low-income students. Before earning her J.D., Ms. Bui was a writer who, among other publications, published a collection of short stories (*Lucky Ticket*) about migration—earning her various recognitions, nominations, and awards in Australia. In this MDL, Ms. Bui contributed drafting in the motions to dismiss briefing; handled discovery conferrals, including in-person conferrals, with Defendants Bell Partners, Equity, Lincoln, CWS, Brookfield, and ECI; and is part of the document review supervision team.

*Caitlin Keiper* **(Robins Kaplan – Co-Lead Firm)**: Attorney Caitlin Keiper began practicing law in 2017. Before joining Robins Kaplan, Ms. Keiper served as a judicial clerk to the Honorable Chief Justice Robert J. Lynn of the New Hampshire Supreme Court (retired) and as a

9

Case 3:23-md-03071 Document 991-1 Filed 09/20/24 Page 9 of 20 PageID #: 16562

Special Assistant U.S. Attorney with the Criminal Appeals Unit of the U.S. Attorney's Office for the District of Massachusetts, where she received the Excellence in Justice Award twice. Ms. Keiper also has experience representing *pro bono* clients in the contexts of appellate criminal defense, child protective services cases (including children), custody disputes, employment litigation, and eviction expungement petitions. She is an active member of COSAL and the Federal Bar Association Antitrust Practice Group. Before receiving her J.D., Ms. Keiper worked as an editorial project manager in legal book publishing for Thomson Reuters. In this MDL, Ms. Keiper contributed drafting in the motions to dismiss briefing, the proposed supplemental order on deposition limits, and joint status reports. She has had primary responsibility for handling discovery conferrals with Defendant Sares Regis and has contributed to discovery conferrals with Defendants Morgan Properties and Mid-America. Ms. Keiper also coordinates with all Plaintiffs' counsel responsible for handling discovery conferrals, including tracking the status of ongoing negotiations and leading weekly calls with the PSC firms, and is part of the document review supervision team.

*Stephanie Chen* **(Robins Kaplan – Co-Lead Firm)**: Attorney Stephanie Chen has been practicing law since 2018. During law school, Ms. Chen was the 2016 recipient of the Fredrikson & Byron Foundation Minority Scholarship. She was named a "North Star Lawyer" by the Minnesota Bar Association for her *pro bono* work, named a "Minnesota Rising Star" by Super Lawyers in 2022 and 2023, and included on the Lawyers of Color Hot List in 2023. She is an advocate for diversity and inclusion in the legal profession. In this MDL, Ms. Chen played a significant role in drafting the operative Second Amended Complaint and Plaintiffs' Opposition to certain Defendants' Motion to Dismiss for Failure to State a Claim as to Agency Liability. She also was integral in drafting Plaintiffs' discovery requests. In April 2024, Ms. Chen departed

Robins Kaplan to accept a position as in-house counsel at a major health insurance company, advising on antitrust litigation and investigations.

***Isabella De Lisi* (Scott+Scott – Co-Lead Firm):** Attorney Isabella De Lisi has been practicing law since 2022. Before law school, Ms. De Lisi worked in investigative journalism, start-up management, and children's system design. She is currently a Member of the Sedona Conference and regularly attends various e-discovery conferences. In this MDL, Ms. De Lisi has the primary responsibility for communicating with named Plaintiffs and managing Plaintiffs' production obligations along with Fatima Brizuela. She has also taken a lead role in navigating e-discovery issues arising in this MDL and in managing and overseeing first-line document reviewers. In law school, Ms. De Lisi served as the Senior Articles Editor for the Connecticut Public Interest Law Journal, President of the Italian American Law Students Association, and Secretary for the First-Generation Law Students Association at the University of Connecticut School of Law.

***Mandy Boltax* (Hausfeld – Co-Lead Firm)**: Attorney Mandy Boltax has been practicing law since 2022. Before law school, Ms. Boltax worked as a software engineer (programming mobile and web applications) and worked with small tech startups on diverse issues including food justice and sustainability, educational access, and animal welfare. In law school, she specialized in academic writing and legal history research with a focus on the civil rights era, American antitrust doctrine, and race, poverty, and the law. Ms. Boltax is an active member of Hausfeld's LGBTQ+ Alliance Group. In this MDL, Ms. Boltax, as part of the document review supervision team, has shared responsibility for overseeing the review of Defendants' productions in the case—including periodically advising the first-line document review team. Ms. Boltax has also played an active role in motion practice and legal research.

*Labeat Rrahmani* **(Korein Tillery – PSC Firm):** Attorney Labeat Rrahmani has practiced law since 2019. Born in Kosovo, Mr. Rrahmani immigrated with his family as refugees to the United States in 1999. Before law school, he studied Political Science, Economics, and Philosophy at DePaul University. Since graduating law school, Mr. Rrahmani has focused his practice on Antitrust Litigation. Mr. Rrahmani also has experience representing *pro bono* clients in obtaining federal habeas relief, advocating for elderly tenants in housing-related matters, and litigating SNAP-related class action claims. In this MDL, Mr. Rrahmani has had primary responsibility for discovery conferrals with Defendants Essex and Trammell Crow.

*Mohammed Rathur* **(Cafferty Clobes – PSC Firm):** Attorney Mohammed Rathur has been practicing law since 2020. Prior to his litigation experience, Mr. Rathur worked with federal and state court judges in the Eastern District of Michigan and the Circuit Court of Cook County. He also worked in the Civil Rights Division of the U.S. Department of Justice. Mr. Rathur has extensive experience in prosecuting complex class actions, specializing in employment, data privacy, consumer protection, and antitrust law. Mr. Rathur is an active member of the Muslim Bar Association of Chicago, the National Association of Muslim Lawyers, and the South Asian Bar Association. In this MDL, Mr. Rathur has had significant responsibility for the conferral process with Defendants FCM and Rose, including leading calls, reviewing productions, and drafting correspondence and updates to lead counsel.

*Nyran Rasche* **(Cafferty Clobes – PSC Firm)**: Attorney Nyran Rasche has been practicing law since 2001. Prior to private practice, she served as a law clerk to Oregon Supreme Court Justice George A. Van Hoomissen. She is a frequent speaker on discovery issues and has extensive experience prosecuting class actions, including antitrust class actions. She is the author of *Market Allocation through Contingent Commission Agreements: Strategy and Results in In re*

*Insurance Brokerage Antitrust Litigation*, The Exchange: Insurance and Financial Services Developments (Spring 2015) (with Ellen Meriwether). In this MDL, Ms. Rasche has had primary responsibility for discovery conferrals with Defendants Rose, Related, Kairoi, and FCM.

*Jules Ross* **(Lieff Cabraser – PSC Firm):** Attorney Jules Ross began practicing law in 2022. Before law school, she earned a Bachelor of Science Degree in Economics and worked for the Council of Economic Advisors and the Council on Foreign Relations. She is a Co-Chair of the Committee to Support the Antitrust Laws' Young Lawyer Division. In this MDL, Ms. Ross has had primary responsibility for discovery conferrals with Defendants Mission Rock, CH, and Highmark (including an in-person conferral with Mission Rock).

*Michaela Wallin* **(Berger Montague – PSC Firm)**: Attorney Michaela Wallin has been practicing law since 2013. She has played significant roles in class actions challenging anticompetitive conduct in a variety of industries, including conspiracies to fix the prices of commodities, to suppress workers' wages, and to keep less-expensive pharmaceuticals off the market. Prior to joining Berger Montague, Ms. Wallin served as a judicial clerk for the Honorable James L. Cott of the United States District Court for the Southern District of New York. She also completed an Equal Justice Works Fellowship at the ACLU Women's Rights Project, where she challenged local laws that target domestic violence survivors for eviction and impede tenants' ability to call the police. In this MDL, Ms. Wallin has had primary responsibility for discovery conferrals with Defendants Security Properties, Simpson, and ZRS.

Leadership intends to continue making similar assignments in the future as new opportunities arise, including opportunities to argue in court.

V. **Hourly Rates**

Per the Protocol, the hourly rate for first-line document reviewers is capped at $350 per hour. (*See* Dkt. 302 at 8, ¶ 4.C.) Otherwise, Participating Counsel have recorded their time at their present hourly rates. (*Id.*)

VI. **Common Benefit Expenses**

Per the Protocol, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to the shared litigation fund. (*See* Dkt. 302 at 8, ¶ 5.a.) Through July 31, 2024, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The majority of Participating Counsel's shared costs fall into the following three categories: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Through July 31, 2024, Participating Counsel have incurred ▮▮▮▮ in held costs. The majority of Participating Counsel's held costs fall into the following categories: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

VII. **Total Hours to Date**

Through July 31, 2024, Participating Counsel have performed ▮▮▮▮ hours of common benefit work. Plaintiffs have prepared the following charts for the Court's consideration in Attachment A:

> **Chart #1:** Depicting Lead, Liaison, and PSC firms' time and associated fees by category from case inception through June 2023. As stated above, this accounts for all time spent researching and building the case, including identifying named Plaintiffs and drafting the initial complaint.
>
> **Chart #2:** Lead and Liaison firms' time and associated fees by category from July 2023 through July 2024.
>
> **Chart #3:** PSC firms' time and associated fees by category from July 2023 through July 2024.

**Chart #4:** Non-appointed firms' common benefit time and associated fees from case inception through July 2024.

As noted above, these charts reflect time that has been recorded subject to the Protocol and that Lead Counsel believes has been reasonably expended.

Dated: September 20, 2024

/s/ *Tricia R. Herzfeld*
Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
**HERZFELD SUETHOLZ GASTEL LENISKI AND WALL, PLLC**
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37203
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com

*Liaison Counsel*

Patrick J. Coughlin
Carmen A. Medici
Fatima Brizuela
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 798-5325
Facsimile: (619) 233-0508
pcoughlin@scott-scott.com
cmedici@scott-scott.com
fbrizuela@scott-scott.com

Patrick McGahan
Amanda F. Lawrence
Michael Srodoski
G. Dustin Foster
Isabella De Lisi
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06145
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
pmcgahan@scott-scott.com
alawrence@scott-scott.com

msrodoski@scott-scott.com  
gfoster@scott-scott.com  
idelisi@scott-scott.com  

Matthew J. Perez  
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**  
230 Park Ave., 17th Floor  
New York, NY 10169  
Telephone: (212) 223-6444  
matt.perez@scott-scott.com  

Stacey Slaughter  
Thomas J. Undlin  
Geoffrey H. Kozen  
Navy A. Thompson  
J. Austin Hurt  
Caitlin E. Keiper  
**ROBINS KAPLAN LLP**  
800 LaSalle Avenue, Suite 2800  
Minneapolis, MN 55402  
Telephone: (612) 349-8500  
Facsimile: (612) 339-4181  
sslaughter@robinskaplan.com  
tundlin@robinskaplan.com  
gkozen@robinskaplan.com  
nthompson@robinskaplan.com  
ahurt@robinskaplan.com  
ckeiper@robinskaplan.com  

Swathi Bojedla  
Mandy Boltax  
**HAUSFELD LLP**  
888 16th Street, N.W., Suite 300  
Washington, DC 20006  
Telephone: (202) 540-7200  
sbojedla@hausfeld.com  
mboltax@hausfeld.com  

Gary I. Smith, Jr.  
Joey Bui  
**HAUSFELD LLP**  
600 Montgomery Street, Suite 3200  
San Francisco, CA 94111  
Tel: (415) 633-1908  
gsmith@hausfeld.com  
jbui@hausfeld.com  

16

Katie R. Beran
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: 1 215 985 3270
kberan@hausfeld.com

*Interim Co-Lead Counsel*

17
Case 3:23-md-03071   Document 991-1   Filed 09/20/24   Page 17 of 20 PageID #: 16570

Eric L. Cramer
Michaela L. Wallin
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
ecramer@bm.net
mwallin@bm.net

Daniel J. Walker
**BERGER MONTAGUE PC**
1001 G. Street, NW
Suite 400 East
Washington, DC 20001
Telephone: (202) 559-9745
dwalker@bm.net

Brendan P. Glackin
Dean M. Harvey
Jules A. Ross
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, Suite 2900
San Francisco, CA 94111
Telephone: 415-956-1000
bglackin@lchb.com
dharvey@lchb.com
[jross@lchb.com](mailto:jross@lchb.com)

Mark P. Chalos
Hannah R. Lazarz
Kenneth S. Byrd
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue South, Ste. 1640
Nashville, TN 37201
(615) 313-9000
mchalos@lchb.com
hlazarz@lchb.com
kbyrd@lchb.com

Benjamin J. Widlanski
Robert Neary
**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor

Christian P. Levis
Vincent Briganti
Peter Demato
Radhika Gupta
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
pdemato@lowey.com
rgupta@lowey.com

Christopher M. Burke
Walter W. Noss
Yifan (Kate) Lv
**KOREIN TILLERY P.C.**
401 West A. Street, Suite 1430
San Diego, CA 92101
Telephone: (619) 625-5620
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

Labeat Rrahmani
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
lrrahmani@koreintillery.com

Joseph R. Saveri
Cadio Zirpoli
Kevin E. Rayhill
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
krayhill@saverilawfirm.com

Jennifer W. Sprengel
Daniel O. Herrera
Nyran Rose Rasche

Coral Gables, Florida 33134
Telephone: (305) 372-1800
bwidlanski@kttlaw.com
rn@kttlaw.com

Alexander Sweatman
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, IL 60603
Telephone: 312-782-4880
Facsimile: 312-782-4485
jsprengel@caffertyclobes.com
dherrera@caffertyclobes.com
nrasche@caffertyclobes.com
asweatman@caffertyclobes.com

*Plaintiffs' Steering Committee Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 20, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

                                                   */s/ Tricia R. Herzfeld*
                                                   Tricia R. Herzfeld