**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | ) ) ) ) ) ) ) ) | NO. 3:23-md-03071<br>MDL No. 3071<br><br>Judge Waverly D. Crenshaw, Jr.<br><br>This Document Relates to:<br>ALL CASES |

**JOINT STATUS REPORT**

I.   Settlement

    A.    Updated Status as of March 29, 2024

    Plaintiffs have reached settlement agreements in principle with Defendants Apartment Income REIT, Corp., d/b/a AIR Communities ("AIR"); Avenue5 Residential, LLC; and Pinnacle Property Management Services, LLC ("Pinnacle"). Plaintiffs are working with AIR and Pinnacle to document their in-principle settlement agreements, and subsequently file with the Court preliminary approval papers.

    Scheduled and prior mediation sessions are as follows:

| | |
|---|---|
| Scheduled for April 8, 2024 Mediation in Washington, D.C. with Layn Philips | Bell Partners Inc. ("Bell"), BH Management Services, LLC ("BH"), Camden Property Trust ("Camden"), ConAm Management Corporation ("ConAm"),  Equity Residential ("Equity"), Greystar Management Services, LLC, ("Greystar"), Highmark Residential ("Highmark"), LLC, Independence Realty Trust, Inc. ("IRT"); Lincoln Property Co. ("Lincoln"), Morgan Properties Management Company, LLC ("Morgan Properties"), RealPage, Inc., RPM Living, LLC ("RPM"), Security Properties Residential, LLC ("Security Properties"), Sherman Associates, Inc. ("Sherman"), The Related Companies, L.P. and Related Management Company, L.P. ("Related"), Thoma Bravo, L.P., Thoma Bravo Fund XIII, L.P., Thoma Bravo Fund XIV, L.P. ("the Thoma Bravo Defendants"), Thrive Communities Management, LLC ("Thrive"), UDR, Inc. ("UDR"), Windsor Property Management Company ("Windsor"), WinnCompanies LLC and WinnResidential Manager Corp. ("Winn"). |

| | |
|---|---|
| Participated in March 15, 2024 Mediation with Layn Phillips and Clay Cogman (10 hours) | Defendants Apartment Management Consultants, LLC ("AMC"); Bozzuto Management Company ("Bozzuto"); First Communities Management, Inc. ("FCM"); FPI Management, Inc. ("FPI"); Mission Rock Residential, LLC; Rose Associates Inc. ("Rose"); Sares Regis Group Commercial, Inc. ("Saris Regis"); and ZRS Management, LLC ("ZRS"). |
| Participated in October 24, 2023 Mediation with Layn Phillips and Clay Cogman (6 hours) | Plaintiffs and Defendants AIR; Allied Orion; Brookfield Properties Multifamily LLC ("Brookfield"); CH Real Estate Services, LLC; ConAm; CONTI Texas Organization, Inc., d/b/a CONTI Capital ("CONTI"); Cortland Management, LLC ("Cortland"); CWS Apartment Homes LLC ("CWS"); Dayrise Residential, LLC ("Dayrise"); ECI Management, LLC ("ECI"); Essex Property Trust, Inc. ("Essex"); FCM; Independence Realty Trust, Inc. ("IRT"); Kairoi Management, LLC ("Kairoi"); Knightvest Residential ("Knighvest"); Lantower Luxury Living, LLC ("Lantower"); Mid-America Apartment Communities, Inc. and Mid-America Apartments, L.P. ("MAA"); Mission Rock; Morgan Properties; Prometheus Real Estate Group, Inc.; Related; Rose; Simpson Property Group, LLC; Sares Regis Group Commercial, Inc.; Sherman; Trammell Crow Residential Company and Crow Holdings, LP; Windsor Property Management Company; Winn.[1] |

Plaintiffs and Defendants who participated in these mediations have continued discussions through the mediators and bilaterally.

As to the remaining Defendant, Knightvest, the parties are now engaged in case resolution discussions.

The parties do not currently view any legal issues as an impediment to settlement. Plaintiffs believe that fulsome discovery, however, will be needed to contribute to more robust and meaningful settlement discussions going forward.

B.     May 10, 2024 Report:

a.  Pursuant to the Court's order (Dkt. 898), the parties will no longer provide settlement updates in joint status reports.

---

[1] This mediation was also attended by Defendants Campus Advantage, Inc.; Cardinal Group Holdings LLC; CA Ventures Global Services, LLC; and Timberline Real Estate Ventures LLC, all of which have since been dismissed from the case.

II.  Discovery

    A.  Below is the status of each of the following, including the date the described discovery was served, the deadline for response, and any known or anticipated discovery issues (e.g. preservation of evidence, privilege issues, or confidentiality issues).  Fact discovery must be completed by November 21, 2025.  (Dkt. 818 at 2.)

        1.  Requests for Documents

            (a)  March 29, 2024 Report:

                (i)  Plaintiffs

Plaintiffs served their First Set of Requests for Production and Second Set of Requests for Production on February 16, 2024. On March 18 and 19, 2024, most Defendants[2] served their responses and objections to those requests.  Plaintiffs are in the process of conferring with each Defendant about those responses and objections.  The parties began meeting and conferring with Defendants regarding proposed document custodians on March 9, 2024, and those discussions are ongoing.[3]

                (ii)  Defendants

Defendants served their First Set of Requests for Production on March 4, 2024.  Plaintiffs' deadline to respond is April 3, 2024.

---

[2] Defendants Rose, Sares Regis and the Thoma Bravo Defendants negotiated extensions to their deadlines to serve their responses and objections.  The Thoma Bravo Defendants will serve their responses and objections on the agreed-upon deadline of March 29, 2024.  Sares Regis will serve their responses and objections within 5 days, and Rose within 10 days, after transfer back to this Court.  Consistent with their previous submissions in the *Kabisch* matter, CONTI and Prometheus did not serve their responses and objections by this date. *See* Dkt #776 at 1 n.1.  CONTI did not serve responses and objections as to *Vincin*.  Meet and confers with CONTI and Prometheus are ongoing.  AMC was served with Plaintiffs' First and Second Sets of Requests for Production on March 22, 2024, to which responses are due April 22, 2024.

[3] Defendants CONTI, Prometheus, and Rose have not yet met and conferred with Plaintiffs regarding custodians during the pendency of their transfer back into this MDL.

(b)     May 10, 2024 Report:

(i)     Plaintiffs

The parties are continuing to meet and confer regarding Defendants' responses and objections to Plaintiffs' First Set of Requests for Production and Second Set of Requests for Production.[4] Plaintiffs anticipate that global issues relating to the time frame and geographic scope of production, as well as some Defendants' position regarding production of documents produced to government regulators, may become ripe before the next monthly status report. The parties are continuing to meet and confer regarding Defendants' proposed document custodians and those discussions are ongoing.

For three of the Defendants whose claims were severed sua sponte from the *Kabisch v. RealPage, Inc.*, 3:23-cv-00742, action and transferred to other venues and then back to the Court pursuant to CTO-6 (Dkt. 879) on April 5, 2024— Prometheus, Sares Regis, and Rose—the parties have agreed to preliminary schedules related to Plaintiffs' document requests (Dkt. 883 at 3-5).

(ii)     Defendants

On April 3, 2024, Plaintiffs served their responses and objections to Defendants' First Set of Requests for Production. Defendants continue to review Plaintiffs' responses and objections and will meet and confer regarding the adequacy of those responses and objections.

(c)     June 7, 2024 Report:

(i)     Plaintiffs

---

[4] AMC served its responses and objections to Plaintiffs' First Set of Requests for Production and Second Set of Requests for Production on April 22, 2024. CONTI filed a Rule 12(b)(1) motion to dismiss in Vincin, which the Court dismissed without prejudice and entered an agreed scheduling order relating to CONTI's Rule 12(b)(1) motions to dismiss filings in Vincin and Kabisch, which set filing deadlines and allows Plaintiffs to take jurisdictional discovery relating to the motions to dismiss, as needed. (Dkt. #315).

The parties are continuing to meet and confer regarding Defendants' responses and objections to Plaintiffs' First Set of Requests for Production and Second Set of Requests for Production. Specifically, the parties continue to meet and confer with respect to the global issues raised in the last status report relating to the time frame and geographic scope of production, as well as (where applicable) some Defendants' position regarding full and not partial reproduction of documents produced to government regulators. To the extent that Plaintiffs cannot reach agreement with one or more Defendants on these issues, Plaintiffs anticipate seeking a discovery conference.[5]

### (ii)    Defendants

Defendants continue to review Plaintiffs' responses and objections to Defendants' First Set of Requests for Production and are meeting and conferring with Plaintiffs regarding the adequacy of those responses and objections.

### (d)    July 3, 2024 Report:

### (i)    Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First Set of Requests for Production and Second Set of Requests for Production. Specifically, the parties continue to meet and confer with respect to the global issues raised in the last status report relating to the time frame and geographic scope of production, as well as (where applicable) some Defendants' position regarding full and not partial reproduction of documents produced to government regulators. To the extent that Plaintiffs cannot reach agreement with one or more Defendants on these issues, then Plaintiffs anticipate seeking a discovery conference.

---

[5] As to Defendant CONTI, the case management deadlines as to CONTI have been stayed per Dkt. 914.

Additionally, Plaintiffs are meeting and conferring with RealPage about the conditions under which RealPage will produce usable source code for their RMS. If Plaintiffs cannot reach agreement with RealPage on the issue, then Plaintiffs anticipate seeking a discovery conference.

(ii)     Defendants

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' First Set of Requests for Production.

(e)     August 2, 2024 Report:

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production. The parties have held several successful in-person meet and confers that have resulted in agreements (including on time period, geographic scope of production, and government productions) without the need to raise discovery disputes with the Court. Some disputes remain ongoing. A handful of in-person meet and confers are scheduled or likely to be scheduled in the next few weeks regarding time period, geographic scope of production, government productions, and custodians. With respect to government productions, all but one of the applicable Defendants have agreed to reproduce those productions. The scope of government productions and their adequacy in covering Plaintiffs' Requests for Production in whole or in part (including temporal scope and custodians) are still being negotiated with five other Defendants. With respect to time frame for document production, Plaintiffs have sought production through March 2024, and some Defendants have only agreed to produce documents through the date of the first complaint in which they were named. Finally, Plaintiffs still continue to meet and confer with some Defendants concerning the geographic scope of their document production, including two Defendants who have not agreed to produce documents on a

nationwide basis. Plaintiffs anticipate that one or more of these issues will become ripe for resolution with one or more Defendants before the September status conference.

Plaintiffs have also begun search methodology discussions with all Defendants. Plaintiffs are discussing the potential use of TAR with two Defendants, and those parties have exchanged draft protocols, which will ultimately be submitted to the Court for the Court's review before implementation. Plaintiffs are discussing potential search terms with other Defendants. Some Defendants have refused to provide search term hit reports to allow Plaintiffs to evaluate any claim of burden, and Plaintiffs anticipate that they may seek a discovery conference to move to compel such information before the September status conference.

Additionally, following receipt of RealPage's proposed Addendum to the Protective Order, which details the conditions under which RealPage will agree to produce any source code(s) for its RMS and associated databases, Plaintiffs participated in an in-person meet and confer with RealPage on July 11 concerning the same. The parties have yet to reach agreement with respect to the proper format and location where RealPage's source code(s) will be made available to Plaintiffs, and anticipate seeking a discovery conference if an agreement cannot be reached in the near term.

(ii)     Defendants

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' First Set of Requests for Production.

(f)     September 6, 2024 Report:

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First Set of Requests for Production and Second Set of Requests for Production. The

parties have held four in-person meet and confers since filing the August status report, and have one more scheduled prior to the September 13, 2024 status conference. The parties have engaged in productive meet and confers since the last status report, but some disputes remain ongoing, including disputes regarding government productions, time frame and geographic scope of document production, search methodology, and document custodians.

With respect to government productions, 16 Defendants have disclosed that they have made productions to the government in response to civil investigative demands or similar requests. Of those Defendants:

- All have agreed to reproduce their government productions to Plaintiffs in this case, but five have not started reproduction yet.

- One Defendant will not identify to which entity(ies) its government production(s) was produced.

- One Defendant will not say whether it has received a CID or government subpoena, or made a government production.

With respect to temporal scope, some Defendants continue to ask for an earlier end date than Plaintiffs' proposed compromise of March 2024 (as opposed to the present). Plaintiffs are approaching agreement on this issue with certain of these Defendants based on specific circumstances, but are currently at disagreement with others.

With respect to geographic scope, three Defendants maintain that they will not produce documents on a nationwide basis.

Plaintiffs' search methodology discussions remain ongoing with most Defendants. Plaintiffs are discussing the potential use of TAR with three Defendants, whose proposals will be submitted to the Court before implementation. At least 28 Defendants have proposed using only

search terms, but at least three of them have refused to provide hit reports to allow Plaintiffs the opportunity to evaluate any claim of burden.

Plaintiffs continue to review RealPage's source code per the parties' interim agreement concerning the same.

Plaintiffs anticipate that they will seek a discovery conference regarding one or more of these ongoing issues with one or more Defendants before the next status conference.

(ii)     Defendants

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' First Set of Requests for Production.  The parties have reached agreement on several requests for production, but have an outstanding dispute concerning whether Plaintiffs will produce documents that are publicly-available but in Plaintiffs' possession, custody, or control.

The parties have exchanged draft search terms for the production of materials from Plaintiffs and are working through revisions to those draft search terms.

(g)     October 4, 2024 Report:

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production.  The parties have held ten in-person conferrals since filing the September status report. While the parties have engaged in productive meet and confers since the last status report, some disputes remain ongoing.

With regard to custodial negotiations (*i.e.*, time frame and geographic scope of document production, search terms and methodology, and document custodians), Plaintiffs have reached full agreement on all issues with the following 14 Defendants: Brookfield, Camden, Equity, Essex,

Greystar, Highmark, IRT, Kairoi, Mission Rock, Sherman, Thoma Bravo, Thrive, Windsor, and Winn. Plaintiffs have reached agreement on everything except search terms with the following 9 Defendants: BH, Bozzuto, CWS, FCM, Lantower, Mid-America, Morgan, Simpson, and UDR. Of these Defendants, Plaintiffs are discussing the potential use of TAR with UDR, Winn, and Mid-America, whose proposals will be submitted to the Court before implementation. Plaintiffs maintain that hit reports are required to assess burden. Defendants still objecting to specific search terms on grounds of undue burden have generally agreed to provide hit reports on the terms in dispute. The parties are nearing agreement on those issues.

There are still a number of Defendants with whom Plaintiffs are continuing to discuss custodial issues, including Allied, AMC, Bell Partners, Bozzuto, CH, ConAm, Cortland, ECI, Knightvest, Lincoln, Prometheus, RealPage, Related, Rose, RPM, Sares Regis, Security Properties, Trammell Crow, and ZRS. Of these Defendants, 12 are still discussing the total number and identity of custodians with Plaintiffs, 12 are still discussing the end date of custodial productions with Plaintiffs, and two continue to maintain that they will not produce documents on a nationwide basis, in contrast to their Defendant counterparts. The parties are continuing to meet and confer, including in-person, on these issues, and are hopeful that agreements are near with various Defendants. That said, depending on the outcome of forthcoming scheduled conferrals, Plaintiffs anticipate that other discovery disputes may become ripe in the next month.

As stated in the September status report, all applicable Defendants have now agreed to reproduce their government productions.

Plaintiffs continue to review RealPage's source code per the parties' interim agreement concerning the same.

(ii)    Defendants

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' First Set of Requests for Production. The parties have reached agreement on several requests for production, but have an outstanding dispute concerning whether Plaintiffs will produce documents that are publicly-available but in Plaintiffs' possession, custody, or control.

The parties have continued to exchange draft search terms for the production of materials from Plaintiffs and are working through revisions to those draft search terms.

        (h)      November 1, 2024 Report:

        (i)      Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production. While the parties have engaged in productive meet and confers since the last status report, some disputes remain ongoing.

With respect to custodial negotiations (*i.e.*, discussions regarding time frame and geographic scope of document production, search terms and methodology, and document custodians), Plaintiffs have reached full agreement with 20 Defendants, including, since the filing of the last status report: Bell Partners, Bozzuto, ECI, FCM, Trammell Crow, and UDR. Plaintiffs have reached agreement on everything except search terms with the following nine Defendants: BH, CH, Cortland, CWS, Lantower, Mid-America, Morgan, Security Properties, and Simpson. Of these Defendants, Plaintiffs are discussing the use of TAR with Winn and Mid-America, whose proposals will be submitted to the Court before implementation. UDR's TAR proposal has been agreed to by the parties and will be submitted to the Court in short order. With regard to prompt resolution of search terms, certain Defendants are taking the position that they are unable to provide hit reports due to vendor delay.

There are still a number of Defendants with whom Plaintiffs are continuing to discuss other custodial issues. Plaintiffs continue to discuss: (1) the total number and identity of custodians with the following ten Defendants: Allied, ConAm, Knightvest, Lincoln, Prometheus, RealPage, Related, RPM, Sares Regis, and ZRS; and (2) the time frame of custodial productions with the following five Defendants: AMC, ConAm, Prometheus, Rose, and ZRS. With respect to time frame, certain Defendants are taking the position that custodians selected in connection with their governmental productions suffice for the purpose of this litigation, despite their tenures not aligning with the parties' agreed upon relevant time period. The parties are continuing to meet and confer on these issues, and are hopeful that agreements are near with various Defendants. That said, depending on the outcome of forthcoming conferrals, Plaintiffs anticipate that discovery disputes may become ripe in the next month.

Plaintiffs have reached agreement with all Defendants on the geographic scope of document production.

Plaintiffs plan to proceed with their review of RealPage's source code according to the terms of the parties' interim agreement concerning the same.

(ii)     Defendants

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' First Set of Requests for Production. The parties have reached agreement on several requests for production, but have an outstanding dispute concerning whether Plaintiffs will produce documents that are publicly-available.

The parties have reached agreement regarding search terms that will be utilized for Plaintiffs' productions of custodial documents.

(i)     **December 6, 2024 Report:**

(i)      Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production. Plaintiffs have conferred in-person with RealPage and Simpson since filing the November status report. An in-person conferral with Security Properties is scheduled for next week. While the parties have engaged in productive meet and confers since the last status report, some disputes remain ongoing.

With respect to custodial negotiations (*i.e.*, discussions regarding time frame and geographic scope of document production, search terms and methodology, and document custodians), Plaintiffs have reached full agreement with 32 Defendants, including, since the filing of the last status report: Allied, BH, CWS, Knightvest, Lantower, Morgan Properties, Prometheus, RealPage, Related, Rose, Simpson, and ZRS. Plaintiffs have reached custodial agreement on everything except search terms with the following six Defendants: AMC, CH, Cortland, Mid-America, RPM, and Security Properties. Of these Defendants, Plaintiffs offered Cortland several dates for a conferral to continue advancing the parties' search terms discussions and expect this meeting will take place early next week. Plaintiffs are also finalizing a TAR proposal with Mid-America, which will be submitted to the Court before implementation. There remains one Defendant—Sares Regis—with whom the total number and identity of custodians remain outstanding.

The parties are continuing to meet and confer on these issues over the next week, and are hopeful that agreements are near. That said, depending on the outcome of scheduled conferrals, Plaintiffs anticipate filing joint dispute statements with at least three of these Defendants with regard to outstanding custodial issues.

Plaintiffs plan to proceed with their review of RealPage's source code according to the terms of the parties' interim agreement concerning the same.

### (ii) Defendants

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' First Set of Requests for Production. The parties have reached agreement on several requests for production, but have an outstanding dispute concerning whether Plaintiffs will produce documents from Plaintiffs' attorneys' files that are otherwise publicly-available and accessible to Defendants from public sources (including, for example, Defendants' own SEC filings).

2. Depositions

    (a)    March 29, 2024 Report: No deposition notices have yet been served.

    (b)    May 10, 2024 Report: No deposition notices have yet been served.

    (c)    June 7, 2024 Report: No deposition notices have yet been served.

    (d)    July 3, 2024 Report: No deposition notices have yet been served.

    (e)    August 2, 2024 Report: No deposition notices have yet been served.

    (f)    September 6, 2024 Report: No deposition notices have yet been served.

    (g)    October 4, 2024 Report: No deposition notices have yet been served.

    (h)    November 1, 2024 Report: No deposition notices have yet been served.

    (i)    **December 6, 2024 Report: No deposition notices have yet been served.**

3. Requests for Admissions

    (a)    March 29, 2024 Report: No requests for admission have yet been served.

(b)    May 10, 2024 Report:

    (i)    On April 5, 2024, Plaintiffs served their First Set of Requests for Admission. Defendants served their responses and objections to these requests by May 6, 2024. The parties will meet and confer regarding these responses and objections, and Plaintiffs anticipate that a dispute concerning certain Defendants' responses may become ripe before the next status report.

(c)    June 7, 2024 Report: The parties are in the process of meeting and conferring about the adequacy of Defendants' responses and objections to Plaintiffs' First Set of Requests for Admission.

(d)    July 3, 2024 Report: The parties are in the process of meeting and conferring about the adequacy of Defendants' responses and objections to Plaintiffs' First Set of Requests for Admission.

(e)    August 2, 2024 Report: The parties are in the process of meeting and conferring about the adequacy of Defendants' responses and objections to Plaintiffs' First Set of Requests for Admission. Windsor served two requests for admission on all Plaintiffs on July 29, 2024. Plaintiffs' responses to those requests for admission are due on August 28, 2024.

(f)    September 6, 2024 Report: The parties have finalized negotiations with respect to the adequacy of Defendants' responses and objections to Plaintiffs' First Set of Requests for Admission.

(g)    October 4, 2024 Report: UDR served requests for admission on all Plaintiffs on September 16, 2024. Plaintiffs' responses to those requests for admission are due on October 16, 2024. Windsor and Plaintiffs are in the process of meeting and conferring about the adequacy of Plaintiffs' Responses and Objections to Windsor's Requests for Admission.

(h)    November 1, 2024 Report: UDR and Plaintiffs are in the process of meeting and conferring regarding Plaintiffs' Responses and Objections to UDR's Request for Admission. Windsor and Plaintiffs are in the process of meeting and conferring regarding Plaintiffs' Responses and Objections to Windsor's Requests for Admission. Windsor, UDR, and Plaintiffs are scheduling an in-person conference concerning these requests for admission. Depending on the results of that conference, the parties may seek judicial resolution of their current impasse.

(i)    **December 6, 2024 Report: UDR and Plaintiffs have met and conferred via video-conference regarding Plaintiffs' Responses**

**and Objections to UDR's First Set of Requests for Admission and UDR's First Set of Interrogatories. Windsor and Plaintiffs have met and conferred via teleconference regarding Plaintiffs' Responses and Objections to Windsor's Requests for Admission. Windsor, UDR, and Plaintiffs followed up on their meet and confers with an in-person conference on November 20, 2024, concerning these discovery requests, however the parties appear to have reached impasse on these issues. Windsor, UDR, and Plaintiffs are drafting an appropriate discovery dispute filing according to the Court's procedures and will submit that to the Court for resolution.**

4.      Interrogatories

(a)      March 29, 2024 Report:

(i)      Plaintiffs

Plaintiffs served their First Set of Interrogatories to Owner, Owner-Operator, and Manager Defendants on March 22, 2024, to which responses are due on April 22, 2024.

(ii)      Defendants

Defendants served their First Set of Interrogatories on Plaintiffs on March 7, 2024, to which responses are due April 8, 2024. Defendants served their Second Set of Interrogatories on Plaintiffs on March 15, 2024, to which responses are due on April 15, 2024.

(b)      May 10, 2024 Report:

(i)      Plaintiffs

Plaintiffs agreed to Defendants' request for an extension to May 13, 2024 to serve their responses to Plaintiffs' First Set of Interrogatories to Owner, Owner-Operator, and Manager Defendants. Defendants will serve their responses to these interrogatories by this date.[6]

(ii)      Defendants

---

[6] UDR served its responses to Plaintiffs' First Set of Interrogatories to Owner, Owner-Operator, and Manager Defendants on May 3, 2024.

Plaintiffs served their responses and objections to Defendants' First Set of Interrogatories on April 8, 2024. Following agreement between the parties to extend Plaintiffs' deadline to respond to Defendants' Second Set of Interrogatories, Plaintiffs served their responses and objections to Defendants' Second Set of Interrogatories on April 25, 2024. The parties will meet and confer regarding any disputes concerning Plaintiffs' interrogatory responses.

(c)     June 7, 2024 Report:

(i)     Plaintiffs

Most Defendants served their responses to Plaintiffs' First Set of Interrogatories to Owner, Owner-Operator, and Manager Defendants by May 13, 2024.[7] The parties are in the process of meeting and conferring regarding these responses.

(ii)     Defendants

On April 8, 2024, Plaintiffs served their responses and objections to the LRO Defendants' First Set of Interrogatories. The parties met and conferred initially on May 20 and are continuing to meet and confer.

(d)     July 3, 2024 Report:

(i)     Plaintiffs

The parties are in the process of meeting and conferring regarding Defendants interrogatory responses and objections.

(ii)     Defendants

---

[7] IRT served their responses to Plaintiffs' First Set of Interrogatories to Owner, Owner-Operator, and Manager Defendants responses on May 18, 2024, pursuant to an agreement with Plaintiffs. FPI served its responses and objections to Plaintiffs' First Set of Interrogatories to Owners, Owner-Operators and Manager Defendant on May 17, 2024, pursuant to an agreement with Plaintiffs.

The parties continue to meet and confer regarding Plaintiffs' responses and objections to both the LRO Defendants' First Set of Interrogatories and Defendants' Second Set of Interrogatories.

(e)       August 2, 2024 Report:

(i)       Plaintiffs

Plaintiffs served Supplemental Responses and Objections to the LRO Defendants' First Set of Interrogatories. The parties are in the process of meeting and conferring regarding Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories.

(ii)       Defendants

The parties continue to meet and confer regarding Plaintiffs' responses and objections to both the LRO Defendants' First Set of Interrogatories and Defendants' Second Set of Interrogatories. As for the Defendants' Second Set of Interrogatories, the parties appear to be close to an impasse on one interrogatory in particular concerning certain information Defendants are seeking from each Plaintiff about non-multifamily forms of housing. The parties are working to schedule an in-person meet and confer to discuss that interrogatory.

Windsor served two interrogatories on all Plaintiffs on July 29, 2024. Plaintiffs' responses to those interrogatories are due on August 28, 2024.

(f)       September 6, 2024 Report:

(i)       Plaintiffs

The parties are in the process of meeting and conferring regarding Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories. Specifically, Plaintiffs and certain Defendants are negotiating whether and to what extent such Defendants may agree to provide answers regarding joint ownership of properties (in the case of owners) or ownership of properties (in the case of managers).

(ii)     Defendants

The parties continue to meet and confer regarding Plaintiffs' responses and objections to both the LRO Defendants' First Set of Interrogatories and Defendants' Second Set of Interrogatories. As for the Defendants' Second Set of Interrogatories, the parties met and conferred in person to discuss one interrogatory concerning certain information Defendants are seeking from each Plaintiff about non-multifamily forms of housing, and are continuing to negotiate regarding that interrogatory.  As a result of that in person conference, Plaintiffs made a revised offer to provide additional information concerning non-multifamily forms of housing, which Defendants have accepted.

(g)     October 4, 2024 Report:

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories. Specifically, at least 17 Defendants have not provided complete information regarding ownership interest(s) held by others in Defendant multifamily properties (in the case of owners) or ownership interest(s) in Defendant multifamily properties (in the case of managers).

(ii)     Defendants

The parties continue to meet and confer regarding Plaintiffs' responses and objections to the LRO Defendants' First Set of Interrogatories.  As for the Defendants' Second Set of Interrogatories, the parties resolved its outstanding issues during the meet and confer process.

UDR served one interrogatory on all Plaintiffs on September 16, 2024.  Plaintiffs' response to that interrogatory is due on October 16, 2024.

Windsor and Plaintiffs are in the process of meeting and conferring about the adequacy of Plaintiffs responses and Objections to Windsor's interrogatories.

        (h)        November 1, 2024 Report

        (i)        Plaintiffs

The parties continue to meet and confer regarding Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories. At present, at least 13 Defendants have not agreed to provide complete information regarding ownership interest(s) held by others in Defendant multifamily properties (in the case of owners) or ownership interest(s) in Defendant multifamily properties (in the case of managers). Additionally, Plaintiffs are in the process of meeting and conferring with certain Defendants who either (1) earlier represented they will supplement their responses to Plaintiffs' First Set of Interrogatories but have yet to; or (2) have not provided complete responses to Plaintiffs' interrogatories.

        (ii)        Defendants

Defendants plan to continue to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to the LRO Defendants' First Set of Interrogatories.

UDR served one interrogatory on all Plaintiffs on September 16, 2024. UDR and Plaintiffs are in the process of meeting and conferring regarding Plaintiffs' responses and objections to UDR's interrogatory.

Windsor and Plaintiffs are in the process of meeting and conferring regarding Plaintiffs' responses and objections to Windsor's interrogatory.

        (i)        **December 6, 2024 Report:**

        (i)        **Plaintiffs**

The parties continue to meet and confer regarding Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories. At present, at least ten Defendants have not agreed to provide complete ownership information regarding ownership interest(s) held by others in Defendant multifamily properties (in the case of owners) or ownership interest(s) in Defendant multifamily properties (in the case of managers). Additionally, Plaintiffs continue to meet and confer with certain Defendants who either (1) earlier represented they will supplement their responses to Plaintiffs' First Set of Interrogatories but have yet to; or (2) have not provided complete responses to Plaintiffs' interrogatories.

Plaintiffs served their Second Set of Interrogatories to Owner, Owner-Operator, and Manager Defendants on December 5, 2024, to which responses are due on January 6, 2025.

### (ii)    Defendants

Defendants plan to continue to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to the LRO Defendants' First Set of Interrogatories.

UDR served one interrogatory on all Plaintiffs on September 16, 2024. UDR and Plaintiffs are in the process of meeting and conferring regarding Plaintiffs' responses and objections to UDR's interrogatory.

Windsor and Plaintiffs are in the process of meeting and conferring regarding Plaintiffs' responses and objections to Windsor's interrogatories.

5.    Other

(a)    March 29, 2024 Report:  Initial Disclosures

(i)    Plaintiffs

Plaintiffs served their Rule 26(a)(1) initial disclosures on February 26, 2024. Plaintiffs served supplemental Rule 26(a)(1) initial disclosures on March 7, 2024.

(ii)     Defendants

Certain Defendants served their Rule 26(a)(1) initial disclosures on February 26 and February 27, 2024.[8]

        (b)     May 10, 2024 Report:  Initial Disclosures

Defendants Prometheus, Sares Regis, and Rose have served their Rule 26(a)(1) initial disclosures.  Regarding CONTI, the Court entered an agreed scheduling order relating to CONTI's Rule 12(b)(1) motions to dismiss filings in *Vincin* and *Kabisch*, which also set CONTI's initial disclosure deadline for May 17, 2024.  (*See* Dkt. 315).

        (c)     June 7, 2024 Report:  Not applicable at this time.

        (d)     July 3, 2024 Report:  Not applicable at this time.

        (e)     August 2, 2024 Report:  Not applicable at this time.

        (f)     September 6, 2024 Report:  Not applicable at this time.

        (g)     October 4, 2024 Report:  Not applicable at this time.

        (h)     November 1, 2024 Report:  Not applicable at this time.

        **(i)     December 6, 2024 Report:  Not applicable at this time.**

B.     Describe with specificity any issues regarding "structured data discovery."

1.     March 29, 2024 Report: At this time, there are no issues regarding structured data discovery.

2.     May 10, 2024 Report: At this time, there are no issues regarding structured data discovery.

3.     June 7, 2024 Report:  At this time, there are no issues regarding structured data discovery.

4.     July 3, 2024 Report:  At this time, there are no issues regarding structured data discovery. Plaintiffs have sent questions concerning data samples to

---

[8] As to the severed and transferred *Kabisch* matters, Plaintiffs are conferring with CONTI, Prometheus, and Rose about their disclosures upon transfer back to this Court.  Plaintiffs are conferring with CONTI regarding CONTI's position as to *Vincin* with respect to disclosures.

certain Defendants who produced their own data samples, and those parties will meet and confer regarding those questions.

5.     August 2, 2024 Report: At this time, there are no issues regarding structured data discovery. Plaintiffs have sent questions concerning data samples to certain Defendants who produced their own data samples, those Defendants responded by July 31, 2024 (or have agreed with Plaintiffs on an extension to respond), and those parties will meet and confer regarding those questions. Plaintiffs have completed their review of RealPage's structured data sample and, after determining that more information is needed, have requested or are in the process of requesting structured data samples from those Defendants that have not yet provided them.

6.     September 6, 2024 Report: As indicated in the last status report, Plaintiffs believe that RealPage's structured data sample cannot replace structured data samples from each individual Defendant, and so Plaintiffs have conducted initial meet and confers with Defendants who have not already produced structured data samples. 16 Defendants, other than RealPage, have provided such samples. Given that this process remains ongoing, the parties anticipate that they will need to request an extension on the structured data production completion deadline of October 25, 2024. The parties will be in a better position to propose an extension in early October, when the next status report is due. In addition, per the Court's instruction during the parties' February 13, 2024 telephonic conference, Defendants and Plaintiffs have each proposed two potential individuals to be appointed as special master to oversee structured data discovery in this matter. Plaintiffs are currently awaiting Defendants' position on whether the parties can agree on either individual proposed by Plaintiffs. If they cannot, the parties will submit their proposals to the Court.

7.     October 4, 2024 Report: At present, 26 Defendants, other than RealPage, have provided a structured data sample. Plaintiffs continue to work with the remaining 14 Defendants on structured data sample productions. The parties anticipate that they will need to request an extension on the structured data production completion deadline of October 25, 2024, and intend to file a joint motion to extend that deadline in short order. Pursuant to the Court's Order on September 17, 2024 (Dkt. 984), the parties submitted their respective proposals to the Court regarding potential individuals to be appointed as special master to oversee structured data discovery in this matter (Dkt. 987).

8.     November 1, 2024 Report: On October 10, 2024, the Court granted the parties' Joint Motion to Extend the Structured Data Production Deadline to December 20, 2024. (Dkt. 1005). At present, the following six Defendants have yet to provide structured data samples: Bell Partners, Cortland, Knightvest, RPM, Trammell Crow, and ZRS. Plaintiffs continue to work with those Defendants who have not yet produced structured data samples.

The parties' respective proposals to the Court regarding potential individuals to be appointed as special master to oversee structured data discovery in this matter are pending. (Dkt. 987).

9.  **December 6, 2024 Report: At present, three Defendants—Knightvest, Trammell Crow, and ZRS—have yet to provide structured data samples. Trammell Crow has stated that it will not provide structured data for the entities named in Plaintiffs' Second Amended Consolidated Class Action Complaint—Crow Holdings, LP and Trammell Crow Residential, but that it will be producing data for Maple Multifamily, an unnamed entity. Plaintiffs are still discussing with Trammell Crow whether additional data will be needed beyond that production. As shown from prior status report updates above, some Defendants did not produce data samples until later in the structured data discovery process, including in November and early December, or have produced only some of the data samples Plaintiffs seek. Other Defendants have either been working through voluminous questions from Plaintiffs regarding their data samples or have not committed to providing written responses to Plaintiffs' questions. With respect to property management data that RealPage is producing on behalf of certain Defendants who use(d) RealPage's OneSite property management system (*see* Dkt. 1002 at 6–7 (describing RealPage's production of OneSite structured data sample in September)), the parties continue to negotiate the scope of RealPage's productions on behalf of other Defendants, including as it relates to tenant, payment, and fee data contained in OneSite. Plaintiffs intend to continue their discussions with RealPage and the property Defendants who use OneSite, and appear to be near agreement. Plaintiffs reserve all rights to request additional structured data discovery as needed, OneSite or otherwise.**

C.  Describe with specificity all discovery completed since the last status conference.

1.  March 29, 2024 Report

UDR made an initial production on March 18 and intends to continue producing documents on a rolling basis.

The following Defendants have produced one or more documents since the last status conference and also intend make a further production by the April 26, 2024, deadline: ConAm; FCM (an insurance agreement and additional documents); FPI (an insurance agreement); RealPage; and the Thoma Bravo Defendants (an insurance agreement).

The following Defendants have not produced any documents or data since the last status conference, but intend to make an initial document production by the April 26, 2024, deadline: Allied, Bell, BH, Bozzuto, Brookfield, Camden, CH, Cortland; CWS; Dayrise; ECI; Equity; Essex; Greystar; Highmark; SPR; Sherman; Simpson; IRT; Kairoi; Knightvest; Lantower; Lincoln; MAA; Mission Rock; Morgan Properties; Related; Rose; RPM Living; Sares Regis; Thrive; Trammell Crow; Windsor; Winn; and ZRS.

The Court severed and transferred the *Kabisch* matter to W.D. Tex. (as to CONTI), S.D.N.Y. (as to Rose), and W.D. Wash. (as to Sares Regis and Prometheus). The JPML issued a CTO (CTO-6) on March 27, 2024, and the JPML has stayed entry of that order for 7 days. As to those matters, the parties are conferring with CONTI, Prometheus, and Rose about responding to Plaintiffs' requests upon transfer back to this Court. The parties are conferring about CONTI's position as to the Plaintiff's claims in *Vincin*, for which CONTI did not serve responses to Plaintiffs' requests.

Plaintiffs have agreed to defer discovery of Avenue5 based on their settlement in principle. AMC's responses to Plaintiffs' document requests are due April 21, 2024.

2.      May 10, 2024 Report:

Since the last status conference, the following Defendants made an initial document production by the April 26, 2024, deadline to begin producing non-custodial documents: Allied; Bell; BH; Bozzuto; Brookfield; Camden; CH Real Estate Services ("CH"); ConAm; Cortland; CWS; Dayrise; ECI; Equity; Essex; FCM; FPI; Greystar; Highmark; SPR; Sherman; Simpson; IRT; Kairoi; Knightvest; Lantower; Lincoln; MAA; Mission Rock; Morgan Properties; Related; Rose; RPM Living; Sares Regis; the Thoma Bravo Defendants; Thrive; Trammell Crow; Windsor; Winn; and ZRS. AMC's deadline to begin producing non-custodial documents is May 21, 2024,

and it intends to make an initial document production by that deadline. The deadline for Prometheus to make its initial document production is June 11, 2024. (Dkt. 883 at 4-5).

RealPage, Inc. made its second production of documents on April 26, 2024, which included non-custodial documents.

UDR made its second production of documents on May 2, 2024, and intends to continue producing responsive, non-privileged documents on a rolling basis.

Regarding CONTI, the Court entered an agreed scheduling order relating to CONTI's Rule 12(b)(1) motions to dismiss filings in *Vincin* and *Kabisch*, which set filing deadlines and allows Plaintiffs to take jurisdictional discovery relating to the motions to dismiss, as needed. (*See* Dkt. 315).

Regarding data productions, RealPage is working to produce data samples to Plaintiffs by May 15, 2024, which Plaintiffs have agreed, in the interest of efficiency, will satisfy the obligation of other Defendants to produce data samples by that date to the extent any other Defendant chooses not to produce its own data samples at that time. BH; Camden; Equity; Essex; Greystar; Highmark; Lantower; Lincoln; UDR; and Windsor intend to produce samples of their own data by May 15, 2024. After reviewing the samples produced by RealPage, Plaintiffs will work with the Defendants that did not make an initial data production to obtain sampling from those Defendants to the extent necessary.

      3.     June 7, 2024 Report

Since the last status report, the following Defendants have made additional document productions: AMC; FCM; FPI; Dayrise; Greystar; MAA; Morgan Properties; RealPage; RPM; Sherman; Sares Regis (initial production); and Crow Holdings.

Regarding data productions, at RealPage's request, Plaintiffs extended the May 15, 2024 deadline referenced above to May 22, 2024. The following Defendants produced data samples since the last status report: BH; Equity; Essex; Greystar; Highmark; Lantower; Lincoln; RealPage; UDR; Windsor; and Winn.

Regarding CONTI, the Court granted CONTI and Plaintiffs' Joint Motion to Stay Deadlines as to CONTI (Dkt. 914).

4.      July 3, 2024 Report:

Since the last status report, the following Defendants have made additional document productions: BH; Camden; Cortland; Prometheus; Rose; RPM Living; Security Properties; and UDR.

5.      August 2, 2024 Report:

Since the last status report, the following Defendants have made additional document productions: AMC, Equity, FCM, Prometheus, RealPage, Rose, RPM, Sares Regis, Sherman, the Thoma Bravo Defendants, Windsor, and ZRS.

As noted in the May and June status reports, some Defendants elected to defer providing data samples until Plaintiffs had an opportunity to review data samples provided by RealPage. As discussed in II.B.5. above, Plaintiffs have reviewed RealPage's data samples, and have concluded that they must proceed to collect data samples from each Defendant and are proceeding with meeting and conferring with the remaining Defendants about production of their own data samples.

6.      September 6, 2024 Report:

Since the last status report, the following Defendants have made additional document productions:  Camden, Cortland, ECI, Essex, Highmark, Knightvest, Lincoln, Lantower, RPM, Security Properties, the Thoma Bravo Defendants, UDR, and Windsor.  Attached as Appendix A, please find a list of the number of documents produced since April 2024 as of 5:00pm ET on September 6, 2024, broken down by each Defendant. This list does not include structured data productions. Several Defendants have recently reached agreement with Plaintiffs regarding producing regulatory productions (where applicable), and custodians and search terms. Many Defendants are still negotiating these threshold issues with Plaintiffs, as reflected in Part II.A.1. above.  Some Defendants have represented that they will make additional document production as early as next week.    Defendants would like to explicitly note that it is not surprising that the document production numbers reflected in Appendix A for some Defendants are currently low; this reflects the fact that Plaintiffs and individual Defendants are still negotiating threshold issues related to document productions.

As to structured data, the following Defendants produced data samples since the last status report:  AMC, ConAm, Equity, Highmark, Lantower, Morgan Properties, and Windsor.

7.      October 4, 2024 Report:

Since the last status report, the following Defendants have made additional document productions: AIR, AMC, Bell Partners, Bozzuto, Camden, ConAm, CWS, ECI, Equity, Essex, FCM, Greystar, Highmark, Lincoln, MAA, Prometheus, RealPage, Rose, RPM, Sares Regis, Related, Thoma Bravo, UDR, and Winn. Attached as Appendix A, please find a list of the number of documents produced since the September joint status report as of 12:00 pm ET on October 4, 2024, broken down by each Defendant. This list does not include structured data productions. Several Defendants have recently reached agreement with Plaintiffs regarding custodians and

search terms, and many Defendants are still negotiating these key issues with Plaintiffs, as reflected in Part II.A.1. above.

As to structured data, the following Defendants produced data samples since the last status report: Bozzuto, ConAm, CWS, ECI, FCM, IRT, MAA, Rose, Security Properties, and Thrive.

8. November 1, 2024 Report:

Since the last status report, the following Defendants have made additional document productions: BH, CH, Cortland, CWS, Essex, Lincoln, Related, Rose, RPM, Simpson, the Thoma Bravo Defendants, Thrive, and UDR. Attached as Appendix A, please find a list of the number of documents produced since the October joint status report as of 12:00 pm ET on November 1, 2024, broken down by each Defendant. This list does not include structured data productions. Several Defendants have recently reached agreement with Plaintiffs regarding custodians and search terms, and many Defendants are still negotiating these key issues with Plaintiffs, as reflected in Part II.A.1. above.

As to structured data, the following Defendants produced data samples since the last status report: Brookfield, CH, CWS, Equity, Highmark, Kairoi, Lincoln, Prometheus, Related, Rose, Sares Regis, Sherman, and Windsor.

**9. December 6, 2024 Report:**

**Since the last status report, the following Defendants have made additional document productions: Camden, CWS, ECI, IRT, Kairoi, Lantower, Lincoln, MAA, Morgan Properties, Related, RPM, Sherman, Thoma Bravo, and UDR. Attached as Appendix A, please find a list of the number of documents produced since the November joint status report as of 12:00 pm ET on December 6, 2024, broken down by each Defendant. This list does not include structured data productions.**

**As to structured data, the following Defendants produced data samples since the last status report: Bell Partners, BH, Camden, Cortland, Equity, FCM, Lantower, Lincoln, RealPage, Related, RPM, and Sares Regis. UDR has completed its entire structured data production since the last status report.**

  D.  Describe with specificity all discovery anticipated to be served or for which the response deadline will expire before the next status conference.

    1.  March 29, 2024 Report:

Defendants do not anticipate serving any discovery before the next status conference. Plaintiffs anticipate that they will serve their responses and objections to Defendants' first and second sets of interrogatories before the May 17, 2024, status conference. Defendants anticipate that they will serve their responses and objections to Plaintiffs' interrogatories before the May 17, 2024, status conference.

    2.  May 10, 2024 Report:

Defendants do not anticipate serving any discovery before the June 14, 2024 status conference, and do not anticipate that any discovery response deadline will expire between the May 17, 2024 status conference and June 14, 2024 status conference. Plaintiffs do not anticipate serving any discovery before the June 14, 2024 status conference, and do not anticipate that any discovery response deadline other than those outlined above will expire between the May 17, 2024 status conference and June 14, 2024 status conference.

    3.  June 7, 2024 Report:

Neither Plaintiffs nor Defendants anticipate serving any discovery before the July 12, 2024 status conference, and do not anticipate that any discovery response deadline will expire between the June 14, 2024 and July 12, 2024 status conferences.

    4.  July 3, 2024 Report:

Neither Plaintiffs nor Defendants anticipate serving any discovery before the July 12, 2024 status conference, and do not anticipate that any discovery response deadline will expire between the July 12, 2024 and August 9, 2024 status conferences.

     5.     August 2, 2024 Report:

Besides the discovery outlined above, Defendants do not anticipate serving any discovery before the August 9, 2024 status conference, and do not anticipate that any discovery response deadline will expire between the August 9, 2024 and September 13, 2024 status conferences. Plaintiffs also do not anticipate serving any discovery before the August 9, 2024 status conference, and, but for Plaintiffs' forthcoming responses to Windsor's RFAs and Interrogatories on all Plaintiffs, do not anticipate that any discovery response deadline will expire between the August 9, 2024 and September 13, 2024 status conferences.

     6.     September 6, 2024 Report:

Neither Plaintiffs nor Defendants anticipate serving any discovery before the September 13, 2024 status conference, and do not anticipate that any discovery response deadline will expire between the September 13, 2024 and October 11, 2024 status conferences.

     7.     October 4, 2024 Report

Besides the discovery outlined above, Defendants do not anticipate serving any discovery before the October 11, 2024 status conference, and do not anticipate that any discovery response deadline will expire between the October 11, 2024 and November 8, 2024 status conferences. Plaintiffs also do not anticipate serving any discovery before the October 11, 2024 status conference, and, but for Plaintiffs' forthcoming responses to UDR's RFAs and Interrogatory on all Plaintiffs, do not anticipate that any discovery response deadline will expire between the October 11, 2024 and November 8, 2024, status conferences.

     8.     November 1, 2024 Report

Defendants do not anticipate serving any discovery before the November 1, 2024 status conference, and do not anticipate that any discovery response deadline will expire between the November 8 and December 13, 2024 status conferences.

Plaintiffs are contemplating serving additional discovery concerning the presence of arbitration agreements and/or class action waivers in Defendants' lease agreements generally, as well as those that may have been added during the pendency of this action.

**9.** **December 6, 2024 Report:**

**Neither Plaintiffs nor Defendants anticipate serving any discovery before the December 13, 2024 status conference. Plaintiffs served their Second Set of Interrogatories to Owner, Owner-Operator, and Manager Defendants on December 5, 2024, to which responses are due on January 6, 2025, prior to the January 10, 2025 status conference.**

E.      Describe with specificity any pending or anticipated discovery related motions.

1.      March 29, 2024 Report: At this time, there are no pending or anticipated discovery related motions.

2.      May 10, 2024 Report: Prior to the June 14, 2024 status conference, Plaintiffs anticipate raising discovery disputes concerning the time frame and geographic scope of document production, as well as to compel certain Defendants to produce documents already produced to government regulators.

3.      June 7, 2024 Report: At this time, there are no pending or anticipated discovery related motions. The parties have found the first two in-person conferrals to be constructive and highly productive. Plaintiffs have encountered scheduling difficulties with certain Defendants in arranging additional in-person meet and confers. In order to promptly raise upcoming potential motions with the Court, Plaintiffs have proposed a regular schedule for in-person conferrals if needed, presumptively in Nashville. Defendants believe that setting a regular schedule for in-person conferrals is unnecessary and inefficient because any in-person meet and confers can be (and have been) scheduled on as-needed basis between the individual Plaintiffs' attorney responsible for a particular defendant and that Defendant. The Parties will continue to negotiate that proposal.

4.    July 3, 2024 Report:  At this time, there are no pending or anticipated discovery related motions.

5.    August 2, 2024 Report: Plaintiffs have met and conferred in-person with RealPage and anticipate that a discovery motion relating to its production of source code may become ripe before the September status conference. Otherwise, the Parties have one in-person meet and confer scheduled for August 5, 2024, and Plaintiffs anticipate that others will be scheduled in the next few weeks.  Depending on the outcome of those meet and confers, Plaintiffs anticipate that several discovery disputes may become ripe before the September status conference.

6.    September 6, 2024 Report:  Plaintiffs filed a motion to compel an in-person discovery conferral with Cortland on August 27, 2024, which, following the Court's August 28, 2024 Order, was resolved by the parties. Plaintiffs have filed a withdrawal of the motion to compel with respect to Cortland. Plaintiffs anticipate filing a joint motion for a discovery conference with one or more Defendants prior to the status conference.  Depending on the outcome of scheduled in-person meet and confers, Plaintiffs anticipate that additional discovery disputes may become ripe before the October status conference.

7.    October 4, 2024 Report:  Depending on the outcome of upcoming meet and confers, including in-person conferrals, Plaintiffs anticipate that additional discovery disputes may become ripe in the next month.

8.    November 1, 2024 Report:  Depending on the outcome of upcoming meet and confers, Plaintiffs anticipate that discovery disputes may become ripe in the next month.

**9.    December 6, 2024 Report:  Depending on the outcome of upcoming meet and confers, Plaintiffs anticipate that discovery disputes may become ripe in the next month.**

III.  Does any party anticipate or has any party identified any issues arising from the Stipulation and Order on Federal Rule of Evidence 502 (Dkt. 822). If so, please explain in detail.

A.    March 29, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

B.    May 10, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

C.    July 3, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

D.    August 2, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

E.  September 6, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

F.  October 4, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

G.  November 1, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

H.  **December 6, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).**

IV.  Does any party anticipate or has any party identified any issues arising from the Case Management Order (Doc. No. 818). If so, please explain in detail.

A.  March 29, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Case Management Order (Dkt. 818).

B.  May 10, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Case Management Order (Dkt. 818).

C.  June 7, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Case Management Order (Dkt. 818).

D.  July 3, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Case Management Order (Dkt. 818).

E.  August 2, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Case Management Order (Dkt. 818).

F.  September 6, 2024 Report:  Plaintiffs proposed a supplement to the Case Management Order (Dkt. 818) to Defendants on August 28, 2024, setting forth certain global interim deadlines to assist in uniformly moving negotiations forward, along with specific dates for in-person conferrals.  The parties originally discussed global negotiations on various issues; however, Defendants have since requested that, to the extent Plaintiffs have issues with a particular Defendant's discovery responses, those should be raised with that Defendant's counsel, and the specific issue addressed as to that Defendant's particular responses.  The parties are conferring regarding Plaintiffs' proposed supplement.

G.  October 4, 2024 Report:  Besides the structured data deadline extension referenced above, the parties have resolved any issues related to the Case Management Order (Dkt. 818).

H.  November 1, 2024 Report:  As mentioned above, the Court granted the parties' Joint Request to Extend the Structured Data Production Deadline. (Dkt. 1005).  At this time, no party anticipates or has identified any other issues arising from the Case Management Order (Dkt. 818).

**I.** **December 6, 2024 Report: At this time, no party anticipates or has identified any other issues arising from the Case Management Order (Dkt. 818).**

V. Does any party anticipate or has any party identified any issues arising from the Order on Deposition Protocol (Doc. No. 816). If so, please explain in detail.

A. March 29, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816).

B. May 10, 2024 Report: The parties' respective positions regarding issues related to the Order on Deposition Protocol (Dkt. 816) are identified in the parties' Joint Motion for Discovery Conference on Depositions Limits (Dkt. 908), and accompanying Joint Submission of Disputes Regarding Supplemental Order on Deposition Protocol (Dkt. 908-1), which the parties filed on May 8, 2024. The parties are awaiting a discovery conference on that dispute.

C. June 7, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

D. July 3, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

E. August 2, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

F. September 6, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

G. October 4, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

H. November 1, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

I. **December 6, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).**

VI.     Does any party anticipate or has any party identified any issues arising from the Joint Electronically Stored Information (Dkt. 815). If so, please explain in detail.

A.      March 29, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Joint Electronically Stored Information Order (Dkt. 815).

B.      May 10, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Joint Electronically Stored Information Order (Dkt. 815).

C.      June 7, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Joint Electronically Stored Information Order (Dkt. 815).

D.      July 3, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Joint Electronically Stored Information Order (Dkt. 815). However, Windsor is meeting and conferring with Plaintiffs concerning whether it is necessary for Windsor to continue to preserve certain resident files that it believes are duplicative and unnecessarily burdensome to continue preserving for the duration of this litigation.

E.      August 2, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Joint Electronically Stored Information Order (Dkt. 815).

F.      September 6, 2024 Report:  In search methodology negotiations, Plaintiffs and a number of Defendants have provided hit reports for the proposed search terms to be used on their respective document productions, which has helped move discussions forward productively and avoid most search methodology disputes.  As mentioned above, some Defendants have not.

G.      October 4, 2024 Report:  Additional custodial search term negotiations remain ongoing with numerous Defendants, as reflected above. On September 26, 2024, Plaintiffs asked Defendants to jointly move the Court to modify the Electronically Stored Information Order to shorten the time frame for Plaintiffs to identify second-round custodians to 60 days (rather than 90 days) before the March 28, 2025 close of document production. The parties will confer regarding Plaintiffs' proposal.

H.      November 1, 2024 Report:  Defendants did not agree with Plaintiffs' request to move the Court to modify the Electronically Stored Information Order to shorten the time frame for Plaintiffs to identify second-round custodians to 60 days (rather than 90 days) before the March 28, 2025 close of document production. At this time, no party anticipates or has identified any issues arising from the Joint Electronically Stored Information Order (Dkt. 815).

I.      **December 6, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Joint Electronically Stored Information Order (Dkt. 815).**

VII.    Does any party anticipate or has any party identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814). If so, please explain in detail.

A.    March 29, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

B.    May 10, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

C.    June 7, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

D.    July 3, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

E.    August 2, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

F.    September 6, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

G.    October 4, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

H.    November 1, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

I.    **December 6, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).**

VIII.   Provide a proposed status conference agenda.

A.    March 29, 2024 Report:  The parties have no proposed agenda items or topics to discuss at the status conference scheduled for April 5, 2024.

B.    May 10, 2024 Report:  Unless the Court intends to take up the parties' dispute concerning depositions limits, the parties have no proposed agenda items or topics to discuss at the status conference scheduled for May 17, 2024.

C.    June 7, 2024 Report:  The parties have no proposed agenda items or topics to discuss at the status conference scheduled for June 14, 2024.

D.    July 3, 2024 Report:  The parties have no proposed agenda items or topics to discuss at the status conference scheduled for July 12, 2024.

E.    August 2, 2024 Report:  The parties have no proposed agenda items or topics to discuss at the status conference scheduled for August 9, 2024.

F.    September 6, 2024 Report:  Plaintiffs propose discussing the progress of discovery. Defendants believe the discovery process is working and there is nothing to discuss at the upcoming status conference.

G.    October 4, 2024 Report:   Plaintiffs propose discussing the parties' respective special master proposals (Dkt. 987), as well as their forthcoming joint motion to extend the structured data production completion deadline.   Defendants do not believe there is anything to discuss at the upcoming status conference;  the parties' respective special master proposals and the parties' forthcoming joint motion to extend the structured data completion deadline speak for themselves.  If the Court would like to speak with the parties on these topics, Defendants respectfully submit that a telephonic conference would be appropriate and efficient.

H.    November 1, 2024 Report:  The parties have no proposed agenda items or topics to discuss at the status conference scheduled for November 8, 2024.

I.    **December 6, 2024 Report:  The parties have no proposed agenda items or topics to discuss at the status conference scheduled for December 13, 2024.**

Verified by:

/s/ Patrick J. Coughlin                    /s/ Jay Srinivasan

Patrick J. Coughlin                        Jay Srinivasan
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**  **GIBSON, DUNN & CRUTCHER LLP**
600 West Broadway, Suite 3300              333 South Grand Avenue
San Diego, CA 92101                        Los Angeles, CA 90071
Telephone: (619) 798-5325                  Telephone: (213) 229-7430
Facsimile: (619) 233-0508                  jsrinivasan@gibsondunn.com
pcoughlin@scott-scott.com


Dated: December 6, 2024                    /s/ Tricia R. Herzfeld

                                           Tricia R. Herzfeld (#26014)
                                           Anthony A. Orlandi (#33988)
                                           **HERZFELD SUETHOLZ GASTEL LENISKI
                                           AND WALL, PLLC**
                                           223 Rosa L. Parks Avenue, Suite 300
                                           Nashville, TN 37203
                                           Telephone: (615) 800-6225
                                           tricia@hsglawgroup.com
                                           tony@hsglawgroup.com

                                           *Liaison Counsel*

                                           Patrick J. Coughlin
                                           Carmen A. Medici
                                           Fatima Brizuela
                                           **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
                                           600 West Broadway, Suite 3300
                                           San Diego, CA 92101
                                           Telephone: (619) 798-5325
                                           Facsimile: (619) 233-0508
                                           pcoughlin@scott-scott.com
                                           cmedici@scott-scott.com
                                           fbrizuela@scott-scott.com

Patrick McGahan
Amanda F. Lawrence
Michael Srodoski
G. Dustin Foster
Isabella De Lisi
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06145
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
pmcgahan@scott-scott.com
alawrence@scott-scott.com
msrodoski@scott-scott.com
gfoster@scott-scott.com
idelisi@scott-scott.com

Matthew J. Perez
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Ave., 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
matt.perez@scott-scott.com

Stacey Slaughter
Thomas J. Undlin
Geoffrey H. Kozen
J. Austin Hurt
Caitlin E. Keiper
Navy A. Thompson
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
sslaughter@robinskaplan.com
tundlin@robinskaplan.com
gkozen@robinskaplan.com
ahurt@robinskaplan.com
ckeiper@robinskaplan.com
nthompson@robinskaplan.com

Swathi Bojedla
Mandy Boltax
**HAUSFELD LLP**
888 16th Street, N.W., Suite 300

Washington, DC 20006
Telephone: (202) 540-7200
sbojedla@hausfeld.com
mboltax@hausfeld.com

Gary I. Smith, Jr.
Joey Bui
Samuel Maida
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
gsmith@hausfeld.com
jbui@hausfeld.com
smaida@hausfeld.com

Katie R. Beran
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: 1 215 985 3270
kberan@hausfeld.com

*Interim Co-Lead Counsel*

Eric L. Cramer
Michaela L. Wallin
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
ecramer@bm.net
mwallin@bm.net

Daniel J. Walker
**BERGER MONTAGUE PC**
1001 G. Street, NW
Suite 400 East
Washington, DC 20001
Telephone: (202) 559-9745
dwalker@bm.net

Brendan P. Glackin
Dean M. Harvey
Jules A. Ross
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, Suite 2900
San Francisco, CA 94111
Telephone: 415-956-1000
bglackin@lchb.com
dharvey@lchb.com
jross@lchb.com

Mark P. Chalos
Hannah R. Lazarz
Kenneth S. Byrd
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue South, Ste. 1640
Nashville, TN 37201
(615) 313-9000
mchalos@lchb.com
hlazarz@lchb.com
kbyrd@lchb.com

Benjamin J. Widlanski
Javier A. LopezRobert J. Neary
**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor

Christian P. Levis
Vincent Briganti
Peter Demato
Radhika Gupta
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
pdemato@lowey.com
rgupta@lowey.com

Christopher M. Burke
Walter W. Noss
Yifan (Kate) Lv
**KOREIN TILLERY P.C.**
707 Broadway, Suite 1410
San Diego, CA 92101
Telephone: (619) 625-5621
Facsimile (314) 241-3525
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

Labeat Rrahmani
**KOREIN TILLERY P.C.**
205 N. Michigan Ave., Ste 1950
Chicago, IL 60601
Telephone: (312) 641-9750
lrrahmani@koreintillery.com

Joseph R. Saveri
Cadio Zirpoli
Kevin E. Rayhill
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
krayhill@saverilawfirm.com

Jennifer W. Sprengel
Daniel O. Herrera

Coral Gables, Florida 33134
Telephone: (305) 372-1800
bwidlanski@kttlaw.com
jal@kttlaw.com
rn@kttlaw.com

Alexander Sweatman
Nyran Rose Rasche
**CAFFERTY CLOBES MERIWETHER &**
**SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, IL 60603
Telephone:  312-782-4880
Facsimile: 312-782-4485
jsprengel@caffertyclobes.com
dherrera@caffertyclobes.com
asweatman@caffertyclobes.com
nrasche@caffertyclobes.com

*Plaintiffs' Steering Committee Counsel for Plaintiffs*

/s/ Jay Srinivasan                                                 /s/ Edwin Buffmire

Jay Srinivasan (admitted *pro hac vice*)          Edwin Buffmire
jsrinivasan@gibsondunn.com                         ebuffmire@jw.com
Daniel G. Swanson (admitted *pro hac vice*)       Michael Moran
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP                         Michael J. Murtha
333 South Grand Avenue                             mmurtha@jw.com
Los Angeles, CA 90071                              JACKSON WALKER LLP
Telephone: (213) 229-7430                          2323 Ross Ave., Suite 600
                                                   Dallas, TX 75201
                                                   Telephone: (214) 953-6000
Stephen Weissman (admitted *pro hac vice*)
sweissman@gibsondunn.com
Michael J. Perry (admitted *pro hac vice*)
mjperry@gibsondunn.com                             Kevin Fulton
GIBSON, DUNN & CRUTCHER LLP                         kevin@fultonlg.com
1050 Connecticut Avenue, NW                        THE FULTON LAW GROUP PLLC
Washington, DC 20036                               7676 Hillmont St., Suite 191
Telephone: (202) 955-8678                          Houston, TX 77040
                                                   Telephone: (713) 589-6964

S. Christopher Whittaker (admitted *pro hac*      Samuel P. Funk (TN Bar # 019777)
vice*)                                             SIMS|FUNK, PLC
cwhittaker@gibsondunn.com                          3102 West End Ave., Suite 1100
GIBSON, DUNN & CRUTCHER LLP                         Nashville, Tennessee 37203
1361 Michelson Drive                               (615) 292-9335 – Phone
Irvine, CA 92612                                   (615) 649-8565 – Fax
Telephone: (212) 351-2671                          sfunk@simsfunk.com

Ben A. Sherwood (admitted *pro hac vice*)
bsherwood@gibsondunn.com                           *Counsel for Defendant Allied Orion Group, LLC*
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-2671

Thomas H. Dundon (SBN: 004539)
tdundon@nealharwell.com
Neal & Harwell, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Telephone: (615) 244-1713

*Counsel for Defendant RealPage, Inc.*

/s/ Danny David

Danny David
danny.david@bakerbotts.com
BAKER BOTTS LLP
910 Louisiana Street
Houston, TX 77002
Telephone: (713) 229-4055

James Kress (admitted *pro hac vice*)
james.kress@bakerbotts.com
Paul Cuomo (*pro hac vice* pending)
paul.cuomo@bakerbotts.com
BAKER BOTTS LLP
700 K. Street, NW
Washington, DC 20001
Telephone: (202) 639-7884

John R. Jacobson (#14365)
jjacobson@rjfirm.com
Milton S. McGee, III (#24150)
tmcgee@rjfirm.com
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700

*Counsel for Defendant Avenue5 Residential, LLC*

/s/ Ian Simmons

Ian Simmons
isimmons@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5196

Stephen McIntyre
smcintyre@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

*Counsel for Defendant BH Management Services, LLC*

/s/ Marguerite Willis
Marguerite Willis (admitted *pro hac vice*)
mwillis@maynardnexsen.com
MAYNARD NEXSEN PC
104 South Main Street
Greenville, SC 29601
Telephone: (864) 370-2211

Michael A. Parente (admitted *pro hac vice*)
mparente@maynardnexsen.com
MAYNARD NEXSEN PC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: (803) 771-8900

Margaret M. Siller (BPR No. 039058)
msiller@maynardnexsen.com
MAYNARD NEXSEN PC
1131 4th Avenue South, Suite 320
Nashville, Tennessee 37210
Telephone: (629) 258-2253

*Counsel for Defendant Bell Partners Inc.*

/s/ Edwin Buffmire
Edwin Buffmire
ebuffmire@jw.com
Michael Moran

Michael J. Murtha
mmurtha@jw.com
JACKSON WALKER LLP
2323 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (214) 953-6000

Samuel P. Funk (TN Bar # 019777)
SIMS|FUNK, PLC
3102 West End Ave., Suite 1100
Nashville, Tennessee 37203
(615) 292-9335 – Phone
(615) 649-8565 – Fax
sfunk@simsfunk.com

*Counsel for Defendants Trammell Crow Residential Company and Crow Holdings, LP*

/s/ James D. Bragdon
James D. Bragdon
jbragdon@gejlaw.com
Sam Cowin
scowin@gejlaw.com
GALLAGHER EVELIUS & JONES LLP
218 N. Charles St., Suite 400
Baltimore, MD 21201
Telephone: (410) 727-7702

Philip A. Giordano (admitted *pro hac vice*)
philip.giordano@hugheshubbard.com
HUGHES HUBBARD & REED LLP
1775 I Street NW
Washington, DC 20007
Telephone: (202) 721-4776

Charles E. Elder, BPR # 038250
celder@bradley.com
BRADLEY ARANTBOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: 615.252.3597

*Counsel for Defendant*
*Bozzuto Management Company*

/s/ Yehudah L. Buchweitz
Yehudah L. Buchweitz
yehudah.buchweitz@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8256

Jeff L. White
jeff.white@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW
Washington, DC 20036
Telephone: (202) 682-7059

/s/ E. Steele Clayton IV
E. Steele Clayton IV (BPR 017298)
sclayton@bassberry.com
Jeremy A. Gunn (BPR 039803)
jeremy.gunn@bassberry.com
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293

*Counsel for Defendant Brookfield Properties*
*Multifamily LLC*

/s/ Danielle R. Foley

Danielle R. Foley (admitted *pro hac vice*)
drfoley@venable.com
Andrew B. Dickson (admitted *pro hac vice*)
abdickson@venable.com
Morenike Oyebade (admitted *pro hac vice*)
mioyebade@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
(202) 344-4300

*Counsel for Defendant CH Real Estate Services, LLC*

/s/ Benjamin R. Nagin

Benjamin R. Nagin
bnagin@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300

*Counsel for Defendant ConAm Management Corporation*

/s/ Lynn H. Murray

Lynn H. Murray
lhmurray@shb.com
Maveric Ray Searle
msearle@shb.com
SHOOK, HARDY & BACON L.L.P.
111 S. Wacker Dr., Suite 4700
Chicago, IL 60606
Telephone: (312) 704-7766

Ryan Sandrock
rsandrock@shb.com
Shook, Hardy & Bacon L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 544-1944

Laurie A. Novion
lnovion@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 559-2352

*Counsel for Defendant Camden Property Trust*

/s/ Bradley C. Weber

Bradley C. Weber (admitted *pro hac vice*)
bweber@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone:  (214) 740-8497

*Counsel for Defendant Dayrise Residential, LLC*

/s/ Todd R. Seelman

Todd R. Seelman
todd.seelman@lewisbrisbois.com
Thomas L. Dyer
thomas.dyer@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, CO 80203
Telephone: (720) 292-2002

*Counsel for Defendant Cortland Management, LLC*

_/s/ Ann MacDonald_

Ann MacDonald
Ann.macdonald@afslaw.com
Barry Hyman
Barry.hyman@afslaw.com
ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500

_Counsel for Defendant CWS Apartment Homes, LLC_

_/s/ Alexander M. Brauer_

Alexander M. Brauer (_pro hac vice_ pending)
 abrauer@baileybrauer.com
 Jason R. Marlin (_pro hac vice_ pending)
 jmarlin@baileybrauer.com
BAILEY BRAUER PLLC
8350 N. Central Expy, Suite 650
Dallas, TX 75206
Telephone: (214) 360-7433

_Counsel for Defendant CONTI Texas Organization, Inc., d/b/a CONTI Capital_

_/s/ Charles H. Samel_

Charles H. Samel
charles.samel@stoel.com
Edward C. Duckers
ed.duckers@stoel.com
STOEL RIVES LLP
1 Montgomery Street, Suite 3230
San Francisco, CA 94104
Telephone: (415) 617-8900

George A. Guthrie
gguthrie@wilkefleury.com
WILKE FLEURY LLP
621 Capitol Mall, Suite 900
Sacramento, CA 95814
Telephone: (916) 441-2430

_Counsel for Defendant FPI Management, Inc._

_/s/ Carl W. Hittinger_

Carl W. Hittinger
chittinger@bakerlaw.com
Alyse F. Stach
astach@bakerlaw.com
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501
Telephone: (215) 568-3100

Matt Schock
mschock@bakerlaw.com
BAKER & HOSTETLER LLP
1050 Connecticut Ave. N.W., Suite 1100
Washington, D.C. 20236-5403
Telephone: (202) 861-1529

Stephen J. Zralek, BPR #018971
szralek@spencerfane.com
S. Chase Fann, BPR #036794
cfann@spencerfane.com
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
Telephone: (615) 238-6300

_Counsel for Defendant Equity Residential_

/s/ Michael D. Bonanno

Michael D. Bonanno (admitted *pro hac vice*)
mikebonanno@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I St. NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8225

Christopher Daniel Kercher (admitted *pro hac vice*)
christopherkercher@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor,
New York, New York 10010
Telephone: (212) 849-7000

Andrew Gardella, Esq. (TN Bar #027247)
agardella@martintate.com
MARTIN, TATE, MORROW & MARSTON P.C.
315 Deaderick Street, Suite 1550
Nashville, TN 37238
Telephone: (615) 627-0668

*Counsel for Defendant Highmark Residential, LLC*

/s/ Cliff A. Wade

Cliff A. Wade
cliff.wade@bakerlopez.com
Chelsea L. Futrell
chelsea.futrell@bakerlopez.com
BAKER LOPEZ PLLC
5728 LBJ Freeway, Suite 150
Dallas, Texas 75240
Telephone: (469) 206-9384

*Counsel for Defendant Knightvest Residential*

/s/ Leo D. Caseria

Leo D. Caseria
lcaseria@sheppardmullin.com
Helen C. Eckert
heckert@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC, 20006
Telephone: (202) 747-1925

Arman Oruc
aoruc@goodwinlaw.com
GOODWIN PROCTER, LLP
1900 N Street, NW
Washington, DC 20036
Telephone: (202) 346-4000

*Counsel for Defendant Essex Property Trust, Inc.*

/s/ Gregory J. Casas
Gregory J. Casas (admitted *pro hac vice*)
casasg@gtlaw.com
Emily W. Collins (admitted *pro hac vice*)
Emily.Collins@gtlaw.com
GREENBERG TRAURIG, LLP
300 West 6th Street, Suite 2050
Austin, TX 78701-4052
Telephone: (512) 320-7200

Robert J. Herrington (admitted *pro hac vice*)
Robert.Herrington@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700

Becky L. Caruso (admitted *pro hac vice*)
Becky.Caruso@gtlaw.com
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Telephone: (973) 443-3252

/s/ Ryan T. Holt
Ryan T. Holt (No. 30191)
rholt@srvhlaw.com
Mark Alexander Carver (No. 36754)
acarver@srvhlaw.com
SHERRARD ROE VOIGT & HARBISON, PLC
150 Third Avenue South, Suite 1100
Nashville, Tennessee 37201
Tel. (615) 742-4200

*Counsel for Defendant Lincoln Property Company*

/s/ John J. Sullivan
John J. Sullivan (admitted *pro hac vice*)
jsullivan@cozen.com
COZEN O'CONNOR P.C.
3 WTC, 175 Greenwich St., 55th Floor
New York, NY 10007
Telephone: (212) 453-3729

Thomas Ingalls (admitted *pro hac vice*)
tingalls@cozen.com
COZEN O'CONNOR P.C.
1200 19th St. NW, Suite 300
Washington, DC 20036
Telephone: (202) 471-3411

Robert S. Clark (admitted *pro hac vice*)
robertclark@cozen.com
COZEN O'CONNOR P.C.
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2041

Nathan J. Larkin (admitted *pro hac vice*)
nlarkin@cozen.com
COZEN O'CONNOR P.C.
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 366-4463

*Counsel for Defendants Independence Realty Trust, Inc. and Sherman Associates, Inc.*

/s/ Eliot Turner
Eliot Turner
eliot.turner@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100,
Houston, Texas 77010
Telephone: (713) 651-5151

*Counsel for Defendant Kairoi Management, LLC*

/s/ Michael W. Scarborough

Michael W. Scarborough (admitted *pro hac vice*)
mscarborough@velaw.com
Dylan I. Ballard (admitted *pro hac vice*)
dballard@velaw.com
VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900

*Counsel for Defendant Lantower Luxury Living, LLC*

/s/ Karen Hoffman Lent

Karen Hoffman Lent (admitted *pro hac vice*)
karen.lent@skadden.com
Boris Bershteyn (admitted *pro hac vice*)
boris.bershteyn@skadden.com
Evan Kreiner (admitted *pro hac vice*)
evan.kreiner@skadden.com
Sam Auld (admitted *pro hac vice*)
sam.auld@skadden.com
Adam Kochman (admitted pro hac vice)
adam.kochman@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000

Joshua C. Cumby (BPR No. 37949)
joshua.cumby@arlaw.com
F. Laurens Brock (BPR No. 17666)
larry.brock@arlaw.com
Rocklan W. King, III (BPR No. 30643)
rocky.king@arlaw.com
ADAMS AND REESE LLP
1600 West End Avenue, Suite 1400
Nashville, Tennessee 37203
Telephone: (615) 259-1450

*Counsel for Defendant Greystar Management Services, LLC*

/s/ Britt M. Miller
Britt M. Miller (admitted *pro hac vice*)
bmiller@mayerbrown.com
Daniel T. Fenske (admitted *pro hac vice*)
dfenske@mayerbrown.com
Matthew D. Provance (admitted *pro hac vice*)
mprovance@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 6006
Telephone: (312) 701-8663

Rachel J. Lamorte (admitted *pro hac vice*)
rlamorte@mayerbrown.com
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006-1101
Telephone: (202) 263-3262

Scott D. Carey (#15406)
scarey@bakerdonelson.com
Ryan P. Loofbourrow (#33414)
rloofbourrow@bakerdonelson.com
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Telephone: (615) 726-5600

*Counsel for Defendants Mid-America Apartment Communities, Inc. and Mid-America Apartments, L.P.*

/s/ Jeffrey C. Bank
Jeffrey C. Bank
jbank@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
1700 K Street NW, Fifth Floor
Washington, DC 20006
Telephone: (202) 973-8800

Rachael Racine
rracine@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 497-7766

*Counsel for Defendant Morgan Properties Management Company, LLC*

/s/ Richard P. Sybert
Richard P. Sybert (WSBA No. 8357)
rsybert@grsm.com
GORDON REES SCULLY MANSUKHANI
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 321-5222

*Counsel for Defendant First Communities Management, Inc.*

/s/ Jose Dino Vasquez
Jose Dino Vasquez
dvasquez@karrtuttle.com
Jason Hoeft
jhoeft@karrtuttle.com
KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 223-1313

*Counsel for Defendant Security Properties Residential, LLC*

/s/ David A. Walton
David A. Walton
dwalton@bellnunnally.com
Troy Lee (T.J.) Hales
thales@bellnunnally.com
BELL NUNNALLY & MARTIN, LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201

*Counsel for Defendant RPM Living, LLC*

_/s/ Brent Justus_____

Brent Justus
bjustus@mcguirewoods.com
Nick Giles
ngiles@mcguirewoods.com
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1000

_Counsel for Defendant Simpson Property Group, LLC_

_/s/ Yonaton Rosenzweig_____

Yonaton Rosenzweig
yonirosenzweig@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017

Fred B. Burnside
fredburnside@dwt.com
MaryAnn T. Almeida
maryannalmeida@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 757-8016

_Counsel for Defendant Mission Rock Residential, LLC_

/s/ Andrew Harris
Andrew Harris
Andrew.Harris@Levittboccio.com
LEVITT & BOCCIO, LLP
423 West 55th Street
New York, NY 10019
Telephone: (212) 801-1104

/s/ Georgia K. Winston
Georgia K. Winston (admitted *pro hac vice*)
gwinston@wmhlaw.com
WALDEN MACHT & HARAN LLP
250 Vesey Street
New York, NY 10281
Telephone: (212) 335-2030

Jennifer S. Rusie
Jennifer.rusie@jacksonlewis.com
JACKSON LEWIS, P.C.
611 Commerce Street, Suite 2803
Nashville, TN 37203
Telephone: (615) 656-1664

*Counsel for Defendants The Related Companies, L.P. and Related Management Company, L.P.*

/s/ Benjamin I. VandenBerghe
Benjamin I. VandenBerghe
biv@montgomerypurdue.com
Kaya R. Lurie
klurie@montgomerypurdue.com
MONTGOMERY PURDUE PLLC
701 Fifth Avenue, Suite 5500
Seattle, Washington 98104-7096

*Counsel for Defendant Thrive Communities Management, LLC*

/s/ David D. Cross
David D. Cross (admitted *pro hac vice*)
dcross@goodwinlaw.com
Mary G. Kaiser (*pro hac vice* pending)
mkaiser@goodwinlaw.com
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, D.C. 20036
Telephone: (202) 346-4000

Kathryn M. Baldwin (admitted *pro hac vice*)
kbaldwin@goodwinlaw.com
Benjamin E. Campbell (admitted *pro hac vice*)
benjamincampbell@goodwinlaw.com
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800

/s/ Joshua L. Burgener
Joshua L. Burgener
jburgener@dickinsonwright.com
DICKINSON WRIGHT PLLC
424 Church Street, Suite 800
Nashville, TN 37219
Telephone: (615) 620-1757

*Counsel for Defendant UDR, Inc.*

/s/ Craig Seebald
Jessalyn H. Zeigler
jzeigler@bassberry.com
BASS, BERRY & SIMS, PLC
150 Third Avenue South
Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200

Craig P. Seebald (admitted *pro hac vice*)
cseebald@velaw.com
Stephen M. Medlock (admitted *pro hac vice*)
smedlock@velaw.com
Michael McCambridge
mmcambridge@velaw.com
VINSON & ELKINS LLP
2200 Pennsylvania Ave., N.W.
Suite 500 West
Washington, D.C. 20037
Telephone: (202) 639-6500

Christopher W. James (admitted *pro hac vice*)
cjames@velaw.com
VINSON & ELKINS LLP
555 Mission Street
Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6900

*Counsel for Defendant Windsor Property Management Company*

/s/ Matt T. Adamson
Matt T. Adamson
madamson@jpclaw.com
JAMESON PEPPLE CANTU PLLC
801 Second Avenue, Suite 700
Seattle, WA 98104
Telephone: (206) 292-1994

*Counsel for Defendant B/T Washington, LLC d/b/a Blanton Turner*

/s/ Evan Fray-Witzer

Evan Fray-Witzer
Evan@CFWLegal.com
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: 617-426-0000

*Counsel for Defendants WinnCompanies LLC, and WinnResidential Manager Corp.*

/s/ Ferdose al-Taie

Ferdose al-Taie (admitted *pro hac vice*)
faltaie@bakerdonelson.com
BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, P.C.
956 Sherry Lane, 20th Floor
Dallas, TX 75225
Telephone: (214) 391-7210

Christopher E. Thorsen (BPR # 21049)
cthorsen@bakerdonelson.com
BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, TN 37201
Telephone: (615) 726-5600

*Counsel for Defendant ZRS Management, LLC*

/s/ Mark McKane, P.C.

Mark McKane, P.C. (*pro hac vice*)
mark.mckane @kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

*Counsel for Defendants Thoma Bravo L.P., Thoma Bravo Fund XIII, L.P., and Thoma Bravo Fund XIV, L.P.*

/s/ Sarah B. Miller

Sarah B. Miller (TN#33441)
BASS, BERRY & SIMS PLC
150 Third Ave. South #2800
Nashville, TN 37201
Telephone: (615) 742-6200
smiller@bassberry.com

Amy F. Sorenson (admitted *pro hac vice*)
SNELL & WILMER, L.L.P.
15 West South Temple, Ste. 1200
Salt Lake City, UT 84101
Telephone: (801) 257-1900
asorenson@swlaw.com

Colin P. Ahler (admitted *pro hac vice*)
SNELL & WILMER, L.L.P.
One East Washington St., Ste. 2700
Phoenix, AZ 85004
Telephone: (602) 382-6000
cahler@swlaw.com

*Counsel for Defendant Apartment Management Consultants, LLC*

/s/ *Jeffrey S. Cashdan*
Jeffrey S. Cashdan (admitted *pro hac vice*)
jcashdan@kslaw.com
Emily S. Newton (admitted *pro hac vice*)
enewton@kslaw.com
Lohr A. Beck (admitted *pro hac vice*)
lohr.beck@kslaw.com
Carley H. Thompson (admitted *pro hac vice*)
chthompson@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600

*Counsel for Defendant ECI Management, LLC*

/s/ *Judith A. Zahid*
Judith A. Zahid (admitted *pro hac vice*)
jzahid@zellelaw.com
Heather T. Rankie (admitted *pro hac vice*)
hrankie@zellelaw.com
ZELLE LLP
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone: (415) 633-1916

*Counsel for Defendant Prometheus Real Estate
Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/Dkt. system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Tricia R. Herzfeld*
Tricia R. Herzfeld