UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-md-03071<br>MDL No. 3071<br><br>THIS DOCUMENT RELATES TO:<br>3:22-cv-01082<br>3:23-cv-00332<br>3:23-cv-00357<br>3:23-cv-00378<br>3:23-cv-00410<br>3:23-cv-00413<br>3:23-cv-00552<br>3:23-cv-00742<br>3:23-cv-00979 |

# ORDER

Before the Court is the Joint Motion for Discovery Conference filed by Plaintiffs and Defendants Windsor Property Management Company ("Windsor") and UDR, Inc. ("UDR"). (Doc. No. 1029). For the brief reasons discussed below, the Joint Motion will be denied.

As the parties' discovery dispute statement explains (see Doc. No. 1029-1), Windsor and UDR issued Requests for Admission ("RFAs") asking Plaintiffs to "Admit that You are aware of no Communication" or "Meeting" in which Windsor or UDR agreed to fix rental prices or occupancy rates. (See id. at 6; see also Doc. Nos. 1029-2 at 2–3; 1029-3 at 3–4). Plaintiffs object to these requests, arguing that "RFAs that seek a plaintiff's current state of knowledge about the evidence in the case are disallowed." (Doc. No. 1029-1 at 6; see also Doc. Nos. 1029-4; 1029-5). As a "compromise," Windsor and UDR agreed to withdraw these RFAs "if Plaintiffs would answer within a few weeks an interrogatory stating the specific factual bases for Plaintiffs' allegations that employees of UDR and Windsor agreed with competing multifamily housing providers to fix rental prices and occupancy rates[.]" (Doc. No. 1029 at 2). Plaintiffs declined this compromise,

however, because Windsor and UDR's proposal essentially would require Plaintiffs to answer premature contention interrogatories. (Doc. No. 1029-1 at 6). Instead, Plaintiffs "offered to respond to contention interrogatories on the same topic at the appropriate time." (Id.).

The Court does not need a discovery conference or additional briefing to resolve this needless dispute. The purpose of a request for admission under Federal Rule of Civil Procedure 36 is to "force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof[,] . . . to eliminate issues from a case prior to trial[,] and to avoid unnecessary evidence with respect to issues that are not truly in contention[.]" Hurt v. Coyne Cylinder Co., 124 F.R.D. 614 (W.D. Tenn. 1989). Issues subject to requests for admission "tend to be straight-forward and uncomplicated and *do not constitute what is really the gravamen of the case*." Reitz v. Creighton, 2019 WL 5798680, at *4 (N.D. Ill. Nov. 7, 2019) (emphases added). Windsor and UDR do not appear to be using Rule 36 for these intended purposes. Instead, they are attempting some type of gamesmanship to force Plaintiffs to "admit" whether they have a case, and then require Plaintiffs to "[s]tate with as much specificity as possible the factual basis" for why they are maintaining this lawsuit against Windsor and UDR. (Doc. Nos. 1029-2 at 2–3; 1029-3 at 3–4). That is improper. Plus, like the court in Hankins v. Alpha Kappa Alpha Sorority, Inc., this "Court fails to see what purpose is served by an admission limited to the proposition that, as of the moment of answering, the party lacks certain knowledge that may or may not materialize in discovery." 2021 WL 10312277, at *4 (N.D. Ill. Feb. 3, 2021). Given the Court's finding that Windsor and UDR's RFAs are improper (see Doc. Nos. 1029-2 at 2–3; 1029-3 at 3–4), it need not address the reasonableness of the parties' compromises or counter proposals at this time.

For these reasons, the Joint Motion for Discovery Conference (Doc. No. 1029) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE