UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | ) ) ) ) ) ) | NO. 3:23-cv-03071<br>MDL No. 3071<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES |

# DEFENDANTS RPM LIVING, LLC, THE RELATED COMPANIES, L.P., AND RELATED MANAGEMENT COMPANY L.P.S' UNOPPOSED MOTION TO EXTEND THE STRUCTURED DATA PRODUCTION DEADLINE

Plaintiffs, Defendant RPM Living, LLC ("RPM"), and Defendants The Related Companies, L.P. ("TRCLP") and Related Management Company L.P. (together with TRCLP, "Related"), jointly submit this Unopposed Motion to Extend the Structured Data Production Deadline as to RPM and Related only, currently set for December 20, 2024, until January 15, 2025. The modification is supported by good cause and complies with Local Rule 16.01(h)(1). The parties met and conferred telephonically on December 18 and 19, 2024, regarding the relief requested in this motion. Plaintiffs are unopposed to this request.

## BACKGROUND

**1. Current Case Schedule**

On February 26, 2024, the Court entered its Case Management Order ("CMO") setting the schedule for the above-captioned litigation. Under the section titled "Interim

1

Deadlines for Production of Documents and Data," the Court established certain interim deadlines for the production of structured data:

> First Set of Structured Data Requests, and any data upon which Defendants intend to rely in their defense of the litigation, (together, "Structured Data") shall be complete by **October 25, 2024.** Defendants shall each produce a sample of their Structured Data databases no later than **May 1, 2024**. Plaintiffs shall meet and confer with Defendants, including raising questions about sample productions by **June 5, 2024**, and Defendants shall answer questions about the form and contents of the Structured Data and any perceived deficiencies therein by **July 10, 2024**, in order to facilitate the timely production of an agreed upon scope of Structured Data by **October 25, 2024**.

On October 7, 2024, all parties filed an unopposed motion to extend the October 25, 2024, deadline. (Doc. No. 1002.) The Court granted the motion and extended the deadline to produce structured data for all parties to December 20, 2024. (Doc. No. 1005.)

The CMO, as modified, also includes the following deadlines:

| Deadline | Date |
|---|---|
| **First Set of Structured Data Production** | **December 20, 2024** |
| Completion of Document Production | March 28, 2025 |
| Requestions for Admission | August 21, 2025 |
| Fact Discovery Deadline | November 21, 2025 |
| Expert Opening Reports | February 19, 2026 |
| Expert Rebuttal Reports | April 20, 2026 |
| Reply Reports | June 4, 2026 |
| Opening Motion for Class Cert. | July 20, 2026 |
| Daubert Motions – Opening Reports | July 20, 2026 |
| Opposition to Motion for Class Cert. | September 7, 2026 |
| Daubert Motions – Rebuttal Reports; Opposition to Opening Report Motions | September 7, 2026 |
| Reply in Support of Motion for Class Cert. | October 7, 2026 |
| Daubert Motions - Opposition to Rebuttal Report Motions; Replies to support Opening Report Motion | October 7, 2026 |

| | |
|---|---|
| Daubert Motions – Replies to support Rebuttal Report Motion | November 6, 2026 |
| Hearing on Class Cert and Daubert | November or December, 2026 |
| Motions for Summary Judgment & Statement of Undisputed Material Facts | March 1, 2027 |
| Responses to Summary Judgement Motions & Statements of Undisputed Material Facts | April 30, 2027 |
| Replies to Summary Judgment Motions | June 14, 2027 |
| Argument on Summary Judgment Motions | July 15-16, 2027 |
| Mediation and Case Resolution Efforts | August 13, 2027 |
| Trial Ready | October 1, 2027 |
| Jury Instructions; Witness and Exhibit Lists; Stipulations; Expert Reports | January 10, 2028 |
| Final Pretrial Conference | January 18-19 2028 |
| Jury Trial | February 1, 2028 |

**2. Structured Data Meet and Confer History**

    **A. RPM's Structured Data History with Plaintiffs**

On November 29, 2024, after diligent efforts to identify and organize its data, RPM produced a sample of the structured data to Plaintiffs ("RPM Sample"). The RPM Sample included a part of the data in RPM's possession, custody, or control responsive to Plaintiffs' requests for production 1-3, 6, 7, 9, and 12, as well as examples of reports run in the ordinary course of business by RPM via RealPage products. On December 10, 2024, Plaintiffs provided comments and additional inquiries concerning the scope of the RPM Sample and various fields and details therein. RPM promptly invested significant resources and mobilized a substantial team to map and process the structured data sought by Plaintiffs, as conferred upon between Plaintiff and RPM at that time. Plaintiffs and RPM participated in another conferral on December 13, 2024, concerning the RPM

3

Sample, and RPM sent additional data and information to Plaintiffs as requested. Soon thereafter, it became readily apparent that, despite RPM's devotion of significant resources to map and produce the structured data sought by Plaintiffs, RPM would not be able to produce all such data by December 20, 2024. Nevertheless, RPM continues to work diligently to produce as much of its structured data as possible on or before the December 20, 2024, deadline. Indeed, RPM intends to produce the majority of its structured data on December 20, 2024, but is unable to produce all the responsive structured data by that deadline. It is also possible that Plaintiffs may request additional data after RPM maps and produces the responsive structured data sampled to date.

RPM requests a deadline extension only for the balance of structured data that remains largely in a third-party system, which has made it more difficult and time consuming to process despite RPM's diligent efforts to date. An extension of the deadline will ensure that RPM's production of structured data is complete and includes any remaining structured data that may be within archived internal systems and third-party systems as RPM continues to diligently map and process such data for production.

The retrieval of structured data proved extremely difficult for RPM. To comply with the Court's December 20, 2024, deadline for structured data production, RPM deployed significant resources, including the full utilization of its IT department to retrieve and produce the data at issue. Despite the significant time and resources invested by RPM in a good faith effort to make a complete production of the responsive structured

data, RPM needs an extension of the December 20, 2024, deadline to ensure that its production is complete.

### B. Related's Structured Data History with Plaintiffs

On October 9, 2024, Related produced its first structured data sample ("Related's Sample 1"). Related's Sample 1 consisted of structured data consisting of front-end reports Related used in the ordinary course of business that are maintained in a third-party database. However, most of Plaintiffs' requests for production seek structured data that is either not maintained in front-end reports, is unduly burdensome to pull (*e.g.*, Related would need to manually pull at least hundreds of thousands of separate reports), or both. Following the production of Related's Sample 1, Plaintiffs requested additional data from Related, and the parties met and conferred.

Related thereafter began to work directly with employees of the third-party database to develop custom queries that could pull the requested data from the back end, and that could do so in a manageable number of reports. On November 22, 2024, Related produced a second structured data sample based on these custom queries ("Related's Sample 2"). The parties again met and conferred and Plaintiffs again requested additional data. Related has been working diligently to develop custom queries to locate and pull the structured data that is responsive to Plaintiffs' requests. However, Related continues to face significant burdens in pulling data related to many of Plaintiffs' requests, most notably Plaintiffs' requests for detailed transaction data. The remaining

data consists primarily of detailed transaction data reflecting every transaction for every market-rate property in Related's system over an eight-year period. Related's IT department currently estimates that this consists of tens of millions (or more) of lines of data that cannot be produced on an automated basis. Because this transaction data is so large, the system times out before the queries can be completed. This is the case even when Related's IT team divides the queries into sub-parts in an attempt to make them less burdensome on the system. In other instances, the system cannot find the requested data. Developing each custom query to locate and pull this data, which Related does not do in the ordinary course of business, is also extremely complicated and time-consuming. Notwithstanding this burden, Related is continuing to search for ways to pull the data.

Related intends to produce a substantial portion of its structured data on December 20, 2024, but will not be able to produce all of the responsive structured data by that time. Additionally, it is possible upon review of Related's production that Plaintiffs may request additional data or identify data that Related may have overlooked in the process of mapping and producing data. Related requests a deadline extension for the subset of structured data that has, to date, proven extremely burdensome and/or difficult to locate and produce. An extension of the deadline will help ensure that Related's production of structured data is complete.

Related has a relatively small IT department, with a small number of personnel familiar with the third-party database in which these records are stored. To comply with

the Court's CMO, including the December 20, 2024 deadline, Related has likewise deployed its IT department, as well as members of its Operations team, to locate, retrieve, and produce the data at issue. To date, Related has spent significant time and utilized its IT department and members of its Operations team in a good faith effort to make a complete production in response to Plaintiffs' structured data requests. Related first asked Plaintiffs if they would consent to an extension on December 13, 2024, when it first learned that Related might not be able to complete its entire structured data production by the deadline. Related has continued to work diligently to meet the December 20, 2024 deadline. However, despite its diligent and best efforts, Related will be unable to ensure that its production is complete without an extension of the December 20, 2024 deadline.

## LEGAL STANDARD

Pursuant to Rule 16(b)(4), "once a scheduling order is entered, it 'may be modified only for good cause and with the judge's consent.'" *Briggs v. Vincent-Bushon*, 2018 WL 4261174, at *2 (M.D. Tenn. July 18, 2018). "[W]hether to amend the scheduling order is committed to the sound discretion of the trial court." *Id.* (citing *Thompson v. Bruister & Assocs., Inc.*, 2013 WL 1092218, at *4 (M.D. Tenn. Mar. 15, 2013)). "[A] court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting Fed. R. Civ. P. 16(b)(4) advisory committee's note to 1983 amendment).

"The Sixth Circuit has stated that 'good cause' under Rule 16(b)(4) 'is measured by the movant's diligence in attempting to meet the case management order's requirements.'" *Wiseman v. Lipinski*, 2011 WL 3236103, at *2 (M.D. Tenn. July 28, 2011) (quoting *Leary*, 349 F.3d at 906–07). Courts in this District have consistently interpreted this to mean that a movant "must show that 'despite [his] diligence [he] could not meet the original deadline.'" *National Waste Assocs., v. Lifeway Christian Res. of the S. Baptist Convention*, 2022 WL 96523, at *2 (M.D. Tenn. Jan. 10, 2022) (quoting *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008)).

"Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Hosp. Authority of Metro/ Gov't of Nashville v. Momenta Pharms., Inc.*, 2019 WL 13496984, at *4 (M.D. Tenn. June 7, 2019) (internal quotation omitted). In sum, "[i]n order to demonstrate good cause, the [movant] must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Singh v. Vanderbilt Univ. Med. Ctr.*, 2020 WL 6290321, at *2 (M.D. Tenn. Oct. 26, 2020) (citing *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014)).

## ARGUMENT AND AUTHORITIES

1. **Under Rule 16(b)(4), Good Cause Exists to Extend the Structured Data Production Deadline by 26 Days**

Since before the Court's original October 25, 2024, deadline, RPM and Related worked diligently and cooperatively through structured data discovery issues as efficiently as possible. RPM's delay is caused by strained resources and the burden or difficulty associated with the archived internal systems and third-party systems of RPM to complete the structured data mapping and processing as quickly as originally anticipated. Related's delay is caused by the burden and technical difficulty of developing queries to pull all of the requested data, as well as constraints posed by its relatively small IT department.

### A. RPM Diligently and Cooperatively Worked Towards Meeting the Original Deadline

RPM made significant efforts to produce structured data in a streamlined manner. RPM has regularly conferred with Plaintiffs and produced samples to Plaintiffs to ensure Plaintiffs receive complete, usable data. While structured data discussions have been ongoing, and before structured data became a topic, Plaintiffs and RPM have had productive meet and confers about several discovery topics. Additionally, RPM has consistently produced documents approximately every two weeks to Plaintiffs since April 26, 2024. Since the October 25, 2024, extension, RPM has conferred with Plaintiffs about structured data, for example, on December 13, 2024, after the RPM Sample was provided and Plaintiffs were provided an opportunity to comment and inquire further, and subsequently on December 18, 2024, to further discuss the scope of the RPM Sample

and the need for additional time to complete the mapping and processing of the requested structed data.

RPM has devoted significant resources, including the full utilization of its IT department, to work on mapping any data Plaintiffs identified as missing in compliance with RPM's discovery obligations under the Court's CMO. The time and personnel RPM has dedicated to structured data production demonstrates its diligence. RPM continues to work diligently to address Plaintiffs' feedback on the data produced and intends to modify its productions in accordance with Plaintiffs' feedback. The parties' cooperation is further evidenced by the fact that this motion is unopposed.

Despite this diligence, RPM will be unable to produce all of its structured data by the Court's December 20, 2024, deadline for structured data production. This is due to previously unforeseen circumstances, including that a large amount of data Plaintiffs seek is housed in archives and third-party systems. Further, RPM will need to create a data dictionary, as requested by Plaintiffs, because RPM does not have a data dictionary for its internal systems. If the Court grants this motion, only the balance of structured data that RPM is not able to produce on or before December 20, 2024, including the data dictionary, will be subject to an extension. RPM accordingly requests an extension of time to January 15, 2025, to complete its structured data production.

### B. Related Diligently and Cooperatively Worked Towards Meeting the Original Deadline

Likewise, Related's cooperation and efforts with Plaintiffs include regularly conferring with Plaintiffs; producing multiple samples to Plaintiffs to ensure Plaintiffs receive complete, usable data; and working directly with the third-party database to develop custom queries to pull the requested data. Plaintiffs and Related have also had productive meet and confers about non-structured data discovery, and have come to agreement on custodians, search terms, and date range for custodial documents. Additionally, Related has made several productions of non-structured data. Since the October 25, 2024 extension, Related has conferred with Plaintiffs about structured data twice, once on November 5, 2024, after Related produced Related's Sample 1, and once on November 26, 2024, after Related produced Related's Sample 2. Related also spoke to Plaintiffs telephonically on December 13, 2024, to request a potential extension of the structured data deadline, when it first became clear that Related might not be able to produce certain of its structured data by December 20, 2024. Related has continued to work diligently to produce as much of its structured data as possible.

Related has devoted its IT department and members of its Operations team to locating and pulling the requested data. The time and personnel Related has dedicated to structured data production demonstrates its diligence. Related continues to work diligently to address Plaintiffs' feedback on the data produced and intends to modify its productions in accordance with Plaintiffs' feedback. The parties' cooperation is further evidenced by the fact that this motion is unopposed.

Despite this diligence, Related will be unable to completely produce all of its structured data by December 20, 2024 in accordance with the Court's CMO. This is due to the burden imposed by developing custom queries and the sheer size of the data requested. If the Court grants this motion, only the balance of structured data that Related is not able to produce by December 20, 2024, will be subject to an extension. Related accordingly requests a twenty-six-day extension, to January 15, 2025, to complete its structured data production.

### C. No Party Will Suffer Prejudice from the Extension

RPM and Related jointly make this request. Plaintiffs do not oppose the request. The affected parties agree that they will not suffer prejudice from this extension; an extension helps ensure that Plaintiffs will receive the data requested. No other deadlines are affected by the requested extension.

### 2. The Proposed Extension Also Complies with Local Rule 16.01(h)(1)

Local Rule 16.01(h)(1) requires that no dispositive motion deadline shall be later than 90 days in advance of the trial date. In the CMO, the Court ordered that any motion to modify the CMO include a statement that the requested extension will still conform to that requirement. (Doc. No. 818 at 1.) Per that directive, the parties hereby state that the requested extension to reset the structured data discovery deadline by 26 days to January 15, 2025 does not impact the current dispositive motion deadlines, and accordingly complies with Local Rule 16.01(h)(1).

## CONCLUSION

For the foregoing reasons, Plaintiffs, Defendant RPM Living, LLC, and Defendants The Related Companies, L.P. and Related Management Company L.P. respectfully request that the Court extend the deadline for production of structured data from December 20, 2024, to January 15, 2025.

Dated: December 19, 2024

Respectfully submitted,

By: /s/ Troy L. Hales
David A. Walton
Texas Bar No. 24042120
dwalton@bellnunnally.com
Troy L. Hales
Texas Bar No. 24099011
thales@bellnunnally.com
Bell Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
Tel. (214) 740-1445
Fax (214) 740-5745

*Counsel for Defendant RPM Living, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *DEFENDANTS RPM LIVING, LLC, THE RELATED COMPANIES, L.P., AND RELATED MANAGEMENT COMPANY L.P.S' UNOPPOSED MOTION TO EXTEND THE STRUCTURED DATA PRODUCTION DEADLINE* was served electronically on the plaintiffs' counsel of record by the listserv (RealPageCoCounsel@scott-scott.com) on December 19, 2024.

By: /s/ Troy L. Hales
Troy L. Hales