UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II)** | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>Judge Waverly D. Crenshaw, Jr.<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES |

## DEFENDANT FIRST COMMUNITIES MANAGEMENT, INC.'S UNOPPOSED MOTION TO EXTEND THE STRUCTURED DATA PRODUCTION DEADLINE

Defendant First Communities Management, Inc. ("FCM") submits this Unopposed Motion to Extend the Structured Data Production Deadline as to FCM only, currently set for December 20, 2024, until January 15, 2025. The modification is supported by good cause and complies with Local Rule 16.01(h)(1). Plaintiffs are unopposed to this request.

### BACKGROUND

**1.   Current Case Schedule**

On February 26, 2024, the Court entered its Case Management Order ("CMO") setting the schedule for the above-captioned litigation. Under the section titled "Interim Deadlines for Production of Documents and Data," the Court established certain interim deadlines for the production of structured data:

> First Set of Structured Data Requests, and any data upon which Defendants intend to rely in their defense of the litigation, (together, "Structured Data") shall be complete by **October 25, 2024.** Defendants shall each produce a sample of their Structured Data databases no later than **May 1, 2024**. Plaintiffs shall meet and confer with Defendants, including raising questions about sample productions by

1

**June 5, 2024**, and Defendants shall answer questions about the form and contents of the Structured Data and any perceived deficiencies therein by **July 10, 2024**, in order to facilitate the timely production of an agreed upon scope of Structured Data by **October 25, 2024**.

On October 7, 2024, all parties filed an unopposed motion to extend the October 25, 2024, deadline. (Doc. No. 1002.) The Court granted the motion and extended the deadline to produce structured data for all parties to December 20, 2024. (Doc. No. 1005.)

The CMO, as modified, also includes the following deadlines:

| Deadline | Date |
|---|---|
| **First Set of Structured Data Production** | **December 20, 2024** |
| Completion of Document Production | March 28, 2025 |
| Requestions for Admission | August 21, 2025 |
| Fact Discovery Deadline | November 21, 2025 |
| Expert Opening Reports | February 19, 2026 |
| Expert Rebuttal Reports | April 20, 2026 |
| Reply Reports | June 4, 2026 |
| Opening Motion for Class Cert. | July 20, 2026 |
| Daubert Motions – Opening Reports | July 20, 2026 |
| Opposition to Motion for Class Cert. | September 7, 2026 |
| Daubert Motions – Rebuttal Reports; Opposition to Opening Report Motions | September 7, 2026 |
| Reply in Support of Motion for Class Cert. | October 7, 2026 |
| Daubert Motions- Opposition to Rebuttal Report Motions; Replies to support Opening Report Motion | October 7, 2026 |

2

Case 3:23-md-03071    Document 1039    Filed 12/20/24    Page 2 of 8 PageID #: 17138

| | |
|---|---|
| Daubert Motions – Replies to support Rebuttal Report Motion | November 6, 2026 |
| Hearing on Class Cert and Daubert | November or December, 2026 |
| Motions for Summary Judgment & Statement of Undisputed Material Facts | March 1, 2027 |
| Responses to Summary Judgement Motions & Statements of Undisputed Material Facts | April 30, 2027 |
| Replies to Summary Judgment Motions | June 14, 2027 |
| Argument on Summary Judgment Motions | July 15-16, 2027 |
| Mediation and Case Resolution Efforts | August 13, 2027 |
| Trial Ready | October 1, 2027 |
| Jury Instructions; Witness and Exhibit Lists; Stipulations; Expert Reports | January 10, 2028 |
| Final Pretrial Conference | January 18-19 2028 |
| Jury Trial | February 1, 2028 |

**2.    Structured Data Meet and Confer History**

   **A.    FCM's Structured Data Production**

Defendant FCM has been diligently working to comply with the Court's deadline for structured data production. On July 10, 2024, September 20, 2024, and November 25, 2024, FCM produced various samples of structured data to Plaintiffs, relying on its internal systems support personnel to pull various reports ("FCM Sample"). The FCM Sample includes data responsive to Plaintiffs' Requests for Production Nos.1-4, 5-6, 9, and 16.

As FCM scaled up efforts to prepare the full production of structured data, it became apparent that the volume of the data, spanning over a decade, required significant processing time to extract and generate reports. Most, if not all, of the responsive data resides within a third-party database. Accordingly, FCM promptly engaged its internal resources and collaborated with the third-party vendor that possesses the responsive data to extract the data. However, it became necessary to work with the vendor to develop custom programming solutions to handle the large-scale data more efficiently.

Despite these efforts, the sheer volume of data and limited resources have slowed the data processing time. While FCM will substantially complete its production by the Court's deadline, it is unable to produce all responsive structured data by that time. FCM has taken reasonable steps to ensure progress and remains committed to completing the remaining production as promptly as possible.

## LEGAL STANDARD

Pursuant to Rule 16(b)(4), "once a scheduling order is entered, it 'may be modified only for good cause and with the judge's consent.'" *Briggs v. Vincent-Bushon*, 2018 WL 4261174, at *2 (M.D. Tenn. July 18, 2018). "[W]hether to amend the scheduling order is committed to the sound discretion of the trial court." *Id.* (citing *Thompson v. Bruister & Assocs., Inc.*, 2013 WL 1092218, at *4 (M.D. Tenn. Mar. 15, 2013)). "[A] court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) (quoting Fed. R. Civ. P. 16(b)(4) advisory committee's note to 1983 amendment) "The Sixth Circuit has stated that 'good cause' under Rule 16(b)(4) 'is measured by the movant's diligence in attempting to meet the case management order's requirements.'" *Wiseman v. Lipinski*, 2011 WL 3236103, at *2 (M.D. Tenn. July 28, 2011) (quoting *Leary,* 349 F.3d at 906–07). Courts in this District have consistently interpreted this to mean that a movant "must show that 'despite [his] diligence [he] could not meet the original deadline.'" *National Waste Assocs., v. Lifeway Christian Res. of the*

4

*S. Baptist Convention*, 2022 WL 96523, at *2 (M.D. Tenn. Jan. 10, 2022) (quoting *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008)).

"Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Hosp. Authority of Metro/ Gov't of Nashville v. Momenta Pharms., Inc.*, 2019 WL 13496984, at *4 (M.D. Tenn. June 7, 2019) (internal quotation omitted). In sum, "[i]n order to demonstrate good cause, the [movant] must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Singh v. Vanderbilt Univ. Med. Ctr.*, 2020 WL 6290321, at *2 (M.D. Tenn. Oct. 26, 2020) (citing *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014)).

## ARGUMENT AND AUTHORITIES

**1. Under Rule 16(b)(4), Good Cause Exists to Extend the Structured Data Production Deadline by 26 Days**

Since before the Court's original October 25, 2024, deadline, FCM worked diligently through structured data discovery issues as efficiently as possible. FCM's delay is caused by strained resources and the burden or difficulty associated with third-party systems of FCM to extract the responsive structured data as quickly as originally anticipated, as well as constraints posed by its relatively small systems support department.

### A. FCM Diligently and Cooperatively Worked Towards Meeting the Original Deadline

FCM produced multiple samples to Plaintiffs to ensure Plaintiffs receive complete, usable data. FCM has also worked diligently to comply with the December 20 deadline by producing a substantial volume of structured data by the deadline. Despite FCM's efforts to mobilize its limited internal resources and engage the third-party vendor to assist with custom programming, the scale of the data made it difficult for full production by the original deadline. In addition to the data extraction itself, the development of customized computer programs also takes days. FCM's inability to complete production by the deadline is not due to lack of diligence but rather to the logistical constraints imposed by the size of data and lack of resources to extract and process the data. FCM remains committed to completing the remaining production as promptly as possible.

### B. No Party Will Suffer Prejudice from the Extension

FCM makes this request. Plaintiffs do not oppose the request. The affected parties agree that they will not suffer prejudice from this extension; an extension helps ensure that Plaintiffs will receive the data requested. No other deadlines are affected by the requested extension.

### 2. The Proposed Extension Also Complies with Local Rule 16.01(h)(1)

Local Rule 16.01(h)(1) requires that no dispositive motion deadline shall be later than 90 days in advance of the trial date. In the CMO, the Court ordered that any motion

to modify the CMO include a statement that the requested extension will still conform to that requirement. (Doc. No. 818 at 1.) Per that directive, the parties hereby state that the requested extension to reset the structured data discovery deadline by 26 days to January 15, 2025 does not impact the current dispositive motion deadlines, and accordingly complies with Local Rule 16.01(h)(1).

## CONCLUSION

For the foregoing reasons, Defendant First Communities Management, Inc. ("FCM") respectfully request that the Court extend the deadline for production of structured data from December 20, 2024, to January 15, 2025.

Dated: December 20, 2024

Respectfully submitted,

By: */s/ Richard P. Sybert*
Richard P. Sybert *(pro hac vice)*
Hannah E. Brown *(pro hac vice)*
Leigh A. Woodruff *(pro hac vice)*
Shuying Lin *(pro hac vice)*

*GORDON REES SCULLY MANSUKHANI, LLP*
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 321-5222
rsybert@grsm.com
hbrown@grsm.com
lwoodruff@grsm.com
slin@grsm.com

*Counsel for First Communities Management, Inc.*

## CERTIFICATE OF SERVICE

I, Shuying Lin, hereby certify that on December 20, 2024, a PDF copy of the foregoing document was emailed to attorneys of record in the above-captioned case via Plaintiffs' counsel email list-serv (RealPageCoCounsel@scott-scott.com).

*/s/ Shuying Lin*
SHUYING LIN