Motion (1360) is **GRANTED.**

US DISTRICT JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | Case No. 3:23-MD-3071<br>MDL No. 3071<br><br>This Document Relates to:<br>ALL CASES<br><br>Hon. Judge Waverly D. Crenshaw, Jr. |

**JOINT MOTION TO CONDUCT DEPOSITIONS AFTER CLOSE OF FACT DISCOVERY**

Defendant RealPage, Inc., and Plaintiffs (together, the "Parties") jointly move the Court for leave to conduct the depositions of Leeryn Howard and Steven Winn after the February 27, 2026 close of fact discovery. Parties may conduct depositions following the close of fact discovery where good cause is shown. Fed. R. Civ. Proc. 16(b)(4). "The overarching inquiry . . . is whether the moving party was diligent in pursuing discovery." *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011).

Here, the Parties have good cause to schedule the depositions of Mr. Winn and Ms. Howard shortly after the fact discovery cutoff. Mr. Winn is recuperating from a recent accident and for medical reasons is not available to sit for his deposition before the fact discovery cutoff. All Parties and counsel are available for his deposition on March 13, 2026. Ms. Howard is represented by individual counsel who is recovering from a recent surgery that precludes him from participating in a deposition by the fact discovery cutoff. All Parties and counsel are available to conduct Ms. Howard's deposition on March 6, 2026.

Due to these unavoidable medical issues, the Parties have good cause to schedule the depositions of both Ms. Howard and Mr. Winn after the close of fact discovery. Both depositions