**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | ) ) ) ) ) ) ) ) | NO. 3:23-md-03071 MDL No. 3071 Judge Waverly D. Crenshaw, Jr. This Document Relates to: ALL CASES |

### JOINT STATUS REPORT

I.    Settlement

    A.    Updated Status as of March 29, 2024

Plaintiffs have reached settlement agreements in principle with Defendants Apartment Income REIT, Corp., d/b/a AIR Communities ("AIR"); Avenue5 Residential, LLC; and Pinnacle Property Management Services, LLC ("Pinnacle"). Plaintiffs are working with AIR and Pinnacle to document their in-principle settlement agreements, and subsequently file with the Court preliminary approval papers.

Scheduled and prior mediation sessions are as follows:

| | |
|---|---|
| Scheduled for April 8, 2024 Mediation in Washington, D.C. with Layn Philips | Bell Partners Inc. ("Bell"), BH Management Services, LLC ("BH"), Camden Property Trust ("Camden"), ConAm Management Corporation ("ConAm"),  Equity Residential ("Equity"), Greystar Management Services, LLC, ("Greystar"), Highmark Residential ("Highmark"), LLC, Independence Realty Trust, Inc. ("IRT"); Lincoln Property Co. ("Lincoln"), Morgan Properties Management Company, LLC ("Morgan Properties"), RealPage, Inc., RPM Living, LLC ("RPM"), Security Properties Residential, LLC ("Security Properties"), Sherman Associates, Inc. ("Sherman"), The Related Companies, L.P. and Related Management Company, L.P. ("Related"), Thoma Bravo, L.P., Thoma Bravo Fund XIII, L.P., Thoma Bravo Fund XIV, L.P. ("the Thoma Bravo Defendants"), Thrive Communities Management, LLC ("Thrive"), UDR, Inc. ("UDR"), Windsor Property Management Company ("Windsor"), WinnCompanies LLC and WinnResidential Manager Corp. ("Winn"). |

1

| | |
|---|---|
| Participated in March 15, 2024 Mediation with Layn Phillips and Clay Cogman (10 hours) | Defendants Apartment Management Consultants, LLC ("AMC"); Bozzuto Management Company ("Bozzuto"); First Communities Management, Inc. ("FCM"); FPI Management, Inc. ("FPI"); Mission Rock Residential, LLC; Rose Associates Inc. ("Rose"); Sares Regis Group Commercial, Inc. ("Saris Regis"); and ZRS Management, LLC ("ZRS"). |
| Participated in October 24, 2023 Mediation with Layn Phillips and Clay Cogman (6 hours) | Plaintiffs and Defendants AIR; Allied Orion; Brookfield Properties Multifamily LLC ("Brookfield"); CH Real Estate Services, LLC; ConAm; CONTI Texas Organization, Inc., d/b/a CONTI Capital ("CONTI"); Cortland Management, LLC ("Cortland"); CWS Apartment Homes LLC ("CWS"); Dayrise Residential, LLC ("Dayrise"); ECI Management, LLC ("ECI"); Essex Property Trust, Inc. ("Essex"); FCM; Independence Realty Trust, Inc. ("IRT"); Kairoi Management, LLC ("Kairoi"); Knightvest Residential ("Knighvest"); Lantower Luxury Living, LLC ("Lantower"); Mid-America Apartment Communities, Inc. and Mid-America Apartments, L.P. ("MAA"); Mission Rock; Morgan Properties; Prometheus Real Estate Group, Inc.; Related; Rose; Simpson Property Group, LLC; Sares Regis Group Commercial, Inc.; Sherman; Trammell Crow Residential Company and Crow Holdings, LP; Windsor Property Management Company; Winn.[1] |

Plaintiffs and Defendants who participated in these mediations have continued discussions through the mediators and bilaterally.

As to the remaining Defendant, Knightvest, the parties are now engaged in case resolution discussions.

The parties do not currently view any legal issues as an impediment to settlement. Plaintiffs believe that fulsome discovery, however, will be needed to contribute to more robust and meaningful settlement discussions going forward.

B.      May 10, 2024 Report:

a. Pursuant to the Court's order (Dkt. 898), the parties will no longer provide settlement updates in joint status reports.

---

[1] This mediation was also attended by Defendants Campus Advantage, Inc.; Cardinal Group Holdings LLC; CA Ventures Global Services, LLC; and Timberline Real Estate Ventures LLC, all of which have since been dismissed from the case.

2

C.      December 5, 2025 Report:

    a.  Pursuant to Paragraph 17 of the Order on Preliminary Approval of Settlements (Dkt. 1313) regarding notice and plan of allocation progress, Plaintiffs are in the process of working with the Court-appointed Settlement Administrator, Angeion Group, LLC, to create a website where potential Class Members can obtain information about the settlements and pre-register for notice once authorized by the Court. The plan of allocation is under consideration, but expert data analysis is still required on several issues before a comprehensive and cohesive plan can be proposed.

    b.  Plaintiffs recently learned that there is a campaign involving solicitation of absent class members related to the settlements that have been reached to date in this case. It appears that the campaign is at least in part attributable to a law firm. Plaintiffs are investigating the scope and nature of the communications, and, to that end, have sent a letter to that firm identifying what Plaintiffs view as misleading communications. Plaintiffs have requested to meet and confer with the law firm immediately. If Plaintiffs cannot resolve the issue within the next week, Plaintiffs intend to bring the issue to the Court through the joint dispute process. Class counsel will provide a copy of this joint status report to the law firm after it is filed.

D.      January 2, 2026 Report:

    a.  Pursuant to Paragraph 17 of the Order on Preliminary Approval of Settlements (Dkt. 1313) regarding notice and plan of allocation progress, Plaintiffs have finalized the website they were working on with Court-appointed Settlement

3

Administrator, Angeion Group, LLC, to inform potential Class Members about the settlements and pre-register for notice once authorized by the Court. The website is available at https://realpagerentalsettlement.com/. The plan of allocation remains under consideration, as expert data analysis is required on several issues before a comprehensive and cohesive plan can be proposed.

b. Plaintiffs are communicating with the law firm that Plaintiffs understand is at least in part responsible for a campaign that involves the solicitation of absent class members relating to settlements reached to date in this case. Plaintiffs continue to investigate the scope and nature of the campaign and will resolve any issues that arise with the Court through the joint dispute process.

E. February 6, 2026 Report:

a. As stated in the January 2026 status report, Plaintiffs have finalized the website to inform potential Class Members about settlements and pre-register for notice once authorized by the Court. The website is available at https://realpagerentalsettlement.com/. The plan of allocation remains under consideration, as expert data analysis is required on several issues before a comprehensive and cohesive plan can be proposed.

b. Plaintiffs are communicating with the law firm that Plaintiffs understand is at least in part responsible for a campaign that involves the solicitation of absent class members relating to settlements reached to date in this case. Plaintiffs continue to investigate the scope and nature of the campaign and will resolve any issues that arise with the Court through the joint dispute process.

F. March 6, 2026 Report:

a. Plaintiffs' plan of allocation for settlements remains under consideration as expert data analysis on several issues continues to assist Plaintiffs in proposing a comprehensive and cohesive plan.

b. Plaintiffs continue to investigate the scope and nature of a campaign involving the solicitation by at least one law firm of absent class members relating to settlements already reached in this case. Plaintiffs will resolve any issues that arise with the Court through the joint dispute process.

**G.     April 3, 2026 Report**

a. **Plaintiffs' plan of allocation for settlements remains under consideration as expert data analysis on several issues continues to assist Plaintiffs in proposing a comprehensive and cohesive plan. On March 27, 2026, Plaintiffs requested until May 15, 2026 to extend their proposed deadline to seek preliminary approval of their second round of settlements. In that filing, Plaintiffs also proposed that they would seek, on or before May 15, preliminary approval of a plan of allocation (Dkt. 1381). Plaintiffs' requests are pending before the Court and unopposed by Settling Defendants (Dkts. 1382, 1384).**

b. **Plaintiffs continue to investigate the scope and nature of a campaign involving the solicitation by at least one law firm of absent class members relating to settlements already reached in this case. Plaintiffs will resolve any issues that arise with the Court through the joint dispute process.**

II.     <u>Discovery</u>

A.     Below is the status of each of the following, including the date the described discovery was served, the deadline for response, and any known or anticipated

5

discovery issues (e.g. preservation of evidence, privilege issues, or confidentiality issues). Fact discovery must be completed by November 21, 2025. (Dkt. 818 at 2.)

1.      Requests for Documents

(a)      March 29, 2024 Report:

(i)      Plaintiffs

Plaintiffs served their First Set of Requests for Production and Second Set of Requests for Production on February 16, 2024. On March 18 and 19, 2024, most Defendants[2] served their responses and objections to those requests. Plaintiffs are in the process of conferring with each Defendant about those responses and objections. The parties began meeting and conferring with Defendants regarding proposed document custodians on March 9, 2024, and those discussions are ongoing.[3]

(ii)      Defendants

Defendants served their First Set of Requests for Production on March 4, 2024. Plaintiffs' deadline to respond is April 3, 2024.

(b)      May 10, 2024 Report:

(i)      Plaintiffs

---

[2] Defendants Rose, Sares Regis and the Thoma Bravo Defendants negotiated extensions to their deadlines to serve their responses and objections. The Thoma Bravo Defendants will serve their responses and objections on the agreed-upon deadline of March 29, 2024. Sares Regis will serve their responses and objections within 5 days, and Rose within 10 days, after transfer back to this Court. Consistent with their previous submissions in the *Kabisch* matter, CONTI and Prometheus did not serve their responses and objections by this date. *See* Dkt #776 at 1 n.1. CONTI did not serve responses and objections as to *Vincin*. Meet and confers with CONTI and Prometheus are ongoing. AMC was served with Plaintiffs' First and Second Sets of Requests for Production on March 22, 2024, to which responses are due April 22, 2024.

[3] Defendants CONTI, Prometheus, and Rose have not yet met and conferred with Plaintiffs regarding custodians during the pendency of their transfer back into this MDL.

The parties are continuing to meet and confer regarding Defendants' responses and objections to Plaintiffs' First Set of Requests for Production and Second Set of Requests for Production.[4] Plaintiffs anticipate that global issues relating to the time frame and geographic scope of production, as well as some Defendants' position regarding production of documents produced to government regulators, may become ripe before the next monthly status report. The parties are continuing to meet and confer regarding Defendants' proposed document custodians and those discussions are ongoing.

For three of the Defendants whose claims were severed sua sponte from the *Kabisch v. RealPage, Inc.*, 3:23-cv-00742, action and transferred to other venues and then back to the Court pursuant to CTO-6 (Dkt. 879) on April 5, 2024— Prometheus, Sares Regis, and Rose—the parties have agreed to preliminary schedules related to Plaintiffs' document requests (Dkt. 883 at 3-5).

(ii) Defendants

On April 3, 2024, Plaintiffs served their responses and objections to Defendants' First Set of Requests for Production. Defendants continue to review Plaintiffs' responses and objections and will meet and confer regarding the adequacy of those responses and objections.

(c) June 7, 2024 Report:

(i) Plaintiffs

The parties are continuing to meet and confer regarding Defendants' responses and objections to Plaintiffs' First Set of Requests for Production and Second Set of Requests for

---

[4] AMC served its responses and objections to Plaintiffs' First Set of Requests for Production and Second Set of Requests for Production on April 22, 2024. CONTI filed a Rule 12(b)(1) motion to dismiss in Vincin, which the Court dismissed without prejudice and entered an agreed scheduling order relating to CONTI's Rule 12(b)(1) motions to dismiss filings in Vincin and Kabisch, which set filing deadlines and allows Plaintiffs to take jurisdictional discovery relating to the motions to dismiss, as needed. (Dkt. #315).

7

Production.  Specifically, the parties continue to meet and confer with respect to the global issues raised in the last status report relating to the time frame and geographic scope of production, as well as (where applicable) some Defendants' position regarding full and not partial reproduction of documents produced to government regulators.  To the extent that Plaintiffs cannot reach agreement with one or more Defendants on these issues, Plaintiffs anticipate seeking a discovery conference.[5]

(ii)     Defendants

Defendants continue to review Plaintiffs' responses and objections to Defendants' First Set of Requests for Production and are meeting and conferring with Plaintiffs regarding the adequacy of those responses and objections.

(d)     July 3, 2024 Report:

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First Set of Requests for Production and Second Set of Requests for Production. Specifically, the parties continue to meet and confer with respect to the global issues raised in the last status report relating to the time frame and geographic scope of production, as well as (where applicable) some Defendants' position regarding full and not partial reproduction of documents produced to government regulators.  To the extent that Plaintiffs cannot reach agreement with one or more Defendants on these issues, then Plaintiffs anticipate seeking a discovery conference.

---

[5] As to Defendant CONTI, the case management deadlines as to CONTI have been stayed per Dkt. 914.

Additionally, Plaintiffs are meeting and conferring with RealPage about the conditions under which RealPage will produce usable source code for their RMS. If Plaintiffs cannot reach agreement with RealPage on the issue, then Plaintiffs anticipate seeking a discovery conference.

(ii)     Defendants

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' First Set of Requests for Production.

(e)     August 2, 2024 Report:

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production. The parties have held several successful in-person meet and confers that have resulted in agreements (including on time period, geographic scope of production, and government productions) without the need to raise discovery disputes with the Court. Some disputes remain ongoing. A handful of in-person meet and confers are scheduled or likely to be scheduled in the next few weeks regarding time period, geographic scope of production, government productions, and custodians. With respect to government productions, all but one of the applicable Defendants have agreed to reproduce those productions. The scope of government productions and their adequacy in covering Plaintiffs' Requests for Production in whole or in part (including temporal scope and custodians) are still being negotiated with five other Defendants. With respect to time frame for document production, Plaintiffs have sought production through March 2024, and some Defendants have only agreed to produce documents through the date of the first complaint in which they were named. Finally, Plaintiffs still continue to meet and confer with some Defendants concerning the geographic scope of their document production, including two Defendants who have not agreed to produce documents on a

9

nationwide basis. Plaintiffs anticipate that one or more of these issues will become ripe for resolution with one or more Defendants before the September status conference.

Plaintiffs have also begun search methodology discussions with all Defendants. Plaintiffs are discussing the potential use of TAR with two Defendants, and those parties have exchanged draft protocols, which will ultimately be submitted to the Court for the Court's review before implementation. Plaintiffs are discussing potential search terms with other Defendants. Some Defendants have refused to provide search term hit reports to allow Plaintiffs to evaluate any claim of burden, and Plaintiffs anticipate that they may seek a discovery conference to move to compel such information before the September status conference.

Additionally, following receipt of RealPage's proposed Addendum to the Protective Order, which details the conditions under which RealPage will agree to produce any source code(s) for its RMS and associated databases, Plaintiffs participated in an in-person meet and confer with RealPage on July 11 concerning the same. The parties have yet to reach agreement with respect to the proper format and location where RealPage's source code(s) will be made available to Plaintiffs, and anticipate seeking a discovery conference if an agreement cannot be reached in the near term.

(ii)     Defendants

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' First Set of Requests for Production.

(f)     September 6, 2024 Report:

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First Set of Requests for Production and Second Set of Requests for Production. The parties have held four in-person meet and confers since filing the August status report, and have

10

one more scheduled prior to the September 13, 2024 status conference. The parties have engaged in productive meet and confers since the last status report, but some disputes remain ongoing, including disputes regarding government productions, time frame and geographic scope of document production, search methodology, and document custodians.

With respect to government productions, 16 Defendants have disclosed that they have made productions to the government in response to civil investigative demands or similar requests. Of those Defendants:

- All have agreed to reproduce their government productions to Plaintiffs in this case, but five have not started reproduction yet.

- One Defendant will not identify to which entity(ies) its government production(s) was produced.

- One Defendant will not say whether it has received a CID or government subpoena, or made a government production.

With respect to temporal scope, some Defendants continue to ask for an earlier end date than Plaintiffs' proposed compromise of March 2024 (as opposed to the present). Plaintiffs are approaching agreement on this issue with certain of these Defendants based on specific circumstances, but are currently at disagreement with others.

With respect to geographic scope, three Defendants maintain that they will not produce documents on a nationwide basis.

Plaintiffs' search methodology discussions remain ongoing with most Defendants. Plaintiffs are discussing the potential use of TAR with three Defendants, whose proposals will be submitted to the Court before implementation. At least 28 Defendants have proposed using only

search terms, but at least three of them have refused to provide hit reports to allow Plaintiffs the opportunity to evaluate any claim of burden.

Plaintiffs continue to review RealPage's source code per the parties' interim agreement concerning the same.

Plaintiffs anticipate that they will seek a discovery conference regarding one or more of these ongoing issues with one or more Defendants before the next status conference.

(ii)     Defendants

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' First Set of Requests for Production.  The parties have reached agreement on several requests for production, but have an outstanding dispute concerning whether Plaintiffs will produce documents that are publicly-available but in Plaintiffs' possession, custody, or control.

The parties have exchanged draft search terms for the production of materials from Plaintiffs and are working through revisions to those draft search terms.

(g)     October 4, 2024 Report:

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production.  The parties have held ten in-person conferrals since filing the September status report. While the parties have engaged in productive meet and confers since the last status report, some disputes remain ongoing.

With regard to custodial negotiations (*i.e.*, time frame and geographic scope of document production, search terms and methodology, and document custodians), Plaintiffs have reached full agreement on all issues with the following 14 Defendants: Brookfield, Camden, Equity, Essex, Greystar, Highmark, IRT, Kairoi, Mission Rock, Sherman, Thoma Bravo, Thrive, Windsor, and

Winn. Plaintiffs have reached agreement on everything except search terms with the following 9 Defendants: BH, Bozzuto, CWS, FCM, Lantower, Mid-America, Morgan Properties, Simpson, and UDR. Of these Defendants, Plaintiffs are discussing the potential use of TAR with UDR, Winn, and Mid-America, whose proposals will be submitted to the Court before implementation. Plaintiffs maintain that hit reports are required to assess burden. Defendants still objecting to specific search terms on grounds of undue burden have generally agreed to provide hit reports on the terms in dispute. The parties are nearing agreement on those issues.

There are still a number of Defendants with whom Plaintiffs are continuing to discuss custodial issues, including Allied, AMC, Bell Partners, Bozzuto, CH, ConAm, Cortland, ECI, Knightvest, Lincoln, Prometheus, RealPage, Related, Rose, RPM, Sares Regis, Security Properties, Trammell Crow, and ZRS. Of these Defendants, 12 are still discussing the total number and identity of custodians with Plaintiffs, 12 are still discussing the end date of custodial productions with Plaintiffs, and two continue to maintain that they will not produce documents on a nationwide basis, in contrast to their Defendant counterparts. The parties are continuing to meet and confer, including in-person, on these issues, and are hopeful that agreements are near with various Defendants. That said, depending on the outcome of forthcoming scheduled conferrals, Plaintiffs anticipate that other discovery disputes may become ripe in the next month.

As stated in the September status report, all applicable Defendants have now agreed to reproduce their government productions.

Plaintiffs continue to review RealPage's source code per the parties' interim agreement concerning the same.

(ii)     Defendants

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' First Set of Requests for Production. The parties have reached

agreement on several requests for production, but have an outstanding dispute concerning whether Plaintiffs will produce documents that are publicly-available but in Plaintiffs' possession, custody, or control.

The parties have continued to exchange draft search terms for the production of materials from Plaintiffs and are working through revisions to those draft search terms.

        (h)      November 1, 2024 Report:

           (i)      Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production. While the parties have engaged in productive meet and confers since the last status report, some disputes remain ongoing.

With respect to custodial negotiations (*i.e.*, discussions regarding time frame and geographic scope of document production, search terms and methodology, and document custodians), Plaintiffs have reached full agreement with 20 Defendants, including, since the filing of the last status report: Bell Partners, Bozzuto, ECI, FCM, Trammell Crow, and UDR. Plaintiffs have reached agreement on everything except search terms with the following nine Defendants: BH, CH, Cortland, CWS, Lantower, Mid-America, Morgan Properties, Security Properties, and Simpson. Of these Defendants, Plaintiffs are discussing the use of TAR with Winn and Mid-America, whose proposals will be submitted to the Court before implementation. UDR's TAR proposal has been agreed to by the parties and will be submitted to the Court in short order. With regard to prompt resolution of search terms, certain Defendants are taking the position that they are unable to provide hit reports due to vendor delay.

There are still a number of Defendants with whom Plaintiffs are continuing to discuss other custodial issues. Plaintiffs continue to discuss: (1) the total number and identity of custodians with the following ten Defendants: Allied, ConAm, Knightvest, Lincoln, Prometheus, RealPage,

Related, RPM, Sares Regis, and ZRS; and (2) the time frame of custodial productions with the following five Defendants: AMC, ConAm, Prometheus, Rose, and ZRS. With respect to time frame, certain Defendants are taking the position that custodians selected in connection with their governmental productions suffice for the purpose of this litigation, despite their tenures not aligning with the parties' agreed upon relevant time period. The parties are continuing to meet and confer on these issues, and are hopeful that agreements are near with various Defendants. That said, depending on the outcome of forthcoming conferrals, Plaintiffs anticipate that discovery disputes may become ripe in the next month.

Plaintiffs have reached agreement with all Defendants on the geographic scope of document production.

Plaintiffs plan to proceed with their review of RealPage's source code according to the terms of the parties' interim agreement concerning the same.

(ii) Defendants

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' First Set of Requests for Production. The parties have reached agreement on several requests for production, but have an outstanding dispute concerning whether Plaintiffs will produce documents that are publicly-available.

The parties have reached agreement regarding search terms that will be utilized for Plaintiffs' productions of custodial documents.

(i) December 6, 2024 Report:

(i) Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production. Plaintiffs have conferred in-person with RealPage and Simpson since filing the November status report. An in-person conferral with

15

Security Properties is scheduled for next week.  While the parties have engaged in productive meet and confers since the last status report, some disputes remain ongoing.

With respect to custodial negotiations (*i.e.*, discussions regarding time frame and geographic scope of document production, search terms and methodology, and document custodians), Plaintiffs have reached full agreement with 32 Defendants, including, since the filing of the last status report: Allied, BH, CWS, Knightvest, Lantower, Morgan Properties, Prometheus, RealPage, Related, Rose, Simpson, and ZRS. Plaintiffs have reached custodial agreement on everything except search terms with the following six Defendants: AMC, CH, Cortland, Mid-America, RPM, and Security Properties. Of these Defendants, Plaintiffs offered Cortland several dates for a conferral to continue advancing the parties' search terms discussions and expect this meeting will take place early next week.  Plaintiffs are also finalizing a TAR proposal with Mid-America, which will be submitted to the Court before implementation.   There remains one Defendant—Sares Regis—with whom the total number and identity of custodians remain outstanding.

The parties are continuing to meet and confer on these issues over the next week, and are hopeful that agreements are near. That said, depending on the outcome of scheduled conferrals, Plaintiffs anticipate filing joint dispute statements with at least three of these Defendants with regard to outstanding custodial issues.

Plaintiffs plan to proceed with their review of RealPage's source code according to the terms of the parties' interim agreement concerning the same.

(ii)     Defendants

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' First Set of Requests for Production.  The parties have reached agreement on several requests for production, but have an outstanding dispute concerning whether

Plaintiffs will produce documents from Plaintiffs' attorneys' files that are otherwise publicly-available and accessible to Defendants from public sources (including, for example, Defendants' own SEC filings).

(j)      January 3, 2025 Report

(i)      Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production. Plaintiffs have conferred in-person with Security Properties and Sares Regis since filing the December status report. While the parties have engaged in productive meet and confers since the last status report, some disputes remain ongoing.

With respect to custodial negotiations (*i.e.*, discussions regarding time frame and geographic scope of document production, search terms and methodology, and document custodians), Plaintiffs have reached full agreement with 36 Defendants, including, since the filing of the last status report: Cortland, CH, MAA, RPM, and Security Properties. Plaintiffs have reached custodial agreement on everything except search terms with the following two Defendants: AMC and Sares Regis. MAA's TAR proposal has been agreed to by the parties and will be submitted to the Court in short order.

Agreement has been reached with all Defendants on Plaintiffs' first round of requests for document custodians. Per the ESI Protocol (Dkt. 815), at the end of December 2024, Plaintiffs requested from several Defendants second-round custodians in addition to those already agreed upon. Those Defendants are considering these recently-received requests and will meet-and-confer with Plaintiffs concerning the requests. In certain other circumstances, Plaintiffs have stipulated with individual Defendants for an extension of their second-round custodian request.

17

The parties are continuing to meet and confer on any outstanding custodial issues over the next month, and are hopeful that agreements are near. That said, depending on the outcome of forthcoming conferrals, Plaintiffs anticipate that discovery disputes may become ripe in the next month.

Plaintiffs plan to proceed with their review of RealPage's source code according to the terms of the parties' interim agreement concerning the same.

(ii)    Defendants

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' First Set of Requests for Production. The parties have reached agreement on several requests for production, but have an outstanding dispute concerning whether Plaintiffs will produce documents from Plaintiffs' attorneys' files that are otherwise publicly-available and accessible to Defendants from public sources (including, for example, Defendants' own SEC filings).

(k)    February 7, 2025 Report:

(i)    Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production. Plaintiffs have conferred in-person with UDR since filing the January status report. While the parties have engaged in productive meet and confers since the last status report, some disputes remain ongoing.

With respect to custodial negotiations (*i.e.*, discussions regarding time frame and geographic scope of document production, search terms and methodology, and document custodians), Plaintiffs have reached full agreement with 36 Defendants. Plaintiffs have reached custodial agreement on everything except search terms with two Defendants: AMC and Sares

Regis. Plaintiffs are continuing to confer with AMC and Sares Regis and hope to resolve this outstanding issue in short order.

Per the ESI Protocol (Dkt. 815), at the end of December 2024, Plaintiffs requested from several Defendants second-round custodians in addition to those already agreed upon. In some circumstances, Plaintiffs stipulated with individual Defendants for an extension of their second-round custodian request. Defendants in receipt of these requests are considering them and in the process of conferring with Plaintiffs concerning the requests.

Plaintiffs plan to proceed with their review of RealPage's source code according to the terms of the parties' interim agreement concerning the same.

(ii) Defendants

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' First Set of Requests for Production. The parties have reached agreement on several requests for production, but are continuing to negotiate with respect to an outstanding dispute concerning whether Plaintiffs will produce documents from Plaintiffs' attorneys' files that are otherwise publicly-available and accessible to Defendants from public sources (including, for example, Defendants' own SEC filings).

Defendants served their Second Set of Requests for the Production of Documents and Electronically Stored Information by All Named Plaintiffs on February 7, 2025. Plaintiffs' responses are due on March 10, 2025.

(l) March 7, 2025 Report:

(i) Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production. Plaintiffs have conferred in-person

19

with Sares Regis twice since filing the February status report. While the parties have engaged in productive meet and confers since the last status report, some disputes remain ongoing.

With respect to custodial negotiations (*i.e.*, discussions regarding time frame and geographic scope of document production, search terms and methodology, and document custodians), Plaintiffs have reached full agreement with 37 Defendants. Plaintiffs have reached custodial agreement on everything except search terms with one Defendant: Sares Regis. A joint dispute statement concerning this disagreement was filed by the parties on March 6, 2025, and ruled on by the Court the following day (Dkt. 1086).

Per the ESI Protocol (Dkt. 815), at the end of December 2024, Plaintiffs requested from several Defendants second-round custodians in addition to those already agreed upon. In some circumstances, Plaintiffs stipulated with individual Defendants for an extension of their second-round custodian request. At least one Defendant is still considering Plaintiffs' request and is in the process of conferring with Plaintiffs concerning that request.

(ii)     Defendants

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' First Set of Requests for Production. The parties have reached agreement on several requests for production, but are continuing to negotiate with respect to an outstanding dispute concerning whether Plaintiffs will produce documents from Plaintiffs' attorneys' files that are otherwise publicly-available and accessible to Defendants from public sources (including, for example, Defendants' own SEC filings).

Defendants served their Second Set of Requests for the Production of Documents and Electronically Stored Information by All Named Plaintiffs on February 7, 2025. Plaintiffs' responses are due on March 10, 2025.

Plaintiffs are discussing the use of TAR with Windsor in connection with its second-round custodians. Windsor's TAR proposal, which parallels the TAR protocols previously approved by the Court, has been agreed to by the parties and will be submitted to the Court in short order.

    (m)    April 4, 2025 Report:

        (i)    Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production and the sufficiency of the resulting productions. Plaintiffs have conferred in-person with Sares Regis and Knightvest since filing the March status report. While the parties have engaged in productive meet and confers since the last status report, some disputes remain ongoing.

In particular, the parties continue to negotiate Plaintiffs' request for transcripts of any governmental or regulatory testimony concerning Defendants' use of RealPage RMS, whether at a deposition, in a written declaration, or otherwise. Plaintiffs recently learned that, in some circumstances, Defendants or their employees provided such testimony to government or regulatory agencies but claim that any transcripts are not in their possession, custody, or control. Plaintiffs and RealPage have reached agreement to arrange for production of those transcripts to Plaintiffs. Plaintiffs are addressing these issues directly with other Defendants and will raise any disputes with the Court if they cannot be otherwise resolved.

Plaintiffs have reached agreement on all custodial issues (*i.e.*, discussions regarding time frame and geographic scope of document production, search terms and methodology, and first-round custodian requests), with all Defendants who have produced or are in the process of producing custodial documents. Plaintiffs have also reached agreement with Defendants on second-round custodian requests, where made. Plaintiffs reserve their right to request additional custodians, if necessary, particularly in situations where a majority of a Defendant's custodial

21

documents were produced on, close to, or after the March 28, 2025 document production deadline, thereby affecting Plaintiffs' ability to assess whether additional custodians are needed to satisfy Plaintiffs' document requests.

(ii)     Defendants

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses to Defendants' First Set of Requests for Production and the sufficiency of the resulting productions.

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' Second Set of Requests for Production.  The parties have reached agreement on many requests for production, but have an outstanding dispute concerning whether Plaintiffs will produce certain financial documents of information relating to Named Plaintiffs.

(n)     May 2, 2025 Report:

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production and the sufficiency of the resulting productions.  While the parties have engaged in productive meet and confers since the last status report (including an in-person conferral with Defendant Rose), some disputes remain ongoing.

In particular, the parties continue to negotiate Plaintiffs' request for transcripts of any governmental or regulatory testimony concerning Defendants' use of RealPage RMS, whether at a deposition, in a written declaration, or otherwise.  Certain Defendants or their employees provided such testimony to government or regulatory agencies but claim that any transcripts are not in their possession, custody, or control.  Plaintiffs are discussing this issue directly with those Defendants who have not yet reached agreement on this issue and will raise any disputes with the Court if they cannot otherwise be resolved.

(ii)     Defendants

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses to Defendants' First Set of Requests for Production and the sufficiency of the resulting productions.

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' Second Set of Requests for Production. The parties have reached agreement on many requests for production, but have an outstanding dispute concerning whether Plaintiffs will produce certain financial documents of information relating to Named Plaintiffs.

(o)     June 6, 2025 Report:

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production and the sufficiency of the resulting productions. While the parties have engaged in productive meet and confers since the last status report (including an in-person conferral with Defendant Sares Regis), some disputes remain ongoing.

In particular, the parties continue to negotiate Plaintiffs' request for transcripts of any governmental or regulatory testimony (whether at a deposition, in a written declaration, or otherwise) concerning Defendants' use of RealPage RMS. Certain Defendants or their employees provided such testimony to government or regulatory agencies but claim that any transcripts are not in their possession, custody, or control. In an effort to promptly resolve this issue, Plaintiffs— who have borne the cost of these transcripts—conferred with said Defendants and have since been informed that the outstanding transcripts will be produced during the week of June 2.

(ii)     Defendants

23

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses to Defendants' First Set of Requests for Production and the sufficiency of the resulting productions.

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' Second Set of Requests for Production. The parties have reached agreement on many requests for production, but have an outstanding dispute concerning whether Plaintiffs will produce certain financial documents of information relating to Named Plaintiffs.

(p)    July 3, 2025 Report:

(i)    Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production and the sufficiency of the resulting productions.

(ii)    Defendants[6]

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses to Defendants' First Set of Requests for Production and the sufficiency of the resulting productions.

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' Second Set of Requests for Production.

(q)    August 1, 2025 Report:

(i)    Plaintiffs

---

[6] This July 3, 2025 Joint State Report is not filed on behalf of Defendants who have identified themselves as "Settling Defendants" in the June 30, 2025 Plaintiffs' and Settling Defendants' Joint Quartlerly Settlement Report (Dkt. 1170).

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production, which include Plaintiffs' requests for structured data. The vast majority of Defendants' production is complete, but Plaintiffs are discussing a few gaps that have been identified with a small number of Defendants.

(ii)     Defendants[7]

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses to Defendants' First Set of Requests for Production and the sufficiency of the resulting productions.

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to Defendants' Second Set of Requests for Production.

(r)     September 5, 2025 Report:

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production, the former of which includes Plaintiffs' requests for structured data. The vast majority of Defendants' production is complete, but Plaintiffs are discussing gaps that have been identified with a few Defendants.

(ii)     Defendants[8]

---

[7] The August 1, 2025 Joint Status Report is not on behalf of Bell Partners Inc., ECI Management LLC, or BH Management LLC, who have reached a settlement in principle with the Plaintiffs.

[8] The September 5, 2025 Joint Status Report is not on behalf of Greystar Management Services, LLC, Knightvest Residential, or Windsor Property Management Company, who have reached a settlement in principle with Plaintiffs.

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses to Defendants' First and Second Set of Requests for Production and the sufficiency of the resulting productions.

(s)     October 3, 2025 Report:

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production, the former of which includes Plaintiffs' requests for structured data.  The vast majority of Defendants' production is complete, but Plaintiffs are discussing gaps that have been identified with a few Defendants.

(ii)     Defendants[9]

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses to Defendants' First and Second Set of Requests for Production and the sufficiency of the resulting productions.

(t)     November 7, 2025 Report:

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production, the former of which includes Plaintiffs' requests for structured data. The vast majority of Defendants' production is complete, but Plaintiffs continue to discuss gaps identified with a few Defendants.

(ii)     Defendants

---

[9] The October 3, 2025 Joint Status Report is not on behalf of Highmark Residential, LLC, who has reached a settlement in principle with Plaintiffs.

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses to Defendants' First and Second Sets of Requests for Production and the sufficiency of the resulting productions.

        (u)        December 5, 2025 Report:

        (i)        Plaintiffs

Plaintiffs have largely closed out their discussions with most Defendants regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production. To the extent discussions remain ongoing, those are limited either to (1) perceived gaps in structured data (for example, Plaintiffs are in the process of reaching out to certain Defendants regarding tenant data that was not produced); or (2) perceived gaps in document production.

As for the latter, Defendant Morgan Properties learned on October 29, 2025 that certain meetings in which Morgan employees discussed LRO recommendations and rental rates were recorded. Around 400 such recordings exist. Morgan Properties is in the process of reviewing those documents and producing them to Plaintiffs on a rolling basis, and intends to complete the production by December 12, 2025. Morgan Properties is also reviewing and producing certain additional documents requested by Plaintiffs, which it expects to complete by December 15. The parties do not have any disputes requiring the Court's intervention at this time.

On August 7, 2025, Plaintiffs served a Rule 45 subpoena on non-party National Apartment Association (NAA). NAA moved to quash the subpoena in the U.S. District Court for the District of Columbia on September 18 (Case No. 1:25-mc-00144, Dkt. 1 (D.D.C.)). NAA's motion was transferred to this Court pursuant to Rule 45(f) on October 22, 2025 (Case No. 1:25-mc-00144, Dkt. 10 (D.D.C.)). Plaintiffs and counsel for NAA have held several meet and confers, including

an in-person conferral on November 19, and, per this Court's Order (Case No. 3:25-mc-00022, Dkt. 26 (M.D. Tenn.)), will submit a Joint Dispute Statement by December 12.

(ii)     Defendants[10]

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses to Defendants' First and Second Sets of Requests for Production and the sufficiency of the resulting productions.

(v)     January 2, 2026 Report

(i)     Plaintiffs

Plaintiffs have largely closed out their discussions with most Defendants regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production. To the extent discussions remain ongoing, those are limited either to (1) perceived gaps in structured data (for example, Plaintiffs are in the process of reaching out to certain Defendants regarding tenant data that was not produced); or (2) perceived gaps in document productions.

As for the latter, on December 10, 2025, Defendant Morgan Properties ("Morgan") finished its production of identified recorded meetings in which Morgan employees discussed LRO recommendations and rental rates. Between December 10 and 18, Morgan also produced certain additional documents it had recently identified as potentially responsive to Plaintiffs' discovery requests. Plaintiffs are in the process of reviewing these recordings and documents for completeness. Because Plaintiffs' review may uncover individuals in the produced recordings who possess relevant information and evidence, Plaintiffs have informed Morgan that they are reserving

---

[10] The December 5, 2025 Joint Status Report is not on behalf of Rose Associates Inc., who has reached a settlement in principle with Plaintiffs.

the right to notice additional to-be-determined witnesses for 30(b)(1) depositions, including seeking leave to notice February depositions after the December 18 deadline under the deposition protocol. Morgan reserves all of its rights regarding any request for depositions, but agrees to meet and confer in good faith with Plaintiffs if they make any such request. The parties do not have any disputes requiring the Court's intervention at this time.

On December 12, 2025, per this Court's order (Case No. 3:25-mc-00022, Dkt. 26 (M.D. Tenn.)), Plaintiffs and non-party National Apartment Association (NAA) filed a Joint Motion for Discovery Conference and Joint Dispute Statement regarding NAA's motion to quash Plaintiffs' Rule 45 subpoena (*id.* at Dkt. 28).

(ii)     Defendants[11]

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses to Defendants' First and Second Sets of Requests for Production and the sufficiency of the resulting productions.

(w)     February 6, 2026 Report

(i)     Plaintiffs

Except for the limited items noted below, Plaintiffs have closed out all discussions with Defendants regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production.

Plaintiffs are addressing follow-up questions regarding produced structured data with the following Defendants: Lincoln/Willow Bridge, and Sares Regis. Plaintiffs intend to resolve these issues before the February 27, 2026 fact discovery deadline. For settlement-notice purposes only,

---

[11] The January 2, 2026 Joint Status Report is not on behalf of Crow Holdings, LP, or Trammell Crow Residential Company who have reached a settlement in principle with Plaintiffs.

Plaintiffs are waiting on certain tenant data (*i.e.,* tenant email addresses and telephone numbers) from the following Defendants: Morgan Properties, RealPage, and Sares Regis. Plaintiffs expect these to be produced in the next few weeks.

In addition, in recent depositions with Defendant Related, Plaintiffs learned of specific production gaps (*e.g.*, missing management agreements). Plaintiffs are in the process of addressing those gaps with Related and intend to resolve any issues before the February fact discovery deadline.

On January 6, 2026, the Court denied non-party National Apartment Association's (NAA) motion to quash Plaintiffs' Rule 45 subpoena without a discovery conference and ordered NAA to produce documents (Case No. 3:25-mc-00022, Dkt. 32 (M.D. Tenn.)). As of today's date, NAA has produced five documents and will not commit to a deadline to make its productions.

(ii)     Defendants[12]

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses to Defendants' First and Second Sets of Requests for Production and intend to resolve any issues before the February fact discovery deadline.

On January 13, 2026, Equity served a subpoena for documents to nonparty Advanced Real Estate (Advanced), requiring production by February 13, 2026. Equity and Advanced have been in discussions regarding the scope of Advanced's production. Advanced has represented to Equity that it will complete its responsive production by February 13, 2026.

---

[12] The February 6, 2026 Joint Status Report is not on behalf of Cortland Management, LLC ("Cortland"), Mid-America Apartment Communities, Inc. and Mid-America Apartments, L.P. ("MAA") or RPM Living, LLC ("RPM"), who have reached a settlement in principle with Plaintiffs.

On January 13, 2026, RealPage served subpoenas for documents to Affordable Housing Network, the District of Columbia Housing Authority, the Tampa Housing Authority, and the San Diego Housing Authority, requiring production by January 30, 2026. RealPage has been in discussion with each of these subpoena recipients. From Affordable Housing Network and the District of Columbia, RealPage is negotiating for reproduction of (about 1,300) documents and deposition testimony from a related lawsuit brought against RealPage and expects to reach resolution soon. From the Tampa Housing Authority and the San Diego Housing Authority, RealPage has received and reproduced to Plaintiffs small productions comprising about 400 total pages and RealPage expects any further productions from these entities to be similarly narrow.

(x)     March 6, 2026 Report

(i)     Plaintiffs

Fact discovery concluded on February 27, 2026. Prior to the end of fact discovery, Plaintiffs closed out all discussions with Defendants regarding Defendants' responses and objections to Plaintiffs' First and Second Sets of Requests for Production.

For settlement purposes only, Plaintiffs are waiting on certain tenant data (*i.e.,* tenant email addresses and telephone numbers) from Lincoln/Willow Bridge, Morgan Properties, and RealPage. Plaintiffs are in communication with these Defendants about the requested data and expect these to be produced promptly.

On March 4, 2026, third-party National Apartment Association made its final production in compliance with the Court's order in Case No. 3:25-mc-00022 (Dkt. 32 (M.D. Tenn.)).

(ii)    Defendants

Fact discovery concluded on February 27, 2026. In response to Defendants' subpoenas, the following nonparties produced documents since the last status report: Advanced Real Estate,

31

Affordable Housing Network, National Apartment Association, Tampa Housing Authority, and DC Housing Authority.

Plaintiffs were advised that some of Defendants' settling co-defendants had not served certain productions on Defendants. Plaintiffs worked with Defendants and their settling co-Defendants to ensure that Defendants received copies of those productions. Defendants are reviewing to ensure that they have received copies of all productions. To the extent Defendants believe that they continue to lack certain productions, Plaintiffs and Defendants will continue to work together to ensure that Defendants have received all productions from settling co-defendants.

        **(y)**        **April 3, 2026 Report**

        **(i)**        **Plaintiffs**

**For settlement purposes only, Plaintiffs are waiting on certain tenant data (*i.e.*, tenant email addresses and telephone numbers) from settling Defendant Lincoln/Willow Bridge and non-settling Defendant RealPage. Plaintiffs continue to be in communication with these Defendants about the requested data and expect a prompt update on their productions.**

        **(ii)**        **Defendants[13]**

**Fact discovery concluded on February 27, 2026. There have been no further third-party productions.**

    2.    Depositions

        (a)        March 29, 2024 Report: No deposition notices have yet been served.

        (b)        May 10, 2024 Report: No deposition notices have yet been served.

        (c)        June 7, 2024 Report: No deposition notices have yet been served.

---

[13] **The April 3, 2026 Joint Status Report is not on behalf of Lincoln Property Management Company, Sares Regis Group Commercial, Inc., Related Companies, L.P., and Related Management Company, L.P., who have reached a settlement in principle with Plaintiffs.**

(d)    July 3, 2024 Report:  No deposition notices have yet been served.

(e)    August 2, 2024 Report:  No deposition notices have yet been served.

(f)    September 6, 2024 Report:  No deposition notices have yet been served.

(g)    October 4, 2024 Report:  No deposition notices have yet been served.

(h)    November 1, 2024 Report:  No deposition notices have yet been served.

(i)    December 6, 2024 Report:  No deposition notices have yet been served.

(j)    January 3, 2025 Report:  No deposition notices have yet been served.

(k)    February 7, 2025 Report:  No deposition notices have yet been served.

(l)    March 7, 2025 Report:  No deposition notices have yet been served.

(m)    April 4, 2025 Report:  No deposition notices have yet been served.

(n)    May 2, 2025 Report:  No deposition notices have yet been served.

(o)    June 6, 2025 Report:  Plaintiffs have not yet served deposition notices on Defendants.  Defendants served upon Plaintiffs deposition notices for the 10 Named Plaintiffs on June 5, 2025—for dates beginning in August 2025, which is the earliest the depositions may begin under the notice requirements in the Court's Order on Deposition Protocol (Dkt. 816 at 4).  Defendants have offered to begin the depositions of Plaintiffs as early as this month if Plaintiffs are amenable to that.

(p)    July 3, 2025 Report:  This week (the week beginning June 30, 2025), Plaintiffs served deposition notices on the following Defendants for September depositions: BH Management, Camden, Cortland, Equity Residential, Greystar, Lincoln/Willow Bridge, MAA, Morgan Properties, RealPage, Related, Rose, Sares Regis, and Thoma Bravo.  Plaintiffs intend to serve additional deposition notices on certain Defendants for September depositions in the coming weeks.  Defendants served upon Plaintiffs deposition notices for the 10 Named Plaintiffs.  Five of the Plaintiffs' depositions are scheduled, beginning in August, and the parties are negotiating dates for the remaining Plaintiffs' depositions.

(q)     August 1, 2025 Report:  Per the Deposition Protocol requiring that notices be served 45 days in advance of any proposed depositions (Dkt. 816 ¶ III.B.), Plaintiffs served deposition notices in July on the following Defendants for September and October depositions: BH Management, Camden, Cortland, Equity Residential, Essex, Greystar, Highmark, IRT, Lincoln/Willow Bridge, MAA, Morgan Properties, RealPage, Related, Rose, RPM, Sares Regis, Thoma Bravo, Trammell Crow, UDR, Windsor, and ZRS.[14]  The parties are in the process of scheduling those depositions.  Defendants served upon Plaintiffs deposition notices for the 10 Named Plaintiffs.  Four of the Plaintiffs' depositions are scheduled, beginning in August, and the parties are negotiating dates for the remaining Plaintiffs' depositions.

(r)     September 5, 2025 Report: Per the Deposition Protocol requiring that notices be served 45 days in advance of any proposed depositions (Dkt. 816 ¶ III.B.), Plaintiffs served deposition notices in August on the following Defendants for October and November depositions: Bozzuto, Camden, Cortland, Equity Residential, Essex, Highmark, IRT, Lincoln/Willow Bridge, MAA, Morgan Properties, RealPage, Related, Rose Associates, RPM, Sares Regis, Security Properties, Simpson, Thoma Bravo, Thrive, Trammell Crow, UDR, and ZRS.  The parties are in the process of scheduling those depositions.  Defendants served Plaintiffs with deposition notices for the 10 named Plaintiffs.  The deposition of Brandon Watters occurred on August 21, 2025 and the deposition of Billie Jo White occurred on September 3, 2025. The other Plaintiffs' depositions are scheduled in September and October.

(s)     October 3, 2025 Report: Plaintiffs are in the process of taking the depositions that they noticed for September and October. Plaintiffs took 22 depositions in September and have 42 depositions scheduled for October. The depositions of the following named Plaintiffs took place on the following dates since the last report, respectively: Meghan Cherry on September 9, 2025, Maya Haynes on September 16, 2025, Barry Amar-Hoover on September 29, 2025, and Priscilla Parker on October 2, 2025. Three of the four remaining Plaintiffs' depositions are scheduled in October. The Parties are conferring on a new date for the final Plaintiff's deposition.

(t)     November 7, 2025 Report: Plaintiffs are in the process of taking the depositions that they noticed for October and November. Plaintiffs took 37 depositions in October and have 25 depositions scheduled

---

[14] Plaintiffs also served a deposition notice on non-defendant Maple Multifamily Development, LLC for September.

for November. The depositions of all but one named Plaintiffs have taken place. The final named Plaintiff's deposition is scheduled for November 13, 2025.

(u) December 5, 2025 Report: The depositions of the Plaintiffs are complete. Plaintiffs are in the process of taking depositions that they noticed for November and December. Plaintiffs took 28 depositions in November and have 30 depositions scheduled in December. Plaintiffs also noticed 11 30(b)(6) depositions to take place in January and February of 2026.

(v) January 2, 2026 Report: Plaintiffs took 23 depositions in December and have 26 depositions scheduled in January. On December 16, 2025, Defendant Essex Property Trust, Inc. served a subpoena for the deposition of a third-party confidential witness on Plaintiffs and Counsel for the third-party witness.

(w) February 6, 2026 Report: Plaintiffs took 25 depositions in January, and have 40 depositions scheduled in February. On January 14, 2026, Defendant Essex Property Trust, Inc. took the deposition of a third-party confidential witness. On January 13, 2026, Defendants RealPage and Equity served subpoenas for the deposition of 3 third-party witnesses in February.

(x) March 6, 2026 Report: Plaintiffs took 40 depositions in February, and have 3 depositions scheduled in March. The March depositions were approved by the Court to be conducted after the February 27, 2026 fact discovery deadline (Dkts. 1362, 1364). Defendant RealPage took depositions of the San Diego Housing Commission and the Tampa Housing Authority.

(y) **April 3, 2026 Report: Plaintiffs took three depositions in March, which were approved by the Court to be conducted outside of the fact discovery deadline (Dkts. 1362, 1364).**

3. Requests for Admissions

(a) March 29, 2024 Report:  No requests for admission have yet been served.

(b) May 10, 2024 Report:

(i) On April 5, 2024, Plaintiffs served their First Set of Requests for Admission.  Defendants served their responses and objections to these requests by May 6, 2024.  The parties will meet and confer regarding these responses and objections, and Plaintiffs anticipate that a dispute concerning certain

Defendants' responses may become ripe before the next status report.

(c)     June 7, 2024 Report:  The parties are in the process of meeting and conferring about the adequacy of Defendants' responses and objections to Plaintiffs' First Set of Requests for Admission.

(d)     July 3, 2024 Report:  The parties are in the process of meeting and conferring about the adequacy of Defendants' responses and objections to Plaintiffs' First Set of Requests for Admission.

(e)     August 2, 2024 Report:  The parties are in the process of meeting and conferring about the adequacy of Defendants' responses and objections to Plaintiffs' First Set of Requests for Admission. Windsor served two requests for admission on all Plaintiffs on July 29, 2024.  Plaintiffs' responses to those requests for admission are due on August 28, 2024.

(f)     September 6, 2024 Report:  The parties have finalized negotiations with respect to the adequacy of Defendants' responses and objections to Plaintiffs' First Set of Requests for Admission.

(g)     October 4, 2024 Report:  UDR served requests for admission on all Plaintiffs on September 16, 2024.  Plaintiffs' responses to those requests for admission are due on October 16, 2024.  Windsor and Plaintiffs are in the process of meeting and conferring about the adequacy of Plaintiffs' Responses and Objections to Windsor's Requests for Admission.

(h)     November 1, 2024 Report:  UDR and Plaintiffs are in the process of meeting and conferring regarding Plaintiffs' Responses and Objections to UDR's Request for Admission.  Windsor and Plaintiffs are in the process of meeting and conferring regarding Plaintiffs' Responses and Objections to Windsor's Requests for Admission.  Windsor, UDR, and Plaintiffs are scheduling an in-person conference concerning these requests for admission. Depending on the results of that conference, the parties may seek judicial resolution of their current impasse.

(i)     December 6, 2024 Report:  UDR and Plaintiffs have met and conferred via video-conference regarding Plaintiffs' Responses and Objections to UDR's First Set of Requests for Admission and UDR's First Set of Interrogatories.  Windsor and Plaintiffs have met and conferred via teleconference regarding Plaintiffs' Responses and Objections to Windsor's Requests for Admission.  Windsor, UDR, and Plaintiffs followed up on their meet and confers with an in-person conference on November 20, 2024, concerning these

36

discovery requests, however the parties appear to have reached impasse on these issues. Windsor, UDR, and Plaintiffs are drafting an appropriate discovery dispute filing according to the Court's procedures and will submit that to the Court for resolution.

(j)     January 3, 2025 Report:  The parties have no updates with respect to Requests for Admission.

(k)     February 7, 2025 Report:  The parties have no updates with respect to Requests for Admission.

(l)     March 7, 2025 Report:  The parties have no updates with respect to Requests for Admission.

(m)     April 4, 2025 Report:  The parties have no updates with respect to Requests for Admission.

(n)     May 2, 2025 Report:  The parties have no updates with respect to Requests for Admission.

(o)     June 6, 2025 Report:  The parties have no updates with respect to Requests for Admission.

(p)     July 3, 2025 Report:  The parties have no updates with respect to Requests for Admission.

(q)     August 1, 2025 Report:  The parties have no updates with respect to Requests for Admission.

(r)     September 5, 2025 Report:  On August 21, 2025, Defendants served joint Requests for Admission on Plaintiffs. In addition, the following Defendants served individual Requests for Admission upon Plaintiffs: RPM Living, Essex, Cortland, Thoma Bravo, Morgan Properties, RealPage, MAA, Camden, UDR, and IRT. Plaintiffs' responses to the joint and individual requests for admission are due on September 22, 2025.  Plaintiffs also served Requests for Admission on Defendant RealPage on August 21, 2025, whose responses are due on September 22, 2025.

(s)     October 3, 2025 Report:  Plaintiffs' served their responses and objections to the joint and individual requests for admission on September 22, 2025. Defendant RealPage served its responses and objections to Plaintiffs' Requests for Admission on September 22, 2025.

(t)     November 7, 2025 Report:  The parties are in the process of meeting and conferring regarding Plaintiffs' responses to Defendants' Requests for Admission. Plaintiffs are also in the process of meeting

37

and conferring with Defendant RealPage regarding its responses to Plaintiffs' Requests for Admission.

(u)    December 5, 2025 Report: As a result of the parties' conferrals regarding Plaintiffs' responses to Defendants' Requests for Admission, Plaintiffs have served amended responses and Defendants are reviewing those amended responses. Plaintiffs are also in the process of meeting and conferring with Defendant RealPage regarding its responses to Plaintiffs' Requests for Admission.

(v)    January 2, 2026 Report: As a result of the parties' conferrals regarding Plaintiffs' responses to Defendants' Requests for Admission, Plaintiffs have served amended responses and Defendants are reviewing those amended responses. Plaintiffs are also in the process of meeting and conferring with Defendant RealPage regarding its responses to Plaintiffs' Requests for Admission.

(w)    February 6, 2026 Report: Defendants are reviewing Plaintiffs' amended responses to Defendants' Requests for Admission and intend to resolve any issues by the February fact discovery deadline. Defendant RealPage has agreed to supplement its responses to Plaintiffs' Requests for Admission and will do so before the close of fact discovery.

(x)    March 6, 2026 Report: Defendant RealPage amended its responses to Plaintiffs' Requests for Admission on February 20, 2026.

(y)    **April 3, 2026: The parties have no updates with respect to Requests for Admission.**

4.    Interrogatories

(a)    March 29, 2024 Report:

(i)    Plaintiffs

Plaintiffs served their First Set of Interrogatories to Owner, Owner-Operator, and Manager Defendants on March 22, 2024, to which responses are due on April 22, 2024.

(ii)    Defendants

Defendants served their First Set of Interrogatories on Plaintiffs on March 7, 2024, to which responses are due April 8, 2024. Defendants served their Second Set of Interrogatories on Plaintiffs on March 15, 2024, to which responses are due on April 15, 2024.

        (b)      May 10, 2024 Report:

        (i)      Plaintiffs

Plaintiffs agreed to Defendants' request for an extension to May 13, 2024 to serve their responses to Plaintiffs' First Set of Interrogatories to Owner, Owner-Operator, and Manager Defendants. Defendants will serve their responses to these interrogatories by this date.[15]

        (ii)      Defendants

Plaintiffs served their responses and objections to Defendants' First Set of Interrogatories on April 8, 2024. Following agreement between the parties to extend Plaintiffs' deadline to respond to Defendants' Second Set of Interrogatories, Plaintiffs served their responses and objections to Defendants' Second Set of Interrogatories on April 25, 2024. The parties will meet and confer regarding any disputes concerning Plaintiffs' interrogatory responses.

        (c)      June 7, 2024 Report:

        (i)      Plaintiffs

Most Defendants served their responses to Plaintiffs' First Set of Interrogatories to Owner, Owner-Operator, and Manager Defendants by May 13, 2024.[16] The parties are in the process of meeting and conferring regarding these responses.

---

[15] UDR served its responses to Plaintiffs' First Set of Interrogatories to Owner, Owner-Operator, and Manager Defendants on May 3, 2024.

[16] IRT served their responses to Plaintiffs' First Set of Interrogatories to Owner, Owner-Operator, and Manager Defendants responses on May 18, 2024, pursuant to an agreement with Plaintiffs. FPI served its responses and objections to Plaintiffs' First Set of Interrogatories to Owners, Owner-Operators and Manager Defendant on May 17, 2024, pursuant to an agreement with Plaintiffs.

(ii)     Defendants

On April 8, 2024, Plaintiffs served their responses and objections to the LRO Defendants' First Set of Interrogatories. The parties met and conferred initially on May 20 and are continuing to meet and confer.

(d)     July 3, 2024 Report:

(i)     Plaintiffs

The parties are in the process of meeting and conferring regarding Defendants interrogatory responses and objections.

(ii)     Defendants

The parties continue to meet and confer regarding Plaintiffs' responses and objections to both the LRO Defendants' First Set of Interrogatories and Defendants' Second Set of Interrogatories.

(e)     August 2, 2024 Report:

(i)     Plaintiffs

Plaintiffs served Supplemental Responses and Objections to the LRO Defendants' First Set of Interrogatories. The parties are in the process of meeting and conferring regarding Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories.

(ii)     Defendants

The parties continue to meet and confer regarding Plaintiffs' responses and objections to both the LRO Defendants' First Set of Interrogatories and Defendants' Second Set of Interrogatories. As for the Defendants' Second Set of Interrogatories, the parties appear to be close to an impasse on one interrogatory in particular concerning certain information Defendants are seeking from each Plaintiff about non-multifamily forms of housing.  The parties are working to schedule an in-person meet and confer to discuss that interrogatory.

Windsor served two interrogatories on all Plaintiffs on July 29, 2024. Plaintiffs' responses to those interrogatories are due on August 28, 2024.

(f)     September 6, 2024 Report:

(i)     Plaintiffs

The parties are in the process of meeting and conferring regarding Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories. Specifically, Plaintiffs and certain Defendants are negotiating whether and to what extent such Defendants may agree to provide answers regarding joint ownership of properties (in the case of owners) or ownership of properties (in the case of managers).

(ii)     Defendants

The parties continue to meet and confer regarding Plaintiffs' responses and objections to both the LRO Defendants' First Set of Interrogatories and Defendants' Second Set of Interrogatories. As for the Defendants' Second Set of Interrogatories, the parties met and conferred in person to discuss one interrogatory concerning certain information Defendants are seeking from each Plaintiff about non-multifamily forms of housing, and are continuing to negotiate regarding that interrogatory. As a result of that in person conference, Plaintiffs made a revised offer to provide additional information concerning non-multifamily forms of housing, which Defendants have accepted.

(g)     October 4, 2024 Report:

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories. Specifically, at least 17 Defendants have not provided complete information regarding ownership interest(s) held by others in Defendant multifamily

properties (in the case of owners) or ownership interest(s) in Defendant multifamily properties (in the case of managers).

(ii)     Defendants

The parties continue to meet and confer regarding Plaintiffs' responses and objections to the LRO Defendants' First Set of Interrogatories.  As for the Defendants' Second Set of Interrogatories, the parties resolved its outstanding issues during the meet and confer process.

UDR served one interrogatory on all Plaintiffs on September 16, 2024.  Plaintiffs' response to that interrogatory is due on October 16, 2024.

Windsor and Plaintiffs are in the process of meeting and conferring about the adequacy of Plaintiffs responses and Objections to Windsor's interrogatories.

(h)     November 1, 2024 Report

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories.  At present, at least 13 Defendants have not agreed to provide complete information regarding ownership interest(s) held by others in Defendant multifamily properties (in the case of owners) or ownership interest(s) in Defendant multifamily properties (in the case of managers). Additionally, Plaintiffs are in the process of meeting and conferring with certain Defendants who either (1) earlier represented they will supplement their responses to Plaintiffs' First Set of Interrogatories but have yet to; or (2) have not provided complete responses to Plaintiffs' interrogatories.

(ii)     Defendants

Defendants plan to continue to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to the LRO Defendants' First Set of Interrogatories.

42

UDR served one interrogatory on all Plaintiffs on September 16, 2024. UDR and Plaintiffs are in the process of meeting and conferring regarding Plaintiffs' responses and objections to UDR's interrogatory.

Windsor and Plaintiffs are in the process of meeting and conferring regarding Plaintiffs' responses and objections to Windsor's interrogatories.

(i)     December 6, 2024 Report:

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories. At present, at least ten Defendants have not agreed to provide complete ownership information regarding ownership interest(s) held by others in Defendant multifamily properties (in the case of owners) or ownership interest(s) in Defendant multifamily properties (in the case of managers). Additionally, Plaintiffs continue to meet and confer with certain Defendants who either (1) earlier represented they will supplement their responses to Plaintiffs' First Set of Interrogatories but have yet to; or (2) have not provided complete responses to Plaintiffs' interrogatories.

Plaintiffs served their Second Set of Interrogatories to Owner, Owner-Operator, and Manager Defendants on December 5, 2024, to which responses are due on January 6, 2025.

(ii)     Defendants

Defendants plan to continue to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to the LRO Defendants' First Set of Interrogatories.

UDR served one interrogatory on all Plaintiffs on September 16, 2024. UDR and Plaintiffs are in the process of meeting and conferring regarding Plaintiffs' responses and objections to UDR's interrogatory.

Windsor and Plaintiffs are in the process of meeting and conferring regarding Plaintiffs' responses and objections to Windsor's interrogatories.

       (j)       January 3, 2025 Report:

          (i)       Plaintiffs

The parties continue to meet and confer regarding Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories. At present, at least ten Defendants have not agreed to provide complete ownership information regarding ownership interest(s) held by others in Defendant multifamily properties (in the case of owners) or ownership interest(s) in Defendant multifamily properties (in the case of managers). Additionally, Plaintiffs continue to meet and confer with certain Defendants who either (1) earlier represented they will supplement their responses to Plaintiffs' First Set of Interrogatories but have yet to; or (2) have not provided complete responses to Plaintiffs' interrogatories.

Applicable Defendants intend to serve their responses to Plaintiffs' Second Set of Interrogatories to Owner, Owner-Operator, and Manager Defendants on January 6, 2025. In some instances, individual Defendants have agreed to an extension of this deadline with Plaintiffs.

          (ii)       Defendants

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to the LRO Defendants' First Set of Interrogatories, and have requested an in-person meet and confer this month.

       (k)       February 7, 2025 Report

          (i)       Plaintiffs

The parties continue to meet and confer regarding Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories. In some instances, Plaintiffs continue to meet and confer with certain Defendants who either (1) earlier represented they will supplement their responses to

Plaintiffs' First Set of Interrogatories but have yet to; or (2) have not provided complete responses to Plaintiffs' interrogatories.

Most applicable Defendants served their responses to Plaintiffs' Second Set of Interrogatories to Owner, Owner-Operator, and Manager Defendants since the last status report. At least three Defendants have yet to serve their responses. One of those Defendants, Sherman, has reached agreement with Plaintiffs on an extension until February 13, 2025.

(ii)     Defendants

Defendants are continuing to meet and confer with Plaintiffs regarding Plaintiffs' responses and objections to the LRO Defendants' First Set of Interrogatories, and have scheduled an in-person meet and confer this month.

BH served its First Set of Interrogatories to All Named Plaintiffs on January 17, 2025. Plaintiffs' responses to those interrogatories are due on February 18, 2025.

UDR served its Second Set of Interrogatories to All Named Plaintiffs on January 30, 2025. Plaintiffs' responses to those interrogatories are due on March 3, 2025.

Defendants served their Third Set of Interrogatories to All Named Plaintiffs on February 7, 2025. Plaintiffs' responses to those interrogatories are due on March 10, 2025.

(l)     March 7, 2025 Report

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' Responses and Objections to Plaintiffs' First and Second Sets of Interrogatories. In some instances, Plaintiffs continue to meet and confer with certain Defendants who either (1) earlier represented they will supplement their responses to Plaintiffs' interrogatories but have yet to; or (2) have not provided complete responses to Plaintiffs' interrogatories.

45

Certain Defendants have not provided their responses to Plaintiffs' Second Set of Interrogatories although their deadline to do so has passed.

(ii) Defendants

Plaintiffs have represented that they have fully responded to the LRO Defendants' First Set of Interrogatories and represented that they have not withheld any responsive information. Defendants will be reviewing that representation and the responsive information provided in the light of further discovery.

Plaintiffs served their responses to BH's First Set of Interrogatories to All Named Plaintiffs on February 14, 2025. BH is reviewing Plaintiffs' responses to its First Set of Interrogatories to All Named Plaintiffs and intends to meet and confer with Plaintiffs as necessary.

UDR served its Second Set of Interrogatories to All Named Plaintiffs on January 30, 2025. Plaintiffs' responded to those interrogatories on March 3, 2025. The parties are scheduling a meet and confer to discuss Plaintiffs' responses.

Defendants served their Third Set of Interrogatories to All Named Plaintiffs on February 7, 2025. Plaintiffs' responses to those interrogatories are due on March 10, 2025.

(m) April 4, 2025 Report

(i) Plaintiffs

The parties continue to meet and confer regarding Defendants' Responses and Objections to Plaintiffs' First and Second Sets of Interrogatories. In some instances, Plaintiffs continue to meet and confer with certain Defendants who either (1) earlier represented they will supplement their responses to Plaintiffs' interrogatories but have yet to; or (2) have not provided complete responses to Plaintiffs' interrogatories.

(ii) Defendants

46

Plaintiffs have represented that they have fully responded to the LRO Defendants' First Set of Interrogatories and represented that they have not withheld any responsive information. Defendants will be reviewing that representation and the responsive information provided in the light of further discovery.

Plaintiffs served their responses to BH's First Set of Interrogatories to All Named Plaintiffs on February 14, 2025. BH believes Plaintiffs' responses are deficient, and intends to meet and confer with Plaintiffs as necessary.

UDR served its Second Set of Interrogatories to All Named Plaintiffs on January 30, 2025. Plaintiffs responded to those interrogatories on March 3, 2025. The parties are meeting and conferring to discuss Plaintiffs' responses and objections.

Defendants are meeting and conferring with Plaintiffs regarding their responses and objections to Defendants' Third Set of Interrogatories to All Named Plaintiffs.

Camden served its First Set of Interrogatories to All Named Plaintiffs on March 28, 2025. Plaintiffs' responses to those interrogatories are due on April 28, 2025.

(n)     May 2, 2025 Report

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' Responses and Objections to Plaintiffs' First and Second Sets of Interrogatories. In some instances, Plaintiffs continue to meet and confer with certain Defendants who either (1) earlier represented they will supplement their responses to Plaintiffs' interrogatories but have yet to; or (2) have not provided complete responses to Plaintiffs' interrogatories. In some instances, Defendants have yet to provide verifications to their interrogatory responses and supplements. Plaintiffs are in the process of coordinating with Defendants about the status of these missing verifications.

(ii)     Defendants

Plaintiffs have represented that they have fully responded to the LRO Defendants' First Set of Interrogatories and represented that they have not withheld any responsive information. Defendants will be reviewing that representation and the responsive information provided in the light of further discovery.

Plaintiffs served their responses to BH's First Set of Interrogatories to All Named Plaintiffs on February 14, 2025. BH is meeting and conferring with Plaintiffs regarding their responses and objections to BH's First Set of Interrogatories.

UDR served its Second Set of Interrogatories to All Named Plaintiffs on January 30, 2025. Plaintiffs responded to those interrogatories on March 3, 2025. The parties have met and conferred to discuss Plaintiffs' responses and objections.

Defendants are meeting and conferring with Plaintiffs regarding their responses and objections to Defendants' Third Set of Interrogatories to All Named Plaintiffs.

Camden served its First Set of Interrogatories to All Named Plaintiffs on March 28, 2025. Plaintiffs served their responses and objections to those interrogatories on April 28, 2025.

(o)     June 6, 2025 Report

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' Responses and Objections to Plaintiffs' First and Second Sets of Interrogatories. In some instances, Plaintiffs continue to meet and confer with certain Defendants who either (1) earlier represented they will supplement their responses to Plaintiffs' interrogatories but have yet to; or (2) have not provided complete responses to Plaintiffs' interrogatories. In some instances, Defendants have yet to provide verifications to their interrogatory responses and supplements. Plaintiffs are in the process of coordinating with those Defendants about the status of their missing verifications.

(ii)     Defendants

48

Plaintiffs have represented that they have fully responded to the LRO Defendants' First Set of Interrogatories and represented that they have not withheld any responsive information. Defendants will be reviewing that representation and the responsive information provided in the light of further discovery.

Plaintiffs served their responses to BH's First Set of Interrogatories to All Named Plaintiffs on February 14, 2025. BH is meeting and conferring with Plaintiffs regarding their responses and objections to BH's First Set of Interrogatories.

UDR served its Second Set of Interrogatories to All Named Plaintiffs on January 30, 2025. Plaintiffs responded to those interrogatories on March 3, 2025. The parties have met and conferred to discuss Plaintiffs' responses and objections.

Defendants are meeting and conferring with Plaintiffs regarding their responses and objections to Defendants' Third Set of Interrogatories to All Named Plaintiffs.

Camden served its First Set of Interrogatories to All Named Plaintiffs on March 28, 2025. Plaintiffs served their responses and objections to those interrogatories on April 28, 2025.

(p)     July 3, 2025 Report

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' Responses and Objections to Plaintiffs' First and Second Sets of Interrogatories. While the parties have engaged in productive meet and confers since the last status report (including an in-person conferral with Defendant ZRS), some disputes remain ongoing. In some instances, Plaintiffs continue to meet and confer with certain Defendants who either (1) earlier represented they will supplement their responses to Plaintiffs' interrogatories but have yet to; or (2) have not provided complete responses to Plaintiffs' interrogatories. In some instances, Defendants have yet to provide verifications to

their interrogatory responses and supplements.  Plaintiffs are in the process of coordinating with those Defendants about the status of their missing verifications.

(ii)    Defendants

Plaintiffs have represented that they have fully responded to the LRO Defendants' First Set of Interrogatories and represented that they have not withheld any responsive information. Defendants will be reviewing that representation and the responsive information provided in the light of further discovery.

Plaintiffs served their responses to BH's First Set of Interrogatories to All Named Plaintiffs on February 14, 2025.  Plaintiffs served their responses to UDR's Second Set of Interrogatories to All Named Plaintiffs on March 3, 2025.  As to both, Plaintiffs agreed that they will respond no later than 75 days before the close of fact discovery with specific citations to individual documents by corresponding Bates ranges and a good-faith, robust narrative response that is substantially more detailed and developed beyond the allegations in Plaintiffs' Complaint. Plaintiffs will then supplement those responses no later than 30 days following the close of fact discovery with any additional information learned at the end of fact discovery, including citations to deposition testimony.

Defendants are meeting and conferring with Plaintiffs regarding their responses and objections to Defendants' Third Set of Interrogatories to All Named Plaintiffs.

(q)    August 1, 2025 Report

(i)    Plaintiffs

The parties continue to meet and confer regarding Defendants' Responses and Objections to Plaintiffs' First and Second Sets of Interrogatories.  While the parties have engaged in productive meet and confers since the last status report, some disputes remain ongoing.  In some instances, Plaintiffs continue to meet and confer with certain Defendants who either (1) earlier

50

represented they will supplement their responses to Plaintiffs' interrogatories but have yet to; or (2) have not provided complete responses to Plaintiffs' interrogatories. In some instances, Defendants have yet to provide verifications to their interrogatory responses and supplemental responses. Plaintiffs are in the process of coordinating with those Defendants about the status of their missing verifications.

Plaintiffs served Interrogatory No. 9 on Defendants on July 15, 2025, and responses are due on August 14, 2025.

(ii)     Defendants

Plaintiffs have represented that they have fully responded to the LRO Defendants' First Set of Interrogatories and represented that they have not withheld any responsive information. Defendants will be reviewing that representation and the responsive information provided in the light of further discovery.

Plaintiffs served their responses to BH's First Set of Interrogatories to All Named Plaintiffs on February 14, 2025. Plaintiffs served their responses to UDR's Second Set of Interrogatories to All Named Plaintiffs on March 3, 2025. As to both, Plaintiffs agreed that they will respond no later than 75 days before the close of fact discovery with specific citations to individual documents by corresponding Bates ranges and a good-faith, robust narrative response that is substantially more detailed and developed beyond the allegations in Plaintiffs' Complaint. Plaintiffs will then supplement those responses no later than 30 days following the close of fact discovery with any additional information learned at the end of fact discovery, including citations to deposition testimony.

Defendants are meeting and conferring with Plaintiffs regarding their responses and objections to Defendants' Third Set of Interrogatories to All Named Plaintiffs.

(r)     September 5, 2025 Report

(i) Plaintiffs

The parties continue to meet and confer regarding Defendants' Responses and Objections to Interrogatory No. 8. In some instances, Plaintiffs continue to confer with certain Defendants who either (1) earlier represented they will supplement their responses to Plaintiffs' interrogatories but have yet to; or (2) have not provided complete responses to Plaintiffs' interrogatories. In addition, some Defendants have yet to provide verifications to their interrogatory and supplemental responses to Plaintiffs' First and Second Set of Interrogatories. At least one defendant has committed to providing a verification with a forthcoming supplement, and Plaintiffs are in the process of coordinating with other Defendants who have yet to provide verifications.

Plaintiffs are in the process of meeting and conferring with Defendants regarding August 14, 2025 responses to Interrogatory No. 9.

(ii) Defendants

Plaintiffs have represented that they have fully responded to the LRO Defendants' First Set of Interrogatories and represented that they have not withheld any responsive information. Defendants are reviewing that representation and the responsive information provided in the light of further discovery.

Plaintiffs served their responses to BH's First Set of Interrogatories to All Named Plaintiffs on February 14, 2025. Plaintiffs served their responses to UDR's Second Set of Interrogatories to All Named Plaintiffs on March 3, 2025. As to both, Plaintiffs agreed that they will respond no later than 75 days before the close of fact discovery with specific citations to individual documents by corresponding Bates ranges and a good-faith, robust narrative response that is substantially more detailed and developed beyond the allegations in Plaintiffs' Complaint. Plaintiffs will then supplement those responses no later than 30 days following the close of fact discovery with any

additional information learned at the end of fact discovery, including citations to deposition testimony.

(s)     October 3, 2025 Report:

(i)     Plaintiffs

The parties continue to meet and confer regarding Defendants' Responses and Objections to Interrogatory No. 8. In some instances, Plaintiffs continue to confer with certain Defendants who either (1) earlier represented they will supplement their responses to Plaintiffs' interrogatories but have yet to; or (2) have not provided complete responses to Plaintiffs' interrogatories. In addition, Plaintiffs continue to follow up with those Defendants who have yet to provide verifications to their interrogatory and supplemental responses to Plaintiffs' First and Second Set of Interrogatories.

Plaintiffs are in the process of meeting and conferring with Defendants regarding August 14, 2025 responses to Interrogatory No. 9. Since filing the last status report, Plaintiffs have met and conferred in person with three Defendants regarding their responses and objections to Interrogatory No. 9. Should the parties be unable to reach resolution, Plaintiffs will promptly raise any disputes with the Court.

(ii)     Defendants

Plaintiffs have represented that they have fully responded to the LRO Defendants' First Set of Interrogatories and represented that they have not withheld any responsive information. Defendants are reviewing that representation and the responsive information provided in the light of further discovery.

Plaintiffs served their responses to BH's First Set of Interrogatories to All Named Plaintiffs on February 14, 2025. Plaintiffs served their responses to UDR's Second Set of Interrogatories to

53

All Named Plaintiffs on March 3, 2025. As to both, Plaintiffs agreed that they will respond no later than 75 days before the close of fact discovery with specific citations to individual documents by corresponding Bates ranges and a good-faith, robust narrative response that is substantially more detailed and developed beyond the allegations in Plaintiffs' Complaint. Plaintiffs will then supplement those responses no later than 30 days following the close of fact discovery with any additional information learned at the end of fact discovery, including citations to deposition testimony.

(t)  November 7, 2025 Report:

(i)  Plaintiffs

The parties continue to meet and confer regarding Defendants' Responses and Objections to Interrogatory No. 8. In some instances, Plaintiffs continue to confer with certain Defendants who either (1) earlier represented they will supplement their responses to Plaintiffs' interrogatories but have yet to; or (2) have not provided complete responses to Plaintiffs' interrogatories. In addition, Plaintiffs continue to follow up with those Defendants who have yet to provide verifications to their interrogatory and supplemental responses to Plaintiffs' First and Second Set of Interrogatories.

Plaintiffs' conferrals with Defendants regarding Defendants' responses to Interrogatory No. 9 have been resolved.

(ii)  Defendants

Plaintiffs served their responses to BH's First Set of Interrogatories to All Named Plaintiffs on February 14, 2025. Plaintiffs served their responses to UDR's Second Set of Interrogatories to All Named Plaintiffs on March 3, 2025. As to both, Plaintiffs agreed that they will respond no later than 75 days before the close of fact discovery with specific citations to individual documents

by corresponding Bates ranges and a good-faith, robust narrative response that is substantially more detailed and developed beyond the allegations in Plaintiffs' Complaint. Plaintiffs will then supplement those responses no later than 30 days following the close of fact discovery with any additional information learned at the end of fact discovery, including citations to deposition testimony.

(u)     December 5, 2025 Report:

(i)     Plaintiffs

Plaintiffs have largely closed out their discussions with most Defendants regarding Defendants' responses and objections to Interrogatory No. 8. As a result of these discussions, Plaintiffs received ZRS's supplemental response to Interrogatory No. 8 on November 25, which Plaintiffs are in the process of reviewing. Defendant Lincoln has represented that it will provide Plaintiffs with a supplemental response and Plaintiffs are expecting that response shortly.

(ii)     Defendants

Plaintiffs served their responses to BH's First Set of Interrogatories to All Named Plaintiffs on February 14, 2025. Plaintiffs served their responses to UDR's Second Set of Interrogatories to All Named Plaintiffs on March 3, 2025. Plaintiffs served their responses to Defendants' Third Set of Interrogatories on March 10, 2025. On June 9, 2025, as to UDR's Interrogatory No. 2, Defendants' Interrogatory Nos. 6-10 and 13, and BH Interrogatory Nos. 1-3, Plaintiffs agreed that they will respond no later than 75 days before the close of fact discovery with specific citations to individual documents by corresponding Bates ranges and a good-faith, robust narrative response that is substantially more detailed and developed beyond the allegations in Plaintiffs' Complaint. Plaintiffs will then supplement those responses no later than 30 days following the close of fact discovery with any additional information learned at the end of fact discovery, including citations

to deposition testimony.

(v) January 2, 2026 Report:

(i) Plaintiffs

Plaintiffs have largely closed out their discussions with most Defendants regarding Defendants' responses and objections to Interrogatory No. 8. Plaintiffs are reviewing recent supplemental responses and following up with Defendant Lincoln, who has represented that it will provide a supplemental response.

Plaintiffs served their First Set of Defendant-Specific Interrogatories to RealPage and their Second Set of Interrogatories to All Defendants on December 9, 2025. Responses to both are due January 8, 2026, though the parties are conferring on a possible extension.

(ii) Defendants

Plaintiffs served their responses to BH's First Set of Interrogatories to All Named Plaintiffs on February 14, 2025. Plaintiffs served their responses to UDR's Second Set of Interrogatories to All Named Plaintiffs on March 3, 2025. Plaintiffs served their responses to Defendants' Third Set of Interrogatories on March 10, 2025. On June 9, 2025, as to UDR's Interrogatory No. 2, Defendants' Interrogatory Nos. 6-10 and 13, and BH Interrogatory Nos. 1-3, Plaintiffs agreed that they will respond no later than 75 days before the close of fact discovery with specific citations to individual documents by corresponding Bates ranges and a good-faith, robust narrative response that is substantially more detailed and developed beyond the allegations in Plaintiffs' Complaint. Plaintiffs will then supplement those responses no later than 30 days following the close of fact discovery with any additional information learned at the end of fact discovery, including citations to deposition testimony.

Plaintiffs served their supplemental responses to UDR's Second Set of Interrogatories to All Named Plaintiffs as to UDR's Interrogatory No. 2 on December 15, 2025. Plaintiffs also served their supplemental response to Defendants' Third Set of Interrogatories as to Nos. 6-10 and 13 on December 15, 2025. Defendants are in the process of reviewing these supplemental responses. BH has settled and therefore Plaintiffs owe no responses to BH Interrogatory Nos. 1-3.

(w)     February 6, 2026 Report:

(i)     Plaintiffs

Plaintiffs have closed out discussions with all Defendants regarding Defendants' responses and objections to Interrogatory No. 8. Plaintiffs served their First Set of Defendant-Specific Interrogatories to RealPage and their Second Set of Interrogatories to All Defendants on December 9, 2025. The parties agreed that Defendants would provide preliminary substantive responses to both by February 6, 2026, and that Defendants would provide their complete responses no later than 30 days following the close of fact discovery.

Plaintiffs served Camden with one interrogatory on January 22, 2026. Plaintiffs served Equity with its First Set of Defendant Specific Interrogatories and served its Third Set of Interrogatories to all Defendants on January 28, 2026. Defendants' responses to all interrogatories served by Plaintiffs in January are due March 30, 2026, as negotiated by the parties.

(ii)     Defendants

Plaintiffs served their supplemental responses to UDR's Second Set of Interrogatories to All Named Plaintiffs as to UDR's Interrogatory No. 2 on December 15, 2025. Plaintiffs also served their supplemental response to Defendants' Third Set of Interrogatories as to Nos. 6-10 and 13 on December 15, 2025. Defendants are in the process of reviewing these supplemental responses. Plaintiffs agreed to supplement their responses to Defendants' Third Set of

Interrogatories no later than 30 days following the close of fact discovery with any additional information learned at the end of fact discovery, including citations to deposition testimony.

On January 13, 2026, the Thoma Bravo Defendants served their First Set of Interrogatories on Plaintiffs. On January 16, 2026, Lincoln Property served its First Set of Interrogatories on Plaintiffs. On January 21, 2026, Defendants served a Fourth Set of Interrogatories on Plaintiffs and RealPage served its First Set of Interrogatories on Plaintiffs. On January 28, 2026, Morgan Properties served its First Set of Interrogatories on Plaintiffs and IRT served its First Set of Interrogatories on Plaintiffs.

Plaintiffs' responses to all interrogatories served by Defendants in January are due March 30, 2026, as negotiated by the parties.

(x)     March 6, 2026 Report

(i)     Plaintiffs

Plaintiffs served Camden with two interrogatories on February 27, 2026, as agreed to by the parties at Camden's 30(b)(6) deposition held on February 25, 2026.

All outstanding interrogatory responses by Defendants, including responses by Camden to Plaintiffs' February 27 interrogatories, are due on March 30, 2026, as negotiated by the parties.

(ii)     Defendants

Plaintiffs agreed to supplement their responses to Defendants' Third Set of Interrogatories no later than 30 days following the close of fact discovery with any additional information learned at the end of fact discovery, including citations to deposition testimony.

Plaintiffs' responses to all interrogatories served by Defendants in January are due March 30, 2026, as negotiated by the parties.

**(y)     April 3, 2026 Report**

**(i)     Plaintiffs**

**Non-settling Defendants served all outstanding responses, supplemental responses, and objections to Plaintiffs' interrogatories on March 30, 2026.**

**(ii)     Defendants**

**Plaintiffs served objections to Defendants' Fourth Set of Interrogatories to All Named Plaintiffs on March 16, 2026. On March 30, 2026, Plaintiffs served their second supplemental responses to Defendants' Third Set of Interrogatories to All Named Plaintiffs, their Second Supplemental Responses to UDR's Second Set of Interrogatories, and their amended responses to certain interrogatories in Defendants' Fourth Set of Interrogatories to All Named Plaintiffs. The parties are in the process of meeting and conferring regarding Plaintiffs' responses and objections to certain interrogatories in Defendants' Third and Fourth Set.**

**Plaintiffs' responses to all interrogatories served by individual Defendants in January were served on March 30, 2026.**

5.     Other

(a)     March 29, 2024 Report:  Initial Disclosures

(i)     Plaintiffs

Plaintiffs served their Rule 26(a)(1) initial disclosures on February 26, 2024.  Plaintiffs served supplemental Rule 26(a)(1) initial disclosures on March 7, 2024.

(ii)     Defendants

Certain Defendants served their Rule 26(a)(1) initial disclosures on February 26 and February 27, 2024.[17]

> (b)     May 10, 2024 Report:  Initial Disclosures

Defendants Prometheus, Sares Regis, and Rose have served their Rule 26(a)(1) initial disclosures.  Regarding CONTI, the Court entered an agreed scheduling order relating to CONTI's Rule 12(b)(1) motions to dismiss filings in *Vincin* and *Kabisch*, which also set CONTI's initial disclosure deadline for May 17, 2024.  (*See* Dkt. 315).

> (c)     June 7, 2024 Report:  Not applicable at this time.
>
> (d)     July 3, 2024 Report:  Not applicable at this time.
>
> (e)     August 2, 2024 Report:  Not applicable at this time.
>
> (f)     September 6, 2024 Report:  Not applicable at this time.
>
> (g)     October 4, 2024 Report:  Not applicable at this time.
>
> (h)     November 1, 2024 Report:  Not applicable at this time.
>
> (i)     December 6, 2024 Report:  Not applicable at this time.
>
> (j)     January 3, 2025 Report:  Not applicable at this time.
>
> (k)     February 7, 2025 Report:  Not applicable at this time.
>
> (l)     March 7, 2025 Report:  Not applicable at this time.
>
> (m)     April 4, 2025 Report:  Not applicable at this time.
>
> (n)     May 2, 2025 Report:  Not applicable at this time.
>
> (o)     June 6, 2025 Report:  Not applicable at this time.
>
> (p)     July 3, 2025 Report:  Not applicable at this time.

---

[17] As to the severed and transferred *Kabisch* matters, Plaintiffs are conferring with CONTI, Prometheus, and Rose about their disclosures upon transfer back to this Court.  Plaintiffs are conferring with CONTI regarding CONTI's position as to *Vincin* with respect to disclosures.

(q)     August 1, 2025 Report:  Not applicable at this time.

(r)     September 5, 2025 Report:  Not applicable at this time.

(s)     October 3, 2025 Report: Not applicable at this time.

(t)     November 7, 2025 Report: Not applicable at this time.

(u)     December 5, 2025 Report:  Not applicable at this time.

(v)     January 2, 2026 Report:  Not applicable at this time.

(w)     February 6, 2026 Report:  Not applicable at this time.

(x)     March 6, 2026 Report:  Not applicable at this time.

**(y)     April 3, 2026 Report: Not applicable at this time.**

B.    Describe with specificity any issues regarding "structured data discovery."

1.    March 29, 2024 Report: At this time, there are no issues regarding structured data discovery.

2.    May 10, 2024 Report: At this time, there are no issues regarding structured data discovery.

3.    June 7, 2024 Report:  At this time, there are no issues regarding structured data discovery.

4.    July 3, 2024 Report:  At this time, there are no issues regarding structured data discovery. Plaintiffs have sent questions concerning data samples to certain Defendants who produced their own data samples, and those parties will meet and confer regarding those questions.

5.    August 2, 2024 Report:  At this time, there are no issues regarding structured data discovery. Plaintiffs have sent questions concerning data samples to certain Defendants who produced their own data samples, those Defendants responded by July 31, 2024 (or have agreed with Plaintiffs on an extension to respond), and those parties will meet and confer regarding those questions.  Plaintiffs have completed their review of RealPage's structured data sample and, after determining that more information is needed, have requested or are in the process of requesting structured data samples from those Defendants that have not yet provided them.

6.    September 6, 2024 Report:  As indicated in the last status report, Plaintiffs believe that RealPage's structured data sample cannot replace structured data samples from each individual Defendant, and so Plaintiffs have

conducted initial meet and confers with Defendants who have not already produced structured data samples. 16 Defendants, other than RealPage, have provided such samples. Given that this process remains ongoing, the parties anticipate that they will need to request an extension on the structured data production completion deadline of October 25, 2024. The parties will be in a better position to propose an extension in early October, when the next status report is due. In addition, per the Court's instruction during the parties' February 13, 2024 telephonic conference, Defendants and Plaintiffs have each proposed two potential individuals to be appointed as special master to oversee structured data discovery in this matter. Plaintiffs are currently awaiting Defendants' position on whether the parties can agree on either individual proposed by Plaintiffs. If they cannot, the parties will submit their proposals to the Court.

7. October 4, 2024 Report: At present, 26 Defendants, other than RealPage, have provided a structured data sample. Plaintiffs continue to work with the remaining 14 Defendants on structured data sample productions. The parties anticipate that they will need to request an extension on the structured data production completion deadline of October 25, 2024, and intend to file a joint motion to extend that deadline in short order. Pursuant to the Court's Order on September 17, 2024 (Dkt. 984), the parties submitted their respective proposals to the Court regarding potential individuals to be appointed as special master to oversee structured data discovery in this matter (Dkt. 987).

8. November 1, 2024 Report: On October 10, 2024, the Court granted the parties' Joint Motion to Extend the Structured Data Production Deadline to December 20, 2024. (Dkt. 1005). At present, the following six Defendants have yet to provide structured data samples: Bell Partners, Cortland, Knightvest, RPM, Trammell Crow, and ZRS. Plaintiffs continue to work with those Defendants who have not yet produced structured data samples. The parties' respective proposals to the Court regarding potential individuals to be appointed as special master to oversee structured data discovery in this matter are pending. (Dkt. 987).

9. December 6, 2024 Report: At present, three Defendants—Knightvest, Trammell Crow, and ZRS—have yet to provide structured data samples. Trammell Crow has stated that it will not provide structured data for the entities named in Plaintiffs' Second Amended Consolidated Class Action Complaint—Crow Holdings, LP and Trammell Crow Residential, but that it will be producing data for Maple Multifamily, an unnamed entity. Plaintiffs are still discussing with Trammell Crow whether additional data will be needed beyond that production. As shown from prior status report updates above, some Defendants did not produce data samples until later in the structured data discovery process, including in November and early December , or have produced only some of the data samples Plaintiffs seek. Other Defendants have either been working through voluminous questions

from Plaintiffs regarding their data samples or have not committed to providing written responses to Plaintiffs' questions. With respect to property management data that RealPage is producing on behalf of certain Defendants who use(d) RealPage's OneSite property management system (*see* Dkt. 1002 at 6–7 (describing RealPage's production of OneSite structured data sample in September)), the parties continue to negotiate the scope of RealPage's productions on behalf of other Defendants, including as it relates to tenant, payment, and fee data contained in OneSite. Plaintiffs intend to continue their discussions with RealPage and the property Defendants who use OneSite, and appear to be near agreement. Plaintiffs reserve all rights to request additional structured data discovery as needed, Onesite or otherwise.

10. January 3, 2025 Report: The deadline for Defendants' structured data production was on December 20, 2024. Plaintiffs are evaluating Defendants' structured data productions and will request additional structured data where needed. Defendants will review any requests for additional structured data when they are made, but believe that their productions of structured data are substantial and proportionate to the needs of the case. On December 23, 2024, the Court granted the following five Defendants' motions to extend the structured data deadline, whose structured data productions are now due on January 15, 2025: CWS, FCM, Knightvest, Related, and RPM. There is only one Defendant—ZRS—who has yet to provide a structured data sample. Depending on the outcome of forthcoming conferrals, Plaintiffs may raise a discovery dispute statement with respect to ZRS's structured data before the February 14, 2025 status conference. With respect to property management data that RealPage is producing on behalf of certain Defendants who use(d) RealPage's OneSite property management system, the parties continue to negotiate the scope of RealPage's productions on behalf of other Defendants, including as it relates to tenant, payment, and fee data contained in OneSite. Plaintiffs intend to continue their discussions with RealPage and the property Defendants who use OneSite, and appear to be near agreement. As stated in the December status report, Plaintiffs reserve all rights to request additional structured data discovery as needed, Onesite or otherwise. To the extent subsequent conferrals about Defendant's structured data productions (including requests for additional information) lead to impasse, the parties will promptly submit a joint discovery dispute statement to the Court.

11. February 7, 2025 Report: The deadline for Defendants' structured data production was on December 20, 2024, with some Defendants having received court-ordered extensions. To date, Plaintiffs have received over 1.9 million data files comprising over 20 terabytes worth of data from the Defendants. Plaintiffs are continuing to evaluate Defendants' structured data productions, but have at this stage identified apparent deficiencies in the productions made by Defendants. Defendants disagree that there are

"apparent deficiencies" in their structured data productions, and Plaintiffs and Defendants are in the process of conferring regarding Defendants' structured data productions. Plaintiffs are also evaluating the structured data produced by RealPage (including data produced on behalf of certain property owners and managers). The data RealPage produced is substantial, with the RMS data alone comprising hundreds of thousands of tables and approximately 20 terabytes when unzipped and restored. There is only one Defendant—ZRS—who has yet to provide a structured data sample, other than the structured data provided by RealPage on ZRS' behalf from RMS and OneSite. Plaintiffs plan to raise a discovery dispute statement with respect to ZRS's structured data before the February 14, 2025 status conference. To the extent that any deficiencies in structured data productions, need for additional structured data productions, or related follow-up will affect discovery deadlines, including expert deadlines, the parties will seek relief from the Court, where necessary.

12.    March 7, 2025 Report:  As stated in the February status report, Plaintiffs are continuing to evaluate Defendants' voluminous structured data productions. Plaintiffs have identified apparent deficiencies in the productions. Defendants disagree that there are "apparent deficiencies" in their structured data productions.  The parties will continue to  confer regarding Defendants' structured data productions.  Plaintiffs are also evaluating the substantial structured data produced by RealPage (including data produced on behalf of certain property owners and managers).  Plaintiffs' consultants' evaluation of these data has been delayed by the substantial time and effort to simply process and extract these voluminous productions, which included among other things, upgrading software, setting up new SQL/postGRE servers, and increasing existing server storage and processing capacities to accommodate the data.  To the extent that any deficiencies in structured data productions, need for additional structured data productions, or related follow-up will affect discovery deadlines, including expert deadlines, the parties will seek relief from the Court, where necessary. On February 13, 2025, the Court ordered ZRS to produce the "front-end" Yardi reports in the format available to ZRS.  ZRS expects to complete its production of those reports no later than March 10.  Further, Plaintiffs and certain Defendants (including ZRS) are conferring with RealPage concerning the production of profit and loss data that were not included as part of certain Defendants' structured data productions.  Given the large volume of data, the ongoing correspondence between the parties regarding the details of the structured data productions, and—in the case of Defendants—expected additional data productions, Plaintiffs are unable to confirm at this time that the structured data productions are sufficient and complete across all Defendants.

13.    April 4, 2025 Report: Plaintiffs are continuing to evaluate Defendants' voluminous structured data productions.  As stated in previous status reports, Plaintiffs have identified apparent deficiencies in the productions. Defendants disagree that there are "apparent deficiencies" in their

structured data productions.  Specifically, Plaintiffs have identified various Defendants who are missing (1) profit and loss data and/or (2) data concerning occupancy and certain rental unit characteristics, including Defendants who have settled but have agreed to produce such data as part of their settlement agreements.  Some Defendants have produced these data but in forms and formats that are not readily useable and/or do not comport with production parameters (*e.g.*, annual instead of monthly data, PDF/TXT files instead of Excel or .CSV files).  Since the last status report, one Defendant has reproduced profit and loss data in Excel format after originally producing it in PDF format, and another defendant has supplemented its occupancy-related data.  In addition, since the last status report, ZRS has completed its production of the "front-end" Yardi reports the Court ordered on February 13, 2025.  Plaintiffs are also continuing to evaluate the substantial structured data produced by RealPage (including data produced on behalf of certain property owners and managers).  Since the last status report, RealPage supplemented its December 2024 structured data productions (which consisted of over 20 terabytes of data) with an additional 300 gigabytes of data.   As stated in last month's status report, Plaintiffs' consultants' evaluation of these data has been delayed by the substantial time and effort to process and extract Defendants' voluminous productions.  Given the large volume of data, the ongoing correspondence between the parties regarding the details of the structured data productions, and—in the case of at least some Defendants—expected additional data productions, Plaintiffs are unable to confirm at this time that the structured data productions are sufficient and complete across all Defendants.  To the extent that any of the foregoing issues and related follow-up—including the need for supplemental structured data productions—will affect discovery deadlines, including expert deadlines, the parties will seek relief from the Court.

14.     May 2, 2025 Report: Plaintiffs are continuing to evaluate Defendants' voluminous structured data productions.  As stated in previous status reports, Plaintiffs have identified apparent deficiencies in the productions.  Defendants disagree that there are "apparent deficiencies" in their structured data productions.  Specifically, Plaintiffs have identified various Defendants who are missing (1) profit and loss data and/or (2) data concerning occupancy and certain rental unit characteristics, including Defendants who have settled but have agreed to produce such data as part of their settlement agreements.  Some Defendants have produced these data but in forms and formats that are not readily useable and/or do not comport with production parameters (*e.g.*, annual instead of monthly data, PDF/TXT files instead of Excel or .CSV files).  Since the last status report, one Defendant reproduced additional structured data relating to tenant leases; another Defendant produced amenity details; another Defendant produced updated ledger information; two other Defendants produced historical income and profit and loss data; and another Defendant produced management fee data, which Plaintiffs are in the process of reviewing.

Plaintiffs are also continuing to evaluate the substantial structured data produced by RealPage (including data produced on behalf of certain property owners and managers). As stated in previous status reports, Plaintiffs' consultants' evaluation of these data has been delayed by the substantial time and effort to process and extract Defendants' voluminous productions. Given the large volume of data, the ongoing correspondence between the parties regarding the details of the structured data productions, and—in the case of at least some Defendants—expected additional data productions, Plaintiffs are unable to confirm at this time that the structured data productions are sufficient and complete across all Defendants. To the extent that any of the foregoing issues and related follow-up—including the need for supplemental structured data productions—will affect discovery deadlines, including expert deadlines, the parties will seek relief from the Court.

15.     June 6, 2025 Report: Plaintiffs are continuing to evaluate Defendants' voluminous structured data productions. As stated in previous status reports, Plaintiffs have identified apparent deficiencies in the productions. Defendants disagree that there are "apparent deficiencies" in their structured data productions. Specifically, Plaintiffs have identified various Defendants (including Defendants who have settled but have agreed to produce such data as part of their settlement agreements) who are missing (1) profit and loss data and/or (2) data concerning occupancy and certain rental unit characteristics. Some Defendants have produced these data but in forms and formats that are not readily useable and/or do not comport with production parameters (*e.g.*, annual instead of monthly data, PDF/TXT files instead of Excel or .CSV files). Since the last status report, one Defendant produced unit-level cost data; one Defendant produced occupancy and amenity fee data; one Defendant produced additional property-level data and reproduced data originally produced in PDF; and other Defendants produced additional profit and loss data, which Plaintiffs are in the process of reviewing. In addition, Defendant Rose produced data for three of the five "owner priced" properties for which the Court ordered production (Dkt. 1129), and Plaintiffs are following up with Rose concerning the missing data for the remaining two properties. Rose has explained that the data for the other two properties is no longer in its possession or control (Rose once had access to the data through Yardi but claims it never reviewed or downloaded it) and is looking into whether it can obtain the data from another party. Plaintiffs are also continuing to evaluate the substantial structured data produced by RealPage (including data produced on behalf of certain property owners and managers), and are engaging in ongoing discussions and correspondence about the data produced. As stated in previous status reports, Plaintiffs' consultants' evaluation of these data has been delayed by the substantial time and effort to process and extract Defendants' voluminous productions. Defendants disagree with Plaintiffs' characterization that any delay in analysis of Defendants' structured data, broadly, is due to the timing of a limited subset of structured data

productions. Defendants believe that they generally provided Plaintiffs their structured data in a timely manner, pursuant to the Court's schedule, and any exceptions were limited.

16. July 3, 2025 Report: Plaintiffs are continuing to evaluate Defendants' structured data productions. As stated in previous status reports, Plaintiffs and Defendants (including Defendants who have settled but have agreed to produce such data as part of their settlement agreements) are continuing their discussions regarding the data previously produced and ongoing data supplements, including (1) profit and loss data and/or (2) data concerning occupancy and certain rental unit characteristics. Some Defendants have produced supplemental data but in forms and formats that are not readily useable and/or do not comport with production parameters (*e.g.*, annual instead of monthly data, PDF/TXT files instead of Excel or .CSV files). Since the last status report, two Defendants produced additional profit and loss data, which Plaintiffs are in the process of reviewing. In addition, Defendant Rose produced data for three of the five "owner priced" properties for which the Court ordered production (Dkt. 1129), and the parties are in the process of conferring about data for the remaining two properties. Plaintiffs are also continuing to evaluate the substantial structured data produced by RealPage (including data produced on behalf of certain property owners and managers), and are engaging in ongoing discussions and correspondence about the data produced.

17. August 1, 2025 Report: Plaintiffs are continuing to evaluate Defendants' structured data productions. As stated in previous status reports, Plaintiffs and Defendants (including Defendants who have settled but have agreed to produce such data as part of their settlement agreements) are continuing their discussions regarding the data previously produced and ongoing data supplements, including (1) profit and loss data and/or (2) data concerning occupancy and certain rental unit characteristics. Since the last status report, several settling and non-settling Defendants have made structured data productions, consisting of, among other things, tenant data and profit and loss data. Plaintiffs are evaluating those productions. In addition, the parties continue to meet and confer regarding Defendant Rose's production of structured data for the remaining two "owner priced" properties for which the Court ordered production (Dkt. 1129). Plaintiffs are also continuing to evaluate the structured data produced by RealPage (including data produced on behalf of certain property owners and managers), and are engaging in ongoing discussions and correspondence about the data produced.

18. September 5, 2025 Report: As stated in previous status reports, Plaintiffs and Defendants (including Defendants who have settled but have agreed to produce such data as part of their settlement agreements) are continuing their discussions regarding the data previously produced and ongoing data supplements, including (1) profit and loss data and/or (2) data concerning occupancy and certain rental unit characteristics. Plaintiffs have reached

agreement with the majority of Defendants on structured data. For the select few where discussions remain ongoing, Plaintiffs are in the process of evaluating recent data productions and conferring with those Defendants regarding perceived gaps in their productions. Plaintiffs are also continuing to evaluate the structured data produced by RealPage (including data produced on behalf of certain property owners and managers), and are engaging in ongoing discussions and correspondence about the data produced.

19. October 3, 2025 Report: As stated in previous status reports, Plaintiffs and Defendants (including Defendants who have settled but have agreed to produce such data as part of their settlement agreements) are continuing their discussions regarding the data previously produced and ongoing data supplements, including (1) profit and loss data and/or (2) data concerning occupancy and certain rental unit characteristics. Plaintiffs have reached agreement with the majority of Defendants on structured data. For the select few where discussions remain ongoing, Plaintiffs are in the process of evaluating recent data productions and conferring with those Defendants regarding perceived gaps in their productions. Plaintiffs are also continuing to evaluate the structured data produced by RealPage (including data produced on behalf of certain property owners and managers), and are engaging in ongoing discussions and correspondence about the data produced.

20. November 7, 2025 Report: As stated in previous status reports, Plaintiffs and Defendants (including Defendants who have settled but have agreed to produce such data as part of their settlement agreements) are continuing their discussions regarding the data previously produced and ongoing data supplements, including (1) profit and loss data and/or (2) data concerning occupancy and certain rental unit characteristics. Plaintiffs have reached agreement with the majority of Defendants on structured data. For the select few where discussions remain ongoing, Plaintiffs are in the process of evaluating recent data productions and conferring with those Defendants regarding perceived gaps in their productions. Plaintiffs are also continuing to evaluate the structured data produced by RealPage (including data produced on behalf of certain property owners and managers), and are engaging in ongoing discussions and correspondence about the data produced.

21. December 5, 2025 Report: Plaintiffs have reached agreement with the majority of Defendants on structured data. As stated in previous status reports, Plaintiffs and Defendants (including Defendants who have settled but have agreed to produce such data as part of their settlement agreements) are continuing their discussions regarding the data previously produced and ongoing data supplements. In the last month, Plaintiffs have identified gaps in certain Defendants' productions of tenant data, including contact and email information needed for settlement purposes. Plaintiffs are in the

process of requesting this information from the relevant Defendants. In addition, Plaintiffs are engaging in ongoing discussions and correspondence with RealPage about the structured data it produced.

22. January 2, 2026 Report: Plaintiffs have reached agreement with the majority of Defendants on structured data. As stated in previous status reports, Plaintiffs and Defendants (including Defendants who have settled but have agreed to produce such data as part of their settlement agreements) are continuing their discussions regarding the data previously produced and ongoing data supplements. Plaintiffs are in the process of discussing with certain Defendants identified gaps in their productions of tenant data, including contact and email information needed for settlement purposes. In addition, Plaintiffs are engaging in ongoing discussions and correspondence with RealPage about the structured data it produced.

23. February 6, 2026 Report: Except as noted above (*see* II.A.1(w)(i)), Plaintiffs have reached agreement with all Defendants on structured data.

24. March 6, 2026 Report: Except for the tenant data for settlement purposes (*see* II.A.1(x)(i)), Plaintiffs have reached agreement with all Defendants on structured data.

**25. April 3, 2026: Except for the tenant data for settlement purposes (*see* II.A.1(y)(i)), Plaintiffs have reached agreement with all Defendants on structured data.**

C. Describe with specificity all discovery completed since the last status conference.

1. March 29, 2024 Report

UDR made an initial production on March 18 and intends to continue producing documents on a rolling basis.

The following Defendants have produced one or more documents since the last status conference and also intend make a further production by the April 26, 2024, deadline: ConAm; FCM (an insurance agreement and additional documents); FPI (an insurance agreement); RealPage; and the Thoma Bravo Defendants (an insurance agreement).

The following Defendants have not produced any documents or data since the last status conference, but intend to make an initial document production by the April 26, 2024, deadline: Allied, Bell, BH, Bozzuto, Brookfield, Camden, CH, Cortland; CWS; Dayrise; ECI; Equity; Essex;

Greystar; Highmark; SPR; Sherman; Simpson; IRT; Kairoi; Knightvest; Lantower; Lincoln; MAA; Mission Rock; Morgan Properties; Related; Rose; RPM Living; Sares Regis; Thrive; Trammell Crow; Windsor; Winn; and ZRS.

The Court severed and transferred the *Kabisch* matter to W.D. Tex. (as to CONTI), S.D.N.Y. (as to Rose), and W.D. Wash. (as to Sares Regis and Prometheus). The JPML issued a CTO (CTO-6) on March 27, 2024, and the JPML has stayed entry of that order for 7 days. As to those matters, the parties are conferring with CONTI, Prometheus, and Rose about responding to Plaintiffs' requests upon transfer back to this Court. The parties are conferring about CONTI's position as to the Plaintiff's claims in *Vincin*, for which CONTI did not serve responses to Plaintiffs' requests.

Plaintiffs have agreed to defer discovery of Avenue5 based on their settlement in principle. AMC's responses to Plaintiffs' document requests are due April 21, 2024.

2.      May 10, 2024 Report:

Since the last status conference, the following Defendants made an initial document production by the April 26, 2024, deadline to begin producing non-custodial documents: Allied; Bell; BH; Bozzuto; Brookfield; Camden; CH Real Estate Services ("CH"); ConAm; Cortland; CWS; Dayrise; ECI; Equity; Essex; FCM; FPI; Greystar; Highmark; SPR; Sherman; Simpson; IRT; Kairoi; Knightvest; Lantower; Lincoln; MAA; Mission Rock; Morgan Properties; Related; Rose; RPM Living; Sares Regis; the Thoma Bravo Defendants; Thrive; Trammell Crow; Windsor; Winn; and ZRS. AMC's deadline to begin producing non-custodial documents is May 21, 2024, and it intends to make an initial document production by that deadline. The deadline for Prometheus to make its initial document production is June 11, 2024. (Dkt. 883 at 4-5).

RealPage, Inc. made its second production of documents on April 26, 2024, which included non-custodial documents.

UDR made its second production of documents on May 2, 2024, and intends to continue producing responsive, non-privileged documents on a rolling basis.

Regarding CONTI, the Court entered an agreed scheduling order relating to CONTI's Rule 12(b)(1) motions to dismiss filings in *Vincin* and *Kabisch*, which set filing deadlines and allows Plaintiffs to take jurisdictional discovery relating to the motions to dismiss, as needed. (*See* Dkt. 315).

Regarding data productions, RealPage is working to produce data samples to Plaintiffs by May 15, 2024, which Plaintiffs have agreed, in the interest of efficiency, will satisfy the obligation of other Defendants to produce data samples by that date to the extent any other Defendant chooses not to produce its own data samples at that time. BH; Camden; Equity; Essex; Greystar; Highmark; Lantower; Lincoln; UDR; and Windsor intend to produce samples of their own data by May 15, 2024. After reviewing the samples produced by RealPage, Plaintiffs will work with the Defendants that did not make an initial data production to obtain sampling from those Defendants to the extent necessary.

### 3. June 7, 2024 Report

Since the last status report, the following Defendants have made additional document productions: AMC; FCM; FPI; Dayrise; Greystar; MAA; Morgan Properties; RealPage; RPM; Sherman; Sares Regis (initial production); and Crow Holdings.

Regarding data productions, at RealPage's request, Plaintiffs extended the May 15, 2024 deadline referenced above to May 22, 2024. The following Defendants produced data samples since the last status report: BH; Equity; Essex; Greystar; Highmark; Lantower; Lincoln; RealPage; UDR; Windsor; and Winn.

Regarding CONTI, the Court granted CONTI and Plaintiffs' Joint Motion to Stay Deadlines as to CONTI (Dkt. 914).

4.     July 3, 2024 Report:

Since the last status report, the following Defendants have made additional document productions: BH; Camden; Cortland; Prometheus; Rose; RPM Living; Security Properties; and UDR.

5.     August 2, 2024 Report:

Since the last status report, the following Defendants have made additional document productions: AMC, Equity, FCM, Prometheus, RealPage, Rose, RPM, Sares Regis, Sherman, the Thoma Bravo Defendants, Windsor, and ZRS.

As noted in the May and June status reports, some Defendants elected to defer providing data samples until Plaintiffs had an opportunity to review data samples provided by RealPage. As discussed in II.B.5. above, Plaintiffs have reviewed RealPage's data samples, and have concluded that they must proceed to collect data samples from each Defendant and are proceeding with meeting and conferring with the remaining Defendants about production of their own data samples.

6.     September 6, 2024 Report:

Since the last status report, the following Defendants have made additional document productions:  Camden, Cortland, ECI, Essex, Highmark, Knightvest, Lincoln, Lantower, RPM, Security Properties, the Thoma Bravo Defendants, UDR, and Windsor.  Attached as Appendix A, please find a list of the number of documents produced since April 2024 as of 5:00pm ET on September 6, 2024, broken down by each Defendant. This list does not include structured data productions. Several Defendants have recently reached agreement with Plaintiffs regarding producing regulatory productions (where applicable), and custodians and search terms. Many Defendants are still negotiating these threshold issues with Plaintiffs, as reflected in Part II.A.1.

above. Some Defendants have represented that they will make additional document production as early as next week. Defendants would like to explicitly note that it is not surprising that the document production numbers reflected in Appendix A for some Defendants are currently low; this reflects the fact that Plaintiffs and individual Defendants are still negotiating threshold issues related to document productions.

As to structured data, the following Defendants produced data samples since the last status report: AMC, ConAm, Equity, Highmark, Lantower, Morgan Properties, and Windsor.

7.      October 4, 2024 Report:

Since the last status report, the following Defendants have made additional document productions: AIR, AMC, Bell Partners, Bozzuto, Camden, ConAm, CWS, ECI, Equity, Essex, FCM, Greystar, Highmark, Lincoln, MAA, Prometheus, RealPage, Rose, RPM, Sares Regis, Related, Thoma Bravo, UDR, and Winn. Attached as Appendix A, please find a list of the number of documents produced since the September joint status report as of 12:00 pm ET on October 4, 2024, broken down by each Defendant. This list does not include structured data productions. Several Defendants have recently reached agreement with Plaintiffs regarding custodians and search terms, and many Defendants are still negotiating these key issues with Plaintiffs, as reflected in Part II.A.1. above.

As to structured data, the following Defendants produced data samples since the last status report: Bozzuto, ConAm, CWS, ECI, FCM, IRT, MAA, Rose, Security Properties, and Thrive.

8.      November 1, 2024 Report:

Since the last status report, the following Defendants have made additional document productions: BH, CH, Cortland, CWS, Essex, Lincoln, Related, Rose, RPM, Simpson, the Thoma Bravo Defendants, Thrive, and UDR. Attached as Appendix A, please find a list of the number of documents produced since the October joint status report as of 12:00 pm ET on November 1, 2024,

broken down by each Defendant. This list does not include structured data productions. Several Defendants have recently reached agreement with Plaintiffs regarding custodians and search terms, and many Defendants are still negotiating these key issues with Plaintiffs, as reflected in Part II.A.1. above.

As to structured data, the following Defendants produced data samples since the last status report: Brookfield, CH, CWS, Equity, Highmark, Kairoi, Lincoln, Prometheus, Related, Rose, Sares Regis, Sherman, and Windsor.

9. December 6, 2024 Report:

Since the last status report, the following Defendants have made additional document productions: Camden, CWS, ECI, IRT, Kairoi, Lantower, Lincoln, MAA, Morgan Properties, Related, RPM, Sherman, Thoma Bravo, and UDR. Attached as Appendix A, please find a list of the number of documents produced since the November joint status report as of 12:00 pm ET on December 6, 2024, broken down by each Defendant. This list does not include structured data productions.

As to structured data, the following Defendants produced data samples since the last status report: Bell Partners, BH, Camden, Cortland, Equity, FCM, Lantower, Lincoln, RealPage, Related, RPM, and Sares Regis. UDR has completed its entire structured data production since the last status report.

10. January 3, 2025 Report:

Since the last status report, the following Defendants have made additional document productions: Camden, Equity, Essex, Greystar, Highmark, Kairoi, Lincoln, MAA, Morgan Properties, Rose, RPM, Sares Regis, Thoma Bravo, Thrive, UDR, and ZRS. Attached as Appendix A, please find a list of the number of documents produced since the December joint status report

as of 12:00 pm ET on January 3, 2025, broken down by each Defendant. This list does not include structured data productions.

As to structured data, the following Defendants represent that they completed their structured data productions on or before December 20, 2024: AMC, BH, Brookfield, Camden, ECI, Essex, Equity, Greystar, Highmark, IRT, Lincoln, MAA, Mission Rock, Morgan Properties, Prometheus, RealPage, Rose, Security Properties, Thrive, UDR, and Windsor. As stated above, Plaintiffs are evaluating Defendants' structured data productions and reserve their right to request additional information.

11. February 7, 2025 Report:

Since the last status report, the following Defendants have made additional document productions: AMC, Bell Partners, BH, Brookfield, Camden, ECI, Equity, Essex, Greystar, IRT, Lincoln, MAA, Morgan Properties, Prometheus, RealPage, Related, Rose, RPM, Sares Regis, Thoma Bravo, Related, and UDR. Attached as Appendix A, please find a list of the number of documents produced since the January joint status report as of 12:00 pm ET on February 7, 2025, broken down by each Defendant. This list does not include structured data productions.

The Court's Case Management Order provides that Defendants begin rolling productions 60 days after reaching full agreement with Plaintiffs on both search terms and custodians. There are certain Defendants who have yet to make *any* custodial productions, despite having reached such agreement well over 60 days ago. Plaintiffs are conferring with these Defendants concerning the timeline for their initial custodial document production, as well as estimated time for substantial completion given the delay in beginning rolling productions. Plaintiffs are expecting initial custodial document productions from Defendant Cortland on or before February 10, 2025, and other Defendants ahead of the March status report.

Since the last status report, Plaintiffs produced additional custodial documents in their Sixth Volume production.

As to structured data, the following Defendants produced data since the last status report: Bell Partners and MAA.

12. March 7, 2025 Report:

Since the last status report, the following Defendants have made additional document productions: Bell Partners, BH, Camden, CH, Cortland, ECI, Equity, Greystar, Highmark, IRT, Lincoln, MAA, Morgan Properties, Rose, RPM, Sares Regis, Related, the Thoma Bravo Defendants, Trammell Crow, and UDR. Attached as Appendix A, please find a list of the number of documents produced since the February joint status report as of 12:00 pm ET on March 7, 2025, broken down by each Defendant. This list does not include structured data productions.

The Court's Case Management Order provides that Defendants begin rolling productions 60 days after reaching full agreement with Plaintiffs on custodians, and presumably the search terms to be applied to those custodians' files. There are certain Defendants who have yet to make *any* custodial productions, despite having reached such agreement well over 60 days ago, while others have begun productions still well over the 60-day period contemplated by the Court's Order. Other Defendants produced a handful of custodial documents within the deadline, and have since confirmed that they intend to produce hundreds of thousands of documents in the 40 days leading up to the March 28 deadline. Plaintiffs are conferring with these Defendants concerning the reason for delay in these custodial productions, as well as estimated time for substantial completion given the delay in beginning rolling productions.

As to structured data, the following Defendants produced data since the last status report: Equity and Rose.

13.    April 4, 2025 Report:

Since the last status report, the following Defendants have made additional document productions: Bell Partners, BH, Bozzuto, Brookfield, Camden, Cortland, ECI, Equity, Essex, Greystar, Highmark, IRT, Kairoi, Knightvest, Lincoln, MAA, Morgan Properties, RealPage, Related, Rose, RPM, Simpson, Thoma Bravo, Trammell Crow, and ZRS.  Attached as Appendix A, please find a list of the number of documents produced since the March joint status report as of 12:00 pm ET on April 4, 2025, broken down by each Defendant.  This list does not include structured data productions.

Plaintiffs are beginning to evaluate Defendants' voluminous document productions made on or close to the March 28, 2025 document production deadline.  At this stage, Plaintiffs have been able to discern that, aside from RealPage's reproduction of its government productions, nearly two-thirds of the documents produced by Defendants in this matter (by page count) were produced in the last 30 days.  Certain Defendants produced nearly all of their documents on the March 28 deadline, including 99% of its total documents for one Defendant and 98% for another. Defendants respectfully note that they have collectively produced millions of documents, beginning in September 2024.  As stated in previous status reports, Plaintiffs' position is that numerous Defendants did not comply with the Case Management Order's requirement to produce custodial documents in rolling productions beginning 60 days after agreement on custodians.  As a result, it will take a substantial amount of time for Plaintiffs to digest and review the large volume of documents they received on or close to the Court's production deadline.  Given the timing of the majority of Defendants' document productions, Plaintiffs anticipate discussing an extension of

certain deadlines in the Case Management Order with Defendants, including fact and expert discovery deadlines. To the extent an extension is warranted, the parties will seek relief from the Court.

The following Defendants have been granted extensions of the document production deadline: Simpson (to April 4, 2025); Camden and Windsor (to April 18, 2025); and Sares Regis, UDR, RPM, Equity, and Lincoln (to April 28, 2025).

As to structured data, the following Defendants produced data since the last status report: Bell Partners, BH, Bozzuto, Equity, IRT, RealPage, and ZRS.

14. May 2, 2025 Report:

Since the last status report, the following Defendants have made additional document productions: BH, Bozzuto, Camden, ECI, Equity, IRT, Knightvest, Lincoln, MAA, RPM, Sares Regis, UDR, and Windsor. Attached as Appendix A, please find a list of the number of documents produced since the April joint status report as of 12:00 pm ET on May 2, 2025, broken down by each Defendant. This list does not include structured data productions.

The following Defendants were granted extensions of the document production deadline: Simpson (to April 4, 2025); Camden and Windsor (to April 18, 2025); and Sares Regis, UDR, RPM, Equity, and Lincoln (to April 28, 2025).

In response to Plaintiffs' motion for a discovery conference to address Sares Regis' delay in producing documents, the Court ordered Sares Regis to complete its production by March 28, 2025, in accordance with the Scheduling Order (Dkt. 818). On March 27, 2025, the Court granted Sares Regis' request for an extension of the document production completion deadline to April 28, 2025 (Dkt. 1111). In seeking the Court's approval to use TAR, Sares Regis represented that "through the use of TAR, it will be possible to complete production on or before April 28, 2025"

and that "such a process is necessary to complete in any sort of timely manner its document productions." (Dkt. 1115). Accordingly, the Court granted Sares Regis' TAR protocol on April 4, 2025. (Dkt. 1123). However, Sares Regis was unable to complete its production on April 28. Rather, it produced 63,494 documents on that date and informed Plaintiffs that it has only reviewed approximately 100,000 documents to date. Sares Regis further informed Plaintiffs that the TAR model currently projects the need for manual review of an additional one million documents. Sares Regis takes the position that it was unable to complete its document production on April 28 because of the high total document volume needed to review (approximately 6.5 million documents). Sares Regis represents that it is working diligently to review and produce these documents as quickly as possible. It has yet to provide a date to Plaintiffs by which it intends to complete its document production.

Plaintiffs are continuing to evaluate Defendants' voluminous document productions made on or close to the March 28, 2025 document production deadline, as well as any document productions they received from Defendants after that deadline. As stated in previous status reports, Plaintiffs' position is that numerous Defendants did not comply with the Case Management Order's requirement to produce custodial documents in rolling productions beginning 60 days after agreement on custodians. As a result, it is taking a substantial amount of time for Plaintiffs to digest and review the large volume of documents they received on or close to the Court's production deadline and thereafter. Given the timing of the majority of Defendants' document productions, Plaintiffs anticipate discussing an extension of certain deadlines in the Case Management Order with Defendants, including fact and expert discovery deadlines. To the extent an extension is warranted, the parties will seek relief from the Court.

As to structured data, the following Defendants produced data since the last status report: BH, Bell, Lincoln, Morgan Properties, Sares Regis, and Thrive.

15. June 6, 2025 Report:

Since the last status report, the following Defendants have made additional document productions: Avenue5, Bell Partners, BH, Bozzuto, Highmark, IRT, Lincoln, Realpage, RPM, Sares Regis, and Trammell Crow. Attached as Appendix A, please find a list of the number of documents produced since the May joint status report as of 12:00 pm ET on June 6, 2025, broken down by each Defendant. This list does not include structured data productions.

On May 23, 2025, the parties filed a Joint Motion for Discovery Conference regarding Sares Regis's inability to complete its document production by April 28, 2025—an extension of the document production deadline previously granted by the Court (Dkt. 1144). The Court denied the motion and ordered Sares Regis to complete its document production by June 9, 2025 (Dkt. 1145).

Plaintiffs are continuing to evaluate Defendants' voluminous document productions made on or close to the March 28, 2025 document production deadline, as well as any document productions they received from Defendants after that deadline. As stated in previous status reports—specifically, the parties' April and May reports—it is taking a substantial amount of time for Plaintiffs to digest and review the large volume of documents they received on or close to the Court's production deadline and thereafter. Plaintiffs made a proposal to Defendants for an overall extension of the Case Management Order deadline, and met and conferred on that proposal on June 6, 2025. Defendants believe Plaintiffs' proposal is premature and do not believe an extension is necessary but are considering Plaintiffs' proposal and will continue to meet and confer with

Plaintiffs about it.  The parties will seek relief from the Court as soon as they have either reached agreement or impasse.

As to structured data, the following Defendants produced data since the last status report: BH, Bozzuto, Equity, Greystar, RealPage, and Rose.

16.     July 3, 2025 Report:

Since the last status report, the following Defendants have made additional document productions: Bozzuto, Lincoln, Sares Regis, Thrive, and ZRS.  Attached as Appendix A, please find a list of the number of documents produced since the June joint status report as of 12:00 pm ET on July 3, 2025, broken down by each Defendant.  This list does not include structured data productions.

As to structured data, the following Defendants produced data since the last status report: IRT, Simpson, and Windsor.

17.     August 1, 2025 Report:

Since the last status report, the following Defendants have made additional document productions: Equity and IRT.  Attached as Appendix A, please find a list of the number of documents produced since the July joint status report as of 12:00 pm ET on August 1, 2025, broken down by each Defendant.  This list does not include structured data productions.

As to structured data, the following settling and non-settling Defendants produced data since the last status report:  Allied Orion, Avenue5, Bell, CH, Essex, Equity, FCM, FPI, and Lincoln/Willow Bridge.

18.     September 5, 2025 Report:

Since the last status report, the following Defendants have made additional document productions: Bozzuto, Equity, FCM, Morgan Properties, Rose Associates, RPM, and Related. Attached as Appendix A, please find a list of the number of documents produced since the August joint status report as of 12:00 pm ET on September 5, 2025, broken down by each Defendant. This list does not include structured data productions.

As to structured data, the following settling and non-settling Defendants produced data since the last status report: Bozzuto, CWS, Equity, Lincoln/Willow Bridge, Related, Rose Associates, and Sares Regis.

19. October 3, 2025 Report:

Since the last status report, the following Defendants have made additional document productions: Avenue5, Bozzuto, Camden, CWS, Morgan, RPM, Thoma Bravo, and ZRS. Attached as Appendix A, please find a list of the number of documents produced since the September joint status report as of 12:00 pm ET on October 3, 2025, broken down by each Defendant. This list does not include structured data productions.

As to structured data, the following Defendants produced data since the last status report: CWS, Equity, and Prometheus.

20. November 7, 2025 Report:

Since the last status report, the following Defendants have made additional document productions: Camden, Equity, Essex, Greystar, MAA, Rose Associates, The Related Companies, and UDR. Attached as Appendix A, please find a list of the number of documents produced since the October joint status report as of 12:00 pm ET on November 7, 2025, broken down by each Defendant. This list does not include structured data productions.

82

As to structured data, the following Defendants produced data since the last status report: Avenue5, Equity, Greystar, RPM, The Related Companies, and Thrive.

21.     December 5, 2025 Report:

Since the last status report, the following Defendants have made additional document productions: Avenue5, Camden, IRT, Lincoln, Morgan Properties, and Thoma Bravo.  Attached as Appendix A, please find a list of the number of documents produced since the November joint status report as of 12:00 pm ET on December 5, 2025, broken down by each Defendant.  This list does not include structured data productions.

As to structured data, the following Defendants produced data since the last status report: Avenue5 and The Related Companies.

22.     January 2, 2026 Report:

Since the last status report, the following Defendants have made additional document productions: Camden, Equity, IRT, Morgan Properties, and Thoma Bravo.  Attached as Appendix A, please find a list of the number of documents produced since the December joint status report as of 12:00 pm ET on January 2, 2026, broken down by each Defendant.  This list does not include structured data productions.

As to structured data, the following Defendants produced data since the last status report: Allied Orion and Lincoln.

23.     February 6, 2026 Report:

Since the last status report, the following Defendants have made additional document productions: Camden, Lincoln Property, and RealPage.  Attached as Appendix A, please find a list of the number of documents produced since the January joint status report as of 12:00 pm ET on February 6, 2026, broken down by each Defendant.  This list does not include structured data

productions.  RealPage also received and reproduced to Plaintiffs small document productions from the Tampa Housing Authority and the San Diego Housing Authority.

As to structured data, the following settling Defendants produced data since the last status report: Greystar and Mission Rock.

24.     March 6, 2026 Report:

Since the last status report, the following Defendants have made additional document productions: Mid-America Apartments, RealPage, The Related Companies, and Sares Regis. Attached as Appendix A, please find a list of the number of documents produced since the February joint status report as of 12:00 pm ET on March 6, 2026, broken down by each Defendant.[18]  This list does not include structured data productions or the productions made by nonparties.  The following nonparties produced documents since the last status report: Advanced Real Estate, Affordable Housing Network, National Apartment Association, Tampa Housing Authority, and DC Housing Authority.

As to structured data, the following settling Defendants produced data since the last status report: ConAm, Lincoln/Willow Bridge, Pinnacle, RealPage, and Sares Regis.

**25.     April 3, 2026 Report: The following Defendants produced structured data since the last status report: AIR, Kairoi, Morgan Properties, and RealPage.**

D.     Describe with specificity all discovery anticipated to be served or for which the response deadline will expire before the next status conference.

1.     March 29, 2024 Report:

---

[18] Given the close of fact discovery on February 27, 2026, the parties will no longer be including this appendix in future joint status reports.

Defendants do not anticipate serving any discovery before the next status conference. Plaintiffs anticipate that they will serve their responses and objections to Defendants' first and second sets of interrogatories before the May 17, 2024, status conference. Defendants anticipate that they will serve their responses and objections to Plaintiffs' interrogatories before the May 17, 2024, status conference.

2.      May 10, 2024 Report:

Defendants do not anticipate serving any discovery before the June 14, 2024 status conference, and do not anticipate that any discovery response deadline will expire between the May 17, 2024 status conference and June 14, 2024 status conference. Plaintiffs do not anticipate serving any discovery before the June 14, 2024 status conference, and do not anticipate that any discovery response deadline other than those outlined above will expire between the May 17, 2024 status conference and June 14, 2024 status conference.

3.      June 7, 2024 Report:

Neither Plaintiffs nor Defendants anticipate serving any discovery before the July 12, 2024 status conference, and do not anticipate that any discovery response deadline will expire between the June 14, 2024 and July 12, 2024 status conferences.

4.      July 3, 2024 Report:

Neither Plaintiffs nor Defendants anticipate serving any discovery before the July 12, 2024 status conference, and do not anticipate that any discovery response deadline will expire between the July 12, 2024 and August 9, 2024 status conferences.

5.      August 2, 2024 Report:

Besides the discovery outlined above, Defendants do not anticipate serving any discovery before the August 9, 2024 status conference, and do not anticipate that any discovery response deadline will expire between the August 9, 2024 and September 13, 2024 status conferences. Plaintiffs also do not anticipate serving any discovery before the August 9, 2024 status conference, and, but for Plaintiffs' forthcoming responses to Windsor's RFAs and Interrogatories on all Plaintiffs, do not anticipate that any discovery response deadline will expire between the August 9, 2024 and September 13, 2024 status conferences.

     6.     September 6, 2024 Report:

Neither Plaintiffs nor Defendants anticipate serving any discovery before the September 13, 2024 status conference, and do not anticipate that any discovery response deadline will expire between the September 13, 2024 and October 11, 2024 status conferences.

     7.     October 4, 2024 Report

Besides the discovery outlined above, Defendants do not anticipate serving any discovery before the October 11, 2024 status conference, and do not anticipate that any discovery response deadline will expire between the October 11, 2024 and November 8, 2024 status conferences. Plaintiffs also do not anticipate serving any discovery before the October 11, 2024 status conference, and, but for Plaintiffs' forthcoming responses to UDR's RFAs and Interrogatory on all Plaintiffs, do not anticipate that any discovery response deadline will expire between the October 11, 2024 and November 8, 2024, status conferences.

     8.     November 1, 2024 Report

Defendants do not anticipate serving any discovery before the November 1, 2024 status conference, and do not anticipate that any discovery response deadline will expire between the November 8 and December 13, 2024 status conferences.

Plaintiffs are contemplating serving additional discovery concerning the presence of arbitration agreements and/or class action waivers in Defendants' lease agreements generally, as well as those that may have been added during the pendency of this action.

9. December 6, 2024 Report:

Neither Plaintiffs nor Defendants anticipate serving any discovery before the December 13, 2024 status conference. Plaintiffs served their Second Set of Interrogatories to Owner, Owner-Operator, and Manager Defendants on December 5, 2024, to which responses are due on January 6, 2025, prior to the January 10, 2025 status conference.

10. January 3, 2025 Report:

Neither Plaintiffs nor Defendants anticipate serving any discovery before the February 14, 2025 status conference. Plaintiffs served their Second Set of Interrogatories to Owner, Owner-Operator, and Manager Defendants on December 5, 2024, to which responses are due on January 6, 2025, prior to the February 14, 2025 status conference. As stated above, some individual Defendants have reached agreement with Plaintiffs on an extension of this deadline.

11. February 7, 2025 Report:

Plaintiffs are contemplating serving additional interrogatories on Defendants seeking factual details concerning their access to competitors' confidential information and the exchange of confidential information with competing multifamily housing providers.

Defendants do not anticipate serving further discovery before the February 14, 2025 status conference. BH served its First Set of Interrogatories to All Named Plaintiffs on January 17, 2025, to which responses are due on February 18, 2025, prior to the March 14, 2025 status conference.

UDR served its Second Set of Interrogatories to All Named Plaintiffs on January 30, 2025, to which responses are due on March 3, 2025, prior to the March 14, 2025 status conference. Defendants served their Second Set of Requests for Production of Documents and Electronically Stored Information by All Named Plaintiffs and their Third Set of Interrogatories to All Named Plaintiffs on February 7, 2025, to which responses are due on March 10, 2025, prior to the March 14, 2025 status conference.

12.     March 7, 2025 Report:

Plaintiffs intend to serve additional interrogatories concerning Defendants' acceptance of RealPage RMS recommendations.   Plaintiffs are also contemplating serving additional interrogatories on Defendants seeking factual details concerning their access to competitors' confidential information and the exchange of confidential information with competing multifamily housing providers.  Plaintiffs also intend to serve document requests directed at documents and videos created by RealPage relating to the benefits of using RealPage RMS, customer testimonials about RealPage RMS, and other promotional and marketing materials, including materials that were formerly available on RealPage's website and cited in the Complaint but have since been deleted.

Defendants do not anticipate serving further discovery before the March 14, 2025 status conference.  Defendants served their Second Set of Requests for Production of Documents and Electronically Stored Information by All Named Plaintiffs and their Third Set of Interrogatories to All Named Plaintiffs on February 7, 2025, to which responses are due on March 10, 2025, prior to the March 14, 2025 status conference.

13.     April 4, 2025 Report:

Plaintiffs intend to serve additional interrogatories concerning Defendants' acceptance of RealPage RMS recommendations.    Plaintiffs are also contemplating serving additional

interrogatories on Defendants seeking factual details concerning their access to competitors' confidential information and the exchange of confidential information with competing multifamily housing providers.

Defendants do not anticipate serving further discovery before the April 14, 2025 status conference.

14.     May 2, 2025 Report:

Plaintiffs are contemplating additional discovery, as discussed in previous status reports, but do not anticipate serving any discovery before the May 9, 2025 status conference.

Defendants do not anticipate serving further discovery before the May 9, 2025 status conference.

15.     June 6, 2025 Report:

Plaintiffs are contemplating additional discovery, as discussed in previous status reports, but do not anticipate serving any discovery before the June 13, 2025 status conference.

Defendants do not anticipate serving further discovery before the June 13, 2025 status conference.

16.     July 3, 2025 Report:

Plaintiffs do not anticipate serving additional discovery before the July 11, 2025 status conference.

Defendants do not anticipate serving further discovery before the July 11, 2025 status conference.

17.     August 1, 2025 Report:

Plaintiffs intend to serve third party subpoenas for the production of documents ahead of the August 8, 2025 status conference.

Defendants do not anticipate serving further discovery before the August 8, 2025 status conference.

18. September 5, 2025 Report:

Plaintiffs anticipate serving additional joint and individual interrogatories on Defendants ahead of the September 12, 2025 status conference.

Defendants do not anticipate serving further discovery before the September 12, 2025 status conference.

19. October 3, 2025 Report:

Plaintiffs do not anticipate serving further discovery before the October 10, 2025 status conference.

Defendants do not anticipate serving further discovery before the October 10, 2025 status conference.

20. November 7, 2025 Report:

Plaintiffs do not anticipate serving further discovery before the November 14, 2025 status conference.

Defendants do not anticipate serving further discovery before the November 14, 2025 status conference.

21. December 5, 2025 Report:

Plaintiffs anticipate serving additional joint and individual interrogatories on Defendants ahead of the December 12, 2025 status conference.

Defendants do not anticipate serving further discovery before the December 12, 2025 status conference.

22.     January 2, 2026 Report:

Plaintiffs do not anticipate serving further discovery before the January 9, 2026 status conference.

Defendants do not anticipate serving further discovery before the January 9, 2026 status conference.

23.     February 6, 2026 Report:

Plaintiffs do not anticipate serving further discovery before the February 13, 2026 status conference.

Defendants do not anticipate serving further discovery before the February 13, 2026 status conference.

24.     March 6, 2026 Report:

Plaintiffs will not serve further discovery before the March 13, 2026 status conference.

Defendants will not serve further discovery before the March 13, 2026 status conference.

**25.     April 3, 2026 Report:**

**Plaintiffs will not serve further discovery before the April 10, 2026 status conference.**

**Defendants will not serve further discovery before the April 10, 2026 status conference.**

E.     Describe with specificity any pending or anticipated discovery related motions.

1.     March 29, 2024 Report: At this time, there are no pending or anticipated discovery related motions.

2. May 10, 2024 Report: Prior to the June 14, 2024 status conference, Plaintiffs anticipate raising discovery disputes concerning the time frame and geographic scope of document production, as well as to compel certain Defendants to produce documents already produced to government regulators.

3. June 7, 2024 Report: At this time, there are no pending or anticipated discovery related motions. The parties have found the first two in-person conferrals to be constructive and highly productive. Plaintiffs have encountered scheduling difficulties with certain Defendants in arranging additional in-person meet and confers. In order to promptly raise upcoming potential motions with the Court, Plaintiffs have proposed a regular schedule for in-person conferrals if needed, presumptively in Nashville. Defendants believe that setting a regular schedule for in-person conferrals is unnecessary and inefficient because any in-person meet and confers can be (and have been) scheduled on as-needed basis between the individual Plaintiffs' attorney responsible for a particular defendant and that Defendant. The Parties will continue to negotiate that proposal.

4. July 3, 2024 Report: At this time, there are no pending or anticipated discovery related motions.

5. August 2, 2024 Report: Plaintiffs have met and conferred in-person with RealPage and anticipate that a discovery motion relating to its production of source code may become ripe before the September status conference. Otherwise, the Parties have one in-person meet and confer scheduled for August 5, 2024, and Plaintiffs anticipate that others will be scheduled in the next few weeks. Depending on the outcome of those meet and confers, Plaintiffs anticipate that several discovery disputes may become ripe before the September status conference.

6. September 6, 2024 Report: Plaintiffs filed a motion to compel an in-person discovery conferral with Cortland on August 27, 2024, which, following the Court's August 28, 2024 Order, was resolved by the parties. Plaintiffs have filed a withdrawal of the motion to compel with respect to Cortland. Plaintiffs anticipate filing a joint motion for a discovery conference with one or more Defendants prior to the status conference. Depending on the outcome of scheduled in-person meet and confers, Plaintiffs anticipate that additional discovery disputes may become ripe before the October status conference.

7. October 4, 2024 Report: Depending on the outcome of upcoming meet and confers, including in-person conferrals, Plaintiffs anticipate that additional discovery disputes may become ripe in the next month.

92

8. November 1, 2024 Report: Depending on the outcome of upcoming meet and confers, Plaintiffs anticipate that discovery disputes may become ripe in the next month.

9. December 6, 2024 Report: Depending on the outcome of upcoming meet and confers, Plaintiffs anticipate that discovery disputes may become ripe in the next month.

10. January 3, 2025 Report: Depending on the outcome of upcoming meet and confers, Plaintiffs anticipate that discovery disputes may become ripe in the next month.

11. February 7, 2025 Report: At this time, there are no pending or anticipated discovery related motions.

12. March 7, 2025 Report: On March 6, 2025, Plaintiffs filed a motion to compel Sares Regis to run Plaintiffs' search terms, as proposed and formatted on August 30, 2024. (Dkt. 1085). This motion was granted by the Court on March 7, 2025. (Dkt. 1086).

13. April 4, 2025 Report: On March 28, 2025, Knightvest filed a motion to extend the same-day document production completion deadline (*see* CMO, Dkt. 818). On March 31, 2025, the Court denied Knightvest's motion without prejudice (Dkt. 1118). On April 2, 2025, the Court vacated its March 31 Order and instructed Plaintiffs to file a response to Knightvest's March 28 extension motion on or before April 8, 2025 (Dkt. 1121). Plaintiffs filed their response on April 3, 2025 (Dkt. 1122).

14. May 2, 2025 Report: The Court denied Knightvest's motion to extend the document production completion deadline on April 4, 2025 (Dkt. 1124). At this time, there are no pending or anticipated discovery related motions.

15. June 6, 2025 Report: On May 23, 2025, the parties filed a Joint Motion for Discovery Conference regarding Defendant Sares Regis's inability to meet its extended April 28, 2025 document production deadline (Dkt. 1144). Five days later, the Court denied the motion and ordered Sares Regis to: (1) continue to review documents per the TAR protocol; (2) review for responsiveness, rather than simply producing all search term hits; and (3) complete its review and production by June 9, 2025 (Dkt. 1145).

16. July 3, 2025 Report: At this time, there are no pending or anticipated discovery related motions.

17. August 1, 2025 Report: On July 24, 2025, Plaintiffs filed an Unopposed Motion to Modify the Case Management Order (Dkts. 1179, 1180), which is currently pending before the Court.

18. September 5, 2025 Report: At this time, there are no pending or anticipated discovery related motions.

19. October 3, 2025 Report: At this time, there are no pending or anticipated discovery related motions.

20. November 7, 2025 Report: At this time, there are no pending or anticipated discovery related motions.

21. December 5, 2025 Report: At this time there are no pending or anticipated discovery related motions.

22. January 2, 2026 Report: On December 19, 2025, Plaintiffs and Defendant RealPage filed a Joint Motion for Discovery Conference regarding Plaintiffs' challenge to RealPage's clawback of 22 documents. That Motion is currently pending before the Court.

23. February 6, 2026 Report: The Joint Motion for Discovery Conference (Dkt. 1323) regarding Plaintiffs' challenge to RealPage's clawback of 22 documents is currently pending before the Court. On January 9, 2026, RealPage submitted documents for in camera review (Dkt. 1333), as requested by the Court (Dkt. 1327). In addition, on January 30, 2026, Plaintiffs and Defendants RealPage and Equity filed a Joint Motion for Discovery Conference concerning Plaintiffs' challenge to third-party subpoenas served by RealPage and Equity on January 13, 2026 (Dkt. 1343). That Motion is also currently pending before the Court.

24. March 6, 2026 Report: At this time there are no pending or anticipated discovery related motions.

25. **April 3, 2026 Report: At this time, there are no pending or anticipated discovery related motions.**

III. Does any party anticipate or has any party identified any issues arising from the Stipulation and Order on Federal Rule of Evidence 502 (Dkt. 822). If so, please explain in detail.

A. March 29, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

B. May 10, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

C. July 3, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

D. August 2, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

E.  September 6, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

F.  October 4, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

G.  November 1, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

H.  December 6, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

I.  January 3, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

J.  February 7, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

K.  March 7, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

L.  April 4, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

M.  May 2, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

N.  June 6, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

O.  July 3, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

P.  August 1, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

Q.  September 5, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

R.  October 3, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

S.  November 7, 2025 Report: The parties are in the process of negotiating contested clawbacks for privilege. Should the parties be unable to reach agreement, they will seek relief from the Court.

T.      December 5, 2025 Report: The parties are continuing to negotiate contested clawbacks for privilege. Should the parties be unable to reach agreement, they will seek relief from the Court.

U.      January 2, 2026 Report: As stated above, on December 19, 2025, Plaintiffs and Defendant RealPage filed a Joint Dispute Statement in which Plaintiffs challenge RealPage's clawback of 22 documents (Dkt. 1323). Plaintiffs and Defendant RealPage have requested a discovery conference, and their request and the Joint Dispute Statement are currently pending before the Court.

V.      February 6, 2026 Report: As stated above, the Joint Motion for Discovery Conference (Dkt. 1323) regarding Plaintiffs' challenge to RealPage's clawback of 22 documents is currently pending before the Court.

W.      March 6, 2026 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).

**X.      April 3, 2026 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on FRE 502 (Dkt. 822).**

IV.     Does any party anticipate or has any party identified any issues arising from the Case Management Order (Doc. No. 818). If so, please explain in detail.

A.      March 29, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Case Management Order (Dkt. 818).

B.      May 10, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Case Management Order (Dkt. 818).

C.      June 7, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Case Management Order (Dkt. 818).

D.      July 3, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Case Management Order (Dkt. 818).

E.      August 2, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Case Management Order (Dkt. 818).

F.      September 6, 2024 Report:  Plaintiffs proposed a supplement to the Case Management Order (Dkt. 818) to Defendants on August 28, 2024, setting forth certain global interim deadlines to assist in uniformly moving negotiations forward, along with specific dates for in-person conferrals.  The parties originally discussed global negotiations on various issues; however, Defendants have since requested that, to the extent Plaintiffs have issues with a particular Defendant's discovery responses, those should be raised with that Defendant's counsel, and the specific issue addressed as to that Defendant's particular responses.  The parties are conferring regarding Plaintiffs' proposed supplement.

G.     October 4, 2024 Report:  Besides the structured data deadline extension referenced above, the parties have resolved any issues related to the Case Management Order (Dkt. 818).

H.     November 1, 2024 Report:  As mentioned above, the Court granted the parties' Joint Request to Extend the Structured Data Production Deadline. (Dkt. 1005).  At this time, no party anticipates or has identified any other issues arising from the Case Management Order (Dkt. 818).

I.     December 6, 2024 Report:  At this time, no party anticipates or has identified any other issues arising from the Case Management Order (Dkt. 818).

J.     January 3, 2025 Report:  At this time, no party anticipates or has identified any other issues arising from the Case Management Order (Dkt. 818).

K.     February 7, 2025 Report:  At this time, no party anticipates or has identified any other issues arising from the Case Management Order (Dkt. 818).

L.     March 7, 2025 Report:  At this time, no party anticipates or has identified any other issues arising from the Case Management Order (Dkt. 818).

M.     April 4, 2025 Report:  Plaintiffs have raised with Defendants several issues with respect to the Case Management Order (Dkt. 818).  Specifically, (1) Defendants' failure to comply with the notice of third-party subpoena requirement in ¶ 4.c of the CMO in failing to give Plaintiffs proper notice at least two business days ahead of service of said subpoena as required by both the local rules and CMO; and (2) Defendants' failure to produce documents received in connection with their third-party subpoenas within the seven-day time period ordered in the CMO, in numerous instances, and at times months after Defendants' receipt of third-party documents, as evidenced by certain responses to the subpoenas that were included in the third parties' productions.  Defendants note that they promptly corrected the third-party subpoena notice issue referred to by Plaintiffs.  Defendants also take the position that this oversight did not prejudice Plaintiffs or any third party.  Defendants agree that the CMO states that the parties "must exchange all third-party productions within 7 days of the receipt of the productions or at least 14 days before the deposition of the producing third party, whichever is earlier." CMO ¶7(ii) (emphasis added).  Responses and objections to third-party subpoenas that do not "produce" any underlying documents are not "productions."  Nevertheless, at Plaintiffs' request, Defendants weeks ago offered to provide to Plaintiffs responses and objections to third-party subpoenas along with reproductions of the documents received pursuant to those subpoenas, and to timely do so on a going forward basis. In light of this, and coupled with the fact that, as stated above, the majority of Defendants' document productions were made on or close to the March 28, 2025 document production deadline, Plaintiffs anticipate discussing an extension of certain deadlines in the Case Management Order with Defendants, including fact and expert discovery deadlines.  To the extent an extension is warranted, the parties will seek relief from the Court.

N.   May 2, 2025 Report:  As stated in last month's status report, in light of the issues with respect to the timing in which a majority of the nearly 15,000 third-party documents were produced in this case, and the receipt of the majority of Defendants' documents on, close to, or after the March 28, 2025 document production deadline, Plaintiffs anticipate discussing an extension of certain deadlines in the Case Management Order with Defendants, including fact and expert discovery deadlines.  To the extent an extension is warranted, the parties will seek relief from the Court.

O.   June 6, 2025 Report:  As noted in prior status reports, including in the April 4 and May 2 reports, certain document and data productions have been ongoing even as deadlines for those productions have already lapsed.  Given these circumstances, Plaintiffs now intend to seek a modification of the Case Management Order's deadlines to accommodate Plaintiffs' need to review and analyze these supplemental and/or continuing productions.  Plaintiffs have made a proposal to Defendants for an overall extension of the Case Management Order deadlines of approximately 5 months.  The parties met and conferred on Plaintiffs' proposal on June 6, 2025.  Defendants represent that they have been prompt and diligent in their document productions to date, and that Plaintiffs have had the overwhelming majority of Defendants' document productions for months.   The parties have scheduled a meet and confer to discuss Plaintiffs' proposal, and they will seek relief from the Court as soon as they have either reached agreement or impasse.

P.   July 3, 2025 Report:  As noted in prior status reports, certain document and data productions have been ongoing even as deadlines for those productions have already lapsed.  Defendants represent that they have been prompt and diligent in their document productions to date. Plaintiffs anticipate seeking an extension of the case schedule, and the parties are meeting and conferring on this issue. The parties held an in-person meet-and-confer on July 2, 2025 to discuss Plaintiffs' extension proposal, and Plaintiffs will seek relief from the Court as soon as the parties have reached either agreement or impasse.

Q.   August 1, 2025 Report:  On July 24, 2025, Plaintiffs filed an Unopposed Motion to Modify the Case Management Order (Dkts. 1179, 1180), which is currently pending before the Court. Plaintiffs are seeking an extension of the case schedule for the reasons outlined in the Motion and discussed in previous status reports.

R.   September 5, 2025 Report: At a telephonic status conference on August 8, 2025, the Court denied without prejudice Plaintiffs' Unopposed Motion to Modify the Case Management Order (Dkt. 1197). On August 22, 2025, Plaintiffs filed a renewed Motion to Modify the Case Management Order (Dkts. 1206, 1207). Defendants responded to the motion on August 27, 2025 (Dkt. 1211), and Plaintiffs filed a reply on August 28, 2025 (Dkt. 1212). The Court granted Plaintiffs' Motion to Modify the Case Management Order on August 29, 2025 (Dkt. 1213). The end of fact discovery is now February 27, 2026.

S.     October 3, 2025 Report: At this time, no party anticipates or has identified any other issues arising from the Case Management Order (Dkt. 1213).

T.     November 7, 2025 Report: At this time, no party anticipates or has identified any issues arising from the Case Management Order (Dkt. 1213).

U.     December 5, 2025 Report: At this time, no party anticipates or has identified any issues arising from the Case Management Order (Dkt. 1213).

V.     January 2, 2026 Report: At this time, no party anticipates or has identified any issues arising from the Case Management Order (Dkt. 1213).

W.     February 6, 2026 Report: At this time, no party anticipates or has identified any issues arising from the Case Management Order (Dkt. 1213).

X.     March 6, 2026 Report:  At this time, no party anticipates or has identified any issues arising from the Case Management Order (Dkt. 1213).

Y.     **April 3, 2026 Report: At this time, no party anticipates or has identified any issues arising from the Case Management Order (Dkt. 1213).**

V.     Does any party anticipate or has any party identified any issues arising from the Order on Deposition Protocol (Doc. No. 816). If so, please explain in detail.

A.     March 29, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816).

B.     May 10, 2024 Report:  The parties' respective positions regarding issues related to the Order on Deposition Protocol (Dkt. 816) are identified in the parties' Joint Motion for Discovery Conference on Depositions Limits (Dkt. 908), and accompanying Joint Submission of Disputes Regarding Supplemental Order on Deposition Protocol (Dkt. 908-1), which the parties filed on May 8, 2024.  The parties are awaiting a discovery conference on that dispute.

C.     June 7, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

D.     July 3, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

E.     August 2, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

F.  September 6, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

G.  October 4, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's didStipulation and Order on Deposition Limits (Dkt. 911).

H.  November 1, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

I.  December 6, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

J.  January 3, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

K.  February 7, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

L.  March 7, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

M.  April 4, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

N.  May 2, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

O.  June 6, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).  Because depositions have been noticed in a parallel action in the District of Columbia, some Defendants named in that action have requested that Plaintiffs coordinate with the plaintiff in the District of Columbia action regarding forthcoming depositions.  Those Defendants are meeting and conferring with Plaintiffs regarding their coordination request.

P.  July 3, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

Case 3:23-md-03071    Document 1385    Filed 04/03/26    Page 100 of 120 PageID #: 21750

Q. August 1, 2025 Report: At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

R. September 5, 2025 Report: At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

S. October 3, 2025 Report: At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

T. November 7, 2025 Report: At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

U. December 5, 2025 Report: At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

V. January 2, 2026 Report: At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

W. February 6, 2026 Report: At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

X. March 6, 2026 Report: At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).

**Y. April 3, 2026 Report: At this time, no party anticipates or has identified any issues arising from the Order on Deposition Protocol (Dkt. 816) or the Court's Stipulation and Order on Deposition Limits (Dkt. 911).**

VI. Does any party anticipate or has any party identified any issues arising from the Joint Electronically Stored Information (Dkt. 815). If so, please explain in detail.

A. March 29, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Joint Electronically Stored Information Order (Dkt. 815).

B. May 10, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Joint Electronically Stored Information Order (Dkt. 815).

C. June 7, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Joint Electronically Stored Information Order (Dkt. 815).

D. July 3, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Joint Electronically Stored Information Order (Dkt. 815). However, Windsor is meeting and conferring with Plaintiffs concerning whether it is necessary for Windsor to continue to preserve certain resident files that it believes are duplicative and unnecessarily burdensome to continue preserving for the duration of this litigation.

E. August 2, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Joint Electronically Stored Information Order (Dkt. 815).

F. September 6, 2024 Report: In search methodology negotiations, Plaintiffs and a number of Defendants have provided hit reports for the proposed search terms to be used on their respective document productions, which has helped move discussions forward productively and avoid most search methodology disputes. As mentioned above, some Defendants have not.

G. October 4, 2024 Report: Additional custodial search term negotiations remain ongoing with numerous Defendants, as reflected above. On September 26, 2024, Plaintiffs asked Defendants to jointly move the Court to modify the Electronically Stored Information Order to shorten the time frame for Plaintiffs to identify second-round custodians to 60 days (rather than 90 days) before the March 28, 2025 close of document production. The parties will confer regarding Plaintiffs' proposal.

H. November 1, 2024 Report: Defendants did not agree with Plaintiffs' request to move the Court to modify the Electronically Stored Information Order to shorten the time frame for Plaintiffs to identify second-round custodians to 60 days (rather than 90 days) before the March 28, 2025 close of document production. At this time, no party anticipates or has identified any issues arising from the Joint Electronically Stored Information Order (Dkt. 815).

I. December 6, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Joint Electronically Stored Information Order (Dkt. 815).

J. January 3, 2025 Report: At this time, no party anticipates or has identified any issues arising from the Joint Electronically Stored Information Order (Dkt. 815).

K. February 7, 2025 Report: At this time, no party anticipates or has identified any issues arising from the Joint Electronically Stored Information Order (Dkt. 815).

L. March 7, 2025 Report: At this time, no party anticipates or has identified any issues arising from the Joint Electronically Stored Information Order (Dkt. 815).

M. April 4, 2025 Report: Plaintiffs take the position that certain Defendants have violated the ESI Protocol by failing to produce a privilege log within 60 days of the corresponding production of redacted documents. At least some Defendants so far have taken the position that the ESI Protocol does not require them to produce privilege logs for fully withheld documents until 120 days from the close of fact

discovery.  Plaintiffs will meet and confer with Defendants to see if they can reach agreement on an earlier date for privilege log productions.

N.  May 2 2025 Report:  As stated in last month's report, Plaintiffs take the position that certain Defendants have violated the ESI Protocol by failing to produce a privilege log within 60 days of the corresponding production of redacted documents.  At least some Defendants so far have taken the position that the ESI Protocol does not require them to produce privilege logs for fully withheld documents until 120 days from the close of fact discovery.  Plaintiffs intend to reach out to certain Defendants to determine whether they plan to produce a privilege log and by which date before engaging in additional meet and confers.

O.  June 6, 2025 Report:  The majority of privilege log entries were provided for the first time in the second half of May 2025.  Based on preliminary assessment of the logs, Defendants have withheld over 50,000 entries in full or in part, with approximately 34,000 documents fully withheld and approximately 16,000 produced in redacted form.  These estimates likely undercount the total number of documents withheld, because at least seven Defendants logged families of documents (cover email and attachments) as a single line entry.  Further, the ESI Protocol allows for Defendants to log all individual emails in a thread as a single entry encompassing only the top email in the thread, meaning that thousands more documents are undisclosed on the privilege logs.  Plaintiffs are in the process of reviewing these entries and intend to challenge a number of documents, and also to seek more information on many others in order to evaluate the claims of privilege.  The parties will meet and confer and bring any disputes to the Court.

P.  July 3, 2025 Report:  Plaintiffs are in the process of conducting an expedient line-by-line review of Defendants' privilege log entries, most of which were produced in the second half of May 2025.  Plaintiffs have requested that several Defendants provide new logs to replace logs that Plaintiffs claim are missing descriptions or attorney information to allow for assessment of claims of privilege, and have otherwise started sending letters to Defendants challenging thousands of privilege log entries.  Plaintiffs would like to resolve as many privilege disputes as possible prior to taking depositions, in order to ensure that de-privileged documents are available.  The parties will meet and confer and promptly raise any disputes with the Court.

Q.  August 1, 2025 Report:  Plaintiffs have completed a line-by-line review of the majority of Defendants' privilege log entries, most of which were produced in the second half of May 2025.  Plaintiffs have requested that several Defendants provide new logs to replace logs that Plaintiffs claim are deficient, and continue to meet and confer with those Defendants regarding these claimed deficiencies.  At least one Defendant has yet to provide an updated privilege log addressing claimed global deficiencies raised months ago.  Said Defendant's updated log is expected on Friday, August 1.  If Plaintiffs have not received it by then, they anticipate participating in an in-person conferral to address the issue before the August 8 status conference.  Plaintiffs have additionally sent letters to Defendants

challenging thousands of privilege log entries. Plaintiffs would like to resolve as many privilege disputes as possible prior to taking depositions, in order to ensure that de-privileged documents are available. The parties will meet and confer on Plaintiffs' challenges and promptly raise any disputes with the Court.

R.     September 5, 2025 Report: Plaintiffs are in the process of conferring with Defendants regarding their privilege log challenges. Plaintiffs would like to resolve as many privilege disputes as possible prior to taking depositions, in order to ensure that de-privileged documents are available. Should the parties be unable to resolve any of Plaintiffs' challenges, Plaintiffs intend to promptly raise any disputes with the Court.

S.     October 3, 2025 Report: Plaintiffs are in the process of conferring with Defendants regarding their privilege log challenges. While some have been resolved, others remain ongoing. Should the parties be unable to resolve any of Plaintiffs' challenges, Plaintiffs intend to promptly raise any disputes with the Court.

T.     November 7, 2025 Report: Plaintiffs are in the process of conferring with Defendants regarding their privilege log challenges. While some have been resolved, others remain ongoing. Should the parties be unable to resolve any of Plaintiffs' challenges, Plaintiffs intend to raise any disputes with the Court.

U.     December 5, 2025 Report: Plaintiffs continue to confer with Defendants regarding their privilege log challenges. While many have been resolved, some remain ongoing. Should the parties be unable to resolve any of Plaintiffs' challenges, Plaintiffs intend to raise any disputes with the Court.

V.     January 2, 2026 Report: Plaintiffs continue to confer with Defendants regarding privilege log challenges. While many have been resolved, some remain ongoing. Should the parties be unable to resolve any privilege disputes, Plaintiffs intend to raise any disputes with the Court.

W.     February 6, 2026 Report: Other than the clawback dispute with RealPage referenced above (*see* II.E.23 and III.V.), Plaintiffs do not have any current disputes with Defendants regarding privilege log challenges. Plaintiffs and Defendant RealPage have been meeting and conferring about RealPage's privilege assertions, including an in-person meet and confer on January 30. RealPage has agreed to re-review a subset of its privilege log entries that Plaintiffs identified and that review is currently underway. The Parties will continue to work together to resolve any remaining issues that may arise and hope to have them resolved by the end of the month.

X.     March 6, 2026 Report: At this time, no party anticipates or has identified any issues arising from the Joint Electronically Stored Information Order (Dkt. 815).

**Y.     April 3, 2026 Report: At this time, no party anticipates or has identified any issues arising from the Joint Electronically Stored Information Order (Dkt. 815).**

104

VII.  Does any party anticipate or has any party identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814). If so, please explain in detail.

A.  March 29, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

B.  May 10, 2024 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

C.  June 7, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

D.  July 3, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

E.  August 2, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

F.  September 6, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

G.  October 4, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

H.  November 1, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

I.  December 6, 2024 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

J.  January 3, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

K.  February 7, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

L.  March 7, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

M.  April 4, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

N.  May 2, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

O.  June 6, 2025 Report:  At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

P. July 3, 2025 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

Q. August 1, 2025 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

R. September 5, 2025 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

S. October 3, 2025 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

T. November 7, 2025 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

U. December 5, 2025 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

V. January 2, 2026 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

W. February 6, 2026 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

X. March 6, 2026 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).

Y. **April 3, 2026 Report: At this time, no party anticipates or has identified any issues arising from the Stipulation and Order on Expert Discovery (Dkt. 814).**

VIII. Provide a proposed status conference agenda.

A. March 29, 2024 Report: The parties have no proposed agenda items or topics to discuss at the status conference scheduled for April 5, 2024.

B. May 10, 2024 Report: Unless the Court intends to take up the parties' dispute concerning depositions limits, the parties have no proposed agenda items or topics to discuss at the status conference scheduled for May 17, 2024.

C. June 7, 2024 Report: The parties have no proposed agenda items or topics to discuss at the status conference scheduled for June 14, 2024.

D. July 3, 2024 Report: The parties have no proposed agenda items or topics to discuss at the status conference scheduled for July 12, 2024.

E. August 2, 2024 Report: The parties have no proposed agenda items or topics to discuss at the status conference scheduled for August 9, 2024.

F.	September 6, 2024 Report:  Plaintiffs propose discussing the progress of discovery. Defendants believe the discovery process is working and there is nothing to discuss at the upcoming status conference.

G.	October 4, 2024 Report:  Plaintiffs propose discussing the parties' respective special master proposals (Dkt. 987), as well as their forthcoming joint motion to extend the structured data production completion deadline.  Defendants do not believe there is anything to discuss at the upcoming status conference;  the parties' respective special master proposals and the parties' forthcoming joint motion to extend the structured data completion deadline speak for themselves.  If the Court would like to speak with the parties on these topics, Defendants respectfully submit that a telephonic conference would be appropriate and efficient.

H.	November 1, 2024 Report:  The parties have no proposed agenda items or topics to discuss at the status conference scheduled for November 8, 2024.

I.	December 6, 2024 Report:  The parties have no proposed agenda items or topics to discuss at the status conference scheduled for December 13, 2024.

J.	January 3, 2025 Report:  The Court has canceled the status conference scheduled for January 10, 2025.  The parties will file the next joint status report on February 7, 2025.

K.	February 7, 2025 Report:  The parties have no proposed agenda items or topics to discuss at the status conference scheduled for February 14, 2025.

L.	March 7, 2025 Report:  The parties have no proposed agenda items or topics to discuss at the status conference scheduled for March 14, 2025.

M.	April 4, 2025 Report:  The parties have no proposed agenda items or topics to discuss at the status conference scheduled for April 11, 2025.

N.	May 2, 2025 Report:  The parties have no proposed agenda items or topics to discuss at the status conference scheduled for May 9, 2025.

O.	June 6, 2025 Report:  The parties have no proposed agenda items or topics to discuss at the status conference scheduled for June 13, 2025.

P.	July 3, 2025 Report:  The parties have no proposed agenda items or topics to discuss at the status conference scheduled for July 11, 2025.

Q.	August 1, 2025 Report:  To the extent the Court has questions about  Plaintiffs' pending Unopposed Motion to Modify the Case Management Order (Dkts. 1179, 1180), Plaintiffs are prepared to discuss the Motion at the status conference scheduled for August 8, 2025. The parties have no other proposed agenda items or topics to discuss at the status conference scheduled for August 8, 2025, but will be prepared to discuss anything else the Court may want to raise.

R.      September 5, 2025 Report: The parties have no proposed agenda items or topics to discuss at the status conference scheduled for September 12, 2025.

S.      October 3, 2025 Report: The parties have no proposed agenda items or topics to discuss at the status conference scheduled for October 10, 2025.

T.      November 7, 2025 Report: The parties have no proposed agenda items or topics to discuss at the status conference scheduled for November 14, 2025.

U.      December 5, 2025 Report: The parties have no proposed agenda items or topics to discuss at the status conference scheduled for December 12, 2025.

V.      January 2, 2026 Report: The parties have no proposed agenda items or topics to discuss at the status conference scheduled for January 9, 2026.

W.      February 6, 2026 Report: The parties have no proposed agenda items or topics to discuss at the status conference scheduled for February 13, 2026.

X.      March 6, 2026 Report: The parties have no proposed agenda items or topics to discuss at the status conference scheduled for March 13, 2026.

Y.      **April 3, 2026 Report: The parties have no proposed agenda items or topics to discuss at the status conference scheduled for April 10, 2026.**

Verified by:

*/s/ Patrick J. Coughlin*

Patrick J. Coughlin
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 798-5325
Facsimile: (619) 233-0508
pcoughlin@scott-scott.com

*/s/ Jay Srinivasan*

Jay Srinivasan
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7430
jsrinivasan@gibsondunn.com

Dated: April 3, 2026

*/s/ Tricia R. Herzfeld*

Tricia R. Herzfeld (#26014)
Anthony A. Orlandi (#33988)
**HERZFELD SUETHOLZ GASTEL LENISKI AND WALL, PLLC**
1920 Adelicia St., Suite 300
Nashville, TN 37212
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com

*Liaison Counsel*

Patrick J. Coughlin
Carmen A. Medici
Heidi B. Weaver
Bridget Gramme
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 798-5325
Facsimile: (619) 233-0508
pcoughlin@scott-scott.com
cmedici@scott-scott.com
hweaver@scott-scott.com
bgramme@scott-scott.com

Patrick McGahan
Amanda F. Lawrence
Michael Srodoski
G. Dustin Foster
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06145
Telephone: (860) 537-5537
Facsimile:  (860) 537-4432
pmcgahan@scott-scott.com
alawrence@scott-scott.com
msrodoski@scott-scott.com
gfoster@scott-scott.com

Matthew J. Perez
Daniel F. Loud
Fatima Brizuela

109

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Ave., 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
matt.perez@scott-scott.com
dloud@scott-scott.com
fbrizuela@scott-scott.com

Stacey Slaughter
Thomas J. Undlin
Geoffrey H. Kozen
J. Austin Hurt
Caitlin E. Keiper
Navy A. Thompson
Sam R. Black
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone:  (612) 349-8500
Facsimile:  (612) 339-4181
sslaughter@robinskaplan.com
tundlin@robinskaplan.com
gkozen@robinskaplan.com
ahurt@robinskaplan.com
ckeiper@robinskaplan.com
nthompson@robinskaplan.com
sblack@robinskaplan.com

Laura Song
**ROBINS KAPLAN LLP**
1325 Avenue of the Americas, Ste. 2601
New York, NY 10019
Minneapolis, MN 55402
Telephone: (212) 980-7400
lsong@robinskaplan.com

Swathi Bojedla
**HAUSFELD LLP**
1200 17th Street, Suite 600
Washington, DC 20036
Telephone: (202) 540-7200
sbojedla@hausfeld.com

Gary I. Smith, Jr.
Samual Maida
**HAUSFELD LLP**
580 California Street, 12th Floor

110

San Francisco, CA 94111
Tel: (415) 633-1908
gsmith@hausfeld.com
smaida@hausfeld.com

Mindee Reuben
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: (215) 985-3270
mreuben@hausfeld.com

Shayla J. Harris
Jacob R. Leiken
**HAUSFELD LLP**
33 Whitehall St., 14th Fl.
New York, NY 10004
Telephone: (646) 357-1100
sharris@hausfeld.com
jleiken@hausfeld.com

*Interim Co-Lead Counsel*

111

Eric L. Cramer
Michaela L. Wallin
Taylor Hollinger
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
ecramer@bm.net
mwallin@bm.net
thollinger@bergermontague.com

Daniel J. Walker
**BERGER MONTAGUE PC**
1001 G. Street, NW
Suite 400 East
Washington, DC 20001
Telephone: (202) 559-9745
dwalker@bm.net

Brendan P. Glackin
Dean M. Harvey
Jules A. Ross
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, Suite 2900
San Francisco, CA 94111
Telephone: 415-956-1000
bglackin@lchb.com
dharvey@lchb.com
jross@lchb.com

Mark P. Chalos
Hannah R. Lazarz
Kenneth S. Byrd
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
222 2nd Avenue South, Ste. 1640
Nashville, TN 37201
(615) 313-9000
mchalos@lchb.com
hlazarz@lchb.com
kbyrd@lchb.com

Benjamin J. Widlanski
Robert J. Neary
Cameron A. Moody

Christian P. Levis
Vincent Briganti
Peter Demato
Radhika Gupta
Nicole A. Veno
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
pdemato@lowey.com
rgupta@lowey.com
nveno@lowey.com

Christopher M. Burke
Yifan (Kate) Lv
Amelia F. Burroughs
Rachel Steyer
**BURKE LAW**
402 W. Broadway, Suite 1890
San Diego, CA 92101
Telephone: (619) 369-8244
Facsimile (314) 241-3525
cburke@burke.law
klv@burke.law
afb@burke.law
rsteyer@burke.law

Joseph R. Saveri
Cadio Zirpoli
Kevin E. Rayhill
Alexandra S. Fernandez
**SAVERI LAW FIRM, LLP**
550 California St., Ste. 910
San Francisco, CA 94104
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
krayhill@saverilawfirm.com
afernandez@saverilawfirm.com

Jennifer W. Sprengel
Daniel O. Herrera
Nyran Rose Rasche

112

Brandon M. Sadowsky
**KOZYAK TROPIN &
THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
bwidlanski@kttlaw.com
rn@kttlaw.com
cmoody@kttlaw.com
bsadowsky@kttlaw.com

Kaitlin Naughton
Mohammed A. Rathur
Christopher P. Dolotosky
**CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, IL 60603
Telephone:  312-782-4880
Facsimile: 312-782-4485
jsprengel@caffertyclobes.com
dherrera@caffertyclobes.com
nrasch@caffertyclobes.com
knaughton@caffertyclobes.com
mrathur@caffertyclobes.com
cdolotosky@caffertyclobes.com

*Plaintiffs' Steering Committee Counsel for Plaintiffs*

*/s/ Jay Srinivasan*

Jay Srinivasan (admitted *pro hac vice*)
jsrinivasan@gibsondunn.com
Daniel G. Swanson (admitted *pro hac vice*)
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7430

Stephen Weissman (admitted *pro hac vice*)
sweissman@gibsondunn.com
Michael J. Perry (admitted *pro hac vice*)
mjperry@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 955-8678

S. Christopher Whittaker (admitted *pro hac vice*)
cwhittaker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1361 Michelson Drive
Irvine, CA 92612
Telephone: (212) 351-2671

Ben A. Sherwood (admitted *pro hac vice*)
bsherwood@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-2671

Thomas H. Dundon (SBN: 004539)
tdundon@nealharwell.com
Neal & Harwell, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Telephone: (615) 244-1713

*Counsel for Defendant RealPage, Inc.*

| | |
|---|---|
| */s/ Jeffrey L. Kessler* | */s/ Lynn H. Murray* |
| Jeffrey L. Kessler | Lynn H. Murray |
| Sofia Arguello | lhmurray@shb.com |
| WINSTON & STRAWN LLP | Maveric Ray Searle |
| 200 Park Avenue | msearle@shb.com |
| New York, NY 10166 | SHOOK, HARDY & BACON L.L.P. |
| JKessler@winston.com | 111 S. Wacker Dr., Suite 4700 |
| SArguello@winston.com | Chicago, IL 60606 |
| Telephone: (212) 294-6700 | Telephone: (312) 704-7766 |
| | |
| Conor Reidy | Ryan Sandrock |
| Matthew DalSanto | rsandrock@shb.com |
| WINSTON & STRAWN LLP | Shook, Hardy & Bacon L.L.P. |
| 300 N. LaSalle Drive, Suite 4400 | 555 Mission Street, Suite 2300 |
| Chicago, IL 60654 | San Francisco, CA 94105 |
| CReidy@winston.com | Telephone: (415) 544-1944 |
| MDalSanto@winston.com | |
| Telephone: (312) 558-5600 | Laurie A. Novion |
| | lnovion@shb.com |
| Kevin Goldstein | SHOOK, HARDY & BACON L.L.P. |
| WINSTON & STRAWN LLP | 2555 Grand Blvd. |
| 1901 L Street, N.W. | Kansas City, MO 64108 |
| Washington, D.C. 20036-3506 | Telephone: (816) 559-2352 |
| KBGoldstein@winston.com | |
| Telephone: (202) 282-5000 | *Counsel for Defendant Camden Property Trust* |

Justin P. Murphy
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
jpmurphy@bakerlaw.com
Telephone: (202) 861-1500

Alyse F. Stach
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103
astach@bakerlaw.com
Telephone: (215) 568-3100

Stephen J. Zralek, BPR #018971
S. Chase Fann, BPR #036794
SPENCER FANE LLP

szralek@spencerfane.com
cfann@spencerfane.com
511 Union Street, Suite 1000
Nashville, TN 37219
Telephone: (615) 238-6300

*Counsel for Defendant Equity Residential*

/s/ *Leo D. Caseria*

Leo D. Caseria
lcaseria@sheppardmullin.com
Helen C. Eckert
heckert@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC, 20006
Telephone: (202) 747-1925

Arman Oruc
aoruc@goodwinlaw.com
GOODWIN PROCTER, LLP
1900 N Street, NW
Washington, DC 20036
Telephone:  (202) 346-4000

*Counsel for Defendant Essex Property Trust, Inc.*

/s/ *Ryan T. Holt*

Ryan T. Holt (Bar No. 30191)
rholt@srvhlaw.com
Mark Alexander Carver (Bar No. 36754)
acarver@srvhlaw.com
SHERRARD ROE VOIGT &
HARBISON, PLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
Telephone.: (615) 742-4200

*Counsel for Defendant Lincoln Property Company (n/k/a Willow Bridge Property Company)*

/s/ *John J. Sullivan*

John J. Sullivan (admitted *pro hac vice*)
jsullivan@cozen.com
COZEN O'CONNOR P.C.
3 WTC, 175 Greenwich St., 55th Floor
New York, NY 10007
Telephone: (212) 453-3729

Thomas Ingalls (admitted *pro hac vice*)
tingalls@cozen.com
Deanna H. Clayton (admitted *pro hac vice*)
dclayton@cozen.com
COZEN O'CONNOR P.C.
1200 19th St. NW, Suite 300
Washington, DC 20036
Telephone: (202) 471-3411

Robert S. Clark (admitted *pro hac vice*)
robertclark@cozen.com
Nathan J. Larkin (admitted *pro hac vice*)
nlarkin@cozen.com
Cara A. Costanzo (admitted *pro hac vice*)
caracostanzo@cozen.com

Case 3:23-md-03071    Document 1385    Filed 04/03/26    Page 116 of 120 PageID #: 21766

Lauren Freeman (admitted *pro hac vice*)
lfreeman@cozen.com
COZEN O'CONNOR P.C.
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 366-4463

*Counsel for Defendant Independence Realty Trust, Inc.*

*/s/ Jeffrey C. Bank*
Jeffrey C. Bank
jbank@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
1700 K Street NW, Fifth Floor
Washington, DC 20006
Telephone: (202) 973-8800

Rachael Racine
rracine@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 497-7766

*Counsel for Defendant Morgan Properties Management Company, LLC*

117

*/s/ David D. Cross*
David D. Cross (admitted *pro hac vice*)
dcross@goodwinlaw.com
Alexandra I. Russell
arussell@goodwinlaw.com
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, D.C. 20036
Telephone: (202) 346-4000

Kathryn M. Baldwin (admitted *pro hac vice*)
kbaldwin@goodwinlaw.com
Benjamin E. Campbell (admitted *pro hac vice*)
benjamincampbell@goodwinlaw.com
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800

*/s/ Joshua L. Burgener*
Joshua L. Burgener
jburgener@fbtlaw.com
FROST BROWN TODD LLP
150 3d Ave S., Suite 1900
Nashville, TN 37201
Telephone: (615) 251-5667

*Counsel for Defendant UDR, Inc.*

/s/ Matt T. Adamson

Matt T. Adamson
madamson@jpclaw.com
JAMESON PEPPLE CANTU PLLC
801 Second Avenue, Suite 700
Seattle, WA 98104
Telephone: (206) 292-1994

*Counsel for Defendant B/T Washington, LLC d/b/a Blanton Turner*
/s/ Mark McKane, P.C.

Mark McKane, P.C. (*pro hac vice*)
mark.mckane @kirkland.com
Emma Scott
Emma.Scott@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Nathaniel Haas (pro hac vice)
nathaniel.haas@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, 37th Floor
Los Angeles, California 90067
Telephone: (213) 680-8250
Facsimile: (213) 630-8500

*Counsel for Defendants Thoma Bravo L.P., Thoma Bravo Fund XIII, L.P., and Thoma Bravo Fund XIV, L.P.*
/s/ Ferdose al-Taie

Ferdose al-Taie (admitted *pro hac vice*)
faltaie@bakerdonelson.com
BAKER, DONELSON, BEARMAN CALDWELL BERKOWITZ, P.C.
956 Sherry Lane, 20th Floor
Dallas, TX 75225
Telephone: (214) 391-7210

Christopher E. Thorsen (BPR # 21049)
cthorsen@bakerdonelson.com
BAKER, DONELSON, BEARMAN CALDWELL BERKOWITZ, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, TN 37201
Telephone: (615) 726-5600

*Counsel for Defendant ZRS Management, LLC*
119

Case 3:23-md-03071   Document 1385   Filed 04/03/26   Page 119 of 120 PageID #: 21769

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/Dkt. system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

/s/ Tricia R. Herzfeld
Tricia R. Herzfeld