**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II)<br>This Document Relates to:<br>**ALL CASES** | Case No. 3:23-md-03071<br>MDL No. 3071<br>JURY DEMAND<br>District Judge Waverly D. Crenshaw, Jr. |

**AARON GUHIN'S MOTION AND MEMORANDUM OF LAW FOR LEAVE TO OPT OUT AFTER THE DEADLINE AND FOR EXPEDITED CONSIDERATION**

I, Aaron Guhin, a class member appearing pro se, respectfully move under Federal Rules of Civil Procedure 6(b)(1)(B) and 23 for leave to opt out of the class action settlements in this case (the "Settlements") after the September 22, 2026 exclusion deadline. *See* Doc. No. 1511 ¶ 3. I did not receive notice of the Settlements, learned of the deadline on October 10, 2026, and file this motion before the October 15, 2026 fairness hearing. I ask the Court to deem my Request for Exclusion (Ex. 2) timely and request a ruling at or before the hearing, without any change to the hearing date.

**BACKGROUND**

Under a lease amendment dated September 4, 2022, I was added to the lease for Unit 1625 at THEA at Metropolis, 1000 W. 8th Street, Los Angeles, California, and lived there until September 19, 2023. Ex. 1 ¶ 2. I moved out in September 2023 and now live at a different address. *Id.* ¶¶ 2–3. The Long Form Notice permits a class member to show class membership by giving the name or address of the property rented during the Settlement Class Period. Long Form Notice, Question 9, www.RealPageRentalSettlement.com.

I did not receive notice of the Settlements. Ex. 1 ¶ 4. A search of my email account, including its spam folder, found no notice. *Id.* I first learned of the deadline on October 10, 2026,

when Ron Ruangtragool told me about it, and immediately began preparing this motion and my Request for Exclusion. *Id.* ¶¶ 5–6. I seek exclusion so that I can pursue my individual claims, and I understand that I will receive no payment under the Settlements. *Id.* ¶ 7; Ex. 2.

## LEGAL STANDARD

When a deadline has passed, the Court may extend it for good cause "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Whether neglect is excusable is an equitable determination that takes account of all relevant circumstances, including the danger of prejudice, the length of the delay and its potential impact on the proceedings, the reason for the delay, including whether it was within the movant's reasonable control, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522–23 (6th Cir. 2006). The Sixth Circuit gives particular weight to the reason for the delay. *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010).

This standard governs requests to opt out of a class after the deadline. In *NILI 2011, LLC v. City of Warren*, No. 15-cv-13392, slip op. at 2–4 (E.D. Mich. Sept. 24, 2018), ECF No. 79 (Ex. 3), the court granted an unopposed late opt-out motion where the class member had not received notice, moved soon after learning of the suit, and did so before the fairness hearing and final judgment. Courts elsewhere have done the same. *See Fox v. Iowa Health Sys.*, No. 3:18-cv-00327-jdp, slip op. at 2 (W.D. Wis. Feb. 26, 2021), ECF No. 111 (Ex. 4) (allowing a class member to opt out of a proposed settlement where notice reached her late after a move and her request was postmarked nineteen days after the deadline); *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209–10 (D.C. Cir. 2003) (affirming acceptance of an untimely opt-out from an antitrust class settlement after final judgment).

## ARGUMENT

**A. I missed the deadline because I did not receive notice.**

I missed the deadline because I did not receive notice and did not know of it. Ex. 1 ¶¶ 4–5. I searched my email account, including its spam folder, and found nothing. *Id.* ¶ 4. I had also moved out of THEA in September 2023, three years before the deadline. *Id.* ¶¶ 2–3. Not receiving notice is a circumstance that supported relief in *NILI*, slip op. at 4. I do not challenge the adequacy of the class notice program; I ask only for relief from its effect on me.

**B. The delay was short and will not affect the fairness hearing.**

I learned of the deadline eighteen days after it passed, immediately began preparing this motion, and am filing it before the fairness hearing. Ex. 1 ¶¶ 5–6. I do not ask the Court to reopen the exclusion period for anyone else or to postpone final approval.

**C. Relief will not prejudice the Settling Defendants, and I have acted in good faith.**

Prejudice must arise from the delay itself, not from consequences that would have followed a timely request. *Munoz*, 605 F.3d at 371. Had I opted out on time, the Settling Defendants would be in the same position they are in now. My request concerns a single renter and does not affect the hearing date. I acted immediately once I learned of the deadline, and my request is unconditional, gives up any settlement payment, and seeks no advantage from the delay. Ex. 1 ¶¶ 6–7; Ex. 2.

## REQUEST FOR EXPEDITED CONSIDERATION

Because the fourteen-day response period under Local Rule 7.01(a)(3) would run past the October 15 hearing, I ask the Court to shorten that period by order, as the rule allows, or to rule before it ends, as Local Rule 7.01(b) permits. I ask the Court to decide the motion on the papers without postponing the hearing. If the Court cannot rule before final approval, I ask in the

alternative that the Court reserve ruling on this motion so that final approval does not dispose of it.

## CONCLUSION

For these reasons, I respectfully request that the Court grant the motion, deem my Request for Exclusion timely, and enter the proposed order. I will mail a signed original of my Request for Exclusion to the Settlement Administrator promptly, without awaiting a ruling.

Dated: 10/12/26

Respectfully submitted,

Aaron Guhin
Pro Se
2843 Allesandro St, Los Angeles, CA 90039
Telephone: (310) 936-1319 | aguhin12@gmail.com

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| IN RE: REALPAGE, INC.,<br>RENTAL SOFTWARE ANTITRUST<br>LITIGATION (NO. II)<br>This Document Relates to:<br>**ALL CASES** | Case No. 3:23-md-03071<br>MDL No. 3071<br>JURY DEMAND<br>District Judge Waverly D. Crenshaw, Jr. |

**EXHIBIT 1**
**DECLARATION OF AARON GUHIN**
**IN SUPPORT OF MOTION FOR LEAVE TO OPT OUT AFTER THE DEADLINE**

I, Aaron Guhin, declare as follows:

1. I am over the age of eighteen. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them. I submit this declaration in support of my motion for leave to opt out of the class action settlements described in the Court-approved notice (the "Settlements") after the exclusion deadline.

2. Under a lease amendment dated September 4, 2022, I was added to the lease for Unit 1625 at THEA at Metropolis, 1000 W. 8th Street, Los Angeles, California 90017. I lived there until I moved out on September 19, 2023.

3. My current mailing address is 2843 Allesandro St, Los Angeles, California 90039.

4. I did not receive notice of the Settlements. After learning of the deadline, I searched my email account, including its spam folder, and found no notice of the Settlements.

5. I first learned of the exclusion deadline on October 10, 2026, when Ron Ruangtragool told me about it. By then, the deadline had passed. I did not submit a request for exclusion by September 22, 2026 because I did not know of the deadline.

6. Immediately after learning of the deadline on October 10, 2026, I began preparing this motion, this declaration, and my written request for exclusion so that the Court could consider them before the October 15, 2026 fairness hearing.

7. I want to be excluded from the Settlements so that I can pursue my individual claims arising from my tenancy at THEA at Metropolis. I understand that if my request is granted, I will not receive any payment under the Settlements.

8. A true and correct copy of my signed Request for Exclusion is attached to my motion as Exhibit 2.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 12, 2026, at Los Angeles, CA.

[signature]

Aaron Guhin

**EXHIBIT 2**
**INDIVIDUAL REQUEST FOR EXCLUSION**

RealPage Rental Software Litigation
Attn: Exclusion Request
P.O. Box 59
East Brunswick, NJ 08816-9998

Full name: Aaron Guhin
Current address: 2843 Allesandro St, Los Angeles, CA 90039
Telephone: (310) 936-1319
Email: aguhin12@gmail.com

I/we hereby request I/we be excluded from the Settlements involving the Settling Defendants in the Action entitled: *In re: RealPage, Inc., Rental Software Antitrust Litigation (II)*, Case No. 3:23-MD-3071.

This is my individual request only. For proof of membership under Question 9 of the Notice, I identify the property from which I rented during the Settlement Class Period: THEA at Metropolis, 1000 W. 8th Street, Unit 1625, Los Angeles, CA 90017. My rental period was September 4, 2022 through September 19, 2023.

I request exclusion from each Settlement Class described in the Notice to which I otherwise belong. I understand that accepted exclusion means no payment under those Settlements. This election is unconditional. Because the September 22, 2026 deadline has passed, I seek the Court's acceptance of this late request.

Date: 10/12/26

Aaron Guhin — individual handwritten signature

# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NILI 2011, LLC, ET AL.,

Plaintiffs,

v.

CITY OF WARREN,

Defendant.
_______________________________/

Case No. 15-cv-13392

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER GRANTING PLAINTIFF CLASS MEMBER'S MOTION TO OPT OUT AFTER DEADLINE [#78]**

## I. INTRODUCTION

Plaintiff NILI 2011, LLC, on behalf of all others similarly situated, initiated this class-action suit on September 28, 2015 based on Defendant City of Warren's alleged violations of the Fourth and Fourteenth Amendments. *See* Dkt. No. 1.

On October 18, 2017, the Court entered a Stipulated Order Authorizing Notice of Class Certification. Dkt. No. 62. There, the Court Ordered that notice of the class certification be mailed to the last known address of potential class members within twenty-one days, that notice be placed in the Macomb Daily newspaper, and that notice be posted on class counsel's website. *Id.* at p. 2 (Pg. ID 1698). Further, the Court Ordered that any class member who wished to opt out of

the class had to do so within ninety days of the notice being mailed. *Id.* at p. 3 (Pg. ID 1699).[1]

The Court entered an Order Preliminarily Approving Class Action Settlement on June 26, 2018, and scheduled a Fairness Hearing for October 22, 2018. *See* Dkt. No. 77.

On August 9, 2018, Albert Thrower ("Member Thrower"), on behalf of Plaintiff Class Member Saint Anthony the Great Romanian Orthodox Monastery, filed a Motion for Leave to Opt Out After Deadline. *See* Dkt. No. 78. Member Thrower asserts Saint Anthony the Great Romanian Orthodox Monastery did not receive notice of the class-action suit before the opt-out deadline expired. *See id.* at p. 1 (Pg. ID 1861). Defendant has not filed a response in opposition to Member Thrower's Motion.

Present before the Court is Member Thrower's Motion for Leave to Opt Out After Deadline [#78]. For the reasons set forth below, the Court will GRANT the Motion.

## II. Discussion

Federal Rules of Civil Procedure 6(b)(1) and 60(b)(1) give a district court the discretion to grant relief to a party who misses a class opt-out deadline. *In re*

---

[1] On November 7, 2017, the Court entered a Stipulated Order Extending Dates to Provide Class Notice, requiring that notice be sent within twenty-one days of the Order. Dkt. No. 63, p. 2 (Pg. ID 1707).

*MI Windows & Doors, Inc., Prods. Liab. Litig.*, 860 F.3d 218, 226 (4th Cir. 2017); *Shumsker v. Citigroup Glob. Mkts. Inc.*, 569 Fed. Appx. 16, 18 (2d Cir. 2014); *Valley Drug Co. v. Geneva Pharm., Inc.*, 262 Fed. Appx. 215, 218 (11th Cir. 2008). Indeed, Rule 6(b)(1)(B) provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Rule 60(b)(1) further provides, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . excusable neglect." Fed. R. Civ. P. 60(b)(1).

In defining excusable neglect, the Supreme Court has specified four factors for courts to consider: (1) the danger of the prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted within good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Here, the Court will find good cause for allowing Member Thrower to opt out of the class-action suit despite missing the opt-out deadline. First, by not filing a response opposing Member Thrower's Motion, Defendant has indicated no

objection to allowing the untimely opt out. This suggests Defendant has no concern about the late opt out causing any prejudice.

Second, though the opt-out deadline expired months ago, permitting Member Thrower to opt out the class-action suit will have little to no impact on these judicial proceedings. The Court has not yet held the Fairness Hearing on the class-action settlement or entered a final judgment. Hence, granting Member Thrower's Motion should not interrupt the litigation schedule in this case.

Third, Member Thrower asserts Saint Anthony the Great Romanian Orthodox Monastery never received notice of the class-action suit. *See* Dkt. No. 78, p. 1 (Pg. ID 1861). Unlike simply overlooking a notification, failing to receive notice altogether was something completely outside the control of the movant.

Finally, there is nothing to suggest Member Thrower has acted in bad faith. By all indications, Member Thrower filed this Motion soon after becoming aware of the pending class-action suit and served notice on all parties. *See id.* at pp. 1, 3 (Pg. ID 1861, 63).

Accordingly, Member Thrower's failure to opt out of the class-action suit in a timely manner can be attributed to excusable neglect.

## III. Conclusion

For the reasons discussed herein, the Court will GRANT Member Thrower's Motion [#78].

IT IS SO ORDERED.

Dated: September 24, 2018

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 24, 2018, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

YVONNE MART FOX, GRANT NESHEIM, DANIELLE DUCKLEY, and SHELLEY KITSIS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

IOWA HEALTH SYSTEM d.b.a. UNITYPOINT HEALTH,

Defendant.

OPINION and ORDER

18-cv-327-jdp

This proposed class action involves two data breaches in which, plaintiffs allege, defendant Iowa Health System, d.b.a. UnityPoint Health, failed to protect plaintiffs' personal data and the personal data of about 1.4 million others. The court held a hearing on plaintiffs' motion for final approval of a proposed settlement of this action. The court is prepared to approve the settlement, but an untimely opt-out request requires a decision from the court.

Kayla McCall says that she didn't receive notice of the proposed settlement until after the January 4, 2021 opt-out deadline, "when the [notice] was forwarded from [her] old address after some delay." Dkt. 109-2, at 2. The parties have briefed the issue as requested by the court.

A district court has discretion under Federal Rule of Civil Procedure 6(b) to allow a class member to opt out of a proposed settlement after the deadline to do so. *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003). The question is whether "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Factors that are relevant to this question include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including

whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

The court will allow McCall to opt out of the settlement. UnityPoint may face some prejudice, because there are now 68 rather than 67 class members who will not be bound by the settlement. A single additional opt-out from a class of 1.4 million members does not impose undue prejudice on UnityPoint. Regarding the length of the delay, McCall's response was postmarked 19 days after the opt-out deadline, a significant delay, but not patently unreasonable. *See Snyder v. Ocwen Loan Servicing, LLC*, No. 14 C 8461, 2019 WL 2103379, at *11 (N.D. Ill. May 14, 2019) (allowing class member to opt out of proposed settlement even though opt-out request was submitted three weeks late "without any explanation").

McCall's stated reason for the delay is that she did not receive the notice until after the opt-out deadline because she had moved, which UnityPoint attempts to dispute. The claims administrator confirms that notice of the settlement was mailed beginning October 27, 2020, and the administrator received a new address for McCall by postal forward on December 15, 2020. The notice was remailed to McCall on an unspecified date, but presumably shortly after December 15, which was about three weeks before the January 4, 2021 opt-out deadline. UnityPoint says that the notice should have gotten to McCall before January 4, based on the idea that the mail doesn't usually take that long. But mail service is typically overburdened around the holidays, and extraordinary delays continue to be reported for this past holiday season. *See, e.g.*, Quinn Klinefelter, *'There's No End In Sight': Mail Delivery Delays Continue Across The Country*.[1] The court is satisfied that McCall was not neglectful. She just didn't get the notice in time, through no fault of her own, and she acted promptly once she did.

[1] National Public Radio (Jan. 22, 2021), https://www.npr.org/2021/01/22/959273022/theres-

UnityPoint also contends that even if McCall's delay was justified, McCall herself must request an extension under Rule 6(b). UnityPoint cites *In re VMS Securities Litigation*, 145 F.R.D. 458, 462 (N.D. Ill. 1992), *vacated in part on other grounds by* 21 F.3d 139 (7th Cir. 1994), in which the court noted that a class member requesting a late opt-out (after final approval of the settlement) hadn't "filed a formal motion" requesting an extension under Rule 6(b) or relief from final judgment under Rule 60(b). But the court went on to consider the opt-out request on its merits despite the lack of a formal motion. *Id.* at 462–63. This was consistent with the court's treatment of other late opt-out requests in the same litigation, which the court considered to have "effectively [sought] an enlargement of time" under Rule 6(b) or relief from final judgment under Rule 60(b), even though the class members hadn't filed formal motions. *In re VMS Sec. Litig.*, No. 89 C 9448, at *2 (N.D. Ill. Aug. 13, 1992). The court ultimately allowed two of the late opt-outs to be excluded from the settlement. *Id.* at *5. So these cases don't support UnityPoint's argument.

Requiring McCall to bring the motion herself would be needlessly formalistic and wasteful. It would require McCall either to (1) appear in this action; or (2) bring a new lawsuit against UnityPoint, wait for UnityPoint to move to dismiss her claims as barred by the judgment in this case, and then move for an extension. If excusable neglect were a closer question here, it might make sense to require McCall to make her own motion. But the question isn't close, so the court sees no reason to force McCall to take these steps. *See also Snyder*, 2019 WL 2130079, at *10 (allowing late opt-outs without requiring motions from class members themselves under court's "considerable discretion to allow late . . . opt-outs to go forward").

---

no-end-in-sight-mail-delivery-delays-continue-across-the-country

For these reasons, the court will allow McCall to opt out of the proposed settlement.

Entered February 26, 2021.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II)<br>This Document Relates to:<br>**ALL CASES** | Case No. 3:23-md-03071<br>MDL No. 3071<br>JURY DEMAND<br>District Judge Waverly D. Crenshaw, Jr. |

**[PROPOSED] ORDER**

Before the Court is Aaron Guhin's Motion for Leave to Opt Out After the Deadline (Doc. No. ____). Mr. Guhin states that he did not receive notice of the Settlements, learned of the deadline on October 10, 2026, and moved for relief before the final approval hearing. Having considered the factors set out in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), the Court finds that his failure to request exclusion by the deadline was the result of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The Motion is **GRANTED**, and the Court ORDERS as follows:

1. Mr. Guhin's Request for Exclusion, filed as Exhibit 2 to the Motion, is deemed timely.

2. The Settlement Administrator shall include Mr. Guhin on the list of persons who have validly requested exclusion from the Settlement Classes.

3. Mr. Guhin is excluded from the Settlement Classes. He shall not receive any payment under the Settlements and is not bound by the Settlements or by any order or judgment approving them.

4. If he has not already done so, Mr. Guhin shall mail a signed original of his Request for Exclusion to the Settlement Administrator within seven days of the date of this Order.

**IT IS SO ORDERED.**

______________________________
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

Office of the
CLERK OF COURT

615-736-5498

## CONSENT TO ELECTRONIC SERVICE

**Case No.** 3:23-md-03071 **Print Full Name:** Aaron Guhin

I consent to receive electronic service of all documents filed in this case via the Court's Electronic Case Management (ECF) system.

All notices and electronic filings for the above-captioned case(s) should be sent to me at the email address below.

I understand that I will no longer receive paper copies of any documents issued by the court or electronically filed by other parties to this case.

I understand that this consent applies only to the case listed above, and that if I file additional cases in which I would like to receive electronic service of documents, I must file a consent form in each case.

I understand that I will receive a notice of electronic filing by e-mail when the court enters an order, or when a party files a document through CM/ECF. Upon receipt of the notice of electronic filing by e-mail, I will be permitted one "free look" at the filed document by clicking on the hyperlinked document number, and I must download the document to my own files to access it again without charge. I understand that one 'free look' and opportunity to download the document will expire 14 days from the date the notice was sent.

If my email address changes, I must promptly notify the Clerk in writing of my new email address. It is my responsibility to ensure that the Court has my correct email address so that I receive all filings in a timely manner.

I must promptly notify the Clerk in writing if I want to withdraw my consent to electronic service. I understand that withdrawal of consent will be effective as of the date and time the notice is docketed in my case.

**Date:** October 12, 2026 **Signature:**

**Telephone:** (310) 936-1319 **E-mail Address:** aguhin12@gmail.com

**Mailing Address:** 2843 Allesandro St, Los Angeles, CA 90039