**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II)** | **Case No. 3:23-md-03071**<br>**ALL CASES**<br><br>**Judge Waverly D. Crenshaw, Jr.**<br><br>**HEARING REQUESTED** |

**MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL EXHIBIT IN SUPPORT OF STATE ATTORNEYS GENERAL'S OBJECTIONS TO PROPOSED SETTLEMENTS AS AMICI CURIAE**

The State Attorneys General ("State AGs") respectfully move for leave to submit as a supplemental exhibit in support of their objections to the proposed settlements, which this Court has agreed to consider as amici curiae (DKT. 1587 at 13), the attached October 6, 2026 motion filed by Defendants in *District of Columbia v. RealPage, Inc.*, No. 2023-CAB-006762 (D.C. Super. Ct.)—including Overlap Defendants Bozzuto Management Company, Camden Development, Inc., Equity Residential Management, LLC, Greystar Management Services, LLC, Highmark Residential, LLC) who have reached Proposed Settlements in the MDL—seeking to continue the District of Columbia's ("the District") March 29, 2027 trial. The motion was filed after the State AGs submitted their reply in support of their motion to intervene and objection to the proposed settlements and bears directly on the prejudice the State AGs have identified.

Defendants' motion illustrates the immediate practical consequences of the injunction entered in connection with preliminary approval of the proposed settlements (Mem. Op. & Order, Dkt. 1463), and the need for clarification from this Court. The DC Defendants contend, among other things, that the MDL proceedings "will determine the claims, the Defendants, the remedies,

and the factfinder" in the District's case and that the injunction implicates "[v]irtually every aspect of the pretrial process." Ex. A at 6, 8. Defendants' reliance on this Court's injunction to seek postponement of a long-scheduled State enforcement trial, and the resulting disputes over the injunction's meaning and applicability, thus underscores the practical prejudice the injunction is already causing. The District will oppose Defendants' motion. Nothing in this Motion should be understood to suggest that the injunction, the proposed settlements, or proceedings concerning final approval provide a valid basis to postpone the District's trial or otherwise affect its existing trial schedule. The District's position remains that its enforcement action should proceed on that schedule agreed to by the District and Defendants. Nevertheless, the injunction has furnished Defendants with an additional basis to seek postponement, which requires the District to divert limited public resources to protect its long-scheduled trial from delay.

Because Defendants' motion was filed after the States' reply and is directly relevant to issues already before this Court, the State AGs respectfully request leave to submit it as a supplemental exhibit for the Court's consideration in connection with their objections to the proposed settlements as amici curiae.

October 14, 2026

Respectfully submitted,

*<u>/s/ John Spragens</u>*
John Spragens (Bar No. 031445)
**SPRAGENS LAW PLC**
915 Rep. John Lewis Way S., Suite 100
Nashville, TN 37203
(615) 983-8533
john@spragenslaw.com

*Attorney for the District of Columbia*

BRIAN L. SCHWALB
Attorney General for the District of Columbia

COTY MONTAG
Deputy Attorney General
Public Advocacy Division

BETH MELLEN
WILLIAM STEPHENS
Assistant Deputy Attorneys General
Public Advocacy Division

Adam Gitlin (D.C. Bar 90004308)
Adam.Gitlin@dc.gov
Mehreen Imtiaz (D.C. Bar 1030205)
Mehreen.Imtiaz@dc.gov
Ashley Walters (D.C. Bar 1632195)
Ashley.Walters@dc.gov
Public Advocacy Division
OFFICE OF THE ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA
400 6th St. NW, 10th Floor
Washington, D.C. 20001
(202) 442-9864

ANTHONY G. BROWN
ATTORNEY GENERAL OF MARYLAND

Schonette J. Walker (MD Attorney No. 0522900098)
Assistant Attorney General
Chief, Antitrust Division
Melissa L. English (MD Attorney No. 1512140006)
Deputy Division Chief
OFFICE OF THE ATTORNEY GENERAL OF MARYLAND
200 St. Paul Place
Baltimore, MD 21202
(410) 576-6470
swalker@oag.maryland.gov
menglish@oag.maryland.gov

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

Brian F. McDonough (NJ Attorney ID 026121980)
Assistant Attorney General
Brian.McDonough@law.njoag.gov

David Reichenberg (NJ Attorney ID 507282024)
Deputy Attorney General
Section Chief, Antitrust Section
David.Reichenberg@law.njoag.gov

Jesse J. Sierant (NJ Attorney ID 049342013)
Deputy Attorney General
Section Chief, Consumer Fraud Prosecution Section
Jesse.Sierant@law.njoag.gov

New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: 973-504-6200

Emmy L. Levens
Robert A. Braun
COHEN MILSTEIN SELLERS & TOLL LLP
1100 New York Avenue NW, Suite 800
Washington, DC 20005
(202) 408-4600
elevens@cohenmilstein.com
rbraun@cohenmilstein.com

Aaron J. Marks
COHEN MILSTEIN SELLERS & TOLL LLP
88 Pine Street, 14th Floor
New York, NY 10005
(212) 838-7797
amarks@cohenmilstein.com

*Counsel for the District of Columbia, the State of Maryland, and the State of New Jersey*

RUSSELL COLEMAN

Attorney General of Kentucky

JONATHAN E. FARMER
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
(502) 696-5448
Jonathan.Farmer@ky.gov

*Counsel for the Commonwealth of Kentucky*

NICHOLAS W. BROWN
ATTORNEY GENERAL OF WASHINGTON

*/s/ Brooke Howlett Lovrovich*
BROOKE HOWLETT LOVROVICH
(Tennessee Bar No. 036832)
Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
Brooke.Lovrovich@atg.wa.gov

*Counsel for the State of Washington*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all parties of record.

Dated: October 14, 2026

*/s/ John Spragens*
John Spragens